## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK and ALYSSA
MONTALBANO,

Defendants.

---

## BENJAMIN ZAVODNICK'S MOTION TO DISMISS
## PURSUANT TO FED.R.CIV.P. 12(b)(2)

---

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LaszloLaw, and for his Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2)(this "Motion"), states as follows:

### I.  INTRODUCTION

This court lacks personal jurisdiction over Mr. Zavodnick and as a result each of the claims against Mr. Zavodnick must be dismissed.  In their Complaint, Plaintiffs allege no less than 16 claims against multiple unrelated Defendants, including claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, *et seq.* ("RICO"), federal trademark infringement, unfair competition, Colorado Consumer Protection Act, federal and state claims for breach of contract, and federal and state claims for negligent and intentional

1

infliction of emotional distress, harassment, slander, libel, cyberstalking, fraud, and cyberstalking and a claim for declaratory judgment. Plaintiffs' purported claims are simply not supported by the incoherent and vague allegations against various unconnected Defendants. Indeed, while each of Plaintiffs' claims fail to state a cause of action as a matter of law, as is relevant to this Motion, Plaintiffs have failed to plausibly state a claim for relief under RICO as to Defendant Zavodnick.

As alleged in Plaintiffs' Complaint, Mr. Zavodnick made a public statement on the public-facing online video-sharing platform YouTube.com ("YouTube"). Mr. Zavodnick posted a video to YouTube in which he discussed a public statement made by a public figure – Plaintiff Goode. As detailed below, Mr. Zavodnick is New Jersey resident and New Jersey licensed attorney who does not have, nor has he ever had contacts with Plaintiffs, or the state of Colorado for business or other activities. Furthermore, Mr. Zavodnick does not regularly receive the benefit of Colorado laws. As such, the Court does not have "general" jurisdiction over Mr. Zavodnick. At no time did Mr. Zavodnick conduct any activity in Colorado nor did he purposefully avail himself of Colorado's laws relating to Plaintiffs. Therefore, this Court does not have "specific" jurisdiction over Mr. Zavodnick.

Accordingly, Plaintiffs cannot establish either "general" or "specific" personal jurisdiction over Mr. Zavodnick in this case, and all claims relating to Mr. Zavodnick must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2). Furthermore, in the event Plaintiffs argue they can establish "nationwide jurisdiction" over Mr. Zavodnick pursuant to Plaintiffs' RICO claim, that argument fails because Plaintiffs' RICO claim fails as a matter of law under Fed.R.Civ. 12(b)(6) and cannot therefore be the basis for personal jurisdiction over Mr. Zavodnick.

## II.    FED. R. CIV. P. 12(b)(2) STANDARDS

Fed.R.Civ.P. 12(b)(2) provides for the dismissal of an action due to lack of personal jurisdiction.  The Court must dismiss the lawsuit if it finds that, as a matter of law, it lacks personal jurisdiction over the Defendant.  *Id*.  A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F. 3d 1244, 1247 (10th Cir. 2000).  The Court may consider matters outside the Complaint because, "[u]nlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss under Rule 12(b)(2) is a test of the plaintiff's actual proof…." *Shaw v. American Cyanamide Co.,* 534 F. Supp. 527, 528 (D. Conn. 1982).   In addition, motions to dismiss under Rule 12(b)(2) may test the plaintiff's theory supporting personal jurisdiction, the factual basis underlying the plaintiff's theory, or both.  *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 153-54 (2nd Cir. 1999)(citation omitted).  If the jurisdictional facts alleged by the plaintiff are challenged, the plaintiff must support jurisdictional allegations contained in the complaint with competent proof. *Pytlik v. Professional Resources, Ltd.,* 887 F.2d 1371, 1376 (10th Cir. 1989)(citing *Becker v. Angle,* 165 F.2d 140, 141 (10th Cir. 1947)).  Here, Plaintiffs make a generic and conclusory allegation in their Complaint with respect to the basis for personal jurisdiction over Mr. Zavodnick in this case.  *See*, Complaint, ¶ 13.  This general allegation is not specific enough to support a finding of personal jurisdiction over Mr. Zavodnick.

