**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

      Plaintiffs,

v.

GAIA, INC., a Colorado corporation,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

      Defendants.

**GAIA, INC.'S MOTION TO RESTRICT ACCESS PURSUANT TO LOCAL RULE 7.2(C)**

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendant Gaia, Inc. ("Gaia"), by and through its attorneys, Davis & Gilbert LLP, hereby moves this Court, pursuant to Local Civil Rule 7.2(c) and (e), to maintain restricted access to a document filed by Gaia on June 8, 2020, which document was filed with the Court as "Restricted – Level 2". Dkt. 18. In support of this Motion, Gaia states as follows:[1]

---

[1] Pursuant to Local Civil Rule 7.1(a), Gaia attempted to confer with Plaintiffs about the relief being sought by this Motion. In particular, Gaia's counsel sent an email to Plaintiffs' counsel on two occasions—Friday, June 12, and Tuesday, June 16—explaining the purpose of the Motion and the relief sought, seeking Plaintiffs' position and/or consent, and offering to confer if Plaintiffs did not initially consent. Plaintiffs' counsel did not respond in any way to either email, though Plaintiffs' counsel has previously been responsive to emails related to this litigation.

Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES") filed the Complaint asserting sixteen separate causes of action, including one claim for breach of contract. On June 8, 2020, Gaia filed a Motion to Dismiss and a Memorandum in Support, in which Gaia argues, *inter alia*, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted.

Specifically, as to Plaintiffs' breach of contract claim, to the extent that such claim is asserted based on an alleged oral contract between Gaia and Plaintiffs, Gaia has argued that any such discussions that allegedly form the basis for an oral agreement were merged into a subsequent written agreement between Gaia and GES, dated August 22, 2016 (the "2016 Contract"). The 2016 Contract is referred to in the Complaint, but was not attached thereto.

Because the 2016 Contract is referred to in the Complaint and is central to Plaintiffs' breach of contract claim, it may be considered by the Court on Gaia's Motion to Dismiss. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Accordingly, Gaia identified the 2016 Contract as Exhibit A to its Memorandum of Law in Support of its Motion to Dismiss. Because the 2016 Contract contains confidential information that should be shielded from public view, as described below, Gaia filed the 2016 Contract as "Restricted – Level 2"[2], pursuant to Local Civil Rule 7.2(b). Pursuant to Local Civil Rule 7.2(e), Gaia now files this Motion to Restrict to explain the interests to be protected by restriction.

Though there is a presumption that documents filed with the Court are to be publicly available, access to documents may be restricted when non-disclosure interests outweigh the

---

[2] Gaia filed the 2016 Contract with a "Level 2" restriction, limiting access only to the filing party and the Court, rather than with a "Level 1" restriction allowing access to all parties, because of the presence of other Defendants, who have no reason to have access to the document. As the 2016 Contract is between Gaia and Plaintiffs, Gaia does not seek to restrict Plaintiffs' access.

2

public's right of access. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). A party seeking restriction shall: "(1) identify the specific document for which restriction is sought; (2) [] identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) [] identify a clear injury that would result if access is not restricted; and (4) [] explain why alternatives to restricted access — such as redaction, summarization, stipulation, or partial restriction — are not adequate." *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1191 (D. Colo. 2013) (*citing* Local Rule 7.2(b)(1)-(4)).  Each part of the above test is addressed below.

The only document for which Gaia seeks restricted access is the 2016 Contract, a written agreement between Gaia and GES.  The 2016 Contract only pertains to one of Plaintiffs' sixteen claims, and is only relevant to that claim to the extent that it contains a merger clause (which provision is quoted in Gaia's Memorandum of Law).

There are two primary interests to be protected, from Gaia's perspective[3], by restricting public access to the 2016 Contract.  First, the 2016 Contract contains a confidentiality provision, which Gaia is not able to unilaterally waive.  Restricting the 2016 Contract from public viewing protects the parties' rights vis-à-vis each other.  The second reason, more important from Gaia's perspective, is that the 2016 Contract contains non-public compensation terms individually negotiated with GES and Goode.

