**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**


Civil Action No.: 1:20-cv-00742-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK and ALYSSA
MONTALBANO

Defendants.


---

### DEFENDANT ALYSSA MONTALBANO'S MOTION TO DISMISS

### THE COMPLAINT FRCP 8, 9(b), and 12(b)(6)

---


Alyssa Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: AriStoneArt@Ymail.com
Pro Se Defendant

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**……………………………………………………………………1

**RELEVANT FACTUAL ALLEGATIONS AGAINST MS. MONTALBANO**………………………4

**I.    THE PARTIES**………………………………………………………………………......4

**ARGUMENT**

**II.   LEGAL STANDARDS APPLICABLE TO ALL CLAIMS**…………………………..………....4

**III.  JUDICIAL NOTICE REQUESTS**…………………………………………………………...5

**IV.   EACH OF PLAINTIFFS CLAIMS FAILS TO STATE A CAUSE OF ACTION
        PURSUANT TO RULE 12**……………………………………………………….…………....15

1. PLAINTIFFS' RICO CLAIM DOES NOT INCLUDE ANY ALLEGATIONS OF
   "RACKETEERING ACTIVITY" AND THE CLAIM IS BARRED BY THE STATUTE OF
   LIMITATIONS …………………………………………………………………………..16

2. FEDERAL TRADEMARK INFRINGMENT CLAIM FAILS AS A MATTER OF LAW……..17

3. FALSE DESIGNATIION OF ORIGIN AND FEDERAL UNFAIR COMPETITION UNDER
   15 USC §1125 FAILS AS A MATTER OF LAW……………………………………...….17

4. COLORADO COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT
   FAILS AS A MATTER OF LAW…………………………………………………………...18

5. COLORADO COMMON LAW UNFAIR COMPETITION IS DEFICIENT ………………….19

6. COLORADO CONSUMER PROTECTION ACT IS DEFICIENT…………………….…..20

7. BREACH OF CONTRACT IS WHOLLY DEFICIENT…………………………………...20

8. FRAUDULENT MISREPRESENTATION IS WHOLLY DEFICIENT………………….…..21

9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER FEDERAL AND
   COLORADO STATE LAW IS DEFICIENT…………………………………………………22

10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER FEDERAL AND
    COLORADO STATE LAW IS DEFICIENT…………………………………………………24

11. HARASSMENT AT WORK UNDER COLORADO LAW FAILS AS
    A MATTER OF LAW…………………………………………………………………25

i

12. SLANDER PER SE IS DEFICIENT…………………………………………………….......26

13. LIBEL PER SE IS DEFICIENT…………………………………………………………….27

14. TORTIOUS INTERFERANCE WITH A BUSINESS EXPECTANCY IS WHOLLY
    DEFICIENT……………………………………………………………………………………28

15.  CYBERSTALKING FAILS AS A MATTER OF LAW………………………………………..29

16. DECLARATORY JUDGEMENT OF VALIDITY OF GES TRADEMARKS FAILS
    AS A MATTER OF LAW……………………………………………………………………...30

**V.     PLAINTIFFS DID NOT PROPERLY ALLEGE DIVERSITY JURISDICTION
         AND CANNOT DO SO**……………………………………………………………………30

**VI.    CONCLUSION**…………………………………………………………………………..31

**EXHIBITS – JUDICIAL NOTICE**

**Exhibit L** –  2018C103,  July 17, 2018, Broomfield Combined Court, Goode v Montalbano, Verified
Complaint

**Exhibit M** – 2018C103, July 17, 2018 – August 6, 2018, Broomfield Register of Actions and Case
Dismissed

**Exhibit N** –   June 7, 2018 Mesa County Clerk and Recorder Office  Reception# 2843230

**Exhibit O** – 2020C32, March 11, 2020 – June 22,2020, Broomfield Combined Court, Goode v.
Montalbano, Administratively Closed

**Exhibit P** –  Cause No 14-04807, October 31, 2014, Darling International v. Goode,  lifelong Stalking
Protection Order Issued against Mr. Goode.

**Exhibit Q** –  1:18-cv-02060-RM-GPG, August 13, 2018 – December 3, 2018, Montalbano v. Goode;
Mesa State Court case removed to Federal Court, Ms. Wilde files Fake Complaint

**Exhibit R** –  18CV50, Mesa District Civil Court, Montalbano v. Goode, January 29, 2020 Orders

**Exhibit S** –  Copyrights Alyssa Montalbano ©TX-8-662-567 and ©TX-8-662-562

**Exhibit T**  – List of Exhibits on Mesa District Civil State Court Record 18CV50 since June 25, 2018

Defendant, Alyssa Montalbano, respectfully submits this Motion to Dismiss the Complaint of Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES")  against Ms. Montalbano  in its entirety with prejudice, pursuant Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) and doctrine of Res Judicata.

## PREMILINARY STATEMENT

Ms. Montalbano files this Motion to Dismiss and to resolve at the outset of this action claims by the Plaintiffs that have no basis in the law and that are inadequately plead. The Plaintiffs have failed to plead facts sufficient to meet the basic standards of notice pleading, much less the plausibility standard of *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and in any event the facts that have been pleaded in all instances fail to plead a claim and some are barred as a matter of law.  Plaintiffs' entire complaint fails to meet Rule 8 standards and leave to amend should be denied because Plaintiffs' claims cannot be remedied and any amendment would be futile. The tortuous claims against Ms. Montalbano are understood to be barred or precluded per Res Judicata and other claims by the Plaintiffs are Estopped, even if the tortious claims were amended, in all instances, there is no jurisdiction as there is no diversity between Ms. Montalbano and the Plaintiffs, as both are residents of Colorado.

