

EXHIBIT O

# Goode, James Corey Vs. Montalbano, Alyssa Chrystie

**Case Number:** 2020C32(County)      **Date Filed:** 2020-03-11

| Summary | | |
|---|---|---|
| Judge | Jacque Lyn Russell | |
| Court | Broomfield County | |
| Division | C | |
| EFiled | Y | |
| Appealed | | |
| Case Closed Date | 06/22/2020 | |

| Case Status | | |
|---|---|---|
| Closed | | |

| Judge or Magistrate | Name | BAR Number |
|---|---|---|
| | Jacque Lyn Russell | 22046 |

| Agency | Agency | Agency Case | Tkt/Summons Nbr | Arrest Nbr |
|---|---|---|---|---|

| Related Cases | Location | Case Number | Related Reason | Name |
|---|---|---|---|---|

| Participants | Litigant | Attorney |
|---|---|---|
| | Montalbano, Alyssa Chrystie | |
| | Defendant 1 | |
| | DOB 01/01/1980 | |
| | Gender Female | |
| | Race Caucasian | |
| | Alias Montalbano, Alyssa-chrystie | |
| | Alias Stone, Ari | |
| | Goode, James Corey | |
| | Plaintiff 1 | |
| | DOB 02/22/1970 | |
| | Gender Male | |
| | Race Caucasian | |

| Charges | Count | Date | Details |
|---|---|---|---|

| Scheduled Events | Date | Time | Details |
|---|---|---|---|

| Proceedings | Date | Code | Description |
|---|---|---|---|
| | 03/11/2020 | LETR | Letter |
| | 03/11/2020 | LETR | Letter |
| | 03/11/2020 | FOTH | Filing Other |
| | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
| | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
| | 03/11/2020 | EXHB | |

|            | Date       |         | Exhibit-attach To Pleading/doc |
|------------|------------|---------|--------------------------------|
|            | 03/11/2020 | EXHB    | Exhibit-attach To Pleading/doc |
|            | 03/11/2020 | EXHB    | Exhibit-attach To Pleading/doc |
|            | 03/11/2020 | CTRO    | Complaint-tro                  |
|            | 03/11/2020 | BREF    | Brief Filed                    |
|            | 03/11/2020 | AFFI    | Affidavit                      |
|            | 06/22/2020 | CLAD    | Case Closed                    |

| Judgments | # | Date | Details |
|-----------|---|------|---------|

| Bond Information | ID | Details |
|------------------|----|---------|

| Financial Summary | Un-Assigned Rcp's | Received |
|-------------------|-------------------|----------|
|                   | ----------------- | -------- |
|                   | Civil Action Tax  | $1.00    |
|                   | Court Security Cash Fund | $5.00 |
|                   | Justice Center Cash Fund | $38.00 |
|                   | Stabilization Fund - USER Fee | $41.00 |
|                   | Total Un-Assigned | $85.00   |

| | |
|---|---|
| ☐Municipal Court ☒County Court ☐District Court ☐Denver Juvenile ☐Denver Probate _____ Broomfield _____ County, Colorado<br><br>Court Address:<br>17 Descombes Dr, Broomfield, CO 80020<br><br>Petitioner: _James Corey Goode_<br> 1140 US HW 287 Ste 400-266 Broomfield, CO 80020<br><br>v.<br><br>Respondent: _____Alyssa Chrystie Montalbano<br>2222 Da Vinci Pl, Grand Junction, CO 81507 | ▲  **COURT USE ONLY**  ▲ |
| Attorney for James Corey Goode<br>Forthcoming application for *pro hac vice*: Valerie Ann Yanaros, Esq.<br>5057 Keller Springs, Suite 300, Addison TX 75001<br><br>Phone Number: (512) 826-7553      E-mail: valerie@yanaroslaw.com<br>FAX Number: (469) 718-5600      Atty. Reg. #: TX 24075628 | Case Number:<br><br><br>Division          Courtroom |
| **VERIFIED MOTION FOR CIVIL PROTECTION ORDER** | |

I, _____James Corey Goode_____ (name of person) request this Court to issue a Civil Protection Order, and in support of this request state the following:

1. I am seeking this Civil Protection Order as a victim of the following: (Mark the applicable circumstances.)
   ☐Domestic Abuse (§13-14-101(2), C.R.S.)
   ☒Stalking (§18-3-602, C.R.S.)
   ☐Sexual Assault (§18-3-402(1), C.R.S.)
   ☐Unlawful Sexual Contact (§18-3-404, C.R.S.)
   ☐Abuse of the Elderly or an At-Risk Adult (§26-3.1-101(1) and (7), C.R.S.)
   ☐Physical Assault, Threat or other situation.

2. I reside or am employed in the County of _Broomfield, State of Colorado, and Alyssa Chrystie Montalbano resides in the County of Mesa, State of Colorado. I know of Alyssa Chrystie Montalbano because she is a fan of the shows, conferences and various media that I appear in that comprise my day-to-day work. She first began attempting to contact me, repeatedly, after seeing the show I appear in on Gaia TV, "Cosmic Disclosure" in 2017. After I filed and received a preliminary stalking order in Broomfield in June and July (respectively) of 2018, harassment from her escalated quickly. In retaliation she filed suit against me in Mesa County for something she called "Theft of Dream Visions". After that suit went through state and federal courts, Judge Flynn in Mesa County granted my Motion to Dismiss on January 29, 2020. All throughout that time she continued to harass and barrage me with highly-voluminous filings (in paper and electronic form, to the tune of hundreds of pages each), defame my name, create and post YouTube videos and other social media postings to harass, defame, embarrass and terrorize myself, my family, my fans, my colleagues and even my counsel. She has somehow obtained my personal and confidential employment documents and other personal and private information (some current and others from *years* ago) and published it across the

internet on various social media sites, blogs and message boards. [As further outlined in attached Brief in Support]

3. The other Protected Persons are (list full name, date of birth, sex, and race):

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| Marissa Ariel Goode | 7-25-03 | F | W | | | | |
| William Connor Goode | 3-29-11 | M | W | | | | |
| | | | | | | | |
| | | | | | | | |

☒I have completed and attached the form titled "Affidavit Regarding Children" JDF 404 as children are identified as Protected Persons above.

4. a) The most recent incident that causes me to ask for a Civil Protection Order occurred on or about ___February 24, 2020___ (date), at about ___9:00 am___ (time), in ___Mesa___ (County), when ___Alyssa Chrystie Montalbano___ (name of person) did the following to me and/or the above named Protected Persons: *Be specific:  What was the threat or acts of violence?  Where did this occur?  Were the minor children or other Protected Persons present? Was a weapon involved?*

___I received additional voluminous filings filed in the Mesa County action—post-dismissal—from Alyssa Montalbano sent to my P.O. Box. These filings accuse myself, my counsel and Judge Flynn—the judge in the Mesa action—of conspiring against her. She has created a YouTube account called "The Deprogrammer" for the sole purpose of threatening, harassing and defaming myself. On it, she has recorded herself reading her court filings that are replete with falsehoods and inappropriate stories and accusations in a video (from the aforementioned date) titled "The Video Corey Goode, David Wilcock, AND the CIA - Don't Want you to See - 5TH INFO FOR THE COURT". [See attached documentation].___

b) The most serious incident that causes me to ask for a Civil Protection Order occurred on or about __June 25, 2018___ (date), at about ___10:00 a.m. (estimate)___ (time), in ___Mesa___ (County), when ___Alyssa Christie Montalbano___ (name of person) did the following to me and/or the above named Protected Persons: *Be specific: What was the threat or acts of violence?  Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

___Filed a lawsuit for "Theft of Dream Visions" that accused Mr. Goode of, inter alia, using "mind control tactics" and "military-grade" and "guerrilla warfare tactics" to steal Montalbano's "dream visions". Her filing included hundreds of pages of false accusations of heinous crimes. She broadcast a multitude of Mr. Goode's personal information out through social media and in her court filings in the years that followed. She incessantly and repeatedly attempted to call, email and snail mail Mr. Goode to get his attention and the attention of his colleagues and former colleagues. She even sent correspondence regarding her false claims and accusations to Mr. Goode's place of business..___

c) Any other past incidents of violence or threats?  *Be specific: What was the threat or acts of violence? Where did this occur?  Were the minor children or other Protected Persons present?  Was a weapon involved?*

___She has been making and continues to make threats of harm, defamation or lawsuits. My wife and children have been subjected to the public social media posts threatening such actions and have been caused to undertake counseling as treatment. [As further outlined in attached Brief in Support].___

**d)** Are you aware of any other Protection Orders currently in effect against you or the other person?
☐Yes ☒ No   If **Yes,** list any relevant information, such as the issuing Court, State, and date of the order:

_____

5. I believe that I and/or the other Protected Persons named in this action are in imminent danger from
_____Alyssa Chrystie Montalbano_____ (name of person):

☒Harm to my/our life or health if he/she is not restrained as requested.

☒Physical or emotional harm to my/our emotional health or welfare if he/she is not excluded from the family home or the home of another.

6. ☒I request that I be permitted to omit my address from this Verified Complaint/Motion for Civil Protection Order, because I fear that including my address will endanger me and/or the other Protected Persons.

7. I request the following relief from the Court that _____Alyssa Chrystie Montalbano____ (name of person):

   a) ☒Be ordered to refrain from contacting, harassing, injuring, stalking, touching, sexually assaulting, molesting, intimidating, and threatening me or other protected persons.

   b) ☒Be ordered to have **no contact** at all with me or the other Protected Persons.
      **or**

      ☐Be allowed only the following limited contact with me or the other Protected Persons: **Be specific.**

      _____
      _____
      _____

   c) ☒Be excluded from my home at (address): **If you checked section 6, do not provide your address.**

      _____

   d) ☒Be ordered to stay at least ____10,000____ yards from the following places. (address or description)
      **If you checked section 6, do not provide your address.**
      ☒Home: _____
      ☐   Work:   Name: _____ Address: _____
      ☒School: Name: _____ Address: _____
      ☐Other: _____

e) ☒ Be ordered to have **no contact** with the minor children and that I be awarded temporary care and control and Interim Decision-Making Responsibilities for the children.

   or

   ☐ Be awarded temporary care and control of the children and that the other person be given Parenting Time with the children and Interim Decision-Making Responsibilities as follows:  **Be specific.**

   _____

   _____

   _____

f) ☒ Be ordered to refrain from molesting, injuring, taking, transferring, encumbering, concealing, or disposing of or threatening harm to an animal owned, possessed, leased, kept or held by me or my minor child(ren), or other protected persons. Arrangements for possession and care are as follows:

   _____

   _____

g) ☐ Be ordered, if this is a domestic abuse protection order, to not possess and/or purchase a firearm, ammunition, or other weapon AND to relinquish any firearm or ammunition within the time ordered by the Court.

h) ☒ Be ordered to refrain from interfering with me or other protected persons at our place of employment or place of education and from engaging in conduct that impairs my or other protected person's employment, educational relationships, or environment.

i) ☒ Other:

   Be ordered that she does not attend any event, conference or meeting that myself and/or my family or

   colleagues are attending and/or speaking or presenting at, including but not limited to my conferences on

   July 4, 2020 in Lake Trout, Washington and August 14, 2020 in Colorado Springs, Colorado.

☒ I understand that once a Civil Protection Order is issued it cannot be modified or dismissed by me or the other person without permission of the Court.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the __6__ day of ___March___ , __2020__ at   ___Burbank, California, United States___
          (date)      (month)      (year)     (city or other location, and state OR country

___James Corey Goode___
(Printed name of ☒ Petitioner ☐ Respondent)           Signature of ☒ Petitioner ☐ Respondent

_____
Attorney, if applicable

**Stop: If you checked box number 6, do not fill in your address and telephone number.**

Address

_____

Telephone Number

**Notice:**  Colorado Revised Statutes §13-14-105 identifies that a temporary injunction may be issued by the Court and that upon personal service or upon waiver and acceptance of service by the Restrained Person, is to be in effect against the Restrained Person for a period determined to be appropriate by the Court.   This injunction restrains the Restrained Person from:

1.  **Ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation for making such payments.**

2.  **Transferring, encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.**

The Restrained Person shall be required to account to the Court for all extraordinary expenditures made after the injunction is in effect.

Any injunction issued shall not exceed one year after the issuance of the Permanent Civil Protection Order.

Case Name  _____ v. _____          Case Number: _____

## Information Sheet for Registering a Protection Order
***Complete this form and attach it to the Verified Complaint for Protection Order Form JDF 402.***
***Complete and accurate information is critical for the enforcement of a Protection Order.***

> **If this form is incomplete, information may not be posted at Colorado Bureau of Investigation (CBI) for Law Enforcement officials to access and your protection order may not be properly enforced.**

## Information about You (The Protected Party)

Full Name:  _____ James Corey Goode _____          Date of Birth:  __ 2-22-70 __

Physical description:      Gender: ☒Male   ☐Female    Race: ____White_____

Height:  __ 6'0" __  Weight:  __ 185 __    Hair Color:  __ Brown _____  Eye Color:  __ Brown __

Complete Home Address:

**Identify relationship between you and the Restrained Party:**

☐Spouse                    ☐Former Spouse                 ☐Both parties are parents of the child(ren).
☐Current co-habitants      ☐Former co-habitants           ☐Restrained Party is a parent of the child(ren).
☐Partner in a Civil Union  ☐Former Partner in a Civil Union
☐Parties have been or are involved in an intimate relationship for _____ months.

**Other persons to be protected: (i.e. children)**

| Full Name of Protected Party | Sex | Race | Date of Birth |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## Information about Party to be Restrained

Full Name:  __ Alyssa Chrystie Montalbano __          Date of Birth:  ____ unknown ____

If you do not know the date of birth, enter approximate age:  __ 40 __

Physical description:      Gender: ☐Male   ☒Female          Race:  ____ White _____

Height:  __ 5'5 __  Weight:  __ 140 __    Hair Color:  __ Brown __  Eye Color:  __ Brown __

Complete Home Address:  ____ 2222 Da Vinci Place ____  Apt. #: ___ suite 400-117 _____

City:  ____ Grand Junction _____  State:  ____ CO _____  Zip Code:  __ 81507 __

Telephone #'s:  Home: _____  Work: _____  Cell:  __ 970 250 8365 __

☒**Check only if applicable. The restrained party goes by another name, please list all aliases below.**

Name:  __ Ari Stone __          Name:  ____ Alyssa-Chrystie Montalbano ____
Date:  ____ March 6, 2020 ____          Signature:  ____ /s James Corey Goode/ _____

JDF 442          INFORMATION SHEET FOR REGISTERING A PROTECTION ORDER

| | |
|---|---|
| ☐Municipal Court ☒County Court ☐District Court ☐Denver Juvenile ☐Denver Probate _____Broomfield_____ County, Colorado<br><br>Court Address:<br>17 Descombes Dr, Broomfield, CO 80020<br><br>Petitioner:  James Corey Goode<br> 1140 US HW 287 Ste 400-266 Broomfield, CO 80020<br><br>v.<br><br>Respondent: _____Alyssa Chrystie Montalbano<br>2222 Da Vinci Pl, Grand Junction, CO 81507 | ▲   **COURT USE ONLY**   ▲ |
| Attorney for James Corey Goode<br>Forthcoming application for *pro hac vice*: Valerie Ann Yanaros, Esq.<br>5057 Keller Springs, Suite 300, Addison TX 75001<br><br>Phone Number: (512) 826-7553        E-mail: valerie@yanaroslaw.com<br>FAX Number:  (469) 718-5600     Atty. Reg. #: TX 24075628 | Case Number:<br><br><br>Division            Courtroom |

## VERIFIED MOTION FOR CIVIL PROTECTION ORDER

I _____James Corey Goode_____ (name of party) submit the following information to the Court:

**1.** ☒I request that I be permitted to omit the children's address from this Affidavit because I fear that including the address will endanger the minor children.

**2.** The minor children are (list full name and date of birth): **(Do not include address if number 1 above is checked.)**

| Full Name of Child | Date of Birth | Current Address |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| | | |
| | | |

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

A legal action for Dissolution of Marriage or Civil Union, Legal Separation, Paternity, or Allocation of Parental Responsibilities (Decision-Making and Parenting Time) with the above-named children identified in the action ☐has ☒has not been filed.  If such an action has been filed, complete the information below:

| County Where Case Has Been Filed | State | Case Number | Nature of Proceeding |
|---|---|---|---|
| | | | |
| | | | |

JDF 404  R2-18    AFFIDAVIT REGARDING CHILDREN PURSUANT TO §14-13-209, C.R.S.
Page 1 of 2

5. I ☐have ☒have not participated as a party or witness or in any other capacity in any other court proceeding concerning custody of, or visitation, or parenting time with the above-named children in this or any other state. If so, please provide the following information.

| County Where Case Has Been Filed | State | Case Number | Date of Hearing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

6. I ☒do ☐do not know of any court proceedings that could affect this proceeding, including proceedings concerning enforcement of prior orders, domestic violence/abuse, protective/restraining orders, termination of parental rights, or adoption.  If so, please provide the following information.

| County Where Case Has Been Filed | State | Case Number | Nature of Proceeding |
|---|---|---|---|
| Mesa | CO | 18-cv-50 | Theft of dream visions |
|  |  |  |  |
|  |  |  |  |

7. I ☐do ☒do not know of any person not a party to the proceeding who has physical custody or claims rights of parental responsibilities, legal custody, physical custody, visitation or parenting time with the above-named children. If yes, please provide the following information.

| Name of Person | Address (Street, City, State, Zip Code) |
|---|---|
|  |  |
|  |  |
|  |  |

8. I ☒do ☐do not understand that I have a continuing duty to inform the Court of any custody proceedings concerning the children in this or any other state when I obtain such information during this proceeding.

9. I ☐am ☒am not a Native American Indian and these children ☐are ☒are not subject to the provisions of the Indian Child Welfare Act.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the _6_ day of ___March___, __2020__, at __Burbank, California, United States__
      (date)      (month)      (year)    (city or other location, and state OR country

____James Corey Goode____         */s James Corey Goode/*
(printed name of ☒Petitioner ☐Respondent)    Signature of ☒Petitioner ☐ Respondent

☐Municipal Court ☒County Court ☐District Court ☐Denver Juvenile ☐Denver Probate _____Broomfield_____ County, Colorado

Court Address:
17 Descombes Dr, Broomfield, CO 80020

Petitioner: _James Corey Goode_
1140 US HW 287 Ste 400-266 Broomfield, CO 80020

v.

Respondent: _____Alyssa Chrystie Montalbano_
2222 Da Vinci Pl, Grand Junction, CO 81507

▲  **COURT USE ONLY**  ▲

Attorney for James Corey Goode
Forthcoming application for *pro hac vice*: Valerie Ann Yanaros, Esq.
5057 Keller Springs, Suite 300, Addison TX 75001

Phone Number: (512) 826-7553      E-mail: valerie@yanaroslaw.com
FAX Number:  (469) 718-5600    Atty. Reg. #: TX 24075628

Case Number:

Division            Courtroom

**VERIFIED MOTION FOR CIVIL PROTECTION ORDER**

I, _____James Corey Goode_____ (name of person) request this Court to issue a Civil Protection Order, and in support of this request state the following:

1.  I am seeking this Civil Protection Order as a victim of the following:  (Mark the applicable circumstances.)
    ☐Domestic Abuse (§13-14-101(2), C.R.S.)
    ☒Stalking (§18-3-602, C.R.S.)
    ☐Sexual Assault (§18-3-402(1), C.R.S.)
    ☐Unlawful Sexual Contact (§18-3-404, C.R.S.)
    ☐Abuse of the Elderly or an At-Risk Adult (§26-3.1-101(1) and (7), C.R.S.)
    ☐Physical Assault, Threat or other situation.

2.  I reside or am employed in the County of _Broomfield, State of Colorado, and Alyssa Chrystie Montalbano resides in the County of Mesa, State of Colorado.  I know of Alyssa Chrystie Montalbano because she is a fan of the shows, conferences and various media that I appear in that comprise my day-to-day work. She first began attempting to contact me, repeatedly, after seeing the show I appear in on Gaia TV, "Cosmic Disclosure" in 2017. After I filed and received a preliminary stalking order in Broomfield in June and July (respectively) of 2018, harassment from her escalated quickly. In retaliation she filed suit against me in Mesa County for something she called "Theft of Dream Visions". After that suit went through state and federal courts, Judge Flynn in Mesa County granted my Motion to Dismiss on January 29, 2020. All throughout that time she continued to harass and barrage me with highly-voluminous filings (in paper and electronic form, to the tune of hundreds of pages each), defame my name, create and post YouTube videos and other social media postings to harass, defame, embarrass and terrorize myself, my family, my fans, my colleagues and even my counsel. She has somehow obtained my personal and confidential employment documents and other personal and private information (some current and others from *years* ago) and published it across the

internet on various social media sites, blogs and message boards. [As further outlined in attached Brief in Support]

3.   The other Protected Persons are (list full name, date of birth, sex, and race):

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| Marissa Ariel Goode | 7-25-03 | F | W | | | | |
| William Connor Goode | 3-29-11 | M | W | | | | |
| | | | | | | | |
| | | | | | | | |

☒ **I have completed and attached the form titled "Affidavit Regarding Children" JDF 404 as children are identified as Protected Persons above.**

4.   **a)** The most recent incident that causes me to ask for a Civil Protection Order occurred on or about _____February 24, 2020_____ (date), at about ___9:00 am___ (time), in ___Mesa___ (County), when _____Alyssa Chrystie Montalbano_____ (name of person) did the following to me and/or the above named Protected Persons: ***Be specific:  What was the threat or acts of violence?  Where did this occur?   Were the minor children or other Protected Persons present? Was a weapon involved?***

_____I received additional voluminous filings filed in the Mesa County action—post-dismissal—from Alyssa Montalbano sent to my P.O. Box. These filings accuse myself, my counsel and Judge Flynn—the judge in the Mesa action—of conspiring against her. She has created a YouTube account called "The Deprogrammer" for the sole purpose of threatening, harassing and defaming myself. On it, she has recorded herself reading her court filings that are replete with falsehoods and inappropriate stories and accusations in a video (from the aforementioned date) titled "The Video Corey Goode, David Wilcock, AND the CIA - Don't Want you to See - 5TH INFO FOR THE COURT". [See attached documentation].

**b)** The most serious incident that causes me to ask for a Civil Protection Order occurred on or about ___June 25, 2018_____(date), at about ___10:00 a.m. (estimate)___(time), in ___Mesa___ (County), when _____Alyssa Christie Montalbano_____ (name of person) did the following to me and/or the above named Protected Persons: ***Be specific: What was the threat or acts of violence?  Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?***

_____Filed a lawsuit for "Theft of Dream Visions" that accused Mr. Goode of, inter alia, using "mind control tactics" and "military-grade" and "guerrilla warfare tactics" to steal Montalbano's "dream visions". Her filing included hundreds of pages of false accusations of heinous crimes. She broadcast a multitude of Mr. Goode's personal information out through social media and in her court filings in the years that followed. She incessantly and repeatedly attempted to call, email and snail mail Mr. Goode to get his attention and the attention of his colleagues and former colleagues. She even sent correspondence regarding her false claims and accusations to Mr. Goode's place of business..

**c)** Any other past incidents of violence or threats?   ***Be specific: What was the threat or acts of violence? Where did this occur?   Were the minor children or other Protected Persons present?  Was a weapon involved?***

_____She has been making and continues to make threats of harm, defamation or lawsuits. My wife and children have been subjected to the public social media posts threatening such actions and have been caused to undertake counseling as treatment. [As further outlined in attached Brief in Support].

**d)** Are you aware of any other Protection Orders currently in effect against you or the other person?

☐**Yes** ☒ **No**   If **Yes,** list any relevant information, such as the issuing Court, State, and date of the order:

_____

_____

**5.** I believe that I and/or the other Protected Persons named in this action are in imminent danger from _____Alyssa Chrystie Montalbano_____   (name of person):

☒Harm to my/our life or health if he/she is not restrained as requested.

☒Physical or emotional harm to my/our emotional health or welfare if he/she is not excluded from the family home or the home of another.

**6.** ☒I request that I be permitted to omit my address from this Verified Complaint/Motion for Civil Protection Order, because I fear that including my address will endanger me and/or the other Protected Persons.

**7.** I request the following relief from the Court that _____Alyssa Chrystie Montalbano____ (name of person):

**a)** ☒Be ordered to refrain from contacting, harassing, injuring, stalking, touching, sexually assaulting, molesting, intimidating, and threatening me or other protected persons.

**b)** ☒Be ordered to have **no contact** at all with me or the other Protected Persons.
**or**
☐Be allowed only the following limited contact with me or the other Protected Persons: ***Be specific.***

_____

_____

_____

**c)** ☒Be excluded from my home at (address): **If you checked section 6, <u>do not</u> provide your address.**

_____

**d)** ☒Be ordered to stay at least ____10,000____ yards from the following places. (address or description) **If you checked section 6, <u>do not</u> provide your address.**

☒Home: _____

☐   Work:   Name: _____   Address: _____

☒School:  Name: _____   Address: _____

☐Other: _____

e) ☒Be ordered to have **no contact** with the minor children and that I be awarded temporary care and control and Interim Decision-Making Responsibilities for the children.

   **or**

   ☐Be awarded temporary care and control of the children and that the other person be given Parenting Time with the children and Interim Decision-Making Responsibilities as follows: ***Be specific.***

   _____

   _____

   _____

f) ☒Be ordered to refrain from molesting, injuring, taking, transferring, encumbering, concealing, or disposing of or threatening harm to an animal owned, possessed, leased, kept or held by me or my minor child(ren), or other protected persons.  Arrangements for possession and care are as follows:

   _____

   _____

g) ☐Be ordered, if this is a domestic abuse protection order, to not possess and/or purchase a firearm, ammunition, or other weapon AND to relinquish any firearm or ammunition within the time ordered by the Court.

h) ☒ Be ordered to refrain from interfering with me or other protected persons at our place of employment or place of education and from engaging in conduct that impairs my or other protected person's employment, educational relationships, or environment.

i) ☒Other:

   Be ordered that she does not attend any event, conference or meeting that myself and/or my family or

   colleagues are attending and/or speaking or presenting at, including but not limited to my conferences on

   July 4, 2020 in Lake Trout, Washington and August 14, 2020 in Colorado Springs, Colorado.

☒I understand that once a Civil Protection Order is issued it cannot be modified or dismissed by me or the other person without permission of the Court.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

---

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the __6__ day of ___March___ , ___2020___ , at ___Burbank, California, United States___
                     (date)       (month)       (year)      (city or other location, and state OR country

___James Corey Goode___
(Printed name of ☒Petitioner ☐Respondent)            Signature of ☒Petitioner ☐Respondent

_____
Attorney, if applicable

**Stop:  If you checked box number 6, do not fill in your address and telephone number.**

_____

Address
_____

_____
Telephone Number

---

***Notice:*** Colorado Revised Statutes §13-14-105 identifies that a temporary injunction may be issued by the Court and that upon personal service or upon waiver and acceptance of service by the Restrained Person, is to be in effect against the Restrained Person for a period determined to be appropriate by the Court.   This injunction restrains the Restrained Person from:

1. **Ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation for making such payments.**

2. **Transferring, encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.**

The Restrained Person shall be required to account to the Court for all extraordinary expenditures made after the injunction is in effect.

Any injunction issued shall not exceed one year after the issuance of the Permanent Civil Protection Order.

**UNITED STATES COUNTY COURT FOR THE**
**COUNTY OF BROOMFIELD COLORADO**

| | | |
|---|---|---|
| **JAMES COREY GOODE,** | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ALYSSA-CHRYSTIE** | § | **CAUSE NUMBER: _____** |
| **MONTALBANO,** | § | |
| | § | |
| *Defendant,* | § | |
| | § | |
| | § | |
| | § | |

**BRIEF ACCOMPANYING VERIFIED COMPLAINT FOR PROTECTION**
**ORDER AND TEMPORARY RESTRAINING ORDER**

COMES NOW, Mr. James Corey Goode and submits to the Court his

Motion for Protective Order and Accompanying Brief, and shows:

**INTRODUCTION**

Mr. Goode has undergone years of repeated stalking and harassment by

Alyssa Montalbano that, as shown below, must be restrained by this honorable

Court in order to protect not only his health, safety and welfare but that of his wife,

his son and his daughter.

**AUTHORITY**

Due to the increase in stalking cases reported over the year, the state of

Colorado has adopted strict anti-stalking laws. (*See* 18-3-602, C.R.S.)  These laws

mandate that stalkers be arrested and punished for their harassing behaviors, which can include: violence, ***threats***, ***invasion of privacy***, burglary, vandalism, and trespassing. *Id.* (emphasis added) Further, Colorado state law provides criminal punishment for someone who:

> "[r]epeatedly follows, approaches, **contacts**, places under surveillance, or **makes any form of communication** with another person, a member of that person's immediate family, or someone with whom that person has or has had a continuing relationship in a manner that would **cause a reasonable person to suffer serious emotional distress** and does cause that person, a member of that person's immediate family, or **someone with whom that person has or has had a continuing relationship to suffer serious emotional distress**."

*Id.*

Recently, individuals in Colorado have been found guilty of multiple counts of criminal felony stalking for behavior such as texting, calling and following a victim (*see People v. Wagner,* 434 P. 3d 731 - Colo: Court of Appeals, 1st Div. 2018*; see also People v. Chase*, 2013 COA 27, ¶¶ 53-54, 411 P.3d 740 (concluding that several emails containing "implicit and explicit threats" was sufficient evidence of credible threats when victim considered the emails serious and undertook self-protective measures as a result). For civil stalking, a lower standard than that for criminal stalking, repeated approaches, contacts or forms of communication that causes a reasonable person to suffer serious emotional distress are sufficient to impose liability.

Severe emotional distress, under Colorado caselaw, may be shown in various ways. *See People v. Carey*, 198 P.3d 1223 at 1233 (Colo. App. 2008) (victim's testimony "that she was 'very fearful' and 'very distressed' because she realized that defendant could easily act on his threats" and that she "increased her level of awareness of her surroundings" was sufficient evidence of serious emotional distress); *People v. Cross*, 114 P.3d 1, 6 (Colo. App. 2004) (sufficient evidence of serious emotional distress when victim testified that the defendant's behavior caused her to change her work schedule, feel nervous, and have trouble sleeping) (citations omitted); *People v. Sullivan*, 53 P.3d 1181, 1185 (Colo. App. 2002) (sufficient evidence of serious emotional distress when victim testified that she changed her routines, was afraid, felt she was constantly being watched, and had trouble sleeping). All of these elements are apparent in Mr. Goode and his family's lives due to the acts of Alyssa Montalbano.

## <u>FACTS</u>

### 1. **The First TRO/Stalking Application**

This is the second time that Mr. Goode has had to pursue protection against Alyssa Chrystie Montalbano ("Montalbano") due to her repeated stalking, threats, and invasion of Mr. Corey Goode's privacy. Montalbano has stalked Mr. Goode by incessantly and repeatedly contacting and attempting to contact him with the sole purpose of coercing him into some fictitious and fanciful relationship that she has

concocted in her mind. In Mr. Goode's first application for protection order, filed

with this Court in June of 2018 and granted in July of 2018, Mr. Goode laid out a

particularly terrifying and threatening communication she sent to him:

"Alyssa sent an email after she agreed to cease contact with me on February
2, 2018. In it she references the Conference we forbade her to attend that I was
presenting at due to her 400 emails and repeated calls, letters, etc. In her email she
says "did something occur in Hawaii? I ask because of a couple dreams.  One, you
may not be aware of anything... in the dream you were playing (yes in a disguise)
**and I scooped you up so the sniper on the hill wouldn't shoot you and eat you.
I took you and placed you somewhere safe**.  You seemed oblivious the entire
time.  In the next dream (disguise again) you seemed to have caught a cold or had
something occur that reminded me of my trip to Hawaii as a kid with my bff when
she got sucked into the undertow by the shore and when she got back on shore she
puked this clear mucally type bile vomit onto the sand.  We promptly buried it and
moved to the next cabana. :::grin::: Something similar to the bile - vomit was seen
in the dream but with shuffles like a really bad cold and you were having a hard
time breathing.  I helped keep you breathing.  Did you have any kind of ocean
incident or catch a cold or have any kind of breathing issues?"

(emphasis added).

This incident premised Mr. Goode's Stalking/TRO filed and granted in

2018, but the underlying threats to life and body still loom, especially in light of

her reaction to the most recent ruling on her lawsuit filed in Mesa County

dismissing the action.

Montalbano has sent him, since as early as 2017, messages, emails and

letters with incomprehensible, made up legal-sounding language (as outlined in

Mr. Goode's previous TRO filed with this Court in June of 2018) threatening Mr.

Goode with a lawsuit and/or criminal charges (Montalbano is not, nor has she even been, a government attorney or anyone that may bring criminal charges on behalf of the state) unless and until he engaged with her.

Mr. Goode respectfully requests this Court take judicial notice of his prior TRO/Stalking Application in June/July of 2018 and the materials contained therein.

## 2. The Retaliatory Mesa Lawsuit

In retaliation to Mr. Goode's Stalking/TRO lawsuit filed on or around June 15, 2018, Montalbano opened a lawsuit in Mesa County against Mr. Goode on June 25, 2018. As explained in the attached verified Complaint for Protection Order. Attached to this Brief in Response are the Register of Actions of the Mesa Action prior to removal, showing **thirty-six filings** in **less than three months**. (Exhibit 4). These filings are replete with Montalbano's fanciful ideas of being married to Mr. Goode in another dimension, having romantic meetings through astral projection, and other disturbing stories as well as a painstakingly detailed review of Mr. Goode's career and personal life details. The detail of her musings over Mr. Goode show the massive amounts of hours **every day** she spends obsessing over Mr. Goode. The thought of this attention causes severe emotional

distress to Mr. Goode and his family and is something that horror movies are premised on.

Due to the nature of Montalbano's claims seeming—to Mr. Goode's counsel's best analysis of the purported claims—to be of the nature of copyright, Mr. Goode removed the action to federal court on or around September of 2018. After the case was removed, Montalbano amended her claims—at the urging of Judge Moore and after Magistrate Gallagher recommended dismissal of the action—and the case was sent back to state court on or around December of 2018. (Exhibit 5). In the **just over two months** that the case was in federal court, the docket entries totaled **eighty docket entries**. *Id.* The vast majority of filings in both cases were by Montalbano, most stricken and/or ignored by the judges due to their sheer unfounded (in legal or reason), baseless and innocuousness nature. The amount of filings mounted after removal, and has doubtless reached over a hundred. All have been sent to Mr. Goode. All have caused repeated and continuing emotional distress. For two years now Mr. Goode has dealt with Montalbano's repeated harassment, defamation and unwanted affections and attention. He has suffered physical stress due to the ongoing fear he endures.

Now, after years of Montalbano's ongoing and repeated harassment, stalking, and unwanted contact and attention, Mr. Goode has reached the point where he fears an impending attack of Montalbano's intense focus resulting in

harm to himself and his family. Last year, Montalbano received a report and recommendation from a Federal Magistrate Judge calling her "delusional" (*see* Exhibit 1, *see also* Exhibit 3 (someone who has met Montalbano stating that when she met her "she was missing a few screws even back then") in addition to a dismissal of her case against Mr. Goode by a State Court Judge, her response to both being inflammatory and a huge outlash. An excerpt reproduced below:

> Plaintiff asserts the violation of a legal interest that clearly does not exist or facts that do not support an arguable claim for relief. The complaint(s) lack coherent factual allegations or claims. They describe what seems a delusional scenario of use of supposed dreams emailed to another party. The nonsensical allegations do not support an arguable claim for relief, and a more specific pleading would not cure the failure of the purported claims nor place them in a position to clear the hurdles of Rule 8 or 12. The complaint fails to provide a short

She has since filed multiple motions against the Judge in the Mesa action calling for his recusal for "perjury" and accusing him of working with Mr. Goode and his counsel. Mr. Goode requests this Court enter a protective order to prevent Montalbano—someone who at least two judges and hundreds of lay people agree is extremely unstable—from harming, threatening or harassing Mr. Goode and/or his family further.

### 3.  Montalbano's YouTube Account Focused Solely on Mr. Goode

Most recently, Montalbano has created a YouTube account purely for the purpose to harass, defame, threaten and discredit Mr. Goode. A screenshot of her channel is below:



(accessed at https://www.youtube.com/channel/UCyiuJjzwQKX0dQGp8_kd8_w).

On her YouTube channel Montalbano reads aloud—for hours at a time—her voluminous, nonsensical court filings and inserts delusional commentary about her "relationship" with Mr. Goode, an imaginary husband-and-wife or "twin flame" relationship she has been asserting since at least 2018 exists between herself and Mr. Goode. Mr. Goode has never had any face-to-face interaction with

Montalbano. He is happily married to his wife, and Montalbano's repeated unwanted advances has caused severe emotional distress on the entire Goode family. Her disturbing "dream visions" involve twisted scenarios often blending Star Wars elements with Alice in Wonderland. Her advances are constant and unabating. Only this Court has it within its authority to make them stop.

As shown above, Montalbano has terrified, emotionally hurt and threatened to hurt Mr. Goode and his family and they are in imminent danger of further abuse or threats if the protection order that is sought herein is not issued. Mr. Goode and his family are in constant terror that Montalbano may show up where they live, or to a conference they are attending, and attempt to harass, follow, or *worse*…inflict bodily harm—based on the multitude of postings and various harassment that they have all been exposed to. Mrs. Goode does not answer the door when Mr. Goode is gone and instructs her son and daughter to do the same out of fear for their safety. Mr. Goode checks in on his family more often than he did before out of fear for the safety of his wife and children. Their children do not play outside as much as they used to for fear of being watched, harassed or followed. The fact that the Goode family has altered their day-to-day, once carefree way of living is a tragedy to the extreme, especially for his son and daughter who should be allowed to enjoy life as any other child. Montalbano must be prevented from coming near or around Mr. Goode and his family permanently and must be prohibited from contacting anyone

related to him in any way. Further, and perhaps most importantly, she must explicitly be forbidden to attend any of the conferences or live events Mr. Goode presents at or attends.

## **CONCLUSION**

This is but a cursory overview of the attached multitudes of evidence. Even more exists and will be brought forward at the Permanent Protective Order Hearing. Mr. Goode respectfully asks that this Court **GRANT** his preliminary protective order in accordance with the above and aforementioned.

March 6, 2020                                   Respectfully,
                                                */s James Corey Goode/*
                                                James Corey Goode

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge


Civil Action No. 18-cv-02060-RM-GPG


Alyssa-Christie Montalbano,

      Plaintiff,

v.

James Corey Goode,

      Defendant.

---

### RECOMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

---

This matter comes before the Court on a motion to dismiss filed by Defendant (ECF # 15),[1]  Plaintiff's *pro se*[2] response (titled reply) (ECF# 16) and Defendant's reply (ECF #17). The motion has been referred to this Magistrate Judge for recommendation (ECF #25).[3]  The Court has reviewed the pending motion, response, reply and all attachments.  The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(ECF #15)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] The Court construes Plaintiff's pleadings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Oral argument has not been requested and the Court finds that it is not necessary in this circumstance.  This Magistrate Judge respectfully recommends that the motion be GRANTED.

This matter, which was removed from state court, was instigated by the filing of Plaintiff's "notice of default in dishonor" (ECF #26, pp. 6-7) and a letter to "Corey" dated June 4, 2018 (ECF #26, pp. 3-5).  Additionally, other documents have been filed in this action which appear to be in the nature of a complaint.  *See* amendment/supplement notice of removal (ECF #12).  As noted above, this matter comes before the Court after being removed from the state court, to wit, Mesa County.  The manner of removal was haphazard at best and it is not entirely clear to the Court what the Plaintiff intended to construe as her initial complaint.  As Plaintiff proceeds *pro se*, and as I must liberally construe the pleading consistent with *Haines* and *Hall*, *see* fn. 2, I am casting a wider net in terms of review of the initial pleadings.

Plaintiff's claims

As discerned from the various documents set forth below, which may or may not actually be Plaintiff's complaint, the Court construes that Plaintiff is attempting to proceed on the following supposed causes of action:  (1) unauthorized use of intellectual property; (2) theft of copyrighted materials; (3) defamation; (4) slander; (5) libel; (5) fraudulent stalking; and (6) fraud.

2

Notice of Default in Dishonor (ECF #26, pp. 6-7)

This document appears to the Court to be in the nature of a certificate of service. Therein, Plaintiff informs "Respondent," James Corey Goode, of a number of documents he has purportedly be presented with and that he has "one week . . .to accept my offer for remedy revised." *Id.* This document does not state a claim upon which relief can be granted, in no way complies with the pleading requirements of Rule 8, and bears no further discussion.

Letter to Corey dated June 4, 2018 (ECF #26, pp. 3-6)

This letter makes no claim for relief and bears no further discussion.

Amendment/Supplement Notice of Removal (ECF #12)

      a.     Motion to Order, cease and desist unauthorized use of intellectual property, dream visions, copyrighted materials and defamation of character (ECF #12-1):

Plaintiff claims that Mr. Goode "has been using [Plaintiff's] intellectual property, dream visions, and copyrighted materials to his benefit." *Id.* at p. 2, para. (a).

Plaintiff claims that Mr. Goode "agrees he and associates plan to continue to use [Plaintiff's] materials to their benefit and [Plaintiff's] detriment." *Id.* at p. 2, para. (b).

Plaintiff claims that Mr. Goode has been libeling, slandering, defaming, and fraudulently stalking Plaintiff. *Id.* at p. 2, para. (c).

Plaintiff claims that Mr. Goode has been "performing military grade tactics" to defraud Plaintiff's "intellectual property, dream visions, and copyrighted materials during 2017 and into 2018" and that there is $70,000.00 in damages. *Id*. at p. 2, para. (d).

      b.    Memorandum brief in support of motion to order (ECF #12-1, pp. 18-24):

Plaintiff claims that she emailed materials to Mr. Goode for use in the show "Cosmic Disclosure" on "GAIA INC" and that Plaintiff was defrauded in that Mr. Goode used Plaintiff's materials for "profiteering and public acclaim." (ECF #12-1, pp. 18-24, para. 21, *passim*).

Plaintiff provides specific examples of the intellectual property she believes was misappropriated at pages 41-48 (ECF #12-1). These include what Plaintiff terms as "intellectual property" (ECF #12-1, p 41) and which Plaintiff states she herself emailed to Defendant at various times.

Standard of Review

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91.

Where the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted) ("The nature and specificity of the allegations required to state a plausible claim will vary based on context . . . [and] requires the reviewing court to draw on its judicial experience and common sense." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011)).

> "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

As was noted in *Robbins*, "context matters." *Robbins*, 519 F.3d at 1248 (citation removed). "A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a

particular highway on a specified date and time." *Id.* "[I]t is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . ." *Id.* at 1250 (emphasis in original) (continuing on to determine that collective allegations against defendants as a whole makes it impossible to ascertain what any specific defendant may have done).


Rule 8

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." "At some point the factual detail in a complaint may be so *sketchy* that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.,* 499 F.3d 663, 667 (7th Cir. 2007) (emphasis mine). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. ==Prolix, vague, or unintelligible pleadings violate Rule 8.==

Copyright Infringement

Plaintiff claims, without providing any information as to the copyright at issue, that her copyright was infringed. To prevail on a claim of copyright infringement, a Plaintiff must prove: (1) the work is the subject of a valid copyright; (2) the plaintiff owns the copyright; (3) the defendant copied the protected expression in plaintiff's copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

==Plaintiff has in no way proven that any work is the subject of a valid copyright, an essential element to proving copyright infringement. In the absence of even minimal proof of a copyright, Plaintiff has no met the pleading standards to move forward on this claim.==

Plaintiff has not met the pleading standards required under Rule 8. ==Plaintiff's various attempt at a complaint, which defy the Court to even determine which pleading is intended as the operative complaint, do not contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; nor (3) a demand for the relief sought. Further, with regard to Rule 12, Plaintiff has failed to state a claim to relief that is plausible on its face. With all due respect to Plaintiff's beliefs, as presented to the Court, they do not support the causes of action to even the minimal standards set forth under Rules 8 and 12.==

Plaintiff asserts the violation of a legal interest that clearly does not exist or facts that do not support an arguable claim for relief. The complaint(s) lack coherent factual allegations or claims. They describe what seems a delusional scenario of use of supposed dreams emailed to another party. The nonsensical allegations do not support an arguable claim for relief, and a more specific pleading would not cure the failure of the purported claims nor place them in a position to clear the hurdles of Rule 8 or 12. The complaint fails to provide a short and plain statement of Plaintiff's claims showing that she is entitled to relief. It is disjointed and confusing.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Here, despite the Court's prior advisement, Plaintiff has failed to plead a short and plain statement of his claims showing that she is entitled to relief.

For the foregoing reasons, I respectfully RECOMMEND that the motion to dismiss be GRANTED.

With regard to the pleadings filed by Defendant, through Counsel, the Court would note that Counsel's rhetorical flourishes, e.g., "Its Complaint fails for not many reasons, but for *all* reasons . . .real or imaginable, in state court or federal, in this dimension or the next" (ECF #15, p. 1) (sic) (emphasis original), are unnecessary and detract from a reasoned and cogent argument.

Dated at Grand Junction, Colorado this October 19, 2018.

_____

Gordon P. Gallagher

United States Magistrate Judge

**Fw: Motion For Permanent Injunctive Relief - Conferral Attempt**

CG   **Corey Goode**
📎 Wed, 26 Feb 2020 5:06:55 PM -0600

To   "Yanaroslaw" <valerie@yanaroslaw.com>, "Liz Lorie" <lizlorie@gmail.com>

Tags ✎

Security 🛡 **TLS** Learn more

**Corey Goode**
CEO: Goode Enterprise Solutions
**LinkedIn:** https://www.linkedin.com/in/corey-goode-7024621/
**IMDB:** https://www.imdb.com/name/nm8982732/

----- Forwarded Message -----
**From:** Ari Stone <aristoneart@ymail.com>
**To:** Corey Goode <goodetech@yahoo.com>
**Sent:** Wednesday, December 26, 2018, 07:51:50 PM MST
**Subject:** Motion For Permanent Injunctive Relief - Conferral Attempt

Mr. Goode,

I would like to discuss a deal with you.

Here's some food for thought as to why you should discuss a deal with me. Let's say you, David Wilcock, and other associates made everything up (fake news and all) completely based off of my dreams during 2017 and into 2018 like the evidence is pointing to; except where you posted links to outside sourced news articles. While you guys may make everything up, I do not.

If this matter goes to trial, you will find I have an 'uncanny' ability to expose you and your friends and know exactly how you guys are all connected.

To give you an idea of who I will subpoena to testify:

Daniel Liszt - to discuss marketing-cults
Gigi Young - the value of psychics to deep state
Bill Ryan - data mining of his website and info
Joe 'from the Carolinas' - threatening those who speak out about you.

I will also have others testify to my dream abilities where I saw things about them, this may include Jay Weidner. It is irrelevant to the case, but for your knowledge and in consideration of your feelings towards the guy, I have not been in contact with Jay. He would be subpoenaed as an expert witness to testify to my shamanic abilities and is someone with the credentials to verify such abilities for the court record.

If at any time, you (or any of your associates... whom I will treat as being you having done so) threaten (further) any of my potential or subpoenaed witnesses (or me for that matter), I will pursue full criminal charges against you and any of your 'friends' that the evidence brings into the case.

==Everything I said I would do if you did something, you have seen me do.==

When you are ready to negotiate a morally appropriate and proper deal with me based on the evidence, you and/or your proper attorney may contact me.

I have attached a MOTION FOR PERMANENT INJUNCTIVE RELIEF and a (Proposed) ORDER FOR DECLARATORY INJUNCTIVE RELIEF to immediately protect my information (Trade Secrets sent as dream visions) sent by e-mail. I wrote the Motion with the assumption you will continue to avoid and evade responding. So, it will likely be filed as seen attached if I do not hear from you per your typical style.

Will you be opposed or unopposed?

Respectfully,  Alyssa Montalbano


This email conferral attempt sent pursuant to D.C.COLO.LCivR. 7.1(a).

Confidentiality Notice: The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient(s) is prohibited.  If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.


---

**3 Attachments**

068_MOTION FOR PERMANENT INJUNCTIVE RELIEF.pdf        068-1_Order Injunctive Relief.pdf

068-2_EXHIBIT VERIFIED COMPLAINT.pdf

**EXHIBIT 3**



Taken from a Facebook Group—"Ari Stone" is Alyssa Montalbano's alias.

Source: https://www.facebook.com/groups/1165103120314699/

# RECORD SEARCH FOR MESA COUNTY COMBINED COURT

125 N Spruce, Grand Junction, CO  81501
PO Box 20,000-5030, Grand Junction, CO  81502
Telephone (970) 257-3640



FILED IN COMBINED COURT
SEP 11 2018
MESA COUNTY COMBINED COURT
MESA COUNTY, COLORADO

Requests for information can either be made in person or through the US Mail.  The court does not accept phone call, faxed, or emailed requests.   A non-refundable fee of **$5.00 per name** is required at time of the request.  An additional $10.00 will be charged if the file has to be retrieved from offsite storage.  Depending on the complexity of your request, an hourly rate of $30.00 per hour may be assessed and processing time could take up to 3 weeks.

Payment is required in advance of beginning work.  Due to confidentiality policies, when you submit a request for research and/or copies for a case you are involved in, you must include a copy of a valid picture ID or a notarized statement.  If at least one of these is not provided, full access to the case might not be possible and certain documents may be withheld.

| ***INFORMATION ABOUT THE PARTY(S) YOU WOULD LIKE RESEARCHED*** | | |
|---|---|---|
| Name of party(s): (list all names used) | James Corey Goode, Alyssa Christie Montalbano | |
| Date of Birth: Date of Death: | Filing Date or Year: 2018 | Case Number (if known): 18-cv-50 |
| Case type | ☐Misdemeanor ☐Traffic ☐ Felony ☐ Probate ☐ Domestic ☒ Civil ☐ Other | |
| Your request : ☐Entire File ☒ Specific Documents | Do documents need to be Certified? ☐ Yes ☒No | Special Instructions: Please send the case file/case register/docket sheet, thank you! Please call with questions. |
| ***INFORMATION ABOUT YOU*** | | |
| Name/agency Requesting Information | Valerie Yanaros Wilde, attorney for James Corey Good | |
| Mailing Address | 5057 Keller Springs Suite 300, Dallas, Texas 75001 | |
| Daytime Contact Phone Number | 512-826-7553 | |

**PAYMENT INFORMATION**                       **DATE OF REQUEST:** ___9/7/2018___

| Payment can be made with cash, money order, certified funds, or checks.  **Make payable to Mesa County Combined Court.** | | Payment can also be made with a credit card. ☐ VISA  ☒kMasterCard  ☐ Discover |
|---|---|---|
| Search Fee | $5.00 per case | Credit Card Number: |
| Copy Fee  $1 | $.75 per page for filed papers $.25 per page for printed copies from CMS | 5348750004892709 Expiration date: 05/22 |
| Certification | $20.00 per document | |
| Offsite File Retrieval | $10.00 (in addition to search fee) | Name on card (please print): |
| Extensive Research | $30.00 per hour (no charge for 1st hour) | Yanaros Law (Valerie A Yanaros) |
| POST  .75 | | |

**GENERAL INFORMATION REGARDING RECORD SEARCH INFORMATION**
Cases older than 1977 could be stored at the Colorado State Archives.  The Research Clerk will provide you with archives contact information along with details you will need for location of the file.  You must then contact the Archives directly for information from these files.  Unless a **SPECIFIC YEAR** is requested, our computer will provide records from 1989 to present.  You must use one form for each search.  **Only** Mesa County Court and District Court cases will be searched.  If you need records for any other county or for Municipal Court, you will need to contact those agencies directly.

I N T E G R A T E D   C O L O R A D O   O N L I N E   N E T W O R K   (I C O N)

```
Status:                          District Court, Mesa County
Case #: 2018 CV 000050      Div/Room: 10     Type: Other
            MONTALBANO, ALYSSA-CHRYSTIE vs. GOODE, JAMES COREY


                                                  DV STATUS:
Case File Date:  6/25/2018    Case Close Date:         Appealed: N
                              Confidential Intermediary.............:

                 Bar #   Name
Judicial Off...: 022904  BRIAN JAMES FLYNN
Alt Jud Officer: 000000
                 Description              Stat Date       Time   Rm/D
Trial..........:                                          0:00
Next Schd Event: Review                        9/28/2018  6:00 P
Last Schd Event:                                          0:00
Last Event.....: Objection               n/a   9/06/2018

Attorney(s)....: N

Judgements............:N
Motions Filed.........:Y

Amount Prayed for.....:           .00

Jury Fee Paid.........:N

                    ----- PARTIES -----
PARTY ROL STS    NAME                    ATTORNEY           ROL
DEF  1           GOODE, JAMES COREY
        Business Address........: 1140 US HIGHWAY 287 SUITE 400-266
                                : BROOMFIELD, CO  80020
PTF  1           MONTALBANO, ALYSSA-CHRYSTIE
        Business Phone..........: (970) 250-8365
        Business Address........: 2536 RIMROCK AVE SUITE 400-117
                                : GRAND JUNCTION, CO  81505
FILE DATE   EVENT DESCRIPTION
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000012   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - B
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000013   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - C
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000014   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - D
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000015   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - E
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000016   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - F
 6/25/2018  Exhibit-Attach to Pleading/Doc   Event ID: 000017   E-Filed: J
            PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - G
```

```
FILE DATE     EVENT DESCRIPTION
 6/25/2018    Exhibit-Attach to Pleading/Doc    Event ID: 000018    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - H
 6/25/2018    Exhibit-Attach to Pleading/Doc    Event ID: 000019    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - I
 6/25/2018    Exhibit-Attach to Pleading/Doc    Event ID: 000020    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - J
 6/25/2018    Exhibit-Attach to Pleading/Doc    Event ID: 000021    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - K
 6/25/2018    Certificate Filed                 Event ID: 000022    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Certificate of Service
 6/25/2018    Complaint                         Event ID: 000001    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Complaint
 6/25/2018    Summons                           Event ID: 000002    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Summons
 6/25/2018    Civil Case Cover Sheet            Event ID: 000003    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Civil Case Cover Sheet
 6/25/2018    Motion for Default Judgment       Event ID: 000004    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Motion for Default Judgment
 6/25/2018    Filing Other                      Event ID: 000005    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Table of Contents
 6/25/2018    Exhibit List                      Event ID: 000006    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit List
 6/25/2018    Proposed Order                    Event ID: 000007    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Proposed Order Re: Cease and Desist
 6/25/2018    Certificate Filed                 Event ID: 000008    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Certificate of Service
 6/25/2018    Brief Filed                       Event ID: 000009    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Memorandum Brief
 6/25/2018    Affidavit                         Event ID: 000010    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Affidavit of Truth
 6/25/2018    Exhibit-Attach to Pleading/Doc    Event ID: 000011    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Exhibit - A
 7/03/2018    Affidavit                         Event ID: 000023    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
Affidavit in Support of Order for Service by Publication
 7/03/2018    Proposed Order                    Event ID: 000024    E-Filed: J
              PTF/    MONTALBANO, ALYSSA-CHRYSTIE
For Service by Publication
```

| FILE DATE | EVENT DESCRIPTION | | |
|---|---|---|---|
| | Related Event AFFI Affidavit | | 7/03/2018 |
| 7/17/2018 | Motion to Dismiss | Event ID: 000026 | E-Filed: J |
| | DEF/ GOODE, JAMES COREY | | |

Motion to Dismiss

| 7/18/2018 | Order | Event ID: 000025 | E-Filed: J |
|---|---|---|---|

Order for Service by Publication

| 7/18/2018 | Reply | Event ID: 000027 | E-Filed: J |
|---|---|---|---|
| | PTF/ MONTALBANO, ALYSSA-CHRYSTIE | | |

Reply to Defendant's Motion to Dismiss for Failure to State a Complaint

| | Related Event MODS Motion to Dismiss | | 7/17/2018 |
|---|---|---|---|
| 7/18/2018 | Motion | Event ID: 000028 | E-Filed: J |
| | PTF/ MONTALBANO, ALYSSA-CHRYSTIE | | |

Motion to Claim and Exercize Constitutional Rights and Require the Presiding Judge to Rule upon the Motion and All Public Officers of this Court to Uphold Said Rights

| 7/31/2018 | Reply | Event ID: 000029 | E-Filed: J |
|---|---|---|---|
| | DEF/ GOODE, JAMES COREY | | |

Reply to Plaintiff's Repsonse to Mr. Goode's Motion to Dismiss for Failure to State a Complaint

| | Related Event REPL Reply | | 7/18/2018 |
|---|---|---|---|
| 8/13/2018 | Report | Event ID: 000030 | E-Filed: J |
| | PTF/ MONTALBANO, ALYSSA-CHRYSTIE | | |

Status Report

| 8/13/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000031 | E-Filed: J |
|---|---|---|---|
| | PTF/ MONTALBANO, ALYSSA-CHRYSTIE | | |

Exhibit L - Attachment to Status Report

| | Related Event RPRT Report | | | 8/13/2018 | |
|---|---|---|---|---|---|
| FILE DATE | SCHEDULED EVENT DESCRIPTION | SCHD DATE | TIME | ROOM | PRI |
| 8/24/2018 | Review | 9/28/2018 | 06:00 PM | 10 | |
| | Officer: BRIAN JAMES FLYNN | Length: | 1.00 Hour(s) | | |
| 8/28/2018 | Letter | Event ID: 000036 | | E-Filed: J | |
| | DEF/ GOODE, JAMES COREY | | | | |

Letter from Atty Valerie Yanaros

| 8/28/2018 | Notice Filed | Event ID: 000037 | E-Filed: J |
|---|---|---|---|
| | DEF/ GOODE, JAMES COREY | | |

Notice of Removal

| 8/28/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000038 | E-Filed: J |
|---|---|---|---|
| | DEF/ GOODE, JAMES COREY | | |

Document 1-1 (7 pgs)

| | Related Event NOTC Notice Filed | | 8/28/2018 |
|---|---|---|---|
| 8/28/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000041 | E-Filed: J |
| | DEF/ GOODE, JAMES COREY | | |

Document 1-4 (2 Pages)

| 8/28/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000040 | E-Filed: J |
|---|---|---|---|
| | DEF/ GOODE, JAMES COREY | | |

Document 1-3 (11 Pages)

| | Related Event NOTC Notice Filed | | 8/28/2018 |
|---|---|---|---|
| 8/28/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000039 | E-Filed: J |
| | DEF/ GOODE, JAMES COREY | | |

Document 1-2 (8 Pages)

| | Related Event NOTC Notice Filed | | 8/28/2018 |
|---|---|---|---|
| 8/28/2018 | Exhibit-Attach to Pleading/Doc | Event ID: 000042 | E-Filed: J |
| | DEF/ GOODE, JAMES COREY | | |

Document 12 (3 Pages)

| FILE DATE | SCHEDULED EVENT DESCRIPTION | SCHD DATE | TIME | ROOM | PRI |
|-----------|------------------------------|-----------|------|------|-----|
| | Related Event   NOTC Notice Filed | | | 8/28/2018 | |
| 8/28/2018 | Exhibit-Attach to Pleading/Doc       Event ID: 000043 | | | E-Filed: J | |
| | DEF/      GOODE, JAMES COREY | | | | |

Document 12-1 (60 Pages)

| | Related Event   NOTC Notice Filed | | | 8/28/2018 | |
| 8/28/2018 | Exhibit-Attach to Pleading/Doc       Event ID: 000044 | | | E-Filed: J | |
| | DEF/      GOODE, JAMES COREY | | | | |

Document 12-2 (7 Pages)

| | Related Event   NOTC Notice Filed | | | 8/28/2018 | |
| 8/30/2018 | Motion                               Event ID: 000032 | | | E-Filed: J | |
| | PTF/      MONTALBANO, ALYSSA-CHRYSTIE | | | | |

Motion to Set Hearing Date

| 8/30/2018 | Exhibit-Attach to Pleading/Doc       Event ID: 000033 | | | E-Filed: J | |
| | PTF/      MONTALBANO, ALYSSA-CHRYSTIE | | | | |

Exhibit O  - Attach to Pleading/Doc

| | Related Event   MOTN Motion | | | 8/30/2018 | |
| 8/30/2018 | Objection                            Event ID: 000034 | | | E-Filed: J | |
| | PTF/      MONTALBANO, ALYSSA-CHRYSTIE | | | | |

Objection to Reply to Plaintiff's Response to Mr. Goode's Motion to Dismiss
for Failure to State a Complaint

| | Related Event   REPL Reply | | | 7/31/2018 | |
| 8/30/2018 | Exhibit-Attach to Pleading/Doc       Event ID: 000035 | | | E-Filed: J | |
| | PTF/      MONTALBANO, ALYSSA-CHRYSTIE | | | | |

Exhibit M - Attach to Pleading/Doc

| | Related Event   OBJ  Objection | | | 8/30/2018 | |
| 9/06/2018 | Objection                            Event ID: 000045 | | | E-Filed: J | |
| | PTF/      MONTALBANO, ALYSSA-CHRYSTIE | | | | |

Objection to Notice of Removal

| | Related Event   NOTC Notice Filed | | | 8/28/2018 | |

End of Case: 2018 CV 000050

Transaction:
9/13/2018 11:12 AM JDL    TL213921
District Court, Mesa County
125 N Spruce St.
Grand Junction, CO  81502-5030
970-257-3640

Payor:
Case #: 2018CV-000050
MONTALBANO, ALYSSA-CHRYSTIE
vs.
GOODE, JAMES COREY
RCP #: 2018CV-000050-0004

======================================

| Description | Amount |
| --- | --- |
| Search of Records (On Sit | 5.00 |
| Copy Work | 1.00 |
| Postage - Cost Recovery | .75 |

======================================

Receipt Total............: $6.75
Amount Tendered..........: $6.75
Change Due...............: $.00
Payment Type.............: CRCD
Account Receivable Due...: $.00

======================================

---

CUSTOMER COPY

SALE AMOUNT         $6.75

Card Code:        X
Tax Amount:       $0.00
Mode:             Online
Entry Method:     Manual
Approval Code:    121716
INVOICE           2
Batch #:          599
SEQ #:            2
Card #            XXXXXXXXXXXX2709
MC SALE
CREDIT CARD
09/13/2018        11:11:54
MESA COUNTY DIST COURT
125 NORTH SPRUCE STREET
GRAND JUNCTIO, CO 81501

AO 121 (6/90), JD2, MAGR, MJ-ADV, PRISFAPDJ, TERMED

## U.S. District Court - District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: 1:18-cv-02060-RM-GPG

Montalbano v. Goode
Assigned to: Judge Raymond P. Moore
Referred to: Magistrate Judge Gordon P. Gallagher
Case in other court: Mesa County Court, 18-cv-50
Cause: 17:101 Copyright Infringement

Date Filed: 08/13/2018
Date Terminated: 12/03/2018
Jury Demand: Defendant
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

### Plaintiff

**Alyssa-Christie Montalbano**
*[pro se e-filer, effective 10/19/2018]*

represented by **Alyssa-Christie Montalbano**
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
970-250-8365
Email: AriStoneArt@Ymail.com
PRO SE

V.

### Defendant

**James Corey Goode**

represented by **Valerie Yanaros Wilde**
Yanaros Law, P.C.
5057 Keller Springs
Suite 300
Addison, TX 76001
512-826-7553
Email: valerie@yanaroslaw.com
*ATTORNEY TO BE NOTICED*

### Counter Claimant

**James Corey Goode**

represented by **Valerie Yanaros Wilde**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

### Counter Defendant

**Alyssa-Christie Montalbano**
*[pro se e-filer, effective 10/19/2018]*

represented by **Alyssa-Christie Montalbano**
(See above for address)
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2018 | 1 | NOTICE OF REMOVAL by James Corey Goode from Mesa County, Case Number 18CV50. (Filing fee $ 400, Receipt Number 1082-6245008), filed by James Corey Goode. (Attachments: # 1 Exhibit Exhibit A-State Court Complaint, # 2 Exhibit Exhibit B-Defendant's Motion to Dismiss, # 3 Exhibit Exhibit C-Plaintiff's Response to Motion to Dismiss, # 4 Exhibit Exhibit D-Defendant's Reply to Response to Motion to Dismiss)(Wilde, Valerie) (Entered: 08/13/2018) |
| 08/13/2018 | 2 | Notice of Default in Dishonor against James Corey Goode, filed by Alyssa-Christie Montalbano. |

| 08/13/2018 | 3 | Report re Copyright: Report on the filing of an action emailed separately to the Director of the Copyright Office. (cmadr, ) (Entered: 08/14/2018) |
|---|---|---|
| 08/13/2018 | 4 | FIRST AND FINAL NOTICE TO ALL ATTORNEY(S) AND UNREPRESENTED PARTIES IN REMOVED, TRANSFERRED, OR OTHER CASES. To receive any further notice in a case removed or transferred to this court, or special matters including discovery disputes, bankruptcy appeals, or withdrawls of reference, Multi-district litigation (MDL), etc., all attorneys and unrepresented parties must enter an appearance under D.C.COLO.LAttyR 5(a). An attorney must be an active member of this court's bar and be in good standing in accordance with D.C.COLO.LAttyR 3. A waiver of the fee for bar admission may apply in limited situations. (cmadr, ) (Entered: 08/14/2018) |
| 08/13/2018 | 5 | Case assigned to Judge Wiley Y. Daniel and drawn to Magistrate Judge Scott T. Varholak. Text Only Entry. (cmadr, ) (Entered: 08/14/2018) |
| 08/13/2018 | 6 | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). (cmadr, ) (Entered: 08/14/2018) |
| 08/13/2018 | 26 | COMPLAINT filed from State Court against James Corey Goode filed by Alyssa-Christie Montalbano.(cthom, ) (Entered: 09/04/2018) |
| 08/15/2018 | 7 | MEMORANDUM RETURNING CASE by Judge Wiley Y. Daniel. (rkeec) (Entered: 08/15/2018) |
| 08/15/2018 | 8 | CASE REASSIGNED pursuant to 7 Memorandum Returning Case. This case is randomly reassigned to Magistrate Judge Scott T. Varholak. All future pleadings should be designated as 18-cv-02060-STV. (Text Only Entry) (rkeec) (Entered: 08/15/2018) |
| 08/15/2018 | 9 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (rkeec) (Entered: 08/15/2018) |
| 08/15/2018 | 10 | CERTIFICATE of Service by Mail by Clerk of Court re 7 Memorandum Returning Case, 8 Case Reassigned, 9 Magistrate Judge sent to Alyssa-Christie Montalbano; 2536 Rimrock Avenue, Suite 400-117; Grand Junction, CO 81505. Text Only Entry. (rkeec) (Entered: 08/15/2018) |
| 08/15/2018 | 11 | ORDER Setting Scheduling Conference for 9/19/2018 10:00 AM in Courtroom A 402 before Magistrate Judge Scott T. Varholak. Consent Form due by 9/5/2018, by Magistrate Judge Scott T. Varholak on 8/15/2018. (jgonz, ) (Entered: 08/16/2018) |
| 08/17/2018 | 12 | SUPPLEMENT/AMENDMENT to 1 Notice of Removal, by Defendant James Corey Goode. (Attachments: # 1 Exhibit Amended Exhibit A to Dkt. 1, # 2 Exhibit Supplemental Exhibit E to Dkt. 1)(Wilde, Valerie) (Entered: 08/17/2018) |
| 08/20/2018 | 13 | ANSWER to Complaint, COUNTERCLAIM against Alyssa-Christie Montalbano by James Corey Goode.(Wilde, Valerie) (Entered: 08/20/2018) |
| 08/27/2018 | 14 | NOTICE *Register of Actions* by Defendant James Corey Goode (Wilde, Valerie) (Entered: 08/27/2018) |
| 08/27/2018 | 15 | MOTION to Dismiss for Failure to State a Claim by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 08/27/2018) |
| 08/27/2018 | 16 | RESPONSE to 15 MOTION to Dismiss for Failure to State a Claim *by Plaintiff Montalbano* filed by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 08/27/2018) |
| 08/27/2018 | 17 | REPLY to Response to 15 MOTION to Dismiss for Failure to State a Claim *by Defendant Mr. Goode* filed by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 08/27/2018) |
| 08/27/2018 | 18 | AFFIDAVIT *by Plaintiff Montalbano in Support of Service by Publication* by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 08/27/2018) |
| 08/27/2018 | 22 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 18 Affidavit, 16 Response to Motion filed by attorney Valerie Wilde. The document was scanned and not converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take -** future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Civil cases). (Text Only Entry) (cthom, ) (Entered: 09/04/2018) |

| 08/31/2018 | | ...rules of jurisdiction of the Magistrate Judge. (Alyssa-Christie Montalbano.) If parties do not consent. (Attachments: # 1 Envelope)(jgonz, ) (Entered: 09/04/2018) |
|---|---|---|
| 08/31/2018 | 20 | MOTION for Remand by Plaintiff Alyssa-Christie Montalbano. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Envelope)(jgonz, ) (Entered: 09/04/2018) |
| 09/04/2018 | 21 | CASE REASSIGNED pursuant to 19 Consent/Non-Consent to Jurisdiction of Magistrate Judge. All parties do not consent. This case is randomly reassigned to Judge Raymond P. Moore. All future pleadings should be designated as 18-cv-02060-RM. (Text Only Entry) (jgonz, ) (Entered: 09/04/2018) |
| 09/04/2018 | 23 | ORDER REFERRING CASE to Magistrate Judge Scott T. Varholak. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non-dispositive motions, (4) conduct a pretrial conference and enter a pretrial order, and (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. Entered by Judge Raymond P. Moore on 9/4/2018. (Text Only Entry) (rmsec ) (Entered: 09/04/2018) |
| 09/04/2018 | 24 | MINUTE ORDER: With the assignment of this matter, the parties are advised that throughout this case they are expected to be familiar and comply with not only the Local Rules of this District, but also Judge Raymond P. Moore's Civil Practice Standards, which may be found at: http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonRaymondPMoore.aspx. SO ORDERED by Judge Raymond P. Moore on 9/4/2018. (Text Only Entry) (rmsec) (Entered: 09/04/2018) |
| 09/04/2018 | 25 | MEMORANDUM regarding 15 MOTION to Dismiss for Failure to State a Claim filed by James Corey Goode, 20 MOTION to Remand filed by Alyssa-Christie Montalbano. Motions referred to Magistrate Judge Scott T. Varholak. Entered by Judge Raymond P. Moore on 9/4/2018. (Text Only Entry) (rmsec) (Entered: 09/04/2018) |
| 09/05/2018 | 27 | ORDER REASSIGNING MAGISTRATE JUDGE The case is REASSIGNED to Magistrate Judge Gordon P. Gallagher and all future filings in this case shall reflect the case number of 18-cv-02060-RM-GPG. ORDERED by Judge Raymond P. Moore on 9/5/2018. (cthom, ) (Entered: 09/05/2018) |
| 09/05/2018 | 28 | OBJECTIONS to 1 Notice of Removal, by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/05/2018) |
| 09/05/2018 | 29 | NOTICE re 19 Consent to Jurisdiction of Magistrate Judge by Counter Claimant James Corey Goode (Wilde, Valerie) (Entered: 09/05/2018) |
| 09/06/2018 | 30 | MINUTE ORDER: This matter comes before the Court sua sponte. The reference in ECF No. 25 of the motion to remand (ECF No. 20) is withdrawn. On or before September 10, 2018, defendant is ORDERED to respond to the motion to remand. In doing so, among other things, defendant is instructed to state the specific date he received a copy of plaintiff's complaint as alleged in paragraph 3 of the notice of removal. (See ECF No. 1 at 2.) In addition, on or before September 7, 2018, defendant is ORDERED to file a copy of the motion to dismiss that was actually filed in State court. In other words, unlike the current version, the motion to dismiss should contain the stamp of the State court indicating when it was filed (i.e., like the document at ECF No. 1-3; none of the other exhibits attached to the notice of removal contain a stamp). At the same time, defendant shall also file a copy of the entire State court docket sheet as required by this District's Local Rule 81.1(b). To be clear, whatever it is that defendant's counsel concocted and filed at ECF No. 14 is NOT the register of actions for the state court case. SO ORDERED by Judge Raymond P. Moore on 9/6/2018. (Text Only Entry) (rmsec) (Entered: 09/06/2018) |

| | | |
|---|---|---|
| 09/07/20... | | ...re-setting Scheduling Conference... filed 09/24/20 at U.S.DC, Colorado, Magistrate Judge Vaholak. Magistrate Judge may re-set this conference at an appropriate time. By Magistrate Judge Gordon P. Gallagher on September 7, 2018. Text Only Entry (gpgsec) (Entered: 09/07/2018) |
| 09/07/2018 | [32](#) | SUPPLEMENT/AMENDMENT *and Motion in Fulfillment of Court Order (Docket 30)* by Defendant James Corey Goode. (Attachments: # [1](#) Exhibit A--Goode MTD As Filed, # [2](#) Exhibit B--Order Service By Publication, # [3](#) Exhibit C--Record Search 08302018)(Wilde, Valerie) (Entered: 09/07/2018) |
| 09/07/2018 | [33](#) | First MOTION for Extension of Time to *File Case Register of State Court Action* by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 09/07/2018) |
| 09/10/2018 | [34](#) | RESPONSE to [20](#) MOTION to Remand filed by Defendant James Corey Goode. (Attachments: # [1](#) Declaration Goode, # [2](#) Declaration Wilde, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit, # [6](#) Exhibit 1, # [7](#) Exhibit 2)(Wilde, Valerie) (Entered: 09/10/2018) |
| 09/11/2018 | 35 | ORDER: Scheduling Conference set for 10/30/2018 10:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. A Scheduling Conference is set in GRAND JUNCTION, Colorado at the Wayne Aspinall Federal Building - United States Courthouse, 400 Rood Avenue, Grand Junction, CO 81501 before U.S. Magistrate Judge Gordon P. Gallagher. The parties shall comply with the Instructions to Scheduling Order for U.S. Magistrate Judge Gordon P. Gallagher which can be found at www.cod.uscourts.gov. Parties concerned regarding travel time and expense to Grand Junction for appearances before the Magistrate Judge are referred to this Magistrate Judge's policy in that regard which can be found at the above website. By Magistrate Judge Gordon P. Gallagher on September 11, 2018. Text Only Entry (gpgsec) (Entered: 09/11/2018) |
| 09/17/2018 | [36](#) | AMENDMENT to Objection to Notice of Removal by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [37](#) | AMENDMENT "Two-To Incorrectly Filed Objection to First Motion for Extension of Time to File Court Register of the State Court Action No. 18cv-50" by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [38](#) | OBJECTIONS to "Amendments to Document Filed from the State Court Action Pursuant to D.C.Colo.L.Civ.R 81.1" by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [39](#) | AMENDMENTS to "Incorrectly Filed Objection to First Motion for Extension of Time to File Court Register of the State Court Action No. 18cv-50" by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [40](#) | MOTION to "Reduce Sanctions Safe Harbor Time to 7 Days or Less" by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [41](#) | NOTICE of E-Service to Defendant Counsel by Plaintiff Alyssa-Christie Montalbano (cthom, ) (Entered: 09/17/2018) |
| 09/17/2018 | [42](#) | Second MOTION for Extension of Time to *File Case Register of State Court Action* by Defendant James Corey Goode. (Attachments: # [1](#) Wilde Declaration)(Wilde, Valerie) (Entered: 09/17/2018) |
| 09/18/2018 | 43 | ORDER denying [40](#) Motion for Order. SO ORDERED by Judge Raymond P. Moore on 9/18/2018. (Text Only Entry ) (rmsec ) (Entered: 09/18/2018) |
| 09/18/2018 | 44 | ORDER: This matter comes before the Court with the filing of defendant's first and second motions for extension of time to file the state register of actions (ECF Nos. 33, 42). The first motion for extension of time (ECF No. 33) is DENIED AS MOOT. As for the second motion for extension the time (ECF No. 42), although the Court doubts that it would ordinarily grant the motion in light of the inadequate reason given for needing more time, on this occasion, the Court will GRANT the second motion (ECF No. 42) to the extent that defendant may have until September 24, 2018 to file the state register of actions. NO FURTHER EXTENSION WILL BE ALLOWED UNDER ANY CIRCUMSTANCES. Simply put, defendant removed this case over a month ago, and, yet, still no register of actions has been filed. Thus, defendant's excuse that he has not received the register of actions from the state court is irrelevant given that the state court did not receive defendant's request for the same until September 11, 2018. This is especially so given that the pro se plaintiff has filed the |

| | | defendant's counsel's conferral with plaintiff was inadequate. Simply sending an email is not conferral. (*See* ECF No. 42 at 3 n.1.) SO ORDERED by Judge Raymond P. Moore on 9/18/2018. (Text Only Entry ) (rmsec ) (Entered: 09/18/2018) |
|---|---|---|
| 09/20/2018 | 45 | SUPPLEMENT/AMENDMENT to 14 Notice (Other) *and Certificate of Conference* by Defendant James Corey Goode. (Attachments: # 1 Exhibit A-Register of Actions, # 2 Exhibit B-Email Plaintiff 091920, # 3 Wilde Dec in Support Certificate of Conference)(Wilde, Valerie) (Entered: 09/20/2018) |
| 09/21/2018 | 46 | ANSWER/REPLY to 13 Answer to Complaint, Counterclaim by Alyssa-Christie Montalbano. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(cthom, ) (Entered: 09/21/2018) |
| 09/27/2018 | 47 | ORDER to Respond as to Plaintiff Alyssa Christie Montalbano. The Court ORDERS plaintiff to respond to this Order and clarify whether she still consents to the removal of this case from State court. Plaintiff shall respond to this Order on or before October 4, 2018. ORDERED by Judge Raymond P. Moore on 9/27/2018. (cthom, ) (Entered: 09/27/2018) |
| 10/01/2018 | 48 | ORDER Directing Plaintiff to the Pro Se Clinic. ORDERED by Judge Raymond P. Moore on 10/1/2018. (cthom, ) (Entered: 10/01/2018) |
| 10/03/2018 | 49 | REPLY to 47 Order to Respond by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 10/03/2018) |
| 10/10/2018 | 50 | REPLY to 48 Order by Counter Defendant Alyssa-Christie Montalbano, Plaintiff Alyssa-Christie Montalbano. (Attachments: # 1 Exhibit)(cthom, ) (Entered: 10/11/2018) |
| 10/10/2018 | 51 | AMENDMENT to 49 Reply by Counter Defendant Alyssa-Christie Montalbano, Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 10/11/2018) |
| 10/12/2018 | 52 | ORDER: In response to the Court's order (ECF No. 47), Plaintiff Alyssa Christie Montalbano has filed an "Amendment to Reply to Order" (ECF No. 51), indicating that she consents to removal of this case. Therefore, the pending motion for remand (ECF No. 20) is DENIED as MOOT. SO ORDERED by Judge Raymond P. Moore on 10/12/2018. (Text Only Entry ) (rmsec ) (Entered: 10/12/2018) |
| 10/17/2018 | 53 | Unopposed MOTION for Extension of Time by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 10/17/2018) |
| 10/17/2018 | 54 | MEMORANDUM regarding 53 MOTION for Extension of Time to filed by Alyssa-Christie Montalbano. Motion referred to Magistrate Judge Gordon P. Gallagher. Entered by Judge Raymond P. Moore on 10/17/2018. (Text Only Entry) (rmsec ) (Entered: 10/17/2018) |
| 10/18/2018 | 55 | ORDER granting in part and denying in part 53 Motion for Extension of Time to File: The motion is granted in that the Court hereby vacates the scheduling conference. The motion is denied in that the Court denies the motion to reschedule the scheduling conference. Rather, the Court sua sponte stays all discovery and the scheduling order process at this time and vacates any current requirement that the parties confer regarding or complete the scheduling order. To be clear, as at least one party in this matter proceeds pro se, DO NOT complete the scheduling order or meet to do so and the Court is NOT re-setting the scheduling conference at this time. The Court will let you know later if you need to do so. Keeping in mind the factors set forth in String Cheese Incident, LLC. v. Stylus Shows, Inc., 02CV01934LTBPAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006), the Court finds that it is in the interest of justice to stay this matter until the resolution of the pending motion to dismiss (ECF #15). If appropriate, the Court will further address the stay at the conclusion of litigation regarding the motion to dismiss. by Magistrate Judge Gordon P. Gallagher on 10/18/2018. Text Only Entry (GPG) (Entered: 10/18/2018) |
| 10/19/2018 | 57 | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE by Magistrate Judge Gordon P. Gallagher on 10/19/2018 re 15 MOTION to Dismiss for Failure to State a Claim filed by James Corey Goode. (tsher, ) (Entered: 10/22/2018) |
| 10/21/2018 | 56 | REPLY to 55 Order on Motion for Extension of Time to File,,,, by Plaintiff Alyssa-Christie Montalbano. (Montalbano, Alyssa-Christie) (Entered: 10/21/2018) |
| 10/22/2018 | 58 | First MOTION to Amend/Correct/Modify 26 Complaint *to File Complaint as Complaint* by Plaintiff Alyssa-Christie Montalbano. (Attachments: # 1 Exhibit General Complaint Form, # 2 Exhibit Public |

| | | Record Redo, #1 Exhibit Complaint 2017 Filed 10/11/20 Complaint 1 (Montalbano, Alyssa-Christie) (Entered: 10/22/2018) |
|---|---|---|
| 10/22/2018 | [59](#) | REPLY to 55 Order by Plaintiff Alyssa-Christie Montalbano. (cthom, ) (Entered: 10/23/2018) |
| 10/23/2018 | 60 | MINUTE ORDER: Upon review of the Opposed Motion to File Complaint as the Complaint [58](#) , the Court finds Plaintiff fails to comply with D.C.COLO.LCivR 15.1(b). Specifically, Local Rule 15.1(b) requires a party who files an opposed motion for leave to amend to "attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added." Accordingly, on or before Monday, October 29, 2018, Plaintiff shall file a copy of the proposed Amended Complaint in compliance with Local Rule 15.1(b). SO ORDERED by Judge Raymond P. Moore on 10/23/2018. (Text Only Entry) (rmsec ) (Entered: 10/23/2018) |
| 10/23/2018 | [61](#) | NOTICE re [59](#) Reply *to Order 55 to Disregard* by Plaintiff Alyssa-Christie Montalbano (Montalbano, Alyssa-Christie) (Entered: 10/23/2018) |
| 10/26/2018 | [62](#) | First MOTION to Amend/Correct/Modify [20](#) MOTION to Remand by Plaintiff Alyssa-Christie Montalbano. (Attachments: # [1](#) Exhibit Amended Motion for Remand)(Montalbano, Alyssa-Christie) (Entered: 10/26/2018) |
| 10/28/2018 | [63](#) | OBJECTION to [57](#) Report and Recommendations *to Dismiss* filed by Plaintiff Alyssa-Christie Montalbano. (Attachments: # [1](#) Exhibit Sample State Court Complaint)(Montalbano, Alyssa-Christie) (Entered: 10/28/2018) |
| 10/29/2018 | 64 | MEMORANDUM regarding [62](#) First MOTION to Amend/Correct/Modify [20](#) MOTION to Remand filed by Alyssa-Christie Montalbano. Motion referred to Magistrate Judge Gordon P. Gallagher. Entered by Judge Raymond P. Moore on 10/29/2018. (Text Only Entry) (rmsec ) (Entered: 10/29/2018) |
| 11/06/2018 | [65](#) | MOTION to Dismiss *Due to Same Action Pending in Another Court* by Plaintiff Alyssa-Christie Montalbano. (Montalbano, Alyssa-Christie) (Entered: 11/06/2018) |
| 11/07/2018 | 66 | MEMORANDUM regarding [65](#) MOTION to Dismiss *Due to Same Action Pending in Another Court* filed by Alyssa-Christie Montalbano. Motion referred to Magistrate Judge Gordon P. Gallagher. Entered by Judge Raymond P. Moore on 11/7/2018. (Text Only Entry) (rmsec ) (Entered: 11/07/2018) |
| 11/12/2018 | [67](#) | OBJECTIONS to [63](#) Objection to Report and Recommendations by Defendant James Corey Goode. (Wilde, Valerie) (Entered: 11/12/2018) |
| 11/12/2018 | 68 | **STRICKEN**-RESPONSE to [62](#) First MOTION to Amend/Correct/Modify [20](#) MOTION to Remand filed by Defendant James Corey Goode. (Wilde, Valerie) Modified on 11/16/2018 to strike pursuant to 72 Order. (nmarb, ). (Entered: 11/12/2018) |
| 11/13/2018 | [69](#) | NOTICE *of Same Action Pending in Another Court* by Plaintiff Alyssa-Christie Montalbano (Montalbano, Alyssa-Christie) (Entered: 11/13/2018) |
| 11/14/2018 | [70](#) | Unopposed MOTION to Strike *Document Filed in Error* by Defendant James Corey Goode. (Attachments: # [1](#) Proposed Order (PDF Only))(Wilde, Valerie) (Entered: 11/14/2018) |
| 11/14/2018 | 71 | MEMORANDUM regarding [70](#) Unopposed MOTION to Strike *Document Filed in Error* filed by James Corey Goode. Motion referred to Magistrate Judge Gordon P. Gallagher. Entered by Judge Raymond P. Moore on 11/14/2018. (Text Only Entry) (rmsec ) (Entered: 11/14/2018) |
| 11/15/2018 | 72 | ORDER granting [70](#) Motion to Strike - ECF #68 is stricken. So Ordered. by Magistrate Judge Gordon P. Gallagher on 11/15/2018. Text Only Entry (GPG) (Entered: 11/15/2018) |
| 11/15/2018 | [73](#) | Second MOTION to Amend/Correct/Modify [26](#) Complaint *by Filing State Court Simplified Civil Procedure Complaint as Complaint* by Plaintiff Alyssa-Christie Montalbano. (Attachments: # [1](#) Exhibit Amended Complaint Under Simplified Civil Procedure, # [2](#) Exhibit Pre-Litigation Complaint, # [3](#) Exhibit State Court Filed Motion Complaint Exhibit)(Montalbano, Alyssa-Christie) (Entered: 11/15/2018) |
| 11/15/2018 | [74](#) | MOTION to Strike [58](#) First MOTION to Amend/Correct/Modify [26](#) Complaint *to File Complaint as* |

| | | |
|---|---|---|
| | | Montalbano (Montalbano, Alyssa-Christie) (Entered: 11/15/2018) |
| 11/16/2018 | | Motion(s) No Longer Referred: 62 First MOTION to Amend/Correct/Modify 20 MOTION to Remand by Judge Raymond P. Moore on 11/16/2018. (cthom, ) (Entered: 11/16/2018) |
| 11/16/2018 | 75 | ORDER TO SHOW CAUSE: Defendant is ORDERED to SHOW CAUSE by November 30, 2018 why this matter should not be remanded to the Mesa County District Court of the State of Colorado, where it originated, for lack of subject-matter jurisdiction. ORDERED by Judge Raymond P. Moore on 11/16/2018. (cthom, ) (Entered: 11/16/2018) |
| 11/27/2018 | 76 | RESPONSE to 65 MOTION to Dismiss *Due to Same Action Pending in Another Court* filed by Counter Claimant James Corey Goode. (Wilde, Valerie) (Entered: 11/27/2018) |
| 11/28/2018 | 77 | REPLY to Response to 65 MOTION to Dismiss *Due to Same Action Pending in Another Court* filed by Plaintiff Alyssa-Christie Montalbano. (Montalbano, Alyssa-Christie) (Entered: 11/28/2018) |
| 11/30/2018 | 78 | RESPONSE TO ORDER TO SHOW CAUSE re 75 by Defendant James Corey Goode. (Attachments: # 1 Proposed Order (PDF Only))(Wilde, Valerie) (Entered: 11/30/2018) |
| 12/03/2018 | 79 | ORDER granting 62 Plaintiff's "Opposed Motion for Leave of the Court to Amend the Motion for Remand at Document 20," and this case is remanded to the Mesa County District Court of the State of Colorado. Entered by Judge Raymond P. Moore on 12/3/2018. (cpear) (Entered: 12/03/2018) |
| 12/03/2018 | 80 | CERTIFICATE of Service by email by Clerk of Court to Mesa.court@judicial.state.co.us. (cpear) (Entered: 12/03/2018) |
| 12/03/2018 | | ***Set Deadline: Pro Se Survey to be mailed by 1/8/2019. (cpear) (Entered: 12/04/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/07/2020 10:58:25 | | | |
| **PACER Login:** | yanaroslaw:5008093:0 | **Client Code:** | ges |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-02060-RM-GPG |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |