IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

Defendants.

---

**BENJAMIN ZAVODNICK'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(2)**

---

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LASZLOLAW, and for his Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2)(this "Motion"), and states as follows:

### CERTIFICATE OF CONFERAL

Undersigned counsel certifies, pursuant to Judge Domenico's Practice Standard III. D., that he conferred with counsel for Plaintiffs via telephone and email regarding the substance of this Motion. Counsel for Plaintiffs disagrees with Mr. Zavodnick's position and opposes this Motion.

1

I. INTRODUCTION

This court lacks personal jurisdiction over Mr. Zavodnick and as a result each of the claims against Mr. Zavodnick must be dismissed.  As detailed below, Mr. Zavodnick is a New Jersey resident and a New Jersey licensed attorney who does not have, nor has he ever had contacts with the state of Colorado for business or other activities.  Accordingly, Plaintiffs cannot establish either "general" or "specific" personal jurisdiction over Mr. Zavodnick in this case, and all claims relating to Mr. Zavodnick must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2). Furthermore, in the event Plaintiffs argue they can establish "nationwide jurisdiction" over Mr. Zavodnick pursuant to Plaintiffs' RICO claim, that argument fails because Plaintiffs' RICO claim fails as a matter of law under Fed.R.Civ. 12(b)(6) and cannot therefore be the basis for personal jurisdiction over Mr. Zavodnick.

II. FED. R. CIV. P. 12(b)(2) STANDARDS

Fed.R.Civ.P. 12(b)(2) provides for the dismissal of an action due to lack of personal jurisdiction.  The Court must dismiss the lawsuit if it finds that, as a matter of law, it lacks personal jurisdiction over the Defendant.  *Id*.  A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F. 3d 1244, 1247 (10th Cir. 2000).  The Court may consider matters outside the Complaint because, "[u]nlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss under Rule 12(b)(2) is a test of the plaintiff's actual proof…." *Shaw v. American Cyanamide Co.,* 534 F. Supp. 527, 528 (D. Conn. 1982).   Here, Plaintiffs make a generic and conclusory allegation in their Amended Complaint with respect to the basis for personal jurisdiction over Mr. Zavodnick in this case.  *See*, Amended Complaint, ¶ 15.  This general allegation is not enough to support a finding of personal jurisdiction over Mr. Zavodnick.

Personal jurisdiction over an out-of-state defendant must be consistent with Colorado's so-called "long-arm statute" (C.R.S. § 13-1-124) and must not violate the due process clause of the Fourteenth Amendment. *Ensign v. B&H Rig and Tong Sales*, 2013 WL 3233614, *2 (D. Colo. June 26, 2013) (citing *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074-75 (10th Cir. 2004)). Indeed, Plaintiffs do not even allege that this Court has personal jurisdiction pursuant to Colorado's long-arm statute. Because Colorado's long arm statute "….has been construed to extend jurisdiction to the full extent of the Constitution…," the inquiry here is whether the Fourteenth Amendment precludes this Court from exercising jurisdiction over Mr. Zavodnick in this case given the absence of any Colorado connection to the allegations set forth in the Complaint. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751, (2014). In order to satisfy due process for personal jurisdictional purposes, a defendant must have "….sufficient 'minimum contacts' with the forum state to suffice such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *Norsyn, Inc. v. Bank of India,* 2007 WL 840497, *2 (D. Colo. Mar. 19, 2007)(quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

> Therefore, the analysis of personal jurisdiction boils down to a two-step analysis:
>
> At the first step, we examine "whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there"…..If the defendant has sufficient contacts, we then proceed to the second step. At this step, "we ask whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" that is, whether the exercise of jurisdiction is 'reasonable' under the circumstances.

*Melea, Ltd v. Jawer Sa,* 511 F.3d 1060, 1065-66 (10th Cir. 2007)(citations omitted).

The test for sufficient "minimum contacts" evaluates: "….whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted

3

arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair." *Norsyn*, 2007 WL 840497, *2 (emphasis added)(citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, (1985).

Minimum contacts can be broken down into either "general" or "specific" personal jurisdiction.  "General jurisdiction" is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state, and "specific jurisdiction" requires 1) the out-of-state defendant to have 'purposefully directed' his activities at residents of the forum state, and 2) that the plaintiff's injuries must 'arise out of' the defendant's forum-related activities.  *Dietz v. Dietz*, 2012 WL 1931549 (D. Colo. May 29, 2012).

"The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotations omitted.)  "First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id*.  "Second, our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Id*, *citing¸ International Shoe*, at 319, 66 S.Ct. 154.  "A defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."  *Walden*, 571 U.S. at 286.  "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*, at 285.

Finally, if the requisite minimum contacts with the forum state are established, the Court must then determine whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice." *Melea, Ltd.,* at 1065-66.  This inquiry "...requires a determination

4

of whether the Court's exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)). In this regard, consideration is generally given to:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Medved*, 2013 WL 4873054 at *6 (citing *OMI Holdings v. Royal Ins. of Can.*, 149 F.3d 1086, 1095 (10th Cir. 1998)).

### III.  ARGUMENT

#### A. Plaintiffs Cannot Establish "General" Jurisdiction.

Plaintiffs cannot establish general jurisdiction over Mr. Zavodnick.. Mr. Zavodnick is a resident of New Jersey and a New Jersey licensed attorney. Exhibit A, *Affidavit of Benjamin Zavodnick*, ¶ 1. Mr. Zavodnick does not conduct any business in Colorado and does not practice law in Colorado. *Id.*, ¶ 2, ¶ 4. Furthermore, the allegations in Plaintiffs' Amended Complaint appear to refer to a video of Mr. Zavodnick performing a public skit posted on YouTube, a passive video sharing platform. *Id.,* at ¶ 11; Amended Complaint, ¶ 124. However, the allegations and accompanying screen shot contained in ¶ 124 do not allege enough detail to infer or conclude that Mr. Zavodnick was in Colorado, or purposely availed himself of the laws of Colorado. Mr. Zavodnick's mere use of YouTube as a video sharing platform is in no way a continuous, systematic, or direct contact with the State of Colorado *or* with Plaintiffs in Colorado. *See, Galena v. Biopharma v. Ioannides,* 2014 WL 792170 at *3 (D. Oregon, Feb. 25, 2014)(citing *Calder,* 465 U.S. 783) (court lacked personal jurisdiction over out of state defendant

who made online comments *about* the plaintiff located in Oregon but that were not *directed* at Oregon (the forum state).

Because Mr. Zavodnick does not have "continuous and systematic" contact with Colorado, "general" jurisdiction principles cannot be invoked. *Dietz*, 2012 WL 1931549 *2; *Shrader v. Beann*, 503 Fed.Appx. 650, 653–54 (10th Cir.2012) (unpublished) (reaffirming holding that district court could not assert general jurisdiction over a website that had no intrinsic connection to the forum state and that did not conduct business with forum residents in such a sustained manner that it was tantamount to physical presence in the forum); *see also*, *Werner v. Dowlatsingh*, No. 18-56349, 2020 WL 3397745, at *2 (9th Cir. June 19, 2020) ("[u]ploading a video to YouTube from Canada is no more an act expressly aimed at the United States as a whole than it is at California specifically, and [defendant]'s additional contacts with the United States, such as attending conventions outside of California, are not "suit related conduct" that could support an exercise of specific personal jurisdiction.) *Walden*, 571 U.S. at 284, 134 S.Ct. 1115.

### B. Plaintiffs Cannot Establish "Specific" Jurisdiction.

Plaintiffs cannot establish specific jurisdiction in this case because Mr. Zavodnick never purposefully directed any communication to Plaintiffs in Colorado. Mr. Zavodnick has never met Plaintiffs, or had any direct contact with Plaintiffs (Exhibit A, ¶¶ 6-10); has never had direct contact with Plaintiffs in the state of Colorado, or in any state; (*Id*. ¶¶ 6-7); has never sent an email to Plaintiffs, or any private message on any social media platform (*Id.* at ¶ 9); has never attempted to call Plaintiffs at their places of business, or place of residence (*Id.* at ¶ 10); has never attempted to initiate any type of direct contact with Plaintiffs at any location; (*Id.* at ¶ 11); and none of the content of the YouTube video at issue is directed at or references Colorado. *Id*, at

¶ 14.   Therefore, there is simply no basis to find that Mr. Zavodnick "purposefully" directed any communication or contact within the state of Colorado.

Plaintiffs allege "Weidner at one point brings Zavodnick on his "show" for what amounts to an a[sic] all-star "Corey Goode-Bashing" where all involved engage in making harassing and defamatory statements about Goode" and reference a link to a YouTube video.  Amended Complaint, ¶ 125.  The link included in the Amended Complaint directs this Court to a video posted by Plaintiff Corey Goode – *not* Mr. Zavodnick.  Further, Plaintiffs' allegation itself makes clear that Mr. Zavodnick was a guest on Mr. Weidner's "show" – not that Mr. Zavodnick himself produced or posted the offending content.  Plaintiffs' allegations fall far short of establishing any contact - let alone "continuous and systematic" contact - with Colorado.

**C.  Exercising Jurisdiction in this Case would be Unreasonable.**

Even if this Court were to find that Mr. Zavodnick purposefully directed communication into the state of Colorado, the Court must then determine whether exercising jurisdiction is consistent with "traditional notions of fair play and substantial justice." *Melea, Ltd.,* at 1065-66. The *Medved* factors weigh strongly against a finding that exercising jurisdiction over Mr. Zavodnick would be reasonable under the circumstances. *Medved*, 2013 WL 4873054 at *6.

First, the burden placed upon Mr. Zavodnick in having to defend against a claim in Colorado is significant. Because Mr. Zavodnick does not reside in Colorado, he has been forced to seek out and retain counsel in Colorado. Exhibit A, ¶ 3.  Further, as Mr. Zavodnick resides in New Jersey, it would be burdensome to force him to travel to Colorado to defend these claims when he has never had direct contact or direct communications with Plaintiffs in the state of Colorado.  Exhibit A, ¶¶ 5-6.  Even if the relative inconvenience of the parties is equal, "…the law of personal jurisdiction, however, is asymmetrical.  The primary concern is for the burden on defendant." *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1272 (9th Cir.

1981) (citing *World-Wide Volkswagen*, 444 U.S. at 292).

Second, Colorado's interest in resolving this dispute is minimal. Again, Mr. Zavodnick has never directed any action or communication into the state of Colorado. Colorado has little interest, if any at all, in regulating statements made in a YouTube video with no relation to Colorado. Because Plaintiffs have alleged violations of federal law, subject matter jurisdiction can be invoked in any federal or state court in the country. *See* Doc. No. 36 ¶¶ 12-13. Thus, there is no significant reason for the case against Mr. Zavodnick to be tried in this Court rather than a more appropriate forum, such as in New Jersey where he resides.

Third, with respect to Plaintiffs' interest in receiving convenient and effective relief, because Plaintiffs have alleged federal statutory violations, there is nothing prohibiting Plaintiffs from bringing their claims in a different court where personal jurisdiction over Mr. Zavodnick would be appropriate. Further, Plaintiffs' counsel in this matter is a Texas-licensed attorney with no apparent connection to Colorado – thus Plaintiffs' choice of counsel does not weigh in favor of convenience.

Fourth, the Court must consider "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Medved,* 2013 WL 4873054 at *6. The focus for this area of inquiry is the location of witnesses, where the alleged wrong occurred, what state's substantive law governs, and whether exercising jurisdiction prevents piecemeal litigation. *OMI Holdings,* 149 F. 3d at 1097. It is likely that Mr. Zavodnick will have more than one witness to present in the defense of this case and would have to bring those witnesses to Colorado to defend this case if it goes to trial. This would result in a considerable expense for Mr. Zavodnick. With respect to the governing substantive law, again, Plaintiffs have asserted federal statutory claims (and apparently federal common law claims) which can be adjudicated in any federal or state

court. With respect to Plaintiffs' state law claims, it is unclear from the allegations in the Amended Complaint how those claims relate to Mr. Zavodnick. Regardless, those claims could also be litigated in a New Jersey court.

The fifth and final factor the Court must consider regarding the "reasonableness" of asserting personal jurisdiction is "the shared interest of the several states in furthering fundamental substantive social policies." *Medved,* 2013 WL 4873054 at *6. This factor focuses on "whether the exercise of personal jurisdiction [in Colorado] affects the substantive social policy interests of other states or foreign nations." *Omni Holdings,* 149 F. 3d at 1097. (citation omitted). This factor weighs against exercising jurisdiction in Colorado as the state of New Jersey has a valid interest in protecting New Jersey residents from being forced to defend lawsuits in states where they have no minimum contacts.

Accordingly, even if the Court were to find that Mr. Zavodnick purposefully availed himself of the laws of this jurisdiction, a balance of all of the factors related to "traditional notions of fair play and substantial justice," weigh strongly in favor of declining to find personal jurisdiction in this case. As personal jurisdiction cannot be established by Plaintiffs in this case, all of Plaintiffs' claims against Mr. Zavodnick must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

### IV. PLAINTIFFS'S RICO CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs may argue that this Court has "nationwide jurisdiction" over Mr. Zavodnick as set forth under RICO. However, Plaintiffs' RICO claim fails as a matter of law. Pursuant to 18 U.S.C. § 1965, a RICO action brought in a federal district court where personal jurisdiction can be established over at least one defendant, summonses may be served nationwide on other defendants if "required by the ends of justice." *Cory v. Aztec Steel Bldg. Inc.,* 468 f.3d 1226,

1231 (10th Cir. 2006).     Therefore, the court must have jurisdiction over at least one Defendant based upon minimum contacts and it must be necessary to satisfy the ends of justice as well as comport with the 5th Amendment due process to establish nationwide jurisdiction.  *Goodwin v. Bruggenman-Hatch et al.,* 2014 WL 3882183, at *7 (D. Colo., August 7, 2014).

To reap the benefit of RICO's nationwide jurisdictional provisions, a valid RICO claim must be pled.   Here, Plaintiffs unquestionably fail to state a plausible claim under RICO.  In any action, a plaintiff must set forth facts with sufficient particularity to plead a case under RICO. *Indianapolis Hotel Investors, Ltd. V. Aircoa Equity Interests, Inc.,* 733 F. Supp. 1406, 1407 (D. Colo. 1990) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985); *Cayman Exploration Corp. v. United Gas Pipeline Co.,* 873 F.2d 1357, 1362 (10th Cir. 1989)).  A claim is plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcrovt v. Iqbal,* 556 U.S. 662, 678 (2009).

The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern, (4) of racketeering activity (5) causing injury to plaintiff's business or property.  *Id.* at 1409 (citing *Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540 (D. Colo. 1990)).  Plaintiffs reference § 1964, which requires an additional showing that the defendant's violation was the proximate cause of the plaintiff's injury. 15 U.S.C. 1964(c); *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 259 (1992).  The statute defines "racketeering activity" by providing "an exhaustive and extensive" list of federal offenses" including extortion, wire fraud, and securities fraud and bribery.  18 U.S.C. 1962(1); *Duran v. Woolever,* 2014 WL 6634088 at *9 (D. New Mexico, Nov. 11, 2014).

Plaintiffs have not plausibly alleged a claim under RICO against Mr. Zavodnick.  In their

Amended Complaint, Plaintiffs allege that Defendants "constantly tag[s] Plaintiffs in social media posts." Doc. No. 36, ¶ 61. No detailed allegations are made regarding the specific "tags" and with what Defendants actually "tagged" Mr. Goode. Further, no specific details about the "tags" are attributed to Mr. Zavodnick, e.g., what the tags were, when the tags were made, or where the tags were made (i.e., on what media platforms.) Plaintiffs go on to refer to Mr. Zavodnick in connection with two YouTube videos posted on YouTube. Amended Complaint at ¶¶ 121-125. The screen shots shown in Plaintiffs Amended Complaint at ¶ 124 derive from one skit performed on YouTube illustrating an analogy between the practice of law and ritual magic. Exhibit A, ¶ 12. At no time during the skit does Mr. Zavodnick state that he is depicting Plaintiffs or even himself for that matter. Exhibit A, ¶. 13. The screen shots in Plaintiffs' Amended Complaint at ¶ 125, and link thereto are to a video apparently posted by Plaintiffs themselves of various clips of videos, with no allegation or attribution as to their source or authenticity.

None of the alleged conduct against Defendants and specifically Mr. Zavodnick constitutes "racketeering activity" as defined by the relevant statutory provisions and Plaintiffs have failed to show a pattern of such alleged conduct as to any claim against Mr. Zavodnick. Plaintiffs' conclusory allegations do not rise to the level of plausible. Furthermore, even if Plaintiffs had adequately and plausibly pleaded a pattern of racketeering activity, Plaintiffs' other allegations establish that any such claim would be barred by the four-year statute of limitations applicable to RICO claims because Plaintiffs allege that the underlying conduct started in 2015, but the claim was not brought until 2020. Amended Complaint, ¶¶, 22, 123. *Indianapolis Hotel Inv'rs, Ltd. v. Aircoa Equity Interests, Inc.*, 733 F. Supp. 1406, 1409 (D. Colo. 1990) (a plaintiff must bring RICO action within four years.)

As a result, Plaintiffs' RICO claim fails as a matter of law, and any argument made by Plaintiffs relating to "nationwide jurisdiction" as a basis for personal jurisdiction over Mr. Zavodnick also fails.

### V. PLAINTIFFS SHOULD NOT BE PERMITTED TO FURTHER AMEND THEIR COMPLAINT

It would be futile to allow Plaintiffs another opportunity to amend their complaint. Plaintiffs filed a defective Complaint, received a copy of Mr. Zavodnick's original Motion to Dismiss, conferred with Mr. Zavodnick's counsel, and filed an Amended Complaint that fails to assert additional allegations to cure this Court's lack of personal jurisdiction over Mr. Zavodnick. Fed. R.Civ.P. 15(a) allows a party leave to amend a complaint when "justice so requires." However, there are limits to a party's ability to continually amend a complaint. A court may dismiss a complaint without granting leave to amend when it would be futile to allow a plaintiff the opportunity to amend. *Warren v. Univ of Illinios-Champaign/Urbana,* 2020 WL 1043637, *4 (D. Kan. March 4, 2020) (citing *Brereton v. Bountiful City Corp.,* 434 F. 3d 1213, 1219 (10th Cir. 2006). Where, for example, no amendment could cure the failure to state a claim, dismissal without leave to amend is appropriate. *Curley v. Perry,* 246 F.3d 1278, 1281-82 (10th Cir. 2001). Similarly, a denial of leave to amend is appropriate where a jurisdictional defect cannot be cured. *Brereton,* 434 F.3d at 1219; *Hutchinson v. Pfeil,* 211 F.3d 515, 523 (10th Cir. 2000).

Here, it is clear the jurisdictional defect cannot be cured by amendment. Plaintiffs had the ability to cure the jurisdictional defects as to Mr. Zavodnick, especially after receiving and reviewing Mr. Zavodnick's original Motion to Dismiss and conferring with Mr. Zavodnick's counsel on the issue. Plaintiffs failed to add additional allegations to cure these defects because none exist. Allowing Plaintiffs a chance to file yet another amended complaint would be futile,

and a waste of time and expenses for Mr. Zavodnick and this Court. Therefore, this Court should not give Plaintiffs another bite at the apple to further amend their complaint as to Mr. Zavodnick.

## VI. ATTORNEY FEES

Under C.R.S. § 13–17–201, where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action." *Shrader v. Biddinger*, No. 10-CV-01881-REB-MJW, 2011 WL 1085524, at *8 (D. Colo. Mar. 10, 2011), *report and recommendation adopted*, No. 10-CV-01881-REB-MJW, 2011 WL 1597669 (D. Colo. Apr. 27, 2011). "The statute has been held equally applicable to a dismissal under Fed.R.Civ.P. 12(b) of a tort claim brought pursuant to Colorado law." *Id*; *Brammer–Hoelter v. Twin Peaks Charter Academy*, 81 F.Supp.2d 1090, 1102 (D.Colo.2000). Here, Plaintiffs allege numerous tort claims against Mr. Zavodnick pursuant to Colorado law. *See*, Amended Complaint Claims V, VI, VII, X, XI, XIII, XIV. Thus, pursuant to C.R.S. § 13–17–201, Mr. Zavodnick should be awarded his reasonable attorney fees and costs associated with defending this action.

## VII. CONCLUSION

Plaintiffs' Amended Complaint fails to establish personal jurisdiction over Mr. Zavodnick and fails to plausibly plead a RICO claim against Mr. Zavodnick. As a result, all claims against Mr. Zavodnick must be dismissed.

WHEREFORE, Mr. Zavodnick respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction. In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in this case pursuant to C.R.S. § 13–17–201, and for such additional relief as this Court deems appropriate.

Respectfully submitted this 3rd day of August 2020.

LASZLOLAW

*s/ Michael J. Laszlo*
Michael J. Laszlo ("#38206)
Veronica L. Vecchio
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

   I hereby certify that on August 3, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

         By:   s/ Michael J. Laszlo
              Michael J. Laszlo