IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                  Defendants.

---

## PARTIALLY OPPOSED MOTION FOR EXTENSION OF DEADLINES

---

**COMES NOW,** Mr. James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Goode" or "Plaintiff"), and respectfully shows and requests as follows:

**D.C.COLO.LCivR 7.1(A) Certification**: Counsel for the parties to the action (each a "Party", collectively the "Parties" and the instant case the "Action") and pro se Defendant Montalbano conferred regarding this motion. Defendant Gaia, Inc., has consented. Counsel for Clif High has requested further, more specific, information prior to stating a position and Goode has agreed to supply further information regarding specific amendments. Counsel for Weidner and Zavodnick are opposed. Montalbano has stated its opposition, but this was prior to Goode supplying information as to claims that will be dropped and factual support added in the Amendment—but has not responded otherwise. Individual Defendants added in the previous Amended Complaint

have not yet been served and have not appeared in the Action, and thus were not directly consulted about this Motion.[1] Based on the foregoing, Goode is filing the Motion as "Partially Opposed".

1. This Action was commenced by Goode on March 17, 2020. (Docket 1).

2. This case was first assigned to the Honorable Magistrate Judge Mix, and—after the Parties filed their non-consent to Magistrate (Docket 28)—was thereafter assigned to the Honorable Judge Jackson.

3. Defendants Gaia, Zavodnick, and Montalbano filed motions to dismiss. (See Docket 16, 23 and 26).

4. Rather than opposing the various motions to dismiss, Plaintiffs elected to file an amended complaint.

5. Plaintiffs requested an extension of time to file the amended complaint, which most Defendants consented to along with the entry of a schedule to respond to the amended complaint. (Docket 31). Judge Jackson granted the Parties' request, thereby making Plaintiffs' amended complaint due to be filed by July 21 and making Defendants' response due by August 31. (Docket 32).

6. Plaintiffs filed the First Amended Complaint on July 20. (Docket 36).

7. Subsequent to a recusal request (Docket 35), the Action was reassigned to the Honorable Judge Domenico (Docket 38).

8. Defendants High and Zavodnick filed Motions to Dismiss prior to the August 31 deadline (Dockets 42 and 43 respectively), on August 3. This was Defendant High's first motion to dismiss.

---

[1] Counsel has had discussions about potential representation of and service on the newly-added defendants, Jirka Rysavy, Kiersten Medvedich and Brad Warkins, but those discussions have not yet been finalized.

9. Goode has subsequently engaged in conferences with some of the other Defendants in regards to the Parties' positions and in light of DDD Civ. P.S. III(D). Pursuant to those conferrals, Goode has agreed to make certain amendments to its First Amended Complaint responsive to the Defendants' positions.

10. Due to Plaintiffs' representations that the Second Amended Complaint ("SAC") will address at least some of the issues raised in the parties' conferral meeting, and because the amendments are in response to (at least partially) Goode and Gaia's conferral efforts, Gaia consents to this Motion, but reserves its right to further confer with Plaintiffs and oppose via a motion to dismiss any further amended pleadings, including the proposed second amended complaint.

11. Goode has not yet filed an Amendment under Rule 15 as to Defendants High or Weidner. Weidner has not yet filed a responsive pleading, and High has filed its first responsive pleading as stated above.

12. The U.S. Supreme Court has held that leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires" and has stated that "if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits and in the absence of any apparent improper motivation, such as undue delay, bad faith or dilatory tactics, the amendment should be 'freely given'." *Foman v. Davis*, 371 U.S. 178 (1962).

13. This motion is not made for purpose of delay, in bad faith or as a dilatory tactic, but to ensure a full hearing on all the facts and legal issues of this action, secure a just and speedy determination of this case, and ensure that the ends of justice are met

14. Goode respectfully requests an extension to file a SAC until August 31.

15. In exchange for Gaia's consent, and consistent with the schedule entered by the Court concerning the First Amended Complaint, Plaintiffs request that Defendants have until October 12 to respond to the SAC.

16. This is the second request for extension:

    a) to file an amended pleading; and

    b) for the Defendants' response to such amended pleading.

17. This request will be served upon all of counsels' respective clients per Local Rule 6.

WHEREFORE, Plaintiffs respectfully request the following deadlines be extended by this Honorable Court such that:

   a) Goode may have until August 31, 2020 to file the SAC; and

   b) the Defendants shall have until October 12, 2020 to file a response to the SAC.

Date: August 14, 2020.                                     Respectfully submitted,

*[signature]*

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
5057 Keller Springs Rd, Suite 300
Addison, TX, 75001
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on August 14, 2020.

*[signature]*

Valerie A. Yanaros