**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, *et al.*,

    Plaintiffs,

vs.

GAIA, INC., *et al.*,

    Defendants.

## DEFENDANT CLIF HIGH'S OPPOSITION TO MOTION TO PARTIALLY OPPOSED MOTION FOR EXTENSION OF DEADLINES

    Defendant Clif High opposes Plaintiffs' Partially Opposed Motion for Extension of Deadlines (the "Motion") (ECF No. 46) to the extent that it fails to specifically identify the proposed amendments to Plaintiffs' already-amended complaint as they relate to Defendant High. Although Plaintiffs style their Motion as one dealing with case deadlines, it is really a motion for leave to further amend the First Amended Complaint ("FAC") because there is currently no Scheduling Order and thus no deadline to amend pleadings. Plaintiffs have already amended their complaint as a matter of course under Rule 15(a)(1) and may only further amend their complaint with leave of the Court under Rule 15(a)(2). Plaintiffs' Motion should be denied because it provides no detail regarding what amendments would be made to the FAC nor why such amendments are necessary.

### PROCEDURAL BACKGROUND

    Plaintiff filed their initial 53-page Complaint (ECF No. 1) on March 17, 2020, asserting 16 claims against five defendants. After three of the defendants filed motions to dismiss based on

lack of personal jurisdiction (Defendant Zavodnick, ECF No. 23) and failure to state a claim (Defendants Gaia, Inc. and Montalbano, ECF Nos. 17 and 26, respectively), Plaintiffs filed the FAC (ECF No. 36) on July 20, 2020. The 58-page FAC added a 17th claim, approximately 16 new paragraphs of factual allegations, and three new defendants, but did not alter any allegations against Defendant High. Plaintiffs indicate that they filed the FAC instead of opposing the various motions to dismiss filed at that time.[1] Defendant Zavodnick filed a Motion to Dismiss the FAC on August 3, 2020 (ECF No. 43) based on lack of personal jurisdiction. Defendant High also filed a Motion to Dismiss the FAC on August 3, 2020 (ECF No. 42) based on lack of personal jurisdiction and/or failure to state a claim. Plaintiffs do not seek an extension of time in which to respond to Highs Motion to Dismiss (to which High would not object, if needed), but instead now suggest that they intend to file yet another amended complaint instead of responding to High's pending Motion to Dismiss. *Id*. at ¶ 11.

## ARGUMENT

Because Plaintiffs have already amended their complaint once as a matter of course, they may now only amend with leave of the Court pursuant to F.R.C.P. 15(a)(2). "When seeking leave of the court to amend a complaint, the motion to amend *must detail the proposed amendments and the reasons why such amendments are necessary*."[2] In addition, leave to amend should also be denied if the requesting party fails to attach a redlined copy of the proposed amended complaint showing the proposed changes, as required by D.C.COLO.LCivR 15.1(b).[3]

---

[1] Motion at ¶ 4.
[2] *Kahler v. Leggitt*, 2019 WL 5104775, at *3 (D. Colo. May 3, 2019) (emphasis added).
[3] *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 2019 WL 2060812, at *1 (D. Colo. May 9, 2019) (Denying a motion for leave to amend, without prejudice, for failure to comply with Local Rule 15.1(b)).

Plaintiff's Motion does not include either a redlined copy of the proposed Second Amended Complaint or otherwise provide sufficient details regarding any proposed amendments or reasons why such amendments are necessary as required for the Court's evaluation of a request under Rule 15(a)(2). For these reasons alone, Plaintiffs' Motion should be denied.

In addition, Defendant High objects to any leave to amend the FAC to the extent that it would be futile. Leave to amend need not be granted where previous amendments failed to cure deficiencies in the complaint or the proposed amendment would be futile.[4] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[5] Unfortunately, Defendant High cannot address the issues surrounding futility or whether the proposed amendments fail to cure the deficiencies previously addressed in various motions to dismiss because Plaintiffs have not provided any details regarding their proposed amendments.

Plaintiffs note that, when conferring on the Motion, the undersigned counsel "requested further, more specific, information prior to stating a position [on the Motion] and Goode has agreed to supply further information regarding specific amendments."[6] Plaintiff has not, however, provided such specific information regarding the contemplated amendment. Instead, after noting that High filed his Motion to Dismiss, Plaintiffs indicate that they "engaged in conferences with some of the *other Defendants* in regards to the Parties' positions" and that "pursuant to *those conferrals*, Goode has agreed to make certain amendments to its First Amended Complaint responsive to Defendant's positions."[7] Based on this representation, it

---

[4] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).
[5] *Brickert*, 2019 WL 2060812, at *2 (D. Colo. May 9, 2019), quoting *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006)).
[6] Motion at 1.
[7] *Id.* at ¶ 9 (emphasis added).

appears that the undescribed amendments may address "at least some" of the issues Plaintiff discussed with other counsel,[8] but it is not at all evident whether or how any amendments would address any of the Rule 12(b)(6) deficiencies raised in Defendant High's Motion to Dismiss. Regardless, based on High's lack of contact with Colorado, as discussed in his Motion to Dismiss, it does not appear that any amendment would serve to provide this Court with personal jurisdiction over Defendant High.

Due to the lack of a proposed draft of a further amended complaint or even a description of the proposed amendments and the reasons why such amendments are necessary, the Court cannot properly evaluate whether to allow such an amendment as required under Rule 15(a)(2).[9] Thus, Plaintiffs' Motion, as submitted, should be denied.

Dated August 18, 2020.

Respectfully submitted,

*s/ J. Lee Gray* _____
J. Lee Gray, Esq.
Melissa Y. Lou, Esq.
HOLLAND & HART LLP
515 17th Street, Suite 3200
Denver, CO  80202-3921
303-290-1602
lgray@hollandhart.com
mylou@hollandhart.com

***Counsel for Defendant Clif High***

---

[8] *Id.* at ¶ 10
[9] *See Kahler*, 2019 WL 5104775, at *3.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2020, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Valerie Yanaros, Esq.
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600
valerie@yanaroslaw.com
**ATTORNEY FOR PLAINTIFFS**

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilbert, LLP
1740 Broadway
New York NY 10019
Telephone: (212) 237-1488
Fax: (212) 468-4888
ddingerson@dglaw.com
ischer@dglaw.com
**ATTORNEYS FOR GAIA, INC.**

Michael Jacob Laszlo
Laszlo & Associates, LLC-Boulder
2595 Canyon Boulevard, Suite 210
Boulder, CO 80302
Telephone: (303) 926-0410
Fax: (303) 443-0758
mlaszlo@laszlolaw.com
**ATTORNEY FOR BENJAMIN ZAVODNICK**

Alyssa Montalbano
2536 Rimrock Avenue, Suite 400-117
Grand Junction, CO 81505
Telephone: (970) 250-8365
AriStoneArt@Ymail.com
**PRO SE DEFENDANT**

*s/ Megan A. McMillen* _____
HOLLAND & HART LLP

15224044_v1