UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, and GOODE ENTERPRISE SOLUTIONS, INC. | § § § |
| Plaintiff | § § |
| v. | § § § |
| BENJAMIN ZAVODNICK, ET AL. | § § |
| Defendant | § § § § |

No. 1:20-CV-00742-DDD-KLM

PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(2)

1

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................4

II. APPLICABLE AUTHORITY ..............................................................................6

III. SUMMARY OF ARGUMENT .............................................................................6

IV. ARGUMENT AND AUTHORITIES ...................................................................7

    A. DISPUTED - General Jurisdiction .................................................................7

    B. DISPUTED - Specific Jurisdiction .................................................................8

    C. DISPUTED - Traditional Notions of Fair Play and Substantial Justice ...................9

V. DISPUTED - RICO Claims...................................................................................9

VI. In the alternative to denial of the Motion, jurisdictional discovery should be undertaken   13

VII. Conclusion .........................................................................................................14

## TABLE OF AUTHORITIES

*Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987) ................................6

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009)..........................................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007).............................................................................6

*Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984) ...................................6, 7

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945)
    ............................................................................................................................................6

*Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992) .....................6

*Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013) ...........................................6

*World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62
    L.Ed.2d 490(1980)...............................................................................................................7

James Corey Goode ("Goode") and Good Enterprise Solutions ("GES") (collectively the "Plaintiff") files this Response in Opposition to the Motion to Dismiss ("Motion") under Fed. R. Civ. P. 12(b)(2) filed by Benjamin Zavodnick ("Zavodnick" or "Defendant"). Dkt. No. 43. The Court should deny the Motion because personal jurisdiction over Zavodnick is appropriately exercised by this Court based on his intentional actions and behavior, under 12(b)(2), and via specific <u>ongoing</u>[1] actions taken by Zavodnick, that meet the requirements for 12(b)(6). Because jurisdiction is proper, Defendant's request for attorney's fees should be denied.

## I.   INTRODUCTION

Plaintiff filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations. Specifically, starting in 2015 and continuing until 2020, Zavodnick has published—and continues to publish—offensive videos, either alone or as guest of another defendant's "show" for the purpose for bashing the Plaintiff and depriving Plaintiff of pecuniary gain. Dkt. 36 - 123, 125. Zavodnick established relationships with co-defendants, made harmful statements about Plaintiff with the motivation to harm the Plaintiff's livelihood through fraudulent and defamatory statements, possible presentation of doctored evidence, and continual rehash of prior statements using different individuals to form an "Association". Dkt. 36 – 129. Plaintiff brings federal law claims related to several trademark infringements in which Defendant engages in connection with the other named defendants in this action, including targeting Plaintiff with defamatory, harmful publicity which diminishes the Plaintiff's reputation and trademarks. Dkt. No. 36. 61, 121-125, 128, 129.

---

[1] *See* https://www.youtube.com/watch?v=ykDCraGusdM&t streamed live today discussing the instant lawsuit and utilizing Plaintiffs' protected trademarks.

Defendant even today has intentionally and specifically directed his activities at this forum and continues to do so. The harm that Plaintiff feels because of these intentionally directed activities is in its business activities is in Colorado. For example, the following was accessed by undersigned counsel today:



(Accessed August 24, 2020, at https://www.youtube.com/results?search_query=cw+chanter and linking directly to https://www.youtube.com/watch?v=ykDCraGusdM&t). Plaintiff's federally protected trademark "SBA" in addition to Plaintiff's pending applications for "20andBack" are placed directly beside Defendant's patreon link. Patreon is a platform in which "patrons" or supporters of a person who posts videos or livestreams may directly pay that person for said videos or livestreams. Defendant discusses for two hours the lawsuit and derides Plaintiff once again for financial gain for himself and to harm financially Plaintiff. In this video at approximately twenty-four minutes in, Defendant directly addresses Plaintiff and its legal team regarding the case. To allow a licensed attorney to engage in such actions and not be called into court in the jurisdiction in which the harm is being felt, Colorado, goes directly against notions of fair play and substantial justice and would harm Plaintiff by depriving him of his right to protect his livelihood.

5

## II. APPLICABLE AUTHORITY

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant with certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945). In judging the minimum contracts, a court focuses on the relationship among the defendant, the forum and the litigation. In determining traditional notions of fair play and substantial justice, the Court determines whether the exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)).

To survive a Rule 12(b)(6) motion, a complaint need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must merely "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the factual allegations in the light most favorable to Plaintiff, and not simply question their veracity as Defendant urges. *See Twombly*, 550 U.S. at 555. Rule 12(b)(6) motions are disfavored and rarely granted. *See Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992).

## III. SUMMARY OF ARGUMENT

Plaintiff's trademarks are an element of his success and are at the heart of the dispute with Zavodnick and the other Defendants. Because economic growth through intellectual property (IP) protection has national implications, consistency is important; thus, federal law—including this District Court—is the primary arbiter of intellectual property for patents, trademarks and copyrights. Zavodnick cannot run roughshod over Plaintiff's IP rights and reputation merely to

6

benefit Zavodnick's subscriber rate knowing that Plaintiff is situated in Colorado, and then deny that personal jurisdiction exists when it is inconvenient to him.  The allegations of harm by Zavodnick's commentaries belittling Plaintiff and his trademarks are arguments for a jury in the District of Colorado, not appropriately placed as a challenge to the pleadings. The Lanham Act applies broadly to services that bring commercial, noncommercial, and civic benefits to the infringer.  Zavodnick's arguments based on 12(b)(2) and 12(b)(6) do not mandate dismissal.

IV.  **ARGUMENT AND AUTHORITIES**
    A. DISPUTED - General Jurisdiction

Plaintiff has made more than a substantial showing for jurisdiction, and the requirement of showing for jurisdiction at the preliminary stages of the litigation this burden is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Even so, Zavodnick is greatly understating his presence by citing two instances in the complaint and amended complaint where he harasses the Plaintiff. Dkt. No. 36, 124.  Zavodnick failed to reference many instances dating from 2015 to 2020. Dkt. No. 36, 123, 125.  Jurisdiction is proper over a Defendant in the state that the Plaintiff resides, based on the "effects" of the Defendants conduct in the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), (citing *World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62 L.Ed.2d 490(1980)).  *Calder* distinguishes untargeted negligence from intentional, allegedly tortious actions aimed at the forum state.  *Calder,* 465 U.S. 783, 790.  Zavodnick published harassing tirades against the Plaintiff for years on several platforms.  On YouTube alone, he has over 80 hours of videos dedicated to ridiculing and harassing Plaintiff and his trademarks.[2]

---

[2] *See* https://www.youtube.com/channel/UCzEDwsA6ooejNKnEfi0Vqrg/playlists . Accessed as of August 23, 2020, Zavodnick had over 5,000 subscribers, under his alias C.W. Chanter, with 34 play lists, one of which targets the Plaintiff, entitled "Corey Goode, Blue Avians and The Sphere Being Alliance".  This Playlist had 44 videos dedicated

Zavodnick's remarks are intentional and they are aimed at the You Tube audience worldwide, knowing that the community in Colorado is supportive of the Plaintiff, since his popular television show was based there, produced by a company incorporated and domiciled in Colorado, and the Plaintiff and his trademarks are accepted, acknowledged and popular in Colorado as well as throughout the world.

The Defendants in *Calder* knew their article would have a potentially devastating impact on the respondent, and that the brunt of the injury would be felt in the Plaintiff's state or residence. *Id.* at 789.  *Calder* states that "Under the circumstances, petitioners must "reasonably anticipate being hauled into court there" to answer for the truths of the statements made in their article." *Id*. at 790.  Likewise, Zavodnick knew Colorado was not only the Plaintiff's home, the base of his fans, but also the place of the Plaintiff's famous television show so he should have anticipated jurisdiction because he knowingly caused the injury in Colorado.

The Court has general jurisdiction over Zavodnick for the aforementioned reasons, and the motion to dismiss should be denied.

### B. DISPUTED - Specific Jurisdiction

Zavodnick attached a two-page affidavit denying contact with the Plaintiff and claiming that a video refenced in the Amended Complaint was a skit.  Zavodnick's affidavit is disingenuous because he has over 80 hours of content posted on You Tube attacking the Plaintiff and this trademarks between 2015 and 2020.[3]  Further, Plaintiff's former colleague has stated that Defendant attempted to reach Goode multiple times directly and was rebuked (Exhibit "A"). Finally, as pointed out to counsel for Defendant by undersigned counsel, the aggression

---

to the Plaintiff and his trademarks from September 18, 2015 to May 11, 2020.  Videos range in time from 18 minutes to 3 hours and 53 minutes.
   [3] *Id.*

8

ingrained in Defendant's videos, social media posts and livestreams raises to a level that shocks the conscience and as such makes it even more likely that Defendant should be subjected to jurisdiction by this Court (Exhibit "B").

### C. DISPUTED - Traditional Notions of Fair Play and Substantial Justice

Zavodnick argues that coming to Colorado is a burden, because he would have to travel and retain local counsel, and it would be more convenient for him to be sued in New Jersey. *Medved* establishes that jurisdiction exists over Zavodnick. Zavodnick is one of eight defendants, six are located in Colorado and two are in New Jersey and Washington. Even if it is inconvenient for Zavodnick to travel to Colorado, it would be more inconvenient for the Plaintiff and the other five Defendants to travel to New Jersey.

The Court will find that even if other factors in the *Medved* test favor Zavodnick, the Court has personal jurisdiction because Zavodnick choose to avail himself of the rights and responsibilities of the State of Colorado, he choose to go after a resident of Colorado, where his fans and employment were based in Colorado.

### V.    **DISPUTED - RICO Claims**

Zavodnick states the Court does not have "nationwide jurisdiction" under RICO, because facts are not asserted with sufficient particularity to please a case under RICO. Dkt. No. 43, 9, 11.  Zavodnick skips the claim that he began attacks in at least 2015, and instead focuses on two screen shots in the Amended Complaint, stating they derive from one video and the allegations are not plausible.

A catalog of the YouTube Playlist created by Zavodnick, under the name C.W. Chanter, dedicated to the harassment of Plaintiff shows that the RICO incidents are not limited to these

9

two instances.  Each of the videos listed below are under the playlist entitled "Corey Goode, Blue Avians and The Sphere Being Alliance"[4]:

| Date | Time | Title |
| --- | --- | --- |
| 9/18/2015 | 1:05:42 | On Corey Goode |
| 11/6/2015 | 1:19:17 | Secret Space Program Alien Psychic Wars with Corey Goode (Analysis and Review) |
| 4/23/2016 | 1:08:05 | Corey Goode j/&c/ Hank Jones II |
| 1/10/2017 | 1:14:00 | The Message of the Sphere Being Alliance, an analysis |
| 4/20/2017 | 1:40:51 | Solar Warden, SSP |
| 5/19/2017 | 1:30:55 | Everybody Hates Cory Goode / Whatever Happened to Changer |
| 5/21/2017 | 1:01:21 | Formal address of Bill Ryan v. Corey Goode Pt. 1 |
| 5/23/2017 | 1:35:11 | Sphere Being Alliance, The Musical |
| 5/29/2017 | 3:00:22 | Coreygate 2017, another bring in the wall for Special Guest The Ruiner |
| 6/2/2017 | 3:35:00 | Vid response to Dark Journalist |
| 7/12/2017 | 1:03:16 | An Open Letter to the Sphere Being Alliance Community |
| 8/19/2017 | 1:16:41 | David, Corey, Steve & Alice |
| 9/26/2018 | 1:52:32 | Corey Goode v. Alt SSP |
| 10/5/2018 | 59:22 | Response to Jordan |

---

[4] Corey Goode is the name of the Plaintiff, and he has trademark applications for the Blue Avians, and a federal registration for the Sphere Being Alliance.

| Date | Duration | Title |
|---|---|---|
| 10/12/2018 | 1:25:36 | 4:44 David Wilcock & Corey Goode Evangelicals / Crypto / Kerry Cassidy & Mark Richards |
| 10/16/2018 | 1:59:50 | Calling Out Corey Goode as an Agent Against Disclosure #ssp Sdisclosure #UFSs |
| 10/17/2018 | 1:54:56 | New Inter From the #Blue Avians Regarding the #SSP Corey Goode and David Wilcock |
| 10/18/2018 | 2:25:06 | Corey Goode's Defense Rebutted / More Interl from the # Blue Avians |
| 10/20/2018 | 3:04:30 | That's the Story, Mourning Corey? NPCs are everywhere.. |
| 10/21/2018 | 3:53:36 | Back from the Silence of the Corey Cult w Groovie Bean |
| 10/22/2018 | 2:08:41 | Richard Dolan v. Jimmy Church |
| 10/24/2018 | 1:20:35 | Winston Shrout |
| 10/25/2018 | 1:00:10 | More Discussion of the Legal Ramifications of Corey Goode's Trademarks and #NoSSPTM |
| 10/26/2018 | 2:24:06 | Instant Karma Corey Goode's #SSP TM Dropped / Everything's Coming Up Chanter |
| 10/28/2018 | 3:40:16 | Community Round Table On #NoSSPTM #Corey Goode & # Disclosure |
| 10/30/2018 | 1:33:21 | Pre-Halloween Show |
| 10/31/2018 | 1:12:32 | Corey Goode & David Wilcock Evidence Review and TM Dispute with Marvel |
| 11/2/2018 | 1:28:50 | Events Unfolding In Conspiracy Land |
| 11/6/2018 | 2:29:40 | Jordan Sather Supports the Doxxing of Legitimate Healers |

11

| Date | Duration | Title |
|---|---|---|
| 11/12/2018 | 2:19:55 | Shane & C.W. |
| 12/11/2018 | 1:19:05 | Tales From the |
| 2/7/2019 | 2:16:16 | Living La Vida |
| 2/9/2019 | 2:52:20 | The SBA / Above Majestic Whistle-blower Comes Forth |
| 2/15/2019 | 18:26 | Don't you Dare |
| 3/20/2019 | 2:13:01 | Corey Goode on Edge of Wonder #3 (Interview Analysis Part 1) |
| 3/21/2019 | 2:01:20 | Corey Goode Facebook Bombshell (Edge of Wonder Interview Analysis Part 2) |
| 5/1/2019 | 55:29 | Corey Goode on Mars, The Moon and Antarctica as remnants of Atlantis part 1 |
| 5/21/2019 | 1:53:56 | Undeniable Proof that Corey Goode is Leading Doxxing Op Episode six |
| 3/17/2020 | 55:28 | More on the Developing #SBA #Mendoza Situation Rene Armenta Quits Jay W Responds |
| 2/26/2020 | 3:01:18 | David Wilcock and Corey Goode Meet Jenny McCarthy Part 1 |
| 2/28/2020 | 1:03:54 | David Wilcock and Corey Goode Meet Jenny McCarthy Part 2 |
| 3/16/2020 | 1:07:45 | Dear James, Love Laura.  A tale of drama and potential litigation |
| 2/5/2020 | 1:28:27 | Discussing and Correcting Recent Reporting on Corey Goode and the #SBA |

| | | |
|---|---|---|
| 5/11/2020 | 3:02:00 | C.W. Chanter Comments on Forthcoming VICE Article About Corey Goode and David Wilcock |

The RICO claims establish nationwide jurisdiction as a basis of jurisdiction over Zavodnick, and the extensive list of harassing videos from 2015 to 2020 shows a continued pattern of harassment. The association in fact is the group of individuals that are engaging in the acts described in the complaint—that mirror the herein complained—and are intended to deprive Plaintiff of its property, namely its financial gain. The abovementioned is being incorporated into an amended complaint that will be filed this week, and as such, even if this Court finds merit in Defendant's 12(b)(6) argument with regard to RICO Plaintiff respectfully requests this Court abstain from considering this argument until the Second Amended Complaint is filed.

VI. <u>In the alternative to denial of the Motion, jurisdictional discovery should be undertaken</u>

In the Tenth Circuit, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009) (quoting *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Whether to allow jurisdictional discovery is within "the broad discretion" of the trial court. *Id*. The court abuses its discretion if the denial of limited discovery results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary.'" *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "To obtain jurisdictional discovery, a plaintiff must 'present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Gordon Howard Assocs. v. Lunareye, Inc.*, No. 13–cv– 01829–CMA–MJW, 2013 WL 5637678, at *4 (D. Colo. October 15, 2013) (citing *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006

13

WL 1897173, at *4 (D. Colo. 2006)). Should this Court find merit in Defendant's arguments, Plaintiff respectfully requests jurisdictional discovery be taken.

VII. **Conclusion**

Zavodnick directed his harassing videos at the State of Colorado where the Plaintiff resides, whose main fan base is located in Colorado, and his prior television show was based in Colorado. Zavodnick's videos include over 80 hours of YouTube content on a list carved out and directed at the Plaintiff. The Plaintiff deserves the opportunity to explore evidence further in discovery, and to present evidence to a jury at trial. The Court should deny Zavodnick's motion to dismiss and for attorney's fees.

Respectfully submitted this 24th day of August 2020.

Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel.: (512) 826-7553

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

      By:    /s/ Valerie Yanaros
                  Valerie Yanaros