IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-RBJ

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                                    Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                                    Defendants.

---

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(2)**

---

1

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................4

II. APPLICABLE AUTHORITY..................................................................................5

III. SUMMARY OF ARGUMENT.................................................................................6

IV. ARGUMENT AND AUTHORITIES .......................................................................7

    A. DISPUTED - General Jurisdiction ..................................................................7

    B. DISPUTED - Specific Jurisdiction ..................................................................8

    C. DISPUTED - Traditional Notions of Fair Play and Substantial Justice ..................8

V. DISPUTED - RICO Claims......................................................................................9

VI. DISPUTED – Claims 3-6, Federal Trademark Infringement, False Designation of Origin, Common Law Trade Name Infringement, Unfair Competition..........................................9

VII. DISPUTED – Claim 7 CCPA..................................................................................10

VIII. Claims 9, 10 and 16 – Withdrawn ..........................................................................10

IX. Claims 13-15 Libel, Slander and Tortious Interference ........................................10

X. In the alternative to denial of the Motion, jurisdictional discovery should be undertaken    11

XI. Conclusion..............................................................................................................11

# TABLE OF AUTHORITIES

*Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987) ..............................5

*Ashcroft v. Iqbal*, 556 U.S. 662, (2009)..........................................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007).............................................................................6

*Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984) ...................................5, 7

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945)
    ..................................................................................................................................................5

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, (5th Cir. 2009)..........................................................6

*Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013) ..........................................5

*World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62
    L.Ed.2d 490(1980)...................................................................................................................7

James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions ("GES") (collectively "Goode") files this Response in Opposition to the Motion to Dismiss ("Motion") under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) filed by Cliff High ("High" or "Defendant"). Dkt. No. 42.  The Court should deny the Motion because personal jurisdiction over High is appropriately exercised by this Court based on his intentional actions and behavior specifically aiming his tortious actions at Goode in Colorado. Additionally, based on a recent communication (the "September Email", Exhibit "A") from High, he has consented to jurisdiction in Colorado. Taking into account the most recent Amended Complaint (Docket 61) in addition to the September Email jurisdiction is proper and both of High's arguments under 12(b)(2) and (6) should be denied.

## I. INTRODUCTION

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations.  Specifically, starting at least in 2017 and continuing until 2020, High has published—and continues to publish—offensive social media posts, either alone or as guest of another defendant's "show" for the purpose for bashing Goode and depriving Goode of pecuniary gain.  Dkt. 36 at 14, 28, 30-31.  High established relationships with co-defendants, made harmful statements about Goode with the motivation to harm Goode's livelihood that were both fraudulent and defamatory, possible presentation of doctored evidence, and continual rehash of prior statements using different individuals to form an "Association". Dkt. 36 at 31.  Goode brings federal claims related to trademark infringement in which Defendant engages in connection with the other named defendants in this action, including targeting Plaintiff with defamatory, harmful publicity which diminishes the Plaintiff's reputation and trademarks.  *See* Dkt. No. 61-1 at 18-20. Additionally, High has targeted Goode with threats through various social

4

media posts and communications that threaten bodily harm. *See* Docket 36 at 31 (the tweet has now been removed because High's account has been disabled but is reproduced below).



## II.   APPLICABLE AUTHORITY

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant with certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945).  In judging the minimum contracts, a court focuses on the relationship among the defendant, the forum and the litigation.  In determining traditional notions of fair play and substantial justice, the Court determines whether the exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)).

5

To survive a Rule 12(b)(6) motion, a complaint need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must merely "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the factual allegations in the light most favorable to Plaintiff, and not simply question their veracity as Defendant urges. *See Twombly*, 550 U.S. at 555.  Rule 12(b)(6) motions are disfavored and rarely granted. *See Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992).

### III.     SUMMARY OF ARGUMENT

Goode's trademarks are an element of his success and are at the heart of the dispute with High and the other Defendants.  High has claimed that he coined the term "Blue Chicken Cult" as a way to demean and tarnish Goode's "BLUE AVIAN" claimed mark, and as such is liable for the damage he has caused Goode—the harm of which is felt in Colorado, where Goode resides.  His association with defendants Zavodnick, Montalbano, Weidner and perhaps even the other remaining defendants shows that he means to cause financial—and, per his own words, even physical—harm to Goode. He has availed himself of the rights and responsibilities of Colorado. He has now confirmed, per the September email, that he intends to engage in the fight in Colorado, and thus he has consented to jurisdiction in Colorado. Goode's Second Amended Complaint (at Docket 61) fully lays out the inter-connectedness of the "Association" for purposes of RICO, and High is subject to jurisdiction under that statute.  High's arguments based on 12(b)(2) and 12(b)(6) do not mandate dismissal.

IV. **ARGUMENT AND AUTHORITIES**
   **A. DISPUTED - General Jurisdiction**

Goode has made more than a substantial showing for jurisdiction, and the requirement of showing for jurisdiction at the preliminary stages of the litigation this burden is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Even so, High is greatly understating his presence by stating "High has never . . . directed any activities at anyone in Colorado." Dkt. No. 42 at 5.  On the contrary, as shown in the Second Amended Complaint, High has failed to reference many instances dating from 2017 to 2020 in which he has directed many harmful activities—defamatory statements and threats of violence—at Goode. Dkt. No. 61-1 at 18-20.  Jurisdiction is proper over a Defendant in the state that Goode resides, based on the "effects" of the Defendant's conduct in the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), (citing *World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62 L.Ed.2d 490(1980)).  *Calder* distinguishes untargeted negligence from intentional, allegedly tortious actions aimed at the forum state. *Calder,* 465 U.S. 783, 790.  High has published harassing tirades against the Plaintiff for years on several platforms, including Twitter and Youtube.  On YouTube alone, he has hours of videos dedicated to ridiculing and harassing Goode.  High's remarks are intentional and they are aimed at the YouTube audience in Colorado. This is well known to High since Goode's popular television show was based there, produced by a company incorporated and domiciled in Colorado, and Goode lived and worked there since the filing of his trademarks and for much of his present career.

The Defendants in *Calder* knew their article would have a potentially devastating impact on the respondent, and that the brunt of the injury would be felt in the Plaintiff's state or residence. *Id.* at 789.  *Calder* states that "Under the circumstances, petitioners must "reasonably anticipate being hauled into court there" to answer for the truths of the statements made in their article." *Id*.

7

at 790. Likewise, High knew Colorado was not only Goode's home, the base of his fans, but also the place of the Goode's famous television show so he should have anticipated jurisdiction because he knowingly caused the injury in Colorado.

The Court has general jurisdiction over High for the aforementioned reasons, and the motion to dismiss should be denied.

### B. DISPUTED - Specific Jurisdiction

High attached a two-page affidavit denying contact with Colorado. High's affidavit is disingenuous because he has hours of content posted on YouTube attacking Goode and his trademarks between 2017 and 2020. Finally, the aggression ingrained in Defendant's videos, social media posts and livestreams raises to a level that shocks the conscience and as such makes it even more likely that Defendant should be subjected to jurisdiction by this Court.

### C. DISPUTED - Traditional Notions of Fair Play and Substantial Justice

High does not argue that coming to Colorado is a burden, and—per the September communication—even impliedly states that it is not one. *Medved* establishes that jurisdiction exists over High.

The Court will find that even if other factors in the *Medved* test favor High, the Court has personal jurisdiction because High choose to avail himself of the rights and responsibilities of the State of Colorado, he choose to go after a resident of Colorado, where his fans and employment were based in Colorado.

8

## V.     DISPUTED - RICO Claims

High states the Court does not have "nationwide jurisdiction" under RICO, because facts are not asserted with sufficient particularity to please a case under RICO. Dkt. No. 42 at 6. Goode has included the specific time, place, and contents of the alleged representations in its Second Amended Complaint. Docket 61 at 18-20. Goode has laid out the various communications High engaged in that subjected him to liability under mail and wire fraud, including the threats of violence he has made against Goode. His connections with Weidner, Zavodnick and Montalbano is laid out therein as well, and the multiple and ongoing instances of his unlawful acts sufficiently show a pattern of racketeering activity.

The RICO claims establish nationwide jurisdiction as a basis of jurisdiction over High, and the list harassing videos from 2017 to 2020 shows a continued pattern of harassment. The association in fact is the group of individuals that are engaging in the acts described in the complaint—that mirror the herein complained—and are intended to deprive Goode of its property, namely its financial gain.

## VI.    DISPUTED – Claims 3-6, Federal Trademark Infringement, False Designation of Origin, Common Law Trade Name Infringement, Unfair Competition

As stated above, through his social media posts, High aims to tarnish and demean Goode's goodwill through his claimed marks, namely through his use of the perjorative term "Blue Chicken Cult" (*see* https://www.bitchute.com/video/A_etXES0AUo/ last accessed September 7, 2020). By use of this—and possibly other—terms, High violates Goode's IP rights in his claimed marks, and

Through his various social media outlets—of which he uses to promote his "web bot" business, "Half Past Human"[1]—he makes commercial use of Goode's claimed trademarks and misrepresents to the public the goods and services with which they are connected. Goode has maintained—and shown—the fact that the public associates his claimed marks with his business as a source identifier, and as such has protectable interests in the phrases through a garnered secondary meaning.

### VII. DISPUTED – Claim 7 CCPA

As stated above, High is deceiving consumers through his false representations about Goode's services and business through unauthorized use of his trade names and marks, as such Goode's Claim 7 is properly asserted against High.

### VIII. Claims 9, 10 and 16 – Withdrawn

Claims 9, 10 and 16 have been withdrawn by Goode and thus High's Motion addressing such requires no response.

### IX. Claims 13-15 Libel, Slander and Tortious Interference

As stated above, High has made several untrue representations that has harmed Goode monetarily and has caused him to lose goodwill. As such, the allegations are sufficient for purposes of the pleading statute and should survive a Rule 12 Motion.

---

[1] *See* https://en.wikipedia.org/wiki/Web_Bot and https://www.halfpasthuman.com/ , both accessed on September 7, 2020.

X. **In the alternative to denial of the Motion, jurisdictional discovery should be undertaken**

In the Tenth Circuit, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009) (quoting *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Whether to allow jurisdictional discovery is within "the broad discretion" of the trial court. *Id*. The court abuses its discretion if the denial of limited discovery results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary.'" *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "To obtain jurisdictional discovery, a plaintiff must 'present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Gordon Howard Assocs. v. Lunareye, Inc.*, No. 13–cv– 01829–CMA–MJW, 2013 WL 5637678, at *4 (D. Colo. October 15, 2013) (citing *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at *4 (D. Colo. 2006)). Should this Court find merit in Defendant's arguments, Plaintiff respectfully requests jurisdictional discovery be taken.

XI. **Conclusion**

High directed his harassing videos at the State of Colorado where the Plaintiff resides, whose main fan base is located in Colorado, and his prior television show was based in Colorado. Highs videos include hours of YouTube content on a list carved out and directed at Goode. Goode deserves the opportunity to explore evidence further in discovery, and to present evidence to a jury at trial. The Court should deny High's motion to dismiss.

Respectfully submitted this 7th day of September 2020.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFF**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:   s/ Valerie Yanaros
         Valerie Yanaros