**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

Defendants.

**BENJAMIN ZAVODNICK'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LaszloLaw, and for his Reply in Support of his Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2)(this "Motion"), states as follows:

**I.      INTRODUCTION.**

Under Fed.R.Civ.P. 12(b)(2) Plaintiffs bear the burden of establishing the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F. 3d 1244, 1247 (10th Cir. 2000).  The Plaintiffs have not met their burden.  In their Response, as in their Amended Complaint, Plaintiffs make generic and conclusory allegations with respect to the basis for personal jurisdiction over Mr. Zavodnick in this case.  *See*, Amended Complaint, ¶ 15; Response, p. 5.  These conclusory general allegations are not enough to establish a *prima facie*

1

showing of personal jurisdiction over Mr. Zavodnick.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH THIS COURT HAS PERSONAL JURISDICTION OVER MR. ZAVODNICK.

### A. Plaintiffs Have Not and Cannot Establish "General" Jurisdiction.

Plaintiffs have failed to demonstrate that the Court has general jurisdiction over Mr. Zavodnick. As set forth in his Motion, Mr. Zavodnick is a resident of New Jersey and a New Jersey licensed attorney but does not conduct any business in Colorado and does not practice law in Colorado. Motion, Exhibit A, *Affidavit of Benjamin Zavodnick*, ¶ 1 *Id.*, ¶ 2, ¶ 4. Mr. Zavodnick uses YouTube as a video sharing platform to discuss many topics, some of which include Plaintiffs. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations...when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

As set forth in his Motion, Mr. Zavodnick's use of YouTube is in no way continuous, systematic, or *directed at the State of Colorado*. *See, Galena v. Biopharma v. Ioannides,* 2014 WL 792170 at *3 (D. Oregon, Feb. 25, 2014)(citing *Calder,* 465 U.S. 783) (court lacked personal jurisdiction over out of state defendant who made online comments *about* the plaintiff located in Oregon but that were not *directed* at Oregon (the forum state)); *see also*, *Werner v. Dowlatsingh*, No. 18-56349, 2020 WL 3397745, at *2 (9th Cir. June 19, 2020) ("[u]ploading a video to YouTube from Canada is no more an act expressly aimed at the United States as a whole than it is at California specifically, and [defendant]'s additional contacts with the United States, such as attending conventions outside of California, are not "suit related conduct" that could support an exercise of specific personal jurisdiction.)

2

In their Response, Plaintiffs admit that Mr. Zavodnick's "remarks" on YouTube "are aimed at the You Tube[sic] audience worldwide..." Response, p. 8. Plaintiffs' clear and unequivocal admission that Mr. Zavodnick's remarks are aimed at a worldwide audience is a binding judicial admission. *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 (10th Cir. 2017); *Armstrong v. JPMorgan Chase Bank Nat. Ass'n*, 633 F. App'x 909, 912 (10th Cir. 2015) ("If unequivocal, judicial admissions are binding.") On this admission alone, Plaintiff's argument that Mr. Zavodnick directed activity at Colorado fails.

Further, even if Mr. Zavodnick's remarks incidentally reached Colorado, that fact is insufficient to show that he purposefully directed his activities at Colorado. *See Durango Merch. Servs., LLC v. Flagship Merch. Servs., LLC*, No. 18-CV-3018-WJM-STV, 2019 WL 3205958, at *2 (D. Colo. July 16, 2019) ("National marketing that merely incidentally reaches Colorado consumers is not sufficient to show that Defendant purposefully directed its activities at Colorado residents." Because Mr. Zavodnick does not have "continuous and systematic" contact with Colorado, "general" jurisdiction principles cannot be invoked. *Dietz v. Dietz*, No. 11-CV-01692-RBJ-KMT, 2012 WL 1931549, at *1 (D. Colo. May 29, 2012)[1].

## B. Plaintiffs Cannot Establish "Specific" Jurisdiction.

Plaintiffs argue that Mr. Mr. Zavodnick has YouTube videos "dedicated to ridiculing and harassing Plaintiff and his[2] trademarks." Response at p. 7. Plaintiffs fail to provide facts to demonstrate that Mr. Zavodnick purposefully directed his activities at Colorado or that Plaintiffs'

---

[1] Mr. Zavodick's second Motion to Dismiss contained incomplete citations to *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007), *Medved v. DeAtley*, 2013 WL 4873054, at *1 (D. Colo. Sept. 11, 2013) and *Dietz v. Dietz*, No. 11-CV-01692-RBJ-KMT, 2012 WL 1931549, at *1 (D. Colo. May 29, 2012) which undersigned counsel believes resulted from the reduction in length of Mr. Zavodnick's initial Motion to Dismiss filed in response to the original Complaint  Undersigned counsel apologizes to the Court for this oversight.

[2] Confusingly, it appears Plaintiff Goode Enterprise Solutions, Inc. does not join in this allegation.

3

injuries alleged in the Amended Complaint arise out of Mr. Zavodnick's contacts with Colorado. Plaintiffs' Amended Complaint and Response fail to assert any facts to suggest that Plaintiffs' trademark infringement claim arises out of Mr. Zavodnick's alleged incidental contact with Colorado. Plaintiffs do not cite or reference a single instance of consumer confusion arising from Mr. Zavodnick's allegedly wrongful use of Plaintiffs' marks.

In their Response, Plaintiffs admit that Mr. Zavodnick has never actually contacted Mr. Goode: "Defendant attempted to reach Goode multiple times and was rebuked."  Response, at p. 8, Sec. B.  In support, Plaintiffs attached what appears to be an email from Plaintiff Cory Goode, which includes an undated and unsigned "Sworn Statement" from "Roger Richards Ramsaur." *See*, Response, Exhibit A.  The authenticity, credibility and reliability of the "Statement" is seriously in doubt, but to the extent this Court considers it in its analysis, the Statement supports Mr. Zavodnick's position that he has never had contact with Mr. Goode.  Specifically, the statements that "Corey stated he would never make direct contact with Mr[sic] Zavodnick in anyway [sic]…" and that "[Mr. Zavodnick is] … not allowed at any public appearances Corey is a part of." *Id*.  Finally, in weighing the Statement, it must be considered that Mr. Goode is currently suing Mr. Ramsaur for fraud, extortion, and embezzlement (among other things) in a case proceeding before this Court.  *See Goode, et al. v. Ramsaur, et al.* USDC Colo. 1:20-cv-00947-DDD-KLM.

Plaintiffs also attach an email from their attorney to Mr. Zavodnick's undersigned attorney as evidence to support a finding of specific jurisdiction.  Response, at p. 9, Exhibit B. Exhibit B is a conferral communication between counsel and includes statements from Attorney Yanaros (which she classifies as being protected under Rule 408) regarding certain videos linked

4

in her email. *Id*. None of the in information in the Exhibit B is evidence that supports a finding of personal jurisdiction. Ms. Yanaros' summary of what she believes is said in the videos does not support, let alone establish, that Mr. Zavodnick directed any action at Colorado. There is no evidence that the videos were *directed* at Plaintiffs *in Colorado* or that Plaintiffs' alleged injuries arose from those videos. *OMI Holdings,* 149 F. 3d at 1091.

Likewise, Plaintiffs' references to videos posted by Mr. Zavodick on August 24, 2020 cannot be a basis for personal jurisdiction as the allegations set forth in the Amended Complaint do not arise from those activities. *OMI Holdings,* 149 F. 3d at 1091 ("A court may...assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.")

### C. Exercising Jurisdiction in this Case would be Unreasonable.

Even if this Court finds Plaintiffs have satisfied the minimum contacts analysis, exercising personal jurisdiction over Mr. Zavodnick here is inconsistent with "traditional notions of fair play and substantial justice." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065-1066 (10th Cir. 2007). As set forth in Mr. Zavodnick's Motion, the *Medved* factors weigh strongly against a finding that exercising jurisdiction over Mr. Zavodnick would be reasonable under the circumstances. *Medved v. DeAtley*, 2013 WL 4873054, at *6 (D. Colo. Sept. 11, 2013). In their Response, Plaintiffs address only the first *Medved* factor (the burden on Mr. Zavodnick) and therefore concede that the other *Medved* factors weigh in Mr. Zavodnick's favor. Response, at p. 9. *See, Vasquez v. Capinelli,* No. 117CV02435CMASKC, 2019 WL 1130725, at *3 (D. Colo. Feb. 19, 2019), *report and recommendation adopted*, No. 17-CV-02435-CMA-SKC, 2019 WL

1125879 (D. Colo. Mar. 12, 2019) (finding that defendants essentially conceded issue because they did not address it in their motion); *Hornback v. Lexington-Fayette Urban Cty. Gov't*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012), *aff'd*, 543 F. App'x 499 (6th Cir. 2013) ("Plaintiff apparently concedes this issue, as he did not address this argument in his response.")

Plaintiffs' argument as to the first factor is that the burden of travel is equal as to Plaintiffs (having to litigate in New Jersey) and Mr. Zavodnick (having to litigate in Colorado.) As the primary concern here is the burden on Mr. Zavodnick, his burden outweighs any burden to Plaintiffs, and this factor weighs in Mr. Zavodnick's favor. *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1272 (9th Cir. 1981) (citing *World-Wide Volkswagen*, 444 U.S. at 292). A balance of all the factors related to "traditional notions of fair play and substantial justice," weigh strongly in favor of declining to find personal jurisdiction in this case.

### III.  PLAINTIFFS'S RICO CLAIMS FAIL AS A MATTER OF LAW.

As set forth in RICO, a "pattern of racketeering activity" requires the commission of at least two acts of a racketeering offense over a ten-year period. 18 U.S.C. § 1961(5); *see Sedima, S.P.R.L. v. Imrex \*1024 Co., Inc.,* 473 U.S. 479, 488, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (adopting the term "predicate acts"). The racketeering activity in which Plaintiffs allege Mr. Zavodnick (or the other Defendants named in Count II) engaged is unascertainable from the Amended Complaint, Count II [Doc. #36 at ¶¶ 158-106].  In their Response, Plaintiffs do shed some light on their RICO theory against Mr. Zavodnick arguing that the "RICO incidents" are a "pattern of harassment" via YouTube posts in which Mr. Zavodnick appears[3].  Response at pp.

---

[3] Plaintiffs admit these allegations were not made in their Amended Complaint, and state they will be "incorporated into an amended complaint that will be filed this week." Response at pg. 13.

9; 10-13.  Section 1961(1) of RICO contains an exhaustive list of the offenses that qualify as "racketeering activity" including certain state law crimes that are punishable by imprisonment for more than one (1) year.  Plaintiffs have not alleged any of these offenses, or crimes under Colorado law (or any state law).  Further, to the extent harassment could somehow be linked to one of the enumerated laws in §1961(1)(A), the crime of harassment in Colorado is a Class 3 misdemeanor carrying a maximum sentence of six months in jail.  C.R.S. § 18-9-111; C.R.S. § 18-1.3-501.

Plaintiffs' Response includes nearly three pages of references to videos without reference to source or authorship.  Response, at pp. 10-13.  While this Court may consider matters outside the Complaint for purposes of a personal jurisdiction analysis (*see Shaw v. American Cyanamide Co.,* 534 F. Supp. 527, 528 (D. Conn. 1982)), Mr. Zavodnick's challenge to the RICO Count is based on the standards under Rule 12(b)(6), and thus, matters outside the Amended Complaint should not be considered[4].  *Carter v. Daniels*, 91 F. App'x 83, 85 (10th Cir. 2004) ("[i]f the court considers matters outside of the complaint, it should treat the motion as a motion for summary judgment, and not as a motion to dismiss.")

Plaintiffs' RICO claim fails as a matter of law as all the elements of a RICO claim have not been plausibly pled, specifically the crucial element of "racketeering activity."  *See Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540 (D. Colo. 1990)); *see also*, *Raineri Const., LLC v. Taylor*, 63 F. Supp. 3d 1017, 1023–24 (E.D. Mo. 2014).  Thus, this Court does not have "nationwide jurisdiction" over Mr. Zavodnick.

---

[4] Even if considered, the references do not establish personal jurisdiction over Mr. Zavodnick as they do not establish the minimum contacts required for the exercise of such jurisdiction.  *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1979)).

### IV. PLAINTIFFS SHOULD NOT BE PERMITTED TO FURTHER AMEND THEIR COMPLAINT.

It would be futile and unfair to allow Plaintiffs a second opportunity to amend their complaint. Plaintiffs seek to amend their Complaint yet again, which proposed amendment does not cure the defects set forth herein. *See* Doc. No. 61-2, 61-3. Mr. Zavodnick has been forced to spend considerable time and money responding to two complaints, and now faces having to respond to Plaintiffs' Motion to File Second Amended Complaint and Second Amended Complaint. [Doc. No. 61]. Further opportunity to amend the complaint would be futile, and a waste of time and cause significant expenses for Mr. Zavodnick.

### V. PLAINTIFFS SHOULD NOT BE GRANTED JURISDICTIONAL DISCOVERY.

Whether to allow jurisdictional discovery is within the "broad discretion" of the Court. *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009), *as corrected* (Jan. 28, 2010). "The Court will not permit jurisdictional discovery if there is only a 'low probability' that additional discovery would reveal sufficient facts to alter the Court's conclusion that it lacks personal jurisdiction over Defendant." *Gordon * Howard Assocs., Inc. v. Lunareye, Inc.,* No. 13-CV-01829-CMA-MJW, 2013 WL 5637678, at *4 (D. Colo. Oct. 15, 2013). Here, there is a low probability that discovery will reveal sufficient facts to support personal jurisdiction, and Plaintiffs point to no potential sources of such facts.

### VI. MR. ZAVODNICK SHOULD BE AWARDED HIS ATTORNEY FEES.

Plaintiffs do not address Mr. Zavodnick's request for attorneys' fees other than to say the Court should deny his motion and request for attorney's fees. Response, at p. 14. As set forth in his Motion, Mr. Zavodnick should be awarded his reasonable attorney fees and costs associated

with defending this action. *Shrader v. Biddinger*, No. 10-CV-01881-REB-MJW, 2011 WL 1085524, at *8 (D. Colo. Mar. 10, 2011).

### VII. CONCLUSION.

WHEREFORE, Mr. Zavodnick respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction. In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in this case pursuant to C.R.S. § 13–17–201, and for such additional relief as this Court deems appropriate.

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

Respectfully submitted this 8th day of September 2020.

LaszloLaw

*s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

9

## CERTIFICATE OF SERVICE

      I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

      By:      s/ Michael J. Laszlo
                  Michael J. Laszlo