**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

Defendants.

---

**BENJAMIN ZAVODNICK'S RESPONSE TO PLAINTIFF'S MOTION TO FILE
SECOND AMENDED COMPLAINT**

---

**Mr. Zavodnick does not waive his defense of lack of personal jurisdiction in this matter, which is the subject of his Motion to Dismiss that has been fully briefed before this Court. [Doc. No. 63].**

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LASZLOLAW, and for his Response to Plaintiffs' Motion to File Second Amended Complaint (the "Motion"), states as follows:

**I.  INTRODUCTION**

It would be futile and unfair to allow Plaintiffs a second opportunity to amend their complaint. Yet again, Plaintiffs seek to amend their Complaint, which proposed amendment fails to cure the defects of their Amended Complaint. *See* Doc. Nos. 36; 61-2, 61-3. Mr.

1

Zavodnick has been forced to spend considerable time and money responding to two complaints, and now faces having to respond to yet another amended complaint in addition to preparing and filing this Motion. [Doc. No. 61]. Plaintiffs failed to cure the deficiencies of their original Complaint with their first Amended Complaint, and it is clear from their proposed Second Amended Complaint that Plaintiffs are using Rule 15 to make their complaint a moving target. Thus, further opportunity to amend the Complaint would be futile, unduly burdensome to Mr. Zavodnick, a waste of time and, cause significant expenses for Mr. Zavodnick.

## II.  PROCEDURAL BACKGROUND

- On March 17, 2020, Plaintiffs filed their Complaint against multiple Defendants, including Mr. Zavodnick. [Doc. No. 1].

- On June 10, 2020, Mr. Zavodnick filed a Motion to Dismiss for lack of personal jurisdiction because Mr. Zavodnick does not have any contact with Colorado. [Doc. No. 23].

- On July 14, 2020, Judge Jackson denied all pending Motions to Dismiss and requested all parties to submit letters to the Court per Judge Jackson's practice standards. [Doc. No. 34].

- On July 22, 2020, Judge Jackson recused himself from the case, and the matter was reassigned to Judge Domenico. [Doc. Nos. 37-38].

- On July 20, 2020, Plaintiffs filed their Amended Complaint. [Doc. No. 41].

- On August 3, 2020, Mr. Zavodnick again filed his Motion to Dismiss the Amended Complaint for lack of personal jurisdiction because, again, Mr. Zavodnick does not have any contact with Colorado. [Doc. No. 43].

- On August 24, 2020, Plaintiffs filed their Response to Mr. Zavodnick's Motion to

Dismiss. [Doc. No. 54].

- On August 31, 2020, Plaintiffs filed their Motion to File Second Amended Complaint. [Doc. No. 61].

- On September 8, 2020, Mr. Zavodnick filed his Reply in Support of his Motion to Dismiss. [Doc. No. 63].

### III.   LAW AND ANALYSIS

A motion for leave to amend a complaint, when not permitted as a "matter of course," Fed.R.Civ.P. 15(a)(1), may be granted only upon "the opposing party's written consent or the court's leave," *id.* 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Still, a court properly may refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Bililngs,* 568 F.3d 1224, 1229 (10th Cir.2009) (citing *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993)). A motion to amend may also be denied "when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target' [or to] 'salvage a lost case by untimely suggestion of new theories of recovery.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

### A.   Futility of Amendment.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir.1999). "The futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim," pursuant to Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Here, the Second Amended Complaint would not survive a motion to dismiss for lack of personal jurisdiction. Plaintiffs add only conclusory statements directly addressing the Court's personal jurisdiction over Mr. Zavodnick:

- "…and has targeted much of his YouTube and Twitter postings—that reach thousands of followers throughout the United States including in, upon information and belief, Colorado towards harming Goode in Colorado" [Doc. No. 61-2, ¶ 10];

- "…[Mr. Zavodnick and Mr. High have aimed activities that have caused harm that has been felt in Colorado, and have consented to jurisdiction in Colorado" [Doc. No. 61-2, ¶ 14].

Plaintiffs offer no facts to support or make plausible the contention that Mr. Zavodnick "consented to jurisdiction in Colorado." *Id*. Further, Plaintiffs' allegation of belief that Mr. Zavodnick's YouTube and Twitter postings "reach" Colorado is not plausibly pled and, as set forth in Mr. Zavodnick's Motion to Dismiss and Reply in Support thereof, fails to establish personal jurisdiction over Mr. Zavodnick. Mr. Zavodnick incorporates the arguments set forth in his Motion to Dismiss [Doc. No. 43] ("Zavodnick Motion to Dismiss") and Reply thereto [Doc. No. 63] ("Zavodnick Reply") by reference in this Response.

The additional allegations relating to Mr. Zavodnick do not establish personal jurisdiction of this Court. Plaintiffs seek to add the allegation that Mr. Zavodnick and others, as a part of an "Association," have appeared on "each other's YouTube channels to accuse Goode of criminal acts and support each others'[sic] live streams on multiple occasions." [Doc. No. 61-2, ¶ 128]. Plaintiffs then string-cite to three videos dates June 1, 2019, November 5, 2017, and August 23, 2020. *Id*. Nowhere in this allegation do Plaintiffs even suggest that Mr. Zavodnick *directed* his

4

actions at Colorado. Zavodnick Motion to Dismiss, at pp. 3-8; Zavodnick Reply, at pp. 2-5. Assuming, arguendo, that these allegations could be connected to the libel and/or slander claims, those claims are subject to a one year statute of limitations under Colorado law, and at least two of the occurrences are thus time-barred (*see*, C.R.S. § 13-80-103(1)(a)) and the August 23, 2020 allegation of "bashing" does not plausibly set forth a claim for libel or slander. *Rader v. Elec. Payment Sys., LLC*, No. 11-CV-01482-MSK-CBS, 2012 WL 4336175, at *7 (D. Colo. Sept. 21, 2012) ("In the absence of a clear description (preferably an outright quotation) of the allegedly defamatory statement, [defendant] has not plead a "plausible" libel claim under the pleading standards set out in [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)].")

Next, Plaintiffs seek to add the allegation that the "Association's" purpose is to "use extortion (specifically, through an email sent by Weidner) … to deprive him of his livelihood" [Doc. No. 61-2, ¶ 135] but offer no facts in support thereof that would raise the allegation to the level of "plausible." *Iqbal*, 556 at 678; Zavodnick Motion to Dismiss, at pp. 9-12; Zavodnick Reply, at pp. 6-7. Plaintiffs also seek to add the words "mail and wire" to a threadbare allegation of fraud, by the "Association," with nothing more in the way of a plausible fraud allegation. [Doc. No. 61-2, ¶ 138]. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and [she] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Lacy v. New Horizons, Inc.*, 348 F. App'x 421, 424 (10th Cir. 2009) *citing United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726 (10th Cir.2006).

Plaintiffs' proposed additions of the extortion allegations and of the words "mail and wire fraud by the Association" do not plausibly plead that Mr. Zavodnick *directed* his actions at Colorado. Zavodnick Motion to Dismiss, at pp. 3-8; Zavodnick Reply, at pp. 2-5. Nor do Plaintiffs make any attempt to connect the proposed new allegations to any cause of action. Assuming, arguendo, that these allegations could be connected to the RICO claim [Doc. No. 61-2, ¶¶ 170-172], they do not plausibly allege a cause of action that would, in turn, confer nationwide jurisdiction over Mr. Zavodnick. Zavodnick Motion to Dismiss, at pp. 9-12; Zavodnick Reply, at pp. 6-7.

### B. Plaintiffs Failed to Cure Deficiencies by Previous Amendments.

Except for a thin string-cite allegation regarding an August 23, 2020 YouTube post involving Mr. Zavodnick [Doc. No. 61-2, ¶ 128], nothing Plaintiffs seek to add by way of the Second Amended Complaint could not have been brought in the original Complaint, or the Amended Complaint. Plaintiffs' complaint has become a moving target for Mr. Zavodnick who has informed Plaintiffs' and their counsel of his position through conferrals and two motions to dismiss. Plaintiffs should not be afforded another opportunity to amend when they could have done so in their first amendment.

### C. Plaintiffs Second Amendment Will Unduly Prejudice Mr. Zavodnick.

As set forth in his Motion to Dismiss and Reply thereto [Doc. Nos. 43, 63], this Court does not have personal jurisdiction over Mr. Zavodnick. Mr. Zavodnick hired counsel, conferred with Plaintiffs' counsel on multiple occasions, has filed two motions to dismiss. Should this Court permit Plaintiffs yet another opportunity to amend their complaint, Mr. Zavodnick will be forced to again spend time and money conferring and drafting motion papers as the proposed

amendments are futile. This will greatly prejudice Mr. Zavodnick, who should be dismissed from this case.

## IV. CONCLUSION

WHEREFORE, Mr. Zavodnick respectfully requests that this Court deny Plaintiff's Motion to File Second Amended Complaint. In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in responding to Plaintiffs' Motion and for such additional relief as this Court deems appropriate.

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

Respectfully submitted this 10th day of September 2020.

LaszloLaw

*s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:   s/ Michael J. Laszlo
      Michael J. Laszlo