IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                    Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY,
BRAD WARKINS, and KIERSTEN MEDVEDICH

                                                    Defendants.

---

**DEFENDANT WEIDNER'S OPPOSITION TO PLAINTIFFS' PARTIALLY OPPOSED MOTION TO FILE SECOND AMENDED COMPLAINT**

---

**COMES NOW,** Jay Weidner, through undersigned counsel, Aaron Belzer and Ashlee Hoffmann of Burnham Law, and provides as follows:

### PROCEDURAL BACKGROUND

Plaintiffs initiated this lawsuit on March 17, 2020, with a fifty-three-page Complaint (ECF No. 1) that included sixteen disparate claims asserted against five defendants. Thereafter, three of the five defendants filed motions to dismiss, arguing that this Court lacked personal jurisdiction (Defendant Zavodnick, ECF No. 23) and that Plaintiffs failed to state a claim (Defendants Gaia, Inc., and Montalbano, ECF Nos. 17 and 26, respectively).

Having received the instructional benefit of at least two motions to dismiss under F.R.C.P. 12(b)(6), Plaintiffs attempted to amend their complaint to ameliorate its legal deficiencies and filed their First Amended Complaint ("FAC") on July 20, 2020 (ECF No. 36).

However, the FAC failed to address the substantive and pervasive deficiencies in the original complaint—instead, it added five pages, another claim, and three more defendants.

In response to the FAC, Defendant Zavodnick filed a motion to dismiss, arguing that this Court lacked personal jurisdiction (ECF No. 43).  Likewise, Defendant High filed a motion to dismiss, arguing that this Court lacked personal jurisdiction and that Plaintiffs had failed to state a claim upon which relief could be granted (ECF No. 42).

Moreover, in anticipation of the August 31, 2020, deadline to respond to the FAC and pursuant to DDD Civ. P.S. III(D)(1), undersigned conferred with counsel for Plaintiffs on a forthcoming motion to dismiss under F.R.C.P. 12(b)(6) in an email dated August 7, 2020.  In that extensive email conferral, undersigned delineated the legal premise for dismissal of each of the claims as to Defendant Weidner and explained the legal deficiencies in Plaintiffs' FAC in great detail.  Upon information and belief, similar conferrals occurred, either verbally or in writing, between Plaintiffs and several other defendants.

In response, Plaintiffs' counsel stated that she would request leave to file a Second Amended Complaint.  However, rather than specifically stating how the FAC would be modified, Defendants were only told that some claims would be dropped, and "[o]ther factual allegations will be supplemented and we anticipate removing some defendants from some of the claims based on newly-produced evidence and/or representations."  Likewise, instead of following the procedure delineated under D.C.COLO.LCivR 15.1(b), Plaintiffs filed a "Motion for Extension of Deadlines" (ECF No. 46), which—as this Court recognized—was more appropriately termed a Motion to Amend the FAC.  Subsequently, Plaintiff filed the instant "Motion to File Second Amended Complaint" (the "Motion") (ECF No. 61).

## LEGAL STANDARD

A party is allowed to amend is pleading "once as a matter of course" under F.R.C.P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  F.R.C.P. 15(a)(2).

Although "[t]he court should freely give leave when justice so requires," F.R.C.P. 15(a)(2), courts are justified in refusing to grant leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Moreover, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (*quoting Frank*, 3 F.3d at 1365–66).  Likewise, courts properly deny "a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' [or] 'to present "theories seriatim" in an effort to avoid dismissal.'"  *Id.* (citations omitted).

## ARGUMENT

First, Plaintiffs have "fail[ed] to cure deficiencies by amendments previously allowed."  *Frank*, 3 F.3d at 1365.  To be sure, the FAC failed to cure the deficiencies in the initial complaint.  Moreover, the proposed SAC would be subject to dismissal for largely the same reasons as the would be the FAC, and thus any additional amendment would be futile and would unduly prejudice Mr. Weidner.  *See id.*  Furthermore, Plaintiffs' proposed SAC is a moving target and each iteration of the three complaints appears to revise the factual allegations, rather

3

than the legal claims—something Plaintiffs fail to adequately explain in their Motion given that the facts upon which their claims are premised presumably have not changed.[1]

Here, after the deficiencies in the original complaint were pointed out in three separate motions to dismiss, Plaintiffs filed their FAC in an attempt to cure those defects. Plaintiffs' FAC, however, failed to cure the issues. Thus, undersigned contacted Plaintiffs' counsel to confer regarding a forthcoming motion to dismiss the FAC. That email noted that the FAC had failed to correct the issues in the original complaint (which several other defendants pointed out at length in their motions to dismiss) and outlined the ongoing deficiencies still contained in the FAC. Indeed, that email was essentially a "how-to" guide to fix the problems in the FAC. Exhibit 1 (2020.08.07 Email Between Counsel).

Thereafter, Plaintiffs sought to cure the defects in the FAC by seeking leave to file another amended complaint. However, although Plaintiffs were notified of the deficiencies in the FAC, the SAC was revised only insofar as it dropped some claims. But most importantly, Plaintiffs failed to fix the defects with the claims they kept. Glaringly, the claims remaining in the SAC were not changed and did not address any of the issues raised during the conferral, specifically regarding Mr. Weidner. Those claims are therefore still subject to dismissal for failure to state a claim. This amply satisfies the definition of futility. *See Jefferson Cty. Sch.*

---

[1] Other than moving the goalposts and tenuously asserting new theories in a naked attempt to avoid dismissal of their poorly pled complaints, Plaintiffs offer no explanation for the different factual allegations in each of the complaints. Nor do they provide real justification for their request for leave to file a third complaint. The sole paragraph explaining Plaintiffs' request provides merely: "Plaintiff has now finalized its Second Amended Complaint in order to respond to arguments raised by Defendants with whom Goode has conferred and has limited substantially its claims and added factual content to those remaining." Instead, nearly the entirety of the Motion is a recitation of the procedural and background facts of this case. However, the SAC does not actually address the issues undersigned raised in the conferral email.

*Dist. V. Moody's Investor's Servs.*, 175 F. 3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended would be subject to dismissal.")

Succinctly, as to Mr. Weidner, the SAC would not survive a motion to dismiss for failure to state a claim—for largely the same reasons that the initial complaint and the FAC would not have survived dismissal. As an initial matter, Claim II (RICO) is premised solely on conspiracy to commit predicate acts—yet Plaintiffs only broadly allege mail and wire fraud as to the Gaia defendants in Claim I—not Mr. Weidner—and then sweepingly alleges "conspiracy" as to all defendants in Claim II. Such broad allegations fail to state a claim. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (applying the particularity requirement of F.R.C.P. 9(b) to claims of mail and wire fraud and dismissing RICO claim for failure to plead time, place, contents of false representation, identity of party making false statements, and the consequences thereof).

Likewise, Claims II and V, alleging federal and state trademark infringement, fail to plead how and when the purported trademarks were violated by Mr. Weidner, contain only conclusory allegations, and do not even identify what trademarks Mr. Weidner used in an infringing manner "in commerce." Indeed, there are no specific factual allegations as to Mr. Weidner on this topic at all.

Similarly, Claims IV and VI (false designation and unfair competition) fail to plead that Mr. Weidner used in commerce a designation that falsely represented the origin, sponsorship, or approval of goods. The SAC also fails to allege *any* factual allegations that would support a claim that Mr. Weidner engaged in an unfair practice.

Moreover, the SAC also fails to allege even the basic elements of a breach of contract claim as to Mr. Weidner (namely, that he and Plaintiffs entered into a contract), and therefore Claim VIII (breach of contract) is subject to dismissal.

Likewise, Claims XIII and XIV (Slander per se and libel per se) recite only threadbare, conclusory statements—and in doing so, still fail to plead malice to overcome Plaintiffs' admission that Mr. Goode is a public figure.  Again, these claims are subject to dismissal.

Finally, Claim XV (tortious interference with business expectancy) fails to state a claim because the SAC only alleged that Mr. Weidner "spoke to the heads of CLE, CITD and NLE and told them not to invite Goode to their Conferences."  This does not meet the element of "improper" interference by the use of "wrongful means"—which includes use of physical violence, fraud, civil suits, and criminal prosecutions *but not* persuasion or economic pressure. *See Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.*, 690 P.2d 207, 210–11 (Colo. 1984) (relying on Restatement (Second) of Torts § 768 (1977)).

Second, allowing Plaintiff to file a SAC would be unduly prejudicial to Mr. Weidner. Mr. Weidner has already incurred fees for reading three iterations of Plaintiffs' flawed complaint.  Affording Plaintiffs yet another bite at the apple would only continue to run up Mr. Weidner's costs, delay the case, and would unduly prejudice him.  Although "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice," *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009), as described herein several other factors militate in favor of denying Plaintiff's Motion.

Next, Plaintiffs' numerous amendments are also plainly a moving target.  New parties have been added, new theories have been developed, and the overall factual allegations appear to be tailored in each subsequent amendment to fit the new narrative Plaintiffs conjure in response to multiple defendants pointing out the fatal errors in the various complaints—to the extent they address Defendants' issues at all.  However, the amendments fail to do even that.  Indeed, Plaintiffs are attempting to "salvage a lost case by untimely suggestion of new theories of

6

recovery," and are asserting "'theories seriatim' in an effort to avoid dismissal.'" *Minter*, 451 F.3d at 1206.  To be sure, it appears that all of the material allegations could have been asserted in the first two complaints, but Plaintiffs did not to do so.

Accordingly, because Plaintiffs complaints are a moving target, and because allowing Plaintiff leave to file the SAC would be futile and unduly prejudice Mr. Weidner, the Motion must be denied.

### CONCLUSION

WHEREFORE, Mr. Weidner respectfully requests this Court deny Plaintiff's Motion to File Second Amended Complaint.  As well, Mr. Weidner respectfully requests this Court award him reasonable costs and attorney fees incurred in responding to the Motion, along with any other relief this Court deems just and proper.

Date: September 21, 2020              Respectfully submitted,

*/s/ Ashlee Hoffmann, Esq.*_____
Aaron Belzer, Esq.
Colorado Bar Number 47826
Ashlee Hoffmann, Esq.
Colorado Bar Number 53818
Burnham Law
2760 29th Street, Suite 1E Boulder, CO 80301
303-990-5308
aaron@burnhamlaw.com
ashlee@burnhamlaw.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

7

## Certificate of Service

      I hereby certify that on September 21, 2020, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/EDF system which will send notification of such filing to the following e-mail addresses:

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilbert, LLP
1740 Broadway
New York, NY 10019
212-237-1488
212-468-4888 (fax)
ddingerson@dglaw.com
Attorneys for Gaia, Inc.

Clif High
4305 Biscay Street NW
Olympia, WA 98502
Pro Se

Michael Jacob Laszlo
Laszlo & Associates, LLC-Boulder
2595 Canyon Boulevard
Suite 210
Boulder, CO 80302
303-926-0410
303-443-0758 (fax)
mlaszlo@laszlolaw.com
Attorney for Benjamin Zavodnick

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
512-826-7553
valerie@yanaroslaw.com
Attorney for Goode Enterprise Solutions, Inc.
Attorney for James Corey Goode

                                                            */s/ Brittany Breeden*
                                                            Brittany Breeden
                                                            Burnham Law