**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiffs,

v.

GAIA, INC., a Colorado corporation,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

    Defendants.

---

**DEFENDANT GAIA, INC.'S UNOPPOSED MOTION TO
EXCEED THE WORD LIMIT IMPOSED BY DDD CIV. P.S. III(A)(1)**

---

**PLEASE TAKE NOTICE** that Defendant Gaia, Inc. ("Gaia"), by and through its respective undersigned attorneys, hereby moves this Court, unopposed, to exceed the word limit imposed by Judge Domenico's Practice Standard for Civil Cases III(A)(1) with respect to Gaia's

forthcoming motion to dismiss the Second Amended Complaint[1], currently due on October 21.[2] In support of this Motion, Gaia states as follows:[3]

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. filed the initial Complaint asserting sixteen separate causes of action. (Dkt. 1). On June 8, 2020, Gaia filed a Motion to Dismiss and a Memorandum in Support, in which Gaia argued, *inter alia*, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted and pointed out numerous deficiencies in the form and the substance of the allegations. (Dkt. 16-17).

Rather than opposing Gaia's Motion to Dismiss, Plaintiffs filed the First Amended Complaint on July 20, 2020; rather than remove claims that were clearly deficient as a matter of law, Plaintiffs actually added a claim, thereby asserting seventeen separate causes of action. (Dkt. 36).

Subsequently, pursuant to Judge Domenico's Practice Standards, Gaia and Plaintiffs conferred regarding a proposed motion to dismiss the First Amended Complaint. *See* DDD Civ. P.S. III(D). At least partially in response to those conferrals, Plaintiffs indicated an intent to further amend the complaint, and on August 31, 2020, Plaintiffs filed a Motion [for Leave] to File a Second Amended Complaint, attaching as an exhibit a proposed Second Amended

---

[1] For purposes of this Motion, Gaia assumes that the proposed Second Amended Complaint, filed by Plaintiffs as an exhibit to their Motion for Leave (Dkt. 61), will be the operative pleading requiring a response by Gaia.

[2] The Court granted the Joint Motion of Gaia and two other Defendants and entered an Order making the response to the proposed Second Amended Complaint due by October 12 (Dkt. 52); later that day there was a text entry on the docket setting Gaia's response date to October 21, potentially a transcription error. (Dkt. 57).

[3] Pursuant to Local Civil Rule 7.1(a), Gaia conferred with Plaintiffs concerning this motion and the relief being sought herein. Plaintiffs, through their counsel, do not oppose the relief requested.

Complaint including 213 numbered paragraphs and asserting thirteen separate causes of action, twelve of which are pleaded against Gaia. (Dkt. 61). The Court has not yet ruled on Plaintiffs' August 31, 2020 Motion or approved the proposed Second Amended Complaint for filing.

Gaia again conferred with Plaintiffs, this time regarding Gaia's proposed motion to dismiss the Second Amended Complaint, which failed to remedy numerous defects as previously outlined in conferrals and in Gaia's filed Motion to Dismiss. During that conferral, Plaintiffs' counsel represented to Gaia's counsel that Plaintiffs did not intend to make further amendments to their claims or allegations. Accordingly, Gaia intends to file a motion seeking dismissal, in whole or in part, of all of the still-asserted claims. In advance of that motion, Gaia now requests leave to submit a brief that exceeds the 4,000 word limit imposed by Judge Domenico's Practice Standards. *See* DDD Civ. P.S. III(A)(1). This Motion is being filed more than three business days prior to the date the motion is due. *See* DDD Civ. P.S. III(A)(5).

In support of this request, Gaia notes that Plaintiffs have filed a complaint exceeding 40 pages, with 213 numbered paragraphs (many of which contain multiple allegations), 13 causes of action, and 14 exhibits. Plaintiffs proposed Second Amended Complaint is not just long, it alleges a diverse cross-section of unrelated legal claims, including: breach of contract; trademark infringement; various torts including defamation, unfair competition, and tortious interference; and, claims brought pursuant to federal RICO statutes. In order to adequately address the wide-ranging allegations and claims, to identify to the Court the numerous deficiencies in the Second Amended Complaint, and to avoid being prejudiced by being forced to defend claims that are not supported by plausible allegations, Gaia requires additional words for its brief. In making this request, Gaia is mindful of the Court's time and attention, and does so only so that Gaia can

present the Court with arguments that will identify the deficiencies in the Second Amended Complaint and thereby save the resources of the Court, and the parties, from further unnecessary litigation, discovery, and/or motion practice.  Accordingly, rather than delaying the proceedings, addressing Plaintiffs' deficient claims at this early stage will ultimately serve to promote judicial efficiency.

In making this request Gaia would be remiss in failing to point out that the issues that Gaia now seeks to identify in its motion to dismiss have already been exhaustively raised with the Plaintiffs on three occasions—in writing via Gaia's previously filed Motion to Dismiss, and in two lengthy conferrals pursuant to Judge Domenico's Practice Standards—and Plaintiffs have yet to remedy many deficiencies and insurmountable pleading failures that continue to appear in the Second Amended Complaint.[4]  Gaia is thus left with no alternative but to brief the issues for the Court.  Plaintiffs have consented to this request and will not be prejudiced by it.

Gaia therefore requests that it be permitted up to 9,000 words to brief its arguments for dismissal of the twelve claims remaining against Gaia.  Gaia will make every effort to submit a brief that is as far as possible below that proposed maximum, but it would be impossible to address all of the key substantive arguments for dismissal of the Second Amended Complaint within the current maximum of 4,000 words or without a significant increase to that maximum.  To be equitable, and as proposed by Gaia to Plaintiffs, Gaia consents to the Plaintiffs receiving for their response brief the same leave given to Gaia on its motion to dismiss.

---

[4] In response to Gaia's efforts to identify the numerous deficiencies in the various versions of the complaint, Plaintiffs removed four claims that had no factual or legal support, including two "claims" that are not even recognized causes of action under Colorado law.  While such revisions addressed potentially sanctionable conduct, by no means did such amendments address all of the issues and deficiencies with Plaintiffs' claims.

**WHEREFORE**, Gaia respectfully request that this Motion be granted and that the word limit applicable to Gaia's forthcoming motion to dismiss be extended to 9,000 words, together with such other and further relief as the Court deems just and proper.

Dated: September 22, 2020                              **DAVIS & GILBERT LLP**

By:  /s/ *Ina B. Scher*
Daniel A. Dingerson
Ina B. Scher
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: ischer@dglaw.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2020, I caused a copy of the foregoing Defendant Gaia, Inc.'s Unopposed Motion to Exceed the Word Limit Imposed by DDD Civ. P.S. III(A)(1) to be served on all other parties by filing it on the Court's ECF system.

                                                          /s/ Ina B. Scher
                                                            Ina B. Scher