UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES COREY GOODE, and GOODE ENTERPRISE SOLUTIONS, INC. § § §  Plaintiff § § v. § § BENJAMIN ZAVODNICK, ET AL. § § Defendant § § § | No. 1:20-CV-00742-DDD-KLM |

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS, INC.'S REPLY TO ZAVODNICK'S RESPONSE TO MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs"), and files their Reply to Defendant Zavodnick's ("Defendant" or "Zavodnick") Response to Plaintiffs' Motion to Amend Complaint ("Response").

**SUMMARY OF ARGUMENT**

Plaintiffs' Second Amended Complaint ("SAC") should be allowed because the amendment is not futile and instead cures alleged deficiencies in the prior pleading by revising the claims in response to Defendant's (and other Defendants') MTD. The amended complaint raises no new theories and instead narrows the claims and alleges facts with greater specificity. Plaintiffs'

SAC is not a "moving target" for the same reasons. Finally, Defendant will not be prejudiced by the amendment, most notably because the case is in its infancy and Defendant has not even addressed the issues raised in its Response in its two prior motions to dismiss, but also because it goes above and beyond to clarify the issues and claims beyond the requirements necessary for a complaint under FRCP 8 and 9.

## ARGUMENT AND AUTHORITY

In his Response, Defendant states that amendment will be futile and that Plaintiffs' SAC is a "moving target". As explained below, neither of these arguments are in any way appropriate in this case, especially taking into consideration the posture and stage of the case. Relatedly, Defendant is not in any way prejudiced by the amendment given the case stage and the lack of engagement of Defendant in the proceedings to date.

District courts should withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Denial for undue delay is appropriate "when the party filing the motion has no adequate explanation for the delay" and the delay results in prejudice to the nonmoving party. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (denying leave to amend in a multi-year litigation where plaintiff learned of stipulations on which amendment was based more than six months prior to seeking leave).

As explained in its Motion for Leave to file Second Amended Complaint, the additions to the SAC are in response to arguments raised by Defendant (and all defendants in the instant litigation) and are in alignment with Judge Domenico's practice standards. As shown in its Response to the MTD (the "Response to MTD" at docket 54), Plaintiffs' RICO claims are amply supported by the allegations in its Original Complaint, and all amendments thereto, in addition to evidence referred to therein and more specifically bore out in its Response to MTD.

1. **Amendment is not Futile, nor is the SAC a "Moving Target"**

Plaintiffs have added multiple allegations, facts and evidence in connection to Defendant's jurisdictional ties to Colorado in its SAC and also in its Response to MTD. Notably, Plaintiffs supplemented the allegations that Defendant has directed its activities towards Plaintiffs and Colorado and includes a plethora of cites to videos in which Defendant targets its videos towards Plaintiffs in Colorado and outlines how the harm is felt by Plaintiffs in Colorado (see Docket 54 at 4-5, 7-9 and 10-13; Docket 61 at paragraphs 10, 15, 58, 89, 100-102 and 104). This Circuit has allowed amendments of complaints—especially when a case is in its infancy—liberally, especially when amendments cure alleged deficiencies by defendants. In a case further along in the litigation than the case at bar, the Court declined to disallow an amended complaint that was alleged to be a "moving target" by the defendant:

> "Plaintiff's proposed amended complaint cures deficiencies in the original pleading by revising the claims in response to defendant's Motion. The amended complaint raises no new theories. Rather, it narrows the claims and alleges facts with greater specificity. Defendant is therefore not disadvantaged by a "moving target" complaint, nor is the amendment futile"

*Larson v. FGX INTERNATIONAL, INC.*, 2015 WL 1034334 (D. Kan. 2015) Order at Docket 21 (attached as Exhibit A). In fact, although the case moved along even further beyond the first

amended complaint, the Court allowed a second amended complaint. *Id*. Here, Plaintiffs have added factual allegations with regard to the specific arguments by Defendant related to the jurisdictional issues raised by its MTD in addition to including more specificity related to specific claims. Multiple claims were dropped by Plaintiffs. Therefore, the SAC is not futile nor is it a "moving target".

### 2. Defendant is Not Prejudiced by the Amendment

Absent prejudice to the nonmoving party, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman* at 182. Defendant attempts to enter additional arguments, more properly pled in his Motion to Dismiss ("MTD" at Docket 43) in his Response in order to get another bite at the apple. In Defendant's MTD, he raises only a jurisdictional argument under Federal Rule of Civil Procedure ("FRCP") 12(b)(2) and the requisite 12(b)(6) argument in relation to the Racketeer Influenced and Corrupt Organizations Act ("RICO") in order to attempt to dismiss Plaintiffs' claims against him. As such, his statement that "Zavodnick has been forced to spend considerable time and money responding to two complaints" is misplaced. At most, Defendant has responded to the jurisdictional allegations by Plaintiffs.

Similarly, Defendant's engagement has been minimal—if at all—in any of the discussions between the parties with regard to amendments, motions and scheduling. Instead of considering Defendant's late-pled arguments included in its Response, this Court should enter the SAC and consider any remaining arguments under FRCP 12(b)(6) in a forthcoming motion to dismiss from Defendant. Discovery has not even yet begun, nor has Defendant addressed all claims by Plaintiffs

in a responsive filing. Some defendants have consented to entry of the SAC. As such, no prejudice will occur to Defendant and Plaintiffs respectfully request the SAC be entered in the record.

## CONCLUSION

As explained above, this Court should deny Defendant's request to prohibit Plaintiffs' proper amendment and enter the SAC into the record, making it the operative complaint in this litigation.

Dated: September 24, 2020                    Respectfully Submitted,

/s **VALERIE A. YANAROS**
**VALERIE YANAROS**
**TEXAS BAR NO. 24075628**
**YANAROS LAW, P.C.**
**5057 KELLER SPRINGS RD, SUITE 300**
**ADDISON, TX, 75001**
**TELEPHONE: (512) 826-7553**
**VALERIE@YANAROSLAW.COM**

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on September 24, 2020 with a copy of this document via the Court's ECF system.

Dated:       September 24, 2020                    */s/ Valerie A. Yanaros*

                                                    Valerie A.  Yanaros