IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KRYSTAL LARSON,
On behalf of herself
and all others similarly situated,

        Plaintiff,

v.                               Case No. 14-2277-JTM

FGX INTERNATIONAL, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This action is brought by plaintiff Krystal Larson against defendant FGX International, Inc. for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and state law. Plaintiff proposes a class of similarly situated persons employed by defendant. Before the court are defendant's Partial Motion to Dismiss (Dkt. 11) and plaintiff's Motion for Leave to Amend Complaint (Dkt. 18). The court grants plaintiff's Motion for Leave to Amend and denies defendant's Motion to Dismiss as moot.

**I. Background**

Plaintiff is a "Merchandiser" employed by defendant to collect and record product placement and inventory information from retail stores. (Dkt. 1, at 2). Merchandisers drive to multiple retail stores each day, using their own vehicles. (Dkt. 1, at 2). Plaintiff alleges that defendant inadequately reimburses Merchandisers for

1

transportation and other work-related expenses. (Dkt. 1, at 2). She further alleges the unreimbursed expenses, when debited from a Merchandiser's wage, yield earnings below minimum wage and without overtime pay. (Dkt. 1, at 2).

The relevant facts are primarily procedural. Plaintiff filed the complaint (Dkt. 1) on June 9, 2014. Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Class Action Allegations (Dkt. 11) on August 1, 2014. Plaintiff filed an unopposed Motion for Extension of Time to File Response on August 22, 2014. (Dkt. 14). The court granted a thirty-day extension to file a response (Dkt. 15). Plaintiff did not file a response; rather, she filed an amended complaint (Dkt. 16) without leave from the court on September 22, 2014. Defendant filed a Reply (Dkt. 17) in support of its Partial Motion to Dismiss on October 3, 2014, noting that plaintiff had filed an amended complaint out-of-time and without leave. Plaintiff filed a Motion for Leave to Amend Complaint (Dkt. 18) on October 7, 2014, and described her failure to request an extension to amend as of course as "inadvertent[]." (Dkt. 18, at 2).

The court first considers plaintiff's Motion for Leave to Amend (Dkt. 18) because its outcome affects defendant's Partial Motion to Dismiss (Dkt. 11).

## II. Analysis

### A. Leave to Amend Complaint (Dkt. 18) is Granted

The Federal Rules of Civil Procedure plainly state the parameters for amending a pleading:

> A party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

2

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). After the 21 days, a party may amended the pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Courts should freely grant leave when justice so requires. FED. R. CIV. P. 15(a)(2).

The Supreme Court has determined district courts should withhold leave to amend only for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Denial for undue delay is appropriate "when the party filing the motion has no adequate explanation for the delay" and the delay results in prejudice to the nonmoving party. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted) (denying leave to amend in a multi-year litigation where plaintiff learned of stipulations on which amendment was based more than six months prior to seeking leave); *accord Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Leave to amend should be denied where the amendment raises new theories late in the litigation or plaintiff is "using Rule 15 to make the complaint 'a moving target.'" *Zokari v. Gates*, 561 F.3d 1076, 1086 (10th Cir. 2009) (quoting *Viernow v. Euphrides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). Absent prejudice to the nonmoving party, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he

3

ought to be afforded an opportunity to test his claim on the merits." *Forman*, 371 U.S. at 182.

Here, plaintiff filed an amended complaint without leave thirty days after her right to amend as of course expired. She moved for leave to amend only after defendant addressed the out-of-time amended complaint in its Reply. Plaintiff explains her delay as "inadvertent[]." (Dkt. 18, at 2). The delay is not well-explained, but is also not prejudicial to defendant. Plaintiff sought leave to amend less than two months after her right to amend as of course expired, just four days after defendant noted her filing error. Plaintiff filed no prior amendments and nothing indicates she intends to protract the litigation by amending the complaint. Plaintiff's proposed amended complaint cures deficiencies in the original pleading by revising the claims in response to defendant's Motion. The amended complaint raises no new theories. Rather, it narrows the claims and alleges facts with greater specificity. Defendant is therefore not disadvantaged by a "moving target" complaint, nor is the amendment futile. Further, it is early in this litigation; the amendment will not prejudice defendant by introducing a late-developing theory on the eve of trial, nor will it render prior discovery invalid. Defendant is not prejudiced by an amendment of this nature at this time.

The rules plainly require leave to file an out-of-time amendment. Nevertheless, justice does not demand that the court deny plaintiff leave to amend, grant defendant's motion to dismiss without prejudice, and then allow plaintiff to try her claim on its merits only after re-filing the same amended complaint now contemplated. Plaintiff may proceed on the merits of her case. Leave to amend is GRANTED.

4

*B. Partial Motion to Dismiss (Dkt. 11) is Moot*

Defendant's Partial Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Class Action Allegations (Dkt. 11) is pending. The Motion is directed at the original complaint (Dkt. 1). Defendant argues that the Partial Motion to Dismiss is unopposed because plaintiff filed an amended complaint, rather than a response. However, leave to amend the complaint renders the original complaint (Dkt. 1) moot. Therefore, defendant's pending motion is also moot.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2014, that defendant's Partial Motion to Dismiss (Dkt. 11) is DENIED and plaintiff's Motion for Leave to Amend (Dkt. 18) is GRANTED. The clerk of the court is directed to file plaintiff's first amended complaint (Dkt. 18-1) as of the date of this order. The first amended complaint is now at issue and supersedes the original complaint in this matter.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE