IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
3:53 pm, Sep 25, 2020
JEFFREY P. COLWELL, CLERK

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.
                              Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKARYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

                    Defendants.

_____

 CLIFF HIGH'S RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT
_____

Comes now, Cliff High  files this  Response to Plaintiff's Motion for Leave to File  Plaintiff's Second Amended Complaint (SAC) Doc. No. 61 filed on September 25, 2020.

The Defendant is acting *pro se* and begs the Court's indulgence with errors of form or format.

The Defendant does not waive his defense of lack of personal jurisdiction in this matter as presented in Doc No73, some elements of which are provided herein.

Plaintiff's Motion to file a Second Amended Complaint [Doc. No. 61] should be denied as no deficiencies are  corrected over previous versions. Further, the changes between the Filed Complaint (Doc 1), and First Amended Complaint (Doc 36), and Second Amended Complaint (Doc 61), have increased the deficiencies as regard to Defendant High, and produced the appearance of violations of FRCP Rule 11(b)(1), and (2), and (3).

2

# I. Introduction

Plaintiff's Second Amended Complaint  continues to fail to provide  facts against which  a defense may be constructed by Defendant High. It would be a costly burden to the defendant to allow Plaintiff to file a second amended complaint that corrects no deficiencies.

Defendant High would be under an immediate burden to seek a Motion to Dismiss as Plaintiff, and Plaintiff's attorney have withheld, and concealed material fact affecting Plaintiff's ability to purse this case in good faith as per Rule 11 as is detailed in Argument, and supplemented by Exhibit A and B.

# II.  Argument

In order to spare the Court's time and attention, Defendant notes that in Plaintiff's SAC, Nature of Action, and Jurisdiction and Venue,  paragraphs 9 and 15, as well as many of the claims of damage by tarnishing or demeaning of TM's, have been dealt with in Defendant's Reply to Plaintiff's Response (Doc 73) demolishing claims of jurisdiction by claim of consent, business activities, or

"publishing" of online content.

As noted in Doc 73, in the SAC, paragraph 13, Plaintiff states all subsequent claims to supplemental jurisdiction over Goode's common law and state law claims of defamation, deceptive trade practices, et al, rely on the Lanham claims as the foundation of the claim of this Court's original jurisdiction, absent the spurious RICO claims.

Plaintiff's TM was granted for "Blue Avians" in 2018. Defendant's TM was granted for "Blue Chicken Cult" in 2019. As these are both USPTMO TM's, this is clearly evidence of no defamation, nor usurpation, nor tarnishing, of Plaintiff's TM by Defendant's TM.

Further, during the period claimed from 2017 through to the present, Plaintiff has owned an internet domain name of "BLUECHICKENCULT.COM" indicating no damages from the phrase during those years, in direct contention with current claims. This was owned by his business's name GES. By registration of this domain, Plaintiff demonstrates intent to use

4

Defendant's copyrighted and trademarked term for commercial purposes. That it was hidden from this court cannot be easily considered an accidental oversight.

Plaintiff has claimed in SAC and in the Response to Defendant's MTD (Doc 62, September 7, 2020) that his many followers in Colorado and elsewhere have been damaged by the phrase "blue chicken cult", yet there exists video  of Plaintiff with celebrity podcaster Jenny McCarthy, as provided by Plaintiff's complaint (page 26), in which the 'blue space alien chicken' meme is being proudly highlighted by the host of the show, and by the Plaintiff, clearly indicating no damage to the Plaintiff, and his status as a 'public figure'.

Plaintiff's  states in paragraph 58, the first of the claims against Defendant, that it was untruths and baseless statements made by the 'group' of defendants which caused harm to Plaintiff without providing examples of either statements, nor damages.

The changing theory being developed as the original Complaint is altered into the Second Amended has shifted emphasis to

Plaintiff's employment with Defendant GAIA, and is attempting to characterize Defendant High's actions as participatory without either example or description, making a defense impossible as no facts are provided.

As referenced in Defendant Doc 73., Plaintiff states that Defendant High has "claimed that he coined the term Blue Chicken Cult" as a way to demean and tarnish Goode's claimed 'mark' ". This claim by Plaintiff is neither factual, nor plausible. The creation and use of the term "blue (space) chicken cult" by Defendant High underlinepredates Plaintiff's claimed mark use "blue avians". As noted by Plaintiff's Response (Doc 62, Introduction), Defendant High's use of the term "blue (space) chicken cult" started "at least" in 2017. This is reasonably interpreted to mean that plaintiff's attorney is aware that Defendant had used the term prior.

Plaintiff has "Blue Avians" filed as a 'word mark' on March 6th, 2018. Plaintiff's own filing provides the claimed damaging phrase was in use by Defendant prior to 2017.

The defendant was issued the following

NOTICE OF ALLOWANCE (NOA)

ISSUE DATE: Nov 5, 2019

U.S. Serial Number: 88420556
Mark: BLUE CHICKEN CULT BLUE SPACE CHICKEN CUL etc.

This substantiates that the Blue Space Chickens Mark was issued to Defendant High. Plaintiff may not claim damage against Plaintiff's mark by Defendant's use of Defendant's mark.

Plaintiff did not object during the process of Defendant obtaining said Mark from the US PTMO. No complaint has been made by Plaintiff to US PTMO over this mark said to cause damage.

As Lanham does not apply when the events predate the creation of the claimed mark, Defendant High would not be under the jurisdiction of this Court.

Plaintiff has not met the burden of factual, nor plausible attribution of damages to Defendant High's copyrighted and trademarked,  phrase 'blue (space) chicken cult', nor any other

actions by defendant.

Plaintiff  is being duplicitous  in any claims to damage or damages by the term "Blue Chicken Cult" as Plaintiff had registered that phrase as a domain name  with  GoDaddy.Com on 2017-09-10. It expires on 2021-09-10, and was last updated on 2019-09-11. This use of the copyrighted and TM term of Defendant High clearly shows that Plaintiff had no damages resulting from the term to, and including date of, filing this Motion to file the SAC. Further it establishes that Plaintiff, and his attorney, were aware of the creation of the  term and its use prior to 2017. Plaintiff last renewed the domain registration on 2019-09-11 which is  within the period in which he is claiming damages from use of that term. It is this term solely which has been cited as both defamatory and damaging. No other examples of any actions by Defendant are provided.

Plaintiff sought to own the TM  term created by Defendant High, and began the process of profiting  by registering it as a domain name for the purposes of commerce.

Registration records:

https://whois.domaintools.com/bluechickencult.com

### *RICO*

 Plaintiff provides no credible, plausible, or factual support for the claims made of an "enterprise" in support of RICO claims.

The contacts between individuals  referenced by Plaintiff do not meet requirements of  "associated-in-fact" nor are any examples of "racketeering activity" provided as is required.

Within the RICO cited support by Plaintiff, paragraphs 103, and 104 of SAC, are statement that Defendant took to social media to threaten and defame. The tweet referenced is clearly not a threat, uses language to point to the umbrage created by Plaintiff and his associate David Wilcock from their GAIA TV Show as is indicated by the first line of the offered tweet.

Defendant High's actions, as regards Plaintiff, from 2015 through to present, are informed by his understanding that Plaintiff, and David Wilcock, while at GAIA creating a TV show, the conceit of which was that the plot line was Plaintiff's actual,

experienced, life story, developed many of their shows from Defendant's copyrighted ALTA (Asymmetric Linguistic Trends Analysis) reports. In 2015, Defendant became aware that Plaintiff's TV plot line was deviating in response to  material in Defendant's reports. Defendant High contacted Defendant Weidner at that time to protest this linkage, and was rebuffed. As the copyright violations being broadcast by the GAIA TV show caused problems with Defendant's proprietary data mining process, causing technical irritation on a continuing basis, it necessarily framed all the continuing aggressive acts from Plaintiff and his associates as personal to Defendant High which led defendant to employ a certain color in his language on social media when speaking of Plaintiff's action in a critical manner. It is noted Plaintiff provides no examples of any threats, nor damages. Defendant posits that Plaintiff's claims of space travel with 8 foot Blue Avian Space Aliens would make his claims of damages from Defendant's actions impossible to substantiate and enumerate, as well as trivial should his claims of being a time traveling

astronaut be factual.

Plaintiff's hundreds of paragraphs have only one explicit fact provided to any action by Defendant High. There are no other facts provided, only allegations and claims of enterprise without proof.

Plaintiff's RICO claims are based on an 'enterprise' that exists only in Plaintiff's imagination as he so demonstrates by labeling all the defendant's as being within a "Dark Alliance" on his social media. (excepting, perhaps, recent GAIA additional defendants).

Plaintiff describes his fiction of an "association" as, "The Dark Alliance", and defames Defendant High, and others, by inclusion as Plaintiff's description includes off-planet crimes, and capital crimes here on Earth.   No factual representations are provided of this alleged conspiracy worthy of RICO prosecution, that also claims  described,  and unnamed, off-planet members.

 No facts are offered by Plaintiff in any pleading  to substantiate claimed association-in-fact. Defendant High has never had any contact with GAIA defendants excepting  emails,

expressing umbrage over Plaintiff's statements in GAIA produced videos, sent to Jay Weidner shortly before he left his employment there.

This is continuing abuse of the defendants in general, and Defendant High in particular, by the Plaintiff that has been on going since 2015. Plaintiff alleges conspiracy, criminal activity of the most heinous (and interplanetary) nature on social media, and now brings such spurious allegations to this Court. Plaintiff provides no supporting facts for the claimed conspiracy to obtain the Plaintiff's businesses and intellectual property, which did not exist at the time of the inception of the "dark alliance" Plaintiff sees raised against him. The Plaintiff's actions in pursuing this suit are an attempt to make the Court an unwitting accomplice in validating his claims to be fighting intergalactic space aliens and renegade space pirates, as well as, here on planet Earth, a 'dark alliance cabal', that he says includes defendants, lumping them in with sex trafficking and other illegal acts in an egregiously defamatory manner.

12

Plaintiff alleges 'defamatory statements' and 'threats of violence' being produced for 'years' by Defendant High, yet provides no examples. Plaintiff also fails to note that he maintains his own Youtube channel where his content is attacking , by defamatory edits, Defendant High. In plaintiff's Youtube channel, Corey Goode, there are 12 videos, with half being focused on defendants in defamatory ways.

Plaintiff claims that Defendant 'targeted Youtube users' in Colorado. Plaintiff alleges that 'much' of Defendant High's video production targets Plaintiff.  This is not factual. Defendant High has over 150 videos on his YouTube channel covering a wide range of subjects, the vast majority of which do not include references to Plaintiff.   Plaintiff cites no  videos in support of this claim.

Defendant High was responding to aggression and attack and theft of copyrighted material by Plaintiff, via videos stored on Section 230 platforms on the internet without regard as to where they would be viewed.

Defendant  High asserts that the Court does not have either

13

criminal, nor civil, RICO jurisdiction for the reason that the claimed "enterprise" has not been factually supported, and no examples of the predicate crimes, as required, are provided. Plaintiff alleges "mail fraud" without providing supporting fact. Plaintiff alleges pattern activity without example, nor fact. Plaintiff is attempting to qualify the acts of the defendants, individually responding to aggression and attack by Plaintiff, collectively under RICO, as an 'enterprise'. No supporting facts are offered.

Plaintiff alleges that Defendant High used Plaintiff's marks without providing any substantiation. As with all the claims made against Defendant, no facts are provided from which to build a defense.

Plaintiff has employed histrionic language in the past in reference to disputes with employers as shown in the attached Exhibit A. The intensity has escalated from Damaged Veteran claims in 2012 as he states on his own social media from that time (Exhibit A), to the claims backing this complaint, that of his life

14

story as an intergalactic Secret Space Program inductee, and alien-selected Galactic Ambassador from Earth, and single point of contact for multiple space alien races with humanity.

Plaintiff's allegations are that defendant's, in concert, have damaged him, yet places no facts in even this third attempt, the SAC.

Plaintiff has repeatedly failed to meet the burdens required of fact and law.

Defendant High raises the issue of Rule 11 standards. The complete lack of facts provided for in the claims against Defendant is suggestive of a  tactic employed in a vindictive fashion by Plaintiff.

Defendant contends that Plaintiff and Plaintiff's attorney acted in bad faith in this Complaint with no intention of pursuing a factual case against the Defendant.  Defendant High offers fact that Plaintiff had a domain name registered in 2017, then maintained that registration in 2019, on the term "Blue Chicken Cult", that was claimed to be damaging  and is central to

15

Plaintiff's Complaint with Defendant High. For two years plaintiff maintained this domain, and has not shared that information with this Court, all the while exploiting this Court's resources by claiming damages from the term.

The filing of the registration for the domain "BLUECHICKENCULT.COM" was under GES. The domain registration was executed by Plaintiff, or possibly, Plaintiff's attorney. If either, the presumption must be that Plaintiff's attorney either actively participated in creating this Rule 11 violation, or at the least, failed to perform due diligence required of the Rule.

It is worth attracting the Court's attention to the point of the content of Exhibit A, taken from Plaintiff's own social media, in which Plaintiff is soliciting funds, in 2012, to purse a court case against his former employer. Please note that Plaintiff currently inserts appeals for donations to his "legal fund" (Exhibit B) in support of this/these complaints in all video content. Surely enough to warrant raising questions about Rule 11 violations.

Further there is the question of the 'multiple defendants game', a tactic in a larger strategy to raise costs to individuals knowing that they would be dropped from the suit as it is progressed toward the real defendants being targeted. The goal of the 'game' is for the defendant's costs to be dramatically driven upward by repeated need for the plaintiff's attorney to 'counsel and conference' with defendant's attorneys. At a point convenient to plaintiff's strategy, the defendant is released in the evolving theory for the suit, with the expectation of no recompense as the defendant will be presumed to be grateful to be getting off so lightly.

As may be noted, there is less verbiage being devoted to Defendant High with each iteration of the Complaint. It would appear that he has been targeted by Plaintiff in this matter only to impose a financial burden on him for creating the TM term, "blue space chicken cult",  and for reporting on social media that he, Defendant High, thought his work was stolen by Plaintiff, and his associate, for their  story line.

17

# Conclusion

The Defendant requests the Court deny the Plaintiff's Motion, and granting of Defendant's previous Motion to Dismiss for lack of personal, or subject matter jurisdiction, and the granting of relief of the extraordinary burden of attorney fees, and costs accrued in this matter before the Court.

Respectfully submitted this 25th day of September.

*S/Cliff High*
Cliff High
PO Box 141
Moclips, WA, 98562
Tel.: (360) 276-0049
Email:clif@halfpasthuman.com

**Defendant, pro se**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

# CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, I electronically filed the foregoing with the Clerk of Court via email.

19



Screen shot taken 2020-09-24 9:47am PCT
of the Facebook page referenced above & copied here:
https://www.facebook.com/23782461003/posts/1015136075896100 4/?extid=lR6tUaeKj7fBejmz&d=n

this file created by cliff high on the above date/time.

James Corey Goode ▸ Soldiers' Angels
November 8, 2012 · 🌐 Public

ALERT: Law Suit against Discrimination - The probable president setting law suit against the discrimination of PTSD, Epilepsy & Traumatic Brain Injury in the workforce against Military & Civilians is set to begin. The Fed/State right to sue and deposition process of the Company & Professional Witnesses is about to begin. This law suit has more physical & embarrassing evidence than can be disclosed (No details of the Company or case can be released publicly) but be assured that it is going to be the perfect chance to set a president for possibly You, Your loved one who has suffered ridicule and stigma of these three disabilities as well as may be returning from overseas without coping skills or support to rejoin the families and way of life they may have fought for.

I am at this point reaching out to the below communities and foundations to see if you can provide support both in Professional Witnesses for the various disabilities as well as monetary help to add to the escrow account the Attorney is setting up for court expenses. The $500 Court Fee and $5,000 "Deposition Fee" ($1,000 for 5 witnesses/court reporter fee) is required to begin the filing of the case. The Attorney said there may be fewer than witnesses or possibly more but they need funds for 5 per their policy.

This is not a scam but a chance to help many thousands of people with these disabilities. Any monetary contributions that any individuals or groups would be willing to make would be made out to the Attorney Office Name, placed in the escrow account until the actual court date. The funds left over or if paid above the $5,000 in the escrow account will be split up between 4 foundations after the conclusion of the case (Wounded Warrior, TBI, Epilepsy & PTSD Foundations). Please contact me the plaintiff to discuss this or if you would like to be put in contact with the Law Firm to verify this case or to obtain their services for your similar case. Please contact me at GoodeTXSG@Yahoo.Com if you are able to provide support of any kind.

