**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

---

**DEFENDANT ALYSSA MONTALBANO**

**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWER AND
COUNTERCLAIM TO FAC OR SAC
AND
MOTION FOR CLARIFICATION OF OPERATIVE PLEADING FAC OR SAC**

---

Comes now, Defendant, Alyssa Montalbano, and moves the Court to Grant this

Motion for Extension of Time to file an answer to the operative Complaint to be on or by

October 21, 2020 (instead of October 12, 2020), for the following:

**RELEVANT PROCEDURAL BACKGROUND**

1. The Plaintiff's opened this case March 17, 2020 and filed the 53 page Original

   Complaint.

1

2.  Magistrate Mix was assigned to the case.

3.  Ms. Montalbano filed a detailed Motion to Dismiss the Original Complaint at
    Docket 26, June 24, 2020, and explained some of the interrelating facts from case
    18CV50 in Mesa District Civil Court with this instant case. Other Defendant's
    also moved to Dismiss. (Dockets 16 and 23 respectively).

4.  Ms. Montalbano filed a Notice of Related case (Docket 27, June 24, 2020)
    informing this Court of Ms. Montalbano's related case against Mr. Goode in the
    Mesa District Civil State Court, case 18CV50, originally filed June 25, 2018.

5.  Not all parties consented to a Magistrate and Judge Jackson was assigned to the
    case. (Docket 30, June 26, 2020)

6.  Judge Jackson Denied all filed Motions to Dismiss (Docket 34)  July 14, 2020, due
    to practice standards of writing letters.

7.  Thereafter the Plaintiff's filed the First Amended Complaint, Docket 36 (July 20,
    2020) and Docket 41-1(FAC) (July 25, 2020).

8.  Judge Jackson noticed all parties in the case of a family member working in a law
    firm representing one of the Defendants and would recuse if asked. (Docket 33,
    June 29, 2020). Gaia Inc. filed a motion requesting recusal. (Docket 35,
    July 17, 2020 ) Judge Jackson self-recused. (Docket 37, July 22, 2020)

9. The case was reassigned to Judge Daniel Domenico (Docket 38, July 22, 2020)

10. Conferrals occurred and it was determined a Second Amended Complaint would be submitted by the Plaintiffs and that it was not reasonable for Defendants to respond to the FAC until it was determined if the SAC would be granted or not.

11. An Unopposed Joint Motion to Strike or Continue Defendant's Response Date was filed August 24, 2020 at Docket 51.  Ms. Montalbano was in agreement with this motion, with the understanding that Ms. Montalbano would wait to write another Motion to Dismiss or Answer/Counterclaim, after it was decided what the operative pleading would be by the Court, the FAC or the SAC.

12. The Docket 51 Motion was Granted, August 24, 2020, at Docket 52, stating Defendants  Ms. Montalbano, Mr. Jay Weidner, and Gaia Inc. had until October 12, 2020 to answer.

13. On August 25, 2020, at Docket 57, another Order was entered stating Ms. Montalbano, Mr. Weidner, and Gaia, Inc. had an answer due date of October 21, 2020.

14. Ms. Montalbano planned to file by this new date, October 21, 2020.

15. Ms. Montalbano filed a Notice of Related Case at Docket 50, August 24, 2020. Notifying the Court that, Brian James Flynn, the presiding officer over case

18CV50 (Judge Flynn), had a Federal lawsuit opened against him for Civil Rights Violations.  (42 USC 1983)

16. The Plaintiff's filed the Second Amended Complaint on August 31, 2020 and added new exhibits and removed some claims. (Docket 61-2(SAC)).

17. September 15, 2020, Brian James Flynn, presiding Officer of Case 18CV50 and Chief Judge in Mesa District Civil Court, issued more unconstitutional orders in case 18CV50 and denied a Motion to Vacate Void Orders pursuant CRCP 59 and 60 and again denied Ms. Montalbano her Constitutional Rights and Right to Due Process of Law in case 18CV50, in so doing Flynn further perjured himself and also made case 18CV50 finally appealable after months of waiting.

18. The Colorado Commission on Judicial Discipline was notified on 3 different occasions by Ms. Montalbano of Mr. Flynn's ongoing failure to interact with case 18CV50 since June 25, 2018 and his clear failure to perform his judicial duties. Each time it was requested a new presiding officer be assigned or if anything could be done to move things along.  The Judicial Commission repeatedly failed to replace Flynn, ignored the Constitutional violations and caused ongoing Civil Rights violations and damages to Ms. Montalbano.

19. Ms. Montalbano understands she has 49 days to appeal case 18CV50 for the ongoing Constitutional Civil Right violations; and will do so.   This will require

4

further significant amounts of time, research, and written paperwork, in addition to dealing with this (5th vexatious and unconstitutional) filing effort by Mr. Goode and his Counsel(s).

20. Appealing cases in general can delay cases even up to a year…or worse…longer. Ms. Montalbano cannot wait another year, after already waiting over 27 months for Due Process of Law to be followed in case 18CV50, as the damages will be too great. The matters and facts in case 18CV50 must be integrated into this case as they apply to the matters at issue and include the CIA's MKULTRA and MiLab (MiLitary Abduction) personality splitting mind control programs, dream states (aka CIA "sleep-wake states" for telepathic mind control), DOD/DARPA Sentient World Simulation, remote neural monitoring, neuroscience, Artificial Intelligences, Patented Frequency technologies for mind control via neural interfacing, along with other issues of Harassment, Defamation, Abuse of Process, Malicious Prosecutions, Fraud, Theft, Intellectual Property, and more - and have never been heard in accordance with Due Process of Law in Mesa District Civil Court as a direct result of Flynn's severe Judicial failures and prejudices. Ms. Montalbano needs the extra time (she originally though she had) to correctly address these new claims related to case 18CV50 and this instant case and to appropriately integrate the new 3rd party defendants to include, Brian James Flynn.

21. The matters from case 18CV50 have become Federal matters involving multiple ongoing Constitutional Civil Rights violations, and whereby parties who should have acted pursuant their Oaths (including Ms. Wilde and Ms. Lorie, Plaintiffs' Counsels) were duly noticed of such violations and failed to act to prevent the Constitutional violations or overtly and intentionally supported the ongoing Civil Rights violations against Ms. Montalbano. These new related issues are governed by Federal jurisdiction and will be addressed primarily under 42 USC 1983 and 42 USC 1985 in a counterclaim. This additional time is needed to research and (ideally) correctly write the counter claim pleading, the first time.

22. On September 22, 2020 Ms. Montalbano sent an email inquiry to Judge Domenico's Chambers regarding if the answer due date was October 12 or the 21st. Along with asking about what Complaint to respond to, the FAC or SAC.

23. On September 23, 2020 the Order at Docket 57 was modified to read the due date again as being October 12, 2020.

24. No order has been issued granting or denying the SAC. **Ms. Montalbano is still unclear what pleading to respond to, FAC or SAC(?).** Ms. Montalbano does not have time to Answer two lengthy Complaints at different times when she is already severely burdened with multiple related legal matters and needs this clarified to begin the paperwork to meet this case's filing due dates.

25. The Federal Pro Se Clinic has limited time available for legal input. If the extension of time is Granted to the time Ms. Montalbano originally planned to file by, October 21, 2020, Ms. Montalbano will likely be able to get assistance from the Pro Se Clinic at least two times prior to filing.  This additional time and feedback will help minimize mistakes and paperwork in a highly complex case and situation and by extension save the Court cost and time.

This request for an Extension of Time is not for purpose of delay, but to speed the progress of the case through minimizing filing mistakes by Ms. Montalbano and to integrating the related cases, defendants, records, and facts.

Wherefore Ms. Montalbano respectfully requests the Court inform her as soon as possible which pleading to respond to, FAC or SAC; and that the unopposed Extension of Time be Granted to file an Answer and Counterclaim on or by October 21, 2020; as the additional time is necessary due to the complexity of the case, related cases, and the need to perform extensive research, write proper papers, and ideally have at least two (2) discussions with the Pro Se clinic prior to filing, in order to minimize mistakes and submit the most efficient paperwork that properly addresses all the claims and matters at issue.

Having duly conferred with the Plaintiffs' Counsel they are not opposed to the requested extension of time.

Dated this 28th day of September 2020.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: AriStoneArt@Ymail.com
Pro Se Defendant

I hereby certify that the foregoing motions comply with the type-volume limitation set

forth in Judge Domenico's Practice Standard III(A)(1) with a total word count of  1,413.

## CERTIFICATE OF SERVICE

I certify that on this 28th day of September 2020 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiffs' counsel through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5)

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen