IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS, INC.

                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY,
BRAD WARKINS, and KIERSTEN MEDVEDICH

                Defendants.

---

**DEFENDANT WEIDNER'S UNOPPOSED MOTION TO EXCEED THE WORD LIMIT IMPOSED BY DDD CIV. P.S. III(A)(1)**

---

**COMES NOW,** Jay Weidner, through undersigned counsel, Aaron Belzer and Ashlee Hoffmann of Burnham Law, and hereby moves this Court, unopposed, for leave to exceed the world limit imposed by Judge Domenico's Practice Standard for Civil Cases III(A)(I) with respect to Defendant Weidner's forthcoming motion to dismiss either the First Amended Complaint or Second Amended Complaint,[1] currently due on October 12, 2020. In support of this Motion, Defendant Weidner states as follows:

---

[1] Although Mr. Weidner's responsive pleading is due on October 12, at this stage of the proceedings, it is unclear whether the First Amended Complaint or the Second Amended Complaint is the operative complaint.

**PROCEDURAL BACKGROUND**

Plaintiffs initiated this lawsuit on March 17, 2020, with a fifty-three-page Complaint (ECF No. 1) that included sixteen disparate claims asserted against five defendants. In response to motions to dismiss filed by three of the five defendants (ECF Nos. 17, 23, and 26), Plaintiffs filed their First Amended Complaint ("FAC") on July 20, 2020 (ECF No. 36). Plaintiffs' FAC added five pages, another claim, and three more defendants to this litigation. Subsequently, two defendants filed motions to dismiss the FAC (ECF Nos. 42 and 43).

On August 7, 2020—in anticipation of the August 31, 2020, deadline to respond to the FAC and pursuant to DDD Civ. P.S. III(D)(1)—undersigned conferred with counsel for Plaintiffs on a forthcoming motion to dismiss the FAC under F.R.C.P. 12(b)(6). In that email conferral, undersigned delineated the legal premise for dismissal of each of the claims as to Defendant Weidner and explained the legal deficiencies in Plaintiffs' FAC.

Subsequently, Plaintiffs filed their Motion to File Second Amended Complaint ("Motion to Amend") along with a proposed SAC (ECF No. 61). The proposed SAC asserts thirteen separate causes of action in 213 numbered paragraphs.

Thereafter, Defendant Zavodnick and Defendant Weidner filed responses opposing Plaintiffs' Motion to Amend (ECF Nos. 69 and 76, respectively), arguing Plaintiffs had failed to correct prior deficiencies through amendments, that any such continued amendments would be futile, constituted moving targets, and would be prejudicial to the defendants. As of the date of this filing, this Court has not yet ruled on Plaintiffs' August 31, 2020, Motion or approved the proposed SAC for filing.

Given the current October 12, 2020, response deadline, undersigned conferred with Plaintiffs' counsel because the proposed SAC failed to remedy the numerous defects previously

outlined during conferrals.  Plaintiffs' counsel does not intend to amend the complaint again.  Defendant Weidner therefore intends to file a motion to dismiss Plaintiffs' claims.  In advance of that motion, Defendant Weidner requests leave to submit a brief that exceeds the 4,000-word limit.  *See* DDD Civ. P.S. III(A)(1).  This motion is being filed more than three business days prior to the date that the motion is due.  *See* DDD Civ. P.S. III(A)(5).

### ARGUMENT

Regardless of whether the FAC or the SAC is the operative complaint, Defendant Weidner anticipates that his motion to dismiss will reasonably exceed the 4,000-word limit on briefs, and the following arguments would apply to FAC in the same way they apply to the SAC.

Assuming that the proposed SAC is the operative complaint, Mr. Weidner must respond to ten or eleven separate claims asserted in the forty-page complaint, which contains 213 separately numbered paragraphs.[2]  As pointed out by other defendants in this matter, the proposed SAC is not simply long—it also alleges a convoluted fact-pattern that ostensibly supports legal claims running the spectrum from breach-of-contract claims, to defamation, to RICO allegations, and more.

Given the scope of the proposed SAC, Mr. Weidner requires an enlarged word limit to appropriately address the ten or eleven claims asserted against him—including identifying the appropriate legal standard for those claims, the deficiently pleaded facts in the SAC, and how the proposed SAC's factual allegations fail to meet the minimum requirements of F.R.C.P. 12(b)(6).  To require Mr. Weidner to stay within the 4,000-word limit to do so would be unfairly

---

[2] The number of specific claims that Mr. Weidner must address is uncertain because, for example, although Claim I is not asserted against Mr. Weidner, Claim II (which *is* asserted against Mr. Weidner) incorporates and references Claim I.  Accordingly, Mr. Weidner must necessarily respond to Claim I in order to fully address Claim II, made against him.

prejudicial and would bar him from adequately or appropriately identifying the SAC's pervasive legal issues for this Court.

On the other hand, granting this motion and giving Mr. Weidner leave to exceed the 4,000-word limit will not unduly delay these proceedings or burden the Court.  Indeed, Mr. Weidner will endeavor to be as succinct and clear as possible in delineating how the complaint fails to plead the facts or legal claims necessary to survive a motion to dismiss.  Accordingly, granting such leave will conserve the resources of this Court and the parties because it may narrow the focus of Plaintiffs' claims, streamline this litigation, and promote judicial efficiency.

As such, consistent with the relief afforded to Defendant Gaia recently, Mr. Weidner requests that he be permitted up to 8,000 words to brief his arguments for dismissal of the ten to eleven separate claims asserted against him.  Mr. Weidner is amenable to Plaintiffs receiving the same length given to Mr. Weidner for their response to Mr. Weidner's motion to dismiss.

## CONCLUSION

WHEREFORE, Mr. Weidner respectfully requests this Court grant this Motion and allow the word limit applicable to Mr. Weidner's forthcoming motion to dismiss to be extended to 8,000 words, together with such other and further relief as the Court deems just and proper.

Date: September 28, 2020

Respectfully submitted,

*/s/ Ashlee Hoffman, Esq.*
Aaron Belzer, Esq.
Colorado Bar Number 47826
Ashlee Hoffmann, Esq.
Colorado Bar Number 53818
Burnham Law
2760 29th Street, Suite 1E
Boulder, CO 80301
303-990-5308
aaron@burnhamlaw.com
ashlee@burnhamlaw.com

4

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### Certificate of Service

I hereby certify that on September 28, 2020, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/EDF system which will send notification of such filing to the following e-mail addresses:

All Parties and Counsel of Record

*/s/ Brittany Breeden*
Brittany Breeden
Burnham Law
