**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiffs,

v.

GAIA, INC., a Colorado corporation,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

    Defendants.

---

**JOINT MOTION TO ADJOURN OR CONTINUE THE**
**OCTOBER 8, 2020, SCHEDULING/PLANNING CONFERENCE**

---

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendant Gaia, Inc. ("Gaia"), and Jay Weidner, by and through their respective undersigned attorneys, and Defendants Cliff High and Alyssa Montalbano, each on their own behalf, hereby move this Court, to adjourn or continue the October 8, 2020, scheduling/planning conference (the "Conference"), and continue the parties' obligations regarding a proposed scheduling order and initial disclosures consistent with the timeline for the rescheduled Conference. In support of this Motion, Gaia, Weidner, High, and Montalbano state as follows:[1]

---

[1] Pursuant to Local Civil Rule 7.1(a), Gaia conferred with all other parties concerning this joint motion and the relief being sought herein. Defendant Zavodnick, through his counsel, while not

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. filed the initial Complaint asserting sixteen separate causes of action. (Dkt. 1). The next day, on March 18, 2020, Magistrate Judge Mix was assigned to this action (the "Action"), and entered an Order setting a scheduling/planning conference for July 20, 2020. (Dkt. 6).

On June 8, 2020, Gaia filed a Motion to Dismiss and a Memorandum in Support, in which Gaia argued, *inter alia*, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted and pointed out numerous deficiencies in the form and the substance of the allegations. (Dkt. 16-17).

Rather than opposing Gaia's Motion to Dismiss (as well as motions filed by Defendants Montalbano and Zavodnick), Plaintiffs filed a motion on June 26, 2020, proposing that they would have until July 20, 2020, to file an amended complaint, and Defendants would thereafter have until August 31, 2020, to file a response to such amended complaint. (Dkt. 31). In the June 26, 2020, motion, Plaintiffs also requested that the July 20, 2020, scheduling/planning conference be continued until a date after Defendants had filed a response to the amended complaint (i.e., August 31, 2020). The same day that Plaintiffs filed the motion, the Action was assigned to the Honorable Judge Jackson; on June 29, 2020, Judge Jackson granted the motion, and continued the scheduling/planning conference to a date after August 31, 2020. (Dkt. 32). Plaintiffs thereafter filed the First Amended Complaint on July 20, 2020, in which Plaintiffs added a claim, thereby asserting seventeen separate causes of action. (Dkt. 36).

---

waiving any objection and/or defense of lack of personal jurisdiction, does not oppose the motion, and noted that Zavodnick would likely file a motion to stay the proceedings as to him if the Conference proceeds. Plaintiffs, through their counsel, oppose the motion and the relief requested except as to a proposed status conference (*see infra* p. 5).

Subsequently, the case was reassigned to the Honorable Judge Domenico, (Dkt. 38), who referred the case to the Honorable Magistrate Judge Mix for various matters, including for the purpose of convening a scheduling conference pursuant to Rule 16 (Dkt. 39). On August 11, 2020, Magistrate Judge Mix set the Conference for October 8, 2020. (Dkt. 45). On August 31, 2020, Plaintiffs filed a Motion [for Leave] to File a Second Amended Complaint, attaching as an exhibit a proposed Second Amended Complaint including 213 numbered paragraphs and asserting thirteen separate causes of action. (Dkt. 61). The Court has not yet ruled on Plaintiffs' August 31, 2020 Motion or approved the proposed Second Amended Complaint for filing.

Defendants High and Zavodnick have filed and briefed motions to dismiss Plaintiffs' claims. (*See* Dkt. 42, 43, 53, 54, 62, 63, 73). Defendants Gaia and Weidner have filed motions expressing their intent to each file a motion to dismiss in response to the First Amended Complaint and/or Second Amended Complaint (*see* Dkt. 77, 83), while Defendant Montalbano has expressed an intent to file counterclaims (*see* Dkt. 82).

Given the various filed and forthcoming motions to dismiss, there is complete uncertainty regarding which of Plaintiffs' claims—if any at all—will survive. As a result, it would be prejudicial and burdensome—if not impossible—for Defendants to meaningfully participate in the Conference and fully negotiate a proposed scheduling order as required by Magistrate Judge Mix's August 11, 2020, Order. (*See* Dkt. 45). In particular, with respect to Sections 3-5 of the form scheduling order, the parties cannot identify claims and defenses, undisputed facts, or a computation of damages without knowing as to which claims such information needs to be provided. To the extent that such information could theoretically be provided for all of Plaintiffs' claims, doing so would unfairly prejudice Defendants as many/all of Plaintiffs' claims

3

have not been properly pleaded or sufficiently alleged such that Defendants should not be required to respond to them factually or in discovery.  Indeed, Defendants High and Zavodnick challenge whether the Court even has personal jurisdiction over them.

Moreover, because the Action has not yet proceeded to a stage when Defendants would be required to answer any of Plaintiffs' claims that survive the various motions to dismiss, Defendants have not yet pleaded any counterclaims they may have.  Without such information, any effort taken now to attempt to make disclosures and/or identify issues in contention would almost certainly need to be repeated and revised after resolution of the various motions to dismiss and after any counterclaims have been pleaded.

Additionally—and potentially most prejudicially—if the Defendants are required to proceed with discovery at this stage, including service of initial disclosures, Defendants will be forced to incur significant costs and fees with respect to claims that Plaintiffs have not—and likely cannot—adequately allege.  Further, with respect to sections 6 and 8 of the form scheduling order, Defendants are not in a position to determine in what ways discovery may be limited to reduce burdens and expenses.  Beyond being burdensome, Defendants cannot make informed decisions about initial disclosures until it has been determined what claims are at issue.

Finally, because of the revisions that will be inevitable with respect to any scheduling order entered at this preliminary stage of the Action—thereby requiring unnecessary duplication of efforts and Court time—continuing the Conference will promote efficiency and conserve judicial resources.  For those same reasons, it would be impossible for Defendants to meaningfully agree on case deadlines when they do not yet know to what claims they need to defend or what counterclaims they may be asserting.

In an effort to assuage any concerns the Court may have about the case proceeding, and in an effort to avoid any delays, the undersigned Defendants are amenable to discussing the terms of appropriate confidentiality and privilege stipulations concerning discovery, such that if any claims proceed and discovery is necessary the parties will have already negotiated such stipulations and submitted them to the Court for approval.  Further, the undersigned Defendants, as well as Plaintiffs, are amenable to conducting a status conference on October 8, 2020, so that the parties may address any questions the Court may have.

Pursuant to Local Civil Rule 6.1, Defendants state that: the reason for continuance of the Conference and the parties' obligations regarding the proposed scheduling order is, as stated herein, that various motions to dismiss are pending or forthcoming; the parties have not yet determined which claims will be proceeding, including what counterclaims may be filed by Defendants; the length of the requested continuance is dependent on the timing and result of various motions to dismiss; and, there was previously a request to continue a scheduling conference when this case was pending before Judge Jackson, which was granted (*see* Dkt. 31, granted Dkt. 32).  *See* D.C.COLO.LCivR 6.1(b).

**WHEREFORE**, Gaia, Weidner, High, and Montalbano respectfully request that this Motion be granted and that the Conference be adjourned and continued to a date after all Defendants' motions to dismiss have been resolved and the remaining Defendants have filed a responsive pleading to the operative complaint and any remaining claims, and that the parties' obligations regarding a proposed scheduling order and initial disclosures be continued consistent with the timeline for the rescheduled Conference, together with such other and further relief as the Court deems just and proper.

Dated: September 30, 2020         **DAVIS & GILBERT LLP**

By:   /s/ *Daniel A. Dingerson*
    Daniel A. Dingerson
    Ina B. Scher
    1740 Broadway
    New York, New York 10019
    Telephone: (212) 468-4800
    Facsimile: (212) 468-4888
    Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**BURNHAM LAW**

By:   /s/ *Aaron Belzer*
    Aaron Belzer
    Ashlee Hoffmann
    2760 29th Street
    Boulder, Colorado 80301
    Telephone: (303) 990-5308
    Fax: (303) 200-7330
    Email: aaron@burnhamlaw.com

*Attorneys for Defendant Jay Weidner*

**CLIFF HIGH**

   /s/ Cliff High
*Pro se* Defendant

**ALYSSA MONTALBANO**

   /s/ Alyssa Montalbano
*Pro se* Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2020, I caused a copy of the foregoing Unopposed Joint Motion to Adjourn or Continue the October 8, 2020, Scheduling/Planning Conference to be served on all other parties by filing it on the Court's ECF system, and that in compliance with D.C.COLO.LCivR 6.1(c), I have also served the foregoing on this firm's client, Gaia, Inc.

      /s/ Daniel A. Dingerson
      Daniel A. Dingerson