IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS, INC.

                                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY,
BRAD WARKINS, and KIERSTEN MEDVEDICH

                                Defendants.

---

## UNOPPOSED JOINT MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING TO OPERATIVE COMPLAINT

---

**COME NOW,** Defendants Jay Weidner and Gaia, Inc. ("Gaia"), through their respective undersigned counsel, and Ms. Montalbano on her own behalf, and hereby move this Court for an extension of time to file a responsive pleading to the operative complaint. In support of this Joint Motion, Defendants Weidner, Gaia, and Montalbano state as follows:[1]

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc., filed the initial fifty-three-page Complaint (ECF No. 1), which asserted sixteen separate causes of action against five defendants.

---

[1] Pursuant to Local Civil Rule 7.1(a), undersigned counsel for Defendant Weidner conferred with all other parties concerning this joint motion and the relief being sought herein. Defendant Zavodnick, while not waiving any objection/defense of lack of personal jurisdiction, does not oppose this Motion. Defendant High does not oppose this Motion. Plaintiffs do not oppose this Motion.

In response to motions to dismiss filed by three of the five defendants (ECF Nos. 17, 23, and 26), Plaintiffs filed their First Amended Complaint ("FAC") on July 20, 2020 (ECF No. 36). Plaintiffs' FAC added five pages, an additional claim, and three more defendants to this litigation. Subsequently, two defendants filed motions to dismiss the FAC (ECF Nos. 42 and 43).

On August 6 and 7, 2020—in anticipation of the August 31, 2020, deadline to respond to the FAC and pursuant to DDD Civ. P.S. III(D)(1)—counsel for Gaia and Mr. Weidner, respectively, conferred with counsel for Plaintiffs on a forthcoming motion to dismiss the FAC under F.R.C.P. 12(b)(6).

Subsequently, Plaintiffs filed their Motion to File Second Amended Complaint ("Motion to Amend"), along with a proposed Second Amended Complaint ("SAC"). The proposed SAC asserts thirteen separate causes of action in more than two hundred paragraphs and over fifty pages. Thereafter, Defendant Zavodnick and Defendant Weidner filed responses opposing Plaintiffs' Motion to Amend (ECF Nos. 69 and 76, respectively), arguing that Plaintiffs had failed to correct prior deficiencies through amendments and that any such continued amendments would be futile, constituted moving targets, and would be prejudicial to the defendants.

As of the date of this filing, this Court has not yet ruled on Plaintiffs' August 31, 2020, Motion to Amend or approved the proposed SAC for filing. Accordingly, it is unclear whether the FAC or the SAC will be the operative complaint for the duration of this litigation. Despite this uncertainty, October 12, 2020, remains the effective date for Defendants' response to the still-operative FAC.

Given the pending Motion to Amend, Defendant Weidner has ceased work on his planned response to the FAC until this Court determines whether the FAC or the SAC will be the operative complaint. Defendant Weidner's decision to cease working on a planned response to the FAC

2

while this Court makes its determination on the Motion to Amend is not to delay these proceedings, but rather to conserve the resources of the parties and the Court.

With less than two weeks until the responsive pleading deadline, it is still unclear whether Defendants will be required to respond to the FAC or the SAC—both of which are extensive and convoluted pleadings, asserting numerous claims. To require Defendants to respond to the lengthy and multifaceted complaint (whether it is the FAC or the SAC) within such a short time frame would be unfairly prejudicial to the Defendants. As such, Defendants Weidner, Gaia, and Montalbano respectfully request that this Court grant them three weeks from the date of this Court's Order on Plaintiffs' Motion to Amend—when Defendants will know with certainty which complaint is operative—to file their response.[2][3] Under such circumstances, an extension of time to respond to the operative complaint is warranted.

This Motion is not made for the purposes of delay, in bad faith, or as a dilatory tactic but rather to ensure that Defendants have a full and fair opportunity to assess the operative complaint and appropriately respond to that complaint. Indeed, allowing such an extension will conserve the parties' resources so that they may respond to only one complaint rather than potentially drafting a response to the FAC and then drafting another response to the SAC if this Court grants Plaintiffs' Motion to Amend.

---

[2] As stated in Defendant Gaia's motion to exceed the word limit applicable to its anticipated motion to dismiss (ECF No. 77), Gaia has thus far assumed that the proposed SAC would be operative, but now seeks an order from the Court to confirm or refute that assumption.

[3] Defendant Montalbano recently filed a similar Motion for Extension of Time (ECF No. 82) requesting that her responsive pleading deadline be October 21, 2020. However, she joins in this Motion and now requests that this Court grant the relief requested herein—that is, extend the responsive pleading deadline to three weeks after this Court's Order on Plaintiffs' Motion to Amend.

Pursuant to Local Civil Rule 6.1, the reason for the continuance is, as stated herein, that the currently operative complaint is the FAC, that Plaintiffs have filed a partially opposed Motion to Amend, but that this Court has not yet ruled on Plaintiffs' Motion to Amend—and thus it is unclear whether the FAC or SAC will be the operative complaint for the October 12, 2020, responsive pleading deadline.

Moreover, pursuant to Local Civil Rule 6.1, there was previously an extension of time to respond to the original Complaint granted to Defendant Montalbano (ECF Nos. 9 and 22), that Plaintiffs and Defendant High stipulated to an extension of time to respond to the original Complaint (ECF No. 12), that the parties proposed a schedule for responding to the FAC that was granted (ECF Nos. 31 and 32), and that Defendants Gaia and Weidner filed a joint motion for extension that was granted (ECF Nos. 51 and 52), resulting in the current responsive pleading deadline of October 12, 2020, and Defendant Montalbano filed a still-pending Motion for Extension to file a responsive pleading on October 21, 2020.  *See* D.C. COLO. LCivR 6.1(b).

Given the uncertainty regarding whether the FAC or the SAC will be the operative complaint and the current October 12, 2020 response deadline—which is less than two weeks away—Defendants Weidner, Gaia, and Montalbano respectfully request that this Court strike the current October 12, 2020, responsive pleading deadline and grant them three weeks from the date of this Court's Order on Plaintiffs' Motion to Amend to file their response.

## CONCLUSION

WHEREFORE, Defendants Weidner, Gaia, and Montalbano respectfully request this Court grant this Motion and that Defendants current response date to the operative complaint be stricken and continued to a date three weeks after this Court issues its Order on Plaintiffs' Motion to Amend, together with such other and further relief as the Court deems just and proper.

4

Date: October 1, 2020

        Respectfully submitted,

**Burnham Law**

*/s/ Ashlee Hoffmann, Esq.*
Ashlee Hoffmann, Esq.
Colorado Bar Number 53818
Aaron Belzer, Esq.
Colorado Bar Number 47826
2760 29th Street, Suite 1E
Boulder, CO 80301
303-990-5308
aaron@burnhamlaw.com
ashlee@burnhamlaw.com

*Attorneys for Defendant Weidner*

**Davis & Gilbert, LLP**
By: */s/ Daniel A. Dingerson*
Daniel A. Dingerson
Ina B. Scher
1740 Broadway
New York, New York 10019
Telephone: 212-468-4800
Facsimile: 212-468-4888
Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia*

**Alyssa Montalbano**
*/s/ Alyssa Montalbano*
*Pro se* Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

5

**Certificate of Service**

      I hereby certify that on October 1, 2020, I have caused to be electronically filed the foregoing with the Clerk of Court using the Court's ECF system, and that in compliance with D.C.COLO.L.CivR 6.1(c), I have also served the foregoing on this firm's client, Jay Weidner.

      All Counsel and Parties of Record

<u>*/s/ Ashlee Hoffmann*</u>
Ashlee Hoffmann
Burnham Law