IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

Defendants.

_____

**[PROPOSED] SCHEDULING ORDER**
_____

## 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is currently

scheduled for October 8, 2020 at 10:00 a.m. in Courtroom A-401, Fourth Floor, Alfred A.

Arraj United States Courthouse before Magistrate Judge Kristen L. Mix, or—if appearing

telephonically per Judge Mix's order at Docket 88—via phone by calling 888-363-4749,

Access Code: 2115325#.

Defendants Gaia, Inc. ("Gaia"), Jay Weidner, Cliff High, and Alyssa Montalbano

have moved to continue or adjourn the conference as being premature given the pending

and forthcoming motions to dismiss and the lack of any responsive pleadings and/or

1

counterclaims having yet been filed.  (Dkt. 91). Plaintiffs are of the position that even if a status conference is held, some logistics of scheduling should be discussed. If the conference proceeds, anticipated appearances for at least some of the parties are:

Valerie Yanaros, Esq.
Texas Bar No. 24075628
Yanaros Law, P.C.
5057 Keller Springs Rd, Suite 300
Addison, TX, 75001
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

Ina B. Scher
Daniel A. Dingerson
1740 Broadway
New York, New York 10019
Telephone: (212) 468-4800
ischer@dglaw.com
ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**Attorneys for Defendants**

## 2.  STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**Gaia**: Gaia does not challenge this Court's jurisdiction as the claims are currently pleaded, but reserves its right to challenge jurisdiction depending on the result of pending and forthcoming motions to dismiss.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

The parties have conferred and respectfully request that the parties be excused from completing this section until the case has advanced beyond pending and forthcoming motions to dismiss and the pleadings have been finalized, so that the parties and the Court can focus their attention on claims at issue.  As a brief statement of their current position, the parties state as follows:

### a.  Plaintiffs

This is an action at law and in equity against Defendants for various claims of defamation, deceptive trade practices, breach of contract, misrepresentation, tortious interference, and racketeering arising from a desire to usurp, tarnish and misappropriate the character, financial gain, goodwill and work of Mr. James Corey Goode and that of his company, GES (collectively, "Goode"). Goode has been harmed through Defendants' various business dealings. Plaintiffs wish to recover and recoup certain damages caused to their business and reputation. Plaintiffs are involved in various projects spanning from conferences to movies to graphic novel production. Defendants have tarnished and defamed Plaintiffs within the community in which Plaintiffs work. Defendant Gaia and those Defendants who have worked directly with Plaintiff Mr. Goode through Gaia's business dealings (Rysavy, Warkins, Medvedich and Weidner, collectively the "Gaia Defendants") have promised monetary compensation and other valuable consideration that has been withheld from him in addition to making egregiously false accusations against him that has cost him business, tarnished his name, and diluted his branding and

3

image—harming him financially. The remaining individual Defendants, High, Zavodnick and Montalbano (the "Association") have, with the Gaia Defendants and specifically Weidner, also made egregiously false accusations against him that has cost him business, tarnished his name, and diluted his branding and image—harming him financially.

### b. Defendants

**Gaia**: Without knowing whether the First Amended Complaint or the SAC will be the operative pleading going forward, but assuming for purposes of this submission that it will be the SAC, Gaia states that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.   In particular: 1) Plaintiffs' oral breach of contract claim fails to state a cause of action and is barred by the parties' written agreements; 2) Plaintiffs' breach of contract claim relating to a third-party contract between Gaia and Defendant Weidner is not tenable because Plaintiffs are not contemplated third-party beneficiaries and there are no allegations that they are; 3) Plaintiffs' various federal and common law trademark and unfair competition claims fail to allege any facts regarding what marks were purportedly used in commerce, and fail to allege that Plaintiffs' purported marks have secondary meaning and/or inherent distinctiveness; 4) Plaintiffs' claim for a declaration of validity is unsupported by allegations necessary to find a mark valid, and the relief sought—namely terminating the Trademark Trial and Appeal Board ("TTAB") proceeding—is not supported even if the Court made a declaration of validity (Gaia also contends that the allegations related to

4

this claim include factual misrepresentations that may subject Plaintiffs' or Plaintiffs' counsel to sanctions); 5) Plaintiffs' RICO claims fail to adequately allege any predicate acts—specifically mail or wire fraud as contended by Plaintiffs—and therefore also fail to allege any pattern of such acts, as well as fail to allege the required specific intent of fraud as to each such purported act; 6) Plaintiffs' claim based on the Colorado Consumer Protection Act fails to allege any false representation and fails to allege any public impact; 7) Plaintiffs' fraudulent misrepresentation claim is merely a restatement of their breach of contract claim, and fails to allege any misrepresentation; 8) Plaintiffs' libel and slander claims fail to allege any statements made by Gaia that could form the basis for a *per se* defamation claim; and, 9) Plaintiffs' tortious interference claim fails to allege any "wrongful means" were used to purportedly interfere with their business relations, and fails to distinguish between parties competing and actionable interference.

Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section to dispute any/all claims that survive a motion to dismiss and assert further defenses to such claims.  If any of Plaintiffs' claims do survive, Gaia intends to file counterclaims against Plaintiffs; Gaia likewise reserves its right to revise this section to add its positions regarding such counterclaims.

## 4.  UNDISPUTED FACTS

The parties have conferred and respectfully request that the parties be excused from completing this section until the case has advanced beyond pending and

forthcoming motions to dismiss and the pleadings have been finalized, so that the parties

and the Court can focus their attention on claims at issue.  As a brief statement of their

current position, the Parties state as follows:

**Plaintiffs**: Plaintiffs are Colorado residents having a business address of 1140 US

Highway 287 Suite 400-266, Broomfield, Colorado, 8002

**Gaia**: Without knowing whether the First Amended Complaint or the SAC will be

the operative pleading going forward, but assuming for purposes of this submission that

it will be the SAC, Gaia states that Gaia does not dispute the following material facts:

a. Jurisdictional allegations as to Gaia regarding corporate status and
   residency;

b. Gaia and Plaintiffs entered into written contracts related to services to be
   performed by Plaintiffs, including a 2016 talent agreement and at least one
   written amendment thereto;

c. Gaia and Plaintiffs are party to a proceeding before the TTAB, which is
   currently pending;

d. Gaia has removed, from time to time, its own intellectual property from its
   website, including episodes of the show "Cosmic Disclosure".

## 5.  COMPUTATION OF DAMAGES

The parties have conferred and respectfully request that the parties be excused

from completing this section until the case has advanced beyond pending and

forthcoming motions to dismiss and the pleadings have been finalized, so that the parties and the Court can focus their attention on claims at issue.  As a brief statement of their current position, the parties state as follows:

**Plaintiffs**: Plaintiffs have suffered at least $5,000,000.00 worth of damages due to the actions of Defendants individually and collectively but require discovery in order to more fully lay out their computation under Rule 26.

**Gaia**: Without knowing whether the First Amended Complaint or the SAC will be the operative pleading going forward, but assuming for purposes of this submission that it will be the SAC, Gaia denies that Plaintiffs have suffered any damages as a result of any action by Gaia.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

If any of Plaintiffs' claims do survive, Gaia intends to file counterclaims against Plaintiffs; Gaia likewise reserves its right to revise this section to describe its damages regarding such counterclaims.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R. Civ. P. 26(f)**

   a. **Date of Rule 26(f) Meeting.**

The parties conferred various times, including by phone and email. Plaintiffs attempted, per Judge Mix's Order at Docket 28, to confer with all parties per Rule 26 via a joint email on September 9, 2020 the "Conferral Thread".

**Zavodnick:** Counsel for Zavodnick has refused to take part in any discussions pursuant to Docket 28 or Rule 26 and stated, in part, via email on October 1, 2020 in response to a final conferral attempt (the "Final Conferral Attempt"): "Defendant Zavidnick, without waiving personal jurisdiction defenses and arguments, does not join in this proposal. . . ".

**High**: Pro se Defendant Cliff High sent three emails on the Conferral Thread on September 9-10, 2020 with all parties (except Zavodnick), including one on September 10, 2020 that said "NOTE for proceeding on meetings. i am an ADA protected individual & will let the court know that i require & insist on accommodation of my information access needs." High sent another email on September 29, 2020 that stated in part "As a point for your consideration, **i am making it my policy to oppose every motion to continue or extend these proceedings**. . . "(emphasis added)[1] Despite the aforementioned, High's initial email on the Conferral Thread from September 9, 2020 stated: "i object to the meeting. i object to your proposal. It has yet to be decided that i will remain in this case. The discussion of general provisions is both presumptive and premature," and in response to the Final Conferral Attempt High has stated in part "Defendant HIGH, without waiving personal jurisdiction defenses and arguments, does not join in this proposal,  and further objects to it as prejudicial."

Other conferrals included:

---

[1] *See also* Docket 62-1 the "September Email" wherein High states he "...will be seeking to recover costs, & i am filing my own suits against Corey goode, david wilcock, Jay weidner, Gaia TV & the whole cosmic cluckadoodle" so that he can "**force the issue of discovery of his claims**" (emphasis added).

**Plaintiffs and Gaia**: Such conferrals include emails on (at least) September 9, 2020, September 29, 2020, and October 1, 2020; and phone calls on September 21, 2020 and September 30, 2020 (as to Plaintiffs and Gaia).

**Plaintiffs and Weidner**: such conferrals included via email on September 9, 2020 and a few up until October 1, 2020 whereupon counsel conferred via phone.

**Plaintiffs and Montalbano**: conferred via email on September 9, 2020 and September 22-25, 2020.

### b.  Names of each participant and the party they represent.

Valerie Yanaros for Plaintiffs; Ina Scher and Daniel Dingerson for Defendant Gaia.

### c.  Statement as to when Rule 26(a)(1) disclosures made or will be made.

**Plaintiffs**: 14 days after the Rule 16 conference or when so ordered by Judge Mix at the Rule 16 conference on October 8, 2020.

**Gaia**: Gaia objects to providing initial disclosures at this time and prior to resolution of Gaia's forthcoming motion to dismiss and until after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs' claims that survive. Plaintiffs' claims should be dismissed, and as such Gaia should not be obligated to conduct an investigation and/or make disclosures as to claims that are deficient and pleaded without support.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order and provide initial disclosures.  Pursuant to the parties' conferrals, Plaintiffs have so far agreed to defer service of initial disclosures.

9

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Plaintiffs: 14 days after the Rule 16 conference or when so ordered by Judge Mix at the Rule 16 conference on October 8, 2020.

**Gaia**: Discovery, including initial disclosures, to be deferred until after resolution of Gaia's forthcoming motion to dismiss and after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs' claims that survive.

**e. Statement concerning any agreements to conduct informal discovery.**

**Plaintiffs**: None.

**Gaia**: Gaia objects to conducting discovery at this time and prior to resolution of Gaia's forthcoming motion to dismiss and until after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs' claims that survive.  If any of Plaintiffs' claims survive, Gaia will consider appropriate informal discovery that may be beneficial to resolving any such claims and/or counterclaims.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties will endeavor to use a unified exhibit numbering system where possible and appropriate.  Documents produced by any party shall be Bates labeled for identification purposes.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

**Plaintiffs**: Plaintiffs anticipate an extensive amount of ESI and will propose an

10

appropriate ESI plan.

**Gaia**: Gaia objects to conducting discovery at this time and prior to resolution of Gaia's forthcoming motion to dismiss and until after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs' claims that survive.  The extent of discovery, including ESI, will depend on which, if any, of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.

Gaia anticipates that most documents that exist as to any claims at issue in the litigation will be documents that are maintained in electronic form.  Gaia has taken steps to preserve all potentially relevant documents and other information, including by placing litigation holds on all such documents.

### h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**Plaintiffs**: Plaintiffs are amenable to discussing the possibility of early settlement.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  Gaia is amenable to considering an early settlement or resolution of the case consistent with Gaia's position about the lack of validity of Plaintiffs' claims and Gaia's own damages incurred as a result of Plaintiffs' actions.

### 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

### a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**Plaintiffs**: Depending on how the case proceeds, likely some number beyond the presumptive limits contained in the Federal Rules, at this point at least 15 per sides.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The extent of discovery needed, including interrogatories and depositions, will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.

### b. Limitations which any party proposes on the length of depositions.

**Plaintiffs**: None beyond the 7 hours per deposition provided for under the Federal Rules.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The extent of discovery needed, including depositions, will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to

complete this proposed order.

Gaia reserves its right to revise this section after it has determined which claims are proceeding, but at this time Gaia proposes that depositions be limited to 7 hours, absent prior approval from the Court, pursuant to Federal Rule of Civil Procedure 30(d)(1).

### c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**Plaintiffs**: Depending on how the case proceeds, likely some number under one hundred of each per side.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The extent of discovery needed, including requests for production and/or admission, will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.

### d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions.

**Plaintiffs**: TBD, but not beyond August 1, 2021.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The extent of discovery

needed, and the timing appropriate for such discovery, will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Gaia proposes that no schedule be entered for the completion of discovery until after resolution of Gaia's forthcoming motion to dismiss, and after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs claims that survive.

### e.  Other Planning or Discovery Orders.

The parties will discuss appropriate stipulations regarding confidentiality and privilege, and will propose such stipulated orders to the Court, if applicable, within 60 days.

### 9.  CASE PLAN AND SCHEDULE

### a.  Deadline for Joinder of Parties and Amendment of Pleadings

**Plaintiffs**: Fifty (50) days following the commencement of discovery.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  In light of Plaintiffs already amended pleadings, Gaia proposes that Plaintiffs not be allowed any further amendments.  Otherwise, the timing for joinder of parties and amendment of pleadings will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia, and the amount of discovery necessary for such claims.  For this reason

and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Gaia proposes that no schedule be entered until after resolution of Gaia's forthcoming motion to dismiss, and after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs claims that survive.

### b.  Discovery Cut-off

**Plaintiffs**: Twelve (12) months from the Rule 16 conference for fact discovery, an additional two (2) months beyond fact discovery for expert discovery.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The extent of discovery needed, and the timing appropriate for such discovery, will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Gaia proposes that no schedule be entered for the completion of discovery until after resolution of Gaia's forthcoming motion to dismiss, and after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs claims that survive.

### c.  Dispositive Motion Deadline

**Plaintiffs**: Ninety (90) days prior to the date set for trial.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be

dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The timing for dispositive motions will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia, and the amount of discovery necessary for such claims.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Gaia proposes that no schedule be entered until after resolution of Gaia's forthcoming motion to dismiss, and after Gaia has filed a responsive pleading and counterclaims, if any, concerning any of Plaintiffs claims that survive.

### d.  Expert Witnesses

#### 1.  The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiffs:** Discovery is still ongoing and Plaintiffs reserve the right to call additional expert witness based thereon as provided by the terms set forth by this Court. Without waiving the foregoing, Plaintiffs anticipate calling experts on the issues of Damages, Secondary Meaning, and Likelihood of Confusion.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The need for expert witnesses will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the

Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

### 2. Limitations which the parties propose on the use or number of expert witnesses.

**Plaintiffs:** To the extent practicable, the parties will refrain from calling more than one expert witness in a particular field so as to avoid cumulative or duplicative testimony.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The need for expert witnesses will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

### 3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

**Plaintiffs**: The day after fact discovery ends.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should

any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The need for and timing of expert witnesses will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

> **4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

**Plaintiffs**: Thirty-one (31) days after fact discovery ends.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The need for and timing of expert witnesses will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

### e. Identification of Persons to Be Deposed

The parties have conferred and respectfully request that the parties be excused from completing this section until the case has advanced beyond pending and forthcoming motions to dismiss and the pleadings have been finalized, so that the parties and the Court can focus their attention on claims at issue.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on _____ at _____o'clock_____m, A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

### a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time, but the parties reserve their rights to further discuss discovery and scheduling issues after resolution of the pending and forthcoming motions to dismiss.

### b. Anticipated length of trial and whether trial is to the court or jury.

**Plaintiffs**: Plaintiffs anticipate a trial of 7-9 days. Trial will be to a jury.

**Gaia**: Gaia believes that all of Plaintiffs' claims, in whole or in part, should be dismissed as will be set forth more fully in Gaia's anticipated motion to dismiss.  Should any of Plaintiffs claims survive, Gaia will be filing counterclaims.  The need for and

expected duration of trial will depend on which, if any of Plaintiffs' claims survive, and which counterclaims are brought by Gaia.  For this reason and others, Gaia has moved the Court to continue the scheduling conference and the parties' obligations to complete this proposed order.  Because Plaintiffs' claims should be dismissed, Gaia has not attempted a factual investigation of Plaintiffs' allegations, and thus reserves its right to revise this section after such investigation.

> **c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing a good cause.

The parties stipulate that good cause shall include, but not be limited to, resolution of pending and forthcoming motions to dismiss, and the filing of responsive pleadings and counterclaims, if any, by defendants.

Respectfully submitted this 1st day of October 2020.

DATED at Denver, Colorado, this __day of _____, 20__.

BY THE COURT:

_____
United States Magistrate Judge

| | |
|---|---|
| _s/Valerie Yanaros_____<br>Valerie Yanaros, Esq.<br>Texas Bar No. 24075628<br>Yanaros Law, P.C.<br>5057 Keller Springs Rd, Suite 300<br>Addison, TX, 75001<br>Telephone: (512) 826-7553<br>valerie@yanaroslaw.com<br><br>**Attorney for Plaintiffs James Corey Goode and Goode Enterprise Solutions** | _s/Daniel A. Dingerson_____<br>DAVIS & GILBERT LLP<br>Daniel A. Dingerson<br>Ina B. Scher<br>1740 Broadway<br>New York, New York 10019<br>Telephone: (212) 468-4800<br>Facsimile: (212) 468-4888<br>Email: ischer@dglaw.com<br><br>**Attorneys for Defendant Gaia, Inc.** |