IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                 Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                 Defendants.

---

## REPLY TO RESPONSE TO MOTION TO AMEND
---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs"), and files their Reply to Defendant Weidner ("Defendant" or "Weidner") Response to Plaintiffs' Motion to Amend Complaint ("Response", Docket 76).

### SUMMARY OF ARGUMENT

Plaintiffs' Second Amended Complaint ("SAC") should be allowed because the amendment is not futile and instead cures alleged deficiencies in the prior pleading by revising the claims in response to Defendant's (and other Defendants') MTD. The amended complaint narrows the claims and alleges facts with greater specificity. Plaintiffs' SAC is not a "moving target" for

the same reasons. Finally, Defendant will not be prejudiced by the amendment, most notably because the case is in its infancy and Defendant has not even addressed the issues raised in its Response in its two prior motions to dismiss, but also because it goes above and beyond to clarify the issues and claims beyond the requirements necessary for a complaint under FRCP 8 and 9.

## Background

Weidner has requested—and received—generous amounts of extensions from Plaintiffs to respond to the complaints as filed and amended (see Docket 7, the first amended complaint or "FAC" and Docket 61-1 Second Amended Complaint "SAC") and has yet to respond in substance either through motion practice or conferrals on any alleged deficiencies in Plaintiffs' pleadings. With the instructional benefit of the other Defendants' motions to dismiss, Weidner makes threadbare and general sweeping allegations against a complaint that sufficiently states Plaintiffs' causes of action against him, ignoring any and all factual allegations and support as included in the Original Complaint (Docket 1) and the two amendments (Dockets 7 and 61).

## Argument and Authorities

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse parties. Fed. R. Civ. P. 15(a). Leave to amend shall be freely granted when justice so requires. *Id*. However, if the court determines that there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U. S. 178 (1962). A court "is justified in denying a motion to amend as futile . . . if the proposed amendment could not withstand

a motion to dismiss or otherwise fails to state a claim." *Beckett ex rel. Cont'l W. Ins. Co. v. United States* 217 F.R.D. 541, 543 (D. Kan. 2003). A court, however, "may not grant dismissal `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). Indeed, "[a] futility objection should not turn into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007).

Plaintiffs gave careful consideration to each Defendant's arguments—including Weidner's—and has made over a hundred revisions in order to [1] focus the issues (including dropping several well-supported and viable claims) and to [2] clarify the facts (see Dockets 11-1 and 61-2). In his Response, Defendant attempts to get two preliminary bites at the apple that should be presented in its Motion to Dismiss, the substance of which is laid out in its entirety in Docket 76-1 (and in its substantively identical counterpart in Exhibit A). This "conferral" in Docket 76-1 ("Conferral 2") by Defendant is merely a collection of conclusory statements claiming that allegations do not appear in Plaintiffs' SAC, when they are clearly laid out in detail. Weidner's blatant disregard for *any* of the facts included in the SAC is telling, if the SAC was in fact devoid of all such factual detail, the following—in the words of Defendant—would be entirely nonsensical and completely misplaced:

> "[a]s pointed out by other defendants in this matter, the proposed SAC is not simply long—it also alleges a convoluted fact-pattern (sic) that ostensibly supports legal claims running the spectrum from breach-of-contract claims, to defamation, to RICO allegations, and more."

(Docket 83 at 3).

Take, for example, the mirror statements put forth in both Conferral 2 and the almost identical "conferral" Weidner sent in response to the FAC attached hereto as Exhibit "A" ("Conferral 1"):

"Likewise, there are no factual allegations to support such a conspiracy. RICO claims must be pleaded with specificity, including the predicate acts. Broadly alleging [']mail fraud['] or [']wire fraud['] (as is done in Claim I), and then vaguely alleging [']conspiracy['] does not meet this requirement. **Neither does incorporating all other paragraphs of the SAC into this claim.** Likewise, the vague allegations of an [']enterprise,['] along with the description of that alleged enterprise, fail to meet the plausibility pleading standard."

(emphasis added to highlight the sole difference in the wording between Conferral 1 and Conferral 2).[1]

Much of the evidence—especially with regard to the RICO claims—is within the individual Defendants' possession. Despite that fact, Plaintiffs have more than sufficiently alleged facts to support their claims. Specifically, in response to various to the aforementioned, conferral on Claim II by Defendant, at least paragraphs 101 (added in the SAC) and 102 lay out clearly with cites to the predicate acts through the use of wires by Weidner (and other Defendants). Likewise, Plaintiffs lay out in painstaking detail the enterprise starting on page 20 of the SAC. (See paragraphs 105-114). The rest of the factual allegations in the SAC also similarly reference various parts in support of the various claims. To say that there are "no factual allegations" or that Plaintiffs

---

[1] Running a "redline" or "compare documents" in Microsoft Word shows that the only differences between the two Conferrals were: [1] the deletion of the sections addressing the dropped claims, [2] changing "FAC" to "SAC", [3] swapping "twelve" for "numerous" (and a few other similar verbiage changes), and [4] the addition of the phrases "Neither does incorporating all other paragraphs of the SAC into this claim" in their response to Claim II and [5] "such as the existence of a contract between Mr. Weidner and Plaintiffs" in the response to Claim VIII. Really, only two substantive points were addressed in response to Plaintiffs' multitude of amendments.

are "vaguely alleging" anything is misplaced. As such, Defendant's arguments should be disregarded and Plaintiffs' SAC should be entered as the operative pleading, and any remaining arguments that Defendant feels it can still make should be properly made in a Motion to Dismiss per this Court's practice standards. Finally, some of the Defendants have acknowledged the benefit of Plaintiffs' amendments showing that the Amendment is not futile.

## CONCLUSION

As explained above, this Court should deny Defendant's request to prohibit Plaintiffs' proper amendment and enter the SAC into the record, making it the operative complaint in this litigation.

Dated: October 5, 2020                                Respectfully Submitted,

/s **VALERIE A. YANAROS**
**VALERIE YANAROS**
**TEXAS BAR NO. 24075628**
**YANAROS LAW, P.C.**
**5057 KELLER SPRINGS RD, SUITE 300**
**ADDISON, TX, 75001**
**TELEPHONE: (512) 826-7553**
**VALERIE@YANAROSLAW.COM**

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 5, 2020 with a copy of this document via the Court's ECF system.

Dated:   October 5, 2020                    /s/ *Valerie A. Yanaros*

                                             Valerie A. Yanaros