## Weidner, Jay: Conferral re: MTD in Goode et al v. Gaia, Inc. et al; 1:20-cv-00742-DDD-KLM

 Ashlee Hoffmann <ashlee@burnhamlaw.com>
Fri, 07 Aug 2020 7:29:56 PM -0500

To "yanaroslaw" <valerie@yanaroslaw.com>
Cc "Aaron Belzer" <aaron@burnhamlaw.com>, "Brittany Breeden" <brittany@burnhamlaw.com>
Tags
Security  TLS  Learn more

Good evening,

I hope that this email finds you well, with an enjoyable weekend planned.

As you know, our deadline to respond to the First Amended Complaint ("FAC") is coming up. After reviewing the FAC, I called to confer on a Motion to Dismiss that we are planning to file in the above-referenced case. I left a voicemail but wanted to follow up with an email providing an overview of our position.

It is our position that the FAC must still be dismissed for failure to comply with F.R.C.P. 8 (requiring a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief") and with F.R.C.P. 12(b)(6) (requiring a complaint to allege facts sufficient to state a claim to relief that is plausible on its face). In these ways, the FAC has not corrected the issues that defendants already raised (at length) with the initial Complaint.

As to Rule 8, the FAC contains numerous allegations that make it difficult to ascertain which claims pertain to which defendants or which factual allegations correlate to which claims--which means that it does not give a short and plain statement showing that the pleader is entitled to Rule 8. Moreover, although the FAC now denotes which defendants it purports are liable for which claims, it still broadly alleges twelve claims against "all defendants"--even when those claims that are not relevant as to certain defendants. The FAC also continues to use "shotgun pleading" where it incorporates the entirety of the complaint into each claim -- even as to those claims where the entirety of the complaint clearly isn't relevant.

As to Rule 12(b)(6), it is our position that all of the claims as to Mr. Weidner are subject to dismissal:

- Claim II (RICO as to all Defendants) pleads only conspiracy to commit certain predicate acts. However, it does not actually plead that Mr. Weidner committed the predicate acts or even give insight into what those predicate acts may be. Likewise, there are no factual allegations to support such a conspiracy. RICO claims must be pleaded with specificity, including the predicate acts. Broadly alleging "mail fraud" or "wire fraud" (as is done in Claim I), and then vaguely alleging "conspiracy" does not meet this requirement. Likewise, the vague allegations of an "enterprise," along with the description of that alleged enterprise, fail to meet the plausibility pleading standard.
- Claims III and V (Federal/State Trademark Infringement fails to plead how and when the purported trademarks were violated by Mr. Weidner, contain only conclusory allegations, and do not identify what trademarks Mr. Weidner used in an infringing manner "in commerce."  Indeed, there are no specific factual allegations as to Mr. Weidner on this topic at all. What has Mr. Weidner sold or used in commerce? Regardless, to the extent that any facts can actually be pled to support this contention as to Mr. Weidner, it is patently clear that any use constitutes "fair use" --an absolute defense.
- Claims IV and VI (False Designation and Unfair Competition) fail to appropriately plead that Mr. Weidner used in commerce a designation that falsely represented the origin, sponsorship, or approval of goods. Indeed, the FAC seems to explicitly contravene this requirement as to Mr. Weidner because it alleges that he derided Mr. Goode (thus there can be no rational argument that he falsely represented the origins of any goods). The FAC also fails to plead that Mr. Weidner engaged in an unfair practice as defined in law, that such practice occurred in his business, vocation, or occupation, that it significantly impacted the public, that Mr. Goode suffered injury in fact, or that the challenged practice caused plaintiff's injury. Again, there are no factual allegations that support the application of this claim to Mr. Weidner as an individual.

- Claim VII (Breach of Contract) fails to plead the basic elements of a contract. The FAC never alleges that Mr. Weidner had a contract with Mr. Goode (nor can it). Likewise, there can be no argument that Mr. Goode was a third-party beneficiary of any contract between Mr. Weidner and Gaia, Inc. As such, this claim fails to state a plausible claim for relief.
- Claims X and XI (IIED and NIED) fail to plead *any* actual factual allegations and consist instead of a bare recitation of the elements for those causes of action. The Court is not required to accept such conclusory allegations as true, and this tactic does not pass muster under F.R.C.P. 12(b)(6). Indeed, the bar for an IIED claim (outrageous conduct) is very high in Colorado, and the facts pleaded in the FAC fail to meet that standard as a matter of law. Moreover, it is unclear what the "zone of danger" could even be in this case, as is necessary for an NIED claim.
- Claim XII (Harassment at work) fails to state a cause of action under Colorado law because there is no general "harassment at work" claim. To the extent that it purports to be a claim under C.R.S. 24-34-402(1)(a), it cannot apply to Mr. Weidner. First, he is not an employer. Second, any characterization of what Mr. Goode endured does not constitute harassment under the statute, which requires creating a hostile work environment "based upon an individuals race, national origin, sex, sexual orientation, disability, age, or religion." There is no allegation in the FAC that this happened. Nor are there any facts pleaded to show that Mr. Goode went through the required administrative process--a prerequisite to filing suit. If this claim is pled again as to Mr. Weidner, please be advised that we will seek fees as allowed by C.R.S. 24-34-405(5) (allowing an award of attorney's fees if the court finds an action premised on this statutory scheme was frivolous or groundless).
- Claims XIII and XIV (Slander and Libel per se) likewise fail to state a claim. The FAC admits that Mr. Goode is a public figure, yet these claims fail to plead the appropriate elements to overcome that admission. Likewise, the blanket statement that all defendants accused Mr. Goode of a "criminal act," is not supported by the FAC. Finally, these claims consist of a bare recitation of the legal elements, which the Court need not accept as true.
- Claim XV (Tortious Interference with Business Expectancy) fails to state a claim because the only fact that the FAC alleges, as to Mr. Weidner, is that he talked to the organizers of some conferences--which does not meet the element of "improper" interference by the use of "wrongful means" (which includes the use of physical violence, fraud, civil suits and criminal prosecutions, but not persuasion or economic pressure).
- Claim XVI (Cyberstalking) does not actually state a private cause of action under state or federal law. This is a criminal statute, for which there is no civil cause of action. It therefore lacks a cognizable legal theory.

Many (if not all) of these deficiencies were already brought to Plaintiffs' attention after filing the initial Complaint. Even so, the FAC failed to correct these errors, which weighs in favor of a finding that the litigation lacks substantial justification. This has caused all defendants to incur attorney's fees in attempting to respond to both the complaint and FAC. As such, please be advised that in addition to filing a Motion to Dismiss, Mr. Weidner will be seeking an award of attorney's fees under C.R.S. 13-17-102, a Colorado law that mandates an award of fees for litigation that is substantially unjustified.

It is our belief that our request for dismissal is firmly grounded in law, and we can provide citations for all of the above propositions. However, we also wish to engage in a good-faith conferral on this matter. As such, if you have citations to law or cases to support your position regarding the above claims, we will consider them and are open to revising our position. However, our research has not revealed any such law or caselaw that would support the claims, as pled (and as explained above).

Should you wish to confer further or have additional questions, please do not hesitate to reach out.

Best,
Ashlee



**ASHLEE HOFFMANN** / Civil Litigation Attorney

**Office**: 303.990.5308
**Fax**:    303.200.7330

2760 29th Street, Suite 1E
Boulder, Colorado 80301

www.burnhamlaw.com

Confidentiality Note: The information contained and document(s) attached are for the use of the addressee and may contain copyrighted, confidential, privileged and non-disclosable information. If the recipient of this email is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this email or its contents in any way.

Case No. 1:20-cv-00742-DDD-KAS    Document 97-1    filed 10/05/20    USDC Colorado    pg 3 of 3

Confidentiality Note: The information contained and document(s) attached are for the use of the addressee and may contain copyrighted, confidential, privileged and non-disclosable information. If the recipient of this email is not the addressee, such recipient is strictly prohibited from reading, photocopying, distributing or otherwise using this email or its contents in any way.