IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIFF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Cliff High's **Motion for Written Scheduling Communications** [#89] (the "Motion"). Defendant High, proceeding as a pro se litigant in this matter, asks:

> [T]o receive transcripts of Scheduling Conference or Status Conference meetings via timely text with email delivery. Physical travel to Denver would be an undue burden financially and personally on Defendant High as he resides in Washington State. Defendant requests exclusion from such conferences for the following two reasons. Defendant has first the technical reason of lack of adequate telephony [sic] support at Defendant's residence which is rural, with no cell service and poor quality land line. Additional problems arise for Defendant due to damage of auditory sense perception as a result of recent cancer surgery.
>
> Second, Defendant High requests exclusion from such conferences for the reasons of personal animosity to Plaintiff's Counsel resulting from the

-1-

>    duplicitous and unethical tactics demonstrated in this matter to this date, as well as Defendant's desire to not participate in raising the other defendants' costs by his appearance at these conferences which would inevitably lengthen the proceedings.  Defendant High is convinced that Plaintiff and Plaintiff's Counsel are deliberately employing a tactic designed to impose a financial burden at the direct expense of the defendants in violation of Rule 11(b)(1).  Defendant High recognizes that some element of prejudice necessarily arises from such exclusion, and offers that his personal diligence and attendance to the matters before this Court will not be a source of delay as a result of granting this request.

*Motion* [#89] at 2-3.

IT IS HEREBY **ORDERED** that the Motion [#89] is **DENIED**.  Even though you do not have a lawyer representing you, you are required to participate in the ordinary events associated with being a party to a lawsuit, like discovery, court hearings, and trial.  If you fail to do so, monetary and non-monetary sanctions may be imposed on you, up to and including entry of judgment against you.

At least in the near term, all hearings in this case will be held by telephone as a precautionary measure against the spread of COVID-19.  *See, e.g., Minute Order* [#88]. In the event of resumption of normal court operations, you must file a motion to appear by telephone at least five days in advance of any hearing at which you want to appear by telephone.  *See Order Setting Scheduling/Planning Conference* [#45] at 2-3.  It is your responsibility to obtain access to a phone on which you can reasonably be expected to hear court proceedings and participate in them as required.  After a hearing, you may contact the Clerk's Office to obtain an audio recording or to order a transcript, both of which would be at your own expense. A written set of minutes regarding hearing proceedings will be issued and mailed to you after each hearing, but this is not a substitute for actually appearing at the hearing and representing your interests.

You may also attempt to obtain counsel to represent you and appear at court hearings.  Unless your case or your personal circumstances are *very* unusual, the Court cannot appoint an attorney to represent you in your case.  If you want to ask the Court to appoint an attorney for you, you must file a motion and explain your unusual circumstances.

Finally, all counsel and pro se parties must interact and be civil toward one another. For example, before you file any motion, you must call the attorneys for the other parties and ask them whether they agree or disagree with what you want to ask the Judge to do. Once you have talked to the lawyers for the other parties, you must tell the Judge in writing whether they agree or disagree with what you want to do, at the beginning of your written

motion. Failure to do this will result in your motion being denied.[1] Thus, in short, "personal animosity" between the litigants and/or counsel in this case is not an adequate reason not to appear at required hearings.

The Court has attached a letter to this Minute Order which more fully explains the responsibilities a pro se litigant must fulfill.

Dated:  October 7, 2020

---

[1] The Court notes that Defendant High did not state in the present Motion [#89] whether he conferred with opposing counsel and, if so, their position on the Motion [#89], although it seems unlikely that this occurred based on Defendant High's statements in the Motion [#89]. The Court could deny the Motion [#89] solely on this basis but has decided to rule on the Motion [#89] in the interest of expediency. However, future motions practice which does not comply with Local Rule 7.1(a) regarding conferral will be summarily denied.