# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

## DEFENDANT ALYSSA MONTALBANO
## RESPONSE TO ORDER 96

COMES NOW DEFENDANT, Alyssa Montalbano, in response to Order 96, regarding ¶2 on pg1 and ¶1 on pg2, where it is stated, that Montalbano (and other Defendants) failed to confer with Plaintiff's Counsel for a Fed. R. Civ. P. 26(f) meeting in order to have properly prepared the Proposed Scheduling Order (PSO) for the case (#95) and that Montalbano and other Defendants (Weidner, High, and Zavodnick) are in 'violation' of Magistrate Mix's order at #45 to confer; Montalbano states as follows:

1

On September 9, 2020 Ms. Wilde, Plaintiffs' Counsel, sent an email to Defendants regarding a '26(f) Conference' and conferral. (EXHIBIT 1 pg4) Various responses and replies were made to Ms. Wilde by Montalbano and the other Defendants and/or Counsels September 9, 2020 – September 10, 2020.  Defendants and/or their Counsels again agreed that it was still premature to have a Scheduling Conference and it should be Continued as it was before Judge Jackson recused (#34 and #37) and to wait until after all matters related to the pleading and replies were resolved. The reasons to again adjourn the Scheduling Conference were clearly stated by Gaia Inc.'s Counsel Mr. Dingerson in his detailed email to Ms. Wilde (Exhibit 1 pg5) and Montalbano also agreed with it. (Exhibit 1 pg6) The same reasons were then re-stated in Mr. Dingerson's (Defendant Gaia Inc.'s) "Joint Motion to Adjourn or Continue the October 8, 2020 Scheduling/Planning Conference" and joined by Montalbano. (#91 and Denied without Prejudice #96)

Montalbano was lead to believe, by Ms. Wilde, the email conversations September 9, 2020 - September 10, 2020 were the 26(f) 'meeting' as Ms. Wilde claimed they were. Ms. Wilde proposed a phone call, September 9, 2020, in the coming days to further confer. (Exhibit 1 pg4) Montalbano along with various other Defendants and/or their Counsels stated they would make themselves available for a phone call for planning if needed.  (Exhibit 1 pg6) No phone call was had and no further emails were sent by Plaintiffs' Counsel to Defendant Montalbano regarding the details seen in the PSO filed

at #95, and Ms. Wilde clearly did not include Montalbano as being a participant in the '26(f) Conference.'

Ms. Wilde did not send any further emails or inquiries to Montalbano specific to Case Schedule Planning (PSO), timing, or otherwise, and as appears to have been written by Plaintiff's Counsel, Ms. Wilde, between September 9, 2020 through to its filing at #95, October 1, 2020, and STRICKEN at #96, October 2, 2020.

Between September 22, 2020 - September 30, 2020 Montalbano sought conferral with Ms. Wilde regarding Motions to be filed: 1. Motion for Extensions of Time (#82 and denied as Moot #96) 2. Motion to Adjourn Scheduling Hearing (not filed). Montalbano heard back from Ms. Wilde about Plaintiffs' positions and there was still no mention by Ms. Wilde about anything regarding the (now) filed Proposed Scheduling Order (#95).

September 30, 2020 Montalbano emailed all parties (Plaintiff's Counsel and other Defendants/Counsels) with a drafted Joint Motion to Adjourn/Continue the Scheduling Conference and learned Mr. Dingerson had also drafted a similar Motion and Montalbano joined Gaia Inc.'s Joint Motion (#91 and Denied without prejudice #96) in order to prevent duplicitous filings. Ms. Wilde still did not mention anything about the Proposed Scheduling Order (#95) and did not request any further conferral on it with Ms. Montalbano; it is likely Ms. Wilde had drafted the PSO by this point.

On October 1, 2020 Montalbano received an email from Plaintiff's Counsel with the drafted "Proposed Scheduling Order" attached (Exhibit 1 pg1) and Ms. Wilde stated it

3

would be filed within about the next 4 hours and pursuant Magistrate Mix's orders (#45). (Exhibit 1 pg1) The "Proposed Scheduling Order" was filed (#95) by Ms. Wilde, before Montalbano even had the opportunity to see and open the email with the draft PSO let alone make any statements to Ms. Wilde about any of the 'plans.' Ms. Wilde had not asked Montalbano any questions related to the filed PSO (regarding matters outside of adjourning things) between September 9, 2020 – October 1, 2020. The October 1, 2020 email was the first time Montalbano had seen any PSO of any kind from the Plaintiffs and it was already filed on the Court Record, before Montalbano saw or read any of it via email.

On October 1, 2020 shortly after the "Proposed Scheduling Order" email was sent by Ms. Wilde to the Defendants and/or Counsels; Mr. Laszlo (Defendant Zavodnick's Counsel) responded that it was the first draft he'd seen of the PSO and that he did not recall being included in any 26(f) Conference discussion regarding it (Exhibit 1 pg 1) and later that Ms. Wilde was likely in violation of Rule 11 and intentionally misrepresenting things. (Exhibit 1 pg 2) Ms. Wilde replied that she and the Defendant's conversations regarding adjourning the hearing (from September 9, 2020 – September 10, 2020) was the 26(f) PSO conference (Exhibit 1 pg 3) and that she would be 'misrepresenting' things then and would file the September 9 - 10, 2020 emails as evidence the 26(f) Conference conferrals/discussions had in fact taken place with all Defendants and/or Counsels as all were included as recipients in the 26(f) emails.  Ms. Wilde adamantly claimed those communications were the 26(f) Conference and that all Defendants and Counsels had in

4

fact participated and that she would file those email records as evidence to prove to the Courts that everyone was included should anyone deny they participated, such as Mr. Laszlo, Mr. Zavodnick's Counsel. (Exhibit 1 pg1 and pg3)

October 2, 2020, in Magistrate Mix's order at #96, Magistrate Mix then stated Defendants Montalbano and other Defendants (Weidner, High, and Zavodnick) were in violation of the 26(f) Conference Order (#45). However, according to Ms. Wilde all of the Defendants including, Montalbano, High, Weidner, Zavodnick and/or their respective Counsels (in addition to Gaia Inc.'s Counsel) had in fact participated in the 26(f) Conference (Exhibit 1 pg 3). However, in spite of everyone having participated in the 26(f) Conference according to Ms. Wilde, she then proceeded to file a Proposed Scheduling Order (#95) that clearly excluded the input of all Defendants' (except Gaia Inc.) and that resulted in a warning of sanctions against Montalbano, Weidner, High, and Zavodnick for lack of participation. Ms. Wilde knowingly excluded the conferral input of: Montalbano, Weidner, High, and Zavodnick, and knowingly misled the presiding officers of this Court, and in particular Magistrate Mix, to think no other Defendant other than Gaia Inc. had conferred, when all Defendants had confered according to Ms. Wilde. Yet, Ms. Wilde proceeded to file the Proposed Scheduling Order (#95) when she'd only noticed Montalbano and the others of the PSO about 4 hours prior to filing it. Montalbano did not email reply to Ms. Wilde's October 1, 2020 PSO conversations as Ms. Wilde had already filed the papers on the Court Record by the time Montalbano saw the email with the first drafted PSO.

It is understood it is the Plaintiffs' responsibility to ensure proper conferrals and discussions regarding the Scheduling Conferences and Ms. Montalbano would have participated in further 26(f) Conferences had there been any additional efforts made by the Plaintiffs', such as the mentioned phone call (Exhibit 1 pg 4) or additional email conferrals, to determine timing and other matters for the PSO between September 9, 2020 and the filing of Plaintiff's drafted PSO (#95) October 1, 2020. None of the content of the filed PSO were discussed with Montalbano, other than discussions September 9 -10, 2020 about adjourning the October 8, 2020 Scheduling Hearing till after all preliminary matters were resolved.

Ms. Montalbano will, as always, continue to do her best to correctly follow any known and understood Court orders and rules, and did not knowingly or intentionally violate the Order at #45.  Due Process of Law is very important to Montalbano to follow and adhere to in order to be fair and impartial to all parties involved, but it is very difficult when the Plaintiff's Counsel regularly employs inappropriate tactics that violate the (Colorado) Rules of Professional Conduct of having candor toward the tribunal (RPC Rule 3.3) and being honest with the opposing parties. (RPC Rule 3.4; RPC 4.3 and RPC 8.4) These acts severely burden Montalbano, the other Defendants, and the Court(s), as Montalbano (or other parties) then have to write multiple papers (like this one) to explain what actually happened and provide the Court and presiding Officers with the actual facts of occurrences, so rulings (or appropriate sanctions) may be issued based on fact, law, and evidence, and upon the appropriate party or parties.

Dated this 7th day of October 2020.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: AriStoneArt@Ymail.com
Pro Se Defendant

I hereby certify that the foregoing motions comply with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) with a total word count of 1,437.

### CERTIFICATE OF SERVICE

I certify that on this 7th day of October 2020 a copy of the foregoing Notice was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiffs' counsel through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5)

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen