IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

      Plaintiffs,

v.

GAIA, INC., a Colorado corporation,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

      Defendants.

## JOINT MOTION TO STAY DISCOVERY

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendants Gaia, Inc. ("Gaia"), and Jay Weidner, by and through their respective undersigned attorneys, and Defendant Alyssa Montalbano, on her own behalf, hereby move this Court to stay discovery until after resolution of pending and forthcoming motions to dismiss. In support of this Motion, Gaia, Weidner, and Montalbano state as follows:[1]

---

[1] Pursuant to Local Civil Rule 7.1(a), Gaia conferred with all other parties concerning this motion and the relief being sought herein. Plaintiffs oppose the motion and the relief requested. Without waiving his objection to personal jurisdiction, Defendant Zavodnick does not oppose the motion or relief requested. Without waiving his objection to personal jurisdiction, Defendant High does not oppose the motion or relief requested and intends to file his own motion to stay.

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. filed the initial Complaint asserting sixteen separate causes of action. (Dkt. 1).

On June 8, 2020, Gaia filed a Motion to Dismiss and a Memorandum in Support, in which Gaia argued, *inter alia*, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted and pointed out numerous deficiencies in the form and the substance of the allegations. (Dkt. 16-17).

Rather than opposing Gaia's Motion to Dismiss (as well as motions filed by Defendants Montalbano and Zavodnick), Plaintiffs filed a motion on June 26, 2020, proposing that they would have until July 20, 2020, to file an amended complaint, and Defendants would thereafter have until August 31, 2020, to file a response to such amended complaint. (Dkt. 31). In the June 26, 2020, motion, Plaintiffs agreed and requested that the initial scheduling/planning conference be continued until a date after Defendants had filed their response to the amended complaint. (Dkt. 31). Plaintiffs thereafter filed the First Amended Complaint on July 20, 2020, in which Plaintiffs added a claim, thereby asserting seventeen separate causes of action. (Dkt. 36).

Subsequently, the case was reassigned to the Honorable Judge Domenico, (Dkt. 38), who referred the case to the Honorable Magistrate Judge Mix for various matters (Dkt. 39). On August 11, 2020, Magistrate Judge Mix set a scheduling/planning conference for October 8, 2020. (Dkt. 45). On August 31, 2020, Plaintiffs filed a Motion [for Leave] to File a Second Amended Complaint, attaching as an exhibit a proposed Second Amended Complaint including 213 numbered paragraphs and asserting thirteen separate causes of action. (Dkt. 61). The Court has not yet ruled on Plaintiffs' August 31, 2020 Motion or approved the proposed Second Amended Complaint for filing.

Despite the lack of resolution on which of Plaintiffs' complaints is operative, Defendants High and Zavodnick have filed and briefed motions to dismiss Plaintiffs' claims. (*See* Dkt. 42, 43, 53, 54, 62, 63, 73). Defendants Gaia and Weidner have filed motions expressing their intent to each file a motion to dismiss in response to the First Amended Complaint and/or Second Amended Complaint, (*see* Dkt. 77, 83), and the Court ordered that the deadline for filing such motions would be reset after resolution of Plaintiffs' August 31, 2020, motion. (Dkt. 96). In the same Order, the Court vacated the October 8, 2020, scheduling/planning conference, in part because Plaintiffs' August 31, 2020, motion has not been resolved. (Dkt. 96).

In its October 2, 2020, Order, the Court also construed a prior motion by Defendants Gaia, Weidner, High, and Montalbano as a motion to stay all discovery, denied that motion without prejudice, and gave leave for any party to file a formal motion to stay. (Dkt. 96). Accordingly, Gaia, Weidner, and Montalbano now bring this motion.

The Court has discretion to stay discovery while a dispositive motion is pending, and a stay may be appropriate if an entire action can be resolved. *Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 U.S. Dist. LEXIS 164396, at *1-2 (D. Colo. Nov. 24, 2014) (granting indefinite stay pending resolution of a motion to dismiss); *Aurora Bank FSB v. Network Mortg. Servs.*, No. 13-cv-00047-PAB-KLM, 2013 U.S. Dist. LEXIS 86067, at *1 (D. Colo. June 19, 2013) (granting indefinite stay pending resolution of a motion to dismiss); *Malcolm v. Reynolds Polymer Tech.*, No. 17-cv-02835-WJM-KLM, 2018 U.S. Dist. LEXIS 239935, at *2 (D. Colo. July 27, 2018) (granting indefinite stay pending resolution of a mediation); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *Chavous v.*

3

*D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

The following factors are relevant to deciding a motion to stay discovery: (1) Plaintiffs' interests in proceeding expeditiously with discovery and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of non-parties in staying or proceeding with discovery; and (5) the public interest in staying or proceeding with discovery. *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006); *Aurora Bank*, 2013 U.S. Dist. LEXIS 86067, at *4 (describing the *String Cheese Incident* factors with more specificity). Here, each of the five factors weighs in favor of a stay of discovery.

First, Plaintiffs' have already failed to proceed expeditiously with the action, showing that a stay would not be prejudicial to their interests. *Aurora Bank*, 2013 U.S. Dist. LEXIS 86067, at *4-5 (holding that first factor weighed in favor of stay where Plaintiff opposed stay but did not oppose an extension of the submission of a scheduling order, showing that Plaintiff did not believe that initial discovery was urgent). Plaintiffs previously agreed with Defendants—and moved the Court—to defer the initial scheduling conference by more than 60 days. Moreover, Plaintiffs have sought various extensions, and have filed three different versions of the complaint. In all of that time, Plaintiffs have not served initial disclosures or attempted to begin

4

discovery. Accordingly, it is clear by Plaintiffs' actions that there is no urgency to commence discovery, and thus this factor weighs in favor of a stay.

Unlike Plaintiffs, there would be significant prejudice to and undue burden on Defendants if they were forced to begin discovery at this point. Plaintiffs are currently asserting somewhere between 13 and 17 claims—depending on the version of the complaint—which could result in discovery on a wide variety of issues, involving numerous Gaia employees and an incredible amount of documents. However, both Gaia and Weidner intend to make a motion to dismiss that is likely to resolve many, if not all, of Plaintiffs' claims—engaging in discovery on claims that will be dismissed would be both prejudicial and wasteful. *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, at *5 ("[D]efendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"); *Aurora Bank*, 2013 U.S. Dist. LEXIS 86067, at *5 ("Defendants are correct that proceeding will be wasteful if the Court grants their Motion to Dismiss.").

Moreover, proceeding with discovery at this time will necessarily result in discovery being conducted in multiple phases if the case proceeds. Because Defendants have not yet pleaded any counterclaims, discovery now would not include all documents or witnesses relevant to such claims.[2] For all of the above reasons, the second factor clearly weighs in favor of a stay.

Proceeding with discovery on claims that will be dismissed is also wasteful of the Court's time and resources. *See Banks*, 2014 U.S. Dist. LEXIS 164396, at *5 ("With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear which claims, if

---

[2] Discovery might also be conducted in phases if it proceeds now against certain Defendants, including Gaia and Weidner, but not against those Defendants who challenge the Court's jurisdiction, such as Zavodnick and High; avoiding discovery proceeding in phases preserves the resources of the Court and parties.

5

any, will move forward." ); *Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). Any conference or scheduling order entered now will become moot if all of Plaintiffs' claims are dismissed, or will require significant revision to reflect any counterclaims brought by Defendants who have not been dismissed. Either way, proceeding with discovery now will be inefficient and a waste of Court resources. Accordingly, the third factor also weighs in favor of a stay.

Proceeding with discovery now is likely to also burden non-parties, who may be spared involvement in this case if Plaintiffs' claims are dismissed, in whole or in part. In particular, all versions of the complaint refer to non-parties, meaning it is likely those parties would need to be served with subpoenas. Additionally, there are non-parties who have information relevant to potential counterclaims, and those parties would also be dragged into the litigation now if discovery proceeds at this time. A stay allows the parties to wait to determine what claims, if any, are actually at issue, and can thus be more sparing about use of subpoenas to non-parties. Accordingly, the fourth factor weighs in favor of a stay.

Finally, the public's only interest in this case is a general interest in its efficient and just resolution. *Banks*, 2014 U.S. Dist. LEXIS 164396, at \*5-6; *Malcolm*, 2018 U.S. Dist. LEXIS 239935, at \*5. "Avoiding wasteful efforts by the Court and litigants serves this interest." *Banks*, 2014 U.S. Dist. LEXIS 164396, at \*5-6. Thus, the fifth and final factor also weighs in favor of a stay.

**WHEREFORE**, Gaia, Weidner, and Montalbano respectfully request that this Motion be granted and that the Court enter a stay of discovery pending resolution of pending and

6

forthcoming motions to dismiss, and until after any party that remains in the action has filed its responsive pleading to any remaining claims, together with such other and further relief as the Court deems just and proper.

Dated: October 12, 2020                    **DAVIS & GILBERT LLP**

By: __/s/ *Daniel A. Dingerson*__
  Daniel A. Dingerson
  Ina B. Scher
  1740 Broadway
  New York, New York 10019
  Telephone: (212) 468-4800
  Facsimile: (212) 468-4888
  Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**BURNHAM LAW**

By: __/s/ *Aaron Belzer*__
  Aaron Belzer
  Ashlee Hoffmann
  2760 29th Street
  Boulder, Colorado 80301
  Telephone: (303) 990-5308
  Fax: (303) 200-7330
  Email: aaron@burnhamlaw.com

*Attorneys for Defendant Jay Weidner*

**ALYSSA MONTALBANO**

__/s/ *Alyssa Montalbano*__
*Pro se* Defendant

  I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020, I caused a copy of the foregoing Motion to Stay Discovery to be served on all other parties, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with him, serving it on Cliff High via email.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson