FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10/09/2020
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.
                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKARYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                Defendants.

_____

DEFENDANT CLIFF HIGH'S OPPOSED MOTION TO STAY DISCOVERY

_____

Defendant Cliff High moves this Court to stay discovery until after resolution of pending and forthcoming motions to dismiss. In support of this Motion, Defendant High states as follows:

Pursuant to Local Civil Rule 7.1(a), Defendant conferred with all other parties concerning this motion and the relief being sought herein. Defendant Montalbano, and Defendant Gaia, through their counsel, do not oppose the motion or the relief requested. Defendant Zavodnick, (through his counsel and without waiving his objection to lack of personal jurisdiction) had not responded by the filing of this document, and thus is presumed to take no position on the motion. Defendant Weidner, through his counsel, did not oppose. Plaintiff's counsel was contacted and responded that Plaintiffs are opposed to this motion.

The Defendant is acting *pro se* and thanks the Court for indulgence with errors of form or format.

The defendant contends that the progress of this matter would be impeded if discovery were to be allowed prior to ruling on his

Motion to Dismiss, and supporting documents. Not only would the Court's resources be wasted, it would also be yet another unwarranted burden on the defendant induced by the pursuit of this inauthentic case.

Defendant's Reply [Doc 73] to Response to MTD [Doc 42], Section III, Argument, page 5, demonstrates the wasteful, and implausible, and 'moving target' nature of this case. The cited elements of trademarks and their 'tarnishing' are, by plaintiff's counsel's own words, "central" to the original Complaint against Defendant High, but yet are diminished to nonexistence by the third iteration of this collection of deficiencies, the SAC; as are all other specific instances of claims against the Defendant, now reduced to inclusion in the 'all defendants' category, which would be necessarily prejudicial in the areas of discovery.

As Defendant's Reply [Doc 73] to Response to MTD [Doc 42], as well as Defendant's Response to Motion [Doc 81] for leave to file the Second Amended Complaint [SAC], both raise the issues, first of personal jurisdiction, then not only of deliberate and continuing

Rule 11 violations, but also of subject matter jurisdiction by reason of Defendant High's granted TM, as the defendant was issued the following

 **NOTICE OF ALLOWANCE (NOA)**

**ISSUE DATE: Nov 5, 2019**

**U.S. Serial Number: 88420556**
      **Mark: BLUE CHICKEN CULT BLUE SPACE CHICKEN CUL etc.**

Further, as this was Plaintiff's only cited, claimed 'damage' causing offense, and as it is a granted TM, this raises the issue of venue. Defendant High respectfully requests the Court to stay discovery post adjudication of pending Motions, as this matter, as regarding this Defendant, may yet be determined to not reside with this Court.

In addition, Plaintiff's Response [Doc 62] to Defendant's MTD [Doc 42] states on page 6, in section III, Summary of Argument, paragraph 1, to quote "High has claimed that he coined the term "Blue Chicken Cult"as a way to demean and tarnish Goode's "BLUE AVIAN"claimed mark, and as such is liable for the damage he has caused Goode—the harm of which is felt in

Colorado, where Goode resides.", Defendant High notes now, that he had never claimed his TM phrase as a way to demean and tarnish Plaintiff's claimed (not trademarked) mark, but further, as this matter before this Court advances, yet more examples of deliberate Rule 11 violations continue to emerge around Plaintiff's attempts to profit from Defendant's granted, and lawful, TM phrase, as we see in this extract from Twitter:

**1215117492562972672 2020-01-08 19:46:00 Pacific Standard Time <CoreyGoode> Those are in the works... Who wants an official 'proud blue chicken cult member' shirt? lol https://twitter.com/adr_ver/status/1215116692076011521 ...**

The tweet (Internal Twitter UID #: 1215117492562972672 ) by the Plaintiff, referenced above, indicates in both substance and tone, that the Plaintiff had no damage from the phrase as of January 8th of this year, yet is claiming exactly that in several filings to this Court months later in this inauthentic suit from which Plaintiff now seeks burdensome discovery presumably attempting to document non-existent damages against

5

Defendant's granted, lawful, trademarked phrase. Such a use of the discovery process is not only a burden and vindictive to Defendant, but would be clearly a deliberate, and duplicitous, waste of the Court's resources, as well as inappropriate in both subject matter jurisdiction, and venue, which would rightly reside within the USPTMO jurisdiction.  See Doc. 73 & 81, Defendant's Reply to Response and Response to Motion [61] for further examples.

Further, it needs to be noted that not only has Plaintiff failed to provide any facts within any claims in the most recent iteration of the Complaint (SAC), against Defendant High, there are fewer specific instances pressed against Defendant High than in the original Complaint, or the First Amended,  both demonstrating a 'moving target complaint', as well as diminished capacity of plaintiff to pursue this case against Defendant High.  The 'moving target complaint' as well as the  complete lack of facts within the claims, against which a defense, and thus, a route to discovery, could be constructed, makes that  discovery, at this time, both a

burden to defendant, and wasteful of the court's resources. With such a vague, and fact-less, and moving target, complaint as basis for discovery, there would necessarily be more, diverse, and wasteful contention of direction, and limits on said discovery should it go forward, entailing needless waste of this Court's resources.

Thereupon, Defendant High requests this Court enter a stay of discovery pending resolution of its forthcoming motion to dismiss, and until after any party that remains in the action has filed its responsive pleading to any remaining claims, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of October.

        *S/Cliff High*
        Cliff High
        PO Box 141
        Moclips, WA, 98562
        Tel.: (360) 276-0049
        Email:clif@halfpasthuman.com

        **Defendant, pro se**

I hereby certify that the foregoing pleading complies with the

type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2020, I electronically filed the foregoing with the Clerk of Court via email.