**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:18 am, Oct 13, 2020*
**JEFFREY P. COLWELL, CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.

                  Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKARYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                  Defendants.

_____

DEFENDANT CLIFF HIGH'S MOTION SEEKIING INJUNCTIVE RELIEF

_____

Comes now, Defendant Cliff High, on behalf of himself, and all others similarly situated, to move this Court in seeking injunctive relief of existing damage, and prevention of imminent and irreparable harm. In support of this Motion, Defendant High states as follows:

Pursuant to Local Civil Rule 7.1(a), Defendant attempted to confer with all other parties concerning this motion and the relief being sought herein. As this issue arose over a Federal holiday weekend, responses were necessarily not forthcoming. Defendant Montalbano replies with consent to the relief requested, thus no opposition, and Defendant Gaia, through their counsel, does not oppose the motion or the relief requested. Other defendants had not responded by the submission of this document. Plaintiff's counsel was contacted via email and had not responded.

The Defendant is acting *pro se* and thanks the Court for indulgence with errors of form or format.

Defendant High petitions this Court to restrain Plaintiff in his

mischaracterization of this suit in social media and in interviews and to cease his continuing defamation of Defendant High, and other defendants in this action, in public interviews, videos, and social media statements, as well as to refrain from social media tactics intended to prejudice those matters at issue before this Court.

Sparing the Court's time, Defendant High presents that Plaintiff, in an interview posted on October 8, 2020, on **Dr. J Radio Live** channel on YouTube, defamed Defendant High and other defendants by labeling them as a group of 'assassins' whom are seeking to murder Plaintiff and who are actively engaged in child/human trafficking.

The interview presented here by URL link is merely the latest, and is only a singular, example of a long continuing behavior pattern by Plaintiff. The relevant section may be located at 24:47 into the interview. It runs for approximately 6 minutes. This interview has already been edited into clips and is currently being widely circulated on-line further damaging the reputations and

business interests of the defendants.

Relevant link: https://www.youtube.com/watch?v=icRz3j1ne0E

Plaintiff, in this interview, states that parties unnamed are continuing to attempt to 'silence' him, up to and including, attempts to murder him by poison at a restaurant. Immediately thereafter in the interview, Plaintiff directs the viewer to his "Light Warrior Legal Fund" page, where they will find a self-aggrandizing presentation with links to some of the documents so far presented to this court, as well as appeals for donations to support the Plaintiff's continuing legal fight to 'clean up ufology' and 'expose' the evil acts including **"human trafficking"** being committed by the group that Plaintiff claims includes Defendant High, and other defendants, and by omission of any other named parties, **only** the defendants. Plaintiff clearly defames defendants by associating them with capital crimes.

Further it needs be noted that the defendants are the ONLY names appearing at that site as the 'dark alliance' opponents of this (by implication through site design) great savior of humanity,

4

the Plaintiff, the light warrior. **See exhibits B, C, D, E and F.**

While the document at Light Warrior Legal Fund states that it is not authored by Plaintiff, it must be noted that such statement is meaningless in that all funds collected by the site go to the Plaintiff's company, clearly identified by the site as owned by plaintiff, **see exhibit G**. Further in support of the Plaintiff's actual control of this site is the copyright at the page to the company the Plaintiff owns, **see exhibit H.** Further, the links within the site are to the Plaintiff's other, main, web domain and selected documents from this matter. The funding web site is listed as owned by proxy, and no electronic address is available. Defendant High wishes to alert the Court that he has mailed a cease and desist letter to the address listed on the site.

The Plaintiff makes similar statements in other interviews, including appeals for funding, and even more prejudicial to these proceedings, solicitations for 'evidence' from his audience.

As the Plaintiff's remaining, and key claim to both jurisdiction and damages against Defendant High, as well as basis for claims

5

against other defendants, hinges on claims of RICO violations by way of claimed 'enterprise', Defendant High petitions the Court to maintain equitable relationships between parties prior to the adjudication of his Motion to Dismiss by restraining Plaintiff's inappropriate characterizations of these proceedings while they are underway. Plaintiff is promoting, in public, his unadjudicated, claimed 'enterprise' as though fact. Further, as a 'fact' being supported as fact by association to the prestige of this Court, and with this proceeding.

Please also note that Plaintiff makes public appeals in these interviews on social media for 'evidence' in support of the fiction of his claimed 'enterprise' that he may pursue his unfounded RICO allegations against defendants. **See exhibit A**. In this effort, he is attempting to back-fill his created fantasy of a RICO worthy complaint by solicited 'evidence' of highly doubtful provenance, and if presented, wasting of the Court's time and resources under inevitable challenge of authenticity.

These statements, as exemplified by the interview provided,

6

have resulted in damage to Defendant High's business and his efforts to recover from the financial burden imposed by this matter thus far. This aspect of unwarranted burden is true for all defendants in general.

It is an expectation in conducting business that reputation searches will be performed by parties with whom one is seeking a business relationship. Defendants are damaged by Plaintiff's defaming characterizations of criminal activity in social media posts which will inevitably be included in routine, business digital reputation searches. Defendant High is so damaged by Plaintiff's actions at this point, as a business relationship that has been two years in the forging, is now at risk by Plaintiff's statements and their impact on digital reputation searches. The existent damage from these defaming statements by Plaintiff, if continued will lead to irreparable harm to Defendant High, and other defendants.

By Plaintiff's use of this Court's prestige in baseless statement that his suit is supported, authentic, and factual, he claims validity for the purposes of raising money, vindictively defaming

defendants in the process.

Defendant High for himself and others similarly situated, herein petitions the Court to restrain Plaintiff's damaging, prejudicial, public characterizations in media of this matter before the Court, as well as to order Plaintiff to cease pubic appeals for 'evidence' to support the claimed RICO 'enterprise' .

Thereupon, Defendant High, on his behalf and that of other similarly situated  defendants, request this Court provide injunctive relief as it may see fit, pending resolution of his, and other's,  forthcoming motion to dismiss, and until after any party that remains in the action has filed its responsive pleading to any remaining claims, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this  12th  day of October.

*S/Cliff High*
Cliff High
PO Box 141
Moclips, WA, 98562
Tel.: (360) 276-0049
Email:clif@halfpasthuman.com

**Defendant, pro se**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020, I electronically filed the foregoing with the Clerk of Court via email.