IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                        Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                        Defendants.

---

**PLAINTIFFS JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION
TO DISMISS STAY DISCOVERY**

---

James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions ("GES") (collectively "Goode") file their Response in Opposition to the Motion to Stay ("Motion", Docket 102) filed by Cliff High ("High" or "Defendant").  The Court should deny the Motion because, as explained herein and in Goode's Response in Opposition to High's Motion to Dismiss (Docket 62, hereafter "Response to MTD") personal jurisdiction over High is appropriately exercised by this Court and Goode's Complaint (whether the First—as entered—or Second Amended Complaint [still under consideration by this Court]) withstands dismissal. Most importantly, Defendant must meet his burden of showing good cause to stay discovery—something that he has not done, nor cannot do.

## I.       RELEVANT BACKGROUND

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations on March 17, 2020. Docket 1.  The background and procedural posture is more fully set out in Goode's Response to MTD and Goode incorporates its arguments into this response to High's Motion. High filed his Motion to Stay (Docket 102, "MTS") on October 9, and Goode now files their response thereto.

## II.      ARGUMENTS AND AUTHORITY

This Court has ordered "The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'"  *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007).  Nonetheless, when ruling on a motion to stay, courts weigh the following factors:  (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). However, "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport*, LLC, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and stays in this District are generally disfavored, see, e.g., Chavez v. Young Am. Ins. Co., No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nothing requires a court to make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case.

As shown below, all factors favor Goode and therefor this action should proceed with discovery.

### 1. The plaintiffs' interests in expeditiously litigating this action and the potential prejudice to plaintiffs of a delay

As explained above, this case was filed in March of this year. Since then, Goode has worked with all defendants to address any alleged deficiencies in their pleadings by amending their complaint. Goode has spent over seven months now in the early stages of the case. This is due, in part, to spending months attempting to serve Defendant—even though Defendant responded via email and voicemail the day the lawsuit was filed with acknowledgement of receipt of the lawsuit. That aside, Defendant still caused Goode to expend months of time and hundreds of dollars to effect service. Goode has been prejudiced enormously by the delay thus far, and Goode continues to be harmed by Defendant's actions both monetarily and due to tarnishment of his name and goodwill through, *inter alia*, High's continued false and misleading social media posts. Goode's

interests in moving this case forward are great in that they continue to be harmed with each passing day, seven months have now elapsed and any further delay would cost more time, money and resources on all parties—not just Plaintiffs. This factor weighs heavily in favor of Plaintiffs.

**2.  The burden on the defendant**

Defendants would not be burdened to produce documents that are already in their possession—the early stages of discovery would actually assist all parties in fleshing out some of the factual issues currently pending. Should the Court consider High's MTD to have merit, factual discovery as it relates to the issues outlined in Plaintiffs' complaint would assist the Court in determining the merits of High's jurisdictional arguments should it require more information outside the current filings. This factor also weighs in favor of Plaintiffs.

**3.  The convenience to the court**

As explained above, beginning discovery—or at least allowing limited discovery—would aid all parties in addition to the Court in determining preliminary issues currently briefed and pending, as well as moving a case along that is already seven and a half months old. In line with the general policy in this district, a stay of discovery is not warranted while Defendant's MTD is pending. *See Sutton*, 2007 WL 1395309, at *2. Courts typically prefer a proactive approach to case management to one of procrastination and moving forward with discovery would achieve that end. This factor too weighs in favor of Plaintiffs.

**4.   The interests of persons not parties to the civil litigation**

In the interest of persons not parties to the litigation, e.g., family members or work colleagues of the parties, the forward movement of this case through discovery would shorten the amount of time they must bear the burden of litigation. Moving forward with discovery may lead to an early disposition of this matter, not only beneficial to ancillary parties, but the parties and the Court themselves. This factor also weighs in favor of Plaintiffs.

**5.   The public interest**

Taking into account all of the aforementioned, the public interest factor weighs in favor of Plaintiffs because it reduces the burdens on time, money and resources for the parties, the Court and those related to the parties to the litigation—either through family, work or otherwise. This factor favors Plaintiffs and thus all five factors are in favor of the stay of discovery being denied.

**III.   HIGH HAS NEVER HAD A TRADEMARK ON "BLUE CHICKEN CULT BLUE SPACE CHICKEN CULT BLUE 6 FOOT SPACE CHICKEN CULT"**

Defendant makes much discussion of an alleged trademark that was—per USPTO records—never actually used by Defendant. This alleged mark, because a statement of use was never filed, was never registered. *See* Exhibit A. The alleged mark was filed on a 1B "Intent to Use" basis, and thus did not garner any actual trademark rights (or otherwise). The purpose of the inclusion of this argument in High's Motion is not clear to Plaintiffs, other than it may be relevant in a motion for summary judgment (not appropriate at this point, prior to discovery) but even so the argument falls flat legally and factually.

IV.     **<u>CONCLUSION</u>**

Based on the arguments and authority contained herein, Plaintiffs respectfully request this Court DENY High's Motion to Stay and allow discovery to commence in the instant action.

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Dated: October 30, 2020                          Respectfully Submitted,

/S **V**ALERIE **A. Y**ANAROS
**V**ALERIE **Y**ANAROS
**T**EXAS **B**AR **N**O. 24075628
**Y**ANAROS **L**AW, **P.C.**
5057 **K**ELLER **S**PRINGS **R**D, **S**UITE **300**
**A**DDISON, TX, 75001
**T**ELEPHONE: (512) 826-7553
VALERIE@YANAROSLAW.COM

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 30, 2020 with a copy of this document via the Court's ECF system.

Dated:      October 30, 2020                    */s/ Valerie A. Yanaros*

Valerie A.  Yanaros