IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                Defendants.

---

**PLAINTIFFS JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION
TO DISMISS STAY DISCOVERY**

---

1

James Corey Goode and Goode Enterprise Solutions (collectively "Goode" or "Plaintiffs") file their Response in Opposition to the Motion to Stay ("MTS", Docket 100) filed by Defendants Gaia, Inc. ("Gaia"), and Jay Weidner ("Weidner"), by and through their respective attorneys, and Defendant Alyssa Montalbano ("Montalbano"), on her own behalf, (collectively, "Defendants"). The Court should deny the Motion because, as explained herein and in Goode's Response in Opposition to High's Motion to Stay (Docket 106) Goode's Complaint (whether the First—as entered—or Second Amended Complaint [still under consideration by this Court]) withstands dismissal. Most importantly, Defendants must meet their burden of showing good cause to stay discovery—something that they have not done, nor can they do.

I.  **RELEVANT BACKGROUND**

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations on March 17, 2020. (Docket 1).  The case has been assigned to two different judges now (*see* Dockets 30, 37-38) after a request for recusal of Judge Jackson by Gaia (Docket 35). Defendants Gaia, Zavodnick and Montalbano filed motions to dismiss (Dockets 16, 23 and 26 respectively) that were denied (Docket 34). Defendants then filed a Joint Motion to Stay (Docket 100, "MTS") on October 12, and Goode now files their response thereto.

II.  **ARGUMENTS AND AUTHORITY**

This Court has ordered "The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending.  Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'"  *Sutton v. Everest Nat'l Ins. Co.*, No. 07 CV 00425 WYD BNB,

2

2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). However, "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport*, LLC, No. 10-CV-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and stays in this District are generally disfavored, *see, e.g., Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nothing requires a court to make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case.

Defendants argue that "[t] he Court has discretion to stay discovery while a dispositive motion is pending, and a stay may be appropriate if **an entire action** can be resolved" (MTS at 3, emphasis added). Because the action is the exception rather than the rule and is appropriate when an action may be resolved completely, a stay is not appropriate in this case. In light of the number of claims in this case and the fact that at least Defendants Montalbano (*see* Exhibit A) and High (Docket 62-1) have articulated that they intend to file counterclaims, resolution of the pending motions to dismiss would not dispose of the entire action.

As shown below, all five *String Cheese* factors favor Goode and therefor this action should proceed with discovery.

3

1. **The plaintiffs' interests in expeditiously litigating this action and the potential prejudice to plaintiffs of a delay**

As explained above, this case was filed in March of this year. Since then, Goode moved this case forward as expeditiously as possible, and has worked with all defendants to address any alleged deficiencies in their pleadings by amending their complaint. Goode has spent over seven months now in the early stages of the case. This is due, in part, to spending months attempting to serve several defendants. Further, any extensions requested by Plaintiffs were in order to accommodate good-faith discussions on the pleadings in order to comply with the applicable practice standards and reduce—or hopefully eliminate—the need for motions to dismiss. Finally, it was defendant Gaia that requested recusal of Judge Jackson almost three weeks after he notified the parties that his daughter was working as a non-attorney at the law firm for (at that time) counsel for High. (*See* Docket 33). Goode has been prejudiced enormously by the delay thus far, and Goode continues to be harmed by Defendants' actions both monetarily and due to tarnishment of his name and goodwill. Defendants' argue that "Plaintiffs have not served initial disclosures or attempted to begin discovery" (MTS at 4-5), however Plaintiffs have not even been able to hold a Rule 26(f) Conference due to actions by all defendants but Gaia. Goode's interests in moving this case forward are great in that they continue to be harmed with each passing day, seven months have now elapsed, and any further delay would cost more time, money and resources on all parties—not just Plaintiffs. This factor weighs heavily in favor of Plaintiffs.

2. **The burden on the defendant**

The burden on Defendants is minimal, especially if this Court allows at least preliminary discovery to take place. Defendants would not be burdened to produce documents that are already

4

in their possession—the early stages of discovery would actually assist all parties in fleshing out some of the factual issues currently pending. Should the Court consider any of the pending motions to dismiss to have merit, factual discovery as it relates to the issues outlined in Plaintiffs' complaint would assist the Court in determining the merits of their various arguments. This factor also weighs in favor of Plaintiffs.

3. The convenience to the court

As explained above, beginning discovery—or at least allowing limited discovery—would aid all parties in addition to the Court in determining preliminary issues currently briefed and pending, as well as moving a case along that is already seven and a half months old. In line with the general policy in this district, a stay of discovery is not warranted while Defendant's MTD is pending. *See Sutton*, 2007 WL 1395309, at *2. Courts typically prefer a proactive approach to case management to one of procrastination and moving forward with discovery would achieve that end. This factor too weighs in favor of Plaintiffs.

4. The interests of persons not parties to the civil litigation

In the interest of persons not parties to the litigation, e.g., family members or work colleagues of the parties, the forward movement of this case through discovery would shorten the amount of time they must bear the burden of litigation. Moving forward with discovery may lead to an early disposition of this matter, not only beneficial to ancillary parties, but the parties and the Court themselves. This factor also weighs in favor of Plaintiffs.

5. The public interest

Taking into account all of the aforementioned, the public interest factor weighs in favor of Plaintiffs because it reduces the burdens on time, money and resources for the parties, the Court and those related to the parties to the litigation—either through family, work or otherwise. This factor favors Plaintiffs and thus all five factors weigh in favor of the stay of discovery being denied.

### III. CONCLUSION

Based on the arguments and authority contained herein, Plaintiffs respectfully request this Court DENY Defendants' Joint Motion to Stay and allow discovery to commence in the instant action.

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Dated: November 2, 2020                                  Respectfully Submitted,

/S **VALERIE A. YANAROS**
**VALERIE YANAROS**
**TEXAS BAR NO. 24075628**
**YANAROS LAW, P.C.**
**5057 KELLER SPRINGS RD, SUITE 300**
**ADDISON, TX, 75001**
**TELEPHONE: (512) 826-7553**
**VALERIE@YANAROSLAW.COM**

**ATTORNEY FOR PLAINTIFFS**

6

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 2, 2020 with a copy of this document via the Court's ECF system.

Dated:      November 2, 2020                              */s/* *Valerie A. Yanaros*

                                                                              Valerie A.  Yanaros