IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

               Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

               Defendants.

---

**PLAINTIFFS JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION
SEEKING INJUNCTIVE RELIEF**

---

1

James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions ("GES") (collectively "Goode") file their Response in Opposition to the Motion Seeking Injunctive Relief ("Motion", Docket 103) filed by Cliff High ("High" or "Defendant").  High's Motion should be denied because, as explained herein High's Motion does not accurately outline a request for injunction under Federal Rule of Civil Procedure ("FRCP") 65 or Colorado Rules of Civil Procedure ("C.R.C.P.") 65.1. It is unclear as to whether High is requesting a preliminary injunction or a temporary restraining order, but because both are examined under a similar standard, both are addressed herein. Most importantly, Defendant has not shown likelihood of success on the merits, irreparable harm, the benefit to High will outweigh the harm to Goode, or that the injunction would not be adverse to the public interest. None of the statements by Mr. Goode referred to in High's motion refer to High either specifically or generally. None of them are defamatory. On the other hand, the statements that High has made—and continues to make—refer to Goode specifically and are indeed defamatory, and to enjoin Goode from something High does himself would be inequitable and Goode would be irreparably harmed. Even if this Court were to find merit in High's Motion, the relief High requests is too vague and overbroad to fashion an adequate remedy. Finally, High has not requested a hearing nor (presumably) posted a bond necessary for a preliminary injunction. As such, his Motion should be DENIED.

**I.     RELEVANT BACKGROUND**

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations on March 17, 2020. (Docket 1).  All defendants were served, and motion practice ensued. High filed his Motion on October 13, and Goode now files its response thereto.

2

II. **ARGUMENTS AND AUTHORITY**

As explained above, Defendant does not properly address any of the statutory factors for an injunction. Neither does Defendant show any evidence that would support any of these factors so that an injunction would be appropriate, as more fully set out below.

**1. High does not address any of the factors for an injunction**

The purpose of a temporary restraining order or injunction ("TRO") is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer," *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). To obtain a TRO, a party must satisfy the same elements it would need to satisfy for a preliminary injunction. *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009). A party seeking a TRO or a preliminary injunction must show that "(1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Awad v. Ziriax*, 760 F.3d 1111, 1125 (10th Cir. 2012) (alterations incorporated). While a party seeking an injunction need not show a "certainty of winning," he must nonetheless present at least a prima facie case. *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016).

High complains that Goode defames him through an interview. High also claims Goode defames him through social media posts, none of which he has included in his unverified Motion. In Colorado, in order to prevail on a defamation claim the complainant has the burden of proof by clear and convincing evidence. *Barnett v. Denver Publishing Co.*, 36 P.3d 145, 147 (Colo. App. 2001). To state a claim for defamation under Colorado law, a complainant must allege: (i) a defamatory statement; (ii) published to a third party; (iii) the existence of special damages or

3

actionability absent special damages; and (iv) actual malice. *Card v. Blakeslee*, 937 P.2d 846, 850 (Colo. App. 1996); *Barnett*, 36 P.3d at 147.

As explained below, High addresses none of the TRO factors. Because he shows no evidence for the defamation factors, he thus shows no likelihood of success nor even a prima facie case of defamation. He includes no evidence showing a defamatory statement, no statement even published to a third party, no evidence of special damages or an applicable carveout for special damages and does not show any evidence of actual malice. As such, he cannot reach the "clear and convincing evidence" standard—that needed to present a prima facie case.

### 2. None of High's facts support any of the factors for an injunction

As shown above and explained further below, High's Motion does not present sufficient evidence for any of the factors for a defamation case, and as such his request for a TRO fails.

#### a. High does not show likelihood of success

High does not show one instance of defamation in his Motion because there is not one statement about him anywhere in his included, unverified screenshots. He does not show any evidence of actual harm, just conclusory statements that he has been harmed. His Motion is not verified and does not indicate any of the factors as necessary for a Rule 65 Motion for Injunction.

#### b. High does not show irreparable harm

High cites to an interview of Mr. Goode from October 8, 2020 by Dr J Radio Live in which Mr. Goode refers to ambiguous groups of people with no particular names or ties. At one point in the interview Mr. Goode does refer to "lawsuits" but does not mention the instant lawsuit, nor does he mention High. Mr. Goode does not claim High—or any other defendants in the instant lawsuit—are murderers or assassins. High's accusations are a reach at best, but more appropriately completely baseless. High's name does not come up at all in the interview nor does it anywhere

4

on the "Light Warrior Legal Fund" page that High references. Mr. Goode has not ever accused Defendant of human trafficking. Importantly, High's Exhibit A (Docket 103-1) does not show any defamation of Defendant as he claims—there are no statements made about High at all (regarding a "dark alliance", or otherwise), as such there is no defamation and thus no harm.

### c. The balance of the equities favor Goode

As explained in Goode's pleadings, Defendant is in fact the one at fault for defamatory actions and should be enjoined for doing what he seeks to enjoin Goode from doing. As one recent example, immediately after filing his Motion, Defendant posted the below on his Twitter feed:



(accessed November 3, 2020 at https://twitter.com/clif_high/status/1316002177513484288 -- Twitter page for Defendant). As complained in Goode's Amended Complaint ("FAC" Docket 36, the active pleading) and his Second Amended Complaint ("SAC" Docket 61, pending decision of this Court) High has made a perjorative phrase to tarnish Goode's branding and goodwill and continues to defame Goode across social media and other means on the internet. As explained

5

above, none of the statements that High alludes to in his Motion even refer to High—much less cause any harm to him through defamation or otherwise.

### d. An injunction would be adverse to the public interest

If this Court were able to craft an injunction based on High's Motion, it would run against the public interest because as explained herein, High has not shown any of the factors necessary for an injunction. Nor could an appropriate remedy be fashioned, based on the relief he requests. (*See* Exhibit A). His attempt at conferral on this Motion shows how amorphous his request for relief is—even attempting to interpret how to craft such an injunction would be difficult. In his Motion he requests:

> "to restrain Plaintiff's damaging, prejudicial, public characterizations in media of this matter before the Court, as well as to order Plaintiff to cease pubic (sic) appeals for 'evidence' to support the claimed RICO 'enterprise'"

(Motion at 8). As shown above, Defendant himself is engaging in the exact activity from which he is asking this Court to enjoin Goode. This would be an absurd result, completely inequitable, and against the First Amendment. As such, such an injunction would be heavily against the public interest.

### III. HIGH HAS NEVER HAD A TRADEMARK ON "BLUE CHICKEN CULT BLUE SPACE CHICKEN CULT BLUE 6 FOOT SPACE CHICKEN CULT"

Defendant alludes to an alleged trademark that was—per USPTO records—never actually used (much less registered) by Defendant. As explained in Goode's Response to High's Motion to Stay Discovery (Docket 106), High never has owned a trademark on the phrase "Blue Chicken Cult", or any phrase including that phrase. He applied for, and never received, a mark that would have been a blatant attack on Goode and his branding and goodwill.

6

## IV. CONCLUSION

Based on the arguments and authority contained herein, Plaintiffs respectfully request this Court DENY High's Motion for injunction.

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Dated: November 3, 2020                              Respectfully Submitted,

/S **VALERIE A. YANAROS**
**VALERIE YANAROS**
**TEXAS BAR NO. 24075628**
**YANAROS LAW, P.C.**
**5057 KELLER SPRINGS RD, SUITE 300**
**ADDISON, TX, 75001**
**TELEPHONE: (512) 826-7553**
**VALERIE@YANAROSLAW.COM**

**ATTORNEY FOR PLAINTIFFS**

7

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 3, 2020 with a copy of this document via the Court's ECF system.

Dated:     November 3, 2020                              */s/ Valerie A. Yanaros*
                                                                              Valerie A. Yanaros