## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

      Plaintiffs,

v.

GAIA, INC., a Colorado corporation,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

      Defendants.

---

### REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY DISCOVERY

---

Defendants Gaia, Inc. ("Gaia"), and Jay Weidner, by and through their respective undersigned attorneys, and Defendant Alyssa Montalbano, on her own behalf, respectfully submit this reply memorandum in support of their motion to stay discovery (the "Motion").

Plaintiffs concede that though a stay of discovery may not be the rule, it is well within the Court's discretion to grant a motion to stay discovery while a motion to dismiss—or in this case, multiple motions to dismiss—are pending or forthcoming. *See, e.g., Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 U.S. Dist. LEXIS 164396, at *1-2 (D. Colo. Nov. 24, 2014) (granting indefinite stay pending resolution of a motion to dismiss).

As the Court advised the parties in advance, the factors outlined in *String Cheese Incident* are relevant to deciding a motion to stay discovery. Plaintiffs' arguments fail to meaningfully

address those factors, or actually confirm that, as explained in the Motion, each of the five factors weighs in favor of a stay of discovery.

First, Plaintiffs seem to suggest that a stay would burden them because the case is still in its infancy despite being filed in March, and they have already been prejudiced by delays. In making such an argument, Plaintiffs gloss over or ignore that virtually all of the so-called "delays" are of their own making. Plaintiffs note that they engaged in discussions on the pleadings to hopefully eliminate the need for motions to dismiss, but despite holding numerous conferences with Defendants and having the benefit of briefing on various already-filed motions, Plaintiffs have filed two amended complaints, and in doing so repeatedly failed to address fatal issues with their claims. Moreover, Plaintiffs failed to follow local rules and individual procedures that caused further delays and the need to re-file documents. Plaintiffs also mischaracterize their previous agreement to defer the initial scheduling conference and seek other extensions as being solely due to conferrals with Defendants, but at least Plaintiffs' early extension requests were before any such obligation to confer existed. Further, Plaintiffs' claim that they have been prevented from holding a Rule 26(f) conference is simply not true, as Defendants offered to participate in a Rule 26(f) conference after stating their position on a proposed extension/stay, but Plaintiffs never chose to do so.[1]  Plaintiffs' actions make clear that a stay of discovery while motions to dismiss are pending would not materially burden or prejudice Plaintiffs any more so than their own delays already have. *See Aurora Bank FSB v. Network Mortg. Servs.*, No. 13-cv-00047-PAB-KLM, 2013 U.S. Dist. LEXIS 86067, at *4-5 (D. Colo. June 19, 2013) (holding that first factor weighed in favor of stay where Plaintiff opposed stay but

---

[1] A detailed history of the exchange of communications between the parties concerning the Rule 26(f) conference is provided in Defendant Montalbano's October 7, 2020, filing.  (Dkt. 99).

agreed to other extensions).  Accordingly, the first factor weighs in favor of—or at least not against—a stay.

With respect to the second element—the burden on Defendants to engage in discovery—Plaintiffs merely make the conclusory assertion that Defendants would not be burdened to produce documents in their possession.[2]  But Plaintiffs fail to meaningfully respond to the points made in the Motion, namely that proceeding with any discovery at all would prematurely require Defendants to respond to requests on between thirteen and seventeen unfounded claims, on a wide variety of issues, involving numerous individuals, and what is certain to be a sizeable number of documents—all while such claims are subject to being dismissed.  Plaintiffs also ignore that if discovery proceeds at this time—before it has been determined whether and which Defendants will remain in the case at all and, if so, whether they have any counterclaims—discovery will necessarily be conducted in multiple phases.  The wastefulness of proceeding to discovery, and the burden to the Defendants in doing so, is clear.  *See Estate of Booker v. City & Cty. of Denver*, No. 11-cv-00645-RBJ-KMT, 2012 U.S. Dist. LEXIS 85185, at *9 (D. Colo. June 20, 2012) (finding burden to defendants outweighed any burden to plaintiffs where defendants argued the general "weakness" of plaintiffs' claims, that discovery was in the early stages, that case deadlines have already been delayed because of plaintiffs' decision to amend their complaint, and because not granting a stay would cause discovery to proceed in "piecemeal fashion.") (quotation marks and citations omitted); *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *5 (D. Colo.

---

[2] It is unclear whether Plaintiffs are proposing staged document discovery, first of documents within Defendants' possession, and later of documents within Defendants' custody and control—if so, such a staged production would likely make resolution of the case even longer.

Mar. 30, 2006) ("[D]efendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss").

Plaintiffs further argue that there is no burden to Defendants and that discovery should proceed now because discovery could help the parties in "fleshing out" factual issues, and because discovery would assist the Court in ruling on motions to dismiss.[3]  Plaintiffs' argument, however, ignores the fundamental principle that the "[c]omplaint is the only relevant document on a dismissal motion." *Ryskamp v. Looney*, No. 10-cv-00842-CMA-KLM, 2010 U.S. Dist. LEXIS 116479, *10 (D. Colo. October 21, 2010).  Likewise, Plaintiffs cannot rely on discovery to save their deficient claims, as a plaintiff is not permitted to rely on discovery to provide the basic factual predicate necessary to plead a plausible claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").  Indeed, a "Plaintiff does not have a right to discovery in order to respond to a motion to dismiss" because "'motions to dismiss are generally decided on the merits of the complaint alone, without the benefit of discovery.'"  *Ryskamp*, 2010 U.S. Dist. LEXIS 116479, *8 (*quoting Vaupel v. United States*, 07-cv-01443, 2008 U.S. Dist. LEXIS 43730, 2008 WL 2333111, at *2 n.2 (D. Colo. Jun. 3, 2008)).  For all of the above reasons, the second factor clearly weighs in favor of a stay.

Addressing the third factor, convenience to the Court, Plaintiffs ignore case law in which this Court held that proceeding with discovery on claims that may be dismissed is wasteful of the Court's time and resources, *see*, *e.g.*, *Banks*, 2014 U.S. Dist. LEXIS 164396, at *5, and again

---

[3] To the extent that Plaintiffs are referring to limited jurisdictional discovery as to Defendants High and Zavodnick, such discovery is neither relevant nor applicable to the present Motion or Defendants.

argue that discovery could aid the Court in ruling on pending motions to dismiss.  As already discussed, discovery is not relevant to ruling on Defendants' motions to dismiss—certainly not those that do not involve jurisdictional challenges.  Accordingly, the third factor weighs in favor of preserving the Court's resources and granting a stay.

Next, with respect to the burden to non-parties—who may be spared involvement in this case altogether if Plaintiffs' claims are dismissed—Plaintiffs again completely ignore Defendants' arguments.  As explained in the Motion, numerous third parties will be dragged into the case if discovery commences.  Unable to dispute this point, Plaintiffs instead argue that "family members or work colleagues of the parties" will be spared bearing "the burden of the litigation" by allowing discovery to commence.  Plaintiffs' argument is hard to understand given that it is Defendants' forthcoming motions to dismiss that are likely to bring the litigation to an early end, which could indeed spare Plaintiffs' "family members and work colleagues" from receiving subpoenas for documents and testimony.  Further, Defendants' own "family members and work colleagues" will be relieved by a stay of any burdens on them, and a stay would protect all third parties—not just Plaintiffs' friends and family—from the burdens of discovery concerning Plaintiffs' unfounded and deficiently pleaded claims.  The fourth factor thus weighs in favor of a stay.

Plaintiffs seem to accept that, with respect to the fifth factor, the public's interest in this case is a general interest in its efficient and just resolution, which is served by avoiding wasteful efforts.  *Banks*, 2014 U.S. Dist. LEXIS 164396, at *5-6.  Plaintiffs argue that engaging in discovery will somehow *reduce* costs to the parties—including Defendants—and the Court.  As outlined in the Motion and above, Defendants and the Court will be forced to expend

considerable resources—likely wastefully—to engage in discovery on claims that are subject to various motions to dismiss.  Accordingly, the fifth factor also weighs in favor of a stay.

Finally, Plaintiffs argue that a stay cannot be granted because Defendants Montalbano and High have indicated they may file counterclaims against Plaintiffs, and thus the pending and forthcoming motions to dismiss may not entirely resolve this matter.[4]  Even if there may be claims going forward, that alone does not preclude the Court from granting this Motion.  Indeed, in the foundational *String Cheese Incident* case, the Court granted a stay as to certain defendants who had filed motions to dismiss, even though the case was certain to proceed as to other defendants.  *String Cheese Incident, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *3, 6; see also *McMinn v. Dodson*, No. 11-cv-01511-PAB-KMT, 2012 U.S. Dist. LEXIS 57004, at *4 (D. Colo. Apr. 24, 2012) (granting stay as to one defendant while a motion to dismiss was pending, though the case was proceeding against another defendants where the motion "would resolve the case against [the moving defendant] in its entirety.").

## CONCLUSION

For all of the foregoing reasons, Defendants Gaia, Weidner, and Montalbano respectfully request that the Motion to Stay be granted and that the Court enter a stay of discovery pending resolution of pending and forthcoming motions to dismiss, and until after any party that remains in the action has filed its responsive pleading to any remaining claims.  Plaintiffs have offered no cogent reasons why they should be permitted to commence discovery concerning claims that are

---

[4] Defendant High currently has a motion to dismiss pending based on jurisdictional grounds, so presumably he intends to file claims against Plaintiffs either outside of this matter or only if his motion to dismiss is denied.  Defendant Montalbano has joined in this Motion, previously filed a motion to dismiss, and noted her intent to file counterclaims prior to knowing which of Plaintiffs' amended complaints and claims—if any—will proceed.

subject to various motions to dismiss when the burdens to the Court, the public, third parties, and Defendants far outweigh any alleged inconvenience to Plaintiffs.  A stay is appropriate and Defendants' Motion should be granted.

Dated: November 16, 2020                    **DAVIS & GILBERT LLP**


By:   /s/ *Daniel A. Dingerson*_____
       Daniel A. Dingerson
       Ina B. Scher
       1740 Broadway
       New York, New York 10019
       Telephone: (212) 468-4800
       Facsimile: (212) 468-4888
       Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**BURNHAM LAW**


By:   /s/ *Aaron Belzer*_____
       Aaron Belzer
       Ashlee Hoffmann
       2760 29th Street
       Boulder, Colorado 80301
       Telephone: (303) 990-5308
       Fax: (303) 200-7330
       Email: aaron@burnhamlaw.com

*Attorneys for Defendant Jay Weidner*

**ALYSSA MONTALBANO**


   /s/ *Alyssa Montalbano*_____
*Pro se* Defendant

        I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I caused a copy of the foregoing Reply

Memorandum in Support of Joint Motion to Stay Discovery to be served on all other parties,

other than Cliff High, by filing it on the Court's ECF system, and, by agreement with him,

serving it on Cliff High via email.


    /s/ Daniel A. Dingerson
Daniel A. Dingerson