IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

    Plaintiffs,

v.

GAIA, INC,
JAY WEIDNER,
CLIFF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Opposed Motion to File Second Amended Complaint** [#61][1] (the "Motion"). Defendants Gaia, Inc. ("Gaia") and Alyssa Montalbano ("Montalbano") did not file Responses. Defendants Benjamin Zavodnick ("Zavodnick"), Jay Weidner ("Weidner"), and Cliff High ("High")[2] filed Responses [#69,

---

[1] "[#61]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Defendant High (as well as Defendant Montalbano) proceeds as a pro se litigant in this matter. The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro

#76, #81] in opposition to the Motion [#61],[3] and Plaintiffs filed Replies [#79, #97]. The Motion [#61] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72. *See* [#68]. The Court has reviewed the Motion, the Responses, the Replies, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#61] is **GRANTED**.

## I. Background

Plaintiff James Corey Goode ("Goode") and Plaintiff Goode Enterprise Solutions, Inc. ("GES"), Plaintiff Goode's company, filed an Amended Complaint [#36] on July 20, 2020, asserting the following seventeen claims: 1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 against Defendants Jirka Rysavy ("Rysavy"), Brad Warkins ("Warkins"), and Kiersten Medvedich ("Medvedich");[4] 2) civil RICO conspiracy pursuant to 18 U.S.C. § 1962(d) against all Defendants; 3) federal trademark infringement under 15 U.S.C. §§ 1114, 1125(a) against all Defendants; 4) false designation of origin and federal unfair competition under 15 U.S.C. § 1125 against all Defendants; 5) Colorado common law trademark and trade name infringement against all Defendants; 6) violation of Colorado common law/unfair competition against all Defendants; 7) violation of the Colorado Consumer Protection Act against all Defendants; 8) breach of contract against Defendants Gaia, Rysavy, Warkins,

---

se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] Defendant Cliff actually filed two Responses [#80, #81] by e-mail almost back-to-back on September 25, 2020. Response [#80] was time-stamped by the Clerk of Court at 2:21 p.m. and Response [#81] was time-stamped by the Clerk of Court at 3:53 p.m. Although the documents appear to be largely, if not entirely, identical, the Court has construed the later-filed document [#81] as an amended, and thus final, version of the earlier-filed document [#80].

[4] These three Defendants have not yet entered an appearance in this matter.

- 2 -

Medvedich, and Weidner; 9) fraudulent misrepresentation against Defendants Gaia, Rysavy, Warkins, and Medvedich; 10) intentional infliction of emotion distress under federal and Colorado state law against all Defendants; 11) negligent infliction of emotional distress under federal and Colorado state law against all Defendants; 12) harassment at work under Colorado state law against Defendants Rysavy, Warkins, Medvedich, and Weidner; 13) slander per se against all Defendants; 14) libel per se against all Defendants; 15) tortious interference with a business expectancy against all Defendants; 16) cyberstalking against all Defendants; and 17) declaratory judgment regarding validity of Plaintiff GES' trademarks against Defendant Gaia. *See Am. Compl.* [#36] at 37-56.

In short, these claims allegedly arise from Defendants' "desire to usurp, tarnish, and misappropriate the character, financial gain, goodwill and work" of Plaintiff Goode and his company, Plaintiff GES. *Id. at* 1. Plaintiff Goode is a "motivational speaker, influencer, author, producer, and public figure" who started publicly sharing his life experiences in 2014. *Id.* at 4. Topics include his "personal experiences tied to a secret space mission . . . a top-secret military project focused on travel beyond the confines of Earth." *Id.* Plaintiff Goode formed Plaintiff GES to hold the intellectual property rights that he has developed, including "classes, movies, comic books and other goods and services tied to his branding and message." *Id.* Defendants are among the group of individuals who allegedly "seek to slander and disparage Plaintiff Goode, his message, his reputation, and ultimately deprive him of his following, career and livelihood." *Id.*

Plaintiffs filed the present Motion [#61] seeking leave to amend their Amended Complaint [#36] to "respond to arguments raised by Defendants with whom Goode has conferred . . . ." *Motion* [#61] at 3. Plaintiffs' proposed Second Amended Complaint [#61-

1] revises the defendants named in Claim II ("Civil RICO Conspiracy Pursuant to 18 U.S.C. § 1962(d)") to include only Defendants Weidner, High, Zavodnick, and Montalbano instead of all Defendants. *See Proposed Second Am. Compl.* [#61-2] (red-lined version) at 39. The proposed Second Amended Complaint [#61-1, 2] also removes four claims from the Amended Complaint [#36]: 1) Claim X for "intentional infliction of emotional distress under federal and Colorado state law"; 2) Claim XI for "negligent infliction of emotional distress under federal and Colorado state law"; 3) Claim XII for "harassment at work under Colorado state law"; and 4) Claim XVI for cyberstalking. *See id.* at 47-49.

## II. Analysis

As an initial matter, the deadline to amend pleadings has not yet been set. Plaintiffs' Motion [#61] was filed on August 31, 2020, and is therefore timely. Thus, the Court turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)(2)). Pursuant to Rule 15(a)(2), the Court considers

any arguments raised by Defendants related to whether justice would be served by amendment.

Defendant Zavodnick and Defendant Weidner both argue that the Motion [#61] should not be granted under Fed. R. Civ. P. 15 because the amendment would subject both Defendants to undue prejudice and the amendment would be futile. *See Response* [#69] at 1-2; *Response* [#76] at 3. Defendant Zavodnick's primary argument is that the proposed Second Amended Complaint [#61-1] would not survive a motion to dismiss for lack of personal jurisdiction. *See Response* [#69] at 4. Defendant Weidner argues that the proposed Second Amended Complaint [#61-1] would not survive a motion to dismiss because it failed to cure deficiencies in the Amended Complaint [#36]. *See Response* [#76] at 3-5. Both Defendants Zavodnick and Weidner also argue that the Motion [#61] should be denied because Plaintiffs' complaint has become a "moving target." *See id.* at 3, 6, 7; *Response* [#69] at 2, 3, 6.

Defendant High argues regarding futility and undue prejudice that the Motion [#61] should not be granted because the proposed Second Amended Complaint [#61-1] does not cure any deficiencies from previous versions and that, as such, allowing Plaintiffs to file a Second Amended Complaint would be unduly burdensome to him. *See Response* [#81] at 3. He further argues that Plaintiffs' attorney has violated Fed. R. Civ. P. 11 by withholding and concealing material facts, thus affecting Plaintiffs' "ability to purse [sic] this case in good faith," which the Court generally construes as an argument against amendment relating to alleged bad faith. *See id.*

Plaintiffs argue that the Court should permit the amendment so that the complaint is responsive to Defendants' positions. *See Motion* [#61] at 2-3. Plaintiffs argue that

- 5 -

Defendants will not be prejudiced by the amendment "most notably because the case is in its infancy . . . but also because [the amended complaint] clarif[ies] the issues and claims beyond the requirements necessary for a complaint under FRCP 8 and 9." *Reply* [#97] at 2. Plaintiffs maintain that their proposed amendment is not futile because it cures the deficiencies alleged in Defendants' pending motions to dismiss: "the amended complaint narrows the claims and alleges facts with greater specificity." *Id.* at 1. For these same reasons, Plaintiffs also argue that the proposed Second Amended Complaint [#61-1] is not a "moving target." *Id.* at 1-2.

**A.     Undue Prejudice**

Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice only when the proposed amendment unfairly affects the defendants in terms of preparing their defense to the amendment. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted).

Defendants Zavodnick and Weidner both argue that allowing a second amendment would cause undue prejudice. Defendant Zavodnick asserts that if Plaintiffs are afforded another amendment, he "will be forced to again spend time and money conferring and drafting motion papers as the proposed amendments are futile" and "this will greatly prejudice" him. *Response* [#69] at 6-7. Defendant Weidner states that another amended complaint would "run up [his] costs, delay the case . . . and unduly prejudice him."

*Response* [#76] at 6. Yet, Defendant Weidner concedes that, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Id.* (quoting *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009)). Relatedly, he argues that the Motion [#61] should be denied because Plaintiffs' "numerous amendments are also plainly a moving target[,]" as discussed more fully below. *Id.*

The Court finds that Defendants' issues with spending more time and money on their defenses are not sufficient grounds to deny a motion to amend on the basis of alleged prejudice. The proposed Second Amended Complaint [#61-1] removes three claims affecting Defendant Weidner and four claims affecting Defendant Zavodnick and clarifies that Claim II is against a group of Defendants including Defendants Weidner and Zavodnick, instead of "all Defendants." *See Proposed Second Am. Compl.* [#61-2] (red-lined version) at 39, 47-48, 49-50. There is no indication that such amendments would prejudice, not to mention *unduly* prejudice, Defendants Zavodnick and Weidner in "preparing their defense to the amendment," especially because no new claims are asserted against them and because certain claims in which they are currently named are being removed. *Patton*, 443 F.2d at 86.

Defendant High argues that allowing the amendment is unduly burdensome because traveling to Colorado from his residence in Washington would be "an extraordinary burden, both unreasonable, and threatening to the health" of himself and his wife who is disabled. *See Am. Compl.* [#36] at 3 (stating that "Upon information and belief, High is a Washington resident"); *Reply* [#73] at 15. However, there is nothing about the proposed amendments which would necessitate that Defendant High travel to Colorado for Court proceedings any more or less than he would otherwise have to do in

this litigation. Thus, the Court finds that allowing the amendment would not unduly prejudice Defendant High.

Accordingly, Defendants' arguments are rejected to the extent they are premised on undue prejudice.

## B. Undue Delay

The Tenth Circuit has held that it is appropriate to deny leave to amend for undue delay "when the party filing the motion has no adequate explanation for the delay." *Minter*, 451 F.3d at 1206 (citations omitted). No Defendant has *directly* argued undue delay in this case, but Defendants Zavodnick and Weidner have argued that Plaintiffs' complaint is a moving target, which is often construed as an undue delay argument. *See Response* [#69] at 2, 3, 6; *Response* [#76] at 3, 6, 7; *see Minter*, 451 F.3d at 1206. The Tenth Circuit has stated that "[c]ourts will deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target' . . . to salvage a lost case by untimely suggestion of new theories of recovery . . . to present 'theories seriatim' in an effort to avoid dismissal . . . or to knowingly delay raising an issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206 (citations omitted).

Defendant Zavodnick argues that Plaintiffs' complaint is a moving target because Defendant Zavodnick "has informed Plaintiffs and their counsel of his position through conferrals and two motions to dismiss." *Response* [#69] at 6. Given that Defendant Zavodnick does not argue that any new theory "of recovery" is introduced in the complaint, and the fact that the case is not on the "eve of trial," considering no trial is scheduled, the Court cannot find undue delay has occurred based on these arguments. *See Minter*, 451 F.3d at 1206 (citations omitted).

Similarly, Defendant Weidner argues that Plaintiffs' complaint is a moving target because "each iteration of the complaint appears to revise the factual allegations rather than the legal claims—something Plaintiffs fail to adequately explain in their Motion given that the facts upon which their claims are premised presumably have not changed." *Response* [#76] at 3-4.  He further argues that "[n]ew parties have been added, new theories have been developed, and the overall factual allegations appear to be tailored in each subsequent amendment" and thus suggests that Plaintiffs are introducing "new theories of recovery" to avoid dismissal.  *Id.* at 6-7.  Defendant Weidner does not specify what revised factual allegations and new theories are at issue, rendering it difficult for the Court to declare that such changes make the complaint a moving target.  Regardless, given that this case is in its earliest stages, and given that Plaintiffs are attempting to revise their complaint to clarify it based on the concerns raised by conferral with the opposing parties, the Court cannot find that any *undue* delay has occurred here.  *See Minter*, 451 F.3d at 1206 (citations omitted).

Accordingly, Defendants' arguments are rejected to the extent they may be premised on undue delay.

**C.   Bad Faith**

In the Tenth Circuit, a plaintiff's motion to amend may be denied if the complaint was made in bad faith.  *Estate of Roemer v. Shoaga*, No. 14-cv-01655, 2016 WL 11184883, at *11 (D. Colo. Oct. 26, 2016) (citing *Cohen v. Longshore*, 621 F.3d 1311, 1312 (10th Cir. 2010)).  To adequately support the denial of a motion to amend, the plaintiff's bad faith "must be apparent from the record before the court."  *Estate of Roemer*, 2016 WL 11184883, at *11.  Moreover, a court is limited to inquiring "whether the motion

to amend itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith." *See id.* "Bad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion." *Id.*

Defendant High argues that Plaintiffs and Plaintiffs' attorney acted in bad faith because of the "complete lack of facts provided for in the claims against Defendant [High]," which is "suggestive of a tactic employed in a vindictive fashion . . . ." *See Response* [#81] at 15. Defendant High alleges that Plaintiffs and Plaintiffs' attorney had "no intention of pursuing a factual case" against him. *Id.* In support of his argument, Defendant High provides information about the dates of Plaintiffs' domain name registration for the phrase "Blue Chicken Cult," which he claims is central to Plaintiffs' "Complaint with Defendant High." *See id.* at 16. However, Defendant High offers no clarification about which claims such alleged facts are central to. He also asks the Court to note that "Plaintiff currently inserts appeals for donations to his 'legal fund' in support of this/these complaints in all video content" apparently posted online, which Defendant High says is "[s]urely enough to warrant raising questions about Rule 11 violations." *Id.* (internal citation omitted). Defendant High further asserts that Plaintiffs are playing the "multiple defendants game" in which the "goal of the game is for the defendant's cost to be dramatically driven upward" by conferences between Plaintiffs' and Defendant High's attorneys (although Defendant High is no longer represented by an attorney). *See id.* at 17. Finally, Defendant High states that he has been "targeted by Plaintiff . . . only to

impose a financial burden on him for creating the TM term . . . and for [Defendant High] reporting on social media . . . that Defendant High thought his work was stolen by Plaintiff." *Id.*

Defendant High's argument regarding bad faith is not limited to claims in the proposed amendment but appears to stem from both the original and amended complaints [#1, #36], thus it is not clear to the Court that the instant Motion [#61] "itself" was made in bad faith. *See Estate of Roemer*, 2016 WL 11184883, at *11. Nor has Defendant High shown that there are facts between the original and proposed Second Amended Complaint [#61-1] that "cannot be reconciled," which would then allow the court to infer bad faith. *Id.* In short, based on these arguments, there is no indication that Plaintiffs have engaged in bad faith *in connection with the filing of the Motion. See id.* To the extent Defendant High believes there has been a violation of Fed. R. Civ. P. 11, he must file a separate motion. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

Accordingly, Defendants' arguments are rejected to the extent they are premised on alleged bad faith.[5]

### D.     Futility

It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175

---

[5] It is unclear whether any Defendant is asserting that the "moving target" argument is indicative of bad faith as well as undue delay, but to the extent this argument is being made, the Court rejects it as unsupported at this time.

F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] complaint." *Id.* (quotations omitted).

Defendant Zavodnick argues that the proposed Second Amended Complaint [#61-1] would not survive a motion to dismiss because of a lack of personal jurisdiction. *See Response* [#69] at 2, 4. Additionally, Defendants Zavodnick and Weidner argue that the proposed Second Amended Complaint [#61-1] would not survive a motion to dismiss because Plaintiffs did not cure deficiencies from the previous complaints. *See id.* at 1-2; *Response* [#76] at 3. Although Defendant High does not explicitly mention futility, he similarly argues that Plaintiffs did not cure past deficiencies and that there is a lack of personal jurisdiction for claims against him. *See Response* [#81] at 2.

The Court is not inclined to delve deeply into the merits of Defendants' arguments here for several reasons. While futility arguments often can and should be addressed in connection with a motion for leave to amend a complaint, in many situations "futility arguments are better addressed in a Motion to Dismiss." *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008). The Court finds this situation to be one in which Defendants' arguments would be better addressed elsewhere. Defendants' arguments rely on a detailed examination of each of Plaintiffs' current and proposed allegations. On a motion seeking leave to amend, such arguments

are generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument. It is not appropriate for the Court to examine the allegations to resolve underdeveloped issues between the parties at this very early stage in the proceedings, i.e., on a motion seeking leave to amend, before the Court has ever addressed the merits of the claims in connection with any fully-briefed dispositive motion. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.1999).

Guided by the rule that amendments pursuant to Rule 15(a) are freely granted, Plaintiffs should be afforded the opportunity to test their claims under Rule 12(b)(6). *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff[s] may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits."). In other words, the Court makes no comment regarding the sufficiency of the additional allegations in the Second Amended Complaint at this time, because the Court is inclined instead to allow Plaintiffs to amend and leave the question of whether they have adequately stated claims against Defendants to be decided on a fully-briefed dispositive motion, if any, or at trial.

Accordingly, Defendants' arguments are rejected as premature to the extent they are premised on futility.

### III. Conclusion

For the reasons set forth above, and considering that leave to amend should be freely given, the Court permits Plaintiffs leave to file their proposed Second Amended Complaint [#61-1].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#61] is **GRANTED**.  Plaintiffs' Second Amended Complaint [#61-1] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to the Second Amended Complaint in accordance with the Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that Defendant Cliff High's Motion to Dismiss Pursuant to Fed. R. P. 12(b)(2) and 12(b)(6) [#42] is **DENIED as moot**.[6]  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: December 8, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[6] Defendant Zavodnick's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [#43] has not been referred to the undersigned for resolution.