IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*10:31 am, Dec 16, 2020*
**JEFFREY P. COLWELL, CLERK**

JAMES COREY GOODE,  et al,

                               Plaintiffs,

v.

GAIA, INC.,  et al,

                        Defendants.

_____

# DEFENDANT CLIFF HIGH'S MOTION TO DISMISS PURSUANT TO FED. R. CIV P. 12(b)(2) AND 12(b)(6)
_____

Comes now, defendant  Cliff High  files this Motion to Dismiss the  plaintiff's Second Amended Complaint (SAC) Doc. No. 111 filed on December 8, 2020.

Defendant High is acting *pro se* and begs the Court's indulgence with errors of form or format.

## Introduction

Plaintiff is a public figure commercially trading on a fictional story presented as factual life's experience. In Defendant's understanding, the Plaintiff is claiming to be over 104 years old, having had a 'tour of duty' with a 'secret space force' that included at least 3 time travel experiences of 20 years each, as well as many adventures fighting space pirates, Draco reptilians, intergalactic sex slavers, and other evil  individuals and collectives. Plaintiff states that he was abducted at age 6 by US Army personnel for use in illegal experimentation as a prelude to these adventures. Plaintiff's places himself as protagonist and

hero in his presented story line battling the enemies of humanity as antagonists. Plaintiff labels the antagonists in his story line as "The Dark Alliance". Plaintiff claims this Dark Alliance to be factual, and that it includes, but is not limited to, the above mentioned intergalactic sex trafficking space pirates, a plethora of aliens species, and evil humans, specifically including child sex traffickers here on earth. Plaintiff also alleges the "Dark Alliance" is intent on causing damage to Plaintiff's continuing work to 'save humanity'. Plaintiff includes defendant High and other named defendants in this 'Dark Alliance' of evil. Plaintiff has induced his associates to also include the defendants, both individually, and collectively, in statements about the "Dark Alliance" that they may make on their social media.

This matter before the Court, began, for defendant High, with his reaching the conclusion, gradually over 2014, that plaintiff and David Wilcock, were stealing copyrighted material from High's proprietary ALTA Reports (Asymmetric Linguistic Trend Analysis), and delivering this material to a GAIA TV audience in

3

the guise of the 'life story' of plaintiff.

High expressed these conclusions with  Jay Weidner, then producer of the vehicle for this theft, a cable TV show entitled Cosmic Disclosure, viewed on GAIA TV. High approached Weidner with this information via emails, which caused contention between them, and little else. Defendant High, battling undiagnosed colon cancer at that time, and suffering greatly diminished ability, did not pursue legal actions due to lack of personal, physical energy. High's response to the ongoing theft of his material was to state, on public social media, his reasons for concluding that the theft by Goode & Wilcock was occurring, and pointing out details in support of those conclusions.

Statements of this nature, as well others, challenging Plaintiff's presentation of High's material, and questioning  his "life's story" as a time traveling, space pirate fighting, intuitive empath, self-selected Galactic Ambassador, universe and planet healing space-o-naut, led to increasing vitriol from plaintiff that has culminated with Defendant High being included within the SAC being

4

presented to this Court.

Over the course of Defendant's interaction with Plaintiff's theft of material, and fits of anger, and social media abuse, including defamatory and libelous statements by Plaintiff, High had occasion to be interviewed by other victims of plaintiff's abusive nature on some small number of YouTube channels about this matter. It is these interviews that plaintiff alleges form an 'association' or 'enterprise' as defined under RICO statutes.

## Argument

General jurisdiction requires proof that an out-of-state defendant maintains continuous and systematic contacts with the forum state.  Here, other than the conclusory allegation that High, who resides in Washington, has "substantial contacts" with Colorado "through business activities and otherwise," Plaintiffs allege no facts at all to support personal jurisdiction over High. In fact, High has no personal contact, systematic or otherwise, with Colorado, is not "essentially at home (in Colorado)",  and this Court lacks personal jurisdiction over him and should dismiss the

Second Amended Complaint (Dkt. No. 111) against him pursuant to Rule 12(b)(2).

Plaintiff's  Second Amended Complaint [Doc. No. 111] should be dismissed  as no deficiencies as regards to claims against High are  corrected over previous versions.

Plaintiff alleges no facts in support of any of the claims made against High in the SAC. Plaintiff provides no examples of predicate crimes in support of claims of RICO against High. Plaintiff's provides no facts in support of 'association'  of High with other claimed RICO defendants.

In paragraph 9 of the  SAC, Plaintiff states "(Defendant High) ...has targeted much of his YouTube postings –that reach tens of thousands of followers throughout the United States including in, upon information and belief, Colorado – towards harming Goode in Colorado." This statement is factually incorrect. High had 171 videos on his YouTube channel, 9 (nine) of which had any statements other than passing  references to plaintiff, and 1 (one) of which had mention of plaintiff in the title's subtext

6

specifically as " are DW & CG right?". High did not devote his YouTube channel, or any other social media activity towards harming Goode, in Colorado, or elsewhere.

The Plaintiff's claims of Colorado specifically being targeted as to social media  are not valid. This forms the core of Plaintiff's claims that this Court has personal jurisdiction over defendant. Defendant High posted his 171 videos, and consented to audio, and video interviews, without consideration  as to where they would be consumed. High's YouTube channel is run on a Communications Decency Act, Section 230 platform with planetary reach, without specific intent towards Colorado. To the point of the Section 230 platform, it may not be claimed that such postings of videos are geographic specific acts of 'publishing'.

In paragraph 15 of SAC, plaintiff states that High has consented to jurisdiction of this Court. This is not factual. Defendant High disputes that this Court has any jurisdiction, personal, or subject matter, over him. Further High states that pursuit of this matter against him in this jurisdiction is both

7

without foundation, and a punitive burden given his location, age, and life conditions.

These false statements regarding jurisdiction over defendant within the SAC are disputed as well as others also factually false such as paragraph 120, in which Plaintiff claims to have "for almost two years tried every avenue outside of litigation to make things right". This is false. Plaintiff has never contacted defendant High, directly or indirectly, through any media, or other party, including attorneys, in any attempt to 'make things right'. Plaintiff has never acknowledged his theft of copyrighted material from High, nor apologized for any of the many, repeated, vicious, and slanderous attacks he has made upon this defendant.

Defendant High is a 3 times cancer patient in recovery following recent life saving emergency surgery. At 67 years of age, and retired, High is attempting to care for his 68 year old wife of 48 years who has life threatening heart (and other health) conditions, which have resulted in 5 hospital visits under emergency conditions in the last 2 months alone The defendant

8

posits that this matter of pressing jurisdiction in Colorado in this inauthentic suit, constitutes a current, and ongoing, cruel, and abusive burden.

Even if jurisdiction did exist over High, Plaintiff's SAC fails to state any claims against him. Further for those claims in which the SAC includes High, there are no examples provided of even alleged facts against which to construct a defense even if this Court had appropriate jurisdiction over the defendant. The SAC includes a wide array of tort, contract and intellectual property claims, but is primarily based on facts related to Goode's employment with Gaia and certain fallout between Goode, Gaia and Weidner after Goode ceased working with Gaia. Out of 213 paragraphs of allegations spanning 42 pages, only 2 allegations relate in any way specifically to High, and these are conclusory allegations, or inaccurate speculation, that do not support the array of purported claims against him. These 2 are contained in paragraphs 103 and 104 of the SAC. In p103, a tweet by Defendant High, condemning plaintiff's theft of material and

offering to fight plaintiff, and his associates, is construed as a threat of bodily harm. Defendant prays this Court to please note the age and size disparity favoring plaintiff, setting his actual age in his 40s and not over 104 as he claims, thus Plaintiff has the advantage over defendant by nearly 30 biological years, and 50+ pounds.

In paragraph 104, plaintiff states that High had a known relationships with Weidner and Zavodnick which is only true of Weidner. High had acquaintance with Weidner dating back to 2002 and with very infrequent contact by email. High had no knowledge nor contact with Zavodnick prior to plaintiff's assaults on both over social media as a point of introduction. The only relationship is one formed naturally by victims of abuse and attack by the same party. Such does not rise to the levels of association and enterprise required by RICO statutes.

All of the claims against High, of common actions, motives, or goals, with other defendants, are not applicable as they arise from claims of commercial activity revolving around plaintiff's

10

association with defendants working for GAIA. Defendant High

has had no contact with, and has no association, nor participation

in any enterprise with GAIA,  as an organization, nor with any,

nor all of the other  defendants. Plaintiff's belief and

understanding that Defendant High worked for GAIA is wrong.

Plaintiff's understanding that High as any relationship with

GAIA, or the individual defendant's from GAIA,  is wrong.

High has no interest in plaintiff's commercial activities other

than to wish him profitability such that he may pay off debts

associated with bringing this inauthentic suit. High has no

designs upon plaintiff's 'fame', 'reputation', nor any aspect of

plaintiff's commercial activities. Absent facts, which do not exist,

such statements, made outside of this inauthentic suit, are

defamatory on their face.

Plaintiff states in preamble of the SAC a claim to the status of

'pubic figure'. Plaintiff's pubic status reputation is a key issue

with regard to both claims of that status, and damage claimed to

it by the alleged actions and words of Defendant High, though

11

Plaintiff presents no exemplary material to support any of the claims against High. To that point, Plaintiff's claims are primarily focused, both in verbiage and intent, on his former relationship with GAIA defendants. Claims against High arose from High's discovery of, and response to, Plaintiff's theft of material at approximately the same time period as the disputes arising between plaintiff and Defendants GAIA.

Defendant High's response to Plaintiff's theft of material from his copyrighted reports included postings on social media pointing out the logical inconsistencies of Plaintiff's claim to be over 104 years old, having traveled through 20 years of time in 3 separate episodes, being earth's Galactic Ambassador, having fought intergalactic slavers, and other fantastic tales of impossible adventure.

Further, having had a 17 year association with the US Army's 101st Airborne, Defendant High took personal, and patriotic, umbrage to Plaintiff's many statements that the US ARMY abducts children for what are termed "MILAB experiments". High

also stated that umbrage on social media, earning more ire and attacks from Plaintiff as a result. Again, this is not actionable nor under the jurisdiction of this Court.

It is explicitly such discussions and statements questioning his stories as factual that Plaintiff seeks to quash and forbid by appealing to this Court  in his Prayer for Relief, paragraph B.

That Defendant High questioned Plaintiff's claims, as a public figure, about our common reality, does not rise to the level of predicate crimes as defined by RICO. That he shared and discussed these statements with others on Section 230 platforms does not constitute RICO association nor enterprise.

Plaintiff, throughout the entirety of the SAC, fails to provide any assertions of facts in support of claims against Defendant High. That no facts are presented from which a defense may be constructed confirms the inauthentic nature of this SAC and defeats claims of subject matter jurisdiction.

Plaintiff's fails to meet the burdens imposed by Colorado statues to establish jurisdiction over High in this matter.

13

Citations to Lantham are not pertinent as Defendant High was not specifically seeking Colorado publication on any of his social media postings, and used Section 230 platforms which are explicitly not publishers, nor geographically constrained.

Plaintiff's SAC, in the majority of the sparse specifics, goes to the former relationship between Plaintiff and GAIA. Plaintiff alleges without supporting facts of any kind being presented that an association exists between the collective defendants in his complaint. This assertion is wrong, and is not supported by anything provided within the SAC, and specifically Plaintiff fails to provide  descriptions, including exemplary assertions, to  any level of detail of  the association claimed to be worthy of this Court's time under RICO. Further to that point,  predicate crimes that would meet  the requirements of RICO are not provided by Plaintiff in the SAC. This continuing failure to meet minimum requirements of RICO  within all documents including defendant High must raise the possibility of Rule 11 violations in this Court's considerations.

Plaintiff is claiming his commercial activities are under attack by an enterprise, in which he places Defendant High, for the claimed purpose of seizing these commercial activities and/or denying them to plaintiff. The claimed enterprise does not exist in fact, therefore could not be attacking Plaintiff nor his commercial interests.

 That this claim is arising from Plaintiff  presenting a fictional story as his real live experience, that others, Defendant High among them, state is fictional,  is at the core of the SAC. Plaintiff offers no evidence to support the extraordinary claims presented as events from his life, just as no facts or examples are provided in the SAC to support Plaintiff's many spurious claims against defendant High.

These  claims include both slander and libel, as well as interference with plaintiff's commercial arrangements. No facts are offered by Plaintiff in support of including defendant High in this action. No statements of High's are offered. Yet more proof of the inauthentic and wasteful nature of this pursuit before this

15

Court. Yet again raising the issue of Rule 11 violations of failures on the part of the Plaintiff's representation to perform required due diligence.

Defendant High has reason to understand that Plaintiff embellished his fictional account of his life by theft of High's copyrighted material. The value of the 'intellectual property' of his fiction depends exclusively on maintaining the fiction as a factual life's story. Defendant High, and others similarly situated in this suit, are so included for questioning that fiction in public spaces. Plaintiff sees such questions as attacks on his intellectual and commercial property, and not as Constitution protected free speech.

This is pertinent as it goes to the impossibility of this Court being able to grant the relief being sought by Plaintiff in his SAC, as Plaintiff seeks this Court to enjoin the defendants currently named from exercising Constitutionally protected rights (item B, in Plaintiff's Prayer for relief). Plaintiff, in essence, and explicitly, is seeking injunctive relief from this Court to prevent

questioning or dispute of Plaintiff's fictional life story as fact, in pubic spaces by High, and other defendants herein named, and, presumably thereafter, all others who dare to question.

Defendant High is included in an 'association', existing only in the mind of the Plaintiff, of 'The Dark Alliance', described by plaintiff as a RICO compliant 'enterprise' that includes humans on earth who are part of a local solar system based "cabal" that is committing capital crimes on planet earth such as attempted bodily injury, and potentially, murder. Yet in all the claims, no facts, nor alleged facts, nor descriptions, nor details of any form relate defendant High to these claims by the plaintiff. As has been noted throughout all of human legal history, a defense cannot be constructed against allegation alone. Plaintiff's SAC has failed the burden of providing assertions, the contention over which this Court could use to determine the facts of this matter within law.

Thus, Plaintiff's claims against High should also be dismissed pursuant to Rule 12(b)(6).

## Conclusion

The Defendant moves  the Court to dismiss  the Plaintiff's Second Amended Complaint against Defendant High,  and granting of Defendant's request for relief of the extraordinary burden of attorney fees, and costs accrued in this  matter before the Court.

Respectfully submitted this  16th  day of December.

*S/Cliff High*
Cliff High
PO Box 141
Moclips, WA, 98562
Tel.: (360) 276-0049
Email:clif@halfpasthuman.com

**Defendant, pro se**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, I electronically filed the foregoing with the Clerk of Court  via email.

18