# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

Defendants.

## BENJAMIN ZAVODNICK'S MOTION TO DISMISS
## PURSUANT TO FED.R.CIV.P. 12(b)(2)

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LASZLOLAW, and for his Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(2) states as follows:

### CERTIFICATE OF CONFERAL

Undersigned counsel certifies, pursuant to Judge Domenico's Practice Standard III. D., that he conferred with counsel for Plaintiffs via email on December 14-16, 2020 regarding the substance of this Motion and potential for resolution without filing the Motion. Plaintiffs oppose this Motion.

1

I.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(2) provides for the dismissal of an action due to lack of personal jurisdiction.  The Court must dismiss the lawsuit if it finds that, as a matter of law, it lacks personal jurisdiction over the Defendant.  *Aspen Corps., Inc. v. Mundt*, No. 18-CV-1487-WJM-MEH, 2019 WL 1239882, at *8 (D. Colo. Mar. 18, 2019).  A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.,* 205 F. 3d 1244, 1247 (10th Cir. 2000).  The Court may consider matters outside the Complaint because, "[u]nlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss under Rule 12(b)(2) is a test of the plaintiff's actual proof…." *Shaw v. American Cyanamide Co.,* 534 F. Supp. 527, 528 (D. Conn. 1982).

II.  LAW AND ARGUMENT

A. Personal Jurisdiction

Personal jurisdiction over an out-of-state defendant must be consistent with Colorado's "long-arm statute" (C.R.S. § 13-1-124) and must not violate the due process clause of the Fourteenth Amendment. *Ensign v. B&H Rig and Tong Sales*, 2013 WL 3233614, *2 (D. Colo. June 26, 2013) (citing *Benton v. Cameco Corp.,* 375 F.3d 1070, 1074-75 (10th Cir. 2004)). Colorado's long-arm statute has been construed to extend jurisdiction to the full extent of the Constitution, so the jurisdictional analysis is a single inquiry of whether jurisdiction offends due process. *See Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir.2005).

Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310,

2

316 (1945). Minimum contacts may be established under the doctrines of general jurisdiction or specific jurisdiction. General jurisdiction exists if the plaintiff demonstrates that the defendant maintains "continuous and systematic general business contacts" in the state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998). Specific jurisdiction exists where the defendant has purposefully directed his activities at the residents of the forum and the litigation results from injuries that arise out of those activities. *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir.1999).

Here, Plaintiffs do not allege that this Court has personal jurisdiction pursuant to Colorado's long-arm statute and make only two generic and conclusory allegations in their Complaint as to the basis for personal jurisdiction over Mr. Zavodnick.  *See*, Complaint, ¶¶ 10, 15.  The only allegation under the "Jurisdiction and Venue" heading is against both Mr. High and Mr. Zavodnick, makes no specific allegation against Mr. Zavodnick alone, and is not enough to support a finding that this Court has personal jurisdiction over Mr. Zavodnick.

        1.        **Plaintiffs Cannot Establish General Jurisdiction.**

"Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test." *Benton,* 375 F.3d at 1080. General jurisdiction requires that a defendant have contacts with the forum "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). Courts consider the frequency of a defendant's travel to the forum state, amount of work a defendant performs in the forum state, and whether a defendant owns property in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 (1984); *see also*, *Medved v. DeAtley*, No. 12-CV-03034-PAB-MEH, 2013 WL

4873054, at *3 (D. Colo. Sept. 11, 2013).

Mr. Zavodnick is a resident of New Jersey and a New Jersey licensed attorney. Exhibit A, *Declaration of Benjamin Zavodnick*, ¶¶ 3-4. Mr. Zavodnick does not conduct any business in Colorado, does not practice law or own property in Colorado. *Id.*, ¶¶ 5, 8. Plaintiffs make the conclusory allegation that both Defendant High and Mr. Zavodnick purposely availed themselves of the "benefits and protections of this District and have substantial contracts with this forum through business activities or otherwise…" but offer nothing specific as to Mr. Zavodnick and leave Mr. Zavodnick and this Court to guess as to which defendant it applies. Complaint ¶ 15.

Throughout the Complaint, Plaintiffs' few allegations against Mr. Zavodnick revolve around Mr. Zavodnick's use of YouTube. Yet Mr. Zavodnick's mere general use of YouTube as a video sharing platform is not a continuous, systematic, or direct contact with the state of Colorado *or* with Plaintiffs in Colorado. *See, Galena v. Biopharma v. Ioannides,* 2014 WL 792170 at *3 (D. Oregon, Feb. 25, 2014) (*citing Calder v. Jones*, 465 U.S. 783 (1984) (court lacked personal jurisdiction over out of state defendant who made online comments *about* the plaintiff located in Oregon but that were not *directed* at Oregon (the forum state).

Because Mr. Zavodnick does not have "continuous and systematic" contact with Colorado, general jurisdiction does not exist. *Shrader v. Beann*, 503 Fed.Appx. 650, 653–54 2012 WL 5951617 (10th Cir.2012) (unpublished) (reaffirming holding that district court could not assert general jurisdiction over a website that had no intrinsic connection to the forum state and that did not conduct business with forum residents in such a sustained manner that it was tantamount to physical presence in the forum); *see also*, *Werner v. Dowlatsingh*, No. 18-56349, 2020 WL 3397745, at *2 (9th Cir. June 19, 2020) ("[u]ploading a video to YouTube from

4

Canada is no more an act expressly aimed at the United States as a whole than it is at California specifically, and [defendant]'s additional contacts with the United States, such as attending conventions outside of California, are not "suit related conduct" that could support an exercise of specific personal jurisdiction.) *Walden v. Fiore*, 571 U.S. at 284 (2014).

**2.      Plaintiffs Cannot Establish Specific Jurisdiction.**

The specific jurisdiction analysis is two-fold. First, the Court must determine whether defendants have such minimum contacts with Colorado that defendants "should reasonably anticipate being haled into court" here. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether defendants purposefully directed their activities at residents of the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985), and whether plaintiffs' claims arise out of or result from "actions by ... defendant[s] ... that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987).  Second, if defendants' actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over defendants offends "traditional notions of fair play and substantial justice." *Id*. at 113.

"Generally, to determine whether a nonresident defendant's contacts with the forum state are sufficient to establish personal jurisdiction over the defendant—even if defendant is not physically present in the forum state—courts inquire as to whether: (1) the defendant purposefully directed its activities at residents of the forum state; (2) the plaintiff's injury arose from those purposefully directed activities; and (3) exercising jurisdiction over the defendant based on these activities would not offend traditional notions of fair play and substantial justice." *Medved*, 2013 WL 4873054, at *4 *citing*, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514

F.3d 1063, 1070 (10th Cir. 2008).

### a. Purposeful Direction Element.

Plaintiffs cannot satisfy the three prongs of the purposeful direction element. "[T]he element of "purposeful direction" has three prongs: "(a) an intentional action ... that was (b) expressly aimed at the forum state ... with (c) knowledge that the brunt of the injury would be felt in the forum state." *Dudnikov*, 514 F.3d at 1072.

To satisfy the first prong, plaintiffs need only allege that defendants took some intentional act. *Medved*, 2013 WL 4873054. Here, Plaintiffs have not plausibly alleged that Mr. Zavodnick intentionally directed any action to Plaintiffs in Colorado and therefore cannot establish this prong.

Next, Plaintiffs cannot establish that Mr. Zavodnick expressly aimed his actions at Colorado. The expressly aimed test focuses on defendants' intentions and seeks to determine the "focal point" of defendants' intentional efforts. *Dudnikov*, 514 F.3d at 1074–75. Mr. Zavodnick has never met Plaintiffs or had any direct contact with Plaintiffs within or without the state of Colorado; has never sent an email to Plaintiffs, or any private message on any social media platform; has never attempted to call Plaintiffs at their places of business, or place of residence; has never attempted to initiate any type of direct contact with Plaintiffs at any location; and none of the content of the YouTube videos at issue are directed at, or reference Colorado. Exhibit A, ¶¶ 9-16. Therefore, there is simply no basis to find that Mr. Zavodnick "purposefully" directed any communication or contact within the state of Colorado.

Plaintiffs' Complaint contains only confusing and conclusory allegations that Mr. Zavodnick aimed activities to Colorado. First, Plaintiffs' allegation that Mr. Zavodnick "…has

targeted much of his YouTube and Twitter postings—that reach thousands of followers throughout the United States including in, upon information and belief, Colorado towards harming Goode in Colorado" does not make sense. Complaint, ¶ 10. Assuming Plaintiffs mean that Mr. Zavodnick targets individuals throughout the United States, which includes Colorado, that allegation is insufficient to establish he expressly aimed his actions at Colorado. Plaintiffs' allegation that Mr. Zavodnick's YouTube and Twitter postings "reach" Colorado "towards harming Goode in Colorado" is again confusing and at best an allegation of harm to one Plaintiff tangential to Mr. Zavodnick's national reach.

Next, Plaintiffs allege that "…Mr. Zavodnick and Mr. High have aimed activities that have caused harm that has been felt in Colorado, and have consented to jurisdiction in Colorado." [Doc. No. 111, ¶ 15]. This allegation is perhaps more confusing than the last, and again, at best is an allegation of harm to one Plaintiff tangential to Mr. Zavodnick's national reach. Further, Plaintiffs offer no facts to support or make plausible the conclusion that Mr. Zavodnick "consented to jurisdiction in Colorado." Complaint, ¶ 15.

Likewise, none of the remaining allegations in the Complaint relating to Mr. Zavodnick establish Mr. Zavodnick directed activity into Colorado. Plaintiffs allege that Mr. Zavodnick and others, as a part of an "Association," have appeared on "each other's YouTube channels to accuse Goode of criminal acts and support each others'[sic] live streams on multiple occasions." Complaint, ¶ 101. Plaintiffs cite to three URLs allegedly leading to YouTube videos dated June 1, 2019, November 5, 2017, and August 23, 2020 and offer minimal descriptions of each. Complaint, ¶ 101. The June 1, 2019 video description makes no mention of Mr. Zavodnick. *Id*. The November 5, 2017 video description: "Zavodnick and High doing the same, referencing

Montalbano" makes little sense and suggests that the video was directed at Defendant Montalbano, *not* Plaintiffs. *Id*. Finally, the August 23, 2020 video description: "Zavodnick bashing Goode" lacks any explanation of what is meant by "bashing" or how the "bashing" was *directed* into Colorado. These allegations do not establish Mr. Zavodnick *directed* anything into Colorado.

Plaintiffs allege "Weidner at one point brings Zavodnick on his "show" for what amounts to an a[sic] all-star "Corey Goode-Bashing" where all involved engage in making harassing and defamatory statements about Goode," and reference a URL link to a YouTube video. Complaint, ¶ 102. The link included in the Complaint directs this Court to a video created and posted to YouTube *by Plaintiffs* – not Mr. Zavodnick. Importantly, the allegations and accompanying screen shot contained in Complaint, ¶¶ 101-102 do not allege or even infer that Mr. Zavodnick *directed* his actions at Colorado.

Next, Plaintiffs allege that Mr. Zavodnick, Mr. Weidner, Mr. High and Ms. Montalbano are an "Association" whose purpose is to "use extortion (specifically, through an email sent by Weidner) … to deprive him of his livelihood" Complaint, ¶¶ 105-110 but offer no facts in support thereof that would raise the allegation to the level of "plausible." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiffs' threadbare allegations regarding the "Association" do not mention, let alone plausibly plead, that Mr. Zavodnick *directed* his actions at Colorado Complaint, ¶¶ 105-110. Nor do Plaintiffs make any attempt to connect their allegations to any cause of action. Thus, Plaintiffs cannot establish that Mr. Zavodnick expressly aimed his actions at Colorado.

The final prong of the purposeful direction test is Mr. Zavodnick's knowledge that the

8

brunt of the activity would be felt in Colorado. *Dudnikov*, 514 F.3d at 1077. This element "concentrates on the consequences of the defendant[s'] actions—where was the alleged harm actually felt by the plaintiff." *Id.* at 1075. Plaintiffs do not allege that Mr. Zavodnick knew the Plaintiffs were in Colorado. Further, Mr. Zavodnick did not know Plaintiffs were in Colorado. Exhibit A, at ¶¶ 17-18. Thus Mr. Zavodnick could not have known where Plaintiffs would have felt any alleged harm. Thus, there is no plausible allegation that Mr. Zavodnick knew that the brunt of any injury arising from his conduct would be felt in Colorado. *Id*.

### b. Arising Out Of

Next, the Court must determine whether a nexus exists between Mr. Zavodnick's forum-related contacts and the Plaintiffs' cause of action. *OMI Holdings, Inc.* 149 F.3d at 1095. As set forth above, there are no "forum related" contacts here, and thus there can be no finding of the required nexus.

### c. Fair Play and Substantial Justice

Even if this Court were to find that Mr. Zavodnick purposefully directed communication into the state of Colorado, the Court must then determine whether exercising jurisdiction is consistent with traditional notions of fair play and substantial justice. In determining whether exercise of jurisdiction is so unreasonable as to violate "fair play and substantial justice," the Court should consider: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies" *Id*., at 1095. These factors weigh strongly against a finding that exercising jurisdiction over Mr.

9

Zavodnick would be reasonable under the circumstances.

First, the burden placed upon Mr. Zavodnick in having to defend against a claim in Colorado is significant. Because Mr. Zavodnick does not reside in Colorado, he has been forced to seek out and retain counsel in Colorado. Exhibit A, ¶ 3.  Further, as Mr. Zavodnick resides in New Jersey, it would be burdensome to force him to travel to Colorado to defend these claims when he has never had direct contact or direct communications with Plaintiffs in the state of Colorado.  Exhibit A, ¶¶ 5-6.  Even if the relative inconvenience of the parties is equal, "…the law of personal jurisdiction, however, is asymmetrical.  The primary concern is for the burden on defendant." *Insurance Co. of N. America v. Marina Salina Cruz,* 649 F.2d 1266, 1272 (9th Cir. 1981) (citing *World-Wide Volkswagen*, 444 U.S. at 292).  Thus, if all things are equal, and the burden on the Plaintiffs and Mr. Zavodnick to travel for litigation are the same, this factor weighs in favor of Mr. Zavodnick, as he is the defendant. *Insurance Co. of N. America,* 649 F.2d at 1272.

Second, Colorado's interest in resolving this dispute is minimal.  Mr. Zavodnick has not directed any actions into the state of Colorado [Exhibit A, ¶ 15-16] and Colorado has little interest, if any at all, in regulating statements made in YouTube videos that bear no relation to Colorado.  Because Plaintiffs have alleged violations of federal law, subject matter jurisdiction can be invoked in any appropriate federal court in the country.  Thus, there is no significant reason for the case against Mr. Zavodnick to be tried in this Court rather than a more appropriate forum, such as in New Jersey where he resides.

Third, with respect to Plaintiffs' interest in receiving convenient and effective relief, because Plaintiffs have alleged federal statutory violations, there is nothing prohibiting Plaintiffs

from bringing their claims in a different court where personal jurisdiction over Mr. Zavodnick would be appropriate. Further, it is clear from the pleadings that Plaintiffs' attorney is a Texas-licensed and Texas-based attorney with no apparent connection to Colorado – thus Plaintiffs' choice of counsel does not weigh in favor of convenience.

Fourth, the Court must consider "the interstate judicial system's interest in obtaining the most efficient resolution of controversies." *Medved,* 2013 WL 4873054 at *6. The focus for this area of inquiry is the location of witnesses, where the alleged wrong occurred, what state's substantive law governs, and whether exercising jurisdiction prevents piecemeal litigation. *OMI Holdings,* 149 F. 3d at 1097. Mr. Zavodnick will have more than one witness to present in the defense of this case and would have to bring those witnesses to Colorado to defend this case. This would result in a considerable expense for Mr. Zavodnick. With respect to the governing substantive law, again, Plaintiffs have asserted federal statutory claims (and apparently federal common law claims) which can be adjudicated in any federal or state court. With respect to Plaintiffs' state law claims, it is unclear from the allegations in the Complaint how exactly those claims relate to Mr. Zavodnick. Regardless, those claims could also be litigated in a New Jersey court. This factor weighs in favor of Mr. Zavodnick.

The fifth and final factor the Court must consider regarding the "reasonableness" of asserting personal jurisdiction is "the shared interest of the several states in furthering fundamental substantive social policies." *Medved,* 2013 WL 4873054 at *6. This factor focuses on "whether the exercise of personal jurisdiction [in Colorado] affects the substantive social policy interests of other states or foreign nations." *OMI Holdings, Inc.* 149 F. 3d at 1097. This factor weighs against exercising jurisdiction in Colorado as the state of New Jersey has a valid

11

interest in protecting New Jersey residents from being forced to defend lawsuits in states where they have no minimum contacts.

Accordingly, a balance of all the factors related to "traditional notions of fair play and substantial justice," weigh strongly in favor of declining to find personal jurisdiction in this case. As personal jurisdiction cannot be established by Plaintiffs in this case, all of Plaintiffs' claims against Mr. Zavodnick must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

### B. PLAINTIFFS' RICO CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs may argue that this Court has "nationwide jurisdiction" over Mr. Zavodnick as set forth under RICO. However, Plaintiffs' RICO claim fails as a matter of law. Pursuant to 18 U.S.C. § 1965, a RICO action brought in a federal district court where personal jurisdiction can be established over at least one defendant, summonses may be served nationwide on other defendants if "required by the ends of justice." *Cory v. Aztec Steel Bldg. Inc.,* 468 f.3d 1226, 1231 (10th Cir. 2006). Therefore, the court must have jurisdiction over at least one Defendant based upon minimum contacts and it must be necessary to satisfy the ends of justice as well as comport with the 5th Amendment due process to establish nationwide jurisdiction. *Goodwin v. Bruggenman-Hatch et al.,* 2014 WL 3882183, at *7 (D. Colo., August 7, 2014).

To reap the benefit of RICO's nationwide jurisdictional provisions, Plaintiffs must set forth facts with sufficient particularity to plead a case under RICO. *Indianapolis Hotel Investors, Ltd. V. Aircoa Equity Interests, Inc.,* 733 F. Supp. 1406, 1407 (D. Colo. 1990) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985); *Cayman Exploration Corp. v. United Gas Pipeline Co.,* 873 F.2d 1357, 1362 (10th Cir. 1989)). A claim is plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern, (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Id.* at 1409 (citing *Weiszmann v. Kirkland and Ellis,* 732 F. Supp. 1540 (D. Colo. 1990)).  Here, Plaintiffs unquestionably fail to state a plausible RICO claim against Defendants Weidner, High, Zavodnick and Mantalbano as they make an unspecific boilerplate RICO allegation and simply defer to the allegations in the First Claim by stating: "as more fully described in Count One." Complaint, ¶ 142.  However, all allegations in Count One are against the "Gaia Defendants," which does not include Mr. Zavodnick, Defendants Weidner, High, Zavodnick or Mantalbano and there is not one allegation in Count One that involves Mr. Zavodnick. *Id*. at ¶¶ 122-140. Thus, Plaintiffs have not plausibly pled a RICO claim against Mr. Zavodnick.

Furthermore, even if Plaintiffs had adequately and plausibly plead a RICO claim, Plaintiffs' other allegations establish that any such claim would be barred by the four-year statute of limitations applicable to RICO claims because Plaintiffs allege that the underlying conduct started in 2015, but the claim was not brought until 2020.  Complaint ¶¶ 105-110. *Indianapolis Hotel Inv'rs, Ltd.*, 733 F. Supp. At 1409 (a plaintiff must bring RICO action within four years.)

As a result, Plaintiffs' RICO claim fails as a matter of law, and any argument made by Plaintiffs relating to "nationwide jurisdiction" as a basis for personal jurisdiction over Mr. Zavodnick also fails.

### III. PLAINTIFFS SHOULD NOT BE PERMITTED TO FURTHER AMEND THEIR COMPLAINT

It would be futile to allow Plaintiffs a third opportunity to amend their Complaint. Plaintiffs have filed three defective Complaints that have all failed to assert allegations

establishing this Court's personal jurisdiction over Mr. Zavodnick. It is clear the jurisdictional defect cannot be cured by further amendment. Allowing Plaintiffs yet another chance to file yet another amended complaint would be futile, and a waste of time and expenses for Mr. Zavodnick and this Court. Therefore, this Court should not give Plaintiffs another bite at the apple to further amend their Complaint as to Mr. Zavodnick.

### IV. ATTORNEY FEES

Under C.R.S. § 13–17–201, where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action." *Shrader v. Biddinger*, No. 10-CV-01881-REB-MJW, 2011 WL 1085524, at *8 (D. Colo. Mar. 10, 2011), *report and recommendation adopted*, No. 10-CV-01881-REB-MJW, 2011 WL 1597669 (D. Colo. Apr. 27, 2011). "The statute has been held equally applicable to a dismissal under Fed.R.Civ.P. 12(b) of a tort claim brought pursuant to Colorado law." *Id*; *Brammer–Hoelter v. Twin Peaks Charter Academy*, 81 F.Supp.2d 1090, 1102 (D.Colo.2000). Here, Plaintiffs allege numerous tort claims against Mr. Zavodnick pursuant to Colorado law. *See*, Complaint, at Claims V, VI, VII, X, XI, XII. Thus, pursuant to C.R.S. § 13–17–201, Mr. Zavodnick should be awarded his reasonable attorney fees and costs associated with defending this action.

### V. CONCLUSION

WHEREFORE, Mr. Zavodnick respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction. In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in this case pursuant to C.R.S. § 13–17–201, and for such additional relief as this Court deems appropriate.

Respectfully submitted this 21st day of December 2020.

                                                    LASZLOLAW

                                                    *s/ Michael J. Laszlo*
                                                    Michael J. Laszlo (#38206)
                                                    2595 Canyon Blvd. Suite 210
                                                    Boulder, CO 80302
                                                    (303) 926-0410
                                                    Email: mlaszlo@laszlolaw.com

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

           By:   <u>s/ Michael J. Laszlo</u>
               Michael J. Laszlo