IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

Defendants.

_____

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(2)**

_____

James Corey Goode ("Mr. Goode") and Goode Enterprise Solutions ("GES")

(collectively "Goode" or "Plaintiffs") file this Response in Opposition to the Motion

to Dismiss (the "Response" to the "Motion", #114) under Fed. R. Civ. P. 12(b)(2)

and 12(b)(6) filed by Cliff High ("High" or "Defendant").  The Court should deny

the Motion because personal jurisdiction over High is appropriately exercised by this

Court based on his intentional actions and behavior specifically aiming his tortious

actions at Goode (and others) in Colorado. Additionally, based on a recent communication (the "September Email", #62-1) from High, he has consented to jurisdiction in Colorado. Taking into account the Second Amended Complaint (the "SAC", #111) in addition to High's ongoing postings on the matter targeting at least the Plaintiff and his supporters in Colorad and the September email jurisdiction is proper and both of High's arguments under 12(b)(2) and (6) should be denied.

Defendant's musings that span four-and-a-half pages are better housed in an answer than a motion to dismiss. They do nothing to refute or show deficiencies in what Plaintiffs have alleged. Nor are they supported by any evidence. Taking into account the standard for a motion to dismiss, Defendant's Motion should be wholly disregarded by this Court. To the extent that it may be considered, the claims made in Defendant's "Introduction" section may show that (1) High was in fact colluding with at least some of the Defendants named in this action (e.g., Defendant Weidner), (2) he did in fact aim to profit from Mr. Goode's fame and notoriety stemming from his show with Defendant Gaia, Inc. and (3) he did in fact target Colorado and its residents in various videos and interviews. Defendant High's Motion is meritless and should be denied. Defendant fails to comport with Judge Domenico's Practice Standards, specifically III(D), so Plaintiffs have attempted to comport with those Standards in its Response to High's Motion (the "Response") below.

## ARGUMENTS AND AUTHORITIES

To survive a Rule 12(b)(6) motion, a complaint need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must merely "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the factual allegations in the light most favorable to Plaintiff, and not simply question their veracity as Defendant urges. *See Twombly*, 550 U.S. at 555.  Rule 12(b)(6) motions are disfavored and rarely granted. *See Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992). In responding to a Rule 12(b)(2) motion filed prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The prima facie showing may be made by submitting affidavits or other written materials with facts that would support jurisdiction over the defendant. *Id*. A defendant can counter that showing by demonstrating "that the presence of some other considerations would render jurisdiction unreasonable." *Id*. (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Allegations made in the complaint must be taken as true so long as they remain undisputed by the defendant's affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Conflicting facts in the parties' affidavits "must be resolved

in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (internal quotation marks and citation omitted).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant with certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945). In judging the minimum contracts, a court focuses on the relationship among the defendant, the forum and the litigation. In determining traditional notions of fair play and substantial justice, the Court determines whether the exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)).

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations. Specifically, starting at least in 2017 and continuing until 2020, High has published—and continues to publish—offensive social media posts, either alone or as guest of another defendant's "show" for the purpose for bashing Goode and depriving Goode of

pecuniary gain.  #111 at 2, 12, 18-21, 31.  High established relationships with co-defendants, made harmful statements about Goode with the motivation to harm Goode's livelihood that were both fraudulent and defamatory, possibly presented doctored evidence, and continually rehashed prior defamatory statements from different individuals to form an "Association". #111 at 31.  Goode adequately alleges federal claims of trademark infringement in which Defendant engages in connection with the other named defendants in this action, including targeting Plaintiff with defamatory, harmful publicity which diminishes the Plaintiff's reputation and trademarks.  *See* #111 at 18-20. Additionally, High has targeted Goode with threats through various social media posts and communications that threaten bodily harm. *See* Docket 111 at 31 (the tweet has now been removed because High's account has been disabled but is reproduced below).



High has directly targeted such attacks at Goode and thus has availed himself of jurisdiction in this forum.

High has claimed that he coined the term "Blue Chicken Cult" as a way to demean and tarnish Goode's "BLUE AVIAN" claimed mark, and as such is liable for the damage he has caused Goode—the harm of which is felt in Colorado, where Goode resides.  His association with defendants Zavodnick, Montalbano, Weidner and perhaps even the other remaining defendants shows that he means to cause financial—and, per his own words, even physical—harm to Goode. He has availed himself of the rights and responsibilities of Colorado. He has now confirmed, per the September email, that he intends to engage in the fight in Colorado, and thus he has consented to jurisdiction in Colorado. Goode's Second Amended Complaint (at #111) fully lays out the inter-connectedness of the "Association" for purposes of RICO, and High is subject to jurisdiction under that statute. #111 at 20-23.  High's arguments based on 12(b)(2) and 12(b)(6) do not mandate dismissal of Goode's complaint.

High submits no affidavits or additional evidence in order to support his Motion, and it thus should be denied.

## DEFENDANT'S FACTUAL CLAIMS LACK SUPPORT AND SHOULD BE IGNORED

High has not submitted any supporting affidavits in support of his Motion. Instead, he submits a rambling statement full of unsupported and irrelevant matters

that have no bearing on the pleadings submitted in this case. High submits no other evidence other than his Motion, and should be disregarded in its entirety.

## THIS COURT HAS JURISDICTION OVER DEFENDANT HIGH

Goode has made more than a substantial showing for jurisdiction, and the requirement of showing for jurisdiction at the preliminary stages of the litigation this burden is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Even so, High is greatly understating his presence by stating "High has never . . . directed any activities at anyone in Colorado." #42 at 5.  On the contrary, as shown in the Second Amended Complaint, High has failed to reference many instances dating from 2017 to 2020 in which he has directed many harmful activities—defamatory statements and threats of violence—at Goode. #111 at 18-20.  Jurisdiction is proper over a Defendant in the state that Goode resides, based on the "effects" of the Defendant's conduct in the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), (citing *World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62 L.Ed.2d 490(1980)).  *Calder* distinguishes untargeted negligence from intentional, allegedly tortious actions aimed at the forum state.  *Calder,* 465 U.S. 783, 790.  High has published harassing tirades against the Plaintiff for years on several platforms, including Twitter and Youtube.   On YouTube alone, he has hours of videos dedicated to ridiculing and harassing Goode.  High's remarks are intentional and

they are aimed at the YouTube audience in Colorado. This is well known to High since Goode's popular television show was based there, produced by a company incorporated and domiciled in Colorado, and Goode lived and worked there since the filing of his trademarks and for much of his present career.

The Defendants in *Calder* knew their article would have a potentially devastating impact on the respondent, and that the brunt of the injury would be felt in the Plaintiff's state or residence. *Id.* at 789. *Calder* states that "Under the circumstances, petitioners must "reasonably anticipate being hauled into court there" to answer for the truths of the statements made in their article." *Id*. at 790. Likewise, High knew Colorado was not only Goode's home, the base of his fans, but also the place of the Goode's famous television show so he should have anticipated jurisdiction because he knowingly caused the injury in Colorado.

The Court has general jurisdiction over High for the aforementioned reasons, and the motion to dismiss should be denied.

This Court has specific jurisdiction over High. High has posted hours of content on YouTube attacking Goode and his trademarks between 2017 and 2020. The aggression ingrained in Defendant's videos, social media posts and livestreams raises to a level that shocks the conscience and as such makes it even more likely that Defendant should be subjected to jurisdiction by this Court.

Pleading that a Defendant has intentionally infringed on Goode's trademarks is sufficient to show that Defendant engaged in tortious acts with the knowledge that the brunt of the injury would be felt in Colorado. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). Plaintiffs have sufficiently pled that "(1) the defendant has purposefully availed itself of theprivilege of conducting activities or consummating a transaction in the forum state, and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Emp'rs Mut.Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1160 (10th Cir. 2010) (quotations, internal quotation,and citations omitted). Plaintiffs have shown that "(a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state" was in fact effected by High. *Newsome v. Gallacher*, 722 F.3d 1257, 1264-65 (10th Cir. 2013).

High has intentionally directed his tortious activities at Goode and at Colorado. He has done so with the intent that the harm be felt in Colorado. High admits through the September email that he intends to avail himself of the rights and responsibilities of the judicial system in Colorado. He has admitted to reaching out to Weidner in Colorado in order to prevent Mr. Goode from pursuing his career in Colorado. #114 at 4. He admits to have made statements against Goode on YouTube channels (#114 at 5) that Goode has shown through various pleadings are harmful

and defamatory in nature, and that specifically target Goode and his fans in Colorado. *See* #42, #106, #108.

This Court has ruled, through an opinion by Judge Moore, that similar activities are sufficient to confer personal jurisdiction on an out-of-state defendant. *See TransFIRST, LLC v. Brown*, Dist. Court, D. Colorado 2018, #185. In that case, a defendant's fraudulent activities and inconsistent statements in affidavits against a business in Colorado were sufficient to confer jurisdiction. While High has submitted zero affidavits in support of his Motion, his public statements and communications to the other parties in this action are inconsistent and show that he should be appropriately held responsible for his tortious actions in this jurisdiction.

High does not adequately argue that coming to Colorado is a burden, and—per the September communication—even impliedly states that it is not one. *Medved* establishes that jurisdiction exists over High.

The Court will find that even if other factors in the *Medved* test favor High, the Court has personal jurisdiction because High choose to avail himself of the rights and responsibilities of the State of Colorado, he choose to go after a resident of Colorado, where his fans and employment were based in Colorado.

## PLAINTIFFS HAVE MORE THAN ADEQUATELY PLED THEIR CLAIMS

Much of the evidence—especially with regard to the RICO claims—is within the individual Defendants' possession. Despite that fact, Plaintiffs have more than

sufficiently alleged facts to support their claims. Specifically, in response to conferral on Claim II by Defendant, at least paragraphs 101 (added in the SAC) and 102 lay out clearly with cites to the predicate acts through the use of wires by High (and other Defendants). Likewise, Plaintiffs lay out in painstaking detail the enterprise starting on page 20 of the SAC. (See paragraphs 105-114). The rest of the factual allegations in the SAC also similarly reference various parts in support of the various claims. To say that there are "no factual allegations" or that Plaintiffs are "vaguely alleging" anything is misplaced. As such, Defendant's arguments should be disregarded.

High states the Court does not have "nationwide jurisdiction" under RICO. Goode has included the specific time, place, and contents of the alleged representations in its Second Amended Complaint. #111 at 18-20. Goode has laid out the various communications High engaged in that subjected him to liability under mail and wire fraud, including the threats of violence he has made against Goode. His connections with Weidner, Zavodnick and Montalbano is laid out therein as well, and the multiple and ongoing instances of his unlawful acts sufficiently show a pattern of racketeering activity.

The RICO claims establish nationwide jurisdiction as a basis of jurisdiction over High, and the list harassing videos from 2017 to 2020 shows a continued pattern of harassment. The association in fact is the group of individuals that are engaging

in the acts described in the complaint—that mirror the herein complained—and are intended to deprive Goode of its property, namely its financial gain.

As stated above, through his social media posts, High aims to tarnish and demean Goode's goodwill through his claimed marks, namely through his use of the perjorative term "Blue Chicken Cult" (*see* https://www.bitchute.com/video/A_etXES0AUo/ last accessed September 7, 2020). By use of this—and possibly other—terms, High violates Goode's IP rights in his claimed marks, and

Through his various social media outlets—of which he uses to promote his "web bot" business, "Half Past Human"[1]—he makes commercial use of Goode's claimed trademarks and misrepresents to the public the goods and services with which they are connected. Goode has maintained—and shown—the fact that the public associates his claimed marks with his business as a source identifier, and as such has protectable interests in the phrases through a garnered secondary meaning.

## In the alternative to denial of the Motion, jurisdictional discovery should be undertaken

In the Tenth Circuit, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D.

---

[1] *See* https://en.wikipedia.org/wiki/Web_Bot and https://www.halfpasthuman.com/ , both accessed on September 7, 2020.

Colo. 2009) (quoting *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Whether to allow jurisdictional discovery is within "the broad discretion" of the trial court. *Id*. The court abuses its discretion if the denial of limited discovery results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted…or where a more satisfactory showing of the facts is necessary.'" *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "To obtain jurisdictional discovery, a plaintiff must 'present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Gordon Howard Assocs. v. Lunareye, Inc.*, No. 13–cv– 01829–CMA–MJW, 2013 WL 5637678, at *4 (D. Colo. October 15, 2013) (citing *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at *4 (D. Colo. 2006)). Should this Court find merit in Defendant's arguments, Plaintiff respectfully requests jurisdictional discovery be taken.

## Conclusion

High directed his harassing videos at the State of Colorado where the Plaintiff resides, whose main fan base is located in Colorado, and his prior television show was based in Colorado.  Highs videos include hours of YouTube content on a list carved out and directed at Goode.  Goode deserves the opportunity to explore

evidence further in discovery, and to present evidence to a jury at trial.  The Court

should deny High's motion to dismiss.


Respectfully submitted this 7th day of January 2021.

s/ Valerie A. Yanaros
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFF**


I hereby certify that the foregoing pleading complies with the type-volume

limitation set forth in Judge Domenico's Practice Standard III(A)(1).


**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2021, I electronically filed the foregoing
with the Clerk of Court using the CM/ECF system which will send notification of
such filing to all parties of record in this case.

By:    s/ Valerie Yanaros
        Valerie Yanaros