IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

Defendants.

---

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE TO MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(b)(2)**

---

## I.      Introduction

James Corey Goode ("Mr. Goode") and Good Enterprise Solutions ("GES") (collectively "Goode" or the "Plaintiff") files this Response in Opposition to the Motion to Dismiss ("Motion") under Fed. R. Civ. P. 12(b)(2) filed by Benjamin Zavodnick ("Zavodnick" or "Defendant") (Docket 117, the "Motion"). This Court should deny the Motion because personal jurisdiction over Zavodnick is

appropriately exercised by this Court based on his purposeful, intentional and tortious actions and behavior aimed at Goode and at Colorado under 12(b)(2) and via specific <u>ongoing</u>[1] actions taken by Zavodnick, that meet the requirements for 12(b)(6). Because jurisdiction is proper, Defendant's request for attorney's fees should be denied and attorney's fees should be awarded to Goode. Finally, should this Court be persuaded by Defendant's arguments, it should allow jurisdictional discovery.

## II.    Background

Plaintiffs' Second Amended Complaint includes various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations. Specifically, starting in 2015 and continuing until 2020, Zavodnick has published— and continues to publish—offensive videos, either alone or as guest of another defendant's "show" for the purpose for bashing the Plaintiff and depriving Plaintiff of pecuniary gain. Dkt. 36 - 123, 125. Zavodnick established relationships with co-defendants, made harmful statements about Plaintiff with the motivation to harm the Plaintiff's livelihood through fraudulent and defamatory statements, possible presentation of doctored evidence, and continual rehash of prior statements using different individuals to form an "Association". Dkt. 36 – 129. Plaintiff brings federal

---

[1] *See* https://www.youtube.com/watch?v=ykDCraGusdM&t streamed live on August 24, 20 discussing the instant lawsuit and utilizing Plaintiffs' protected trademarks.

law claims related to several trademark infringements in which Defendant engages in connection with the other named defendants in this action, including targeting Plaintiff with defamatory, harmful publicity which diminishes the Plaintiff's reputation and trademarks.  Dkt. No. 36. 61, 121-125, 128, 129.

### III.    Applicable Standards

To survive a Rule 12(b)(6) motion, a complaint need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must merely "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the factual allegations in the light most favorable to Plaintiff, and not simply question their veracity as Defendant urges. *See Twombly*, 550 U.S. at 555.  Rule 12(b)(6) motions are disfavored and rarely granted. *See Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992). In responding to a Rule 12(b)(2) motion filed prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The prima facie showing may be made by submitting affidavits or other written materials with facts that would support jurisdiction over the defendant. *Id*. A defendant can counter that showing by demonstrating "that the presence of some

other considerations would render jurisdiction unreasonable." *Id*. (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Allegations made in the complaint must be taken as true so long as they remain undisputed by the defendant's affidavits. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Conflicting facts in the parties' affidavits "must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz*, 55 F.3d at 1505 (internal quotation marks and citation omitted).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant with certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945). In judging the minimum contracts, a court focuses on the relationship among the defendant, the forum and the litigation. In determining traditional notions of fair play and substantial justice, the Court determines whether the exercise of personal jurisdiction over [the defendant] is 'reasonable' in light of the circumstances of the case." *Medved v. DeAtley*, 2013 WL 4873054, *4 (D. Colo. Sept. 11, 2013)(citing *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113 (1987)).

Goode filed suit for various claims related to breach of contract, trademark infringement, unfair competition, and civil RICO violations. Specifically, starting in 2015 and continuing until 2020, Zavodnick has published—and continues to publish—offensive videos, either alone or as guest of another defendant's "show" for the purpose for bashing the Plaintiff and depriving Plaintiff of pecuniary gain. (Docket 111 ¶¶100-104). Zavodnick established relationships with co-defendants, made harmful statements about Plaintiff with the motivation to harm the Plaintiff's livelihood through fraudulent and defamatory statements and worked with several other defendants in this action (namely, Cliff High, Jay Weidner and Alyssa Montalbano) to disseminate false information through use of mail/email/wires to form the "Association". (Docket 111 ¶¶105-114). Plaintiff brings federal law claims related to several trademark infringements in which Defendant engages in connection with the other named defendants in this action, including targeting Plaintiff with defamatory, harmful publicity which diminishes the Plaintiff's reputation and trademarks. (*Id*.; *Id*. at ¶¶100-104, 141-181, 195-208).

Defendant continues to direct his activities at this forum. Plaintiffs feel the resulting harm here in this District because of these intentionally directed activities at its business activities is in Colorado. For example, the following was accessed by undersigned counsel on August 24, 2020:



(Accessed                   August                   24,                   2020,                   at
https://www.youtube.com/results?search_query=cw+chanter and linking directly to
https://www.youtube.com/watch?v=ykDCraGusdM&t).       Plaintiffs'       federally
protected trademark "SBA" in addition to Plaintiffs' pending applications for
"20andBack" are placed directly beside Defendant's Patreon link. Patreon is a
platform in which "patrons" or supporters of a person who posts videos or
livestreams may directly pay that person for said videos or livestreams. Defendant
discusses for two hours the lawsuit and derides Plaintiffs once again for financial
gain for himself and to harm financially Plaintiffs. In this video at approximately
twenty-four minutes in, Defendant directly addresses Plaintiffs and their legal team
regarding the case. To allow a licensed attorney to engage in such actions and not be
called into court in the jurisdiction in which the harm is being felt (Colorado) goes
directly against notions of fair play and substantial justice. This would harm Goode

by depriving Goode of its right to protect its livelihood in a forum that would not unduly burden Goode.

**Arguments and Authorities**

When an evidentiary hearing has not been held, a "plaintiff must only make a *prima facie* showing of personal jurisdiction." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). In that regard, all allegations in a complaint uncontradicted by a defendant's affidavits are accepted as true, and all factual disputes are resolved in the plaintiff's favor. As explained below, Zavodnick's argument rests completely on a faulty and untrue affidavit. As such, his Motion should be dismissed.

**IV.    Zavodnick's Affidavits Must be Discredited and His Motion Must be Dismissed**

In his sworn affidavit in support of his Motion to Dismiss (Docket 117-1, the "Zavodnick Aff"), Zavodnick—an officer of the court—makes several untrue statements, some of which he refuted by his own admission on his (now private) YouTube videos.

The statements at issue in the Zavodnick Aff are as follows:

¶12. I have never sent a private or direct message to Plaintiffs on any social media platform.
. . .
¶15. None of the content of my YouTube or social media accounts is directly targeted to Colorado.

> ¶16. I have never directly targeted any statements or content on YouTube or social media to Colorado.
>
> ¶17. I do not now, nor have I ever had, personal knowledge as to where Plaintiff Goode resides.
>
> ¶18. I do not now, nor have I ever had, personal knowledge as to where Plaintiff Goode Enterprise Solutions, Inc. is domiciled.

(Zavodnick Aff at 2.)

As described in Mr. Goode's affidavit ("Goode Aff.") accompanying this Response, Zavodnick has in fact attempted to contact Mr. Goode through contacting his colleaugues and posting on his YouTube Channel. (Goode Aff. at ¶¶2-3, 5, 11). Zavodnick knew Goode was domiciled and a resident of Colorado, and directed his tortious activities explicitly and unequivocally at Plaintiffs, and thus intended for the effect to be felt there. (Goode Aff. at ¶¶11, 13-19). On information and belief, Zavodnick has, at least since August of 2019, known Goode resides and is domiciled in Colorado, and has directed his tortious actions there.

So, this Court may disregard Defendant's Motion in its entirety. It must resolve any inconsistencies in favor of Plaintiffs, and Goode's action must proceed in this District Court.

### a. This Court Has Personal Jurisdiction Over Zavodnick

In order for this Court to assert personal jurisdiction over Zavodnick, he must have certain minimum contacts with the State of Colorado. *Melea*, 511 F.3d at 1065. Minimum contacts can be achieved in one of two ways: specifically or generally.

*See id*. at 1065-66. As explained below, both specific and general jurisdiction are properly exercised by this Court.

### i.   This Court has General Jurisdiction Through Zavodnick's Continued, Egregious Attacks on Goode in Colorado

Plaintiff has made more than a substantial showing for jurisdiction, and the requirement of showing for jurisdiction at the preliminary stages of the litigation this burden is light. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Even so, Zavodnick is greatly understating his presence by citing two instances in the complaint and amended complaint where he harasses the Plaintiff. (Docket 117 at 3).  Zavodnick failed to reference many instances dating from 2015 to 2020. (Docket 111 ¶¶100-104, 141-181).  Jurisdiction is proper over a Defendant in the state that the Plaintiff resides, based on the "effects" of the Defendants conduct in the forum state. *Calder v. Jones*, 465 U.S. 783, 104 S. Ct 1482, 79 L.Ed.2d 804 (1984), (citing *World-wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297-298, 100 S.Ct, 559, 567-568, 62 L.Ed.2d 490(1980)).  *Calder* distinguishes untargeted negligence from intentional, allegedly tortious actions aimed at the forum state. *Calder,* 465 U.S. 783, 790. Zavodnick published harassing tirades against the Plaintiff for years on several platforms.  On YouTube alone, he has over 80 hours of videos dedicated to ridiculing and harassing Plaintiff and his

trademarks.[2]  Zavodnick's remarks are intentional and they are aimed at Goode in Colorado, but accessible to the YouTube audience worldwide. Zavodnick knows that the community in Colorado is supportive of Goode, since Mr. Goode's television show was based and produced by a company (Gaia) incorporated and domiciled in Colorado, and the Plaintiff and his trademarks are accepted, acknowledged and popular in Colorado as well as throughout the world. *See TransFIRST, LLC v. Brown*, Dist. Court, D. Colorado 2019, Civil Action No. 1:16-cv-03054-RM-STV, Docket 185 (Judge finding sufficient facts to support personal jurisdiction where defendant knew that plaintiff was domiciled in Colorado).

The Defendants in *Calder* knew their article would have a potentially devastating impact on the respondent, and that the brunt of the injury would be felt in the Plaintiff's state or residence.  *Id.* at 789.  *Calder* states that "Under the circumstances, petitioners must "reasonably anticipate being hauled into court there" to answer for the truths of the statements made in their article." *Id.* at 790. Likewise, Zavodnick knew Colorado was not only the Plaintiff's home, the base of his fans, but also the place of the Plaintiff's television show so he should have anticipated jurisdiction because he knowingly caused the injury in Colorado.

---

[2] *See* https://www.youtube.com/channel/UCzEDwsA6ooejNKnEfi0Vqrg/playlists . Accessed as of August 23, 2020, Zavodnick had over 5,000 subscribers, under his alias C.W. Chanter, with 34 play lists, one of which targets the Plaintiff, entitled "Corey Goode, Blue Avians and The Sphere Being Alliance".  This Playlist had 44 videos dedicated to the Plaintiff and his trademarks from September 18, 2015 to May 11, 2020.  Videos range in time from 18 minutes to 3 hours and 53 minutes.

The Court has general jurisdiction over Zavodnick for the aforementioned reasons, and the motion to dismiss should be denied.

### ii. This Court has Specific Jurisdiction Through Zavodnick's Targeted Attacks on Goode in Colorado

Where a forum seeks to assert specific jurisdiction, the out-of-state defendant must have (i) purposefully directed its activities at residents of the forum, and (ii) the litigation must result from alleged injuries that "arise out of or relate to" those activities. *Burger King*, 471 U.S. at 472; *Emp'rs Mut.Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quotations, internal quotation,and citations omitted). The Supreme Court has developed a tripartite inquiry to determine whether a defendant purposefully directed its activities at a forum state: the presence of (a) an intentional act that was (b) aimed expressly at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *Newsome v. Gallacher*, 722 F.3d 1257, 1264-65 (10th Cir. 2013) (ellipses and quotation omitted). The Tenth Circuit has interpreted the "express aim" element to signify that "the forum state itself must be the 'focal point'" of the tort. *Dudnikov*, 514 F.3d at 1075 & n.9 (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1080 (10th Cir. 1995)); *see also Impact Prods., Inc. v. Impact Prods., LLC*, 341 F. Supp. 2d 1186, 1191 (D. Colo. 2004).

The allegations in Goode's SAC regarding the Lanham Act are considered torts for the purposes of Colorado's long-arm statute. *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, 898 F. Supp. 2d 1202, 1208 (D. Colo. 2012). By alleging that Zavodnick intentionally infringed on its trademarks and intentionally and willfully sold counterfeit products, Goode has adequately pled that Defendant engaged in intentional tortious acts with the knowledge that the brunt of the injury would be felt in Colorado. *See Dudnikov*, 514 F.3d at 1071. Goode has also included "competent proof of the supporting [jurisdictional] facts," *Pytlik*, 887 F.2d at 1376, by including facts suggesting that Defendant's allegedly tortious actions were – as is required under *Calder* – "expressly aimed" at Colorado, *see Dudnikov*, 514 F.3d at 1071.

Zavodnick has, over and over again, advertised his channel and solicited donations from customers in Colorado by tagging Goode who resides and does business in Colorado (using his name, likeness and trademarks) in his social media and instructing the targeted audience to "like, share and subscribe". Goode has held conferences in Colorado that  Courts have found that placing internet advertisements that were available in the forum was sufficient to lead to an exercise of specific jurisdiction. *See, e.g., Inset Sys., Inc. v. Instruction Set, Inc.*, 937 F. Supp. 161, 164 (D. Conn. 1996) (finding internet advertisements available in the forum was of sufficient repetitive nature of satisfy Connecticut long arm statute as such

advertisements can be accessed over and over again). most courts considered an exchange of money over the internet, or even the solicitation of money over the internet, to confer personal jurisdiction in the forum. *See Heroes, Inc. v. Heroes Found*., 958 F. Supp. 1, 5 (D.D.C. 1996) (observing "defendant's home page explicitly solicits contributions"); *see also Smarter Every Day, LLC v. Nunez*, No. 2:15-CV-01358-RDP, 2017 WL 1247500, at *3–4 (N.D. Ala. Apr. 5, 2017) (noting "[m]any courts have found that a defendant purposefully availed itself in a forum through Internet-based contacts . . . where the defendant's website functioned "as the defendant's storefront in the forum"); Zing Bros., LLC v. Bevstar, LLC, No. 2:11–cv–00337 DN, 2011 WL 4901321, *3 (D. Utah Oct. 14, 2011); Wound Care Educ. Inst. v. Thomas, No. 7 C 6505, 2008 WL 2446686, at *3 (N.D. Ill. June 17, 2008). These courts found personal jurisdiction even when sales in the forum state are low. *See Young Again Products, Inc. v. Acord*, 307 F. Supp. 2d 713, 717–18 (D. Md. 2004) (testifying 0.02% of sales from Maryland online users still sufficient for personal jurisdiction); *see also Food Sciences Corp. v. Nagler*, No. 9-1798 (JBS), 2010 WL 1186203, at *3–4 (D.N.J. Mar. 22, 2010) (low sales in forum still created personal jurisdiction).

Zavodnick has removed much of the offending content from his YouTube, but not before it was accessed by many viewers (and downloaded by his legal team in

anticipation of litigation). One of the many videos in which Zavodnick directly

targeted Goode

Another of the many videos in which Zavodnick directly targeted Goode and

infringed on his registered ("SBA") trademark was accessed at:

https://www.youtube.com/watch?v=ykDCraGusdM&feature=share . In this video,

Zavodnick remarks at time mark 36:30 "you're this close to Corey and you don't

know my name", insinuating that he has intended—and succeeded—to connect his

name with Mr. Goode's. Mr. Zavodnick solicits "likes", "shares" and

"subscriptions" to enhance his notoriety. He also accepts payments and donations

throughout his YouTube postings and livestreams. This is the type of commercial

activity that courts have found to be sufficient to confer jurisdiction as described

above. This is also the type of commercial activity that courts and content providers

have found to be infringing.[3]

Here, Zavodnick has repeatedly connected himself to Goode by tagging Mr.

Goode and GES' pending trademarks (or marks Zavodnick intends to be confusingly

similar to Goode's claimed marks). He, as explained below, has had consistent and

systematic contacts with Weidner, who resides in Colorado, on his YouTube

---

[3] *See* YouTube policies > Legal policies > Trademark accessed on January 11, 2021 at https://support.google.com/youtube/answer/6154218?hl=en stating "**Trademark infringement is improper or unauthorized use of a trademark in a way that is likely to cause confusion as to the source of that product.** YouTube policies prohibit videos and channels that infringe trademarks. If your content uses someone else's trademarks in a way that might cause confusion, your videos can be blocked. Your channel may also be suspended." (emphasis added)

channel. Nowhere in Zavodnick's various iterations of his Affidavits in support of his multiple motions to dismiss does Zavodnick deny that he solicits and receives contributions and/or donations through YouTube or any other social media platform that accepts payments. It follows that he does indeed target and receive payments from Colorado, based on his targeted, and as explained above, systematic contacts with Colorado through his streaming and recorded broadcasts with residents of Colorado (e.g., Weidner) and through his targeted attacks on Goode through his own YouTube channel and Twitter feed and through his postings on Goode's YouTube channel (especially the videos in which Mr. Goode describes how much he loves living in Colorado, *see* Goode Aff.).

### 1. Zavodnick Purposefully Directs Harmful Comments at Goode and Colorado

Zavodnick has, over and over again, advertised his channel and solicited donations from customers in Colorado by tagging Goode who resides and does business in Colorado (using his name, likeness and trademarks) in his social media and instructing the targeted audience to "like, share and subscribe". Goode has held conferences in Colorado that  Courts have found that placing internet advertisements that were available in the forum was sufficient to lead to an exercise of specific jurisdiction. *See, e.g., Inset Sys., Inc. v. Instruction Set, Inc.*, 937 F. Supp. 161, 164 (D. Conn. 1996) (finding internet advertisements available in the forum was of sufficient repetitive nature of satisfy Connecticut long arm statute as such

advertisements can be accessed over and over again). most courts considered an exchange of money over the internet, or even the solicitation of money over the internet, to confer personal jurisdiction in the forum. *See Heroes, Inc. v. Heroes Found.*, 958 F. Supp. 1, 5 (D.D.C. 1996) (observing "defendant's home page explicitly solicits contributions"); *see also Smarter Every Day, LLC v. Nunez*, No. 2:15-CV-01358-RDP, 2017 WL 1247500, at *3–4 (N.D. Ala. Apr. 5, 2017) (noting "[m]any courts have found that a defendant purposefully availed itself in a forum through Internet-based contacts . . . where the defendant's website functioned "as the defendant's storefront in the forum"); Zing Bros., LLC v. Bevstar, LLC, No. 2:11–cv–00337 DN, 2011 WL 4901321, *3 (D. Utah Oct. 14, 2011); Wound Care Educ. Inst. v. Thomas, No. 7 C 6505, 2008 WL 2446686, at *3 (N.D. Ill. June 17, 2008). These courts found personal jurisdiction even when sales in the forum state are low. *See Young Again Products, Inc. v. Acord*, 307 F. Supp. 2d 713, 717–18 (D. Md. 2004) (testifying 0.02% of sales from Maryland online users still sufficient for personal jurisdiction); *see also Food Sciences Corp. v. Nagler*, No. 9-1798 (JBS), 2010 WL 1186203, at *3–4 (D.N.J. Mar. 22, 2010) (low sales in forum still created personal jurisdiction).

Zavodnick has removed much of the offending content from his YouTube, but not before it was accessed by many viewers (and downloaded by his legal team in

anticipation of litigation). One of the many videos in which Zavodnick directly targeted Goode

Another of the many videos in which Zavodnick directly targeted Goode and infringed on his registered ("SBA") trademark was accessed at: https://www.youtube.com/watch?v=ykDCraGusdM&feature=share . In this video, Zavodnick remarks at time mark 36:30 "you're this close to Corey and you don't know my name", insinuating that he has intended—and succeeded—to connect his name with Mr. Goode's. Mr. Zavodnick solicits "likes", "shares" and "subscriptions" to enhance his notoriety. He also accepts payments and donations throughout his YouTube postings and livestreams. This is the type of commercial activity that courts have found to be sufficient to confer jurisdiction as described above. This is also the type of commercial activity that courts and content providers have found to be infringing.[4]

Here, Zavodnick has repeatedly connected himself to Goode by tagging Mr. Goode and GES' pending trademarks (or marks Zavodnick intends to be confusingly similar to Goode's claimed marks). He, as explained below, has had consistent and systematic contacts with Weidner, who resides in Colorado, on his YouTube

---

[4] *See* YouTube policies > Legal policies > Trademark accessed on January 11, 2021 at https://support.google.com/youtube/answer/6154218?hl=en stating "**Trademark infringement is improper or unauthorized use of a trademark in a way that is likely to cause confusion as to the source of that product**. YouTube policies prohibit videos and channels that infringe trademarks. If your content uses someone else's trademarks in a way that might cause confusion, your videos can be blocked. Your channel may also be suspended." (emphasis added)

channel. Nowhere in Zavodnick's various iterations of his Affidavits in support of his multiple motions to dismiss does Zavodnick deny that he solicits and receives contributions and/or donations through YouTube or any other social media platform that accepts payments. It follows that he does indeed target and receive payments from Colorado, based on his targeted, and as explained above, systematic contacts with Colorado through his streaming and recorded broadcasts with residents of Colorado (e.g., Weidner) and through his targeted attacks on Goode through his own YouTube channel and Twitter feed and through his postings on Goode's YouTube channel (especially the videos in which Mr. Goode describes how much he loves living in Colorado, *see* Goode Aff.).

### 2. The Harm Arises out of Zavodnick's Targeted Attacks at Goode in Colorado

As discussed above the harm felt by Goode is in Colorado, as such personal jurisdiction is proper here.

### 3. Requiring Zavodnick to Litigate in Colorado Based on His Tortious Actions is Fair and Just

It is important to consider that it is Zavodnick that has reached out through what it knows to be a globally accessible technology, and it is Zavodnick who may choose to stop doing so if it does not want to take on the risk of litigation or to customize its

online operations to avoid the target forum.[5] Zavodnick argues that coming to Colorado is a burden, because he would have to travel and retain local counsel, and it would be more convenient for him to be sued in New Jersey.  Medved establishes that jurisdiction exists over Zavodnick.  Zavodnick is one of eight defendants, six are located in Colorado and two are in New Jersey and Washington.  Even if it is inconvenient for Zavodnick to travel to Colorado, it would be more inconvenient for the Plaintiff and the other five Defendants to travel to New Jersey.

The Court will find that even if other factors in the Medved test favor Zavodnick, the Court has personal jurisdiction because Zavodnick choose to avail himself of the rights and responsibilities of the State of Colorado, he choose to go after a resident of Colorado, where his fans and employment were based in Colorado.

## V.     Goode's RICO Claims Are Properly Asserted Against Zavodnick

Zavodnick states the Court does not have "nationwide jurisdiction" under RICO, because facts are not asserted with sufficient particularity to please a case under RICO.  Dkt. No. 43, 9, 11.  Zavodnick skips the claim that he began attacks in at least 2015, and instead focuses on two screen shots in the Amended Complaint, stating they derive from one video and the allegations are not plausible.

---

[5] *See* Niesel, Zoe (2019) "#PersonalJurisdiction: A New Age of Internet Contacts," Indiana Law Journal: Vol. 94 :

Iss. 1 , Article 3 at 142. *See also* at 144, arguing "Instead of a tortured interpretation of purposeful availment, minimum contacts through website activity should be achieved when a defendant utilizes the internet knowing that the information could reach the forum state."

A catalog of the YouTube Playlist created by Zavodnick, under the name C.W. Chanter, dedicated to the harassment of Plaintiff shows that the RICO incidents are not limited to these two instances.  Each of the videos listed below are under the playlist entitled "Corey Goode, Blue Avians and The Sphere Being Alliance"[6]:

| Date | Time | Title |
|------|------|-------|
| 9/18/2015 | 1:05:42 | On Corey Goode |
| 11/6/2015 | 1:19:17 | Secret Space Program Alien Psychic Wars with Corey Goode (Analysis and Review) |
| 4/23/2016 | 1:08:05 | Corey Goode j/&c/ Hank Jones II |
| 1/10/2017 | 1:14:00 | The Message of the Sphere Being Alliance, an analysis |
| 4/20/2017 | 1:40:51 | Solar Warden, SSP |
| 5/19/2017 | 1:30:55 | Everybody Hates Cory Goode / Whatever Happened to Changer |
| 5/21/2017 | 1:01:21 | Formal address of Bill Ryan v. Corey Goode Pt. 1 |
| 5/23/2017 | 1:35:11 | Sphere Being Alliance, The Musical |
| 5/29/2017 | 3:00:22 | Coreygate 2017, another bring in the wall for Special Guest The Ruiner |
| 6/2/2017 | 3:35:00 | Vid response to Dark Journalist |
| 7/12/2017 | 1:03:16 | An Open Letter to the Sphere Being Alliance Community |
| 8/19/2017 | 1:16:41 | David, Corey, Steve & Alice |
| 9/26/2018 | 1:52:32 | Corey Goode v. Alt SSP |
| 10/5/2018 | 59:22 | Response to Jordan |
| 10/12/2018 | 1:25:36 | 4:44 David Wilcock & Corey Goode Evangelicals / Crypto / Kerry Cassidy & Mark Richards |
| 10/16/2018 | 1:59:50 | Calling Out Corey Goode as an Agent Against Disclosure #ssp Sdisclosure #UFSs |
| 10/17/2018 | 1:54:56 | New Inter From the #Blue Avians Regarding the #SSP Corey Goode and David Wilcock |
| 10/18/2018 | 2:25:06 | Corey Goode's Defense Rebutted /  More Interl from the # Blue Avians |

---

[6] Corey Goode is the name of the Plaintiff, and he has trademark applications for the Blue Avians, and a federal registration for the Sphere Being Alliance.

| | | |
|---|---|---|
| 10/20/2018 | 3:04:30 | That's the Story, Mourning Corey? NPCs are everywhere.. |
| 10/21/2018 | 3:53:36 | Back from the Silence of the Corey Cult w Groovie Bean |
| 10/22/2018 | 2:08:41 | Richard Dolan v. Jimmy Church |
| 10/24/2018 | 1:20:35 | Winston Shrout |
| 10/25/2018 | 1:00:10 | More Discussion of the Legal Ramifications of Corey Goode's Trademarks and #NoSSPTM |
| 10/26/2018 | 2:24:06 | Instant Karma Corey Goode's #SSP TM Dropped / Everything's Coming Up Chanter |
| 10/28/2018 | 3:40:16 | Community Round Table On #NoSSPTM #Corey Goode & # Disclosure |
| 10/30/2018 | 1:33:21 | Pre-Halloween Show |
| 10/31/2018 | 1:12:32 | Corey Goode & David Wilcock Evidence Review and TM Dispute with Marvel |
| 11/2/2018 | 1:28:50 | Events Unfolding In Conspiracy Land |
| 11/6/2018 | 2:29:40 | Jordan Sather Supports the Doxxing of Legitimate Healers |
| 11/12/2018 | 2:19:55 | Shane & C.W. |
| 12/11/2018 | 1:19:05 | Tales From the |
| 2/7/2019 | 2:16:16 | Living La Vida |
| 2/9/2019 | 2:52:20 | The SBA / Above Majestic Whistle-blower Comes Forth |
| 2/15/2019 | 18:26 | Don't you Dare |
| 3/20/2019 | 2:13:01 | Corey Goode on Edge of Wonder #3 (Interview Analysis Part 1) |
| 3/21/2019 | 2:01:20 | Corey Goode Facebook Bombshell (Edge of Wonder Interview Analysis Part 2) |
| 5/1/2019 | 55:29 | Corey Goode on Mars, The Moon and Antarctica as remnants of Atlantis part 1 |
| 5/21/2019 | 1:53:56 | Undeniable Proof that Corey Goode is Leading Doxxing Op Episode six |
| 3/17/2020 | 55:28 | More on the Developing #SBA #Mendoza Situation Rene Armenta Quits Jay W Responds |
| 2/26/2020 | 3:01:18 | David Wilcock and Corey Goode Meet Jenny McCarthy Part 1 |
| 2/28/2020 | 1:03:54 | David Wilcock and Corey Goode Meet Jenny McCarthy Part 2 |
| 3/16/2020 | 1:07:45 | Dear James, Love Laura.  A tale of drama and potential litigation |

| 2/5/2020 | 1:28:27 | Discussing and Correcting Recent Reporting on Corey Goode and the #SBA |
| 5/11/2020 | 3:02:00 | C.W. Chanter Comments on Forthcoming VICE Article About Corey Goode and David Wilcock |

The RICO claims establish nationwide jurisdiction as a basis of jurisdiction over Zavodnick, and the extensive list of harassing videos from 2015 to 2020 shows a continued pattern of harassment. The association in fact is the group of individuals that are engaging in the acts described in the complaint—that mirror the herein complained—and are intended to deprive Plaintiff of its property, namely its financial gain. The abovementioned is being incorporated into an amended complaint that will be filed this week, and as such, even if this Court finds merit in Defendant's 12(b)(6) argument with regard to RICO Plaintiff respectfully requests this Court abstain from considering this argument until the Second Amended Complaint is filed.

## VI.     In the alternative, Jurisdictional Discovery Should be Taken

In the Tenth Circuit, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009) (quoting *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). Whether to allow jurisdictional discovery is within "the broad discretion" of the trial court. *Id*. The court abuses its discretion if the denial of limited

discovery results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted...or where a more satisfactory showing of the facts is necessary.'" *Sizova*, 282 F.3d at 1326 (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). "To obtain jurisdictional discovery, a plaintiff must 'present a sufficient factual predicate for the establishment of personal jurisdiction.'" *Gordon Howard Assocs. v. Lunareye, Inc.*, No. 13–cv– 01829–CMA–MJW, 2013 WL 5637678, at *4 (D. Colo. October 15, 2013) (citing *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at *4 (D. Colo. 2006)). Should this Court find merit in Defendant's arguments, Plaintiff respectfully requests jurisdictional discovery be taken.

## VII.   Conclusion

Zavodnick directed his harassing videos at the State of Colorado where the Plaintiff resides, whose main fan base is located in Colorado, and his prior television show was based in Colorado.  Zavodnick's videos include over 80 hours of YouTube content on a list carved out and directed at the Plaintiff.  The Plaintiff deserves the opportunity to explore evidence further in discovery, and to present evidence to a jury at trial.   The Court should deny Zavodnick's motion to dismiss and for attorney's fees.

Respectfully submitted this 11th day of January 2021.

> *s/ Valerie A. Yanaros*
> Valerie Yanaros, Esq.
> State Bar No. 24075628
> Yanaros Law, P.C.
> 15851 Dallas Parkway, Suite 600
> Addison, Texas 75001
> Tel.: (512) 826-7553
>
> **ATTORNEY FOR PLAINTIFF**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

> By:   s/ Valerie Yanaros
> Valerie Yanaros