EXHIBIT A MOTION TO DISMISS

| DISTRICT COURT, MESA COUNTY, COLORADO<br>Court Address:<br>Mesa County Justice Center, 125 North Spruce Street, Grand Junction, CO, 81501<br><br>Plaintiff(s) ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>Defendant(s) JAMES COREY GOODE | DATE FILED: January 29, 2020<br><br>⚠ COURT USE ONLY ⚠<br><br>Case Number: 2018CV50<br>Division: 10    Courtroom: |
|---|---|

### Order: Renewed Motion to Dismiss for Failure to State a Complaint

The motion/proposed order attached hereto: GRANTED.

This matter comes before the court on Defendants Renewed Motion to Dismiss that was filed pursuant to C.R.C.P. 12(b)(5). After reviewing the motion and response, as well as relevant portions of the rest of the case file and other relevant legal authority, the court enters this order.

In ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). The court may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice. *Id.* If the court considers matters outside the pleadings, it must convert the motion to one for summary judgment and give all parties a chance to submit relevant evidence. C.R.C.P. 12(b).

Here, applying the standards articulated above, and for the reasons that were articulated by Defendant in his motion, I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcasted any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast.

In any tort action in which claims are dismissed before trial pursuant to C.R.C.P. 12(b), the defendant is entitled to an award of reasonable attorney fees. C.R.S. § 13-17-201. Similarly, Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that lacks substantial justification. C.R.S. § 13-17-102(4). According to the statute, an action lacks substantial justification if it is substantially frivolous. *Id.* A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). An award of attorney fees is an important sanction against an attorney or party who improperly instigates or prolongs litigation. *In re Marriage of Aldrich*, 945 P.2d 1370, 1378 (Colo. 1997). The attorney fee statute is designed to prevent burdensome litigation that interferes with the effective administration of justice. C.R.S. § 13-17-101. However, the statute is not designed to discourage counsel from zealously representing a client but rather to balance that duty against the important policy of discouraging unnecessary litigation. *W. United Realty, Inc.*, supra.

Here, the Court finds that Defendant is entitled to an award of attorney's fees given that his renewed motion to dismiss was granted. Furthermore, I find that Plaintiff's claim is substantially frivolous.

For these reasons, Defendant's motion is granted and the case is ordered dismissed. Defendant shall, however, have 14 days to file an affidavit in support of his request for attorney's fees, Plaintiff shall have 21 days to respond after the affidavit is filed, and Defendant shall then have 7 days to file a reply to Plaintiff's response.

Issue Date: 1/29/2020

*[signature]*

BRIAN JAMES FLYNN
District Court Judge