IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cv-02060-RM-GPG

Alyssa-Christie Montalbano,

    Plaintiff,

v.

James Corey Goode,

    Defendant.

---

### RECOMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

---

This matter comes before the Court on a motion to dismiss filed by Defendant (ECF # 15),[1] Plaintiff's *pro se*[2] response (titled reply) (ECF# 16) and Defendant's reply (ECF #17). The motion has been referred to this Magistrate Judge for recommendation (ECF #25).[3] The Court has reviewed the pending motion, response, reply and all attachments. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(ECF #15)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] The Court construes Plaintiff's pleadings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Oral argument has not been requested and the Court finds that it is not necessary in this circumstance. This Magistrate Judge respectfully recommends that the motion be GRANTED.

This matter, which was removed from state court, was instigated by the filing of Plaintiff's "notice of default in dishonor" (ECF #26, pp. 6-7) and a letter to "Corey" dated June 4, 2018 (ECF #26, pp. 3-5). Additionally, other documents have been filed in this action which appear to be in the nature of a complaint. *See* amendment/supplement notice of removal (ECF #12). As noted above, this matter comes before the Court after being removed from the state court, to wit, Mesa County. The manner of removal was haphazard at best and it is not entirely clear to the Court what the Plaintiff intended to construe as her initial complaint. As Plaintiff proceeds *pro se*, and as I must liberally construe the pleading consistent with *Haines* and *Hall*, *see* fn. 2, I am casting a wider net in terms of review of the initial pleadings.

Plaintiff's claims

As discerned from the various documents set forth below, which may or may not actually be Plaintiff's complaint, the Court construes that Plaintiff is attempting to proceed on the following supposed causes of action: (1) unauthorized use of intellectual property; (2) theft of copyrighted materials; (3) defamation; (4) slander; (5) libel; (5) fraudulent stalking; and (6) fraud.

2

Notice of Default in Dishonor (ECF #26, pp. 6-7)

This document appears to the Court to be in the nature of a certificate of service. Therein, Plaintiff informs "Respondent," James Corey Goode, of a number of documents he has purportedly be presented with and that he has "one week . . .to accept my offer for remedy revised." *Id*. This document does not state a claim upon which relief can be granted, in no way complies with the pleading requirements of Rule 8, and bears no further discussion.

Letter to Corey dated June 4, 2018 (ECF #26, pp. 3-6)

This letter makes no claim for relief and bears no further discussion.

Amendment/Supplement Notice of Removal (ECF #12)

a. Motion to Order, cease and desist unauthorized use of intellectual property, dream visions, copyrighted materials and defamation of character (ECF #12-1):

Plaintiff claims that Mr. Goode "has been using [Plaintiff's] intellectual property, dream visions, and copyrighted materials to his benefit." *Id*. at p. 2, para. (a).

Plaintiff claims that Mr. Goode "agrees he and associates plan to continue to use [Plaintiff's] materials to their benefit and [Plaintiff's] detriment." *Id*. at p. 2, para. (b).

Plaintiff claims that Mr. Goode has been libeling, slandering, defaming, and fraudulently stalking Plaintiff. *Id*. at p. 2, para. (c).

Plaintiff claims that Mr. Goode has been "performing military grade tactics" to defraud Plaintiff's "intellectual property, dream visions, and copyrighted materials during 2017 and into 2018" and that there is $70,000.00 in damages. *Id*. at p. 2, para. (d).

b.  Memorandum brief in support of motion to order (ECF #12-1, pp. 18-24):

Plaintiff claims that she emailed materials to Mr. Goode for use in the show "Cosmic Disclosure" on "GAIA INC" and that Plaintiff was defrauded in that Mr. Goode used Plaintiff's materials for "profiteering and public acclaim." (ECF #12-1, pp. 18-24, para. 21, *passim*).

Plaintiff provides specific examples of the intellectual property she believes was misappropriated at pages 41-48 (ECF #12-1). These include what Plaintiff terms as "intellectual property" (ECF #12-1, p 41) and which Plaintiff states she herself emailed to Defendant at various times.

Standard of Review

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *See Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, which, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Although allegations of fact are accepted as true, legal conclusions are not. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678–79 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Accordingly, the Court disregards conclusory statements and looks only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1190-91.

Where the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted) ("The nature and specificity of the allegations required to state a plausible claim will vary based on context . . . [and] requires the reviewing court to draw on its judicial experience and common sense." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011)).

> "The mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

As was noted in *Robbins*, "context matters." *Robbins*, 519 F.3d at 1248 (citation removed). "A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a

5

particular highway on a specified date and time." *Id*. "[I]t is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . ." *Id*. at 1250 (emphasis in original) (continuing on to determine that collective allegations against defendants as a whole makes it impossible to ascertain what any specific defendant may have done).

Rule 8

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." "At some point the factual detail in a complaint may be so *sketchy* that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.,* 499 F.3d 663, 667 (7th Cir. 2007) (emphasis mine). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Copyright Infringement

Plaintiff claims, without providing any information as to the copyright at issue, that her copyright was infringed. To prevail on a claim of copyright infringement, a Plaintiff must prove: (1) the work is the subject of a valid copyright; (2) the plaintiff owns the copyright; (3) the defendant copied the protected expression in plaintiff's copyrighted work. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).

Plaintiff has in no way proven that any work is the subject of a valid copyright, an essential element to proving copyright infringement. In the absence of even minimal proof of a copyright, Plaintiff has no met the pleading standards to move forward on this claim.

Plaintiff has not met the pleading standards required under Rule 8. Plaintiff's various attempt at a complaint, which defy the Court to even determine which pleading is intended as the operative complaint, do not contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; nor (3) a demand for the relief sought. Further, with regard to Rule 12, Plaintiff has failed to state a claim to relief that is plausible on its face. With all due respect to Plaintiff's beliefs, as presented to the Court, they do not support the causes of action to even the minimal standards set forth under Rules 8 and 12.

Plaintiff asserts the violation of a legal interest that clearly does not exist or facts that do not support an arguable claim for relief.  The complaint(s) lack coherent factual allegations or claims.  They describe what seems a delusional scenario of use of supposed dreams emailed to another party.  The nonsensical allegations do not support an arguable claim for relief, and a more specific pleading would not cure the failure of the purported claims nor place them in a position to clear the hurdles of Rule 8 or 12.  The complaint fails to provide a short and plain statement of Plaintiff's claims showing that she is entitled to relief.  It is disjointed and confusing.

The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.  Here, despite the Court's prior advisement, Plaintiff has failed to plead a short and plain statement of his claims showing that she is entitled to relief.

For the foregoing reasons, I respectfully RECOMMEND that the motion to dismiss be GRANTED.

With regard to the pleadings filed by Defendant, through Counsel, the Court would note that Counsel's rhetorical flourishes, e.g., "Its Complaint fails for not many reasons, but for *all* reasons . . .real or imaginable, in state court or federal, in this dimension or the next" (ECF #15, p. 1) (sic) (emphasis original), are unnecessary and detract from a reasoned and cogent argument.

Dated at Grand Junction, Colorado this October 19, 2018.

_____
Gordon P. Gallagher
United States Magistrate Judge