# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN        ZAVODNICK,        ALYSSA
MONTALBANO,   JIRKA   RYSAVY,   BRAD
WARKINS, and  KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And  Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE   WILCOCK   SPIRITUAL   HEALING   AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry,
Christina Gomez

Third-Party Defendants.

---

## COUNTER-PLAINTIFF ALYSSA MONTALBANO RESPONSE TO COUNTER-DEFENDANT MOTION TO DISMISS

---

COMES NOW, Alyssa Chrystie Montalbano, Counter-Plaintiff, in Response to "Plaintiff James Corey Goode and Goode Enterprise Solutions, Inc.'s (GES) Motion to Dismiss Under Fed. R. Civ.P 12(b)(6)" filed January 12, 2021 at Docket 131 and moves the Court to Deny the MTD in its entirety and states as follows:

Counter-Defendants' counsel, Ms. Wilde, did confer with Montalbano, however little to none of that appears to have altered the MTD, so the points will be reiterated:

I.      **APPLICABLE  STANDARDS  ARGUMENTS** (Dkt. 131, p1-6)

On page two (2) of the MTD, Ms. Wilde states that Montalbano's claims "do not have a basis in law, fact or reality." and "Counterplaintiff has already had the same or similar claims dismissed by Mesa County District Court of Colorado.." and "collateral estoppel" applies. Ordinarily 'collateral estoppel' would apply, but that is only applicable when the matter has been heard and ruled on in accordance with Due Process of Law and not ruled on by an individual

acting under color of office with overt prejudice and bias, filing unlawful orders and judgements in complete opposition to fact, law and evidence, and in direct violation of their Oath of Office to the State and National Constitutions; see Counterclaims, Dkt. 120 at Claim 15 Deprivation of Rights, and in particular ¶¶685-686, where presiding Officer, 'Judge' Flynn, repeatedly denied Montalbano's Constitutional Rights on the Court record. This severe 'error' made Flynn lose jurisdiction in the case and all his 'orders/judgments' are Null and Void, as denial of Constitutional Rights is Not a judicial function.

Ms. Wilde goes on to say the Rooker-Feldman Doctrine says only the United States Supreme Court has appellate authority to review state court's decisions. (Dkt 131, p17, VII.) However, the Supreme Court has also ruled, "when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect." *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)* (Dkt. 120 ¶¶685-690); and "if a court is without authority, its judgments and orders are regarded as nullities. **They are not voidable, but simply void, and form no bar to a recover sought, even prior to a reversal in opposition to them**. They constitute no justification **and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers**." *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).* (emphasis added) (Dkt. 120 ¶688); and accordingly the MTD based on collateral estoppel and the Rooker-Feldman Doctrine is to be denied.

Ms. Wilde then proceeds (for the umpteenth time) to baselessly point to Magistrate Gallagher's 'recommendation for dismissal' (Dkt. 131, p2) from when she improperly removed Montalbano's case 18CV50, August 2018, to the Denver Federal Courts (behind Montalbano's back) and filed a fake complaint. (Dkt. 120, ¶738)  Since this 'recommendation' (Dkt 131-2) is

based on Ms. Wilde's fake complaint filing (Dkt. 26-6), it should be disregarded in its entirety, as it is without merit and should be stricken.

Generally in the MTD, Ms. Wilde cites a lot of case law that is largely irrelevant to the actual counterclaims and she makes up irrelevant statements as if Montalbano said them, then she argues the made up point that ultimately has nothing to do with the actual facts, laws, and evidence in the counterclaims.  In general "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2nd 251 (1976)*; and the Court is to also "draw on its judicial experience and common sense." *Iqbal, 556 U.S. at 679*; and Montalbano hopes this common sense will finally be applied.

The main general issues the Counter-Defendants' counsel argues for Dismissal are:

1) "Dream Visions" are not a legal basis for remedy and essentially Montalbano's Dream Vision claims are "allegations that are fanciful, fantastic, and delusional."
   (Dkt. 131, p 3, Section IV.)

   a. Montalbano's Dream Vision stories may be fanciful, fantastic, and even 'delusional' in their content, however, those descriptors are simply Ms. Wilde's opinion about Montalbano's Intellectual Property, which is in fact a very large literary works collection of writings categorized as "Dream Visions" and the allegations related to remote neural stalking that involve Montalbano's Dream Vision records are a completely separate matter backed by facts, evidence, and law within the scope of the related counterclaims.(Dkt 120, ¶¶157-236, Claim 12) Because Ms. Wilde's argument

is her personal opinion specifically against the content of Montalbano's literary works, accordingly it is to be denied.  (Dkt. 120, Claim 9 Copyrights ¶¶493-504; and Claim 7 Trade Secrets ¶¶439-456)

b. Because the US Copyright Office has legally deemed Montalbano's Dream Vision literary works as tangible and legally protectable Intellectual Property this Court must also use common sense and acknowledge this fact too, and Ms. Wilde's argument that no legal remedy exists for Montalbano's IP literary works is without merit and accordingly it is to be denied. (Dkt. 121-25 Copyrights)

2) That "Dream Visions" and Defamation have already been ruled on by 'Judge' Flynn in the Mesa Court case 18CV50. (Dkt. 131, p 4-5, section V.)

a. Because Flynn denied Constitutional Rights on the Mesa Court record and did not follow Due Process of Law and he refused to acknowledge that Intellectual Property is in fact a legally protectable and tangible interest, even after he saw Montalbano holds federal copyrights (Dkt 120, ¶447; Dkt 121-25); the argument that Flynn already lawfully ruled on "Dream Visions" is to be denied. (Id. at Count 9 Copyrights,  ¶¶495-504)

b. Regarding defamation, Flynn regularly denied Montalbano her Constitutionally secured Right to have a Trial by Jury (Dkt 120, ¶717) for the matter of libel (Id Claim 10 defamation) specifically provided for in the Colorado Constitution, Bill of Rights, Section 10 (sic) "Freedom of Speech and press . . . and in all suits and prosecutions for libel the truth thereof may be given in evidence, **and the jury,** under

the direction of the court, **shall determine the law and the fact.**" (Id. ¶¶692-706) Flynn was Not granted the powers to issue any orders or judgments regarding defamation, and accordingly counter-defendants' argument that defamation has already been lawfully ruled on in case 18CV50, is to be denied. (Id. ¶687, ¶719, see *McLean v. Jephson, 123 N.Y. 142, 25 N.E. 409.;* US Constitution, Fourteenth Amendment, Sections 3 and 4; and Colorado Constitution Article XII, Sections 8 and 10, Vacating Office)

3)  That Montalbano only makes conclusory allegations of harm and not specific allegations of harm as required for the claims. (Dkt. 131, p 5-6, section VI.)

    a.  Regarding specific harm, each of Montalbano's counterclaims cites what Montalbano wants as remedy. Some involve declaratory or preventive Injunctive Relief (Dkt. 120, ¶487, ¶¶546-547, ¶583-584; ¶¶635-636; ¶651; ¶775; ¶790) and others the monetary damages have to be fully determined through investigating the full scope of dissemination of Montalbano's IP by Goode, GES, and The Enterprise, along with determining monetary values for non-monetary damages such as enduring years of ongoing emotional distress, malicious theft, and harassment.

    b.  Some known specific monetary damages include: the unrebutted Pre-Litigation Affidavit Complaint (PLAC) claim of approximately $70,000 (Dkt. 120, ¶510), plus royalties and other presumptively agreed upon fees (Dkt. 121-18); The fraudulent extortion Judgment filed by Flynn, dated August 5, 2020, 'ordering' Montalbano to pay $116,600 to Goode's counsels completely devoid of Due

Process of Law (Dkt 120, ¶595 H.); damages incurred from paying to travel and attend Goode and The Enterprise's public events while believing in their public frauds (Id ¶¶124-126); damages from donating to Goode and his associates based on their fraudulent stories (Id. ¶132); and damages involved in defending against multiple malicious cases brought in bad faith. (¶¶255-288; Claims 16, 17, 18)

## II.   CLAIM ARGUMENTS

### A.  CLAIM 1 – RICO

1. Ms. Wilde argues that Counter-Plaintiff's RICO claims are all criminal in nature and may not be brought by a private individual in a civil case and that Montalbano is claiming 'criminal': mail fraud, wire fraud, human trafficking, theft of trade secrets, espionage, and money laundering. (Dkt. 131, p 4, section V.)

   a. Montalbano specifically brought the RICO claims on Civil grounds for Civil remedy, as provided for in the RICO statute. RICO Statute 18 USC §1961 lists specific "racketeering activities" and they include the following compulsory counter-RICO-claims: 1 RICO, 4 mail fraud,  5 wire fraud, 6 human trafficking, 7 Theft of Trade Secrets, 8 Economic Espionage, 11 money laundering, 16 abuse of process, and 18 extortion; and accordingly the MTD Montalbano's counter-RICO-claims based on alleged 'criminal' RICO claims being plead is to be denied. (Dkt. 120, Jurisdiction and Venue, ¶22)

   b. If Ms. Wilde's argument were somehow valid that Montalbano cannot bring her RICO claims because they are 'criminal' and only the 'state' may bring them,

then she has also just wiped out her own clients' RICO claims as the laws must

equally apply; and accordingly Ms. Wilde's bad faith argument is to be denied.

2. That Montalbano's RICO claim does not show enough requisite facts that form the

four required elements of 1) Conduct 2) of an enterprise 3) through a pattern 4) of

racketeering; and that Montalbano failed to meet the heightened standard of

FRCP 9(b). (Dkt. 131, p 6-7, section VI., a.)

a. The general allegations and all 22 claims in the Counterclaims fully show and

support with specificity with supporting facts of who did what, when, and how

(The Enterprise) working together with Goode and GES to cause ongoing harm to

Montalbano for years along with counter-defendants damaging the general public

with their knowingly fraudulent business practices. Montalbano has more than

fulfilled the requirements, and accordingly the bad faith argument is to be denied.

B. **CLAIM 2 Fraudulent Misrepresentations and**

**CLAIM 3 Violation of the Colorado Consumer Protection Act**

1. Ms. Wilde claims that Montalbano did not show any damages from reliance on fraudulent

misrepresentations to include Goode calling Montalbano a stalker (a criminal) and "Dark

Alliance" (criminal) to multiple third parties and that Counter-Plaintiff did not show

Counter-Defendants, Goode and GES, violated the Colorado Consumer Protection Act.

(Dkt. 131, p 7-10, section VI., b.)

a. Here, (Id. at p8, i.) Wilde makes a knowingly baseless argument that Montalbano

relied on Goode's public claim that she was Dark Alliance and a stalker and was

damaged by Montalbano believing Goode's statements that she is these things, this was never argued by Montalbano at any time; and is a bad faith argument with no basis in reality; and accordingly it is to be denied.

b.  Montalbano argued C.R.S. 6-1-105(1)(h) for the unfair business practice of  Goode and GES disparaging the goods and services of Montalbano. (Dkt 120, ¶365)

c.  Defamation per se does not require damages be shown. (claim 10)

d.  Montalbano showed what the original false statements were that she originally relied upon as true and that she was injured in fact by Goode and GES during the regular course of their business and by their fraudulent business practices that resulted in the loss of thousands of pages of legally protectable Intellectual Property, monetary damages (Id ¶¶58-132; and Claims 7 Trade Secrets and 9 Copyrights) and subsequent loss of Montalbano's impeccable reputation due to Goode's ongoing fraudulent disparagement of Montalbano as a criminal to thousands of third parties. (Id. Counts 2, 3, 7, 9, 10; and Dkt 121-21 defamation)

e.  The counterclaim defamation exhibit (Dkt 121-21) when viewed in conjunction with Goode's three (3) retaliatory and rejected or dismissed criminal stalking case efforts against Montalbano (Dkt 131-3, 131-4; and Dkt 120, ¶257, ¶¶271-274, ¶282-285; and Claims 16, 17, and 18), show Goode directly and knowingly fraudulently calling Montalbano a criminal stalker (2018-current) to multiple third parties when he clearly knew this to be false (defamation per se). (Dkt 120, Claims: 2 Fraudulent Misrepresentations, 3 Violation CCPA).

f.  A Violation of The Colorado Consumer Protection Act permits a civil claim to be brought and enforced by an individual. (Dkt 120, Claim 3; C.R.S. 6-1-113(1)(a))

g.  Predominantly to fulfill the requirement of violating the CCPA it must be shown there is a significant impact on the general public and that Montalbano is a consumer of the fraudulent products. Montalbano has shown she has 'consumed' Goode and GES products (Dkt 120, ¶45 c; and ¶¶124-126) and that she has been personally damaged by these frauds (Id Claims 7, 9, and 10) and has shown Goode and GES's ongoing frauds and schemes have a significant negative impact on the general public, extending into the millions (Id ¶42, ¶¶111-132; Claim 2 Fraud), whereby counter-defendants notably create derivative works from Montalbano's original IP and make 'fake news' that they fraudulently present as legitimate 'news' (Id ¶519-545) then they collect thousands of dollars in illicit donations or product sales. Goode also profiteers by publicly defaming Montalbano as a criminal stalker and Goode opened the Light Warrior Legal Fund LLC whereby the donations solicited are based around disparagement of Montalbano being a criminal stalker and Dark Alliance. (Id ¶554-573) Goode then defrauds the general public of their hard earned money to illicitly fund his ongoing harassment and extortion of Montalbano via multiple malicious and vexatious lawsuits. (Id ¶4, ¶32, ¶62, ¶¶355-360, ¶595 D; ¶600, ¶744 H; and Dkt 121-2, 121-5, 121-7, 121-21)

C.  **CLAIM 4 Fraud and Swindles by Mail**
    **CLAIM 5 Fraud and Swindles by Wire**
    1. See Section II, A, above, (RICO civil claims)

## D. CLAIM 6 Enticement Into Slavery and Human Trafficking

1. Counter-defendants claim the Court should strike the 'Human Trafficking' claim because it is 'offensive' and 'scandalous'. (Dkt 131, p18-19, VIII)

   a. Montalbano's claim is supported by relevant facts that involve Goode (Dkt 120, ¶¶29-31, ¶¶58-91, ¶175, ¶214, ¶616, Claim 12), his associates, MiLab, CIA MKULTRA programs, related A.I. technologies, individuals, and people groups associated with or involved in human trafficking activities, and the request to strike should be denied.

## E. CLAIM 7 TRADE SECRETS
## CLAIM 8 ESPIONAGE

1. That Montalbano may not bring a Trade Secret claim and if Montalbano can bring a civil claim regarding her Trade Secrets, it is barred by estoppel.

   a. The Trade Secret claim may not be barred by collateral estoppel, as 'Judge' Flynn, did not follow due process of law. (Dkt. 120, ¶¶684-690; and refer to Section I above)

   b. Montalbano may bring a private civil Trade Secret claim pursuant the Defend Trade Secret Act and RICO (18 USC §1836(b)(1); Dkt. 120, Jurisdiction and Venue, ¶24) and accordingly the counter-defendants' baseless argument is to be denied.

## F. CLAIM 9 Copyrights

1. Ms. Wilde claims that Montalbano's literary works are an idea, procedure, method, system, and etc, not protectable by copyright laws. (Dkt. 131, p 10, section VI., c.)

a. Montalbano did not argued an intangible 'idea'.  Montalbano has always argued to protect thousands of pages of Intellectual Property protected by Copyright laws. (Dkt 120, ¶493-504)

b. Goode and Montalbano have a contract pursuant the PLAC mailings, acquiescence, Federal Rules of Evidence and Presumptions. Counter-Defendants acquiesced to all the allegations, terms, and conditions stated in the PLAC mailings first dated April 18, 2018 through their willful failure to rebut or respond when they had a legal and moral duty to speak; see *U.S. v. Tweel, 550 F. 2d. 297.* "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." and accordingly the Counter-Defendants' argument that Montalbano's Intellectual Property is not in fact Copyrighted materials or legally protectable is to be denied. (Id ¶241-254; Claim 9 Copyrights ¶506-516; and Dkt 121-25 Copyrights)

c. Any 'procedure', 'method', or similar matters described by Montalbano in the IP, whether tangible or intangible, are protectable via Montalbano's Trade Secret claim; and Ms. Wilde's bad faith argument is to be denied. (18 USC §1839 (3); Claim 7)

## G.  CLAIM 10 Defamation

See Section I, number 2 above.

## H.  CLAIM 11 Money Laundering

See Section II, A, above, (RICO civil claims)

I. **CLAIMS 12 Harassment Remote Neural Stalking and**

**CLAIM 13 Harassment "Kiana Arellano Law"**

1. The counter-defendants claim that the harassment claims are criminal and that Montalbano may not bring them, yet provide no legitimate facts in support of that argument, and basically state Montalbano's harassment claims are frivolous, fanciful, and delusional. (Dkt 131, p3-4, Sections IV and V)

   a. With particular respect to the unusual dream stalking and remote neural interfacing frequency harassment claim (Dkt 120, Claim 12) Montalbano's Counterclaim shows with specificity the grounds for the allegations, by citing the valid CIA and MKULTRA records (Id. ¶¶157-191), neuroscience (Id. ¶¶192-193), valid patents (Id. ¶¶194-209), Goode's neural health and MKULTRA mind control program claims and remote viewing/dream neural interfacing claims (Id. ¶¶29-31, ¶211; and Dkt. 121-3), Military programs (Id ¶221, ¶225-227 SSP), and related Artificial Intelligence technologies (Id. ¶210, ¶217) that utilize public broadcast systems, frequencies, radios, televisions, computers, and related everyday electronics. All cognizable technology, programs, and science associated with Goode that intentionally interface via the dream states, and accordingly the counter-defendants MTD the neural-harassment claim is to be denied. (Dkt. 120, ¶¶157-236, Claim 12)

   b. The regular harassment claim, involving cyberbullying, is clearly not fanciful and notably ties in with the Defamation claim (claim 10), and accordingly the MTD the regular harassment counterclaim (claim 13) is to be denied.

**J.** **CLAIM 14 CIVIL CONSPIRACY**
   **CLAIM 15 CIVIL ACT FOR DEPRIVATION OF RIGHTS**
   **CLAIM 16 ABUSE OF PROCESS**
   **CLAIM 17 MALICIOUS PROSECUTION**
   **CLAIM 18 EXTORTION**

1. The counter-defendants state there are no facts showing injury to Montalbano's Constitutionally protected interests, such as due process of law, free speech, or that show a conspiracy to deprive Montalbano of her Rights. (Dkt 131, p12-14, Section VI. d.- e.)

   a. Goode notably worked with state officers/public servants, such as Wilde and Flynn, and lied on multiple Court records to violate Montalbano's Constitutional Right to Due Process of Law. (Dkt 120, Claim 15, ¶682-683; Claims 16, 17 and 18; Colorado Constitution, Bill of Rights, Section 25)

   b. Goode and GES have violated Montalbano's Constitutionally protected Right to protect her (intellectual) property from being taken for public or private use without just compensation. (Dkt 120, ¶¶654-656; Claims: 7 Trade Secrets; and 9 Copyrights; Colorado Constitution, Bill of Rights, Sections 14 and 15)

   c. Goode has violated Montalbano's right to the pursuit of happiness as he has nonstop harassed and disparaged Montalbano. (Dkt 120, Claims 2, 3, 10, 12, 13, 14, 16, 17, 18, 19; Colorado Constitution, Bill of Rights, Sections 3)

   d. Montalbano may bring these claims as an individual for civil remedy under 42 USC §1983 Civil Action For Deprivation of Rights (Id ¶21).

e.  Montalbano may also bring the abuse of process Claim 16 and related malicious prosecution, claim 17, under RICO statute 18 USC 1589(a)(3), (c), and RICO extortion for civil remedy under 18 USC §1964(c) (Id ¶22) and accordingly the counter-defendants' MTD claims 14-18 are to be denied.

2.  Ms. Wilde claims that no abuse of process occurred, then cites case law that supports her argument of she and Goode opening non-justified cases with ulterior motives as having been ruled on as being 'ok' by some Courts.  She also cites a key case law (sic) "An improper use of the legal process occurs when a particular procedural tool is used in an attempt to accomplish a result which that tool, when properly used, could not provide." *Gustafson v. Am. Family Mut. Ins. Co,. 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012)*

(Dkt. 131, p 13-14, section VI. e.)

a.  Goode and Wilde could not accomplish their goal of getting a lawful TRO against Montalbano, June 2018 (Dkt. 120, ¶257), so they lied on the Broomfield Court record, July 2018 (Dkt, 131-3; Dkt. 120, ¶¶271-274) to unlawfully obtain one, this clearly shows they could not lawfully obtain the TRO by properly using the Court system (a tool) and thereby they performed a clear abuse of process, and accordingly the MTD the abuse of process and malicious prosecution claims allegedly for no abuse occurring is to be denied.

## K.  CLAIM 19 INTENTIONAL INTRUSION ON PRIVACY RIGHTS

1. Counter-Defendants claim they did not violate Montalbano's privacy rights by disseminating Montalbano's Dream Visions or that no privacy was expected and there is no cognizable theory for relief. (Dkt. 131, p14-15, Section VI. f.)

   a. Privacy was presumptively agreed upon and expected pursuant Goode and GES's silent acquiescence to Montalbano's PLAC contracts **(See attached Exhibit 1** Section I of the PLAC (Mesa County CLERK AND RECORDER Reception #2843230); **and attached Exhibit 2** USPS Certified Mail Return Receipt Requested; Dkt 121-18, p1-3, p8-9, p12-14). Goode knowingly violated the privacy agreement by publicly disclosing Montalbano's private marriage dream to thousands of third parties that held Montalbano in contempt as someone sexually amoral (defamation per se). (Dkt. 120, ¶¶565-568, ¶571; Claim 10)

   b. Cognizable relief is specified in the preventive injunctive relief request to (sic) "restrain Goode . . . from further releasing Montalbano private information publicly."

   c. Because Goode and GES are contracted to retain Montalbano's privacy and they have continued to unlawfully release Montalbano's private dream information publicly and clearly will not stop without a Court order, accordingly the counter-defendants' MTD claim 19 is to be denied.

### L. **CLAIM 20 IIED and 21 UIED**

1. That no outrageous conduct occurred and Montalbano was not in distress because bodily harm was not being threatened (Dkt. 131, p 15-16, section VI., g.)

    a. Enduring five (5) unethical extortion case efforts/filings by Goode and Wilde is outrageous conduct and more than any ordinary person should ever have to endure. (Claims 16, 17, and 18)

    b. Enduring defamation per se of being called a criminal stalker since early 2018 to current by Goode and his associates to thousands of third parties, after Goode repeatedly lost his criminal stalking cases even with perjury, is outrageous conduct that is beyond the confines of what any ordinary person should endure. (Claims 2, 3, and 10)

    c. Enduring defamation per se of Goode fraudulently telling multiple third parties Montalbano is sexually amoral by he and his associates repeatedly publicly disclosing the Marriage Dream holding Montalbano in public contempt is outrageous conduct. (Dkt 121-21)

    **d.** Montalbano has endured severe emotional distress, which resulted in speaking with multiple police departments on multiple occasions (Dkt 120, ¶¶298-301) trying to get anyone to do Judge Flynn's job since June 2018 to enforce the law (and still trying) in order to make all the ongoing harassment (Claims 12 and 13), organized stalking, malicious theft of IP (Claims 7-9), malicious cases (Claims 16-18), and defamation to stop (Claim 10), and accordingly Ms. Wilde's bad faith argument is to be denied.

### M. CLAIM 22  UNJUST ENRICHMENT

1. That no alleged benefits were obtained by the Counter-Defendants, Goode and GES, to Montalbano's detriment. (Dkt. 131, p16-17, section VI, h.)

    a. Counter-Defendants have benefited by receiving through their illicit donation schemes, for free, approximately 500 original Intellectual Property stories and vast amounts of Trade Secret IP belonging to Montalbano and they have used these materials unrestrained for years as derivative works in both print and broadcast mediums to include receiving payment for broadcasting the materials on programs like Cosmic Disclosure. (Dkt 120, ¶528)

    b. Goode is contractually obligated to pay Montalbano for these uses since 2017 pursuant his silent acquiescence to the PLAC agreements and the Court's rules of presumptions and prima facie authentic evidence (FRE 301; FRE 902 (4), (8), (10)); Dkt. 120, ¶507-514; Dkt. 121-18), and accordingly the MTD the Unjust Enrichment claim is to be denied. (Dkt. 120, ¶¶124-132; Claims: 2, 3, 7, 9, 10, and 11)

### III.    CONCLUSION

Wherefore, for all the facts, laws, and reasons stated herein and as seen in the Counterclaims in fuller detail, as filed December 22, 2020, The Counter-Defendants' Motion To Dismiss filed January 12, 2021 is to be Denied and the counterclaims moved into discovery and Goode and GES be Ordered to Answer, and Ms. Wilde should be sanctioned for writing a MTD in bad faith.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Counter Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 24th day of January 2021 a copy of the foregoing Response was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Counter-Defendants' counsel, and upon appeared Cross-Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen