IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually,
and GOODE ENTERPRISE SOLUTIONS,
INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS AND KIERSTEN MEDVEDICH

Defendants.

**BENJAMIN ZAVODNICK'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(2)**

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LASZLOLAW, and for his Reply in Support of his Motion to Dismiss Plaintiffs' Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(2), he states as follows:

1. When an evidentiary hearing has not been held, a "plaintiff must only make a prima facie showing of personal jurisdiction." *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). In that regard, all allegations in a complaint uncontradicted by a defendant's affidavits are accepted as true, and all factual disputes are resolved in the plaintiff's favor. The burden of proving jurisdiction is on the plaintiff. *Id*. In the context of a Fed. R. Civ. P. 12(b)(2)

1

motion, affidavits may be considered. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998); *Gann v. Katmai Gov't Servs., LLC*, No. 20-CV-01615-RM-MEH, 2020 WL 7389116, at *1 (D. Colo. Nov. 30, 2020), *report and recommendation adopted*, No. 20-CV-01615-RM-MEH, 2020 WL 7384837 (D. Colo. Dec. 16, 2020).

2. Plaintiffs have not made a prima facie showing of personal jurisdiction over Mr. Zavodnick. In support of their Response, Plaintiffs offer only the Declaration[1] of Mr. Goode. "Affidavits submitted in support of or in opposition to the motion to dismiss for lack of jurisdiction must comply with the requirements of Rule 56(e)." *Consumer Crusade, Inc. v. JD&T Enterprises, Inc.*, 05-cv-00211-EWN-MJW, 2005 WL 8178491, at *3 (D. Colo. Oct. 17, 2005). Part of the requirements of Fed. R. Civ. P. 56(e) is "personal knowledge." *Id*; *see Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) ("Under the personal knowledge standard, an affidavit is inadmissible if "'the witness could not have actually perceived or observed that which he testifies to.'" "When the affidavit is not based on personal knowledge, the Court may disregard the assertions made." *Gann*, No. 20-CV-01615-RM-MEH, 2020 WL 7389116, at *5, *citing Consumer Crusade, Inc.*, 2005 WL 8178491, at *4 (declining "to accept ... affidavit consisting of hearsay statements on important facts relating to personal jurisdiction.")

3. Plaintiff Goode's Declaration does not meet the personal knowledge standard as Mr. Goode could not have actually perceived or observed the key facts to which he declares. Further, much of Mr. Goode's Declaration contains hearsay to which no exceptions apply.

---

[1] Plaintiffs refer to Mr. Goode's Declaration as an "affidavit," however the document is a Declaration. Response, p. 8.

4. Likewise, Roger Richards' "sworn statement" which is an exhibit to Mr. Goode's Declaration, is not a sworn statement, nor a declaration as it contains none of the required attributes of a declaration under 28 U.S.C.§ 1746. Thus, it is inadmissible hearsay and should not be considered by this Court. *Consumer Crusade, Inc.*, 2005 WL 8178491, at *4; FRE 802; *see also*, FRE Rule 901 (improper unsworn declaration of person without personal knowledge and without affirmative showing of competence.)

5. Even if Mr. Richards' statement was admissible, it supports Mr. Zavodnick's argument as it makes clear that Plaintiff Goode "stated he would never make direct contact with Mr. Zavodnick in anyway[sic]." Doc. 127-1 at p. 10.

6. Throughout the Complaint, Plaintiffs' few allegations against Mr. Zavodnick revolve around Mr. Zavodnick's use of YouTube. Complaint, ¶¶ 100-104. Yet Mr. Zavodnick's mere general use of YouTube as a video sharing platform is not a continuous, systematic, or direct contact with the state of Colorado *or* with Plaintiffs in Colorado. It is well established that "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed." *Shrader v. Biddinger*, 633 F.3d 1235, 1244 (10th Cir. 2011).

7. Plaintiffs attempt to tie Mr. Zavodnick to the acts of the other defendants by alleging, in conclusory and speculative fashion that he is a part of an "Association" designed to infringe on their property and interfere with their business. Plaintiffs' allegations are just the type of allegations *Dudnikov* directs the Court not to consider, as it pointedly limits the facts that must be accepted for purposes of the jurisdictional analysis to those "well-pled (that is, plausible, non-

3

conclusory, and non-speculative) facts alleged in plaintiff['s] complaint.) *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

8. In order for personal jurisdiction based on a conspiracy theory to exist, the plaintiff must offer more than 'bare allegations' that a conspiracy existed, and must allege facts that would support a prima facie showing of a conspiracy. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1069 (10th Cir.2007); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57, (2007) (holding conclusory allegation of conspiracy is insufficient, even when coupled with parallel conduct by defendants.)

9. Plaintiffs argue that Mr. Zavodnick failed to full address the allegations against him in paragraphs 100-104 and 141-181 of the Complaint. Response at p. 9. First, Plaintiffs' argument is false. Second, those paragraphs come nowhere close to establishing personal jurisdiction. Paragraph 100 makes no allegation that Mr. Zavodnick engaged in any behavior directed toward Plaintiffs or directed to Colorado. In his Motion, Mr. Zavodnick directly addressed Paragraphs 101-102. *See*, Motion, p. 8. Paragraphs 103-104 are, at best, allegations against Mr. High not Mr. Zavodnick. Similarly, Plaintiffs' generic, conclusory and non-specific claims in Paragraphs 141-181 come nowhere close to establishing personal jurisdiction over Mr. Zavodnick.

10. Plaintiffs state that they alleged in their Complaint that Mr. Zavodnick engaged in selling counterfeit products. Response, p. 12. Nowhere in the Complaint is there such an allegation nor related claim.

11. While Plaintiffs argue Mr. Zavodnick aimed activity at Colorado, they offer no competent evidence whatsoever to establish that Mr. Zavodnick expressly aimed his actions at

4

Colorado. The "expressly aimed" test focuses on defendants' intentions and seeks to determine the "focal point" of defendants' intentional efforts. *Dudnikov*, 514 F.3d at 1074–75. Mr. Zavodnick has never met Plaintiffs nor had any direct contact with Plaintiffs within or without the state of Colorado; has never sent an email to Plaintiffs, or any private message on any social media platform; has never attempted to call Plaintiffs at their places of business, or place of residence; has never attempted to initiate any type of direct contact with Plaintiffs at any location; and none of the content of the YouTube videos at issue are directed at, or reference Colorado. Mr. Zavodnick's Motion, Exhibit A, ¶¶ 9-16. Indeed, Plaintiffs offer no competent evidence in rebuttal. Therefore, there is simply no plausible allegation to establish that Zavodnick "purposefully" directed any communication or contact within the state of Colorado.

12. Plaintiffs' Complaint does not contain any allegation that Mr. Zavodnick knew the Plaintiffs were in Colorado. Plaintiffs argue in their Response that "Zavodnick knew Goode was domiciled and a resident of Colorado" … and "on information and belief, Zavodnick has, at least since August of 2019, known Goode resides and is domiciled in Colorado, and has directed his tortious actions there." Response, at p. 8. Plaintiffs' support these statements with the unreliable Declaration of Mr. Goode, ¶¶ 11, 13-19. First, Paragraph 11 of Goode's Declaration is based on hearsay and an unauthenticated unsworn statement. *See* FRE 802, 901. Second, if the statement in paragraph 13 of the Goode Declaration were true, why were none of these allegations made in any of Plaintiffs' previous complaints - specifically, Plaintiffs' latest complaint? Third, Paragraph 14 of Goode's Declaration makes no specific statement of fact – facts that surely would be in Goode's possession. Next, paragraphs 16 and 17 are based on hearsay, *i.e.*, an unverified link purportedly to a YouTube video containing statements - none of

which were included as allegations in the Second Amended Complaint. In any event, nothing in the purported video is conduct that is the subject of this lawsuit. Finally, paragraphs 18 and 19 are hearsay (FRE 802) and are not alleged in the Complaint.

13. While Plaintiff Goode states that it is "impossible for Zavodnick to be unaware that [Goode has] been living in Colorado since 2018." Declaration ¶ 7, he offers no explanation as to why this is true. In fact, it is quite possible, and probable that Mr. Zavodnick has no actual knowledge as to where Mr. Goode resides. Indeed Mr. Zavodnick declares as much. At best, Mr. Goode's assessment is premised on the statement that "a colleague of [his] reviewed and transcribed a video that Zavodnick posted to his YouTube Channel on August 2019." Goode Declaration, at ¶ 12. Mr. Goode does not attach the alleged transcript to his Declaration, or provide the name of the "colleague" or the transcriber, nor does he identify the person to whom the referenced statements are attributed. Mr. Goode's Declaration does not comply with the requirements of Rule 56(e). *Consumer Crusade, Inc.*, 2005 WL 8178491, at \*4.

14. Mr. Zavodnick's Declaration is thus unrefuted – he did not know Plaintiffs resided and were domiciled in Colorado. Exhibit A, at ¶¶ 17-18. Thus Mr. Zavodnick could not have known where Plaintiffs would have felt any alleged harm. And, thus, there is no plausible allegation that Mr. Zavodnick knew that the brunt of any injury arising from his conduct would be felt in Colorado. *Id*.

15. As expected, Plaintiffs argued that this Court has "nationwide jurisdiction" over Mr. Zavodnick as set forth under RICO. However, Plaintiffs provide no actual analysis or argument to support their position. Plaintiffs list 44 entries and claim they are a "Catalog of the YouTube Playlist created by Zavodnick" and that the list is being incorporated into yet another

6

"amended complaint that will be filed this week." Response, p. 21-22. To Mr. Zavodnick's knowledge, Plaintiffs did not file another amended complaint. Plaintiff then refers to a "Second Amended Complaint" – perhaps Plaintiffs copied this section from their previous response to Mr. Zavodnick's previous motions to dismiss. In any event, the referenced list was never included in the Second Amended Complaint.

16. Plaintiffs have not set forth facts with sufficient particularity to plead a case under RICO and therefore are not entitled to the benefit of RICO's nationwide jurisdictional provisions. *Indianapolis Hotel Investors, Ltd. V. Aircoa Equity Interests, Inc.,* 733 F. Supp. 1406, 1407 (D. Colo. 1990. As a result, Plaintiffs' RICO claim fails as a matter of law, and any argument made by Plaintiffs relating to "nationwide jurisdiction" as a basis for personal jurisdiction over Mr. Zavodnick also fails.

17. To the extent Plaintiffs sought, or seek leave to file a fourth complaint, it would be futile to allow Plaintiffs such an opportunity. Plaintiffs have filed three defective Complaints that have all failed to assert allegations establishing this Court's personal jurisdiction over Mr. Zavodnick. The jurisdictional defect cannot be cured by further amendment.

18. Plaintiffs' request for jurisdictional discovery should be denied for the principal reason that Plaintiffs offer no indication of what information they would seek to discover, and how it would establish jurisdiction over Mr. Zavodnick. Therefore, the undefined discovery sought by Plaintiffs is unlikely to have a real impact on the resolution of the jurisdictional issue before the Court. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1298–99 (10th Cir.2004) (concluding that, "[g]iven the very low probability that the lack of discovery

affected the outcome" of the case, the district court did not abuse its discretion in denying jurisdictional discovery).

19. Further, in determining whether to allow jurisdictional discovery, the trial court "is vested with broad discretion..." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975). "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.'" *Id*; *see also*, *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1227 (D. Colo. 2009), *as corrected* (Jan. 28, 2010). Here, there is no prejudice to Plaintiffs as pertinent facts bearing on the question of jurisdiction are not reasonably controverted, i.e., Plaintiffs have offered no useful documents or affidavits to establish a factual controversy. Nor is a more satisfactory showing of the facts necessary. Plaintiffs clearly knew what type of information they wanted to present, but simply failed to do so in a credible or reliable manner. The reason for Plaintiffs' failure is obvious: there is no information helpful to their claim of jurisdiction. All of Plaintiffs' relevant arguments are supported by a declaration based almost entirely on speculation and hearsay (and layers thereof.)

20. Further, to obtain jurisdictional discovery, a plaintiff must "present a sufficient factual predicate for the establishment of personal jurisdiction." *St. Paul Travelers Cas. & Sur. Co. of America v. Guaranty Bank & Trust Co.*, 2006 WL 1897173, at *4 (D.Colo.2006) (unpublished). The Court will not permit jurisdictional discovery if there is only a "low probability" that additional discovery would reveal sufficient facts to alter the Court's conclusion

that it lacks personal jurisdiction over Defendant. *Gordon Howard Assocs., Inc. v. Lunareye, Inc.*, No. 13-CV-01829-CMA-MJW, 2013 WL 5637678, at *4 (D. Colo. Oct. 15, 2013) *citing Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1299 (10th Cir.2004).

21. Here, Plaintiffs have not "present[ed] a sufficient factual predicate for the establishment of personal jurisdiction" and the do not even attempt to justify their request for jurisdictional discovery. *St. Paul Travelers Cas. & Sur. Co. of America*, 2006 WL 1897173, at *4. Therefore, Plaintiffs provide no basis for additional discovery, and none should be granted.

22. Finally, Plaintiffs do not argue against Mr. Zavodnick's claim for an award of attorneys' fees pursuant to C.R.S. § 13–17–201 – thus, Mr. Zavodnick should be awarded his reasonable attorney fees and costs associated with defending this action.

23. Mr. Zavodnick respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction. In addition, Mr. Zavodnick seeks reasonable costs and attorneys' fees incurred in this case pursuant to C.R.S. § 13–17–201, and for such additional relief as this Court deems appropriate.

Respectfully submitted this 25th day of January, 2021.

LASZLOLAW

*s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: s/ Michael J. Laszlo
Michael J. Laszlo