IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS, INC.

                Plaintiffs,

v.

GAIA, INC., a Colorado Corporation
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK, and
ALYSSA MONTALBANO,

                Defendants.

---

**DEFENDANTS' JOINT UNOPPOSED MOTION
FOR EXTENSION OF TIME TO FILE ANTI-SLAPP SPECIAL MOTION TO DISMISS
PURSUANT TO SECTION 13-20-1101, C.R.S.**

---

      COMES NOW, Defendants Jay Weidner ("Mr. Weidner"), Gaia, Inc. ("Gaia"), Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (Mr. Weidner, Gaia, Rysavy, Warkins, and Medvedich are, collectively, the "Moving Defendants"), by and through their respective undersigned, counsel and submit the following Joint Unopposed Motion for Extension of Time to File Anti-SLAPP Special Motion to Dismiss Pursuant to Section 13-20-1101, C.R.S., and in support thereof, state as follows:

      1.  Counsel for the Moving Defendants have conferred with counsel for Plaintiffs, who does not oppose the relief requested herein.

      2.  The original Complaint was filed in this matter on March 17, 2020. (ECF Number 1).

3. Since June of 2020, this case has had a complex procedural history involving multiple amended pleadings.

4. On December 8, 2020, this Court ordered that the operative Complaint in this matter is the Second Amended Complaint, deemed filed that same day. (ECF Nos. 110, 111).

5. As relevant to Mr. Weidner, the allegations in the Second Amended Complaint arise out of an alleged exercise by Mr. Weidner of his rights of free speech under the United States and Colorado Constitutions. Specifically, Plaintiffs have alleged that Mr. Weidner publicly critiqued Plaintiffs' philosophy and dogma as an alleged government insider and whistleblower.

6. As relevant to Gaia, Rysavy, Warkins, and Medvedich, the Second Amended Complaint includes claims for libel, slander, and "tortious interference with a business expectancy". Although Plaintiffs' allegations regarding these claims are somewhat unclear, they appear to be related to an alleged exercise of defendants' rights of free speech under the United States and Colorado Constitutions.

7. The Moving Defendants' conduct as alleged in the Second Amended Complaint constitutes "[a]ny written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest[.]" *See* § 13-20-1101(2)(a)(III).

8. The Moving Defendants' conduct as alleged in the Second Amended Complaint also constitutes "conduct . . . in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest." *See* § 13-20-1101(2)(a)(IV).

9. Thus, this action and Plaintiffs' claims may be subject to a special motion to dismiss pursuant to Section 13-20-1101(3)(a), C.R.S.

10. Such a motion must be filed "within sixty-three days after the service of the

complaint or, in the court's discretion, at any later time upon terms it deems property." § 13-20-1101(5), C.R.S.

11. Because the Second Amended Complaint was deemed the operative complaint in this action on December 8, 2020, the deadline for a special motion to dismiss pursuant to Section 13-20-1101, C.R.S., is February 9, 2021. Alternatively, this Court may determine the deadline to be "at any later time upon terms it deems proper." § 13-20-1101(5).

12. Mr. Weidner and Gaia both timely filed a Motion to Dismiss the Second Amended Complaint on January 12, 2021. (ECF Nos. 128, 129). Plaintiffs' response to each motion has not yet been filed.

13. Defendants Rysavy, Warkins, and Medvedich executed waivers of service after the Second Amended Complaint was deemed filed, and their respective responses to the Second Amended Complaint are currently due February 22, 2021. Defendants Rysavy, Warkins, and Medvedich each intend to file a motion to dismiss.

14. Should any of the Moving Defendants' motions to dismiss be wholly or partially successful, any subsequent special motion to dismiss pursuant to Section 13-20-1101, C.R.S., may be unnecessary.

15. Accordingly, the Moving Defendants respectfully request that this Court extend the deadline to file a special motion to dismiss pursuant to Section 13-20-1101, C.R.S., and set the new deadline for each of the Moving Defendants to fall twenty-one (21) days after the Court has issued a ruling on the Moving Defendants' respective motion to dismiss.

16. Granting this request would avoid the unnecessary expenditure of the parties' and this Court's resources at this time, along with potentially unnecessary legal fees to the parties.

17. No party will be prejudiced by the granting of this Motion. Indeed, Plaintiffs do not

oppose the relief requested herein.

  18. Conversely, if this Motion is denied, both Plaintiffs and the Moving Defendants may be prejudiced by incurring legal fees related to the special motion, which will later prove to be unnecessary and wasteful if any or all of the Moving Defendants succeed on their motions to dismiss.

  19. There have been no previous requests for an extension of this deadline by the Moving Defendants.

  20. For the above reasons, the Moving Defendants request that this Court extend the time to file a special motion under Section 13-20-1101, C.R.S., and set the new deadline for each of the Moving Defendants to fall twenty-one (21) days after the Court has issued a ruling on the Moving Defendants' respective motion to dismiss.

Date: February 2, 2021.        Respectfully submitted,

               */s/ Ashlee Hoffmann, Esq.*_____
               Aaron Belzer, Esq.
               Colorado Bar Number 47826
               Ashlee Hoffmann, Esq.
               Colorado Bar Number 53818
               Burnham Law
               2760 29th Street, Suite 1E
               Boulder, CO 80301
               303-990-5308
               aaron@burnhamlaw.com
               ashlee@burnhamlaw.com

Dated: February 2, 2020        **DAVIS & GILBERT LLP**


By:  /s/ *Daniel A. Dingerson*
    Daniel A. Dingerson
    Ina B. Scher
    1740 Broadway
    New York, New York 10019
    Telephone: (212) 468-4800
    Facsimile: (212) 468-4888
    Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc., Jirka Rysavy, Brad Warkins, and Kiersten Medvedich*


I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in

Judge Domenico's Practice Standard III(A)(1).

# CERTIFICATE OF SERVICE

        I hereby certify that on February 2, 2021, I filed the foregoing Unopposed Joint Motion for Extension of Time to File Anti-SLAPP Special Motion to Dismiss via the CM/ECF and all parties as listed below were electronically served via same with the exception of Cliff High, who has been served via email.  I further certify that in compliance with D.C.COLO.LCivR 6.1(c), I have also served the foregoing on this firm's client, Jay Weidner.

| **Attorney for Plaintiffs:** | **Attorney for Defendant Benjamin Zavodnick**: |
|---|---|
| Valerie Ann Yanaros | Michael Jacob Laszlo |
| Yanaros Law PC | Laszlo & Associates, LLC |
| 5057 Keller Springs | 2595 Canyon Boulevard |
| Suite 300 | Suite 210 |
| Addison, TX 76001 | Boulder, CO 80302 |
| Phone: 512-826-7553 | Phone: 303-926-0410 |
| Email: valerie@yanaroslaw.com | Email: mlaszlo@laszlolaw.com |

| **Attorneys for Defendant Gaia, Inc.**: | **Defendant Alyssa Montalbano,** *Pro Se* |
|---|---|
| Daniel Andrew Dingerson | 2536 Rimrock Avenue |
| Ina B. Scher | Suite 400-117 |
| Davis & Gilbert, LLP | Grand Junction, CO 81505 |
| 1740 Broadway | 970-250-8365 |
| New York, NY 10019 | Email: AriStoneArt@Ymail.com |
| Phone: 212-237-1488 | |
| Email: ddingerson@dglaw.com | |
| ischer@dglaw.com | |

**Defendant Clif High,** *Pro Se*
PO Box 141
Moclips, WA 98562
Phone: 360-276-0049
clif@halfpasthuman.com

                                                */s/ Elisa Taute*
                                                Elisa Taute
                                                Paralegal