# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

## JOINT MOTION FOR LEAVE TO FILE COUNTERCLAIMS
### IN COMPLIANCE WITH COLORADO REVISED STATUTE § 13-80-109

---

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendants Gaia, Inc. ("Gaia"), and Jay Weidner (collectively, for purposes of this motion, the "Defendants"), by and through their respective undersigned counsel, hereby move this Court pursuant to Federal Rules of Civil Procedure 7 and 12 for leave to file counterclaims in compliance with Colorado Revised Statute § 13-80-109 without waiving any rights pursuant to each Defendant's currently pending motion to dismiss.  In support of this Motion, the Defendants state as follows:

### I.    Preliminary Statement and Relief Requested

The Defendants have each filed a motion to dismiss the Second Amended Complaint—the currently operative pleading—in its entirety, pursuant to Federal Rule of Civil Procedure 12(b).  Each of the Defendants maintains that the claims in the Second Amended Complaint should be dismissed with prejudice, in which case this Action could be terminated, at least as to the Defendants.  However, if either of the Defendants' motions to dismiss is not granted in its entirety, each such party intends at this time to assert counterclaims against the Plaintiffs.  Though Rule 12(a)(4) does not require a defendant to serve a responsive pleading, including any counterclaims, until 14 days after a denial of a Rule 12 motion, a Colorado state law permits certain counterclaims that would otherwise be time-barred to be revived and asserted, but only if

done so within one year of service of the Complaint.  As such, there is a tension between the Federal Rules of Civil Procedure that govern the timing of pleadings in this action and the Colorado statute that governs the timing for bringing certain counterclaims.

Accordingly, in order to avoid waiving any rights under the Colorado statute, the Defendants request leave to file their counterclaims at this time (in order to be within one year of service of the Complaint), which may be in advance of the disposition of their Rule 12 motions and before such counterclaims would be required to be brought pursuant to the Federal Rules of Civil Procedure.  In order to maximize efficiency for the parties and the Court, Defendants further propose that the time for any response by Plaintiffs to the filed counterclaims be stayed until resolution of the currently pending Rule 12 motions.  Effectively, the Defendants seek to preserve their rights under Colorado Revised Statute § 13-80-109 and otherwise maintain the status quo regarding the current posture of pleadings and motions.

## II.    Colorado Revival Statute and Application in the District of Colorado

Colorado law provides that "[a] counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim shall be commenced within one year after service of the complaint by the opposing party and not thereafter."  Colo. Rev. Stat. § 13-80-109.  "[T]his section permits otherwise time-barred claims to be filed as counterclaims, if compulsory [under Colorado law], within one year of service of the complaint that includes the claim that gives rise to the counterclaims."  *Makeen v. Hailey*, 381 P.3d 337, 341 (Colo. App. 2015); *see also Plains Metro. Dist. v. Ken-Caryl Ranch Metro. Dist.*, 250 P.3d 697, 702 (Colo. App. 2010) (C.R.S. § 13-80-109 allows a defendant to plead a "stale claim" as a

counterclaim); *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1168-69 (10th Cir. 2000).

A court in this District has previously interpreted the Colorado statute to allow revival of otherwise stale claims for *only* one year from service, even if a motion to dismiss was filed that otherwise tolled a party's obligation to file counterclaims pursuant to the Federal Rules of Civil Procedure. *Full Draw Prods. v. Easton Sports*, 85 F. Supp. 2d 1001, 1009 (D. Colo. 2000).

### III.     Relevant Facts to the Present Motion

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. filed the initial Complaint asserting sixteen separate causes of action.  (Dkt. 1).  A Waiver of the Service of Summons sent to Gaia was executed and returned to Plaintiffs, which was eventually filed on June 5, 2020.  (Dkt. 13).[1]  A Waiver of the Service of Summons sent to Weidner was executed on June 8, 2020, and returned to Plaintiffs, although it was never filed.

Thereafter, Plaintiffs filed two amended complaints, the second of which was accepted for filing on December 8, 2020.  (Dkt. 111).  The Defendants each filed their respective motion to dismiss on January 12, 2021.  (Dkt. 128, 129).  The Plaintiffs' filed oppositions to the Defendants' motions to dismiss on February 23, 2021.  (Dkt. 152, 153).  The Defendants' respective reply briefs are due to be filed by March 9, 2021, by which time the motions to dismiss will be fully briefed but pending.

---

[1] After sending the Waiver of the Service of Summons, Plaintiffs also personally served Gaia on May 11, 2020, though by agreement of the parties the Waiver was the only record of service filed, which thereby established Gaia's response date and the date of service pursuant to Federal Rule of Civil Procedure 4(d)(4).

**IV.     Argument**

For Defendants to rely on the Colorado revival statute, C.R.S. § 13-80-109, they must file their otherwise time-barred counterclaims—at least in the first instance[2]—within one year of service of the complaint that includes the claims that gives rise to the counterclaims.  Here, although Plaintiffs have twice amended their complaint, the claims have largely remained the same and the claims included in the original complaint give rise to Defendants' counterclaims.  Accordingly, Defendants acknowledge that they must bring their counterclaims within one year of service of the original complaint in order to preserve their rights under C.R.S. § 13-80-109.  Thus, despite the currently pending motions to dismiss, Defendants should be permitted to file their counterclaims at this time without waiving any rights or arguments regarding their motions to dismiss.

Permitting Defendants to file their counterclaims now, to preserve their rights pursuant to C.R.S. § 13-80-109, is the only fair result.  Defendants would be significantly prejudiced if not permitted to exercise their rights pursuant to C.R.S. § 13-80-109 and file their otherwise time-barred counterclaims, as they would be precluded from exercising the rights of every other Colorado litigant simply because of the time it has taken for Plaintiffs to twice amend their complaint, while still pleading claims that are wholly deficient and subject to dismissal.  Conversely, Plaintiffs will not be prejudiced at all by Defendants being permitted to file their counterclaims pursuant to C.R.S. § 13-80-109 as Defendants are only seeking to do what they have the right to do by Colorado statute.  Further, because Defendants propose that any response

---

[2] The Colorado Court of Appeals has held that additional counterclaims may be pleaded after the one-year limitation period if there is a timely pleading to which they may relate back.  *Makeen*, 381 P.3d at 342.

to the filed counterclaims be stayed pending resolution of Defendants' motions to dismiss, Plaintiffs cannot claim any additional burden by Defendants being allowed to file.  For the same reasons, there will be no additional burden to the Court by allowing Defendants to file what amount to provisional counterclaims while the motions to dismiss are still pending.

If the Defendants are permitted to file their counterclaims in advance of resolution of their pending motions to dismiss, there still remain questions concerning the timing of such filings.  Calculation of the one-year period is complicated in this instance by Plaintiffs' service and filing history.  First, with respect to Gaia, a Waiver of Service of Summons was filed on June 5, 2020.  Pursuant to Rule 4(d)(4), that filing date is considered the date of service. However, because Plaintiffs also personally served Gaia on May 11, 2020—even though no affidavit of service was filed as to this service attempt—there is an argument that the revival period afforded by C.R.S. § 13-80-109 would expire for Gaia on May 10, 2021.  With respect to Weidner, the calculation is made complicated for a different reason, namely that Plaintiffs have never filed a Waiver of the Service of Summons.  Accordingly, pursuant to Rule 4(d)(4), there has been no date set as the date of service, thereby making it impossible to determine when the one-year period afforded by C.R.S. § 13-80-109 started or would end as to Weidner.

Given the above history and uncertainty regarding service, and to avoid any future disputes as to timing, Defendants request that they be given leave to file their counterclaims at any time after resolution of this Motion.

**WHEREFORE**, Gaia and Weidner respectfully request that this Motion be granted and that each of them be given leave to file their counterclaims in compliance with Colorado Revised

Statute § 13-80-109 without waiving any rights pursuant to each Defendant's currently pending

motion to dismiss, together with such other and further relief as the Court deems just and proper.

Dated:   March 8, 2021                              **DAVIS & GILBERT LLP**
        New York, New York

                                    */s/ Daniel A. Dingerson*
                                    Daniel A. Dingerson
                                    1675 Broadway
                                    New York, New York 10019
                                    Telephone: (212) 468-4800
                                    Facsimile: (212) 468-4888
                                    Email: ddingerson@dglaw.com

                                    *Attorneys for Defendant Gaia, Inc.*

Dated:   March 8, 2021                              **BURNHAM LAW**
        Boulder, Colorado

                                      */s/ Aaron Belzer*
                                    Aaron Belzer
                                    Ashlee Hoffmann
                                    2760 29th Street
                                    Boulder, Colorado 80301
                                    Telephone: (303) 990-5308
                                    Fax: (303) 200-7330
                                    Email: aaron@burnhamlaw.com

                                    *Attorneys for Defendant Jay Weidner*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).


/s/ Daniel A. Dingerson
Daniel A. Dingerson

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I caused a copy of the foregoing Joint Motion for Leave to File Counterclaims in Compliance with Colorado Revised Statute § 13-80-109 to be served on all other parties who have appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.

             /s/ Daniel A. Dingerson
             Daniel A. Dingerson

**<u>CERTIFICATE OF CONFERRAL</u>**

I hereby certify that pursuant to Local Civil Rule 7.1(a), on February 25, 2021, I

conferred via telephone with Plaintiffs' counsel about this motion and the relief requested

regarding leave to file counterclaims.  I hereby certify that I followed-up via email with

Plaintiffs' counsel on March 2-3, 2021, and further conferred via email with Plaintiffs' counsel

on March 4, 2021.  Plaintiffs' last response was that they oppose the motion and the relief

requested, but they did not provide an explanation for their opposition.  I hereby certify that I

attempted to further confer with Plaintiffs' counsel on March 8, 2021, but received no response

prior to filing this motion.


        <u>   /s/ Daniel A. Dingerson   </u>
        Daniel A. Dingerson