# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

**GAIA, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

---

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT.........................................................................................................................1

I.  PLAINTIFFS' FAILURE TO RESPOND TO ARGUMENTS IN THE
MOTION REQUIRES DISMISSAL.............................................................................1

II.  PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION ...............................2

    A.  PLAINTIFFS CONCEDE THERE IS NO RICO CLAIM AGAINST GAIA............................2

    B.  PLAINTIFFS FAIL TO ADDRESS THE DEFICIENCIES IN THEIR CONTRACT CLAIM........3

        1.  Plaintiffs Fail to Respond to Arguments but Advance a
New Theory Regarding the 2016 Contract ..................................................3

        2.  Plaintiffs Wholly Fail to Respond to Gaia's Arguments
Concerning the Purported Oral Contract ....................................................5

    C.  PLAINTIFFS FAIL TO REFUTE ARGUMENTS CONCERNING THE TRADEMARK CLAIMS 5

        1.  Plaintiffs' Federal Trademark Infringement and Unfair
Competition Claims are Deficient and Barred by "Fair Use"
Defense ......................................................................................................6

        2.  The 2016 Contract Precludes Plaintiffs' New False
Designation of Origin Argument .................................................................7

        3.  There is No Trademark Infringement Pursuant to Colorado
Law .............................................................................................................8

        4.  Plaintiffs Cannot Show a Declaration of Validity is
Warranted....................................................................................................8

    D.  PLAINTIFFS FAIL TO RESPOND TO ARGUMENTS REGARDING DISMISSAL OF THEIR
OTHER TORT CLAIMS .......................................................................................8

        1.  Colorado Consumer Protection Act...........................................................9

        2.  Colorado Common Law Unfair Competition ...........................................10

        3.  Fraudulent Misrepresentation ..................................................................11

        4.  Libel and Slander .....................................................................................11

        5.  Tortious Interference with a Business Expectancy....................................12

III.  SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL ARE
WARRANTED.........................................................................................................13

CONCLUSION ...................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                                                                 **Page(s)**

*American Furniture Co. v. American Furniture Co.*,
   261 P.2d 163 (1953) ........................................................................................................10, 11

*Amoco Oil Co. v. Ervin*,
   908 P.2d 493 (Colo. 1995) ....................................................................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................3

*Brodeur v. American Home Assurance Co.*,
   169 P.3d 139 (Colo. 2007) ....................................................................................................10

*Cleary Building Corp. v. David A. Dame, Inc.*,
   674 F. Supp. 2d 1257 (D. Colo. 2009) ....................................................................................6

*Doe v. Univ. of Colo.*,
   255 F. Supp. 3d 1064 (D. Colo. 2017) ................................................................................. 1-2

*Dryden v. AMBAC Indem. Corp.*,
   No. L-85-65, 1986 U.S. Dist. LEXIS 18830 (S.D. Tex. Oct. 21, 1986) ...................................9

*E&I Holdings, Inc. v. Coral Springs Eggs & I, LLC*,
   No. 17-cv-2377-WJM-STV, 2018 WL 4680339 (D. Colo. Sep. 28, 2018) ..........................2, 5

*Lawrence v. Sch. Dist. No. 1*,
   No. 13-cv-03531-RM-MJW, 2014 WL 6990406 (D. Colo. July 29, 2014) ...........................14

*Moroni Feed Co. v. Mut. Serv. Cas. Ins. Co.*,
   287 F.3d 1290 (10th Cir. 2002) ............................................................................................12

*Rescuecom Corp. v. Google, Inc.*,
   562 F.3d 123 (2d Cir. 2009) ....................................................................................................6

*Rosales v. AT&T Info. Sys., Inc.*,
   702 F. Supp. 1489 (D. Colo. 1988) ........................................................................................4

*RV Horizons, Inc. v. Smith*,
   No. 1:18-cv-02780-NYW, 2019 WL 6052416 (D. Colo. Nov. 15, 2019) ...............................6

*Schwartz v. Celestial Seasonings, Inc.*,
   124 F.3d 1246 (10th Cir. 1997) ...............................................................................9

*State Bank of Wiley v. States*,
   723 P.2d 159 (Colo. App. 1986) ...........................................................................11

*Steak N Shake Enters. v. Globex Co.*,
   110 F. Supp. 3d 1057 (D. Colo. 2015).....................................................................4

*United States ex rel. Shough v. Maximus, Inc.*,
   No. 99-wm-2275, 2000 U.S. Dist. LEXIS 21804 (D. Colo. June 7, 2000) ............................14

**Rules**

Fed. R. Civ. P. 9(b) ...................................................................................................9

Fed. R. Civ. P. 11 ...................................................................................................14

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

DDD Civ. P.S. III.D.1.b................................................................................................2

Defendant Gaia[1] respectfully submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) and in response to Plaintiff James Corey Goode and Goode Enterprise Solutions, Inc.'s Response to Gaia's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. 152), filed on February 23, 2021.

## PRELIMINARY STATEMENT

Plaintiffs assert that discovery and a trial are needed to resolve this action, but there is a much simpler, more efficient, and appropriate resolution for Plaintiffs' fanciful but lacking claims: dismissal with prejudice.

Gaia's Motion identified fatal deficiencies in Plaintiffs' claims, which Plaintiffs have failed to address or meaningfully oppose in their opposition.  Plaintiffs have thus conceded Gaia's arguments, thereby requiring dismissal and potentially sanctions against Plaintiffs' counsel.  Despite having already amended their claims twice to no avail, Plaintiffs do <u>not</u> seek leave to further amend should Gaia's Motion be granted.

Accordingly, for all of the reasons stated in the Motion and in this reply brief, the Court should grant Gaia's motion to dismiss the Second Amended Complaint, with prejudice in its entirety, and deny Plaintiffs further leave to amend.

## ARGUMENT

## I.   PLAINTIFFS' FAILURE TO RESPOND TO ARGUMENTS IN THE MOTION REQUIRES DISMISSAL

As a preliminary but dispositive matter, Plaintiffs have conceded most—if not all—of Gaia's arguments by failing to respond to them.  *See Doe v. Univ. of Colo.*, 255 F. Supp. 3d

---

[1] Capitalized terms retain their meaning from Gaia's Motion to Dismiss Plaintiffs' Second Amended Complaint and Brief in Support (the "Motion", Dkt. 128).

1064, 1086 (D. Colo. 2017) (holding that an argument was deemed conceded when plaintiff failed to respond in opposition to a motion to dismiss); *E&I Holdings, Inc. v. Coral Springs Eggs & I, LLC*, No. 17-cv-2377-WJM-STV, 2018 WL 4680339, at *5 (D. Colo. Sep. 28, 2018) (granting motion to dismiss and deeming motion confessed on claims on which party failed to respond to arguments).  Moreover, in violation of this Court's Practice Standards, Plaintiffs have failed to identify the disputed elements of each claim or cite to the particular page and paragraph of the Complaint for all purported support for their position.  DDD Civ. P.S. III.D.1.b.

Plaintiffs' failures to respond, alone, justify granting Gaia's Motion and dismissing Plaintiffs' claims.  But, even attempting to read Plaintiffs' opposition in the light most favorable to them—a standard not required for Plaintiffs' brief—Plaintiffs' claims fail to state a cause of action as a matter of law and must be dismissed with prejudice.

## II.    PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION

### A.    PLAINTIFFS CONCEDE THERE IS NO RICO CLAIM AGAINST GAIA

For all of the reasons stated in Gaia's Motion, Plaintiffs failed to allege fundamental elements of a RICO claim.  Plaintiffs now concede they have no RICO claim against Gaia, and are alleging only that Gaia is the "enterprise".[2]  If Plaintiffs did not intend the RICO claim to be pleaded against Gaia, Plaintiffs' counsel could have saved Gaia's and the Court's time by stating as much in the multiple conferrals concerning Gaia's proposed motions to dismiss.  Regardless, it is now clear that any RICO claim against Gaia must be dismissed.

---

[2] Though the Complaint formally pleaded the RICO claim only against certain Gaia employees, it was unclear whether it was intended to also name Gaia, as an earlier version had alleged.

**B.     PLAINTIFFS FAIL TO ADDRESS THE DEFICIENCIES IN THEIR CONTRACT CLAIM**

Plaintiffs' response regarding their breach of contract claim is indicative of the confusion that reigns in Plaintiffs' filings—Plaintiffs first state "there are many contracts at issue here, both verbal and written", and then just two sentences following state that there is a "contract at issue". Despite Plaintiffs' own confusion, it is abundantly apparent that Plaintiffs' breach of contract claim is deficiently pleaded and must be dismissed.

**1.     Plaintiffs Fail to Respond to Arguments but Advance a New Theory Regarding the 2016 Contract**

Plaintiffs' "substantive" argument that Gaia is challenging the weight of the evidence concerning the 2016 Contract is entirely unavailing.  Gaia is not challenging the weight of evidence regarding Plaintiffs' breach allegations, but whether Plaintiffs have plausibly identified any viable breach of contract claim whatsoever.  As Gaia argued and Plaintiffs have not refuted, Plaintiffs did not identify any specific amount purportedly due pursuant to the 2016 Contract, nor even a time period for which payment was allegedly not made.  Plaintiffs are merely speculating whether any amount is due to them either as a performance bonus or under the "Ambassador Program".  As such, Plaintiffs' breach of contract claim does not rise to the level of plausibility required by *Twombly* and *Iqbal*, but instead posits a claim that is merely possible given the alleged facts.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint must contain well-pleaded factual allegations that rise above mere speculation); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a facially plausible claim is one where the pleadings allow the court to draw a reasonable inference of liability, more than a mere possibility; conclusory statements are insufficient to meet the plausibility standard).

Rather than respond to Gaia's arguments regarding Plaintiffs' deficient allegations, Plaintiffs raise a new theory, specifically that Gaia allegedly breached an agreement (presumably the 2016 Contract) by not allowing Plaintiffs to inspect records and by failing to produce quarterly reports. These allegations were not identified in the Complaint as breaches supporting Plaintiffs' claim. (*See* Complaint, ¶¶ 185-187 alleging breaches forming the basis for Plaintiffs' claim; cf. ¶ 28, in which Plaintiffs note a lack of access to monthly reports, but do not allege entitlement to or a breach regarding such reports). Further, review of the 2016 Contract (including its amendments) reveals that Gaia was not required to produce any quarterly reports, and was not obligated to permit Plaintiffs to "inspect records" other than pursuant to an audit provision that Goode could only request during the term of the agreement. Plaintiffs have not alleged that they requested an audit—a clear condition precedent to an alleged breach of the audit provision, which must be pleaded, *see Rosales v. AT&T Info. Sys., Inc.*, 702 F. Supp. 1489, 1503 (D. Colo. 1988)—but, regardless, Plaintiffs may not now try to save their deficiently pleaded breach of contract claim by adding a new theory in their opposition. *See Steak N Shake Enters. v. Globex Co., LLC*, 110 F. Supp. 3d 1057, 1085 (D. Colo. 2015) (holding claims waived or abandoned, in context of a summary judgment motion, when party failed to respond to arguments raised and, instead, argued another theory of liability).

Because Plaintiffs did not address arguments in the Motion concerning deficiencies in their breach of written contract claim, and instead advanced a new theory of liability inconsistent with the Complaint and not supported by the 2016 Contract, the claim should be dismissed with prejudice.

   2.   *Plaintiffs Wholly Fail to Respond to Gaia's Arguments Concerning the Purported Oral Contract*

Significantly and dispositively, Plaintiffs do not respond to Gaia's arguments regarding the purported oral contract, including arguments that such an oral contract is barred by the merger clause in the 2016 Contract and that Plaintiffs failed to allege any essential terms of the purported contract thus preventing the Court from determining whether there is plausibly an agreement that is capable of being breached. Plaintiffs' wholesale failure to address Gaia's arguments regarding the purported oral agreement constitute a concession and confession of the breach of contract claim based on a purported oral agreement, thereby requiring dismissal with prejudice. *See E&I Holdings*, 2018 WL 4680339, at *5.

   C.   **PLAINTIFFS FAIL TO REFUTE ARGUMENTS CONCERNING THE TRADEMARK CLAIMS**

In the Complaint, Plaintiffs make only conclusory and vague allegations regarding "use" of Plaintiffs' purported marks, terms that merely describe purportedly existing supernatural phenomena and a government program. These vague allegations generally assert—without citing any specific instances—that individuals on CD discussed the underlying phenomena that the purported marks describe. Thus, Plaintiffs' trademark claims seem to be based on a belief that Plaintiffs have a monopoly on the mere discussion of such purportedly existing phenomena.[3] But trademark law is not designed to grant monopoly rights in descriptive terms nor prevent "fair use" by others of those terms. Accordingly, Plaintiffs' claims are legally deficient and must be dismissed.

---

[3] Plaintiffs' position is akin to Dr. Anthony Fauci, the director of the U.S. National Institute of Allergy and Infectious Diseases, asserting trademark rights in the terms "COVID" and "pandemic" and then seeking to prevent anyone other than himself from discussing such concepts.

### 1. Plaintiffs' Federal Trademark Infringement and Unfair Competition Claims are Deficient and Barred by "Fair Use" Defense

Plaintiffs' claims under the Lanham Act, including trademark infringement and unfair competition are addressed together and all must be dismissed for the same reasons. Plaintiffs have still failed to identify facts sufficient for Gaia or the Court to determine which of Plaintiffs' purported marks are at issue or the alleged instances of misuse in commerce, as they are required to do. *See RV Horizons, Inc. v. Smith*, No. 1:18-cv-02780-NYW, 2019 WL 6052416, at *8 (D. Colo. Nov. 15, 2019); *Cleary Building Corp. v. David A. Dame, Inc.*, 674 F. Supp. 2d 1257, 1267 (D. Colo. 2009).

Plaintiffs' primary allegations of "use" center on mentions of the descriptive terms on CD, which cannot fairly be described as anything other than "fair use", which Plaintiffs concede by entirely failing to respond to Gaia's "fair use" argument. Had Plaintiffs not conceded the argument, their previous admissions that the terms "Blue Avians" and "20 and Back" identify and are descriptive of factual phenomena already definitively established Gaia's defense.

Though Plaintiffs do attempt to respond to Gaia's argument regarding lack of secondary meaning, they do so only conclusorily. Plaintiffs merely state that they—along with others— have discussed the descriptive terms, but do not specifically describe how they have been used as purported marks or acquired distinctiveness that associates them specifically with Plaintiffs and not the phenomena they describe.

Plaintiffs also attempt to respond to Gaia's argument that Google search results cannot constitute "use" by Gaia, but their citation to a Second Circuit decision is inapposite because that case involved Google's potential liability for its *own* use of a plaintiff's trademark in search results. *See Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 129 (2d Cir. 2009).

Because Plaintiffs cannot establish any improper "use" by Gaia of Plaintiffs' purported trademarks, Plaintiffs' claims must be dismissed with prejudice.

>  **2.**   ***The 2016 Contract Precludes Plaintiffs' New False Designation of Origin Argument***

Though unclear, Plaintiffs appear to address the claim for false designation of origin by alleging—for the first time—that Gaia used Goode's name on certain marketing materials and on its website and citing to various cases for the proposition that advertising can form the basis of a trademark claim. Disregarding the issue of introducing new allegations in response to a motion to dismiss, these new allegations still fail to state a claim.

Any claim for false designation of origin based on use of Goode's name must fail because Plaintiffs expressly agreed in the 2016 Contract that Gaia would "in perpetuity and throughout the universe" have the right to use Goode's name in marketing materials. (2016 Contract, § 7(F)). Specifically, Goode granted Gaia the right to use Goode's name, biography, and likeness in any and all media in connection with advertising, publicizing, and promoting Gaia and its services or programs. Accordingly, even if Plaintiffs' allegations were included in the Complaint and true, which Gaia does not concede, they cannot support a false designation claim.

Beyond the new material, Plaintiffs do not address Gaia's arguments regarding the false designation claim. Specifically, Plaintiffs have not addressed that their allegations are mere conclusory statements about what designations were used and how such designations were false. Accordingly, Plaintiffs' claim for false designation of origin must be dismissed.

### 3.      *There is No Trademark Infringement Pursuant to Colorado Law*

For the same reasons Plaintiffs cannot support their federal trademark claims, neither can they support a claim for trademark infringement pursuant to Colorado common law.  Even if Plaintiffs could establish an interest in their purported marks, they have failed to allege anything more than fair use by Gaia.  Accordingly, Plaintiffs' claim for infringement pursuant to Colorado common law should be dismissed for the same reasons as Plaintiffs' other trademark claims.

### 4.      *Plaintiffs Cannot Show a Declaration of Validity is Warranted*

Plaintiffs' only response to Gaia's Motion as it concerns Plaintiffs' request for a declaration is to cite the federal statutes that empower courts to grant declaratory judgments. Plaintiffs do not address the appropriateness of a declaration here, other than to state that there is also a TTAB proceeding pending.  In making such a conclusory statement, Plaintiffs again fail to clarify what they are seeking by a declaration of "validity" and have failed to substantively respond to Gaia's arguments why any declaration Plaintiffs seek is not supported by their allegations or within the Court's sound exercise of discretion.  Moreover, as explained in Gaia's Motion, because registration of a mark on the Principal Register does more than constitute *prima facie* evidence of validity, a declaration of validity would not moot the TTAB proceedings, meaning there is no ripe dispute regarding validity.

### D.      PLAINTIFFS FAIL TO RESPOND TO ARGUMENTS REGARDING DISMISSAL OF THEIR OTHER TORT CLAIMS

Plaintiffs entirely fail to respond to nearly every argument concerning their remaining tort claims, thereby conceding that dismissal of each is appropriate.  In an attempt to "save" certain claims, Plaintiffs raise new allegations and theories that are both inappropriate in an opposition

to a motion to dismiss and equally deficient as Plaintiffs' original allegations.  For the following reasons, each of Plaintiffs' remaining tort claims should be dismissed.

### 1.   *Colorado Consumer Protection Act*

Plaintiffs concede, as they must, that in pleading a CCPA claim, Rule 9(b) requires specificity as to "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citation omitted).  However, as Gaia argued, Plaintiffs did not plead any of the required specificity regarding the alleged false representations, instead making only the same vague allegations as in their trademark claims.  (Complaint, ¶ 175).  Plaintiffs have not provided any clarity in their opposition either, simply stating that Gaia used Goode's "content", thus failing entirely to provide the specificity Plaintiffs concede Rule 9(b) requires.

Unable to support a CCPA claim based on alleged use of marks with specificity, Plaintiffs once again assert a new theory to try to "save" their claim.  Apparently, Plaintiffs now also bring their CCPA claim for purported "bribery, witness tampering and counterfeiting".  These conclusory allegations seemingly are based entirely on Gaia's agreement to indemnify another target of Plaintiffs' fabricated claims and harassment.  (*See* Complaint, ¶54, Ex. B).  However, Plaintiffs' characterization of an indemnification agreement as "bribery, witness tampering and counterfeiting" is wholly unsupported by law.  *See Dryden v. AMBAC Indem. Corp.*, No. L-85-65, 1986 U.S. Dist. LEXIS 18830, at *6 (S.D. Tex. Oct. 21, 1986) (holding that an offer to indemnify "could not possibly constitute bribery under federal law").  As such, even

disregarding that Plaintiffs did not plead this theory, the allegations fail to support a plausible CCPA claim.

Finally, Plaintiffs wholly fail to respond to Gaia's argument—and the legal requirement—that the challenged business practice *significantly* impact the public. *Brodeur v. American Home Assurance Co.*, 169 P.3d 139, 155-56 (Colo. 2007). Plaintiffs' CCPA claim—as is true of all of their claims—is simply an attempt to re-characterize a business divorce as part of some grand scheme. However, it is clear that there is no public impact from Plaintiffs' perceived grievances; Plaintiffs' failure to address public impact concedes as much.

Plaintiffs' failure to plausibly and adequately plead a CCPA violation mandates dismissal.

### 2.      *Colorado Common Law Unfair Competition*

Plaintiffs' do not separately address Gaia's arguments concerning Plaintiffs' claim for unfair competition under Colorado common law, or specifically discuss the applicable standards. Instead, Plaintiffs group this claim with other alleged trademark-based claims. However, Plaintiffs' response fails to substantively address the deficiencies outlined in the Motion.

Plaintiffs apparently concede that unfair competition with respect to a trademark requires two elements: secondary meaning and unfair use. *American Furniture Co. v. American Furniture Co.*, 261 P.2d 163, 166 (1953). As already discussed, Plaintiffs' vague allegations cannot establish that terms merely describing purportedly existing phenomena have acquired secondary meaning such that the terms are associated as trademarks for Plaintiffs. Even if Plaintiffs could establish secondary meaning, they cannot establish "unfair use".

In the Complaint, Plaintiffs' only allegations regarding purported "use" are that individuals on CD orally uttered certain of Plaintiffs' purported marks.  As discussed earlier, the mere utterance by others of terms to discuss the purported factual phenomena they describe can only be considered "fair use".  Such "fair use" necessarily precludes the necessary finding of "unfair use" required to plead an unfair competition claim.  *See American Furniture*, 261 P.2d at 166.  Accordingly, Plaintiffs' claim for unfair competition must be dismissed.

### 3. *Fraudulent Misrepresentation*

Plaintiffs' entire response to Gaia's arguments concerning the fraudulent misrepresentation claim is to say the economic loss rule "does not apply here".  Accordingly, Plaintiffs effectively concede that a fraud claim cannot be predicated upon mere non-performance of a contract, *State Bank of Wiley v. States*, 723 P.2d 159, 160 (Colo. App. 1986), yet such alleged contract breaches are the sole basis for Plaintiffs' claim.  Beyond their conclusory pronouncement about the economic loss rule, Plaintiffs fail to cite any law or explain how there is any independent duty of care applicable here.  Absent such independent duty, the economic loss rule does indeed bar Plaintiffs' claim for fraudulent misrepresentation, which must therefore be dismissed.

### 4. *Libel and Slander*

Gaia explained in its Motion that Plaintiffs failed to allege any statement made by Gaia about Plaintiffs that holds either of them "up to contempt or ridicule" or that could be considered defamatory.  Indeed, in the Complaint, Plaintiffs concede that "Gaia did not make [sic] explicit statement against Goode".

In response, Plaintiffs argue that a statement made by a third party, Jason Rice, is the basis for Plaintiffs' defamation claims.  However, Plaintiffs have not alleged any viable basis for vicarious liability to Gaia for any statements made by Rice.  For a party to be vicariously liable for defamation, the alleged statements must have been made by an employee within the scope of their employment.  *Moroni Feed Co. v. Mut. Serv. Cas. Ins. Co.*, 287 F.3d 1290, 1292 (10th Cir. 2002).  Plaintiffs have not—and cannot—allege either that Rice was an employee of Gaia or that his personal statement was made within the scope of employment.  Accordingly, Gaia cannot be held vicariously liable for Rice's statements and thus the defamation claims against Gaia must be dismissed.

Further, Plaintiffs failed to dispute Gaia's argument that Plaintiffs did not allege special damages, which are required for any *per quod* defamatory statements.  Instead, Plaintiffs argue that Rice's statement accused Goode of criminal conduct and constitutes defamation *per se*.  But such a conclusion is plainly unsupported by Plaintiffs' exhibit—in Rice's written statement (Exhibit C to the Complaint), he states that Goode refused to appear with him on a show, declined to meet with him, and applied for copyrights, all a far cry from accusations of criminal conduct.  Unable to establish that Rice's alleged statements constitute *per se* defamation, and failing to allege any special damages, Plaintiffs have effectively conceded that their claims for defamation must be dismissed as to Gaia, even if there were a basis to assert vicarious liability (there is not).

### 5.    *Tortious Interference with a Business Expectancy*

Plaintiffs' claim for tortious interference with a business expectancy is based on allegations that certain Gaia employees "spoke to the heads of [conferences] and told them not to

invite Goode" and that Goode was excluded from events "due to the direct influence by [] Gaia" and others.  (Complaint ¶¶ 89, 99).  But, as established in Gaia's Motion—and conceded by Plaintiffs in their opposition—a claim for interference among competitors requires "improper" interference through the use of "wrongful means", which does not include persuasion, economic pressure, or pure competition.  *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 501-502 (Colo. 1995).

Plaintiffs attempt to save their claim by asserting <u>for the first time</u> that Gaia employees actually *defamed* Goode to the heads of the conferences, allegations that are notably absent in the Complaint which alleges only that Gaia spoke to conference heads and "told them not to invite Goode".  Plaintiffs' moving target regarding this claim[4] cannot be countenanced by the Court and thus it should be dismissed with prejudice.

## III.  SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL ARE WARRANTED

Plaintiffs argue that they should be awarded attorneys' fees because Gaia filed a motion to dismiss the Complaint.  From the outset of this action and prior to filing the current Motion, Gaia has provided a detailed recitation of the deficiencies in each of Plaintiffs' claims, first in an extensive memorandum of law filed on June 8, 2020 (Dkt. 16), followed by various telephone conferrals spanning multiple hours.  In response, Plaintiffs removed four wholly deficient claims—some of which are not even recognized as legal claims—but continued to pursue at least eleven other deficient claims.  Plaintiffs seem to believe that their current deficient claims should be allowed to proceed simply because even lesser claims were removed (in the Second Amended

---

[4] Plaintiffs initially alleged that only Defendant Weidner spoke to the heads of the conferences— yet asserted the claim against all Defendants—then amended to assert that it was actually Weidner and a number of Gaia employees, and has now "amended" again to assert that it was actually all of those individuals "defaming" Goode.

Complaint, but not the first) pursuant to the conferral process.  However, Gaia should not be forced to further litigate *any* of Plaintiffs' vague, legally deficient, improperly pleaded claims. An award of sanctions against Gaia for filing a meritorious motion to dismiss—that Plaintiffs have largely failed to oppose—is inconceivable.

On the other hand, sanctions may be appropriate against Plaintiffs and their counsel for pleading claims that clearly have no merit.  That Plaintiffs' claims are without merit is evident by Plaintiffs' failure to respond—at all, in many instances, or meaningfully in the remainder—to the arguments in Gaia's Motion. *See United States ex rel. Shough v. Maximus, Inc.*, No. 99-WM-2275, 2000 U.S. Dist. LEXIS 21804, at *3 (D. Colo. June 7, 2000) (plaintiff's failure to address arguments raised in a motion to dismiss conceded the arguments and could be evidence of a lack of good-faith basis to bring the claims, thereby supporting an award of sanctions pursuant to Rule 11); *Lawrence v. Sch. Dist. No. 1*, No. 13-cv-03531-RM-MJW, 2014 WL 6990406, at *11 (D. Colo. July 29, 2014) (response to a motion to dismiss that essentially conceded defendant's arguments on certain claims was support for a finding that sanctions were appropriate against plaintiff's lawyer pursuant to Rule 11(b)(2) because there was "no objective legal basis" for the claims and "a reasonable and competent attorney would not believe there was merit in bringing plaintiff's claims").

Plaintiffs' lack of arguments in opposition to Gaia's Motion warrants an imposition of sanctions on Plaintiffs and their counsel for failure to file in good faith the Complaint and certain claims therein, and for their continued pursuit of those claims despite Gaia's Motion and prior conferrals.

## CONCLUSION

Taken together, the Complaint and Plaintiffs' opposition to the Motion make clear the lack of any good faith basis for Plaintiffs to file or continue pursuing their claims.  As Plaintiffs have not sought leave to further amend their deficient claims and further amendment would be futile as evidenced by Plaintiffs' prior amendments, dismissal with prejudice is appropriate.

For all of the foregoing reasons, Gaia respectfully requests that the Court dismiss the Complaint and all claims therein with prejudice and without leave to re-plead, together with such other and further relief as the Court deems just and proper.

Dated: March 9, 2021                            **DAVIS & GILBERT LLP**

By:   _/s/ Daniel A. Dingerson_
            Daniel A. Dingerson
            Ina B. Scher
            ddingerson@dglaw.com

1675 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendant Gaia, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as amended by the Court's September 22, 2020, Order providing that Gaia, Inc., may file a reply in support of its motion to dismiss not to exceed 4,000 words.  For purposes of this certification, the word count includes footnotes but excludes the case caption, tables of contents and authority (which are provided for the Court's convenience), signature block, this Certificate of Compliance, and the Certificate of Service.

            <u>/s/ Daniel A. Dingerson</u>
            Daniel A. Dingerson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 9, 2021, I caused a copy of the foregoing Gaia, Inc.'s

Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint

to be served on all other parties who have appeared in this matter, other than Cliff High, by filing

it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.


        /s/ Daniel A. Dingerson
        Daniel A. Dingerson