# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,  Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry,
Christina Gomez

Third-Party Defendants.

# THIRD-PARTY PLAINTIFF
# ALYSSA MONTALBANO
# MOTION TO SERVE BY CERTIFIED MAIL, EMAIL, SUBSTITUTION, PUBLICATION, OR COURT ORDER
# FRCP 4(d) and (i)

COMES NOW, Third-Party Plaintiff, Alyssa Chrystie Montalbano, and moves the Court to Grant service of process by way of United States Postal Service (USPS) Certified Mail, email, substitution, publication, or direct Court Order, upon the following third parties: LIGHT WARRIOR LEGAL FUND LLC, Valerie Yanaros Wilde, Elizabeth Lorie, Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, Christina Gomez, and the UNITED STATES, pursuant FRCP 4(d) and (i); and within 21 days after the Court's determination of the pending motion to amend [#155] the operative counterclaims pleading [#120]; for the following:

I. **WAIVER OF SERVICE REQUESTS**

1. On February 4, 2021 and February 8, 2021 Montalbano served the following documents and records pursuant FRCP Rule 4(d) by USPS Certified Mail:

    (Exhibit 1 [1] Certificates of Service Affidavits):

    a. Notice of a Lawsuit and Request to Waive Service of Summons (form AO 398)

    b. Waiver of the Service of Summons (2 copies of form AO 399)

    c. Self-Addressed and Stamped Envelope (S.A.S.E.)

    d. Paper Copy of Answers and Counterclaims Complaint [#120]

    e. Digital Disc copy of Answers, Counterclaims Complaint and Exhibits [#120, #121]

    f. Courtesy Copy of the Certificate of Service Affidavit

---

[1] It is to be duly noted there are a couple errors on the following Certificate of Service affidavits: on Ms. Wilde and Ms. Lorie's: it is stated the S.A.S.E. has a certified mail return number, Montalbano learned after signing the affidavits from a Postal Employee that she could not do certified mail for a S.A.S.E. so the Court is to disregard those Numbers. On affidavits of Grove, Gomez, and Terry Montalbano made a typo on the Denver zip code and it is mistakenly listed as 80202 when it should read 80203.

2. The aforementioned records were USPS Certified Mail delivered with return receipt requested to the following Third-Party Defendants, on the following dates, at the following addresses:(Exhibit 2 (USPS Certified Mail, Return Receipts & Delivery Records))

   a. February 4, 2021, Valerie Yanaros Wild (Texas Attorney representing Goode and GES in this instant case), 5057 Keller Springs Rd. Ste 300, Addison, Texas, 75001 (Ms. Wilde's law firm address). Certified Mail #7019 1640 0001 9358 4468, delivered February 6, 2021 at 9:43am.

   b. February 4, 2021, Elizabeth Lorie, (Goode and Wilcock's alleged attorney during case 18CV50), P.O. Box 7656, Jupiter, Florida, 33468. (The address Ms. Lorie provided the Mesa District Civil Court to collect her alleged legal fees). (Exhibit 3) Certified Mail #7019 1640 0001 9358 4482, delivered February 10, 2021 at 2:56pm.

   c. February 8, 2021, Brian James Flynn (Chief Judge Mesa District Civil Court), 125 N. Spruce St., Grand Junction, CO, 81501. (Mesa County Courthouse, address of his employment) Certified Mail #7019 1640 0001 9359 9356, delivered February 10, 2021 at 8:09am.

   d. February 8, 2021, William Campbell (Judicial Commission employee), 1300 Broadway, Denver, Colorado, 80203. (Colorado Commission on Judicial Discipline, address of his employment) Certified Mail #7019 1640 0001 9359 9349, delivered on or about February 11, 2021 and return receipt received.

  e. February 8, 2021, Matthew Grove, (Judge in the Colorado Court of Appeals), 2 East 14th Avenue, Denver, Colorado, 80203. (Colorado Court of Appeals, address of his employment) Certified Mail #7019 1640 0001 9358 6738, delivered on or about February 11, 2021 and return receipt received.

  f. February 8, 2021, Diana Terry, (Judge in the Colorado Court of Appeals), 2 East 14th Avenue, Denver, Colorado, 80203. (Colorado Court of Appeals, address of her employment) Certified Mail #7019 1640 0001 9358 6745, delivered February 12, 2021 at 9:29am.

  g. February 8, 2021, Christina Gomez, (Judge in the Colorado Court of Appeals), 2 East 14th Avenue, Denver, Colorado, 80203. (Colorado Court of Appeals, address of her employment) Certified Mail #7019 1640 0001 9358 6844, delivered on or about February 11, 2021 and return receipt received.

  h. February 8, 2021, LIGHT WARRIOR LEGAL FUND LLC (owned by Mr. Goode), Northwest Registered Agent, 1942 Broadway Street, Suite 314C, Boulder, Colorado 80302. (Address of the Registered Agent) [#121-2 at p6] Certified Mail #7019 1640 0001 9358 6752, delivered February 10, 2021 at 2:37pm.

3. The Waiver of Summons requires waiting a minimum of 30 days for a response and that time has passed as of March 8, 2021 and March 11, 2021 and Montalbano has received no response from any of the aforementioned third-party defendants, any agent, or legal counsel on their behalf.

## II. ARGUMENT FOR SERVICE BY USPS CERTIFIED MAIL, EMAIL, SUBSTITUTION, PUBLICATION OR COURT ORDER

4. Service of Process of answers, counterclaims and exhibits in a digital only (disc or email) format with third-party summons (paper or email), upon the aforementioned third-party defendants, at the aforementioned addresses, by third-party plaintiff Montalbano, via USPS Certified Mail, email, substitution, publication, or direct Court Order, should be Granted for the following reasons:

    a. **Valerie Yanaros Wilde.**  Ms. Wilde is an attorney representing Mr. Goode and GES in this instant case.

        i. Ms. Wilde is clearly aware of this instant case and claims filed against her by Montalbano, December 22, 2020 [#120], and to which she filed a Motion To Dismiss, January 12, 2021, on behalf of Goode and GES. [#131]
        ii. January 6, 2021, Montalbano informally email requested of Ms. Wilde to accept waiver of service of summon. Ms. Wilde email replied she did not understand who Montalbano was asking about for service of process; Montalbano informed Ms. Wilde it was to serve her.  No reply was received in regard to accepting waiver of service of process at any time. (Exhibit 4)
        iii. Ms. Wilde is clearly aware of this instant case, the claims against her, and is avoiding and evading acceptance of waiver of service of summons, delaying the case, and will likely avoid service by a process server as well.

    iv.    Ms. Wilde has not communicated with Montalbano regarding this instant case notably since Montalbano's conferral efforts February 16, 2021 to amend the counterclaims complaint. [#155]

    v.    It would be unreasonable to assume Ms. Wilde, an attorney, does not know what a waiver of Summons request is or how to respond to one, especially since she served and accepted waivers of service from GAIA and Weidner. [#157 at p4, Section III. ¶1]

    vi.    Ms. Wilde has a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore, it should be Granted for service of process by Montalbano via USPS Certified Mail with service of summons deemed complete upon delivery by the United States Postal Service, or service of summons deemed complete upon emailing them to Ms. Wilde at valerie@yanaroslaw.com (as listed on this court record), or deemed complete by direct Order of the Court issuing summons and service of process upon Ms. Wilde in this instant case. It would be unreasonable to further financially burden Ms. Montalbano with serving Ms. Wilde by way of process server or even USPS paper mail.

**b. Elizabeth Lorie.** Ms. Lorie, an attorney, provided a fake law firm address while extorting witnesses on behalf of Goode during Montalbano's case 18CV50 [#121-1] and then she provided the Mesa District Civil Court with a P.O. Box address to collect payment for her legal services. (Exhibit 3) Clearly, this is an address Ms. Lorie uses for her legal services, fee collections, and receipt of mail.

    i.    On, December 31, 2020 Montalbano informally requested waiver of service of process of Ms. Lorie at email address: contact@truelightlegalfund.com which is listed as a contact email for Ms. Lorie on her website https://truelightlegalfund.com; and whereby Ms. Lorie is seeking donations from the public for her True Light Legal Fund to have the public fund her lawsuit against Goode. (District Court, Boulder County, Case 2020CV265, filed December 1, 2020)  No reply was received.  (Exhibit 5)

    ii.    It would be unreasonable to assume Ms. Lorie, an attorney, did not in fact received the waiver and complaint records as delivered to her P.O. Box address that she placed on the Mesa Court record for payment, or that she did not understand what a waiver of service request is or how to respond to one.

    iii.    Ms. Lorie, has a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore service upon Ms. Lorie, by Montalbano, should be Granted, via Certified Mail to the P.O. Box address Lorie provided for the Mesa District Civil Court record, case 18CV50, filed on or about February 25, 2020, and service deemed completed upon delivery by the United States Postal Service; or deemed complete by email as listed on Lorie's legal fund website; or deemed complete by way of Publication in the state and county her mail box is located.

c. **Brian James Flynn.** Mr. Flynn is the Chief Judge of Mesa District Civil Court located in Grand Junction, Colorado. The waiver and counterclaim records were delivered to the Courthouse where Flynn regularly receives legal documents for Court record filings in cases he presides over, and to formerly include Montalbano's case 18CV50.

   i. It would be unreasonable to assume Flynn did not in fact receive the waiver and complaint records as delivered to him at the Courthouse, or that he did not understand what a waiver of service request is or how to respond to one.

   ii. Mr. Flynn, has a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore, service of process, by Montalbano, via USPS Certified Mail upon Mr. Flynn at the Mesa County Justice Center should be Granted and deemed complete upon delivery by the United States Postal Service.

d. **William Campbell.** Mr. Campbell is employed at the Colorado Commission on Judicial Discipline, and the waiver and records were delivered to the Judicial Commission address where he regularly receives legal documents related to Court and judicial complaints.

   i. It would be unreasonable to think Mr. Campbell did not in fact receive the waiver and complaint records as delivered to him at the Judicial Commission address, or that he did not understand what a waiver of service request is or how to respond to one.

   ii. Mr. Campbell has a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore, service of process by Montalbano, via USPS Certified Mail upon Mr. Campbell, Executive Director, at the Colorado Commission on Judicial Discipline address should be Granted and deemed complete upon delivery by the United States Postal Service.

e. **Matthew Grove, Diana Terry and Christina Gomez.** These third-party defendants are Judges at the Colorado Court of Appeals and the waiver and records were delivered to the Appeals Courthouse where they regularly receive legal documents for Court record filings and cases they preside over, to formerly include Montalbano's case 2020CA1775 (18CV50 appealed for civil rights violations by Flynn).

   i. It would be unreasonable to assume Mr. Grove, Ms. Terry, and Ms. Gomez, did not in fact receive the waivers and complaint records as delivered to them at the Courthouse, or that they did not understand what a waiver of service request is or how to respond to one.

   ii. Mr. Grove, Ms. Terry, and Ms. Gomez, have a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore service of process by Montalbano, via USPS Certified Mail, upon the three individuals employed at the Colorado Court of Appeals and working at the Appeals Courthouse should be Granted and deemed complete upon delivery by the United States Postal Service.

5. The United States Postal Service affirmed delivery of the waiver of service of summons and complaint documents, to the aforementioned individuals, with return receipts requested. (Exhibit 2)

6. The Court should also Grant Montalbano permission to serve the aforementioned individuals by United States Postal Service Certified Mail, email, publication, or direct Order of the Court; as it would further severely financially burden Montalbano to hire a third party process server to serve third-party defendants who clearly have a background in the law, know what a waiver request is, and their ignoring the waiver request can only be construed as tactics to avoid and evade service of process, while burdening Montalbano financially and personally with excessive research and paper writings like this one to address their ongoing willful or negligent legal failings.

7. Each of the aforementioned individuals working in legal professions would also likely avoid and evaded a process server as well and would cost Montalbano even more money, time, and distress than each of them already have.

8. Montalbano requests that **LIGHT WARRIOR LEGAL FUND LLC**, (LWLF) be Granted service of process by **substitution** via USPS certified mail to Mr. Goode directly at his Broomfield UPS mailing address: 1140 US Highway 287, Suite 400-266, Broomfield, Colorado 80020, or that LWLF be served by direct Order of the Court in this instant case, for the following:

    a. Plaintiff, Counter-defendant, Mr. James Corey Goode is the registered individual/member of LIGHT WARRIOR LEGAL FUND LLC. [#121-2 at p6]

    b. Goode is clearly aware of this lawsuit (since he opened it) and the Counterclaims [#120] filed against him and his company LIGHT WARRIOR LEGAL FUND LLC.

    c. Goode is already entered into this instant case.

    d. Goode's and GES's Broomfield mailing address is already affirmed on this Court record as a legitimate address of correspondence for Goode, who is the owner/individual/member/party required to address the claims against LIGHT WARRIOR LEGAL FUND LLC. [#61-1 at p2, No. 3; and #121-2 at p6-p8]

    e. LIGHT WARRIOR LEGAL FUND LLC and by extension Goode, have a duty to mitigate unnecessary service of process expenses. (FRCP 4(d)(1))

Therefore the Court should Grant service of process of LIGHT WARRIOR LEGAL FUND LLC by Montalbano, via USPS Certified Mail at Goode's Broomfield mailing address and deem service complete upon delivery by the United States Postal Service; or serve LWLF via Goode with a direct Order of the Court within this instant case, to spare Montalbano the cost and burden of yet another grueling mailing to Goode's Broomfield address.

9. **UNITED STATES.** According to FRCP 4(i)(3) Montalbano must also serve a copy of the summons and complaint upon the UNITED STATES via the United States District Attorney for the district where the action is brought when serving individuals (sic)

> "in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the Officer or employee under Rule 4(e), (f), or (g)"

    i.    The following address is believed to be the correct address to serve the UNITED STATES: United States Attorney's Office for the District of Colorado, 1801 California Street, Suite 1600, Denver, Colorado, 80202.

    ii.    Montalbano only recently became aware of this rule requirement (March 11, 2021) in connection with serving the following individuals: Wilde, Lorie, Flynn, Campbell, Grove, Terry, and Gomez.

    iii.    The officers/employees of the United States, as seen above, have each been served with Waiver requests pursuant FRCP Rule 4(d) which encompasses service under FRCP Rule 4(e), (f), or (g).

    iv.    If needed, the Court may grant Montalbano an extension of time to cure any failure to timely serve the UNITED STATES pursuant FRCP Rule 4(i)(4)(B).

Montalbano requests that service of process of summons and counterclaims upon the UNITED STATES be Granted in the following way: service by Montalbano, via USPS Certified Mail that includes 1) Individual paper copy of each issued summons for each of the seven employees/officers of the United States listed in this instant case, 2) paper copy of the court order Granting service by USPS Certified Mail  3) One digital disc copy (no paper copy) of the operative counterclaims pleading [#120 or #155] and exhibits [#121].

A digital copy only of the counterclaims and exhibits, rather than paper copies, should be Granted, as it would be an undue financial burden and waste of resources to print the same counterclaims and exhibits seven times, when going to the same location. If a hard copy of the counterclaims must be served, it is requested that only one paper copy of the operative

counterclaim pleading be required and served upon the UNITED STATES and the exhibits be delivered on an accompanying disc as digital files only to mitigate costs; and that service of process be deemed complete upon delivery by the United States Postal Service.

Wherefore, Montalbano moves the Court to Grant this Motion for Montalbano to process serve the aforementioned third-party defendants with the third-party summons and counterclaims by USPS Certified Mail, Email, Substitution, Publication, or direct Order of the Court for all the aforementioned reasons, and for implementation of service to commence within 21 days of the Court's decision on the operative counterclaims pleading [#120 or #155], and pursuant FRCP 4(d)(1) requiring undue burdens of financial expenses related to service of summons be mitigated and award Montalbano all costs of service of process pursuant FRCP 4(d)(2).

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff

**Certificate of Compliance**
I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**
I certify that on this 13th day of March 2021 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen