**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

**UNOPPOSED MOTION TO EXCEED THE WORD LIMIT IMPOSED BY DDD CIV. P.S. III(A)(1) FOR DEFENDANTS JIRKA RYSAVY, BRAD WARKINS, AND KIERSTEN MEDVEDICH**

---

**PLEASE TAKE NOTICE** that Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Employees"), by and through their respective undersigned attorneys, hereby move this Court, unopposed, to exceed the word limit imposed by Judge Domenico's Practice Standard for Civil Cases III(A)(1) with respect to the Gaia Employees' forthcoming joint motion to dismiss the Second Amended Complaint, a response to which is currently due on April 5, 2021.  In support of this Motion, the Gaia Employees state as follows:

On March 17, 2020, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. filed the initial Complaint asserting sixteen separate causes of action.  (Dkt. 1).  On June 8, 2020, Defendant Gaia, Inc. ("Gaia") filed a Motion to Dismiss and a Memorandum in Support, in which Gaia argued, *inter alia*, that Plaintiffs' claims should be dismissed for failure to state a claim upon which relief can be granted and pointed out numerous deficiencies in the form and the substance of the allegations.  (Dkt. 16-17).

Rather than opposing Gaia's Motion to Dismiss, Plaintiffs filed the First Amended Complaint on July 20, 2020; rather than remove claims that were clearly deficient as a matter of law, Plaintiffs actually added a claim and added the Gaia Employees as defendants.  (Dkt. 36). Subsequently, pursuant to Judge Domenico's Practice Standards, Gaia and Plaintiffs conferred

2

regarding Gaia's proposed motion to dismiss the First Amended Complaint. *See* DDD Civ. P.S. III(D).

Plaintiffs thereafter further amended the complaint, and on December 8, 2020, the Second Amended Complaint was accepted for filing. (Dkt. 111). Prior to the Second Amended Complaint being formally accepted for filing, Gaia again conferred with Plaintiffs regarding a proposed motion to dismiss, as the Second Amended Complaint failed to remedy numerous defects as previously outlined in conferrals and in Gaia's filed Motion to Dismiss. Gaia thereafter filed a Motion to Dismiss the Second Amended Complaint. (Dkt. 128).

The Gaia Employees were sent waivers of service on December 23, 2020, after Summons had issued to each of them on December 22, 2020. (Dkt. 122). Upon executing and returning the waivers of service as to each of the Gaia Employees, their response to the Second Amended Complaint became due February 22, 2021.

Counsel for the Gaia Employees conferred, on February 8, 2021, with Plaintiffs' counsel regarding the Gaia Employees' proposed motion to dismiss the Second Amended Complaint and arguments in support of that anticipated motion. During that conferral, Plaintiffs' counsel represented to Gaia Employees' counsel that Plaintiffs would consider making further amendments to their claims or stipulate to dismiss certain claims against the Gaia Employees. To allow the Plaintiffs an opportunity to do so, on February 10, 2021, the Gaia Employees and Plaintiffs stipulated to an extension of 21 days to the date for the Gaia Employees to respond to the Second Amended Complaint, thereby making the Gaia Employees' response due by March 15. (Dkt. 147). Due, in part, to extreme weather in Texas that affected Plaintiffs' counsel and her ability to confer with her clients, the parties on February 23, 2021, made a joint motion to

further extend the Gaia Employees' response date by an additional 21 days, to April 5, 2021, which the Court granted. (Dkt. 150, 151). Plaintiffs' counsel thereafter stated in a March 4, 2021, email that Plaintiffs had consented to dismissing two of the claims—libel and slander—against the Gaia individual defendants, but to date Plaintiffs have not actually filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to those claims (or any others).

Accordingly, the Gaia Employees intend to file a motion seeking dismissal, in whole or in part, of all of the claims asserted against them, with such motion to be filed by April 5, 2021. In advance of that motion, the Gaia Employees now request leave to submit a brief that exceeds the 4,000 word limit imposed by Judge Domenico's Practice Standards. *See* DDD Civ. P.S. III(A)(1). This Motion is being filed more than three business days prior to the date the motion is due. *See* DDD Civ. P.S. III(A)(5).

The arguments asserted by Gaia in its Motion to Dismiss apply with equal or greater force to the claims against the Gaia Employees. Indeed, all but one of the claims against Gaia are also asserted against the Gaia Employees[1], and there is an additional claim against the Gaia Employees based on RICO[2]. However, as the claims against the Gaia Employees appear to be based solely on their role as the agents and employees of Gaia, there are additional arguments that support dismissal of Plaintiffs' claims. For example, Plaintiffs seek to hold the individual Gaia Employees liable for an alleged breach of a contract between Plaintiffs and Gaia without any basis to assert such that the individual Gaia Employees could have any such liability.

---

[1] Plaintiffs' claim for a declaration is not brought against the Gaia Employees.
[2] This claim was briefed in the Gaia Motion to Dismiss as it was not clear that Plaintiffs were not also asserting it against Gaia. Plaintiffs have since conceded in their opposition to Gaia's Motion to Dismiss that the RICO claim is only asserted against the Gaia Employees.

4

In support of this request, and as previously noted regarding Gaia's then-proposed motion to dismiss, Plaintiffs have filed a complaint exceeding 40 pages, with 213 numbered paragraphs (many of which contain multiple allegations), 13 causes of action, and 14 exhibits. Plaintiffs Second Amended Complaint is not just long, it alleges a diverse cross-section of unrelated legal claims, including: breach of contract; trademark infringement; various torts including defamation, unfair competition, and tortious interference; and, claims brought pursuant to federal RICO statutes. In order to adequately address the wide-ranging allegations and claims, to identify to the Court the numerous deficiencies in the Second Amended Complaint, and to avoid being prejudiced by being forced to defend claims that are not supported by plausible allegations, the Gaia Employees require additional words for their brief. In making this request, the Gaia Employees are mindful of the Court's time and attention, and make the request only so that the Gaia Employees can present the Court with arguments that will identify the deficiencies in the Second Amended Complaint and thereby save the resources of the Court, and the parties, from further unnecessary litigation, discovery, and/or motion practice. Accordingly, rather than delaying the proceedings, addressing Plaintiffs' deficient claims at this early stage will ultimately serve to promote judicial efficiency.

In making this request the Gaia Employees would be remiss in failing to point out that the issues that they now seek to address in a motion to dismiss have already been exhaustively raised with the Plaintiffs on three occasions on behalf of Gaia—in writing via Gaia's previously filed Motion to Dismiss, and in two lengthy conferrals pursuant to Judge Domenico's Practice Standards—as well as in a further conferral on behalf of the Gaia Employees, and Plaintiffs have not remedied many deficiencies and insurmountable pleading failures that continue to appear in

5

the Second Amended Complaint.[3]  The Gaia Employees are thus left with no alternative but to brief the issues for the Court.  Plaintiffs have consented to the request for additional words and will not be prejudiced by it.

The Gaia Employees note that the Court granted Gaia up to 8,000 words for a motion to dismiss, which was filed only on behalf of the company.  The three Gaia Employees—who intend to file a joint motion on behalf of all of them collectively—now seek to obtain a commensurate expansion for their own motion.

The Gaia Employees therefore request that they be permitted to do one of the following: a) file a motion to dismiss and supporting memorandum, on behalf of the three of them collectively, not to exceed 12,000 words in total, to address all arguments for dismissal of the eleven claims asserted against the Gaia Employees individually, including arguments already included in Gaia's Motion to Dismiss; or, b) incorporate by reference the motion to dismiss already filed by Gaia—the arguments in which apply equally to the Gaia Employees—as well as file an additional/supplemental brief, on behalf of the three of them collectively, not to exceed 4,000 words, to address additional arguments for dismissal of the eleven claims asserted against the Gaia Employees individually.  Under either approach, the Gaia Employees will make every effort to submit a motion that is as economical and efficient as can be, but it would be impossible to address all of the key substantive and meritorious arguments for dismissal of the Second Amended Complaint within the current maximum of 4,000 words and without a significant

---

[3] In response to Gaia's previous efforts to identify the numerous deficiencies in the various versions of the complaint, Plaintiffs removed four claims that had no factual or legal support, including two "claims" that are not even recognized causes of action under Colorado law.  While such revisions addressed potentially sanctionable conduct, by no means did such amendments address all of the issues and deficiencies with Plaintiffs' claims.

increase to that maximum.  As each of the Gaia Employees would be permitted to file a brief up to 4,000 words on their own behalf, the requested increase for the proposed joint brief is no greater than the total of three individual briefs.  To be equitable, and as proposed by the Gaia Employees to Plaintiffs, the Gaia Employees consent to the Plaintiffs receiving for their response brief the same leave given to the Gaia Employees on their motion to dismiss.

**WHEREFORE**, the Gaia Employees respectfully request that this Motion be granted and that they either be permitted: 1) to file a motion to dismiss and memorandum not to exceed 12,000 words in total, together with such other and further relief as the Court deems just and proper; or, 2) to adopt, in whole, the Motion to Dismiss previously filed by Gaia, and additionally submit a supplemental motion not to exceed 4,000 words to address additional arguments pertaining to the Gaia Employees individually.

Dated:  March 15, 2021                          **DAVIS & GILBERT LLP**

  /s/ *Daniel A. Dingerson*
Daniel A. Dingerson
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: ddingerson@dglaw.com

*Attorneys for Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

        /s/ Daniel A. Dingerson
        Daniel A. Dingerson

## CERTIFICATE OF CONFERRAL

I hereby certify that pursuant to Local Civil Rule 7.1(a), on February 2, 2021, I conferred via telephone with Plaintiffs' counsel concerning this motion and the relief being sought herein. I further certify that Plaintiffs, through their counsel, represented that they do not oppose the relief requested.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I caused a copy of the foregoing Unopposed Motion to Exceed the Word Limit Imposed by DDD Civ. P.S. III(A)(1) to be served on all other parties who have appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson