IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                Defendants.

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DEADLINE**

### I. Introduction

James Corey Goode ("Mr. Goode") and Good Enterprise Solutions ("GES") (collectively "Goode" or the "Plaintiffs") files this Response in opposition ("Response") to Defendants' Gaia, Inc. ("Gaia") and Jay Weidner ("Weidner", each a "Defendant" or conjunctively "Defendants") Motion to Extend Deadline (Docket 157, the "Motion"). This Court should deny Defendants' Motion.

### II. Background

After many attempts to delay this case as much as possible, Defendants yet again further attempt to delay by requesting this Court do something it may not do—extend a statute of limitations. This Court should require Defendants to serve their compulsory counterclaims within

one year of the service of the complaint—here, one year after Goode requested its second amended complaint to be filed: August 31, 2021 (Docket 61). To allow them to delay any longer would work an immense injustice to Goode and this Court.

Gaia has enacted years of delay since Goode first initiated settlement discussions and has had the assistance of multiple law firms, legal letters and discussions that it has thwarted time and time again. (*See, e.g.,* Exhibits A, B and C between counsel for Plaintiffs and three different attorneys at three different law firms for Gaia prior to institution of this suit). Weidner has strung out his years of abusive conduct towards Goode, has hidden behind Gaia and others and must not have the benefit of drawing out the time to discovery and trial any longer. (*See, e.g.,* Docket 111 at 13-15). If either or both parties have lost the benefit of the legal system—one that defendant Weidner has continuously and systematically ridiculed (*see, e.g.,* Docket 153-1 at 7, 9, 14)—because of their undue delay, this Court and Goode should not pay the price for their lapses and disregard for the judicial process and their improprieties towards Plaintiffs.

### III. Argument

Defendants misinterpret the statute at issue, admit that their motion is baseless and has no supporting authority (Mot. at 4) and misrepresent facts in an attempt to sway this Court to give them even more of an opportunity to delay forward movement in this case in this case. Colorado Revised Statute § 13-80-109—the "Revival Statute"—offers defendants an option to bring claims that they would not otherwise be able to due to a limitations period bar, already offering an opportunity that is otherwise not enjoyed by defendants in most other jurisdictions. It states: "Colorado law provides that "[a] counterclaim or setoff arising out of the transaction or occurrence which is the subject matter of the opposing party's claim **shall be commenced within one year** after service of the complaint by the opposing party **and not thereafter**." C.R.S. § 13-80-109

(emphasis added). The tradeoff for this second bite at the apple when Defendants have slept on their rights is tempered by the one-year time bar. Defendants identify no concrete counterclaims that they intend to pursue, and thus are merely filing their Motion as a delay tactic to further prolong any time to discovery and resolution of this case.

"There is a presumption that the General Assembly intends a just and reasonable result when it enacts a statute, and a statutory construction that defeats the legislative intent will not be followed." *Kauntz v. HCA-Healthone, LLC*, 174 P.3d 813, 816 (Colo. App. 2007). This Court must adopt a construction that will serve the purposes underlying the statute and avoid interpretations that lead to an absurd result. *Wolf Creek Ski Corp. v. Bd. of County Comm'rs*, 170 P.3d 821, 826 (Colo. App. 2007); *Gumina v. City of Sterling*, 119 P.3d 527, 530 (Colo. App. 2004). If the language of a statute "is clear and the intent of the General Assembly may be discerned with certainty, we need not resort to other rules of statutory interpretation." *W. Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 573 (Colo. App. 2006). The plain language of the statute is clear and unambiguous and this Court may not allow Defendants to extend this deadline after have employing such delay tactics. Those cases which have interpreted section 13-80-109 have focused on the nature of the counterclaim asserted. *See, e.g., Plains Metropolitan Dist. v. Ken-Caryl Ranch Metropolitan Dist.*, 250 P.3d 697, 702 (Colo. App. 2010) (the purpose of the counterclaim revival statute is to allow a party to assert time-barred compulsory counterclaims in certain circumstances). If Defendants have compulsory counterclaims—which is unclear from their motion because they do not raise any—then they *shall* be commenced by August 31, 2021 and *not thereafter*.

Finally, with regard to the mental gymnastics engaged in Defendants' Motion regarding service, the time for Defendants to file their counterclaims under the Revival Statute is much easier

to calculate.[1] Plaintiffs filed their SAC on August 31, 2021 (Docket 111). Under District of Colorado Local Rule 5.1(d), Defendants were served with the operative complaint then. D. C. Colo. L. Civ. R. 5.1(d) states:

> "Electronic Service. When a pleading or document is filed in CM/ECF, it is served electronically under Fed. R. Civ. P. 5. The time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are used. The Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service. Registration in CM/ECF shall constitute consent to electronic service of all pleadings or documents."

(*see also Wallace v. Sherwin Williams Co., Inc.*, 720 F. Supp. 158, 159 (D. Kan. 1988) ("The court holds that plaintiff's amended complaint was effectively filed when his motion for leave to file an amended complaint was filed on May 20, 1988."); *Lee v. City of Leawood, Kansas*, CIVIL ACTION No. 08-2242-KHV, at *5 (D. Kan. July 16, 2009) ("Plaintiff correctly notes that an amended complaint is deemed filed on the date plaintiff seeks leave to amend.") *Farm Credit Bank of Wichita v. FCB Ltd. P'ship*, 825 F. Supp. 932, 935 (D. Kan. 1993) (for purposes of statute of limitations, amended complaint that adds new parties to diversity action deemed filed on date motion to amend filed, not date that plaintiff actually files complaint after receiving leave of court); *Ramirez v. City of Wichita, Kan*., No. 92-1437, 1994 WL 114295, at *2 (D. Kan. March 24, 1994) (if motion to amend granted, suit deemed filed on date motion filed, not date amended complaint filed). The pending Motions to Dismiss filed by Defendants (Dockets 128 and 129) may well be resolved within that six-month period. If not, then the prejudice suffered by Plaintiffs in being forced to wait even further to finally have Defendants' alleged complaints reduced to claims in the

---

[1] Plaintiffs' counsel conferred with Defendants' counsel over the course of a week regarding the Motion via phone and email. After Plaintiffs' counsel received no response to, *inter alia*, a question regarding Defendants' anticipated deadline, she stated to list Plaintiffs as opposed. Three days later counsel received an email and proposed Motion from Defendants' counsel and was given six hours to respond to the proposed Motion but was out of the office that day and was not able to review until well after it was filed.

current case would far outweigh Defendants' prejudice. Now Defendants have had the advantage of a year and many discussions over Plaintiffs' pending claims. Plaintiffs have had to undergo the cost and time of all of the work put into building, amending and defending those claims and have had to wait for discovery to move forward. In that vast amount of time witnesses' memories have faded and documents and information has aged and changed. If Defendants have counterclaims that they have failed to bring, they have already gotten the benefit of another bite at the apple and may not extend the time to discovery and trial any longer.

### IV. Conclusion

This Court should deny Defendants' Motion. Defendants still have six entire months to build and file their counterclaims. Additionally, they have the benefit of the last year of litigation *and* the previous few years of development of their positions through discussions.

Respectfully submitted this 29th day of March, 2021.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
15851 Dallas Parkway, Suite 600
Addison, Texas 75001
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## **CERTIFICATE OF SERVICE**

I hereby certify that on 29th day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros