IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

**JIRKA RYSAVY, BRAD WARKINS, AND KIERSTEN MEDVEDICH'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

---

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ...................................................................................1

**RELEVANT FACTUAL ALLEGATIONS AGAINST
THE GAIA EMPLOYEES**...................................................................................2

I.    THE PARTIES..........................................................................................................2

II.   CONTRACTUAL RELATIONSHIP BETWEEN
GAIA AND PLAINTIFFS........................................................................................3

III.  PLAINTIFFS' ASSERTED INTELLECTUAL PROPERTY RIGHTS ...........................3

IV.  ACTIONS OF OTHER DEFENDANTS ....................................................................4

**ARGUMENT**...........................................................................................................4

I.    RULE 12 REQUIRES CLAIMS TO BE PLAUSIBLE ...............................................5

II.   EACH OF PLAINTIFFS' CLAIMS FAILS TO STATE
A CAUSE OF ACTION ...........................................................................................5

        A.    PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW ..............6

               BREACH OF CONTRACT INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED:
1) PRIVITY OF CONTRACT; 2) UNDISCLOSED PRINCIPAL. .......................................7

        B.    PLAINTIFFS' RICO CLAIM FAILS AS A MATTER OF LAW ...................................7

        C.    PLAINTIFFS' TRADEMARK CLAIMS FAIL AS A MATTER OF LAW ..............................8

               INFRINGEMENT INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED:
1) KNOWLEDGE AND PARTICIPATION; 2) RIGHT AND ABILITY TO SUPERVISE;
3) DIRECT FINANCIAL INTEREST..........................................................................8

        D.    PLAINTIFFS' OTHER TORT CLAIMS ARE DEFICIENT AND SHOULD BE DISMISSED.....9

               1.    Colorado Consumer Protection Act ........................................................10

               CCPA INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED:
1) REPRESENTATIONS BY THE INDIVIDUAL GAIA EMPLOYEES;
2) ACTIVE PARTICIPATION IN REPRESENTATIONS BY OTHERS. ............................10

               2.    Colorado Common Law Unfair Competition ...........................................11

               UNFAIR COMPETITION INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED:
1) USE BY THE INDIVIDUAL GAIA EMPLOYEES;
2) ACTIVE PARTICIPATION IN USE BY GAIA. .........................................................11

               3.    Fraudulent Misrepresentation ................................................................11

               4.    Libel and Slander ...................................................................................12

i

DEFAMATION INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED: 1) STATEMENTS BY THE INDIVIDUAL GAIA EMPLOYEES; 2) ACTIVE PARTICIPATION IN STATEMENTS BY GAIA. ...........................................12

5.      Tortious Interference with a Business Expectancy ...................................13

INTERFERENCE INDIVIDUAL LIABILITY ELEMENTS NOT ALLEGED: 1) "IMPROPER" INTERFERENCE BY THE GAIA EMPLOYEES; 2) PARTICIPATION IN "IMPROPER" INTERFERENCE BY GAIA..............................13

**CONCLUSION** ........................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                             **Page(s)**

*Amoco Oil Co. v. Ervin*,
    908 P.2d 493 (Colo. 1995) ...................................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................5, 11, 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................5

*Brereton v. Bountiful City Corp.*,
    434 F.3d 1213 (10th Cir. 2006) ...................................................................5

*Feder v. Videotrip Corp.*,
    697 F. Supp. 1165 (D. Colo. 1988) .............................................................8

*Grossman v. Novell, Inc.*,
    120 F.3d 1112 (10th Cir. 1997) ...................................................................5

*Khalik v. United Air Lines*,
    671 F.3d 1188 (10th Cir. 2012) ...............................................................2, 5

*Kunz v. Cycles West, Inc.*,
    969 P.2d 781 (Colo. App. 1998) .................................................................6

*Leonard v. McMorris*,
    63 P.3d 323 (Colo. 2003) ...........................................................................6

*Newport Steel Corp. v. Thompson*,
    757 F. Supp. 1152 (D. Colo. 1990) .............................................................6

*Snowden v. Taggart*,
    17 P.2d 305 (1932) .....................................................................................9

*Synergy Resources Corp. v. Briller, Inc.*,
    No. 15-cv-01337-RBJ, 2016 WL 915752 (D. Colo. Mar. 10, 2016) ................... 5-6

*Tatten v. Bank of America Corp.*,
    912 F. Supp. 2d 1032 (D. Colo. 2012) ...............................................6, 9, 10, 13

*United States v. Van Diviner*,
    822 F.2d 960 (10th Cir. 1987) ...................................................................6

**Statutes**

C.R.S. § 6-1-105 ...................................................................................................................10

**Other**

Restatement (Second) of Agency § 320 (1958) ............................................................6

**PLEASE TAKE NOTICE** that Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Employees"), by and through their attorneys, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss with prejudice the Second Amended Complaint ("Complaint") of Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES"), for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

The Gaia Employees—as Defendant Gaia, Inc. ("Gaia"), has already done[1]—file this Motion to finally resolve Plaintiffs' unsupported and deficient claims.

At some point after filing their initial complaint, Plaintiffs apparently determined that smearing Gaia was not sufficient for their purposes of garnering attention and raising money, and thus amended their claims to individually name the three Gaia Employees. However, the crippling and incurable deficiencies in Plaintiffs' claims against Gaia are equally applicable, if not more so, to the claims against the Gaia Employees. Moreover, there is no basis in law or fact for Plaintiffs to bring any asserted claims against the Gaia Employees based on the purported actions of Gaia.

The Complaint includes thirteen numbered claims—eleven apparently brought against the Gaia Employees. But when adding the Gaia Employees, Plaintiffs did nothing more than plaster the names of three executives into the Complaint. Belying any assertion that Plaintiffs have legitimate claims against the Gaia Employees based on their individual actions, Plaintiffs did not differentiate among the Gaia Employees as to any of the claims and did not plead any

---

[1] Pursuant to the Court's March 30, 2021, Order (Dkt. 174), this Motion incorporates by reference the arguments made in Defendant Gaia, Inc.'s Motion to Dismiss (Dkt. 128).

facts that could plausibly result in any of the Gaia Employees being individually liable to Plaintiffs on any of the eleven asserted claims.

For example, Plaintiffs assert a breach of contract claim against the Gaia Employees collectively based on a contract that Plaintiffs admit was with only with Gaia.  Further, Plaintiffs assert various tort claims against the Gaia Employees without alleging supporting facts to explain how each of Rysavy, Warkins, and Medvedich was purportedly directly responsible or involved.

For all of the reasons in Gaia's Motion to Dismiss and herein, Plaintiffs' continued assault on Gaia—now through its officers and employees—requires dismissal of all claims with prejudice and an imposition of sanctions on Plaintiffs and their counsel.

## RELEVANT FACTUAL ALLEGATIONS[2] AGAINST THE GAIA EMPLOYEES[3]

### I.    THE PARTIES

Gaia is a conscious media company that operates a global digital video subscription service catering to a unique subscriber base.  Rysavy is the founder, Chairman, and Chief Executive Officer of Gaia.  (Complaint ¶ 5).  Warkins is the President of Gaia, and was previously the Chief Operating Officer.  (*See* Complaint ¶ 6).  Medvedich is the Executive Vice President of Content for Gaia, and was previously a Senior Vice President.  (*See* Complaint ¶ 7).

---

[2] Plaintiffs' non-conclusory allegations are accepted as true solely for this Motion, and are otherwise denied; Plaintiffs' conclusory allegations are denied and should be disregarded.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

[3] Plaintiffs frequently fail to distinguish among Defendants in the Complaint; for this Motion and to assist the Court, the Gaia Employees have attempted to determine which allegations pertain to them, but do not concede that any do.

James Corey Goode is a media figure and Goode Enterprise Solutions, Inc. ("GES") is a company formed by Goode and his wife.  (Complaint ¶¶ 2-3).

## II.    CONTRACTUAL RELATIONSHIP BETWEEN GAIA AND PLAINTIFFS

In June 2015, Plaintiffs and Gaia began discussing Goode's appearance on the show *Cosmic Disclosure* ("CD"), and thereafter contracted for Goode to appear on CD.  (Complaint ¶ 22).  Goode alleges that the Gaia Employees were involved in the initial discussions and in contract negotiations.  (Complaint ¶¶ 22, 25, 30).  Goode admits that he knowingly contracted with Gaia, not the individual Gaia Employees, namely in a written contract with Gaia dated August 22, 2016, related to Goode appearing on CD and for various speaking engagements.  (Complaint ¶¶ 22, 26-30).  Plaintiffs allege that contracts with Gaia were purportedly breached "through" Rysavy.  (Complaint ¶¶ 28, 29, 31).

## III.    PLAINTIFFS' ASSERTED INTELLECTUAL PROPERTY RIGHTS

GES asserts rights to certain intellectual property created by Goode.  (Complaint ¶ 19).  Such intellectual property may include Plaintiffs' purported rights in the terms "Sphere Being Alliance", "SBA", "Blue Avians", and "20 and Back".  (Complaint ¶¶ 38-40).

Plaintiffs allege without specification that Gaia—"through" the Gaia Employees—has used "20 and Back" "on various advertising and promotional materials."  (Complaint ¶ 47).  Plaintiffs allege that other individuals—not named as Defendants—appeared on CD and "use[d] Goode's [] protected phrases."  (Complaint ¶¶ 48, 151).  Plaintiffs do not allege which "protected phrases" were supposedly "used", when such "protected phrases" were "used", who "used" the "protected phrases", or in what context the "protected phrases" were "used".  (*See* Complaint ¶¶ 48-57).

Plaintiffs allege that they attempted to stop Gaia and others from "using" their "protected phrases" by sending cease-and-desist letters to Gaia and certain third-parties.  (Complaint ¶ 50). Plaintiffs allege that Medvedich and Warkins sent a letter to one recipient of Plaintiffs' threatening letters, on behalf of Gaia, offering to indemnify him.  (Complaint ¶¶ 52, 54).

## IV.     ACTIONS OF OTHER DEFENDANTS

Plaintiffs allege that Defendants Weidner, High, Montalbano, and Zavodnick (termed the "Association") made various purportedly defamatory statements.[4]  (Complaint ¶¶ 58-59, 88, 102).  Plaintiffs also allege that the Association made threats to Goode, or undertook other actions designed to harass him.  (*See* Complaint ¶¶ 59-106).  Plaintiffs do not allege that the Gaia Employees made statements or took any actions to threaten, harass, or defame Goode, his family, or GES.

Plaintiffs allege that Goode ceased being invited to certain conferences sponsored by Gaia because of "malicious postings" by the Association and conversations between the heads of such conferences and the Gaia Employees.  (Complaint ¶¶ 89, 99).

## ARGUMENT

In addition to the deficiencies in Plaintiffs' claims described in Gaia's Motion to Dismiss and incorporated herein by reference, Plaintiffs' claims against the Gaia Employees must also be dismissed because Plaintiffs have failed to allege facts that plausibly allow a reasonable inference of each of the Gaia Employees' personal and individual liability as to each claim. Plaintiffs appear to presume that the Gaia Employees are liable for Gaia's alleged actions simply

---

[4] Although not apparent from the Complaint, in Plaintiffs' opposition to Gaia's Motion to Dismiss, they asserted that a statement made by a third party not named as a Defendant, Jason Rice, is the basis for Plaintiffs' defamation claims against Gaia.

because Gaia purportedly acted "through" them; Plaintiffs' apparent presumption is incorrect. Indeed, Plaintiffs would need to allege details about the Gaia Employees' own actions such as direct participation in and control over the alleged corporate actions—which they have not done and cannot do—to allow for an inference of any liability.  Accordingly, Plaintiffs' claims against the Gaia Employees should be dismissed.

## I.      RULE 12 REQUIRES CLAIMS TO BE PLAUSIBLE

Under Rule 12(b)(6), a complaint should be dismissed unless it alleges facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one that allows the court to draw a reasonable inference—more than a mere possibility—of defendant's liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Mere recitations of the elements of a cause of action or conclusory statements of liability do not suffice.  *Twombly*, 550 U.S. at 555.  Accordingly, courts disregard conclusory statements and determine whether the remaining factual allegations plausibly suggest liability. *Khalik*, 671 F.3d at 1190.

Where a complaint fails to state a claim and further amendment is futile, dismissal with prejudice is appropriate.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997).

## II.     EACH OF PLAINTIFFS' CLAIMS FAILS TO STATE A CAUSE OF ACTION

Plaintiffs' allegations that Gaia acted "through" the Gaia Employees are of no consequence because a corporation cannot take <u>any</u> actions other than "through" individuals. *Synergy Res. Corp. v. Briller, Inc.*, No. 15-cv-01337-RBJ, 2016 WL 915752, at *6 (D. Colo.

Mar. 10, 2016).  Employment alone does not make the Gaia Employees liable for Plaintiffs'

claims, even if they were alleged sufficiently.  Because Plaintiffs' allegations do not specifically

tie the individual Gaia Employees to each of the claims alleged, Plaintiffs' claims against the

Gaia Employees must be dismissed with prejudice.

### A.      PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW

Plaintiffs' breach of contract claim is deficient and should be dismissed for all of the

reasons articulated in Gaia's Motion to Dismiss and incorporated herein.  Further, the claim must

be dismissed against the Gaia Employees because any purported contract on which Plaintiffs

base their claim is a contract with Gaia, not with the individual Gaia Employees, and there is no

basis on which to hold the Gaia Employees liable for Gaia's contractual obligations.

A corporation is a separate entity distinct from its officers, directors, and employees.

*Newport Steel Corp. v. Thompson*, 757 F. Supp. 1152, 1156 (D. Colo. 1990).  Thus, "'unless

otherwise agreed, a person making or purporting to make a contract with another as agent for a

disclosed principal does not become a party to the contract.'"  *Tatten v. Bank of Am. Corp.*, 912

F. Supp. 2d 1032, 1039 (D. Colo. 2012) (quoting *Restatement (Second) of Agency* § 320 (1958)).

Moreover, "[a] corporate officer is not the employer responsible for creating the contractual

employment relationship and is not personally responsible for a breach of that relationship,

unless he or she created the relationship without disclosing the responsible principal corporation

to which he answered as an agent."  *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003); *see

also United States v. Van Diviner*, 822 F.2d 960, 963 (10th Cir. 1987) (officer was not personally

liable for contract when he acted for a disclosed principal corporation); *Kunz v. Cycles West,

Inc.*, 969 P.2d 781, 784 (Colo. App. 1998) (officer not personally liable for insufficient checks).

### Breach of Contract Individual Liability Elements Not Alleged: 1) privity of contract; 2) undisclosed principal.

Even if Plaintiffs' breach of contract claim was sufficiently pleaded as to Gaia—it is not—there is no basis to allege liability against any of the Gaia Employees. Plaintiffs have admitted that any contract is solely between Plaintiffs and Gaia, not the Gaia Employees. Further, there are no allegations that the Gaia Employees did not disclose the identity of Gaia during contract negotiations and execution. Indeed, based on Plaintiffs' allegations that the contract was for Goode's appearance on the Gaia show CD, any such allegations would be entirely implausible. Accordingly, there can be no plausible allegations that the Gaia Employees are parties to a contract with Plaintiffs, that they themselves breached any contract, or that they are personally liable for any alleged breaches of a contract between Plaintiffs and Gaia. Accordingly, Plaintiffs' breach of contract claim against the Gaia Employees must be dismissed with prejudice.

### B.    PLAINTIFFS' RICO CLAIM FAILS AS A MATTER OF LAW

Plaintiffs' RICO claim against the Gaia Employees fails to state a claim and should be dismissed for all of the reasons articulated in Gaia's Motion to Dismiss and incorporated herein[5], namely that Plaintiffs have not pleaded any valid instances of mail or wire fraud—the purported "racketeering activity" that is a required element of any RICO claim—much less any pattern of activity. The various emails from the Gaia Employees that are alleged to constitute "wire fraud" merely concern the performance of Plaintiffs' contract with Gaia, and do not provide any basis to assert liability against the Gaia Employees for any reason, much less a claim for RICO.

---

[5] In their opposition to Gaia's Motion to Dismiss, Plaintiffs clarified that the RICO claim was not pleaded against Gaia, but only the Gaia Employees. Nevertheless, the arguments in Gaia's Motion to Dismiss are equally applicable to the claim and are incorporated herein by reference.

Accordingly, Plaintiffs' RICO claim against the Gaia Employees should be dismissed with prejudice.

### C.   PLAINTIFFS' TRADEMARK CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' various trademark claims[6] against the Gaia Employees should be dismissed for all of the reasons articulated in Gaia's Motion to Dismiss and incorporated herein.  Further, even if Plaintiffs could support a claim against Gaia (which they cannot), they have not alleged facts that would plausibly support any liability by the Gaia Employees for Gaia's alleged actions.

Unlike a breach of contract claim, in limited circumstances, a trademark infringement claim may be asserted against an officer of a corporation, but only if the officer is directly responsible for the corporation's infringing activities.  *Feder v. Videotrip Corp.*, 697 F. Supp. 1165, 1177 (D. Colo. 1988).  Liability may thus be imposed only on an officer with knowledge of and participation in the infringing conduct or, if there is no actual knowledge of the infringement, on an officer who has both the right and ability to supervise the infringing activity and a direct financial interest in such activity.  *Id.*

**Infringement Individual Liability Elements Not Alleged: 1) knowledge and participation; 2) right and ability to supervise; 3) direct financial interest.**

Here, Plaintiffs have not even attempted to plead any particular facts to meet the standards for imposing trademark liability on the Gaia Employees.  Plaintiffs have not alleged that any of Rysavy, Warkins, or Medvedich had knowledge of and participated in the alleged "use" of Plaintiffs' purported marks.  Nor have Plaintiffs made any allegations that any of Rysavy, Warkins, or Medvedich had both the right and ability to supervise the infringing activity

---

[6] Plaintiffs' trademark claims include federal trademark infringement, unfair competition, and false designation of origin claims, as well as a Colorado common law infringement claim.

along with a direct and individual financial interest in the activity.  Indeed, Plaintiffs' entire basis for alleging trademark claims against the Gaia Employees seems to be their mere status as employees or officers of Gaia.  That alone is not enough to allow the Court to plausibly infer liability.  Accordingly, Plaintiffs' trademark claims must be dismissed as to the Gaia Employees for the additional reason that they are not personally liable for any alleged infringement by Gaia (of which there is none, as articulated in Gaia's Motion to Dismiss).

### D.    PLAINTIFFS' OTHER TORT CLAIMS ARE DEFICIENT AND SHOULD BE DISMISSED

Plaintiffs' other tort claims are deficient and should be dismissed for all of the reasons articulated in Gaia's Motion to Dismiss and incorporated herein.  Further, even if Plaintiffs could support any tort claims against Gaia (which they cannot), they have not alleged facts that would plausibly support any liability by the Gaia Employees for such actions.

Similar to the standard for finding liability pursuant to a trademark infringement claim, the Gaia Employees cannot be liable for Plaintiffs' purported tort claims against Gaia merely because they are employees or officers of the company.  *See Snowden v. Taggart*, 17 P.2d 305, 307 (1932).  Instead, an officer or employee of a corporation may only be held personally liable in certain limited situations.  *Tatten*, 912 F. Supp. 2d at 1039.  One such situation is when it is appropriate to pierce the corporate veil, *id*., but Plaintiffs have not pleaded any facts that could support such a finding or made any such allegations.  Otherwise, an officer or employee of a corporation may only be held personally liable for his or her individual acts.  *Snowden*, 17 P.2d at 307; *Tatten*, 912 F. Supp. 2d at 1039 (corporate agent only responsible for torts of the corporation if the agent "approved of, sanctioned, directed, actively participated in, or cooperated in such conduct").  As to each of Plaintiffs' tort claims, there are no factual allegations that any

of the Gaia Employees committed any tortious acts themselves, or that they directed or sanctioned any such conduct.  As such, each claim fails as a matter of law and should be dismissed as to the Gaia Employees.  *See Tatten*, 912 F. Supp. 2d at 1039.

### 1.   *Colorado Consumer Protection Act*

As described in Gaia's Motion to Dismiss, incorporated herein by reference, Plaintiffs' claim for violation of the Colorado Consumer Protection Act (the "CCPA") fails as a matter of law, namely because Plaintiffs have failed to identify a false representation that could support a CCPA claim, nor any significant impact to the public, both of which must be alleged with particularity pursuant to Rule 9(b).  As such—and particularly relevant to the Gaia Employees and this Motion—Plaintiffs have not identified any individual(s) who made any such false representation, much less that the Gaia Employees themselves did or that they directed or sanctioned any such false representations by others.

**CCPA Individual Liability Elements Not Alleged: 1) representations by the individual Gaia Employees; 2) active participation in representations by others.**

Plaintiffs' vague and conclusory allegations are wholly deficient under Rule 9(b)'s heightened standards, and are particularly deficient as alleged against the Gaia Employees because there are no allegations that any of the Gaia Employees made any false representation at all.  To the extent that Plaintiffs base their claim on allegations that certain individuals mentioned words and phrases on CD that Plaintiffs assert are trademarks, such allegations do not plausibly suggest an unfair or deceptive trade practice.  *See* C.R.S. § 6-1-105.  Moreover, Plaintiffs have not alleged that any of the Gaia Employees directed or sanctioned such purported statements, so there is no alleged basis on which to impose liability on the Gaia Employees, even if such statements could constitute a violation of the CCPA (they do not).  The lack of any false

representations attributed to or directed by the Gaia Employees requires dismissal with prejudice of Plaintiffs' CCPA claim.

### 2.     *Colorado Common Law Unfair Competition*

Plaintiffs' claim for common law unfair competition should be dismissed for the reasons described in Gaia's Motion to Dismiss and incorporated herein by reference.  Moreover, as with Plaintiffs' other trademark claims, Plaintiffs have not alleged that the Gaia Employees used Plaintiffs' purported trademarks, nor anything that would plausibly support any liability by the Gaia Employees for any such purported use by Gaia.

**Unfair Competition Individual Liability Elements Not Alleged:**
**1) use by the individual Gaia Employees; 2) active participation in use by Gaia.**

First, Plaintiffs have plainly not alleged that the Gaia Employees themselves "used" in any way—much less "unfairly" used—Plaintiffs' purported marks.  Neither have Plaintiffs alleged that any of the Gaia Employees had knowledge of and participated in any "unfair use" by Gaia of Plaintiffs' purported marks.  Nor have Plaintiffs made any allegations that any of Rysavy, Warkins, or Medvedich directed or sanctioned any such "use".  Once again, Plaintiffs' entire basis for alleging a claim against the Gaia Employees seems to be their mere status as employees or officers of Gaia, which is an insufficient basis on which to hold them liable.  As such, Plaintiffs' allegations do not allow the court to draw any reasonable inference of liability. *See Iqbal*, 556 U.S. at 678.  Accordingly, Plaintiffs' unfair competition claim must be dismissed as to the Gaia Employees.

### 3.     *Fraudulent Misrepresentation*

Plaintiffs' claim for fraudulent misrepresentation should be dismissed for the reasons described in Gaia's Motion to Dismiss and incorporated herein by reference.  Plaintiffs' claim

appears to be based on certain emails sent by the Gaia Employees, but such emails cannot constitute fraud because they merely relate to the parties' performance of contractual obligations. Thus, the alleged statements by the Gaia Employees are not actionable in tort. Accordingly, Plaintiffs' claim for fraudulent misrepresentation against the Gaia Employees is not plausible and should be dismissed with prejudice. *See Iqbal*, 556 U.S. at 678.

### 4.    *Libel and Slander*[7]

Plaintiffs' claims for libel and slander should be dismissed for the reasons described in Gaia's Motion to Dismiss and incorporated herein by reference. Consistent with those arguments, Plaintiffs have not alleged that any of Rysavy, Warkins, or Medvedich actually made any allegedly defamatory statements. Nor have Plaintiffs alleged that the Gaia Employees approved, directed, or actively participated in any allegedly defamatory statements otherwise made by Gaia.

**Defamation Individual Liability Elements Not Alleged: 1) statements by the individual Gaia Employees; 2) active participation in statements by Gaia.**

Plaintiffs do not allege in the Complaint that the Gaia Employees made any defamatory statements themselves. However, in their opposition to Gaia's Motion to Dismiss, Plaintiffs asserted that their defamation claims were based on statements made by Jason Rice. However, Plaintiffs have not alleged any viable basis for vicarious liability to Gaia for any statements made by Rice, much less that any of the Gaia Employees themselves were personally responsible for any statements by Rice. Absent allegations that the Gaia Employees "approved of, sanctioned, directed, actively participated in, or cooperated in" Rice's statements, they cannot support

---

[7] Plaintiffs' counsel stated in a March 4, 2021, email that Plaintiffs consented to dismissing their libel and slander claims as to the Gaia Employees but, as of this filing, Plaintiffs have not filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to any claims.

liability on behalf of the Gaia Employees for libel or slander.  *See Tatten*, 912 F. Supp. 2d at

1039.  The total lack of any allegations that the Gaia Employees made defamatory statements

themselves or were responsible for defamatory statements by others requires dismissal of

Plaintiffs' defamation claims.

### 5.     *Tortious Interference with a Business Expectancy*

Plaintiffs' claim for interference should be dismissed for the reasons described in Gaia's

Motion to Dismiss and incorporated herein by reference.  Consistent with those arguments,

Plaintiffs have not alleged that any of the Gaia Employees did anything that could plausibly

constitute "improper" interference by "wrongful means" to support an interference claim.  *See*

*Amoco Oil Co. v. Ervin*, 908 P.2d 493, 500 (Colo. 1995).  Nor do Plaintiffs allege that the Gaia

Employees directed or sanctioned any legally improper interference by any other Gaia

representatives.

### Interference Individual Liability Elements Not Alleged: 1) "improper" interference by the Gaia Employees; 2) participation in "improper" interference by Gaia.

Plaintiffs allege only that the Gaia Employees "spoke to the heads of [conferences] and

told them not to invite Goode."  This does not constitute "improper" interference, because it does

not involve the use of physical violence, fraud, or prosecution, none of which Plaintiffs allege.

*Id*.  In their opposition to Gaia's Motion to Dismiss, Plaintiffs asserted for the first time that the

Gaia Employees defamed Goode in speaking to the heads of conferences, but—as outlined

above—there are no allegations in the Complaint of any defamatory statements by the Gaia

Employees at all, much less with respect to conference heads.  Accordingly, Plaintiffs' claim for

interference against the Gaia Employees must be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, the Gaia Employees respectfully request that the Court dismiss the Complaint and all claims therein with prejudice and without leave to re-plead, together with such other and further relief as the Court deems just and proper.  The Court should also impose sanctions on Plaintiffs and their counsel for failure to file in good faith the Complaint and the claims therein.

Dated: April 5, 2021

**DAVIS & GILBERT LLP**

By:   /s/ *Daniel A. Dingerson*
        Daniel A. Dingerson
        Ina B. Scher
        ddingerson@dglaw.com

1675 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich*

14

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as amended by the Court's March 30, 2021, Order providing that the Gaia Employees may file a single motion to dismiss not to exceed 4,000 words but may incorporate by reference the arguments made in Defendant Gaia, Inc.'s motion to dismiss. For purposes of this certification, the word count includes footnotes but excludes the case caption, tables of contents and authority (which are provided for the Court's convenience), signature block, this Certificate of Compliance, the Certificate of Service, and the Certificate of Conferral.

 

 

 

                     /s/ Daniel A. Dingerson

                      Daniel A. Dingerson

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2021, I caused a copy of the foregoing Jirka Rysavy, Brad Warkins, and Kiersten Medvedich's Motion to Dismiss Plaintiffs' Second Amended Complaint and Memorandum in Support to be served on all other parties who have appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.

/s/ Daniel A. Dingerson
Daniel A. Dingerson

**<u>CERTIFICATE OF CONFERRAL</u>**

I hereby certify that pursuant to Judge Domenico's Practice Standard III(D)(1), on February 8, 2021, I conferred via telephone with Plaintiffs' counsel about the claims in the Second Amended Complaint, including discussion of the arguments anticipated to be included in this motion to dismiss. I hereby further certify that I conferred with Plaintiffs' counsel via telephone on previous occasions concerning the claims against Gaia, Inc., and prior versions of the complaint, the arguments for dismissal of which are, in many respects, the same or similar to the arguments herein with respect to the Second Amended Complaint.

<u>    /s/ Daniel A. Dingerson    </u>
Daniel A. Dingerson