# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE COUNTERCLAIMS IN COMPLIANCE WITH COLORADO REVISED STATUTE § 13-80-109**

---

Defendants Gaia, Inc. ("Gaia"), and Jay Weidner (collectively, for purposes of this motion, the "Defendants"), respectfully submit this Reply Memorandum in Support of their Joint Motion for Leave to File Counterclaims in Compliance with Colorado Revised Statute § 13-80-109 (the "Motion"), and in response to Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.'s Response in Opposition to Defendants' Motion to Extend Deadline[1] (Dkt. 173), filed on March 29, 2021.

## PRELIMINARY STATEMENT AND RELIEF REQUESTED

Defendants are not seeking an extension of time by the Motion; indeed, the opposite is true. Defendants seek leave to file their counterclaims presently[2]—even while their respective motions to dismiss are pending—which is *earlier* than they would otherwise be required to do pursuant to Federal Rule of Civil Procedure 12(a)(4) (i.e. not until 14 days after resolution of a Rule 12 motion). Defendants seek this relief in order to comply with, and avoid waiving any rights pursuant to, Colorado Revised Statute § 13-80-109, which permits certain counterclaims

---

[1] Plaintiffs titled their filing as an opposition to a "Motion to Extend Deadline" though the joint motion was not titled a "Motion to Extend Deadline" and, as explained in the Motion and further explained in this Reply, Defendants are not seeking to extend any deadline. Plaintiffs are thus opposing a motion that does not exist and contesting relief that is not sought.

[2] As described in the Motion and discussed herein, Gaia and Weidner are subject to different dates of service, which varies the time for them to comply with § 13-80-109; Gaia was served prior to Weidner and thus seeks to file counterclaims at an earlier date.

2

that would otherwise be time-barred to be revived and asserted, but only if done so within one year of service of the complaint.

Defendants both currently intend to pursue counterclaims if Plaintiffs' claims are not dismissed in their entirety by the Defendants' pending motions to dismiss. Because resolution of the Defendants' motions to dismiss could extend beyond one year from service of the complaint, Defendants have filed this Motion for leave.

Plaintiffs' characterizations of the Motion as being for an extension of the statute of limitations and as a delay tactic are completely baseless. Indeed, Plaintiffs expressly propose that Defendants serve their counterclaims no later than August 31, 2021, while Defendants, by their Motion, seek leave to file them even earlier.[3] Plaintiffs are seemingly arguing against themselves and their own stated interest or, perhaps, merely attempting to mask their true intentions of avoiding Defendants' meritorious counterclaims.

To preserve Defendants' rights pursuant to Colorado Revised Statute § 13-80-109, and otherwise maintain the status quo regarding the current posture of pleadings and motions, Defendants' Motion should be granted and they should be given leave to file counterclaims, without impacting their pending motions to dismiss, even though the filing of such counterclaims is not yet required by Rule 12.

## ARGUMENT

Plaintiffs concede—as they must—that Defendants have the right, pursuant to Colorado Revised Statute § 13-80-109, to bring otherwise stale counterclaims "arising out of the transaction or occurrence which is the subject matter of the opposing party's claim." Colo. Rev.

---

[3] Gaia seeks leave to file its counterclaims by May 10, 2021; Weidner seeks leave to file by June 8, 2021.

Stat. § 13-80-109; *see also Makeen v. Hailey*, 381 P.3d 337, 341 (Colo. App. 2015); *Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1168-69 (10th Cir. 2000).

  Plaintiffs also concede—as they must—that counterclaims pleaded in reliance on § 13-80-109 must be brought within one year from service of the complaint. Colo. Rev. Stat. § 13-80-109. Though not addressed by Plaintiffs, Defendants previously acknowledged that such counterclaims must be brought within one year even if a motion to dismiss is filed that otherwise tolls a party's obligation to file counterclaims pursuant to the Federal Rules of Civil Procedure. *Full Draw Prods. v. Easton Sports*, 85 F. Supp. 2d 1001, 1009 (D. Colo. 2000).

  As such, there is no actual dispute that Defendants have the right to file counterclaims pursuant to § 13-80-109, and that such counterclaims must be filed within one year of service of the complaint which relates to a subject matter from which the counterclaims arise.

  To the extent there is any dispute at all among the parties, it is the date by which Defendants must file any counterclaims brought pursuant to § 13-80-109.

  Plaintiffs assert that the date by which Defendants must assert any stale counterclaims is August 31, 2021—one year from the date on which Plaintiffs sought leave to file the Second Amended Complaint that was later accepted for filing—and cite a number of cases from the District of Kansas for the proposition that an amended complaint is deemed filed as of the day that the plaintiff seeks leave to amend. Plaintiffs also cite Local Rule 5.1(d) to note that documents filed on CM/ECF are deemed served upon filing. Neither the cited cases nor the Local Rule are relevant to the present Motion.

  As Defendants acknowledged in the Motion, although Plaintiffs have twice amended their complaint, their claims have largely remained the same and the claims included in the

4

original complaint concern the same subject matter as Defendants' counterclaims. As such, Defendants acknowledged in their Motion that the relevant date for calculating the beginning of the one-year period allowed by § 13-80-109 is the service date of Plaintiffs' original complaint. As to Gaia, a Waiver of Service of Summons was filed on June 5, 2020 (Dkt. 13), which is considered the date of service pursuant to Rule 4(d)(4). However, Gaia further noted that in addition to the Waiver of Service of Summons that was sent, executed, returned, and filed, Plaintiffs also personally served Gaia on May 11, 2020, but that no affidavit of service was filed as to this service attempt. In an abundance of caution, and to ensure that it is preserving its rights pursuant to § 13-80-109, Gaia seeks leave to file its counterclaims by May 10, 2021.

As to Weidner, his counsel executed and returned to Plaintiffs a Waiver of Service of Summons on June 8, 2020, but it was never filed. Accordingly, pursuant to Rule 4(d)(4), there has been no date set as the date of service, thereby making it impossible to determine when the one-year period afforded by C.R.S. § 13-80-109 started or would end as to Weidner. In any event, in an abundance of caution, and to ensure that he is preserving his rights pursuant to § 13-80-109, Weidner is seeking leave to file his counterclaims by June 8, 2021, which is one year from the date his counsel executed the unfiled waiver of service (and considerably earlier than August 31, 2021).

As the above makes clear, Defendants are not seeking to extend or delay any deadline, and are actually proposing that they be given leave to act sooner than what Plaintiffs propose. Plaintiffs will not be prejudiced in any way by granting Defendants leave to file counterclaims earlier than they would otherwise be required, as Plaintiffs' only arguments regarding prejudice concern an extension that Defendants do not seek.

5

Thus, Defendants should be permitted to file their counterclaims while their respective motions to dismiss are pending, without waiving any rights or arguments concerning such motions to dismiss. Given the uncertainties concerning the proper calculation of the one-year period afforded by § 13-80-109 due to Plaintiffs' service issues, and to avoid any future disputes as to timing, Defendants request that they be given leave to file their counterclaims at any time after resolution of this Motion, and at least be given leave to file as early as May 10, 2021, and June 8, 2021, respectively.

## CONCLUSION

As evidenced by Plaintiffs' wholesale mischaracterization of Defendants' Motion and the lack of any arguments relating to the actual relief requested—to file counterclaims *earlier* than otherwise required by the Federal Rules of Civil Procedure—it is clear that Plaintiffs have no good faith basis to oppose the Motion.

For all of the foregoing reasons, Gaia and Weidner respectfully request that this Motion be granted and that each of them be given leave to file their counterclaims in compliance with Colorado Revised Statute § 13-80-109 without waiving any rights pursuant to each Defendant's currently pending motion to dismiss, together with such other and further relief as the Court deems just and proper.

Dated: April 8, 2021    **DAVIS & GILBERT LLP**
New York, New York

  /s/ *Daniel A. Dingerson*
   Daniel A. Dingerson
   1675 Broadway
   New York, New York 10019
   Telephone: (212) 468-4800
   Facsimile: (212) 468-4888
   Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

Dated: April 8, 2021    **BURNHAM LAW**
Boulder, Colorado

  /s/ *Aaron Belzer*
Aaron Belzer
Ashlee Hoffmann
2760 29th Street
Boulder, Colorado 80301
Telephone: (303) 990-5308
Fax: (303) 200-7330
Email: aaron@burnhamlaw.com

*Attorneys for Defendant Jay Weidner*

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                                                /s/ Daniel A. Dingerson
                                                                 Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, I caused a copy of the foregoing Reply Memorandum in Support of Defendants' Joint Motion for Leave to File Counterclaims in Compliance with Colorado Revised Statute § 13-80-109 to be served on all other parties who have appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson