# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove, Diana Terry,
Christina Gomez

Third-Party Defendants.

REPLY IN SUPPORT OF MOTION TO SERVE BY PUBLICATION                                      Page **1** of **12**

# THIRD-PARTY PLAINTIFF
# ALYSSA MONTALBANO
# REPLY IN SUPPORT OF FIRST MOTION TO SERVE BY CERTIFIED MAIL, SUBSTITUTION, PUBLICATION, OR COURT ORDER
# FRCP 4(d)

COMES NOW, Defendant, Third-Party Plaintiff, and Counter-Claimant Alyssa Chrystie Montalbano, and in support of Granting her First Motion to Serve by Publication [#161] (the Motion) and in Reply to the Response in Opposition [#176] (the Response) filed by Plaintiff's, Goode and GES; Montalbano states as follows:

### I.   ACCEPTED WAIVERS OF SUMMONS

Since the filing of the Plaintiffs' Response in Opposition to the Motion, April 5, 2021, the following third-party defendants on their own behalf or by and through their counsel have accepted the waiver requests, April 6, 2021 [#177] and April 7, 2021 [#178]:

1. William Campbell
2. Brian James Flynn
3. Christina Gomez
4. Matthew Grove
5. Diana Terry
6. LIGHT WARRIOR LEGAL FUND, LLC
7. Valerie Yanaros Wilde (Valerie Ann Yanaros[1])

Only two parties from the Motion remain needing orders regarding service of process and they are Ms. Elizabeth Lorie [#161 at No. 4, b] and the UNITED STATES. [Id. at No. 9]

---

[1] After Yanaros filed the Response [#176] she informed Montalbano she no longer uses her last name of "Wilde." Montalbano will address her as Yanaros here forth.

## II. ARGUMENTS AND CORRECTIONS

Because Ms. Yanaros has made many misstatements in her Response, this entire Reply paper is written to address these and again ask she be restrained in accordance with the counterclaims.

Most of the arguments Yanaros brings against Montalbano, are acts she is guilty of. An earlier example of this is when Yanaros falsely stated opposing parties failed to confer, but it was in fact herself that failed. [#99]

Primarily, Yanaros tries to argue that Montalbano didn't serve according to due process of law (FRCP 4(e) and (h)) and that Montalbano is seeking 'special' treatment for this alleged failure. However, its Yanaros who failed to serve and is receiving the 'special' treatment she argues against and she's asking the Court to penalize Montalbano for following Court rules.

### I. FACTS APPLICABLE TO ALL ARGUMENTS

FRCP 4(d)(1) covers FRCP 4(e) and (h) service of process.  In stating (sic)

> "(d) WAVING SERVICE.  (1) Requesting a Waiver. *An individual, corporation,* or association *that is subject to service under Rule 4(e), (f), or (h) has a duty* to avoid unnecessary expenses of serving the summons." (Emphasis added)

FRCP 4(d)(1) does not specify a summons must be delivered with the request to waive service of the summons. FRCP 4(e) and (h) require a summons to be delivered.  However, Montalbano, pursuant FRCP 4(d)(1) and within the 90 days allotted, delivered the waiver of summons requests, which are not in and of themselves a service of summons, but are in fact, a request to waive it to save money. These waiver requests were timely made and in accordance with due process. [#161, #169]

Montalbano delivered all the documents specified in FRCP 4(d)(1) and went beyond what the rule required by serving them certified mail, with certified certificates of service. (FRE 902(8)) Yanaros falsely argues Montalbano 'allegedly' mailed out a few packages [#176 at p5], when the records and evidence are clearly attached to the Motion and the Notary Public who witnessed Montalbano affirming the Certificates of Service may be called in to testify, and the United States Postal Service records may also be subpoenaed.

After none of the parties timely responded (within 30 days) to the waivers, Montalbano timely Motioned the Court [#161] to waive having to traditionally serve the summons (FRCP 4(e) and (h)), pursuant FRCP 4(d)(2), to mitigate service expenses, the request was reasonable because all the defendants ignoring the requests work in legal professions or are already participants in this case in some capacity.

Montalbano sent waiver requests, due to lack of finances to traditionally process serve all the third-parties (FRCP 4(e) and (h)) whom have already severely financially damaged Montalbano notably since June 2018 (See all counterclaims [#120] and pending amendments [#155]), and for which FRCP 4(d) was in fact designed for, to mitigate unnecessary expenses related to service of summons, with slower response times being the tradeoff.

FRCP 4(m) provides for 90 days to serve the summons after the complaint is filed and FRCP 4(d) imposes a duty to waive traditional service of summons (FRCP 4 (e) and (h)) to save money, and FRCP 4(d)(2) is for when a defendant fails to accept the waiver, the Plaintiff may petition the Court to charge service costs to the defendant(s) ignoring their waiver requests.

Montalbano timely filed two such motions related to the third-party defendants.[#161,#169[2]] The rule also states if the Plaintiff show's good cause for not serving the summons within 90 days upon the party, the court must extend the time of service for an appropriate period and Montalbano has shown good cause and due diligence in following FRCP 4.

Additionally, Montalbano filed a First Motion to Amend the Counterclaims Complaint (FACC) at Docket 155, February 27, 2021, that remains pending, and was filed at least three weeks prior the summons service deadline; this filing is understood according to attorney practices within this instant case to essentially toll the time for service of summons until it is decided what is to be the operative pleading. Should the FACC [#155] be entered, it is understood it essentially restarts the service of summons deadlines.  Montalbano remains waiting for Court orders regarding the FACC and service of process motions [#161, #169] Montalbano will ensure all parties receive a copy of the summons [#164] with a copy of the operative counterclaims pleading [#120 or #155] in accordance with the Orders.

## II. Opposing Party Main Arguments [#176] - Followed by Fact, Law, and Evidence in Further Support of Granting Montalbano's Motion [#161]

1. Yanaros states Montalbano has not performed due diligence [#176, Section I. Introduction], did not follow service rules and is seeking 'special' treatment [Id at p4].  As seen in Section I. above, Montalbano followed the Service of Process Rules pursuant FRCP 4(d) and is waiting on various court orders.

---

[2] The Second Motion to Serve by Publication [#169] relates to two other third-party defendants and is lawfully unopposed as of March 30, 2021 pursuant FRCP 17(a)(3).

The following records in this case show Ms. Yanaros receiving the exact 'special' treatment she falsely argues Montalbano is seeking in the Response regarding service of summons:

a. On March 17, 2020 Plaintiffs filed their complaint.

b. On July 20, 2020 the Plaintiffs' via its counsel, Ms. Yanaros, entered the First Amended Complaint (FAC) [#36] onto this Court record and added three new defendants, Mr. Rysavy, Mr. Warkins and Ms. Medvedich, hereafter, 'the GAIA defendants.' Ms. Yanaros' 90 day deadline to request and serve the FAC summons on the GAIA defendants pursuant FRCP 4(m) was October 18, 2020.

c. On August 31, 2020 Plaintiffs' filed a Motion to Amend the Complaint a second time, SAC [#61] and it was admitted December 8, 2020 [#110, #111], 51 days after the FAC's 90 day service of summons mark.

d. Yanaros never filed any proof of executed waivers of summons, upon the GAIA defendants before or after the October 18, 2020 deadline.

e. Yanaros filed no motions within the 90 day deadline, or at any time before entry of the SAC, to request extensions of time to serve the waivers of summons or actual summons upon the GAIA defendants.

f. On December 21, 2020, Ms. Yanaros; an attorney educated in court service of summons processes; requested summons of the Court, for the three GAIA defendants [#118], 154 days (5 months) after the FAC was filed and 64 days (2 months) after the deadline for summons. The summons were issued December 22, 2020 [#122]. According to Yanaros' Response arguments, she's been receiving 'special' treatment for not summoning or serving the GAIA defendants within 90 days.

g. According to the GAIA defendants' Motion for extension of time, filed February 23, 2021 [#150 at p 2, ¶2], it states the GAIA defendants received the waiver of summons requests for the SAC, December 23, 2020. 156 days after entry of the FAC first adding them.

h. December 22, 2020 Montalbano filed her original counterclaims and added multiple third-party defendants [#120], making the service of summons deadline March 22, 2021.

i. February 27, 2021 Montalbano filed First motion to Amend the Counterclaims Complaint (FACC) pursuant due process rules, that remains pending. [#155]

j. Montalbano motioned the Court for summons upon the third-party defendants March 12, 2021, as soon as Montalbano learned this was needed, and summons were issued within the 90 days by the Clerk of the Court, March 15, 2021. [#160, #164]

k. March 13, 2021 [#161] and March 19, 2021 [#169] Montalbano timely filed Motions for alternate (money saving) forms of service pursuant the duty imposed by FRCP 4(d) and properly requested for extensions of time to serve summons pursuant Court rules and pending motions to amend the counterclaims. [#155]

l. Montalbano repeatedly inquired of Yanaros, while her clients' SAC was pending, if the three GAIA defendants had been served prior filing the counterclaims to determine service requirements. Montalbano was repeatedly told by Yanaros, she was waiting until it was determined about the SAC. Yanaros argues in her Response, that Montalbano should be held to the same rules as attorney's [#176 Section 4], if this is true, then Montalbano has at least 154 days to serve third-party defendants and may also ignore FRCP 4(d), (e), and (m), like Ms. Yanaros.

This simple example shows Yanaros (by her own arguments) receiving 'special' treatment for violating FRCP 4; and asking the Court to penalize Montalbano for following FRCP 4 and the related motion practices within the 90 days.

There are many other fallacies in the Response, however due to word count limitations only key ones will be addressed below.

2. Yanaros says Montalbano misspells names. [#176, p4 ¶2]  She is again referring to herself. See attached record from case 1:18-cv-02060-RM-GPG where she misspells Montalbano's middle name as Christie, the correct spelling is Chrystie [#61-10]. It is not an attorney function to project one's own mistakes onto the opposing party.

3. Yanaros argues Montalbano is delaying trial [#176 at p5] this is not true. Yanaros and Goode are the ones delaying the case and trial. (also see No. 1 above)

    a. Only two of the parties in the Motion are relevant to opposing counsels' arguments, herself and LIGHT WARRIOR LEGAL FUND, LLC (LWLF) owned by her client Mr. Goode (Plaintiff).

    b. LWLF's registered agent was duly notified of this case and claims February 8, 2021 via request to waive summons. [#161, at No. 2, h; and No. 8]

    c. Yanaros only accepted the waiver of service on behalf of LWLF [#178], *AFTER*  the other five officers finally accepted their waiver requests, April 6, 2021 [#177] and whereby she could have accepted the waiver at any time since February 8, 2021, yet she and Goode avoided and evaded the request for almost exactly 2 months, when both are

clearly aware of this lawsuit and the claims against LWLF as early as December 22, 2020. This shows Yanaros and Goode willfully delaying the case, not Montalbano.

    d.  Yanaros also delayed acceptance of her own waiver of service since as early as January 6, 2021 (3 months) [#161 at No. 4, a] and for which no reply was ever received regarding the informal or formal waiver requests, until *AFTER* the five other officers accepted their waivers, April 6, 2021. Again, showing Yanaros delaying the case, not Montalbano.

4. Opposing Counsel states that litigation is better used on concrete issues such as breach of contract and theft of Intellectual Property [#176 at p8], Montalbano agrees. This Court needs to address the concrete issues of contract violations and theft of IP that Montalbano has brought for remedy. [#155, Claims 1, 2, 3, 4, 5, 7, 8 and 9]

5. Opposing counsel dredges up the tired argument of matters being ruled on in Mesa District Civil Court and again mentions immunity. [176, Section 5.]

    a.  It is true officers enjoy immunity, *when they faithfully perform their duties*. It is when they do not faithfully perform their duties that immunity does not apply and all their orders are void and open to collateral attack. [#120 or #155, Claims 15, 16, 17, and 18]

Next, there is the tired argument of 'dreams' not being a matter to litigate. Dreams are a concrete matter at issue in this case, because they are Intellectual Property [#120 and #155, Claims 7, 8, and 9] and this IP has been used and abused by Goode and his associates as part of their massive public frauds, RICO, and more.

[#155, claims 1, 2, 3, 4, 5, 6, 10, 11, 12, 13, 14]

Additionally, Goode, GES, Wilcock, and Montalbano are in the same profession of dream research and all write about dream state experiences for the same consumer base and they all work within the same or similar trades and professions. [#155, ¶22-26, ¶28]

Goode also publicly claims being involved in CIA MKULTRA dream neural interfacing programs [#121-3, 121-6] and working with the DOD networking satellites and radio broadcast equipment and using Virtual Reality equipment [#155, ¶¶25-26; ¶¶48-81], this is the same type of equipment used for EEG heterodyning cloning neural interfacing. [Id at ¶¶152-153; ¶378, ¶383-394]. Montalbano's thousands of pages of dream IP records prove remote neural interfacing between Goode and Montalbano [#155, ¶¶200-210, Claim 7] and legal investigations are required to determine what software, computer programs, and physical electronic equipment Goode is using to accomplish this goal.

6. Yanaros improperly complains [#176, Section 2.] about Montalbano lawfully stipulating removal of cross-defendants [#126 and #144] and seeking to amend the complaint to reflect such agreements [#155]. Yanaros, however, does not follow removal rules with opposing parties, [#175, p18, Footnote 7] yet wants the Court to penalize Montalbano for having successful negotiations with opposing parties that lead to the removal of claims against them.

7. Lastly, Yanaros promotes she and Goode's years of extortion cases as a 'benefit' to Montalbano [#176, Section 6. Conclusion], alleging the cases, gave Montalbano all the years of experience she needed in order to know how to file counterclaims in this massive federal lawsuit as a pro se litigant. This is about the most absurd statement yet. Montalbano is an artist, author, self-publisher, and dream researcher by trade and profession, all this litigation has been extremely damaging to Montalbano, physically, financially, personally,

professionally, socially, and emotionally. Montalbano has endured years of enormous amounts of emotional distress and severe anxiety due to all the extortion cases, and they have NOT been a 'benefit' to Montalbano at any time; they have been an enormous detriment and burden causing severe distress and damages to Montalbano and her family. [#120 and #155, Claims 2, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22]

8. In closing, it is to be duly noted:

    a. Soon after filing the counterclaims, December 22, 2020, the Federal Pro Se clinic informed Montalbano they could no longer assist her with understanding court procedures due to a 'conflict', and whereby Montalbano was going to ask about third-party summons and service procedures during the next call that was subsequently cancelled. Montalbano has a Constitutional Right to the equal protection of the law and due process of law which includes receiving help in following Court procedures, but if the people who know the rules, refuse to help clarify them to Montalbano, it is unfortunate, but unintentional mistakes will occur.

### III.   CONCLUSION

Wherefore, for all the aforementioned reasons, FRCP 4(d), and pursuant due process of law (Colorado Constitution, Bill of Rights, Section 25) and an Oath of Office to uphold said processes, Montalbano moves the Court and thereby the presiding Officers to Grant the Motions to Serve by Publication, lawfully extend time for service [#161, #169], Grant the Amending of the Counterclaims and implement Injunctive Relief [#155] and move the counterclaims into discovery and toward trial by jury.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of April 2021 a copy of the foregoing Reply was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5) and courtesy copy delivered to Mr. High by email.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen