IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIFF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Gaia, Inc. ("Gaia"), Jay Weidner ("Weidner"), and Alyssa Montalbano's ("Montalbano") **Joint Motion to Stay Discovery** [#100][1] and on Defendant Cliff High's ("High") **Opposed Motion to Stay Discovery** [#102] (collectively, the "Motions").[2] Plaintiffs filed Responses [#106, #107] in opposition to the

---

[1] "[#100]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Defendants Montalbano and High proceed as a pro se litigants. The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935

Motions [#100, #102], and Defendants Gaia, Weidner, and Montalbano filed a Reply [#109].[3] Defendants Gaia, Weidner, Montalbano, and High ask the Court to stay discovery in this case until after resolution of a number of dispositive motions now pending before the Court.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering

---

F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro se litigant must follow the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] The remaining Defendants are either unopposed or have taken no position on the Motions [#100, #102].

a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiffs vaguely state that they "continue[ ] to be harmed by Defendants' actions both monetarily and due to tarnishment of [Plaintiff Goode's] name and goodwill," but they provide no further clarification regarding the precise nature of this purported prejudice. *Response* [#107] at 4. Nevertheless, despite the lack of detailed argument here, the Court finds that Plaintiffs have sufficiently, if barely, demonstrated their interest in proceeding expeditiously with discovery. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. Plaintiffs have filed more than a dozen claims which, based on preliminary review, appear likely to require

discovery of a large amount of documents. Under such circumstances, resolving dispositive motions to determine which claims, if any, remain before proceeding to discovery makes eminent sense to preserve the resources of not only Defendants, but of both parties. In short, Defendants are correct that proceeding could be wasteful if the District Judge grants part or all of the pending dispositive motions. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]"). In addition, determining whether all, some, or no claims will proceed will streamline (or eliminate) the discovery process and any potential accompanying discovery disputes. Accordingly, the Court finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, Defendants note, without specification, that a number of non-parties are referred to in the complaint and will likely be burdened with discovery in this matter. *Motion* [#100] at 6. Plaintiffs seem to agree that non-parties will be involved in the discovery process, arguing that "[m]oving forward with discovery may lead to an early disposition of this matter" which would be "beneficial to ancillary parties." *Response* [#107] at 5. The Court finds that resolving the dispositive motions first could potentially mean that non-parties would not be burdened with discovery at all, and therefore, the Court finds that the fourth *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of dispositive motions is appropriate.[4]  Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#100, #102] are **GRANTED**. Discovery is **stayed** pending further order of the Court.

DATED: April 26, 2021

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

---

[4] Currently pending dispositive motions include Docket Nos. 114, 117, 128, 129, and 131, but given the current procedural posture of the case, it is possible that more may be filed.