IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs,

v.

GAIA, INC,
JAY WEIDNER,
CLIFF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

      Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Alyssa Montalbano's ("Montalbano") **First Motion to Amend the Counterclaims Complaint Pursuant [to] FRCP 15(a)(2)** [#155][1] (the "Motion"). Plaintiffs filed a Response [#171] in opposition to the Motion [#155], and Defendant Montalbano filed a Reply [#172].[2] The Motion [#155] has been

---

[1] "[#155]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Defendant Montalbano proceeds as a pro se litigant. The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In addition, a pro se litigant must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

referred to the undersigned pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72. *See* [#156]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#155] is **GRANTED**.

On December 22, 2020, Defendant Montalbano filed an Answer [#120], including crossclaims and counterclaims. Plaintiffs subsequently filed a motion to dismiss the counterclaims. *See* [#131]. On February 27, 2021, Defendant Montalbano filed the present Motion [#155], seeking leave to file an Amended Answer [#155-1], primarily to amend her crossclaims and counterclaims after conferral with other counsel in this matter. The proposed amendments voluntarily remove certain claims/parties, clarify certain other claims, and do not add any new claims. *Motion* [#155] at 5.

As an initial matter, the deadline to amend pleadings has not yet been set, and therefore Defendant Montalbano's Motion [#155] is therefore timely. Thus, the Court turns directly to Rule 15(a)(2). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (stating that the Court need only address Fed. R. Civ. P. 16(b)(4) when the amendment request is untimely).

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S.

at 182 (quoting Fed. R. Civ. P. 15(a)(2)).  Plaintiffs argue that the proposed Amended Answer [#155-1] would not survive a motion to dismiss because it fails to cure deficiencies in the Answer [#120].  *See Response* [#171].

It is well settled that a proposed amendment is futile only if the complaint, as amended, would not survive a motion to dismiss.  *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true."  *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994).  Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [it] the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in [its] complaint."  *Id.* (quotations omitted).

The Court is not inclined to delve deeply into the merits of Plaintiffs' arguments here for several reasons.  While futility arguments often can and should be addressed in connection with a motion for leave to amend a complaint, in many situations "futility arguments are better addressed in a Motion to Dismiss."  *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008).  The Court finds this situation to be one in which Plaintiffs' arguments would be better addressed elsewhere.  Plaintiffs' arguments rely on a detailed examination of Plaintiffs' current and proposed allegations.  On a motion seeking leave to amend, such arguments are generally underdeveloped because the Court lacks the full briefing of a motion, response, and reply regarding the merits of the Rule 12(b)(6) argument.  Plaintiffs do incorporate

their pending motion to dismiss Defendant Montalbano's counterclaims, but they have not briefed with adequate specificity how the arguments in that motion may or may not apply to the proposed changes made in the Amended Answer [#155-1]. The Court is not inclined to do this work sua sponte when it is Plaintiffs' responsibility to do so in the first instance. In short, it is not appropriate for the Court to examine the allegations to resolve underdeveloped issues between the parties at this very early stage in the proceedings, i.e., on a motion seeking leave to amend. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Guided by the rule that amendments pursuant to Rule 15(a) are freely granted, Defendant Montalbano should be afforded the opportunity to test her claims under Rule 12(b)(6). *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by plaintiff[s] may be a proper subject of relief, [they] ought to be afforded an opportunity to test [their] claim on the merits."). Plaintiffs argue that Defendant Montalbano's proposed Amended Answer [#155-1] is essentially unwieldy in its length given the large number of allegations made—not to mention that many of the allegations are purportedly simply unbelievable—but there does not appear to be a significant difference in this respect between the current Answer [#120] and the proposed Amended Answer [#155-1], and therefore the Court cannot find this argument, by itself, to be a sufficient basis on which to deny amendment. The Court makes no comment regarding the sufficiency of the crossclaims/counterclaims in the Amended Answer [#155-1] at this time, because the Court is inclined instead to allow Defendant Montalbano to amend and leave the question of whether she has adequately stated claims against other parties to

- 5 -

be decided on a fully-briefed dispositive motion, if any, or at trial.  Accordingly, Plaintiffs' futility arguments are rejected as premature.

For the reasons set forth above, and considering that leave to amend should be freely given, the Court permits Plaintiffs leave to file their proposed Amended Answer [#155-1].

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#155] is **GRANTED**.  Defendant Montalbano's Amended Answer [#155-1] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Plaintiffs' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [#131], which is directed solely at Defendant Montalbano's counterclaims in her original Answer [#120], is **DENIED as moot**.  *See, e.g.*, *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative").

Dated: April 26, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge