# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

**JIRKA RYSAVY, BRAD WARKINS, AND KIERSTEN MEDVEDICH'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................1

**ARGUMENT**................................................................................................................................2

I. PLAINTIFFS' FAILURE TO RESPOND TO ARGUMENTS IN THE
   MOTION REQUIRES DISMISSAL......................................................................................2

II. PLAINTIFFS' NEW THEORIES ARE WITHOUT MERIT ............................................2

    A.    VEIL-PIERCING IS INAPPLICABLE ................................................................................2

    B.    PLAINTIFFS CANNOT CLAIM UNJUST ENRICHMENT ....................................................3

III. PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION ...............................4

    A.    THERE IS NO VALID BASIS FOR HOLDING THE GAIA EMPLOYEES
        LIABLE FOR BREACH OF CONTRACT ..........................................................................4

    B.    PLAINTIFFS CANNOT ESTABLISH RICO ELEMENTS ..................................................5

    C.    PLAINTIFFS FAIL TO CONNECT THE GAIA EMPLOYEES
        TO THE TRADEMARK CLAIMS......................................................................................7

    D.    PLAINTIFFS FAIL TO RESPOND TO ARGUMENTS REGARDING
        OTHER TORT CLAIMS .................................................................................................8

        1.    Colorado Consumer Protection Act ...............................................................8

        2.    Colorado Common Law Unfair Competition ...............................................8

        3.    Fraudulent Misrepresentation ........................................................................9

        4.    Libel and Slander ...........................................................................................9

        5.    Tortious Interference with a Business Expectancy......................................9

IV. SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL
     ARE WARRANTED...........................................................................................................10

**CONCLUSION** ............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Amoco Oil Co. v. Ervin*,
   908 P.2d 493 (Colo. 1995) ................................................................................................ 9

*Bridge v. Phx. Bond & Indem. Co.*,
   553 U.S. 639 (2008) ................................................................................................... 5-6

*Davison v. Grant Thornton LLP*,
   582 F. App'x 773 (10th Cir. 2014) ................................................................................ 7

*Doe v. Univ. of Colo.*,
   255 F. Supp. 3d 1064 (D. Colo. 2017) ........................................................................... 2

*E&I Holdings, Inc. v. Coral Springs Eggs & I, LLC*,
   No. 17-cv-2377-WJM-STV, 2018 WL 4680339 (D. Colo. Sep. 28, 2018) .............. 2, 4

*Feder v. Videotrip Corp.*,
   697 F. Supp. 1165 (D. Colo. 1988) ................................................................................ 7

*Interbank Invs. v. Eagle River Water & Sanitation Dist.*,
   77 P.3d 814 (Colo. App. 2003) ................................................................................. 3, 4

*Khalik v. United Air Lines*,
   671 F.3d 1188 (10th Cir. 2012) ..................................................................................... 7

*Leonard v. McMorris*,
   63 P.3d 323 (Colo. 2003) ........................................................................................... 2-3

*Parr v. United States*,
   363 U.S. 370 (1960) ....................................................................................................... 5

*Pereira v. United States*,
   347 U.S. 1 (1954) ....................................................................................................... 5-6

*Rescuecom Corp. v. Google, Inc.*,
   562 F.3d 123 (2d Cir. 2009) .......................................................................................... 7

*Schwartz v. Celestial Seasonings, Inc.*,
   124 F.3d 1246 (10th Cir. 1997) ..................................................................................... 8

*Steak N Shake Enters. v. Globex Co.*,
   110 F. Supp. 3d 1057 (D. Colo. 2015) ........................................................................... 3

*Tal v. Hogan*,
    453 F.3d 1244 (10th Cir. 2006) ............................................................................................... 6-7

*Tatten v. Bank of Am. Corp.*,
    912 F. Supp. 2d 1032 (D. Colo. 2012) ....................................................................................... 3

*United States ex rel. Shough v. Maximus, Inc.*,
    No. 99-wm-2275, 2000 U.S. Dist. LEXIS 21804 (D. Colo. June 7, 2000) ............................. 10

*Wood v. Wells Fargo Bank, N.A.*,
    No. 13-cv-01731-CMA-KMT, 2013 WL 5763101
    (D. Colo. Oct. 2, 2013) ............................................................................................................. 6

*Yoder v. Honeywell, Inc.*,
    104 F.3d 1215 (10th Cir. 1997) ................................................................................................. 3

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................... 6, 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 1

DDD Civ. P.S. III.D.1.b ............................................................................................................. 2

The Gaia Employees[1] respectfully submit this Reply Memorandum in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(6) and in response to Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.'s Response to [the Gaia Employees'] Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. 185), filed on April 26, 2021.

## PRELIMINARY STATEMENT

Plaintiffs cite no law concerning ten of eleven claims against the Gaia Employees, essentially conceding that the standards cited in the Motion apply. Per those standards, the Gaia Employees can only be personally liable if particular facts are pleaded showing their direct involvement in Gaia's alleged actions. But Plaintiffs have not made such allegations, nor could they plausibly, making further amendment futile.

Plaintiffs' attempts to sidestep those standards—such as by raising veil-piercing—are equally unavailing. Further, attempts to repackage inadequate breach of contract and trademark infringement claims as RICO violations and unjust enrichment fail because Plaintiffs cannot allege necessary elements of such claims.

Accordingly, for all of the reasons stated in the Motion, this reply, and Gaia's motion to dismiss which is incorporated by reference, the Court should dismiss Plaintiffs' claims with prejudice and deny further leave to amend.

---

[1] Capitalized terms retain their meaning from the Gaia Employees' Motion to Dismiss Plaintiffs' Second Amended Complaint and Brief in Support (the "Motion", Dkt. 175).

## ARGUMENT

### I. PLAINTIFFS' FAILURE TO RESPOND TO ARGUMENTS IN THE MOTION REQUIRES DISMISSAL

As they did in response to Gaia's motion to dismiss, Plaintiffs have conceded many of the Gaia Employees' arguments by failing to respond to them meaningfully. *See Doe v. Univ. of Colo.*, 255 F. Supp. 3d 1064, 1086 (D. Colo. 2017) (argument deemed conceded when plaintiff failed to respond in opposition to motion to dismiss); *E&I Holdings, Inc. v. Coral Springs Eggs & I, LLC*, No. 17-cv-2377-WJM-STV, 2018 WL 4680339, at *5 (D. Colo. Sep. 28, 2018) (granting and deeming confessed motion to dismiss where party failed to respond to arguments). Moreover, Plaintiffs violated this Court's Practice Standards by failing to identify the disputed elements of each claim or cite to the particular page and paragraph of the Complaint for all purported support for their position. DDD Civ. P.S. III.D.1.b.

Plaintiffs' failures to respond, alone, justify granting the Motion. But, Plaintiffs' claims also substantively fail to state a cause of action and thus must be dismissed with prejudice.

### II. PLAINTIFFS' NEW THEORIES ARE WITHOUT MERIT

#### A. VEIL-PIERCING IS INAPPLICABLE

Plaintiffs rely on Rysavy's stock ownership for their new argument that veil-piercing is appropriate and warrants liability against the Gaia Employees.[2] Even considering this new information, it cannot plausibly support veil-piercing.

Piercing the corporate veil is an extraordinary remedy, available only in limited circumstances. *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003). Factors relevant to veil-

---

[2] Even if Rysavy's stock ownership supported veil-piercing—which it plainly does not—it could not support claims as to Warkins and Medvedich.

piercing analysis include: (1) whether the corporation is a separate entity; (2) commingling of assets; (3) failure to maintain corporate records; (4) nature of the corporation's ownership and control; (5) undercapitalization; (6) use of the corporation as a shell; (7) disregard of legal formalities; and, (8) diversion of corporate assets. *Id*.

At most, Rysavy's stock ownership concerns a single factor, but courts have held that even ownership of the entirety of a company's stock is insufficient. *See, e.g., Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1221 (10th Cir. 1997). Plaintiffs' failure to allege facts that could plausibly support veil-piercing mandates the argument be disregarded altogether. *See Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012).

### B.   PLAINTIFFS CANNOT CLAIM UNJUST ENRICHMENT

Perhaps recognizing deficiencies in their pleaded claims, Plaintiffs now assert an unjust enrichment claim.[3] Raising a new claim in response to the Motion is improper, *see Steak N Shake Enters. v. Globex Co., LLC*, 110 F. Supp. 3d 1057, 1085 (D. Colo. 2015), but, regardless, an unjust enrichment claim is plainly barred by express contracts between Gaia and Plaintiffs. *Interbank Invs. v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003).

Plaintiffs concede an unjust enrichment claim is proper only if "there was no enforceable contract", but all parties admit that Gaia and Plaintiffs entered into enforceable written contracts. Accordingly, there can be no plausible alternative unjust enrichment claim. Moreover, Plaintiffs seek the same relief—fees, royalties, etc.—as they do for the alleged breach, confirming this claim is duplicative of and precluded by Plaintiffs' contract claim. Finally, an exception that

---

[3] Plaintiffs' alternative claim for unjust enrichment plainly does not concern the Gaia Employees, because there are no plausible allegations that they have been individually enriched.

allows an unjust enrichment claim when a party has no right under contract only applies when the express contract fails or is rescinded, not when there is no breach.  *See id*.

Even if unjust enrichment had been pleaded, it is precluded by an enforceable contract. Accordingly, Plaintiffs' newly asserted claim should be disregarded.

### III.    PLAINTIFFS' CLAIMS FAIL TO STATE A CAUSE OF ACTION

Eleven claims are indistinguishably brought against each of the Gaia Employees. Plaintiffs allege two short emails sent by each and involvement in discussions with "conference heads".  Based on those threadbare allegations, Plaintiffs spin claims for breach of contract, fraud, RICO, trademark infringement, and other torts.  But reviewing the allegations makes clear that Plaintiffs are seeking to hold the Gaia Employees liable for Gaia's purported acts in contravention of Colorado law that insulates employees from liability except in limited circumstances.  Accordingly, all claims against the Gaia Employees should be dismissed with prejudice.

#### A.    THERE IS NO VALID BASIS FOR HOLDING THE GAIA EMPLOYEES LIABLE FOR BREACH OF CONTRACT

Plaintiffs do not meaningfully respond to arguments explaining why the Gaia Employees are not personally liable for any breach of Plaintiffs' contract with Gaia.  Plaintiffs merely state—without citing any law in support—that well-established Colorado law holding that employees are not liable on a corporation's contract is "incorrect".  Instead, Plaintiffs assert that employees may be liable for breach of contract based on purported unspecified "fraudulent acts", again without citing any supporting law.  Plaintiffs' bare denial constitutes a concession of the breach of contract claim, thereby requiring dismissal with prejudice.  *See E&I Holdings*, 2018 WL 4680339, at *5.

4

Even if Plaintiffs' "fraudulent acts" theory had support, Plaintiffs have not pleaded any fraud.  The Gaia Employees' emails merely discussed contract performance—Goode's failure to appear, and amounts payable by Gaia—and cannot constitute actionable misrepresentations.

Under Colorado law, the Gaia Employees are not liable on Gaia's contract with Plaintiffs because they did not agree to be personally responsible and Plaintiffs knew any contracts were with Gaia.  Accordingly, the breach of contract claims against the Gaia Employees must be dismissed with prejudice.

### B.   PLAINTIFFS CANNOT ESTABLISH RICO ELEMENTS

Plaintiffs' RICO claim is an attempt to aggrandize allegations of breach of contract and trademark infringement into a RICO conspiracy.  But Plaintiffs' allegations are deficient as to contract and trademark claims, and especially so when dressed up as mail or wire fraud (i.e. purported racketeering activity).  Accordingly, Plaintiffs' RICO claim must be dismissed with prejudice.

Plaintiffs apparently concede that the six emails sent by the Gaia Employees do not contain fraudulent misrepresentations.  Indeed, the emails each merely relate to filming schedules or contract payments.  Instead, Plaintiffs cite three cases for the proposition that innocent emails may constitute "mail fraud", but misstate or misapprehend their holdings.  In *Parr*, the Court *reversed* convictions for mail fraud, in part, because the mailings "contained no false pretense or misrepresentation[s]".  *Parr v. United States*, 363 U.S. 370, 392 (1960).  Though *Pereira* and *Bridge* may generally state that a mailing need not be the crux of a fraudulent scheme, both cases make clear that there must be a fraudulent scheme of which the mailings are a part, even if an individual mailing is "innocent".  *See Pereira v. United States*, 347

5

U.S. 1, 8 (1954) ("Here, the scheme to defraud is established, and the mailing . . . incident to an essential part of the scheme, is established."); *Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639, 647 (2008) ("The gravamen of the offense is the scheme to defraud, and any mailing that is incident to an essential part of the scheme satisfies the mailing element" (quotation marks and citation omitted)). Moreover, general allegations are not sufficient under 9(b)—Plaintiffs must identify the purpose of the mailing within the scheme, and facts that show fraudulent intent. *Wood v. Wells Fargo Bank, N.A.*, No. 13-cv-01731-CMA-KMT, 2013 WL 5763101, at *6 (D. Colo. Oct. 2, 2013).

But Plaintiffs failed to allege any plausible fraudulent scheme that includes the six emails, much less the purpose the emails played in such scheme. Other than referring to the emails themselves—which do not contain fraudulent misrepresentations—Plaintiffs merely allege purported breaches of contract and trademark infringement (*see* Complaint ¶¶ 26-29, 48-52), which do not plausibly constitute a fraudulent scheme. Indeed, Plaintiffs have wholly failed to plead—much less with the specificity required by Rule 9(b)—numerous elements of fraud, including that any misrepresentation was false and material; the Gaia Employees intended Plaintiffs to act upon it; Plaintiffs' ignorance of falsity and right to rely; and, injury by the false representation. *Tal v. Hogan*, 453 F.3d 1244, 1267 (10th Cir. 2006). Plaintiffs have thus failed to adequately allege six required elements, when failure to allege any is fatal to a fraud claim. *Id*.

Without adequately alleging a fraudulent misrepresentation or scheme, Plaintiffs have failed to plead a single valid predicate act of racketeering activity, much less a required pattern of predicate activity. *Id.* at 1267-68. Plaintiffs' mere invocation of RICO terminology—

6

predicate act, mail fraud, and a pattern of racketeering activity—is insufficient to support a claim lacking substantive allegations. Accordingly, Plaintiffs' RICO claim must be dismissed with prejudice. *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014).

### C. PLAINTIFFS FAIL TO CONNECT THE GAIA EMPLOYEES TO THE TRADEMARK CLAIMS

Plaintiffs' only response concerning their trademark claims are conclusory assertions unsupported by law. As noted in the Motion, a trademark infringement claim may only be asserted against an officer of a corporation if the officer is directly responsible for the infringing activities. *Feder v. Videotrip Corp.*, 697 F. Supp. 1165, 1177 (D. Colo. 1988). Plaintiffs baldly assert that rule is inapplicable, but cite no alternative framework to assess the Gaia Employees' liability for Gaia's alleged actions.

Instead, Plaintiffs allege—conclusorily and for the first time—that the Gaia Employees are "actively participating in the content creation on Gaia". But conclusory allegations—even if made in a complaint, much less an opposition brief—hold no weight and are disregarded in evaluating plausibility. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).[4] Plaintiffs cite no substantive allegations that the Gaia Employees had knowledge of and participated in the alleged infringing activity[5] or the right and ability to supervise the activity and a direct financial interest therein. *Feder*, 697 F. Supp. at 1177.

---

[4] Plaintiffs again state with no support that Gaia—and, now, the Gaia Employees—have impacted internet search results. But, as explained in Gaia's reply, search results cannot constitute "use" by Gaia, much less "use" at the direction of the Gaia Employees. *See Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 129 (2d Cir. 2009).

[5] Plaintiffs include new allegations of purported infringement not present in the Complaint pertaining to Gaia's website, not the individual Gaia Employees. Regardless, the alleged "use" cannot constitute trademark infringement because Plaintiffs expressly agreed in the 2016 Contract that Gaia has the right to refer to Goode's activities in promotional media, such as the

7

Plaintiffs' failures to address the legal framework for assessing the Gaia Employees' liability and to allege facts that could support liability under such framework require dismissal of Plaintiffs' trademark claims with prejudice.

### D.   PLAINTIFFS FAIL TO RESPOND TO ARGUMENTS REGARDING OTHER TORT CLAIMS

Plaintiffs only briefly and conclusorily address their other tort claims, effectively conceding that dismissal of each is appropriate.

#### 1.   *Colorado Consumer Protection Act*

Plaintiffs fail to address that in pleading a CCPA claim, Rule 9(b) requires specificity as to the time, place, and contents of the false representation.  *See Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).[6]  Plaintiffs merely state conclusorily that the Gaia Employees made representations to conference owners, but the Court need not accept conclusory pleading.  Even so, the vague and conclusory statement fails to support a CCPA claim because there is no allegation of a false representation, or significant impact to the public.  Accordingly, Plaintiffs' CCPA claim must be dismissed with prejudice.

#### 2.   *Colorado Common Law Unfair Competition*

Plaintiffs fail to respond to arguments concerning unfair competition other than to restate their trademark arguments.  As previously discussed, Plaintiffs cite no allegations that the Gaia Employees directed "use" of Plaintiffs' trademarks, and conclusory statements in the opposition are insufficient.  Accordingly, in addition to the reasons why Plaintiffs' claim is deficient as to

---

website.  2016 Contract, § 7(F).  Incidentally, the alleged "use" is from 2016—while Goode was contracted with Gaia—and has since been removed from Gaia's website.

[6] Plaintiffs previously conceded this in their briefing on Gaia's motion to dismiss.

Gaia, the claim must be dismissed against the Gaia Employees due to Plaintiffs' failure to allege that they are directly responsible for Gaia's purported activities.

### 3. *Fraudulent Misrepresentation*

Plaintiffs fail entirely to respond to arguments concerning their fraudulent misrepresentation claim. As previously addressed, Plaintiffs' fraud allegations derived from emails concerning contract performance which include no statements that could be actionable in tort. Because of the deficient allegations and Plaintiffs' failure to respond, the claim for fraudulent misrepresentation should be dismissed with prejudice.

### 4. *Libel and Slander*

Plaintiffs concede they have no defamation claims against the Gaia Employees; such claims should be dismissed with prejudice.

### 5. *Tortious Interference with a Business Expectancy*

Plaintiffs continue to ignore the law concerning their tortious interference claim. Such claim must be dismissed unless there is "improper" interference through use of "wrongful means". *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 501-502 (Colo. 1995). Plaintiffs have alleged only that the Gaia Employees "spoke to the heads of [conferences] and told them not to invite Goode". Complaint ¶¶ 89, 99. Such allegations do not state a claim.

Plaintiffs attempt to save their claim by now asserting that the Gaia Employees made "harmful statements" about Plaintiffs, but that conclusory assertion does not suffice to state an interference claim because it does not imply, much less sufficiently plead, that there were any "wrongful means" used. Whether based on the allegations in the Complaint or Plaintiffs' new assertions, the tortious interference claim must be dismissed with prejudice.

### IV. SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL ARE WARRANTED

As they did in response to Gaia's motion to dismiss, Plaintiffs argue they should be awarded attorneys' fees because the Gaia Employees filed a motion to dismiss. For the same reasons articulated in Gaia's reply brief, Plaintiffs should be sanctioned.

Once again, Plaintiffs imply that deficient claims should be allowed to proceed simply because even lesser claims were dropped after conferring. However, the Gaia Employees should not be forced to litigate *any* of Plaintiffs' conclusory, legally deficient, improperly pleaded claims, making sanctions for filing the Motion wholly inconceivable.

Sanctions may be appropriate, however, against Plaintiffs and their counsel for knowingly pleading claims that clearly have no merit. *See United States ex rel. Shough v. Maximus, Inc.*, No. 99-WM-2275, 2000 U.S. Dist. LEXIS 21804, at *3 (D. Colo. June 7, 2000).

### CONCLUSION

The Complaint and opposition make clear the lack of Plaintiffs' good-faith basis to file or continue pursuing their claims against the Gaia Employees. Plaintiffs have not sought to amend their deficient claims and further amendment would be futile, so dismissal with prejudice is appropriate.

For all of the foregoing reasons, the Gaia Employees respectfully request that the Court dismiss the Complaint and all claims therein with prejudice and without leave to re-plead, together with such additional relief as the Court deems just and proper.

Dated: May 10, 2021          **DAVIS & GILBERT LLP**

By:   /s/ *Daniel A. Dingerson*
       Daniel A. Dingerson
       Ina B. Scher
       ddingerson@dglaw.com

1675 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). For purposes of this certification, the word count includes footnotes but excludes the case caption, tables of contents and authority (which are provided for the Court's convenience), signature block, this Certificate of Compliance, and the Certificate of Service.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I caused a copy of the foregoing Jirka Rysavy, Brad Warkins, and Kiersten Medvedich's Reply Memorandum in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint to be served on all other parties who have appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by agreement with Cliff High, serving it on him via email.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson