# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

### GAIA, INC.'S MOTION TO RESTRICT ACCESS PURSUANT TO LOCAL RULE 7.2(c)

---

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendant Gaia, Inc. ("Gaia"), by and through its attorneys, Davis+Gilbert LLP, hereby moves this Court, pursuant to Local Civil Rule 7.2(c) and (e), to maintain restricted access to documents filed by Gaia on May 10, 2021, which documents were filed with the Court as "Restricted – Level 2".  Dkt. 194.  In support of this Motion, Gaia states as follows:

Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES") filed the Complaint asserting sixteen separate causes of action, including one claim for breach of contract based on a written agreement between Gaia and GES, dated August 22, 2016 (the "2016 Contract").  The 2016 Contract is referred to in the Complaint, but was not attached thereto, and was filed in connection with Gaia's original Motion to Dismiss.  Dkt. 16-18.

As part of Gaia's counterclaims, filed with leave of the Court (Dkt. 191) to preserve Gaia's rights pursuant to Colorado Revised Statute § 13-80-109 (Dkt. 193), Gaia asserted breach of contract claims against Plaintiffs based on the 2016 Contract, an August 18, 2017, amendment to the 2016 Contract (the "August 2017 Amendment"), and a November 7, 2017, amendment to the 2016 Contract (the "November 2017 Amendment", which includes as an exhibit a "Relocation Benefit Agreement").  Gaia attached the 2016 Contract, the August 2017 Amendment, the November 2017 Amendment, the Relocation Benefit Agreement, and a June 20,

2015, written agreement between the parties (the "2015 Contract") to its counterclaims (collectively, the five documents attached to Gaia's counterclaims are the "Restricted Documents").

Because the Restricted Documents contain confidential information that should be shielded from public view, as described below, Gaia filed the Restricted Documents as "Restricted – Level 2"[1], pursuant to Local Civil Rule 7.2(b).  Pursuant to Local Civil Rule 7.2(e), Gaia now files this Motion to Restrict to explain the interests to be protected by restriction.

Though there is a presumption that documents filed with the Court are to be publicly available, access to documents may be restricted when non-disclosure interests outweigh the public's right of access. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).  A party seeking restriction shall: "(1) identify the specific document for which restriction is sought; (2) [] identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) [] identify a clear injury that would result if access is not restricted; and (4) [] explain why alternatives to restricted access — such as redaction, summarization, stipulation, or partial restriction — are not adequate." *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1191 (D. Colo. 2013) (*citing* Local Rule 7.2(b)(1)-(4)).  Each part of the above test is addressed herein.

The documents for which Gaia seeks restricted access are written agreements between Gaia and Plaintiffs, as described above.  The Restricted Documents only directly pertain to one

---

[1] Gaia filed the Restricted Documents with a "Level 2" restriction, limiting access only to the filing party and the Court, rather than with a "Level 1" restriction allowing access to all parties, because of the presence of other Defendants, who have no reason to have access to the document.  As the Restricted Documents are between Gaia and Plaintiffs, Gaia does not seek to restrict Plaintiffs' access.

of Plaintiffs' sixteen claims and two of Gaia's nine counterclaims, and include many provisions that are not relevant to those claims or any disputed issues in this Action.

The primary interest to be protected, from Gaia's perspective[2], by restricting public access to the Restricted Documents, is limiting disclosure of Gaia's confidential and competitive business information as the Restricted Documents contain non-public compensation terms individually negotiated with Plaintiffs.  Indeed, each of the Restricted Documents, either expressly or through incorporation, is agreed to be confidential by the parties.

Gaia is a global conscious media and community company that operates a digital video subscription service, and currently has a digital content library of over 8,000 titles.  Accordingly, Gaia has talent contracts like the Restricted Documents with many individuals who appear on Gaia's programming, which are kept confidential and are often individually negotiated. Disclosure of the terms of the Restricted Documents would likely have a material and negative impact on Gaia, both with respect to how such terms compare to other talent agreements with individuals currently working with Gaia, and in future negotiations with prospective talent. Current talent may be inspired to seek to renegotiate their agreements based on information revealed by the Restricted Documents, and future talent would have an unfair advantage in negotiations as a result of knowing what Gaia had previously agreed to pay.  Accordingly, disclosure of the terms of the Restricted Documents is likely to have a material negative financial impact on Gaia, thereby warranting restricted access.  *See Madison Servs. Co., LLC v. Gordon*, No. 09-cv-02369-MSK-KMT, 2010 WL 11556814, at *7-8 (D. Colo. Oct. 14, 2010) (granting

---

[2] As the Restricted Documents are agreements between Plaintiffs and Gaia, Plaintiffs may have additional interests of their own to be protected by restriction.

request for restricted access to document that included information about compensation plans because of effect disclosure would have on recruiting future employees).

In contrast, the interest of the public in accessing the terms of Gaia's talent contracts is minimal, especially in the context of the claims at issue in this action.  To the extent that any financial terms are relevant to Gaia's counterclaims, Gaia has pleaded such limited terms in the body of its filing; any remaining terms are ancillary to the Parties' claims.  Accordingly, there is virtually no public interest being abrogated by restricting access to the Restricted Documents.

Finally, as to whether alternatives to restricted access are appropriate, Gaia has already summarized and cited to relevant provisions in its counterclaims so further summarization is likely unnecessary.  While redaction of certain key provisions would largely satisfy Gaia's privacy interests, those key provisions include the contract terms that underlie Gaia's claims; because there is little to be gained in publicly disclosing the remaining provisions, redaction is possible but not well suited to addressing any public interest here.  However, if less than full restriction is required, Gaia would be amenable to publicly filing versions of: (1) the 2015 Contract with paragraphs 6(A)-(C) (concerning compensation) fully redacted; (2) the 2016 Contract with paragraphs 6(A)-(E) (concerning compensation) fully redacted; (3) the August 2017 Amendment with Section II (concerning compensation and amending sub-paragraphs from section 6 of the 2016 Contract) fully redacted; (4) the November 2017 Amendment with Section II (concerning compensation and amending a sub-paragraph from section 6 of the 2016 Contract) fully redacted; and, (5) the Relocation Benefit Agreement with paragraphs 2 and 3 (concerning

compensation) fully redacted.[3]  Such redacted versions would not materially—if at all—impact the public's right to disclosure, because, as discussed above, certain compensation terms are referenced in the pleadings and the remaining terms are not relevant to the parties' claims.  *See W. Convenience*, 970 F. Supp. 2d at 1192 (approving restriction via redaction of prices and quantities where that information provided little significance to the public in evaluating the Court's reasoning); *Slawson Expl. Co. v. Arch Specialty Ins. Co.*, No. 15-cv-01131-KLM, 2016 WL 1572370, at *4 (D. Colo. Apr. 19, 2016) (granting motion to restrict via redaction where the redactions proposed were narrowly tailored to prevent the disclosure of confidential information).

**WHEREFORE**, Gaia respectfully requests that this Motion be granted and that the Restricted Documents retain the designation of "Restricted – Level 2" as filed, or in the alternative that such designation is retained for the full versions of the Restricted Documents but that redacted versions be publicly filed that exclude certain paragraphs concerning compensation, together with such other and further relief as the Court deems just and proper.

---

[3] Gaia takes no position on redacting Plaintiffs' telephone numbers and email address appearing in the signature blocks or any other information that Plaintiffs may seek to redact if the Restricted Documents are required to be publicly filed.

Dated:  May 20, 2021                      **DAVIS & GILBERT LLP**


By:  */s/ Daniel A. Dingerson*
     Daniel A. Dingerson
     Ina B. Scher
     1675 Broadway
     New York, New York 10019
     Telephone: (212) 468-4800
     Facsimile: (212) 468-4888
     Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  For purposes of this certification, the word count includes footnotes but excludes the case caption, signature block, this Certificate of Compliance, the Certificate of Service, and the Certificate of Conferral.

      /s/ Daniel A. Dingerson
      Daniel A. Dingerson

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 21, 2021, I caused a copy of the Gaia, Inc.'s Motion to

Restrict Access Pursuant to Local Rule 7.2(c) to be served on all other parties who have

appeared in this matter, other than Cliff High, by filing it on the Court's ECF system, and, by

agreement with Cliff High, serving it on him via email.


<u>    /s/ Daniel A. Dingerson    </u>
Daniel A. Dingerson

**CERTIFICATE OF CONFERRAL**

I hereby certify that pursuant to Local Civil Rule 7.1(a), I conferred via email with

Plaintiffs' counsel about the relief being sought by this Motion.  I further certify that Plaintiffs,

through their counsel, represented that they concur in the relief requested herein.


    /s/ Daniel A. Dingerson   
    Daniel A. Dingerson