IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

      Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIFF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

      Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Third-Party Plaintiff Alyssa Montalbano's ("Montalbano") **Motion to Serve by Certified Mail, Registered Mail, Substitution, or Publication FRCP 4(d), (e) and (h)** [#169] (the "Motion to Serve") and on Third-Party Plaintiff Montalbano's **Motion to Grant Completed Service of Process Upon David Wilcock Pursuant to FRCP 4(e)(2)(C)** [#187] (the "Motion to Verify"). In the Motion to Serve [#169], Third-Party Plaintiff Montalbano asks the Court to allow Third-Party Defendant David Wilcock to be served by alternative methods of service permitted under the Federal Rules of Civil Procedure. In the Motion to Verify [#187], Third-Party Plaintiff Montalbano states her belief that Third-Party Defendant David Wilcock has been successfully served but "moves the Court to [g]rant (verify) service of process as being complete."

The Court is aware of no legal authority permitting it to essentially "pre-judge" whether service of process on a given defendant is adequate; indeed, there is currently no dispute squarely before the Court regarding whether service was appropriate. Whether service of process is adequate may be determined either through a potential Rule 12(b)(5)

motion asserted by Third-Party David Wilcock, assuming he enters his appearance in this matter, or through a Rule 55 determination, first by the Clerk of Court under Rule 55(a) and then by the Court under 55(b), if Third-Party David Wilcock does not enter an appearance and Third-Party Plaintiff Montalbano files a motion seeking entry of default by the Clerk of Court and a subsequent motion seeking default judgment from the Court.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Verify [#187] is **DENIED**.  Given that Third-Party Plaintiff Montalbano believes service of process to be complete on Third-Party Defendant David Wilcock, and given that she concedes that proper service means that the Motion to Serve [#169] is moot,

IT IS FURTHER **ORDERED** that the Motion to Serve [#169] is **DENIED as moot**.


Dated:  May 21, 2021