# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove, Diana Terry,
Christina Gomez

Third-Party Defendants.

**COUNTER-CLAIMANT ALYSSA MONTALBANO RESPONSE AND OBJECTION TO PLAINTIFFS' GOODE AND GES RENEWED MOTION TO DISMISS [#195]**

COMES NOW, Alyssa Chrystie Montalbano, Defendant and Counter-Claimant, in Response to "Plaintiff James Corey Goode and Goode Enterprise Solutions, Inc.'s Renewed Motion to Dismiss Under Fed. R. Civ.P 12(b)(6)" filed May 11, 2021 at Docket 195 and moves the Court to Deny the Motion To Dismiss and move the Amended Counterclaims [#184; #204] into discovery and states as follows:

### I. APPLICABLE STANDARDS ARGUMENTS BY OPPOSING PARTY [#195, p2-8]

The primary general arguments presented by Plaintiffs' Counsel in their MTD are:

1) That Montalbano's Dream Vision communications (sic) "- could not be proven or disproven in a court of law..."[#195, p7, Section V., i] presumably referring to Trade Secrets, claim 7, and that Dream Visions are not Intellectual Property, (Copyrights, claim 9). Plaintiffs' Counsel largely ignores all the non-dream based facts in the other 20 claims, seeking all claims be dismissed because allegedly the Dream Vision aspect is 'delusional.'

2) Plaintiffs' argue that estoppel and Rooker Feldman Doctrine apply to claims already 'heard' in Mesa District Civil Court, [#195 p7; #195-1; #121-24, p3]; and this Court should use the same reasoning as Magistrate Gallagher in his Recommendation. [#195, p2; #195-2]

3) That Montalbano's claims are 'baseless' 'criminal' claims; [#184] Claims 4, 5, 6, 7, 8, 10, 11, 12, 13, 16, and 18; and Montalbano may not bring them for civil remedy. [#195, p5-7, Section V.]

4) That the Amended Counterclaims Complaint is long, doesn't have short and plain statements, and doesn't meet the heightened FRCP 9(b) requirements when pleading fraud. [#195, p3]

5) That the RICO claim is 'vague' and generally that damages and remedies are not clearly defined or 'injury' not shown. [#195, p2-3, p8]

## II.  MONTALBANO'S APPLICABLE STANDARDS ARGUMENTS

### DREAM VISION CLAIMS LEGALLY PROVABLE AND LEGALLY IP

1) See Trade Secrets and Copyrights, Section III, E and F, this document.

### ESTOPPEL AND ROOKER FELDMAN DOCTRINE DO NOT APPLY

2) On page 2 and 7 of the Renewed MTD ("MTD"), Plaintiffs' Counsel generally argues (sic) "Counterplaintiff has had the same or similar claims dismissed by Mesa County District Court of Colorado…" and that "collateral estoppel" applies. It is assumed Counsel is referring only to Claims 7 (Trade Secrets) and 10 (Defamation) as having been allegedly 'heard' in Mesa District Civil Court (18CV50). [#195-1]

Ordinarily 'collateral estoppel' would apply, but that is only applicable when matters have been heard and ruled on in accordance with Due Process of Law and not ruled on by an individual acting under color of office with overt prejudice and bias, filing unlawful orders and judgements in opposition to fact, law and evidence, in violation of their Oath of Office to the State and National Constitutions; [#184 at Claim 15 Deprivation of Rights, and in particular ¶¶668] whereby presiding Officer, 'Judge' Flynn, repeatedly denied Montalbano's Constitutional Rights on the Mesa Court record. This severe 'error' made Flynn lose

jurisdiction in case 18CV50 and all his 'orders/judgments' are Null and Void, as denial of Constitutional Rights is Not a judicial function.

Additionally, Flynn did not have the authority to issue any final judgments regarding Defamation pursuant his Oath of Office and the Colorado State Constitution he is sworn to uphold and protect, that power is given to the jury. [#184, ¶¶688-689] Further still, Flynn lied in his orders/judgment that no defamation was shown. [Id. ¶¶681-689] Lying on the Court record is not a judicial function and accordingly all his orders/judgements in case 18CV50 are null and void and open to collateral attack [Id. 702¶] in this instant case. (See Section III, G. this document)

Plaintiff's Counsel goes on to say the Rooker-Feldman Doctrine says only the United States Supreme Court has appellate authority to review state court's decisions. [#195, p19, VII. b.] However, the Supreme Court has also ruled, "when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect." *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)* [#184, ¶¶668-673]; and "if a court is without authority, its judgments and orders are regarded as nullities. **They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them**. They constitute no justification **and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers**." *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).* (emphasis added) [Id. ¶¶671-672]; and accordingly the Renewed MTD based on collateral estoppel and the Rooker-Feldman Doctrine are to be denied.

Yanaros then proceeds (again) to baselessly point to Magistrate Gallagher's 'recommendation for dismissal' [#195, p2] from when she improperly removed Montalbano's case 18CV50, August 2018, to the Denver Federal Court and filed a fake complaint. [#184, ¶¶721-722] Since this 'recommendation' [#195-2] is based on Yanaros' fraudulent complaint filing [#26-6] and has no bearings on the Counterclaims it should be disregarded in its entirety and even stricken.

### CLAIMS ARE CIVIL CLAIMS

3) Montalbano brought claims as Civil claims, permitted by law:

   a. The primary RICO claim (1) was brought on civil grounds (18 USC 1961; 18 USC 1964(c)) with its sub-racketeering acts: Mail Fraud (4), Wire Fraud (5), Forced Labor (6), Trade Secrets (7) (18 USC §1836(b)), Economic Espionage (8), Abuse of Process (16), and Extortion (18).  [#184 at ¶¶16 Jurisdiction and Venue]

   b. The Defamation claim (10) is civil. Colorado is one of a few states to make a criminal Defamation statute; CRS 18-13-105. Montalbano brought the civil defamation tort under CRS 13-80-103 which clearly states (sic) "(1) The following **civil actions** . . . (a) . . ."**libel, and slander**". (emphasis added)  [#184, ¶¶569-574]

   c. Therefore, Yanaros' 'criminal' claim arguments for 1, 4, 5, 6, 7, 8, 10, 16, and 18, are to be denied.

### COUNTERCLAIMS CONTENT AND LENGTH

4) The ACC length is necessary to give merit to the complex subject matter involving dream state neural interfacing, and because the claims extend well beyond Yanaros' clients,

Goode and GES, involves multiple parties, multiple court cases, multiple fraud situations, and whereby specificity must be plead and the heightened FRCP 9(b) has been fulfilled with ample short and plain statements for Answering.

### DAMAGES AND RELIEF REQUESTED ARE SPECIFIC

5) Montalbano updated the RICO claim (1) and all Damage/Relief sections with specificity in the ACC [#184, See all claims' "Damages" sections] after the Plaintiff's first MTD [#131, Section VI.] and accordingly the irrelevant argument is to be denied.

### III.    CLAIM ARGUMENTS

### A.  CLAIM 1 – RICO

1. Plaintiffs' argue Montalbano's RICO claim is 'criminal,' does not show injury and is 'threadbare'. [#195, p2, p8-9]

    a. See Section II, Numbers 3-5, this document.

### B.  CLAIM 2 Fraudulent Misrepresentations
### CLAIM 3 Violation of the Colorado Consumer Protection Act (CCPA)

1. Plaintiffs' claim Montalbano did not show any damages from reliance on fraudulent misrepresentations to include Goode calling Montalbano a stalker (criminal) and "Dark Alliance" (criminal) to multiple third parties (defamation per se) and that Counterplaintiff did not show Goode and GES violated the CCPA. [#195, p10, i.]

    a. Defamation per se does not require damages be shown.

b. Montalbano argued C.R.S. 6-1-105(1)(h) for the unfair business practices of Goode and GES disparaging the goods and services of Montalbano. [#184, ¶342]

c. Montalbano showed what the original false statements were that she initially relied upon as true [Id. ¶¶38-126, ¶291, ¶359, ¶365] and that she was injured in fact by Goode and GES during the regular course of their business [Id ¶¶338-340, ¶357] by their fraudulent business practices that resulted in the loss of thousands of pages of legally protectable Intellectual Property [Id. ¶¶117-119, Trade Secrets (7) and Copyrights (9)], monetary damages (donations, event attendance) [Id. ¶¶114-116, ¶¶122-124], and subsequent loss of Montalbano's impeccable reputation due to disparagement. [Id. ¶¶125-126; ¶307, Claim 10;  #121-21 defamation]

d. The counterclaim defamation exhibit [#121-21] when viewed in conjunction with Goode's three retaliatory, rejected, or dismissed criminal stalking case efforts [#195-3, #195-4] against Montalbano [#184, ¶231, ¶¶245-248, ¶¶256-262; and Claims 16, 17, and 18], show Goode intentionally and knowingly calling Montalbano a criminal stalker (2018-current) to multiple third parties when he clearly knew this to be false (defamation per se) as he lied on the Broomfield Court Record to obtain the fraudulent temporary TRO [#195-3] which was vacated in Montalbano's favor [#26-2, Broomfield Combined Court Register of Actions], yet Goode, The Enterprise, and Yanaros, continue to fraudulently parade around this TRO on and off Court records as if lawfully obtained or valid, when it is neither. [#184, Claim 16]

e. A Violation of The CCPA permits a civil claim to be brought and enforced by an individual (Montalbano). (C.R.S. 6-1-113(1)(a))

f. To fulfill the requirement of violating the CCPA it must be shown there is a significant impact on the general public [#184, ¶¶345-356] and that Montalbano is a consumer of the fraudulent products.

Montalbano has shown she has 'consumed' Goode and GES products [#184, ¶¶37-74, ¶¶101-116], has been personally damaged by these frauds [Id. ¶338-340; ¶357; see all claim "Damages" sections] and that Goode, GES, and their associates ongoing frauds have a significant negative impact on the general public, extending into the millions [Id. ¶37, ¶¶101-116, Claims 4 and 5; #121-7]; whereby counter-defendants notably create derivative works from Montalbano's original IP and create 'fake news' for their Racketeering acts, fraudulently presented as legitimate 'news' [Id. ¶¶508-534] then they collect thousands of dollars in illicit donations and product sales. [Claim 11; ¶584, A.] Goode also profiteers by publicly defaming Montalbano as a criminal stalker [claim 10] and opened the Light Warrior Legal Fund LLC [Id. ¶4, ¶27, ¶52, ¶¶332-337; #121-2] whereby donations are solicited from the general public based on Goode's disparagement of Montalbano. [Id. ¶¶541-562; ¶584,C.] This money is then used to fund The Enterprise's extortion activities and promote the specified unlawful Racketeering acts. [Id. ¶589, ¶727 H.; and #121-5, 121-21, Claim 1]

### C. **CLAIM 4 Frauds and Swindles by Mail**
###     **CLAIM 5 Frauds and Swindles by Wire**

1. See Section II, Numbers 3 and 5; and Section III, A, this document.

### D. **CLAIM 6 Enticement Into Slavery**

1. Plaintiffs make no specific arguments about dismissal of Claim 6 and as such are in agreement it should be investigated.

### E. **CLAIM 7 TRADE SECRETS**
###     **CLAIM 8 ESPIONAGE**

1. Plaintiffs' Counsel argues Montalbano may not bring a Trade Secret claim and if Montalbano can, it is barred by estoppel.

    a. The Trade Secret claim may not be barred by estoppel. (See Section II, Number 2, this document)

    b. Montalbano may bring a private civil Trade Secret claim pursuant the Defend Trade Secret Act and RICO. (18 USC §1836(b)(1)); [#184, ¶19 Jurisdiction and Venue]

2. On p7, Section V., i., Plaintiff's notably argue Montalbano's Dream Vision communications (sic) "- could not be proven or disproven in a court of law,..." presumably to argue the Trade Secret claim is not valid based on its merits.

    a. Montalbano's has shown that two-way dream state communications are scientifically proven doable. [#184, ¶¶461-464]

    b. Montalbano's Dream Vision (DV) journal records prove Goode communicating with Montalbano in sleep-states, notably seen in the DV where Goode threatens to go after Montalbano's Trust funds; then 8 months later in waking states he posted a YouTube comment threatening to go after Montalbano's Trusts Funds. [#184, ¶205;  #121-19]

    c. For the Courts benefit, as obvious tangible evidence that Montalbano's Trade Secret IP claim is in fact legally provable it can now be seen that Montalbano foresaw the coming coronavirus vaccine controversies that are now a matter of major public waking state controversy; via Montalbano's Mesa District Civil Court filed, February 12, 2020, Exhibit BB, DV (Dream Vision) Sample 3, with Trade Secret IP record first dated May 6, 2019. (Exhibit 1)

In extreme brevity: In the Trade Secret Dream Vision IP Record, the last two paragraphs contain a conversation about military vaccinations that they were trying to trick or force people to take, it seemed they had nanos in them, were related to the flu, Genetically Modified Organisms (GMO), and Artificial Intelligences.

In waking states the Coronavirus was 'discovered' in Wuhan, China, December 2019 (7 months after Montalbano's DV). Multiple vaccines were developed, notably the Moderna one released December 2020[1] (10 months after DV filed in Mesa Court; and 1 year 7 months after DV).  DARPA, Defense Advanced Research Projects Agency (the military), is stated to have invested around 56 million dollars into the Moderna vaccine's development.[2]  Thus the military vaccine in the DV. Some people

---

[1] https://en.wikipedia.org/wiki/Moderna_COVID-19_vaccine

[2] https://www.drugdiscoverytrends.com/how-u-s-government-bolstered-modernas-covid-19-vaccine-candidate/

are trying to force everyone to take these vaccines and use vaccine 'passports' [3], but this would violate civil rights [4], and people must more so be 'tricked' into taking them. Thus the vaccine being 'forced' but more so 'tricked' in the DV. These coronavirus vaccines utilize Lipid-**nano**particles, whereas all prior vaccines use liposomes.[5]  Thus the nano connection in the DV. Some people report 5G towers have a COV-19 box attached to the motherboard and may be responsible for Covid symptoms and some vaccinated people claim Bluetooth devices are now trying to connect with them [6]. Thus the A.I. connection in the DV.  These vaccines use gene-modification therapy 'approved' for the first time in mass produced vaccines, where the person's cells are injected with the virus' mRNA which causes the creation of 'Spiked Proteins'.[7] DNA is made up of proteins and altering proteins essentially alters DNA. [8]  Thus the GMO connection. Lastly, COVID-19 and the Flu largely have similar symptoms [9] and according to THE SUNDAY TIMES [10] review of

---

[3] https://www.cnn.com/2021/04/07/us/covid-vaccine-passport-explainer/index.html

[4] https://sorendreier.com/1000-lawyers-and-10000-doctors-have-filed-a-lawsuit-for-violations-of-the-nuremberg-code/

[5] https://www.cas.org/blog/understanding-nanotechnology-covid-19-vaccines

[6] https://afinalwarning.com/514792.html and https://dogsareloyal1s.com/psa/connection_failed.mp4

[7] https://www.dictionary.com/e/dna-vs-rna-vs-mrna-the-differences-are-vital/#:~:text=One%20type%20of%20RNA%20is%20known%20as%20mRNA%2C,specifically%20that%20has%20the%20recipe%20for%20a%20protein

[8] https://www.sciencedirect.com/science/article/abs/pii/S0169409X20300727

[9] https://www.google.com/search?q=coronavirus+symptoms&sxsrf=ALeKk00zJEf-CJqQ-IzEyupbPKP7juOB7g%3A1618600415468&ei=3-F5YI3lG4Ly-gTwmZyYDw&oq=coronavirus+symptoms&gs_lcp=Cgdnd3Mtd2l6EAMyBQgAELEDMgUIABCxAzICCAAyAggAMgUIABCxAzICCAAyAggAMgIIADICCAAyAggAOgQIIxAnOgQIABBDOgoIABCxAxCDARBDOgcIABCxAxBDOgoIABCHAhCxAxAUOgcIABCHAhAUOgcIABDJAxBDOgUIABCRAjoHCAAQsQMQCjoLCAAQsQMQgwEQyQM6BQgAEJIDOgUIhCxAzoICAAQsQMQgwE6BAgAEAo6BQgAEMkDOgoIABCxAxCDARAKULaoAVii9gFgyvcBaA1wAngAgAGOAYgBixiSAQQ0LjI0mAEAoAEBqgEHZ3dzLXdpcesABAQ&sclient=gws-wiz&ved=0ahUKEwjN0K-2vlPwAhUCuZ4KHfAMB_MQ4dUDCA4&uact=5  and https://www.cdc.gov/flu/symptoms/symptoms.htm

official data it is stated since COVID-19 came along people who get the Flu has dropped by the unprecedented level of 95%. Thus the Flu connection in the DV.

As can be seen in this Court filed Trade Secret DV IP record, there is nothing 'delusional' or 'fanciful' about Montalbano making Dream Vision record observations, comparisons, and statements of fact showing the correlating waking state occurrences to the prior documented DV occurrences. It is repeat factual evidence like this that dictated the Trade Secret claim; and Montalbano has just legally proven, via Court records, her Trade Secrets claim is legally provable.

There is no known case precedence for this and the Trade Secret statute is the most applicable to protect such rare and valuable IP records. Therefore Plaintiffs' argument that Montalbano cannot legally prove her Dream Vision communications is false, and accordingly it is to be denied.

Goode (GES, Wilcock, and The Enterprise) have hundreds of Montalbano's IP records like this Court filed vaccine example that must be legally protected. [#184, Claims 7 and 9] The Enterprise has known since at least August of 2017 that Montalbano is a legitimate predictive dream researcher, able to legally prove her claims. [#184, ¶¶207-210; #121-20 Exhibit "Shaman" slide with Montalbano's artwork used at Goode's for Profit speaking event] However, because Goode and Wilcock are dream 'psychic' frauds, The Enterprise chose to destroy Montalbano's reputation with their unfair business practices to the same and similar consumers. [#184, claims, 1, 2, 3 and 10]

---

[10] https://www.thetimes.co.uk/article/hygiene-and-immunity-leave-flu-germs-with-nowhere-to-go-xxdb65klt

    d. Finally, dreams are relevant to this case because Goode [Id. ¶24], Wilcock [¶28], and Montalbano [¶22] are all authors and researchers that write about dreams; and because the CIA dream research programs Goode claims participation in (CIA MKULTRA and MiLab) [¶¶25-26] use A.I. neural interfacing technology to dream state communicate with Targeted Individuals (TI); thus making Montalbano's Dream Vision records (comprising thousands of pages of highly detailed records) relevant and appropriate evidence to implement investigation into Goode's CIA, Military, medical, and MKULTRA records to determine what computer equipment Goode and The Enterprise are currently using on Montalbano. [Id. ¶¶54-100; ¶¶127-210]

### F. CLAIM 9 Copyrights

1. Plaintiffs' Counsel argues, in bad faith, that Montalbano's collection of literary works referred to as "Dreams Visions", are an idea, procedure, method, system, and etc, not protected by copyright laws and there are no similarities between Montalbano's Intellectual Property (IP) stories and Goode and GES stories.[#195, p11-13, section VI. c.]

    a. Montalbano did not argue an intangible 'idea' under Copyright laws. Montalbano's claim is to protect thousands of pages of Intellectual Property literary works ("stories") called "Dream Visions". [#184, ¶482-486]

    b. Common law copyrights automatically extend to "fixed" literary works (17 USC §101) [Id.¶428] and Montalbano's Dream Vision stories (approximately 500) delivered by mistake and error to Goode and his associates due to belief in their public frauds and prior publication, are legally copyright protected as "unpublished works." (Title 17 USC 104(a)) [#184, ¶488]

    c. Because the US Copyright Office has legally deemed Montalbano's published Dream Vision literary works as tangible and legally protectable IP this Court must also use common sense and acknowledge this Federally recognized fact, and must Deny Plaintiffs' bad faith argument that it does not qualify because it is referred to as "Dream Visions." [#121-25 Copyrights]

    d. Goode, GES, and Montalbano have a contract pursuant the PLAC mailings [#121-18], acquiescence, Federal Rules of Evidence and Presumptions, and theories of recovery involving fraud. Counter-Defendants, Goode and GES, acquiesced to all the allegations, terms, and conditions stated in the PLAC mailings first dated April 18, 2018 through their willful failure to lawfully rebut or respond when they had a legal and moral duty to speak [#184, ¶¶494-508]; see *U.S. v. Tweel, 550 F. 2d. 297.* "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." [Id. ¶¶211-228]

    e. Any 'procedure', 'method', or similar matters described by Montalbano's IP, whether tangible or intangible, are protectable via Montalbano's Trade Secret claim. (18 USC §1839 (3); Claim 7)

    f. Montalbano provided ample and specific examples of similar derivative works created by Goode, GES, and The Enterprise, notably presented as 'fake news'. [121-18 PLAC; #184, ¶509-534]

### G. CLAIM 10 Defamation

1. Plaintiffs do not specifically argue defamation outside of estoppel or alleging it is a 'criminal' claim. [#195, p5]

    a. See Section II, Numbers 2 and 3, b-c, and Section III B. this document

    b. Montalbano has shown Goode and The Enterprise have maliciously defamed Montalbano as a criminal (stalker, "Dark Alliance") and someone sexually amoral to thousands of third parties (defamation per se), holding Montalbano in public contempt and they will not stop without a court order.  [#121-21; #184, ¶¶546-574]

### H. CLAIM 11 Money Laundering

1. See Section II, Number 3, a. and 5; and Section III A., this document.

### I. CLAIMS 12 Harassment Remote Neural Stalking and CLAIM 13 Harassment "Kiana Arellano Law"

1. The Plaintiffs claim the harassment claims are criminal. [#195, p6] Because they appear to be correct, Montalbano removed the harassment claims (#184, claims 12 and 13).   [#204]

### J. CLAIM 14 CIVIL CONSPIRACY
### CLAIM 15 CIVIL ACT FOR DEPRIVATION OF RIGHTS

Counter-defendants state there are no facts showing injury to Montalbano's Constitutionally protected interests, such as due process of law, free speech, or that show a conspiracy to deprive Montalbano of her Rights. [#195, p13-16, Section VI. d.]

    a. Claim 14 (civil Conspiracy) is premised on the underlying claims [#184, 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 15, 16, 17, 18, 19, 20, 21, and 22] and names with specificity who is involved in the conspiracy and holds each summoned participant jointly and severally liable and is not fundamentally a standalone claim and accordingly the argument is to be denied. [#184, ¶662]

  b. Montalbano removed Goode and GES from the Civil Rights violation (claim 15) after this same argument in the first MTD [#131, p12-13] and the relief has already been granted.

### K. CLAIM 16 ABUSE OF PROCESS
###   CLAIM 17 MALICIOUS PROSECUTION
###   CLAIM 18 EXTORTION

1. Plaintiff's Counsel claims Montalbano may not bring an abuse of process claim, and that no abuse of process occurred, then cites case law that supports her argument of she and Goode opening non-justified cases with ulterior motives as having been ruled on as being 'ok' by some Courts. Yanaros also cites a key case law (sic) "An improper use of the legal process occurs when a particular procedural tool is used in an attempt to accomplish a result which that tool, when properly used, could not provide." *Gustafson v. Am. Family Mut. Ins. Co,. 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012)* [#195, p13-16, Section VI. e.]

  a. Montalbano may bring the abuse of process, claim 16, and related malicious prosecution, claim 17, under RICO statute 18 USC 1589(a)(3), (c), and RICO Extortion (claim 18) for civil remedy under 18 USC §1964(c) [#184, ¶17] and accordingly the counter-defendants' MTD claims 16-18 are to be denied. [#184, JURISDICTION AND VENUE ¶¶16-21]

  b. Goode and Yanaros could not accomplish their goal of getting a lawful TRO against Montalbano, June 2018 [#184, ¶231], so they lied on the Broomfield Court record, July 2018 [#195-3; #184, 245-247] and unlawfully obtain one, showing they could not lawfully obtain the TRO by properly using the Court system (a tool) and thereby performed abuse of process, and accordingly the MTD the abuse of process,

malicious prosecution, and extortion claims allegedly for no abuse occurring is to be denied.

### L. CLAIM 19 INTENTIONAL INTRUSION ON PRIVACY RIGHTS

Counter-Defendants claim they did not violate Montalbano's privacy rights by disseminating Montalbano's Dream Visions or that no privacy was expected and there is no cognizable theory for relief. [#195, p16-17, Section VI. f.]

   a. Privacy was presumptively agreed upon [#135-1] and expected pursuant Goode and GES's silent acquiescence to Montalbano's PLAC contracts [121-18 p1-3, p8-9, p12-14] Goode knowingly violated the privacy agreement by publicly disclosing Montalbano's private marriage Dream Vision to thousands of third parties that held Montalbano in public contempt as someone sexually amoral (defamation per se). [#184, ¶¶554-557, ¶560, Claim 10]

   b. Cognizable relief is specified, to (sic) "restrain Goode . . . from further releasing Montalbano private information publicly."  [Id. ¶¶773-775] and accordingly the counter-defendants' MTD claim 19 is to be denied.

### M. CLAIM 20 IIED and 21 UIED

1. Plaintiffs argue no outrageous conduct occurred. [#195, p17, Section VI. g.]

   a. Montalbano enduring five (5) unethical and baseless extortion case efforts/filings by Goode and Yanaros is outrageous conduct. [#184, Claims 16, 17, and 18]

   b. Enduring harassment, Trojan hacks, and defamation per se of being called a criminal stalker and someone sexually amoral since early 2018 to current by Goode and

The Enterprise to thousands of third parties, after Goode repeatedly losing his criminal stalking cases even with perjury, is outrageous conduct that is beyond the confines of what any ordinary person should endure. [Id. Claims 1, 2, 3, 10 and 14]

c. Montalbano has endured severe emotional distress, which resulted in speaking with multiple police departments [#184, ¶¶272-275] trying to get anyone to do 'Judge' Flynn's job since June 2018 to stop the ongoing harassment, malicious theft of IP [Id. Claims 7, 8, 9], malicious cases [Id. Claims 16, 17, 18], and defamation [Id. Claim 10], and accordingly Plaintiffs' argument is to be denied.

### N. CLAIM 22 UNJUST ENRICHMENT

1. Plaintiffs argue no alleged benefits were obtained by Goode and GES, to Montalbano's detriment. [#195, p18, Section VI. h.]

   a. Counter-Defendants have benefited by receiving through their illicit donation schemes: financial donations from Montalbano; and approximately 500 original IP records that they have used unrestrained and for free in their specified unlawful Racketeering acts. [#184, ¶113-124, ¶517, Claims 1, 2, 3, 4, 5, 7 and 9]

   b. Counter-defendants have received financial donations (benefits) based on their disparagement of Montalbano. [Id. Claims 2, 3, 10, and 11]

   c. Goode and GES are obligated through theories of recovery involving fraud, to compensate Montalbano for their unlawful IP use and misrepresentations and accordingly the MTD the Unjust Enrichment claim is to be denied. [Claims 1, 2, 3, 7, 9, 10 and 11]

## IV. CONCLUSION

Wherefore, for all the facts, laws, and reasons stated herein and as seen in the Amended Counterclaims in greater detail, The Counter-Defendants' Renewed Motion To Dismiss is to be Denied and the Amended Counterclaims moved into discovery and Goode and GES be Ordered to Answer.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Counter Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of May 2021 a copy of the foregoing Response was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5) and a copy delivered to Mr. High by email.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen