IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                          Plaintiffs,

v.

WEIDNER, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY,
BRAD WARKINS, and KIERSTEN MEDVEDICH

                          Defendants.

-------------------

ALYSSA CHRYSTIE MONTALBANO, individually,

                          Counterclaimant,

v.

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                          Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC; DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE,
DIANA TERRY, and CHRISTINA GOMEZ,

                          Third-Party Defendants.

_____

**DEFENDANT JAY WEIDNER'S ANSWER AND COUNTERCLAIMS TO THE
SECOND AMENDED COMPLAINT OF PLAINTIFFS JAMES COREY GOODE AND
GOODE ENTERPRISE SOLUTIONS, INC.**
_____

**COMES NOW,** Jay Weidner ("Weidner"), through undersigned counsel, without waiving any rights pursuant to its filed and currently pending Motion to Dismiss (Dkt. 129), pursuant to Federal Rules of Civil Procedure 7(a) and 13 and Colorado Revised Statute § 13-80-109, and with leave of the Court (Dkt. 191), for its Answer and Counterclaims to the Second Amended Complaint (the "Complaint") of Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES"), denies all factual allegations contained in the headings and unnumbered paragraphs and states as follows:

1. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

2. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

3. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

4. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

5. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

6. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

7. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

8. Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

9.      Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

10.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

11.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

12.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

13.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

14.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

15.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

16.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

17.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

18.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

19.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

20.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

21.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

22.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

23.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

24.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

25.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

26.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

27.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

28.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

29.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

30.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

31.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

32.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

33.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

34.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

35.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

36.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

37.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

38.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

39.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

40.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

41.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

42.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

43.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

44.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

45.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

46.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

47.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

48.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

49.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

50.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

51.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

52.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

53.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

54.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

55.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

56.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

57.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

58.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

59.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

60.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

61.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

62.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

63.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

64.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

65.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

66.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

67.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

68.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

69.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

70.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

71.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

72.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

73.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

74.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

75.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

76.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

77.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

78.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

79.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

80.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

81.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

82.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

83.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

84.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

85.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

86.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

87.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

88.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

89.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

90.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

91.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

92.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

93.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

94.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

95.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

96.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

97.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

98.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

99.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

100.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

101.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

102.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

103.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

104.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

105.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

106.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

107.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

108.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

109.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

110.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

111.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

112.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

113.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

114.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

115.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

116.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

117.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

118.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

119.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

120.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

121.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

<u>CLAIM I</u>

122.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

123.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

124.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

125.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

126.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

127.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

128.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

129.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

130.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

131.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

132.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

133.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

134.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

135.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

136.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

137.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

138.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

139.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

140.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM II

141.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

142.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

143.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM III

144.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

145.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

146.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

147.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

148.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

149.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

150.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

151.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

152.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

153.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

154.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

155.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

156.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

157.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM IV

158.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

159.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

160.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

161.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM V

162.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

163.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

164.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

165.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM VI

166.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

167.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

168.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

169.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

170.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

171.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

172.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

<h2 align="center">C<small>LAIM</small> VII</h2>

173.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

174.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

175.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

176.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

177.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

178.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

179.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

180.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

181.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM VIII

182.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

183.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

184.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

185.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

186.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

187.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

188.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM IX

189.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

190.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

191.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

192.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

193.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

194.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM X[1]

195.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

196.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

197.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

198.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

199.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM XI[2]

200.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

201.     Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

---

[1] The tenth claim pled in the Complaint is numbered "Claim XIII"
[2] The eleventh claim pled in the Complaint is numbered "Claim XIV"

202.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

203.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

204.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM XII[3]

205.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

206.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

207.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

208.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

## CLAIM XIII[4]

209.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

210.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

211.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

---

[3] The twelfth claim pled in the Complaint is numbered "Claim XV"
[4] The thirteenth claim pled in the Complaint is numbered "Claim XVII"

212.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

213.    Weidner has moved to dismiss the Complaint in its entirety and, as such, no response is required. To the extent any response is required, Weidner denies the allegations.

**DEFENSES**

Weidner has moved to dismiss the Complaint in its entirety and, as such, no defenses are required to be asserted at this time. Weidner hereby gives notice that he intends to rely upon any other defense that is now or may become available during, or as a result of, discovery in this action and hereby reserves the right to amend its Answer to assert any and all such defenses, none of which are waived.

**COUNTERCLAIM**

Weidner, by and through his attorneys at Burnham Law, without waiving any rights related to his filed and currently pending Motion to Dismiss (Dkt. 129), pursuant to Federal Rules of Civil Procedure 7(a) and 13 and Colorado Revised Statute § 13-80-109, and with leave of the Court (Dkt. 191), for his Counterclaim against Plaintiff James Corey Goode and Goode Enterprise Solutions, Inc. alleges as follows:

**NATURE OF THE COUNTERCLAIM**

1.      This counterclaim is in response to Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.'s claims and seeks to recover damages from Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. for malicious and tortious acts of abuse of process.

**PARTIES**

2.      Counterclaim-Plaintiff Jay Weidner is an individual residing in Saguache County, Colorado.

22

3.      Counterclaim-Defendant James Corey Goode ("Goode") is an individual residing in Broomfield, Colorado.

4.      Counterclaim-Defendant Goode Enterprise Solutions, Inc. ("GES") is a Colorado Company with principal place of business in Broomfield, Colorado.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because Counterclaim-Plaintiff Weidner has suffered injury as a result of Plaintiffs' commission in Colorado of tortious acts, including abuse of process by filing a lawsuit filed in the United States District Court for the District of Colorado. Additionally, by filing in this Court the original and amended complaints alleging claims concerning the same subject matter as this counterclaim, Counterclaim-Defendants have consented to the jurisdiction of the Court.  This Court has supplemental jurisdiction over this counterclaim because the counterclaims are related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367.  Further, this Court has personal jurisdiction over Counterclaim-Defendants because, on information and belief, Goode is domiciled in this District and GES's principal place of business is in this District.  Additionally, the Court has personal jurisdiction over Counterclaim-Defendants pursuant to C.R.S. 13-1-124(1)(a) and (b) because the Counterclaim-Defendants transact business within the state of Colorado and have committed tortious acts within the state of Colorado.

6.      By filing in this Court the original and amended complaints alleging claims concerning the same subject matter as this counterclaim, Counterclaim-Defendants have consented to venue in this District.  Further, venue in this District is proper under because Counterclaim-Defendant Goode resides in this District, Counterclaim-Defendant GES's principal place of

business is in this District, and a substantial part of the events or omissions giving rise to Weidner's counterclaim occurred in this District.  28 U.S.C. §§ 1391.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

7.      Counterclaim-Defendants initiated a lawsuit against Mr. Weidner, among several other parties, in March 2020.

8.      That legal proceeding is styled *Goode et al. v. Gaia, Inc. et al.*, Case No. 1:20-cv-00742-KLM and is pending in the United States District Court for the District of Colorado (the "Lawsuit").

9.      In their initial complaint, Counterclaim-Defendants asserted sixteen disparate claims against Mr. Weidner and the other named defendants.  ECF. No. 1.

10.      Counterclaim-Defendants then filed their First Amended Complaint, which added five pages, another claim, and three more defendants.  ECF No. 36.

11.      Counterclaim-Defendants filed their Second Amended Complaint ("SAC"), the operative complaint at the time of this counterclaim, on August 31, 2020.  ECF. No. 111.

12.      In the SAC, Counterclaim-Defendants allege ten disparate claims against Mr. Weidner.  SAC, ¶¶ 141–208.

13.      Counterclaim-Defendants' claims against Mr. Weidner lack justification and Counterclaim-Defendants filed such claims with knowledge that they lacked substantial justification, would not entitle them to the relief requested, and were otherwise frivolous.

14.      Counterclaim-Defendants filed the Lawsuit against Mr. Weidner, among others, to create publicity for themselves and to harass, coerce, and pressure Mr. Weidner.

15.      By his own admission, Counterclaim-Defendant Goode is a public figure.

16.     Before filing the Lawsuit, Counterclaim-Defendants maintained an antagonistic, over-the-internet relationship with Mr. Weidner.

17.     Counterclaim-Defendants knowingly use this antagonistic relationship to develop, attract, maintain, and excite fans of Mr. Goode and GES whom Counterclaim-Defendants refer to as the "Conscious Community."

18.     It is Counterclaim-Defendants' intention to continue to develop and maintain Goode's publicity and influence among the "Conscious Community."

19.     Goode considers himself a leader and influencer among the fanbase comprising the "Conscious Community."

20.     Goode and GES have publicized the Lawsuit in order to attract and maintain his fandom and influence among the "Conscious Community."

21.      Upon information and belief, Counterclaim-Defendants have advertised the existence of the Lawsuit to request, convince, coerce, or otherwise compel his fans to provide him gifts and money under the guise of using the funds for his legal action.

22.     Goode set up and advertises the Light Warrior Legal Fund in order to attract and encourage supporters to provide monetary gifts to him and GES.

23.     Money provided to the Light Warrior Legal Fund is not a donation.  Rather any money provided by any individual to the Light Warrior Legal Fund is a gift.

24.     The Light Warrior Legal Fund is not a 501(c)(3) or other charitable organization under the rules and regulations of the Internal Revenue Code.

25.     Goode has specifically advertised the Lawsuit as a way to request, encourage, and convince his fans and supporters to contribute money to his Light Warrior Legal Fund.

26.     Upon information and belief, Counterclaim-Defendants do not need and do not intend to use funds or gifts given to them for the Lawsuit or any other legal matter.

27.     Instead, Counterclaim-Defendants intend to use the Lawsuit in concert with the Light Warrior Legal Fund, to procure gifts and to grow Goode's influence with his fans and the "Conscious Community."

28.     Counterclaim-Defendants filed the Lawsuit against Mr. Weidner, and other parties, in order to further their over-the-internet dispute with Mr. Weidner.

29.     Counterclaim-Defendants filed the Lawsuit against Mr. Weidner, and other parties, in order to add a sense of legitimacy to their internet crusade against Mr. Weidner.

**FIRST COUNTERCLAIM FOR RELIEF**
**(ABUSE OF PROCESS)**

30.     Counterclaim-Plaintiff incorporates the foregoing Paragraphs of this counterclaim as if fully set forth herein.

31.     Counterclaim-Defendants initiated a legal proceeding by filing a lawsuit against Counterclaim-Plaintiff Jay Weidner, among others.

32.     That legal proceeding is styled *Goode et al. v. Gaia, Inc. et al.*, Case No. 1:20-cv-00742-KLM and is pending in the United States District Court for the District of Colorado (the "Lawsuit").

33.     Counterclaim-Defendants had an ulterior purpose for filing the Lawsuit.  Indeed, as set forth herein, Counterclaim-Defendants filed the Lawsuit to, among other things, add a sense of legitimacy to their crusade against Mr. Weidner, enrich themselves, and grow their influence.

34.     Counterclaim-Defendants filed claims against Counterclaim-Plaintiff Weidner knowing that they lacked substantial justification, would not entitle them to the relief requested, and were otherwise frivolous.

35.     Counterclaim-Defendants filed the Lawsuit against Counterclaim-Plaintiff Weidner in order to harass Mr. Weidner.

36.     Counterclaim-Defendants filed the Lawsuit in an attempt to coerce Mr. Weidner to cease from using social media and other forms of public discourse.

37.     Counterclaim-Defendants also filed the Lawsuit against Counterclaim-Plaintiff Weidner in order to use the lawsuit to coerce and convince members of the public to contribute money or provide gifts to Goode and/or GES.

38.     Counterclaim-Defendants are willfully using the Lawsuit in an improper manner to harass Mr. Weidner and to coerce him to stop using social media.

39.     Counterclaim-Defendants are also using the Lawsuit in an improper manner as a way to advertise Goode and GES, to attract new fans, and to grow Goode's influence and popularity among his fans and the "Conscious Community."

40.     Furthermore, Counterclaim-Defendants are using the Lawsuit in an improper manner by using the Lawsuit to advertise, coerce, and encourage donations to Goode and GES from members of the general public and/or members of the "Conscious Community."

41.     Counterclaim-Defendants directly and proximately damaged and continue to damage Mr. Weidner by filing the Lawsuit against him.

42.     As a direct and proximate result of Counterclaim-Defendants' abuse of process, Mr. Weidner has incurred past and future noneconomic damages including, but not limited to,

mental anguish, fear, anxiety, humiliation, embarrassment, indignity, public disgrace, and loss of reputation.

43.     As a direct and proximate result of Counterclaim-Defendants' abuse of process, Mr. Weidner has incurred past and future economic damages including, but not limited to, court costs, reasonable attorney fees, a reasonable amount for the time he lost or will lose in preparing for and in attending the proceeding or trial of the case, loss of income, and any other damages that will be found to be caused by the abuse of process.

**PLAINTIFF DEMANDS A JURY FOR ALL CLAIMS SO TRIABLE**

Plaintiff respectfully requests a jury trial on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff Weidner respectfully requests this honorable Court enter judgment in his favor and against Counterclaim-Defendants on all claims made herein, for damages in an amount to be determined at trial, costs and attorney's fees, including fees under C.R.S. § 13-17-102(4) if any claim or defense put forth by Defendant is substantially unjustified, pre- and post-judgment interest, and for such further relief as this Court deems appropriate and just.

Respectfully submitted this 8th day of June, 2021.

**BURNHAM LAW**
By:

*/s/ Aaron Belzer (Duly Signed)*
Aaron Belzer, Esq. #47826
Counsel for Defendant

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in

Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 8th day of June, 2021, a true and correct copy of the foregoing **DEFENDANT JAY WEIDNER'S ANSWER AND COUNTERCLAIMS TO THE SECOND AMENDED COMPLAINT OF PLAINTIFFS JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS, INC.** was filed and served via the CM/ECF and all parties as listed below were electronically served via same with the exception of Cliff High, who has been served via email.

**Attorney for Plaintiffs, and Third Party Defendants Light Warrior Legal Fund, LLC, and Valerie Yanaros Wilde:**
Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
Phone: 512-826-7553
Email: valerie@yanaroslaw.com

**Attorney for Defendant Benjamin Zavodnick:**
Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Boulevard
Suite 210
Boulder, CO 80302
Phone: 303-926-0410
Email: mlaszlo@laszlolaw.com

**Attorneys for Defendants Gaia, Inc., Jirka Rysavy, Brad Warkins, and Kirsten Medvedich**:
Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilbert, LLP
1740 Broadway
New York, NY 10019
Phone: 212-237-1488
Email: ddingerson@dglaw.com
ischer@dglaw.com

**Defendant Alyssa Montalbano,** *Pro Se*
2536 Rimrock Avenue
Suite 400-117
Grand Junction, CO 81505
970-250-8365
Email: LegalZenACM@Gmail.com

**Defendant Clif High,** *Pro Se*
PO Box 141
Moclips, WA 98562
Phone: 360-276-0049
clif@halfpasthuman.com

**Third Party Defendant Elizabeth Lorie:**
Timothy M. Murphy
Robinson & Henry PC
7555 East Hampden Avenue, Suite 600
Denver, CO 80231
Phone: 303-338-2365
Email: tim@robinsonandhenry.com

**Third Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Dianna Terry, and Christina Gomez:**
Dmitry B. Vilner
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6645

Email: Dmitry.Vilner@coag.gov

*/s/ Elisa Taute (Duly Signed)*

Elisa Taute

Paralegal

*In accordance with C.R.C.P. 121 § 1-26, a printed copy of this document with original signature(s) is maintained by Burnham Law.*