IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.

*Plaintiffs*,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH,

*Defendants*.

ALYSSA CHRYSTIE MONTALBANO, individually,

*Counter-Claimant,*

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

*Counter-Defendants,*

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL,
MATTHEW GROVE, DIANA TERRY, and
CHRISTINA GOMEZ,

*Third-Party Defendants*

**THIRD PARTY DEFENDANT ELIZABETH LORIE'S MOTION TO DISMISS**

Pursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel did not confer with counsel for any other parties to this action, or any unrepresented parties to this action about this Motion or the relief requested herein.

**COMES NOW**, third-party Defendant **ELIZABETH LORIE** (hereinafter "Ms. Lorie"), by and through undersigned counsel of Robinson & Henry, P.C., and hereby moves this Court for an Order dismissing her from this action, as well as for sanctions against Alyssa Montalbano. In support of this Motion, Ms. Lorie incorporates her arguments below and the attached exhibits in support thereof.

### I. FACTS

Ms. Lorie is currently an attorney licensed to practice law in good standing within the State of Florida. On April 25, 2021, Alyssa Montalbano (hereinafter "Ms. Montalbano") filed an almost 250-page Answer to Second Amended Complaint which included Counterclaims against Ms. Lorie. (See Docket no. 184, hereinafter "Counterclaim"). Immediately in her verbose diatribe of assertions, Ms. Montalbano began vaulting baseless and outlandish claims against Ms. Lorie by claiming Ms. Lorie provided her with a "fake law firm address" for "legal communication while extorting a witness." (see Counterclaim at 31, 225). Ms. Montalbano goes on to assert that Ms. Lorie was involved in "deceptive trade practices" with no basis in law or fact to support such claims, and further accuses Ms. Lorie as being involved in some clandestine cabal of persons who use "mind control technologies" to perpetrate "human trafficking." (see Counterclaim at 35).

Ms. Montalbano's Counterclaim constitutes a convoluted tirade of unfounded and frivolous accusations against multiple parties, notably Ms. Lorie, whose only vague "involvement" was as previous legal counsel for Mr. Goode and Mr. Wilcock. In that capacity, Ms. Montalbano asserts that Ms. Lorie did not properly adhere to the civil procedure of the State of Colorado by allegedly failing to be admitted to a case *pro hac*

*vice*. (see Counterclaim at 95). Finally, Ms. Montalbano asserts that Ms. Lorie was party to criminal activity under 18 U.S.C. 96 ("RICO").

## II. ARGUMENT

**1. Failure to State a Claim for Which Relief Can Be Granted.**

    A.  **Standard of Review**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to F.R.C.P. 12(b)(6), a party may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A plaintiff "fails to state a claim upon which relief may be granted," when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" See *Twombly,* supra*,* at 557. Ultimately, whether a plaintiff has stated a "plausible claim for relief" is a context-specific inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal* at 1947.

    B.  **Ms. Montalbano's Claims Against Ms. Lorie Are Frivolous and Without Merit**

Some claims are "so insubstantial, implausible…or otherwise completely devoid of merit as not to involve a federal controversy." See *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974). Federal courts lack power to entertain these "wholly insubstantial and frivolous" claims. *Southpark Square Ltd. v. City of*

*Jackson*, 565 F.2d 338, 343–44 (5th Cir. 1977). Determining whether a claim is "wholly insubstantial and frivolous" requires asking whether it is "obviously without merit" or whether the claim's "unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Id*. at 342.

Missing from any part of Ms. Montalbano's Counterclaim is anything which could be considered a cogent argument based in, or supported by, fact and/or law. References to things as farcical as Ms. Lorie's alleged involvement in "mind control human trafficking" or "harassment remote neural electronic stalking", which are not actual causes of action, should give this Court pause; moreover, harassment is a criminal cause of action with no private right, but the allegation is included to evidence the lack of appropriate pleadings.

In the Fifth Circuit case of *Atakapa Indian de Creole Nation v. Louisiana,* the court noted, "Unsurprisingly, we can find no Supreme Court precedent controlling or even addressing the plaintiff's exotic claims. We must therefore ask: are the claims 'obviously without merit'? We say yes." 943 F.3d 1004 at 1006 (5th Cir. 2019). This Court would be well within the realm of reasonableness to do the same in this matter, and should do so in its efforts to preserve time and resources to effectuate justice in claims which garner merit.

C. **Ms. Montalbano Does Not Allege Her Claims Against Ms. Lorie With Specificity, and Her Claims are Not Plausible.**

As a threshold matter, where there is any doubt regarding the scope of an underlying cause of action, *Iqbal* indicates that it is important to "begin by taking note of the elements a plaintiff must plead to state a claim." *Id.* at 1949. Ms. Montalbano's claims are not "entitled to the assumption of truth." *Id*. at 1950. A court may disregard patently implausible factual claims is distinct from the principle that a complaint will

4

be inadequate if, accepting well-pleaded factual allegations as true, it fails to give rise to a plausible inference of liability. See *Deyerberg v. Holder*, 2010 WL 2131834 (D. D.C.).

As *Iqbal* emphasized, courts should not accept the truth of factual allegations that are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. at 1949. Ms. Montalbano's claims against Ms. Lorie are nothing short of conclusory, and completely unsupported by factual, colorable evidence. Ms. Montalbano merely states that Ms. Lorie was either party or privy to such crimes or actions such as extortion (Counterclaim at 235), racketeering, deprivation of civil rights (Counterclaim at 205), conspiracy, etc. without much more than her own concocted ideas of some fabricated machinations against her in which Ms. Lorie was allegedly involved. Montalbano provides absolutely no evidence of that Ms. Lorie has engaged in any of the alleged "crimes" or fabricated (and non-existent) "legal claims" that Ms. Montalbano has created literally out of thin air. Ms. Montalbano makes an effort in certain instances in the Counterclaim to note elements of a myriad of crimes or civil actions, and only does so without offering any plausible analysis – or evidence – that Ms. Lorie has engaged in any action(s) which could satisfy any of the required elements.

For example: Ms. Montalbano's RICO claims against Ms. Lorie merely cite the elements but do nothing to offer discernible facts or evidence to meet such elements. Ms. Montalbano accused Ms. Lorie of abuse of process, and for harboring a "fake law firm/address" without attaching any remedy in law to be offered to said accusation, moreover without offering any facts or evidence to support why this Court should award such remedies or even entertain such accusations in the first place.

Ms. Montalbano's Claims 14 and 15 are for alleged deprivation of civil rights and conspiracy. Section 1983 and 1985 civil rights claims share a common element: a plaintiff must show some deprivation of a federally-protected right in order to be successful. See *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995). Ms. Montalbano simply claims she was deprived of nebulous "rights" via a deluge of fragmented references to both the United States Constitution and the Constitution of the State of Colorado. The degree of mental gymnastics involved in the attempt to discern which, if any, of Ms. Montalbano's constitutional rights were violated by Ms. Lorie, and how so, is staggering in no uncertain terms. The impetus of Ms. Montalbano's arguments and allegations rests on the contrived idea that Ms. Lorie either knew of, or participated in, "mind control tactics." It is Ms. Lorie's understanding that such tactics do not even exist, though even if they did, Ms. Lorie would not have access to such a cutting-edge technology. As such, she could not utilize such tactics against Ms. Montalbano as part of some nefarious, fictitious conspiracy.

**2. Ms. Lorie Filed a Lawsuit Against Corey Goode for Non-Payment of over $250,000.00 owed to Ms. Lorie and Nancy Hunter.**

Ms. Lorie sued Corey Goode in a case in the District Court of Boulder County, Colorado. The case number is 2020CV265. This Court is permitted to take judicial notice of that ancillary case as it relates to the facts argued in connection with this Case. See *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979)(See also *Jiying Wei v. Univ. of Wyoming Coll. of Health Sch. Pharmacy*, 759 F. App'x 735, 740 (10th Cir. 2019)). Among other issues involved with that case, Ms. Lorie has asserted that Corey Goode owes her and Ms. Nancy Hunter over $250,000.00 for services rendered to Corey Goode which were never paid to Ms. Lorie and Ms. Hunter.

However, according to Ms. Montalbano, even though Ms. Lorie sued Corey Goode, Ms. Lorie is currently conspiring with Corey Goode as part of some clandestine faction involved with allegedly using mind control in a sex trafficking and racketeering operation. Ms. Lorie notes that, even if she were indeed party to the absurd machinations alleged by Ms. Montalbano, it would not be prudent for her to engage in such machinations with somebody she sued for over $250,000.00 in damages.

**WHEREFORE**, for the foregoing reasons, Third-Party Defendant Elizabeth Lorie respectfully requests this Court grant her Motion thereby dismissing her from this action.

Respectfully submitted this 23rd day of June, 2021

**ROBINSON & HENRY, P.C.**

/s/ *Timothy M. Murphy*
Timothy M. Murphy, #53430
7555 E. Hampden Avenue, Suite 600
Denver, CO 80231
(303) 688-0944
tim@robinsonandhenry.com

*Attorney for Third-Party Defendant,
Elizabeth Lorie*

7

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of June, 2021, a true and correct copy of the foregoing **THIRD PARTY DEFENDANT ELIZABETH LORIE'S OPPOSED MOTION TO DISMISS** was electronically filed with the Clerk of the Court, United States District Court for the District of Colorado, using the CM/ECF system and was served upon all parties who have entered their appearance.

Valerie Ann Yanaros, Esq.
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
*Attorneys for Plaintiffs*

Clif High *(via U.S. Mail)*
PO Box 141
Moclips, WA 98562
*Pro Se Defendant*

Michael Jacob Laszlo, Esq.
Laszlo & Associates, LLC-Boulder
2595 Canyon Boulevard, Suite 210
Boulder, CO 80302
*Attorneys for Defendant Benjamin Zavodnick*

Dmitry B. Vilner, Esq.
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
*Attorneys for Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez*

Daniel Andrew Dingerson, Esq.
Ina B. Scher, Esq.
Davis & Gilbert, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Defendant Gaia, Inc., Jirka Rysavy, Brad Warkins, Kiersten Medvedich*

Aaron Bardin Belzer, Esq.
Ashlee Nicole Hoffmann, Esq.
Burnham Law Firm PC-Boulder
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Defendant Jay Weidner*

Alyssa Montalbano *(via U.S. Mail)*
2536 Rimrock Avenue
Suite 400-117
Grand Junction, CO 81505
*Pro Se Defendant/Cross-Claimant*

**ROBINSON & HENRY, P.C.**

By:   */s/ Julie Vogel*
            Julie Vogel, Paralegal