EXHIBIT B

| DISTRICT COURT, MESA COUNTY, COLORADO | DATE FILED: May 14, 2019 3:29 PM<br>CASE NUMBER: 2018CV50 |
|---|---|
| Court Address:<br>125 N. Spruce Street<br>Grand Junction, CO 81501 | |
| **Plaintiff:**<br>ALYSSA-CHRYSTIE MONTALBANO<br><br>v.<br><br>**Defendant:**<br>JAMES COREY GOODE | ▲   **COURT USE ONLY**   ▲<br>Case Number: **18CV50**<br><br>Div.: 10   Ctrm: 10 |

## ORDER RE: PENDING MOTIONS

This matter comes before the court on numerous motions filed by both parties. After reviewing the motions, responses, and replies, and relevant portions of the rest of the case file and relevant legal authority, the court enters this order.

### I. Background

Both parties to this case are representing themselves, although Defendant is receiving (apparently substantial) drafting assistance from a Texas attorney who is not licensed in Colorado.

The gist of Plaintiff's claims, so far as the court can glean from its review of the pleadings filed thus far and a cursory review of some of the voluminous exhibits filed, is as follows. Plaintiff believes that she is a shaman who is able to see events before they happen in her dreams. These dreams may also involve extraterrestrial contact in some manner. Defendant is a public personality of some note in the community of people who share Plaintiff's worldview on such

matters. Defendant produces a television program on the GAIA TV network as well as other internet content and public events, much of which is done for profit. Defendant allegedly manipulated Plaintiff into sharing hundreds of emails with him in which she describes her prescient dreams. This manipulation was accomplished through the use of nefarious mind-control techniques learned by Defendant from the military. Defendant then published these dream stories through his media and other public activities, claiming them as his own. He also defamed Plaintiff to others at GAIA TV and, when asked to stop publishing her dream visions, Defendant retaliated by claiming that she was stalking him. This culminated in a protection order case in Broomfield County, Colorado (where Defendant resides) against Plaintiff that was ultimately dismissed.

Resolving the issues pending before the court requires a brief tour of this case's already tortuous procedural history.[1] On June 25, 2018, Plaintiff made her initial filing, titled "Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character" (which will be referred to simply as "the Complaint") which appeared to be in the nature of a complaint and was treated as such by the clerk of court.[2] Along with the Complaint, Plaintiff filed a Motion for Default Judgment, an "Affidavit of Truth," exhibits labeled A through K totaling 27

---

[1] The case was filed only nine months ago.

pages, and a six page, single-spaced "Memorandum Brief in Support of Motion to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character" ("Memorandum Brief"). The exhibits contain material in the form of legal demands directed to Defendant or his Texas-based attorney or narratives about Plaintiff's complaints against Defendant that resulted in this case being filed. Plaintiff apparently sent these demands to Defendant prior to filing the case, demanding a response from him lest certain legal consequences ensue against him. Plaintiff's Motion for Default Judgment to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character" ("Motion for Default Judgment"), along with the Complaint, asks that relief be granted in Plaintiff's favor because Defendant did not respond to the demands he was sent.

Shortly after the Complaint was filed, Plaintiff sought an order to serve Defendant by publication due to her inability to locate him. The motion for service by publication was granted but no notice of publication has ever been filed, nor has any indication that Defendant has been served otherwise. Nevertheless, Defendant filed a Motion to Dismiss, which construed the Complaint and Memorandum Brief together as the operative pleading and argued that Plaintiff had failed to state a claim upon which relief could be

---

2That is, it appears in the court's electronic filing system, jPOD, as the Complaint.

granted. Before the motion could be ruled upon, the case was removed to federal court because Plaintiff's claims invoked federal statutory copyright and trademark law.

In federal court, the case was referred to a magistrate judge, who recommended dismissal of Plaintiff's claims on Defendant's motion. The magistrate judge construed the Complaint and Memorandum Brief as the operative pleadings and found that they failed to state a claim on which relief could be granted. (See Ex. A to Def.'s Resp. to Mot. to Set Hearing, 3-4, 8, Jan. 2, 2019). The case was not dismissed, however. Plaintiff was referred by the court to the pro se legal clinic and she amended her claims such that no federal law was invoked. (See Def.'s Resp. to Mot. to Set Hearing, 2; Pl.'s Reply re. Mot. to Set Hearing, 4-5, Jan. 30, 2019). Consequently, the federal court remanded the case to this court in an order dated December 3, 2018.

Meanwhile, an amended complaint was filed in this court on November 13, 2018, along with a motion for leave to amend the complaint. This is apparently the same amended complaint and motion to amend that were filed with the federal court, which resulted in remand. (Pl.'s Reply re. Mot. to Set Hearing, 4-5). Plaintiff characterizes this amended complaint as the "proper Complaint." (Id., 6). Defendant did not respond to the motion to amend or amended complaint, presumably because they were filed while the case was pending in federal court. On February 27, 2019, Plaintiff filed a third complaint

followed by a notice that she was withdrawing her motion to amend. Defendant has not responded to this complaint, either.

## II. Defendant's Motion to Dismiss (July 17, 2018)

As a threshold matter, the court must determine which iteration of the complaint is the relevant pleading to set this case in motion.

Pro se parties are bound by the same rules of procedure as litigants represented by counsel. Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564, 573 (Colo. 2009); Negron v. Golder, 111 P.3d 538, 541-42 (Colo. App. 2004). A pro se litigant's pleadings should be construed liberally and held to a less stringent standard that those drafted by an attorney, but it is not the court's role to advocate for a pro se litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

C.R.C.P. 15(a) permits a plaintiff to amend the complaint once as a matter of course before a responsive pleading is filed. Davis v. Paolino, 21 P.3d 870, 873 (Colo. App. 2001). For purposes of the rule, a motion to dismiss is not considered a responsive pleading. Id.; Macurdy v. Faure, 176 P.3d 880, 883 (Colo. App. 2007). Further amendments require leave of the court or written consent of the adverse party. C.R.C.P. 15(a).

In the federal proceedings, Plaintiff successfully got the case remanded from federal court by filing the first amended complaint that was also filed with this court. Although she filed a motion seeking leave to amend, this was not necessary, since no responsive pleading had been filed to the initial complaint.

Moreover, the amended complaint on its face provides a short and plain statement of Plaintiff's claims (purportedly, at least) showing that she is entitled to relief, and includes a demand for judgment in a dollar amount. <u>See</u> C.R.C.P. 8(a)(reciting rules of pleading a claim). Therefore, the court is obligated to accept the amended complaint filed November 13, 2018 as the operative pleading and Defendant is obligated to respond to it. Although he was never formally served with the summons, he obviously has actual knowledge of this action and waived any objection to personal jurisdiction or defects in service by filing his motion to dismiss. <u>Union Pac. Ry. Co. v. De Busk</u>, 12 Colo. 294, 296–97, 20 P. 752, 753 (1889); <u>Brown v. Brown</u>, 183 Colo. 356, 359, 516 P.2d 1129, 1131 (1973).

Unfortunately, Plaintiff complicated matters by withdrawing her motion for leave to amend and characterizing the amended complaint as improper because it was filed on a form for County Court. (Pl.'s Notice of Withdrawal, Feb. 28, 2019). She filed a new, much lengthier complaint containing numerous factual allegations, many of which incorporate by reference exhibits or briefs filed with the court previously. The proffered second amended complaint is thus *not* a short and plain statement at all.

Given the infirmities of the second amended complaint and, more importantly, the rule that a party is only allowed to amend the complaint once of right, the operative pleading at this point must be Plaintiff's first amended complaint. The proposed complaint filed February 27, 2019 is stricken. <u>See</u>

C.R.C.P. 12(f) (court may strike any redundant or immaterial material on its own initiative).

Defendant's motion to dismiss was directed at the initial complaint. Even where a motion to dismiss is granted, the plaintiff may still amend once of right, provided final judgment has not been entered. See Davis, 21 P.3d at 873 (court should allow amendment even following grant of a motion to dismiss); Harris v. Reg'l Transp. Dist., 155 P.3d 583, 587 (Colo. App. 2006)(distinguishing Davis because judgment had already entered in Harris in amendment was sought).

Accordingly, the motion to dismiss is denied as moot. Defendant shall have 21 days from the date of this order to respond to the Amended Complaint pursuant to C.R.C.P. 12.

### III. Plaintiff's Motions

### A. Motion for Default Judgment to Order Cease and Desist Unauthorized Use of Intellectual Property, Dream Visions, Copyrighted Materials and Defamation of Character (June 25, 2018)

A party may obtain an entry of default as a precursor to default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise . . . ." C.R.C.P. 55(a). Defendant has not failed to plead or otherwise defend because he filed a motion to dismiss in response to the complaint as permitted by C.R.C.P. 12. Therefore, Plaintiff is not entitled to default judgment. The fact that Plaintiff sent demands

by certified mail to Defendant before initiating this case and he didn't respond to them is of no consequence under the rules of civil procedure.

Accordingly, the motion is denied.

### B. Motion to Claim and Exercize [*sic*] Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights (July 18, 2018)

This motion asks the court to uphold its obligation to apply all relevant law fairly in this case. There is no need for either party to file such requests. The motion also repeats the meritless claim of the Motion for Default Judgment that Plaintiff is entitled to judgment in her favor because Defendant failed to respond to the documents she sent him before filing this case.

Accordingly, the motion is denied.

### C. Motion to Set a Hearing Date (Aug. 30, 2018)

Notwithstanding its title, this motion does not actually request that the court set any hearing. It instead alludes to Plaintiff's legal complaints against Defendant and requests the court's assistance in resolving this matter and (again) directs the court to protect Plaintiff's rights. There is no particular cognizable legal relief requested.

Accordingly, the motion is denied.

### D. Motion for Leave of the Court to Amend the Complaint (Nov. 13, 2018)

As noted in sections I and II above, this motion was withdrawn by Plaintiff and was unnecessary in any event.

### E. Motion to Set Scheduling Hearing (Dec. 11, 2018)

This motion recites irrelevant background information about the parties and the attorney who has provided assistance to Defendant, and reiterates that Plaintiff's belief that she is entitled to the relief sought in her complaint. She asks that the court deny the Motion to Dismiss and grant the subsequently withdrawn Motion for Leave to Amend the Complaint. These requests are mooted by the court's discussion in section II of this order. Plaintiff also asks the court to set a scheduling hearing. This case is not yet ripe to be set for trial because it is not even at issue yet. See C.R.C.P. 16.1(g); 16(b)(1).

Accordingly, the motion is denied.

### F. Motion to Impose Sanctions on Defendant

This motion makes a number of requests. First, Plaintiff asks the court to bar Defendant from introducing at trial or in support of summary judgment evidence of her alleged stalking of him that was the subject of the dismissed protection order case in Broomfield County. The court will determine the admissibility of evidence on a case by case basis pursuant to the rules of evidence. Plaintiff has not made any showing that the evidence she refers to would be inadmissible for every purpose in this case, so the court will not issue the broad order she seeks at this time.

Plaintiff next provides a litany of ethical complaints about the attorney who has assisted Defendant in this case and asks that she be barred from entering an appearance in this case. The litany is peppered with phrases like "knowingly failed to lawfully serve Plaintiff," "knowingly fabricated evidence,"

"assisted Defendant in his fraud," but devoid of any specific facts that would support such allegations. In any event, trial courts do not generally address alleged violations of professional obligations raised by non-clients. <u>Mercantile Adjustment Bureau, L.L.C. v. Flood</u>, 278 P.3d 348, 353 (Colo. 2012). This is to keep opposing parties from using the Rules of Professional Conduct as a procedural weapon, which subverts their purpose of protecting clients. <u>Id.</u> at 353-54. Also, potential ethical violations are better addressed by the "'comprehensive disciplinary machinery'" of the bar.    <u>Id.</u> at 354.    These concerns seem particularly apt here. Nevertheless, where an alleged professional violation threatens the fairness of the litigation, the court may consider the allegation in the context of the litigation rather than as a disciplinary matter. <u>Id.</u> There has been no showing that counsel's behavior threatens the fairness of this litigation. Moreover, counsel has not attempted to enter an appearance, so the request is premature at best.[3]

Plaintiff next requests that Defendant be required to provide accurate contact information to the court. Plaintiff has filed numerous certificates of service with the court showing Defendant's address, and he has responded to these documents where appropriate. There is no indication that Defendant's address of record with the court is erroneous.

---

[3] Defendant's response suggests that counsel is pursuing admission into the Colorado bar by waiver and will enter her appearance as soon as she becomes eligible to do so.

Next, Plaintiff asks that "Defendant be ordered to stop opening similar cases against Plaintiff with Plaintiff's evidence." (Mot. at 7). Both parties have a right of access to the courts. There are no legal grounds for this court to bar Defendant from filing whatever case he wants.

Plaintiff asks that Defendant "be ordered to follow due process of law." This is a meaningless request. It goes without saying that all parties and the court are obligated to follow any applicable law.

Finally, Plaintiff asks that Defendant be ordered to serve copies of anything he files on Plaintiff pursuant to C.R.C.P. 5. The rule speaks for itself and Defendant is required to abide by it. There is no indication that he is not, as evidenced by Plaintiff's responses to the documents Defendant has filed in this case.

For these reasons, the motion is denied.

### G. Motion for Permanent Injunctive Relief

This motion seeks an injunction to immediately protect Plaintiff's alleged trade secrets, in the form of the hundreds of emails describing dream visions that she sent to Defendant, from further dissemination or misuse by him. Thus, Plaintiff apparently means to seek a preliminary injunction.

A party seeking a preliminary injunction must establish six elements: (1) the party has a reasonable probability of success on the merits; (2) there is a danger of real, immediate, and irreparable injury that the injunction may prevent; (3) there is no plain, speedy, and adequate remedy at law; (4) granting

the injunction will not disserve the public interest; (5) the balance of the equities favors the injunction; and (6) the injunction will preserve the status quo pending trial on the merits. <u>Rathke v. MacFarlane</u>, 648 P.2d 648, 653-54 (Colo. 1982). The purpose of a preliminary injunction is to preserve the status quo, protect a party's rights, and prevent irreparable harm prior to a decision on the merits of the case. <u>Gitlitz v. Bellock</u>, 171 P.3d 1274, 1278 (Colo. App. 2007).

Plaintiff's motion does not address any of these factors, beyond making a conclusory allegation of irreparable harm. Her amended complaint does not seek injunctive relief, and in fact seeks a specific damage amount, suggesting there is an adequate remedy at law. There are no grounds for granting a preliminary injunction or holding a hearing on the issue at this point.

Accordingly, the motion is denied.

### H. Motion to Seal Case to Protect Trade Secrets (Jan. 10, 2019)

Finally, Plaintiff asks the court to seal the case to protect information that she intends to file in order to establish that her dream visions are trade secrets. Plaintiff claims that she

> will submit Dreams contained in the AMENDED COMPLAINT-EXHIBIT PRE LITIGATION COMPLAINT as evidence of the claim(s), along with dream visions that occurred since the start of this case, not in the Complaint, and whereby Plaintiff knew what the Defendant was 'up to,' his legal counsel, and even judge(s), and where current actions by the Defendant have revealed further dreams in his email box as being occurred/occurring (active).

(Mot., 2). She also expresses concern that Defendant will share information already provided to him with an associate who will publish it.

Court records are required to be publicly accessible, subject to enumerated exceptions. See Colo. Rev. Stat. § 24-72-201; Chief Justice Directive 05-01, Public Access to Court Records, § 1.00 (amended Oct. 18, 2016) (CJD 05-01). Sealing a record represents the highest level of restriction, such that the record is accessible only to judges, court staff, and other authorized staff of the Colorado Judicial Department. CJD 05-01, § 3.07. Suppression is a lower level of restriction, allowing access also to the parties to the case and their attorneys, if any. Id., § 3.08. Protected records are accessible to the public after redaction in accordance with applicable statutes, rules, or court orders, and with other provisions of CJD 05-01. Id., §3.09.

There is no provision in CJD 05-01 providing for any level of restricted access to any trade secrets that a litigant chooses to make part of the court record. Certainly, trade secrets can be protected from disclosure to the other party in response to a discovery request. See C.R.C.P. 26(c)(7). But discovery has not begun in this case because it is not even at issue yet. Moreover, Plaintiff appears to want the court to protect from disclosure much information that she has already disclosed to Defendant by filing it in this case or sharing it with him via email.

If it should become necessary for Plaintiff to file evidence of dream visions or other information not already disclosed (in support of or opposition

to a motion for summary judgment, for instance), which she believes must be considered by the court but not disclosed to the other party or public, she may file a motion seeking *in camera* review of the information, which the court will consider on a case by case basis. In the current procedural posture, however, Plaintiff need not and should not be filing *any* evidence with the court. The amended complaint has been accepted, and Defendant shall have an opportunity to respond to it as provided in section II above. The case will proceed from there.

Accordingly, the motion is denied.

**IT IS SO ORDERED** this 14th day of May, 2019

BY THE COURT:

Brian J. Flynn
District Court Judge