**EXHIBIT H**

| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address: <br> MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: September 15, 2020 2:37 PM <br> CASE NUMBER: 2018CV50 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO <br><br> v. <br><br> **Defendant(s)** JAMES COREY GOODE | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50 |
| | Division: 10          Courtroom: |
| **Order:Motion to Vacate Void Judgment Persuant  Colo.R.Civ.P.60(a) and (b)(2),(3): Colo.R.Civ.P.59** | |

The motion/proposed order attached hereto: GRANTED IN PART.

The Clerk of Court has verified that it is a paid jury demand fee receipt. Per the Clerk of Court, "It was receipted incorrectly because of the way she filed it (I think) with a complaint and jury demand. It has been corrected and now displays as JURY."

Per the Clerk of Court, "As for the "amount prayed for" - with County Court civil cases, there is a data-entry field that we enter that amount on since the majority of those cases are money cases. With District Court civil cases, that is typically not a piece of data-entry since it is rare that an initial complaint in a DC civil case will have a specific amount prayed for.

I am not sure where she obtained that info - there are services (Lexis for example) that the public is able to access to obtain our "Register of Actions" on civil matters. It would be my assumption that she got that info from a private vendor and not from something we provided her from the case here. I don't see anywhere in our case that we could correct that information. I've looked at her original complaint and I don't see a specific amount listed in that document."

The motion is granted with regard to the payment of the jury fee but is otherwise ordered denied.

Issue Date: 9/15/2020

BRIAN JAMES FLYNN
District Court Judge



| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | FILED IN COMBINED COURT<br>AUG 19 2020<br>MESA COUNTY COMBINED COURT<br>MESA COUNTY, COLORADO |
|---|---|
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division   10        Courtroom   10 |

## MOTION TO VACATE VOID JUDGMENT PERSUANT
## Colo.R.Civ.P. 60(a) and (b)(2), (3);  Colo.R.Civ.P. 59;

Comes now, Plaintiff, Alyssa Chrystie Montalbano, and moves this Court to correct Clerical Mistakes, VACATE Void judgment and  immediately remove Brian James Flynn, from case 18CV50 on grounds of fraud, prejudice, and judicial bias against the case, Plaintiff, and all evidence filed on this public record and other public records in full support of Plaintiff's claims; and for Flynn perjuring his Oath of Office and warring against the Constitution of the United States of America and the Colorado State Constitution, for the following:

### I.        CLERICAL ERRORS (CRCP 60(a))

RULE 60 (a) Clerical mistakes – oversight or omissions to be corrected in Register of Actions:

(1) Amount seen Prayed for is listed as ".00" and should be $70,000 (See Amended Complaint filed November 13, 2018 and $70,000 claimed due)

(2) It also incorrectly states that Ms. Montalbano has not paid the Jury Fee, when Ms. Montalbano has in fact paid the Jury fee on February 27, 2019 in the amount of $190 by cash and with court receipt # 2018CV-000050-0008; and Statement of Jury Demand filed June 10, 2019.  This error needs to be corrected. (Exhibit CV – Receipt Jury Fee Payment)

**EXHIBIT H**

## II.    RELEVANT PROCEDURAL BACKGROUND

Ms. Montalbano opened this instant case after the Defendant, James Corey Goode or any proper legal counsel on his behalf, repeatedly failed to lawfully respond to presumptive claims against Goode, regarding his public fraud, theft, and unlawful use of Ms. Montalbano's Trade Secret Intellectual Property materials, that were mistakenly donated to Mr. Goode, a public figure, largely during 2017 by email due to belief in his public alien narrative fraud. The records of Goode's repeat failures to rebut the presumptions imposed against him (Colo.R.Evid.301) and the specifically cited uses of Ms. Montalbano's IP materials, were filed with the Mesa County Clerk and Recorder Office, June 7, 2018 (Reception #2843230) and claimed approximately $70,000 in damages due. (See - Granted - Amended Complaint filed November 13, 2018 attached Exhibit Pre-Litigation Affidavit Complaint (PLAC); Colo.R.Evd. 902(4),(8),(10))

Redress was sought via the Mesa County District Civil Court, June 25, 2018.  During the course of litigation the Opposing party and his improper, out-of-state Texas Counsel, Ms. Wilde (never lawfully entered Pro Hac Vice), repeatedly violated Due Process of Law and filed or attempted to file what amounts to being five (5) vexatious filings against Ms. Montalbano and in all cases they filed falsified documents and lied on the Court Records, and **Mr. Flynn did nothing at any time to stop these abuses** nor did he sanction the opposing party and instead has repeatedly ignored or directly denied Ms. Montalbano her Injunctive Relief requests.

1. "Proposed Order" filed June 25, 2018 with original complaint – Ignored

2. "Motion for Preliminary Injunction" filed August 2, 2019 – denied January 29, 2020 (almost 6 months)

3. "Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction" filed November 1, 2019 – denied January 29, 2020 (almost 3 months)

4. "Second Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction" filed January 3, 2020 – denied January 29, 2020;

5. "Third Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction filed January 22, 2020 – denied January 29, 2020;

6. Plaintiff's Motion for Preliminary Injunction filed July 20, 2020 – Denied August 5, 2020

Mr. Flynn has supported a state of anarchy, while repeatedly failing to interact with this case in a timely or fair manner and has largely avoided and evaded the case for well over two (2) years (almost 26 months) and has overtly warred against his Oath of Office through failure to faithfully perform his duties, give speedy remedy, and repeatedly and consistently denying Montalbano Constitutional Rights. (See register of actions and only 2 hours of time denoted to be invested by Flynn into case 18CV50, June 25, 2018 – January 29, 2020. (19 months))

Mr. Flynn's first order in this case was over 5 months after case implementation and they were to Close the Case on November 27, 2018, due to the improper removal by the Defendant and his counsel that occurred three (3) months prior (August 13, 2018) the November Order. This delay caused enormous amounts of confusion for Ms. Montalbano and the Mesa District Civil State Court clerks and resulted in more unnecessary filings in the case.

Flynn's severe lack of case interaction and prejudice to the case and it's subject matter is especially not appropriate for a complex case involving CIA MKULTRA mind control programs and remote neural network monitoring which impacts dream states and whereby the Plaintiff's

dream state records must be reviewed in detail with declassified CIA mind control program records, and other CIA, or military records, must be sought and/or subpoenaed from the Defendant in order to determine the truth of the matter based on fuller facts and evidence.

These ongoing and repeat failures of Mr. Flynn's to perform his judicial duties as 'Judge Flynn' has severely prejudiced this case. Flynn's repeat and prolonged failures to perform; mixed with the ongoing public harassment, defamation, and witness tampering by the Defendant against Ms. Montalbano for well over two (2) years, and Defendant and his Counsel(s) filing repeat and baseless lawsuits against Ms. Montalbano with fake records, false evidence and perjury, resulted in massive amounts of filings by Ms. Montalbano in this instant case seeking protection and repeatedly asking Mr. Flynn to faithful perform his judicial duties and for which he repeatedly failed to do so or outright denied relief through denial of most all Plaintiff's unopposed motions.

## ARGUMENT

### III.   VACATE VOID JUDGMENT (CRCP 60(b)) and RECUSAL FOR PREJUDICE and PERJURY OF OATH OF OFFICE

The Rules of the Colorado Code of Judicial Conduct mandates: "[5] The Rules of the Colorado Code of Judicial Conduct are rules of reason that **should be applied consistent with constitutional requirements**, statutes, other court rules, and decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence of judges in making judicial decisions. [Emphasis added]; and

Colorado Code of Judicial Conduct states at **Rule 2.11 Disqualification**

"(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned…"

"Upon reasonable inference of a "bent of mind" that will prevent judge from dealing fairly with party seeking recusal, it is incumbent on trial judge to recuse himself." *Wright v. District Court*, 731 P.2d 661(Colo. 1987).

The U.S. Supreme Court has stated that, "No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it." *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401 (1958)9.

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity.  All officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." *Buckles v. King County* 191 F.3d 1127, *1133 (C.A.9 (Wash.),1999). "It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives." *United Stated v. Lee,* 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed 171 (1882)

Brian James Flynn, acting under Color of Law (fraud) as, Judge Flynn, Chief Judge, in Mesa County within the State of Colorado, and in particular in this instant case, has committed repeat acts of war and sedition against the Constitutions and against an American Citizen, Ms. Alyssa Chrystie Montalbano, Plaintiff.  During case 18CV50, over the course of 26 months, Mr. Flynn repeatedly violated his Oath of Office to both the State and National Constitutions to which he swore (twice) an Oath to 'the living God' he would protect, uphold, and faithfully

perform his judicial duties (Exhibit BA filed February 12, 2020 – Flynn's Oath of Office taken twice) yet Flynn has repeatedly and willfully failed to faithfully perform his duties pursuant his Oath and has shown extreme prejudice against Plaintiff, the Constitutions and this case, and in accordance with due process of law he is disqualified, lacks jurisdiction, and must immediately be recused for prejudice and bias. (Colo.R.Civ.P. 97 – Disqualification of Judge for bias or prejudice)

## FACTS AND LAW IN SUPPORT OF RECUSAL / DISCQUALIFICATION

**Mr. Flynn, has violated the following Constitutionally secured Rights of Ms. Montalbano** repeatedly since case implementation and has shown a clear prejudice against Ms. Montalbano and a bias in favor of the Defendant and his Counsel, committing civil-criminal acts against Ms. Montalbano; and Mr. Flynn may be held personally liable for taking away civil liberties under 42 USC §1983 and 28 USC §1343 as well as Constitutional Laws.

The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated "since *Ex parte Young*, 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. "..when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [Emphasis supplied in original]

Mr. Flynn, has repeatedly and overtly failed (avoided and evaded) for over two (2) years to faithfully perform his judicial duties in this instant case and overtly denying motions to Claim Constitutional Rights, and since he is at war with the Constitutions, he is stripped of any perceived powers or immunities, as he has chosen to Vacate his office through willful failure to faithfully perform his judicial duties of public trust and thereby perjured his Oath of Office by his own acts (and lack thereof), **and has invoked the self-executing sections 3 and 4 of the 14th amendment of the United States of America and no longer is a lawful judge, entitled to no benefits of office, including salary and pension; and see the Colorado Constitution, Article II, Section 9 and Article 12, Section 10.**

## 1. PERJURY OF OATH OF OFFICE TO THE STATE AND NATIONAL CONSTITUTIONS

**Mr. Flynn blatantly perjured his Oath of Office** to the State and National Constitutions through committing the following seditious acts against the Constitutions and Due Process of Law and has severely prejudiced Ms. Montalbano's Inalienable Rights:

a. In May 14, 2019 Orders, Mr. Flynn –Denied- Ms. Montalbano's "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights" filed July 18, 2018, and clearly perjured his Oath to the Constitutions.

b. In August 5, 2020 Orders, Mr. Flynn –Denied- Ms. Montalbano's "Second Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion" filed February 12, 2020, and again perjured himself.

Both of these unopposed Motions filed by Plaintiff asked Mr. Flynn to honor and uphold the Constitutional Laws he swore an Oath to protect; instead Mr. Flynn issued orders warring against the Constitutions and flat out denied these Rights to an American Citizen, under Color of Law, and perjured himself.

The Colorado Constitution and Federal Constitution do not grant judicial powers to deny Constitutional Rights to American Citizens, nor do they grant the power to issue orders or judgments contrary to them, to do so is to war against the Constitution(s), vacate one's office, and perjure one's sacred Oath to support and uphold the Supreme Law of the Land.

## 2. DENIED DUE PROCESS OF LAW - IGNORED OR DENIED EVIDENCE

### United States Constitution, Article V; Colorado Constitution, Article II, Section 25

Plaintiff has filed vast amounts of public records and evidence onto this Court Record in full support of all her legal and lawful claims and most all of which has been actively ignored or blatantly denied by Mr. Flynn, and in so doing he has violated Ms. Montalbano's Constitutionally Protected right to Due Process of Law. (See all evidence filed on this court record since June 25, 2018 and all Exhibits filed from A-Z, AA-AZ, BA-BZ, CA-CU, and misc. non-lettered exhibits also filed, See Exhibit List filed July 20, 2020)

## 3. DENIED INALIENABLE RIGHTS

### United States Constitution, Bill of Rights; Colorado Constitution, Article II, Section 3

**Mr. Flynn violated Ms. Montalbano's Inalienable Rights** through taking away her right to protect her misappropriated property (Intellectual Property and Trade Secret IP materials) through his gross and unnecessary delays and overt, direct, and willful denial of facts, law, and evidence presented on this court record attesting to the validity of Plaintiff's

claims; in so doing Mr. Flynn has destroyed and severely prejudiced Ms. Montalbano's Civil

Right to happiness, for well over 2 years, and her Constitutional Right to obtaining safety and

protection from the opposing party and his Texas based Counsel, Ms. Wilde, committing

civil-criminal acts against Ms. Montalbano via their ongoing abuse of the legal system, and

public defamation and harassment acts. (see below  No. 4 (h, i, j, k, m) Broomfield cases)

## 4. DENIED EQUALITY OF JUSTICE, SPEEDY REMEDY, TRIAL BY JURY

**United States Constitution, Article V, VII, VIII; Colorado Constitution, Article II, Sections 6 and 10**

**Mr. Flynn has violated Ms. Montalbano's Constitutionally secured right** to have **Equality of Justice** and a **speedy remedy** for injury to person, property, and character and has repeatedly and unlawfully denied Ms. Montalbano's right to a **Trial by Jury.** These violation were repeatedly performed, through severe lack of case interaction, denial of motions, and unnecessary delays of this instant case for over two (2) years and whereby Mr. Flynn repeatedly failed to issue orders based in fact, law, and evidence, and repeatedly failed to move the case into Discovery and thereby towards Trial by Jury.

Mr. Flynn Violated Ms. Montalbano's right to Equality of Justice, Speedy Remedy and Trial by Jury, through the following unconstitutional acts:

a. Mr. Flynn showed bias toward the Defendant and his Counsel by not sanctioning them to following court rules or Due Process of Law that require Mr. Goode to lawfully enter his out of state Texas based attorney, Ms. Wilde, Pro Hac Vice.

b. **Mr. Flynn showed bias in favor of the Defendant and did not sanction him to confer on any of the Nineteen (19) Motions filed** on this court record by Plaintiff,

this failure to sanction Defendant to lawfully confer, resulted in additional legal filings by Ms. Montalbano, and Mr. Goode continued to publicly harass and defame Ms. Montalbano both on and off this Court record and other Court records while Mr. Flynn did nothing, and Ms. Montalbano repeatedly asked for her Rights and protections from these abuses, and in response Flynn repeatedly ignored evidence and blatantly denied Plaintiff's Constitutional rights, denied Unopposed Motions and ruled in favor of the opposing party and whereby the effects of failure to deny by opposing party constitutes agreement, thereby Flynn made himself an unlawful party in the case.

c. **Mr. Flynn showed bias in favor of the Defendant and his Counsel through not sanctioning them or acknowledging that Ms. Wilde filed a fake Complaint** on the Denver Federal Court Record during she and the Defendant's improper removal of this instant case, August 13, 2018 – December 3, 2018, and Mr. Flynn ignored that the non-dispositive Federal Court Magistrate, Magistrate Gallagher, issued his 'delusional' recommendation about Plaintiff and case dismissal based on a Fake Complaint fraudulently filed by the Opposing Party. (Exhibit H filed December 11, 2018 – Fake Complaint; and again as Exhibit AT filed August 2, 2019 with Motion to Amended Complaint) Mr. Flynn ignored this fake complaint filing was clearly malicious as both the Defendant and his improper Counsel had received courtesy copies of this court records' June 25, 2018 original complaint filings on or about June 27, 2018. (Exhibit P filed September 11, 2018 – USPS Certified Mail delivery)

d. **Mr. Flynn showed bias in favor of the Defendant and his improper Florida based Counsel, Ms. Liz Lorie;** who harassed a witness of Plaintiff's in this case,

Ms. Ferrante, and Flynn ignored that Ms. Lorie provided a fake law firm address for legal correspondence, which is a violation of Due Process of Law and the Colorado Codes of Professional Conduct. (See Exhibit CB – 'refused and not at this address' USPS Certified Mail return of Certified Mail service for legal correspondence filed March 19, 2019 with Objection to Attorney Fees at letter D)

e. **Mr. Flynn showed extreme prejudice against Plaintiff's witnesses** in this instant case, and completely ignored that there are many witnesses ready to testify against the Defendant, to since include Mr. Randy Maugans an expert CIA MKULTRA Mind Control Program Witness. (See January 3, 2020 SECOND MOTION TO SET HEARING FOR MOTION TO AMEND COMPLAINT AND PRELIMINARY INJUNCTION at pg 4, Para 2 & 3, citing Mr. Cambian and Ms. Ferrante as willing to testify)

f. **Mr. Flynn showed extreme prejudice against all of Ms. Montalbano's evidence filed in this Court Record** in full support of dream state interactions via the CIA's MKULTRA and MiLab mind control programs and their invasion of sleep-wake state, via Artificial Intelligences, remote frequency harassment and neural monitoring, through ignoring the information provided to the Court to scientifically show how such activities work and showing a cognizable theory upon which relief may be granted. (See filed February 27, 2019 COMPLAINT AND JURY DEMAND Exhibit AK - CIA PROJECT BLUEBIRD; and See filed February 21, 2020 "Fifth Information for the Court CIA Evidence – Senate Hearing, CIA Records, Remote Viewing, Remote Influencing, Dream States & Psychokinesis Research – as Compared to

Defendant Public Claims and Plaintiff Dream Experiences Submitted for Legal Investigation Purposes" with attached CIA record Exhibits BB through BV)

g. **Mr. Flynn showed prejudice against Ms. Montalbano's Trade Secret Intellectual Property claims and handwritten records referred to as 'Dream Vision**,' through ignoring and blatantly denying the evidence provided this Court record in full tangible (published) support of Plaintiff's Trade Secret claims, in conjunction with the public records and facts of occurrences that occurred *after* the tangible e-mailing of the Dream Visions to Mr. Goode, or *after* handwriting them in a journal, or *after* publicly publishing select Dream Visions and that are public and/or written records attesting to Ms. Montalbano's Trade Secret claims. (See AFFIDAVIT & TANGIBLE DREAM VISION (DV) TRADE SECRET EVIDENCE with EXHIBIT BB – filed February 12, 2020)

h. **Mr. Flynn showed bias in favor of the Defendant and his Counsel through denying public records that Mr. Goode committed perjury** on the Broomfield Combined Court Record when he sought multiple unlawful stalking protection Orders against Ms. Montalbano. Flynn ignored that Mr. Goode provided the Broomfield Combined Courts falsified information to obtain an unlawful and baseless TRO against Ms. Montalbano (case 18C103) and that the TRO was in fact vacated and the case close in Ms. Montalbano's favor (Exhibit Broomfield Register of Actions Case Closed filed December 11, 2018).

i. Flynn showed extreme prejudice against Ms. Montalbano when he ignored that the opposing party maliciously filed or attempted to file a total of three (3) baseless stalking cases in the Broomfield Combined Courts all closed or dismissed in

Ms. Montalbano's favor: case 18C103 (July 17, 2018 – August 6, 2018), case 20C32 (March 11, 2020 – June 22,2020) and their first stalking filing effort rejected, mid-June 2018, due to failure to meet the requirements. (Exhibit CG filed March 19, 2020 with Plaintiff's Objection to Defendant's Motion for Attorney's Fees Attorney Fees at Letter C; and Second Objection to Attorney Fees)

j.  Mr. Flynn **ignored that Mr. Goode lied on the Broomfield Court Record each filing about not have a lifelong stalking Protection Order of his own when it is public record with the Texas Courts** and that cannot be reasonably or lawfully denied. (See MOTION TO SET SCHEDULING HEARING **Exhibit AMENDED GRIEVANCE Exhibit C Darling International / Goode Protection Order** Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District filed December 11, 2018; and See - denied - Motion for Judicial Notice filed July 20, 2020 with public records in full support of Ms. Montalbano's claims)

k.  **Mr. Flynn** in his January 29, 2020 orders **showed a lack of Equality of Justice and clear bias for the Defendant through irrationally denying that YouTube, Twitter, email, and Reddit are published and/or broadcast mediums** and denied that Mr. Goode did in fact repeatedly and maliciously defame Ms. Montalbano via these mediums as a "stalker." This defamation was clearly malicious as the defendant performed these acts after repeatedly losing his stalking claims in the Broomfield Combined Courts. (Exhibits: AO, AP, AR, AS, AU, AW, AX and AY filed August 2, 2019 – defamation exhibits) Mr. Flynn maintained his ridiculous and prejudiced views when he further issued his Void August 5, 2020 Judgment based on his Void January

29, 2020 orders (See Exhibits: CL, CM, CN, CO, CR (defamation exhibits) filed July 20, 2020 with Amended Complaint - denied -) **Mr. Flynn specifically denied Ms. Montalbano's Constitutional Right, that all matters of libel are to be given to the JURY** to determine the evidence thereof and not to the 'judge.' (Colorado Constitution, Bill of Rights, Section 10)

l.  **Mr. Flynn showed a clear prejudice January 29, 2020 against Plaintiff (a local award winning author) and against the subject matter she writes about (dreams) and that are publicly and privately published records having common law copyrights and some Federal Copyrights** (Exhibit X filed January 30, 2019 - copyrights) when he irrationally stated that "Dream Visions" are 'not tangible or intangible' in spite of copyrights being issued and being legally declared (tangible) literary works, and for which Mr. Flynn maintained his prejudice and highly irrational view through to the writing of his completely Void August 5, 2020 Judgment.

m.  **Mr. Flynn further showed bias in favor of the Defendant and his Counsel when he irrationally denied in his Void January 29, 2020 Orders, that approximately 400 emails with attached PDF files of approximately 500 handwritten records (Trade Secret IP materials) are tangible records** and are protectable by law. Flynn also ignored that these tangible records were admitted to being received by the Defendant on the Broomfield Combined Court record as these emails and IP records were the basis for Mr. Goode's stalking allegations in case 18C103, July 17, 2018 – August 6, 2018, and which cannot be lawfully or reasonably denied by any judicial

officer faithfully performing their duties. (See Exhibit Broomfield case 18C103 Mr. Goode verified Complaint admits to 400 emails – filed December 27, 2018)

n.  **Mr. Flynn showed bias toward the Defendant and his Counsel through denial that Presumptions** (Colo.R.Evid. 301 Presumptions) **were imposed against Mr. Goode April 18, 2018 through June 7, 2018, whereby Ms. Montalbano presented Goode with specificity approximately 70 instances of use of her Trade Secret** and Intellectual Property materials; all of which are common law copyrighted materials contained within the (approx. 400) emails; and cited the Defendant's specific public use thereof, which is public record and contained in internet posts and Cosmic Disclosure episodes broadcast to Mesa County, and all of which may be subpoenaed attesting to the facts of Plaintiff's Trade Secret claims and evidence of use of Ms. Montalbano's IP materials. **All of these records remain unrebutted affidavits of records and for which Ms. Montalbano is entitled to the $70,000** claim due in damages for all specifically cited and unrebutted uses of Plaintiff's materials. Mr. Flynn showed a clear "bent of mind" in issuing his Void August 5, 2020 Judgment against Ms. Montalbano and in favor of the Defendant, who provided no rebuttal to the claims on a point by point basis, and Flynn denied $70,000 claimed due based on Prima Facie Authentic and Presumptive Evidence (CRE 902(4),(8),(10)) and whereby denial of facts and evidence does not constitute a response, yet Mr. Flynn issued fraudulent orders, January 29, 2020 and again on August 5, 2020 against Ms. Montalbano, where he irrationally denied all the published records and legal evidence cited and held his highly irrational and prejudiced views that literary works, internet posts, and video or film broadcasts are not tangible, or published, or broadcast

mediums. (See Exhibit PLAC filed November 13, 2018 with Granted Amended Complaint and claim for $70,000)

5. **DENIED SECURITY OF PERSON**

United States Constitution, Articles IV and V; Colorado Constitution, Article II, Sections 7, 14, 15

**Mr. Flynn by and through his own acts and lack thereof, has been party to assisting** Mr. Goode in his public **fraud and theft** of Plaintiff's Trade Secret IP materials, **through Flynn's unlawful and repeat denial of public records, facts, law, and evidence** and in so doing Flynn has warred against the Constitutions, Due Process of Law, and has violated his Oath of Office. For over two years (25 months), Mr. Flynn has unconstitutionally taken away Ms. Montalbano, an American Citizen's, Inalienable **Rights to be secure in her person and property from unreasonable seizure or the unlawful taking of her private property (Trade Secret IP) for public or private use without just compensation.**

6. **IMPOSED EXCESSIVE AND UNLAWFUL FINES**

United States Constitution, Article VIII; Colorado Constitution, Article II, Sections 25

**After all of the aforementioned failures by Flynn and his willful lack of action or interaction in this instant case** Flynn is now further violating his Oath of Office in his unconstitutional, and thereby Void, August 5, 2020 Judgment order, by now fraudulently seeking to impose **unlawful and excessive fines upon Ms. Montalbano in the alleged amount of $116,600, when Ms. Montalbano's case, claims and evidence were never heard in accordance with due process of law and Flynn has in fact warred against Constitutionally Secure Due Process of Law Rights for over 25 months,** that directly resulted in massive amounts of filings by Plaintiff  (1) through Mr. Flynn's repeat failure to

faithfully perform his Judicial duties and interact with the case in a timely manner and issue Constitutionally compliant orders based in fact, law, and evidence; and (2) through Flynn's repeat and ongoing failure to sanction the Defendant to abide by Court rules to confer on all motions and follow due process of law (See Motion to Impose Sanctions filed December 11, 2018 - Denied -) and; (3) though his severe prejudice against Ms. Montalbano, this case, and all evidence filed in full support of her claims. Mr. Flynn has severely and repeatedly violated Ms. Montalbano's Inalienable Rights and right to Due Process of Law for over two years and has caused grave, unnecessary, and ongoing personal, professional, and now severe financial damages to Plaintiff.

## 7.  DENIAL OF TRIAL BY JURY

**United States Constitution, Article VII; Colorado Constitution, Bill of Rights, Section 23**

**Mr. Flynn has repeatedly shown prejudice against Ms. Montalbano by taking away (denying) her Right to a Trial by Jury for her Civil case and claims** by overtly denying the following six (6) Motions for a Hearing or Trial by Jury:

a.  Motion to Set Scheduling Hearing filed December 11, 2018 - denied

b.  Motion to Set Hearing for Motion to Amend Complaint filed November 1, 2019 - denied

c.  Complaint and Jury Demand filed February 27, 2019 - denied

d.  Motion for Citizens Demand of Trial By Jury February 12, 2020 – denied

e.  Second Motion to Set Hearing For Motion to Amend Complaint and Preliminary Injunction January 3, 2020 – denied

EXHIBIT H

f.   Statement of Jury Demand for the November 13, 2018 Amended Complaint and statement filed June 10, 2019  - denied through unlawful, and thereby Void, dismissal of case January 29, 2020

## 8.   DENIAL OF RIGHT TO PETITION FOR REDRESS OF GRIEVANCES

United States Constitution, Article I; Colorado Constitution, Bill of Rights, Section 24 and 25

Mr. Flynn, under Color of Law, August 5, 2020, denied Ms. Montalbano her Inalienable Right to Petition the government (Court) for redress of grievances, through his unlawful Denial of the following Unopposed Motions:

a.   "Plaintiff's Motion to Void Order of Dismissal Pursuant Colo.R.Civ.P. 60(b)(1), (2), (5) for Mistake, Misconduct, and New Evidence And Plaintiff's Motion for Leave to Amend Complaint Pursuant C.R.C.P.15" filed July 20, 2020 – denied - and whereby Mr. Flynn, with prejudice, again took away Ms. Montalbano's right to petition for redress of grievances. Mr. Flynn denied all 11 causes of actions clearly supported by vast amounts of facts, law, and evidence as filed onto this Court Record since June 25, 2018 and whereby Mr. Flynn supplied no Constitutionally valid reasons for such denial of all claims, or any valid reasons in general, as to why each claim was denied and on what grounds such denial was made, he simply 'denied' them. This is a violation of Due Process of Law and shows a clear "bent of mind."

b.   "Plaintiff's Motion for Preliminary Injunction" filed July 20, 2020 –denied - and took away Ms. Montalbano's right to be secure in her person and protect her property (Intellectual Property/Trade Secret IP and to not be harassed).

c.   **"Motion for Judicial Notice"** filed July 20, 2020 – denied – and whereby Mr. Flynn overtly denied public records and facts in full support of Ms. Montalbano's claims.

d.   **"Motion to Recuse Pursuant CRCP 97"** filed July 20, 2020 – denied – taking away Ms. Montalbano's right to Due Process of Law and Right to having a non-prejudice and non-biased judicial officer presiding over the case.

e.   **"Motion Demand Court Read All Pleadings Plaintiff Files with this Court and Adhere to Constitutionally Complaint Case Law, and More Particularly the Bill of Rights in its Ruling"** filed July 20, 2020 – denied – and thereby took away Ms. Montalbano's Right to be treated fair and equitable in case 18CV50 and Order issued in direct opposition to Flynn's Oath of Office to uphold Constitutional Rights.

f.   **"Motion for Citizens Demand for Trial by Jury"** – Denied – again taking away Ms. Montalbano's Inalienable Constitutional Right to a Trial by Jury.

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Constitution of the United States of America, Article VI, Clause 2

Mr. Flynn and this Court are granted limited jurisdiction and limited judicial powers over claims. The Court is limited in jurisdiction based upon it and its officers faithfully performing their judicial duties and issuing orders that are only Constitutionally compliant and that only uphold the Constitution of the United States of America and the Constitution of the State of

Colorado. Any Order or Judgment issued contrary to the Constitutions is repugnant to the Constitutions and are rendered Void, such as all of Mr. Flynn's orders in this instant case.

## 9. DISPARAGED RIGHTS

United States Constitution, Articles IX and X; Colorado Constitution, Bill of Rights, Section 28

**Mr. Flynn has further disparaged Ms. Montalbano's Constitutionally Reserved Rights through applying case law in his Orders or Judgments that are in direct opposition to the Supreme Law of the Land,** and his Oath of Office to support the Constitution of the United States of America and the Constitution of the State of Colorado, and for which there is no Law that grants him the authority to issue orders repugnant to the Constitutions.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated: "Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. **But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" *Elliot v. Piersol, 1* Pet. 328, 340, 26 U.S. 328, 340 (1828). [Emphasis Added]

"A judgment rendered in violation of due process is void.", Pennover v. Neff, 95 U.S. 714.

**Wherefore,** Brian James Flynn is Disqualified as 'Judge' in case 18CV50 for willfully violating due process of law, the State and National Constitutions and his Oath of Office; and for his severe and extreme prejudice against Ms. Montalbano, the case, claims, and evidence, and Flynn is to be immediately Recused and the case reassigned to a new Presiding Officer who is not prejudiced, will honor their Oath of Office, and follow Due Process of Law. Plaintiff also respectfully demands the Court VACATE the Void August 5, 2020 Judgment because it has no authority to deny the Constitutions and the powers of and Rights contained therein to Plaintiff, an American Citizen, and for violation of federal law, fraud, and pursuant to Colo.R.Civ.P 60(b)(3) lack of jurisdiction and thereby being powerless to render it.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO VACATE VOID JUDGMENT** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7015 0640 0001 0758 3263; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this 19th day of August, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen