**EXHIBIT I**

FILED IN THE
COURT of APPEALS
STATE OF COLORADO

OCT 1 4 2020

DATE FILED: October 14, 2020
CASE NUMBER: 2020CA1775

Clerk, Court of Appeals

*Po 223ᵈ chk# 5050*

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14ᵗʰ Avenue<br>Denver, CO 80203 | |
| Plaintiff \| Petitioner: _Alyssa Chrystie Montalbano_,<br>☒ Appellant or ☐ Appellee<br><br>&<br><br>Defendant \| Respondent: _James Corey Goode_<br>☐ Appellant or ☒ Appellee | ⋏ FOR COURT USE ⋏<br><br>Court of Appeals Case<br>Number: _____<br>_20 CA 1775_<br>District Court Case<br>Number: _18CV50_<br>County: _Mesa_ |
| My Name: _Alyssa Chrystie Montalbano_<br>Street Address: _2536 Rimrock Ave Ste. 400-117_<br>City: _Grand Junction_  State: _CO_  Zip: _81505_<br>Phone: _970.250.8365_<br>E-Mail: _AriStoneArt@Ymail.com_ | |

# Notice of Appeal

## 1. Final Order on Appeal

- I am appealing the final order issued on *(date)* _January 29, 2020 (dismissal Order)_ _August 5, 2020 (Judgement)_

- This appeal is filed pursuant to Colorado Appellate Rule (C.A.R.) 3.

## 2. Magistrate Order?

- ☐ Check here if your case was decided by a magistrate.

## 3. More Time to Appeal?

- ☐ Check here if you asked for more time to start the appeal.

EXHIBIT I

## 4.   Post-Trial Motions?

Did any party file a timely post-trial motion? *(Check one)*

- ☐ No.

OR

*Feb 12, 2020 Motion Void (order)*
*July 21, 2020 (Suppl. Brief Rule 59)*

*Feb 12, 2020 Motion Recuse*

*July 21, 2020 Motion Void Order & Amend Complaint*

- ☒ Yes. A post-trial motion was filed on: *(date)* *August 19, 2020 Motion Vacate Void Judgment*

The order deciding this motion was issued on: *(date)* *September 15, 2020*.

## 5.   Possible Issues on Appeal

What Issues are you considering discussing in your Opening Brief?
*(list one or two)*

- *VIOLATION OF CONSTITUTIONAL CIVIL RIGHTS (Perjury)*
  - *Flynn failed to perform Judicial Duties*
  - *Flynn outright denied Constitutional Rights (May 14, 2019 & Aug 5, 2020)*
  - *Flynn delayed the case over 2 yrs then imposed excessive fines (#116,600)*
  - *'Orders' entered devoid of Due Process of Law*
- *BIAS / PREJUDICE TO CASE & FACTS*
  - *Flynn denied that copyrighted materials are tangible*
  - *Flynn denied that stalking is a crime in colorado*
  - *Flynn denied that YouTube, Facebook, Twitter & Reddit (internet) are published & broadcast mediums*
  - *Flynn denied that Montalbano was defamed on these social media platforms by the defendant*

## 6.   Transcript Needed?

*to hundreds of thousands of people & that it was malicious as he performed the defamation after losing 3 stalking claim filings in another Court even with fabricated evidence & perjury.*

Will you be purchasing a transcript for the appeal? *(Check one)*

- ☒ No.

OR

- ☐ Yes. A transcript is necessary to review the Issues on Appeal.

  - I will file a *Designation of Transcripts - C.A.R. Form 8.*

  - With the District Court clerk's office within 7 days.

**EXHIBIT I**

## 7. Party Information

Provide information of the people responding to the appeal.

- Name of Responding Party: _James Corey Goode_

  o **This party:** (Check one)  ☐ does  |  ☒ does not  -  have a lawyer.

  _(Never entered Pro Hac Vice, yet filed papers in the case)_

  o **Lawyer Name:** (if any) _Valerie Yanaros Wilde_

  Registration Number: _TX State Bar No 24075628_

  Name of Law Firm: _Yanaros Law, P.C._

  o **Party Contact Information:** (Or the lawyer's, if represented.)

  Street Address: _1140 US HWY 287   STE 400-266_

  City: _Broomfield_   State: _CO_   Zip: _80020_

  Phone Number: _Unknown_

  E-Mail Address: _Goodetech@yahoo.com_

- Name of Responding Party: _____

  o **This party:** (Check one)  ☐ does  |  ☐ does not  -  have a lawyer.

  o **Lawyer Name:** (if any) _Valerie Yanaros Wilde_

  Registration Number: _see above_

  Name of Law Firm: _see above_

  o **Party Contact Information:** (Or the lawyer's, if represented.)

  Street Address: _5057 Keller Springs Rd ste 300_

  City: _Addison_   State: _TX_   Zip: _75001_

  Phone Number: _(512) 826-7553_

  E-Mail Address: _Valerie@YanarosLaw.com_

**EXHIBIT I**

8. **Attachments**

   Please see the documents I attached to this notice:

   - A copy of the final order I am appealing.
   - Any motion for post-trial relief.
   - The $223 filing fee. *(Or, a District Court Order - JDF 206 waiving that fee)*

9. **Copies Delivered**

   I certify that on *(date)* ___October 13, 2020___, I *(check one)*

   ☒ mailed | ☒ hand delivered

   a copy of this document to:

   1) ___MESA___ County District Court: (Hand Delivered)

      Street Address: ___125 North Spruce Street___

      City: ___Grand Junction___ State: ___CO___ Zip: ___81501___

   2) Responding Party Name: ___James Corey Goode (certified Mail)___

      Attorney Name: *(if any)* ___Valerie Yanaros Wilde___ 7017 3640 0001 0237 6261

      Address: ___1140 US HWY 287 STE 400-266___

      City: ___Broomfield___ State: ___CO___ Zip: ___80020___

   3) Responding Party Name: ___Valerie Yanaros Wilde (certified mail)___

      Attorney Name: *(if any)* _____ 7019 1640 0001 9346 0007

      Address: ___5057 Keller Springs Rd STE 300___

      City: ___Addison___ State: ___TX___ Zip: ___75001___

10. **Signature & Date**

    Signature: ___Alyssa Chrystie Montalbano___ Dated: ___October 13, 2020___

EXHIBIT I

| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>OCT 1 3 2020<br>COMBINED COURT<br>BY LITIGANT |
| Plaintiff(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s): James Corey Goode | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano<br>2536 Rimrock Ave<br>Suite 400-117<br>Grand Junction, Colorado 81505<br><br>Phone Number: 970.250.8365     E-mail: AriStoneArt@Ymail.com | Case Number: 18CV50<br><br><br>Division     10     Courtroom  10 |

## NOTICE OF APPEAL

Plaintiff, Alyssa Chrystie Montalbano, hereby notifies Mesa District Civil State Court that case 18CV50 has been Appealed to the Colorado Court of Appeals.

Dated this 13th day of October 2020

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF APPEAL, Appeal Form JDF 647 and attached Appeal Records** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7017 3040 0001 0237 6261 at 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and Certified Mail 7019 1640 0001 9346 0007 to Valerie Yanaros Wilde at 5057 Keller Springs Rd. Ste 300, Addison, TX, 75001; and Certified Mail 7019 1640 0001 9359 9271 to Clerk of the Colorado Court of Appeals, 2 East 14th Avenue, Denver, CO 80203.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

EXHIBIT I

| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br><br>AUG 2 1 2020<br><br>COMBINED COURT<br>BY LITIGANT |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division  10      Courtroom  10 |

## NOTICE OF DISQUALIFICATION OF JUDGE

**COMES NOW** Alyssa Chrystie Montalbano, Plaintiff, American Citizen, and gives Notice to the Court of Disqualification of, Brian James Flynn, as presiding Judge in this instant case pursuant The Constitution of the United States of America and Colorado Constitution for the following reasons:

1. Ms. Montalbano incorporates by reference the entire; **MOTION TO VACATE VOID JUDGMENT PURSUANT Colo.R.Civ.P. 60(a) and (b)(2), (3); Colo.R.Civ.P. 59**; filed August 19, 2020 showing in detail multiple and specific instances of clear prejudice by Brian James Flynn against Ms. Alyssa Chrystie Montalbano, an American Citizen, her case, claim, and all evidence filed this court record since June 25, 2018, and shows Flynn's repeat, ongoing, and willful failure to faithfully perform his judicial duties over the course of two years (25 months), in direct opposition to his Oath of Office in this instant case, and thereby he is disqualified as judge through the following Constitutional Rights violations seen in detail in the Motion to Vacate Void Judgment:

(1) **PERJURY OF OATH OF OFFICE TO THE STATE AND NATIONAL CONSTITUTIONS**

Flynn has invoked the self-executing sections 3 and 4 of the 14th amendment of the United States of America and no longer is a lawful judge, entitled to no benefits of office, including salary and pension; and see the Colorado Constitution, Article II, Section 9 and Article 12, Section 10, through him directly denying Constitutional Rights to an American Citizen in this Court.

(2) **DENIED DUE PROCESS OF LAW - IGNORED OR DENIED EVIDENCE**

United States Constitution, Article V; Colorado Constitution, Article II, Section 25

(3) **DENIED INALIENABLE RIGHTS**

United States Constitution, Bill of Rights; Colorado Constitution, Article II, Section 3

(4) **DENIED EQUALITY OF JUSTICE, SPEEDY REMEDY, TRIAL BY JURY**

United States Constitution, Article V, VII, VIII; Colorado Constitution, Article II, Sections 6 and 10

(5) **DENIED SECURITY OF PERSON**

United States Constitution, Articles IV and V; Colorado Constitution, Article II, Sections 7, 14, 15

(6) **IMPOSED EXCESSIVE AND UNLAWFUL FINES**

United States Constitution, Article VIII; Colorado Constitution, Article II, Sections 25

(7) **DENIAL OF TRIAL BY JURY**

United States Constitution, Article VII; Colorado Constitution, Bill of Rights, Section 23

NOTICE OF DISQUALIFICATION OF JUDGE

**(8) DENIAL OF RIGHT TO PETITION FOR REDRESS OF GRIEVANCES**

United States Constitution, Article I; Colorado Constitution, Bill of Rights, Section
24 and 25

**(9) DISPARAGED RIGHTS**

United States Constitution, Articles IX and X; Colorado Constitution, Bill of Rights,
Section 28

2. Ms. Montalbano invokes the Colorado Code of Judicial Conduct Rule **2.11,
Disqualification, to wit:**

> " (A) A judge shall disqualify himself or herself in any proceeding in which the
> judge's impartiality* might reasonably be questioned, including but not limited to
> the following circumstances:
>
> (1) The judge has a personal bias or prejudice concerning a party or a
> party's lawyer…

Upon reasonable inference of a "bent of mind" that will prevent judge from dealing fairly
with party seeking recusal, it is incumbent on trial judge to recuse himself. *Wright v.
District Court*, 731 P.2d 661 (Colo. 1987).

**Comment: (Recusal)**

> [1] **Under this Rule, a judge is disqualified whenever the judge's impartiality
> might reasonably be questioned**, regardless of whether any of the specific
> provisions of paragraphs (A)(1) through (5) apply. **The term "recusal" is
> sometimes used interchangeably with the term "disqualification."** [Emphasis
> added]

**And;**

""Impartial," "impartiality," and "impartially" mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge. See Canons 1, 2, and 4, and Rules 1.2, 2.2, 2.10, 2.11, 2.13, 3.1, 3.12, 3.13, 4.1, and 4.2." Colorado Code of Judicial Conduct, Preamble, Annotation 4.

3. Ms. Montalbano invokes Colo.R.Civ.P Rule 97 to wit "A judge shall be disqualified in an action in which he is interested or prejudice."

4. "A judgment rendered in violation of due process is void.", *Pennover v. Neff,* 95 U.S. 714

5. "It is judge's duty to pass only upon legal sufficiency of facts alleged in affidavit and when motion and supporting affidavits allege facts which demonstrate that judge has a "bent of mind", **refusal of judge to disqualify himself constitutes abuse of discretion.** *Goebel v. Benton,* 830 P.2d 995 (Colo 1992). [Emphasis Added]

    a. Flynn has shown a clear "bent of mind" and "abuse of discretion" in his (Void) August 5, 2020 orders denying Ms. Montalbano's "Motion to Recuse Pursuant CRCP 97" as filed February 12, 2020.

    b. Flynn showed a clear "bent of mind" through outright and repeatedly Denying Ms. Montalbano her Inalienable Constitutional Rights on two very obvious occasions via the following unopposed Motions and unconstitutional (Void) Orders of his:

        (i) In May 14, 2019 Orders, Flynn –Denied- Ms. Montalbano's "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule

Upon the Motion and All Public Officers of this Court to Uphold Said Rights" filed July 18, 2018, and clearly perjured his Oath to the Constitutions.

(ii)   In August 5, 2020 Orders, Mr. Flynn –Denied- Ms. Montalbano's "Second Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion" filed February 12, 2020, and again perjured himself.

c.   Mr. Flynn has repeatedly shown prejudice against Ms. Montalbano and has warred against the Constitutions by clearly and repeatedly denying Ms. Montalbano's Inalienable Right to a Trial by Jury for her Civil case and claims by him overtly denying the following six (6) Motions for a Hearing or Trial by Jury:

(i)   Motion to Set Scheduling Hearing filed December 11, 2018 - denied

(ii)   Motion to Set Hearing for Motion to Amend Complaint filed November 1, 2019 - denied

(iii)   Complaint and Jury Demand filed February 27, 2019 - denied

(iv)   Motion for Citizens Demand of Trial By Jury filed February 12, 2020– denied

(v)   Second Motion to Set Hearing For Motion to Amend Complaint and Preliminary Injunction January 3, 2020 – denied

(vi)   Statement of Jury Demand for the November 13, 2018 Amended Complaint and statement filed June 10, 2019  - denied - through unconstitutional dismissal of this instant case completely devoid of Due Process of law, and thereby Void January 29, 2020 'orders.'

d.  Flynn showed severe prejudice to all evidence filed by Ms. Montalbano on this Court record since June 25, 2018 (over 25 months) in full support of Plaintiff's claims and willfully violated Constitutional Rights to Due Process of Law. See all evidence filed this court record since June 25, 2018 and all Exhibits filed from A-Z, AA-AZ, BA-BZ, CA-CU, and misc. exhibits also filed, See Exhibit List filed July 20, 2020)

e.  Flynn showed clear prejudice and "bent of mine" through irrationally denying that literary works and published records are tangible materials, because the subject matter Plaintiff writes about is titled "Dream Visions."

  (i)  In January 29, 2020 (Void) 'orders' Flynn stated that "Dream Visions" are 'not tangible or intangible' in spite of copyrights being issued to Plaintiff and being published records legally declared (tangible) literary works, and for which Mr. Flynn maintained his clearly prejudice and irrational viewpoint through to the writing of his completely Void August 5, 2020 Judgment. (See Exhibit X filed January 30, 2019 – copyrights)

f.  Flynn further showed severe bias and "bent of mind" in favor of the Defendant when he completely denied that YouTube, Twitter, Reddit, and email, are in fact published and broadcast mediums:

  (i)  In January 29, 2020 (Void) Orders Flynn denied that Mr. Goode repeatedly and maliciously defamed Ms. Montalbano to thousands of people via these mediums as a "stalker" and that it was malicious because it was performed after Mr. Goode repeatedly lost his stalking cases in the Broomfield

Combined Courts even with fabricated evidence. (Exhibits: AO, AP, AR, AS, AU, AW, AX and AY filed August 2, 2019 – defamation exhibits) Flynn maintained this highly prejudice and clearly irrational view through to his Void August 5, 2020 Judgment. (See Exhibits: CL, CM, CN, CO, CR (defamation exhibits) filed July 20, 2020 with Amended Complaint - denied) (Colorado Constitution, Bill of Rights, Section 10 – matters of libel shall be given to the Jury)

g.  Flynn showed a clear "bent of mind" in favor of the Defendant and his out of state Texas based Counsel, Ms. Wilde, by not requiring either of them to follow Due Process of Law court rules at any time, to notably include never ordering Ms. Wilde to correctly enter the case Pro Hac Vice, and never ordering the defendant to Confer on Motions, or provide proper contact information for conferral this court record.

h.  Flynn showed further obvious prejudice, and thereby legally disqualified himself, through further Due Process violations by ignoring public record evidence showing Mr. Goode lied on the Broomfield Court Record each 'stalking' case filing (18C103 and 20C32) by stating he did not have a stalking protection order against himself when it is public record with the Texas Courts that he does. (See MOTION TO SET SCHEDULING HEARING Exhibit AMENDED GRIEVANCE Exhibit C Darling International / Goode Protection Order Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District filed December 11, 2018; and See - denied - Motion for Judicial Notice filed July 20, 2020 with public records in full support of Ms. Montalbano's claims)

NOTICE OF DISQUALIFICATION OF JUDGE

i.   Flynn showed additional "bent of mind" and bias in clear favor of the Defendant's
Counsel when he completely ignored Ms. Wilde filed a fake complaint on the Denver
Federal Court record during their improper removal of this case, August 13, 2018 –
December 3, 2018. (Exhibit H filed December 11, 2018 – Fake Complaint; and again
as Exhibit AT filed August 2, 2019 with Motion to Amended Complaint; and See
Motion to Impose Sanctions filed December 11, 2018 –denied -)

6.  Ms. Montalbano has challenged this Court's Jurisdiction, based on the facts that Flynn is
clearly prejudiced against Ms. Montalbano, the case subject matter, and he has overtly
warred against the Constitutions, violated his Oath of Office, and thereby rendered this
Court incompetent; and whereby any Presiding Officer or Court that fails to uphold Due
Process of Law, no lawful jurisdiction exists, and all rulings made with such lack are
Void. "If this requirement of the (Bill of Rights) is not complied with, the court no longer
has jurisdiction to proceed." *Johnson v. Zerbst*, 304 U.S. 458, 468 ; "A judgment
rendered in violation of due process is void.", *Pennover v. Neff*, 95 U.S. 714.

7.  Both the National Constitution and the Colorado Constitution, specifically, Article II,
Sections 1, 2, and 3, declare the primacy of position of the People and uphold their Rights
of Sovereignty.  Further, both Constitutions limit the power of government, in this case,
the courts, to deny, restrict, remove or ignore those Sovereign Rights.

"Rights can only be taken away by due process in accordance with the Constitution.",
*Hale v. Henkle*, 201 U.S. 43 at 74; *Yick Wo vs. Hopkins and Woo Lee vs. Hopkins*, 118
U.S. 356.

NOTICE OF DISQUALIFICATION OF JUDGE

**EXHIBIT I**

Public Officers serve for the good of the Citizens, under oaths sworn to faithfully perform their duties, under the Constitutions, in exchange for the Public Trust. (Exhibit BA filed February 12, 2020 – Flynn's Oath of Office taken twice) **When a judge perjures his oath, he invokes the self-executing Sections 3 and 4 of the Fourteenth Amendment to the National Constitution, immediately vacates his office,** forfeits all eligibility to receive public funds, as in salaries and pensions, loses any immunity offered by his former position and is no longer a lawful judge.

8. Federal and state laws, court rules of procedure and Supreme Court rulings require judges to perform their duties impartially, objectively and fairly, and to rule on matters based upon just consideration of evidence presented, in compliance with due process of law. The National Constitution, pursuant to Article III, Section 1, mandates that "judges shall hold their offices in good behavior". When a judge acts in conspiracy and collusion with one party to the detriment of the other party, renders decisions in opposition to Acts of Congress, violates Citizens' Rights, denies the powers of the Constitutions, and, hence, commits treason, that judge is not serving in "good behavior". In consideration of an appearance before such a judge, any prudent Citizen would reasonably conclude that the presiding officer, pursuant to their oath, would most likely not demonstrate impartiality, objectivity and fairness in the conduct of his office, nor uphold and provide due process.

9. By and through his own actions, Mr. Flynn has demonstrated that he is untrustworthy and will not faithfully and impartially perform his duties pursuant his oath, and Mr. Flynn has repeatedly shown bias ("bent of mind") in this instant case and has thereby Disqualified himself by his own acts, actions, and lack thereof.

**EXHIBIT I**

**Wherefore**, Ms. Montalbano, Plaintiff, American Citizen, respectfully gives Notice of Disqualification of Brian James Flynn as Judge in case 18CV50, to this Court, for the aforesaid reasons.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **NOTICE OF DISQUALIFICATION OF JUDGE** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7015 0640 0001 0758 3270; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this 21st day of August, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br><br>AUG 1 9 2020<br><br>COMBINED COURT<br>BY LITIGANT |
|---|---|
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division 10       Courtroom 10 |
| **MOTION TO VACATE VOID JUDGMENT PERSUANT**<br>**Colo.R.Civ.P. 60(a) and (b)(2), (3); Colo.R.Civ.P. 59;** | |

Comes now, Plaintiff, Alyssa Chrystie Montalbano, and moves this Court to correct

Clerical Mistakes, VACATE Void judgment and immediately remove Brian James Flynn, from

case 18CV50 on grounds of fraud, prejudice, and judicial bias against the case, Plaintiff, and all

evidence filed on this public record and other public records in full support of Plaintiff's claims;

and for Flynn perjuring his Oath of Office and warring against the Constitution of the United

States of America and the Colorado State Constitution, for the following:

## I.    CLERICAL ERRORS (CRCP 60(a))

RULE 60 (a) Clerical mistakes – oversight or omissions to be corrected in Register of Actions:

(1) Amount seen Prayed for is listed as ".00" and should be $70,000 (See Amended Complaint

   filed November 13, 2018 and $70,000 claimed due)

(2) It also incorrectly states that Ms. Montalbano has not paid the Jury Fee, when Ms.

   Montalbano has in fact paid the Jury fee on February 27, 2019 in the amount of $190 by

   cash and with court receipt # 2018CV-000050-0008; and Statement of Jury Demand filed

   June 10, 2019. This error needs to be corrected. (Exhibit CV – Receipt Jury Fee Payment)

EXHIBIT I

## II.      RELEVANT PROCEDURAL BACKGROUND

Ms. Montalbano opened this instant case after the Defendant, James Corey Goode or any proper legal counsel on his behalf, repeatedly failed to lawfully respond to presumptive claims against Goode, regarding his public fraud, theft, and unlawful use of Ms. Montalbano's Trade Secret Intellectual Property materials, that were mistakenly donated to Mr. Goode, a public figure, largely during 2017 by email due to belief in his public alien narrative fraud. The records of Goode's repeat failures to rebut the presumptions imposed against him (Colo.R.Evid.301) and the specifically cited uses of Ms. Montalbano's IP materials, were filed with the Mesa County Clerk and Recorder Office, June 7, 2018 (Reception #2843230) and claimed approximately $70,000 in damages due. (See - Granted - Amended Complaint filed November 13, 2018 attached Exhibit Pre-Litigation Affidavit Complaint (PLAC); Colo.R.Evd. 902(4),(8),(10))

Redress was sought via the Mesa County District Civil Court, June 25, 2018.  During the course of litigation the Opposing party and his improper, out-of-state Texas Counsel, Ms. Wilde (never lawfully entered Pro Hac Vice), repeatedly violated Due Process of Law and filed or attempted to file what amounts to being five (5) vexatious filings against Ms. Montalbano and in all cases they filed falsified documents and lied on the Court Records, and **Mr. Flynn did nothing at any time to stop these abuses** nor did he sanction the opposing party and instead has repeatedly ignored or directly denied Ms. Montalbano her Injunctive Relief requests.

1. "Proposed Order" filed June 25, 2018 with original complaint – Ignored

2. "Motion for Preliminary Injunction" filed August 2, 2019 – denied January 29, 2020 (almost 6 months)

3. "Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction" filed November 1, 2019 – denied January 29, 2020 (almost 3 months)

4. "Second Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction" filed January 3, 2020 – denied January 29, 2020;

5. "Third Motion to Set Hearing for Motion to Amend Complaint and Preliminary Injunction filed January 22, 2020 – denied January 29, 2020;

6. Plaintiff's Motion for Preliminary Injunction filed July 20, 2020 – Denied August 5, 2020

Mr. Flynn has supported a state of anarchy, while repeatedly failing to interact with this case in a timely or fair manner and has largely avoided and evaded the case for well over two (2) years (almost 26 months) and has overtly warred against his Oath of Office through failure to faithfully perform his duties, give speedy remedy, and repeatedly and consistently denying Montalbano Constitutional Rights. (See register of actions and only 2 hours of time denoted to be invested by Flynn into case 18CV50, June 25, 2018 – January 29, 2020. (19 months))

Mr. Flynn's first order in this case was over 5 months after case implementation and they were to Close the Case on November 27, 2018, due to the improper removal by the Defendant and his counsel that occurred three (3) months prior (August 13, 2018) the November Order. This delay caused enormous amounts of confusion for Ms. Montalbano and the Mesa District Civil State Court clerks and resulted in more unnecessary filings in the case.

Flynn's severe lack of case interaction and prejudice to the case and it's subject matter is especially not appropriate for a complex case involving CIA MKULTRA mind control programs and remote neural network monitoring which impacts dream states and whereby the Plaintiff's

dream state records must be reviewed in detail with declassified CIA mind control program records, and other CIA, or military records, must be sought and/or subpoenaed from the Defendant in order to determine the truth of the matter based on fuller facts and evidence.

These ongoing and repeat failures of Mr. Flynn's to perform his judicial duties as 'Judge Flynn' has severely prejudiced this case. Flynn's repeat and prolonged failures to perform;  mixed with the ongoing public harassment, defamation, and witness tampering by the Defendant against Ms. Montalbano for well over two (2) years, and Defendant and his Counsel(s) filing repeat and baseless lawsuits against Ms. Montalbano with fake records, false evidence and perjury, resulted in massive amounts of filings by Ms. Montalbano in this instant case seeking protection and repeatedly asking Mr. Flynn to faithful perform his judicial duties and for which he repeatedly failed to do so or outright denied relief through denial of most all Plaintiff's unopposed motions.

## ARGUMENT

### III.   VACATE VOID JUDGMENT (CRCP 60(b)) and RECUSAL FOR PREJUDICE and PERJURY OF OATH OF OFFICE

The Rules of the Colorado Code of Judicial Conduct mandates: "[5] The Rules of the Colorado Code of Judicial Conduct are rules of reason that **should be applied consistent with constitutional requirements**, statutes, other court rules, and decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence of judges in making judicial decisions. [Emphasis added]; and

Colorado Code of Judicial Conduct states at **Rule 2.11 Disqualification**

EXHIBIT I

"(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned…"

"Upon reasonable inference of a "bent of mind" that will prevent judge from dealing fairly with party seeking recusal, it is incumbent on trial judge to recuse himself." *Wright v. District Court*, 731 P.2d 661(Colo. 1987).

The U.S. Supreme Court has stated that, "No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it." *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401 (1958)9.

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." *Buckles v. King County* 191 F.3d 1127, *1133 (C.A.9 (Wash.),1999). "It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives." *United Stated v. Lee*, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed 171 (1882)

Brian James Flynn, acting under Color of Law (fraud) as, Judge Flynn, Chief Judge, in Mesa County within the State of Colorado, and in particular in this instant case, has committed repeat acts of war and sedition against the Constitutions and against an American Citizen, Ms. Alyssa Chrystie Montalbano, Plaintiff. During case 18CV50, over the course of 26 months, Mr. Flynn repeatedly violated his Oath of Office to both the State and National Constitutions to which he swore (twice) an Oath to 'the living God' he would protect, uphold, and faithfully

perform his judicial duties (Exhibit BA filed February 12, 2020 – Flynn's Oath of Office taken twice) yet Flynn has repeatedly and willfully failed to faithfully perform his duties pursuant his Oath and has shown extreme prejudice against Plaintiff, the Constitutions and this case, and in accordance with due process of law he is disqualified, lacks jurisdiction, and must immediately be recused for prejudice and bias. (Colo.R.Civ.P. 97 – Disqualification of Judge for bias or prejudice)

**FACTS AND LAW IN SUPPORT OF RECUSAL / DISCQUALIFICATION**

**Mr. Flynn, has violated the following Constitutionally secured Rights of Ms. Montalbano** repeatedly since case implementation and has shown a clear prejudice against Ms. Montalbano and a bias in favor of the Defendant and his Counsel, committing civil-criminal acts against Ms. Montalbano; and Mr. Flynn may be held personally liable for taking away civil liberties under 42 USC §1983 and 28 USC §1343 as well as Constitutional Laws.

The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated "since *Ex parte Young*, 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. "..when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." [Emphasis supplied in original]

Mr. Flynn, has repeatedly and overtly failed (avoided and evaded) for over two (2) years to faithfully perform his judicial duties in this instant case and overtly denying motions to Claim Constitutional Rights, and since he is at war with the Constitutions, he is stripped of any perceived powers or immunities, as he has chosen to Vacate his office through willful failure to faithfully perform his judicial duties of public trust and thereby perjured his Oath of Office by his own acts (and lack thereof), **and has invoked the self-executing sections 3 and 4 of the 14th amendment of the United States of America and no longer is a lawful judge, entitled to no benefits of office, including salary and pension; and see the Colorado Constitution, Article II, Section 9 and Article 12, Section 10.**

1. **PERJURY OF OATH OF OFFICE TO THE STATE AND NATIONAL CONSTITUTIONS**

   **Mr. Flynn blatantly perjured his Oath of Office** to the State and National Constitutions through committing the following seditious acts against the Constitutions and Due Process of Law and has severely prejudiced Ms. Montalbano's Inalienable Rights:

   a. In May 14, 2019 Orders, Mr. Flynn –Denied- Ms. Montalbano's "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights" filed July 18, 2018, and clearly perjured his Oath to the Constitutions.

   b. In August 5, 2020 Orders, Mr. Flynn –Denied- Ms. Montalbano's "Second Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion" filed February 12, 2020, and again perjured himself.

Both of these unopposed Motions filed by Plaintiff asked Mr. Flynn to honor and uphold the Constitutional Laws he swore an Oath to protect; instead Mr. Flynn issued orders warring against the Constitutions and flat out denied these Rights to an American Citizen, under Color of Law, and perjured himself.

The Colorado Constitution and Federal Constitution do not grant judicial powers to deny Constitutional Rights to American Citizens, nor do they grant the power to issue orders or judgments contrary to them, to do so is to war against the Constitution(s), vacate one's office, and perjure one's sacred Oath to support and uphold the Supreme Law of the Land.

## 2.  DENIED DUE PROCESS OF LAW - IGNORED OR DENIED EVIDENCE

### United States Constitution, Article V; Colorado Constitution, Article II, Section 25

Plaintiff has filed vast amounts of public records and evidence onto this Court Record in full support of all her legal and lawful claims and most all of which has been actively ignored or blatantly denied by Mr. Flynn, and in so doing he has violated Ms. Montalbano's Constitutionally Protected right to Due Process of Law. (See all evidence filed on this court record since June 25, 2018 and all Exhibits filed from A-Z, AA-AZ, BA-BZ, CA-CU, and misc. non-lettered exhibits also filed, See Exhibit List filed July 20, 2020)

## 3.  DENIED INALIENABLE RIGHTS

### United States Constitution, Bill of Rights; Colorado Constitution, Article II, Section 3

**Mr. Flynn violated Ms. Montalbano's Inalienable Rights** through taking away her right to protect her misappropriated property (Intellectual Property and Trade Secret IP materials) through his gross and unnecessary delays and overt, direct, and willful denial of facts, law, and evidence presented on this court record attesting to the validity of Plaintiff's

claims; in so doing Mr. Flynn has destroyed and severely prejudiced Ms. Montalbano's Civil Right to happiness, for well over 2 years, and her Constitutional Right to obtaining safety and protection from the opposing party and his Texas based Counsel, Ms. Wilde, committing civil-criminal acts against Ms. Montalbano via their ongoing abuse of the legal system, and public defamation and harassment acts. (see below No. 4 (h, i, j, k, m) Broomfield cases)

4.   **DENIED EQUALITY OF JUSTICE, SPEEDY REMEDY, TRIAL BY JURY**

United States Constitution, Article V, VII, VIII; Colorado Constitution, Article II, Sections 6 and 10

**Mr. Flynn has violated Ms. Montalbano's Constitutionally secured right** to have **Equality of Justice** and a **speedy remedy** for injury to person, property, and character and has repeatedly and unlawfully denied Ms. Montalbano's right to a **Trial by Jury.** These violation were repeatedly performed, through severe lack of case interaction, denial of motions, and unnecessary delays of this instant case for over two (2) years and whereby Mr. Flynn repeatedly failed to issue orders based in fact, law, and evidence, and repeatedly failed to move the case into Discovery and thereby towards Trial by Jury.

Mr. Flynn Violated Ms. Montalbano's right to Equality of Justice, Speedy Remedy and Trial by Jury, through the following unconstitutional acts:

a.   Mr. Flynn showed bias toward the Defendant and his Counsel by not sanctioning them to following court rules or Due Process of Law that require Mr. Goode to lawfully enter his out of state Texas based attorney, Ms. Wilde, Pro Hac Vice.

b.   **Mr. Flynn showed bias in favor of the Defendant and did not sanction him to confer on any of the Nineteen (19) Motions filed** on this court record by Plaintiff,

this failure to sanction Defendant to lawfully confer, resulted in additional legal filings by Ms. Montalbano, and Mr. Goode continued to publicly harass and defame Ms. Montalbano both on and off this Court record and other Court records while Mr. Flynn did nothing, and Ms. Montalbano repeatedly asked for her Rights and protections from these abuses, and in response Flynn repeatedly ignored evidence and blatantly denied Plaintiff's Constitutional rights, denied Unopposed Motions and ruled in favor of the opposing party and whereby the effects of failure to deny by opposing party constitutes agreement, thereby Flynn made himself an unlawful party in the case.

c. **Mr. Flynn showed bias in favor of the Defendant and his Counsel through not sanctioning them or acknowledging that Ms. Wilde filed a fake Complaint** on the Denver Federal Court Record during she and the Defendant's improper removal of this instant case, August 13, 2018 – December 3, 2018, and Mr. Flynn ignored that the non-dispositive Federal Court Magistrate, Magistrate Gallagher, issued his 'delusional' recommendation about Plaintiff and case dismissal based on a Fake Complaint fraudulently filed by the Opposing Party. (Exhibit H filed December 11, 2018 – Fake Complaint; and again as Exhibit AT filed August 2, 2019 with Motion to Amended Complaint) Mr. Flynn ignored this fake complaint filing was clearly malicious as both the Defendant and his improper Counsel had received courtesy copies of this court records' June 25, 2018 original complaint filings on or about June 27, 2018. (Exhibit P filed September 11, 2018 – USPS Certified Mail delivery)

d. **Mr. Flynn showed bias in favor of the Defendant and his improper Florida based Counsel, Ms. Liz Lorie;** who harassed a witness of Plaintiff's in this case,

**EXHIBIT I**

Ms. Ferrante, and Flynn ignored that Ms. Lorie provided a fake law firm address for legal correspondence, which is a violation of Due Process of Law and the Colorado Codes of Professional Conduct. (See Exhibit CB – 'refused and not at this address' USPS Certified Mail return of Certified Mail service for legal correspondence filed March 19, 2019 with Objection to Attorney Fees at letter D)

e.  **Mr. Flynn showed extreme prejudice against Plaintiff's witnesses** in this instant case, and completely ignored that there are many witnesses ready to testify against the Defendant, to since include Mr. Randy Maugans an expert CIA MKULTRA Mind Control Program Witness. (See January 3, 2020 SECOND MOTION TO SET HEARING FOR MOTION TO AMEND COMPLAINT AND PRELIMINARY INJUNCTION at pg 4, Para 2 & 3, citing Mr. Cambian and Ms. Ferrante as willing to testify)

f.  **Mr. Flynn showed extreme prejudice against all of Ms. Montalbano's evidence filed in this Court Record** in full support of dream state interactions via the CIA's MKULTRA and MiLab mind control programs and their invasion of sleep-wake state, via Artificial Intelligences, remote frequency harassment and neural monitoring, through ignoring the information provided to the Court to scientifically show how such activities work and showing a cognizable theory upon which relief may be granted. (See filed February 27, 2019 COMPLAINT AND JURY DEMAND Exhibit AK - CIA PROJECT BLUEBIRD; and See filed February 21, 2020 "Fifth Information for the Court CIA Evidence – Senate Hearing, CIA Records, Remote Viewing, Remote Influencing, Dream States & Psychokinesis Research – as Compared to

Defendant Public Claims and Plaintiff Dream Experiences Submitted for Legal Investigation Purposes" with attached CIA record Exhibits BB through BV)

g. **Mr. Flynn showed prejudice against Ms. Montalbano's Trade Secret Intellectual Property claims and handwritten records referred to as 'Dream Vision,'** through ignoring and blatantly denying the evidence provided this Court record in full tangible (published) support of Plaintiff's Trade Secret claims, in conjunction with the public records and facts of occurrences that occurred *after* the tangible e-mailing of the Dream Visions to Mr. Goode, or *after* handwriting them in a journal, or *after* publicly publishing select Dream Visions and that are public and/or written records attesting to Ms. Montalbano's Trade Secret claims. (See AFFIDAVIT & TANGIBLE DREAM VISION (DV) TRADE SECRET EVIDENCE with EXHIBIT BB – filed February 12, 2020)

h. **Mr. Flynn showed bias in favor of the Defendant and his Counsel through denying public records that Mr. Goode committed perjury** on the Broomfield Combined Court Record when he sought multiple unlawful stalking protection Orders against Ms. Montalbano. Flynn ignored that Mr. Goode provided the Broomfield Combined Courts falsified information to obtain an unlawful and baseless TRO against Ms. Montalbano (case 18C103) and that the TRO was in fact vacated and the case close in Ms. Montalbano's favor (Exhibit Broomfield Register of Actions Case Closed filed December 11, 2018).

i. Flynn showed extreme prejudice against Ms. Montalbano when he ignored that the opposing party maliciously filed or attempted to file a total of three (3) baseless stalking cases in the Broomfield Combined Courts all closed or dismissed in

Ms. Montalbano's favor: case 18C103 (July 17, 2018 – August 6, 2018), case 20C32 (March 11, 2020 – June 22,2020) and their first stalking filing effort rejected, mid-June 2018, due to failure to meet the requirements. (Exhibit CG filed March 19, 2020 with Plaintiff's Objection to Defendant's Motion for Attorney's Fees Attorney Fees at Letter C; and Second Objection to Attorney Fees)

j.  Mr. Flynn **ignored that Mr. Goode lied on the Broomfield Court Record each filing about not have a lifelong stalking Protection Order of his own when it is public record with the Texas Courts** and that cannot be reasonably or lawfully denied. (See MOTION TO SET SCHEDULING HEARING Exhibit AMENDED GRIEVANCE Exhibit C Darling International / Goode Protection Order Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District filed December 11, 2018; and See - denied - Motion for Judicial Notice filed July 20, 2020 with public records in full support of Ms. Montalbano's claims)

k.  **Mr. Flynn** in his January 29, 2020 orders **showed a lack of Equality of Justice and clear bias for the Defendant through irrationally denying that YouTube, Twitter, email, and Reddit are published and/or broadcast mediums** and denied that Mr. Goode did in fact repeatedly and maliciously defame Ms. Montalbano via these mediums as a "stalker." This defamation was clearly malicious as the defendant performed these acts after repeatedly losing his stalking claims in the Broomfield Combined Courts. (Exhibits: AO, AP, AR, AS, AU, AW, AX and AY filed August 2, 2019 – defamation exhibits) Mr. Flynn maintained his ridiculous and prejudiced views when he further issued his Void August 5, 2020 Judgment based on his Void January

29, 2020 orders (See Exhibits: CL, CM, CN, CO, CR (defamation exhibits) filed July 20, 2020 with Amended Complaint - denied -) **Mr. Flynn specifically denied Ms. Montalbano's Constitutional Right, that all matters of libel are to be given to the JURY** to determine the evidence thereof and not to the 'judge.' (Colorado Constitution, Bill of Rights, Section 10)

l. **Mr. Flynn showed a clear prejudice January 29, 2020 against Plaintiff (a local award winning author) and against the subject matter she writes about (dreams) and that are publicly and privately published records having common law copyrights and some Federal Copyrights** (Exhibit X filed January 30, 2019 - copyrights) when he irrationally stated that "Dream Visions" are 'not tangible or intangible' in spite of copyrights being issued and being legally declared (tangible) literary works, and for which Mr. Flynn maintained his prejudice and highly irrational view through to the writing of his completely Void August 5, 2020 Judgment.

m. **Mr. Flynn further showed bias in favor of the Defendant and his Counsel when he irrationally denied in his Void January 29, 2020 Orders, that approximately 400 emails with attached PDF files of approximately 500 handwritten records (Trade Secret IP materials) are tangible records** and are protectable by law. Flynn also ignored that these tangible records were admitted to being received by the Defendant on the Broomfield Combined Court record as these emails and IP records were the basis for Mr. Goode's stalking allegations in case 18C103, July 17, 2018 – August 6, 2018, and which cannot be lawfully or reasonably denied by any judicial

EXHIBIT I

officer faithfully performing their duties.  (See Exhibit Broomfield case 18C103 Mr. Goode verified Complaint admits to 400 emails – filed December 27, 2018)

n.  **Mr. Flynn showed bias toward the Defendant and his Counsel through denial that Presumptions (Colo.R.Evid. 301 Presumptions) were imposed against Mr. Goode April 18, 2018 through June 7, 2018, whereby Ms. Montalbano presented Goode with specificity approximately 70 instances of use of her Trade Secret** and Intellectual Property materials; all of which are common law copyrighted materials contained within the (approx. 400) emails; and cited the Defendant's specific public use thereof, which is public record and contained in internet posts and Cosmic Disclosure episodes broadcast to Mesa County, and all of which may be subpoenaed attesting to the facts of Plaintiff's Trade Secret claims and evidence of use of Ms. Montalbano's IP materials.  **All of these records remain unrebutted affidavits of records and for which Ms. Montalbano is entitled to the $70,000** claim due in damages for all specifically cited and unrebutted uses of Plaintiff's materials.  Mr. Flynn showed a clear "bent of mind" in issuing his Void August 5, 2020 Judgment against Ms. Montalbano and in favor of the Defendant, who provided no rebuttal to the claims on a point by point basis, and Flynn denied $70,000 claimed due based on Prima Facie Authentic and Presumptive Evidence (CRE 902(4),(8),(10)) and whereby denial of facts and evidence does not constitute a response, yet Mr. Flynn issued fraudulent orders, January 29, 2020 and again on August 5, 2020 against  Ms. Montalbano, where he irrationally denied all the published records and legal evidence cited and held his highly irrational and prejudiced views that literary works, internet posts, and video or film broadcasts are not tangible, or published, or broadcast

mediums. (See Exhibit PLAC filed November 13, 2018 with Granted Amended Complaint and claim for $70,000)

## 5. DENIED SECURITY OF PERSON

United States Constitution, Articles IV and V; Colorado Constitution, Article II, Sections 7, 14, 15

Mr. Flynn by and through his own acts and lack thereof, has been party to assisting Mr. Goode in his public **fraud and theft** of Plaintiff's Trade Secret IP materials, **through Flynn's unlawful and repeat denial of public records, facts, law, and evidence** and in so doing Flynn has warred against the Constitutions, Due Process of Law, and has violated his Oath of Office. For over two years (25 months), Mr. Flynn has unconstitutionally taken away Ms. Montalbano, an American Citizen's, Inalienable **Rights to be secure in her person and property from unreasonable seizure or the unlawful taking of her private property (Trade Secret IP) for public or private use without just compensation.**

## 6. IMPOSED EXCESSIVE AND UNLAWFUL FINES

United States Constitution, Article VIII; Colorado Constitution, Article II, Sections 25

After all of the aforementioned failures by Flynn and his willful lack of action or interaction in this instant case Flynn is now further violating his Oath of Office in his unconstitutional, and thereby Void, August 5, 2020 Judgment order, by now fraudulently seeking to impose **unlawful and excessive fines upon Ms. Montalbano in the alleged amount of $116,600, when Ms. Montalbano's case, claims and evidence were never heard in accordance with due process of law and Flynn has in fact warred against Constitutionally Secure Due Process of Law Rights for over 25 months,** that directly resulted in massive amounts of filings by Plaintiff (1) through Mr. Flynn's repeat failure to

faithfully perform his Judicial duties and interact with the case in a timely manner and issue Constitutionally compliant orders based in fact, law, and evidence; and (2) through Flynn's repeat and ongoing failure to sanction the Defendant to abide by Court rules to confer on all motions and follow due process of law (See Motion to Impose Sanctions filed December 11, 2018 - Denied -) and; (3) though his severe prejudice against Ms. Montalbano, this case, and all evidence filed in full support of her claims. Mr. Flynn has severely and repeatedly violated Ms. Montalbano's Inalienable Rights and right to Due Process of Law for over two years and has caused grave, unnecessary, and ongoing personal, professional, and now severe financial damages to Plaintiff.

7. **DENIAL OF TRIAL BY JURY**

**United States Constitution, Article VII; Colorado Constitution, Bill of Rights, Section 23**

**Mr. Flynn has repeatedly shown prejudice against Ms. Montalbano by taking away (denying) her Right to a Trial by Jury for her Civil case and claims** by overtly denying the following six (6) Motions for a Hearing or Trial by Jury:

a. Motion to Set Scheduling Hearing filed December 11, 2018 - denied

b. Motion to Set Hearing for Motion to Amend Complaint filed November 1, 2019 - denied

c. Complaint and Jury Demand filed February 27, 2019 - denied

d. Motion for Citizens Demand of Trial By Jury February 12, 2020 – denied

e. Second Motion to Set Hearing For Motion to Amend Complaint and Preliminary Injunction January 3, 2020 – denied

f.  Statement of Jury Demand for the November 13, 2018 Amended Complaint and
statement filed June 10, 2019 - denied through unlawful, and thereby Void, dismissal
of case January 29, 2020

## 8. DENIAL OF RIGHT TO PETITION FOR REDRESS OF GRIEVANCES

**United States Constitution, Article I; Colorado Constitution, Bill of Rights, Section 24 and 25**

**Mr. Flynn, under Color of Law, August 5, 2020, denied Ms. Montalbano her Inalienable Right to Petition the government (Court) for redress of grievances**, through his unlawful Denial of the following Unopposed Motions:

a.  **"Plaintiff's Motion to Void Order of Dismissal Pursuant Colo.R.Civ.P. 60(b)(1), (2), (5) for Mistake, Misconduct, and New Evidence And Plaintiff's Motion for Leave to Amend Complaint Pursuant C.R.C.P.15"** filed July 20, 2020 – denied - and whereby Mr. Flynn, with prejudice, again took away Ms. Montalbano's right to petition for redress of grievances. Mr. Flynn denied all 11 causes of actions clearly supported by vast amounts of facts, law, and evidence as filed onto this Court Record since June 25, 2018 and whereby Mr. Flynn supplied no Constitutionally valid reasons for such denial of all claims, or any valid reasons in general, as to why each claim was denied and on what grounds such denial was made, he simply 'denied' them. This is a violation of Due Process of Law and shows a clear "bent of mind."

b.  **"Plaintiff's Motion for Preliminary Injunction"** filed July 20, 2020 –denied - and took away Ms. Montalbano's right to be secure in her person and protect her property (Intellectual Property/Trade Secret IP and to not be harassed).

c. **"Motion for Judicial Notice"** filed July 20, 2020 – denied – and whereby Mr. Flynn overtly denied public records and facts in full support of Ms. Montalbano's claims.

d. **"Motion to Recuse Pursuant CRCP 97"** filed July 20, 2020 – denied – taking away Ms. Montalbano's right to Due Process of Law and Right to having a non-prejudice and non-biased judicial officer presiding over the case.

e. **"Motion Demand Court Read All Pleadings Plaintiff Files with this Court and Adhere to Constitutionally Complaint Case Law, and More Particularly the Bill of Rights in its Ruling"** filed July 20, 2020 – denied – and thereby took away Ms. Montalbano's Right to be treated fair and equitable in case 18CV50 and Order issued in direct opposition to Flynn's Oath of Office to uphold Constitutional Rights.

f. **"Motion for Citizens Demand for Trial by Jury"** – Denied – again taking away Ms. Montalbano's Inalienable Constitutional Right to a Trial by Jury.

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." Constitution of the United States of America, Article VI, Clause 2

Mr. Flynn and this Court are granted limited jurisdiction and limited judicial powers over claims. The Court is limited in jurisdiction based upon it and its officers faithfully performing their judicial duties and issuing orders that are only Constitutionally compliant and that only uphold the Constitution of the United States of America and the Constitution of the State of

Colorado. Any Order or Judgment issued contrary to the Constitutions is repugnant to the Constitutions and are rendered Void, such as all of Mr. Flynn's orders in this instant case.

9. **DISPARAGED RIGHTS**

**United States Constitution, Articles IX and X; Colorado Constitution, Bill of Rights, Section 28**

**Mr. Flynn has further disparaged Ms. Montalbano's Constitutionally Reserved Rights through applying case law in his Orders or Judgments that are in direct opposition to the Supreme Law of the Land,** and his Oath of Office to support the Constitution of the United States of America and the Constitution of the State of Colorado, and for which there is no Law that grants him the authority to issue orders repugnant to the Constitutions.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated: "Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. **But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" *Elliot v. Piersol, 1* Pet. 328, 340, 26 U.S. 328, 340 (1828). [Emphasis Added]

"A judgment rendered in violation of due process is void.", Pennover v. Neff, 95 U.S. 714.

**Wherefore,** Brian James Flynn is Disqualified as 'Judge' in case 18CV50 for willfully violating due process of law, the State and National Constitutions and his Oath of Office; and for his severe and extreme prejudice against Ms. Montalbano, the case, claims, and evidence, and Flynn is to be immediately Recused and the case reassigned to a new Presiding Officer who is not prejudiced, will honor their Oath of Office, and follow Due Process of Law. Plaintiff also respectfully demands the Court VACATE the Void August 5, 2020 Judgment because it has no authority to deny the Constitutions and the powers of and Rights contained therein to Plaintiff, an American Citizen, and for violation of federal law, fraud, and pursuant to Colo.R.Civ.P 60(b)(3) lack of jurisdiction and thereby being powerless to render it.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO VACATE VOID JUDGMENT** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7015 0640 0001 0758 3263; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this 19th day of August, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

**EXHIBIT I**

```
Transaction:
2/27/2019  4:17 PM MED    TL213954
       District Court, Mesa County
          125 N Spruce St.
       Grand Junction, CO  81502-5030
            970-257-3640
Payor: MONTALBANO, ALYSSA-CHRYSTIE
Case #: 2018CV-000050
MONTALBANO, ALYSSA-CHRYSTIE
vs.
GOODE, JAMES COREY
RCP #: 2018CV-000050-0008
========================================
Description                      Amount
----------------------------     ------
Stabilization Fund - USER        165.00
Court Security Cash Fund           5.00
Justice Center Cash Fund          20.00

========================================
Receipt Total............:      $190.00
Amount Tendered..........:      $200.00
Change Due...............:       $10.00
Payment Type.............:         CASH
Account Receivable Due...:         $.00
========================================
```

EXHIBIT CV
Receipt Jury Fee Payment

EXHIBIT I

Mesa County Court
Mesa County Justice Center
125 North Spruce Street
Grand Junction CO 81501 United States


ALYSSA-CHRYSTIE MONTALBANO
2536 RIMROCK AVE SUITE 400-117        1-3-1020
GRAND JUNCTION CO 81505


To:        Alyssa-Chrystie Montalbano


Subject:   Service of documents in 2018CV50.

You are being served with documents filed electronically through the
Colorado Courts E-Filing system.  Please review the following details
concerning this service.

* Court Location: Mesa County
* Case Number: 2018CV50

* Filing ID: N/A
* Filed Document Title(s):
  * Order:Motion for Extension of Time
  * Order: Motion for Judicial Notice- Denied
  * Order:Second Motion to Claim and Exercise Constituional Rights and Require the
    Presiding Judge to Rule Upon this Motion
  * Order:Motion to Recuse Persuant CRCP 97
  * Order:Motion to Void Judgement Persuant Rule 60(b)(3),(4) and 9(d)(3)
  * Order:Motion Demand Court Read all Pleadings Plaintiff Files with this Court and
    Adhere to Constitutionally Compliant Case Law, and More Particularly the Bill of
    Rights in its Ruling
  * Order:Motion to Deny Attorney Fees Due to Defendant Failure to File Within 14
    days
  * Order:Motion for Attorneys' Fees and Request for Hearing
  * Order:Motion for Judicial Notice
  * Order: Motion to Void Judgement Persuant Rule 60(b)(3),(4) and 9(d)(3)- Denied
  * Order: Motion for Citizen's Demand for Trial by Jury- Denied
  * Order: Motion for Preliminary Injunction- Denied
  * Order: Amended and Supplemental Complaint Under Simplified Civil Procedure-
    Denied
  * Order:Motion to Void Order of Dismissal for Mistake, Misconduct, and New
    Evidence and Motion for Leave to File Amended Complaint
  * Order: Second Motion to Claim and Exercise Constituional Rights and Require the
    Presiding Judge to Rule Upon this Motion- Denied
  * Order:Motion for Preliminary Injunction
  * Order:Amended and Supplemental Complaint Under Simplified Civil Procedure
  * Order:Motion for Citizen's Demand for Trial by Jury
* Submitted on Date/Time: Wed Aug 05 18:30:05 MDT 2020
* Submitted by Authorizing Organization:
* Submitted by Authorizing Attorney: Mesa County  Court

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

**EXHIBIT I**

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO | |
| Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | |
| | ⚠ COURT USE ONLY ⚠ |
| | Case Number: 2018CV50<br>Division: 10          Courtroom: |
| **Order:Motion for Extension of Time** | |

The motion/proposed order attached hereto: GRANTED.

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

EXHIBIT I

| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | DENIED BY COURT<br>08/05/2020<br>DATE FILED: August 5, 2020<br><br>BRIAN JAMES FLYNN<br>District Court Judge<br>▲  COURT USE ONLY  ▲ |
|---|---|
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com | Case Number: 18CV50<br><br>Division   10         Courtroom   10 |
| PLAINTIFF'S MOTION FOR JUDICIAL NOTICE | |

Comes now Plaintiff, Alyssa Chrystie Montalbano, and moves the Court to take Judicial Notice of the following facts and records;

## I.   JUDICIAL NOTICE REQUESTS C.R.E. 201(d),(f)

This motion is based on Colo. R. Evid. 201(d) whereby the Court shall take Judicial Notice if requested by a party and supplied with the necessary information and C.R.E. 201(f) that Judicial Notice may be taken at any stage of the proceeding.

The following are relevant to this instant case and the parties:

1. Darling International v James "Corey" Goode, Protection Order Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District. (See Exhibit BP filed February 21, 2020 Agreed Permanent Injunction Granted October 31, 2014)

**EXHIBIT I**

| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50<br>Division: 10    Courtroom: |
| **Order:Second Motion to Claim and Exercise Constituional Rights and Require the Presiding Judge to Rule Upon this Motion** | |

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

**EXHIBIT I**

| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2018CV50<br>Division: 10        Courtroom: |
| **Order:Motion to Recuse Persuant CRCP 97** | |

"Rulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice." *Saucerman v. Saucerman,* 170 Colo. 318, 326, 461 P.2d 18, 22 (1969); *accord Schupper,* 157 P.3d at 521 n. 5; *Goebel v. Benton,* 830 P.2d 995, 1000 (Colo.1992) ("A ruling by a judge on a legal issue does not require disqualification absent facts in the motion or affidavits from which it may reasonably be inferred that the judge is biased or prejudiced or has a bent of mind."). *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, the motion is denied.

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

2008050048 0947 1-3-1020 12

EXHIBIT I

| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address: <br> MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO <br> v. <br> **Defendant(s)** JAMES COREY GOODE | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50 |
| | Division: 10          Courtroom: |
| **Order:Motion to Void Judgement Persuant Rule 60(b)(3),(4) and 9(d)(3)** | |

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

**EXHIBIT I**

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO | |
| Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50<br>Division: 10       Courtroom: |
| **Order:Motion Demand Court Read all Pleadings Plaintiff Files with this Court and Adhere to Constitutionally Compliant Case Law, and More Particularly the Bill of Rights in its Ruling** | |

The motion is found to be unnecessary and inappropriate as the Court reads motions and makes its decision based on the law. Furthermore, a Court cannot order itself to do anything, making the motion nonsensical.

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

2008050048 1266 1-3-1020 14

**EXHIBIT I**

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501<br>**Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | DATE FILED: August 5, 2020 |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2018CV50<br>Division: 10          Courtroom: |
| **Order:Motion to Deny Attorney Fees Due to Defendant Failure to File Within 14 days** | |

Given that Defendant provided the Court with good cause in support of his request for an extension, this motion is denied.

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

2008050048 1272 1-3-1020 15

EXHIBIT I

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO | |
| Court Address: | |
| MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO | |
| v. | |
| **Defendant(s)** JAMES COREY GOODE | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50 |
| | Division: 10          Courtroom: |
| **Order:Motion for Attorneys' Fees and Request for Hearing** | |

The motion/proposed order attached hereto: GRANTED.

Having considered Plaintiff's objection, I find a hearing to be unnecessary. Therefore, the motion is granted and a judgment against Plaintiff and in favor of Defendant enters in the amount of $116,600.

Issue Date:  8/5/2020

BRIAN JAMES FLYNN
District Court Judge

**EXHIBIT I**

| DISTRICT COURT, MESA COUNTY, COLORADO | |
|---|---|
| Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501 | DATE FILED: August 5, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50<br>Division: 10          Courtroom: |
| **Order:Motion for Judicial Notice** | |

Issue Date: 8/5/2020

BRIAN JAMES FLYNN
District Court Judge

2008050048 1359 1-3-1020 22

EXHIBIT I

FILED IN COMBINED COURT

| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502<br><br>Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | DENIED BY COURT<br>08/05/2020<br>DATE FILED: August 5, 2020<br><br>BRIAN JAMES FLYNN<br>District Court Judge<br><br>▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:__________ Atty. Reg. #: N/A | Case Number: 18CV50<br><br>Division 10 Courtroom 10 |

**MOTION TO VOID JUDGEMENT PERSUANT RULE 60(b)(3), (4) and (d)(3)**

Comes now, Plaintiff Alyssa Chrystie Montalbano and moves this court to void the judgement issued January 29, 2020 pursuant to Rule 60(B)(3) and (4) and Rule 60 (d)(3). As grounds therefore and in support thereof, Plaintiff states the following:

## DUE PROCESS OF LAW VIOLATIONS

1. **PERJURY** The court orders issued by Judge Flynn on May 14, 2019, page 8, at letter B. regarding Plaintiff's "**Motion to Claim and Exercise Constitutional Rights** and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights," (filed July 18, 2018) **Judge Flynn denies this motion** and states in the orders regarding Plaintiff's right to claim and exercise her Constitutional rights; *"This motion asks the court to uphold its obligation to apply all relevant law fairly in this case. There is no need for either party to file such requests."* Plaintiff believed this statement by Judge Flynn to be true, so did not say

2008050048 1365 1-3-1020 2:

| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | |
|---|---|
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com | Division   10        Courtroom   10 |

<div align="center">

**PLAINTIFF'S MOTION TO VOID ORDER OF DISMISSAL PURSUANT Colo. R. Civ. P. 60(b)(1), (2), (5) FOR MISTAKE, MISCONDUCT, AND NEW EVIDENCE**

**AND**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PERSUANT C.R.C.P. 15**

</div>

<div align="center">

# MOTION TO VOID ORDER OF DISMISSAL PURSUANT Colo. R. Civ. P. 60(b)(1), (2), (5) FOR MISTAKE, MISCONDUCT, AND NEW EVIDENCE

</div>

Comes now Plaintiff, Alyssa Chrystie Montalbano, and moves this court to void its dismissal order entered January 29, 2020. This motion is based on Colo. R. Civ. P. 60(b)(1), whereby the court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect; Rule 60(b)(2) whereby the court may relieve a party from an order for fraud, misrepresentation, or other misconduct of an adverse party; and 60(b)(5) whereby the court may relieve a party for any other reason justifying relief from the operation of the judgment. This motion is timely filed as it is understood *"Relief must*

EXHIBIT I

*be sought not more than six months after the judgment by section (b) of this rule. Burson v. Burson, 149 Colo. 566, 369 P. 2d 979 (1962)"* and whereby the order was issued January 29, 2020 and would have an approximate filing date of July 29, 2020.

As grounds therefore and in support of voiding the order, Plaintiff states the following:

## I.    **Procedural Background**

Plaintiff opened this case June 25, 2018. Plaintiff is not an attorney and has no formal legal education. As such plaintiff's first complaint did not comply with the court's rules regarding document assembly and integration and incorporation of evidence. Plaintiff's first complaint was also deficient in articulating Plaintiff's claims with the proper terminology. Despite Plaintiff's attempts to learn the proper mechanics of filing a complaint, those deficiencies were unacceptable. Plaintiff believes this was "excusable neglect."

Plaintiff also constructed the complaint in such as manner so as not to comply with the correct or proper way to overcome the Colo. R. Civ. P. 12(b)(5) objections. (excusable neglect)

Plaintiff likewise failed to comply with the rules in regard to attaching new evidence to the complaint that occurred after case initiation on June 25, 2018 or after the November 13, 2018 Amended Complaint was filed.

Plaintiff has had great difficulty in trying to learn how to correctly write court papers for her case, as there is no Pro Se Clinic help in Mesa County to assist with this type of civil action.

Lastly, since June 2018 the opposing party has filed or attempted to file against Ms. Montalbano what amounts to, and is believed to be, five (5) separate vexatious cases that can be described as nothing more than frivolous, but did result in additional filing mistakes too by Plaintiff due to the opposing party's repeated and ongoing misconduct. (Misconduct)

## II.   COMPLAINT AND CLAIM STATED

The reasons given by Judge Flynn January 29, 2020 are no longer valid because:

1. It is stated at Paragraph one (1) in the Dismissal Orders issued January 29, 2020

    (sic) *"in ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true and view them in the light most favorable to the plaintiff"*
    and
    *"The court may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice. Id. If the court considers matters outside the pleading, it must convert the motion to one for summary judgement and give all parties a chance to submit relevant evidence. CRCP 12(b)"*

With respect to the November 13, 2018 amended complaint, which this order references, Ms. Montalbano, did in fact fail to attach many Exhibits to the November complaint (Exhibits A-Z, AA-AZ, BA-BZ, CA-CG, and other non-alphabet lettered

exhibits) by incorporation or by reference and thereby this order does not appear to take them into account. (excusable neglect)

This mistake is corrected in the newly Amended Complaint and a Complaint Exhibit List is also incorporated, along with providing relevant references thereto.

## COGNIZABLE CLAIMS "DREAM VISIONS" AND DEFAMATION

1. In Paragraph two (2) of the January 29, 2020 Orders it is stated (sic)

*"Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."*

A. In the November 13, 2018 amended complaint, Plaintiff made it sound like she was trying to recover for unauthorized use or theft by the Defendant of her sleeping state 'dreams' and for which the Court appears to have mistakenly ruled that those are "Dream Visions" and not 'tangible or intangible' when Plaintiff's Trade Secret "Dream Visions" are in fact Intellectual Property and some are federally Copyrighted materials. (See Exhibit X filed January 20, 2019 Copyrights) (mistake)

B. Plaintiff is seeking remedy for the publish results of dreams already occurred that were and are documented in writing and are Trade Secret Intellectual Property and information referred to as "Dream Visions" which are in fact manifested in printed and electronic form. Ms. Montalbano is seeking to protect her custom Trade Secret

Dream Vision IP codes, customized analysis process, and the resultant information that was mistakenly delivered to the defendant by email largely during 2017. This Trade Secret information is secret and of value to the Plaintiff and her trade of predictive dream research.

Approximately 500 Dream Visions (largely publicly unpublished, with approximately 50 federally copyrighted and 450 common law copyrights) were digitally delivered to the defendant predominantly during 2017 via approximately 400 emails with attached PDF files of hand written Dream Visions. Mr. Goode has admitted to receiving these emails from Ms. Montalbano in his verified Complaint contained on the Broomfield Combined Court record filed July 17, 2018. (See Exhibit Broomfield Case 18C103 Verified Complaint filed December 27, 2018)

Ms. Montalbano's Trade Secret Dream Visions are equal to a type of predictive computer code language, or software, which is also considered Intellectual Property. As with any typical computer software code, not everyone understands the codes fully unless they are given the code keys (analysis process) to get the resultant information. Mr. Goode has both the IP and the customized analysis process that gives him access to the resultant information belonging to the plaintiff. This customized analysis process and Trade Secret IP are protectable under the Trade Secret laws of CUTSA as a process and any information that is secret and of value to a business.

**EXHIBIT I**

Plaintiff is seeking a court order to protect the approximate 500 handwritten Trade Secret Intellectual Property called "Dream Visions" by legally declaring them Plaintiff's Trade Secret Intellectual Property and to protect the customized analyses process and resultant information as being Plaintiff's sole and separate Trade Secret IP, materials, analyses, process, discoveries and that the IP is not to be used by the defendant to defame or publicly embarrass Plaintiff, or as any part of Mr. Goode's and his associates' public 'alien' or otherwise narratives.

C.   **Mr. Goode has in fact defamed Ms. Montalbano repeatedly via both published and broadcast mediums**, to include (but not limited to) YouTube, Twitter, Facebook, and Reddit. This defamation evidence was mistakenly filed 'free range' all over the court record in voluminous and verbose filings and not correctly incorporated by reference or attached as exhibits to any of the pleadings.

Evidence of Defamation in both published and broadcast format already on this Court Record can be seen in the following Exhibits: AM, AO and AP filed March 25, 2019; and Exhibits AR, AS, AU, AW, and AY filed August 2, 2019; and Exhibit AZ filed September 9, 2019)

These defamation pleading deficiencies are believed to be corrected in the newly Amended Complaint submitted for acceptance the same date of this Motion and are notably seen in COUNT 7 DEFAMATION.

EXHIBIT I

## III.   <u>MERIT TO PLAINTIFF'S CLAIMS</u>

1. In Order entered January 29, 2020, at paragraph 4, it is stated: (sic)

*"According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense,"*

A.  **This case is with merit and is not frivolous in any way.** There is ample evidence of merit, however, it was mistakenly filed all over the court record since June 25, 2018 and defectively plead. The Exhibit-evidence of merit filed on this record since June 25, 2018 to the date just prior this filing go from A to Z, AA to AZ, BA to BZ, and CA to CG, along with some additional Exhibits filed that were not labelled with a letter of alphabet.

These Complaint deficiency filing mistakes are believed to be corrected in the newly Amended Complaint and within 11 claim counts with causes of action.

## IV.   <u>MISCONDUCT BY OPPOSING PARTY</u>

Colo. R. Civ. P. 60(b)(2) allows the court to grant relief from a judgment or order where fraud, misrepresentation, or misconduct is involved by an opposing party.

Ms. Montalbano has shown in detail that fraud, misconduct, and misrepresentation has in fact been performed repeatedly by the opposing party since June 2018, but it was also filed by mistake all over the court record rather than being integrated correctly with a proper pleading.

Mr. Goode and his counsel, Ms. Wilde, have repeatedly escalated their legal misconduct since April 18, 2018 against Ms. Montalbano, through increased and ongoing abuse of the legal system, whereby they have opened or tried to open, what amounts to being five (5) vexatious filings against Ms. Montalbano with no reasonable basis in the law for doing so.

These matters are believed to be correctly pleaded for remedy in the Amended Complaint, under the main claims of: ABUSE OF PROCESS and MALICIOUS PROSECUTIONS.

## V.    NEW EVIDENCE

Colo. R. Civ. P. 60(b)(5) allows the court to grant relief from a judgment or order for any other reason that justifies it and the case law says:

(sic) ""*Any other reason justifying relief" language of section (b)(5) encompasses newly discovered evidence. A motion for relief from a judgment pursuant to this rule on the ground of newly discovered evidence should be resolved by the same criteria applicable to a C.R.C.P. 59(d)(4) motion: Applicant must establish that the evidence could not have been discovered by the exercise of reasonable diligence and produced at the first trial; the evidence was material to an issue in the first trial; and the evidence, if admitted, would probably change the result of the first trial.*

And whereby relief is being sought from a 'prior proceeding' and not a 'prior trial' and the newly discovered evidence will change the results of the order conclusions.

EXHIBIT I

A.        **Since June 25, 2018 case implementation a vast amount of new evidence arose in this instant case. Many other members in the public community began to also discover the Defendant's deceptive trade practices** and began to publicly expose Mr. Goode and his associates' frauds and show how they too were victims of Mr. Goode's deceptive trade practices, organized stalking, covert communications, defamation, harassment, legal threats, and theft of their work (Intellectual Property).   This has been an ongoing and increasing public problem since case implementation.  (See Exhibit CH for a sample of this growing public problem as reported on by MJ Banias May 13, 2020)

**Many former co-workers (associates) of Mr. Goode's have also come forward publicly exposing Mr. Goode's deceptive trade practices** since June 25, 2018 and have ceased working with him due to the same, to include former artists and business managers, some of which he is also now trying to sue.

B.        **Plaintiff also learned more about her own Dream Vision code and inherent value of her customized analysis process and the resultant information as even more Dream Vision Trade Secret evidence occurred after November 13, 2018** and some of this evidence was filed on this court record February 21, 2020 in Exhibit BB of DV Samples. This evidence could not have been discovered prior as it had not yet occurred and is further evidence of Ms. Montalbano's Trade Secret existence and the value of Plaintiff's custom analysis process of her Dream Vision IP code records.

C.      There was also other evidence publicly available prior the opening of this instant case, and prior the mailing of the PLAC, such as the CIA MKULTRA declassified records (filed this court February 21, 2020) that Ms. Montalbano was completely unaware of and that could not have been discovered with reasonable diligence prior due to being unaware of these records.

D.      Mr. Goode also performed many new, repeated, and ongoing acts of public Harassment and Defamation against Ms. Montalbano since case implementation on June 25, 2018 and since the November 13, 2018 Amended Complaint and since case dismissal. New evidence of defamation and fraud are seen in the following newly filed Exhibits: CH, CI, CK, CL, CM, CN, CO, CP, and CQ.

Much of this new evidence could not have been discovered at the time of case implementation or by the November 13, 2018 Amended Complaint filing, as it had not yet occurred.

This new public evidence also further supports Ms. Montalbano's original allegations of organized (romantic) cyberstalking, covert public communications, civil conspiracy, fraud, and theft, as alleged against Mr. Goode April 18, 2018 and cited extensively in the unrebutted Prima Facie authentic Pre-Litigation Affidavit Complaint.

(See Exhibit PLAC 48 page Stop and Desist Courtesy Notice filed November 13, 2018)

EXHIBIT I

All of the aforementioned issues are believed to be corrected in the Amended Complaint through the following eleven (11) claim counts with what are understood to be short and plain statements: Fraudulent Misrepresentation (Fraud), Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecutions, Defamation, Harassment, Intentional Intrusion on Privacy Rights, Intentional Infliction of Emotional Distress and Unjust Enrichment.

Wherefore, Ms. Montalbano moves the court to Void the January 29, 2020 Orders as the orders are no longer valid, as Plaintiff has shown excusable neglect and mistakes were made, misconduct was performed by opposing party, and new evidence is to be admitted, all showing the original deficiently pleaded claims are in fact with merit, and thereby changes the outcome of the findings of the orders entered. (C.R.C.P. Rule 60)

Respectfully Submitted and All Rights Reserved,

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

# MOTION FOR LEAVE TO FILE AMENDED COMPLAINT PERSUANT  C.R.C.P. RULE 15

Comes now Plaintiff, Alyssa Chrystie Montalbano, and moves this court to admit the attached and Amended Complaint. This motion is based on Colo. R. Civ. P. 15(a), whereby the court may freely grant leave to amend the complaint when justice so requires; and Rule 15(b) whereby the court may grant amending of the pleading to conform it to the evidence and to raise unpleaded issues and whereby leave to amend may be granted even after judgment, when a request is made by any party by motion; and Rule 15(c) permits the relation back of Amendments where the claim or defense asserted and that attempted to be set forth in the original pleading relates back; and Rule 15(d) permits the supplementing of the original pleading to set forth transactions and occurrences that happened since the date of the pleading sought to be supplemented and whereby permission may be granted even though the original pleading is defective in its statements of a claim for relief or defenses.

## I.     Background

Plaintiff, not having a formal education in the law, opened this case, June 25, 2018 not understanding how the court needs to have a Complaint, documents, and evidence attached together.

On January 29, 2020 the November 13, 2018 Amended Complaint and claims were dismissed for deficiently pleading a claim.

EXHIBIT I

The attached Amended Complaint is believed to overcome the C.R.C.P. Rule 12(b)(5) deficiencies stated in January 29, 2020 dismissal orders regarding the November 13, 2018 amended complaint. In attached Amended Complaint Plaintiff integrates the mistakenly 'free range' filed evidence (merit) on this court record since June 25, 2018, along with attaching additional new evidence to the amended pleading such as additional published and broadcast defamation acts by the Defendant.

The attached Amended Complaint also relates back to issues attempted to be set forth in the original defective pleading filed June 25, 2018 and then attempted again to be set forth in the amended and still defective November 13, 2018 pleading and denied defective August 2, 2019 pleading; and it is also a supplemental pleading as it integrates the matters that occurred after the original implementation of this case (June 25, 2018) and that occurred after the November 13, 2018 pleading.

It is believed the attached Amended Complaint is proper for the case to be moved into the discovery phases or for summary judgment to be awarded on behalf of Plaintiff.

## II.     <u>Law in Support of Amending</u>

C.R.C.P. 15 allows a Plaintiff to amend a complaint upon leave of the court. It is a long standing judicial principle that "*Leave to amend shall be freely given when justice so requires. Zertuchev. Montgomery Ward & Co., Inc., 706 P.2d 424 (Colo. App. 1985)*" and that "*Motions to amend should be freely permitted when the interests of justice would be served thereby. In re Estate of Blacher, 857 P.2d 566 (Colo. App. 1993).*"

Additionally, "*Originals not to be treated as sacrosanct. As with most pleadings and writings in the nature of pleadings, the purpose of justice is best served not by treating originals as sacrosanct, but rather by permitting the parties to ensure that the issues, as ultimately framed, represent the parties' true positions. Brown v. Schumann, 40 Colo. App. 336, 575 P.2d 443 (1978); K-R Funds, Inc. v. Fox, 640 P.2d 257 (Colo. App. 1981); Zavorka v. Union Pacific R. Co., 690 P.2d 1285 (Colo. App. 1984)."* And;

Plaintiff's rights are not to be sacrificed due to her mistakes in earlier pleading form. "*The rationale behind this rule is that a substantial right should never be sacrificed to mere form. Van Schaack v. Phipps, 38 Colo. App. 140, 558 P.2d 581 (1976)."* and; "*Substantial rights should never be sacrificed to mere forms. Sellar v. Clelland, 2 Colo. 532 (1875); Green v. Davis, 67 Colo. 52, 185 P. 369 (1919)."* And;

The Court is to look favorably upon amending the Complaint to meet pleading standards to speed the case progress. "*Since the object of this rule is to permit amendments freely with the thought of making disposition of causes expeditious. Patrick v. Crowe, 15 Colo. 543, 25 P. 985 (1890); Seymour v. Fisher, 16 Colo. 188, 27 P. 240 (1891); Saint v. Guerrerio, 17 Colo. 448, 30 P. 335, 31 Am. St. R. 320 (1892); McCracken v. Montezuma Water & Land Co., 25 Colo. App. 280, 137 P. 903 (1914).*

There are 'new' issues being interjected into this case, but they are based on the same type of conduct of the underlying actions attempted to be pleaded since

**EXHIBIT I**

June 25, 2018 and since November 13, 2018, and in denied August 2, 2019 pleading, so there is no prejudice to the Defendant, James Corey Goode.

Rule 15(b) permits the amending of the Complaint to conform the pleading to the evidence and to raise unpleaded issues by any party, at any time, by motion.

It is in the interest of justice to Grant leave of the court to admit this Amended and Supplemental Complaint as the pleading. (Colo. R. Civ. P. 15(a)).

Wherefore, Plaintiff moves this Court to Grant this Motion to Amend the Complaint in accordance with due process of law to conform the pleading to the evidence, that relief may be appropriately granted and to address pleading deficiencies and correct filing mistakes as justice so requires it.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

**CERTIFICATE OF SERVICE**
I certify that a true and correct copy of the foregoing **MOTION TO VOID ORDER, MOTION TO AMENDED COMPLAINT, AMENDED COMPLAINT, EXHIBITS CH – CT and EXHIBIT LIST, MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER, SUPPLEMENTAL BRIEF, MOTION FOR JUDICIAL NOTICE, and NOTICE OF RELATED CASES** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 0680 0002 3148 6039; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **20TH** day of July, 2020.

*Alyssa Chrystie Montalbano*
Alyssa Chrystie Montalbano, American Citizen

**EXHIBIT I**



District Civil Court, Mesa County, Colorado

Mesa County, Colorado
Court Address: 125 North Spruce
P.O. Box 20,000-5030
Grand Junction, CO 81502

Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano
v.

Defendant(s)/Respondent(s): James Corey Goode

Attorney or Party Without Attorney (Name and Address):
Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave, Suite 400-117
Grand Junction, Colorado, 81505

Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com
FAX Number: _____ Atty. Reg. #: N/A

ORIGINAL FILED IN

FEB 12 2020

COMBINED COURT
BY LITIGANT

▲ **COURT USE ONLY** ▲

Case Number: 18CV50

Division   10        Courtroom  10

## MOTION TO RECUSE PERSUANT CRCP 97

Comes now, Plaintiff Alyssa Chrystie Montalbano and moves the court to recuse Judge Flynn on grounds of prejudice and judicial bias against the case and all evidence filed in support of Plaintiff's claims, and perjury of his Oath of Office to the Constitution of the United States of America and the Colorado State Constitution for the following:

1. For all the facts and reasons stated in the 'Motion to Void Judgment Pursuant Rule 60(B)(3),(4) and (d)(4)' filed on February 12, 2020 and the attached Exhibits are incorporated by reference in this Motion as if set forth fully in this Motion herein.

2. Since April 18, 2018 and subsequent opening of this instant case, June 25, 2018, the Defendant has avoided and evaded answering for any of his crimes and continues to do so and is now being aided by Judge Flynn (insurrection), who is actively ignoring fact, law, and evidence in this case and as filed on this public court record in full support of Plaintiff's legal and lawful claims.

**EXHIBIT I**

3. Judge Flynn has violated his oath of office to the Colorado Constitution and the Constitution of the United States of America and must be recused pursuant his Oath of Office and the self-executing 14th Amendment of the Constitution of United States of America sections 3 and 4, and pursuant the Colorado Constitution, Article II, Section 9; and Article 12, Section 10.

4. Through issuing his unlawful January 29, 2020 dismissal orders Judge Flynn has perjured himself (again) and has failed (again) to uphold due process of law and has unreasonably delayed Plaintiff's inalienable Rights to justice since June 25, 2018 (20 months) and in particular (but not limited to) her Constitutional Rights to have safety and happiness, right to a speedy trial by a jury of her peers, freedom of truth in cases of libel where the evidence is to be given to the jury to determine the law in fact, the protection of her private property and that it may not be taken for public use without just compensation. (Colorado Constitution, Article II, Section 3, 6, 10, 14, 15, 23, 25, 28)

There is no law in the State or National Constitutions that place Flynn above the laws he took an Oath to uphold and protect; nor is he granted the authority to choose who he grants or denies inalienable Constitutional rights to. The Constitutions do not grant Flynn the authority to impose his opinion as law, they do not grant him the legal standing to issue orders based on bias or prejudice, or upon his own personal belief systems devoid of any legal or lawful standing; nor does the Constitution grant him the right as a presiding officer of the court to ignore facts, law, and evidence as extensively presented

EXHIBIT I

by Plaintiff in full support of all of her legal and lawful claims in this instant case for 20 months, and for which cannot be denied as being filed as they are public record on this court record, other court records, and public records. If this case is unlawfully dismissed it will be appealed to the Supreme Court and the misconduct will be reported.

Judge Flynn has perjured his oath of office in open denial of this court's public record in issuing the prejudiced and/or biased January 29, 2020 "Orders" where he directly denies fact, law, and evidence. Therefore a fair and impartial trial cannot be had with Judge Flynn presiding in this instant case and he must be recused for perjuring his oath of office and for being prejudice against the subject matter, evidence, and materials of fact provided in this instant case by Plaintiff, and whereby any rulings made devoid of law and that are repugnant to the Constitution of the United States of America and the Colorado Constitution are null and void and without merit and lacking in subject matter and jurisdiction, and as such Flynn has vacated his office through such acts.

Wherefore, in accordance with due process of law, the courts must recuse Judge Flynn for being biased or prejudiced (CRCP 97) against the case and subject matter and for having perjured his Oath of Office and the case must be reassign to a presiding officer who is not prejudice or biased against the case or evidence presented and who will honor their oath of office and in so doing will: 1) Grant the Motion to Void Judgement filed February 12, 2020; 2) will Grant the Amended Complaint filed August 2, 2019 as the operative pleading and will  3) order the Defendant respond on a point by point basis to the presumptive Pre-Litigation Affidavit Complaint; and 4) that an injunctive relief

**EXHIBIT I**

hearing be immediately set ordering the Defendant to appear and answer so that injunctive relief may finally be obtained by Plaintiff after years of dealing with ongoing harassment by the Defendant; so that Plaintiff, her Intellectual Property, and Trade Secrets may be legally protected once and for all and that the case may be heard by a jury of Plaintiff's peers based on the merits of the case and that all matters at issue so triable may be so tried. (Colorado Constitution, Article II, Section 25)

Alternatively, since Plaintiff believes in the power of love and giving people the opportunity to correct mistakes, should Judge Flynn wish to remain presiding over this complex instance case he may rectify his egregious violations by behaving only in strict accordance with his Oath of Office and thereby the upholdment of due process of law, and he must immediately correct all matters stated as grounds for recusal, void the judgment, and is to Grant the following motions filed with this motion as a sign of good faith he will honor the Constitutions and his Oath of Office to uphold such hereto forward: 1. Second Motion to Claim and Exercise Constitutional Rights, 2. Motion to Demand Court Read All Pleadings, and 3. Motion for Citizens Demand for Trial by Jury; and will immediately set a hearing for injunctive relief; and will agree to recuse himself sua sponte should he be unable to perform his judicial duties in any capacity at any time or is not competent to understand the complex subject matter in this instant case.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO RECUSE PERSUANT CRCP 97** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 2290 0001 2184 5415; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this <u>12th</u> day of February, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

EXHIBIT I

| | |
|---|---|
| District Civil Court, Mesa  County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲   COURT USE ONLY   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division   10       Courtroom  10 |

### PLAINTIFF'S SUPPLEMENTAL BRIEF FOR MOTION TO VOID JUDGEMENT

Come now Plaintiff, Alyssa Chrystie Montalbano, and files this clarification of Plaintiff's Motion to Void Judgement as filed on February 12, 2020 to state the following:

Ms. Montalbano made a mistake in the filing of the motion and only cited Rule 60, due to lack of understanding of court rules and processes. The Motion to Void Judgment also properly arises under Colo.R.Civ.P. 59 and should be treated as such and tolls the time for appeal.

If January 29, 2020 Dismissal order was intended as a final disposition(?), court should enter judgment under Colo.R.Civ.P. 54(b) to ensure the Plaintiff can appeal.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

**EXHIBIT I**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **MOTION TO VOID ORDER, MOTION TO AMENDED COMPLAINT, AMENDED COMPLAINT, EXHIBITS CH – CT and EXHIBIT LIST, MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER, SUPPLEMENTAL BRIEF, MOTION FOR JUDICIAL NOTICE, and NOTICE OF RELATED CASES** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 0680 0002 3148 6039; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **20<u>TH</u> day of July, 2020.**

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

EXHIBIT I

| | |
|---|---|
| District Civil Court, Mesa  County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>**FEB 1 2 2020**<br><br>**COMBINED COURT**<br>**BY LITIGANT** |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br><br>Defendant(s)/Respondent(s): James Corey Goode | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____   Atty. Reg. #: N/A | Division   10        Courtroom  10 |

## MOTION TO VOID JUDGEMENT PERSUANT RULE 60(b)(3), (4) and (d)(3)

Comes now, Plaintiff Alyssa Chrystie Montalbano and moves this court to void the judgement issued January 29, 2020 pursuant to Rule 60(B)(3) and (4) and Rule 60 (d)(3). As grounds therefore and in support thereof, Plaintiff states the following:

### DUE PROCESS OF LAW VIOLATIONS

1. **PERJURY** The court orders issued by Judge Flynn on May 14, 2019, page 8, at letter B. regarding Plaintiff's "**Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights**," (filed July 18, 2018) **Judge Flynn denies this motion** and states in the orders regarding Plaintiff's right to claim and exercise her Constitutional rights; *"This motion asks the court to uphold its obligation to apply all relevant law fairly in this case. There is no need for either party to file such requests."* Plaintiff believed this statement by Judge Flynn to be true, so did not say

anything further at the time.  However, in spite of this statement, Judge Flynn has failed to uphold his 'obligation to apply all relevant law fairly in this case' (perjury) and as a result has again violated his Oath of Office (taken twice) to (sic) *"support the Constitution of the United States of America and of the State of Colorado, and faithfully perform the duties of the office."* (See attached EXHIBIT BA - Certified Copies Judge Flynn Oath of Office) Judge Flynn has perjured his Oath by his own acts (and lack thereof) and thereby invoked the self-executing sections 3 and 4 of the 14th amendment and Colorado Constitution Article II, Section 9 and Article 12 Section 10; and is no longer a lawful judge entitled to benefits of office, including salary and pension, and Flynn's orders are unconstitutional.

2. **PERJURY** - In orders issued by Flynn on January 29, 2020, **Flynn again perjures himself by failing to uphold due process of law** and makes orders devoid of fact, law, and evidence and again invokes the self-executing sections 3 and 4 of the 14th Amended in the Constitution of the United States of America and Colorado Constitution Article 12, Section 10, and again vacates his office by entering the order to 'dismiss' this case devoid of due process of law.  The orders are based on granting the fraudulent Motion to Dismiss filed by the Defendant on June 7, 2019, with more misleading and fabricated evidence and is thereby in further direct violation of Plaintiff's inalienable Constitutional rights. (Colorado Constitution, Article II, Section 3; and Rule 60(d)(3)) Flynn has rendering his own judgment null and void by failing to perform his judicial duty of upholding the Colorado Constitution, the Constitution

of the United States of America, and due process of law (Colorado Constitution, Article II, Section 25) by and through the following unlawful acts:

A) **Willfully ignoring vast amounts of fact and evidence** filed on this court record since case opening June 25, 2018, in full supports of Plaintiff's legal and lawful claims. (See all Exhibits respectively A-Z and AA-AZ as filed on this court record)

B) **Denying Plaintiff's right to a trial by a jury** of her peers and as paid for with this court and her right to a speedy trial through unnecessary delays of this case since June 25, 2018 and then unlawful dismissal. (Colorado Constitution, Article II, Section 23)

3. **<u>ORDERS ISSUED DEVOID OF LAW AND BASED ON OPINION AND/OR PREJUDICE</u>**

In Order filed January 29, 2020, at paragraph 4, Judge Flynn states *"According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense,"* and whereby frivolous is defined by Black's Law Dictionary as follows: *"adj. Lacking a legal basis or legal merit; not serious; not reasonably purposeful <a frivolous claim>"* Judge Flynn has failed to look at all the evidence, facts, and laws as filed in Plaintiff's case since June 25, 2018 for which there is ample legal basis, legal merit, and purpose to the claim.

a. **IGNORING EVIDENCE ON THE COURT RECORD** - Plaintiff has cited facts, law, and evidence since the first implementation of due process of law as

seen in the presumptive Pre-Litigation Affidavit Complaint first dated April 18, 2018 and followed by the subsequent opening of this instant case June 25, 2018, all of which has been actively ignored. (See all evidence filed on this court record since June 25, 2018 and all Exhibits filed from A-Z then AA-AZ) All evidence as having been filed on (and not limited to) this public court record are in full support of Plaintiff's legal and lawful claims against the Defendant and are a testament to the ongoing harassment and abuse Plaintiff has endured while waiting on Judge Flynn to honor his word and uphold the Constitution like he affirmed on this court record he would May 14, 2019 and for him to lawfully move the case into discovery pursuant due process of law.

b. **IGNORING 12 STATUTORY COUNTS AND INJUNCTIVE RELIEF -**

In January 29, 2020 orders Flynn states, *"In ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true..."* However, he did no such things, otherwise the case would have been moved into discovery and the August 2, 2019 Amended Complaint would have been accepted as the operative pleading where Plaintiff re-stated her original Constitutional claims in statutory counts to better work with the courts in their preferred language. The 12 counts of legal (statutory) violations and causes of actions cited against the Defendant are: Abuse of Process, Malicious Prosecution, Civil Conspiracy, Violation of the Colorado Consumer Protection Act, Fraud Theft, Defamation Per Se, Colorado Harassment Law,

Colorado Stalking Law, Theft of Trade Secrets, Intentional Infliction of Emotional Distress, Unjust Enrichment, Punitive Damages and Attorney/Legal Fees, and Injunctive Relief requested for: Theft of Trade Secrets, Defamation, Harassment, Stalking. Each of these claims are supported by fact, law, and evidence and by multiple affidavits also attesting to the facts, law, and evidence and as filed on this court as public record and multiple other court records, or other public records, since the implementation of this case and are not frivolous in any way, and were brought before this court due to the civil-criminal acts committed by the Defendant against the Plaintiff, all of which must still be legally addressed and remedied for the safety of Plaintiff and the general public.

Additionally, even if one of the 12 claims were found to be unprovable during the course of discovery, such as Plaintiff's Trade Secrets (Which are easily and legally provable See Attached EXHIBIT BB - AFFIDAVIT & TANGIBLE DREAM VISION (DV) EVIDENCE), this still would not discredit the other 11 issues cited for remedy and does not excuse the presumptive Pre-Litigation Affidavit Complaint from being addressed. (See unrebutted Pre-Litigation Affidavit Complaint filed with November 13, 2018 Amended Complaint and as public recorded with the Mesa County Clerk and Recorder Office, Reception# 2843230, on June 7, 2018)

**EXHIBIT I**

4. <u>**ORDER ISSUED BASED ON FRAUD AND/OR PREJUDICE (Rule 60(b)(3))**</u>

<u>**and (d)(3)**</u>

In Judge Flynn's January 29, 2020 order, at paragraph 3, he references he is viewing the case in 'Plaintiff's most favorable light' and that her claims are factual, he then references the Defendant's Motion to Dismiss (which was written with more fabricated and intentionally misleading evidence and violates Rule 60(d)(4)) and Judge Flynn states *"I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."* **This is a completely prejudiced statement based solely on Judge Flynn's personal opinions, bias, and beliefs** about dreams, which are likely based on his own experiences with dreams. There is zero evidence in support of his statement regarding Plaintiff and her Trade Secret dream claims and proprietary research and it is in fact a blatant denial of all the facts and evidence as filed onto this court record since June 25, 2018 and as tangibly seen in the unrebutted Pre-Litigation Affidavit Complaint; and where there is fraud involved in a judgment it is rendered null and void for lack of jurisdiction and is without merit or legal standing.

**Additionally, Judge Flynn cannot claim that Plaintiff's personal experiences and resultant research written in book formats are neither tangible or intangible as they are in fact both,** that would be like Plaintiff saying Judge Flynn's daily court

life experiences (because she didn't have them) and any paper he writes for court is not tangible or intangible and therefore he cannot preside over this case because his experiences and writings are frivolous. This would be a highly illogical statement and would also disqualify anyone from ever testifying in any court of law again as nothing experienced or anything written would be considered valid, therefore all eyewitness accounts and tangible document writings would be seen as inadmissible evidence.

a. **<u>TANGILE INTELLECTUAL PROPERTY</u>** - To further prove Flynn's order is solely his opinion, Plaintiff states "Dream Visions" are in fact tangible. They are hand written and factually documented accounts of her personal experiences (written, tangible), that were then photographed (tangible), placed into a digital file format like PDF (tangible), and then emailed (also tangible) to the Defendant. The information was then used by the Defendant on his publicly broadcast TV series, Cosmic Disclosure (2017) (Television Broadcast, tangible), at his public for profit speaking events (tangible), the internet (tangible), and other similar written or oral mediums for profit (tangible). All cited in the unrebutted Pre-Litigation Affidavit Complaint where a presumption was created and that still stands as prima facie evidence in this case and cannot be lawfully or legally denied or ignored by any Judge or court of law ruling in fact, law, and evidence.

**Additionally, no ruling may lawfully be made at this time in the Defendant's behalf until after he legally rebuts the presumptive affidavit with his own affidavit on a point by point basis** supporting his claims with facts, law, and

evidence. (See:   *Connally v. General Construction Co.*, 269 U.S. 385, 391. "Notification of legal responsibility is "the first essential of due process of law." Also, see:   *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." )

b. **"DREAM VISION" LITERARY WORKS (BOOK) SERIES** - Additionally, Plaintiff is an award winning author.  An author writes about things with pens and paper and digital means and the final result is a tangible book or other tangible medium such as a digital book, and is legally defined by copyright laws as a literary work. (Title 17, Section 102(a)(1)) These are all tangible means and goods that may be used for profit and are legally and immediately protectable upon creation thereof by law (Colorado Constitution Article II, Section 3) and statutory law. (See August 2, 2019 Amended Complaint and associated filings)

Plaintiff's documentation of her personal dream experiences and associated research, are essentially an autobiographical book series titled, "Dream Visions." Where approximately 500 of these hand written and documented story accounts (Intellectual Property) were emailed to the Defendant during 2017; by mistake and error due to belief in his public fraud; all tangible and legally provable as Plaintiff's Intellectual Property and legally protectable from the very moment of

creation. To issues orders ignoring these facts, laws, and evidence are a clear violation of due process of law and are fraudulent and are therefore null and void.

c. **TRADE SECRETS PROTECTABLE BY LAW**

What makes Plaintiff's autobiographical accounts of her personal experiences as seen in the "Dream Vision" series (with many being in rough draft format) is that Plaintiff sees things in dreams before they occur; this is Plaintiff's Trade Secret. This Trade Secret is similar to how a computer predictive linguistics program might work and the codes written for the predicative linguistics would be a trade secret. In Plaintiff's case the technology utilized is Plaintiff's consciousness and 'brain' and the predictive codes are the handwritten Dream Visions and Neuroscience can help explain the technical side.

Tangible evidence in support of Plaintiff's Trade Secret claims has been cited extensively in the unrebutted Pre-litigation Affidavit Complaint citing around 70 instances. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

The tangible evidence cited for response in the Pre-Litigation Affidavit Complaint shows: romantic organized stalking by the Defendant to obtain Plaintiff's Intellectual Property (stories), foreseeing in dreams, the Defendant and his associates using Plaintiff's Trade Secret materials and for creation and profiteering

**EXHIBIT I**

off of derivative works that the Defendant used in both broadcast and print mediums.

d. <u>**EVIDENCE ON THIS COURT RECORD SHOWS DEFENDANT HAS BROADCAST**</u>
<u>**AND PUBLISHED MULTIPLE DEFAMATORY STATEMENTS AGAINST PLAINTIFF**</u>

Flynn states in the unlawful January 29, 2020 orders; in direct denial of all the evidence publicly available on this court record, multiple other court records, and public records that *"... and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."* This statement shows a prejudice and favoritism to a public figure committing civil and criminal crimes over a private individual with unusual abilities and a clean record. Plaintiff has shown extensively throughout the course of litigation that the Defendant has defamed her both orally and in writing and has shown this was done maliciously because it was consistently performed after he lost his stalking case in the Broomfield Combined Courts, July 2018 through August 2018, even with his fabricated evidence, and whereby he continued to defame Plaintiff as a stalker publicly and privately to mutual peers and potential consumers in Plaintiff's trade and profession. **The Defendant has broadcast the defamation via YouTube to hundreds of thousands of viewers** and has performed written defamation via the internet using applications such as Twitter, Facebook, and more. All of these things have been extensively cited with specific details on an ongoing basis and clearly support Plaintiff's legal claims of

defamation per se and have clearly been ignored in the issuing of the unlawful January 29, 2020 orders.

5. **TRADE SECRET TANGIBLE EVIDENCE - PLAINTIFF DREAM VISIONS EQUAL TO PROPRIETARY COMPUTER PREDICITIVE LINGUISTIC CODES**

Because Plaintiff's Trade Secret are often difficult for people to understand, mostly due to false beliefs and/or prejudice, Plaintiff submits the following 22 Dream Visions with references to multiple other Dream Visions, as clear examples of her trade secret claims. A hundred or more Dream Visions can literally be placed on the court record as further tangible evidence with further explanation should it be required at any time. The attached Dream Vision exhibits are occurring now or have occurred during the course of litigation and are only a very small fraction of the tangible evidence that can be provided in further support of Plaintiff's Trade Secret claims. The submitted examples show this very situation and Flynn is also present in various dreams, all documented prior this and other waking state occurrences and legally provable. (See attached supporting AFFIDAVIT & TANGIBLE DREAM VISION (DV) TRADE SECRET EVIDENCE)

6. **IN ORDER FOR JUDGE FLYNN TO PROVE HIS JANUARY 29, 2020 ORDERS ARE LEGAL AND LAWFUL AND ENFORCEABLE HE MUST AFFIRM THE FOLLOWING ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY**

In order for Judge Flynn's orders issued on January 29, 2020 to be verified as true and correct and prove his grounds for dismissal at paragraphs 3 and 4 are legal and lawful:

**EXHIBIT I**

> *"I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."*

> *"According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense,"*

The following statements must also be 100% true and correct, and Judge Flynn must certify No.1 through No. 38 as being completely true and correct, with the supporting fact, law, and evidence. Failure to verify any of the following as being completely true means his dismissal was issued devoid of due process, and is judicial bias and/or prejudice (CRCP 97), fraud, and/or knowingly false conjecture, and thereby perjury of his Oath of Office and thereby the orders issued are null and void:

1. **Approximately 500 tangible hand written stories** by Plaintiff sent to the defendant during 2017 do not qualify as literary works, dramatic works, or pictorial or graphical Intellectual Property as defined by the US Copyright Office and are therefore not tangible or protectable by law or a court of law. (Title 17 USC §102(a)(1)(3) and (5))

2. **The Copyright Office is not competent** to issue copyrights for Intellectual Property, such as has been granted to Plaintiff for her award winning proprietary and tangible dream research book short titled *"Dreams the Missing Text"* ISBN# 9780996960830 and Copyright #TX 8-662-567 and for her literary work that is a collection of some of her Dream Visions in the published book *"DreamWalker Dream Diary Adventures of Enetka Tulina: & the Trizad of Peace"* ISBN 9780996960816, Copyright Registration TX 8-662-562. (USC Title 17)

3. **Bowker Books is not competent** to determine what a book is (Intellectual Property) and issue ISBN numbers.

4. **Trade Secret law does not cover 'confidential business information,' 'processes,' or 'articles'** such as records, writings, photographs and drawing, as being legally protectable by law and as defined in Colorado Uniform Trade Secret Act, Article 74, and may not be protect from theft as defined in 18 CRS §18-4-408(d) and this statute does not in fact protect the following (sic) *"..or any other information relating to any business or profession which is secret and of value."*

5. **That Plaintiff's 62 sketchbooks and journals** on her book shelves filled with evidence of her proprietary Trade Secret claims and estimated to be over 2,000 plus hand written Dream Vision short stories, do not constitute literary works, processes, or otherwise evidence in support of her legal and lawful Trade Secret claims.

6. **That a legal presumption was not created** when Plaintiff mailed the Defendant the presumptive Pre-Litigation Affidavit Complaint and that remains unrebutted as prima facie evidence in the case (Rule 301, and CRE 902 (10)).

7. **That the Pre-Litigation Affidavit Complaint,** first dated April 18, 2018 and subsequent affirmed presentments, **do not qualify as legal evidence** per CRE 902(4) and (8). (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

8. **That Mesa County Clerk and Recorder Office is not a legitimate place of public record and is not authorized to determine or receive certified legal documents** including the Pre-Litigation Affidavit Complaint and subsequent notarized documents, with CLERK AND RECORDER Public Reception #2843230, and does not qualify as evidence in the case per CRE Rule 902(4). (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

9. **That the United State Postal Service (USPS) is not a government entity with authority to serve Certified Mail** (typically for legal disputes) and their public post records do not count as legal and lawful evidence in the case. (See filed September 11, 2018 OBEJECTION TO FIRST MOTION FOR EXTENSION OF TIME TO FILE COURT REGISTER OF THE STATE COURT ACTIONS NO. 18CV-50 **Exhibit P – USPS certified mail April 18, 2018 Pre-Litigation Affidavit Complaint**)

10. **That a Notary Public is not an official appointed by the government authorized to verify/certify signatures and sworn to affidavits for court use** as a neutral third party and that notarized affidavits submitted on this public court record and other public records do not count as evidence in the case. CRE 902(8) (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

11. **That the defendant did not legally and lawfully acquiesce** to everything in the presumptive Pre-Litigation Affidavit Complaint and subsequent mailings, and that of those who may represent him (incl. any lawyer) due to his failure to respond for almost 22 months now. (See: *Connally v. General Construction Co.*, 269 U.S. 385, 391. "Notification of legal responsibility is "the first essential of due process of law." Also, see: *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.")

12. **That the Defendant did not in fact fail to respond** to the Pre-Litigation Affidavit Complaint and Complaint on the record **and that his repeat denials and motions to dismiss do constitute a legal response** even though Judge Flynn stated the opposite in his May 14, 2019 orders on page 5 paragraph 4 *"...a motion to dismiss is not considered a responsive pleading. Id.' Macurdy v. Faure, 176 P.3d 880, 883 (Colo. App. 2007)."* (Defendant filed July 18, 2018 **MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT;** Defendant filed July 31, 2018 **REPLY TO PLAINTIFF'S RESPONSE TO MR. GOODE'S MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT,** and Defendant filed June 7, 2019 **RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT)** Again See: *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

EXHIBIT I

13. **That Gaia TV located in Boulder, Colorado, is not a company that broadcasts** programs to the public via various broadcast mediums to include but not limited to: television and the internet.

14. **That Gaia TV does not host the Defendant's show Cosmic Disclosure** and broadcast the recordings to the public, and that Plaintiff's unrebutted pre-litigation complaint citing the Defendant's use of her Intellectual Property in those broadcasts does not count as 'broadcast' evidence in the case. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

15. **That YouTube and YouTube user channels do not count as 'broadcast'** evidence in the case.

16. **That the Edge of Wonder YouTube Channel** with approximately 403,000 subscribers **does not qualify as broadcast evidence,** and where the Defendant maliciously defamed Plaintiff as a stalker after losing his stalking case. (See filed August 2, 2019 Motion Preliminary Injunction **Affidavit Alyssa C Montalbano** pg 14 at No. 45)

17. **That YouTube Comments are not a published medium** and that Plaintiff's court filed evidence screenshot showing the Defendant defaming and harassing her publicly does not count as evidence in the case. (See attached DV Sample 17a – YouTube comment slandering screenshot November 20, 2019)

18. **That the internet is not both a broadcast and published medium** used by billions of people all around the world for these specific purposes and that internet records of such communications do not count as evidence of libel and slander in the case.

19. **That internet Facebook posts are not a published medium** and that Plaintiff's court filed evidence showing the Defendant defaming her as a stalker on Facebook does not count as evidence of defamation, harassment, bullying, and cyber stalking in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AS** – Defamation Facebook July 17, 2018; and **Exhibit AW** Defamation Facebook CR CG; and **Affidavit Alyssa Chrystie Montalbano** pg 8 at No. 33, pg 12-14 at No. 41 -44 )

20. **That internet Twitter posts are not a published medium** and that Plaintiff's court filed evidence of screenshots showing the Defendant and his associates, bullying, harassing, and defaming Plaintiff as a stalker does not count as evidence in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AT** – Defamation Twitter June 2018 and July 2018; and **Affidavit Alyssa Chrystie Montalbano** pg 15 -21 No. 47-49)

21. **That internet Reddit Posts are not a published medium** and that Plaintiff's court filed evidence of screenshot showing the Defendant defaming her publicly does not count as evidence of cyber stalking in the case. (See filed August 2, 2019

Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AU –** Defamation Reddit about November 18, 2018)

22. **That email is not a published or tangible medium** where all data and records can be traced with forensic investigations along with the IP addresses of those sending and receiving emails does not count as evidence in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AR** – Defamation to Medvedich June 5, 2018 a Gaia TV Employee)

23. **That sending PDF files with digital photos** of approximately 500 handwritten stories to the Defendant by email does not constitute Intellectual Property or evidence in the case. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint, page 1 of 48 at para 3)

24. **That personal firsthand experience** does not count as an eyewitness account.

25. **That case law, statutes, and Constitutional Law, do not apply** to Plaintiff's claims. (See August 2, 2019 filed Amended Complaint with statutory counts to be addressed)

26. **That Plaintiff does not have the legal or lawful right to prove her Trade Secret claim and the other 12 legal counts** against the Defendant are true and correct with supporting fact, law, and evidence pursuant to due process of law.

**EXHIBIT I**

(August 2, 2019 Amended Complaint;  and attach here: **Exhibit BB** AFFIDAVIT & TANGIBLE DREAM VISION (DV) EVIDENCE)

27. **That the Defendant has any lawful or legal representation entered onto this court record Pro Hac Vice** (Ms. Wilde, Texas) (C.R.C.P.  Rule 220 and 221) or otherwise for which any lawful fees may be awarded and that his counsel has faithfully performed their duties in accordance with an Oath of Office and the Colorado Rules of Professional Conduct. (See filed December 11, 2018 MOTION TO SET HEARING EXHIBIT AMENDED GRIEVANCE **Exhibit G Non Court stamped Reply and Objection for failure to serve** filed by Defendant counsel on Federal Court Record August 13, 2018, and on state court record July 21, 2018, and a copy not served on Plaintiff, and that misled Federal court judge to think Broomfield case was still open.)

28. **That Plaintiff did not file any evidence whatsoever against the Defendant** on this public court record since June 25, 2018 and that all the exhibits filed by Plaintiff do not constitute public record or evidence in this case. (See respectively filed Exhibits A  thru Z and Exhibits AA thru AZ on this public court record June 25, 2018 thru September 9, 2019)

29. **That the Broomfield Combined Court case records do not count as evidence** of a malicious prosecution stalking case and do not count as evidence of the Defendant and his counsel falsifying evidence for the court record through abuse

EXHIBIT I

of process July 17, 2018 through August 6, 2018. (See   filed August 2, 2019: MOTION PRELIMINARY INJUNCTION AFFIDAVIT ALYSSA C MONTALBANO **EXHIBIT AQ** – BROOMFIELD COURT FABRICATIONS)

30. **That the District Court of Dallas County, Texas, with the Defendant's lifelong stalking protection order does not count as evidence** that he lied on the Broomfield court record about not having one. (See filed December 11, 2018 MOTION TO SET SCHEDULING HEARING **Exhibit AMENDED GRIEVANCE Exhibit C Darling International / Goode Protection Order** Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District)

31. **That the Denver Federal court record and Federal Court Judge's orders** and minute orders **do not count as evidence** of the Defendant and his counsel fabricating documents and falsifying evidence on court records. (See filed December 11, 2018 Exhibits attached to MOTION TO IMPOSE SANCTIONS ON DEFENDANT: **FABRICATED REGISTER OF ACTIONS AND MINUTE ORDER REGARDING 'CONCOTED' REGISTER** and **ALLEGED COMPLAINT**)

32. **That Police Records do not count as evidence** in this case that the Defendant was avoiding and evading summons to this case mid-June 2018 through July 17, 2018 through abuse of process in opening his Broomfield court stalking case, and whereby defendant only 'appeared' in this instant case July 18, 2018 by way of filing a motion to dismiss, and Plaintiff was in communication with Ms. Wilde during this time to serve the Defendant. (Filed July 3, 2018 - **Exhibit**

Boulder County Sheriff's Office return of Unserved Civil Process dated June 27, 2018)

33. That witnesses in support of Plaintiff's legal claims do not need to be heard. To now include an expert witness, Randy Maugans, who has been in the MKULTRA mind control programs and can testify about the utilization of dream states for sexual and otherwise purposes. (See January 3, 2020 SECOND MOTION TO SET HEARING FOR MOTION TO AMEND COMPLAINT AND PRELIMINARY INJUNCTION at pg 4, Para 2 & 3, citing Mr. Cambian and Ms. Ferrante as willing to testify)

34. That declassified CIA documents in support of mind control programs that the Defendant publicly claims being in and that impact dream states and states of consciousness like MKULTRA, MiLab, and by extension Project BLUEBIRD cannot be used as evidence in the case. (See filed February 27, 2019 COMPLAINT AND JURY DEMAND Exhibit AK - CIA PROJECT BLUEBIRD)

35. That Senate Hearings about the CIA's MKULTRA mind control programs cannot be used as evidence in the case. (See Project MKULTRA, the CIA's Program of Research in Behavioral Modification: Joint Hearing before the Select Committee on Intelligence and the Subcommittee of Health and Scientific Research of the Committee of Human Resources, Senate, 95th Congress. 1 (Aug 3, 1977)

36. **That Plaintiff does not have the right have a speedy trial by a jury of her peers** for 12 statutory civil right violations (incl. Injunctive Relief request) by the Defendant in a matter of controversy exceeding 20 dollar (approx. amount in controversy $70,000). (Colorado Constitution Article II, Sections 16, 23 and 25; Constitution of the United States of America, 7th Amendment.) (See filed June 10, 2019 STATEMENT OF JURY DEMAND;  and August 2, 2019 Amended Complaint CRCCP FORM2 SC - Jury Demand box checked, pg 18 of 18 and as paid for with this court)

37. **That Judge Flynn's Oath of Office to the State and National Constitution is 'optional'** when performing his judicial duties in a court of law. (See attached EXHIBIT BA - Certified Copies Judge Flynn Oath of Office)

38. That orders issues completely devoid of Constitutional authority, fact, law and evidence is ok if the judge feels like it that day.  Please provide supporting fact, law, and evidence.

Failure by Judge Flynn to affirm No. 1 through 38 above as true and correct under penalty of perjury and prior to any legal or lawful dismissal of this case is further evidence the orders issued January 29, 2020 are devoid of fact, law, and evidence and as such they are rendered null and void pursuant to Rule 60(b)(4) and as having been issued on fraudulent means, Rule 60(b)(3) and (d)(3), and therefore are without merit or legal substance and cannot be acted upon or legally or lawfully enforced as they have been

**EXHIBIT I**

made void for lack of following due process of law, fraud, and for perjuring an Oath of Office to uphold the Constitutions and thereby are completely void of jurisdiction. (Colorado Constitution Article II, Sections 25; and Constitution of the United States of America, 14th Amendment, sections 3 and 4)

7. **In order to rectify this debacle** and for which the court is empowered to do so in accordance with due process of law, (1) the Amended Complaint as filed by Plaintiff on August 2, 2019 must be accepted as the operative pleading, (2) an Injunctive Relief hearing must be set, (3) and the Defendant must be cited and ordered to appear and respond to: the Amended Complaint, Injunctive Relief claims, and the Pre-Litigation Affidavit Complaint where a legal and lawfully binding presumption was created and that has not been legally or lawfully rebutted by the Defendant in almost 22 months and therefore continues to stand as truth and prima facie evidence in this case and in any honorable court of law. The only lawful judgements that may be issued prior the defendant lawfully responding on a point by point basis to the Pre-Litigation Affidavit Complaint, are ones on behalf of Plaintiff for the full amount claimed of $70,000 plus punitive damages, and legal fees, as the Defendant has acquiesced to everything contained therein, as have those who may represent him through repeat knowing failures to respond.

The courts are required to abide by the laws and may only issue orders in accordance with such and are required to uphold due process of law pursuant to an Oath of Office to both the State and National Constitutions and due process of law at this time dictates the

courts award Plaintiff all monetary remedy in any summary judgment, as the Defendant has legally and lawfully failed to plead his case.

Wherefore, Plaintiff demands the Court void the January 29, 2020 Judgement because it has no authority to deny the Constitution and the powers of and Rights contained therein to Plaintiff, an American Citizen, and for violation of state and federal laws, fraud, and pursuant to Rules 60(b)(3),(4) and (d)(4), for lack of jurisdiction through being in direct opposition (insurrection) to the State and National Constitutions and thereby being powerless to render it.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **MOTION TO VOID JUDGMENT PERSUANT RULE 60(B)(3),(4) and (d)(3)** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 2290 0001 2184 5415; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this 12th day of February, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

**EXHIBIT I**

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br>Court Address:<br>Mesa County Justice Center, 125 North Spruce Street, Grand Junction, CO, 81501 | DATE FILED: January 29, 2020 |
| **Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | |
| | ⚠ COURT USE ONLY ⚠ |
| | Case Number: 2018CV50<br>Division: 10          Courtroom: |

## Order: Renewed Motion to Dismiss for Failure to State a Complaint

The motion/proposed order attached hereto: GRANTED.

This matter comes before the court on Defendant's Renewed Motion to Dismiss that was filed pursuant to C.R.C.P. 12(b)(5). After reviewing the motion and response, as well as relevant portions of the rest of the case file and other relevant legal authority, the court enters this order.

In ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). The court may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice. *Id.* If the court considers matters outside the pleadings, it must convert the motion to one for summary judgment and give all parties a chance to submit relevant evidence. C.R.C.P. 12(b).

Here, applying the standards articulated above, and for the reasons that were articulated by Defendant in his motion, I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcasted any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast.

In any tort action in which claims are dismissed before trial pursuant to C.R.C.P. 12(b), the defendant is entitled to an award of reasonable attorney fees. *C.R.S. § 13-17-201*. Similarly, Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that lacks substantial justification. C.R.S. § 13-17-102(4). According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *W. United Realty. Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). An award of attorney fees is an important sanction against an attorney or party who improperly instigates or prolongs litigation. *In re Marriage of Aldrich*, 945 P.2d 1370, 1378 (Colo. 1997). The attorney fee statute is designed to prevent burdensome litigation that interferes with the effective administration of justice. *C.R.S. § 13-17-101*. However, the statute is not designed to discourage counsel from zealously representing a client, but rather to balance that duty against the important policy of discouraging unnecessary litigation. *W. United Realty. Inc., supra.*

Here, the Court finds that Defendant is entitled to an award of attorney's fees given that his renewed motion to dismiss was granted. Furthermore, I find that Plaintiff's claim is substantially frivolous.

For these reasons, Defendant's motion is granted and the case is ordered dismissed. Defendant shall, however, have 14 days to file an affidavit in support of his request for attorney's fees, Plaintiff shall have 21 days to respond after the affidavit is filed, and Defendant shall then have 7 days to file a reply to Plaintiff's response.

Issue Date: 1/29/2020

BRIAN JAMES FLYNN
District Court Judge

**EXHIBIT**



PRESS FIRMLY TO SEAL

PRIORITY
★ MAIL ★
EXPRESS™
OUR FASTEST SERVICE IN THE U.S.

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

EP13F July 2013   OD: 12.5 x 9.5

PS10001000006

U.S. POSTAGE PAID
PME 2-DAY
GRAND JUNCTION, CO
81501
OCT 13, 20
AMOUNT
$26.35
R2305H129668-47

80203

1007

EJ 463 592 141 US

UNITED STATES
POSTAL SERVICE®

PRIORITY
MAIL
EXPRESS®

CUSTOMER USE ONLY
FROM: (PLEASE PRINT)   PHONE ( 970 ) 250-8365

Alyssa Montalbano
2526 Rimrock Ave
STE 400-117
Grand Junction, CO 81505

DELIVERY OPTIONS (Customer Use Only)
Note: The mailer must check the "Signature Required" box if the mailer: 1)
Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4)
Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's
mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
☒ SIGNATURE REQUIRED
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( 720 ) 615-5150

CLERK OF THE COURT OF APPEALS
2 East 14th Ave
Denver, CO 80203

ZIP + 4® (U.S. ADDRESSES ONLY)
8 0 2 0 3 - _ _ _ _

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

PEEL FROM THIS CORNER
VIS....................COM
ORDER FREE SUPPLIES ONLINE

PAYMENT BY ACCOUNT (if applicable)
Federal Agency Acct. No. or Postal Service™ Acct. No.
USPS® Corporate Acct. No.

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 81501
Date Accepted (MM/DD/YY): 10/13/20
Time Accepted: 2:06 ☐ AM ☒ PM
Scheduled Delivery Date (MM/DD/YY): 10/14/20
Scheduled Delivery Time: ☐ 10:30 AM ☐ 3:00 PM ☒ 12 NOON
Postage: $ 26.35
Insurance Fee: $
10:30 AM Delivery Fee: $
Return Receipt Fee: $
Live Animal Transportation Fee: $
COD Fee: $
Total Postage & Fees: $ 26.35

☐ 1-Day   ☒ 2-Day   ☐ Military   ☐ DPO

Weight: ___ lbs. ___ ozs.
☒ Flat Rate
Special Handling/Fragile: $
Sunday/Holiday Premium Fee: $
Acceptance Employee Initials: [initials]

DELIVERY (POSTAL SERVICE USE ONLY)
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY)   Time   ☐ AM ☐ PM   Employee Signature

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996

UNITED STATES
POSTAL SERVICE®