**EXHIBIT K**

Colorado Court of Appeals

2 East 14th Avenue

Denver, CO 80203

---

Appeal from:

District Court County: Mesa County

District Court Judge: The Hon. Judge Flynn

District Court Case Number: 18CV50

---

In the Case of:

Plaintiff/Petitioner: Alyssa Chrystie Montalbano

☒ Appellant or ☐ Appellee

&.

Defendant/Respondent: James Corey Goode

☐ Appellant or ☒ Appellee

---

Filing Party Name: Alyssa Chrystie Montalbano

Address: 2536 Rimrock Ave, Suite 400-117 Grand Junction, CO 81505

Phone: 970.250.8365

E-Mail: AriStoneArt@Ymail.com

FILED IN THE
COURT of APPEALS
STATE OF COLORADO

NOV – 4 2020

DATE FILED: November 4, 2020
CASE NUMBER: 2020CA1775

Clerk, Court of Appeals

ʌ FOR COURT USE ʌ

Court of Appeals'

Case Number:
2020CA1775

---

## Appellant Alyssa Chrystie Montalbano

## Response to Order to Show Cause

Appellant, Alyssa Chrystie Montalbano, provides the Colorado Court of Appeals the following facts and reasons that "show cause" as to why case 18CV50 has been timely appealed and why the case should be heard and not dismissed with or without prejudice and states the following:

## TIMELY FILED POST TRIAL MOTION TOLLED TIME FOR APPEAL

**On January 29, 2020** Brian James Flynn, presiding officer in case 18CV50, entered dismissal Orders. To Montalbano's understanding and research of the law and 'non-legal' advice received, this Order was understood to not constitute a final entry of Judgment that was appealable pursuant Colo. R. Civ. P. 54 and that is was simply an 'order.'

**On February 12, 2020,** Montalbano filed two post-trial motions seeking for the Constitutional errors to be addressed and corrected by Flynn in State court:

1) "Motion to Void Judgment Pursuant Rule 60(b)(3) and (4)" and filed within the 14 days that are allotted for appeals type motions to be filed.

In the event this was an appealable judgment Montalbano filed a Supplemental Brief on July 21, 2020 to include Rule 59 with the February 12, 2020 "Motion to Void Judgment Pursuant Rule 60(b)(3) and (4)" and requested a CRCP Rule 54(b) Judgment be entered.

2) "Motion to Recuse Persuant CRCP 97" was also filed February 12, 2020.

According to Colo.R.Civ.P Rule 97 it states "Upon the filing by a party of such a motion all other proceedings in the case shall be suspended until a ruling is made thereon." This motion tolled the entire case, while Montalbano asked Flynn to remove himself from the case for being prejudice and violating his Oath of Office or conversely that Flynn correct his violations of Montalbano's Constitutional Civil Rights and honorably perform his judicial duties.

Matters regarding attorney fees and ongoing Violations of Constitutional Civil Rights and Due Process of Law by 'Judge' Brian James Flynn, Ms. Valerie Yanaros Wilde, and Ms. Elizabeth Lorie (opposing party's improper counsels) were still also being addressed and argued in case 18CV50, therefore the January 29, 2020 orders were not a final judgment to be appealed.

**On August 5, 2020**, Judge Brian James Flynn, presiding Officer of case 18CV50, denied the February 12, 2020 "Motion to Void Judgment Pursuant Rule 60(b)(3) and (4)" and denied the "Motion to Recuse Persuant CRCP 97" and entered what was understood by Montalbano to be the first CRCP Rule 54(b) final judgment in case 18CV50 and for which a Rule 59 post-trial motion could be filed to ask the lower Court (i.e. Flynn) to again correct its Constitutional Civil Rights Violations and Judgment mistakes prior to being able to lawfully appeal.

Within 14 days of the final Judgment entry, on **August 19, 2020**, Montalbano filed a timely post-trial motion under C.R.C.P. 59 and again C.R.C.P. 60 and cited the additional Constitutional Civil Rights Violations to be appealed. This motion being filed pursuant

Rule 59 tolled the time for appeal and left the matter of Civil Rights Violations by Flynn and his errors within the lower Court to again be addressed via the pending motion and prior to appealing to the higher Court for the same.

Montalbano understood the August 5, 2020 final Judgment order, to be the Final entry of Judgment she'd been waiting for in order to be able to lawfully appeal, but that she could only lawfully appeal in accordance with Due Process of Law *after* her post-trial motion filed on August 19, 2020 was ruled on by 'Judge' Flynn and that was the "Motion to the Vacate Void Judgment persuant Colo. R. Civ. P. 60(a) and (b)(2), (3); Colo.R.Civ. P Rule 59."

According to Colo.R.Civ.P  Rule 59(a)(4)  "Within 14 day of entry of judgment as provided in C.R.C.P. 58  . . . party may move for post-trial relief including: (4) Amendment of a Judgment."  The August 5, 2020 orders were a Judgment and Montalbano sought to have them amended for Constitutional Civil Rights Violations.

And whereby CRCP Rule 58 states "The term "judgment" includes an appealable decree or order as set forth in CRCP 54(a). The effective date of entry of judgment shall be the actual date of the signing of the written judgment" The August 5, 2020 Judgment is a signed and written final Judgment that was an appealable decree.

CRCP 54(a) states ""Judgment" as used in these rules includes a decree and order to or from which an appeal lies. A Judgment shall not contain a recital of pleadings, the reports of a master, or the record of prior proceeding." The August 5, 2020 final Judgment did

not contain a recital of any prior pleadings and was a Judgment entry and from which an appeal lies.

According to Colo. R. App. P. 4(a)(3) it states **"The running time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the trial court** by any party pursuant to the Colorado Rules of Civil Procedure" and goes on to state the time is tolled until the "(a)(3) **granting or denying a motion under CRCP 59, to alter or amend judgement;**" (emphasis added) Montalbano filed a CRCP 59 motion on August 19, 2020, within 14 days of the August 5, 2020 final Judgment, asking that it be altered for Constitutional Civil Rights Violations to be further argued in the Colorado Court of Appeals should Flynn continue to fail in the performance of his Judicial duties.

The order Denying Montalbano's August 19, 2020 timely filed post-trial motion under Rule 59 and Rule 60 to alter or amend the August 5, 2020 'Judgment', was entered by 'Judge' Flynn on **September 15, 2020** under Color of Office and Color of Law.

**According to CAR 4** the August 19, 2020 Motion filed by Montalbano tolled the time for appeal until Judge Flynn ruled on that motion, which occurred on September 15, 2020**,** at which time the 49 days for appeal of the Judgment began and gave a calculated new Appeal filing due date of **November 3, 2020**.

Montalbano filed the Notice of Appeal and filing fees due with the Mesa District Civil Court on **October 13, 2020 (28 days)** and with the Colorado Court of Appeals **October 14, 2020 (29 days)** both within the 49 days allotted for lawful appeal.

Montalbano understood only a final Judgment (as entered August 5, 2020) could be appealed and not the January 29, 2020 orders judgment, and that filing a timely Post Trial Motion (August 19, 2020 under CRCP Rule 59) tolled the time for appeal according to CAR 4(a)(4) and CRCP 59. Montalbano understood that she was not permitted by law to appeal case 18CV50 until *after* 'Judge' Flynn ruled on the August 19, 2020 motion, which he ruled on September 15, 2020, and according to Due Process of Law the 49 days to lawfully appeal began on September 15, 2020 and terminated on November 3, 2020.

If Montalbano made (actual) filing and timing mistakes in appealing case 18CV50  the case may only lawfully be dismissed **without** prejudice in order for the Colorado Court of Appeals; and by extension the presiding Officer who wrote the dismissal order and signed their name as "BY THE COURT'" not be complicit with the ongoing violations of Montalbano's Constitutional Civil Rights that already involve Mr. Flynn, and opposing party's counsels, Ms. Wilde, and Ms. Lorie.

## DISMISSAL ORDER IS VOID - CONSTITUTIONAL ANOMALIES

In Flynn's August 5, 2020 orders Denying Montalbano's Constitutional Civil Rights via the motion requesting 'the Court' (assumed to be understood as meaning any Officer (individual) working within the Court and with Montalbano's case) read all pleadings (where applicable) adhere to Constitutionally compliant law; Flynn states (sic)

"a Court cannot order itself to do anything, making this motion nonsensical."

If Flynn's statement is true, it is equally true "BY THE COURT" cannot issue a dismissal order with (or without) prejudice either, and the Colorado Court of Appeals dismissal order dated October 21, 2020, is both a nonsensical and frivolous order written in direct and willful violation of Montalbano's Constitutional Civil Rights by someone operating under Color of Office and Color of Law and in willful violation of Due Process of Law.

**The Colorado State Constitution states in Article II, Section 1** (sic)

> "Vestment of political power. **All political power is vested in and derived from the people; all government, of right, originates from the people,** is founded upon their will only, and is instituted solely for the good of the whole." (emphasis added)

This means that "BY THE COURT" cannot have any 'power' because it is not a flesh and blood person.

The **Constitution of the United States of America, Article VI, Clause 3,** states (sic):

> "**Oath to support constitution.** The senators and representatives beforementioned, and the members of the several **legislatures, and all executive and judicial officers, both of the United States and of the several states, shall be bound, by oath or affirmation, to support this constitution**; but no religious test shall ever be **required as a qualification to any office or public trust** under the United States." (emphasis added)

This means "BY THE COURT" may not legally or lawfully issue any order(s), let alone dismissal orders, with or without prejudice as only a flesh and blood human being may hold an office of public trust *after* first have taken the Oath of Office, then that person is limited in powers and may only issue Orders in full compliance with the Constitution(s) to be valid.    The Order is VOID because a fictional (corporate) entity, "BY THE COURT" (denoted by the capital letters) cannot take an Oath of Office, thereby "BY THE COURT" has no legal or lawful authority or competence to render any order, has no 'powers' (not even limited one) and the Order is hereby lawfully deemed VOID, as 'BY THE COURT' has a permanent disability and cannot hold an Office of Public trust.   If an actual Officer of the Court wrote and/or issued the Order,   they are currently in violation of their Oath of Office for signing their name as a fictional entity, and have thereby vacated their Office by entering orders under Color of Office and Color of Law and by and through their own unlawful acts they have rendered the Orders null and VOID and are also disabled from holding a position of public trust.. (**Constitution of the United States of America, Article XIV, Clauses 3 and 4 – Disability to hold office in certain cases**)

## DUE PROCESS OF LAW VIOLATION – CONSTITUTIONAL ANOMALY

The **Colorado State Constitution, Article II, Section 25** states (sic)

"Due process of law. No person shall be deprived of life, liberty or property, without due process of law."

Also see The **Constitution of the United States of America, Article V** – Due Process.

To dismiss Montalbano's case, 18CV50, 'with prejudice' simply for alleged 'late filing' is a clear violation of Due Process of Law and it is a further Violation and prejudice (obviously) against Montalbano's Constitutional Civil Rights and is complicit and dilatory with Brian James Flynn, Valerie Yanaros Wilde, Elizabeth Lorie, and James Corey Goode, in their repeat and ongoing efforts to unlawfully take away Montalbano's Constitutional Civil Rights under Color of Law, Color of Office, and deceptive trade practices to impede Montalbano's Right to remedy and redress for grievances committed.

## EQUALITY OF JUSTICE - CONSTITUTIONAL ANOMALY

Montalbano also has the inalienable Right to the equality of justice.

**The Colorado State Constitution states in Article II, Section 6** (sic):

> "Section 6. Equality of justice. **Courts of justice shall** be open to every person, and a **speedy remedy** afforded **for every injury to person, property or character;** and **right and justice should be administered without sale, denial or delay.**" (emphasis added)

Whomever signed their name as "BY THE COURT" has denied and delayed Montalbano's Right to Equality of Justice by placing a fraud upon the Colorado Court of Appeals through signing papers with a fictional name and they are to remove themselves from Appeal case review, for being literally 'prejudice' and warring against the Constitution.

EXHIBIT K

The **Constitution of the United States of America** states in **Article VI, Clause 3**

> "**This Constitution, and the Laws of the United States which shall be made in Pursuance thereof**; and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding**." (emphasis added)

This means any orders issued contrary The Constitution(s) are null and void, such as the 'dismissal with prejudice' Order, signed as 'BY THE COURT,' (a fictional entity) and any Judge (Officer) serving in a Court of law (such as the Colorado Court of Appeals) may not write or issue Orders that war against the Constitution (i.e. contrary) and they may not cite statutes or case law, in support of positions that violate Montalbano's Constitutional Civil Rights (i.e. contrary); such as the dismissal 'with Prejudice' order as this violates Montalbano's Constitutional Civil Rights; the Presiding Officer's first responsibility is always to support and uphold the Constitution(s) and the American Citizen's Civil Rights and in particular the Bill of Rights.

## APPEAL TIMING – CIVIL RIGHTS VIOLATIONS

Denial of Montalbano's timely filed Appeal with or without prejudice, is a violation of Montalbano's Constitutional Civil Rights and Due Process of Law, and further renders the October 21, 2020 alleged dismissal 'Orders' null and VOID.

At this time, whomever wrote the "BY THE COURT" dismissal Order "with Prejudice", has issued an order against their Oath of Office and in direct violation of Montalbano's Constitutional Civil Rights and in so doing they have invoked the self-executing **Sections 3 and 4 of the 14th amendment of the United States of America** and are no longer a lawful Judge (Officer) entitled to benefits of office, including salary and pension, as they have vacated their Office. Also see the **Colorado Constitution, Article II, Section 9 and Article 12, Section 10**.

## NOTIFICATION OF CONSTITUTIONAL CIVIL RIGHTS VIOLATION

This is lawful notification pursuant the National and State Constitutions and in particular the Bill of Rights, to whomever "BY THE COURT" is (the individual), that there is no judicial immunity provided for those operating under Color of Law or Color of Office warring against the Constitution and Civil Rights of American Citizens. There is also no immunity for other Officers of public trust who conceal the acts and do not report the trespasses. (42 USC 1983 and 1985; 18 USC 2382 – Misprision of Treason)

The U.S. Supreme Court has stated:

"No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it." *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401 (1958)9.

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity.  All officers of the government from the

highest to the lowest, are creatures of the law, and are bound to obey it." *Buckles v. King County* 191 F.3d 1127, *1133 (C.A.9 (Wash.),1999). "It is the only supreme power in our system of government, and **every man who by accepting office** participates in its functions **is only the more strongly bound to submit to that supremacy and to observe the limitations** which it imposes upon the exercise of the authority which it gives." *United Stated v. Lee,* 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed 171 (1882) (emphasis added)

Under Federal law which is applicable to all states, the U.S. Supreme Court stated:

"Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. **But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers.**" *Elliot v. Piersol, 1* Pet. 328, 340, 26 U.S. 328, 340 (1828). [Emphasis Added]

"A judgment rendered in violation of due process is void." Pennover v. Neff, 95 U.S. 714.

The Dismissal Order is VOID because 'BY THE COURT' has no authority or jurisdiction to render it and thereby has placed a fraud upon the Court and then utilized post mail to perpetrate the fraud against Montalbano in direct violation of Due Process of Law. The person signing their name as 'BY THE COURT' is a trespasser in law against:

the Constitution(s), their Oath of Office, and Montalbano's inalienable Constitutional Civil Rights.

**Conversely,** If case 18CV50 is somehow not timely appealed, an Officer honoring their Oath of Office, will need to write an actual Constitutionally compliant Order, signed with their full name and Office position and they will need to provide facts and evidence backed by Constitutional Law in support of why case 18CV50 was not timely appealed and how dismissing it (without prejudice) will not further violate Montalbano's Constitutional Civil Rights.

Any dismissal of Montalbano's case 18CV50 appeal "with Prejudice" under the pretext of 'filing late' and/or Orders written or signed as "BY THE COURT" (or some other corporate FICTION with no Oath of Office, no power, and no authority) will be deemed as knowing violations of Montalbano's Constitutional Civil Rights by a complicit party operating under Color of Law and Color of Office and they will be held personally accountable for their role in the ongoing Constitutional Civil Rights violations against Montalbano under Constitutional and Federal Law.

## GRANTING APPEAL AND STAYING CASE

**Should case 18CV50 be Granted Appeal pursuant Court Rules,** Montalbano will likely need to research, write, and determine when to file a Motion to Stay the Case, as the matters stemming from case 18CV50 have expanded to include new issues that are Federal matters and relate to another case (Denver USDC 1:20-cv-00742-DDD-KLM),

that include severe Constitutional Civil Rights Violations and that share certain
commonalities with case 18CV50 matters that were never heard in accordance with Due
Process of Law and were unlawfully dismissed by Brian James Flynn under Color of Law
and Color of Office with the imposition of illicit and excessive fines and in complicity
with the opposing party and his improper counsels' ongoing Constitutional Civil Rights
violations.

## CONCLUSION

Wherefore, Montalbano respectfully demands that case 18CV50 be Granted
Appeal for 'showing cause' and that case 18CV50 not be dismissed with or without
prejudice as the case has been timely appealed (C.R.C.P. 59) as final Judgment was
entered August 5, 2020 and a timely Rule 59 post-trial motion was filed by Montalbano,
August 19, 2020 (within 14 days) and that tolled the time for appeal; and the timely
filed post-trial motion was ruled on by 'Judge' Flynn September 15, 2020, thereby
starting the 49 days for appeal according to C.A.R.(4)(a) placing the Notice of Appeal
filing and fees due date on or before November 3, 2020, and Montalbano paid all fees and
filed a Notice of Appeal in the Mesa District Civil Court on October 13, 2020 (28 days)
and with the Colorado Court of Appeals on October 14, 2020 (29 days) and thereby this
Appeal is timely filed and review of Constitutional Civil Rights Violations leading up to
the (void) final Judgment entry, August 5, 2020, and its proceeding (void) Order
judgment entry January 29, 2020 in case 18CV50 should be Granted, and honorable

presiding Officers are to review the case after the Constitutional Civil Rights Violations and anomalies are corrected by the Colorado Court of Appeals.

Signed and Dated this 3rd day of November, 2020.

Respectfully Submitted,

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano

American Citizen, All Rights Reserved

Certificate of Service

I certify that on November 3, 2020 I filed "**Appellant Alyssa Chrystie Montalbano Response to Order to Show Cause**" with the Court of Appeals. I sent a copy, along with any attachments, to the people listed below:

James Corey Goode
1140 US HWY 287
Suite 400-266
Broomfield, Colorado 80020
USPS Certified Mail # 7019 1640 0001 9359 9295

And courtesy copies electronically delivered by email to:

James Corey Goode at: GoodeTech@Yahoo.com

and

Valerie Yanaros Wilde Valerie@YanarosLaw.com

Signature: *Alyssa Chrystie Montalbano*

Appellant Alyssa Chrystie Montalbano