# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,  Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry,
Christina Gomez

Third-Party Defendants.

MOTION STAY JUDGMENT REGARDING DAVID WILCOCK                                Page **1** of **6**

**THIRD-PARTY PLAINTIFF ALYSSA MONTALBANO**
**MOTION TO STAY JUDGMENT**
**REGARDING THIRD-PARTY DEFENDANT DAVID WILCOCK**

COMES NOW, Alyssa Chrystie Montalbano, Defendant, Counter-Claimant, and Third-Party Plaintiff, and respectfully moves the Court Stay Judgment regarding Third-Party Defendant Mr. David Wilcock, and states as follows:

1. This primary RICO case was initiated by Plaintiff's, Goode and GES, March 17, 2020 and summoned Montalbano as a Defendant, May 12, 2020. [#14]

2. Motion practices ensued and multiple Motions to Dismiss were filed to dismiss Goode and GES's claims, including a MTD by Montalbano [#26]. All MTD were subsequently denied, July 14, 2020, by Judge Jackson due to practice standards of writing letters. [#34]

3. Judge Jackson self-Recused [#33, #35, #37] and the case was reassigned to Judge Domenico [#38] whom referred the case to Magistrate Judge Mix to assist in procedural matters. [#39]

4. The Plaintiff's amended their Complaint twice with the current operative (SAC) pleading entered, December 8, 2020, at Docket 111. More Motions to Dismiss Goode and GES's claims were filed, remain pending, and may dispose of all of Goode and GES's claims. [#114 High; #117 Zavodnick; #128 GAIA INC; #175 Medvedich, Rysavy, Warkins "GAIA Defendants"]

5. Montalbano joined a "Joint Motion to Stay" Discovery, filed October 12, 2020 [#100]; and Motion Granted, April 26, 2021. [#182]

6. Montalbano filed an Answer and Counterclaims, December 22, 2020 at Docket 120 and Exhibits at Docket 121; and added multiple third-party defendants and named cross-defendants.

7. Montalbano and cross-defendants conferred and stipulated dismissals without prejudice at various times [#126, Weidner; #144, GAIA, Medvedich, Rysavy, Warkins] and all cross-defendants were subsequently terminated from the counterclaims. [#130, Weidner; #145, GAIA, Medvedich, Rysavy, Warkins]

8. Defendants GAIA [#193, May 19, 2021] and Weidner [#210, June 8, 2021] then also filed Answers and Counterclaims against Goode and GES's operative pleading [#111].

9. Various third-party defendants have filed Motions to Dismiss Montalbano's counterclaims with the operative pleading (Second Amended Counterclaims Complaint (SACC)) at Docket 217, and more MTD anticipated. [#221, Lorie; #222, Flynn, Campbell, Gomez, Grove, Terry, ("Judicial Defendants"); #227, Goode and GES]

10. Third-Party Defendants David Wilcock [#206] and WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION ("WILCOCK FOUNDATION") [#186] defaulted in appearing and/or defending against Montalbano's counterclaims, as of June 19, 2021. [#218, #219]

11. Montalbano, proceeding pro se, misunderstood when filing the Motion for Entry of Default and Default Judgment against David Wilcock and WILCOCK FOUNDATION [#218] thought that the default process was to be separated into the following two parts: **1)** Motion requesting the Clerk of the Court enter default and Clerk Enter default judgment for sums certain [#218 - FRCP 55(a) and (b)(1)] and;   **2)** a second motion to be filed later requesting default judgment for injunctive relief and sums 'uncertain', FRCP 55(b)(2).  Montalbano now understands the two parts should have been: **1)** Clerk's Entry of Default (FRCP 55(a)) and;  **2)** Motion for Default Judgment. (FRCP 55(b)).

12. Montalbano cannot yet determine the full monetary default judgment due against Mr. David Wilcock, until after the Stay of Discovery is lifted.

13. Montalbano also requires an appropriate injunctive relief judgment against Mr. David Wilcock, for his role in promoting The Enterprises' public defamation practices (claim 10) against Montalbano and the related causes of action. (Claims 1-9; and 11-20).

14. There are monetary sums to be determined against Mr. David Wilcock, that require entry into the discovery phases in order to determine the full scope of (mis)use of Montalbano's Intellectual Property (IP) by Mr. Wilcock and The Enterprise (Claims 7-9) within all their RICO and Racketeering acts, frauds, and schemes; to include determining how many other people The Enterprise has unlawfully disclosed and disseminated Montalbano's IP to, what exact income has been generated by The Enterprise from their ongoing (mis)use of Montalbano's original IP since 2017, along with determining proper

interest due, IP fines and fees due for uses cited in the unrebutted PLAC mailings [#121-18], full litigation fees and costs due, and determining the amount of royalties due; whereby royalties due may only be determined through investigating the full scope and use of Montalbano's original IP and obtaining documents showing payments received by The Enterprise relating to such uses. These determinations necessitate requests for production of documents direct from Goode, GES, Wilcock, and/or their employers/private contractors to include (but not limited to) GAIA INC. Discovery is also required to determine appropriate punitive and nonmonetary compensatory damages for multiple claims related to the fraudulent business practices of The Enterprise and their ongoing public defamation acts and intentional infliction of emotional distress performed against Montalbano since early 2018.

15. Third-Party Plaintiff, Montalbano, is only requesting this Stay of Judgment regarding defaulted Third-Party Defendant, David Wilcock, in order to determine the proper relief; and that Judgment only be Stayed against Wilcock until this case reaches conclusion or a point where sufficient discovery exchanges have occurred to allow access to evidence necessary for Montalbano to present it to the Court for proper default judgment determinations.

16. This stay of judgment is NOT being requested regarding the WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION ("WILCOCK FOUNDATION"). Montalbano continues to seek the Entry of Default Judgment against the WILCOCK FOUNDATION, as filed at Docket 218 to be Granted.

WHEREFORE, Montalbano respectfully requests this Motion to Stay Judgment against David Wilcock be Granted until such a time in the case where sufficient discovery exchanges have occurred to present the evidence necessary to the Court for proper determinations.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I certify that on this 7th day of July 2021 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5), and a copy delivered to Mr. High by email, and a copy served USPS Certified Mail upon Mr. David Wilcock and WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION via appointed agent, Mr. Tim Harris, located at 7848 W Sahara Ave, Las Vegas, NV 89117.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen