# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH,
BENJAMIN ZAVODNICK, ALYSSA
MONTALBANO, JIRKA RYSAVY, BRAD
WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,


LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL
HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove, Diana Terry,
Christina Gomez

Third-Party Defendants.

**COUNTER-CLAIMANT ALYSSA MONTALBANO**
**RENEWED RESPONSE AND OBJECTION TO**
**PLAINTIFFS' GOODE AND GES SECOND RENEWED MOTION TO DISMISS**

COMES NOW, Alyssa Chrystie Montalbano, Defendant and Counter-Claimant, in Response to "Plaintiffs' Second Renewed Motion to Dismiss Under Fed. R. Civ.P 12(b)(6)" ("MTD") filed July 2, 2021 at Docket 227 and moves the Court to Deny the Motion To Dismiss in its entirety and move the Second Amended Counterclaims Complaint (SACC) [#217] into discovery and toward trial and states as follows:

It is to be duly noted, Yanaros cites FACC [#184] claim counts and not the operative SACC [#217] pleading claims. Montalbano will construe claims to the operative pleading. Counter-defendants also re-present old arguments already cured (removed) in the FACC or SACC regarding Harassment [#184, Claims 12-13] and Deprivation Civil Rights [#184, Claim 15], the irrelevant arguments are ignored.

## I.    MAIN ARGUMENTS BY OPPOSING PARTY

The primary general arguments presented by Counter-defendants' Counsel in their MTD [#227] are:

1)  Estoppel and Rooker Feldman Doctrine apply to claims already 'heard' in Mesa District Civil Court [#227 pp6-8, #227-1, #121-24, pp1-3]; and this Court should use the same reasoning as Magistrate Gallagher in his Recommendation. [#227, p2, #227-2]

2)  Counterclaims are 'criminal' claims; construed to SACC Claims 1, 4-8, 10-12, 14-16; and Montalbano may not bring them for civil remedy. [#227,pp5-6, Section V]

3) Counterclaims are not short and plain statements, have no basis in fact, law, or reality, are frivolous [#227, pp3-5], fail to meet FRCP9(b) heightened fraud pleading requirements [#227, pp8-9], are generally 'vague' and damages and remedies not clearly defined or 'injury' shown. [#227, pp2-3, p8-10]

4) Montalbano's Dream Visions are not 'tangible' and 'Judge' Flynn already 'determined' this in case 18CV50 [#227 p13, ¶1]; and  (sic) "Most of the "factual" statements take place in a "sleep-wake" state . . ." [#227, p4]; and "Neural stalking does not exist and Goode is not visiting her in her dreams for any reason, and would not even if he could." (Note, Goode just stated the exact opposite of his publicly famous CIA MKULTRA dream and astral skill claims. [SACC, ¶¶24-26, ¶204-205, ¶600; #121-3, #121-6])

5) Montalbano did not show fraudulent misrepresentations, or defamation beyond 'passive' postings, or deceptive trade practices that significantly impact the public. [#227, p11-12]

## II.   MONTALBANO'S GENERAL ARGUMENTS IN SUPPORT OF COUNTERCLAIMS SACC

### A.  ESTOPPEL AND ROOKER FELDMAN DO NOT APPLY (No.1)

On pages 6-8, MTD, Counter-claimants' Counsel argues Montalbano's Trade Secret and Defamation claims have already been heard and ruled on in Mesa District Civil Court by 'Judge' Flynn in case 18CV50. [#227-1]

Ordinarily 'collateral estoppel' would apply, but that is only applicable when matters have been heard and ruled on in accordance with Due Process of Law and not 'ruled' on by an individual acting under color of office with overt prejudice and bias, filing unlawful orders and judgements in opposition to fact, law and evidence, in violation of their Oath of Office to the State and National Constitutions; [SACC, Claim 13 Deprivation Rights, ¶622] whereby, 'Judge' Flynn, repeatedly denied Montalbano's Constitutional Rights on the Mesa Court record. This severe 'error' made Flynn lose jurisdiction in case 18CV50 and all his 'orders/judgments' are Null and Void, as denial of Constitutional Rights is Not a judicial function.

Additionally, Flynn did not have the authority to issue any final judgments regarding Defamation pursuant his Oath of Office and the Colorado State Constitution he is sworn to uphold and protect, that power is given to the jury. [¶¶642-643] Further still, Flynn lied in his orders/judgment that no defamation was shown. [¶¶635-643] Lying on the Court record is not a judicial function and accordingly all his orders/judgements in case 18CV50 are legally and lawfully null and void and open to collateral attack in this instant case [¶624]; for these reasons, Flynn was summoned to Answer. [#177, p2]

Counter-defendants go on to say Rooker-Feldman Doctrine says only the United States Supreme Court has appellate authority to review State Court decisions. [#227, p7, VI. b.] However, the Supreme Court has also ruled, "when a judge does not follow the law, the Judge loses subject-matter jurisdiction and the judges' orders are not voidable, but VOID, and of no legal force or effect." *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)*; and "if a court is without authority, its judgments and orders are regarded as

nullities.  **They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them**. They constitute no justification **and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers**.” *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).* (emphasis added) [SACC, ¶¶621-627]; all Flynn's 'orders' are Void and of no legal force or effect because he failed to follow the Constitutional laws he swore to protect, and accordingly the MTD based on collateral estoppel and the Rooker-Feldman Doctrine are to be Denied.

Yanaros proceeds (again) to baselessly point to Magistrate Gallagher's 'recommendation for dismissal' [#227, p2] from when she improperly removed Montalbano's case 18CV50 (behind Montalbano's back), August 2018, to the Denver Federal Court and filed a fake complaint. [SACC, ¶675-676] Since this 'recommendation' [#227-2] is based on Yanaros' fake complaint filing [#26-6] and has no bearing on the Counterclaims it should be disregarded and even stricken.

## B.  <u>CLAIMS ARE CIVIL CLAIMS (No.2)</u>

Montalbano brought all claims as Civil claims, as permitted by law:

1.  The primary RICO claim (1) was brought on civil grounds (18 USC 1961;

    18 USC 1964(c)) with its sub-racketeering acts, construed to SACC claims:

    Mail Fraud (4), Wire Fraud (5),  Forced Labor  (6),    Trade Secrets (7)

    (18USC§1836(b)),  Economic Espionage (8), Money Laundering (11), Conspiracy (12)

    Abuse of Process (14), Malicious Prosecutions (15), and Extortion (16).

    [¶¶16-21  Jurisdiction and Venue]

2. The Defamation claim (10) is civil. Colorado is one of a few states to make a criminal Defamation statute; CRS 18-13-105. Montalbano brought the civil defamation tort under CRS 13-80-103 which clearly states (sic) "(1) The following **civil actions** . . . (a) . . . **libel, and slander**". (emphasis added) [¶¶564-569]

3. Therefore, Yanaros' bad faith argument that claims 1, 4-8, 10-12, and 14-16, be dismissed as 'criminal' claims and lack of jurisdiction, are to be Denied.

## C. <u>COUNTERCLAIMS CONTENT AND LENGTH (No.3)</u>

1. The SACC length is necessary to give merit to the complex subject matter involving dream state neural interfacing, and because the claims extend well beyond Yanaros' clients, Goode and GES, involve multiple parties, multiple court cases, multiple RICO and fraud situations whereby specificity must be plead, and the heightened FRCP 9(b) has been fulfilled with ample short and plain statements for offending parties to Answer.

### <u>DAMAGES AND RELIEF REQUESTED ARE SPECIFIC</u>

2. All Damages/Relief sought are specific and already amended since the FACC [#184] and specified after each Claim in the "Damages" section and in Section VII. 'Conclusion and Prayer for Relief'. Counter-defendant's Counsel inappropriately ignores these amendments.

## D. <u>ALL CLAIMS BASED ON FACT, LAW, AND EVIDENCE (No.4)</u>

1. Counter-defendants notably ask all claims be dismissed because allegedly 'most all' the 'factual' statements take place in 'sleep-wake' states.  This is a bad faith argument. The

claims were brought based on waking-state problems with Goode, GES, and The Enterprise from malicious lawsuits and defamation to the theft of vast amounts of Montalbano's rare and valuable Intellectual Property mistakenly donated to The Enterprise due to belief in their public fake news frauds.

2. Montalbano has also factually shown by comparing CIA records, neuroscience, and patents to Goode's public claims, that Goode's 'aliens' are realistically CIA agents [#121-17, p7 (p236-237)] and his dream state 'ascension' programs (aside from being obvious fake news frauds) are realistically CIA remote neuroweapon "Telepathic Behavior Modification" frequency assaults [#121-17 S.A.T.A.N. and C.H.R.I.S.T.; #121-11], realistically housed within the U.S. Army's SSP (Scientific Services Program [SACC, ¶¶194-195]) and are realistically non-consensual neural interfacings with Artificial Intelligences [¶¶127-206] personally operated by Goode and/or 'CIA' agents The Enterprise works with. [¶¶14-15, ¶¶24-26]

3. The U.S. Senate has recently recognized neuroweapons as a cause of action, in passing, "S. 1828 – HAVANA Act of 2021", June 7, 2021, to address remote electronic neuroweapon assaults causing brain injury [#225, p13; #225-4; SACC ¶191]; and associated with Goode's MKULTRA neural assault programs. (**Exhibit 1** - Goode talking about using Remote View kill weapons (aka S.A.T.A.N. type tech) and 'alien' sex trafficking) [SACC, ¶¶24 p.,¶¶25-26, ¶¶56-62; Docket 121 Exhibits 3, 6, 9-17]

4. Opposing party's neural assault arguments are exactly contrary to all facts, laws, and evidence, and accordingly their baseless arguments are to be Denied.

### III.     SPECIFIC CLAIM ARGUMENTS (No.5)

### A.  RICO CLAIMS: 1, 4, 5, 6, 7, 8, 11, 12, 14, 15, 16

1. See Section II above.

2. Montalbano has met all heightened RICO and fraud pleading requirements and has shown Counter-defendants' patterns of racketeering with The Enterprise in multiple acts to include: Fake news (Claims 1-5), Defamation (Claim 10), donation schemes (Claim 11), and legal extortion (Claims 14-16), therefore all RICO claims are to be moved toward trial.

### B.  CLAIM 2 Fraudulent Misrepresentations

### CLAIM 3 Violation of the Colorado Consumer Protection Act (CCPA)

1. Counter-defendants claim Montalbano didn't show damages from reliance on fraudulent misrepresentations including Goode calling Montalbano a stalker (criminal) and "Dark Alliance" (criminal) to multiple third parties (defamation per se) or that Counter-defendants violated the CCPA. [#227, p10]

   a. Defamation per se does not require damages be shown.

   b. Montalbano argued C.R.S. 6-1-105(1)(h) for the unfair business practices of Counter-defendants disparaging the goods and services of Montalbano [SACC, ¶338] and others. [¶¶317-321, ¶¶328-333, ¶¶346-348]

   c. Montalbano showed what the original false (fake news) statements were that she initially relied upon as true [¶¶48-124, ¶285, ¶¶349-352, ¶355, ¶361] and that she was

injured in fact by Goode and GES during the regular course of their business [SACC, ¶¶334-336, ¶353] by their fraudulent business practices that resulted in the loss of: thousands of pages of Intellectual Property [¶117, Claims 7-9]; monetary damages (donations, event attendance) [¶¶114-116, ¶¶120-124; #121-2, p10-24]; and Montalbano's impeccable reputation due to disparagement and extortion. [¶¶125-126; ¶¶302-303, Claims 10-11; #121-2, p1-9; #121-21 defamation; Claims 14-16]

d. The counterclaim defamation exhibit [#121-21] when viewed in conjunction with Goode's four (including this case) retaliatory, rejected, or dismissed criminal stalking case efforts against Montalbano [#227-3, #227-4] [SACC, ¶227, ¶¶239-242, ¶¶250-256; Claims 14-16] they show Goode maliciously and knowingly (not 'passively') calling Montalbano a criminal stalker (2018-current) to multiple third parties when he clearly knew this to be false (defamation per se) as he lied on the Broomfield Court Record to obtain the fraudulent temporary TRO [#227-3; SACC, ¶240, ¶251, ¶674] which was vacated in Montalbano's favor [#26-2, Broomfield Register of Actions], yet Goode, The Enterprise, and Yanaros, continue to fraudulently parade around this TRO on and off Court records as if lawfully obtained or valid, when it is neither. [SACC, Claims 14-16]

e. A Violation of The CCPA permits a civil claim be brought and enforced by an individual (Montalbano). (C.R.S. 6-1-113(1)(a))

f.  To fulfill the requirement of violating the CCPA it must be shown there is a significant impact on the general public [SACC, ¶341-352; #121-7] and that Montalbano is a consumer of the fraudulent products.

Montalbano has shown she has 'consumed' Goode and GES products [¶¶101-126, #121-2, pp10-24], has been personally damaged by these frauds [¶¶334-336, ¶353; see all claims' "Damages" sections] and that Goode, GES, and The Enterprise's ongoing fake news, false ascension courses, and money laundering donation schemes have a significant negative impact on the general public, extending into the millions [¶37, ¶¶101-116, Claims 4-5; #121-7]. Counter-defendants notably create, publish and broadcast derivative works and 'fake news' from Montalbano's original (unpublished) IP, for their Racketeering acts, fraudulently presented as legitimate 'news' [¶¶503-529] then they collect hundreds of thousands of dollars in illicit donations and product sales. [Claim 11; ¶579, A.] Goode also profiteers by publicly defaming Montalbano as a criminal stalker [claim 10] and opened the Light Warrior Legal Fund LLC [¶4, ¶27, ¶52, ¶¶328-333; #121-2,p1-9] whereby donations are illegally solicited from the general public based on Goode's malicious disparagement of Montalbano. [Claim 10; ¶579 C.] This money is then used to fund The Enterprise's extortion activities and promote the specified unlawful Racketeering acts. [Claim 1, ¶¶580-586, ¶681; #121-5, #121-21]

C. **CLAIM 7 TRADE SECRETS**
   **CLAIM 8 ESPIONAGE**

1. Counter-defendants argue Montalbano may not bring a Trade Secret claim and if Montalbano can, it is barred by estoppel.

   a. The Trade Secret claim may not be barred by estoppel. (See Section II A.-B. above)

   b. Montalbano may bring a private civil Trade Secret claim pursuant Defend Trade Secret Act and RICO. (18 USC §1836(b)(1)); [SACC, ¶19, Jurisdiction and Venue]

2. Counter-defendant's argue Montalbano's Dream Visions are not 'tangible' and cite Flynn as the source of this determination.

   a. Montalbano's Trade Secret Dream Visions (DV) are tangible Intellectual Property. [¶416-434]

   b. Montalbano has shown: 1) two-way dream state communications are scientifically proven doable [¶¶456-459]; and 2) Goode communicates with Montalbano in sleep-states. [¶200, #121-19] Montalbano will repeatedly prove this through forensic investigation of the PLAC mailings [#121-18] and other tangible records.

   c. Montalbano's unprecedented Trade Secret claim is repeatedly legally provable because the DV records are in-fact tangible records. As legal proof, Montalbano filed on the Mesa Court Record (case 18CV50) a Dream Vision legally proving

Montalbano tangibly documented the coronavirus vaccine controversies before occurred in waking states.

In extreme brevity: February 12, 2020, Montalbano filed Exhibit BB – DV Sample 3 on the Mesa Court Record, with DV sample first dated May 6, 2019. **(Exhibit 2)**

In the IP Record, the last two paragraphs contain a conversation about military vaccinations they were trying to trick or force people to take, it seemed they had nanos in them, were related to the flu, Genetically Modified Organisms (GMO), and Artificial Intelligences.

In waking states the Coronavirus was 'discovered' in Wuhan, China, December 2019 (7 months after DV). Multiple vaccines were developed, notably the Moderna one released December 2020[1] (10 months after DV filed Mesa Court).  DARPA, Defense Advanced Research Projects Agency (the military), is stated to have invested around 56 million dollars into the Moderna vaccine's development.[2]  Thus the military vaccine in the DV. Some people are trying to force everyone to take these vaccines and use vaccine 'passports' [3], but this would violate civil rights [4], and people must more so be 'tricked' into taking them. Thus the vaccine being 'forced' but more so 'tricked' in the DV. These coronavirus vaccines utilize Lipid-**nano**particles, whereas

---

[1] https://en.wikipedia.org/wiki/Moderna_COVID-19_vaccine

[2] https://www.drugdiscoverytrends.com/how-u-s-government-bolstered-modernas-covid-19-vaccine-candidate/

[3] https://www.cnn.com/2021/04/07/us/covid-vaccine-passport-explainer/index.html

[4] https://sorendreier.com/1000-lawyers-and-10000-doctors-have-filed-a-lawsuit-for-violations-of-the-nuremberg-code/

all prior vaccines use liposomes.[5]  Thus the nano connection in the DV. Some people report 5G towers have a COV-19 box attached to the motherboard and may be responsible for Covid symptoms and some vaccinated people claim Bluetooth devices are now trying to connect with them [6]. Thus the A.I. connection in the DV.  These vaccines use gene-modification therapy 'approved' for the first time in mass produced vaccines, where the person's cells are injected with the virus' mRNA which causes the creation of 'Spiked Proteins'.[7] DNA is made up of proteins and altering proteins essentially alters DNA. [8]  Thus the GMO connection. Lastly, COVID-19 and the Flu largely have similar symptoms [9]  and according to THE SUNDAY TIMES [10] review of official data it is stated since COVID-19 came along people who get the Flu has dropped by the unprecedented level of 95%. Thus the Flu connection in the DV.

As can be seen in this tangible Court filed Trade Secret IP record, there is nothing 'delusional' or 'fanciful' about Montalbano making Dream Vision record observations, comparisons, and statements of fact showing the correlating waking state occurrences to the prior documented DV occurrences. It is repeat tangible

---

[5] https://www.cas.org/blog/understanding-nanotechnology-covid-19-vaccines

[6] https://afinalwarning.com/514792.html and https://dogsareloyal1s.com/psa/connection_failed.mp4

[7] https://www.dictionary.com/e/dna-vs-rna-vs-mrna-the-differences-are-vital/#:~:text=One%20type%20of%20RNA%20is%20known%20as%20mRNA%2C,specifically%20that%20has%20the%20recipe%20for%20a%20protein

[8] https://www.sciencedirect.com/science/article/abs/pii/S0169409X20300727

[9] https://www.google.com/search?q=coronavirus+symptoms&sxsrf=ALeKk00zJEf-CJqQ-IzEyupbPKP7juOB7g%3A1618600415468&ei=3-F5YI3lG4Ly-gTwmZyYDw&oq=coronavirus+symptoms&gs_lcp=Cgdnd3Mtd2l6EAMyBQgAELEDMgUIABCxAzICCAAyAggAMgUIABCxAzICCAAyAggAMgIIADICCAAyAggAOgQIIxAnOgQIABBDOgoIABCxAxCDARBDOgcIABCxAxBDOgoIABCHAhCxAxAUOgcIABCHAhAUOgcIABDJAxBDQgUIABCRAjoHCAAQsQMQCjoLCAAQsQMQgwEQyQM6BQgAEJIDOgUILhCxAzoICAAQsQMQgwE6BAgAEAo6BQgAEMkDOgoIABCxAxCDARAKULaoAVii9gFgyvcBaA1wAngAgAOAYgBixiSAQQ0LjI0mAEAoAEBqgEHZ3dzLXdpeiABAQ&sclient=gws-wiz&ved=0ahUKEwjN0K-2vIPwAhUCuZ4KHfAMB_MQ4dUDCA4&uact=5  and https://www.cdc.gov/flu/symptoms/symptoms.htm

[10] https://www.thetimes.co.uk/article/hygiene-and-immunity-leave-flu-germs-with-nowhere-to-go-xxdb65klt

records like this that dictated the unprecedented Trade Secret claim. Therefore, Montalbano has legally proven, via Court records, her Trade Secret claim is tangible and legally protectable, like predictive computer source code.

Because this tangible IP was filed in case 18CV50 that Flynn was 'presiding' over, it simultaneously reveals the errors in his judgment. [#227-1, SACC, Claim 13] Therefore, Counter-defendants' argument and Flynn's 'judgment' that Montalbano's Dream Vision records are not 'tangible', are false, and accordingly they are to be Denied.

Goode, GES, Wilcock, and The Enterprise, have hundreds of Montalbano's unpublished IP records and research [#121-18] like this Court filed vaccine example that require legal protection. [SACC, Claims 7-9] The Enterprise has known since at least August of 2017 that Montalbano is a legitimate predictive dream researcher, able to legally prove her claims. [¶203-206; #121-20 -"Shaman" slide, Montalbano's artwork used at Goode's for Profit event] However, because Goode and Wilcock are fraud dream 'psychics' [SACC, ¶82-83, ¶310], The Enterprise chose to destroy Montalbano's reputation with their unfair business practices to the same and similar consumers. [SACC, Claims 1-3, 10, 14-16]

d.  Aside from The Enterprise, Montalbano kept her Trade Secrets secret. [¶¶445-447]

e.  Finally, dreams are relevant to this case because Goode [¶24], Wilcock [¶28], and Montalbano [¶22] are all authors that write about dreams; and because the CIA dream neural assault programs Goode claims participation in [#121-3,#121-6] use A.I. neural interfacing technology to dream-state communicate with Targeted Individuals;

thus making Montalbano's (highly detailed and tangible) Dream Vision records relevant and appropriate evidence to implement investigation into Goode's CIA MKULTRA, Military [SACC,¶¶25-26], and medical records (Dementia, brain trauma [¶24,p.]) to determine the fuller facts and computer equipment involved. [¶¶54-100; ¶¶127-210]

### D. CLAIM 9 Copyrights

1. Counter-defendants argue (in bad faith) that Montalbano's collection of literary works referred to as "Dreams Visions" are not protected by copyright laws and state there are no similarities between Montalbano's Intellectual Property (IP) stories and Goode, GES, and The Enterprise's stories. [#227,pp12-14]

   a. Montalbano's claim is to protect thousands of pages of original unpublished IP literary works ("stories") called "Dream Visions" [SACC, ¶¶477-488] through declaratory and injunctive relief [¶530-531] to prevent further unauthorized derivative works being first published and broadcast by The Enterprise [¶¶503-529] and be compensated for the unfair competition [Claims 3, 20] and per contractual agreements. [¶532]

   b. Common law copyrights automatically protect Montalbano's unpublished 'Dream Vision' literary works (17 USC §101, 102(a)(1) and (5)); delivered by mistake to The Enterprise; and are legally protected as "fixed" [¶423] and "unpublished" works. (Title 17 USC 104(a))

c.   Montalbano may bring a private common law copyright claim for injunctive relief, and this Court has jurisdiction pursuant 28 USC §1338. [¶18]

d.   The US Copyright Office legally deemed Montalbano's published "Dream Visions," "fixed" and "tangible" literary works; this Court must also acknowledge this federally recognized fact. [#121-25 Copyrights]

e.   Counter-defendants and Montalbano have a contract regarding all of Montalbano's IP delivered by mistake to The Enterprise, pursuant the PLAC mailings [#121-18], acquiescence, Federal Rules of Evidence, Presumptions, and theories of recovery involving fraud. Counter-Defendants, acquiesced to all allegations, terms, and conditions stated in the PLAC mailings first dated April 18, 2018 through their willful failure to lawfully rebut or respond when they had a legal and moral duty to speak [SACC, ¶¶207-224; ¶¶489-503]; see *U.S. v. Tweel, 550 F. 2d. 297.* "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

f.   Any 'procedure', 'method', or similar matters described by Montalbano's IP, tangible or intangible, are protectable via Montalbano's Trade Secret claim (18 USC §1839 (3)). [Claim 7]

g.   Montalbano provided ample specific examples of similar derivative works commercially published and broadcast by counter-defendants and The Enterprise that any ordinary person can see the ongoing similarities. [¶504-529] A forensic investigation into the unrebutted PLAC mailings will further show this racketeering pattern.

### E.  CLAIM 10 Defamation

1. See Section II above.

2. Goode and The Enterprise will not stop maliciously defaming Montalbano as a criminal without a Court Order and Injunctive Relief is warranted. [SACC,¶¶564-569; #121-21]

### F.  CLAIM 12 CIVIL CONSPIRACY

1. Counter-defendants baselessly state there are no facts showing a conspiracy to deprive Montalbano of her Rights. [#227,p14-15]

   a. Claim 12, is premised on the underlying nineteen claims and names with specificity who is involved in the conspiracy and holds each summoned participant jointly and severally liable for all damages and is not fundamentally a standalone claim, and accordingly the claim is appropriate for trial. [SACC, ¶616]

### G.  CLAIM 14 ABUSE OF PROCESS
### CLAIM 15 MALICIOUS PROSECUTION
### CLAIM 16 EXTORTION

1. Counter-defendants claim Montalbano may not bring an abuse of process claim and that no abuse of process occurred, Yanaros then cites a key case law (sic) "An improper use of the legal process occurs when a particular procedural tool is used in an attempt to accomplish a result which that tool, when properly used, could not provide." *Gustafson v. Am. Family Mut. Ins. Co,. 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012)* [#227,p15-16]

    a.   Montalbano may bring Claims 14-16 under RICO statute 18 USC 1589(a)(3), (c); and civil remedy under 18 USC §1964(c) [SACC ¶17, Jurisdiction]

    b.   Goode and Yanaros could not accomplish their goal of getting a lawful TRO against Montalbano, June 2018 [¶227, ¶673], so they lied on the Broomfield Court record, July 2018 [#227-3, #227-4; SACC ¶239-242, ¶¶674] and unlawfully obtain one, showing they could not lawfully obtain the TRO by properly using the Court system (a tool) and thereby performed abuse of process, and accordingly the MTD claims 14-16 allegedly for no abuse occurring is to be denied.

## H.  CLAIM 17 INTENTIONAL INTRUSION ON PRIVACY RIGHTS

1.   Counter-Defendants claim they did not violate Montalbano's privacy by disseminating Montalbano's unpublished Dream Visions or that no privacy was expected and no cognizable theory for relief. [#227, p16-17]

    a.   Privacy was presumptively agreed upon [#135-1 PLAC privacy agreement] pursuant Counter-defendants' silent acquiescence to Montalbano's PLAC contracts [#121-18 p1-3, p8-9, p12-14] Counter-defendants knowingly violated the privacy agreement by publicly disclosing Montalbano's unpublished and private marriage Dream Vision to thousands of third parties that held Montalbano in public contempt as someone sexually amoral (defamation per se) [#SACC, ¶¶545-555] and Counter-defendants and The Enterprise benefitted commercially. [Claims 1-5, 9-11, 14-16]

    b.  Cognizable relief is specified, to (sic) "restrain Goode . . . from further releasing Montalbano's private information publicly…" [¶¶727-729] and accordingly the counter-defendants' MTD claim 17 is to be Denied.

## I.  **CLAIM 18 IIED and 19NIED**

1.  Counter-defendants argue no outrageous conduct occurred. [#227, pp17-18]

    a.  Montalbano enduring five (5) unethical and baseless extortion lawsuit efforts/filings by Goode and Yanaros is outrageous conduct. [SACC, Claims 14-16]

    b.  Enduring harassment, Trojan hacks, and defamation per se of being called a criminal stalker and someone sexually amoral since early 2018 to current by Goode and The Enterprise to thousands of third parties, after Goode repeatedly losing his criminal stalking cases, even with perjury, is outrageous conduct. [Claims 1-3, 10, 13-16]

    **c.**  Montalbano has endured severe emotional distress, that resulted in speaking with multiple police departments, judicial commission, and others [¶¶266-274] trying to get anyone to do 'Judge' Flynn's job since June 2018 to stop the ongoing harassment, theft of IP [Claims 7-9], extortion [Claims 14-16], and defamation [Claim 10], and accordingly counter-defendants' argument is to be Denied.

## J.  **CLAIM 20  UNJUST ENRICHMENT**

1.  Counter-defendants argue no benefits were obtained by them, to Montalbano's detriment. [#227, p19]

a. Counter-Defendants have benefited by receiving from Montalbano through their racketeering schemes: financial donations, event fees, product purchases, and approximately 500 original IP records that they've used unrestrained and free in their specified unlawful Racketeering acts since 2017. [SACC, ¶113-126,  Claims 1-5, 7-9]

b. Counter-defendants have exponentially grown their public following and received financial donations (benefits) based on their disparagement of Montalbano. [Claims 1-5, 10-11, 14-15]

c.  Counter-defendants are obligated through theories of recovery involving fraud, to compensate Montalbano for their unlawful IP use(s) and misrepresentations [Claims 1-19] and accordingly the MTD unjust enrichment is to be Denied.

## IV.   <u>CONCLUSION</u>

WHEREFORE, for all the facts, laws, and reasons stated herein and as seen in the SACC in greater detail, The Counter-Defendants' Renewed Motion To Dismiss is to be Denied in its entirety and the Amended Counterclaims moved into discovery and Goode and GES be Ordered to Answer.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that on this 13th day of July 2021 a copy of the foregoing Response and Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5) and video exhibit conventionally submitted to the Clerk of the Court at Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, Colorado, 80294-3589; and served on all appeared parties pursuant ECF Rule 4.8(f) and copies delivered by email to Mr. High.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen