IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

           Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

           Defendants.
_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

           Third-Party Defendants.

---

**THIRD-PARTY DEFENDANTS LIGHT WARRIOR LEGAL FUND, LLC AND VALERIE YANAROS' MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND 12(b)(1)**

---

1

### I.     Introduction

Third-party defendants Light Warrior Legal Fund, LLC ("LWLF") and Valerie Yanaros[1], ("Yanaros") (collectively "TPDs") file this Motion to Dismiss ("Motion") under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) in response to Alyssa Montalbano's ("Montalbano") Amended Counterclaims (Docket 217, the "Amended Counterclaim(s)" or "ACC"[2]).  Montalbano's ACC was entered into the docket by this Court on June 18, 2021 making TPDs' response due on July 2, 2021. However, Montalbano and TPDs stipulated to a twenty-one day extension of time to answer, making TPDs' response due July 23, 2021. TPDs hereby tender their response and move this Court to dismiss the ACC in its entirety.

As explained in Plaintiffs James Corey Goode's ("Mr. Goode") and Goode Enterprise Solutions Inc.'s ("GES", collectively "Plaintiffs") Second Renewed Motion to Dismiss (Docket 227, the "MTD", the arguments of which are incorporated by reference herein) this Court should dismiss the ACC in its entirety. Montalbano's attempts to use the legal system to disseminate her wild theories and fantasies and disqualify counsel for Plaintiffs must be blocked and she should be enjoined from filing any further verbose, harassing, and fantastical pleadings in this case.

### II.    The Issues Addressed in Plaintiffs' MTD are Incorporated by Reference

For brevity, TPDs incorporate by reference the Background and Applicable Standards and relevant Arguments and Authorities portions of the MTD. Montalbano's ACC is lengthy and incomprehensible and must be dismissed because (1) it does not state any cognizable claim for relief and (2) asks this Court to assert jurisdiction that is clearly lacking. *See, e.g.,* MTD at 3-9 (discussing (1) violation of F.R.C.P. 8 and 9 for excessive length and lack of requisite specificity

---

[1] Who is also counsel for Plaintiffs and LWLF.

[2] Due to the sheer enormity of the allegations included in the ACC, references to allegations in the ACC are illustrative in nature and are not meant to be exhaustive.

and (2) lack of subject matter jurisdiction over criminal claims). Additionally, the claims lack much of the required elements—either because they are not addressed, or because the supporting "facts" Montalbano advances are merely dreams and fantasies and could never support a finding of liability. *See* MTD at 8-19 (explaining how mind-control tactics and stealing dreams are not capable of being facts to support claims and/or defenses).

    **III.**     **Neither the Parties to this Action (or Related Actions), the Judges or Counsel Connected Thereto, nor the Government are Engaging in Mind Control Tactics or Theft of Dreams—and These are Not Causes of Action Anyway**

Courts in this Circuit have thrown out bizarre claims like those included in the ACC. Allegations regarding government-controlled human experiments and mind control are specifically disregarded. *See Gutierrez v. N.M. Corr.*, No. CIV 19-0648 JB\SCY, at *2-3 (D.N.M. Oct. 6, 2020) "the claim that Gutierrez is being used as a human robot, via unknown radio signals, is not cognizable under any state or federal law"; *Kersh v. Smeler*, 390 Fed. App'x 836 (10th Cir. 2010) affirming dismissal of habeas petition where petitioner alleged an "invisible human robot conspiracy"); *Owens-El v. Pugh*, 16 Fed.Appx. 878 (10th Cir. 2001) (affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device); *Thibeaux v. Cain*, 448 Fed.Appx. 863, 864 (10th Cir. 2012) involving *pro se* lawsuit alleging that a wire had been implanted in plaintiff's body to monitor his thoughts was factually frivolous); *Flores v. U.S. Atty. Gen.*, 442 Fed. App'x. 383 (10th Cir. 2011) affirming § 1915(e)(2) dismissal of civil rights complaint alleging that the government used outer space satellites to torture plaintiff and his family members); *Murray v. United States*, 475 Fed. App'x. 311, 312 (10th Cir. 2012)(involving complaint alleging various conspiracies by the government, including the use of satellites to damage the plaintiff's reproductive system, and concluding the claims were properly dismissed as frivolous); *see also Maley v. State*, No. 08-3146-SAC, at *1 (D. Kan. June 24,

2008) (dismissing the case in its entirety when the plaintiff alleged he "was illegally implanted with a mind control device" by the government and did "not provide any medical reports, dates or supporting affidavits from medical personnel").

The almost five-hundred pages of allegations in the ACC and the Exhibits filed in support thereof are made up purely of these types of allegations. Controlling precedent and common sense require the ACC to be dismissed in its entirety, an injunction to be entered against Montalbano, and sanctions awarded against Montalbano and to all parties forced to respond to Montalbano's extensive and baseless filings.

### IV. No Facts are Included in the ACC to Support Claims Against LWLF

LWLF "is being sued in its corporate capacity". ACC at 30, 4. It was "started by Goode, (sic) to receive public financial donations to fund his lawsuit(s) against Montalbano". *Id*. at 42, 27. Montalbano lumps in LWLF with various individuals and entities (including "John and Jane Does" and "Unknown Corporate Entities", *Id.* at 51, 38) in an attempt to form an "enterprise" to support her Racketeering Influenced and Corrupt Organizations Act ("RICO") claim. Montalbano states that "donations" to LWLF are solicited and "notably received" (*Id*. at 53, 52; 60, 105). Montalbano then claims that these "donations" are to "launder money people donate under the false pretext of donating to fight the 'dark alliance'". *Id*. at 117, 328-9; *see also* 185, 584; 214, H. Instead, Montalbano claims that the monies received by LWLF are "in connection with" involuntary servitude and human trafficking "related to mind control services" (*Id*. at 181, C(i)) and that undersigned counsel and her firm "are receives (sic) money from [LWLF] and Goode for its services to The Enterprise of extorting Montalbano and witnesses against Goode and Wilcock". *Id*. at 182, D(i). Montalbano makes the same claim of Mr. Goode's former counsel and third-party defendant, Ms. Lorie. *Id*. at 182, E(i).  Throughout the hundreds of pages and paragraphs of word

4

soup, LWLF is only referenced ten times—and none of those references make any cognizable allegation of wrongdoing.

Montalbano makes absolutely no allegation that LWLF does, in fact, do—or not do—<u>anything</u>. By way of example[3], Montalbano's RICO claim (as well as the others) fall completely flat: "[t]he elements of a civil RICO claim are (1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity." *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). To be liable for participating or conducting the affairs of an "enterprise," a defendant must have "participated in the operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). A RICO claimant must show that the defendant "conducted or participated in the conduct of the 'enterprise's affairs,' not just [its] own affairs." *Id*. at 185. Although it is unclear what Montalbano is alleging, the only possible interpretation is that LWLF is participating in a money laundering scheme with itself…but not actually participating, merely *existing*. Further, as explained in the MTD, a "pattern" of "conduct" must take place. LWLF is not accused of any conduct, nor can it be—LWLF is an entity that passively accepts monetary gifts from individuals. LWLF's website makes it abundantly clear that any money given to LWLF is a gift and is not a tax-deductible donation:

> "Your donation constitutes a private "GIFT" and is not a tax-deductible donation. Corey's Legal Fund is not a 501(c)(3) or other charitable organization under the rules and regulations of the Internal Revenue Code.
> …
>
> All Gifts of support will be deposited into a separate and private bank account owned by Light Warrior Legal Fund, LLC – a Corey Goode company. Corey has hired a reputable accounting firm to oversee this account, and to ensure that these funds are used solely in relation to legal fees and related expenses, and for no other purpose. This accounting firm will also have the responsibility of reviewing legal invoices and expenses, and making payment directly therefor."

---

[3] The RICO claim is used as an example but the arguments and analysis are equally applicable to all claims in the ACC.

(https://www.lightwarriorlegalfund.com/#contribute last accessed July 2, 2021).

Montalbano makes no other allegations or even references to LWLF, does not accuse LWLF of any actions or inactions that could support any cognizable claim (even if there were any in the Amended Counterclaims) and as such should be dismissed from this suit.

### V.    Montalbano merely Attempts to Disqualify Counsel for Plaintiffs by Including Yanaros in the Suit

Montalbano similarly makes vague, conclusory allegations regarding the professional conduct of undersigned counsel through her representation of Plaintiffs. As explained above, in the MTD and other pleadings, the allegations are wholly unfounded and include no specific recitations of conduct or discourse. Montalbano filed multiple grievances against Yanaros with the Office of Chief Disciplinary Counsel ("OCDC") with the Texas State Bar—all of which were summarily dismissed as baseless. *See* Exhibit A[4]. Yanaros was properly admitted to the District of Colorado in all matters in front of this Court. Exhibit B. Any assistance she provided her clients in their application for a restraining order was appropriate under Colo. Rule. Civ. Proc. 11(b) authorizing limited representation. *See, e.g.*, Docket 222-3 at 8, C.R.C.P. 11(b).

Statements made by an attorney during or in preparation for pending legal proceedings are absolutely privileged so long as the remarks have some relation to the proceeding. *Begley v. Ireson*, 2017 COA 3, 399 P.3d 777 (*Begley I*); *Club Valencia Homeowners Ass'n v. Valencia Assocs.*, 712 P.2d 1024, 1027 (Colo. App. 1985). This absolute privilege exists "to encourage and protect free access to the courts for litigants and their attorneys." *Begley I*, 13; see also *Westfield Dev. Co. v.*

---

[4] Undersigned counsel is awaiting electronic copies of the Dismissals by the OCDC of (1) the two grievances filed by Montalbano and (2) the subsequent Denial of Montalbano's Appeal of the OCDC's decisions and will supplement the record with the documents once received.

*Rifle Inv. Assocs.*, 786 P.2d 1112, 1117 (Colo. 1990). Indeed, "[t]he privilege not only shields attorneys from defamation claims arising from statements made during the course of litigation, but it also bars other non-defamation claims that stem from the same conduct." *Buckhannon v. U.S. W. Commc'ns, Inc.*, 928 P.2d 1331, 1335 (Colo. App. 1996). Colorado courts have followed this precedent in order to preserve the integrity of the judicial system and its ends, finding "that applying the litigation privilege to shield nondefamatory litigation conduct is consistent with decisions from other jurisdictions" *Begley v. Ireson*, 2020 COA 157, 14 (Colo. App. 2020). Judge Wang in this District has also opined that "that the Colorado Supreme Court would likely extend the litigation privilege to statements made in anticipation of quasi-judicial proceedings" (*see* Exhibit C.)

All the alleged misconduct by Yanaros takes place through her representation of Mr. Goode and Goode Enterprise Solutions. *See, e.g.,* ACC at 35 "stop the ongoing defamation, harassment, malicious lawsuits, and extortion practices of Goode and Yanaros"; ACC at 91 "Retailitory (sic) Lawsuit Filings By Goode and Yanaros". Undersigned counsel has respectfully, but zealously, represented her clients and declined to engage in the personal attacks by Montalbano. *See, e.g.,* Exhibit D. Any attempt by Montalbano to include counsel for Plaintiffs in this case should be considered an inappropriate attempt to disqualify counsel for Plaintiffs and should be dismissed. *See Diaz v. State*, No. CIV 99-1371 BB/DJS, at *1 (D.N.M. Dec. 22, 2000) the court stating in response to a *pro se* plaintiff's unfounded and inappropriate attempts to disqualify opposing counsel that "[p]laintiff should therefore refrain from filing frivolous motions as he is subject to serious judicial sanctions."

### a. Montalbano is Engaging in a Fishing Expedition

It is clear from her filings and previous communications that Montalbano is using her ACC as an attempt to look into Plaintiffs' personal life and further harass him due to her declined advances. While litigating the lawsuit that Montalbano filed in 2018 (the "2018 Lawsuit") that was dismissed summarily, in its entirety and denied on appeal, Montalbano threatened to engage in "discovery" into Mr. Goode's personal and professional life. For example, in an email on October 4, 2018 she states:

> "…we would then have to delve into the, becoming known, coven connections with Gaia TV and exploring just how much involvement Mr. Goode has knowingly had and how much he's participated in related activities and if you (attorney) are also connected. I will require a certified copy of Mr. Goode's contract with Gaia TV be put onto the record as part of discovery. For some reason, other employees or contractors don't want to show me what they have signed, which is odd and supports the coven accusations…"

*See* Exhibit D. She also states "I will also need to have forensic investigations performed into his work history" and "If I start digging in more to the depth and scope of his scam, it is likely it won't be a 'good' time for anyone....and expensive..." *Id*. Montalbano's self-serving motives are apparent from her pleadings and she should not be allowed to manipulate an already over-burdened system and harass individuals in order to further her imaginary narrative.

### VI.  Conclusion

Montalbano has burdened this court with a multitude of completely baseless claims and alleged "facts" and "evidence" that have no basis in reality. *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) ("We will not try to decipher what any of this means. "[T]o do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r* , 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam).") The Court should grant Plaintiff's

Motion and grant Plaintiffs attorney's fees incurred in connection with addressing Counterplaintiff's Counterclaims.

Finally, this Court may enjoin Montalbano from filing similar pleadings that consume substantial time and resources. (*See Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991), upholding district court's order restricting plaintiff's *pro se* access to the district court and requiring litigant to obtain leave of court to file actions *pro se*). In doing so this Court will streamline the process of the current litigation and relieve all parties from having to wade through the morass of allegations put forth by Montalbano in her ACC. Goode respectfully requests this Court enjoin Montalbano from further filings and orders costs and fees to be paid to Goode for the time spent responding to Defendant's pleading.

Respectfully submitted this 15th day of July, 2021.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS LWLF AND YANAROS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on July 15th, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros

## CERTIFICATE OF CONFERRAL

Pursuant to Judge Domenico's Practice Standard III(D)(1), in the case of parties proceeding pro se, parties are not required to confer.