IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                  Defendants.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

                                                  Third-Party Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF SECOND RENEWED MOTION TO
DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

1

### I.     Introduction

James Corey Goode ("Mr. Goode") and Good Enterprise Solutions ("GES") (collectively "Goode" or "Plaintiffs") files this Reply in Support of Plaintiffs' Second Renewed Motion to Dismiss ("Motion", Docket 227) Second Amended Counterclaims ("SACC", Docket 217) under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) to Defendant/Counterplaintiff Alyssa Montalbano's ("Montalbano" or "Counterplaintiff") response to the Motion (the "Response", Docket 231). Montalbano filed her Response on July 13, 2021, and Plaintiffs now reply:

### II.    Brief Summary of Argument

As explained in Plaintiffs' Motion, all claims in the ACC are barred by the *Rooker-Feldman* Doctrine and/or collateral estoppel, Counterplaintiff either lacks standing to bring the remaining claims, or lack the requisite legal and/or factual support for them to survive dismissal. Montalbano's Response merely makes conclusory statements or points to fantastical reasoning, alleged facts and inapplicable law to support her claims. The claims fail in their entirety and must be dismissed for their violations of Fed. R. Civ. P. 8, 9 and 12. Counterplaintiff repeats arguments that were already advanced to this Court *ad nauseam* and lack any credible basis.

### III.   Arguments and Authorities

Courts read *pro se* complaints liberally and dismiss them only when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (internal quotation omitted). As expounded by the district and state court judges who have addressed Montalbano's previous lawsuits, her claims are without merit and were properly dismissed in accord with this steep standard. Montalbano's defense of her claims that were already dismissed in prior suits (see Motion at 6-8) are that the presiding judges in the other cases did not reach the correct decision…the exact argument that

2

courts have rejected under *Rooker-Feldman*—and must reject—in order to prevent a litigious plaintiff from returning in perpetuity unless and until they receive a favorable decision. Counterplaintiff's claims must be dismissed because the decisions on the previous cases between Plaintiffs and Counterplaintiff were proper and she may not be given another bite at the apple.

Plaintiffs reurge their arguments in their Motion as Counterplaintiff merely reurges the conclusory, unsupported statements in her SACC but further expounds on a few points below.

### a. Rooker-Feldman Applies—The Public Servants are Immune and the Prior Decisions Rendered by them Must Stand and Bar Most of Counterplaintiff's Claims

The Public Servants' conduct (*see* Docket 222) was proper, and therefore their decisions and actions in Counterplaintiff's prior cases must stand and bar her current claims because it is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir.2006) (*citing Mireles v. Waco*, 502 U.S. 9, 13 (1991)). Counterplaintiff alleges the Public Servants engaged in unconstitutional conduct only while presiding over her civil lawsuits and as such these defendants "were performing judicial acts and were therefore clothed with absolute judicial immunity." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994); *see also Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002) (extending judicial immunity to "any judicial officer who acts to either [(1)] resolve disputes between parties or [(2)] authoritatively adjudicate private rights." (internal quote and alterations omitted)). As such, the Public Servants were not "lying on the court record" or "filing unlawful orders and judgements in opposition to fact, law and evidence, in violation of their Oath of Office" (Response at 4) and their decisions are appropriate and bar Counterplaintiff's mirror claims.

3

### b. Counterplaintiff's Allegations are Unintelligible, Lengthy and Entirely Conclusory

Even reading Counterplaintiff's SACC as generously as possible, dismissal of Counterplaintiff's SACC is proper because her vague and conclusory allegations of fraud failed to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b). *See Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir.1989) (holding that Rule 9(b) requires that RICO predicate acts based on fraud must be pled with specificity to provide clear notice of the factual basis of the predicate acts to defendants). Montalbano has been afforded ample opportunities to include a requisite RICO case statement and greater specificity but she has declined to do so. It is clear that Counterplaintiff cannot do so, and thus allowing her leave to amend should be denied.

### c. Montalbano Does Not Allege that GES—as a Company—is Liable for Any Acts and/or Omissions

Montalbano's SACC fails to include any allegations regarding any acts by GES as a company (see Docket 233 "TPD Motion" at 4, incorporated herein by reference). GES is merely grouped in with the other defendants, with no specific allegations. Therefore, dismissal of GES is proper.

### d. There is No Private Right of Action for the Criminal Claims

Dismissal of Montalbano's claims in her SACC alleging violations of criminal statutes is proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action. *See United States v. Claflin*, 97 U.S. 546, 547 (1878) ("That act contemplated a criminal proceeding, and not a civil action. . . . It is obvious, therefore, that its provisions cannot be enforced by any civil action. . . ."); *Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir.1996) ("[W]e find no evidence that Congress intended to create the right of action asserted by Schmeling, and we conclude that such a right does not exist.").

### e. Montalbano Misapprehends FRCP 8

Montalbano misapprehends Rule 8's requirement of a "short and plain statement". Instead of the requirement for overall succinctness and brevity, she believes that throwing many "short and plain statements" is appropriate to circumvent the policy of clear, straightforward pleadings. Instead, she has violated Rule 8 with "ample short and plain statements for offending parties to Answer" (Response at 6).

### f. Montalbano Points to No Defamatory Statements

Montalbano claims Plaintiffs defamed her by calling her a "stalker". Although there is no Colorado law directly on point, other courts have held that "[t]he mere filing of a lawsuit is not the type of humiliating, insulting or terrifying conduct which will give rise to a claim for the intentional infliction of emotional distress." *Rolleston v. Huie*, 198 Ga. App. 49, 51 (2) (400 S.E.2d 349); *see also Phillips v. MacDougald*, 219 Ga. App. 152, 157 (Ga. Ct. App. 1995). Montalbano's claims for defamation, IIED and the other claims fail for this and the other reasons further outlined in Plaintiffs' Motion. Even when a statement is verifiable as false, it does not give rise to liability if the "entire context in which it was made" discloses that it is merely an opinion masquerading as a fact. *See Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002) any statement made by Mr. Goode (or, GES, if even possible) would be purely opinion and not anywhere near the level of defamation that Montalbano claims.

### IV. Conclusion

Montalbano has burdened this court with a multitude of completely baseless claims and alleged "facts" and "evidence" that have no basis in reality. *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) ("We will not try to decipher what any of this means. "[T]o do so might suggest that these arguments have some colorable merit." *Crain v.*

5

*Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam).") The Court should grant Plaintiff's Motion and grant Plaintiffs attorney's fees incurred in connection with addressing Counterplaintiff's Counterclaims.

Respectfully submitted this 27th day of July, 2021.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros

**CERTIFICATE OF CONFERRAL**

Pursuant to Judge Domenico's Practice Standard III(D)(1), in the case of parties proceeding pro se, parties are not required to confer.