# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

*Plaintiffs*,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH,

*Defendants*.

ALYSSA CHRYSTIE MONTALBANO, individually,

*Counter-Claimant,*

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

*Counter-Defendants,*

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL,
MATTHEW GROVE, DIANA TERRY, and
CHRISTINA GOMEZ,

*Third-Party Defendants*

## THIRD PARTY DEFENDANT ELIZABETH LORIE'S REPLY TO ALYSSA MONTALBANO'S RESPONSE TO MOTION TO DISMISS

Pursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel did not confer with counsel for any other parties to this action, or any unrepresented parties to this action about this Motion or the relief requested herein.

**COMES NOW**, third-party Defendant **ELIZABETH LORIE** (hereinafter "Ms. Lorie"), by and through undersigned counsel of Robinson & Henry, P.C., and hereby submits her Reply to the Response filed by Third-Party Plaintiff Alyssa Montalbano (hereinafter "Ms. Montalbano") to Ms. Lorie's Motion to Dismiss.

## I. INTRODUCTION

On April 25, 2021, Ms. Montalbano filed an almost 250-page Answer to Second Amended Complaint which included several meritless Counterclaims against Ms. Lorie. (See Docket no. 184, hereinafter "Counterclaim"). The resulting Counterclaim was a haphazard harangue wherein no cogent arguments based in fact or law exist. Throughout the pendency of this litigation, Ms. Montalbano has repeatedly involved Ms. Lorie in a litigious and bombastic campaign to abuse this Court's time and resources by consistently asserting multiple frivolous claims to which no merit can be attributed.

Ms. Lorie is a well-respected and experienced attorney currently practicing in good standing in the State of Florida. However, according to Ms. Montalbano, Ms. Lorie is instead a conspirator and perpetrator of some of the most complex and serious violations of our Nation's laws. Rather than remaining a principled attorney with absolutely no disciplinary history in any jurisdiction, Ms. Montalbano would have this Court believe through a nebulous and dubious series of self-sourced anecdotes that Ms. Lorie is instead a racketeer and civil rights malefactor.

On June 23, 2021, Ms. Lorie filed her Motion to Dismiss Ms. Montalbano's claims against her. Ms. Montalbano filed a Response to same on July 2, 2021. Ms. Montalbano's Response remains consistent with her other filings to this Court, in that

2

nowhere to be found in her bombastic tirade against Ms. Lorie was a cogent legal argument for which relief could be granted.

## II. REPLY & ARGUMENT

1. In her Response, Ms. Montalbano states that "the length of the [Counterclaim] is necessary due to multiple claims at issue, multiple defendants, and multiple RICO and fraud matters that must be plead with particularity and extend well beyond Ms. Lorie's role." (See Docket no. 225 at pg. 3). In other words, Ms. Montalbano admits that most of what she is claiming did not involve Ms. Lorie at all, yet she incorporated Ms. Lorie into all aspects of her "RICO" claim.

2. In determining whether to grant a motion to dismiss for failure to state a claim, a court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008)(citing *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.2007)).

3. Ms. Montalbano states that the length of her Counterclaim "is necessary to give merit to the technical aspect of the case involving dream states." (See Docket no. 225 at 4). Ms. Montalbano does not seem to understand that the law does not provide relief for the alleged theft of intellectual property from someone's "dream state", and therefore, this is not a claim upon which relief can be granted. Ms. Montalbano cannot simply materialize fictitious claims out of thin air and ask the court to grant her relief for said "claims."

4. Ms. Montalbano then abruptly switches from "theft of IP in a dream state" to Ms. Lorie allegedly participating in RICO crimes with both her clients and

3

her clients' other attorneys. (See Docket 225 at 4). However, Ms. Montalbano provides absolutely no evidence of the specific underlying "racketeering" crimes that are required to successfully allege a RICO claim.

5. Ms. Montalbano alleged that Ms. Lorie provided a "fake law firm address through attempting to lawfully USPS Certified Mail contact-serve Lorie via the address she provided to Ms. Ferrante". (Docket 225 at 5). Ms. Ferrante received a Cease & Desist letter lawfully sent to her from Ms. Lorie on behalf of Ms. Lorie's client, David Wilcock, because Ms. Ferrante harassed and "doxxed" Mr. Wilcock (i.e posted in a YouTube video of his personal address), who is a Public Figure. Unbeknownst to Ms. Lorie, Ms. Montalbano had apparently planned to call Ms. Ferrante as a "witness" in her case against Corey Goode for "stealing her dreams."

6. Ms. Montalbano further accuses Ms. Lorie of "unlawfully extorting Ms. Ferrante with 'legal' action." In her cease and desist letter(s) to Ms. Ferrante, Ms. Lorie rightfully threatened to pursue any necessary legal action against Ms. Ferrante if she continued to harass her client, Mr. Wilcock. Ms. Lorie could not have committed extortion if she did not know about Ms. Montalbano's intention to use Ms. Ferrante as a witness, and if the cease and desist communications from Ms. Lorie were for ancillary matters not having anything to do with Ms. Montalbano. Ms. Lorie merely assisted Mr. Goode's attorney at one instance with filing one pleading due to that pleading being time sensitive. Ms. Lorie at no point has ever represented Mr. Goode. as legal counsel.

7. Ms. Montalbano continues to allege that Ms. Lorie established a "fake law firm address" (Docket 225 at 6) and uses this allegation as the impetus for other allegations of wrongdoing apparently amounting to racketeering, conspiracy, and

4

extortion. Ms. Lorie had established a "virtual" office address whereat Ms. Montalbano apparently tried to "serve" her with a "cease and desist" for "harassing and extorting" her "witness", Ms. Ferrante. This was not any type of "fraud" on Ms. Lorie's part. Moreover, having an "inaccurate address" is not a claim for which relief can be granted. Notwithstanding, Ms. Montalbano has provided no evidence that this was intentional on Ms. Lorie's part; nor has she provided any evidence to support her failure to "serve" Ms. Lorie as a basis for any kind of injury or damages.

**8.** Sub-paragraphs (1) and (2) on pages 7-8 of Ms. Montalbano's Response have absolutely nothing to do with Ms. Lorie. Sub-paragraph (3) is merely conjecture and Ms. Montalbano offers no evidence to support the assertion that Ms. Lorie "pretended" she was not served with "waiver requests." Moreover, a party does not have an inherent obligation to respond to items not properly served upon them. See *Serrano v. Buhl*, 667 F. App'x 288 (10th Cir. 2016).

**9.** Ms. Montalbano repeatedly digresses into incoherent and tangential arguments regarding Ms. Lorie's alleged "conspiring" in "racketeering" activities concerning a "cabal" and "Dark Alliance" efforts to "defraud and extort former workers and employers." (Docket 225 at 13-14). Notwithstanding the convoluted and inane nature of the allegations, Ms. Montalbano appears to have no standing to allege a majority of these claims even if they did bear any semblance of merit. Ms. Montalbano repeatedly fails to establish how she is personally affected, rather than mentioning "coworkers" or "employers." A plaintiff must demonstrate standing separately for each form of relief sought. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). To have Article III standing to sue in federal court, a plaintiff must show, among other things, that the plaintiff suffered concrete injury in fact. *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351. Ms. Montalbano asserts that the vehicle Ms. Lorie *et al* used to "defraud" people was an "online spiritual class," of which Ms. Montalbano never participated herself, nor paid any money for.

10.  Under Rule 12(b)(6)'s failure-to-state-a-claim standard—which is designed to streamline litigation by dispensing with needless discovery and factfinding—a court may dismiss a claim based on a dispositive issue of law without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one where the factual contentions lack an arguable basis. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 1828–29, 104 L. Ed. 2d 338 (1989). At no point in Ms. Montalbano's Response did she provide any actual evidence, or veritable facts of any kind that support the assertion that "mind control" was used against her, or injured her in any way. Rather, she is arguing that "mind control" is not fictional and is using their apparent existence as the absolute proof that they were used to harm her – which most certainly is not sufficient to meet the burden of proof required by any "claim" she has alleged.

### III.  CONCLUSION

Ms. Montalbano has failed to show standing for any colorable claim for relief, and has not offered any cogent arguments in fact or in law that Ms. Lorie is responsible for some injury for which a remedy exists in law. Because Ms. Montalbano has failed to allege a claim for which relief can be granted against Ms. Lorie, this Court should grant Ms. Lorie's Motion to Dismiss her from this action.

Respectfully submitted this 28th day of July, 2021

                                        **ROBINSON & HENRY, P.C.**

                                        /s/ *Timothy M. Murphy*
                                        Timothy M. Murphy, #53430
                                        7555 E. Hampden Avenue, Suite 600
                                        Denver, CO 80231
                                        (303) 688-0944
                                        tim@robinsonandhenry.com

                                        *Attorney for Third-Party Defendant,*
                                        *Elizabeth Lorie*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 28th day of July, 2021 a true and correct copy of the foregoing **THIRD PARTY DEFENDANT ELIZABETH LORIE'S REPLY TO ALYSSA MONTALBANO'S RESPONSE TO MOTION TO DISMISS** was electronically filed with the Clerk of the Court, United States District Court for the District of Colorado, using the CM/ECF system and was served upon all parties who have entered their appearance.

Valerie Ann Yanaros, Esq.
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
*Attorneys for Plaintiffs*

Clif High *(via U.S. Mail)*
PO Box 141
Moclips, WA 98562
*Pro Se Defendant*

Michael Jacob Laszlo, Esq.
Laszlo & Associates, LLC-Boulder
2595 Canyon Boulevard, Suite 210
Boulder, CO 80302
*Attorneys for Defendant Benjamin Zavodnick*

Dmitry B. Vilner, Esq.
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
*Attorneys for Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez*

Daniel Andrew Dingerson, Esq.
Ina B. Scher, Esq.
Davis & Gilbert, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Defendant Gaia, Inc., Jirka Rysavy, Brad Warkins, Kiersten Medvedich*

Aaron Bardin Belzer, Esq.
Ashlee Nicole Hoffmann, Esq.
Burnham Law Firm PC-Boulder
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Defendant Jay Weidner*

Alyssa Montalbano *(via U.S. Mail)*
2536 Rimrock Avenue
Suite 400-117
Grand Junction, CO 81505
*Pro Se Defendant/Cross-Claimant*

            **ROBINSON & HENRY, P.C.**

            By: */s/ Timothy M. Murphy*