# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove, Diana Terry, Christina Gomez

Third-Party Defendants.

Page **1** of **6**

## THIRD PARTY PLAINTIFF ALYSSA MONTALBANO
## MOTION TO EXCEED WORD LIMIT
## IMPOSED BY DDD Civ. P.S. III(A)(1)

COMES NOW, Alyssa Chrystie Montalbano, Third-Party Plaintiff, and respectfully moves the Court, for leave to exceed the word limit imposed by Judge Domenico's Practice Standard for Civil Cases III(A)(I) with respect to Montalbano's Response to Docket 222 Motion to Dismiss filed by third-party defendants, Flynn, Gomez, Grove, Terry, and Campbell, ("Judicial Defendants"); currently due August 6, 2021; and in support of this Motion Montalbano states as follows:

**DDD Civ. P.S. III(A)(1) Certification:** This motion is filed more than three business days prior the Response due date. Montalbano and Mr. Vilner on behalf of the Judicial Defendants, have conferred regarding this motion and the Judicial Defendants take no position on the stipulated relief requested herein; that Montalbano be permitted up to 6,000 words in her Response and third-party defendants be permitted up to 4,700 words to Reply.

### I.   PROCEDURAL BACKGROUND

1. On March 17, 2020 Goode and GES by and through its counsel, Ms. Yanaros, initiated this case and Motion to Dismiss practices ensued.

2. On December 22, 2020 Montalbano filed an Answer and Counterclaims complaint against Goode and GES [#120, #121] adding cross-defendants and multiple Third-Party Defendants to include: Flynn, Terry, Gomez, Grove, and Campbell ("Judicial Defendants") [#160, #164, #181]

3. Montalbano conferred with cross-defendants and/or their counsels regarding the counterclaims involving them and stipulated dismissals without prejudice of cross-defendants (Weidner, GAIA, Medvedich, Rysavy and Warkins). [#126, #130, #144, #145]

4. Goode and GES filed Motions to Dismiss the Counterclaims [#131, #195]; Montalbano objected [#135, #205] and also motioned to amend the counterclaims [#155, #204, #208]. The Motions To Dismiss were denied as moot [#183, #216] due to admittance of amended counterclaims pleadings. [#184, #217].

5. After the admittance of the Second Amended Counterclaims Complaint [SACC, #217] the Judicial Defendants filed their Motion to Dismiss at Docket 222, June 25, 2021.

6. Montalbano and Mr. Vilner motion/stipulated an extension of time for Montalbano to file a Response, June 29, 2021 [#223] that was Granted July 16, 2021 [#234], making the Response due date August 6, 2021.

## II. ARGUMENT

Montalbano requires the additional words to properly brief the Courts for the following:

1. Montalbano is addressing five separate individuals' in one paper and whereby the individuals are judicial defendants and not typical third-party defendants and a proper Response briefing requires showing the standard complaint violation relationships along with showing clearly the Civil Rights violations.  This showing requires Montalbano include significant amounts of case law directly within the Response rather than just making a reference citation, along with citing Constitutional Laws, and Montalbano must summarize the relevant sections of the Counterclaims, which involves 20 claims that apply to all the judicial defendants.

2. The Judicial Defendants have raised multiple issues in their Motion to Dismiss including statutes that do not apply to them or the case, and showing how they do not apply requires a detailed showing of facts and verbatim citations to specific clauses from the State and National Constitutions, statutes, public law, executive orders, and/or Black's Law Dictionary.

3. Montalbano must also cite in detail Due Process rules related to the Judicial Commission and the Colorado Court of Appeals;

4. And where matters were only sparsely addressed in the Counterclaims Complaint, in particular with Mr. Campbell, Montalbano must provide the additional evidence with a brief explanation in support of the counterclaims already stated against him.

5. In addition to the complex Constitutional, judicial, and statutory immunity issues that must be addressed with specificity, Montalbano must also cite the counterclaims complaint and brief in detail as to why the multiple Federal claims are directly relevant to the defendants and in so doing Montalbano must also briefly discuss Flynn's other pending lawsuit as it is relevant to this instant case and RICO claims, along with related judicial process rules. [#50]

6. It is also Montalbano's current understanding (which may or may not be correct) pursuant Judge Domenico's practice standards, she may not incorporate by reference prior filed Responses, without the citation adding to the word count of the new Response citing it. If this is an incorrect understanding Montalbano requests it be clarified in the Order addressing this Motion; as Montalbano intends to incorporate by reference prior written and filed Response arguments [Dockets 225, 231], to prevent redundancy and minimize Response word count.

7. This is a highly complex case involving multiple claims, including non-traditional claims involving the CIA and neural interfacing, along with involving multiple businesses, Foundations, Courts, public figures, public frauds, and people, that arose under the RICO statutes; and whereby RICO claims are known to be

traditionally complex and thereby a Response involving multiple RICO claims at issue, must also clearly show the Court they have jurisdiction over the individual claims and people.

WHEREFORE, Montalbano respectfully requests this Court grant this Motion and allow the word limit applicable to Montalbano's Response to Docket 222 Motion to Dismiss filed by the Judicial Defendants, June 25, 2021, be extended to 6,000 words and the Judicial Defendants' Reply be extended to 4, 700 words.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Counter Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of August 2021 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Defendants' and/or their counsel and upon appeared parties, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5) and upon Mr. High by email.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen