# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And  Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, Christina Gomez

Third-Party Defendants.

Page **1** of **20**

**THIRD PARTY PLAINTIFF ALYSSA MONTALBANO
RESPONSE AND OBJECTION TO MTD [#222]
AND IN SUPPORT OF SACC [#217]**

COMES NOW, Alyssa Chrystie Montalbano, Third-Party Plaintiff, in Response to "BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S MOTION TO DISMISS ALYSSA CHRYSTIE MONTALBANO'S COUNTERCLAIMS COMPLAINT [DOC 204-1]" ("MTD") filed June 25, 2021 at Docket 222 and moves the Court to Deny the Motion To Dismiss in its entirety and move the Second Amended Counterclaims Complaint (SACC) [#217] into discovery and toward trial and states as follows:

## I. INTRODUCTION

" A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.ed.2d  80 (1957). [1]

Montalbano need not prove all her claims at this preliminary stage against the Judicial Defendants, and has provided enough facts in the complaint [#217], to reasonably draw the inference that over three years of the judicial defendants maliciously failing to faithfully perform their duties in Mesa District Civil Court, case 18CV50, and Colorado Court of Appeals, case 20CA1775; they willfully violated Montalbano's clearly established Constitutional Civil Rights

---

[1] https://www.casemine.com/judgement/us/5914b89fadd7b049347864e5

in their Kangaroo Courts[2] that directly and proximately allowed The Enterprise to flourish in their ongoing RICO frauds [Claims 1-6] to non-stop extort, harass, and defame, Montalbano for years [Claims 10-20] and have unrestrained unlawful use of Montalbano's valuable Intellectual Property [Claims 7-9] as part of their Racketeering schemes.

"The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed." Id. *Ruiz v. McDonnell.*

Montalbano is an artist by profession and sometimes doesn't always use the exactly correct legal terms, such as saying 'error' regarding Flynn's failures in Case 18CV50. [#222, p5] The 'errors' Flynn performed were in fact malicious duty failures [SACC, Claim 13] because they caused years of non-stop damages to Montalbano [See all 20 claims] and the term 'error' must be liberally construed in favor of Montalbano, the plaintiff.

"The complaint must plead sufficient facts, taken as true, to provide "plausible grounds" that discovery will reveal evidence to support the plaintiffs allegations." *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965). [3]

Montalbano has provided enough facts in the counterclaims to show that she will reasonable be able to reveal evidence in support all 20 claims against The Judicial Defendants and that discovery will reasonably reveal The Enterprise is working with the CIA, or similar agencies [#121-9 to 121-17; SACC,¶¶24-29, ¶¶127-206, Claim 6; #121-3] and bribed and/or threatened the Judicial Defendants.

---

[2] Black's Law Dictionary, Abridged Eighth Edition, p304-305, "**kangaroo court. 1.** A self-appointed tribunal or mock court in which the principles of law and justice are disregarded, perverted or parodied"

[3] https://case-law.vlex.com/vid/523-f-3d-1278-603548510

## II.  CLEARLY ESTABLISHED CONSTITUTIONAL CIVIL RIGHTS VIOLATED

### A. "LAZY JUDGE" DUE PROCESS/CONDUCT FAILURES – FLYNN [SACC, ¶9, ¶30]

For procedural comparison; the state of Indiana has "Lazy Judge" Trial Rules; T.R. 53.1 states a Judge is to rule on a motion or hold a motion hearing within 30 days of filing. T.R. 53.2 states judgments are to be entered within 90 days of a case being 'tried.'

(Exhibit 1– Indiana Trial Rules[4])

Flynn waited on average 180-270 days (6-9 months) before issuing any orders on motions that required him to determine issues and laws of fact and in other instances required him to hold hearings; when Flynn did issue 'orders' they intentionally violated Montalbano's Civil Rights.

1. Flynn's first orders related to matters at issue and law (the Complaint) were May 14, 2019 (9 months after opening case 18CV50) [#222,p3]

2. His second group of orders related to the Complaint(s) were January, 29, 2020 to dismiss the case. (8 months after first orders) [#222,p3; #222-6]

3. His third group of orders related to the Complaint(s) was to enter Judgment, August 5, 2020. (6 months after 'dismissal orders') [#222-9, p46]

By the state of Indiana's Trial Rules, Flynn failed (severely) to perform his judicial duties and should have been replaced after one month of Montalbano filing the claims, basically July 25, 2018.

---

[4] https://www.in.gov/courts/iocs/files/pubs-trial-court-failure-to-rule-on-motion-and-delay-of-judgments.pdf

Flynn has a pattern of:

1. Failing to perform his duties
2. Issuing orders that violate Civil Rights
3. Other Officers supporting his violations

This exact same pattern is seen in Denver Federal Court case, 1:20-cv-02296-RM-SKC, filed August 4, 2020 [#50], by Mr. Elson Foster (represented by counsel), against Flynn and other public servants for performance failures that violated Civil Rights and directly resulted in the repeat and unlawful seven re-arrests of Foster, who's protection order should have been vacated. (Exhibit 2 – Foster/Flynn case illustrative pages)

## B. JUDICIAL COMMMISSION DUE PROCESS FAILURES – CAMPBELL [SACC, ¶10, ¶31]

Because Colorado does not have Indiana's Trial Rules, conduct-performance failures are the jurisdiction of the Colorado Judicial Commission (Campbell). (Exhibit 3 - CJD[5])

1. Campbell argues Montalbano asked Flynn's orders be changed [#222,p9-10] – that is false - Montalbano asked Campbell three times to remove Flynn from Case 18CV50 for failure to perform his duties (conduct) and overtly violating clearly established Constitutional Rights (misconduct/prejudice/bias). [Id.¶¶270-271, ¶597, ¶628, ¶658-659, ¶742]

    (Exhibit 4 - Judicial Commission Complaints):

---

[5] http://www.coloradojudicialdiscipline.com/PDF/Colo.%20RJD%20Revisions%20pending%20before%20CSC%20-%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.pdf

    a. January 13, 2019, conduct/prejudice - failure to perform.

    b. September 30, 2019, conduct - failure to perform

    c. August 31, 2020, misconduct/prejudice/bias - Civil Rights Violations.

2. Campbell's, Due Process duty defined in the Colorado Constitution, Article VI, Section 3(d)-(e)) is to remove and/or discipline Judges for:

(Exhibit 5 Colorado Constitution Judicial Commission)

    a. Willful misconduct

    b. Willful or persistent failure to perform duties

    c. Violations Code of Judicial Conduct

3. The Colorado Rules of Judicial Discipline state - RJD 3.5(g)(1)(F) - **Disqualification** is warranted if the member's ability to participate fairly and impartially could be reasonably questioned, including, (sic) "(F) has a personal bias for or against the subject judge or person who alleged judicial misconduct."

    Montalbano has shown in the counterclaims [#217,claims 13-16]:

    a. **Willful Misconduct –** Flynn's pattern of denying Constitutional Rights. [¶¶622-626]

    b. **Persistent Failure -** Flynn persistently failing to do his duty. [¶264, ¶¶653-654]

    c. **Misconduct/Prejudice/Bias -** Flynn was prejudiced against Montalbano and the subject of her Intellectual Property, dreams; and biased for a public figure with counsel that lied on multiple court records (Mesa, Broomfield, and Denver).

Campbell's Due Process duty required him to investigate and remove Flynn from case 18CV50 for willful misconduct and persistent failures. Campbell, violated Montalbano's Civil Rights by failing to perform his sworn Constitutional duties, and directly allowed The Enterprise to flourish and damage Montalbano. [See all 20 claims]

After Campbell failed to perform his duties, Montalbano was forced to take the next step to correct Flynn's violations and appealed to the Colorado Court of Appeals, whose job is to review Civil Rights violations and take appropriate corrective actions.

### C. COURT OF APPEALS DUE PROCESS VIOLATIONS – GOMEZ, GROVE, TERRY  SACC,¶¶11-13, ¶¶32-34]

The Judicial Defendants claim Montalbano untimely appealed [#222, p4, Section B.] and that final appealable judgment was entered January 29, 2020 [#222-10 p2] – this is false - the final appealable Judgment was entered August 5, 2020 [#222-9, p46] and pursuant C.A.R. 3 and 4 Montalbano filed a timely post-trial motion August 19, 2020 [#222-9, p2, #221-11,p2-6] that tolled the time for appeal, and was denied by Flynn September 15, 2020 (Exhibit 6) making the appeal due date, November 3, 2020. Montalbano appealed 20 days early, October 14, 2020. [#222-11 p2-6] (Exhibit 7, Appeals Rules)

During the time the Defendants allege Montalbano was to appeal, on or by March 18, 2020 with potential extension of time through April 22, 2020 [#222-10, p1], The Enterprise was (again) extorting Montalbano, March 6, 2020 [#131-4] with another baseless criminal stalking case in the Broomfield Combined Courts and this instant case, March 17, 2020. [SACC, ¶¶250-256] These ongoing severely unethical extortion tactics [Claims 14-16] only served to confuse, cause

severe anxiety, burden, harass, and frustrate Montalbano during the time she was allegedly to appeal. [Claims 18-19]

Under Federal Law, which is applicable to all states, the U.S. Supreme Court stated "if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recover sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers." *Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).[6] [SACC,¶625]

"A judgment rendered in violation of due process is void." *Pennover v. Neff* 95 U.S. 714 [7]

"No state legislator or executive or judicial officer can war against the Constitution without violating his solemn oath to support it." *Cooper v. Aaron,* 358 U.S. 1, 78 S.Ct. 1401 (1958)9 [8]

Even if Montalbano had 'untimely' appealed, Gomez, Grove and Terry, had no Constitutional justification to dismiss the case "with Prejudice" [#222-10; #222-12] with zero case review and no basis in Constitutional Law to ethically show how their "with prejudice" orders did not in-fact also severely violate Montalbano's clearly established Constitutional Rights [#222-9,p6-15; #222-11,p6-15; #222-13] to include (but not limited to) Due Process of Law, Right to trial by Jury for defamation (fees never returned [#222,p4]) and Right to protect Private (Intellectual) Property; (See SECTION II, D. this document) The appeals 'Judges' lost Jurisdiction in case

---

[6] https://supreme.justia.com/cases/federal/us/26/328/

[7] https://supreme.justia.com/cases/federal/us/95/714/

[8] https://supreme.justia.com/cases/federal/us/358/1/

20CA1775 for entering orders violative Constitutional Rights (trespassers) and all their orders are void.

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." *Buckles v. King Country* 191 F.3d 1127, *1133 (C.A.9(Wash.),1999)[9].

Had Flynn performed his duties in case 18CV50, the following six burdensome Court cases would not have occurred:

(1)   Broomfield, 18C103, July 2018-August 2018 [SACC,¶¶674]

(2)   Denver Federal,1:18-cv-02060-RM-GPG, August 2018-December 2018 [¶¶675-676]

(3)   Mesa, 19C807, July2019 [¶268]

(4)   Broomfield, 20C32, March 2020-June 2020 [¶¶679-680]

(5)   This instant case, 1:20-cv-00742-DDD-KLM, March 2020 to current [¶¶681-683]

(6)   Court of Appeals, 20CA1775, October 2020-December 2020 [¶¶684-689]

### D. CIVIL RIGHTS VIOALTIONS - 18CV50 - DEFAMATION – JURY – PRIVATE PROPERTY –

1. The State and National Constitutions, pursuant an Oath of Office, do not grant the judicial defendants any powers to Deny the clearly established Constitutional Rights they swore to protect, nor do their Oaths grant any immunities for violating Civil Rights and in particular

---

[9] https://law.justia.com/cases/federal/appellate-courts/F3/191/1127/641558/

Montalbano's. Flynn knew Montalbano submitted to the Jurisdiction of Constitutional Law, because Montalbano modified case 18CV50's Cover sheet to add it.

(Exhibit 8 - 18CV50 cover sheet)

    a. Brian James Flynn [¶30] took the Oath of Office January 10, 1995 [10] and January 14, 1997. Swearing he would (sic) "support the Constitution of the United States and of the State of Colorado, and faithfully perform the duties of the office…"

    (Exhibit 9 - Flynn Oaths)[11]

    b. It is reasonable to assume each of the judicial defendants [SACC,¶9-13] took the Oath [¶¶30-34] and know the contents of the State and National Constitutions they swore to protect, and in particular the Bill of Rights.

2. The following examples from the Counterclaims shows the Judicial Defendants violated Montalbano's clearly established Rights:

    a. Flynn, violated Montalbano's Right to a Trial by Jury for Defamation.

    The Colorado Constitution clearly establishes this Right in Article II, Section 10 [SACC,¶258, ¶¶642-643]:

    (sic) "Section 10. *Freedom of speech and press.* …and **in all suits and prosecutions for libel that truth thereof may be given in evidence, and the jury,** under the direction of the court, **shall determine the law and the fact.**" (emphasis added)

---

[10] Note - date typo, January 19, 1995 [SACC,¶¶30,c.]

[11] Filed as exhibit BA, Mesa Court Record, February 12, 2020

**DEFAMATION PROOF**

Stalking is a criminal claim in the state of Colorado, with no civil tort.

Defamation per se [Claim 10] has four main areas requiring no damages be shown, as they are known to be inherently damaging from the mere fact the objectively false statement was made; the main two performed against Montalbano by The Enterprise since at least February of 2018 are:

**(1)** **Criminal accusations.**
Whereby Goode repeatedly publicly and privately defamed Montalbano (who has a clean record) as a criminal stalker even after he and Yanaros lost four separate filings with fabricated evidence and lying on Court records;
[SACC,¶227; ¶¶239-256; #1 Cyberstalking dropped in FAC #111]

**(2)** **Accusations of sexual misconduct, including adultery.**
Whereby Goode repeatedly publicly defamed Montalbano as committing adultery with him, because he unlawfully released Montalbano's private 'marriage dream' information publicly. [¶¶546-561; Claim 17, Privacy Rights]

Goode uttered, broadcast, wrote, and published these knowingly objectively false criminal stalking and adultery statements about Montalbano that The Enterprise unlawfully marketed and promoted to hundreds of thousands of third-parties as true for donations. [¶¶328-333, Claims: 2 (fraud), 3 (Violation CCPA), 10 (defamation), 11 (Money Laundering)]

Flynn was told about these extortion lawsuits [Claims, 13-16] and defamation [Claim 10]. Flynn's duty required him to stop these unconstitutional acts, instead Flynn lied in his January 29, 2020 'orders' [#222-6] saying no defamation was shown, when it clearly was shown to him: March 2019; August 2019(SAC1); September 2019; March 2020; and July 2020(SAC2); [SACC,¶301, ¶639, #121-21 (Exhibit 10 - Mesa illustrative filings); Flynn then delivered his Color of Law orders to Montalbano by USPS mail [Claim 4, RICO mail fraud,¶358] to further bring illicit money to The Enterprise. [Claim 11, money laundering]

Montalbano's situation was extreme, and only Flynn (a judicial Officer) could put a stop to it as it was outside the scope of the Police and Sheriffs' jurisdiction and it was outside the scope of criminal level stalking. [¶¶266-269] Flynn had a duty to stop the defamation and admit amended complaints [¶¶275-277] notably the August 2019 or July 2020 complaints. [#222-9 p49-63] (Exhibit 11 – SAC1, SAC2)

Pursuant Flynn's Oath, he knew he was specifically excluded from having the power to issue any dispositive orders on Defamation and he was thereby stripped of his judicial immunities for violating this clearly established Constitutional Right, and lost all jurisdiction in case 18CV50, for willfully issuing orders [#222-6] violative the Colorado Constitution. [SACC, Claim 13]

## TRADE SECRET INTELLECTUAL PROPERTY PROOF

A Trade Secret is legally defined by statute CRS 7-74-102(4)) as (sic) "or other information relating to any business or profession which is secret and of value." (CUTSA) [¶¶426-434] in the field of predictive dream research having thousands of detailed and accurate predictive dreams tangibly documented in writing, whereby many literally play out in waking states afterwards such as is seen with the Covid-Vaccine controversies occurring today that were prior

documented by Montalbano in a Dream Vision IP record filed on the Mesa Court Record, February 12, 2020 [#231, p11-15], the IP moves beyond the realm of being just Intellectual Property (Claim 9) and becomes Trade Secret Intellectual Property legally protectable by Trade Secret Laws. (Claims 7-8)

Flynn falsely argues Montalbano brought a 'belief' system of being a 'shaman' for injunctive and monetary relief. [#222, p3] Montalbano never brought a 'belief system' into the court room as a claim at any time. It was always about Fraud [SACC, claims 1-5], Contracts [¶¶207-224, #121-18], Intellectual Property [claims 7-9, #121-25], and Defamation [claim 10] [#222-1] (Exhibit 12 - Original Complaint), that escalated into Federal claims [claim 1, RICO] due to Flynn's persistent failures. [Claim 13, 18-19]

## III. APPLICABLE STANDARDS ARGUMENTS IN SUPPORT OF COUNTERCLAIMS SACC

### A. ROOKER-FELDMAN, IMMUNITY

1. The Public Servants argue, they have Absolute Judicial immunity and that Rooker-Feldman doctrine applies to claims already 'heard,' [#222, p10-11] presumed to be the Trade Secret IP claims (7-8) and Defamation claim (10).[#222-6; #121-24]

   See Sections I-II above, all the judicial defendants were stripped of immunities, for issuing orders and acting in ways violative the State and National Constitutions [¶613] and thereby their Rooker-Feldman arguments fail as a matter of law, as orders made in violation of Due Process and Civil Rights are null and void even prior any reversals. They are not entitled to Judicial or otherwise immunities and the counterclaim facts, taken as true, allow the Courts to reasonably draw this inference and accordingly their argument are to be Denied.

B. **RICO CIVIL CLAIMS**

1. Opposing parties argue, Montalbano may not bring a 'criminal' RICO claim but admit Montalbano may on Civil grounds. They then allege Montalbano does not plausibly show them involved in the conduct of The Enterprise [#222,p14-15] due to labelling them as Public Servants.

    a. Montalbano brought the RICO claims on Civil grounds pursuant the statute that includes the specified sub-racketeering acts and this Court has Jurisdiction and Constitutional Powers to hear and grant the requested civil reliefs. [¶¶16-21 Jurisdiction and Venue]

    b. Montalbano defined Flynn as part of The Enterprise and Public Servant; and Campbell, Grove, Gomez and Terry as Public Servants helping The Enterprise, which does not 'exclude' them from The Enterprise; it merely helps specify their Civil Conspiracy Enterprise roles and what they have been summoned to Answer for. [SACC, Claim 1]

    c. Montalbano has plausibly shown the Public Servants, participated in Racketeering [Claim 1, RICO], through years-long patterns of willful misconduct and persistent failure to perform their sworn duties [Claim 13, Deprivation Rights]. Contrary to opposing parties arguments [#222, p15], Montalbano has plausibly shown she has endure years of ongoing threats [SACC,¶¶280], defamation-harassment [Claims 6, 10, 12, 17] and legal extortion [Claims 14-16] directly (proximately) resultant from the Judicial Defendants' inaction and negligence [claims 18-19] followed by willful Civil Rights violations that directly allowed The Enterprise to unlawfully flourish.

    d. The Public Servants request their participation in Racketeering, be overlooked, due to being specified as "Public Servants" or allegedly their role being 'minimal'(Campbell). Regardless to role size, each are jointly and severally liable for all twenty claim damages. [SACC,¶616, jointly and severally clause] See *United States v. McKay*, 285 Fed. Appx. 637, 640 (11th Cir. July 16, 2008).[12] In fact, "[e]very circuit in the country that has addressed the issue has concluded that the nature of both the civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations." and accordingly their arguments of no causal connection or Racketeering participation are to be Denied.

## C. QUALIFIED IMMUNITY FAILS AS A MATTER OF LAW – NOTICE -

1. Opposing parties argue, Montalbano did not timely file a 'Notice' of claim to the UNITED STATES regarding its 'employees' pursuant 24-10-109(1) and allegedly the claims are 'forever barred' and CGIA limits tort claims. [#222, p12-13; #222-16]

    a. These are VERY bad faith arguments. What the Defendants' by and through their Counsel, Mr. Vilner, failed to tell the Court is that Title 24, Article 10, "Government State" Definitions specifically excludes the "Judicial Department" from being part of the 'Government State' the Title applies to, therefore their arguments completely fail as a matter of law:

"State" is defined at CRS 24-10-103(7) as follows (Exhibit 13):

> (sic) **"State" means the government of the state,** every executive department, . .
>
> **"State" does not include the judicial department . . .**" (emphasis added)

---

[12] https://www.casemine.com/judgement/us/59146a1fadd7b049342e46e4#p640

    b. Because the definition of "State" specifically excludes the "Judicial Department", the Judicial Defendants may not plead dismissal of any kind on grounds of 'Notice' failure or 'qualified immunity' under Title 24, because it specifically excludes their department and accordingly their arguments are to be Denied.

    c. "It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives." *United States v. Lee*, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed 171 (1882).  Holding in the Supreme Court, when an action does not need to involve the United States as a defendant or party (and the UNITED STATES is not party this case), **the principle of sovereign immunity should not be invoked to deny plaintiffs the judicial enforcement of their rights**.[13]

    d. CGIA, also specifically does not give 'qualified immunity' for deprivation Civil Rights and does not apply to Federal claims or contracts.

(Exhibit 14 – overview CGIA, p4)

Montalbano filed Federal claims under:

    1) US Constitution, Bill of Rights, Article VII and Colorado Constitution, Article II, Section 10 (FRCP 38) [SACC, Section VIII, Trial by Jury].

    2) Title 28 (Constitutional Law federal jurisdiction);

    3) Title 42, Civil Rights violations [Claims 13]

    4) Title 18, RICO, [Claim 1]

    5) Title 17, Copyrights. [Claim 9]

---

[13] https://supreme.justia.com/cases/federal/us/106/196/

This Court has jurisdiction of the related tort claims because they arose from the Federal Claims; and whereby none of the Federal claims have been heard or tried in State Court as they are not in their jurisdiction; and the judicial defendants are not protected in any way by 'qualified immunity', CGIA, 'Rooker-Feldman', or 'Notice failures' and Jurisdiction in this Federal Court over each judicial Defendant and all counterclaims is proper, and accordingly their arguments are to be Denied.

[¶16-21 Jurisdiction and Venue]

**LAWFUL NOTICES**

2. After Campbell, failed to do his duties three times [SACC, ¶270,¶¶658-659]:

    a.  Montalbano Notified the Mesa Court Executive, Mr. William Sightler, of Flynn's violations, asking he remove/recuse Flynn for Due Process violations, September 2020, Sightler did nothing. (Exhibit 15 – Notice Sightler)

    b.  Montalbano Notified all 22 judges at the Colorado Court of Appeals about the violations by Flynn, Gomez, Grove, and Terry, December 2020, asking they intervene and replace/recuse Gomez, Grove and Terry. All 22 judges failed to act. (Exhibit 16 – Notice Judges, incl. #222-13,p21-24)

    c.  Montalbano timely Notified each of the Public Servants of this lawsuit and Federal counterclaims filed against them pursuant FRCP 4(d).
    [#160, #161, #161-1, #161-2, #164, #177, #181]

    d.    Montalbano served lawful Notice upon the United States Attorney Generals of this pending matter, pursuant FRCP 4(i)(1) [#189]:

    1) United States Attorney Office for the District of Colorado,

Mr. Matthew T. Kirsch (Acting U.S. Attorney, District of Colorado),

located at 1801 California Street, Suite 1600, Denver, Colorado, 80202.

Montalbano did not address the Notice to Ms. Adams [#222-16], who appears employed in Defendants' counsel's Office. Montalbano inquired of Vilner, April 2,2021, if United States Notice was to be served on him, he responded no, but according to his MTD suddenly his office should have received the Notice. If Vilner's argument were with merit, then pursuant his Oath to uphold Due Process, he was required to answer truthfully about Notice service to his Office when asked.
(Exhibit 17 – emails)

The United States Post Office has lawfully affirmed delivery of the Notice to the US Attorney for the District of Colorado. [#189-1]

    2) The United States Post Office has lawfully affirmed delivery of the Notice to the Attorney General, Merrick B. Garland, in Washington, DC.[#189-1]

If service of Notice upon the United States was performed incorrectly; this Court must Grant Montalbano an extension of reasonable time pursuant FRCP 4(i)(4) to cure any failures to serve the United States under Rule 4(i)(3) as the third-party defendants have clearly been Notified of this case and claims against them.

## IV. CONCLUSION

WHEREFORE, the counterclaims may not be dismissed with or without prejudice at this preliminary stage, as it would further violate Montalbano's Constitutional Rights and Due Process of Law. Montalbano has shown her claims are Civil Claims provable under the various theories of recovery and that Rooker-Feldman does not apply as the Judicial Defendants willfully violated clearly established Constitutional Civil Rights and Due Process thereby forfeiting judicial or otherwise immunities; and they do not qualify as 'employees' under Title 24 because it specifically excludes the judicial department, federal claims, Civil Rights violations, and contracts; and Notice was lawfully served upon the Attorney Generals and upon the judicial defendants, and therefore all the Judicial Defendant's arguments completely fail as a matter of law, and accordingly their arguments are to be Denied [#222] and all counterclaims [#217] moved into discovery and they be ordered to Answer.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant and Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that on this 5th day of August 2021 a copy of the foregoing Response and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Defendants' and/or their counsel and upon appeared parties, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5) and upon Mr. High by email.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen