# COLORADO COMMISSION ON JUDICIAL DISCIPLINE



Thank you for your inquiry regarding the Colorado Commission on Judicial Discipline.

## About the Commission

The Commission was established under Article VI, Section 23(3) of the Colorado Constitution to review the conduct of judges who serve in Colorado's District and County Courts and on the Court of Appeals and the Supreme Court. The Commission is comprised of four laypersons and two lawyers appointed by the Governor together with two county court judges and two district court judges appointed by the Colorado Supreme Court. They bring their combined experience and diverse viewpoints to bear in addressing allegations of misconduct. The Commission meets bi-monthly and at other times as necessary. The Commission's administrative staff is available to respond to inquiries about judicial conduct and the Commission's procedures. The Colorado Rules of Judicial Discipline (Colo. RJD) provide the framework for the Commission's disciplinary proceedings.

The Commission's website – www.coloradojudicialdiscipline.com – includes answers to frequently asked questions; copies of Colo.RJD, the Colorado Code of Judicial Conduct, and the Commission's annual reports; and other useful information.

## Colorado Code of Judicial Conduct

A judge's conduct is guided by the ethics principles – known as the Canons – in the Colorado Code of Judicial Conduct. The Canons address the integrity and independence of the judiciary; impropriety or the appearance of impropriety; failure to perform judicial duties diligently, impartially, and courteously; inappropriate demeanor with litigants and court staff; ex parte communications; and other unprofessional conduct. The Canons also provide guidelines for a judge's role in the community, including civic duties and activities related to the improvement of the judiciary, and impose limitations on a judge's involvement in politics.

## Grounds for Judicial Discipline

Colo. RJD 5 provides the grounds for judicial discipline:

- Willful misconduct in office, including misconduct which, although not related to judicial duties, brings the judicial office into disrepute or is prejudicial to the administration of justice;
- Willful or persistent failure to perform judicial duties, including incompetent performance of judicial duties;
- Intemperance, including extreme or immoderate personal conduct; recurring loss of temper or control; abuse of alcohol, prescription drugs, or other legal substances; or the use of illegal or non-prescribed narcotic or mind-altering drugs; or
- Any conduct that constitutes a violation of the Canons.
- Failure to cooperate with the commission or to comply with a Commission order.

1300 Broadway, Suite 210 • Denver, Colorado 80203 • Telephone (303) 457-5131 • Fax (303) 501-1143 • E-mail: judicialconduct@jd.state.co.us

Rev. 7-17

## Request for Evaluation of Judicial Conduct

Enclosed is a Request for Evaluation of Judicial Conduct to guide you in reporting your concerns. Commission staff will review the Request to determine whether it focuses on a judge and whether there is a reasonable basis under Colo. RJD 5 for disciplinary proceedings or under Colo. RJD 33.5 for disability proceedings. If the Request does not provide a reasonable basis for such proceedings, the Commission will notify you that the matter was closed without further consideration. A judge is not notified of a Request or the identity of the person requesting an evaluation unless the matter proceeds beyond its preliminary review.

If there is a reasonable basis to proceed further, the members of the Commission will commence informal disciplinary proceedings to consider the allegations in the Request as a complaint, which will involve an investigation of the judge's conduct and a request for the judge's response. If necessary, the Commission may order an independent medical examination to determine if the judge has a physical or mental condition that is adversely affecting his or her ability to serve as a judicial officer. Under Colo. RJD 16, the standard of proof to establish judicial misconduct or to convert disciplinary proceedings into disability proceedings is the preponderance of the evidence; if the available evidence is not sufficient to satisfy this standard, the Commission will dismiss the complaint. However, a dismissal may include an appropriate expression of concern about the circumstances.

If the Commission concludes that the evidence establishes misconduct, the Commission may issue an admonishment, reprimand, or censure of the judge; or it may order diversion measures designed to improve the judge's conduct, such as docket management reports, training, counseling, or medical treatment. Except to notify the judge and the complainant of the Commission's decision, the proceedings of the Commission are confidential, as required by the Constitution and Colo. RJD 6.5. However, if the Commission determines that these disciplinary measures will not adequately address the misconduct, it may commence formal proceedings which could result in the Supreme Court issuing a public censure or removing the judge from office. Colo. RJD 33.5 provides additional guidance in instances involving a judge's disability.

## Limitations on the Commission's Authority

A dispute regarding a Judge's rulings on motions, evidence, procedure, or sentencing; a Judge's findings of fact and conclusions of law; or other matters that are within the jurisdiction of the trial or appellate courts to resolve do not provide a basis for disciplinary proceedings, unless the manner in which the judge has presided over the case involves one or more of the grounds provided in Colo. RJD 5. The Commission is not a court and cannot change a judge's decision.

The Commission's jurisdiction does not include magistrates or municipal judges. Magistrates are attorneys employed by the courts to perform certain judicial duties. Concerns regarding the conduct of attorneys serving as magistrates or as municipal judges should be addressed to the Office of Attorney Regulation Counsel. Allegations of misconduct by municipal judges also may be reported to the administration of the town or city in which they serve. County Court Judges in the City and County of Denver are not within the Commission's jurisdiction, because they serve both as municipal judges and state judges; their conduct is monitored by the Denver County Court Commission on Judicial Discipline.

The Commission has no jurisdiction over the conduct of persons involved in other judicial functions or related positions, such as court staff, private attorneys, district attorneys, public defenders, alternate defense counsel, probation officers, police or sheriff officials, staff of the Department of Corrections, administrative law judges, or the federal courts.

1300 Broadway, Suite 210 • Denver, Colorado 80203 • Telephone (303) 457-5131 • Fax (303) 501-1143 •
E-mail: judicialconduct@jd.state.co.us

Rev. 7-17

Page 2: Request for Evaluation of Judicial Conduct – Instructions and Important Information

The Colorado Code of Judicial Conduct (the "Code") provides an ethics code for judges. A judge's conduct in the courtroom and in the community is guided by certain principles, known as the Canons, contained in the Code.

The authority of the Commission on Judicial Discipline is limited to an examination of a judge's conduct and the application of disciplinary measures when warranted. Rule 5 of Colorado Rules of Judicial Discipline (Colo. RJD) describes the grounds on which the Commission may commence disciplinary proceedings, but also provides that disputes about a judge's rulings – rather than his or her conduct – are within the jurisdiction of the trial court or an appellate court to resolve. The Commission is not a court and does not have the authority to change a judge's decision.

The first step in the disciplinary process is for a person or organization to request an evaluation of the judge's conduct, either by completing this Request form or by describing the judge's conduct in a letter or summary directed to the Commission. It is important to provide the approximate date and time of relevant events and, if available, the case number. Copies of relevant court records may be included with the Request. The Request may be filed with the Commission by regular mail, email, or fax. The Commission staff will make reasonable accommodations for a person with disabilities in preparing and filing such a Request.

The Request will be evaluated by a member of the Commission or its administrative staff to determine whether the alleged misconduct involves a judge and whether there is a reasonable basis for processing the Request as a complaint to be considered in disciplinary proceedings. The most common reason for not considering a Request as a complaint is that the Request is disputing a judge's rulings on motions, evidentiary or procedural issues, sentencing, findings of fact and conclusions of law, or on other matters that require a judge's decision and are reviewable on appeal. If there is no reasonable basis for a complaint, the judge will not be notified of the Request.

However, if sufficient grounds are alleged for disciplinary proceedings, the Commission will notify the judge and ask the judge to respond. Based on the complaint, the judge's response, court records, and information obtained through the Commission's investigation, the members of the Commission will determine whether there is sufficient evidence to warrant informal disciplinary measures such as a private reprimand; the commencement of formal proceedings which could result in a public sanctions, such as removal from office; or the dismissal of the complaint. A complaint also may be processed under Colo. RJD 33.5 as a disability proceeding. While the complainant and the judge will be notified of the Commission's decision, the Constitution and Colo. RJD 6.5 require its records, proceedings, and disciplinary measures to remain confidential.

The Code and Colo. RJD along with the Commission's annual reports and general information about the Commission are available at www.coloradojudicialdiscipline.com. Commission staff is available by phone at (303) 457-5131 to provide guidance in filing a Request.

Send the Request and related documentation to:

**Colorado Commission on Judicial Discipline**
**1300 Broadway, Suite 210**
**Denver, Colorado 80203**
**judicialconduct@jd.state.co.us**
**Fax: (303) 501-1143**

Page 2:  Instructions and Important Information

The Colorado Commission on Judicial Discipline evaluates complaints of alleged misconduct by judges and justices of Colorado state courts. The Commission has no authority to review the conduct of persons involved in other judicial functions or related positions, such as support staff, magistrates, municipal judges, district attorneys, public defenders, probation officers, administrative law judges, workers compensation hearing officers, federal magistrates, federal judges, police and sheriff officials, or the Department of Corrections. Because county court judges in the City and County of Denver also act as municipal judges, their conduct is monitored by the Denver County Court Commission on Judicial Discipline, rather than the Colorado Commission on Judicial Discipline.

The Colorado Code of Judicial Conduct provides an ethics code for judges. A judge's conduct in his or her professional capacity and in the community is guided by certain principles, known as the Canons, which are contained in the Code. The Canons address the integrity and independence of the judiciary; impropriety or the appearance of impropriety; failure to perform duties promptly, impartially, and courteously; conduct off the bench that is outside the boundaries of permitted quasi-judicial or extra-judicial activities; and inappropriate political activities.

The Commission is authorized to review and investigate complaints; issue private letters of admonition, reprimand, or censure; make referrals to training or counseling programs; evaluate disabilities; and, if appropriate, recommend public sanctions to the Supreme Court, such as removal, public reprimand, or retirement for disability. Grounds for Commission action include:

- Willful misconduct, including misconduct that, although not related to judicial duties, brings the judicial office into disrepute or is prejudicial to the administration of justice
- Willful or persistent failure to perform judicial duties
- Intemperance, including extreme or immoderate personal behavior, recurring loss of temper or control, abuse of alcohol or medications, or the use of illegal narcotic or dangerous drugs
- A violation of any of the Canons
- A disability that interferes with the performance of judicial duties that is, or is likely to become, of a permanent character.

The Commission focuses on judicial conduct, rather than on judicial rulings. It has no authority to intervene in litigation or to reverse or revise rulings of a trial court or an appellate court. For example, it cannot modify a ruling on a motion, revise a parenting plan, resolve conflicts in evidence, recalculate damages, override a jury verdict, or reduce a sentence. Such matters may involve errors in a court's findings of fact and conclusions of law and, therefore, are reserved to the trial court for reconsideration or to the appellate courts for review. Filing a complaint with the Commission does not extend or stay the time limits that apply to a motion for new trial or an appeal.

Complaints are reviewed by the staff of the Commission to determine whether they are within the Commission's jurisdiction. The Colorado Rules of Judicial Discipline require the dismissal of complaints that are groundless or frivolous or that involve issues that belong in the appellate courts. Complaints that survive the screening process are referred to the Commission for its consideration. The Commission is comprised of four citizens, who are not currently lawyers or judges; two lawyers; two county court judges; and two district court judges.

The complaint should describe the incident or incidents of alleged misconduct on the front of this form, in a letter, or in a brief summary. Court orders, exhibits, partial transcripts or audio CDs of proceedings (if available), and other documentation relevant to a complaint may be included. Complaints are accepted in any format that describes the alleged misconduct, and may be handwritten or typed. It is important to identify the judge, the county, and the case number, if the alleged misconduct occurred during a court proceeding.

The papers and proceedings of the Commission are confidential. A judge is not notified of a complaint unless the Commission determines that an investigation is warranted.

Send the Complaint and related documentation to:

**Colorado Commission on Judicial Discipline**
**1300 Broadway, Suite 210**
**Denver, Colorado 80203**
**complaints@jd.state.co.us**

For questions about the process or additional information, please contact the Commission's Executive Director at (303)457-5131. The Commission's fax number is (303)501-1143. The Commission's website is www.coloradojudicialdiscipline.com.

Rev. 09/14

**Revised, Effective 7/1/2017**

**The below versions of 3.0 and 3.5 include revisions proposed for the Supreme Court's
approval, which is pending**

## COLORADO RULES OF CIVIL PROCEDURE

## CHAPTER 24

### COLORADO RULES OF JUDICIAL DISCIPLINE

#### PART A. GENERAL PROVISIONS

Rule 1.   Scope, Objectives and Title
Rule 2.   Definitions
Rule 3.   Organization and Administration
Rule 4.   Jurisdiction and Powers
Rule 5.   Grounds for Discipline
Rule 6.   Reserved [Revised and restated in 2012 as Rule 6.5]
Rule 6.5  Confidentiality and Privilege
Rule 7.   Notice of Action
Rule 8.   Service
Rule 8.5  Procedural Rights of Judge
Rule 9.   Disqualification of an Interested Party
Rule 10.  Immunity
Rule 11.  Amendment of Rules

#### PART B. INFORMAL PROCEEDINGS

Rule 12.  Request for Evaluation of Judicial Conduct
Rule 13.  Preliminary Proceedings
Rule 14.  Investigation and Notice to Judge
Rule 15.  Independent Medical Examination
Rule 16.  Determination
Rule 17.  Disqualification of a Judge

#### PART C. FORMAL PROCEEDINGS

Rule 18.   Statement of Charges, Notice, and Pleadings in Formal Proceedings
Rule 18.5  Special Masters
Rule 19.   Response of Judge
Rule 20.   Setting for Hearing
Rule 21.   Reserved [Revised and restated in 2012 as Rule 21.5]
Rule 21.5  Discovery
Rule 22.   Subpoena and Inspection
Rule 23.   Witness Fees and Expenses
Rule 24.   Reserved [Revised and restated in 2012 as Rule 18.5]
Rule 25.   Prehearing Procedures
Rule 26.   Hearing
Rule 27.   Procedures and Rules
Rule 28.   Reserved [Revised and restated in 2012 in Rules 8.5 and 33]
Rule 29.   Amendment to Pleadings
Rule 30.   Additional Evidence
Rule 31.   Standard of Proof

(e) **Evaluation of the Executive Director.** The members should evaluate the performance of the Executive Director periodically, but no less frequently than annually.

(f) **Meetings.** Meetings shall be held at the call of the chair, the vice-chair, or the executive director, or at the request of three members of the Commission. The Commission may conduct meetings in person or by conference call.

(g) **Quorum.** Six members must be present in person or by conference call for the transaction of business by the Commission.

## 3.5. Code of Conduct for Members

(a) **General.** The Commission is responsible for maintaining the integrity and independence of the judiciary. The conduct of each member, the Executive Director, and staff of the Commission in the performance of their duties shall be in accordance with this Rule 3.5.

(b) **Consent and Enforcement.**

(1) **Acknowledgement and Consent.** By accepting appointment to the Commission and participating in its meetings and other activities, each member acknowledges and agrees to abide by the provisions of this Rule 3.5. The Chair should remind the members of their obligations under this Rule and their duty to disqualify themselves when necessary.

(2) **Enforcement.** If a member fails to comply with this Rule, or fails to regularly attend Commission meetings, the Chair or the Executive Director may refer the matter to the Commission as a whole for appropriate corrective action. The Commission may, by the majority vote of a quorum of its members at a meeting, during a conference call, or by email, reprimand the member or temporarily suspend the member from the Commission. In addition, a member who fails to attend three consecutive meetings shall be deemed to have resigned, as provided in Colo. Const. Article VI, Section 23(3)(b).

(3) **Removal.** If the situation involves a violation of this Rule which, in the Commission's view cannot be adequately addressed internally, the Commission may recommend to the Governor's office that the appointment of an attorney member or non-attorney member should be rescinded and the member removed from the Commission; or recommend to the Supreme Court that the appointment of a judge member should be rescinded and the judge removed from the Commission.

(c) **Confidentiality.**

(1) **General Application.** All disciplinary proceedings of the Commission are confidential in accordance with Article VI, Section 23(3) of the Colorado Constitution and Colo. RJD 6.5.

(2) **Communications.** Neither the Executive Director, Commission staff, nor any member should communicate on behalf of the Commission with the public or news media regarding Commission business, except as provided in this Rule. Members, the Executive Director, and staff may provide general information to educate judges, the public, and the news media about the Commission's Rules and proceedings, but without reference to allegations of misconduct that are pending or that may become pending before the Commission. The Executive Director and staff may describe the allegations and explain the Commission's Rules and procedures to a judge

6

(1) **Judicial Branch Policies.** Members and Commission staff who utilize information technology, electronic communications, computers, or other resources provided by the state shall comply with the judicial branch policies applicable to the use thereof by judicial branch employees.

(2) **Staff Services.** Members shall not use Commission staff for their own personal, financial, business, or professional matters.

(g) **Disqualification.**

(1) **Conditions for Disqualification.** A member shall be disqualified, on the member's own motion or by a majority vote of the other members, from the Commission's consideration of allegations of judicial misconduct or judicial disability if the member's ability to participate fairly and impartially could reasonably be questioned, including, for example and without limitation, where the member:

(A) is the judge whose conduct is the subject of a Request for Evaluation of Judicial Conduct, an investigation, a complaint, or other disciplinary or disability proceedings;

(B) was involved in events relating to the allegations;

(C) has personal knowledge of evidence that is relevant to the allegations;

(D) is or expects to be a material witness regarding the subject judge's conduct;

(E) is a close personal friend of the subject judge; or

(F) has a personal bias for or against the subject judge or the person who has alleged judicial misconduct.

(2) **Disclosure.** Each member should disclose to the Commission any present or past family, personal, social, professional, financial, or business relationship with the subject judge or a lawyer who is representing the subject judge; and either recuse from participation in the proceedings or defer to the remainder of the Commission members to determine whether the member should be disqualified from the proceedings in order to avoid the appearance of impropriety.

(3) **Appearance before the Subject Judge.** A lawyer member may disqualify himself or herself from the Commission's consideration of the conduct of a subject judge before whom the lawyer or the lawyer's firm has one or more pending cases. A lawyer member with concerns about a subject judge's ability to remain impartial in presiding over a pending case in which the lawyer member or the lawyer member's firm is counsel, a case in which the lawyer member or the lawyer member's firm is counsel that occurs subsequent to a disciplinary proceeding against the subject judge, or about a judge to whom the subject judge's case was reassigned may disclose the circumstances involving the Commission's proceedings in a motion for disqualification under C.R.C.P. 97 or Crim.P. 21(b).

(4) **Written Materials and Decisions.** A disqualified member shall not respond to or comment on written materials provided by the Commission to its members that are relevant to the allegations regarding the conduct of the subject judge, nor shall such member critique the decision of the remaining members regarding the judge's conduct.

(5) **Previous Complaints.** A member is not disqualified by having considered a previous complaint or a related complaint against the subject judge.

(6) **Excused from Meeting.** A disqualified member shall be excused from the meeting room before the Commission begins its consideration of the allegations and shall return to the meeting after the remaining members have reached a decision. A member judge, however, need not leave during the staff's summary of routine dismissals of Requests for Evaluation that include allegations against the member judge but do not provide a reasonable basis for disciplinary proceedings.

(7) **Special Members.** In accordance with Article VI, Section 23(3)(b) of the Colorado Constitution, the Commission may appoint a special member to sit on the Commission solely for the purpose of deciding the matter in which a member is disqualified.

(h) **Complaints regarding the Executive Director and Staff.**

(1) **Complaints regarding the Executive Director.** If a member receives a complaint about the conduct of the Executive Director, the member shall refer the complaint to the Chair or Vice-Chair, who shall appoint a subcommittee of the members to conduct an investigation and report their findings to the other members and the Executive Director.

(2) **Complaints regarding Staff.** If a member receives a complaint about the conduct of a staff member, other than the Executive Director, the member shall refer the complaint either to the Executive Director, the Chair, or the Vice-Chair.

## Rule 4. Jurisdiction and Powers

(a) **Jurisdiction.**

(1) **Filing Date.** The Commission has jurisdiction over a Judge regarding allegations of misconduct or a disability and the application of dispositions and sanctions thereto, based on events that occurred while the Judge was an active or senior judge, if a request for evaluation of judicial conduct is received by the Commission (or a complaint is commenced on the Commission's motion) (A) during the Judge's term of office or within one year following the end of the judge's term of office or the effective date of the Judge's retirement or resignation, with respect to alleged misconduct or disability occurring during the Judge's term of office; or (B) during the Judge's service in the senior judge program or within one year following the end of the Judge's service in the senior judge program, with respect to alleged misconduct or disability occurring during the Judge's service in the senior judge program.

(2) **Continuing Jurisdiction.** The jurisdiction of the Commission to fulfill its Constitutional mandate under of Rule 1(b) regarding a pending disciplinary or disability proceeding shall not terminate upon the expiration of the Judge's term of office, the Judge's retirement or resignation, or the appointment or reappointment of the Judge to the senior judge program. Such jurisdiction shall continue until a disposition or sanction is determined.

(a) **In General.** Grounds for judicial discipline shall include:

(1) Willful misconduct in office, including misconduct which, although not related to judicial duties, brings the judicial office into disrepute or is prejudicial to the administration of justice;

(2) Willful or persistent failure to perform judicial duties, including incompetent performance of judicial duties;

(3) Intemperance, including extreme or immoderate personal conduct; recurring loss of temper or control; abuse of alcohol, prescription drugs, or other legal substances; or the use of illegal or non-prescribed narcotic or mind-altering drugs; or

(4) Any conduct that constitutes a violation of the Code.

(b) **Failure to Cooperate During Proceedings**. A Judge's failure to cooperate with the Commission during the investigation or consideration of a complaint may be grounds for discipline.

(c) **Failure to Comply with a Commission Order**. A Judge's failure or refusal to comply with an order issued under these Rules during disciplinary proceedings or with a disciplinary order resulting from such proceedings may be (i) grounds for initial or supplemental disciplinary measures or (ii) probable cause to proceed with formal proceedings.

(d) **Contempt Proceedings not Precluded.** Determinations by the Commission under sections (b) and (c) of this Rule are in addition to and do not preclude contempt proceedings under Rule 4(e).

(e) **Misconduct Distinguished from Disputed Rulings.** A dispute regarding a Judge's rulings on motions, evidence, procedure, or sentencing; a Judge's findings of fact and conclusions of law; or other matters that are within the jurisdiction of the trial or appellate courts to resolve shall not provide a basis for disciplinary proceedings, unless the Judge's conduct in presiding over the case involves one or more of the grounds provided in this Rule.

## Rule 6. [Reserved]

**[Revised and restated in 2012 as Rule 6.5]**

## Rule 6.5. Confidentiality and Privilege

(a) **Confidentiality.** The proceedings of the Commission and special masters, including all papers, investigative notes and reports, pleadings, and other written or electronic records, shall be confidential unless and until the Commission files a recommendation with the Supreme Court under Rule 37. The recommendation and the record of proceedings shall thereupon become

11