| District Civil Court, Mesa County, Colorado | |
|---|---|
| Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br><br>AUG 2 2019 |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br><br>Defendant(s)/Respondent(s): James Corey Goode | ▲ COMBINED COURT<br>BY LITIGANT<br>COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division 10 Courtroom 10 |

| MOTION FOR LEAVE OF THE COURT TO AMEND THE COMPLAINT |
|---|

Plaintiff, Alyssa Chrystie Montalbano, pursuant to D.C.COLO.LCivR 15.1, and C.R.C.P Rule 15 moves this court to allow the filing of the Amended Complaint for the following:

## I.  Background

Plaintiff opened this case June 25, 2018 not understanding how the court needs to have a Complaint. Plaintiff moves this honorable court to allow the filing of the attached and Amended Complaint; in such that the Amended Complaint states the same claims, in what is understood to be court correct statutory counts against the Defendant; so this matter may move forward into the discovery phases.

MOTION FOR LEAVE OF THE COURT TO AMEND THE COMPLAINT  Page 1 of 4

## Law in Support of Amending

C.R.C.P. 15 allows a Plaintiff to amend a complaint upon leave of court. It is a longstanding judicial principle that a motion for leave to amend a complaint should be freely granted, and that C.R.C.P. 15 is to be liberally applied. *Van Schaack v. Phipps*, 558 P.2d 581 (Colo.App. 1976); *Eckstine v. Harris*, 521 P.2d 1280 (Colo.App. 1974).

Trial courts should permit amendments to pleadings at any stage of the litigation process so long as undue delay does not result and other parties are not prejudiced by such amendments. *Ajay Sports, Inc. v. Casazza*, 1 P.3d 267 (Colo.App. 2000).

There will be no new issues interjected into this case by the granting of the instant motion. As exemplary damages are based on the **identical conduct** of the underlying action, there is no prejudice to Defendant.

The following statutes govern the issues at claim since 2018 and need to be correctly cited in the Complaint as counts for response by the Defendant, so that the legal remedy requested of the courts by Plaintiff may be actionable and are in this honorable state court's jurisdiction:

## A. COUNTS TO BE CITED

1. **Abuse of Process**

2. **Malicious Prosecution**

3. **Civil Conspiracy**

4. **Violation of the Colorado Consumer Protection Act** – (CCPA) C.R.S.

   6-1-105(1)(b) Deceptive trade practices.

5. Updated **Fraud Theft** - CRS 18-4-401(1)(a & b), CRS 18-4-401(5)

6. **Defamation Per Se** – C.R.S. 13-80-103(1)(a)

7. **Colorado Harassment Law** – CRS 18-9-111

8. **Colorado Stalking Law** – CRS 18-3-602

9. Updated **Theft of Trade Secrets** CRS 18-4-408 (1) and (2); CUTSA

   (CRS 7-74-101 et seq.)

10. **Intentional Infliction of Emotional Distress** – CRS 7-74-104(2)

11. **Unjust Enrichment** – C.R.S. 7-74-104 (CUTSA)

12. **Injunctive Relief Request For:**

    a. **Theft of Trade Secrets** – CRS 7-74-103

    b. **Defamation** - C.R.S. 13-80-103(1)(a)

    c. **Harassment** – CRS 18-9-111

    d. **Stalking** – CRS 18-3-602

13. **Punitive Damages and Attorney/Legal Fees**

It is in the interest of justice to grant leave of the court to amend the Complaint.
(D.C. COLO. LCivR 15.1(b))

Wherefore, Plaintiff, moves this honorable court to grant this Motion to
Amend the Complaint in accordance with due process of law, that relief may be
appropriately granted to Plaintiff and to address deficiencies regarding 'failure to
state a complaint' as justice so requires it. (C.R.C.P. Rule 15)

Respectfully Submitted and All Rights Reserved,

Alyssa Chrystie Montalbano

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1) with pro se
Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and
having exhausted the use thereof, and Defendant not having provided the courts with proper contact
information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to
lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this
honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR LEAVE OF THE COURT TO AMEND THE
COMPLAINT, AMENDED COMPLAINT, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER TO
STOP AND DESIST DEFAMATION STALKING HARASSMENT AND UNAUTHORIZED USE OF TRADE SECRETS, AFFIDAVIT
ALYSSA CHRYSTIE MONTALBANO, and EXHIBITS AQ – AY** were sent first class by U.S. Mail, postage prepaid, to Mr.
James Corey Goode USPS Certified Mail 7017 2620 0000 7180 8100; 1140 US Highway 287, Suite 400-266,
Broomfield, CO 80020 and by email to James Corey Goode this **2nd day of August, 2019.**

Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

| District Civil Court, Mesa County, Colorado | |
|---|---|
| Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | |
| Plaintiff(s): Alyssa Chrystie Montalbano<br><br>v.<br><br>Defendant(s): James Corey Goode | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>2536 Rimrock Ave<br>Suite 400-117<br>Grand Junction, Colorado 81505 | Case Number: 18CV50 |
| Phone Number:  970.250.8365            E-mail:<br>FAX Number:                       Atty. Reg. #: | Division      10      Courtroom 10 |
| **AMENDED COMPLAINT UNDER SIMPLIFIED CIVIL PROCEDURE** | |

1. James Corey Goode      , defendant(s), is (are) resident(s) of   Broomfield      County, with a post office address of    1140 US Highway 287, Suite 400-266   Street, City Broomfield , State of Colorado

2. The amount claimed herein does not exceed the jurisdiction of the court.
   **OR**

3. The amount claimed from James Corey Goode , defendant(s), is/are approximately Seventy Thousand dollars and Zero  cents (\$ 70,000 ), ~~together with proper interest, costs and any other items~~ ~~allocable by statute or specific agreement.~~ based on Pre-Litigation billing assessment for use of Plaintiff's Trade Secret materials and time; actual damages, loss of income, loss of opportunity, non-economic and punitive damages are being sought "according to proof."

4. Jurisdiction and Venue are proper in Mesa County because Plaintiff is a resident of Mesa County, Colorado and the Defendant is a resident of Colorado.

5. Such claim arises from the following event(s) or transaction(s):

Defendant presented himself as someone helping humanity. Plaintiff relied on this and as a result was defrauded of approximately 500 handwritten dream visions and associated discoveries (Trade Secret information) by Defendant during 2017, whereby Plaintiff's original materials and Trade Secrets were misappropriated by Defendant largely via email, who preyed on Plaintiff's romantic and trusting nature using his military black operation (MILAB) training and Remote Influencing (RI) skills to emotionally manipulate Plaintiff into freely sharing her highly sought after information. Subsequent to Defendant attaining the information for free he and/or his associates would disseminate the information publicly, claim the experiences as their own, or allege the information as 'secret insider' intel. This was performed at least a hundred times. No remedy or attribution was given to Plaintiff, while Defendant and his associates profited from use of Plaintiff's original information and materials.

Defendant also prevented the employment of Plaintiff at Gaia TV during 2017 for a competing series based on dreams, as he was regularly using Plaintiff's information as his own on his syndicated show carried there, Cosmic Disclosure. Plaintiff has now lost a year of work along with many personal and professional relationships, due to Defendant defaming Plaintiff as a stalker or similar derogatory terms to mutual friends and associates to maintain his fraud. January 12, 2018 Defendant created a derivative work based on approximately 20 of Plaintiff's handwritten dream vision experiences and alleged them as his own. Plaintiff began due process of law to the best of her abilities April 18, 2018 for remedy and attribution due, once discovering the fraud. Defendant has avoided and evaded, to include opening a malicious prosecution case, July 17, 2018, that Plaintiff got dismissed.

Based on these and other facts, Plaintiff now asserts the following claims against Defendant based on the state statutes cited and the common law of the state of Colorado:

**Count 1: Abuse of Process** – Defendant James Corey Goode used the courts with an ulterior motive that was not proper in the regular conduct of this lawsuit, that caused actual and emotional damages to Plaintiff, and whereby Mr. Goode lacked reasonable basis in law. Mr. Goode attempted to use the court system to gain unfair and unethical advantages in his business and to intimidate and harass Plaintiff, through abuse of the legal system.

1. Mid-December 2017, via email, Mr. Goode was aware Plaintiff was becoming somewhat aware of his fraud and theft of her work. Mr. Goode told Plaintiff he had not read her emails or followed her dream journals closely and essentially that all his uses of her Intellectual Property were just "synchronicity" for being on her 'right path.' Plaintiff told Mr. Goode "for the record" she did not believe him. After that Mr. Goode began to defame Plaintiff as a stalker. Mr. Goode had no problems with any of the emails from Plaintiff prior December 2017 and regularly communicated with Plaintiff via public romantic gang stalking, which turned notably hateful once the lawsuit was opened.

2. Mr. Goode was well aware of a pending lawsuit against him April 20, 2018 through mid-June 2018 for his fraud and theft of Plaintiff's Trade Secrets. Mr. Goode failed to respond to the pre-litigation complaint affidavits.

3. Mid-June 2018, Mr. Goode attempted to open a stalking case in Broomfield Combined Courts against Plaintiff, and failed. Plaintiff phoned the Broomfield courts mid-June 2018 and was informed by the clerks of the Broomfield court 'Mr. Goode did not meet the requirements' and that his stalking case was rejected.

4. Subsequently Plaintiff stopped trying to negotiate outside of litigation and opened this instance case, 18CV50, June 25, 2018. Plaintiff attempted to serve Mr. Goode the summons via the Broomfield Police Civil Department, June 27, 2018. Mr. Goode and his Texas based legal counsel, Ms. Wilde, avoided and evaded service of summons for almost 3 weeks. July 1, 2018 Plaintiff asked Ms. Wilde about serving Mr. Goode for case 18CV50. No Reply was received till on or about July 13, 2018 and regular communication commenced.

5. On July 17, 2018 Mr. Goode succeeded in opening his stalking case on his second attempt and fabricated evidence for the record, claiming Plaintiff made repeat phone calls when Plaintiff doesn't even have his phone number.

6. Mr. Goode also checked the box in his stalking complaint, affirming under penalty of perjury, that he didn't know about any Protection Order in effect against himself, when he has a mutually agreed upon lifelong stalking Protection Order issued against him, from a former employer, Darling International, dated October 31, 2014. See Darling vs Goode: Dallas County, Texas, District Civil Court, Cause No DC-14-04807

7. Mr. Goode's main "threat of violence" for his stalking claim was being 'threatened with a lawsuit' and of which Mr. Goode already knew was opened against him and that he and his legal counsel were actively avoided and evaded service of July 1-18, 2018, until after Mr. Goode succeeded in filing his frivolous stalking claim. Mr. Goode filed as 'stalking evidence' Plaintiff's affidavit complaint mailings along with efforts at resolution outside of litigation.

8. July 24, 2018 in open court the judge read Plaintiff's papers and the temporary protection order was vacated. The Judge scolded Mr. Goode for failure to serve and ordered Mr. Goode to retain legitimate Colorado legal counsel and made it clear to Mr. Goode and Plaintiff they each only got one continuance. After the order was vacated, Mr. Goode then alleged he'd have witnesses testify against Plaintiff; which none could lawfully exist as Plaintiff has not stalked or threatened Mr. Goode or his family at any time; and Mr. Goode used his one continuance. Plaintiff V.C. (under duress) signed the reinstated temporary protection order as the matter was continued to August 6, 2018.

9. Mr. Goode did not retain a Colorado lawyer. Plaintiff retained a Colorado lawyer and appeared August 6, 2018. Mr. Goode failed to appear. The case was summarily dismissed in Ms. Montalbano's favor.

10. It is believed the multiple attempts by Mr. Goode to make allegations of stalking against Plaintiff were an abuse of the legal process and intended only to harass and bully Plaintiff into dropping the claims contained in this case.

Based on the acts of Abuse of Process and Malicious Prosecution, the Plaintiff believes she is entitles to recover damages based upon the forgoing acts of Abuse of Process; to include attorney/legal fees and punitive damages.

**Count 2: Malicious Prosecution** – The Defendant was party to an action against Plaintiff that was resolved in Plaintiff's favor. There was no probable cause for the action and the Defendant lacked either a reasonable or good faith belief that the action would be successful or was warranted in any way. The action was brought with malice and improper motive and Plaintiff suffered damages as a result.

1. Mr. Goode failed to open a stalking case in the Broomfield Combined Courts against Ms. Montalbano mid-June 2018 because he 'did not meet the requirements' and his case was rejected.

2. Mr. Goode avoided and evaded service of summons for this instant case for approx. 3 weeks, until after he opened his second malicious prosecution case July 17, 2018.

3. Mr. Goode fabricated evidence so his second attempt would be successful, July 17, 2018. He failed to enter Ms. Wilde Pro Hac Vice. He failed to serve the summons and Ms. Wilde withheld the charges and hearing information until barely 24 hours prior the hearing, July 23,2018, located 5 hours away. Ms. Wilde and Plaintiff had been in regular communication July 13 – 23, 2018 regarding service of Mr. Goode and matters regarding case 18CV50 and she never mentioned anything about service or the hearing, until it was too late for Plaintiff to retain a lawyer and almost too late for Plaintiff to write a legal defense.

4. Mr. Goode checked the box in his stalking claim case, under penalty of perjury, he was unaware of his own mutually agreed upon lifelong stalking Protection Order issued against him October 31, 2014 by a former employer.

5. Mr. Goode's main "threat of violence" for his stalking claim was being 'threatened with a lawsuit' and of which Mr. Goode already knew was opened against him and that he and his legal counsel were actively avoided and evaded service of for weeks.

6. In open court, July 24, 2018 after the judge read Plaintiff's papers the Protection Order was vacated. Mr. Goode was scolded for failure to serve and ordered to retain a legitimate Colorado lawyer. Mr. Goode (to Plaintiff's recollection) stated he needed the order or "Plaintiff would talk." Mr. Goode alleged he would have witnesses testify, the matter was continued to August 6, 2018. Plaintiff retained legal counsel and appeared at the continuance hearing. Mr. Goode failed to appear. The Protection Order was vacated a second time and the case dismissed in Ms. Montalbano's favor.

Based upon the facts of Abuse of Process and Malicious Prosecution the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Malicious Prosecution; to include actual damages proximately caused as a result of the proceeding, emotional distress, humiliation, injury to reputation, loss of time and business, attorney/legal fees, and punitive damages.

**Count 3 Civil Conspiracy:** Mr. Goode worked with one or more people to accomplish his unlawful objectives of converting Plaintiff's intellectual and other property to his own use without permission and defamation of Plaintiff. These people were in mutual agreement over the course of action and they intentionally and unlawfully acted together to promote Mr. Goode's fraud and caused damages to Plaintiff.

1. During 2017 Mr. Goode worked with a group of associates to perform his fraud and theft of Plaintiff's Trade Secret materials (Dream Visions and associated data) most notably he performed this with his Cosmic Disclosure show co-host, Mr. David Wilcock, a fraud dream psychic that is also a public figure.

2. During 2017 Mr. Goode, and his associates, employed romantic cyber gang stalking (Ruse De Guerre) of Plaintiff and many public 'synchronistic' methods to covertly communicate with Plaintiff. These instances of romantic cyber gang stalking are cited extensively in the Pre-Litigation Complaint. These cyber stalking activities remained largely romantic in nature until after December 2017 when Mr. Goode learned that

Plaintiff did not believe all his uses of her Trade Secret materials and public communications were synchronistic or all just 'foreseen'.

3.  Notably, after Plaintiff began due process of law April 2018, Mr. Goode and his associates turned the largely romantic cyber gang stalking into hate based public defamation hate campaigns and cyber harassment/bullying.

4.  Mr. Goode and his associates were and are in agreement to harm, harass, alarm, and destroy Plaintiff's business and personal reputation in order to maintain Mr. Goode's public fraud and theft of Plaintiff's Trade Secret materials and have taken overt actions to achieve these unlawful goals.

Based upon the facts of Civil Conspiracy and Violation of the Colorado Consumer Protection Act, Plaintiff believes she is entitled to recover damages based upon the foregoing act of Civil Conspiracy; to include lost business opportunities, actual damages, emotional distress, and punitive damages.

**Count 4 Violation of the Colorado Consumer Protection Act CRS 6-1-105(1)(b)** Mr. Goode has engaged in unfair and deceptive trade practices.  These deceptions occurred during the course of Mr. Goode's regular business practices and significantly impacts the public, both actual and potential consumers. The Plaintiff has suffered injury in fact to legally protected interests (Trade Secrets) along with other damages.

1.  Mr. Goode is a public figure with the SBA (Sphere Being Alliance) brand and his 'fake news' stories reach millions of people via his then show Cosmic Disclosure, the internet, television, written mediums, and public for profit events.

2.  Mr. Goode presents himself as someone that is honest and helping humanity and that he is poor needing regular donations and free help from everyone.

3.  Mr. Goode most notably claims he is a Secret Space Program (SSP) whistleblower and as such that he has clearance levels above the President of the United States of America.

4.  Mr. Goode claims he travels off world in other dimensions and densities with approximately 6 foot tall blue bird aliens and that they talk with him in his dreams. Mr.

Goode is publically a strong supporter of how important dreams are and that contact with his Blue Avian (BLUEBIRD) alien friends begins first in dreams.

5. Mr. Goode alleges being able to easily astral project and travel outside of his physical form at will (as a soul type essence only) since his early childhood.

6. Mr. Goode alleges being hand selected by the military at a young age for being an Intuitive Empath (IE) and that he has been used to read people (or aliens) in interrogation rooms.

7. Mr. Goode alleges that he is a victim of the MKULTRA and MiLab programs, notably associated with the CIA for intelligence gathering. Programs known for the purpose of mind control through personality splitting via severe abuse, illicit drugs, hypnosis, and fake and alleged legitimate alien abductions. Victims of these programs are said to have deep state handlers that control them and their actions. MKULTRA is associated with the CIA's 1950's declassified clandestine and illicit program called Project BLUEBIRD/ARTICHOKE, an intelligence gathering program that utilized mind control, hypnosis, and personality splitting and cited a strong and growing interest in the development of ESP for militaristic use.

8. It is believed that Mr. Goode is still a victim of the MKULTRA and MiLab programs and that he has deep state handlers orchestrating his life.

9. Mr. Goode runs a mass scale public cult with his close associate Mr. Wilcock, where they place themselves at the center as fraudulent victims and heroes of their fictional realities, where their enemies ("Dark Alliance" aka terrorists) are people they have stolen work from, such as Plaintiff. The cult is based on telling millions of people Fake News, providing fraudulent whistleblowers, and telling hundreds and even thousands of fraudulent (dream) psychic predictions allegedly 'channeled' by Mr. Wilcock (who claims he is the famous dream psychic Edgar Casey reincarnated); and Mr. Goode tells fake prophesies from his alleged BLUEBIRD friends and other alleged aliens supposedly helping humanity who he calls 'The Alliance.'

10. It is believed this cult is funded and orchestrated by the deep state using advanced technologies to cause people to falsely believe they are having alien encounters and giving false hope to emotionally desperate and financially needy people of being 'rescued' by 'aliens' (aka Mr. Goode's made up alien "Alliance") while Mr. Goode and his associate Mr. Wilcock regularly and repeatedly divest the public of massive amounts of their hard earned money under false pretenses.

11. Mr. Goode uses his public fraud and public dis-info campaigns as a way to steal valid researchers' work (like Plaintiff's Trade Secrets) for he and/or his associates' benefit and to destroy the valid research that he re-presents as part of his public BLUEBIRD farce. This deception confuses the public about what is real and true vs. what is not and defrauds the public of private funds and other resources and information "donated" under false pretenses. Once Mr. Goode has stolen valid research and information, and either taken credit for it or destroyed it, he publically defames the source to hundreds of thousands and even millions of people as "Dark Alliance" (aka people who are terrorists, cabal, evil, rape, kill, and destroy) "Stalkers," or other equally damaging and criminal based terms to maintain his public fraud and theft, and to promote his public donation schemes.

Based upon the facts of Civil Conspiracy and Violation of the Colorado Consumer Protection Act, Plaintiff believes she is entitled to recover damages based upon the foregoing act Violation of the Colorado Consumer Protection Act; to include actual damages, punitive damages, and attorney/legal fees.

**Count 5  Fraud CRS 18-4-401(1)(a and b), CRS 18-4-401(5)** The Defendant made a false representation of facts that were material and he knew they were false. Plaintiff relied on Mr. Goode's publically known stories as being true, as verifiable truths were woven in with the deceptions. As a result of believing in Mr. Goode's fraud, Plaintiff was damaged both financially and emotionally.

1. During 2017 Plaintiff believed Mr. Goode's fake news Secret Space Program stories as all being true and that he was poor and needed donations and free help; as a result Plaintiff shared her Dream Visions and information freely in efforts to help Mr. Goode, his family, and humanity.

2. Mr. Goode and/or his associates notably during 2017 and into 2018 used Plaintiff's Dream Vision information as their own work, stories, experiences, and/or discoveries; and fraudulently called it "Synchronicity".

3. Mr. Goode used his covert black operation military training and intuitive empath abilities to astral project, remote influence, and dream hack Plaintiff. Mr. Goode, romantically and sexually manipulated Plaintiff in astral and dream states and then romantic public cyber

gang stalked Plaintiff during waking states. It is believed Mr. Goode was intelligence gathering from Plaintiff for deep state and/or militaristic purposes.

4. Mr. Goode was fully aware of Plaintiff's Shamanic and Dream Vision abilities, even before Plaintiff fully understood them, making Plaintiff an easy TI (Targeted Individual) during 2017. Mr. Goode showed his awareness of Plaintiff's advanced abilities by having an associate (understood to be his personal assistant at the time) use Plaintiff's original artwork on a slide titled "Modern Day Shamans," shown live to hundreds of people at Mr. Goode's for profit event, August 2017, Eclipse of Disclosure, no remedy or attribution was given to Plaintiff at any time.

As a result of Mr. Goode's public fraud; romantic and sexual advances in dream states and 'synchronistic' public use of Plaintiff's original materials; Plaintiff lost professional and personal relationships, financial investments, private contractors, business opportunities, mutual friend and associates, and suffered embarrassment, anxiety, and emotional distress.

Based upon the facts of Civil Conspiracy, Violation of the Colorado Consumer Protection Act, and Fraud, the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Fraud; to include actual damages, consequential damages, non-economic damages (for mental suffering) and punitive damages.


**Count 6 Defamation Per Se CRS 13-80-103(1)(a)** Mr. Goode has knowingly falsely publically accused Plaintiff of criminal acts, sexual misconduct, someone with a mental disease, and defamed Plaintiff in her trade as a dream researcher via libel and slander, notably since July 17, 2018 through to current. This Defamation was performed knowingly as Mr. Goode completely lost his second stalking case (even with fabricated evidence) on August 6, 2018. Every time Mr. Goode publically claimed he was being stalked after August 6, 2018 is clear knowing defamation per se against Plaintiff.

1. Mr. Goode defamed Plaintiff as a stalker to a mutual business associate at GAIA TV, Ms. Medvedich. It is believed Mr. Goode's defamation activities kept Plaintiff from having a fair review of her materials at GAIA TV during 2017 and related to Plaintiff's work and profession.

2. February 2018, Mr. Goode and his associate Mr. Roger Richards, defamed Plaintiff as a 'security risk' to Joan Ocean company located in Hawaii. Plaintiff was denied attendance

at Mr. Goode's then coming event, refunded her money, and humiliated and embarrassed to be labeled as such in a community of individuals involved in Plaintiff's type of work and related profession(s).

3. Notably June 2018 forward, Mr. Goode with his cyber gang stalking associates repeatedly defamed Plaintiff to hundreds of thousands of people as a stalker, someone sexually amoral, and Mr. Goode repeatedly shared the Dream Vision (dated December 16, 2017) where he married Plaintiff to defame Plaintiff in her profession, business, and trade of dream research. Mr. Goode repeatedly falsely stated Plaintiff is 'infatuated' with him, when it is clearly the other way around as he repeatedly publically mentions the marriage dream, cyber stalks, defames, and cyber harasses Plaintiff and refuses to negotiate or discuss any of his use of Plaintiff's Trade Secret materials since date of first Affidavit Pre-Litigation Complaint serviced upon him on/or about April 20, 2018, for legal response.

4. During 2018 to current, Mr. Goode has publically defamed Plaintiff as a stalker, someone sexually amoral, someone with a mental disease, and defamed Plaintiff in her profession and trade, via (but not limited to): Facebook, Twitter, YouTube, and Reddit. Reaching hundreds of thousands and even millions of people.

5. Mr. Goode first publically defamed Plaintiff as a stalker by direct implication (via public cyber communication) on his public Facebook page on July 17, 2018, @BlueAvians, with approximately 100,000 likers by telling his fans he had to obtain a Protection Order, the same day he fraudulently obtained one against Plaintiff. Mr. Goode threatened future defamation of Plaintiff by stating he hoped to make more public statements in the near future.

6. On or about November 18, 2018 Mr. Goode posted on Reddit internet website with "Cosmic Disclosure" user handle seen in the URL, that Plaintiff is a stalker, criminal level cyber-stalker, that he's going to report these behaviors to law enforcement. He proceeds to defame Plaintiff as being sexually amoral and defames Plaintiff in her profession as a dream researcher by again citing the December 2017 marriage to him dream. Mr. Goode does not have legal authorization to disclose the December 16, 2017 dream vision. Mr. Goode further and specifically defames Plaintiff in her trade of dream research (the same trade Mr. Goode promotes as legitimate) as being 'crazy' (mentally diseased) for having accurate dreams that showed Plaintiff knew (via evidence) what Mr. Goode and

his lawyer were up to every step of the way. Mr. Goode also threatened to make public more of Plaintiff's Dream Vision emails, in legal dispute in this instant Trade Secret case. https://www.reddit.com/r/CosmicDisclosure/comments/9xujtc/cg_being_sued_for_fraudin fringement_poster_on/ (Retrieved June 27, 2019)

7. March 17, 2019, Mr. Goode's Facebook friend and business associate Mr. Chuck Raymond defamed Plaintiff as someone sexually amoral, stating Plaintiff claims to have sex with Mr. Goode in his dreams. Plaintiff never told Mr. Raymond that. Mr. Raymond goes on to defame Plaintiff in her trade of dream research by stating Plaintiff is crazy (mentally diseased) thinking she foresees the future.

8. March 20, 2019 Mr. Goode posted to Mr. Raymond's defamatory Facebook post and escalated his defamation hate campaign. Mr. Goode cites the stalking case he lost August 6, 2018 and includes Plaintiff actual name with his "(Montalbano vs Goode)" ensuring its clear who he is defaming as a stalker. Mr. Goode again directly claims Plaintiff is a stalker and escalates Plaintiff to now be part of his fantasy of "Dark Alliance" (aka terrorists/cabal/evil people who rape, kill, infiltrate, and destroy) and is also a death threat to Plaintiff. Mr. Goode further escalates the hate campaign and reputation destruction of Plaintiff by pointing out he also talked about (defamed) Plaintiff live on the Edge Of Wonder YouTube channel.

9. March 18, 2019 Mr. Goode on YouTube channel "Edge of Wonder" with approximately 372,000 subscribers (as of July 21, 2019) defamed Plaintiff as a stalker, someone sexually harassing him, and defamed Plaintiff in her trade of Dream Research by again citing the December 16, 2017 marriage dream, in YouTube video titled, ""*Corey Goode - Alliance Update, Antarctica, Supreme Brand Loves Satan - Edge of Wonder #3.*"and approximately 193,000 views (as of July 21, 2019).

10. Plaintiff informed Mr. Goode by email he made her cry and asked him to stop. He did not.

11. About May 22, 2019 through June 19, 2019 on Mr. Goode's Twitter account @CoreyGoode with approximately 23,000 followers; Mr. Goode and a group of his cyber gang stalkers bullied, harassed, and again defamed Plaintiff publically as a stalker, cyber stalker, "Dark Alliance," someone sexually amoral, someone with a mental disease, and again defamed Plaintiff in her trade of dream research as Mr. Goode mentions the marriage dream and directs his audience to his November 2018 (fake news) Reddit hate

campaign of his. Mr. Goode also flat out lied about the status of this instant case and tagged local and federal law enforcement in efforts to make himself look like the victim, when he is repeatedly the aggressor.

**12.** Mr. Goode has knowingly refused to stop defaming Plaintiff since the first Certified USPS Pre-Litigation Affidavit Complaint and stop and desist notice were delivered on or about April 20, 2018 to Mr. Goode for lawful response. Plaintiff has asked Mr. Goode repeatedly over the past 15 months to stop his unlawful acts, he does not.

All of this harassment and defamation was more than Plaintiff could bear and incredibly emotionally distressing. Subsequently, Plaintiff was in contact with the Grand Junction Police department multiple times and the Broomfield Police department and sought a protection order early July 2019 to make all the harassment and defamation stop.

Mr. Goode will continue to escalate his defamation activities of Plaintiff without legal intervention. Plaintiff has sustained significant personal and profession damages for well over a year along with severe emotional distress.

Based upon the facts of Defamation, Harassment, and Stalking, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing act of Defamation; to include compensation for harm to Plaintiff's reputation, personal humiliation, mental or physical suffering, and loss of income.

**Count 7 Colorado Harassment Law "Kiana Arellano's Law" – CRS 18-9-111** Mr. Goode has engaged in Harassing Plaintiff via cyberstalking and cyberbullying. He and his internet associates directed knowingly obscene language and false criminal accusation at Plaintiff via the internet to include but not limited to: Facebook, Twitter, YouTube, Instagram, and Reddit. They cyberbullied and harassed Plaintiff and repeatedly threatened and insulted Plaintiff to cause emotional distress.

1. Mr. Goode has been publicly cyber harassing and cyber bullying Plaintiff notably since July 17, 2018 to current and whereby Mr. Goode has been repeatedly asked by Plaintiff to stop and he fails to do so.

2. Notably since July 2018 to current, Mr. Goode has repeatedly defamed Plaintiff publically as a stalker, someone sexually amoral, someone with a mental disease, "Dark Alliance," (aka terrorist) and tells the one marriage Dream Vision repeatedly to harass

and defame Plaintiff in her trade of Dream Research, and to emotionally distress, harass, alarm, and bully Plaintiff.

3. Mr. Goode has regularly and continuously escalated his harassment and threats against Plaintiff most noticeably since July 2018, and typically performs such activities with his cyber gang stalking associates within a few days after Plaintiff posts something he doesn't like, such as the truth about this instant case.

Based upon the facts of Defamation Per Se, Harassment, Stalking, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing act of Harassment; to include damages for emotional distress and loss of reputation due to Defendant's conduct and punitive damages.

**Count 8 Colorado Stalking "Vonnie's Law" CRS 18-3-602** Mr. Goode placed Plaintiff under regular internet surveillance by himself and/or his associates for the purpose of defamation per se and harassment of Plaintiff.

1. Mr. Goode and/or his associates cyber stalked Plaintiff romantically during 2017 to defraud Plaintiff of hundreds of Dream Visions.

2. Notably since the opening of this instant case June 25, 2018, Mr. Goode and his cyber gang stalking associates have placed Plaintiff's internet activities under constant surveillance and typically within 2 days of Plaintiff posting anything about the lawsuit or related topics, Mr. Goode or one of his associates are immediately harassing, defaming, and/or bullying Plaintiff.

3. Mr. Goode notably cyber stalked Plaintiff posting on the ProjectAvalon.net forum about the lawsuit against him for fraud and theft, November 2018. Mr. Goode is not a member of the forum and has been banned from returning due to his prolific data mining of the website and members for stories, experiences, and information, years ago. Approximately 2 days after Plaintiff posted on the ProjectAvalon forum, Mr. Goode, posted his Reddit defamation hate campaign.

Based upon the facts of Defamation Per Se, Harassment, Stalking, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing act of

Cyber Stalking; to include loss of income, loss of reputation, emotional distress, and punitive damages.

**Count 9 Theft of Trade Secrets CRS 18-4-408((1) and (2)); and ("C.R.S.") § 7-74-101 et seq. (CUTSA);** Mr. Goode deprived Plaintiff of her Trade Secrets with intent to use them as his own or for that of use by another and that are secret and of value and whereby with exception of Mr. Goode; due to belief in his public fraud and that he is poor; reasonable care was taken by Plaintiff to keep her Trade Secrets, secret.

1. During 2017 Mr. Goode misappropriated to himself, largely via email, for he and his associates use approximately 500 Dreams Visions belonging to Plaintiff.

    a. Plaintiff's Dream Visions most readily are quantifiable as tangible hand written stories, most typically classified as Intellectual Property whereby Plaintiff is the author of hundreds of photographed handwritten stories. Dream Visions may be defined as an "Article" (any record, writing, photograph, or drawing) and may also be quantifiable as a 'listing of names,' whereby the names cited in the dreams and the associated Dream Vision data are private and personal information about actual people in waking life and that the Defendant and/or associates are not privy to disseminate or use the private information about said individuals. Plaintiff's Trade Secrets can also be defined as "Representing" (CRS 18-4-408(2)(c)) information describing, depicting, constituting, and reflecting, on future waking state events yet to come.

    b. Dream Visions are secret and of value to the Plaintiff, who is the owner, and that are used in the course of her teachings, publishing career, dream research, and creative profession.

2. Mr. Goode used his public fraud of being a financially poor Secret Space Program whistleblower to divest Plaintiff of her Trade Secrets for free.

3. Mr. Goode used Plaintiff's work on his public for profit show Cosmic Disclosure, the Internet, written or print mediums, public speaking events, or other for profit mediums. No remedy or attribution was given to Plaintiff.

4. Mr. Goode uses Plaintiff's Trade Secrets to research and find current news articles related to the information contained in the Dream Visions, or he makes up fake news stories for his consumers.

5. It is believed, Mr. Goode performed his theft of Plaintiff's Dream Vision Trade Secret Materials, through use of his militaristic remote influencing, astral projection, and dream hacking abilities to romantically and sexually influence Plaintiff in dream and astral states and induced her to share her dream experiences with him for free.

6. Mr. Goode misappropriated Plaintiff's accurate Dream Visions and other density experiences for himself, his associates, and to share with his fraud dream psychic friend, Mr. David Wilcock, a public figure with hundreds, or even over a thousand, inaccurate dream or otherwise predictions.

7. In waking states Mr. Goode utilized public cyber gang stalking to communicate with Plaintiff and remote influencing to encourage Plaintiff to continue to share her precious information for free, that he and his associates used as their own, or destroyed by presenting it as fake news or dis-info.

8. Mr. Goode retold Plaintiff's stories as though his own experiences and/or retailored them into derivative works for his public BLUEBIRD narratives and alleged off world stories.

9. Mr. Goode and or his associates retold Plaintiff's Dream Visions stories as if it was their own secret insider intel, information or experiences, often as derivative works. Most notably Mr. Goode created a derivative work January 2018 based on approximately 20 of Plaintiff's Dream Visions and that Mr. Goode presented as 'fake news' alleging he went off world in other densities with his BLUEBIRD alien friend and other aliens.

10. During 2018 through to current Mr. Goode notably shifted his public romantic cyber gang stalking of Plaintiff to be defamatory and hate based cyber gang stalking and cyber harassment to maintain his public fraud and theft of Plaintiff's Trade Secret (Dream Vision) materials and in efforts to prevent legal remedy and attribution being made due to Plaintiff.

Based upon the facts of Abuse of Process, Malicious Prosecution, Civil Conspiracy, Violation of the Colorado Consumer Protection Act, Fraud, Defamation Per Se, Cyber Harassment, Cyber Stalking, Intentional Infliction of Emotional Distress, Unjust Enrichment, Theft of Trade Secrets, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing act of Theft of Trade Secrets; to include compensatory damages (actual damages) incurred, profits the misappropriating party derived from the Trade Secrets; lost sales resulting from the misappropriation; any benefit

the Defendant received as a result of the misappropriation; attorney/legal fees; any additional damages the courts deem appropriate, and punitive damages.

**Count 10 Intentional Infliction of Emotional Distress CRS 7-74-104(2)** Mr. Goode engaged in outrageous conduct with the intent to cause Plaintiff severe emotional distress and Plaintiff has suffered severe emotional distress.

1. Mr. Goode used abuse of process and a malicious prosecution case June 2018 - August 2018, where he knew his stalking case was without merit as he failed his first try to open it and fabricated evidence to succeed the second time. It is believed, Mr. Goode was using the stalking case to avoid and evade the Trade Secret case. His frivolous stalking case was summarily dismissed in Ms. Montalbano's favor August 6, 2018.

2. After August 6, 2018 Mr. Goode and his associates continued to knowingly publically defame Plaintiff as a stalker, someone sexually amoral, someone with a metal disease, and repeatedly shared about the one dream where Mr. Goode married Plaintiff to defame Plaintiff in her trade of legitimate dream research to hundreds of thousands of people via the internet and where Mr. Goode and his associates regularly cyber harassed and bullied Plaintiff. Causing severe emotional distress and anxiety.

3. Mr. Goode regularly and repeatedly uses his military black operation training to sexually and romantically astral visit, dream hack, remote influence, and emotionally manipulate Plaintiff.

4. Mr. Goode has knowingly avoided and evaded addressing or responding to anything regarding his fraud, theft, and use of Plaintiff's Trade Secret materials notably since December 2017. (approximately 19 months of avoiding and evading) These unnecessary delays have been emotionally distressing.

Based upon the facts of Abuse of Process, Malicious Prosecution, Civil Conspiracy, Violations of the Colorado Consumer Protection Act, Fraud, Defamation Per Se, Cyber Harassment, Cyber Stalking, Theft of Trade Secrets, and Intentional Infliction of Emotional Distress, the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Intentional Infliction of Emotional Distress; to include economic and non-economic losses arising from the conduct, for pain and suffering, and punitive damages.

**Count 11 Unjust Enrichment CRS 7-74-104** *See Lewis v. Lewis, 189 P.3d 1134 (Colo 2008)* The Defendant has and continues to benefit off of Plaintiff's Trade Secret work building his reputation off of Plaintiff's stories and experiences, and at Plaintiff's continued expense. Mr. Goode received these benefits under circumstance of fraud that make it unjust for him to continue to maintain the benefit of such without commensurate compensation to Plaintiff.

1. Since 2017, Mr. Goode and his associates have and continue to receive profits from Plaintiff's Trade Secret materials, as used on Cosmic Disclosure, carried at GAIA TV; or other public for profit mediums to include the internet and public for profit speaking events, where Plaintiff's Dream Vision stories and information are retold as part of Mr. Goode's public BLUEBIRD fraud and fake news stories heard by millions of people.

2. Mr. Goode used a malicious prosecution case July 2018-August 2018 against Plaintiff in efforts to maintain his unlawful use and unjust enrichment from Plaintiff's Trade Secrets.

3. Mr. Goode performed defamation, cyber harassment, and cyber stalking of Plaintiff from 2017 through to current to maintain his use and unjust enrichment from Plaintiff's Trade Secret materials.

4. Mr. Goode is continuing to build his reputation and ego as someone being stalked and sexually harassed by Plaintiff (men typically find Plaintiff attractive and intelligent); and/or as someone he is in danger from that he falsely alleges as "Dark Alliance" (aka terrorist, someone that rapes, kills, and destroys) Mr. Goode does this to maintain his public fraud, theft, and use of Plaintiff's Trade Secrets as though his own.

Based upon the facts of Abuse of Process, Malicious Prosecution, Civil Conspiracy, Violation of the Colorado Consumer Protection Act, Fraud, Defamation Per Se, Cyber Harassment, Cyber Stalking, Theft of Trade Secrets, Intentional Infliction of Emotional Distress, and Unjust Enrichment, the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Unjust Enrichment.

Based on the foregoing causes of action, Plaintiff seeks injunctive relief as indicated and monetary damages for loss of income, loss of reputation, emotional distress, attorney/legal fees, punitive damages and such other damages as this Court deems just and proper.

Plaintiff has exhausted all options for remedy and attribution due outside of litigation. See attached Exhibit certified mailings: pre-litigation Complaint, failure notices, and billing statements. (CRE 902(4),(8),(10))

The Defendant(s) ☐is (are) ☐is not (are not) in the military service of the United States. In support of this statement, the Plaintiff(s) set(s) forth the following facts: (State facts concerning military status of the Defendant(s), if the military status of the Defendant(s) is (are) not known, so state here.)

Unknown

6. The Plaintiff(s) ☑does (do) ☐does (do) not demand trial by jury (if demand is made, a jury fee must be paid).

☐ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☑ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## WARNING: ALL FEES ARE NON-REFUNDABLE. IN SOME CASES, A REQUEST FOR A JURY TRIAL MAY BE DENIED PURSUANT TO LAW EVEN THOUGH A JURY FEE HAS BEEN PAID.

Note: All Plaintiffs filing this complaint must sign, unless the complaint is signed by an attorney.

_Alyssa Chrystie Montalbano_
Signature of Plaintiff(s)

Signature of Attorney for Plaintiff(s) (if applicable)

2536 Rimrock Ave Suite 400-117; Grand Junction, Colorado, 81505
Address(es) of Plaintiff(s)

Telephone Number(s) of Plaintiff(s)
970.250.8365

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR LEAVE OF THE COURT TO AMEND THE COMPLAINT, AMENDED COMPLAINT, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER TO STOP AND DESIST DEFAMATION STALKING HARASSMENT AND UNAUTHORIZED USE OF TRADE SECRETS, AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO, and EXHIBITS AQ – AY** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7017 2620 0000 7180 8100; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **2ⁿᵈ day of August, 2019.**

_Alyssa Chrystie Montalbano_

Alyssa Chrystie Montalbano, American Citizen

| | |
|---|---|
| District Civil Court, Mesa County, Colorado | |
| Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | ORIGINAL FILED IN<br><br>AUG  2 2019 |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | COMBINED COURT<br>BY LITIGANT<br>▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division   10        Courtroom 10 |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff, Alyssa Chrystie Montalbano, pursuant to C.R.C.P. Rule 65; CRS 18-80-103(1)(a) (Defamation Per Se); CRS 18-9-111 (Harassment); CRS 18-3-602 (Stalking); and CRS 7-74-103, (Theft of Trade Secrets), for Injunctive Relief; and moves this court to GRANT this motion for Preliminary Injunction immediately against the Defendant for the following:

## I. Relevant Procedural Background

Mid-December 2017, the Defendant, James Corey Goode, was aware Plaintiff was becoming aware of his public fraud and theft of her Trade Secrets. Subsequently, Mr. Goode and his associates defamed Plaintiff as a stalker, sexually amoral, and as someone with a mental disease within her trade and profession of dream research to professionals and to actual and potential consumers.

On or about April 20, 2018 through to June 25, 2018 Mr. Goode was aware Plaintiff was preparing to open a lawsuit against him for fraud and theft as he was being served the Pre-

Litigation Affidavit Complaint and associated mailings, for legal response. Rather than address any of the contents of the Complaint, it is believed Mr. Goode instead used Abuse of Process and a Malicious Prosecution case to avoid and evade, harass, threaten, and try to coerce Plaintiff out of pursuing her legal claim(s) against him.

Mr. Goode and his Texas based legal counsel, Ms. Wilde, knew Mr. Goode's stalking case against Plaintiff was without merit or teeth mid-June 2018 when they failed to open a stalking case on their first attempt. Plaintiff phoned the Broomfield Combined Courts and was informed by the clerks of the court, Mr. Goode's (civil) stalking case, 'did not meet the requirements' and his case was rejected. Subsequent, Mr. Goode with help from Ms. Wilde, avoided and evaded being served the summons for this instant case, 18CV50, for almost 3 weeks. Mr. Goode did not 'appear' in this instant case (July 18, 2018) until after he successfully opened his second stalking case July 17, 2018.

Mr. Goode fabricated evidence for the Broomfield courts in his successful second stalking case attempt. He stated Plaintiff made repeat phone calls when Plaintiff doesn't even have his phone number. Mr. Goode also checked the box he was not aware of his own mutually agreed upon lifelong stalking Protection Order in effect against himself, since October 31, 2014, from a former employer of his, Darling International.

Mr. Goode also stated in his stalking claim the main "imminent threat" was a lawsuit, this instant case, and of which he and Ms. Wilde were actively avoiding and evading service of the summons notably since July 1, 2018, when Plaintiff requested cooperation of service of Mr. Goode from Ms. Wilde and no reply was received until July 13, 2018.

Mr. Goode failed to serve Plaintiff the summons for his second frivolous stalking case and withheld the case from Plaintiff until barely 24 hours prior the hearing; leaving Plaintiff no time to find legal representation. Plaintiff appeared anyways at the hearing July 24, 2018. After the Magistrate read Ms. Montalbano's papers she vacated the temporary civil Protection Order, scolded Mr. Goode for failure to serve, and ordered him to retain legitimate Colorado legal counsel. Mr. Goode alleged he'd have witnesses testify and the temporary protection order was reinstated, Ms. Montalbano V.C. (Vi Coactus) signed it under duress, and the matter was continued to August 6, 2018. Plaintiff retained legal counsel, drove 5 hours (one way) and appeared with counsel August 6, 2018 at the continuance hearing. Mr. Goode failed to appear and the order was vacated a second time and the case dismissed in Ms. Montalbano's favor.

After Mr. Goode failed in his legal court stalking claims (twice) he continued to publicly defame Plaintiff as a stalker to hundreds of thousands of people. Mr. Goode works in a trade where dreams are an important part of his teachings and are important to the actual and potential consumers, who are also Plaintiff's trade audience and consumers, and are the same professionals and consumers Mr. Goode regularly defames Plaintiff to. This defamation has now reached hundreds of thousands of people and may even extend into the millions. Mr. Goode has consistently escalated his harassment and public hate-smear campaigns against Plaintiff and regularly defames her as a stalker, someone sexually amoral, and as someone with a mental disease. Mr. Goode regularly defames Plaintiff in her trade and profession of dream research to mutual consumers and professionals through repeatedly citing the December 16, 2017 dream where he married Plaintiff. Plaintiff has never spoken publicly of

that dream and Mr. Goode is not authorized to discuss it. Mr. Goode also repeatedly defames Plaintiff in her trade as being 'crazy' (mentally diseased) thinking she foresees the future, when Plaintiff can legally prove such, and whereby Mr. Goode and his fraud dream psychic associate, Mr. David Wilcock, repeatedly make false dream or otherwise psychic predictions and that are heard by millions of people, most often as 'fake news.'

Mr. Goode repeatedly threatens Plaintiff with escalating his hate campaigns and then proceeds to do so. Mr. Goode has also threatened to publicly reveal more of Plaintiffs Trade Secrets as largely sent to him by email during 2017. Mr. Goode has defamed Plaintiff privately and publicly for well over a year and a half now and is destroying Plaintiff's personal and professional reputation as he continues to use Plaintiff's original Intellectual Property materials as his own.

A preliminary injunction is warranted, as irreparable damage will be incurred to Plaintiff, Alyssa Chrystie Montalbano and her business Ari Stone Art LLC, if the Defendant, James Corey Goode, is not immediately restrained from his continued public and private defamation activities of libel, slander, cyber harassment/bullying, and cyber stalking of Plaintiff; along with ordering Mr. Goode to stop publicly disclosing Plaintiff's Trade Secret materials to hundreds of thousands and even millions of people.

## II. DISCOVERY CONTROL PLAN

1. Discovery should be conducted pursuant to C.R.C.P. 16, and 26-37.

## III. POINTS OF AUTHORITY

2. Plaintiff has achieved reasonable merits for the probability of success through:

(a) The dismissal of Mr. Goode's stalking case (even with his fabricated evidence), in favor of Ms. Montalbano, August 6, 2018.

(b) Since August 6, 2018 to current; the Defendant has continued to repeatedly defame Plaintiff publicly and privately as a stalker, someone sexual amoral, someone with a mental disease, and as "Dark Alliance" (aka someone who is a terrorist, evil, rapes, kills, and destroys) to actual or potential consumers in Plaintiff trade; whereby Mr. Goode defames Plaintiff as being 'crazy' for seeing the future in dreams; and whereby Mr. Goode and Mr. Wilcock's public fraud is based on foretelling the future via dreams and alleged other density alien experiences, or other psychic means and whereby they are repeatedly inaccurate. Mr. Goode's false, defamatory, and criminal accusations against Plaintiff have been heard by hundreds of thousands and even possibly millions of people and are causing severe economic and non-economic damages to Plaintiff.

(c) Mr. Goode has a stalking Protection Order issued against him from a former employer, Darling International, located in the state of Texas. During 2014, Mr. Goode was released from employment for lack of performance. Subsequently, Mr. Goode fabricated a completely fictional reality by video against Darling International and posted it to YouTube. Mr. Goode then made sure his former employer saw it and then promptly removed it. Mr. Goode fabricated evidence in his YouTube video in efforts to frame his former employer as a terrorist allegedly threatening him and his family, when Mr. Goode was in fact threatening them with violence. Mr. Goode threatened to publicly defame Darling International via the news and to completely destroy their reputation. In Mr.

PLAINTIFF'S MOTION FOR PRELIMARY INJUNCTION                                                                    Page **5** of **14**

Goode's YouTube video he also admitted to a having Complex PTSD and brain trauma, amidst other serious issues. Subsequently Darling International had a lifelong Stalking Protection Order granted against Mr. Goode as they were concerned for their lives. See Darling vs Goode: Dallas County, Texas, District Civil Court, Cause No DC-14-04807, dated 5/5/2014 and permanent Protection Order granted October 31, 2014.

(d) Mr. Goode affirmed under penalty of perjury on the Broomfield Court record, July 17, 2018, when filing his stalking case against Plaintiff, that he was not aware of his own mutually agreed upon Permanent Stalking Protection Order in effect and as issued against him October 31, 2014, Cause No DC-14-04807, with his former employer, Darling International.

Mr. Goode has continued to perform these exact same activities and behaviors of creating fictional realities with fabricated evidence since 2014 via his public fraud and notably against Plaintiff since December 2017.

3. Irreparable harm will result to Plaintiff and her business, Ari Stone Art LLC, if an injunction is not immediately issued as damages done by the end of this lawsuit by Defendant will be irreparable and irreversible.

4. The threatened injury to Plaintiff's good name, business, and the physical safety of Plaintiff and her family, far outweighs the harm that the injunction may cause to the Defendant.

5. The injunction will not adversely affect the public interest. *See Langlois v. Board of County Com'rs of County of El Paso*, 78 P.3d 1154, 1158 (Colo. App. 2003).

6. The balance of the equities favors the injunction.

7. The injunction will preserve the status quo pending trial on the merits. *See Gitlitz v. Bellock*, 171 P.3d 1274 (Colo. App. 2007)

## IV. FACTUAL BACKGROUND

8. Factual Reasons in Support of Preliminary Injunction while the lawsuit progresses:

9. Plaintiff hereby incorporates all allegations set forth within the attached AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO as though set fully herein.

## V. CAUSES OF ACTION

## COUNT 1 : LIBEL AND SLANDER – DEFAMATION

10. Plaintiff incorporate the allegations set forth above as if set forth fully herein.

11. Plaintiff reasonably fears public hate (smear) campaigns of libel and slander, threats, and/or hate communications, cyber stalking, cyber bullying; and the unlawful and improper retelling and/or release of her Trade Secrets by the Defendant and/or his associates based on the Defendant doing so and threatening to do so.

12. The Defendant acted intentionally and/or knowingly to defame Plaintiff as a stalker, someone sexually amoral, someone with a mental disease, and defamed Plaintiff within her trade of dream research to mutual consumers and professionals, most notably since August 6, 2018 after Mr. Good's civil stalking case was dismissal in Ms. Montalbano's favor.

## COUNT 2 : CYBER STALKING

13. Plaintiff incorporates the allegations set forth above as if set forth fully herein.

14. The Defendant cyber stalks Plaintiff on the internet notably via: Facebook, Instagram, Twitter, and YouTube in order to publicly harass and defame Plaintiff in her trade and profession within days of her posting anything Mr. Goode does not like, such as Plaintiff publicly telling the truth about the lawsuit. Mr. Goode's subsequent harassment is highly malicious where he and his gang stalker associates defame Plaintiff as being a stalker, someone sexually amoral, someone with a mental disease, and Mr. Goode defames Plaintiff in her trade of dream research by notably retelling the dream from December 16, 2017 where Mr. Goode married Plaintiff and whereby Mr. Goode and his associates are not authorized to re-tell that Dream Vision experience.

## COUNT 3 : CYBER HARASSMENT AND BULLYING

15. Plaintiff incorporates the allegations set forth above as if set forth fully herein.

16. Based on the facts contained in Count 1 of Defamation and Count 2 of Cyber Stalking, these acts are believed to be knowingly performed for the purpose to harass, bully, alarm,

annoy, emotionally distress, and coerce Plaintiff to drop legal charges against Mr. Goode for the instant Trade Secret case.

## COUNT 4 : THEFT OF TRADE SECRETS

17. Plaintiff incorporates the allegations set forth above as if set forth fully herein.

18. Mr. Goode has publicly threatened to release more of Plaintiff's Trade Secrets (Dream Visions and associate emails) publicly. Mr. Goode has continuously released the Trade Secret Dream Vision from December 16, 2017 where he married Plaintiff and whereby Mr. Goode and his associates are not authorized to do so. Due to Mr. Goode's past and ongoing use of Plaintiff's Trade Secrets and current threats to publicly release more, Plaintiff is reasonably concerned Mr. Goode will publicly release more of Plaintiff's Trade Secret materials, this would be severely damaging to Plaintiff both personally and professionally.

19. Mr. Goode regularly threatens to escalate his hate and smear-campaigns against Plaintiff and then proceeds to do so. Mr. Goode continues to discuss Plaintiff's Trade Secrets when he is not authorized to do so. Mr. Goode has been repeatedly noticed to stop since April 2018. He does not. It is believed without legal intervention Mr. Goode and/or his associates will continue to escalate the malicious defamation against Plaintiff and will continue to release Plaintiff's Trade Secrets.

20. As a result of the Defendant's conduct or threatened conduct, Plaintiff has and/or will suffer immediate and irreparable harm and injuring for which there is no adequate

remedy at law. Additionally, as a proximate result of this conduct, Plaintiff has suffered monetary damages within the limits of this Court.

## **APPLICATION FOR PRELIMNARY INJUNCTION**

21. Plaintiff incorporates the allegations set forth above (in sections IV and V) as if set forth fully herein.

22. As set forth above, the Defendant's unlawful acts or threats of unlawful acts are, and are continuing to cause, immediate and irreparable injury and harm to Plaintiff, for which there is no adequate remedy at law.

23. Plaintiff will, and already has established, a substantial likelihood of success on the merits of the cause of action in this case for which such requirement is applicable and necessary for entry of a preliminary injunction.

24. The harm faced by Plaintiff far outweighs any harm that would be sustained by the Defendant if the preliminary injunction sought hereby were granted. As set forth in the Affidavit Alyssa Chrystie Montalbano attached hereto, the Defendant has engaged in inappropriate and/or unlawful conduct and made express or implied threats against Plaintiff. Without a Preliminary Injunction, the Defendant, will likely continue to engage in this conduct and make threats against Plaintiff, disrupt professional operations, destroy Plaintiff's reputation, and/or engage in other disruptive, unlawful, and/or threatening actions towards Plaintiff. Plaintiff is, therefore, without a complete remedy at law and will suffer irreparable harm if the conduct and threats continue. Therefore Plaintiff requests the injunctive relief describe in greater detail in the Prayer, which is incorporated

by reference as if set forth fully herein, to protect Plaintiff. Moreover the issuance of a preliminary injunction would not adversely affect the public interest.

25. Accordingly, Plaintiff respectfully asks this Court to enter a preliminary injunction from now until such time as there is a trial on the merits, and subsequently to enter a permanent injunction, after a trial on the merits, requiring the Defendant to refrain from committing or threatening to commit the conduct described in the Prayer below.

26. Greater injury will be inflicted upon Plaintiff by the denial of injunctive relief than would be inflicted upon the Defendant by granting such relief.

## DAMAGES

27. As a result of the Defendant's conduct Plaintiff and her business have been and/or will be damaged. Plaintiff has suffered and/or will suffer general and special damages.

## PRAYER

28. WHEREFORE, Plaintiff requests the Defendant, James Corey Goode, be cited to appear and answer; and

A. That this court issue a Preliminary Injunction enjoining the Defendant from committing or threatening any of the following:

(1) Committing or threatening any act of violence or harassment against Plaintiff, Ari Stone Art LLC, its officers, directors, board members, executives, investors, and/or employees (collectively, "Protected Parties");

(2) Communicating in a threatening or harassing manner with Plaintiff, Ari Stone Art LLC, or protected parties;

(3) Threatening or harassing Plaintiff and or the Protected Parties in person, by telephone, email, social media and/or internet posting, including but not limited to YouTube, Twitter, Instagram, Reddit, Facebook, or any other means of in person, written, or electronic communication.

(4) Making a threat to Plaintiff or Protected Parties or engaging in harassment through another person against Plaintiff and/or Protected Parties.

(5) Stalking, cyber stalking, cyber gang stalking, or engaging in conduct directed specifically to Plaintiff and/or the Protected Parties, which is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Plaintiff and/or the Protected Parties, or disrupt the business operations or of Ari Stone Art LLC.

(6) Making or posting threatening, harassing, and/or defamatory comments or postings about Plaintiff and/or Protected Parties on social media websites or the internet generally; and/or

(7) Disrupting the workplace or operation of Ari Stone Art LLC by telephone, fax, e-mail, or other forms of communication directed or sent to the office(s) of Ari Stone Art LLC or by telephoning, faxing, emailing, or otherwise communicating with Plaintiff or Protected Parties in a manner that is reasonably likely to disrupt Plaintiff workplace and/or daily life operations or with the intent of doing so.

(8) Any act of defamation, harassment, libel and slander against Plaintiff and/or any of Plaintiff's associates, professional contacts, mutual associates, friends, family

members, employees, employers, potential employers, customers, agents, vendors, attorneys, investigators, clients and customers, or threatening violence, harm, or harassment against Ari Stone Art LLC and the Protected Parties;

(9) Engage in any public or private libel, slander, and defamation campaigns against Plaintiff.

(10) Discussing publicly or privately, private emails, Dream Visions, information, research, and Trade Secret data belonging to Plaintiff.

(11) Discussing private emails of legal conversations publicly or privately with anyone not a lawful party to the case.

(12) Remove all known and cited defamation per se campaigns from the internet and make a public retraction and apology.

B. This Court set a date for a preliminary injunction hearing and, at such time, issue a preliminary injunction enjoining the Defendant from or ordering the Defendant to refrain from the same acts listed above;

C. Upon final trial, enter a permanent injunction enjoining the Defendant from or ordering the Defendant to refrain from the same acts listed above; and

D. Award Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted and All Rights Reserved,

Alyssa Chrystie Montalbano

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR LEAVE OF THE COURT TO AMEND THE COMPLAINT, AMENDED COMPLAINT, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER TO STOP AND DESIST DEFAMATION STALKING HARASSMENT AND UNAUTHORIZED USE OF TRADE SECRETS, AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO, and EXHIBITS AQ – AY** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7017 2620 0000 7180 8100; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **2nd day of August, 2019.**

Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

| District Civil Court, Mesa County, Colorado | |
|---|---|
| Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | |
| Plaintiff, Alyssa-Chrystie: Montalbano<br><br>v.<br><br>Defendant: James Corey Goode | ▲  **COURT USE ONLY**  ▲ |
| | Case Number: 18CV50 |
| | Division: 10  Courtroom: 10 |

## PROPOSED ORDER TO STOP AND DESIST DEFAMATION, STALKING, HARASSMENT, AND UNAUTHORIZED USE OF TRADE SECRETS

This court, after due consideration of the request by Plaintiff, Alyssa Chrystie Montalbano and upon reading the MOTION FOR PRELIMINARY INJUNCTION, and attached AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO in support of the PROPOSED ORDER TO STOP AND DESIST DEFAMATION, STALKING, HARASSMENT, AND UNAUTHORIZED USED OF TRADE SECRETS, as filed by the Plaintiff in the above captioned matter against the Defendant, James Corey Goode; hereby ORDERS, ADJUDGES, and DECREES this Preliminary Injunction of this Court

Defendant, and Defendant's agents, servants, and those persons acting in concert or participation with him / them who receive actual notice of this Preliminary Injunction

by personal service or otherwise, shall be and hereby are enjoined and prohibited from the following:

(1) Committing or threatening any act of violence or harassment against Plaintiff, Ari Stone Art LLC, its officers, directors, board members, executives, investors, and/or employees (collectively, "Protected Parties");

(2) Communicating in a threatening or harassing manner with Plaintiff, Ari Stone Art LLC, or protected parties;

(3) Threatening or harassing Plaintiff and or the Protected Parties in person, by telephone, email, social media and/or internet posting, including but not limited to YouTube, Twitter, Instagram, Reddit, Facebook, or any other means of in person, written, or electronic communication.

(4) Making a threat to Plaintiff or Protected Parties or engaging in harassment through another person against Plaintiff and/or Protected Parties.

(5) Stalking, cyber stalking, cyber gang stalking, or engaging in conduct directed specifically to Plaintiff and/or the Protected Parties, which is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Plaintiff and/or the Protected Parties, or disrupt the business operations or of Ari Stone Art LLC.

(6)     Making or posting threatening, harassing, and/or defamatory comments or postings about Plaintiff and/or Protected Parties on social media websites or the internet generally; and/or

(7)     Disrupting the workplace or operation of Ari Stone Art LLC by telephone, fax, e-mail, or other forms of communication directed or sent to the office(s) of Ari Stone Art LLC or by telephoning, faxing, emailing, or otherwise communicating with Plaintiff or Protected Parties in a manner that is reasonably likely to disrupt Plaintiff workplace and/or daily life operations or with the intent of doing so.

(8)     Any act of defamation, harassment, libel and slander against Plaintiff and/or any of Plaintiff's associates, professional contacts, mutual associates, friends, family members, employees, employers, potential employers, customers, agents, vendors, attorneys, investigators, clients and customers, or threatening violence, harm, or harassment against Ari Stone Art LLC and the Protected Parties;

(9)     Engage in any public or private libel, slander, and defamation campaigns against Plaintiff.

(10)    Discussing publicly or privately, private emails, Dream Visions, information, research, and Trade Secret data belonging to Plaintiff.

(11)    Discussing private emails of legal conversations publicly or privately with anyone not a lawful party to the case.

(12)    Remove all known and cited defamation per se campaigns from the internet and make a public retraction and apology.

The Court finds that the Preliminary Injunction, describes in reasonable detail the acts or acts sought to be restrained and gives fair notice to the Defendant of what he is prohibited from doing.

Therefore, this Court finds that there is good and sufficient reason, backed by facts and legal arguments known to the parties and/or legal counsel, and finds this Preliminary Injunction is warranted until a trial on the merits can be had.

Respectfully submitted, All Rights Reserved

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa-Chrystie: Montalbano, American Citizen

☐GRANTED          ☐DENIED

SIGNED, this_____day of _____, 20_____.

BY THE COURT:

_____

U.S. MAGISTRATE / JUDGE

PROPOSED ORDER TO STOP AND DESIST DEFAMATION,
STALKING, HARASSMENT, AND UNAUTHORIZED USE OF TRADE SECRETS                    Page 4 of 4



| District Civil Court, Mesa County, Colorado | |
|---|---|
| Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲ **COURT USE ONLY** ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number: _____ Atty. Reg. #: N/A | Division 10 Courtroom 10 |
| **AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO** | |

Comes now Plaintiff, Alyssa Chrystie Montalbano and affirms the following:

1. My name is Alysa Chrystie Montalbano, I am over the age of 18 years, of sound mind, and the information provided herein is true and correct and is based on my personal knowledge.

2. I am the owner of Ari Stone Art LLC and am an author, self-publisher, artist, and do business with artist pseudonym, Ari Stone.

## FACTUAL BACKGROUND

3. During 2017 Mr. Goode romantically gang stalked me and obtained my coveted Trade Secret information. December 2017, I told Mr. Goode by email that I did not believe him that he and his associates' use of my Trade Secret materials to that point was just "synchronicity" or 'foreseeing.'

4. Notably since December 2017 Mr. Goode and/or his associates have defamed me as being a stalker, someone sexually amoral, someone with a mental disease, and defamed me in my trade of dream research.

5. Notably since June 25, 2018 Mr. Goode and his associates cyber stalked and harassed me online. Anytime I post something publically about the lawsuit and/or my opinion about our situation, Mr. Goode and or his associates harass and defame me within days, hours, or minutes.

6. Mr. Goode has escalated his public defamation campaigns against me as a stalker, after he completely lost his stalking claims and cases against me August 6, 2018, even with his fabricated evidence.

## OCCURRENCES

7. During 2017 I was romantic cyber gang stalked by Mr. Goode and his associates and cited with specificity the instances for response in the Pre-Litigation Complaint. As a result of the romantic gang stalking I was defrauded of approximately 500 handwritten Dream Visions.

8. December 2017 Mr. Goode told me he had not been reading my emails or following my dream journals and that it was all just 'synchronicity' for being on my 'right path.' I told Mr. Goode I did not believe him.

9. During December 2017 emails between myself and Mr. Goode, Mr. Goode told me basically the exact opposite about his dream and intuitive empath abilities to what he

publically claims. To me, Mr. Goode claimed he did not have a lot of dream recall and that he could not key in on my energies from the public event he'd briefly interacted with me. Publically he claims he is able to leave his body at will as a soul form since childhood and is why the military hand selected him. He also claims he is used in interrogation rooms to read human and alien emotions and to determine if people are lying. He also states he had amazing dream recall experiences using his Remote Influencing friend, Mr. Gerald O'Donnell, of 25 years methods approximately 25 years ago.

10. December 2017 through January 2018, in good faith Mr. Goode was telling the truth, I sent multiple emails pointing out 'synchronistic' uses and articles.

11. Mr. Goode's 25 plus year Remote Influencing friend, Mr. O'Donnell, who has worked for both central and eastern intelligences and is a world renowned remote influencer, asked me to call him during or about January 2018. I phoned him and we spoke for about 1 hour. He was interested in what I had to say and even mentioned me visiting him sometime. After the call, I phoned back to discover the phone number was a type of call number and not an actual personal phone number.

12. February 2018, Mr. Goode's associate (understood to be his business manager) Roger Richards had me phone him. I was labelled a "security risk" and denied attendance to the then coming Hawaii event of Mr. Goode's, where I planned to directly ask questions about what was going on. I was told to stop emailing and to 'back off.' I respected this request.

13. I sent one email April 1, 2018 to notice Mr. Goode of what I understood to be copyright infringement. Then began working on the Pre-Litigation Affidavit and Complaint seeking remedy outside of litigation.

14. On or about April 20, 2018 I served Mr. Goode via USPS certified mail return receipt requested, with the Pre-Litigation Affidavit Complaint dated April 18, 2018. Subsequently, I sent billing statements and an amended complaint adding more uses for response, through June 2018.

15. Mr. Goode failed to respond to any of the legal presentments. Ms. Wilde, began writing to me June 2018 on behalf of Mr. Goode claiming she could legally represent Mr. Goode.

16. Ms. Wilde has only ever offered me criminal charges for crimes I have not committed against Mr. Goode, as solutions for my legal claim(s) against Mr. Goode. Ms. Wilde regularly threatened me with police and administrative action for serving Mr. Goode legal papers and for seeking remedy outside of litigation.

17. June 5, 2018 Ms. Medvedich told Mr. Goode by email I was sending letters to GAIA TV about a lawsuit pending against Mr. Goode. In reply, Mr. Goode defamed me as a stalker to Ms. Kiersten Medvedich. Mr. Goode claimed I stalked him and his co-host Mr. David Wilcock. I have never stalked either of them. (See Exhibit AR Defamation to Medvedich) Ms. Medvedich was cited in the Pre-Litigation Affidavit Complaint as someone the CEO of GAIA TV had me speak with to see about employment at GAIA TV, for a dream based series, during 2017.

18. Mid-June 2018 Mr. Goode and Ms. Wilde informed me they were going to open a stalking case against me. Their first attempt they tried and failed. I was told by the clerks of the Broomfield Combined Courts Mr. Goode 'failed to meet the requirements' and his case was rejected.

19. I opened this instant case June 25, 2018 for remedy and attribution due and to protect my Trade Secrets, then understood to be a copyright issue and that I misunderstood I could litigate simply on Constitutional grounds.

20. I attempted service of Mr. Goode for this instant case June 27, 2018 by Officer Mike Blea of the Boulder County Sheriff's Office Civil Department. Service by Officer Blea failed due to 'Mr. Goode no longer working at GAIA TV.' Case No. 18001458.

21. July 1, 2018 I asked Ms. Wilde by email for cooperation to serve Mr. Goode for this instant case. No reply was received until on or about July 13, 2018, then regular communication commenced regarding serving Mr. Goode through to July 23, 2018.

22. Mr. Goode, again with Ms. Wilde's help, succeeded in opening his second attempt at a stalking case against me, July 17, 2018, in the Broomfield Combined Courts, case 18C103.

23. Mr. Goode fabricated evidence for the Broomfield courts to obtain the temporary Protection Order against me, July 17, 2018. Mr. Goode claimed I repeatedly phoned him, when I don't even have his phone number.

24. Mr. Goode also checked the box in his stalking complaint, affirming under penalty of perjury, that he didn't know about any Protection Order in effect against himself, when he has a mutually agreed upon lifelong stalking Protection Order issued against him, from a former employer, Darling International, dated October 31, 2014. See Darling vs Goode: Dallas County, Texas, District Civil Court, Cause No DC-14-04807 (More case details at No. 50) (See Exhibit AQ Broomfield Court Fabrications)

25. In the stalking protection order (Goode v. Montalbano), Mr. Goode had in the "1. Contact" order section, that it was ordered I could not contact him, or have a third party contact him, and that only "my lawyer" could contact him. Mr. Goode and Ms. Wilde knew I did not have a lawyer or time to hire a lawyer before the July 24, 2018 hearing. A successful Protection Order would have made it virtually impossible for me to serve legal papers filed upon Mr. Goode for the Trade Secret case; which he and I are lawfully pro se in; and are required by law to do so. (See Exhibit AQ Broomfield Court Fabrications)

26. Mr. Goode's main "threat of violence" he was concerned about in his 'stalking' claim against me, was a lawsuit pending against him by me; and for which I'd been asking for cooperation of Ms. Wilde to serve him the summons for approximately 3 weeks. During which time I had also petitioned the courts for permission to serve Mr. Goode by publication and was granted my request the same day Mr. Goode appeared in this case, July 18, 2018.

27. Mr. Goode 'appeared' in this instant case (July 18, 2018), one day after he obtained his temporary civil Protection Order against me (July 17, 2018).

28. Mr. Goode failed to serve me the stalking case summons.

29. I was notified by email, July 23, 2018, by Ms. Wilde of the hearing the following day (located approximately 5 hours away from me) that they had a temporary protection order against me that they were seeking to make permanent. I was in great states of anxiety and worked on writing my defense. Slept less than 3 hours and drove to Broomfield for the hearing the following day.

30. July 24, 2018 in open court in Broomfield Combined Courts, Magistrate Russell, read my defense papers. Amidst other things, I cited Mr. Goode was avoiding and evading service for case 18CV50 opened one month prior against Mr. Goode. Magistrate Russell vacated the temporary Protection Order, scolded Mr. Goode for failure to serve, and ordered Mr. Goode to retain a legitimate Colorado attorney, as Ms. Wilde based in Texas and not entered Pro Hac Vice did not qualify. To my current recollection, in open court, Mr. Goode stated he needed the Protection Order or 'I would talk.' Mr. Goode then alleged he'd have witnesses testify against me and used his one continuance. The Magistrate reinstated the temporary civil Protection Order, I V.C. (Vi Coactus) signed it under duress and the matter was continued to August 6, 2018.

31. I retained legal counsel and appeared August 6, 2018 at the continuance hearing. Mr. Goode failed to appear, did not retain legitimate legal counsel and wrote a second

motion with Ms. Wilde asking for a second continuance. The Protection Order was vacated a second time and the case dismissed in my favor.

32. Subsequent to Mr. Goode losing his second civil stalking case against me, he escalated his public defamation and hate-campaigns against me. He began to publically and repeatedly defame me as a stalker and escalated it to include I am sexually amoral and have a mental disease. He and his cyber associates repeatedly defamed me in my trade of legitimate dream research as being "crazy" or "delusional" along with other derogatory terms to make me appear to have some form of mental disease to other professionals in our field and/or actual or potential consumers.

33. Mr. Goode notably began his public smear campaigns of defamation per se against me as a stalker, someone sexually amoral, someone having a mental disease, and as being incompetent in my trade, via his Facebook community page with 100,000+ likers on July 17, 2018. The same date he obtained the unlawful protection order against me. In his post he threatens to publically talk more about this matter in the future.

https://www.facebook.com/BlueAvians/posts/1958912337739886 (sic)

"Over the last 3 years, I have also had to deal with a number of individuals that have taken a very unhealthy personal interest in me to a point of **having to obtain protective orders for my protection and the protection of my family.**

> The feeling of having someone **strongly pursuing you based on fantasies or delusions** is a creepy and sickening feeling that I wouldn't wish on anyone.
>
> . . .
>
> **I hope to be able to make more of a public statement in the near future.**
>
> . . .
>
> **The letters of support and donations have assisted us greatly both energetically and financially."**

(See Exhibit AS: Defamation Facebook July 17, 2018)

34. Since the opening of this instant case, June 25, 2018, Mr. Goode has overtly hate-based gang stalked and harassed me, as opposed to prior where he romantically gang stalked me.

35. August 13, 2018, Mr. Goode and Ms. Wilde improperly removed this instant case to Federal court and filed a fabricated Complaint on the Federal Court record, including filing documents I never filed on any court record, let alone as a Complaint. What Mr. Goode and Ms. Wilde filed on the Federal Court record as my "Complaint," are not even remotely close to the Complaint documents filed on this court record June 25, 2018. The papers they filed in Federal Court as though it was my filings on this State court record as the Complaint, did not cite any statutes or laws that they cited as their legal basis for removal to Federal Court. Had they filed my actual State Court Complaint or even my Pre-Litigation Complaint, removal to Federal Court would have made perfect local sense. But, they did not file either.

(See Exhibit AT Federal Court Fabrications – Complaint, p1-p7)

36. Mr. Goode and Ms. Wilde also fabricated a Register of Actions for the Federal court record that was cited as concocted by the honorable Judge Moore in his Minute Order at Docket 30 on September 6, 2018.

37. Further still, in Judge Moore's Docket 30 order, he also ordered Mr. Goode and Ms. Wilde to file their State Court stamped Motion to Dismiss, as I had cited they filed non-stamped versions of their papers which made it appear to the Federal Courts the Broomfield stalking case was still pending, when Mr. Goode and Ms. Wilde knew it had already been dismissed in my favor August 6, 2018 and dismissed before they 'removed' the case to Federal Court on August 13, 2018, and that they had failed twice in their stalking claims against me. (See Exhibit AT Federal Court Fabrications – Register of Actions, p8-p11)

38. With the case 'removed' to Federal Court, by Mr. Goode and Ms. Wilde, the public was finding the case online and asking questions about it. I responded to the public's inquiry November 16, 2018 on the ProjectAvalon.net forum, by going over what had occurred to that point, along with citing some of the dreams showing I knew exactly what Mr. Goode and Ms. Wilde were up to the entire time before the events occurred in waking states.

39. Mr. Goode is banned from the ProjectAvalon.net forum for data mining it and its members years ago.

40. Approximately two days after my post about the lawsuit on ProjectAvalon.net forum, November 18, 2018, Mr. Goode posted his Reddit defamation hate-smear campaign

against me. In it, Mr. Goode lied about the status of the lawsuit, called me 'fake news,' a stalker, and defamed me as someone sexually amoral, someone with a mental disease, and defamed me in my trade to professionals and actual or potential consumers. Mr. Goode revealed the Trade Secret Dream Vision where he married me (dated Dec 16, 2017) and he proceeded to threaten to make public more of my Trade Secrets (Dream Visions and associated research) and the private phone call between myself and his associate Roger Richards from early Feb 2018. I learned Mr. Goode and his wife eavesdropped in on that phone call during the first Broomfield court hearing, July 24, 2018, when Mr. Goode talked about it.

- Defamation Reddit Post -

https://www.reddit.com/r/CosmicDisclosure/comments/9xujtc/cg_being_su ed_for_fraudinfringement_poster_on/ (Retrieved June 27, 2019) (sic)

"This is, of course, more **FAKE NEWS about CG!**

**This case is being dismissed** and the Magistrate referred to the **plaintiff as being "Delusional"**. You can see this for yourself in the public record if a small amount of research was done.

**She has openly claimed that she and I were married in 'another dimension' and was trying to bring that fantasy into reality in this dimension.** When she was asked to stay away from CG and stop emailing him she then filed this baseless lawsuit.

The **Magistrate states the plaintiff is "delusional"** in their latest court filing when the case was referred to the Federal Judge to be dismissed with prejudice. **Maybe one day these emails and the recorded call with her will be made public** to let everyone make up their own minds? The whole thing is very unsettling and **creepy** IMHO.

The Plaintiff has stepped over the line here (legally) and all of this has now been sent into the **courts to verify their stalking type of behavior and their mental state.**

I think a number of people became carried away during **recent attack campaign against CG a**nd will find themselves **being reported to professional organizations** that they are a part of as well as experience civil suits being filed against them. In a few instances, this activity rose to a criminal level of **Cyber-Stalking that is being referred to the appropriate law enforcement agencies. "**

(See EXHIBIT AU Defamation Reddit)

41. **March 15, 2019** I posted on my Ari Stone Facebook page, at **9pm**, to my followers/friends (at the time approx. 143 following, and approx. 7 people interactions) photos of Mr. Goode's associate (known to be his personal assistant at the time) using my original Energetic Portal Design artwork at Mr. Goode's public for profit speaking event, Eclipse of Disclosure, on **August 20, 2017**. This photo showed publically for the first time, Mr. Goode's awareness of my Dream Vision seeing/shamanic abilities during 2017 as the slide was titled "Modern Day Shamans." No remedy or attribution was given to me at any time by Mr. Goode or his associate(s). I also briefly discussed CIA Project BLUEBIRD/ARTICHOKE in connection with MKULTRA, Gang stalking, CIA Remote Viewing/Influencing, and pointed out the similarities to Mr. Goode's Blue Avian alien claims, the lawsuit, and the Mr. Goode's behavior patterns, largely information already publically available and/or contained on the Court records. (See Exhibit AV: Facebook Shaman) https://www.facebook.com/ari.stone.750/posts/2292543694136496 (Original Post)

42. **March 17, 2019** Two days later Mr. Goode's associate, Chuck Raymond (understood to be a current and working 3D animator for Mr. Goode), 'tagged' me to see his verbally assaulting and defamatory Facebook post against me at **7:42pm**. Mr.

Raymond included a link to Mr. Goode's November 18, 2018 Reddit post defamation campaign with the Cosmic Disclosure user handle seen in the URL. This was my first time to become aware of the November 2018 Reddit hate post campaign. Mr. Raymond in his Facebook post defamed me as someone sexually amoral in stating 'I claim to have sex with Mr. Goode in his dreams.' I never told Mr. Raymond that, and up until this post I considered Mr. Raymond a friend-acquaintance and formerly had wonderful conversations with him via Facebook Messenger, as we were Facebook friends and had met at Mr. Goode's Eclipse of Disclosure event, August 2017. https://www.facebook.com/chuck.metalmania/posts/2071884646182312

(See Exhibit AW Defamation Facebook CR CG)

43. In good faith, I posted a public and respectful Facebook response to Mr. Raymond's verbal assaults and defamation on March 17, 2019. Subsequently, I was met with more Cyber gang stalking harassment, cyber bullying, and more false accusation about my character, actions, and intentions. In one last effort to see if it was a misunderstanding and not just defamation by Mr. Raymond and other gang stalking associates, I respectfully responded on March 19, 2019 and was met with more defamatory insults and slander to my reputation and good name.

44. March 20, 2019 at approximately 9:30am, Mr. Goode, escalated his public defamation campaigns and cyber-harassment against me and posted his own defamatory response on Mr. Raymond's Facebook hate campaign, with Mr. Goode's user screen name seen as **'James Corey Goode'.** Mr. Goode defamed me as a stalker, cited his failed second stalking case against me from July 2018 - August 2018, and cited my actual

name to ensure everyone knew exactly who he was defaming. Mr. Goode escalated his defamation campaign and labeled me directly as "**Dark Alliance**" (aka a terrorist, someone who is evil, rapes, kills, and destroys) and is also a covert death threat to coerce me. (See Exhibit AX Dark Alliance = Death Threats) Mr. Goode also cited his Edge of Wonder (EOW) defamation campaign against me in his Facebook hate post. (sic)

> "It is also **suspect that they have joined the Dark Alliance group** (and other interests) that **has slandered** and **attempted to character assassinate** the 'SBA brand' and myself in particular."

> "I **commented on this in more detail recently** on my **live interview on Edge of Wonder**."

> "If anyone really wants to know the BIZARRE nature of the numerous and irrational court filings this party has made against me **they can request the publically available court files from the Broomfield, Colorado State Court (Montalbano vs Goode). People will have to investigate for themselves…**"

> "If I focused on all the **coordinated attacks,** blacklisting and the variety of **stalkers** I deal with I would never get any work done.

> **Like I said on EOW**, I typically have a handful of people at one time that has **unhealthy infatuations with me. CG**"

> (emphasis added)

(See Exhibit AW Defamation Facebook CR CG)

45. **March 18, 2019** Mr. Goode defamed me live on YouTube, as a stalker, someone sexually harassing him, and someone mentally diseased. Mr. Goode again mentions the one dream where I married him dated December 16, 2017 and again defamed me

to others in my trade and profession, and to actual or potential consumers. Mr. Goode performed this escalation of his hate campaign on YouTube channel Edge of Wonder, with approximately 372,000 (Three-Hundred Seventy-Two Thousand) subscribers and approximately 193,000 (One Hundred Ninety-Three Thousand) views, as of July 21, 2019; in video titled, *"Corey Goode - Alliance Update, Antarctica, Supreme Brand Loves Satan - Edge of Wonder #3."* at approximate times stamps; 1:39:00 to 1:43:00 ( https://youtu.be/bfZRuzL3_aE)

46. **March 21, 2019** I informed Mr. Goode by email he made me cry and informed him he needed to stop these unlawful acts. He did not.

47. **May 25, 2019** Mr. Goode posted publically on his @CoreyGoode Twitter account, a link to an article about (sic) "HOW COVERT AGENTS INFLITRATE THE INTERNET TO MANIPULATE, DECEIVE, AND DESTROY REPUTATIONS" This article describes exactly what Mr. Goode and his associates have been doing to destroy my reputation since December 2017.

(https://twitter.com/CoreyGoode/status/11325037773683466244)

48. **May 26, 2019** I replied to Mr. Goode' public post thanking him for posting his cover story tactics and stated I saw them in a February 20, 2019 Dream Vision. I also told Mr. Goode I foresaw he was going to post something with blue boxes and bullet points from a Dream Vision dated March 7, 2019 and stated I'd shared that Dream Vision with a lawyer @c_chanter. (See Exhibit AY Defamation Twitter, p2 & p3) After that Mr. Goode defamed me publicly as a "wackadoo" (aka someone mentally

AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO FOR PRELIMINARY INJUNCTION          Page **15** of **23**

diseased) to my trade audience and he blocked me on his @CoreyGoode Twitter account. Then Mr. Goode began his Twitter defamation and harassment hate campaign against me with his cyber gang stalking associates to include: @Meagan54339858, @RobVannoy, @realDaCr, @HowardFBeale, and @Zoli69222495.

49. **About May 26, 2019 through June 20, 2019** during Mr. Goode's Twitter defamation campaign against me, via Mr. Goode's Twitter account @CoreyGoode with approximately 23,000 followers; Mr. Goode and his group of cyber gang stalkers bullied, harassed, and defamed me publically as a stalker, cyber stalker, "Dark Alliance," someone sexually amoral, someone with a mental disease, and defamed me in my trade of legitimate dream research as 'crazy' or 'psycho.' Mr. Goode again mentions the marriage dream he is not authorized to retell and directs the public to his November 2018 Reddit defamation hate campaign against me.

(See Exhibit AY Defamation Twitter)

The following are key defamation, harassment, and cyber bullying posts by Mr. Goode and his associates in his Twitter feed/thread:

(a) Post by @CoreyGoode May 25, 2019

"Thank you for all of the wonderful comments in regards to the **Dark Alliance Cyber-Stalking Campaign**! CG"
https://twitter.com/CoreyGoode/status/1131402681279401989

(Emphasis Added) (See Exhibit AY Defamation Twitter, page 1)

(b) Post by @CoreyGoode May 25, 2019

"All motions dismissed...**case to be dismissed within 3 weeks**" ::::winking goofy smiling tongue out emoji::::

https://twitter.com/CoreyGoode/status/1132995159056977921

(Emphasis Added) (See Exhibit AY Defamation Twitter, page 2)

Mr. Goode was ordered May 14, 2019, by the honorable Judge Flynn, to respond to the Amended Complaint. The case was not set to be dismissed.

(c) Post by @CoreyGoode May 27, 2019 (sic)

"**Case to be dismissed with prejudice by mid-june. *Making sure all documents surrounding this case are public for ALL to see*!** *Courts already referenced **plaintiff as being delusional***. New court comments are just as interesting. ***Blocking wackadoo***... and DONE!" (emphasis added)

https://twitter.com/CoreyGoode/status/1132997590872576003

(Emphasis Added) (See Exhibit AY Defamation Twitter, page 3)

Mr. Goode again lies about the case status and threatens to court dox me. Mr. Goode then blocks me on Twitter after defaming me as someone with a metal disease. Then Mr. Goode proceeds to continue to read my Twitter tweets, responds to them, and harass me in the same tweet thread with his cyber gang stalking associates.

(d) Post by @Maegan54339858 (known publically to assist in Mr. Goode's public harassment and hate campaigns against valid researchers) May 31, 2019 (sic)

"Karam is a b*tch *:::winking emoji::::* Glad to hear about the dismissal."
(See Exhibit AY Defamation Twitter, page 4)

(e) Post by me (@AriStone) June 1, 2019 to correct misstatements by Mr. Goode and associates (sic)

"FYI Corey's motion for dismissal was Denied. The actual status of the case is nothing like Corey Stated and blocked me from viewing. Harassing me like you are on behalf of Corey,

will only further harm his defense. If any of you actually care about him, you'll stop for his sake."

(See Exhibit AY Defamation Twitter, page 4)

(f) Post by Mr. Goode June 1, 2019

"All **bullies** eventually **pick on the wrong person** and then **scream victimhood, I have been that wrong person to take on most of my life. It isn't only me they have coming down on them.** (Grab some popcorn) **CG**"

(Emphasis Added) (See Exhibit AY Defamation Twitter, page 5)

Mr. Goode claims he is the victim being bullied and is at the same time threatening me and others exposing his fraud that he and his associates ("others") will 'come down on' us.

(g) Post by Mr. Goode June 2, 2019

"Court papers and dismissal was for a filing you withdrew. THEY gave us the roadmap to having your case dismissed and Denied ALL *of your CRAZY motions. Least of your worries once being reported to Co State Police & FBI* for being part of this *Cyber-Stalking conspiracy! My Turn!* ::::winking goofy smiling tongue out emoji::::
https://twitter.com/CoreyGoode/status/1135162985331118080
(emphasis added) (See Exhibit AY Defamation Twitter, page 4)

Mr. Goode again lies about the case status, verbally defames me as being mentally diseased, and threatens to notify local and federal law enforcement. Mr. Goode has been threatening me with police and administrative action notably since mid-June 2018 for crimes he fabricates he is a victim of.

(h) Post by Mr. Goode June 4, 2019 (sic)

"We shall see. **These stalkers are sadistic.**" (emphasis added)

https://twitter.com/CoreyGoode/status/1136135578078961664
(emphasis added) (See Exhibit AY Defamation Twitter, page 6)

Mr. Goode escalates things now and states I am a 'sadistic' stalker (aka severely mentally diseased).

(i) Post by @realDaCr June 4, 2019 (a cyber stalking associate helping Mr. Goode's public defamation campaign)

"Ooof! **Sadistic is is a mild word to describe them**, they are all together a **new kind of freak!** With interactive game communities, **where they terrorize, rape, destroy,** a person, by **completely infiltrating their living environment.** Of course someone is making money off of this" (emphasis added)

(emphasis added) (See Exhibit AY Defamation Twitter, page 6)

Mr. Goode and @realDaCr have again escalated Mr. Goode's public defamation and hate campaigns against me to include with the severe mental disease of being a sadistic stalker that I am also now a rapist and a terrorist.

(j) Post by Mr. Goode June 18, 2019 (sic)

"@CSP_Boulder @BldrCOSheriff @boulderpolice @FBIDenver @NJStateBar #Cyberstalking #doxgate #framegate"
https://twitter.com/CoreyGoode/status/1140936587104018432
(See Exhibit AY Defamation Twitter, page 7)

One of a handful of tweets, where Mr. Goode tags local and federal law enforcement, pretending he is the victim, when he is the bully.

(k) Mr. Goode retweets @Maegan54339858's vicious tweet defaming me, as a stalker and 'crazy' (mentally diseased), June 19, 2019.

"This lady is bona fide *crazy*. Feel bad Corey has to deal with these *stalkers* that **don't make any sense**."

(emphasis added) (See Exhibit AY Defamation Twitter, page 8)

(l) Post by @Maegan54339858 June 19, 2019

" **No one contact you Psycho."**

(emphasis added) (See Exhibit AY Defamation Twitter, page 9)

Mr. Goode's associate @Maegan54339858 defames me as being severely mentally diseased.

(m)     Post by Mr. Goode June 19, 2019

" **Just wait**, when the case is dismissed **I am posting all of the wacky motions submitted. 1 Mejestrate called her 'Delusional'** in 1 of the papers. **All will see** this for what it is. **Disturbed woman fixated on stalking someone she claims she married** in another Dimension."

(emphasis added) (See Exhibit AY Defamation Twitter, page 10)

Mr. Goode again defames me as a stalker, someone sexually amoral, with a mental disease, and again retells the trade secret marriage Dream Vision he is not authorized to retell, and in so doing Mr. Goode defames me in my trade of dream research (the same trade field Mr. Goode is in). Mr. Goode also threatens to further embarrass and defame me via the lawsuit for not having a lawyer to help me with court processes and he is also threatening to dox me to his cult followers for harassment purposes.

Mr. Goode is fixated on the idea of being married to me, as he repeatedly talks about the marriage Dream Vision publicly (of approx. 500 to choose from), notably since July 17, 2018.

(n) I was also sexually harassed by someone with the screenname of @HowardFBeale who also states I am mentally diseased, but he'd still like naked pics anyways, posted on June 19, 2019 (sic)

AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO FOR PRELIMINARY INJUNCTION          Page **20** of **23**

> "Ari…send me a full frontal and booty pic. I dig crazy chicks."
> (See Exhibit AY Defamation Twitter, page 10)

(o) Post by me (@AriStone) June 19, 2019; giving final legal notice to Mr. Goode and his associates to stop their harassment activities.

> "You just did after I asked you not to. You are to stop and desist with your defamation, harassment, cyberstalking, and cyberbullying activites immediately.
>
> CRS 18-9-111 and CRS 18-3-602
>
> **This is legal notification to you, to not contact me or otherwise again.**"
> https://twitter.com/AriStone/status/11415344771869491200
> (emphasis added) (See Exhibit AY Defamation Twitter, page 9)

Mr. Goode's associates did not stop harassing and defaming me. June 19, 2019 I blocked the following users on Twitter: Mr. Goode (@CoreyGoode), @Meagan54339858, @RobVannoy; and the following morning @Zoli69222495 as they were still harassing me with insults. I also contacted the Grand Junction Police Department and Broomfield Police Departments to discuss my options.

50. Mr. Goode has a mutually agreed upon lifelong stalking Protection Order issued against him October 31, 2014, from a former employer, located in the state of Texas. Mr. Goode was released from employment due to his lack of performance. Subsequently, Mr. Goode fabricated evidence and a fictional reality for a video he publically posted to YouTube against his former employer, Darling International. Mr. Goode defamed them as terrorists claiming they were threatening him and his family with violence, when in reality he was threatening them with violence. Mr. Goode threatened to destroy the company's reputation publicly and via the news. Mr. Goode

admitted to having Complex PTSD, brain trauma, epilepsy, and other issues. His former employers were so concerned for their safety they got a permanent protection order issued against Mr. Goode. See Darling vs Goode: Dallas County, Texas, District Civil Court, Cause No DC-14-04807, dated 5/5/2014 and Agreed Permanent Injunction granted October 31, 2014.

51. Mr. Goode has been performing the exact same defamation tactics, dysfunctional behaviors, fabrication of false realities, and fabrication of evidence against me since December 2017, and has continued to unlawfully use my valuable Trade Secret materials as though his own.

52. Mr. Goode and/or his associates have shown since December 2017 they will continue to cyber stalk, cyber harass, and escalate Mr. Goode's defamation hate-campaigns against me without a court order to stop or prevent such activities.

53. My personal and professional life have suffered severely since 2017 as the Defendant's defamation and fraudulent activities continue to interfere with my professional activities, family relationships and daily life, as I must spend most all of my time researching the law, writing papers, and protecting myself from Mr. Goode's defamatory and/or otherwise unlawful harassment activities against me while waiting for the matter to be heard.

54. I cannot publically talk about my side of the situation without almost immediately being defamed by Mr. Goode and/or his associates as a stalker, someone sexually

amoral, someone with a mental disease, or being defamed in my trade and profession to other professionals in the field and/or potential or actual consumers.

55. I reasonably fear for my safety and my personal and professional reputation being further destroyed by Mr. Goode and/or his associates publically and/or privately and fear that Mr. Goode and/or his associates; and in particular his fraud dream psychic associate David Wilcock with millions of fans/followers; will further unlawfully use and release my highly sought after Dream Visions/Trade Secret materials, information, and research; thereby permanently damaging me to which there is no adequate remedy at law.

FURTHER AFFIANT SAYETH NOT.

All Rights Reserved,

Alyssa Chrystie Montalbano

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

SUBSCRIBED AND SWORN TO
BEFORE ME ON 8-2-19
Alyssa Montalbano
Deputy Clerk

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION FOR LEAVE OF THE COURT TO AMEND THE COMPLAINT, AMENDED COMPLAINT, PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER TO STOP AND DESIST DEFAMATION STALKING HARASSMENT AND UNAUTHORIZED USE OF TRADE SECRETS, AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO, and EXHIBITS AQ – AY** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7017 2620 0000 7180 8100; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **2ⁿᵈ day of August, 2019.**

Alyssa Chrystie Montalbano
Alyssa Chrystie Montalbano, American Citizen

AFFIDAVIT ALYSSA CHRYSTIE MONTALBANO FOR PRELIMINARY INJUNCTION     Page **23** of **23**

| District Civil Court,  Mesa  County, Colorado <br><br> Court Address: 125 North Spruce <br> P.O. Box 20,000-5030 <br> Grand Junction, CO 81502 <br><br> Plaintiff(s): Alyssa Chrystie Montalbano <br><br> v. <br><br> Defendant(s): James Corey Goode | |
|---|---|
| | ▲  **COURT USE ONLY**  ▲ |
| Attorney or Party Without Attorney (Name and Address): <br> 2536 Rimrock Ave <br> Suite 400-117 <br> Grand Junction, Colorado 81505 <br><br> Phone Number:  970.250.8365          E-mail: | Case Number:  18CV50 <br><br><br> Division       10     Courtroom  10 |

## AMENDED & SUPPLEMENTAL COMPLAINT UNDER SIMPLIFIED CIVIL PROCEDURE

1.  James Corey Goode  , defendant(s), is (are) resident(s) of    Broomfield         County, with a post office address of    1140 US Highway 287, Suite 400-266   Street, City Broomfield , State of Colorado

2.  The amount claimed from James Corey Goode, defendant(s), is/are approximately Seventy Thousand dollars and Zero  cents ($ 70,000 ) together with proper interest, costs and any other items allocable by statute or specific agreement. Additional damages, loss of income, loss of opportunity, and non-economic and punitive damages are being sought "according to proof."

3.  Jurisdiction and Venue are proper in Mesa County because Plaintiff is a resident of Mesa County, Colorado, the Defendant, James Corey Goode, is a resident of Broomfield County and the unlawful acts giving rise to Plaintiff's claims took place in Mesa County.

4.  Such claim arises from the following event(s) or transaction(s):

    Defendant presented himself as someone helping humanity. Plaintiff relied on this and as a result was defrauded of approximately 500 handwritten dream visions and associated discoveries (Intellectual Property and Trade Secret materials) by Defendant during 2017, whereby Plaintiff's original materials and Trade Secrets were misappropriated by Defendant largely via email, who preyed on Plaintiff's romantic and trusting nature using his military black operation (MILAB) training and Remote Influencing (RI) skills to emotionally manipulate Plaintiff into sharing her highly sought after information. Subsequent to Defendant attaining the information for free he and/or his associates would disseminate the information publically, claim the experiences as their own, or allege the information as 'secret insider' intel. This was performed at least a hundred times. No remedy or

attribution was given to Plaintiff, while Defendant and his associates profiteered on it <u>from use of Plaintiff's original information and materials</u>. Defendant also prevented the employment of Plaintiff at Gaia TV during 2017 for a competing series based on dreams, as he was regularly using Plaintiff's information as his own on his syndicated show carried there, Cosmic Disclosure. Plaintiff has now lost ~~a year of~~ <u>over 3 years of</u> work along with many personal and professional relationships, due to Defendant defaming Plaintiff as a stalker or similar <u>criminal</u> derogatory term <u>publicly to hundreds of thousands of people and</u> to mutual friends and associates to maintain his fraud. January 12, 2018 Defendant created a derivative work based on approximately 20 of Plaintiff's handwritten dream vision experiences and alleged them as his own. Plaintiff began due process of law to the best of her abilities April 18, 2018 for remedy and attribution due, once discovering the <u>Defendant's</u> fraud <u>and deceptive trade practices</u>. Defendant has avoided and evaded <u>addressing the claims due</u>, to include opening a malicious prosecution case, July 17, 2018, that Plaintiff got dismissed <u>in her favor</u>. ~~This matter is governed by C.R.S. 18-4-401 theft (fraud/con games), C.R.S. 18-4-408 Theft of Trade Secrets, and CUTSA (Colorado Uniform Trade Secret Act).~~  Plaintiff has exhausted all options for remedy and attribution due outside of litigation.  See attached Exhibit certified mailings: Pre-Litigation <u>Affidavit</u> Complaint, failure notices, and billing statements; <u>hereafter PLAC.</u>

<u>Based on these and other facts, Plaintiff hereby incorporates all Exhibits as filed on this court record since June 25, 2018 through to the date of this Amended Complaint filing and as listed in the</u> <span style="color:blue">attached **COMPLAINT EXHIBIT LIST**</span> <u>as if set forth fully herein and is set forth fully herein as evidence in support of its claims. None of the claims stated herein preclude Plaintiff's rights to seek remedy for any related claims under federal jurisdiction such as copyright infringement.</u>

<u>Plaintiff now asserts the following claims against Defendant, James Corey Goode, based on the state statutes cited and the common law of the state of Colorado</u>

## I.    GENERAL ALLEGATIONS

## RELEVANT BACKGROUND OF PARTIES

1. The plaintiff, Alyssa Chrystie Montalbano, is a private individual residing in Mesa County Colorado and is the owner of Ari Stone Art LLC with a primary place of business and mailing address in Grand Junction, Colorado. Ms. Montalbano is an award winning artist and award winning dream researcher and author; having had her art and books seen in multiple local Grand Junction art galleries and shops on Main Street. Her self-published coloring books, tarot journals, and dream books, are available online and via Amazon.com.

2. The defendant, James Corey Goode, is a public figure that publicly claims he is a Secret Space Program (SSP) whistleblower and that he was part of the government's covert '20 and back' program, where he goes 20 years into the future and is then age and time regressed to look like he never left. He claims he did this three times. Mr. Goode also publicly claims regularly being under 'attack' by the "Dark Alliance" or 'cabal,' and that he is poor needing regular donations from the public so he and his family can survive these attacks and cover regular living expenses and that by donating to him the public is fighting evil (Dark Alliance) people (cabal) and are part of bringing full disclosure, love, and truth to humanity, and that he is in regular communication with alien races via dream states. (See Exhibit BQ and BR filed February 21, 2020, Goode talking on Cosmic Disclosure claiming he's been in the SSP and in alien contact; and see Exhibits BN and BO of his alien contact claims)

3. Mr. Goode's publicly well-known definition of "Dark Alliance" is people who threaten to murder him or his close associate Mr. David Wilcock; and that the "Dark Alliance" people in

general are murders, rapists, pedophiles, Cabal, Cabal Pedophiles, Satanists, and human traffickers (who perform sacrifices) through secret Luciferian Cults. Mr. Goode also threatens the "Dark Alliance" by saying they can lose their lives if they don't back down and go back to their private lives. (See attached Exhibit: CR Corey Goode "Dark Alliance")

4. Mr. Goode publicly claims being in the CIA MKULTRA mind control program since about 17 years old and the MiLab (MiLitary Abduction) mind control program since the age of 6. (See Exhibits: BO; and BS video at about 18 min time stamp filed February 21, 2020)

5. Mr. Goode works closely with Mr. David Wilcock, a public figure and New York Times bestselling author (who also writes about dreams) to spread Mr. Goode's public narratives to millions of people in the Consciousness Community around the world. (See Exhibit BQ and BR filed February 21, 2020 Goode with co-host Wilcock on Cosmic Disclosure)

6. Mr. Goode is heavily promoted by Mr. Wilcock who publicly claims he is the famous dream psychic, Edgar Cayce, reincarnated. Mr. Wilcock leads millions of people to believe he has answers for them about dreams, that he is a dream psychic, and dream teacher aware of sacred dreaming and ascension mysteries. (See Exhibit BR Wilcock talking about his telepathic communications, Remote Viewing, and dream recall documentation)

7. Defendant's public narratives and alien claims of being visited in his dreams by 'Blue Avian' aliens (8 foot plus tall bluebirds) and other 'aliens', have been heard globally via his then television and internet broadcasted show, Cosmic Disclosure, carried at Gaia Inc., about 2015 – 2020. These programs are broadcast to Mesa County. (See Exhibits BQ and BR Cosmic Disclosure episode samples)

8. Mr. Goode's public narratives and claims have been told and continue to be told via the internet, public speaking events and other published and broadcast mediums that are received in Mesa County and are heard by millions of people around the world.

**TRADE SECRET INTELLECTUAL PROPERTY AND ANALYSIS PROCESS**

9. Ms. Montalbano believed in the Defendant's public claims broadcast in Mesa County (Complaint ¶¶2-8) and that Mr. Goode and Mr. Wilcock knew about dreams and their meanings and that Mr. Goode was in need of donations and information. (See Exhibits CJ and CQ public donation requests by Goode and Wilcock)

10. as a result of relying on these public claims of Mr. Goode's and belief that he and his associate Mr. Wilcock knew about dreams, largely during 2017, plaintiff sent approximately 500 handwritten Dream Vision codes (Trade Secret IP) via email from Mesa County to the defendant believing she was helping him and Mr. Wilcock fight the "Dark Alliance" and bring full disclosure and truth to humanity about dreams by sharing her Trade Secret Dream Vision codes (Intellectual Property) and analysis process and resultant information with Mr. Goode. It was expected that the Dream Visions would be used to fight the 'Dark Alliance,' not (1) for the personal profit of Mr. Goode, (2) to be misappropriated by Mr. Goode as his own, (3) be disclosed to general public without attribution to Plaintiff, and (4) to be deemed as the personal property of Mr. Goode to be exploited however he saw fit.

11. With belief that Mr. Goode's public claims were true, Ms. Montalbano also made financial donations to Mr. Goode and his associates (See Exhibits CJ and CQ donations to Goode and Wilcock associate Pete Peterson) and paid and travelled to attend Mr. Goode's public events: Conscious Life Expo, CA (February 2017) and Eclipse of Disclosure, CA (August 2017).

12. The Defendant was aware of Ms. Montalbano's unusual Trade Secret Dream Vision foreseeing abilities, as was evidenced publicly during his August 2017 Eclipse of Disclosure public event, Mr. Goode's close associate (believed to be name Vivian Davis) used Ms. Montalbano's original Energetic Portal Design artwork on a slide titled "Modern Day Shamans." No remedy or attribution was given to Ms. Montalbano. (See Exhibit AL filed March 25, 2019 photograph by plaintiff of her artwork used in the 'Modern Day Shaman' slide at Goode's public event)

13. 'Synchronistic' and ongoing public use of Plaintiff's materials and information, as seen in ¶12, encouraged Ms. Montalbano to keep sharing her dream experiences with the defendant. (See exhibit PLAC (¶30) Sections 2 and 3, for examples of info sent to the defendant)

14. After defendant received vast amounts of Plaintiff's Trade Secret materials for free, he and his associates then began to overtly publicly defame Plaintiff as a stalker and later as part of the "Dark Alliance." (¶3)

15. Mr. Goode uses his CIA MKULTRA, MiLab, and military training of Remote Viewing, Remote Influencing, Astral Projection, dream invasion, and mind control training, to influence and manipulate Plaintiff in both sleep and waking states.

16. The PLAC (Complaint ¶30) cites some key romantic dream/astral visits by defendant to Plaintiff that were followed up by Mr. Goode communicating with plaintiff in waking states.

   a. On May 22, 2017 defendant used his astral projection abilities to intimately visit plaintiff. Shortly after, he directly communicated with Ms. Montalbano via Facebook messenger. (See Exhibit PLAC at No. 3-23)

b. <u>Mr. Goode romantically visited Ms. Montalbano December 16, 2017 in a Dream Vision where he married plaintiff and highly decorated military personnel were also present. Plaintiff emailed this dream to the defendant upon waking and asked about it. Mr. Goode communicated by email with plaintiff.</u>  (See PLAC at No. 2-11 and 3-35)

c. <u>A few other examples of Mr. Goode's ongoing and repeat dream visits to Plaintiff are also cited in the PLAC at the following Numbers:</u>

    (i.)     <u>3-15     Angel and Christian Cards;</u>
    (ii.)     <u>3-29     Eye Problems and Galaxy Stone (girl shot in eye);</u>
    (iii.)     <u>3-30     Father and Son patch up differences (son);</u>
    (iv.)     <u>3-32     Vegetarian Eating (healed boy)</u>
    (v.)     <u>3-38     Philadelphia Event Safe</u>
    (vi.)     <u>3-39     Vampire History and Shapeshifting for Prison Sanctuary Love</u>
    (vii.)     <u>3-40     Vatican Dream Showing Married Man How I Pass Through Walls</u>
    (viii.)     <u>3-41     Living Mummy and Why Him</u>

17. <u>After the December 16, 2017 twin flame marriage Dream Vision, Mr. Goode and his associates began to use it as a way to overtly defame and embarrass Ms. Montalbano as a stalker and someone sexually amoral having an extramarital affair with Mr. Goode.</u>

18. <u>Current documented examples of Mr. Goode's ongoing and repeat dream visits to Plaintiff since the start of litigation, where he first tells Plaintiff what he's going to do in waking states before he does them, are seen in the Affidavit & Tangible Dream Vision Trade Secret Evidence filed February 12, 2020 with 22 Dream Vision IP codes and custom analysis;</u>

a. <u>A notable Dream Vision (DV) example is where Mr. Goode appears as himself and he is calculating Ms. Montalbano's trust funds to determine how much he can sue Ms.</u>

Montalbano for and was documented in writing on March 18, 2019.  8 months later in waking states on November 20, 2019, Mr. Goode threatened to go after Ms. Montalbano's trust funds in his angry reply to a YouTube video plaintiff posted. (See Affidavit at No. 18 (analysis) with Exhibit BB Sample 18 (Dream Vision IP code))

## CIA, DREAM, REMOTE VIEWING, TELEPATHIC BEHAVIOR MODIFICATION AND THE DEFENDANT

19. The CIA, other sectors of the military and prestigious universities and science institutions are involved in the same dream research, Remote Viewing and Remote Influencing activities as Mr. Goode, notably for mind control purposes.

The CIA has thousands of declassified MKULTRA mind control program documents publicly available on the CIA website reading room. (See Exhibit AK filed February 27, 2019 CIA Project BLUEBIRD; and Exhibits BC, BD, BE, BG, BI, BJ, BK, BL and BM filed February 21, 2020 of some declassified CIA mind control program records)

Based on information and belief, Mr. Goode is researching Plaintiff and her Trade Secrets for remote neurological mind control purposes.

20. **CIA MKULTRA**

The illicit and covert CIA MKULTRA mind control programs experiment on people for the purpose of mind control without consent and work with prestigious Universities and Scientific Research Centers. Many people experimented on don't know they are being experimented on or part of illicit programs. This was a serious issue addressed in the Senate Hearing of 1977.(See exhibit BC filed February 21, 2020 MKULTRA Senate Hearing p2 ¶8)

Based on information and belief, Mr. Goode is experimenting remotely and non-consensually on Ms. Montalbano in sleep and waking states.

21. MKULTRA is a brain washing and personality splitting program that uses neuroscience for the purpose of 'Telepathic Behavior Modification' for literal 'consciousness obliteration' of the "Targeted Individual" (TI) or "Interrogation Subject" to control the victim (mentally and physically) like a robot through the use of hypnosis, frequencies, micro chipping, and drugs, for "Subconscious Isolation." (See Exhibit BE filed February 21, 2020 CIA Telepathic Behavior Modification for Consciousness Obliteration)

Upon information and belief, the defendant is trying to telepathically behavior modify plaintiff in sleep states using his MKULTRA training.

22. **Remote Viewing and Astral Travel**

Defendant publicly claims being able to astral project outside of his body since childhood and being hand selected by the military since childhood for his abilities. (See February 21, 2020 filed Exhibits: BO - Goode MKULTRA MiLab since age 6; and exhibit BS Goode SSP since about 17 years old)

Defendant publicly claims working with Mr. Gerald O'Donnell since 1993. Mr. O'Donnell is a World-Renowned Remote Viewing and Influencing Expert. Mr. O'Donnell worked for the Western European Intelligence Agency in the 1980's as part of the Remote Viewing program, where he was part of the covert counter intelligence to the Soviet KGB and GRU programs. (See Mr. O'Donnell's website: https://probablefuture.com/about-gerald-odonnell/ ;

and See Exhibit CIA Russell Targ Remote Viewing Program filed December 11, 2018; and See Exhibit BG Neurological Correlates to Remote Viewing filed February 21, 2020)

The CIA has funded and developed programs focused on Remote Viewing, which is similar to Astral Projection; where a person travels with their 'mind' to see things in other locations and report back what they saw. (See Exhibit CIA Rusell Targ Remote Viewing Program filed December 11, 2018; and See Exhibit BG Neurological Correlates to Remove Viewing with SRI International filed February 21, 2020)

The defendant uses his astral projection, remote influencing, and remote viewing abilities, to 'visit' and influence Plaintiff in sleep and waking states. (Complaint ¶16 and ¶18)

23. **CIA Project BLUEBIRD**

Mr. Goode publicly claims going off world with 8 plus foot tall "Blue Avian(s)" (Blue Bird) aliens. (See Exhibit U filed January 30, 2019 image of Mr. Goode and a BLUEBIRD alien; and see Exhibit BN filed February 21, 2020 Goode 'Blue Avian' alien off world claims)

The CIA's Project BLUEBIRD (from the 1950's) notably cited a strong and growing interest in the development of ESP (Extra-Sensory Perception) for militaristic use and mind control. (See Exhibit AK filed February 27, 2019 CIA Project BLUEBIRD mind control project)

Based on information and belief, Mr. Goode's 'alien' claims and visits are an 'ESP' based mind control program.

24. **"Interrogation Teams" to Intelligence Gather**

Mr. Goode publicly claims being a part of "Interrogation" teams for intelligence gathering. (See Exhibit BO filed February 21, 2020 at p2 Goode claims being in the "Intruder Intercept Interrogation Program")

The CIA's Project BLUEBIRD had "Interrogation Teams" that explored mind control with hypnotism. (See Exhibit AK filed February 27, 2019 CIA Project BLUEBIRD and note "Interrogation Teams" of three people to include a hypnotist)

Based on information and belief, Mr. Goode has been "interrogating" Plaintiff in sleep and waking states to intelligence gather.

25. **A.I. Neural Network Interfacing with Human Brains**

Mr. Goode claims his 'alien Anchar' friends communicate with humans via egg shaped chairs that link into peoples' neuronetworks (brains). (See Exhibit BN filed February 21, 2020 at page 3 of 24 section titled, "PRIVATE ACCOMODATIONS" showing others involved with Goode to invade the neural networks (brains) of the general public for remote telepathic communications.)

The CIA uses remote Telepathic Behavior Modification (TBM) to telepathically send 'nasty' thoughts to cause sickness in the targeted subject and remotely alter the Targeted Individual's behaviors and white blood cell count. (See Exhibit BE filed February 21, 2020 CIA Telepathic Behavior Modification at p30 ¶1)

Based on information and belief, Mr. Goode is using neural network invasion techniques and/or technology to 'telepathically' visit and attempt to behavior modify Plaintiff.

26. **Remote Frequency Assassinations A.I. Technology (S.A.T.A.N.)**

Defendant publicly claims participating in remote killing (assassination) of people while participating in the illicit CIA MKULTRA mind control programs. (See Exhibit BS filed February 21, 2020 video of Mr. Goode talking about remote killing of Targets being required in the program and he had no choice but to participate and/or be mind-wiped)

The CIA has remote neural monitoring technology for psychic assassinations and in particular the CIA has an Artificial Intelligence program called S.A.T.A.N. (Silent Assassination Through Adaptive Networks). The program interfaces with the mind and has a subprogram called VooDoo Doll that remotely stimulates the Target's brain cortices to cause them to feel physical pain or pleasure in whatever area of the body chosen, as if physically occurring. The goal is typically to cause a suicide or create sociopathic assassins. This is done wirelessly and utilizes Radio Frequency (RF) waves and is also known as Touchless Torture. (See attached Exhibit CS – from book "Project: Soul Catcher Volume Two Secrets of Cyber and Cybernetic Warfare Revealed" by Robert Duncan and the Mind Hacking Strategy Group, p224-p239 about the CIA S.A.T.A.N. program and how it is used on Targeted Individuals)

Upon information and belief, the defendant and his government contacts have attempted multiple assassinations of Ms. Montalbano, her dream research associates, and family members, in sleep (neural dream) states with S.A.T.A.N. or similar A.I. technology.

27. **Neuroscience and Neurological Alterations**

Mr. Goode has publicly and on court records claimed he has the following health issues: Temporal Dementia, Aphasia, Epilepsy, Brain Trauma, Complex Post Traumatic Stress

Disorder (not combat related) and eye retinal detachment. (See filed February 21, 2020: Exhibit BQ (video health claims); and Exhibit BP Darling v Goode and Goode health claims)

Based on information and belief, Mr. Goode's public neurological and mental health claims are a matter of serious public issue and are the reason for Mr. Goode's 'alien' hallucinations and publicly erratic, dysfunctional, volatile, and abusive behaviors in the community and are a result of the illicit CIA MKULTRA and MiLab programs he claims being in.

## INDIVIDUAL EXPERIMENTS ON PLAINTIFF – DREAMS

28. Based on information and belief, Mr. Goode has been remotely studying and remotely experimenting on Ms. Montalbano for years, in both dream and waking states, as a chosen Targeted Individual for the CIA mind control programs he falsely claims he's whistleblowing on. (See Attached Exhibit CO – Mr. Goode Tweet stating "We are directly targeting each of the bad actors. #RingOfFire #DarkAlliance #cyberstalking" and see Exhibit CS at p225 where sleep patterns can be tracked remotely)

## FRAUD

29. Ms. Montalbano began to become aware of Mr. Goode's deceptive trade practices and being defrauded of her valuable dream research around December 2017 and that Mr. Goode was not the CIA whistleblower, dream teacher, or harbinger of galactic love and light he publicly claimed and was instead perpetrating the type of program he claims he's whistleblowing on.

## PRIMA FACIE AUTHENTIC RECORDS (PLAC)

30. Plaintiff incorporates the unrebutted Pre-Litigation Affidavit Complaint, Prima Facie authentic mailings (77 pages); hereafter, PLAC; and as filed November 13, 2018 this court

record, as if set forth fully herein for Remedy and/or Response as unrebutted evidence of use of Trade Secret materials and copyrighted materials by the defendant. (See Mesa County CLERK AND RECORDER Reception # 2843230  6/7/2018)

31. Ms. Montalbano began what she understood to be due process of law to the best of her abilities, April 18, 2018, and served the PLAC affidavits and notarized billing statements via USPS for response. Mr. Goode never responded to these documents.

32. The unrebutted PLAC claims were filed with the Mesa County Clerk and Recorder Office as Prima Facie authentic records June 7, 2018.

33. Mr. Goode's romantic organized public cyberstalking to obtain Ms. Montalbano's Trade Secrets during 2017, became notably defamatory and hateful after the PLAC mailings.

## "DREAM VISION" COPYRIGHTS AND TRADE SECRET MISAPPROPRIATION

34. Ms. Montalbano holds Copyrights on the following dream based books, "Dreams The Missing Text" and "DreamWalker" (See Exhibit X filed January 30, 2019)

35. Of the 500 Dreams Visions (Intellectual Property) donated to Mr. Goode largely during 2017 in approximately 400 emails, about 50 were federally copyrighted in "DreamWalker" and Mr. Goode also received approximately 450 unpublished common law copyrighted Dream Vision codes with associated custom analyses and resultant information.

36. During 2017, Mr. Good violated Ms. Montalbano's copyrights and retailored Plaintiff's Dream Vision experiences and used them on his then syndicated show, Cosmic Disclosure,

as though they were his own experiences with his alleged 'alien' friends. (See Exhibit PLAC at No. 2-1 through 2-6; and No. 2-21 instances of derivative work use on Cosmic Disclosure)

37. January 12, 2018 Mr. Goode violated Ms. Montalbano's copyrights and created a derivative work he called "Mega Update" that was based on the information and experiences contained in approximately twenty (20) of Ms. Montalbano's Dream Visions. He told the story as though it was his own experiences with his 'alien' friends and as if it was actual intel/news and/or 'secret insider information.' (See exhibit PLAC at No. 2-6 through 2-20 for "Mega Update" derivative work use)

## ABUSE OF PROCESS AND MALICIOUS PROSECUTIONS

38. Mid- June 2018 through to current, Mr. Goode and his Texas based counsel, Ms. Wilde, attempted five (5) malicious prosecution cases with abuse of process to harass and defame Ms. Montalbano to maintain Mr. Goode's public fraud and theft of Plaintiff's Trade Secret materials with repeat frivolous cases lacking reasonable factual or cognizable basis in law.

39. Mr. Goode used his baseless cases to overtly publicly defame Ms. Montalbano as a stalker. On July 17, 2018 via Facebook, Mr. Goode publicly implied Ms. Montalbano was a stalker by stating he had to obtain a Protection Order, the same date he fraudulently obtained the Protection Order against Ms. Montalbano. (See Exhibit AM filed March 25, 2019)

40. June 2018 through to current, Mr. Goode repeatedly lost his stalking claims against Plaintiff in multiple courts and cases, even with his fabricated evidence and perjury that he did not have a stalking protection order against himself, yet he continued to publicly defame Ms. Montalbano as a stalker and refused to stop.

## **DEFAMATION – PRIVATE DISCLOSURES - AND DONATIONS**

41. 2018 through to current, Mr. Goode began many public defamation libel and slander hate campaigns against Ms. Montalbano calling her a stalker, "Dark Alliance," someone with a mental disease, and someone sexually amoral having an extramarital affair with him to those in the same or similar trades and professions via: Facebook, Reddit, YouTube, and Twitter to thousands and even hundreds of thousands of people. (See Exhibits AM, AO, and AP filed March 25, 2019; See Exhibits AR, AS, AU, AW, and AY filed August 2, 2019; and See Exhibit AZ filed September 9, 2019; and See Exhibit CC filed March 19, 2020; and See attached Exhibits CL, CM, CN, and CO for examples of published and broadcast defamation)

42. 2018 through to current, Mr. Goode released private information about Plaintiff to the public that was not a matter of public interest, such as Plaintiff's intimate marriage dream experience with Mr. Goode.

43. March 2020, the Defendant used the internet to garner illicit donations and support from the public to financially fund his harassment and defamation activities of Ms. Montalbano via the court systems. (See attached Exhibit CI)

I.   **CAUSES OF ACTION CLAIM COUNTS**

**COUNT 1**
**FRAUDULENT MISREPRESENATION (FRAUD)**

44. The Defendant made a false representation of facts that were material and he knew they were false. Plaintiff's reliance on these facts were justified and this reliance caused injuries, damages, and losses to Plaintiff.

45. Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

46. Plaintiff incorporates the allegations in COUNT 7 DEFAMATION and COUNT 8 HARASSMENT by reference as evidence of fraudulent misrepresentation.

47. Plaintiff incorporates the allegations in COUNT 5 ABUSE OF PROCESS and COUNT 6 MALICIOUS PROSECUTIONS by reference as evidence of fraudulent misrepresentation.

48. **Mr. Goode public claims:**

    Plaintiff relied on Mr. Goode and Mr. Wilcock's public claims as being true; like millions of other people in the general public. (Complaint ¶¶2-8)

49. **Plaintiff learned the claims by the Defendant were not true when:**

    A. The defendant (mis)used plaintiff's Trade Secret Intellectual Property and associated research as his own experiences, information, and materials. (Complaint¶¶36-37)

    B. Defendant began to seek stalking charges against Ms. Montalbano for a crime not committed mid-June 2018 and then provided fabricated evidence for the Broomfield Combined Courts to obtain a fraudulent Temporary Protection Order July 17, 2018.

    C. After the defendant repeatedly lost his baseless stalking claims, he and his associates publicly and maliciously proceeded to defame Plaintiff as a stalker and someone sexual amoral to hundreds of thousands of people in the general public and refused to stop when asked (2018 to current).

    D. Plaintiff further learned Mr. Goode was making fraudulent misrepresentations about who the "Dark Alliance" people actually are, after he began to publicly defame Ms. Montalbano as "Dark Alliance." (See Exhibit CR Dark Alliance definition taught to

Goode and Wilcock followers; and Exhibit AP filed March 25, 2019; Exhibit AW filed August 2, 2019; and attached Exhibits: CL, CM, CN, CO, and CP of Goode defaming Ms. Montalbano as 'Dark Alliance' to the public)

E.  Plaintiff knew Mr. Goode was not love and light based, or trying to bring unity to the consciousness community, after enduring 2 years (2018 to current) of his ongoing organized cyberstalking, defamation, and harassment activities against Plaintiff, and him refusing to stop and instead repeatedly escalating the hate crimes against Plaintiff, when Plaintiff has never retaliated publicly or privately.

F.  Plaintiff knew Mr. Goode (and Mr. Wilcock) were not legitimate dream researchers or dream teachers when after Ms. Montalbano had delivered vast amounts of Dream Vision data to Mr. Goode and regular ongoing evidence of her accurate dream foreseeing abilities; the defendant and his associates chose to publicly defame Ms. Montalbano as someone with a mental disease for thinking she foresees the future, when vast amounts of evidence support plaintiff's claim. (See Exhibit AP filed February 27, 2019 Goode associate calling Montalbano crazy and sexually amoral; and Exhibits: AU and AW filed August 2, 2019 Goode and associates calling Plaintiff delusional, crazy, or insane)

G.  Plaintiff knew Mr. Goode's alien and dream teachings were false, when Plaintiff learned about the declassified CIA MKULTRA documents and compared those records with her Dream Vision records and the defendant's massive amounts of dream visits and learned the CIA mind control programs for psychic warfare use frequencies, hypnosis, Artificial Intelligences, neural network interfacing, and directly impact sleep-wake (dream) states for mind control purposes and that plaintiff's DV records matched the CIA records.

H.  <u>Plaintiff further learned the defendant was a false MKULTRA whistleblower when Ms. Montalbano began communication with Mr. Randy Maugans, an MKULTRA experiencer and legitimate program whistleblower, who explained to Ms. Montalbano that her Dream Visions had a lot of MKULTRA symbology and codec in them and that the CIA uses dream states for sexual encounters as well as murder efforts. Mr. Maugans is willing to testify as an expert witness.</u>

50. **Knowingly False Public Statements by Defendant about Plaintiff**

A.  <u>Mr. Goode knew his public statements about Ms. Montalbano being a 'stalker' were false when he repeatedly lost his stalking cases even with fabricated evidence and perjury.</u>

B.  <u>Mr. Goode knew his "Dark Alliance" defamation of Plaintiff was false as Ms. Montalbano has never threatened him (publicly or privately), his family, or any of his associates at any time and Ms. Montalbano has a clean record and is and has been an upstanding member of the community.</u>

C.  <u>Mr. Goode knew his defamation of Plaintiff as being 'crazy,' 'delusional,' or otherwise 'insane' for dream foreseeing were false because Ms. Montalbano sent vast amount of evidence to him (Dec 2016 to current) showing her abilities based on proof, and Mr. Goode was well aware of Plaintiff's abilities as, evidenced August 2017, (Complaint ¶12) and as would be recognized by someone trained by the CIA in such matters.</u>

51. **False Dream Prophet, defendant associate, David Wilcock**

A.  <u>Plaintiff learned defendant associate, David Wilcock, was a fraud dream prophet-psychic fraud dream teacher, and unlawfully used other researchers' work as his own when:</u>

(i)     March 7, 2019 YouTube channel, unSpirituality, posted video "Linda Moulton Howe EXPOSES David Wilcock" with a clip from public figure Linda Moulton Howe's YouTube channel Earthfiles, where Ms. Howe exposed that David Wilcock stole her legitimate secret insider information and research, and presented it as thought his own on his YouTube channel. Ms. Howe reported Wilcock to YouTube and Wilcock's video was struck for copyright infringement. (See Exhibit CT Wilcock exposed by unSpirituality)

(ii)    When news reporter Mr. Daniel James posted to YouTube, December 13, 2019, video titled, "Threats, Intimidation & New Age MADNESS" and played Mr. Wilcock crying on a radio show in 2011 and worried he'd be narcohypnotized then played Wilcock in 2019 on Edge of Wonder YouTube channel stating he was never threatened.(Exhibit BU filed February 21, 2020)

(iii)    On April 7, 2020, Occult Priestess stated that David Wilcock told her at a 2017 New Year's Eve party he no longer had visions (dream visions) and that he leaves that to Corey Goode. (See Exhibit CT YouTube Live Chat April 7, 2020)

(iv)    When many other people in the community also began exposing Mr. Wilcock's many and ongoing failed dream predictions. To include news reporter Dark Journalist Tweet posting on April 22, 2020 pointing out another Wilcock failed prediction of "3 days of Darkness" (See Exhibit CT Dark Journalist Tweet)

(v)    When Mr. Cambian on his YouTube channel, Truthseekers, posted "Truthseekers Episode 0006 : "David Wilcock and a box of dildos."  June 26, 2020 and exposed: (See Exhibit CT screenshot Truthseekers YT video)

a.    David Wilcock had been fraudulently claiming he's the famous dream psychic Edgar Cayce reincarnated. Mr. Cambian contacted the Edgar Cayce Foundation and found out that they have a test (as many people claim to be Mr. Cayce) and that Mr. Wilcock took the test and failed, and that Mr. Cayce's family has told Wilcock to stop publicly claiming he's Mr. Cayce reincarnated and Wilcock has not stopped. (Time Stamps 4:00 – 7:00)

b.    That David Wilcock has thousands of failed predictions documented online and that one of Mr. Wilcock's SSP 'whistleblowers' is a convicted child molester.  (Time Stamps 7:00 – 12:00)

c.    That David Wilcock's books are about 50% to 60% copy and pasted works. (Time Stamps 16:30 – 17:30)

52. **False Whistleblower Claims**

A.    Plaintiff learned the Defendant, Mr. Goode, was a whistleblower fraud when his former employer at Gaia Inc, Mr. Jay Weidner, began to publicly speak up starting May 8, 2019 on his YouTube channel, REALiTY CHeCK, and stated Mr. Goode also used his film stories as part of his alien narratives in the Comic Disclosure show. (Mr. Goode is also suing Mr. Weidner in the pending frivolous RICO case that is also against Ms. Montalbano (Complaint ¶140)

B.  <u>Ms. Montalbano learned, April 25, 2019, that Mr. Goode participated in promoting</u> <u>another fraudulent whistleblower of Mr. David Wilcock's, when Steven Cambian posted</u> <u>to his YouTube channel, "The Midnight Hour (0013) Pete Peterson & David Wilcock</u> <u>gofundme investigation" Mr. Cambian investigated David Wilcock's then number one</u> <u>'whistleblower' (before Mr. Goode came along) Pete Peterson (since deceased), who was</u> <u>also seen on the Cosmic Disclosure show. Mr. Cambian discovered Mr. Peterson's entire</u> <u>resume background was completely fabricated and Wilcock's donation fund raiser for</u> <u>Pete was based on completely false statements and made up stories about a standard</u> <u>home foreclosure and raked in about $55,000 in illicit donations. Mr. Cambian is willing</u> <u>to testify.</u> (See Exhibit CQ Pete Peterson Go Fund me scam and Plaintiff's donation to it)

C.  <u>Mr. Peterson was further exposed as a fraud by both Mr. Goode and Mr. Peterson's</u> <u>former employer, Mr. Jay Weidner, on his REALiTY CHeCK YouTube channel.</u>

D.  <u>Mr. Peterson was also cited as one of Mr. Goode's associates 'synchronistically'</u> <u>disseminating bits of Ms. Montalbano's Dream Visions information as his own during</u> <u>2017.</u> (See Exhibit PLAC, at No. 3-27 Peterson talking about draco reptilians being 1/3 good as if his info and actual news (Cosmic Disclosure S7E31 at 26:00 min time stamp))

E.  <u>Ms. Montalbano further learned Mr. Goode's claims of being in the Secret Space</u> <u>Program 20 and Back was more plagiarized work belonging to the real whistelblowers</u> <u>named Michael and Stephanie Relfe, who actually had the experiences and made the</u> <u>information available for free to the public in their published internet books around 2000,</u> <u>via the website http://TheMarsRecords.com.</u> (See Exhibit V filed January 30, 2019 and video write up linking to the Relfe's internet content)

F.  Ms. Montalbano also learned Mr. Goode extensively data mined the ProjectAvalon.net internet community of spiritual seekers, experiencers, and legitimate whistleblower members for their stories, insider experiences, and testimonies, just prior him contracting with Gaia Inc and co-hosting his then show Cosmic Disclosure, with David Wilcock. Technical data of this data mining can be obtained from the ProjectAvalon site administrators.   (See Exhibit V again, Bill Ryan is a public figure and  legitimate whistleblower and founder of the ProjectAvalon website)

G.  When Gaia Inc. removed Mr. Goode's show, Cosmic Disclosure from airing, early 2020, due to the massive amounts of conflict Mr. Goode has been creating in the consciousness community and his ongoing defamation acts against Gaia Inc and others.

## LAWSUITS AND DEFAMATION  FOR DONATIONS

53. Mr. Goode opens multiple lawsuits for the improper purpose of gaining public fame, notoriety, new followers, to promote his fraudulent misrepresentations and garner illicit donations from the public through falsely claiming valid researchers in similar trades and professions to himself, such as Plaintiff, are "stalkers," "Dark Alliance," or "brutal and greedy cabal," trying to kill him and that "Corey must pursue and fight these entities in various court systems…" (See attached Exhibit CI Light Warrior Legal Fund)

54. Mr. Goode has started a website, on or about March 2020, for what he calls the "Light Warrior Legal Fund," where he is fraudulently stating people like Plaintiff are "Dark Forces" (Dark Alliance; Complaint ¶3) and he is garnering illicit donations from hundreds

and even thousands of people in the public to pay for his ongoing abuse of Plaintiff and other valid researchers via the legal system. (See attached Exhibits CI, CL CM, CN, CO, and CP)

55. Mr. Goode started a for-profit LLC for these fraudulent legal fund donations. (Exhibit CI)

56. Mr. Goode is using these fraudulent misrepresentation to destroy the reputation, business, and life of Ms. Montalbano.

57. Mr. Goode has used lawsuits as a way to garner donations off of the public since as early as 2012. (See attached Exhibit CI – James Corey Goode 2012 Facebook Lawsuit Donation Request Post)

58. During 2017 Plaintiff also believed Mr. Goode's fake news "Dark Alliance," stories as being true and that he was poor needing money for regular living expenses, and under attack from the "Dark Alliance," and also donated money, November 29, 2017, under these false pretenses. (See attached Exhibit CJ –financial Donation to CG)

## DAMAGES AND REMEDIES

59. As a result of Mr. Goode's fraudulent misrepresentations and Plaintiff's reliance on them as being true; Plaintiff's was damaged; initially through delivering her legitimate and original Trade Secret dream research materials, custom analysis process and resultant information to the defendant; and then damaged by Mr. Goode's fraudulent and defamatory misrepresentations about Plaintiff. Ms. Montalbano has lost professional and personal relationships, financial investments, private contractors, business opportunities, mutual friends and associates and has suffered ongoing embarrassment, anxiety, and severe emotional distress from these fraudulent misrepresentations performed by the defendant and his associates against Plaintiff.

60. Based upon the facts of Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion on Privacy Rights, Intentional Infliction of Emotional Distress, and Unjust Enrichment, the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Fraudulent Misrepresentation; to include actual damages, consequential damages, non-economic damages (for mental suffering), and punitive damages for malicious intent.

## COUNT 2
## TRADE SECRET MISAPPROPRIATION C.R.S. § 7-74-101 et seq. (CUTSA)

61. Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

62. Mr. Goode used improper means and misrepresentation to defraud Plaintiff of her Trade Secret Intellectual Property, custom analysis process and resultant dream research information with intent to acquire and use them as his own or for that of use by another and deprived Ms. Montalbano of them.

63. During 2017 Mr. Goode knowingly misappropriated for himself through his public frauds, largely via email for he and his associates' use, approximately 500 handwritten and photographed Dreams Vision codes (Intellectual Property) and associated Trade Secret analysis process data and resultant predictive dream research information belonging to Plaintiff.

64. The misappropriated Trade Secrets are secret and of value. With exception to Mr. Goode; due to Plaintiff's belief in his public frauds and deceptive trade practices; reasonable care was taken by Plaintiff to keep her Trade Secrets, secret.

65. A Trade Secret is defined as a 'process,' and more importantly **"...or other information relating to any business or profession which is secret and of value."** (C.R.S. 7-74-102) and can essentially be anything that confers value to a business.

66. In the profession of dream research that Plaintiff and Defendant are involved in, and whereby dream predictions are the main area of focus in the trade, having accurate predictive dreams and an efficient analysis process to obtain the resultant accurate dream data and information is something of great value to a business involved in such trade research, and Plaintiff's highly accurate predictive dream information relates to her business of predictive dream research and teaching and is secret and of great value within her profession.

67. Plaintiff's Dream Visions are Trade Secret Intellectual Property materials and are also an organic predictive code with a unique algorithm based on Plaintiff's neural observations (aka life experiences). Plaintiff's customized analysis process of her Dream Vision IP codes and resultant information shows the predictive capability of the documented organic codes that are similar to a highly advanced A.I. computer software (neural) predictive program code. When Plaintiff's custom analysis process is coupled to the Dream Vision IP codes it results in a fairly accurate and ongoing prediction of coming and interconnected waking state events. This information is secret and of great value in Plaintiff's trade and profession.

68. Approximately, 500 of these organic handwritten predictive codes and customized analysis processes were photographed, placed into PDF files, and delivered to Mr. Goode largely during 2017 and predominantly by email. These records and their resultant information are secret and of value to Plaintiff, her business, and her trade of predictive dream research.

69. The Trade Secret Intellectual Property codes were never intended to be published by Mr. Goode or his associates as though their own stories or experiences in violation of copyright laws. (Complaint ¶¶36-37)

## TRADE SECRET CONTRACT THROUGH MISAPPROPRIATION

70. It is understood a contract was formed between the parties with a theory of recovery, when Ms. Montalbano delivered her (Trade Secret) Intellectual Property and customized analysis process with resultant predictive dream information to Mr. Goode under false pretenses.

71. It was understood by Plaintiff that her proprietary dream and analysis information would be used for the purpose of helping humanity understand the truth about dreams and that the good will of the public would be received as the mutual exchange of consideration.

72. Mr. Goode is the party whom breached the 'contract' through operating deceptive trade practices and making knowingly fraudulent misrepresentations about Ms. Montalbano and her legitimate predicative dream research to destroy her business and public reputation to mutual potential consumers and peers in the same or similar trades and professions.

## TRADE SECRET DETERMINATION

73. Due to the unusual nature of the Trade Secrets when sending them largely during 2017, Ms. Montalbano didn't fully know her Dream Visions were predictive codes and that her customized analyses of them resulted in accurate future predictions .

74. The confidential information contained in the 500 handwritten Dream Vision codes, and associated emails and customized analysis data of such, is exceedingly rare and the information contained within the records is not publicly known.

75. Other people that Ms. Montalbano has worked with, or currently works with, regarding her Dream Vision information and discoveries have signed Non-Disclosure Agreements (NDA).

76.  The CIA and similar government Intelligence interests, scientific programs, and prestigious universities, have invested millions, billions, and even likely trillions of dollars to obtain information and research like what Ms. Montalbano has organically produced since 2006 through to current. This type of government and militaristic research has been notably performed since at least as early as the 1950's. (See Exhibits AK filed February 17, 2019 CIA declassified record Project BLUEBIRD; and see Exhibits BC, BD, BE, BF, BG, BI, BJ, BK, BL, BM, filed February 21, 2020 for some CIA declassified dream and mind control related research programs)

77. Ms. Montalbano's Trade Secret Intellectual Property information, Dream Visions, as delivered by mistake and error to the defendant are not duplicable; but her method of analysis is duplicable, with the caveat it will be selective to the individual dreamer and would take years to acquire data and information of similitude to Ms. Montalbano's personal collected data of Dream Vision codes and to develop the highly customized and individualized analyses process of them for that singular person. Ms. Montalbano's highly customized analysis process of her own Dream Vision codes and the resultant information is secret and of great value to plaintiff's business and the field of predictive dream research.

78. Ms. Montalbano estimates to now have documented around 2,000 to 3,000 unique Dream Vision sequences averaging 10-15 pages per night that currently comprise 67 journals with an average of 250 to 500 pages per Journal.  Mr. Goode has the estimated equivalent of 25 of these journals with associated information in his email box since December 2016 to current.

79. If Ms. Montalbano's Trade Secret Intellectual Property codes (Dream Visions) were released publicly by the defendant and/or the custom analysis and/or resultant information it would be exceedingly damaging to Plaintiff's company, profession, research and work, that gives her a highly competitive advantage in the predictive dream research trade, through having accurate predictive dream research information in a field of research filled with frauds who require 'belief' for their alleged dream prediction work to be 'valid' as they have no evidence; and whereby Plaintiff's legitimate dream research and discoveries require NO belief and are in fact based on years of actual documented records and the analysis of such records in direct comparison to similar waking state events that occurred after the dream was documented in writing. In some instances waking state events have occurred 14 years after the Dream Vision was documented and others within days. This type of information is exceedingly rare, secret, and of great value to Plaintiff, her work, trade, and field of predictive dream research.

80. Upon information and belief, Mr. Goode has given Ms. Montalbano's Trade Secret research and information to Mr. David Wilcock (a New York Times Bestselling author) for use in his fraudulent public dream teachings and published dream teaching works.

81. Upon information and belief Mr. Goode has given Ms. Montalbano's Trade Secret Dream Vision IP (codes), customized analyses and resultant information to the CIA, DOD, DARPA, NSA, USAF, and/or other similar Intelligence Agencies and/or interests.

## EVIDENCE OF PLAINTIFF'S TRADE SECRET EXISTENCE

82. Ms. Montalbano has provided the courts with a small sample of her Trade Secret evidence showing her Trade Secrets do in fact exist and how her written Dream Visions with a customized analysis of her own Dream Vision codes do in fact result in fairly accurate

predictions of future waking state events. The February 12, 2020 court filed sample Dream Visions show that Ms. Montalbano foresaw even this court dismissal situation, and other interrelated waking state situations as early as 2010 in her Dream Vision codes and that were clearly documented in writing before the waking state occurrences. (See Affidavit & Tangible Dream Vision Trade Secret Evidence and attached Exhibit BB filed February 12, 2020 with 22 Dream Vision samples, customized analysis & resultant predictive information)

83. The following eight (8) written Dream Vision (codes) seen in Exhibit BB filed February 12, 2020 with a customized analysis of these specific Dream Vision code records are seen in the Affidavit & Tangible Dream Vision Trade Secret Evidence and were photographed and emailed to the Defendant during 2017 and are evidence of valuable misappropriated Trade Secret IP code information that when custom analyzed with plaintiff's process the outcome shows a highly accurate predictive waking state occurrence and the inter-relationship of the Dream Vision codes to one another:

    i.   "*Changing Kings Heart with Love*" dated June 14, 2016 and emailed to the Defendant July 11, 2017 (See Affidavit & Tangible Dream Vision Evidence at No. 1 and Exhibit BB Sample 1)

    ii.   "*Contract Trickery Foiled*" dated October 9, 2017 and emailed to the Defendant October 10, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 7 and Exhibit BB Sample 7)

    iii.   "*3 Idiots*" dated October 21, 2014 and emailed to the Defendant June 28, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 9 and Exhibit BB Sample 9)

iv. "*Manifesting Rainbow Spheres*" dated July 9, 2017 and emailed to the Defendant July 10, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 10 and Exhibit BB Sample 10)

v. "*Legend of the Bear Love - Interporganate*" dated July 6, 2013 and emailed to the Defendant July 10, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 13 and Exhibit BB Sample 13a)

vi. "*Spark Plan Foiled*" dated January 1, 2017 and emailed to the Defendant October 28, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 16 and Exhibit BB Sample 16)

vii. "*Overcoming Prior Agenda with Love*" dated June 24, 2010 and emailed to the Defendant June 25, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 19 and Exhibit BB Sample 19)

viii. "*MJ12 Magik Light Up Crystals*" dated March 29, 2017 and emailed to the Defendant July 7, 2017. (See Affidavit & Tangible Dream Vision Evidence at No. 19 at p40)

84. The other Dream Vision IP codes that are not publicly published or otherwise disclosed and still in the defendant's email box with associated custom analyses are secret and of value.

85. Improper and untimely release of the Dream Vision IP code and/or custom analysis process and/or resultant information would be highly damaging to Plaintiff and her business.

## MONETARY RECOVER FOR DAMAGES AND INJURY UNDER CUTSA

86. Ms. Montalbano has been injured in fact through the defendant's public fraud, malicious, or willful and wanton disregard to Ms. Montalbano's rights and feelings, and the court or jury may award damages under this statute to Ms. Montalbano.

87. The plaintiff has been damaged, personally, professionally, and emotionally, by delivering vast amounts of her Trade Secret Intellectual Property (codes) along with customized analyses and resultant information to the Defendant and through him having unrestrained access to her IP codes and associated predictive information and data since December 2016.

88. Plaintiff incorporates by reference the factual allegations in COUNT 1 FRAUDULENT MISREPRESENTATION and COUNT 3 VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT as evidence of circumstances of fraud.

89. Plaintiff incorporates by reference the factual allegations in COUNT 4 CIVIL CONSPIRACY as evidence of circumstances of working with others to promote a fraud.

90. Plaintiff incorporates by reference the factual allegations in COUNT 5 ABUSE OF PROCESS, COUNT 6 MALICIOUS PROSECUTION, COUNT 7 DEFAMATION, COUNT 8 HARASSMENT and COUNT 9 INTENTIONAL INTRUSION ON PRIVACY RIGHTS, as evidence of malice or willful and wonton disregard to Ms. Montalbano's rights and feelings and as evidence of circumstances of fraud.

91. The aforementioned acts constitute the claims of COUNT 10 INTENTIONAL INFLICTION OF EMOTION DISTRESS and COUNT 11 UNJUST ENRICHMENT, and the courts may also award exemplary damages under CUTSA. (C.R.S. 7-74-104)

**ATTORNEY FEES UNDER CUTSA**

92. The defendant has threatened to publicly release more of Ms. Montalbano's proprietary information and Dream Vision IP and Ms. Montalbano is reasonably afraid he will do so. (See Exhibit AM filed February 27, 2019 Facebook slander threat to release Info; and Exhibit AU filed August 2, 2019 Reddit slander threat to release Info)

93. Ms. Montalbano believes she is entitled to attorney/legal fees and to declaratory and preventive Injunctive Relief for malicious misappropriation:

   a. **Declaratory Relief:** declaring the approximate 500 hand written Dream Vision codes (Trade Secret Intellectual Property) and associated emails (custom analysis process and resultant information) donated to the Defendant by mistake and error largely during 2017 and to current, as being Ms. Montalbano's sole and separate Trade Secret Intellectual Property, codes, information, analysis process, discoveries, and research;

   b. **Preventative Injunctive Relief:** to restrain the Defendant from further public or private dissemination and (mis)use of Ms. Montalbano's Trade Secret materials as his own or giving the information to an associate for (mis)use or dissemination of the same, or to embarrass and defame Plaintiff.

94. Based upon the facts of Trade Secret Misappropriation, Fraudulent Misrepresentation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion on Privacy Rights, Intentional Infliction of Emotional Distress, and Unjust Enrichment, Plaintiff believes she is entitled to Declaratory Relief, Injunctive Relief, and to recover damages based upon the foregoing acts of Trade Secret Misappropriation; to include actual damages consequential damages, non-economic damages (for mental suffering) and punitive damages for malicious intent.

## COUNT 3

## Violation of the Colorado Consumer Protection Act (CCPA)
## C.R.S. §6-1-101, et seq.
### C.R.C.P. Rule 9(b)

95. Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

96. The Defendant has engaged in unfair and deceptive trade practices. These deceptions occurred during the course of the Defendant(s) regular business practices and significantly impacts the public, even into the millions of both actual and potential consumers. The Plaintiff has suffered injury in fact to legally protected interests (Intellectual Property and Trade Secrets) along with other damages.(in particular & not limited to C.R.S. 6-1-105(1)(h))

97. Plaintiff incorporates the factual allegations in COUNT 1 FRAUDULENT MISREPRESENTATION as evidence of violation of the CCPA.

98. Plaintiff incorporates the factual allegations in COUNT 2 TRADE SECRET MISAPPROPRIATION as evidence of violation of the CCPA.

99. Plaintiff incorporates the factual allegations in COUNT 4 CIVIL CONSPIRACY as evidence of violation of the CCPA with assistance from others.

100. Plaintiff incorporates the factual allegations in COUNT 5 ABUSE OF PROCESS, and COUNT 6 MALICIOUS PROSECUTIONS as evidence of violation of the CCPA via abuse of the legal system.

101. Plaintiff incorporates the factual allegations in COUNT 7 DEFAMATION and COUNT 8 HARASSMENT and COUNT 9 INTENTIONAL INTRUSION ON PRIVACY RIGHTS, as evidence of violation of the CCPA.

102.   The Defendant has disparaged the goods, services, property, and business of Plaintiff by making false and misleading representation of facts and misleading statements of fact concerning Ms. Montalbano and has disparaged her character, dream research, and work.

## FRAUDULENT MISREPRESENTATIONS IMPACT MILLIONS OF PEOPLE'S LIVES

103.   The fraudulent misrepresentations by the defendant and his network of corrupt associates significantly impact millions of people's lives in the general public who are regularly and repeatedly divested of their time, talents, and money in support of false 'Dark Alliance' (Complaint ¶3) narratives, fake whistleblowers, and fake news, often presented as 'secret insider' intel or 'ascension.' (See attached Exhibit CH article by MJ Banias "UFO Conspiracy Theorists Offer 'Ascension' From Our Hell World for $333" about Wilcock and Goode peddling salvation and protection from the 'illuminati deep state' to millions on YouTube and garnering massive amounts of donations)

## FRAUDULENT MISREPRESENTATION TO DESTROY LEGITIMATE RESEARCHERS

104.   Mr. Goode uses his public fraud and fake news stories to destroy the reputations of many other professionals in the same or similar field or trade of research as himself to include (but not limited to) the following public figures: Jirka Rysavy (CEO Gaia Inc), Jay Weidner, Jimmy Church, Dark Journalist, Clif High, CW Chanter (aka Benjamin Zavodnick), Richard Dolan, Linda M Howe, and Bill Ryan. Mr. Goode also uses his fraud to destroy the lives of private individuals aware of his fraud and publicly exposing him with public evidence like Ms. Montalbano and Stina Bobina (aka Christina Ferrante, a witness willing to testify) (See Exhibit CN Goode's fraudulent misrepresentation list of 'Dark Alliance' and 'stalkers')

## CULT TEACHINGS AND PRACTICES

105.    Mr. Goode is heavily promoted by Mr. Wilcock to millions of people. They use their false public 'alien god' teachings and destruction of the world claims to garner illicit donations and enrollment of students in their false 'ascension' courses as the alleged solution that will save the public from destruction by 'ascension.'(See Exhibit CH at  p2)

106.    Mr. Goode and Mr. Wilcock operate their deceptive trade practices like a cult, where Mr. Goode and Mr. Wilcock hold themselves up as gods or connected with gods and ancient god lineages. (See attached Exhibit CH at:  p2, p4, p6)

107.    Mr. Goode falsely claims he is Enoch (from the Bible) reincarnated and that his 'alien' 'Blue Avian' (BLUEBIRD) god 'Ra Tear Eir' (RA) told him this. (Exhibit CH, p4)

108.    Mr. Goode and Mr. Wilcock's 'ascension' cult is based on telling millions of people Fake News, providing fake whistleblowers, fake disclosure, and publicly destroying legitimate researchers' personal and professional lives in the same or similar trades and professions, like Ms. Montalbano, and whom they also often first steal legitimate work from and claim as their own research, discoveries, or 'secret insider intel.' (See attached Exhibit CH at p7, p8, p9; and Exhibit CQ fake whistleblower Pete Peterson Go Fund Me scam promoted by Goode and Wilcock)

109.    Mr. Goode participates in telling outlandish stories to millions of people to fraudulently garner: sympathy, illicit donations, time, and resources, from the public, such as were mistakenly donated and given by Ms. Montalbano during 2017, under these same pretenses. (See attached Exhibits: CH at p9;  and Exhibit CI 'Light Warrior Legal Fund';  and Exhibit CJ donation by Montalbano November 2017 to Goode)

110.  People who question or expose Mr. Goode and his corrupt associates' deceptive trade practices, cult teachings, and false narratives are Targeted and publicly defamed as part of the 'evil' factions Mr. Goode is fighting and that he terms as "stalkers," "cyberstalkers," "Dark Alliance," "cabal," or similar criminal defamatory terms and he and his associates proceed to harass and defame the Target, while asking the general public for donations to support these amoral behaviors. (See attached Exhibit CH p7, p8, p9; and Exhibit CI Light Warrior Legal Fund; and Exhibit CN Goode's YouTube Targeted Individuals list; and Exhibit CO Twitter Targeting threat by Goode)

**DAMAGES**

111.  Based upon the facts of Violation of the Colorado Consumer Protection Act, Fraudulent Misrepresentation, Trade Secret Misappropriation, Civil Conspiracy, Abuse of Process, Malicious Prosecutions, Defamation, Harassment, and Intentional Intrusion On Privacy Rights, Plaintiff believes she is entitled to recover damages based upon the foregoing act Violation of the Colorado Consumer Protection Act; to include actual damages, punitive damages, and attorney/legal fees.

## COUNT 4
## CIVIL CONSPIRACY

112.  Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

113.  The Defendant, James Corey Goode, worked with one or more people to accomplish his unlawful objectives of converting Plaintiff's Intellectual Property and Trade Secret materials and performed harassment and defamation against Plaintiff. These people were in mutual agreement over the course of action and they intentionally and unlawfully acted together to

promote Mr. Goode's fraud and caused damages to Plaintiff. The following acts are being attributed to Mr. Goode for remedy and relief because he spearheads the public fraud and he received the misappropriated Trade Secret materials.

114.    Mr. Goode works closely with Mr. David Wilcock, a public figure, to disseminate his fraudulent public narratives to millions of people globally and are broadcast to Mesa County.

115.     Mr. Goode works with Texas based attorney, Ms. Wilde, as part of his Civil Conspiracy to maintain his public frauds and schemes through Abuse of Process and Malicious Prosecutions (also known as Color of Law) for all the reasons stated in COUNT 5 ABUSE OF PROCESS and COUNT 6 MALICIOUS PROSECUTIONS.

116.    Mr. Goode works with Florida base attorney, Ms. Liz Lorie, as part of his Civil Conspiracy to maintain his public frauds and schemes through Abuse of Process (also known as Color of Law) for the reasons stated in COUNT 5 ABUSE OF PROCESS at ¶138.

117.    During 2017 Mr. Goode, and his associates, employed romantic organized cyberstalking (Ruse De Guerre) of Plaintiff and used many public 'synchronistic' methods to covertly communicate with Plaintiff by internet posts and video uploads. (See Exhibit PLAC examples at No.  3-7 Teresa Yanaros (Mr. Goode's counsel, Ms. Wilde's sister) disseminating Plaintiffs Dream Vision information as if actual news about an ET exchange program; at No. 3-8 Dr. Michael Salla allegedly providing images of square ships from a 'secret insider' and thereby disseminating Ms. Montalbano Dream Vision IP experience of square spaceships as if actual news.)

118.    Mr. Goode worked directly or indirectly with Mr. Pete Peterson, (since diseased) to disseminate Ms. Montalbano's information on Cosmic Disclosure on or about August 1, 2017, and later Mr. Goode worked to promote his associate Mr. David Wilcock's Go Fund Me scam for Pete Peterson on August 19, 2017. (See Attached Exhibit CQ Pete Peterson Go Fund Me Scam; and See Exhibit PLAC at No.3-27 Peterson disseminating. Plaintiff's Dream Vision IP info as though his own 'secret insider intel' and as if actual news about Draco Reptilians)

119.    Mr. Goode worked/works with World-Renowned Remote Viewing and Influencing Expert, Mr. Gerald O'Donnell (Complaint ¶22) to intelligence gather from Plaintiff. January 1, 2018 Mr. O'Donnell had Plaintiff call him to discuss her Artificial Intelligence based Dream Visions.

120.    Defendant worked with Mr. Roger Richards, February 2, 2018. Mr. Richards defamed plaintiff as a 'security risk' on the phone call and denied plaintiff attendance at defendant's then event with Joan Ocean Company in Hawaii, where plaintiff planned to ask Mr. Goode directly about all he and his associates' use of her materials and his repeat dream visits.

121.    Defendant worked with associate Mr. Chuck Raymond to defame Plaintiff via a Facebook hate campaign. (See Exhibit AW filed August 2, 2019) Prior this hate campaign, Mr. Raymond was considered a friend-acquaintance of Ms. Montalbano's and there had been no arguments of any kind between Ms. Montalbano or Mr. Raymond.

122.    Defendant had associate Aaron Moriarity monitor and surveil Plaintiff and her Facebook posts. Plaintiff was not aware of Mr. Moriarity's direct association with Mr. Goode until

Mr. Goode retweeted a tweet, February 2020, about Mr. Moriarity being associated with him to "spread the truth." (See attached Exhibit CK)

123.     Defendant worked with multiple internet associates of his on Twitter to harass and defame Ms. Montalbano and forward his fraudulent misrepresentations during 2019. (See Exhibit AY filed August 2, 2019; and Exhibit AZ filed September 9, 2019)

124.     Defendant worked with The Edge of Wonder channel YouTube hosts, Ben Chasteen and Rob Counts, to defame Ms. Montalbano to hundreds of thousands of people and to spread his false 'alien' narratives and fake news. (Complaint ¶194)

125.     Upon information and belief, Mr. Goode works with one or more John or Jane Does, for the Central Intelligence Agency (CIA) or similar Intelligence interests (such as the DOD, DARPA, USAF), that assist in orchestrating his public frauds.

126.     Upon information and belief, Mr. Goode works with one or more John or Jane Does for the United States Army or similar Intelligence interests, and in particular but not limited to, the Scientific Services Program (SSP) where neuroscience is heavily researched, and that they assist in orchestrating Mr. Goode's public frauds.

127.     Mr. Goode and his associates were and are in agreement to harm, harass, alarm, and destroy Plaintiff's business and personal reputation.

128.     These people are assisting Mr. Goode in order to help him maintain his public fraud, theft and unlawful use of Plaintiff's Trade Secret materials, research and have taken overt actions to achieve these unlawful goals.

129.   Mr. Goode, Mr. Wilcock, and their network of complicit associates have been (mis)using and disseminating Plaintiff's valuable Dream Vision IP materials, discoveries, and experiences as their own since 2017 for their own public acclaim, frauds, donation schemes, production of 'fake news,' tracking actual news, and for illicit and unethical profiteering and to the continued detriment of Plaintiff.

130.   Ms. Montalbano has suffered severe personal and professional damages to her reputation and business, due to Mr. Goode and his associates' fraud, harassment, and defamation activities for over three (3) years.

**REMEDY**

131.   Based upon the facts of Civil Conspiracy, Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Abuse of Process, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion On Privacy Rights, Intentional Infliction of Emotional Distress, Unjust Enrichment, the Plaintiff believes she is entitled to recover damages based upon the foregoing act of Civil Conspiracy within these derivative claims.

## Count 5
## Abuse of Process

132.   Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

133.   Defendant, James Corey Goode, displayed ulterior motive in the use of judicial proceedings, as evidenced by his motive to improperly acquire an advantage over Plaintiff. (See Exhibit CE filed March 19, 2020, Case 18CV50 Timeline Key Events)

134.   Incident to his ulterior motive, defendant filed or attempted to file the following:

**DEFENDANT FAILED BROOMFIELD STALKING CLAIM Mid-June 2018**

135.   About June 15, 2018 defendant and his Texas based counsel, Ms. Wilde, attempted to file a case in the Broomfield Combined Courts alleging stalking against Ms. Montalbano and their case was rejected as it was baseless and failed to meet the requirements.

**DEFENDANT FAILED BROOMFIELD STALKING CASE 18C103 July 2018 – Aug 2018**

136.   July 17, 2018 the defendant filed case number 18C103 with the Broomfield Combined Courts and in that case the defendant did the following willful acts that are not proper in the regular conduct of a lawsuit: (See Exhibits with Motion to Impose Sanctions filed December 11, 2018: Broomfield Register of Actions and Exhibit A and B of case dismissal and closed in Ms. Montalbano's favor)

    A.   Mr. Goode and his Texas based counsel, Ms. Wilde, Failed to serve the summon.

    B.   Withheld the case till only the day prior the hearing, located 5 hours away.

    C.   Obtained a Temporary Protection Order against Ms. Montalbano with fabricated evidence.

    D.   Mr. Goode claimed Plaintiff called him all the time when she doesn't have his phone number.

    E.   Mr. Goode perjured himself by checked the box he was unaware of his own lifelong stalking protection order with his former employer, Darling International. (See Exhibit filed December 27, 2018 Broomfield Case 18C103; and See Exhibit filed December 11, 2018 Amended Grievance Exhibit C; and Exhibit BP filed February 21, 2020, Darling v Goode, District Court Dallas County, DC-14-04807)

    F.   Mr. Goode's TRO against Ms. Montalbano was vacated at the July 24, 2018 1st hearing. Mr. Goode was ordered to retain legitimate Colorado legal counsel

(Ms. Wilde did not qualify). Mr. Goode alleged he'd have his then associate Mr. Roger Richards testify against Ms. Montalbano and the TRO order was reinstated. Ms. Montalbano Vi Coactus signed it and the case was continued to August 6, 2018.

G. Ms. Montalbano retained legal counsel and appeared at the 2nd hearing, August 6, 2018. The Broomfield TRO was vacated again and the case dismissed in Ms. Montalbano's favor, when Mr. Goode, any proper legal counsel on his behalf, or witness on his behalf, failed to appear for the continuance hearing he requested and Mr. Goode was instead in the state of Texas.

**DEFENDANT FAILED DENVER FEDERAL COURT REMOVAL – FAKE COMPLAINT Aug 2018-Dec2018**

137. August 13, 2018 the defendant and his Texas based counsel, Ms. Wilde, removed this instant case to the Denver Federal Court, with case number 1:18-cv-02060-RM-GPG and in that case the defendant did the following willful acts that are not proper in the regular conduct of a lawsuit:

A. Mr. Goode and Ms. Wilde 'removed' this instance case to the Denver Federal Court alleging Federal statutes were invoked and did not file the PLAC (77pgs), or the documents filed this court record June 25, 2018 as the Complaint (60pgs), and instead filed a Fake Complaint (7pages) with no statutes cited, on the Denver Federal Court Record at Docket 26. (See Exhibits filed December 11, 2018: Amended Grievance and its Exhibit H; and Motion to Impose Sanctions Exhibit Fake Complaint)

B. Failed to confer or inform Plaintiff of the removal.

C. Filed a fake register of actions. (See Exhibit F of Docket 14 filed December 11, 2018 with Amended Grievance exhibit)

D.      Filed non-stamped court filed documents that mislead the presiding officers to think their Broomfield stalking case, 18C103, was still pending when it had in fact been dismissed in Ms. Montalbano's favor.

E.      Failed to serve copies of documents they filed on the court record.

**DEFENDANT FLORIDA COUNSEL FAKE LAW FIRM ADDRESS Dec 2019**

138.    December 2019, Mr. Goode obtained legal assistance from a Florida based attorney, Ms. Liz Lorie, who harassed a witness, Ms. Ferrante, by email, on behalf of Mr. Goode and his associate Mr. David Wilcock, and Ms. Lorie provided a fake law firm address for legal communication. (See Exhibit CB filed March 19, 2020)

**DEFENDANT FAILED BROOMFIELD STALKING CASE 20C32 Mar 2020-Jun 2020**

139.    March 11, 2020 the defendant, again with Ms. Wilde's help, filed case 20C32 in the Broomfield Combined Courts that was administratively closed June 22, 2020 in Ms. Montalbano's favor; and in that case the defendant did the following willful acts that are not proper in the regular conduct of a lawsuit: (See Exhibit CG filed March 19, 2020)

A.      Fabricated more evidence to try again for another baseless stalking claim.

B.      Ignored the doctrine of Res Judicata and alleged stalking for the same reasons stated July 17, 2018 and as dismissed in Ms. Montalbano favor August 6, 2018.

C.      Mr. Goode again perjured himself denying his own lifelong stalking protection order.

D.      Again lied Plaintiff phoned him all the time when she still doesn't have his number.

E.      The defendant and his counsel, Ms. Wilde, filed the same papers on two separate Court Records and cases at the same time to try again for fraudulent stalking charges against Ms. Montalbano. (Broomfield Combined Court case 20C32 and USDC Denver Federal case 1:20-cv-00742-RBJ)

F.      They failed to notice the Broomfield Combined Court of their similar case, evidence, and claims filed in the USDC Denver Federal Court.

## PENDING USDC DENVER FEDERAL COURT CASE 1:20-cv-00742-RBJ   Mar 2020

140.    March 17, 2020 the defendant with Ms. Wilde's help filed pending case 1:20-cv-00742-RBJ in the United State District Civil Denver Federal Court; and in that case the defendant did the following willful acts that are not proper in the regular conduct of a lawsuit:

A.      Filed a RICO claim after the statute of limitations.

B.      Made 16 baseless claims against Ms. Montalbano, his former employer Gaia Inc, and three (3) other defendants, and whereby their 'evidence' was nothing more than conclusory pronouncements.

C.      Claims were "Shotgun" and "group" plead.

D.      They failed in every legal way to file a plausible claim of any kind. Gaia Inc.'s New York Lawyers, Davis & Gilbert LLP, wrote a 65 page Memorandum of Law filed at Docket 17, with (six) 6 pages of cited case law, showing the many legal failures in every claim of Mr. Goode and his Counsel, Ms. Wilde's, Complaint; revealing the mal intent of the case and claims, and asked the Federal Court to sanction them.

E.      They filed the same papers on the Federal Court record as in the Broomfield case, 20C32 (March 11, 2020) and administratively closed in Ms. Montalbano's favor.

F.      Ms. Wilde failed to notify the Federal Court of their then pending Broomfield case 20C32 and their same stalking claims and same evidence filed on both Court Records.

141.   In all the aforementioned cases, Ms. Wilde and Mr. Goode did not properly notify any of the courts of this related instant case (when applicable) or any of their own related cases.

**DAMAGES AND RELIEF**

142.   Ms. Montalbano was damaged financially, having to retain legal counsel and defend against multiple vexatious cases.

143.   Ms. Montalbano has been damaged by having to invest most all her time, for two (2) years, addressing baseless lawsuit after lawsuit opened by the Defendant and his improper Texas based counsel, Ms. Wilde, and researching the law(s).

144.   Ms. Montalbano's personal and professional reputation  have and continue to be damaged by the ongoing harassment and libel and slander Mr. Goode performs via Abuse of Process on multiple court records with his declaratory pronouncements that have no basis in the law.

145.   Ms. Montalbano has been damaged emotionally, having to endure enormous amounts of anxiety, stress, and depression due to these repeat vexatious, malicious, and baseless cases.

146.   Ms. Montalbano's sleep cycles have been interrupted along with her dream recall, which is crucial to her profession of predicative dream research.

147.   Ms. Montalbano's personal life has been severely impacted as she cannot enjoy spending time with her family or friends, or enjoy regular daily life, due to dealing with these many malicious and vexatious cases.

148.   Ms. Montalbano's professional life as an artist and author has been damaged as professional associates don't want to work with Ms. Montalbano for fear of their own safety, their family's safety, lawsuits, or fear of public defamation and harassment.

149.    Plaintiff will prove these actions lacked a reasonable factual or cognizable basis in law.

150.    Based upon the facts of Abuse of Process, Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion On Privacy Rights, Intentional Infliction of Emotional Distress, and Unjust Enrichment, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the forgoing acts of Abuse of Process; to include actual damages proximately caused as a result of the proceedings, emotional distress, humiliation, injury to reputation, loss of time and business, attorney/legal fees, and punitive damages.

## COUNT 6
## MALICIOUS PROSECUTIONS

151.    Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

152.    The Defendant, James Corey Goode, was party to multiple actions against Plaintiff that were resolved in Plaintiff's favor. There was no probable cause for the actions and the Defendant lacked either a reasonable or good faith belief that the actions would be successful or were warranted in any way. The actions were brought with malice and improper motives and Plaintiff suffered damages as a result.

153.    Plaintiff sets forth the allegations from COUNT 5 ABUSE OF PROCESS herein as evidence of Malicious Prosecutions.

154.    The 1st failed Broomfield stalking case (mid-June 2018) was a Malicious Prosecution effort.(Complaint ¶135)

155.   The 2nd failed Broomfield stalking case claim (July 17, 2018 thru August 6, 2018) was a Malicious Prosecution case. (Complaint ¶136 and ¶141)

156.   The removal of this instant case to the Denver Federal Court August 13, 2018 thru December 3, 2018 remand and filing a fake complaint, was a malicious act. (Complaint ¶137 and ¶141)

157.   The 3rd failed Broomfield stalking case claim (March 11, 2020 thru June 22,2020) was a Malicious Prosecution case. (Complaint ¶139 and ¶141)

158.   Upon information and belief, the pending USDC Denver Federal RICO and Trademark infringement case is a Malicious Prosecution case.  (Complaint ¶¶140-141)

159.   Upon information and belief, all five (5) of these opposing party case filing efforts, to obtain stalking protection orders or stalking judgments against Ms. Montalbano, were performed maliciously and constitute Malicious Prosecutions and violation of the Colorado Codes of Professional Conduct and of Plaintiff's civil rights.


**DAMAGES AND INJUNCTIVE RELIEF**

160.   Ms. Montalbano has been severely personally, professionally, financially and emotionally damaged by all these ongoing malicious case efforts.

161.   Ms. Montalbano suffers severe anxiety anytime the doorbell rings thinking it's going to be another process server for another malicious case by opposing party.

162.     Ms. Montalbano has suffered severe interference with her professional life and art career since April 18, 2018, having to spend the last two (2) years being her own full time lawyer and paying for what legal counsel she can afford along the way.

163.     Ms. Montalbano's business Ari Stone Art LLC has suffered severely and is on the brink of closing due to having to spend all her time and resources on defending herself legally and spending all her time researching the law for well over (2) years instead of promoting her art and building professional relationships and consumer goodwill.

164.     Ms. Montalbano's publishing business through Ari Stone Art LLC has suffered severely as she has not been able to invest her time and resources into promoting her award winning book "Dreams The Missing Text" and has not been able to spend time writing business proposals for major book distributors or film producers, due to having to spend all her time researching the law and defending against these many and varied malicious cases.

165.     Ms. Montalbano's family life has suffered as she has little to no time to spend with her daughter or enjoy regular life activities or social activities.

166.     Ms. Montalbano's physical health has suffered due to lack of time or energy to exercise or workout and minimal motivation to eat healthy as she is too depressed and stressed.

167.     Ms. Montalbano's sleep cycles and dream recall are regularly impacted due to the stress and strain of having to deal with many malicious cases and her sleep cycles and recordation of dreams are tantamount to her profession of dream research.

168.     Based  upon  the  facts  of  Malicious  Prosecution,  Fraudulent  Misrepresentation,  Trade Secret  Misappropriation,   Violation  of  the  Colorado  Consumer  Protection  Act,  Civil Conspiracy,  Abuse  of  Process,  Defamation,  Harassment,  Intentional  Intrusion  On  Privacy Rights,  Intentional  Infliction  of  Emotional  Distress,  and  Unjust  Enrichment,  the  Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the forgoing acts of  Malicious Prosecution; to include actual damages proximately caused as a result of the  proceedings,  emotional  distress,  humiliation,  injury  to  reputation,  loss  of  time  and business, attorney/legal fees, and punitive damages.

## COUNT 7
## DEFAMATION CRS 13-80-103

169.     Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

170.     Plaintiff incorporates the allegations in COUNT 1 FRAUDULENT MISREPRESENTATION as evidence of Defamation.

171.     Plaintiff  incorporates  the  allegations  in  COUNT 3 VIOLATION OF THE COLORADO CONSUMER  PROTECTION  ACT  as  evidence  of  Defamation  to  destroy  Plaintiff's  public reputation and business to millions of people through deceptive trade practices.

172.     Plaintiff incorporates the allegations in COUNT 4 CIVIL CONSPIRACY as evidence the defendant works with others to perform Defamation.

173.     Plaintiff incorporates the allegations in COUNT 5 ABUSE OF PROCESS and COUNT 6 MALICIOUS PROSECUTIONS as evidence of defamation via abuse of the legal system.

174.     Plaintiff  incorporates  the  allegations  in  COUNT 8 HARASSMENT  as  evidence  of defamation to provoke a violent or disorderly response.

175.   Plaintiff incorporates the allegations in COUNT 9 INTENTIONAL INTRUSION ON PRIVACY RIGHTS as evidence of defamation by releasing private information publicly.

176.   Mr. Goode has defamed Plaintiff to a third party, intentionally, negligently, or with reckless disregard of the truth and has made false public statements about Plaintiff accusing her of criminal acts (stalking), sexual misconduct (as someone having an extramarital affair with him), someone with a mental disease (crazy, insane, delusional), and regularly and repeatedly publicly defames Plaintiff in her trade and profession as a dream researcher with the same, via libel and slander notably overtly since February 2, 2018 and notably publicly escalated  July 17, 2018 through to current.

177.   This defamation disparages and embarrasses Ms. Montalbano as someone sexually amoral and as a criminal, and destroys her reputation within the same trade and profession that Mr. Goode is involved in, dreams and dream research.

178.   Mr. Goode defames Ms. Montalbano to maintain his public fraud and unlawful use of Ms. Montalbano's misappropriated Trade Secret materials.

179.   During 2018 through to current, Mr. Goode has publically defamed Plaintiff as a murderer, rapist, pedophile, Satanist, human trafficker, cult practitioner, and cabal by labeling her with the term "Dark Alliance." (Complaint ¶3)

180.   Mr. Goode has defamed Plaintiff in her profession and trade, via (but not limited to): Facebook, Twitter, YouTube, and Reddit. Reaching hundreds of thousands and even potentially millions of people with his fraudulent misrepresentations.

**DEFAMATION IN TRADE, BUSINESS, AND PROFESSION – EMAIL and PHONE**

181.  Mr. Goode defamed Ms. Montalbano as a criminal (stalker) to a mutual Gaia Inc. contact, Ms. Medvedich, on June 5, 2018. (See Exhibit AR filed August 2, 2019 email from Defendant to Medvedich defaming Plaintiff as a stalker)

182.  Mr. Goode had Plaintiff contact by phone his then business associates Mr. Roger Richards February 2, 2018. (Goode is now suing Richards in USDC case 20-cv-00947-STV) Mr. Richards defamed Plaintiff as 'security risk' during the call and denied plaintiff attendance at Mr. Goode's then coming event with Joan Ocean Company in Hawaii, where plaintiff planned to ask Mr. Goode directly about all his use of her materials and dream visits.

**INTERNET DEFAMATION**

 FACEBOOK DEFAMATION

183.  Mr. Goode defamed Plaintiff as a stalker by direct implication on his Facebook page @BlueAvians on July 17, 2018 (the same date he opened the stalking claim in Broomfield Combined court, 18C103), with approximately 100,000 page followers by telling his fans he had to obtain a Protection Order. Mr. Goode also threatened future defamation of Plaintiff by stating he 'hoped to make more public statements in the near future' and since then he has proceeded to do so. (See Exhibit AM filed March 25, 2019; and Exhibit AS on  August 2, 2109 of July 17, 2018 Facebook defamation)

184.  March 17, 2019, Mr. Goode's Facebook friend and business associate Mr. Chuck Raymond defamed Plaintiff as someone sexually amoral stating Plaintiff claims to have sex with Mr. Goode in his dreams. Plaintiff never told Mr. Raymond that and had not made any public statements of having sex with Mr. Goode either, that was private information

contained in the emails delivered to Mr. Goode. (See Exhibit AP filed March 25, 2019; and Exhibit AW filed August 2, 2019)

185.    Mr. Raymond went on to defame Plaintiff on Facebook in her trade of dream research by stating Plaintiff is crazy (mentally diseased) thinking she foresees the future, when this is what his associates Mr. Goode and Mr. Wilcock are publicly famous for, being alleged dream psychics or prophets (with no evidence of their claims for years). (See Exhibit AP filed March 25, 2019; and Exhibit AW filed August 2, 2019)

186.    March 20, 2019 Mr. Goode posted to associate Mr. Chuck Raymond's defamatory Facebook post and cited the stalking case he lost August 6, 2018 and included Plaintiff's actual name with his "(Montalbano vs Goode)" making it clear he is defaming Plaintiff as a stalker. Defendant then escalated Plaintiff to be part of his public fantasy "Dark Alliance" (Complaint ¶3) and points out he also defamed Plaintiff live on the Edge Of Wonder YouTube channel. (Complaint ¶194; and See Exhibit AP filed March 25, 2019)

REDDIT DEFAMATION

187.    https://www.reddit.com/r/CosmicDisclosure/comments/9xujtc/cg_being_sued_for_fraudi nfringement_poster_on/ (Retrieved June 27, 2019) (See Exhibit AO filed March 25, 2019; and Exhibit AU filed August 2, 2019)

188.    On or about November 18, 2018 Mr. Goode posted on Reddit internet website with "Cosmic Disclosure" user handle seen in the URL, that Plaintiff is a stalker, someone with a mental disease, and that he's going to report these behaviors to law enforcement (criminal) and proceeds to defame Plaintiff as someone sexually amoral having an extramarital affair

with him and he refers to the December 16, 2017 marriage Dream Vision code (Trade Secret IP), that he is not authorized to disclose. Mr. Goode further defames Plaintiff in her trade of dream research as being 'delusional', for having accurate Dream Visions that showed Plaintiff knew (via tangible evidence) what Mr. Goode and his attorney, Ms. Wilde, were up to before they did the acts in waking states.  (See Exhibits: AO, and Exhibit AN filed March 25, 2019 – email to Ms. Wilde of prior documented Dream Visions showing how plaintiff knew what they were up to before they did the acts in waking states)

189.    Mr. Goode threatened to release Ms. Montalbano's (Trade Secret) emails, and the February 2, 2018 recorded private phone call with his then associate, Mr. Roger Richards; which would be extremely embarrassing for Ms. Montalbano. (See Exhibit AU filed August 2, 2019 Goode threatens to release emails and recorded phone call)

TWITTER  DEFAMATION

190.    See Exhibit AY filed August 2, 2019 Twitter Defamation campaign;
   and See Exhibit AZ filed September 9, 2019 Twitter Defamation
   and See Exhibit CO Twitter defamation in 2020

191.    About May 22, 2019 through June 19, 2019 on Mr. Goode's Twitter account @CoreyGoode with approximately 23,000 followers; Mr. Goode and a group of his organized cyberstalkers, bullied, harassed, and defamed Plaintiff publically as a stalker, cyber stalker, "Dark Alliance," (Complaint ¶3) someone sexually amoral having an extramarital affair with Mr. Goode, someone with a mental disease, and again defame Plaintiff in her trade of dream research and directs his audience to his November 2018 Reddit hate campaign. (Exhibits AY and AZ)

192.     On February 19, 2020 Mr. Goode tweeted a link to his YouTube defamation video and defamed Ms. Montalbano as a cyberstalker and "Dark Alliance." (Complaint ¶3 and See attached Exhibit CO)

193.     On or about February 27, 2020 Mr. Goode publicly stated he is 'directly targeting' each of the 'bad actors' and he then hashtags it #DarkAlliance and #cyberstalking.  Revealing he is knowingly targeting Ms. Montalbano with his defamation and hate campaigns. (See attached Exhibit CO)

YOUTUBE DEFAMATION

194.     March 18, 2019 Mr. Goode on YouTube channel "Edge of Wonder" with approximately 372,000 subscribers (retrieved July 21, 2019) indirectly defamed Plaintiff as a stalker, someone sexually harassing him, and defamed Plaintiff in her trade of Dream Research by again citing the December 16, 2017 marriage dream, in YouTube video titled, "*Corey Goode - Alliance Update, Antarctica, Supreme Brand Loves Satan - Edge of Wonder #3.*" and approximately 193,000 views (retrieved July 21, 2019). (times stamps; 1:39:00 to 1:43:00)

195.     February 25, 2020 Mr. Goode posted to his "Corey Goode" YouTube account a video titled "ALYSSA CHRYSTIE MONTALBANO aka Ari Stone vs. COREY GOODE" with a write up below the video calling Ms. Montalbano a stalker.  (sic):

        *"Alleged cyber-stalker ALYSSA CHRYSTIE MONTALBANO aka @AriStone has worked with the #Dark Alliance Jay Weidner . . . ."* (See attached Exhibit CM)

196.     On March 2, 2020 Mr. Goode posted a short 30 second video to YouTube on his "Corey Goode" YouTube Account with 4.79K subscribers a video titled "Corey Goode – Litigation Agreement Signed – Jay Weidner – Gaia TV – Law Suits incoming" with 4,814

views (retrieved June 21, 2020) and where he says nothing but is signing papers. In the description box below he defames Ms. Montalbano as an "alleged stalker" directly by name and her artist name of Ari Stone, when it is clear Ms. Montalbano does not even qualify as "alleged" stalker as he lost his case and claim in the Broomfield Combined Courts, mid-June 2018, August 6, 2018 (18C103), and again June 22, 2020 (20C32). (See attached Exhibit CN – YouTube stalker and criminal defamation)

## DAMAGES AND INJUNCTIVE RELIEF

197.    It is self-evident, the Defendant, James Corey Goode, will continue to escalate his defamation and harassment activities of Plaintiff unless the court orders him to stop.

198.    Plaintiff has sustained significant personal, financial, and profession damages for over three (3) years due to these defamation acts, to include loss of opportunities, friendships, and professional relationships.

199.    Mr. Goode has been consistently destroying Ms. Montalbano's personal and professional reputation, career and life with his public hate and defamation campaigns heard by hundreds of thousands, and even millions of people, and they are humiliating and cause enormous amounts of distress, anxiety, and ongoing depression in Plaintiff.

200.    Injunctive Relief is warranted to stop and prevent further escalation of the defendant's public and private hate and defamation campaigns against the plaintiff.

201.    Based upon the facts of Defamation, Fraudulent Misrepresentation, Trade Secret Misappropriation,  Violation of the Colorado Consumer Protection Act, Civil Conspiracy,

Abuse of Process, Malicious Prosecution,  Harassment, Intentional Intrusion On Privacy Rights, Intentional Infliction of Emotional Distress, and Unjust Enrichment, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing acts of Defamation; to include compensation for harm to Plaintiff's reputation, personal humiliation, mental or physical suffering, and loss of income.

## COUNT 8
## Colorado Harassment Law "Kiana Arellano's Law" – CRS 18-9-111

202.   Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

203.   Plaintiff incorporates the allegations from COUNT 1 FRAUDULENT MISREPRESENTATION; COUNT 3 VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT; and COUNT 4 CIVIL CONSPIRACY as evidence of public harassment.

204.   Plaintiff incorporates the allegations from COUNT 5 ABUSE OF PROCESS and COUNT 6 MALICIOUS PROSECUTIONS as evidence of harassment via the court systems.

205.   Plaintiff incorporates the allegations from COUNT 7 DEFAMATION and COUNT 9 INTENTIONAL INTRUSION ON PRIVACY RIGHTS as evidence of Harassment.

SURVEILLANCE THEN HARASSMENT

206.   The Defendant, Mr. Goode has engaged in Harassing Plaintiff via organized public cyberstalking and cyberbullying. He and his internet associates directed knowingly obscene language and false criminal accusation at Plaintiff via the internet to include but not limited to: Facebook, Twitter, YouTube, and Reddit.  They cyberbullied and harassed Plaintiff and repeatedly threatened and insulted Plaintiff as a criminal, someone mentally diseased, or

sexually amoral in her trade and profession, in efforts to provoke a violent or disorderly response. Mr. Goode has also harassed and bullied Plaintiff via the legal systems to provoke a violent or disorderly response through his repeat abuse of process.

207.    Notably since Mr. Goode's July 17, 2018 Facebook post and fraudulent Broomfield Temporary Stalking Protection Order case opened the same day (July 17, 2018); Mr. Goode and his associates have repeatedly defamed Plaintiff publically as a stalker, someone sexually amoral having an extramarital affair with Mr. Goode, someone with a mental disease, and "Dark Alliance," (murderer, rapist, pedophile, etc) to harass, annoy, and provoke Ms. Montalbano. (See Exhibit AO and AP filed February 27, 2019; and Exhibits AR, AS, AU, AW, and AY filed August 2, 2019; and attached Exhibits CL, CM, CN, and CO)

208.    Mr. Goode has been repeatedly asked by Plaintiff to stop and he fails to do so and instead escalates his harassment acts against Ms. Montalbano.

209.    Notably since the opening of this instant case June 25, 2018, Mr. Goode and his organized stalking associates have placed Plaintiff's internet activities under constant surveillance and typically within days of Plaintiff posting anything about the lawsuit or related topics, Mr. Goode or one of his associates are immediately cyber harassing, cyber defaming, and/or cyber bullying Plaintiff.

210.    Mr. Goode notably cyber stalked and then harassed Plaintiff after she posted on the ProjectAvalon.net forum about the lawsuit against him for fraud and theft, November 2018. Mr. Goode is not a member of the forum and has been banned from returning due to his prolific data mining of the website and members for stories, experiences, and information,

years ago. Approximately 2 days after Plaintiff posted on the ProjectAvalon forum, Mr. Goode, posted his Reddit defamation hate campaign. (See Exhibit AO filed March 25, 2019 and Exhibit AU filed August 2, 2019)

## DAMAGES AND REMEDY

211.     This ongoing harassment on and off court records is emotionally distressing, alarming, and is done to coerce Plaintiff to silence and drop charges.

212.     Mr. Goode has regularly and continuously escalated his harassment and threats against Plaintiff. Injunctive Relief is warranted to stop and prevent further escalation of the defendant's harassment activities against the plaintiff.

213.     Based upon the facts of Harassment, Fraudulent Misrepresentation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecution, Defamation, Intentional Intrusion On Privacy Rights, Intentional Infliction of Emotional Distress, and Unjust Enrichment, the Plaintiff believe she is entitled to Injunctive Relief and to recover damages based upon the foregoing act of Harassment; to include damages for emotional distress and loss of reputation due to Defendant's conduct and punitive damages.

## Count 9
## Intentional Intrusion on Privacy Rights - DISCLOSURE

214.     Plaintiff incorporates the General Allegations in ¶¶1-43 by reference.

215.   The defendant publicized and disclosed private information about the plaintiff to hundreds, thousands, and even hundreds of thousands of people in the general public via (but not limited to) YouTube, Twitter, Facebook, and Reddit, that placed plaintiff in a false light before the public and it was performed with malice as the information disclosed was not of legitimate public concern. Plaintiff has suffered mental anguish, shame, and humiliation beyond what an ordinary person should endure.

216.   Plaintiff incorporates the allegations in COUNT 1 FRAUDULENT MISREPRESNATIONS and COUNT 3 VIOLATION OF COLORADO CONSUMER PROTECTION ACT as evidence of public disclosure of private information with malice.

217.   Plaintiff incorporates the allegations in COUNT 7 DEFAMATION and COUNT 8 HARASSMENT as evidence of public disclosure of private information with malice.

218.   The defendant has publicly and repeatedly shared the private December 16, 2017 Dream Vision of Plaintiff's where she experienced marrying Mr. Goode in a dream. The defendant also makes public statements about the sexual content of some of the Dream Visions. Mr. Goode has repeatedly uses this private information about plaintiff for the purpose of falsely representing her as someone sexually amoral to hundreds of thousands of people in the general public.

219.   It is highly offensive and objectionable that Mr. Goode is using private dream experiences, privately shared with him, to publicly shame and embarrass Mr. Montalbano as someone sexually amoral, when the matter is not of legitimate public concern and that was never publicly discussed by Plaintiff.

220.   Mr. Goode is using this invasion of plaintiff's privacy and false representations of her to advertise his fictional public narratives and gain fame, notoriety, and followers.

221.   The defendant has also used the court system as a way to release Plaintiff's private information publicly, to include her private place of residence and personal contact number (doxxing), as he does not redact the records. This is a danger to plaintiff as Mr. Goode's followers can be violent due to their cult beliefs in Mr. Goode as a savior. (See Exhibit CP)

222.   The defendant has threatened to release more of plaintiff's private information publicly and plaintiff is reasonably concerned he will do so. (Complaint ¶183 and ¶189)

223.   Injunctive Relief is warranted to stop and prevent further shaming and embarrassing of plaintiff through the defendant releasing private information about plaintiff publicly and that is not of legitimate public concern and that Mr. Goode is not authorized to publicly disclose and that places plaintiff at risk of being physically assaulted.

**DAMAGES AND REMEDY**

224.   Based upon the facts of Intentional Intrusion on Privacy Rights, Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Defamation, Harassment, and Infliction of Emotional Distress, Unjust Enrichment,  the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing acts of Intentional Intrusion on Privacy Rights; to include economic and non-economic losses arising from the conduct, for pain and suffering, and punitive damages.

## Count 10

## Intentional Infliction of Emotional Distress CRS 7-74-104(2)

225.   Plaintiff hereby incorporates all allegations as set forth above as if set forth fully herein (Complaint ¶1-224) as evidence of Intentional Infliction of Emotional Distress

226.   Defendant engaged in outrageous conduct with the intent to cause Plaintiff severe emotional distress and Plaintiff has suffered severe and ongoing emotional distress.

## DAMAGES AND REMEDY

227.   Defendant and his Counsel, Ms. Wilde's, repeat and ongoing abuse of process and filing multiple vexatious and malicious prosecution cases since June 2018 through to current are evidence of outrageous conduct used for Intentional Infliction of Emotional Distress upon the Plaintiff, and Plaintiff was and continues to be severely emotionally distressed by these.

228.   Mr. Goode's ongoing and repeat public defamation and harassment of Plaintiff as a criminal and someone sexually amoral in her trade and profession, for well over 2 years, is evidence of outrageous conduct used for Intentional Infliction of Emotional Distress upon Plaintiff, and Plaintiff was and continues to be severely emotionally distressed by these acts.

229.   Injunctive Relief is warranted to stop and prevent further escalation of the defendant's Intentional Infliction of Emotional Distress upon the plaintiff.

230.   Based upon the facts of Intentional Infliction of Emotional Distress, Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion on Privacy Rights, and Unjust Enrichment, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages based upon the foregoing acts of Intentional Infliction of Emotional Distress; to include economic and non-economic losses arising from the conduct, for pain and suffering, and punitive damages.

## COUNT 11
## UNJUST ENRICHMENT CRS 7-74-104
### *See Lewis v. Lewis, 189 P.3d 1134 (Colo 2008)*

231.    Plaintiff hereby incorporates all allegations as set forth above as if set forth fully herein (Complaint ¶1-230)

232.    For all the facts, reasons, and allegations stated prior, Mr. Goode and his associates are being Unjustly Enriched by Plaintiff's Trade Secret materials and proprietary dream research, discoveries, work, and private information.

## DAMAGES AND REMEDY

233.    The Defendant has and continues to benefit off of Plaintiff's Trade Secret materials and continues to Unjustly Enrich himself by building his public fraud, narratives, and reputation off of Plaintiff's Trade Secret materials, private information, and publicly destroying Plaintiff's reputation.  Mr. Goode received these benefits under circumstance of fraud that make it unjust for him to continue to maintain the benefit of such without commensurate compensation to Plaintiff.

234.    Based upon the facts of Unjust Enrichment, Fraudulent Misrepresentation, Trade Secret Misappropriation, Violation of the Colorado Consumer Protection Act, Civil Conspiracy, Abuse of Process, Malicious Prosecution, Defamation, Harassment, Intentional Intrusion on Privacy Rights, and Intentional Infliction of Emotional Distress, the Plaintiff believes she is entitled to Injunctive Relief and to recover damages and punitive damages based upon the foregoing act of Unjust Enrichment.

Based on all the foregoing causes of action, Plaintiff also seeks Injunctive Relief and monetary damages for loss of income, loss of time, loss of reputation, emotional distress, attorney/legal fees, punitive damages, and all such other damages as this Court deems just and proper.

Plaintiff has exhausted all options for remedy and attribution due outside of litigation. See attached Exhibit certified mailings: pre-litigation Complaint, failure notices, and billing statements. (CRE 902(4),(8),(10) along with all filings this court records since June 25, 2018 while waiting for the case and matter to be heard, showing the defendant will not stop his abusive acts, will not morally negotiate, or confer in any way based on facts and evidence without the court ordering him to do so.

The Defendant(s) ☐is (are) ☐is not (are not) in the military service of the United States. In support of this statement, the Plaintiff(s) set(s) forth the following facts: (State facts concerning military status of the Defendant(s), if the military status of the Defendant(s) is (are) not known, so state here.)

_____ Unknown

5. The Plaintiff(s) ☑does (do) ☐does (do) not demand trial by jury (if demand is made, a jury fee must be paid).

☐ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.

☑ By checking this box, I am acknowledging that I have made a change to the original content of this form.

**WARNING: ALL FEES ARE NON-REFUNDABLE. IN SOME CASES, A REQUEST FOR A JURY TRIAL MAY BE DENIED PURSUANT TO LAW EVEN THOUGH A JURY FEE HAS BEEN PAID.**

Note: All Plaintiffs filing this complaint must sign, unless the complaint is signed by an attorney.

_Alyssa Chrystie Montalbano_                              _N/A_
Signature of Plaintiff(s)                                   Signature of Attorney for Plaintiff(s) (if applicable)

2536 Rimrock Ave Suite 400-117; Grand Junction, Colorado, 81505
Address(es) of Plaintiff(s)

Telephone Number(s) of Plaintiff(s)
970.250.8365

### CERTIFICATE OF SERVICE
I certify that a true and correct copy of the foregoing **MOTION TO VOID ORDER, MOTION TO AMENDED COMPLAINT, AMENDED COMPLAINT, EXHIBITS CH – CT and EXHIBIT LIST, MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER, SUPPLEMENTAL BRIEF, MOTION FOR JUDICIAL NOTICE, and NOTICE OF RELATED CASES** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 0680 0002 3148 6039; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **20TH** day of July, 2020.

_Alyssa Chrystie Montalbano_
Alyssa Chrystie Montalbano, American Citizen

# COMPLAINT EXHIBIT LIST

**filed June 25, 2018**

Exhibit A – Notice of Written Correspondence dated April 18, 2018

Exhibit B – Certificate of Service dated April 18, 2018

Exhibit C – Courtesy Notice stop and Desist Use of Intellectual property and Copyrighted
Materials with Intent to Litigate – AMENDED dated May 16, 2018

Exhibit D – Notice of Fault in Dishonor (Opportunity to Cure) dated May 16, 2018

Exhibit E – Notice of Default in Dishonor dated June 4, 2018

Exhibit F – Relief Sought - Section 1, page 4 of 48, Pre-Litigation Affidavit Complaint (PLAC)

Exhibit G – Sample (3 pages) from in PLAC – Derivative works and Wilcock involvement

Exhibit H – Sample (5 pages) PLAC – Dream Vision foreseeing

Exhibit I – Yanaros Law communication – not certified/frivolous dated June 5, 2018

Exhibit J – Certificate of Service to Yanaros - Failure to lawfully respond dated June 11, 2018

Exhibit K - Fines and Fees dated May 16, 2018

**filed July 3, 2018**

EXHBIT - Boulder County Sheriff's Office Return of Unserved Civil Process Sheriff's Case
Number: C-18001458 dated June 27, 2018

**filed August 13, 2018**

Exhibit L  – Grievance to Texas State Bar against Yanaros dated August 10, 2018

- List of Emails VYW and Ms. Montalbano June 5, 2018 to August 6, 2018
- USPS Certified Mailing docs to CG dated August 13, 2018

**filed August 30, 2018**

Exhibit M – PLAC (49 pages) dated May 16, 2018

Exhibit O – Federal Court 1st Motion for Remand (copy for state court)


**filed September 11, 2018**

Exhibit P – USPS Certified Mail Receipts and USPS tracking of PLAC to: Corey Goode, Jay Weidner, Jirka Rysavy  all delivered to GAIA INC address dated April 18, 2018

Exhibit Q – Case Order reassigning Federal case to Raymond P. Moore and Federal Court docket through docket 31 09/07/2018 with Docket 30 Fabricated Register of Actions highlighted

- USPS certified mail receipt dated September 11, 2018
- Federal Court Document 79 Order Remand granted dated December 3, 2018


**filed  November 13, 2018**

EXHIBIT – Presumptive self-authenticating Pre-Litigation Affidavit Complaint Records (PLAC) (77 pages) as filed with Mesa CLERK AND RECORDER reception #2843230 dated June 7, 2018


**filed December 11, 2018**

EXHIBIT – Amended Grievance against Ms. Wilde dated December 5, 2018 (51 pages)

- Broomfield Register of actions 07/17/2018 to 08/06/2018 Case 18C103 Closed
- Exhibit A Order Denying CG motion for second continuance by Magistrate Russell dated August 6, 2018
- Exhibit B – CG Motion for Permanent Restraining Order Denied
- Exhibit C – Darling v Goode, Dallas County, Texas, District Court, PO Cause No 14-04807 dated October 31, 2014
- Exhibit D – VYW Assault Charges Arlington Police Department Incident 2018-01990029
- Exhibit E – Order Closing Mesa Case dated November 27, 2018
- Exhibit F – Fabricated Register Action by VYW for Federal Court Docket 30 and the filing
- Exhibit G – Misleading Document – No Court Stamp – CG/VYWs "Reply to Plaintiff's Response to Mr. Goode's Motion to Dismiss for Failure to state a Complaint" AND my Objection to it

- Exhibit H – Fake Complaint filed on Federal Court record by VYW (crossed out) and ACM November 13, 2018 amended version
- Exhibit J – Notice of Service failures on Federal Court Record at Docket 41 by ACM to notice VYW to serve papers filed
- Exhibit K- Order Remand granted from Denver Federal Court back to Mesa State Court

EXHIBIT – CIA Russel Targ Remote Viewing program on CIA website www.cia.gov

EXHIBITs Motion to Impose Sanctions

- Broomfield Register of Action Case 18C103 closed
- June 16, 2018 Failed 1st Stalking case email from VYW to ACM
- July 23, 2018 Email Notice only from VYW of Hearing July 24, 2018
- July 27, 2018 VYW Threatens Violation of PO due to mailing Mr. Goode Copies of court filings
- Federal Court Register of Actions- Docket 30 concocted Register of Actions
- Fake Complaint on Federal Court Record by VYW at Docket 26 filed August 13, 2018 (not crossed out)
- November 13, 2018 email from VYW to ACM about Motion for "No Contact" to keep Ms. Montalbano from serving court papers on pro-se litigant CG
- Notice from ACM about Service Failures by VYW Federal Court Record Docket 41 filed September 17, 2018

**filed December 27, 2018**

EXHIBIT – Broomfield Case 18C103 CG Verified Complaint dated July 17, 2018 (4 pages)

- perjury does not check box that CG has a stalking protection order
- lied about phone calls
- denied knowledge of lawsuit opened against him
- admits 400 emails

**filed January 30, 2019**

Exhibit R – FULL Federal Court Register of Actions 1:18-cv-02060-RM-GPG dockets 1 to 80 Case Remand

Exhibit S – Federal Court ACM filed Opposed Motion for Remand Docket 62 filed 10/26/18

Exhibit T – Federal Court ACM filed Objection to Recommendation Regarding Motion to Dismiss Docket 63 filed 10/28/18

**Exhibit U** – Image Corey Goode and his BLUEBIRD alien friend

**Exhibit V** – YouTube channel AlphaZebra - Bill Ryan states CG plagiarized Mars Records 20 and back story belonging to Michael and Stephanie Relfe  and they say it to

**Exhibit W** – David Wilcock Amazon "Awakening in the Dream" book then planned release Aug 20, 2019

**Exhibit X** – COPYRIGHTS Alyssa Montalbano (Ari Stone) "DreamWalker Dream Diary Adventures of Enetka Tulina" published June 17, 2017 and "Dreams the Missing Text" published September 27, 2018.


**filed February 4, 2019**

Exhibit Y – Photo of Plainitff

**Exhibit Z** – Darling V Goode Petition for Restraining Order, Cause No. 14-04807 dated 5/5/2014 full record filing – YouTube Transcription CG at page 5 line 8-11 Traumatic Brain Injury, epilepsy, complex PTSD not combat related; page 8 at lines 5-6 eye retinal detachment surgery


**filed February 15, 2019 (Public Harssment of people exposing Mr. Goode's Fraud)**

**Exhibit AA** – Gang Stalking defined – www.UrbanDictionary.com

Exhibit AB – CG Facebook post sample organized stalker communication - alleging sparse communications (no Dream Visions sent for a while from ACM to CG) – alleged bomb (similar to a DV of Plaintiffs) – Above Majestic film promoting -

**Exhibit AC** – Harassing and Doxxing people in the public

- CW Chanter (Benjamin Zavodnic) being doxxed and harassed by CG associates for publicly exposing CGs fraud

- Organa Alderaan doxxing and harassing Twitter sock account – screenshot of Dark Journalist harassment by Organa Alderaan dated October 24, 2018

- Joy Jackson associated harasser of people in the community

**Exhibit AD -** Dark Journalist, JoeFromTheCarolinas slander meme by CG and associates

**Exhibit AE** - Jason Rice (alleged Secret Space Program Whistleblower) Twitter post showing he received Legal threat letter from Valerie Yanaros Wilde and Corey Goode

**Exhibit AF** – UniRock says CG has secret troll doxxing group and implicates Jordan Sather (Public Figure for alternative YouTube news reporting)

-   Screenshot Jordan Sather doxxing Joe From the Carolinas with ThomasCrown Tweet dated November 6, 2018

-   Screenshot Thomas Crown Twitter account original dox of Joe From The Carolinas (Joseph Paciarelli) dated November 6, 2018

**Exhibit AG – "YouTube** Ex Gang Stalking Operative Explaints Tactics and Motives_mirrored" posted to Jikonf channel (information video)

-   Same YT video above posted to aplanetruth.info January 13, 2019 – write up below sites A.I. mind control and alludes to the Department Of Defense (DOD) Sentient World Simulations

-   **Voice to Skull Patent US Patent 5159703 – Frequencies used to broadcast and piggy back onto carrier waves to broadcast to a brain directly**

-   MKULTRA and Project Artichoke

**February 19, 2019**

**Exhibit AH** – Public Harassment via Twitter by CG of Benjamin (C.W. Chanter) claiming he's Dark Alliance – Gloria111 states he's the same bully as always (former classmate of Mr. Goode's in High School)

Exhibit AI – Dream Vision sample dated Feb 14, 2019 ACM documents CG gang stalker post for ACM to see

**filed February 27, 2019**

Exhibit AJ – PLAC (again) 77pages

Exhibit AK – CIA project Bluebird CIA-RDP83-01042R000800010003-1 (full record filed)

**filed March 25, 2019 (Defamation)**

**Exhibit AL –  CG associate uses ACM art on Shaman at Eclipse of Disclosure Event- Facebook post by Plaintiff dated March 15, 2019 (8 pages)**

**Exhibit AM – Corey Goode Facebook stalker slander post July 17, 2018**

**Exhibit AN – email to VYW dated October 17, 2018 attaching Dream Visions occurred during the course of litigation for negotiation (4 pages)**

**Exhibit AO – Reddit defamation hate slander campaign   - SBAGoode slanders about marriage dream (3 pages)**

**Exhibit AP – Chuck Raymond Facebook hate slander campaign – creepy clown and Corey Goode threats and defamation of Plaintiff as "Dark Alliance" and cites his slander of Plaintiff on Edge of Wonder channel**

**filed August 2, 2019**

Exhibit AQ – Broomfield Combined Court fabrications (again) dated July 17, 2018

**Exhibit AR – Defamation** CG to Kiersten Medvedich (Gaia TV contact) about ACM being a stalker Federal Court docket 34-5 filed 09/10/18 (2 pages)

**Exhibit AS** – Defamation - CG Facebook Stalker dated July 17, 2018

Exhibit AT – CG/VYW filed Fake Complaint Federal Court USPS from ACM to CG dated June 4, 2018 – Certificate of Service Notice of Default in Dishonor dated June 4, 2018 – plus cover letter – Notice of Default in Dishonor dated June 4, 2018 with sticky note – Federal Court Register of Actions Dockets 1 to 42

Exhibit AU – Defamation – Reddit slander by SBAGoode then another saying Crazy – screenshot March 20, 2019 post 120days old. (2 pages)

Exhibit AV – ACM Facebook post showing CG associate using Energetic Portal Design at Eclipse of Disclosure August 2017 (3 pages)

Exhibit AW – Defamation – Chuck Raymond hate campaign – creepy clown then CG defamation post of ACM being "Dark Alliance"

Exhibit AX – "Dark Alliance" label = death threat revealed (2pgs)

Exhibit AY – Defamation Twitter hate campaigns by CG and associates against ACM June 2019 to July 2019

**filed Sept 9, 2019**

Exhibit AZ – Defamation Twitter hate campaign by CG again bringing up marriage dream and calling ACM crazy – delusional

**filed February 12, 2020**  Affidavit & Tangible Dream Vision (DV) Trade Secret Evidence

Exhibit BA – Judge Flynn's Oath of Office taken twice Certified Copies

**Exhibit BB SAMPLE DVs** – 22 Dream Vision Samples

    (1)    Changing Kings Heart with Love - dated 06.14.2016

    (2)    What to do if King still in Charge - dated 02.12.2018

    (3)    Private Jet Stalls and Falls JF Pilot – Natalie Girlfriend  – dated 05.06.2019

    (4)    Court Orders Notch in Wall – dated 05.14.2019

    (5)    Ranger John & Giant Bear Man – dated 01.05.2019

    (6)    Judge Flynn Reading off Orders – lasers – dated 05.24.2019

    (7)    Contract Trickery Foiled – dated 10.09.2017

    (8)    Class Trip to Spain – dated 12.03.2013

    (9)    3 Idiots – dated 10.21.2014

    (10)    Manifesting Rainbow Spheres, Mafia Guy CIA Guy Guns – dated 07.09.2017

    (11)    Corey FB Sander Post To Emo-Razz: Seriously – dated 06.08.2018

    (12)    Email to VYW to negotiate with 8 DVs attached to negotiate to incl:
Homerun With Broomstick Wins the Game! – dated  06.20.2018

    (13)    Valentine Document Served, I sign in Crayon – dated 07.20.2018
(13a) Legend of the Bear Love, Interporganate – dated 06.07.2013
(13b) Garage Hacker Kids Fail to Steal my Car – dated 12.14.2018
(13c) Halloween Scare House – dated 06.05.2018

    (14)    Email to CG with Creepy Clown Game attached – sent 01.05.2019

            Creepy Clown Game – dated 11.22.2018

    (15)    Grumbly Bickery Guy & Purple Venom Snake – dated 03.09.2019
(15a) email to CG asking about Facebook Creepy Clown defamation campaign –
sent 03.22.2019 & CG Facebook Hate Campaign screenshots with creepy clown

    (16)    Spark Plan Foiled – dated 01.01.2017

    (17)    Fiberoptic Plants – 2 snakes – Shapeshifting Bear – dated 10.27.2019
(17a) CG YouTube slander post and threatening trust funds posted 11.20.2019

    (18)    Off Energy CG Trust Funds – dated 03.18.2019

    (19)    Overcoming Prior Agenda with Love – dated 06.08.2010

**filed February 21, 2020**

Fifth Information for the Court CIA Evidence – Senate Hearing, CIA Records, Remote Viewing, Remote Influencing, Dream States & Psychokinesis Research – as Compared to Defendant Public Claims and Plaintiff Dream Experiences Submitted for Legal Investigation Purposes

EXHIBIT BB - DV SAMPLE 20 – DV K's barf gets on my toes (print only)

EXHIBIT BC – Senate Hearing MKULTRA (1977) (on Disc)

EXHIBIT BD – DoD Psychoenergetics - CIA-RDP96-00792R000600310001-7 (on Disc)
        DoD PSYCHOENERGETICS PROGRAM: REPLICATION STUDIES (S) (1984)
        RA – Remote Action, UC Davis, PK experiments list

EXHIBIT BE – Telepathic Behavior Modification - CIA-RDP96-00792R000600320004-3
        (on Disc) SECTION IV – TELEPATHIC BEHAVIOR MODIFICATION (1975)
         sleep-wake states used for literal 'Consciousness Obliteration.'

EXHIBIT BF – Patents Hendricus Loos - United States Patents (print only)

    -    US6506148B2 - Nervous System Manipulation by Electromagnetic Fields from
         Monitors (2001)

    -    US6017302A – Subliminal Acoustic Manipulation of Nervous Systems – aka V2K
         (1997) Google Patents List Hendricus Loos

EXHIBIT BG – Neurophysiological Correlates to RV - CIA-RDP96-00789R002200320001-2
         (on Disc) NEUROLOGICAL CORRELATES TO REMOTE VIEWING (U) (1988)
         Epilepsy / Dementia/ SQUID-MEG/MRI

EXHIBIT BH –TMS – Depression Brain Disease - TMS Therapy at Wellington Retreat
         (print only) Images Brain No Depression vs Depression, electromagnetic
         frequencies to heal brain activity

EXHIBIT BI – AC Lucid Dreams - CIA-RDP96-00789R003100140001-2 (on Disc)
         Anomalous Cognition in Lucid Dreams (1991) 2-4Hz Theta Delta and 10Hz Alpha

EXHIBIT BJ – Psychic Warfare - CIA-RDP96-00789R001001420001-3 (on Disc)
         PSYCHIC WARFARE: EXPLORING THE MIND FRONTIER (1988)

EXHIBIT BK – Memorandum Psywar - LOC-HAK452-1-2-6 (on Disc) Memorandum For:
         General Haig - Subject: Psywar (September 4, 1972)

EXHIBIT BL – PK Switch - CIA-RDP96-00788R002000230002-4 (on Disc)
         DEVELOPMENT OF A REMOTE PK SWITCH (U) - GRILL FLAME

EXHIBIT BM – Controlled Offensive Behavior USSR - CIA-RDP96-00792R000500730002-1
      (on Disc) CONTROLLED OFFENSIVE BEHAVIOR USSR (U) – Section III –
      TELEPATHY (ENERGETIC TRANSFER) IN MAN (September 1975)
      Psychotronic Generators; Full human control is goal

EXHIBIT BN – CG Alleged Mega Update - Corey Goode alleged Jan 12, 2018 Mega Update
      (print only)

EXHIBIT BO – CG SSP Interrogation - Corey Goode SBA website prints (print only) 1of2 Dream
      Communications  2of2 Psychic Wars with Corey Goode – SSP – Intruder
      Intercept Interrogation Program – MKULTRA – MiLab since age 6

EXHIBIT BP – CG V Darling DC-14-04807 - Corey Goode v Darling International, DC-14-04807,
      (on Disc) District Court Dallas County – Health Claims & Stalking PO issued
      against CG (October 31, 2014) (print only)

EXHIBIT BQ – CG CD S7E28 Dementia Aphasia Neurological Issues - Corey Goode Cosmic
      Disclosure S7E28 (00:10:50 – 00:12:00) (on Disc)  Dementia – Aphasia - 'SSP'
      High Electromagnetic Fields – Neurological Damage
      (Clip time stamps 0:00:50 to 0:01:45; screen captured from GAIA TV website)

EXHIBIT BR – CG DW CDS7E4 Dreams Telepathy Remote Viewing - Corey Goode Cosmic
      Disclosure S7E4 (00:00:11 -00:04:07) (on Disc)  David Wilcock dream recall
      research since 1992, and Remote Viewing 1996 telepathic communications
      (Clip time stamps 0:01:40 to 0:02:15; screen captured from GAIA TV website)

EXHIBIT BS – CG Interrogations and IE - YouTube video titled #10: Exclusive Never Before
      Revealed info About the Moon W/ Corey Goode (1/2)"on Ninety Degree Turns
      channel, posted July 25, 2019 (00:09:49 – 00:24:33) Dark Interrogations –
      humans as food for 'aliens' – amoral scientists using electrical and biological tech
      (on Disc) 13:30 to 18:00 Corey Goode in 'SSP' since about 17 yrs old - memory
      issues – dark Interrogations – torture – loaned out CG to other government
      sectors due to him being talented Intuitive Empath – Remote View Killing with
      enhanced technologies and hit lists he had to do. 19:00 to 24:00 Slave trade
      human trafficking for sex, intelligence, and 'alien' food, Interrogation, amoral
      scientists using electrical and biological technology for experiments

EXHIBIT BT – CG AI Bioneural Fields - YouTube video titled: "Corey Goode on AI and
      Ascension – SBA Presents Ninety Degree Turns" on Mr. Goode's YT channel,
      SphereBeing Alliance, posted October 14, 2019 (00:05:22 – 00:09:32) (on Disc)
      (00:06:20 – 00:08:30) Artificial Intelligences take over bioneural fields of humans,
      animals, and entire groups of people

EXHIBIT BU – DW Threats and Switch -YouTube video titled: "Threats, Intimidation & New Age
      MADNESS - Warped Podcast #3" posted to Warped Podcast YouTube channel,
      December 13, 2019. (00:09:51 – 00:20:06) Defendant associate, dream
      researcher David Wilcock, literal crying about death threats and afraid of

narcohypnosis in 2011, then in 2019 goes on Edge of Wonder YouTube Channel and says he has never been threatened like that. (on Disc)

Exhibit BV – Cyrus Parsa A.I. Civil Action, US District Court for the Southern District of California, Case 3:2019cv02407 - misuse of A.I. neuronetworks and codes altering human biochemistry, human organ trafficking, and more

**filed March 19, 2020 Objection to Attorney Fees**

EXHIBIT BZ – Federal Court Docket (8pgs)

EXHIBIT CA – Emailed VYW and ACM June 2018 to July 2018 (1pg)

EXHIBIT CB - Liz Lorie Fake Law Firm Address December 2019 through January 2020 and CG email noticed, December 31, 2019 of certified USPS mailing to Ms. Lorie and copy of mailing sent to Ms. Lorie and USPS tracking delivery failure (14 pgs)

EXHIBIT CC – Doxxing and Defamation – YouTube CG March 2, 2020 lawsuit threat (1pg)

EXHIBIT CD –Audio and Video Disc of this OBJECTION filing (Disc)

**EXHIBIT CE** – Case 18CV50 Timeline Key Events (3 pgs)

EXHIBIT CF – USPS Certified Mail records of served PLAC documents (15 pgs)

EXHIBIT CG – 3rd Malicious Broomfield Combined Court stalking Case (20C32, March 11, 2020) email  dated March 13, 2020 again failure by CG to declare his own Protection Order with Darling Intl(17pg)

**FILED July 20, 2020**

Exhibit CH – public article by VICE, reporter MJ Bania, about CG legal threats and CG/DW donation scams

Exhibit CI –  Donations Light Warrior Legal Fund

Exhibit CJ -  Donation for CG post by DW to 'help' CG cause he needs more money and Plaintiff donation of $50

Exhibit CK – CG Associate Aaron Moriarity cyber monitoring Plaintiff January 21, 2020 FB – Aaron with cult follower vigilance defends CG's stories as true and defames valid researcher Richard Dolan as "cabal" – CG retweets Rob Vannoy tweet about Aaron Moriarity being a part of CG's team supposedly as another truth teller like Mr. Goode.

Exhibit CL – CG defames Plaintiff on Twitter as "Dark Alliance" (Aka a rapist or killer/cabal) due to Jan 29, 2020 dismissal orders and threatens a lawsuit against Jay Weidner and Gaia TV posted February 12

Exhibit CM – CG defames Plaintiff in his tweet as a stalker and Dark Alliance and provides a link to his YouTube Channel Corey Goode where he again defames Plaintiff as a cyber-stalker posts made February 25, 2020

Exhibit CN – CG YouTube legal threats and defamation of Plaintiff along with 12 other legitimate researchers in similar professions or fields of interest –false statements about everyone being employed by Gaia TV posted March 2, 2020

Exhibit CO – CG defames and embarrasses Plaintiff again as 'dark alliance' and 'cyberstalking' in tweet posts February 19, 2020 – February 28, 2020 and also declares he is "directly targeting" each of the people he claims are "dark alliance" or stalkers, to include Plaintiff

Exhibit CP – CG court doxxing of Plaintiff through posting non-redacted documents on his website SphereBeingAlliance.com

Exhibit CQ – DW/CG Pete Peterson public Go Fund Me Scam donated to by ACM

Exhibit CR – "Dark Alliance" definition:  murderers, rapists, pedophiles, cabal, Satanists, and death threat by CG/DW that "Dark Alliance" could lose their lives if they don't go back down.

Exhibit CS – CIA A.I. Whistleblower Robert Duncan and the Mind Hacking Strategy Group. S.A.T.A.N. (Silent Assassination Through Adaptive Networks) and VooDoo Doll A.I. program frequency tech broadcast to the brain of Targeted Individual (TI) anywhere in the world to cause physical pain or sexual pleasure in the target. Handlers for MKULTRA victims and goal to create assassins with no empathy or to cause TI to suicide. Mind Crimes and illegal by the Geneva Convention.

Exhibit CT – David Wilcock exposed as a fraud dream psychic, not Edgar Cayce dream psychic reincarnated, and a fraud in general who steals other people's work and uses it as his own.

| | |
|---|---|
| District Civil Court, Mesa  County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502<br><br>─────────────────────────<br>Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br> v.<br><br>Defendant(s)/Respondent(s): James Corey Goode | <br><br>▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com | Case Number: 18CV50<br><br><br>Division    10          Courtroom  10 |
| **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** | |

Comes now Plaintiff, Alyssa Chrystie Montalbano, pursuant to C.R.C.P. Rule 65; for Injunctive Relief; and moves the court to GRANT this motion for Preliminary Injunction immediately against the Defendant for the following:

## I.  DISCOVERY CONTROL PLAN

1.  Discovery should be conducted pursuant C.R.C.P. 16, and 26-37.

## II.  APPLICATION FOR PRELIMINATY INJUNCTION

1.  Plaintiff hereby incorporates all allegations set forth within the verified AMENDED & SUPPLEMENTAL COMPLAINT as though set fully herein.

2.  As set forth in the Amended and Supplemental Complaint, in the particular claim counts of: FRAUDULENT MISREPRESENTATIONS (FRAUD),TRADE SECRET MISAPPROPRIATION, VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT, CIVIL CONSPIRACY, ABUSE OF PROCESS, MALICIOUS PROSECUTIONS, DEFAMATION, HARASSMENT, INTENTIONAL INTRUSION ON PRIVACY RIGHTS and INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS, Mr. Goode's unlawful acts or threats of unlawful acts are, and are continuing to cause immediate and irreparable injury and harm to Plaintiff for which there is not adequate remedy at law.

3.      Plaintiff will establish a likelihood of success on the merits of the causes of action in this case for which such a requirement is applicable and necessary for entry of the Preliminary Injunction.

4.      As set forth above, the Defendant's unlawful acts or threats of unlawful acts are, and are continuing to cause immediate and irreparable injury and harm to Plaintiff, for which there is no adequate remedy at law.

5.      The harm faced by Plaintiff far outweighs any harm that would be sustained by the Defendant if the preliminary injunction sought hereby were granted and the issuance of a preliminary injunction would not adversely affect the public interest.

6.  As set for in the AMENDED & SUPPLEMENTAL COMPLAINT, the Defendant has engaged in inappropriate and/or unlawful conduct and made express or implied threats against Plaintiff. Without a Preliminary Injunction, the Defendant and his network of associates will continue to engage in this conduct and make threats against Plaintiff, disrupt professional operations, destroy Plaintiff's business and reputation, continue to (mis)use her Trade Secret materials, release private information of no legitimate public concern, and/or engage in other disruptive, unlawful, and/or threatening actions towards Plaintiff. Plaintiff is, therefore, without a complete remedy at law and will suffer further irreparable harm if the conduct and threats continue.  Therefore Plaintiff requests the Injunctive Relief

described in greater detail in the Prayer, which is incorporated by reference as if set forth fully herein, to protect Plaintiff.

7. Accordingly, Plaintiff respectfully asks this Court to enter a Preliminary Injunction from now until such time as there a trial on the merits, and subsequently to enter a permanent injunction, after a trial on the merits, requiring the Defendant to refrain from committing or threating to commit the conduct describe in the Prayer below.

8. Greater injury will be inflicted upon the Plaintiff by the denial of injunctive relief than would be inflicted up the Defendant by granting such relief.

## DAMAGES

9. As a result of the Defendant's conduct, Plaintiff and her business have been and will be continue to be damaged. Plaintiff has suffered and will suffer general and special damages.

## PRAYER

10. WHEREFORE, Plaintiff requests the Defendant, James Corey Goode, be cited to appear and answer; and

A. That this court issue a Preliminary Injunction enjoining the Defendant from committing or threatening any of the following:

(1) Committing or threatening any act of violence, defamation, or harassment against Plaintiff, Ari Stone Art LLC and/or employees, officers, directors, board members, attorneys, executives, investors, any associates, friends, and/or family members (collectively, "Protected Parties");

(2)   Communicating in a threatening, defamatory, or harassing manner with Plaintiff or protected parties;

(3)   Committing or threatening any act to release private information about Plaintiff or the Protected Parties;

(4)   Communicating a threat through any person to Plaintiff or Protected Parties;

(5)   Threatening or harassing Plaintiff and or the Protected Parties in person, by telephone, email, social media and/or internet posting, or any other means of in person, written, or electronic communication.

(6)   Making a threat to Plaintiff or Protected Parties or engaging in harassment through the court systems against Plaintiff and/or Protected Parties.

(7)   Stalking, cyber stalking, gang stalking, or engaging in conduct directed specifically to Plaintiff and/or the Protected Parties, which is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Plaintiff and/or the Protected Parties, or disrupt the business operations or of Ari Stone Art LLC.

(8)   Any act of defamation, harassment, libel and slander against Plaintiff and the Protected Partied on the internet or in any other published or broadcast forms.

(9)   Disrupting Plaintiff's home life, workplace, or operation of Ari Stone Art LLC in a manner this reasonably likely to disrupt Plaintiff's workplace and/or daily life operations or with intent of doing so.

(10)   Discussing Plaintiff's Trade Secret Intellectual property, Dream Visions, information, research, and/or Trade Secret analysis processes and data publicly or privately.

(11)   Restrain the Defendant from further public or private dissemination and (mis)use of Plaintiff's Trade Secret materials or giving the information to an associate for (mis)use or dissemination of the same, or to embarrass and defame Plaintiff.

B.   That this court issue Declaratory relief:

(1)   Declaring the approximately 500 handwritten Dream Visions as Trade Secret Intellectual Property and all associates emails, as Trade Secret information, and unique analysis and discoveries, as sent from Plaintiff to the Defendant as being Plaintiff's sole and separate Trade Secret Intellectual Property, materials, information, analyses, processes, discoveries, and research; and

11. This Court set a date for a Preliminary Injunction hearing and/or issue a Preliminary Injunction enjoining the Defendant from or ordering the Defendant to refrain from the same acts listed above and declare the Intellectual Property and associated emails as Plaintiff's Trade Secret materials;

12. Upon final trial, enter a permanent injunction enjoining the Defendant from or ordering the Defendant to refrain from the same acts listed above; and

13. Award Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P.  Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO VOID ORDER, MOTION TO AMENDED COMPLAINT, AMENDED COMPLAINT, EXHIBITS CH – CT and EXHIBIT LIST, MOTION FOR PRELIMINARY INJUNCTION, PROPOSED ORDER, SUPPLEMENTAL BRIEF, MOTION FOR JUDICIAL NOTICE, and NOTICE OF RELATED CASES** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 0680 0002 3148 6039; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this **20TH day of July, 2020.**

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen

| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502<br><br><br>Plaintiff, Alyssa-Chrystie: Montalbano<br><br>v.<br><br>Defendant: James Corey Goode | |
|---|---|
| | ▲   **COURT USE ONLY**   ▲ |
| | Case Number: 18CV50 |
| | Division: 10  Courtroom: 10 |
| **PLAINTIFF'S PROPOSED ORDER FOR PRELIMINARY INJUNCTION** | |

This Court, after due consideration of the request by Plaintiff, Alyssa Chrystie Montalbano, and upon reading the AMENDED & SUPPLEMENTAL COMPLAINT, as filed the Plaintiff in the above captioned matter against the Defendant, James Corey Goode; hereby ORDERS, ADJUDGES, and DECREES this Preliminary Injunction of this Court

Defendant, and Defendant's agents, servants, and those persons acting in concert or participation with him/them who receive actual notice of this Preliminary Injunction by personal service or otherwise, shall be and hereby are enjoined and prohibited from the following:

(1) Committing or threatening any act of violence, defamation, or harassment against Plaintiff, Ari Stone Art LLC and/or employees, officers, directors, board members, attorneys, executives, investors, any associates, friends, and/or family members (collectively, "Protected Parties");

(2) Communicating in a threatening, defamatory, or harassing manner with Plaintiff or protected parties;

(3) Committing or threatening any act to release private information about Plaintiff or the Protected Parties;

(4) Communicating a threat through any person to Plaintiff or Protected Parties;

(5) Threatening or harassing Plaintiff and or the Protected Parties in person, by telephone, email, social media and/or internet posting, or any other means of in person, written, or electronic communication.

(6) Making a threat to Plaintiff or Protected Parties or engaging in harassment through the court systems against Plaintiff and/or Protected Parties.

(7) Stalking, cyber stalking, gang stalking, or engaging in conduct directed specifically to Plaintiff and/or the Protected Parties, which is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Plaintiff and/or the Protected Parties, or disrupt the business operations or of Ari Stone Art LLC.

(8) Any act of defamation, harassment, libel and slander against Plaintiff and the Protected Partied on the internet or in any other published or broadcast forms.

(9) Disrupting Plaintiff's home life, workplace, or operation of Ari Stone Art LLC in a manner this reasonably likely to disrupt Plaintiff's workplace and/or daily life operations or with intent of doing so.

(10) Discussing Plaintiff's Trade Secret Intellectual property, Dream Visions, information, research, and/or Trade Secret analysis processes and data publicly or privately.

(11)   Restrain the Defendant from further public or private dissemination and (mis)use of Plaintiff's Trade Secret materials or giving the information to an associate for (mis)use or dissemination of the same, or to embarrass and defame Plaintiff.

The Court Declares the approximate 500 handwritten Dream Visions as Trade Secret Intellectual Property and all associates emails, as Trade Secret information, and unique analysis and discoveries, as sent from Plaintiff to the Defendant as being Plaintiff's sole and separate Trade Secret Intellectual Property, materials, information, analyses, processes, discoveries, and research; and

The Court finds that the Preliminary Injunction describes in reasonable detail the acts or acts sought to be restrained and gives fair notice to the Defendant of what he is prohibited from doing and of the property belonging to the Plaintiff.

Therefore, this Court finds that there is good and sufficient reason, backed by facts and legal arguments known to the parties and/or legal counsel, and finds this Preliminary Injunction is warranted until a trial on the merits can be had.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

☐ GRANTED          ☐ DENIED

SIGNED, this_____day of _____, 20_____.

BY THE COURT:

_____

U.S. MAGISTRATE / JUDGE

PROPOSED ORDER

Page **3** of **3**