# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And  Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, Christina Gomez

Third-Party Defendants.

**THIRD PARTY PLAINTIFF ALYSSA MONTALBANO
SUR REPLY TO
THIRD PARTY DEFENDANT ELIZABETH LORIE'S REPLY TO
ALYSSA MONTALBANO'S RESPONSE TO MOTION TO DISMISS [#243]**

COMES NOW, Third-Party Plaintiff, Alyssa Chrystie Montalbano, in Surreply to "THIRD PARTY DEFENDANT ELIZABETH LORIE'S REPLY TO ALYSSA MONTALBANO'S RESPONSE TO MOTION TO DISMISS" filed July 28, 2021 at Docket 243 (the "Reply"), and shows as follows that Ms. Lories' Reply has conflicting statements:

1. Lorie states in her Reply at paragraph 6, page 4:

    (sic) "Ms. Lorie **merely assisted Mr. Goode's attorney at one instance** with filing one pleading due to that pleading being time sensitive. **Ms. Lorie at no point has ever represented Mr. Goode as legal counsel.**" (emphasis added)

    Here, Lorie claims she never represented Goode as legal counsel aside from assisting the one time in Mesa District Civil Court, case 18CV50, Montalbano v. Goode.

2. The above Reply statement directly conflicts with the following Court Records:

    a. In Ms. Lorie's complaint filed against Goode and GES (GOODE ENTERPRISE SOLUTIONS, INC) in the District Court of Boulder County, State of Colorado, case 2020CV265, filed December 1, 2020, Lorie states on page seven (7) that she performed the following services for Goode: (EXHIBIT A – Boulder complaint relevant pages)

        (sic) "writing approximately 30 contracts to secure all rights to all content created for the Project exclusively in the name of GES."

And on page three (3), Paragraphs 27-28, she states:

> (sic) "27. Upon information and belief, GES is the alter ego of Defendant Corey Goode and Stacy Goode. 28. Upon information and belief, the Goode's do not observe corporate formalities with respect to their running of GES and do not distinguish between the GES and themselves."

Here Lorie states GES is not viewed as separate to Goode for the purpose of her legal claims. It is believed the 30 Goode/GES contracts are legal contracts and legal representation services performed for Goode/GES, and whereby one of the main purposes for Ms. Lorie's complaint is for the Boulder Court to legally declare she and Goode/GES have a contract for the services she performed for Goode, seen on page 20 at paragraph 200, (2):

> (sic) "(2) the Court grant declaratory judgment, declaring that a contract exists and that Defendants have breached that contract."

Ms. Lorie is represented by ROBINSON & HENRY, P.C. in the Boulder case; the same law firm representing her in this instant case; and whereby her current counsel, Mr. Murphy, is clearly aware of the Boulder case and Lorie's contract claims therein. [#221, No. 2 at pp6-7]

b. In the legal (extortion) email [#121-1, p5; #217, ¶262, 310,G, ¶677] delivered to Ms. Ferrante, December 17, 2019, by Ms. Lorie; Lorie states:

> (sic) "**On behalf of my clients,** David Wilcock, Beth Wilcock, and **Corey Goode**, please find attached." (emphasis added)

Here, Lorie, clearly states Corey Goode is her client and holds herself out to Ms. Ferrante (a witness) as legal representation lawfully retained by Goode (and the Wilcock's); directly opposite her Reply [#243] statement at paragraph 6 that she never represented Goode as legal counsel at any point aside from the one time in Montalbano's case (18CV50) for time sensitive matters.

c. In the legal (extortion) notice letter, dated December 17, 2019 [#121-1, p6] attached to the email to Ferrante, Lorie again states:

> (sic) "…directed at **my client, Corey Goode**,…" (emphasis added)

Again, clearly stating Corey Goode is her client, directly opposite her Reply statement at paragraph 6, that she never represented Goode as legal counsel.

d. Lorie also states in Reply paragraph 6 [#243, p4]:

> (sic) "Ms. Lorie could not have committed extortion if she did not know about Ms. Montalbano's intention to use Ms. Ferrante as a witness, **and if the cease and desist communications from Ms. Lorie were for ancillary matters not having anything to do with Ms. Montalbano."** (emphasis added)

This statement affirms Lorie claims herself as legal counsel for Goode on matters having nothing to do with Ms. Montalbano, [#121-1 pp5-7] which is directly contrary her prior statement she only represented Goode the 'one time' for time sensitive matters related to Montalbano and at no other point in time.

WHEREFORE, Ms. Lories' Court filed Reply statements directly conflict with one another, her legal letters delivered to witnesses [#121-1, p5-6], and with her Boulder Court filed complaints against Goode/GES; whereby Lorie claims being legal counsel for Goode and then denies being legal counsel for Goode in her Reply [#243] to Montalbano's Response [#225] to her Motion to Dismiss [#221]; because Lorie's statements conflict, her actual relationship with Goode (and the Wilcock's) as 'legal counsel' needs to be investigated through discovery and production of documents, to determine which statements of hers are actually true, and accordingly Lorie's Motion To Dismiss [#221] is to be Denied and the Second Amended Counterclaim Complaint [#217] be moved into discovery phases and towards trial to determine the facts of the matters.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant and Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of August 2021 a copy of the foregoing Surreply and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Defendants' and/or their counsel and upon appeared parties, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5) and upon Mr. High by email.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen