# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.

*Plaintiffs*,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH,

*Defendants*.

ALYSSA CHRYSTIE MONTALBANO, individually,

*Counter-Claimant,*

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

*Counter-Defendants,*

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL,
MATTHEW GROVE, DIANA TERRY, and
CHRISTINA GOMEZ,

*Third-Party Defendants*

**THIRD PARTY DEFENDANT ELIZABETH LORIE'S MOTION TO STRIKE MOTION TO SURREPLY OF ALYSSA MONTALBANO AND THE ACCOMPANYING SURREPLY**

Pursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel did not confer with counsel for any other parties to this action, or any unrepresented parties to this action about this Motion or the relief requested herein.

**COMES NOW**, third-party Defendant **ELIZABETH LORIE** (hereinafter "Ms. Lorie"), by and through undersigned counsel of Robinson & Henry, P.C., and hereby submits her Motion to Strike Motion to Surreply and the Accompanying Surreply (Docket no. 248) of Alyssa Montalbano (hereinafter "Ms. Montalbano") regarding Ms. Lorie's Reply (Docket no. 243). In support of her Motion, Ms. Lorie states and alleges as follows:

## I. BACKGROUND

1. On June 23, 2021, Ms. Lorie filed her Motion to Dismiss the Counterclaims against her filed by Ms. Montalbano. (See Docket no. 221).

2. On July 2, 2021, Ms. Montalbano filed her Response to Ms. Lorie's Motion to Dismiss. (See Docket no. 225).

3. On July 28, 2021, Ms. Lorie filed her Reply to Ms. Montalbano's Response. (See Docket no. 243).

4. On August 10, 2021, Ms. Montalbano filed a Motion for Leave to File a Surreply, which included a Surreply as an attachment. (See Docket no. 248).

5. F.R.C.P 12(f) provides that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

## II. ARGUMENT

6. Neither the Federal Rules of Civil Procedure nor this Court's local rules of procedure provide for the filing of surreply briefs. See, e.g., D.C.COLO.LCivR 7.1.; *Pirnie v. Key Energy Servs., LLC*, No. 08-CV-01256-CMA-KMT, 2009 WL 1386997, at 1 (D. Colo. May 15, 2009).

7. A surreply brief is necessary only if the reply brief raises new material that was not included in the original motion. *Id.* (citing *Green v. New Mexico*, 420 F.3d 1189 at 1196 (10th Cir.2005)).

8. "New material" can include new legal arguments or factual evidence. *Id.* (citing *Green*, 420 F.3d at 1196).

9. In general, "surreplies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Loomis v. Unum Grp. Corp.*, No. 1:20-CV-251, 2021 WL 1928545, at 3 (E.D. Tenn. May 13, 2021)(quoting *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020)).

10. A surreply is generally not permitted where the reply is merely responsive to an issue raised in the opposition. *Brito v. Major Energy Elec. Servs., LLC*, No. CV ELH-20-0230, 2021 WL 1060283, at 5 (D. Md. Mar. 18, 2021)(citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003)).

11. Ms. Montalbano's surreply simply argues what she has already argued in her counterclaims against Ms. Montalbano and her Response to Ms. Lorie's Motion to Dismiss. She has not raised any new arguments or presented any new

3

evidence, she simply wishes to "have the last say" and continue to attempt to extrapolate her existing arguments.

12. This Court need not take exception to longstanding precedent and procedure for Ms. Montalbano's surreply. Surreplies are reserved for those rare instances where new evidence is presented or when a party raises new arguments for the first time. This is not one of those instances, and as such, this Court should strike Ms. Montalbano's request for a surreply and the attached surreply itself.

### III.   CONCLUSION

The Court is able to discern from the existing pleadings and docket items the facts, applicable law, and the parties' arguments stemming therefrom. Because Ms. Montalbano has failed to present new evidence warranting leave of court for a surreply, this Court should strike her Motion for Leave as well as the attached surreply and only consider the existing pleadings in Ms. Lorie's Motion to Dismiss.

Respectfully submitted this 12th day of August 2021.

**ROBINSON & HENRY, P.C.**

/s/ *Timothy M. Murphy*
Timothy M. Murphy, #53430
7555 E. Hampden Avenue, Suite 600
Denver, CO 80231
(303) 688-0944
tim@robinsonandhenry.com

*Attorney for Third-Party Defendant,
Elizabeth Lorie*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this 12th day of August 2021 a true and correct copy of the foregoing **THIRD PARTY DEFENDANT ELIZABETH LORIE'S MOTION TO STRIKE MOTION TO SURREPLY OF ALYSSA MONTALBANO AND THE ACCOMPANYING SURREPLY** was electronically filed with the Clerk of the Court, United States District Court for the District of Colorado, using the CM/ECF system and was served upon all parties who have entered their appearance.

Valerie Ann Yanaros, Esq.
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
*Attorneys for Plaintiffs*

Clif High *(via U.S. Mail)*
PO Box 141
Moclips, WA 98562
*Pro Se Defendant*

Michael Jacob Laszlo, Esq.
Laszlo & Associates, LLC-Boulder
2595 Canyon Boulevard, Suite 210
Boulder, CO 80302
*Attorneys for Defendant Benjamin Zavodnick*

Dmitry B. Vilner, Esq.
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
*Attorneys for Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez*

Daniel Andrew Dingerson, Esq.
Ina B. Scher, Esq.
Davis & Gilbert, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Defendant Gaia, Inc., Jirka Rysavy, Brad Warkins, Kiersten Medvedich*

Aaron Bardin Belzer, Esq.
Ashlee Nicole Hoffmann, Esq.
Burnham Law Firm PC-Boulder
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Defendant Jay Weidner*

Alyssa Montalbano *(via U.S. Mail and email)*
2536 Rimrock Avenue
Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro Se Defendant/Cross-Claimant*

 

**ROBINSON & HENRY, P.C.**

By:   */s/ Julie Vogel*
     Julie Vogel, Paralegal

5