IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH,

    Defendants.

----

Alyssa Chrystie Montalbano, Individually

    Counter-Claimant,

v.

James Corey Goode, individually and GOODE ENTERPRISE SOLUTIONS INC.

    Counter-Defendants,

GAIA, INC., Jay Weidner, Jirka Rysavy, Brad Warkins, and Kiersten Medvedich,

    Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC; David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION, Valerie Yanaros Wilde, Elizabeth Lorie, Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, Christina Gomez

    Third-Party Defendants.

BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S REPLY IN SUPPORT OF MOTION TO DISMISS ALYSSA CHRYSTIE MONTALBANO'S COUNTERCLAIMS COMPLAINT [DOC. 204-1]

## INTRODUCTION

Alyssa Chrystie Montalbano's response [Doc. 247] to these Third-Party Defendants' motion to dismiss [Doc. 222] amply illustrates why this case should be dismissed. She fails to show why Judge Terry, Judge Grove, Judge Gomez, and Judge Flynn are not entitled to judicial immunity. She does not address her lack of standing to sue William Campbell. She gives short shrift to *Rooker-Feldman*. And her remaining arguments under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)[1] miss the mark. For the reasons in the motion and this reply, this Court should dismiss Montalbano's counterclaims complaint as against these Third-Party Defendants.

## ARGUMENT

### I. The judicial defendants are absolutely immune.

Montalbano's response restates her allegations that the defendant judges (Judge Terry, Judge Grove, Judge Gomez, and Judge Flynn) committed legal error by ruling against her or prejudiced her by not ruling on her motions in a timely manner. According to Montalbano, this "stripped [them] of immunities." [Doc. 247 at 13]. This argument fails.

---

[1] Montalbano's response cites, in part, the incorrect legal standard for reviewing a 12(b)(6) motion to dismiss. [Doc. 247 at 2–3] (citing the "any set of facts" standard under *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))]. This Court reviews a 12(b)(6) motion under the "plausibility" standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As an initial matter, Montalbano does not address the long line of U.S. Supreme Court cases discussing "the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). She instead cites cases to the effect that (1) judgments rendered in the absence of jurisdiction are void; (2) judgments rendered in the absence of due process are void; (3) state officials cannot "war against the Constitution;" and (4) no one is "above the law." [Doc. 247 at 8–9]. These are non-sequiturs because they do not address a judge's immunity from claims for money damages.

Montalbano's arguments about the merits of the judges' acts are similarly unpersuasive. "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). Here, all the acts alleged in Montalbano's third-party complaint as the basis for her claims were quintessentially "judicial," and Montalbano does not allege otherwise. The complaint and underlying court records show that the judges issued orders on matters before them, managed their dockets, and entered judgments. Thus, it is irrelevant whether Montalbano claims Judge Flynn is a "lazy judge" under Indiana law,[2] believes her rights were violated through legally erroneous orders, or contends that her appeal was actually timely.

---

[2] Montalbano's response notes that Judge Flynn is involved in another federal lawsuit. [Doc. 247 at 5]. This has no bearing on whether her claims are valid in *this* lawsuit.

3

[Doc. 247 at 4–5, 7–9]. Her claims do not overcome the judges' immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Montalbano's arguments would fail even if this Court construed her response to argue that the judges acted in the clear absence of all jurisdiction and are therefore not entitled to immunity. Judges are "subject to liability only when [they] ha[ve] acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). But they do not lose absolute immunity when their acts are merely "in excess of their jurisdiction." *Bradley*, 80 U.S. at 351. In *Stump*, the Supreme Court illustrated the difference between these two concepts:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

435 U.S. at 357 n.7 (citing *Bradley*, 80 U.S. at 352).

Here, Montalbano's complaint and the underlying court records show that Judge Flynn, as well as the three Colorado Court of Appeals judges, rendered decisions plainly within their respective jurisdictions. Judge Flynn sits on the Mesa County District Court, which is a "court[] of general jurisdiction and ha[s] wide latitude in hearing and deciding issues of law." *In re A.W.*, 637 P.2d 366, 373 (Colo. 1981). The Colorado Constitution confers on district courts "unrestricted and sweeping jurisdictional powers

in the absence of limiting legislation." *Id.* Thus, Judge Flynn was empowered to make rulings in the underlying Mesa County Case. As for the Colorado Court of Appeals, it has jurisdiction "over appeals from final judgments of . . . the district courts. . . ." Colo. Rev. Stat. § 13-4-102(1). Thus, Judges Terry, Grove, and Gomez were empowered to make rulings in the Court of Appeals Case, including the ruling that Montalbano's appeal was untimely filed. *See Woznicki v. Musick*, 94 P.3d 1243, 1246 (Colo. App. 2004) (appellate court always maintains "limited jurisdiction . . . to determine its own jurisdiction"). Accordingly, the judicial defendants did not act "in the clear absence of all jurisdiction" or even "in excess of their jurisdiction."

For these reasons, the judicial defendants are absolutely immune from Montalbano's claims.

## II.     Montalbano has no standing to sue Mr. Campbell.

The motion to dismiss argued that Montalbano has no standing to sue Mr. Campbell, as head of the Colorado Commission on Judicial Discipline (CCJD), because (1) Montalbano has no judicially cognizable interest in disciplining Judge Flynn; and (2) her claims cannot be redressed because the CCJD cannot overturn Judge Flynn's orders. [Doc. 222 at 8–10]. Montalbano does not address these arguments, but instead reiterates her claims that Mr. Campbell violated his oath of office. [Doc. 247 at 5–7]. This Court should consider this claim conceded. *See Haynes ex rel. Unger v. Transamerica Corp.*, No. 16-cv-02934-KLM, 2018 WL 6046430, at *10 (D. Colo. Nov. 19, 2018) (failure to address argument in response deemed concession of claim's invalidity).

## III.    Montalbano's claims are barred by the *Rooker-Feldman* doctrine.

5

The motion to dismiss also argued that the *Rooker-Feldman* doctrine bars Montalbano's claims because she improperly seeks to overturn binding state court judgments in federal district court. [Doc. 222 at 10–11]. Montalbano's response barely addresses this argument, except to say that *Rooker-Feldman* does not apply because the judges were "stripped of immunities." [Doc. 247 at 13]. As set forth above, this argument fails. Regardless, the *Rooker-Feldman* doctrine presents this Court with an independent reason to dismiss Montalbano's complaint because application of the *Rooker-Feldman* doctrine is not tied to any defendant's immunity from suit. For example, Mr. Campbell is not a judge and therefore does not benefit from absolute judicial immunity, but the claims against him are still foreclosed under *Rooker-Feldman*. Thus, this Court should dismiss Montalbano's complaint under *Rooker-Feldman*.

**IV.     Montalbano cannot bring criminal claims.**

Montalbano concedes that she brings only a civil RICO claim, and does not otherwise argue that she may bring criminal claims in a civil matter. *See* [Doc. 247 at 14]. Thus, this Court should dismiss her complaint to the extent it is premised on the alleged violation of federal criminal statutes.

**V.      The CGIA bars Montalbano's tort claims.**

In her response, Montalbano contends that the Colorado Governmental Immunity Act (CGIA) does not bar her tort claims because the CGIA does not

6

encompass judicial employees. She also contends she filed timely notices of claim. Both arguments fail.

First, Montalbano misconstrues the CGIA. The CGIA provides that "A *public entity* shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section." Colo. Rev. Stat. § 24-10-106(1) (emphasis added). And Colo. Rev. Stat. § 24-10-103(5) defines a "public entity" to include "the judicial department of the state." Thus, these defendants are immune from Montalbano's tort claims because those tort claims do not fall within a waived area under the CGIA. *See* § 24-10-106. This alone defeats Montalbano's tort claims.

Second, although Montalbano is correct that these defendants do not fall within the definition of "State"[3] under Colo. Rev. Stat. § 24-10-103(7), the notices she attaches to her response are nevertheless deficient under Colo. Rev. Stat. § 24-10-109(2)(e), as they do not include a statement for the amount of monetary damages being requested. Nor does she attach any notice for Mr. Campbell. Thus, her tort claims are precluded for this reason as well.

---

[3] Montalbano confuses the CGIA notice of claim requirement under Colo. Rev. Stat. § 24-10-109 with service of process under Fed. R. Civ. P. 4. [No. 247 at 18]. She also argues that qualified immunity does not apply, even though that doctrine was not raised as a defense. Finally, her arguments about notice on the U.S. Attorney General are irrelevant because the United States is not a party to this lawsuit.

7

## VI. Montalbano's claims otherwise fail.

Finally, Montalbano's remaining claims fail under Fed. R. Civ. P. 12(b)(6). First, she does not meaningfully address the arguments against her § 1985 conspiracy claim or her § 1983 violation of due process claim. This Court should treat these arguments as conceded. *See Haynes*, 2018 WL 6046430, at *10.

Second, Montalbano's arguments under the civil RICO statute are entirely conclusory. She does not explain how these defendants either formed a legal entity or an "association-in-fact," which requires a "common purpose of engaging in a course of conduct." *See Boyle v. United States*, 556 U.S. 938, 946 (2009). She does not explain how they participated in the "investment in, control of, or conduct" the so-called enterprise. *See Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006). She does not show a "pattern," which requires showing a "threat of continued criminal activity." *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096–97 (2016). And she fails to allege proximate cause. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006).

Accordingly, Montalbano cannot state a claim her remaining federal statutory claims under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons in the motion and this reply, these Defendants—Judge Terry, Judge Grove, Judge Gomez, Judge Flynn, and Mr. Campbell—respectfully request that this Court dismiss Montalbano's third-party claims with prejudice.

Dated this 19th day of August, 2021.

    Respectfully submitted,

    PHILIP J. WEISER
    Attorney General

    *s/ Dmitry B. Vilner*
    DMITRY B. VILNER *
    Assistant Attorney General
    Civil Litigation and Employment Law Section
    Attorneys for Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez

    1300 Broadway, 10th Floor
    Denver, Colorado 80203
    Telephone: 720-508-6645
    FAX: 720-508-6032
    E-Mail: Dmitry.vilner@coag.gov
    *Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

9

## CERTIFICATE OF SERVICE

I certify that I served the foregoing BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S MOTION TO DISMISS upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 19th day of August 2021, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and Goode Enterprise Solutions, Inc.*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy; Brad Warkins; and Kiersten Medvedich*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

Clif High (*via U.S. mail*)
P.O. Box 141
Moclips, WA 98562
*Pro se*

*s/ La'Tasha Carter*