# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And  Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING
AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, Christina Gomez

Third-Party Defendants.

**THIRD PARTY PLAINTIFF ALYSSA MONTALBANO**
**RESPONSE AND OBJECTION TO MTD [#233]**
**AND IN SUPPORT OF SACC [#217]**

COMES NOW, Alyssa Chrystie Montalbano, Third-Party Plaintiff, in Response to "THIRD-PARTY DEFENDANTS LIGHT WARRIOR LEGAL FUND, LLC AND VALERIE YANAROS' MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND 12(b)(1)" ("MTD") filed July 15, 2021 at Docket 233 [#237,#242, response due 08/26/2021]; and moves the Court to Deny the Motion To Dismiss in its entirety and move the Second Amended Counterclaims Complaint (SACC) [#217] into discovery and toward trial and states as follows:

## I. INTRODUCTION

A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.ed.2d 80 (1957).[1]

Montalbano need not prove all her claims at this preliminary stage against Ms. Valerie Yanaros [SACC,¶7, ¶35] and LIGHT WARRIOR LEGAL FUND, LLC, ("LWLF") [¶4, ¶27] and has provided enough facts in the complaint [#217(SACC); #121(exhibits)], to reasonably draw the inference that Montalbano has endured years of ongoing extortion, abuse of process, malicious prosecutions, and severe violations of clearly established Civil Rights at the hands of Yanaros since June 2018 [SACC,Claims,13-16]; and has reasonably shown these ongoing racketeering acts are more recently funded by LWLF. [#121-2, p1-9]

---

[1] https://www.casemine.com/judgement/us/5914b89fadd7b049347864e5

The Court "must view all reasonable inferences in favor of the plaintiff , and the pleadings must be liberally construed . *Ruiz v. McDonnell* , 299 F.3d 1173, 1181 (10th Cir.2002)." *Derosier v. Balltrip,* 149 F. Supp. 3d 1286, 1292 (D. Colo. 2016)

" "The complaint "must plead sufficient facts , taken as true , to provide 'plausible grounds ' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.,* 510 F.3d 1196, 1200 (10th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)." " *Cunningham Lindsey U.S. Inc. v. Crawford & Co.,* Civil Action No. 17-cv-03041-CMA-KLM, at *3 (D. Colo. Dec. 3, 2018)

Montalbano has provided enough facts in the counterclaims that provide plausible grounds discovery will reveal evidence in support of all 20 claims against Defendants, and Valerie Yanaros and LWLF for their Racketeering roles, notably to extort [Claims 13-16] and money launder. [Claims 11,20]

## II.   GENERAL STANDARDS ARGUMENTS

1. Yanaros incorporates by reference the arguments from Second Renewed Motion to Dismiss filed at Docket 227, July 2, 2021, whereby it is largely argued the complaint is long, not plausible, criminal claims, and allegedly all claim 'facts' take place in sleep-states so all claims should be dismissed [#233,Section I. p2]. Yanaros also argues the government doesn't engage in mind control. [#233,Section III. p3]

    a. Montalbano incorporates by Reference her Response at Docket 231, notably showing RICO claims brought on civil grounds [#231, Section II.,B.; #217, ¶¶16-21] based on

    facts, evidence, and applicable laws for remedies this Court is empowered to grant, including Injunctive Relief to stop extortion. Montalbano addressed the complaint length being necessary to give merit to the complex subject matter involving: remote neural interfacing, multiple people, multiple courts, and multiple frauds whereby specificity must be plead. Damages are clarified in each claim and Montalbano showed Goode's aliens are realistically CIA agents non-consensually performing remote neural interfacing with The Enterprise. [#121-17,p7, #121-3, #121-6]

  b. If it were true the government doesn't engage in mind control (despite thousands of records [Docket 121 Exhibits 9, 11-17; SACC,¶¶127-195]), then Yanaros, Goode and GES have conceded The Enterprise is a fraud [#121-3, #121-6, #121-7] and all damages must be awarded to Montalbano.

2. None of the claims against Yanaros and LIGHT WARRIOR LEGAL FUND have been heard in State or Federal Court and are rooted in Federal RICO Claims [SACC,1, 4-8, 11-12, 14-16] and Deprivation Civil Rights [Claim 13] and may not be dismissed based on Rooker-Feldman or estoppel as they do not apply; if they did, they fail as a matter of law because 'Judge' Flynn placed a fraud on the Mesa Court [¶¶635-643], maliciously failed to perform sworn duties, and violated clearly established Civil Rights, notably the Right to trial by jury for defamation (Colorado Constitution, Article II, Section 10), and he lost jurisdiction rendering all his 'orders/judgements' null and void.

3. The claims directly against Yanaros and LWLF have almost nothing to do with Montalbano's sleep-states, aside from Montalbano's Intellectual Property being stolen by The Enterprise [claims 7-9] and claim 6 addressing CIA remote neural interfacing with

computer equipment. The claims predominantly against Yanaros are RICO, fraud, violation CCPA, conspiracy, deprivation civil rights, abuse of process, malicious prosecutions, and extortion, [Claims 1-3, 12-16] related to her actions with the Colorado Court Systems to money launder with The Enterprise.

### III. LIGHT WARRIOR LEGAL FUND ("LWLF") RACKETEERING ACTS

1. Yanaros alleges, no facts in the SACC [#217] support or show LWLF involved in racketeering [claim 1], defamation [claim 10], or Money laundering [claim 11,¶579,C.] and does not show LWLF is liable for participating in or conducting affairs of The Enterprise and not just its own affairs and should be dismissed from all claims. [#233,p4-6]

    a. LWLF is formed as a member managed Limited Liability Company, whereby Goode (Plaintiff/Counter-Defendant) is the only member listed on the formation papers, making it a pass-through-company to Goode. [#121-2, p1-9]

    b. LWLF's racketeering role is to receive donations/gifts from the public [SACC,Claims 11, 20; ¶52, ¶105, ¶283, ¶¶328-333] based on fraudulent stories The Enterprise illicitly promotes to millions of people as true. [Claims 1-6, 10] LWLF then financially funds The Enterprise's Extortion Racketeering acts. [Claims 13-16, ¶¶318-333].

    c. Regardless to LWLF's role-size, it is jointly and severally liable for all twenty claim damages for participating in The Enterprise's Rackets.
    [SACC, Claim 12, Civil Conspiracy, ¶616, jointly and severally clause]

Page **5** of **19**

"("Every circuit in the country that has addressed the issue has concluded that the nature of both civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations .")." *Carlson v. Town of Mountain Vill.*, Civil Action No. 17-cv-02887-PAB-STV, at *11 (D. Colo. Nov. 7, 2019)

d. LWLF posted knowingly fraudulent and vilifying information about Montalbano to its website by specifying Montalbano is a 'cyberstalker' and providing links to Yanaros and Goode's fraudulent stalking/TRO cases/files. (EXHIBIT 1) LWLF states the donations/gifts are used to pay Goode's litigation fees to 'fight' criminal 'stalkers' and 'Dark Forces' (aka Dark Alliance) [#217,¶330; #121-2, p1-4]. 'Dark Alliance' is defined by Goode and The Enterprise as people who are criminals to include: murderers, rapists, and pedophiles. [#121-5, Dark Alliance defined]  Goode, Wilcock, and The Enterprise then clarify via their extensive (fake news) networks and social media platforms reaching millions [SACC, Claims 1-5; #121-7], who LWLF is vilifying as criminals. Goode specifically and maliciously declared Montalbano (aka Ari Stone) part of The Enterprise's perverted criminal fantasy "Dark Alliance" [#121-2, p9; #121-21,p7, p9-15] and a criminal 'stalker'; when The Enterprise knew this to be false [SACC, Claims 2-3], as Montalbano has a clean record, never threatened Goode or his associates (EXHIBIT 2) and Goode and Yanaros repeatedly lost their criminal stalking claims even with perjury.
[SACC,claims 14-16, ¶674, ¶679]

Because LWLF has participated in Racketeering acts by fraudulently vilifying Montalbano [claim 10, defamation], then receiving money for this vilification

[claim 11, 20], then using those funds to maliciously extort Montalbano [claims 13-16]; and because it is jointly and severally liable for all 20 claim damages [¶616]; and because it is reasonable discovery will reveal more Racketeering evidence against LWLF through production of documents, the argument to dismiss LWLF for no participation shown, is false, and accordingly it is to be Denied and all claims moved into discovery to determine the scope of LWLF's Racketeering acts.

## IV. YANAROS RACKETEERING ACTS

### A. DUE PROCESS VIOLATIONS – EXTORTION FOR BENEFITS

Yanaros (and Lories') racketeering pattern for The Enterprise, is to extorting many innocent people with SLAPP lawsuits (House Bill 19-1324) (EXHIBIT 3) to coerce them to silence for publicly reporting on news and matters of public interest about The Enterprise and/or critiquing its public figures, Goode and Wilcock, and their utterly ridiculous public frauds [#121-2], delusional ascension narratives [#121-7,p6-7], false dream prophet claims [#217(SACC),¶82-98], and insane fake alien news stories (cult teachings) [#121-3, #121-6; SACC,¶¶38-81] that The Enterprise broadcasts and publishes to millions of people/consumers as if true. [SACC,¶¶101-113; Claims,1-5].

Chapter 22 of Colorado Court instructions (Immunities) states at 22:19, people reporting on news and matters of public interest have qualified immunity if the reports are substantially accurate, a fair summary of the matter, or even if the reports are false or defamatory.  Public figures, Goode and Wilcock have availed themselves to the scrutiny of the public and being talked about publicly, even defamatorily, and may not threaten prosecution against public participation for the public exercising their First Amendment Rights.

Yanaros, has directly threatened/extorted at least ten people and/or businesses including Montalbano with lawsuits that have no probable cause; some names are seen in SACC,¶320. These lawsuits are publicly marketed and promoted by LWLF, Goode, and The Enterprise as if legitimate claims to millions of people to secure business advantages outside of Court [Claims 1-5] including gifts/donations [Claims 11, 20; ¶328-333] while simultaneously destroying The Enterprise's competitors [Claim 3] via court fraud.

"**Another illegitimate purpose is an attorney's use of existing litigation to secure a business advantage for his or her client**. See Troutman v. Erlandson, 593 P.2d 793 (or. 1979); Converters Equip. Corp v Condes Corp., 258 N.W.2d 712 (wis 1977). Thus, in addition to interfering with the attorney-client relationship, **courts find that any attempt to provide benefit outside the confines of the lawsuit** (even if involving a related proceeding or a potential new case arising from the original litigation) **is invalid, and absolute immunity is denied.**" (emphasis added) T. Leigh Anenson Absolute Immunity from Civil Liability: Lessons for Litigation Lawyers, 31 Pepp. L. Rev. Iss. 4(2004), p937[2]. Attorney denied immunity because he notified a potential investor of his client's adversary about the litigation and the potential monetary award against the adversary.

### B. LITIGATION PRIVILEGES DO NOT APPLY

Yanaros claims the Defamation claim [10] is barred against her because she has litigation privileges (absolute immunity) and that she was only 'zealously' and 'respectfully' representing Goode [#233,p6-7] and cites Exhibit D [#233-4]. Exhibit D shows The Enterprise will not

---

[2] https://digitalcommons.pepperdine.edu/plr/vol31/iss4/1

negotiate and Montalbano must get Court Orders to protect misappropriated IP, stop fraud, harassment, and extortion.

Absolute or qualified immunities for Litigation lawyers/Officers/Judges center on protected tasks being performed and not the office. "The notion is that since the immunity goes to the task, it does not matter who the individual is performing it. The same is true with regard to prosecutors." Chemerinsky, Erwin (1999) "Prosecutorial Immunity," Touro Law Review, Col 15: No 4, Article 23. p1.[3] Meaning, litigation privileges/immunities do Not apply to unprotected tasks, such as violating civil rights, like the Judicial Defendants.

[See Montalbano Response, #247, Judicial Defendants failing to perform protected tasks.]

Malicious Prosecutions and Abuse of Process are not protected tasks, and are defined in Colorado Court Jury instructions, Chapter 17:

### C.  MALICIOUS PROSECUTION - YANAROS

"(a) A lawyer shall not threaten criminal, administrative or disciplinary charges to obtain an advantage in a civil matter nor shall a lawyer present or participate in presenting criminal, administrative or disciplinary charges solely to obtain an advantage in a civil matter." (Colorado Rules of Professional Conduct (CRPC), Rule 4.5)

Montalbano has met the required preliminary elements to prove Malicious Prosecution [Claim 15], pursuant Colorado Courts, Chapter 17:1:

1) A criminal case was brought against the plaintiff.

---

[3] https://digitalcommons.tourolaw.edu/lawreview/vol15/iss4/23

    Yanaros and Goode filed or attempted to file four criminal stalking cases against Montalbano. [¶227, ¶¶239-242, ¶250-256]

2) The criminal cases were brought as a result of oral or written statements made by the defendant.

    Goode and Yanaros opened multiple criminal stalking cases against Montalbano with false statements. [¶¶673-674, ¶679, ¶698]

3) The criminal cases ended in favor of the plaintiff.

    All criminal stalking cases ended in favor of Montalbano. [¶¶698-699]

4) The Defendant's statements were made without probable cause.

    Yanaros and Goode knew Montalbano was not a criminal or stalker as early as June 2018, when their first criminal stalking filing was rejected due to failure to meet the requirements [¶227]; thereafter their criminal stalking cases were known to not have probable cause, evidenced by the fact they lied in every stalking case effort. [¶¶239-242, ¶250-256; Claims 14-15]

5) The defendant's statements against the plaintiff were motivated by malice towards the plaintiff.

    The stalking cases opened with false statements were motivated by malice to gain unfair advantages in case 18CV50 via criminal charges and to coerce Montalbano to drop civil claims. The malicious cases were then publicly marketed and

promoted by The Enterprise to hundreds of thousands of third parties as if true, to vilify Montalbano, and receive donations/gift (benefits) outside litigation, subsequently used to further extort Montalbano.

Yanaros was trying to make it a crime for Montalbano to follow Due Process of Law in State Courts as a pro se litigant sending pro se litigant Goode papers and seeking conferral and resolution with him. (EXHIBIT 4 - Yanaros threatening criminal and police charges for mailing Goode State Court filed Papers. [¶249])

6) As a result of the criminal cases, the plaintiff had damages.

> Montalbano suffered damages from enduring years of baseless criminal stalking cases. [See Damages, Claims 13-16, 17-20]

Yanaros knew the criminal stalking cases were without probable cause (Colorado Courts, 17:2) and brought them with malice (Id. 17:5). Therefore, Yanaros did not perform protected tasks and instead abused privileges, and accordingly her request to be dismissed is to be Denied.

### D. ABUSE OF PROCESS (Colorado Courts, 17:10)

The essence of the tort is the use of legal process "against another primarily to accomplish a purpose for which it was not designed . . ." RESTATEMENT (SECOND) OF TORTS §682 (1977)

As outlined in Section C above, SACC Claim 14, and Section E below Montalbano has shown, Yanaros, had ulterior motives and could not properly use the Courts to accomplish her criminal

stalking goals, so she and Goode placed a fraud upon the Courts to unlawfully obtain a TRO against Montalbano [#195-3] in efforts to gain unfair advantages in civil matters and business advantages outside litigation. [#121-2,p1-9] During case 18CV50 Valerie Yanaros' sister, Teresa Yanaros, was The Enterprise's marketing manager and Montalbano cited Ms. Teresa disseminating Montalbano's IP. [SACC,¶513]

Discovery will reasonably reveal this case was opened for the purpose of acquiring donations/gifts via LWLF, and to market and promote The Enterprise's fraudulent and perverted "Dark Alliance" narratives [SACC, Claims 1-5, 10] to gain thousands more cult followers while abusing the legal system to destroy critics.

Yanaros is jointly and severally liable [¶616] for all 20 claim damages, for her Racketeering role.

### E.  YANAROS DUE PROCESS VIOLATIONS – STATE COURTS

Yanaros states in MTD, page 6, Section V. she properly represented Goode in Mesa District Civil Court, case 18CV50, and signed his legal papers in accordance with CRCP 11(b) and cites Docket 222-3.

However, Yanaros, fails to tell this Court, she had zero legal authority to sign Pro Se litigant Goode's papers in any Colorado State Court Proceeding to include: Mesa and Broomfield [¶227, ¶¶239-242, ¶¶250-256], because she willfully failed to enter Pro Hac Vice.

Yanaros' certificate [#233-2] is applicable only within the Colorado Federal Courts [SACC, ¶¶243-249, ¶675] and does not apply to Colorado State Courts. [¶¶227, ¶¶239-242, ¶¶250-256, ¶¶673-674, ¶¶679-680]

1. CRCP 11(b) states:

   (sic) "Limited representation of a pro se party under this Rule 11(b) **shall not constitute an entry of appearance** . . . **and does not authorize or require the service of papers upon the attorney.**" and "**The attorney's violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a).**" (emphasis added)

   a. Goode never filed any consent forms in Mesa or Broomfield Court; such as JDF 630 and 631, consenting to Limited Appearance by attorneys: Yanaros or Lorie under CRCP 11. [¶¶235-238]

2. Yanaros (and Lorie), never lawfully appeared/entered Pro Hac Vice in: (Colo.R.Civ.P. 204 and 205) Mesa Court case 18CV50 ¶¶228-238], or Broomfield Court cases: 18C103 [¶¶239-242] and 20C32 [¶¶250-256]

   a. Yanaros (Texas) and Lorie (Florida) are out-of-state attorneys. (CRCP 205.1)

   b. Pro Hac Vice entry requires (CRCP 205.3):

      (i.) File a verified motion requesting permission to appear. (CRCP 205.3(2)(a)(i))

      (ii.) Designate an associate attorney who is admitted and licensed to practice law in the state of Colorado. (CRCP 205.3(2)(a)(ii))

      (iii.) File a copy of the verified motion with the Clerk of the Colorado Supreme Court. (CRCP 205.3(2)(a)(iii))

    c. August 16, 2021, Montalbano spoke with Colorado Supreme Court clerk, Ms. Jessica, who informed Montalbano, Yanaros and Lorie never petitioned for Pro Hac Vice entry into Mesa or Broomfield Courts, or were denied entry, as neither were in the system dating back to 2003.

    d. August 18-19, 2021 Montalbano contacted the Mesa District Civil Court and spoke with Ms. Brigham, who provided a declaration attesting the fact Yanaros and Lorie never entered case 18CV50 Pro Hac Vice. (EXHIBIT 5)

    e. Yanaros fraudulently claimed Pro Hac Vice application was forthcoming in March 2020 Broomfield Stalking Case [#195-3,p1] then immediately proceeded opening this instant case against Montalbano seeking another criminal stalking claim. [#1,p50-51]

3. CRPC Rule 5.5 - Unauthorized Practice of Law  "(a) **A lawyer shall not: (1) practice law in this jurisdiction without a license** to practice law issued by the Colorado Supreme Court unless specifically authorized by CRCP 204 or CRCP 205 . . . (3) **assist a person who is not authorized to practice law** pursuant subpart (a) of this rule **in the performance of any activity that constitutes unauthorized practice of law**; . ." (Emphasis Added)

    a. Yanaros and Lorie were not authorized to practice law in any Colorado State Court, and Lorie was not authorized to help someone not authorized (Yanaros).

4. "**Fraud upon the court is fraud which is directed at the judicial machinery** itself and is not fraud between the parties or fraudulent documents, false statements or perjury…It is where **the court or a member is corrupted** or influenced or influence is attempted **or where the judge has not performed his judicial function –thus where the impartial functions of the court have been directly corrupted**." *Bulloch v. United States,* 763 F.2d 1115, 1121 (10th Cir. 1985).[4] (Emphasis added)

   a. Magistrate Russell, in the Broomfield Combined Courts, refused to place a fraud on the Court, and ordered Goode in open Court, July 24, 2018, to retain legitimate Colorado counsel, Yanaros did not qualify. [¶674, G.]

   b. Yanaros, Lorie and Flynn, placed a fraud upon the Mesa Court by not following Pro Hac Vice procedures, and Flynn severely failed to perform judicial duties and corrupted the Mesa Court judicial machinery and vitiated[5] the entire proceeding. [See Response #247]

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194(1988)[6]

"…**we permit the setting aside of a judgment in equity** on a showing of extrinsic fraud alone in such circumstances **because such fraud corrupts the judicial power and**

---

[4] https://case-law.vlex.com/vid/763-f-2d-1115-603144646

[5] Black's Law Dictionary, Eighth Abridged Edition, p1307, "**vititate** . . . 1. To impair; to cause to have no force or effect"

[6] https://supreme.justia.com/cases/federal/us/486/847/

**serves to turn a court of law into an instrument of injustice**. **A fraud upon the court, as contemplated by Rule 60(b) is one which interferes with the judicial machinery itself."** *Southeastern Colorado Water v. Cache Creek Mining*, 854 P.2d 167 (Colo. 1993), citing *Porcelli v. Joseph Schlitz Brewing Co.,* 78 F.R.D. 499, 500-01 (E.D. Wis.), aff'd 588 F.2d 838 (7th Cir. 1978).[7] (emphasis added)
(EXHIBIT 6, Rule 60(b) Motion filed Mesa Court 02/12/2020; #222-7 Rule 60 Motion, 08/19/2020]

In United States v. Lee, 106 U.S. 196, 220, 1 S.Ct. 240, 27 L.Ed 171 (1882). The Supreme Court held, the principle of sovereign immunity should not be invoked to deny plaintiffs the judicial enforcement of their Rights.

Yanaros was Noticed June 14, 2018, of Constitutional Law precedence and what constituted a lawful response (EXHIBIT 7) to the (still unrebutted) presumptive PLAC mailings [#121-18]; she failed to lawfully respond and instead filed baseless criminal stalking cases. [SACC,¶¶211-256]

The Texas State Bar failed to uphold Due Process of Law and Constitutional Civil Rights by failing to stop Yanaros from violating Colorado Rules of Professional Conduct. Regardless, Montalbano did not petition the Texas State Bar for Yanaros' Federal RICO and Racketeering violations or Federal Deprivation of Civil Rights.

---

[7] https://casetext.com/case/southeastern-colorado-water-v-cache-creek-mining?brief=NWMyMTU5ZDYtNzU0Ny00ZDUyLWI4ZjYtZjU0NTdkZGE0ODhi&tab=docResults&sort=relevance&type=case&jxs=us,fedcir,co&resultsNav=false

Because Yanaros failed to follow Rules of Civil Procedure, failed to uphold Due Process of Law, violated her Oath of Office, and repeatedly placed fraud upon the Colorado State Courts, and violated Montalbano's clearly established Civil Rights to Due Process of Law and equal protection of the law; (US Constitution, Bill of Rights, Articles V and XIV; Colorado Constitution, Bill of Rights, Article 25)  Yanaros may not claim any immunity defense as she failed to perform protected tasks and accordingly her defense is to be Denied.

## V.   DISCOVERY

1. Yanaros alleges Montalbano is on a 'Fishing Expedition' "threatening discovery" to look into Goode's personal and professional life [#233,p8],

    a. Yanaros' argument is frivolous as discovery goes both ways and her client, Goode, opened this lawsuit; this statement suggests this case was opened for improper purposes and business advantages outside litigation. [Claims 1-5]

    b. Discovery is imperative; if Goode cannot prove his alien, military, medical (dementia, C-PTSD [SACC, ¶¶24,p.]), CIA, DOD, and etc. claims [¶¶24-26] then discovery will prove he is a complete fraud.  If Goode can prove his public claims, then the scope of the programs, people, and technologies involved must be investigated.

Discovery phases will reasonably further prove Goode, Yanaros and The Enterprise conspired to abuse the Colorado Court system (as a marketing scheme) to gain The Enterprise unlawful business advantages, while destroying competitors.

Yanaros (again) asks the Court enjoin Montalbano from filing pleadings [#233,p9]. Yanaros is asking the Court to violate Montalbano's clearly established Civil Right to petition the government for redress of grievances (US Constitutions, Article II, First Amendment) and accordingly her argument it to be Denied.

## VI. JURISIDCTION [SACC,¶16-21]

This Court has jurisdiction over Yanaros as her immunity defense does not apply, because she failed to perform protected tasks. This Court has jurisdiction over Yanaros, in Texas, pursuant the long arm statute of RICO and because she has submitted to the jurisdiction of this court by entering as 'counsel' for Goode and GES; and because the effects of her violations were specifically targeted at Montalbano a resident in Colorado and Yanaros had systemic contact with Colorado via the Colorado Court systems; and because she violated the State and National Constitutions, Federal RICO statutes, Federal Deprivation Civil Rights, and this Court has jurisdiction over the related tort claims.

This Court has jurisdiction over LWLF as it is formed in the state of Colorado and availed itself to the laws and benefits of Colorado, and violated federal RICO laws.

## VII. CONCLUSION

WHEREFORE, Montalbano has shown LIGHT WARRIOR LEGAL FUND and Yanaros have a pattern of participation in The Enterprise's Racketeering schemes notably for extortion [claims 12-16] and money laundering [claims 11, 20], and Montalbano showed Rooker-Feldman doesn't apply, and that Yanaros and LWLF are jointly and severally liable [¶616]; and Yanaros does not have immunities because she did not perform protected tasks, willfully failed to follow Due Process of Law, placed multiple frauds upon multiple Colorado

Courts, and thereby violated her Oath of Office to the State and National Constitutions, vacated her Office, and violated Montalbano's Civil Rights; therefore Yanaros and LWLF's Motion to Dismiss [#233] is to be denied in its entirety, and the Court grant Montalbano Injunctive Relief, and move the Second Amended Counterclaims Complaint [#217] into discovery and Yanaros and LWLF be ordered to Answer.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant and Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1); not include page count from incorporated Response [#231] as Yanaros did not incorporate the page count from Renewed MTD [#227] in her MTD [#233].

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of August 2021 a copy of the foregoing Response and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Defendants' and/or their counsel and upon appeared parties, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen