**EXHIBIT 3**

LIBEL AND PRIVACY

# Colorado becomes 31st jurisdiction with anti-SLAPP protections



Colorado Governor Jared Polis Signs anti-SLAPP bill, protecting journalists from retaliatory lawsuits, into law.

**MELISSA WASSER** • *June 5, 2019*

Colorado Governor Jared Polis signed House Bill 19-1324 into law on June 3, making Colorado the 31st jurisdiction to now have anti-SLAPP protections.

Strategic Lawsuits Against Public Participation have become an all-too-common tool for intimidating and silencing critics from exercising their First Amendment rights. A litigant, such as a subject of a news story, may want to sue a news outlet to force the outlet to incur costs defending itself in court. An anti-SLAPP law is meant to provide a remedy from SLAPP suits. Having anti-SLAPP protections in

place is essential for newsgathering because it allows journalists to report without concern for the financial consequences to their newsroom.

Colorado's new anti-SLAPP law allows defendants to file a special motion to dismiss a case when they believe the case is a frivolous SLAPP suit. Notably, there is a provision that allows a defendant to have an immediate interlocutory appeal — a defendant may press pause on a lawsuit and directly appeal to a higher state court before discovery in the lawsuit can begin, which helps prevent the costly discovery process.

The new law also creates an expedited timeline to resolve the legal dispute. Once the special motion to dismiss is filed within 63 days of the original complaint, a hearing must happen within 28 days and the court then decides whether the plaintiff has a substantial likelihood to prevail on their initial claim. If the plaintiff cannot meet this burden, the special motion to dismiss is granted.

In addition, the law allows defendants who prevail on the special motion to dismiss to recover attorney fees and court costs. Colorado's anti-SLAPP law helps people like Pete Kolbenschlag. Kolbenschlag, an environmental activist who testified in support of the law, was sued after posting comments critical of an oil and gas company on a news outlet's website. While the case against him was eventually dismissed, the judge's decision to award attorney fees to Kolbenschlag is still on appeal. Had Colorado's anti-SLAPP law been in place when Kolbenschlag was sued, his case would have already been resolved.

*Principal sponsors of the legislation include Representatives Lisa Cutter and Shannon Bird, along with Senator Mike Foote. The anti-SLAPP law passed with strong support, with a vote of 60-2 in the House and 35-0 in the Senate.*

NOTE: This bill has been prepared for the signatures of the appropriate legislative officers and the Governor. To determine whether the Governor has signed the bill or taken other action on it, please consult the legislative status sheet, the legislative history, or the Session Laws.



HOUSE BILL 19-1324

BY REPRESENTATIVE(S) Cutter and Bird, Buentello, Froelich, Galindo, Herod, Jaquez Lewis, McCluskie, Michaelson Jenet, Roberts, Singer, Sirota, Snyder, Sullivan, Titone, Weissman;
also SENATOR(S) Foote, Gonzales, Lee, Tate.

CONCERNING MOTIONS TO DISMISS CERTAIN CIVIL ACTIONS INVOLVING CONSTITUTIONAL RIGHTS.

*Be it enacted by the General Assembly of the State of Colorado:*

SECTION 1. In Colorado Revised Statutes, **add** part 11 to article 20 of title 13 as follows:

PART 11
ACTIONS INVOLVING THE EXERCISE OF
CERTAIN CONSTITUTIONAL RIGHTS

**13-20-1101. Action involving exercise of constitutional rights - motion to dismiss - appeal - legislative declaration - definitions.** (1) (a) THE GENERAL ASSEMBLY FINDS AND DECLARES THAT IT IS IN THE PUBLIC INTEREST TO ENCOURAGE CONTINUED PARTICIPATION IN MATTERS OF PUBLIC SIGNIFICANCE AND THAT THIS PARTICIPATION SHOULD NOT BE

_____
*Capital letters or bold & italic numbers indicate new material added to existing law; dashes through words or numbers indicate deletions from existing law and such material is not part of the act.*

CHILLED THROUGH ABUSE OF THE JUDICIAL PROCESS.

(b) THE GENERAL ASSEMBLY FINDS THAT THE PURPOSE OF THIS PART 11 IS TO ENCOURAGE AND SAFEGUARD THE CONSTITUTIONAL RIGHTS OF PERSONS TO PETITION, SPEAK FREELY, ASSOCIATE FREELY, AND OTHERWISE PARTICIPATE IN GOVERNMENT TO THE MAXIMUM EXTENT PERMITTED BY LAW AND, AT THE SAME TIME, TO PROTECT THE RIGHTS OF PERSONS TO FILE MERITORIOUS LAWSUITS FOR DEMONSTRABLE INJURY.

(2) AS USED IN THIS SECTION, UNLESS THE CONTEXT OTHERWISE REQUIRES:

(a) "ACT IN FURTHERANCE OF A PERSON'S RIGHT OF PETITION OR FREE SPEECH UNDER THE UNITED STATES CONSTITUTION OR THE STATE CONSTITUTION IN CONNECTION WITH A PUBLIC ISSUE" INCLUDES:

(I) ANY WRITTEN OR ORAL STATEMENT OR WRITING MADE BEFORE A LEGISLATIVE, EXECUTIVE, OR JUDICIAL PROCEEDING OR ANY OTHER OFFICIAL PROCEEDING AUTHORIZED BY LAW;

(II) ANY WRITTEN OR ORAL STATEMENT OR WRITING MADE IN CONNECTION WITH AN ISSUE UNDER CONSIDERATION OR REVIEW BY A LEGISLATIVE, EXECUTIVE, OR JUDICIAL BODY OR ANY OTHER OFFICIAL PROCEEDING AUTHORIZED BY LAW;

(III) ANY WRITTEN OR ORAL STATEMENT OR WRITING MADE IN A PLACE OPEN TO THE PUBLIC OR A PUBLIC FORUM IN CONNECTION WITH AN ISSUE OF PUBLIC INTEREST; OR

(IV) ANY OTHER CONDUCT OR COMMUNICATION IN FURTHERANCE OF THE EXERCISE OF THE CONSTITUTIONAL RIGHT OF PETITION OR THE CONSTITUTIONAL RIGHT OF FREE SPEECH IN CONNECTION WITH A PUBLIC ISSUE OR AN ISSUE OF PUBLIC INTEREST.

(b) "COMPLAINT" INCLUDES A CROSS-COMPLAINT OR A PETITION.

(c) "DEFENDANT" INCLUDES A CROSS-DEFENDANT OR A RESPONDENT.

(d) "PLAINTIFF" INCLUDES A CROSS-COMPLAINANT OR PETITIONER.

PAGE 2-HOUSE BILL 19-1324

(3) (a) A CAUSE OF ACTION AGAINST A PERSON ARISING FROM ANY ACT OF THAT PERSON IN FURTHERANCE OF THE PERSON'S RIGHT OF PETITION OR FREE SPEECH UNDER THE UNITED STATES CONSTITUTION OR THE STATE CONSTITUTION IN CONNECTION WITH A PUBLIC ISSUE IS SUBJECT TO A SPECIAL MOTION TO DISMISS UNLESS THE COURT DETERMINES THAT THE PLAINTIFF HAS ESTABLISHED THAT THERE IS A REASONABLE LIKELIHOOD THAT THE PLAINTIFF WILL PREVAIL ON THE CLAIM.

(b) IN MAKING ITS DETERMINATION, THE COURT SHALL CONSIDER THE PLEADINGS AND SUPPORTING AND OPPOSING AFFIDAVITS STATING THE FACTS UPON WHICH THE LIABILITY OR DEFENSE IS BASED.

(c) IF THE COURT DETERMINES THAT THE PLAINTIFF HAS ESTABLISHED A REASONABLE LIKELIHOOD THAT THE PLAINTIFF WILL PREVAIL ON THE CLAIM, NEITHER THAT DETERMINATION NOR THE FACT OF THAT DETERMINATION IS ADMISSIBLE IN EVIDENCE AT ANY LATER STAGE OF THE CASE OR IN ANY SUBSEQUENT PROCEEDING, AND NO BURDEN OF PROOF OR DEGREE OF PROOF OTHERWISE APPLICABLE IS AFFECTED BY THAT DETERMINATION IN ANY LATER STAGE OF THE CASE OR IN ANY SUBSEQUENT PROCEEDING.

(4) (a) EXCEPT AS PROVIDED IN SUBSECTION (4)(b) OF THIS SECTION, IN ANY ACTION SUBJECT TO SUBSECTION (3) OF THIS SECTION, A PREVAILING DEFENDANT ON A SPECIAL MOTION TO DISMISS IS ENTITLED TO RECOVER THE DEFENDANT'S ATTORNEY FEES AND COSTS. IF THE COURT FINDS THAT A SPECIAL MOTION TO DISMISS IS FRIVOLOUS OR IS SOLELY INTENDED TO CAUSE UNNECESSARY DELAY, PURSUANT TO PART 1 OF ARTICLE 17 OF THIS TITLE 13, THE COURT SHALL AWARD COSTS AND REASONABLE ATTORNEY FEES TO A PLAINTIFF PREVAILING ON THE MOTION.

(b) A DEFENDANT WHO PREVAILS ON A SPECIAL MOTION TO DISMISS IN AN ACTION SUBJECT TO SUBSECTION (4)(a) OF THIS SECTION IS NOT ENTITLED TO ATTORNEY FEES AND COSTS IF THAT CAUSE OF ACTION IS BROUGHT PURSUANT TO PART 4 OF ARTICLE 6 OF TITLE 24 OR THE "COLORADO OPEN RECORDS ACT", PART 2 OF ARTICLE 72 OF TITLE 24; EXCEPT THAT NOTHING IN THIS SUBSECTION (4)(b) PREVENTS A PREVAILING DEFENDANT FROM RECOVERING ATTORNEY FEES AND COSTS PURSUANT TO SECTION 24-6-402 (9)(b) OR 24-72-204.

(5) THE SPECIAL MOTION MUST BE FILED WITHIN SIXTY-THREE DAYS

PAGE 3-HOUSE BILL 19-1324

AFTER THE SERVICE OF THE COMPLAINT OR, IN THE COURT'S DISCRETION, AT ANY LATER TIME UPON TERMS IT DEEMS PROPER. THE MOTION MUST BE SCHEDULED FOR A HEARING NOT MORE THAN TWENTY-EIGHT DAYS AFTER THE SERVICE OF THE MOTION UNLESS THE DOCKET CONDITIONS OF THE COURT REQUIRE A LATER HEARING.

(6) ALL DISCOVERY PROCEEDINGS IN THE ACTION ARE STAYED UPON THE FILING OF A NOTICE OF MOTION MADE PURSUANT TO THIS SECTION. THE STAY OF DISCOVERY REMAINS IN EFFECT UNTIL NOTICE OF ENTRY OF THE ORDER RULING ON THE MOTION. THE COURT, ON NOTICED MOTION AND FOR GOOD CAUSE SHOWN, MAY ORDER THAT SPECIFIED DISCOVERY BE CONDUCTED NOTWITHSTANDING THIS SUBSECTION (6).

(7) EXCEPT AS PROVIDED IN SUBSECTION (9) OF THIS SECTION, AN ORDER GRANTING OR DENYING A SPECIAL MOTION TO DISMISS IS APPEALABLE TO THE COLORADO COURT OF APPEALS PURSUANT TO SECTION 13-4-102.2.

(8) (a) THIS SECTION DOES NOT APPLY TO:

(I) AN ACTION BROUGHT BY OR ON BEHALF OF THE STATE OR ANY SUBDIVISION OF THE STATE ENFORCING A LAW OR RULE OR SEEKING TO PROTECT AGAINST AN IMMINENT THREAT TO HEALTH OR PUBLIC SAFETY;

(II) ANY ACTION BROUGHT SOLELY IN THE PUBLIC INTEREST OR ON BEHALF OF THE GENERAL PUBLIC IF ALL OF THE FOLLOWING CONDITIONS EXIST:

(A) THE PLAINTIFF DOES NOT SEEK ANY RELIEF GREATER THAN OR DIFFERENT FROM THE RELIEF SOUGHT FOR THE GENERAL PUBLIC OR A CLASS OF WHICH THE PLAINTIFF IS A MEMBER. A CLAIM FOR ATTORNEY FEES, COSTS, OR PENALTIES DOES NOT CONSTITUTE GREATER OR DIFFERENT RELIEF FOR PURPOSES OF THIS SUBSECTION (8)(a)(II)(A).

(B) THE ACTION, IF SUCCESSFUL, WOULD ENFORCE AN IMPORTANT RIGHT AFFECTING THE PUBLIC INTEREST AND WOULD CONFER A SIGNIFICANT BENEFIT, WHETHER PECUNIARY OR NONPECUNIARY, ON THE GENERAL PUBLIC OR A LARGE CLASS OF PERSONS; AND

(C) PRIVATE ENFORCEMENT IS NECESSARY AND PLACES A DISPROPORTIONATE FINANCIAL BURDEN ON THE PLAINTIFF IN RELATION TO

PAGE 4-HOUSE BILL 19-1324

THE PLAINTIFF'S STAKE IN THE MATTER; OR

(III)  ANY CAUSE OF ACTION BROUGHT AGAINST A PERSON PRIMARILY ENGAGED IN THE BUSINESS OF SELLING OR LEASING GOODS OR SERVICES, INCLUDING BUT NOT LIMITED TO INSURANCE, SECURITIES, OR FINANCIAL INSTRUMENTS, ARISING FROM ANY STATEMENT OR CONDUCT BY THAT PERSON IF BOTH OF THE FOLLOWING CONDITIONS EXIST:

(A)  THE STATEMENT OR CONDUCT CONSISTS OF REPRESENTATIONS OF FACT ABOUT THAT PERSON'S OR A BUSINESS COMPETITOR'S BUSINESS OPERATIONS, GOODS, OR SERVICES THAT ARE MADE FOR THE PURPOSE OF OBTAINING APPROVAL FOR, PROMOTING, OR SECURING SALES OR LEASES OF, OR COMMERCIAL TRANSACTIONS IN, THE PERSON'S GOODS OR SERVICES, OR THE STATEMENT OR CONDUCT WAS MADE IN THE COURSE OF DELIVERING THE PERSON'S GOODS OR SERVICES; AND

(B)  THE INTENDED AUDIENCE IS AN ACTUAL OR POTENTIAL BUYER OR CUSTOMER, OR A PERSON LIKELY TO REPEAT THE STATEMENT TO, OR OTHERWISE INFLUENCE, AN ACTUAL OR POTENTIAL BUYER OR CUSTOMER, OR THE STATEMENT OR CONDUCT AROSE OUT OF OR WITHIN THE CONTEXT OF A REGULATORY APPROVAL PROCESS, PROCEEDING, OR INVESTIGATION, EXCEPT WHEN THE STATEMENT OR CONDUCT WAS MADE BY A TELEPHONE CORPORATION IN THE COURSE OF A PROCEEDING BEFORE THE PUBLIC UTILITIES COMMISSION AND IS THE SUBJECT OF A LAWSUIT BROUGHT BY A COMPETITOR, NOTWITHSTANDING THAT THE CONDUCT OR STATEMENT CONCERNS AN IMPORTANT PUBLIC ISSUE.

(b)  SUBSECTIONS (8)(a)(II) AND (8)(a)(III) OF THIS SECTION DO NOT APPLY TO ANY OF THE FOLLOWING:

(I)  ANY PUBLISHER, EDITOR, REPORTER, OR OTHER PERSON CONNECTED WITH OR EMPLOYED BY A NEWSPAPER, MAGAZINE, OR OTHER PERIODICAL PUBLICATION, OR BY A PRESS ASSOCIATION OR WIRE SERVICE, OR ANY PERSON WHO HAS BEEN SO CONNECTED OR EMPLOYED; OR A RADIO OR TELEVISION NEWS REPORTER OR OTHER PERSON CONNECTED WITH OR EMPLOYED BY A RADIO OR TELEVISION STATION, OR ANY PERSON WHO HAS BEEN SO CONNECTED OR EMPLOYED; OR ANY PERSON ENGAGED IN THE DISSEMINATION OF IDEAS OR EXPRESSION IN ANY BOOK OR ACADEMIC JOURNAL WHILE ENGAGED IN THE GATHERING, RECEIVING, OR PROCESSING OF INFORMATION FOR COMMUNICATION TO THE PUBLIC; OR

PAGE 5-HOUSE BILL 19-1324

(II)  ANY ACTION AGAINST ANY PERSON OR ENTITY BASED UPON THE CREATION, DISSEMINATION, EXHIBITION, ADVERTISEMENT, OR OTHER SIMILAR PROMOTION OF ANY DRAMATIC, LITERARY, MUSICAL, POLITICAL, OR ARTISTIC WORK, INCLUDING BUT NOT LIMITED TO A MOTION PICTURE, TELEVISION PROGRAM, OR AN ARTICLE PUBLISHED IN A NEWSPAPER OR MAGAZINE OF GENERAL CIRCULATION.

(9)  IF ANY TRIAL COURT DENIES A SPECIAL MOTION TO DISMISS ON THE GROUNDS THAT THE ACTION OR CAUSE OF ACTION IS EXEMPT PURSUANT TO SUBSECTION (8) OF THIS SECTION, THE APPEAL PROVISIONS IN SUBSECTION (7) OF THIS SECTION DO NOT APPLY.

**SECTION  2.**  In Colorado Revised Statutes, **add** 13-4-102.2 as follows:

**13-4-102.2.  Interlocutory appeals of motions to dismiss actions involving constitutional rights.** THE COURT OF APPEALS HAS INITIAL JURISDICTION OVER APPEALS FROM MOTIONS TO DISMISS ACTIONS INVOLVING CONSTITUTIONAL RIGHTS PURSUANT TO SECTION 13-20-1101.

**SECTION  3.  Effective date - applicability.**  This act takes effect July 1, 2019, and applies to actions filed on or after said date.

**SECTION  4.  Safety clause.** The general assembly hereby finds,

determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.

_____  _____
KC Becker                                                             Leroy M. Garcia
SPEAKER OF THE HOUSE                              PRESIDENT OF
OF REPRESENTATIVES                                   THE SENATE

_____  _____
Marilyn Eddins                                                    Cindi L. Markwell
CHIEF CLERK OF THE HOUSE                       SECRETARY OF
OF REPRESENTATIVES                                   THE SENATE

APPROVED_____
(Date and Time)

_____
Jared S. Polis
GOVERNOR OF THE STATE OF COLORADO

PAGE 7-HOUSE BILL 19-1324