## EXHIBIT 6

| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>FEB 12 2020<br><br>**COMBINED COURT**<br>**BY LITIGANT** |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode | ▲  **COURT USE ONLY**  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number: _____ Atty. Reg. #: N/A | Division  10        Courtroom  10 |

### MOTION TO VOID JUDGEMENT PERSUANT RULE 60(b)(3), (4) and (d)(3)

Comes now, Plaintiff Alyssa Chrystie Montalbano and moves this court to void the judgement issued January 29, 2020 pursuant to Rule 60(B)(3) and (4) and Rule 60 (d)(3). As grounds therefore and in support thereof, Plaintiff states the following:

### DUE PROCESS OF LAW VIOLATIONS

1. **PERJURY** The court orders issued by Judge Flynn on May 14, 2019, page 8, at letter B. regarding Plaintiff's "**Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon the Motion and All Public Officers of this Court to Uphold Said Rights,**" (filed July 18, 2018) **Judge Flynn denies this motion** and states in the orders regarding Plaintiff's right to claim and exercise her Constitutional rights; *This motion asks the court to uphold its obligation to apply all relevant law fairly in this case. There is no need for either party to file such requests.* Plaintiff believed this statement by Judge Flynn to be true, so did not say

anything further at the time.  However, in spite of this statement, Judge Flynn has failed to uphold his 'obligation to apply all relevant law fairly in this case' (perjury) and as a result has again violated his Oath of Office (taken twice) to (sic) *"support the Constitution of the United States of America and of the State of Colorado, and faithfully perform the duties of the office."* (See attached EXHIBIT BA - Certified Copies Judge Flynn Oath of Office) Judge Flynn has perjured his Oath by his own acts (and lack thereof) and thereby invoked the self-executing sections 3 and 4 of the 14th amendment and Colorado Constitution Article II, Section 9 and Article 12 Section 10; and is no longer a lawful judge entitled to benefits of office, including salary and pension, and Flynn's orders are unconstitutional.

2. **PERJURY** - In orders issued by Flynn on January 29, 2020, **Flynn again perjures himself by failing to uphold due process of law** and makes orders devoid of fact, law, and evidence and again invokes the self-executing sections 3 and 4 of the 14th Amended in the Constitution of the United States of America and Colorado Constitution Article 12, Section 10, and again vacates his office by entering the order to 'dismiss' this case devoid of due process of law.  The orders are based on granting the fraudulent Motion to Dismiss filed by the Defendant on June 7, 2019, with more misleading and fabricated evidence and is thereby in further direct violation of Plaintiff's inalienable Constitutional rights. (Colorado Constitution, Article II, Section 3; and Rule 60(d)(3)) Flynn has rendering his own judgment null and void by failing to perform his judicial duty of upholding the Colorado Constitution, the Constitution

of the United States of America, and due process of law (Colorado Constitution, Article II, Section 25) by and through the following unlawful acts:

A) **Willfully ignoring vast amounts of fact and evidence** filed on this court record since case opening June 25, 2018, in full supports of Plaintiff's legal and lawful claims.  (See all Exhibits respectively A-Z and AA-AZ as filed on this court record)

B) **Denying Plaintiff's right to a trial by a jury** of her peers and as paid for with this court and her right to a speedy trial through unnecessary delays of this case since June 25, 2018 and then unlawful dismissal. (Colorado Constitution, Article II, Section 23)

3. <u>**ORDERS ISSUED DEVOID OF LAW AND BASED ON OPINION AND/OR PREJUDICE**</u>

In Order filed January 29, 2020, at paragraph 4, Judge Flynn states *"According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense,"* and whereby frivolous is defined by Black's Law Dictionary as follows: *"adj. Lacking a legal basis or legal merit; not serious; not reasonably purposeful <a frivolous claim>"* Judge Flynn has failed to look at all the evidence, facts, and laws as filed in Plaintiff's case since June 25, 2018 for which there is ample legal basis, legal merit, and purpose to the claim.

a. **IGNORING EVIDENCE ON THE COURT RECORD** - Plaintiff has cited facts, law, and evidence since the first implementation of due process of law as

seen in the presumptive Pre-Litigation Affidavit Complaint first dated April 18, 2018 and followed by the subsequent opening of this instant case June 25, 2018, all of which has been actively ignored. (See all evidence filed on this court record since June 25, 2018 and all Exhibits filed from A-Z then AA-AZ) All evidence as having been filed on (and not limited to) this public court record are in full support of Plaintiff's legal and lawful claims against the Defendant and are a testament to the ongoing harassment and abuse Plaintiff has endured while waiting on Judge Flynn to honor his word and uphold the Constitution like he affirmed on this court record he would May 14, 2019 and for him to lawfully move the case into discovery pursuant due process of law.

b. **IGNORING 12 STATUTORY COUNTS AND INJUNCTIVE RELIEF -**

In January 29, 2020 orders Flynn states, *"In ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true..."* However, he did no such things, otherwise the case would have been moved into discovery and the August 2, 2019 Amended Complaint would have been accepted as the operative pleading where Plaintiff re-stated her original Constitutional claims in statutory counts to better work with the courts in their preferred language. The 12 counts of legal (statutory) violations and causes of actions cited against the Defendant are: Abuse of Process, Malicious Prosecution, Civil Conspiracy, Violation of the Colorado Consumer Protection Act, Fraud Theft, Defamation Per Se, Colorado Harassment Law,

Colorado Stalking Law, Theft of Trade Secrets, Intentional Infliction of Emotional Distress, Unjust Enrichment, Punitive Damages and Attorney/Legal Fees, and Injunctive Relief requested for: Theft of Trade Secrets, Defamation, Harassment, Stalking.  Each of these claims are supported by fact, law, and evidence and by multiple affidavits also attesting to the facts, law, and evidence and as filed on this court as public record and multiple other court records, or other public records, since the implementation of this case and are not frivolous in any way, and were brought before this court due to the civil-criminal acts committed by the Defendant against the Plaintiff, all of which must still be legally addressed and remedied for the safety of Plaintiff and the general public.

Additionally, even if one of the 12 claims were found to be unprovable during the course of discovery, such as Plaintiff's Trade Secrets (Which are easily and legally provable See Attached EXHIBIT BB - AFFIDAVIT & TANGIBLE DREAM VISION (DV) EVIDENCE), this still would not discredit the other 11 issues cited for remedy and does not excuse the presumptive Pre-Litigation Affidavit Complaint from being addressed. (See unrebutted Pre-Litigation Affidavit Complaint filed with November 13, 2018 Amended Complaint and as public recorded with the Mesa County Clerk and Recorder Office, Reception# 2843230, on June 7, 2018)

4. <u>**ORDER ISSUED BASED ON FRAUD AND/OR PREJUDICE (Rule 60(b)(3)) and (d)(3)**</u>

In Judge Flynn's January 29, 2020 order, at paragraph 3, he references he is viewing the case in 'Plaintiff's most favorable light' and that her claims are factual, he then references the Defendant's Motion to Dismiss (which was written with more fabricated and intentionally misleading evidence and violates Rule 60(d)(4)) and Judge Flynn states *"I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."* **This is a completely prejudiced statement based solely on Judge Flynn's personal opinions, bias, and beliefs** about dreams, which are likely based on his own experiences with dreams.  There is zero evidence in support of his statement regarding Plaintiff and her Trade Secret dream claims and proprietary research and it is in fact a blatant denial of all the facts and evidence as filed onto this court record since June 25, 2018 and as tangibly seen in the unrebutted Pre-Litigation Affidavit Complaint; and where there is fraud involved in a judgment it is rendered null and void for lack of jurisdiction and is without merit or legal standing.

**Additionally, Judge Flynn cannot claim that Plaintiff's personal experiences and resultant research written in book formats are neither tangible or intangible as they are in fact both**, that would be like Plaintiff saying Judge Flynn's daily court

life experiences (because she didn't have them) and any paper he writes for court is not tangible or intangible and therefore he cannot preside over this case because his experiences and writings are frivolous. This would be a highly illogical statement and would also disqualify anyone from ever testifying in any court of law again as nothing experienced or anything written would be considered valid, therefore all eyewitness accounts and tangible document writings would be seen as inadmissible evidence.

a. **TANGILE INTELLECTUAL PROPERTY** - To further prove Flynn's order is solely his opinion, Plaintiff states "Dream Visions" are in fact tangible. They are hand written and factually documented accounts of her personal experiences (written, tangible), that were then photographed (tangible), placed into a digital file format like PDF (tangible), and then emailed (also tangible) to the Defendant. The information was then used by the Defendant on his publicly broadcast TV series, Cosmic Disclosure (2017) (Television Broadcast, tangible), at his public for profit speaking events (tangible), the internet (tangible), and other similar written or oral mediums for profit (tangible). All cited in the unrebutted Pre-Litigation Affidavit Complaint where a presumption was created and that still stands as prima facie evidence in this case and cannot be lawfully or legally denied or ignored by any Judge or court of law ruling in fact, law, and evidence.

**Additionally, no ruling may lawfully be made at this time in the Defendant's behalf until after he legally rebuts the presumptive affidavit with his own affidavit on a point by point basis** supporting his claims with facts, law, and

evidence. (See:   *Connally v. General Construction Co.*, 269 U.S. 385, 391. "Notification of legal responsibility is "the first essential of due process of law." Also, see:   *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." )

b.   **"DREAM VISION" LITERARY WORKS (BOOK) SERIES** - Additionally, Plaintiff is an award winning author.  An author writes about things with pens and paper and digital means and the final result is a tangible book or other tangible medium such as a digital book, and is legally defined by copyright laws as a literary work. (Title 17, Section 102(a)(1)) These are all tangible means and goods that may be used for profit and are legally and immediately protectable upon creation thereof by law (Colorado Constitution Article II, Section 3) and statutory law. (See August 2, 2019 Amended Complaint and associated filings)

Plaintiff's documentation of her personal dream experiences and associated research, are essentially an autobiographical book series titled, "Dream Visions." Where approximately 500 of these hand written and documented story accounts (Intellectual Property) were emailed to the Defendant during 2017; by mistake and error due to belief in his public fraud; all tangible and legally provable as Plaintiff's Intellectual Property and legally protectable from the very moment of

creation. To issues orders ignoring these facts, laws, and evidence are a clear violation of due process of law and are fraudulent and are therefore null and void.

c. **TRADE SECRETS PROTECTABLE BY LAW**

What makes Plaintiff's autobiographical accounts of her personal experiences as seen in the "Dream Vision" series (with many being in rough draft format) is that Plaintiff sees things in dreams before they occur; this is Plaintiff's Trade Secret. This Trade Secret is similar to how a computer predictive linguistics program might work and the codes written for the predicative linguistics would be a trade secret. In Plaintiff's case the technology utilized is Plaintiff's consciousness and 'brain' and the predictive codes are the handwritten Dream Visions and Neuroscience can help explain the technical side.

Tangible evidence in support of Plaintiff's Trade Secret claims has been cited extensively in the unrebutted Pre-litigation Affidavit Complaint citing around 70 instances. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

The tangible evidence cited for response in the Pre-Litigation Affidavit Complaint shows: romantic organized stalking by the Defendant to obtain Plaintiff's Intellectual Property (stories), foreseeing in dreams, the Defendant and his associates using Plaintiff's Trade Secret materials and for creation and profiteering

off of derivative works that the Defendant used in both broadcast and print mediums.

d. **EVIDENCE ON THIS COURT RECORD SHOWS DEFENDANT HAS BROADCAST AND PUBLISHED MULTIPLE DEFAMATORY STATEMENTS AGAINST PLAINTIFF**

Flynn states in the unlawful January 29, 2020 orders; in direct denial of all the evidence publicly available on this court record, multiple other court records, and public records that *"… and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."* This statement shows a prejudice and favoritism to a public figure committing civil and criminal crimes over a private individual with unusual abilities and a clean record. Plaintiff has shown extensively throughout the course of litigation that the Defendant has defamed her both orally and in writing and has shown this was done maliciously because it was consistently performed after he lost his stalking case in the Broomfield Combined Courts, July 2018 through August 2018, even with his fabricated evidence, and whereby he continued to defame Plaintiff as a stalker publicly and privately to mutual peers and potential consumers in Plaintiff's trade and profession. **The Defendant has broadcast the defamation via YouTube to hundreds of thousands of viewers** and has performed written defamation via the internet using applications such as Twitter, Facebook, and more. All of these things have been extensively cited with specific details on an ongoing basis and clearly support Plaintiff's legal claims of

defamation per se and have clearly been ignored in the issuing of the unlawful January 29, 2020 orders.

5. **TRADE SECRET TANGIBLE EVIDENCE - PLAINTIFF DREAM VISIONS EQUAL TO PROPRIETARY COMPUTER PREDICITIVE LINGUISTIC CODES**

Because Plaintiff's Trade Secret are often difficult for people to understand, mostly due to false beliefs and/or prejudice, Plaintiff submits the following 22 Dream Visions with references to multiple other Dream Visions, as clear examples of her trade secret claims. A hundred or more Dream Visions can literally be placed on the court record as further tangible evidence with further explanation should it be required at any time. The attached Dream Vision exhibits are occurring now or have occurred during the course of litigation and are only a very small fraction of the tangible evidence that can be provided in further support of Plaintiff's Trade Secret claims. The submitted examples show this very situation and Flynn is also present in various dreams, all documented prior this and other waking state occurrences and legally provable. (See attached supporting AFFIDAVIT & TANGIBLE DREAM VISION (DV) TRADE SECRET EVIDENCE)

6. **IN ORDER FOR JUDGE FLYNN TO PROVE HIS JANUARY 29, 2020 ORDERS ARE LEGAL AND LAWFUL AND ENFORCEABLE HE MUST AFFIRM THE FOLLOWING ARE TRUE AND CORRECT UNDER PENALTY OF PERJURY**

In order for Judge Flynn's orders issued on January 29, 2020 to be verified as true and correct and prove his grounds for dismissal at paragraphs 3 and 4 are legal and lawful:

*"I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcast any defamatory statement published or uttered in or as part of a visual or sound radio broadcast."*

*"According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense,"*

The following statements must also be 100% true and correct, and Judge Flynn must certify No.1 through No. 38 as being completely true and correct, with the supporting fact, law, and evidence. Failure to verify any of the following as being completely true means his dismissal was issued devoid of due process, and is judicial bias and/or prejudice (CRCP 97), fraud, and/or knowingly false conjecture, and thereby perjury of his Oath of Office and thereby the orders issued are null and void:

1. **Approximately 500 tangible hand written stories** by Plaintiff sent to the defendant during 2017 do not qualify as literary works, dramatic works, or pictorial or graphical Intellectual Property as defined by the US Copyright Office and are therefore not tangible or protectable by law or a court of law. (Title 17 USC §102(a)(1)(3) and (5))

2. **The Copyright Office is not competent** to issue copyrights for Intellectual Property, such as has been granted to Plaintiff for her award winning proprietary and tangible dream research book short titled *"Dreams the Missing Text"* ISBN# 9780996960830 and Copyright #TX 8-662-567 and for her literary work that is a collection of some of her Dream Visions in the published book *"DreamWalker Dream Diary Adventures of Enetka Tulina: & the Trizad of Peace"* ISBN 9780996960816, Copyright Registration TX 8-662-562. (USC Title 17)

3. **Bowker Books is not competent** to determine what a book is (Intellectual Property) and issue ISBN numbers.

4. **Trade Secret law does not cover 'confidential business information,' 'processes,' or 'articles'** such as records, writings, photographs and drawing, as being legally protectable by law and as defined in Colorado Uniform Trade Secret Act, Article 74, and may not be protect from theft as defined in 18 CRS §18-4-408(d) and this statute does not in fact protect the following (sic) *"..or any other information relating to any business or profession which is secret and of value."*

5. **That Plaintiff's 62 sketchbooks and journals** on her book shelves filled with evidence of her proprietary Trade Secret claims and estimated to be over 2,000 plus hand written Dream Vision short stories, do not constitute literary works, processes, or otherwise evidence in support of her legal and lawful Trade Secret claims.

6. **That a legal presumption was not created** when Plaintiff mailed the Defendant the presumptive Pre-Litigation Affidavit Complaint and that remains unrebutted as prima facie evidence in the case (Rule 301, and CRE 902 (10)).

7. **That the Pre-Litigation Affidavit Complaint,** first dated April 18, 2018 and subsequent affirmed presentments, **do not qualify as legal evidence** per CRE 902(4) and (8). (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

8. **That Mesa County Clerk and Recorder Office is not a legitimate place of public record and is not authorized to determine or receive certified legal documents** including the Pre-Litigation Affidavit Complaint and subsequent notarized documents, with CLERK AND RECORDER Public Reception #2843230, and does not qualify as evidence in the case per CRE Rule 902(4). (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

9. **That the United State Postal Service (USPS) is not a government entity with authority to serve Certified Mail** (typically for legal disputes) and their public post records do not count as legal and lawful evidence in the case.  (See filed September 11, 2018 OBEJECTION TO FIRST MOTION FOR EXTENSION OF TIME TO FILE COURT REGISTER OF THE STATE COURT ACTIONS NO. 18CV-50 **Exhibit P – USPS certified mail April 18, 2018 Pre-Litigation Affidavit Complaint**)

10. **That a Notary Public is not an official appointed by the government authorized to verify/certify signatures and sworn to affidavits for court use** as a neutral third party and that notarized affidavits submitted on this public court record and other public records do not count as evidence in the case. CRE 902(8) (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

11. **That the defendant did not legally and lawfully acquiesce** to everything in the presumptive Pre-Litigation Affidavit Complaint and subsequent mailings, and that of those who may represent him (incl. any lawyer) due to his failure to respond for almost 22 months now. (See:  *Connally v. General Construction Co*., 269 U.S. 385, 391.  "Notification of legal responsibility is "the first essential of due process of law."  Also, see:  *U.S. v. Tweel*, 550 F. 2d. 297.  "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.")

12. **That the Defendant did not in fact fail to respond** to the Pre-Litigation Affidavit Complaint and Complaint on the record **and that his repeat denials and motions to dismiss do constitute a legal response** even though Judge Flynn stated the opposite in his May 14, 2019 orders on page 5 paragraph 4 *"...a motion to dismiss is not considered a responsive pleading. Id.' Macurdy v. Faure, 176 P.3d 880, 883 (Colo. App. 2007)."* (Defendant filed July 18, 2018 **MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT;** Defendant filed July 31, 2018 **REPLY TO PLAINTIFF'S RESPONSE TO MR. GOODE'S MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT,** and Defendant filed June 7, 2019 **RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT)** Again See:  *U.S. v. Tweel*, 550 F. 2d. 297.  "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

13. **That Gaia TV located in Boulder, Colorado, is not a company that broadcasts** programs to the public via various broadcast mediums to include but not limited to: television and the internet.

14. **That Gaia TV does not host the Defendant's show Cosmic Disclosure** and broadcast the recordings to the public, and that Plaintiff's unrebutted pre-litigation complaint citing the Defendant's use of her Intellectual Property in those broadcasts does not count as 'broadcast' evidence in the case. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint)

15. **That YouTube and YouTube user channels do not count as 'broadcast'** evidence in the case.

16. **That the Edge of Wonder YouTube Channel** with approximately 403,000 subscribers **does not qualify as broadcast evidence**, and where the Defendant maliciously defamed Plaintiff as a stalker after losing his stalking case. (See filed August 2, 2019 Motion Preliminary Injunction **Affidavit Alyssa C Montalbano pg 14 at No. 45**)

17. **That YouTube Comments are not a published medium** and that Plaintiff's court filed evidence screenshot showing the Defendant defaming and harassing her publicly does not count as evidence in the case. (See attached DV Sample 17a – YouTube comment slandering screenshot November 20, 2019)

18. **That the internet is not both a broadcast and published medium** used by billions of people all around the world for these specific purposes and that internet records of such communications do not count as evidence of libel and slander in the case.

19. **That internet Facebook posts are not a published medium** and that Plaintiff's court filed evidence showing the Defendant defaming her as a stalker on Facebook does not count as evidence of defamation, harassment, bullying, and cyber stalking in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AS** – Defamation Facebook July 17, 2018; and **Exhibit AW** Defamation Facebook CR CG; and **Affidavit Alyssa Chrystie Montalbano** pg 8 at No. 33, pg 12-14 at No. 41 -44 )

20. **That internet Twitter posts are not a published medium** and that Plaintiff's court filed evidence of screenshots showing the Defendant and his associates, bullying, harassing, and defaming Plaintiff as a stalker does not count as evidence in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AT** – Defamation Twitter June 2018 and July 2018; and **Affidavit Alyssa Chrystie Montalbano** pg 15 -21 No. 47-49)

21. **That internet Reddit Posts are not a published medium** and that Plaintiff's court filed evidence of screenshot showing the Defendant defaming her publicly does not count as evidence of cyber stalking in the case. (See filed August 2, 2019

Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AU** – Defamation Reddit about November 18, 2018)

22. **That email is not a published or tangible medium** where all data and records can be traced with forensic investigations along with the IP addresses of those sending and receiving emails does not count as evidence in the case. (See filed August 2, 2019 Motion Preliminary Injunction Affidavit Alyssa C Montalbano **Exhibit AR** – Defamation to Medvedich June 5, 2018 a Gaia TV Employee)

23. **That sending PDF files with digital photos** of approximately 500 handwritten stories to the Defendant by email does not constitute Intellectual Property or evidence in the case. (See November 13, 2018 Amended Complaint Exhibit Pre-Litigation Affidavit Complaint, page 1 of 48 at para 3)

24. **That personal firsthand experience** does not count as an eyewitness account.

25. **That case law, statutes, and Constitutional Law, do not apply** to Plaintiff's claims. (See August 2, 2019 filed Amended Complaint with statutory counts to be addressed)

26. **That Plaintiff does not have the legal or lawful right to prove her Trade Secret claim and the other 12 legal counts** against the Defendant are true and correct with supporting fact, law, and evidence pursuant to due process of law.

(August 2, 2019 Amended Complaint;  and attach here: **Exhibit BB** AFFIDAVIT & TANGIBLE DREAM VISION (DV) EVIDENCE)

27. **That the Defendant has any lawful or legal representation entered onto this court record Pro Hac Vice** (Ms. Wilde, Texas) (C.R.C.P.  Rule 220 and 221) or otherwise for which any lawful fees may be awarded and that his counsel has faithfully performed their duties in accordance with an Oath of Office and the Colorado Rules of Professional Conduct. (See filed December 11, 2018 MOTION TO SET HEARING EXHIBIT AMENDED GRIEVANCE **Exhibit G Non Court stamped Reply and Objection for failure to serve** filed by Defendant counsel on Federal Court Record August 13, 2018, and on state court record July 21, 2018, and a copy not served on Plaintiff, and that misled Federal court judge to think Broomfield case was still open.)

28. **That Plaintiff did not file any evidence whatsoever against the Defendant** on this public court record since June 25, 2018 and that all the exhibits filed by Plaintiff do not constitute public record or evidence in this case. (See respectively filed Exhibits A  thru Z and Exhibits AA thru AZ on this public court record June 25, 2018 thru September 9, 2019)

29. **That the Broomfield Combined Court case records do not count as evidence** of a malicious prosecution stalking case and do not count as evidence of the Defendant and his counsel falsifying evidence for the court record through abuse

of process July 17, 2018 through August 6, 2018. (See  filed August 2, 2019: MOTION PRELIMINARY INJUNCTION AFFIDAVIT ALYSSA C MONTALBANO **EXHIBIT AQ** – BROOMFIELD COURT FABRICATIONS)

30. **That the District Court of Dallas County, Texas, with the Defendant's lifelong stalking protection order does not count as evidence** that he lied on the Broomfield court record about not having one. (See filed December 11, 2018 MOTION TO SET SCHEDULING HEARING **Exhibit AMENDED GRIEVANCE Exhibit C Darling International / Goode Protection Order** Cause No. 14-04807 District Court of Dallas County, Texas 116th Judicial District)

31. **That the Denver Federal court record and Federal Court Judge's orders** and minute orders **do not count as evidence** of the Defendant and his counsel fabricating documents and falsifying evidence on court records. (See filed December 11, 2018 Exhibits attached to MOTION TO IMPOSE SANCTIONS ON DEFENDANT: **FABRICATED REGISTER OF ACTIONS AND MINUTE ORDER REGARDING 'CONCOTED' REGISTER** and **ALLEGED COMPLAINT**)

32. **That Police Records do not count as evidence** in this case that the Defendant was avoiding and evading summons to this case mid-June 2018 through July 17, 2018 through abuse of process in opening his Broomfield court stalking case, and whereby defendant only 'appeared' in this instant case July 18, 2018 by way of filing a motion to dismiss, and Plaintiff was in communication with Ms. Wilde during this time to serve the Defendant. (Filed July 3, 2018 - **Exhibit**

**Boulder County Sheriff's Office return of Unserved Civil Process** dated June 27, 2018)

33. **That witnesses in support of Plaintiff's legal claims do not need to be heard**. To now include an expert witness, Randy Maugans, who has been in the MKULTRA mind control programs and can testify about the utilization of dream states for sexual and otherwise purposes. (See January 3, 2020 SECOND MOTION TO SET HEARING FOR MOTION TO AMEND COMPLAINT AND PRELIMINARY INJUNCTION at pg 4, Para 2 & 3, citing Mr. Cambian and Ms. Ferrante as willing to testify)

34. **That declassified CIA documents in support of mind control programs** that the Defendant publicly claims being in and that impact dream states and states of consciousness like MKULTRA, MiLab, and by extension Project BLUEBIRD cannot be used as evidence in the case. (See filed February 27, 2019 COMPLAINT AND JURY DEMAND **Exhibit AK - CIA PROJECT BLUEBIRD**)

35. **That Senate Hearings about the CIA's MKULTRA mind control programs** cannot be used as evidence in the case. (See Project MKULTRA, the CIA's Program of Research in Behavioral Modification: Joint Hearing before the Select Committee on Intelligence and the Subcommittee of Health and Scientific Research of the Committee of Human Resources, Senate, 95th Congress. 1 (Aug 3, 1977)

36. That Plaintiff does not have the right have a speedy trial by a jury of her peers for 12 statutory civil right violations (incl. Injunctive Relief request) by the Defendant in a matter of controversy exceeding 20 dollar (approx. amount in controversy $70,000). (Colorado Constitution Article II, Sections 16, 23 and 25; Constitution of the United States of America, 7th Amendment.) (See filed June 10, 2019 STATEMENT OF JURY DEMAND; and August 2, 2019 Amended Complaint CRCCP FORM2 SC - Jury Demand box checked, pg 18 of 18 and as paid for with this court)

37. That Judge Flynn's Oath of Office to the State and National Constitution is 'optional' when performing his judicial duties in a court of law. (See attached EXHIBIT BA - Certified Copies Judge Flynn Oath of Office)

38. That orders issues completely devoid of Constitutional authority, fact, law and evidence is ok if the judge feels like it that day.  Please provide supporting fact, law, and evidence.

Failure by Judge Flynn to affirm No. 1 through 38 above as true and correct under penalty of perjury and prior to any legal or lawful dismissal of this case is further evidence the orders issued January 29, 2020 are devoid of fact, law, and evidence and as such they are rendered null and void pursuant to Rule 60(b)(4) and as having been issued on fraudulent means, Rule 60(b)(3) and (d)(3), and therefore are without merit or legal substance and cannot be acted upon or legally or lawfully enforced as they have been

made void for lack of following due process of law, fraud, and for perjuring an Oath of Office to uphold the Constitutions and thereby are completely void of jurisdiction. (Colorado Constitution Article II, Sections 25; and Constitution of the United States of America, 14th Amendment, sections 3 and 4)

7. **In order to rectify this debacle** and for which the court is empowered to do so in accordance with due process of law, (1) the Amended Complaint as filed by Plaintiff on August 2, 2019 must be accepted as the operative pleading, (2) an Injunctive Relief hearing must be set, (3) and the Defendant must be cited and ordered to appear and respond to: the Amended Complaint, Injunctive Relief claims, and the Pre-Litigation Affidavit Complaint where a legal and lawfully binding presumption was created and that has not been legally or lawfully rebutted by the Defendant in almost 22 months and therefore continues to stand as truth and prima facie evidence in this case and in any honorable court of law. The only lawful judgements that may be issued prior the defendant lawfully responding on a point by point basis to the Pre-Litigation Affidavit Complaint, are ones on behalf of Plaintiff for the full amount claimed of $70,000 plus punitive damages, and legal fees, as the Defendant has acquiesced to everything contained therein, as have those who may represent him through repeat knowing failures to respond.

The courts are required to abide by the laws and may only issue orders in accordance with such and are required to uphold due process of law pursuant to an Oath of Office to both the State and National Constitutions and due process of law at this time dictates the

courts award Plaintiff all monetary remedy in any summary judgment, as the Defendant has legally and lawfully failed to plead his case.

Wherefore, Plaintiff demands the Court void the January 29, 2020 Judgement because it has no authority to deny the Constitution and the powers of and Rights contained therein to Plaintiff, an American Citizen, and for violation of state and federal laws, fraud, and pursuant to Rules 60(b)(3),(4) and (d)(4), for lack of jurisdiction through being in direct opposition (insurrection) to the State and National Constitutions and thereby being powerless to render it.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

Declaration of Conferral: Plaintiff having attempted conferral (D.C.COLO.LCivR 7.1(a)) with pro se Defendant, James Corey Goode; and Plaintiff having only an email address for contact of Defendant and having exhausted the use thereof, and Defendant not having provided the courts with proper contact information on his legal filings in accordance with C.R.C.P. Rule 11 and Defendant having failed to lawfully enter his out of state attorney Pro Hac Vice (C.R.C.P. Rule 221) or any proper attorney onto this honorable court's record; Plaintiff has been unable to reach Defendant for proper conferral.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **MOTION TO VOID JUDGMENT PERSUANT RULE 60(B)(3),(4) and (d)(3)** were sent first class by U.S. Mail, postage prepaid, to Mr. James Corey Goode USPS Certified Mail 7018 2290 0001 2184 5415; 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020 and by email to James Corey Goode this 12th day of February, 2020.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen