# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant, Third-Party Plaintiff

v.

James Corey Goode, individually
And GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

GAIA, INC., Jirka Rysavy,
Brad Warkins, And  Kiersten Medvedich

Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde, Elizabeth Lorie,
Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, Christina Gomez

Third-Party Defendants.

# THIRD PARTY PLAINTIFF ALYSSA MONTALBANO
# RESPONSE TO
## THIRD PARTY DEFENDANT ELIZABETH LORIES MOTION TO STRIKE MOTION TO SURREPLY OF ALYSSA MONTALBANO AND THE ACCOMPANYING SURREPLY

COMES NOW, Third-Party Plaintiff, Alyssa Chrystie Montalbano, in Response and Objection to "THIRD PARTY DEFENDANT ELIZABETH LORIES MOTION TO STRIKE MOTION TO SURREPLY OF ALYSSA MONTALBANO AND THE ACCOMPANYING SURREPLY," ("Motion to Strike") filed at Docket 250, August 12, 2021; and in support of Montalbano's "THIRD PARTY PLAINTIFF ALYSSA MONTALBANO OPPOSED MOTION TO SURREPLY TO THIRD PARTY DEFENDANT ELIZABETH LORIE'S REPLY TO ALYSSA MONTALBANO'S RESPONSE TO MOTION TO DISMISS." [#248]; states as follows:

## INTRODUCTION

With greater research it appears Montalbano's Surreply [#248] should have been labelled as a 'Surresponse' and will be addressed as such here forth.

In Elizabeth Lorie's Motion to Strike, she argues the Surresponse is 'redundant', does not respond to 'new arguments', and that Montalbano is just trying to get in the 'last word.'

## ARGUMENT IN SUPPORT OF SURRESPONSE

Surreplies and Surresponsese are generally permitted when a party needs "..to respond to new evidence and new legal arguments raised for the first time in the moving party's reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1197 (10th Cir.2005); *Beaird v. Seagate Tech., Inc*., 145 F.3d 1159, 1164 (10th Cir.1998)" *Olson v. State Farm Mutual*, 174 P.3d 849, 860 (Colo. App. 2007)

"A surreply allows the nonmoving party on a motion for summary judgment to respond to new evidence and new legal arguments raised for the first time in the moving party's reply brief. Green v. New Mexico, 420 F.3d 1189, 1197 (10th Cir.2005); Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir.1998)." Olson v. State Farm Mutual, 174 P.3d 849 (Colo. App. 2007)

"Thus, when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond." *Id*.; *see also* 11 Moore's Federal Practice § 56.84 (Matthew Bender 3d ed.) (noting that "a party generally will be permitted to file a sur-reply only when it otherwise would be unable to contest matters presented to the court for the first time in the opposing party's reply")." *Shaw v. Granvil*, Civ. No. 14-1078 SCY/KBM, at *2-3 (D.N.M. Feb. 12, 2016) (granting leave to surreply)

A court cannot rely on new materials submitted in a reply unless it permits the non-moving party to respond to those materials. See *Pippin v. Burlington Res. Oil Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006)  "Our case law requires only that "if the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to these new materials." *Beaird,* 145 F.3d at 1165; *accord Doebele v. Sprint/United Mgmt. Co.,* 342 F.3d 1117, 1139 n. 13 (10th Cir. 2003)."

1. Montalbano is not seeking to 'have the last word' in filing the Surresponse.

2. Defendant, Elizabeth Lorie, raised the new argument/'fact' that she never represented Mr. Corey Goode as legal counsel in her Reply at Docket 243, p4, No.6, stating: "Ms. Lorie at no point has ever represented Mr. Goode as legal counsel.

3. Montalbano wrote her Response [#225] to Lorie's Motion to Dismiss [#221] based on her claim on page 2, para 2, that she has represented Goode (even if minimally) as legal counsel, where she states "…notably Ms. Lorie, whose only vague "involvement" was as previous legal counsel for Mr. Goode …"

## CONCLUSION

WHEREFORE, Montalbano should be given the opportunity to respond to the new conflicting argument, via granting the Surresponse (filed as Surreply [#248]) and denying Defendant's Motion to Strike [#250] as their Reply's [#243] new 'factual' argument did not appear in the Response and it is of material fact to the overarching abuse of process and deprivation of civil rights claims against Ms. Lorie; and her directly opposite statements leave questions of both genuine and operative fact, related to if Lorie ever lawfully represented Goode as counsel or not.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant and Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of August 2021 a copy of the foregoing Response and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Defendants' and/or their counsel and upon appeared parties, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5).

/s/ Alyssa Montalbano
Alyssa Montalbano, American Citizen