IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                      Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                      Defendants.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

                                      Third-Party Defendants.

**THIRD-PARTY DEFENDANTS LIGHT WARRIOR LEGAL FUND, LLC'S AND VALERIE YANAROS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND 12(b)(1)**

Montalbano's continued abuse of the legal process, individuals in this suit and the bench and bar has spanned over three years, two states and both state and federal-level courts. All the issues of which she complains have already been considered by various tribunals and summarily dismissed. To distort and distract from this fact, she fashioned over a dozen claims from various statutes in a cut-and-paste fashion and incorporated fictitious allegations to support them. Because of this, dozens of attorneys and judges have undergone hundreds of hours poring over hundreds of pages of outrageous allegations grounded in neither fact nor reality. This Court can stop this cycle by dismissing Montalbano's pending counterclaims for the reasons outlined below:

### I.     Introduction

Third-party defendants Light Warrior Legal Fund, LLC ("LWLF") and Valerie Yanaros, ("Yanaros") (collectively "TPDs") file this Reply (the "Reply") in Support of their Motion to Dismiss (Docket 233, the "Motion") under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) in response to Alyssa Montalbano's ("Montalbano") Second Amended Counterclaims (Docket 217, "Second Amended Counterclaims" or "SACC").  Montalbano's response (the "Response") to the Motion was due on August 5, 2021 but Montalbano requested—and TPDs granted—a three-week extension, making her response due August 26. She responded on August 25 making TPDs Reply due September 8 (today). TPDs hereby tender their Reply:

### II.    The Issues Addressed in the Goode Reply are Incorporated by Reference

TPDs incorporate by reference herein the arguments in Plaintiffs James Corey Goode's ("Mr. Goode") and Goode Enterprise Solutions Inc.'s ("GES", collectively "Plaintiffs") Reply in Support of Second Renewed Motion to Dismiss (Docket 241, the "Goode Reply") and respectfully request this Court dismiss the SACC in its entirety.

As explained in TPD's Motion and the Goode Reply, all claims in the SACC are barred by the *Rooker-Feldman* Doctrine and/or collateral estoppel, Montalbano either lacks standing to bring the remaining claims, or lacks the requisite legal and/or factual support for them to survive dismissal. Montalbano's Response merely makes conclusory statements or points to fantastical reasoning, alleged facts and inapplicable law to support her claims. The claims fail in their entirety and must be dismissed for their violations of Fed. R. Civ. P. 8, 9 and 12. Montalbano repeats arguments that were already advanced to this Court *ad nauseam* and lack any credible basis. Montalbano merely reurges the conclusory, unsupported statements in her SACC in her Response, but TPDs responds to a few additional points below:

### III.    Montalbano's Claims are Entrenched in Fantasy

The SACC is full of allegations implicating imaginary scenarios. For example, to support her argument that her SACC sufficiently alleges the damages she claims to seek, Montalbano claims: "Damages are clarified in each claim and Montalbano showed Goode's aliens are realistically CIA agents non-consensually performing remote neural interfacing with The Enterprise". (Response at 4). This is just one example of the hundreds of fantastical claims made in the hundreds of pages in the SACC—all claims that must be dismissed. (*See Boyd v. United States*, C/A: 7:20-cv-00178-BHH-JDA, at *8 (D.S.C. Jan. 27, 2020) "[t]hese types of allegations cannot be tested or explored and must be dismissed. the Complaint as a whole is subject to summary dismissal because it is frivolous and fails to allege facts to support a plausible claim for relief. Liberally construed, the Complaint appears to assert that Defendants, all Government entities, have conspired to engage in a pattern of abuse and using technology to control Plaintiff to deprive her rights").

### IV.    Montalbano Fails to Make any Allegations Against LWLF

Much like Montalbano's allegations against GES, those against LWLF are sparse at best. Montalbano alleges that LWLF "posted knowingly fraudulent and vilifying information about Montalbano to its website". LWLF did not post anything anywhere. The only accusation Montalbano makes against LWLF is that it receives funds. This is not a crime nor a tort. All of the claims against LWLF must be dismissed.

    V.       **Montalbano Either Purposefully Misstates or Grossly Misconstrues the Law**

As discussed more in depth in TPDs' Motion and Plaintiffs Motion to Dismiss (Docket 227, the "Goode Motion"), Montalbano either intentionally or mistakenly misstates the applicable law.

For example, she cuts and pastes portions of the law that is pertinent to Yanaros' limited representation of Goode in accordance with Colorado Rule of Civil Procedure 11(b):

> 1. CRCP 11(b) states:
>
>    (sic) "Limited representation of a pro se party under this Rule **11(b) shall not constitute an entry of appearance** . . . **and does not authorize or require the service of papers upon the attorney.**" and "**The attorney's violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a).**" (emphasis added)

(Response at 13).

The entire applicable part of Rule 11(b) states:

> Limited representation of a pro se party under this Rule 11(b) shall not constitute an entry of appearance **by the attorney for purposes of C.R.C.P. 121, section 1-1 or C.R.C.P. 5(b)**, and does not authorize or require the service of papers upon the attorney. **Representation of the pro se party by the attorney at any proceeding before a judge, magistrate, or other judicial officer on behalf of the pro se party constitutes an entry of an appearance pursuant to C.R.C.P. 121, section 1-1**.

(emphasis added).

Montalbano omitted the exact crux of the rule in a self-serving attempt to conflate the two rules and cause conflict where there is none. Yanaros did not appear at a proceeding before a judge, magistrate or other judicial officer on behalf of Plaintiffs but instead provided limited representation and included the proper statement required by law. (*See, e.g.*, Docket 222-5 at 9). Montalbano's complaint has been heard by the judges in the state court proceeding (Case Number 18-cv-50 in Mesa County that was dismissed) and by the Texas State Bar. Both have dismissed it. This is but one example of the accusations that she has made—yet again—in her SACC that has been dismissed and can and must be again.

### VI.     Malicious Prosecution and Abuse of Process are Not Proper Here

Montalbano (more or less) asserts that Goode and Yanaros opened multiple cases against her that they knew were unsupported. This is untrue, as explained in the Motion, there was ample evidence to support claims for stalking and harassment. (*See* Second Amended Complaint "SAC" Docket 111 at 15-17). Like in a case recently decided in this District, there is no abuse of process here because there is no attempt to use the proceeding improperly. (*See Kaufmann v. Irvin*, No. 18-cv-02091-JLK, at *7-8 (D. Colo. June 20, 2019); the Court finding "[t]his case is analogous to numerous others in which courts found no abuse of process where a party filed its claims with an ulterior motive but did not take any action to use the legal proceeding or any procedural tool improperly. 'The fact that there is an incidental motive or consequence of harassment or intimidation to a process that is otherwise invoked for its normal purpose does not give rise to a cognizable claim for abuse of process.' *Tatonka Capital Corp. v. Connelly*, No. 16-cv-01141-MSK-NYW, 2016 WL 9344257, at *5 (D. Colo. Dec. 29, 2016) (attached hereto as Exhibit "A"). The lawsuits filed by Goode were based in fact and were filed to achieve the purpose for which

they were filed: to put an end to Montalbano's harassment, stalking, defamation and theft of intellectual property.

### VII. Montalbano Denies All of the Previous Rulings by Any Tribunal

Conveniently, Montalbano asserts that all the decisions that were rendered by officials at the state and local levels were incorrect because none of them were doing their jobs. Montalbano refutes all of the dismissals and denials of her cases and complaints by stating that everyone is against her and no one is upholding the law. For example, in her attack on Plaintiffs' counsel, she does not acknowledge the fact that she filed multiple complaints with the Texas Board of Law Examiners that were all denied, instead stating:

> "Texas State Bar failed to uphold Due Process of Law and Constitutional Civil Rights by failing to stop Yanaros from violating Colorado Rules of Professional Conduct. Regardless, Montalbano did not petition the Texas State Bar for Yanaros' Federal RICO and Racketeering violations or Federal Deprivation of Civil Rights."

(Response at 16). Montalbano disregards any decision made by any judge that is not to her liking, benefit or approval. It is this exact issue that underscores the need to prevent her from filing any more baseless claims in an attempt to delay the current litigation and harass its parties as well as other members of the Court.

### VIII. Conclusion

Montalbano's SACC must be dismissed and she should be barred from filing any more of her harassing and inane commentary. *See McMurray v. McCelmoore*, 445 F. App'x 43, 5 (10th Cir. 2011)("[a]fter reviewing McMurray's litigation history ourselves, we also conclude that filing restrictions in this Court are warranted"). TPDs respectfully request this Court dismiss the SACC in its entirety and assess sanctions against Montalbano for her frivolous filings.

Respectfully submitted this 8th day of September, 2021.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS LWLF AND YANAROS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on September 8th, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:  *s/ Valerie Yanaros*
Valerie Yanaros

## CERTIFICATE OF CONFERRAL

Pursuant to Judge Domenico's Practice Standard III(D)(1), in the case of parties proceeding pro se, parties are not required to confer.