IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Third-Party Plaintiff Alyssa Montalbano's ("Montalbano") **Motion for Clerk's Entry of Default and Default Judgment Against David Wilcock and Wilcock Foundation Pursuant to FRCP 55(a) and (b)(1), FRCP(a)(1)(B), and FRCP 4(d), (e), and (h)** [#218] (the "Motion for Default") and on Ms. Montalbano's **Motion to Stay Judgment Regarding Third-Party Defendant David Wilcock** [#228] (the "Motion to Stay"). In the Motion for Default [#218], Ms. Montalbano, who proceeds as a pro se litigant, requests entry of default against Third-Party Defendants David Wilcock ("Wilcock") and the Wilcock Spiritual Healing and Empowerment Foundation pursuant to Fed. R. Civ. P. 55(a) as well as entry of default judgment against them pursuant to Fed. R. Civ. P. 55(b)(1). The Clerk of Court entered default under Rule 55(a) against both of these Third-Party Defendants two days after the Motion for Default [#218] was filed. *Entry of Default* [#219].

    Pursuant to Rule 55(b)(1): "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an

incompetent person."

In the Motion to Stay [#228], Ms. Montalbano asks the Court to stay determination of the default judgment against Mr. Wilcock requested in the Motion for Default [#218] because she has realized that the sum is not "certain" as required by Rule 55(b)(1), the rule under which she requested default judgment. She states that she will need to conduct discovery in order to determine the appropriate amount of default judgment with respect to Mr. Wilcock, but she asks that the Motion for Default [#218] nevertheless be determined under Rule 55(b)(1) as to Wilcock Spiritual Healing and Empowerment Foundation.

IT IS HEREBY **ORDERED** that the Motion to Stay [#228] is **GRANTED** to the extent that:

IT IS FURTHER **ORDERED** that the Motion for Default [#218] is **DENIED without prejudice in part** to the extent Ms. Montalbano seeks entry of default judgment against Mr. Wilcock.

Because the remainder of the Motion for Default [#218] explicitly seeks entry of default judgment under Fed. R. Civ. P. 55(b)(1) as to Wilcock Spiritual Healing and Empowerment Foundation, because, according to Ms. Montalbano, she seeks a "sum certain" against that party, the Clerk of Court must make the determination whether entry of default judgment is appropriate. Accordingly,

IT IS FURTHER **ORDERED** that the Clerk of Court shall determine the remaining portion of the Motion for Default [#218] concerning the appropriateness of entry of default judgment under Fed. R. Civ. P. 55(b)(1) as to Wilcock Spiritual Healing and Empowerment Foundation.

Dated: October 14, 2021