IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Third-Party Defendant Elizabeth Lorrie's **Motion to Strike Motion to [File] Surreply of Alyssa Montalbano and the Accompanying Surreply** [#250] (the "Motion"). Ms. Montalbano filed a Response [#255] in opposition to the Motion [#250]. No Reply was filed.

    IT IS HEREBY **ORDERED** that the Motion [#250] is **denied** for the following reasons.

    First, the Motion [#250] is asserted pursuant to Fed. R. Civ. P. 12(f). This rule provides in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "pleading" is defined by Fed. R. Civ. P. 7(a) as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Thus, Rule 12(f) has no application to a motion seeking to file a surreply in opposition to a motion to dismiss because a motion to file a surreply is not a pleading under the Federal Rules of Civil Procedure.

Second, to the extent the Motion [#250] may be asserted under any other legal authority, Ms. Lorrie has not conferred as required by D.C.COLO.LCivR 7.1(a). *See Motion* [#250] at 2 (stating that, "[p]ursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel did not confer with counsel for any other parties to this action, or any unrepresented parties to this action about this Motion or the relief requested herein"); D.C.COLO.LCivR 7.1(b)(2) (stating that there is an exception to the duty to confer for "a motion under Fed. R. Civ. P. 12").

Third, the Motion [#250] is inappropriate because it simply opposes Ms. Montalbano's request to file a surreply on the basis that Ms. Montalbano has purportedly failed to present new evidence warranting a surreply. Ms. Lorrie should have simply filed a Response in opposition to the Motion [#250] because no independent grounds in support of *striking* the Motion [#250] as opposed to merely *denying* the Motion [#250] have been presented. By filing the Motion [#250] instead of a Response to Ms. Montalbano's motion, motions practice has been improperly multiplied.

An order on Ms. Montalbano's pending request to file a surreply, *see* [#248], will issue separately in due course.

Dated:  October 29, 2021