Personal jurisdiction over an out-of-state defendant must be consistent with Colorado's so-called "long-arm statute" (C.R.S. § 13-1-124) and must not violate the due process clause of the Fourteenth Amendment. *Ensign v. B&H Rig and Tong Sales*, 2013 WL 3233614, *2 (D. Colo. June 26, 2013)(citing *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074-75 (10th Cir. 2004)). Indeed, Plaintiffs do not even allege that this Court has personal jurisdiction pursuant to

3

Colorado's long-arm statute. Because Colorado's long arm statute "….has been construed to extend jurisdiction to the full extent of the Constitution…," the inquiry here is whether the Fourteenth Amendment precludes this Court from exercising jurisdiction over Mr. Zavodnick in this case given the absence of any Colorado connection to the allegations set forth in the Complaint. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, (2014); *Ensign,* 2013 WL 3233614, *2 (citing *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005); *Classic Auto Sales, Inc. v. Schocket,* 832 P.2d 233, 235 (Colo. 1992); and *Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1193 (Colo. 2005)). In order to satisfy due process for personal jurisdictional purposes, a defendant must have "….sufficient 'minimum contacts' with the forum state to suffice such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Norsyn, Inc. v. Bank of India,* 2007 WL 840497, *2 (D. Colo. Mar. 19, 2007)(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Indeed, *International Shoe* remains the seminal case on the topic: as the U.S. Supreme Court stated:

> The canonical opinion in this area remains *International Shoe [Co. v. Washington]*, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95 (1945) ], in which we held that a State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice.

*Daimler AG,* 134 S. Ct. at 754 *citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S., at 915, 923, (quoting *International Shoe*, 326 U.S., at 316).

Therefore, the analysis of personal jurisdiction boils down to a two-step analysis:

> At the first step, we examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there"…..If the defendant has sufficient contacts, we then proceed to the second step. At this step, "we ask whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is 'reasonable' under the circumstances.

4

*Melea, Ltd v. Jawer Sa,* 511 F.3d 1060, 1065-66 (10th Cir. 2007)(citations omitted).

The test for sufficient "minimum contacts" evaluates: "….whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair." *Norsyn*, 2007 WL 840497, *2 (emphasis added)(citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, (1985); *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1532-33 (10th Cir. 1996)).

As emphasized by the U.S. Supreme Court in *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)*,* "….it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the protection of its laws."  This requirement "…ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts….or of the 'unilateral activity of another party or a third person.' *" Burger King,* 471 U.S. at 575 (quoting and citing *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299 (1980); and *Helicopteros Nationales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984)).

Minimum contacts can be broken down into either "general" or "specific" personal jurisdiction.  The distinction, described in *Dietz v. Dietz*, 2012 WL 1931549 (D. Colo. May 29, 2012), is:

> General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and does not require that the claim be related to those contacts." *Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011)* (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008)).* The minimum contacts test for specific jurisdiction requires "first, that the out-of-state defendants must have 'purposefully directed'

its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities.

*Id*., at *2.

In *Calder v. Jones,* the Supreme Court held that the purposeful availment prong must satisfy the "effects test" test. *Calder v. Jones,* 465 U.S. 783, 788-789 (1984)(holding that a defendant who intentionally directs a defamatory statement at the forum state with the intent to cause harm in the forum state may be sued in the forum state based upon the location of the effects of the conduct). Under *Calder* personal jurisdiction can be based upon (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered – and which the defendant knows is likely to be suffered – in the forum state. *See, Galena v. Biopharma v. Ioannides,* 2014 WL 792170 at *3 (D. Oregon, Feb. 25, 2014)(citing *Calder,* 465 U.S. 783). In *Galena Biopharma* the court held that it lacked personal jurisdiction over an out of state defendant who made online comments *about* the plaintiff located in Oregon but that were not *directed* at Oregon (the forum state). *Galena Biopharma,* 2014 WL 792170 at *3 (D. Oregon 2014):

> "…Defendant made a number of allegedly defamatory comments about [plaintiff], and although all of the comments concern [plaintiff], each is expressly directed to other posters on [the website], none of whom has been shown to be based in Oregon. Additionally, while some of his comments were not positive, it does not appear they were written for the purpose of causing harm to [plaintiff].

Many courts, in interpreting the *Calder* test, have held that there must be "something more," or an act expressly aimed at the forum state for specific personal jurisdiction to be established. *Bankcroft & Masters, Inc., v. August nat. Inc.,* 223 F. 3d 1082, 1087 (9th Cir. 2000); *Kromtech of USA, LLC v. Cox,* 2014 WL 7342600, at *3 (E.D. La. Dec. 23, 2014)(holding that specific personal jurisdiction is lacking over a defendant who posted a YouTube video with negative statements about a corporation where the YouTube video never made specific references to the

6

forum state and where there was no evidence that any statements were directed at the forum state); *Revel v. Lidov,* 317 F.3d 467,473 (5ᵗʰ Cir. 2002)(an online article that fails to reference the forum state does support personal jurisdiction over an out of state defendant within the forum state). *See also, Or. Nerve Ctr., LLC, v. Lawlor Winston, LLP*, No. 2013 WL 504324, *7 (D.Or. Feb. 7, 2013)(posting of a defamatory Youtube video on a Florida law firm's Youtube channel was sufficient to give rise to personal jurisdiction in Oregon because "the act of posting the video was performed with the purpose of having its consequences felt by plaintiffs in Oregon.")

If the requisite minimum contacts with the forum state are established, the Court must then determine whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice." *Melea, Ltd.,* at 1065-66. This inquiry "...requires a determination of whether the Court's exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)). In this regard, consideration is generally given to:

> (1)    the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Medved*, 2013 WL 4873054 at *6 (citing *OMI Holdings v. Royal Ins. of Can.*, 149 F.3d 1086, 1095 (10ᵗʰ Cir. 1998)).

## III.    ARGUMENT

### A.  Plaintiffs Cannot Establish "General" Jurisdiction.

In this case, "general" jurisdiction is lacking. As set forth in Mr. Zavodnick's affidavit, Attached hereto as Exhibit A, he is a resident of New Jersey and a New Jersey licensed attorney.

Exhibit A, *Affidavit of Benjamin Zavodnick*, ¶ 1; Mr. Zavodnick does not conduct any business in Colorado and does not practice law in Colorado. *Id.*, ¶ 2, ¶ 4.   Furthermore, the allegations in Plaintiffs' Complaint are regarding a video posted on YouTube of Mr. Zavodnick performing a public skit on a passive video sharing platform. *Id.,* at ¶ 11.  Mr. Zavodnick's use of YouTube as a video sharing platform is in no way a continuous, systemic, or direct contact with the State of Colorado or with Plaintiffs in Colorado.

Because Mr. Zavodnick does not have "continuous and systematic" contact with Colorado, "general" jurisdiction principles cannot be invoked. *Dietz*, 2012 WL 1931549 *2; *Shrader v. Beann*, 503 Fed.Appx. 650, 653–54 (10th Cir.2012) (unpublished) (reaffirming holding that district court could not assert general jurisdiction over a website that had no intrinsic connection to the forum state and that did not conduct business with forum residents in such a sustained manner that it was tantamount to physical presence in the forum); *A.W.R.Y. Enterprises, Inc. v. JSB Enterprizes, Inc.*, No., 2009 WL 2601990, at *2 (W.D. Ky. Aug. 24, 2009) (no showing of substantial connection to forum state where defendant did not conduct business in forum state, did not send premiums there, and did not otherwise have any significant contact with the forum which could justify a finding of purposeful availment); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000) (out of state defendants' contacts with the forum state were random and fortuitous; mere existence of a contract between out of state defendant and an Ohio citizen for seventeen months was insufficient to confer personal jurisdiction over out of state defendant).

### B.  Plaintiffs Cannot Establish "Specific" Jurisdiction.

Plaintiffs cannot establish specific jurisdiction in this case because Mr. Zavodnick never purposefully directed any communication to Plaintiffs in Colorado.  Mr. Zavodnick has never

had direct contact with Plaintiffs in the state of Colorado, or in any state.  Exhibit A, ¶¶ 6-7.  Mr. Zavodnick has never sent an email to Plaintiffs, or any private message on any social media platform.  *Id.* at ¶ 9.  Mr. Zavodnick has never attempted to call Plaintiffs at their places of business or place of residence.  *Id.* at ¶ 10.  Mr. Zavodnick has never attempted to initiate any type of direct contact with Plaintiffs at any location.  *Id.* at ¶ 11.  Therefore, there is simply no basis to find that Mr. Zavodnick "purposefully" directed any communication or contact within the State of Colorado.

Furthermore, Mr. Zavodnick has not engaged in activity expressly aimed at Colorado, i.e., the forum State.  Mr. Zavodnick has never had direct contact with either Plaintiffs in Colorado.  Exhibit A, ¶6.  Mr. Zavodnick has never met Plaintiffs or had any direct contact with Plaintiffs.  Exhibit A, ¶¶ 6-10.  None of the content of the YouTube video at issue is directed at or references Colorado. Exhibit A, ¶ 14.

Plaintiffs may rely upon *Teller v. Dogge,* 2013 WL 508326, *4 (D. Nevada, Feb. 8, 2013) for the proposition that personal jurisdiction is appropriate here.  In *Teller*, the defendant traveled to Las Vegas and watched the plaintiff's magic show where plaintiff performed a certain illusion.  *Id.* at *1 Afterward, the defendant created a nearly identical illusion and posted a video of himself performing the illusion and offering to sell the secrets to the illusion.  *Id*. *Teller* is distinguishable from this case because the defendant in *Teller* admitted to having travelled to the forum state and to having met the plaintiff in person.  *Id.*  Further, the *Teller* court found that the defendant's illusion was very similar to the illusion performed by plaintiff on an almost nightly basis for several years at his shows in Las Vegas and that "[i]f the intentional acts by defendant were going to have effects anywhere, it would be Las Vegas."  *Id*, at *4.  The facts here are not analogous to *Teller* for the simple reason that Mr. Zavodnick never traveled to Colorado to meet

or interact with Plaintiffs.   Therefore, this Court should determine that specific personal jurisdiction cannot be established over Mr. Zavodnick.

### C.  Exercising Jurisdiction in this Case would be Unreasonable.

Even if this Court were to find that Mr. Zavodnick purposefully directed communication into the State of Colorado, the Court must then determine whether exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Melea, Ltd.,* at 1065-66. Consideration of the factors discussed in *Medved*, strongly weigh against a finding that exercising jurisdiction over Mr. Zavodnick would be reasonable under the circumstances. *Medved*, 2013 WL 4873054 at *6.

First, the burden placed upon Mr. Zavodnick in having to defend against a claim in Colorado is significant. Because Mr. Zavodnick does not reside in Colorado, he has been forced to seek out and retain counsel in Colorado. Exhibit A, ¶ 3.  Further, as Mr. Zavodnick resides in New Jersey, it would be burdensome to force him to travel to Colorado to defend these claims when he has never had direct contact or direct communications with Plaintiffs in the State of Colorado.  Exhibit A, ¶¶ 5-6.  While Plaintiffs may argue it is at least equally burdensome for them to  travel to New Jersey to prosecute their case against Mr. Zavodnick, it is important to note that even if the relative inconvenience of the parties are equal, "…the law of personal jurisdiction, however, is asymmetrical.  The primary concern is for the burden on defendant." *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1272 (9th Cir. 1981)(citing *World-Wide Volkswagen*, 444 U.S. at 292).

Second, Colorado's interest in resolving this dispute is minimal.  Again, Mr. Zavodnick has never directed any action or communication into the state of Colorado.  Colorado has little interest, if any at all, in regulating a YouTube video as YouTube is a passive social media

platform accessible across the country.  While Colorado certainly has an interest in ensuring its citizens are free from the type of claims asserted in the Complaint, because Plaintiffs have alleged violations of federal law, subject matter jurisdiction can be invoked in any federal or state court in the country.  *See* Doc. No. 1 ¶¶ 9-10.  There is no significant reason for the case against Mr. Zavodnick to be tried in this Court rather than a more appropriate forum, such as in New Jersey where he resides.

Third, with respect to Plaintiffs' interest in receiving convenient and effective relief, because Plaintiffs have alleged federal statutory violations, there is nothing prohibiting Plaintiffs from bringing their claims in a different court where personal jurisdiction over Mr. Zavodnick would be appropriate. Further, Plaintiffs' counsel in this matter is a Texas-licensed attorney with no apparent connection to Colorado – thus Plaintiffs' choice of counsel does not weigh in favor of convenience, i.e., Plaintiffs' attorney could just as easily have brought the claims in New Jersey.

The fourth factor the Court must consider is "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Medved,* 2013 WL 4873054 at *6.  The focus for this area of inquiry is the location of witnesses, where the alleged wrong occurred, what state's substantive law governs, and whether exercising jurisdiction prevents piecemeal litigation.  *OMI Holdings,* 149 F. 3d at 1097.  It is likely that Mr. Zavodnick will have more than one witness to present in the defense of this case and would have to bring those witnesses to Colorado to defend this case if it goes to trial. This would result in a considerable expense for Mr. Zavodnick.  With respect to the governing substantive law, again, Plaintiffs have asserted federal statutory claims (and apparently federal common law claims) which can be adjudicated in any federal or state court.  With respect to Plaintiffs' state law claims, it is unclear from the

Complaint if those claims are even brought against Mr. Zavodnick. Regardless, those claims could also be litigated in a New Jersey court.

The fifth and final factor the Court must consider regarding the "reasonableness" of asserting personal jurisdiction is "the shared interest of the several states in furthering fundamental substantive social policies." *Medved,* 2013 WL 4873054 at *6. This factor focuses on "whether the exercise of personal jurisdiction [in Colorado] affects the substantive social policy interests of other states or foreign nations." *Omni Holdings,* 149 F. 3d at 1097. (citation omitted). This factor weighs against exercising jurisdiction in Colorado as the state of New Jersey has a valid interest in protecting New Jersey residents from being forced to defend lawsuits in states where they have no minimum contacts.

Accordingly, even if the Court were to find that Mr. Zavodnick purposefully availed himself of the laws of this jurisdiction, a balance of all of the factors related to "traditional notions of fair play and substantial justice," weigh strongly in favor of declining to find personal jurisdiction in this case.

As personal jurisdiction cannot be established by Plaintiffs in this case, all of Plaintiffs' claims against Mr. Zavodnick must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

## IV.    PLAINTIFFS'S RICO CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs may argue that this Court has "nationwide jurisdiction" over Mr. Zavodnick as set forth under RICO. However, Plaintiffs' RICO claim fails as a matter of law. Pursuant to 18 U.S.C. § 1965, a RICO action brought in a federal district court where personal jurisdiction can be established over at least one defendant, summonses may be served nationwide on other defendants if "required by the ends of justice." *Cory v. Aztec Steel Bldg. Inc.,* 468 f.3d 1226, 1231 (10th Cir. 2006). Therefore, the court must have jurisdiction over at least one Defendant

based upon minimum contacts and it must be necessary to satisfy the ends of justice as well as comport with the 5th Amendment due process to establish nationwide jurisdiction. *Goodwin v. Bruggenman-Hatch et al.,* 2014 WL 3882183, at *7 (D. Colo., August 7, 2014).

To reap the benefit of RICO's nationwide jurisdictional provisions, a valid RICO claim must be pled.   Here, Plaintiffs unquestionably fail to state a plausible claim under RICO.  In any action, a plaintiff must set forth facts with sufficient particularity to plead a case under RICO. *Indianapolis Hotel Investors, Ltd. V. Aircoa Equity Interests, Inc.,* 733 F. Supp. 1406, 1407 (D. Colo. 1990) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985); *Cayman Exploration Corp. v. United Gas Pipeline Co.,* 873 F.2d 1357, 1362 (10th Cir. 1989)).   A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).   The court will accept as true all well-pleaded factual allegations in the complaint and determine whether the plaintiff has provided enough facts to state a plausible claim for relief.  *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014).   A claim is plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern, (4) of racketeering activity (5) causing injury to plaintiff's business or property.  *Id.* at 1409 (citing *Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540 (D. Colo. 1990)).  Rather than citing § 1962, Plaintiffs reference § 1964, which requires an additional showing that the defendant's violation was the proximate cause of the plaintiff's injury. 15 U.S.C. 1964(c); *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 259 (1992).   The statute defines "racketeering activity" by providing "an exhaustive and extensive" list of federal offenses"

including extortion, wire fraud, and securities fraud and bribery.  18 U.S.C. 1962(1); *Duran v. Woolever,* 2014 WL 6634088 at *9 (D. New Mexico, Nov. 11, 2014).

Plaintiffs have not plausibly alleged a claim under RICO against Mr. Zavodnick. In their Complaint, Plaintiffs allege that Defendants "constantly tag[s] Plaintiffs in social media posts." Doc. No. 1, ¶ 57.  No detailed allegations are made regarding the specific "tags" and with what Defendants actually "tagged" Mr. Goode.   Further, no specific details about the "tags" are attributed to Mr. Zavodnick, e.g., what the tags were, when the tags were made, or where the tags were made (i.e., on what media platforms.)   Plaintiffs go on to refer to Mr. Zavodnick in connection with two YouTube videos posted on YouTube.  Complaint at ¶¶ 117 – 121.   The screen shots shown in Plaintiffs Complaint at ¶ 120 derive from one skit performed on YouTube illustrating an analogy between the practice of law and ritual magic.  Exhibit A, ¶ 12.  At no time during the skit does Mr. Zavodnick state that he is depicting Plaintiffs or even himself for that matter.  Exhibit A, ¶. 13.  The screen shots in Plaintiff Complaint at ¶ 121, and link thereto are to a video apparently posted by Plaintiffs themselves of various clips of videos, with no allegation or attribution as to source or authenticity.

None of the alleged conduct against Defendants and specifically Mr. Zavodnick constitutes "racketeering activity" as defined by the relevant statutory provisions and Plaintiffs have failed to show a pattern of such alleged conduct as to any claim against Mr. Zavodnick. Plaintiffs' conclusory allegations do not rise to the level of plausible.  Furthermore, even if Plaintiffs had adequately and plausibly pleaded a pattern of racketeering activity, Plaintiffs' other allegations establish that any such claim would be barred by the four-year statute of limitations applicable to RICO claims because Plaintiffs allege that the underlying conduct started in 2015, but the claim was not brought until 2020.  Complaint, ¶¶ 22, 119, 140, 142. *Indianapolis Hotel*

*Inv'rs, Ltd. v. Aircoa Equity Interests, Inc.*, 733 F. Supp. 1406, 1409 (D. Colo. 1990) (a plaintiff must bring RICO action within four years.)

As a result, Plaintiffs' RICO claim fails as a matter of law, and any argument made by Plaintiffs relating to "nationwide jurisdiction" as a basis for personal jurisdiction over Mr. Zavodnick also fails.

## V.    CONCLUSION

Plaintiffs cannot establish "general" jurisdiction as Mr. Zavodnick did not initiate direct contact or communication to Plaintiffs in Colorado and thus Plaintiffs cannot show that Mr. Zavodnick engaged in "continuous and systematic" contact.  Mr. Zavodnick is a resident of New Jersey who created a YouTube video while in New Jersey.  Plaintiffs also cannot establish "specific" jurisdiction, as Mr. Zavodnick did not purposefully direct any of his communications at Colorado as YouTube is a passive website not directed to any particular state. Furthermore, Plaintiffs failed to properly plead their claim under RICO, and therefore any nationwide jurisdictional argument marshalled by Plaintiffs fails a matter of law.

Accordingly, this case should be dismissed for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

WHEREFORE, Mr. Zavodnick respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction.  In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in this case, and for such additional relief as this Court deems appropriate.

Respectfully submitted this 10th day of June 2020.

LASZLOLAW

*s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
Veronica L. Vecchio (#37225)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:      <u>s/ Michael J. Laszlo</u>
            Michael J. Laszlo