Gaia is a global conscious media and community company that operates a digital video subscription service, and currently has a digital content library of over 8,000 titles.  Accordingly, Gaia has talent contracts like the 2016 Contract with many individuals who appear on Gaia's

---

[3] As the 2016 Contract is an agreement between Gaia and GES, for the services of Goode, Plaintiffs may have other interests of their own to be protected by restriction.

programming, which are kept confidential and are often individually negotiated. Disclosure of the terms of the 2016 Contract would likely have a material and negative impact on Gaia, both with respect to how such terms compare to other talent agreements with individuals currently working with Gaia, and in future negotiations with prospective talent. Current talent may be inspired to seek to renegotiate their agreements based on information revealed by the 2016 Contract, and future talent would have an unfair advantage in negotiations as a result of knowing what Gaia had previously agreed to pay. Accordingly, disclosure of the terms of the 2016 Contract is likely to have a material negative financial impact on Gaia, thereby warranting restricted access. *See Madison Servs. Co., LLC v. Gordon*, No. 09-cv-02369-MSK-KMT, 2010 U.S. Dist. LEXIS 157004, at \*26-27 (D. Colo. Oct. 14, 2010) (granting request for restricted access to document that included information about compensation plans because of effect disclosure would have on recruiting future employees).

In contrast, the interest of the public in accessing Gaia's compensation terms is minimal, especially in the context of the claims at issue in this action. Plaintiffs' breach of contract claim does not relate to the compensation terms in the 2016 Contract, but instead appears to be based on purported oral negotiations prior to execution of the written agreement. Accordingly, Gaia's argument is only based on the merger provision in the final paragraph of the 2016 Contract. To the extent the public has any interest in accessing the 2016 Contract, it is only with respect to that provision (and really, only the first sentence thereof), which has already been quoted in Gaia's Memorandum of Law. Accordingly, there is virtually no public interest being abrogated by restricting access to the 2016 Contract itself.

4

Finally, as to whether alternatives to restricted access are appropriate, because of the confidentiality provision in the 2016 Contract which makes the entire agreement confidential, Gaia cannot unilaterally agree to disclose the 2016 Contract. If not for that provision, redaction of certain key provisions would satisfy Gaia's privacy interests. If less than full restriction is required by law, Gaia would be amenable to publicly filing a version of the 2016 Contract with paragraphs 6(A)-(E) (concerning compensation) fully redacted.[4] Such a redacted version would not materially—if at all—impact the public's right to disclosure, because, as discussed above, the compensation terms are of no significance to Plaintiffs' claims or Gaia's arguments why the breach of contract claim should be dismissed. *See W. Convenience*, 970 F. Supp. 2d at 1192 (approving restriction via redaction of prices and quantities where that information provided little significance to the public in evaluating the Court's reasoning); *Slawson Expl. Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 U.S. Dist. LEXIS 52268, at *11 (D. Colo. Apr. 19, 2016) (granting motion to restrict via redaction where the redactions proposed were narrowly tailored to prevent the disclosure of confidential information).

**WHEREFORE**, Gaia respectfully requests that this Motion be granted and that the 2016 Contract retain the designation of "Restricted – Level 2" as filed, or in the alternative that such designation is retained for the full version of the 2016 Contract but that a redacted version be publicly filed that excludes paragraphs 6(A)-(E), together with such other and further relief as the Court deems just and proper.

---

[4] Gaia takes no position on redacting the telephone numbers and email address appearing in the signature block.

Dated: June 17, 2020	**DAVIS & GILBERT LLP**

By: /s/ *Ina B. Scher*
    Ina B. Scher
    Daniel A. Dingerson
    1740 Broadway
    New York, New York 10019
    Telephone: (212) 468-4800
    Facsimile: (212) 468-4888
    Email: ischer@dglaw.com

*Attorneys for Defendant Gaia, Inc.*