Plaintiffs have plead that Ms. Montalbano and other Defendants, to notably include GAIA INC, are part of a suspected conspiracy and that they have misappropriated Plaintiff's Intellectual Property, misused their Trademarks, and defamed Mr. Goode.

1

Ms. Montalbano has never worked for GAIA INC in any capacity and has had little to no contact with the other individual Defendants.

Each of the Plaintiffs' claims fail as a matter of law against Ms. Montalbano and must be dismissed as Plaintiffs have failed to plead legitimate and valid claims, which shows the filing intent as this is essentially the Plaintiffs' and their Counsels' fifth improper and/or frivolous case filing against Ms. Montalbano since June 2018. In this case and claims they have failed to meet the minimal requirement of a RICO claim or Trademark case, showing Ms. Montalbano has no place even being included as a Defendant in this case of the Plaintiffs' either. Mr. Goode has also made many conclusory pronouncements that do not constitute a plausible case or claim.

Each of the sixteen numbered claims are mostly claimed against all Defendants making it hard to tell whom the Plaintiff is even accusing of what, which is not appropriate for responding to and makes it even more confusing for a Pro Se litigant having to spend at least 100 more hours researching the law and drafting papers to navigate yet another improper lawsuit claim by Mr. Goode and his Texas based counsel, Ms. Wilde; which further shows the intent of the claims against Ms. Montalbano.

The Plaintiffs appear to be predominantly alleging a RICO and Trademark claim, but it is unclear what aspect of the RICO laws or Trademark laws Plaintiffs are even alleging against Ms. Montalbano and its not Ms. Montalbano's job to 'guess' at what they are trying to say.  The Plaintiffs have mostly just lumped Ms. Montalbano randomly into their claims with no legal basis for such inclusion; which also shows this is more

2

burdensome work for Ms. Montalbano to address the Plaintiffs' improper claims on yet another court record.

The Plaintiffs have failed to state any plausible claims against Ms. Montalbano and have again violated procedural and ethical obligations, and have again brought claims where there is no good faith basis for doing so, including claims barred by the statute of limitations that ignore statutory prerequisites in filing and others that are understood to be barred per Res Judicata or are Estopped.

Plaintiffs have also claimed diversity as a reason for being in the Federal court, but Ms. Montalbano is a resident of Colorado; thereby all the state level tort claims, even if assumed to be true and not barred or precluded, there is no federal jurisdiction. The Federal claims of RICO and Trademark have failed completely to meet even the minimal requirements of the claims against Ms. Montalbano and all claims should be dismissed with prejudice.

When ruling on a Motion to Dismiss the court must accept all well plead factual allegations as true, the allegations set forth in the Complaint are accepted as true solely for the purpose of this Motion to Dismiss, and otherwise are denied in all respects.

Ms. Montalbano will attempt to distinguish among the Defendants which of the claims apply to her for the purpose of this motion.

**RELEVANT FACTUAL ALLEGATIONS AGAINST MS. MONTALBANO**

**I.      THE PARTIES**

Ms. Montalbano is a private individual residing in Grand Junction, Colorado, and is an award winning artist and award winning author, that uses the pseudonym of Ari Stone (Complaint ¶129).  Ms. Montalbano is a Colorado resident for purposes of determining diversity jurisdiction.  (Complaint ¶ 8)

As alleged in the Complaint, Mr. Goode is believed to have a business address in Broomfield, Colorado, and is a public media figure believed to own Goode Enterprise Solutions (GES). Plaintiffs, Mr. Goode and GES, are both Colorado citizens for the purpose of determining diversity jurisdiction (Complaint ¶¶2-3 and ¶15)

Four other Defendants are named as Defendants along with Ms. Montalbano, two of whom are alleged to be Colorado citizens as well. (Complaint ¶4-7)

**ARGUMENT**

**II.     LEGAL STANDARDS APPLICABLE TO ALL CLAIMS**

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p14 Section II "LEGAL STANDARD APPLICABLE TO ALL CLAIMS," and at p17 Section III "PLAINTIFFS COMPLAINT FAILS TO MEET BASIC RULE 8 STANDARDS, and at p19 Section IV "EACH OF THE PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION PERSUANT TO RULE 12"

4

Section A, as if set herein, to save the court time from reading already well stated legal facts with the supporting case law.

In summary Gaia's Memorandum Brief at Section II, Section III, and Section IV at Section A; show Plaintiffs' failure to meet a Rule 8 pleading to: a) state a claim upon which relief can be granted, b) failure to make short and plain statements, c) violating Rule 8 by making 'group pleadings' and, d) violating Rule 8 with 'shotgun pleadings.' Next it is shown the Plaintiffs failed to state a cause of action pursuant to Rule 12 where Plaintiffs have failed to establish a basis to plausibly plead their claims; finally it is shown the Plaintiffs' RICO claim is beyond the four-year statute of limitations in addition to Plaintiffs' clear failure to show any pattern of racketeering, along with showing the Plaintiffs' failure to meet the heightened Rule 9(b) requirement if pleading fraud.

## III.   <u>JUDICIAL NOTICE REQUESTS</u>

Ms. Montalbano asks this Court take Judicial Notice (FRE Rule 201) of the following Cases and Public Records, as they are applicable to all the Plaintiffs' claims:

1.  James Corey Goode v. Alyssa Chrystie Montalbano, 18C103, Broomfield Combined Court, filed July 17, 2018 and closed August 6, 2018 in Ms. Montalbano's favor.

i.  Mr. Goode, with Ms. Wilde's help, opened case 18C103 July 17, 2018 alleging stalking. (Complaint ¶78) This case was not opened in June 2018. (Complaint ¶79) and this Court is asked to take Judicial Notice of this fact. (See Attached Exhibits L and M; and these exhibits were also filed on State Court Record December 17, 2018)

ii.  The Broomfield court ruled the approximate 400 emails with approximately 500 Dream Visions attached in various PDF files, sent largely during 2017, did not constitute stalking. They also ruled that Ms. Montalbano serving affidavit legal notices upon Mr. Goode and seeking legal remedy outside of and prior litigation in Mesa State Court was not stalking and that Ms. Montalbano opening a lawsuit in Mesa District Civil Court, case 18CV50, to protect her Intellectual Property (Contained in the 400 emails) was not stalking. (See Attached Exhibit M - Broomfield Register of Actions and case Dismissal)

2.  Mesa County Clerk and Recorder, Record #2843230, Recorded June 7, 2018, is Prima Facie authentic. (FRCP Rule 301 presumptions, and FRE 902(4), (8), (10)) (See Attached Exhibit N – with relevant pages of filing)

i.  Ms. Montalbano asks this Court take Judicial Notice this Record was filed June 7, 2018 and Plaintiffs admit attempting their first TRO effort on or about June 15, 2018 (Complaint ¶¶82-83) and Mr. Goode's first TRO effort occurred approximately eight (8) days after this record filing. (Complaint ¶79)

ii.  In the Clerk and Recorder Record filing, it is seen that Ms. Montalbano began serving notarized presumptions with certificates of service upon Mr. Goode and GES for legal response via USPS Certified Mail with return receipts requested and post marked as early as April 18, 2018.  It is requested this Court take Judicial Notice that the Plaintiffs' first TRO efforts, on or about June 15, 2018 (Complaint ¶83), occurred approximately 58 days after Ms. Montalbano began due process of law to the best of her abilities to protect her Intellectual Property (that is since understood to comprise her unusual Trade Secrets) and that the Mesa District Civil State Court lawsuit is, in fact, not retaliatory to Plaintiffs' first or second TRO efforts. (Exhibit N)

iii. Presumptions were in fact imposed against Mr. Goode (FRE 301) as early as April 18, 2018, regarding his fraud and theft of Ms. Montalbano's approximate five-hundred (500) handwritten Dream Visions (as contained in the approximate 400 emails) and that Mr. Goode and his associate Mr. David Wilcock used regularly and publicly for their 'developed narratives' for the 'Conscious Community' (Complaint ¶19). The Prima Facie authentic presumptive allegations also included examples of Mr. Goode and his associates organized romantic cyberstalking Ms. Montalbano. Approximately seventy (70) instances of these facts and evidence were cited with specificity for Mr. Goode and GES' response (See attached Exhibit N - Courtesy Notice at

p1, p4, p23, p24, and p48) and along with the monetary remedy claimed due from Mr. Goode and his associates' presumptive (mis)use of Ms. Montalbano's proprietary (Trade Secret) information and materials since late 2016 into early 2018. (Exhibit N – Fines and Fees and Certified Billing Statements 001 and 002) Plaintiffs were noticed what constituted a legal response (Exhibit N – Notice of Written Correspondence) and that litigation was pending should they fail to lawfully rebut or perform and the consequences of such failures. (Exhibit N -Courtesy Notice, p48) Mr. Goode or GES failed to respond or rebut the presumptions. This court is requested to take Judicial Notice of these Prima Facie authentic records, facts, and dates.

iv. **It is understood Pursuant Equitable Estoppel by tacit Acquiescence** that Plaintiffs, Mr. Goode and GES, have already agreed to all the unrebutted presumptions contained in the Presumptive prima facie authentic filings (Complaint ¶81) and Mr. Goode is Estopped from denial of these presumptions (Complaint ¶77) without his own supporting evidence. (Exhibit N)

3. James Corey Goode v. Alyssa Chrystie Montalbano, 2020C32, Broomfield Combined Court, filed March 11, 2020 and administratively closed June 22, 2020.

i. This is the third baseless TRO effort by Mr. Goode and Ms. Wilde against Ms. Montalbano.  It is requested this court take Judicial Notice of this case,

and the fact Mr. Goode and Ms. Wilde filed as 'evidence' of stalking in this recent case, what appears to be all the exact same evidence and allegations filed in this instant case against Ms. Montalbano, and as seen in the following Plaintiff filed Exhibits: G, H, I, J, K and in the Plaintiffs Complaint at ¶¶77-97. This court is requested to take Judicial Notice that these are the same Exhibits filed in case 20C32, only labeled as Exhibit 1, 2, 3, 4, 5 and the claims stated in Mr. Goode's "Brief Accompanying Verified Complaint" are the same or similar verbiage seen in this court's Complaint filing. (See Attached Exhibit O)

ii. **It is understood pursuant Res Judicata and claim preclusion** that these same matters and evidence having already been ruled on by the Broomfield Combined Court in Ms. Montalbano's favor, June 22, 2020, to not constituting stalking and the case being administratively closed (dismissed), that these matters may not be brought before this court in this case and claims, or any other case, as these matters are barred or precluded.

4. Darling International v James "Corey" Goode, Protection Order Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District. (See Attached Exhibit P; and as filed with the Mesa District Civil State Court record December 11, 2018 and February, 21, 2020)

i. It is requested this Court take Judicial Notice that Mr. Goode has a lifelong stalking protection order issued against himself for stalking, defamation,

threats, fabricating evidence, and harassment of a former employer, Darling International.

ii.   Mr. Goode's lifelong stalking protection order was also issued based on him posting a threatening YouTube video where he claimed he had brain trauma, epilepsy, and non-combat related C-PTSD.  The Court is requested to take Judicial Notice of these facts. (Exhibit P)

iii.   In both of Mr. Goode's Broomfield Combined Court stalking claims against Ms. Montalbano (18C103, and 20C32) Mr. Goode checked the box that he was unaware of his own lifelong stalking protection order against himself. This Court is requested to take Judicial Notice of these facts. (See attached P (Darling v Goode Protection Order) and See Exhibits: L – Verified Complaint at No.4, d) ; and See Exhibit O – Verified Motion For Civil Protection Order at No 4, d))

5.  Alyssa Christie Montalbano v. James Corey Goode, Denver Federal Court, 1:18-cv-02060-RM-GPG. This was Case 18CV50 from Mesa District Civil State Court improperly removed to Denver Federal Court by Mr. Goode and Ms. Wilde August 13, 2018 and remanded back to state court December 3, 2018. (Complaint ¶¶86-88; and Plaintiffs Exhibits: G and H)

i.   This Court is to take Judicial Notice of the misspelling of Ms. Montalbano's middle name when Ms. Wilde removed and filed the Mesa District Civil State Court case with the Denver Federal Court.

ii.   It is also to be Judicially Noticed that Mr. Goode and Ms. Wilde filed a fake complaint on the Federal Court record. (See Docket 26) and Compare with Mesa District Civil Court case 18CV50 Complaint filed June 25, 2018 (60pages) (State Court record may be provided upon request) and see Mesa Clerk and Recorder Pre-Litigation Affidavit Complaint and associated mailings (77pages) (See Exhibit N) and see that Docket 26 alleged Complaint is only 7 pages; (See Exhibit Q – Fake Complaint; and as also filed on the Mesa State Court record December 11, 2018) and see Magistrate Gallagher's notation of such in Plaintiffs' filed, Exhibit I at p2 ¶3. This Court is to take Judicial Notice of these disparities.

6.   Alyssa Chrystie Montalbano v. James Corey Goode 18CV50 Mesa District Civil State Court case, filed June 25, 2018, and in post dismissal phases as of January 29, 2020.

i.   It is requested this Court take Judicial Notice there has been no final judgment issued to pay assessed attorney fees, only the order dismissing the case entered January 29, 2020. (Complaint ¶77, ¶¶94-95; and See attached Exhibit R)

ii.   It is requested this Court take Judicial Notice that Dream Visions are in fact Intellectual Property and some are officially Copyrighted materials, with the following book titles and Copyright numbers: *"Dreams the Missing Text: What are they? Why do we have them? And how what we do in them determines Waking 3D Life Experience"* ISBN# 9780996960830 and Copyright #TX 8-662-567 and a collection of published Dream Visions, *"DreamWalker Dream Diary Adventures of Enetka Tulina: & the Trizad of Peace"* ISBN# 9780996960816, Copyright Registration TX 8-662-562. (Complaint ¶77 title "The Two-Year Lawsuit for "Theft of Dream Visions") (See Attached Exhibit S; these same Copyright records were filed on the Mesa District Civil State Court Record January 30, 2019 as Exhibit X)

iii.   It is requested this court take Judicial Notice that the Mesa State Court Judge ruled on January 29, 2020 that "Dream Visions" were not in fact Intellectual Property and the presiding officer, Judge Flynn, stated "Dream Visions" were not 'tangible or intangible.' When they are in fact published and some are officially copyrighted materials. (Exhibit R and Exhibit S)

iv.   It is requested this court take Judicial Notice that email is a tangible form of transmission of Intellectual Property that may send typed, photographed, and otherwise similarly formatted communication of information, that is factually traceable, and whereby the records of such may be subpoenaed.  This court is

to take Judicial Notice the presiding Mesa State Court Judge ignored these fact to state that Ms. Montalbano's "Dream Visions" were not 'tangible or intangible' in issuing his January 29, 2020 dismissal order. The presiding officer also ignored the fact that the approximate 500 handwritten and photographed Dream Visions were emailed to Mr. Goode during 2017 in the approximate 400 emails. It is to be Judicially Noticed that Mr. Goode has both presumptively agreed he received these emails (See Exhibit N: Courtesy Notice at p1 of 48) and that Mr. Goode also admitted receiving these emails on the Broomfield Combined Court record July 17, 2018 in his Verified Complaint. (See Exhibit L) (Complaint ¶89, and ¶94)

v.   This Court is asked to take Judicial Notice of Exhibits filed on the Mesa District Civil State Court record since June 25, 2018, that do in fact appear to have been ignored by Judge Flynn. (Complaint ¶89) (See Attached Exhibit T – Exhibits filed on Mesa State Court Record; and current Mesa District Civil State Court Register of Actions may be provided upon request)

vi.   This Court is asked to take particular Judicial Notice of the Exhibits on the Mesa State Court Record citing repeated and ongoing Defamation of Ms. Montalbano by Mr. Goode and/or his associates publicly calling Ms. Montalbano a stalker, someone with a mental disease, and someone sexually amoral having an affair with Mr. Goode and this same defamation is seen performed on this court record via Mr. Goode's conclusory

13

pronouncements. (Complaint ¶¶84-85, ¶¶91-94, ¶¶96-97) This type of repeat and ongoing defamation against Ms. Montalbano occurred before, during, and after Mr. Goode lost his stalking claim in the Broomfield Combined Court, on August 6, 2018, and it is to be Judicially Noticed that this defamation did in fact occurred via Twitter, YouTube, Reddit, and Facebook; and in spite of this the Presiding officer, Judge Flynn, declared there was no evidence of such defamation in print or broadcast format in his orders in direct denial of the evidence on the state court record, public internet records, and the Broomfield Combined Court Records. (See highlighted filings in Exhibit T; copies of the State Court Filed published and broadcast internet defamation evidence may be provided this Court Record upon request.)

vii.    Due to the Mesa State Court presiding officer's failure to acknowledge these basic facts, other facts, and prima facie records; he failed to follow due process of law and thereby violated his oath of office to the Constitution of the United States of America and to the Colorado State Constitution, and thereby failed to uphold Ms. Montalbano's inalienable Constitutional rights, and a Motion to Recuse was filed February 12, 2020.  (Complaint ¶95)   The Mesa State Court case is currently understood, regardless to when such a C.R.C.P. Rule 97 motion is filed, that the case and all matters are stayed until the motion is ruled on and Ms. Montalbano intends to appeal the case if applicable.

Based on the facts of Judicial Notice, it is understood that the Plaintiffs' tort claims are all barred and/or precluded based on the doctrine of Res Judicata due to the same set of facts and evidence already being pleaded and ruled upon by the Broomfield Combined Courts and dismissed in both instances in Ms. Montalbano's favor; August 6, 2018 and then again on June 22, 2020, and that Mr. Goode was to plead the related tort claims in his other cases of: Cyberstalking, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Harassment, Slander Per Se, and Libel Per Se; and thereby all of Mr. Goode's tort claims must be dismissed with prejudice and without leave to replead.

## IV.   EACH OF PLAINTIFFS CLAIMS FAILS TO STATE A CAUSE OF ACTION PURSUANT TO RULE 12

In all of the sixteen (16) claims by the Plaintiffs, Plaintiff Goode Enterprise Solutions (GES), does not appear to make a single claim against Ms. Montalbano and thereby all sixteen (16) claims as they pertain to Plaintiff, GES, against Ms. Montalbano are to be dismissed with prejudice.

In all of the state level tort claims, even if the complaint claims are amended there is no diversity between Ms. Montalbano and the Plaintiffs and thereby there is no jurisdiction for Federal Court and all the state level tort claims are to be dismissed with prejudice. (See Plaintiffs' Complaint at Claim Numbers IV through XVI)

1. **PLAINTIFFS' RICO CLAIM DOES NOT INCLUDE ANY ALLEGATIONS OF "RACKETEERING ACTIVITY" AND THE CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

The Plaintiffs failed to show any "racketeering activity" defined by the statute and failed to bring the claim within the four-year statute of limitations. Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p10 Section A, and p20 Section A, as if set herein to save the court time from reading the same already well stated legal facts with the supporting case law.

In the Plaintiffs' Complaint in section titled **"Interconnectedness of the Parties – The Enterprise"** (Complaint ¶129 -130) Plaintiffs' tries to 'connect' Ms. Montalbano with Mr. Weidner for tweeting one YouTube video from Mr. Weidner's channel and telling people to "Watch, share, like and subscribe."  This is the only allegation by Plaintiffs that can even remotely be tied to a RICO claim against Ms. Montalbano and whereby one tweet post by Ms. Montalbano from another public media figure's (Mr. Weidner's) YouTube channel does not fulfill even the minimal requirement of a RICO claim against Ms. Montalbano nor does it show a 'pattern of racketeering' The Plaintiffs also failed to bring the claim within the  four-year statute of limitations and the RICO claim should be dismissed with prejudice.  (Complaint ¶137-146)

## 2. FEDERAL TRADEMARK INFRINGEMENT CLAIM FAILS AS A MATTER OF LAW

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p30 Section C "Plaintiffs' Trademark Claims Fail as a Matter of Law" at No 1. "Federal Trademark Infringement and Unfair Competition Claims" as if set herein to save the court time.

The Plaintiffs allege in their group pleading claim count of 'Trademark Infringement' that their federal trademarks of SPHERE BEING ALLIANCE and SBA, and their common law marks of 20 AND BACK and BLUE AVIANS have been infringed on, but they have failed to allege or plead any infringement by Ms. Montalbano and the claim should be dismissed with prejudice.  (Complaint ¶ 147-160)

To the extent that a Trademark Infringement claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 3. FALSE DESIGNATIION OF ORIGIN AND FEDERAL UNFAIR COMPETITION UNDER 15 USC §1125 FAILS AS A MATTER OF LAW

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p34 (Section C) No 2. "False Designation of Origin" as if set herein to save the court time.

The Plaintiffs allege in their group pleading claim count of False Designation of Origin that 'Defendants' have created false and misleading impressions that 'Defendants'

goods or services are manufactured by GES, but they have failed to plead any facts against Ms. Montalbano to make a claim and have only made conclusory statements and accordingly the claim should be dismissed with prejudice.  (Complaint ¶ 161-164)

To the extent that any False Designation of Origin claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

### 4. COLORADO COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT FAILS AS A MATTER OF LAW

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p35 (Section C) No 3. "Trademark Infringement Pursuant to Colorado Common Law" as if set herein to save the court time.

Plaintiffs' claim for Trademark infringement pursuant to Colorado common law is essentially the same as its claims under federal law and for the same reasons the claims should be dismissed with prejudice.

The Plaintiffs must show they have an established and protected interest. "Among other things, a plaintiff must establish a protectable interest in its mark, the defendant's use of the mark in commerce, and the likelihood of consumer confusion." Cleary, 674 F. Supp. 2d at 1270.

The Plaintiff's vague and conclusory group allegations against Ms. Montalbano have shown no Trademark infringement whatsoever by Ms. Montalbano, and the claim is to be dismissed with prejudice. (Complaint ¶ 165-168)

To the extent any Colorado Common Law Trademark Infringement claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 5.  COLORADO COMMON LAW UNFAIR COMPETITION IS DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p41 (Section D) No. 2, "Colorado Common Law Unfair Competition" as if set herein to save the court time.

In the Plaintiffs' Unfair Competition' claim they have failed to plead a plausible claim against Ms. Montalbano. Unfair Competition relates to a narrow set of conduct related to use of trademarks and trade names, and since no allegations of unfair competition have been made against Ms. Montalbano the claim should be dismissed with prejudice. (Complaint ¶ 169-175)

To the extent that any Colorado Common Law Unfair Competition claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

### 6.   COLORADO CONSUMER PROTECTION ACT IS DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p39, Section D "Plaintiffs' Other Tort Claims are Deficient and Should Be Dismissed" at No. 1, "Colorado Consumer Protection Act" as if set herein to save the court time.

In the Plaintiffs' "Colorado Consumer Protection Act" group claim they allege fraud and have pleaded no factual allegations against Ms. Montalbano and have only made conclusory allegations against all defendants and have failed to meet even the minimal of a Rule 8 pleading, and have clearly failed to meet a heightened standard Rule 9(b) pleading where fraud is alleged involved and thereby the claim against Ms. Montalbano should be dismissed with prejudice. (Complaint ¶ 176-184)

To the extent that any Colorado Consumer Protection Act claim by the Plaintiffs are related to   Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

### 7.   BREACH OF CONTRACT IS WHOLLY DEFICIENT

It does not appear the Plaintiffs are bringing any contract claims against Ms. Montalbano, but since their allegations are drafted against all defendants, in the event that this claim does apply to Ms. Montalbano they have failed to meet the elements of a breach of contract claim.  In a breach of contract in Colorado, a party claiming breach of contract must prove the following elements: (1) the existence of a contract; (2)

performance by the plaintiff or some justification of nonperformance; (3) failure to perform the contracts by the defendant; and (4) resultant damages to the plaintiff. Plaintiffs have failed to plead any facts of a contractual relationship with Ms. Montalbano and thereby the claim against Ms. Montalbano must be dismissed with prejudice. (Complaint ¶ 185-191)

Any Contract claim by the Plaintiffs as related to Ms. Montalbano's Trade Secret claims are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 8. FRAUDULENT MISREPRESENTATION IS WHOLLY DEFICIENT

It does not appear the Plaintiffs are bringing any fraudulent misrepresentation claims against Ms. Montalbano, but since their allegations are drafted against all defendants, in the event this claim does apply to Ms. Montalbano they have failed to meet the elements to show fraudulent misrepresentation. In the Plaintiffs' group plead Fraudulent Misrepresentation claim they have failed to show a contract exists between Ms. Montalbano and the Plaintiffs and have failed to plead any facts 'independent' of a contract that are actionable against Ms. Montalbano and thereby the claim must be dismissed with prejudice.   (Complaint ¶ 192-197)

To the extent that any Fraudulent Misrepresentation claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER FEDERAL AND COLORADO STATE LAW IS DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p43 (Section D) No. 4 "Intentional Infliction of Emotional Distress (Outrageous Conduct)" the first 3 paragraphs, as if set herein to save the court time.

The Plaintiff alleges in the group pleading "Intentional Infliction of Emotional Distress" that the 'defendants' have performed 'outrageous conduct' and that the Plaintiffs have been damaged by it.   However, Plaintiffs have failed to state any cognizable claims pursuant to Rule 8 and have failed to allege any facts that show 'outrageous conduct' or 'atrocious, and utterly intolerable in a civilized community' conduct by Ms. Montalbano and thereby the claim must be dismissed with prejudice. (Complaint ¶198-201)

While, it is unclear exactly what the Plaintiff is alleging against Ms. Montalbano, if Ms. Montalbano were to guess based on the facts included in the allegations it appears the lawsuits and court record mailings are what Plaintiffs are alleging as being emotionally distressing.  Lawsuits by their nature are emotionally distressing for most and it is expected in the course of litigation that papers and documents will be filed on the court records, and as required by law that the opposing party will be served copies of the documents filed. It is reasonable to assume receiving court documents is generally distressing to those receiving them. It is also reasonable to assume that many Pro Se litigants, like Ms. Montalbano (an artist and author by profession), regularly make

mistakes in court papers and filings before getting it right.  (See Exhibits G and H) None of this constitutes "outrageous" conduct.  (Complaint ¶90)

The Plaintiffs also show a derogatory 'recommendation' by the non-dispositive Federal Court Magistrate Gallagher (Complaint ¶94), which resulted from Ms. Wilde (Plaintiffs' Counsel) filing a fake complaint on the Federal Court record (See Exhibit I, at pg2, ¶4 where it is highlighted "which may or may not actually be Plaintiff's Complaint") when Ms. Wilde improperly removed the Mesa state court case (18CV50) to Denver Federal Court August 13, 2018. The recommendation doesn't show anything that comprises "outrageous conduct" and in fact shows an emotionally distressing situation for Ms. Montalbano.

If the Plaintiffs are alleging 'cyberstalking' as outrageous conduct by Ms. Montalbano they have already plead their stalking claims repeatedly with the Broomfield Combined Courts (with fabricated evidence) July 17, 2018 (Complaint ¶83) through August 6, 2018 (18C103) for emails sent to Mr. Goode prior litigation (2016 and 2017) and also prior Plaintiffs' request to Ms. Montalbano to stop sending emails. The case and claim of stalking, 18C103, was dismissed in Ms. Montalbano's favor August 6, 2018. (Exhibits L and M)

Plaintiffs again pleaded their stalking claims March 11, 2020 – June 22, 2020, also on the Broomfield Combined Court Record, with the same evidence seen in this instant case and their claims were again dismissed in Ms. Montalbano's favor. The

Stalking/TRO situation actually shows outrageous conduct performed against Ms. Montalbano by the Plaintiffs and their counsel(s). (Complaint ¶83)

Any Intentional Infliction of Emotional Distress claims by the Plaintiffs as related to Mr. Goode's other stalking claims with the same evidence are barred and precluded by the Plaintiffs Broomfield Combined Court cases, 18C103 and 20C32.

Lastly, the Plaintiffs have failed to plead any facts that show "outrageous conduct" by Ms. Montalbano and the Plaintiffs seeking different verdicts on matters already adjudicated in the Broomfield Combined Court, is (again) evidence of 'outrageous conduct' being performed against Ms. Montalbano and as such the Plaintiffs claim of Intentional Infliction of Emotional Distress against Ms. Montalbano is to be dismissed with prejudice.

To the extent that any Intentional Infliction of Emotional Distress claims by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER FEDERAL AND COLORADO STATE LAW IS DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p45 (Section D) No. 5 "Negligent Infliction of Emotional Distress" the first paragraph, as if set herein to save the court time.

This claim is similar to the above claim of Intentional Infliction of Emotional Distress and all the same facts and statements cited above apply to this tort claim as well; with the addition that the Defendant has failed to show any risk to himself or physical consequences resultant from Ms. Montalbano's actions. The Plaintiffs have failed to plead any facts that show negligent infliction of emotional distress and the claim is barred or precluded by the Plaintiffs' Broomfield Combined Court cases, 18C103 and 20C32 and the tort claim is to be dismissed with prejudice. (Complaint ¶ 202-206)

To the extent any Negligent Infliction of Emotional Distress claims by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 11. HARASSMENT AT WORK UNDER COLORADO LAW FAILS AS A MATTER OF LAW

The Plaintiffs have failed to show any harassment performed at their place of work by Ms. Montalbano in any of their allegations and claims. Plaintiffs also allege never having any face-to-face time with Ms. Montalbano (Complaint ¶99) yet Plaintiffs include Ms. Montalbano in the group claim of 'harassment at work.' The Plaintiffs claims of 'harassment at work' against Ms. Montalbano cannot be remedied by amending the complaint and are to be dismissed with prejudice. (Complaint ¶ 207-212)

To the extent that the Harassment at Work claims by Plaintiff might somehow apply to Ms. Montalbano, she adopts the legal reasons stated in Gaia's Memorandum Brief

(Docket 17) at p46, Section D, No. 6 "Harassment at Work" the first three paragraph, as if set herein to save the court time.

To the extent that the Harassment at Work claims by Plaintiff might somehow apply to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50, and stopped, barred, or precluded by the Plaintiffs' Broomfield Combined Court cases, 18C103 and 20C32.

## 12. SLANDER PER SE IS DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p48 (Section D) No. 7 "Libel and Slander" the first four paragraphs, as if set herein to save the court time.

The Plaintiffs have failed to include any allegations or necessary elements to show defamatory (oral) statements made by Ms. Montalbano. If Plaintiffs' are claiming Ms. Montalbano's Deprogrammer channel YouTube video is slander per se (Complaint ¶96), the YouTube video screenshot shown by Plaintiffs, is largely about declassified CIA MKULTRA documents (as can be seen from the title in the screenshot showing a CIA document number where Psychic Warfare is used and the document can be viewed publicly in the online CIA 'reading room'). The video further shows patented frequencies used to remotely alter consciousness, along with lightly touching on neuroscience as related to Mr. Goode's public MKULTRA claims and his public neural health claims to include: Dementia, Aphasia, Brain Trauma, and C-PTSD (See attached

Exhibit P), along with showing how Mr. Goode's publicly 'developed narrative' (Complaint ¶19) of alleged 'alien encounters' (Complaint ¶¶19 -21) and being in the 'Secret Space Program' (SSP) is more realistically the US ARMY/DOD/DARPA 'Scientific Services Program' (SSP) based on publicly available facts and evidence and whereby neuroscience is heavily explored.   The Plaintiffs' citing Ms. Montalbano's YouTube account, Deprogrammer, shows no facts of threat, harassment, or defamation, and Plaintiffs only make conclusory allegations. (Complaint  ¶96-97)

Plaintiffs have made no allegations against Ms. Montalbano of oral statements that have put them 'up to contempt or ridicule' nor have they shown that Ms. Montalbano defamed them in any way and thereby the tort claim is to be dismissed with prejudice. (Complaint ¶213-217)

To the extent that any Slander Per Se claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50 and estopped, barred, or precluded by the Plaintiffs' Broomfield Combined Court cases, 18C103 and 20C32.

### 13. LIBEL PER SE

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p48 (Section D) No. 7 "Libel and Slander" the first four paragraphs, as if set herein to save the court time.

The Plaintiffs have failed to include any allegations or necessary elements to show defamatory (published) statements made by Ms. Montalbano. They have however shown another defamatory and published statement by some 'unknown' person against Ms. Montalbano that alleges meeting Ms. Montalbano at a Gaia function and then John or Jane Doe proceed to defame Ms. Montalbano in her trade and profession as someone with a mental disease, in Exhibit J.

Plaintiffs have made no allegations against Ms. Montalbano of published words that have put them 'up to contempt or ridicule' nor have they shown that Ms. Montalbano defamed them in any way and the tort claim is to be dismissed with prejudice. (Complaint ¶218-222)

To the extent any Libel Per Se claims by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50 and this claim is also barred or precluded by the Plaintiffs' Broomfield Combined Court cases, 18C103 and 20C32.

## 14. TORTIOUS INTERFERANCE WITH A BUSINESS EXPECTANCY IS WHOLLY DEFICIENT

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p50 (Section D) No. 8 "Tortious Interference with a Business Expectancy" the first paragraph, as if set herein to save the court time.

The Plaintiffs group plead that all defendants have 'interfered' with their 'business expectancy' through conclusory allegations, and provide no facts that pertain to Ms. Montalbano and have made no allegations against Ms. Montalbano of such acts and thereby the tort claim is to be dismissed with prejudice.  (Complaint ¶223-226)

To the extent that any Tortious Interference with a Business Expectancy claim by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 15. CYBERSTALKING FAILS AS A MATTER OF LAW

Ms. Montalbano adopts the reasons stated in Gaia's Memorandum Brief (Docket 17) at p51 (Section D) No. 9 "Cyberstalking", as if set herein to save the court time.

Because stalking is a criminal claim in the state of Colorado and there is understood to be no recognized civil tort in Colorado for "cyberstalking" the Plaintiffs' claim of 'cyberstalking' against Ms. Montalbano must be dismissed with prejudice. (Complaint ¶227-230)

The Plaintiffs' claims of cyberstalking must also be dismissed per the doctrine of Res Judicata as they are barred or precluded by the Plaintiffs' Broomfield Combined Court cases, 18C103 and 20C32.

To the extent that any cyberstalking claims by the Plaintiffs are related to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## 16. DECLARATORY JUDGEMENT OF VALIDITY OF GES TRADEMARKS FAILS AS A MATTER OF LAW

The Plaintiffs plead for 'declaratory judgment' and provide no facts that pertain to Ms. Montalbano regarding this matter and as such the claim should be dismissed with prejudice.

In so much as any of the allegations in 'Declaratory Judgment' apply to Ms. Montalbano, she adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p36 (Section C) No. 4 "Declaration of Validity", as if set herein to save the court time.

In so much as any of the Plaintiffs' allegations in 'Declaratory Judgment' apply to Ms. Montalbano's Trade Secret claims they are estopped, barred, or precluded by the Mesa District Civil State Court case, 18CV50.

## V. PLAINTIFFS DID NOT PROPERLY ALLEGE DIVERSITY JURISDICTION AND CANNOT DO SO

Ms. Montalbano adopts the legal reasons stated in Gaia's Memorandum Brief (Docket 17) at p52, Section V "PLAINTIFFS DID NOT PROPERLY ALLEGE DIVERSITY JURISDICTION AND CANNOT DO SO" as if set herein to save the court time.

In Plaintiffs' conclusory allegations they claim diversity jurisdiction that appears to be cumulative. Plaintiffs allege being citizens of Colorado, and Ms. Montalbano is a citizen of Colorado. Since no diversity exists it cannot serve as a basis for the Court to exercise jurisdiction over Plaintiffs' claims.

## VI.     CONCLUSION

For all the forgoing reasons, and because the deficiencies of the Complaint cannot be remedied by repleading, Defendant Alyssa Montalbano respectfully requests the Court dismiss the Complaint and all claims therein in their entirety with prejudice and without leave to replead.  Pursuant to Colorado law and on its own initiative, the Court should also impose sanctions on Plaintiffs and their Counsel for failure to file in good faith the Complaint and certain claim therein.

Ms. Montalbano also seeks reasonable legal expenses incurred and compensation for her time addressing the matters in this instant case, and for any such additional relief as this court deems appropriate.

Respectfully Submitted and All Rights Reserved

Dated this 24th of June 2020,

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: AriStoneArt@Ymail.com
Pro Se Defendant

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of June 2020 a copy of the foregoing Motion to Dismiss and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiffs' counsel through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5)

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen