# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;  David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,  Elizabeth Lorie, Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, and Christina Gomez

Third-Party Defendants.

## PARTIALLY OPPOSED MOTION TO LIFT STAY OF DISCOVERY

Comes now, Defendant, Counter Claimant and Third Party Plaintiff, Alyssa Chrystie Montalbano, and moves the Court to lift the Stay of discovery [#100 Motion Stay Discovery, #182 Order Granting Stay] regarding Montalbano and her Second Amended Counterclaims Complaint (SACC) [#217 SACC, #121 Exhibits] for the following:

### I.        Conferral

Montalbano has conferred with all appeared parties and/or their counsels in this instant case regarding this Motion.

The following parties are **Opposed** to the relief requested herein: third-party 'Judicial Defendants' (Brian Flynn, Diana Terry, Matthew Grove, Christina Gomez, William Campbell), third-party defendant Valerie Yanaros, Plaintiffs/Counter Defendants (Corey Goode, GOODE ENTERPRISE SOLUTIONS, INC. ("GES")), third party defendant LIGHT WARRIOR LEGAL FUND, LLC ("LWLF"); Benjamin Zavodnick, and Jay Weidner.

The following parties have **No Objection** to the relief requested herein: Third-party defendant Elizabeth Lorie.

The following parties have **No Position** on the motion or relief requested herein: GAIA, INC and 'GAIA Employees' (Jirka Rysavy, Brad Warkins, Kiersten Medvedich).

## II.    Relevant Procedural Background

1. This primary RICO case was initiated by Plaintiff's, Goode and GOODE ENTERPRISE SOLUTIONS INC ("GES"), March 17, 2020 and summoned Montalbano as a Defendant, May 12, 2020. [#14]

2. Motion practices ensued and multiple Motions to Dismiss ("MTD") were filed to dismiss Goode and GES's claims, including a MTD by Montalbano [#26]. All MTD were subsequently denied, July 14, 2020, by Judge Jackson due to practice standards of writing letters. [#34]

3. Judge Jackson self-Recused [#33, #35, #37] and the case was reassigned to Judge Domenico [#38] whom referred the case to Magistrate Judge Mix to assist in procedural matters. [#39]

4. Montalbano joined a "Joint Motion to Stay" Discovery, October 12, 2020 [#100] with the following parties: GAIA and Mr. Jay Weidner, requesting discovery be stayed pending filing and resolution of Motions To Dismiss (MTD).

5. The Plaintiff's amended their Complaint twice with the current operative pleading, Second Amended Complaint ("SAC") [#111], Granted by Magistrate Mix, December 8, 2020 [#110].  More Motions to Dismiss Goode and GES's claims were filed, remain pending, and may dispose of all of Goode and GES's claims. [#117 Zavodnick;  #128  GAIA; #129 Weidner, #175 Medvedich, Rysavy, Warkins ("GAIA Defendants")]

6. Defendant High's MTD Plaintiffs' claims against him [#114, filed December 16, 2020]

was Granted, October 12, 2021, by Judge Domenico [#252] via adopting Magistrate Mix's recommendation. [#236]

7. Montalbano filed an Answer and Counterclaims December 22, 2020 at Docket 120 and Exhibits at Docket 121, and requested Plaintiffs', Goode and GES, claims against Montalbano be dismissed and Montalbano's claims be heard. Montalbano also added multiple third-party defendants and named cross-defendants.

8. Montalbano and all cross-defendants conferred and stipulated dismissals without prejudice at various times [#126, Weidner; #144, GAIA, Medvedich, Rysavy, Warkins]. All cross-defendants were subsequently terminated without prejudice from Montalbano's counterclaims January 2021 through February 2021. [#130, Weidner; #145, GAIA, Medvedich, Rysavy, Warkins]

9. The Joint Motion to Stay Discovery [#100] was Granted, April 26, 2021 [#182].

10. Defendants GAIA [#193, May 10, 2021] and Weidner [#210, June 8, 2021] filed Answers and Counterclaims against Goode and GES's operative pleading [#111].

11. Montalbano amended her counterclaims twice based on negotiations with opposing parties and the operative Second Amended Counterclaims Complaint ("SACC") was admitted June 18, 2021 at Docket 217 and Exhibits at Docket 121. [#120 Original Counterclaims, #155 First Motion to Amend (FACC), #156 Order referring Motion, #183 Order Granting FACC; #204 Notice filing of SACC, #208 Second Motion to Amend (SACC), #215 Order referring Motion, #216 Order Granting SACC]

12. The following parties have filed pending MTD Montalbano's SACC [#217]:

    a.  Elizabeth Lorie, third party defendant, filed a MTD June 23, 2021. [#221; #224 Order Referring Motion] Montalbano filed an Objection Response [#225] and Defendant filed a Reply [#243]. Montalbano filed a pending Opposed Motion to Surreply [#248, #249 Order referring Motion].  Defendant did not Respond to Motion to Surreply and instead filed a Motion to Strike Surreply [#250] Montalbano filed an Objection Response [#255]. The Motion to Strike was Denied by Magistrate Mix, October 29, 2021 [#261].

    b.  Brian Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez, third-party (Judicial) defendants, filed a joint MTD June 25, 2021 [#222]. Montalbano filed an Objection Response [#223 Motion Ext Time, #224 Order Referring Motion, #234 Order Granting Ext Time, #247 Response], Judicial Defendants a Reply. [#253]

    c.  Goode and GES, counter defendants, filed a Renewed MTD, July 2, 2021. [#227] Montalbano filed an Objection Response [#231], Defendants a Reply. [#241]

    d.  LIGHT WARRIOR LEGAL FUND, LLC ("LWLF") and Valerie Yanaros (Goode and GES's counsel), third party defendants, filed a joint MTD, July 15, 2021. [#233] Montalbano filed an Objection Response [#235 Order referring MTD, #237 Motion Ext Time, #238 Order referring Motion, #242 Order Granting Ext Time, #254 Response], Defendants filed a Reply. [#256]

13. The following summoned third party defendants have failed to appear or defend against the claims and have judgments pending against them:

a.  Third-Party Defendants David Wilcock [#206] and WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION ("WILCOCK FOUNDATION") [#186] defaulted in appearing and/or defending against Montalbano's claims, as of June 19, 2021. [#218, #219]

b.  Default Judgment is pending entry by the Clerk of The Court against WILCOCK FOUNDATION pursuant Magistrate Mix's Orders entered October 14, 2021. [#218 Motion Default, #220 Order referring Motion, #228 Motion Stay Default Judgment, #229 Order referring Motion, #258 Order instructing Clerk enter Default Judgment against WILCOCK FOUNDATION].

c.  Default Judgment against David Wilcock is stayed pending discovery, pursuant Magistrate Mix's Orders entered October 14, 2021. [#228 Motion Stay Default Judgment, #229 Order referring Motion, #258 Order staying Default Judgment against David Wilcock]

14. No party has filed an Answer or Counterclaims to Montalbano's SACC claims [#217].

### III.   ARGUMENT FOR LIFTING STAY OF DISCOVERY

A.  IN SUPPORT of Granting this Motion and lifting the Stay of Discovery [#100, ("Stay Motion")] as prior Granted by Magistrate Judge Mix April 25, 2021 [#182] specific to Montalbano and her claims, Montalbano states as follows:

1.  The Stay Motion was jointly filed by GAIA, Montalbano, and Weidner.

2.  Montalbano agreed to Stay Motion, based on the fact Montalbano had not filed a Renewed MTD or Answer and Counterclaims against Goode and GES and their operative pleading.

3.  Montalbano filed an original Answer and Counterclaims Complaint December 22, 2020 [#120, #121 exhibits] and requested Goode's claims against Montalbano be Dismissed [#120 at p28; #217 (SACC) at p28] and that Montalbano's counterclaims proceed to discovery and trial where applicable. [#120 at pp242-243; #217 (SACC) at pp231-232]

4.  The Stay Motion was filed and requested prior GAIA filing their Motion to Dismiss [#128, filed January 12, 2021] and Answer and counterclaims against Goode and GES. [#193, filed May 10, 2021]

5.  The Stay Motion was filed and requested prior Mr. Weidner filing a Motion to Dismiss [#129, filed January 12, 2021] and Answer and Counterclaims against Goode and GES. [#210, filed June 8, 2021]

6.  Montalbano's current operative pleading; Second Amended Counterclaims Complaint ("SACC"); was admitted June 18, 2021 at Docket #217.

7.  Montalbano thought MTD would be resolved by now and discovery commenced, yet many MTD remain pending and discovery still stayed.

## **DISPOSITIVE MOTION FACTORS IN FAVOR OF LIFTING STAY**

**B.** The Court has discretion to stay discovery **while a dispositive motion is pending,** and a stay may be appropriate **if an entire action can be resolved**. *Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 U.S. Dist. LEXIS 164396, at *1-2 (D. Colo. Nov. 24, 2014) (granting indefinite stay pending resolution of a motion to dismiss). The idea behind discovery is that if each side is aware of evidence the other side has, that will lead to more efficient disposition of matters and will streamline how trial proceeds as discovery will reveal the root issues in dispute.

1. Montalbano did not file a renewed MTD Goode and GES's claims [#111] and instead filed an Answer and Counterclaims requesting all of Plaintiffs' claims be dismissed. [#120 original counterclaims, #217 SACC]. There is no pending MTD filed by Montalbano.

2. Montalbano's counterclaims [#217] proceeding to trial are not dependent on Plaintiffs' claims [#111] being disposed of or not by its pending Motions to Dismiss.

3. There are multiple defendants, multiple claims, and multiple pending MTD Montalbano's counterclaims, however, even if some of the claims or some of the defendants were dismissed by the Court, it is unlike any of the pending dispositive MTD against Montalbano's counterclaims will completely dispose of the entire action.

Therefore, lifting of the stay and entry into discovery is appropriate with respect to Montalbano and her counterclaims.

## 5 STRING CHEESE INCIDENT FACTORS IN FAVOR OF LIFTING STAY

**C.** The five *String Cheese Incident* factors all weigh in favor of lifting the Stay of Discovery as specific to Montalbano's case and claims [#217] and prior pending MTD being ruled upon. (see *String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.,* No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006); Aurora Bank, 2013 U.S. Dist. LEXIS 86067, at *4 (describing the String Cheese Incident factors with more specificity)).

1. *(1) It is in the interests of the Counter-Claimant and Third-Party Plaintiff,* Alyssa Montalbano, to proceed expeditiously and lift the stay of discovery as further delays will further prejudice Montalbano's claims; (See *String Cheese Incident, LLC,* 2006 WL 894955, at 2* (recognizing that an unknown period of delay "would significantly impact and prejudice plaintiff's right to pursue [its] case and vindicate its claim expeditiously")

    a. The stay currently delaying investigation and hearing of Montalbano's claims and having injunctive relief issued, are causing prejudice and ongoing damages and burdens to Montalbano from lack of relief from defendants ongoing public frauds, defamation per se, and ongoing (mis)use of Montalbano's Intellectual Property. The defendants will not desist without Court orders and will continue to cause personal and professional damages to Montalbano. [#217 (SACC) claim 10, defamation]

b.   The defendants and/or their associates (Goode and Wilcock) have continued to create money laundering schemes [SACC, Claims 1-5, and 11] based on Montalbano's original Intellectual Property records. [SACC claims 7-9]

(i.)   Mr. Wilcock's latest fraud, as of September 21, 2021, is that he will teach people how to build hover cars in six (6) weeks if they take his online course for $333 and that he and his wife, Beth Wilcock [#217, ¶29, ¶405, ¶579 B], were again 'broke' and down to their last $3,000 when the hover car idea came to him and now they have tons of money coming in. [[#169, #169-5], Beth Wilcock, signing for her husband David Wilcock's Waiver of summons request and then refusing  [#187-2] David Wilcock's Certified court mailings alleging him suddenly not at her address)] Mr. Wilcock also publicly alleges he bought a military hanger with cash (an empty warehouse estimated to be about 1.5 million dollars) for alleged hover car production.  **(EXHIBIT 1, NOTICE of Electronic Conventional Video Filing – YouTube Wilcock Hover Car Claims[1])** Wilcock has a RICO pattern of selling fraudulent products to the public while claiming he and his associates are poor to receive unlawful donations and sales. [#217 SACC, ¶¶120-126, ¶285, ¶310 G].

(ii.)   September 23, 2017, Montalbano emailed counter-defendant Goode (Wilcock's close friend and associate [#111, ¶21]) an original Dream Vision Intellectual Property ("IP") record first dated September 26, 2016, whereby Wilcock, in the attached 32 page PDF file (IP record) asked Montalbano about

---

[1] https://www.youtube.com/watch?v=X5b3T4s1lSY

hover cars. **(EXHIBIT 2 – ACM IP Record – DW Hover Cars (relevant pages))**

(iii.)  Goode, Wilcock, and their associates will not stop creating fake news and money laundering schemes centered on Montalbano's original Intellectual Property records and will not stop violating Federal copyright laws, RICO laws, or Colorado Consumer Protection Act without the Court ordering them to stop.

c.  Montalbano has undergone severe and ongoing stress and anxiety due to waiting for Injunctive Relief and claims to be heard and investigated. Montalbano can only have relief via the Court declaring her Intellectual Property hers, ordering all defendants stop and desist unauthorized use of Montalbano's original IP records, order all defamation per se stop and desist [#121-21; #217 claims 10, 14-20; #254 Section III-IV, #254-1], and order the removal of all defendants' defamation of Montalbano (which may require sealing and/or expunging multiple fraudulent lawsuits Goode and Yanaros opened against Montalbano with knowingly false statements [#217, Claims 12-16]) along with ordering defendants issue public retractions and apologies for lying to millions of people about Montalbano for years.

d.  Further delays will continue to cause even greater professional goodwill damages, reputational damages [#217, claims 1-6, 10 defamation], and current and future damages to Montalbano due to her Intellectual Property [#217, Claims 7-9], artist name (Ari Stone) and business name (Ari Stone Art) being tied up for years in lawsuits (since June 2018), preventing Montalbano from being able to move forward professionally

and making proposals to reputable film, broadcast, or streaming companies (such as Netflix), publishing companies, or private companies and individuals, as people don't want to work with Montalbano due to the lawsuit(s) and especially since it involves two famous public figure frauds (Goode and Wilcock) that many people still falsely think are telling them the truth about Montalbano when they have in fact knowingly and maliciously destroyed Montalbano's reputation to professionals in the same or similar fields and mutual consumers causing ongoing burdens, embarrassment, distress, and non-stop financial damages to Montalbano, while defendants have continued to benefit and profiteer (since 2016) off of Montalbano's original research and IP records, at Montalbano's continued expense and detriment. [SACC, Claims 1-5, 7-11, 17-20]

*The lifting of the stay of discovery for the first String Cheese Incident factor weighs in favor of counter-Plaintiff,* Montalbano, to protect her IP, stop defamation and fraud, and prevent further professional and personal damages.

2. *(2) the burden on Defendants of proceeding with discovery;* Lifting the stay of discovery with respect to Montalbano's claims will alleviate burdens from Defendants in the following ways:

   a. Memories tend to fade, witnesses and evidence may be lost, and discovery should proceed expeditiously.  "…attempting to prejudge the district judge's ruling on the Motion to Dismiss, it is more likely than not from a statistical point of view that a delay pending a decision on the Motion to Dismiss would prove unnecessary. **A substantial delay in discovery could result in witnesses with faded memories;**

**witnesses who have become unavailable; the loss of documentary evidence; and the like.** Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system…" (*Ruampant v. Moynihan*, Civil Action No. 06-cv-00955-WDM-BNB, at *3 (D. Colo. Aug. 14, 2006). (emphasis added). Order denying motion to stay.

b.  See *Estate of McClain v. City of Aurora*, Civil Action No. 20-cv-02389-DDD-NRN, at *7 (D. Colo. Jan. 29, 2021) "Even when qualified immunity is raised, courts in this District generally disfavor a stay of all discovery. *See Rome*, 225 F.R.D. at 643 ("qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593, n.14 (1998) (emphasis in original))" Denying motions to stay discovery.

c.  The counterclaims complaint is currently long. No one has answered any of the claims yet.  There are certain claim factors dependent on if counter-defendant Mr. Goode is publicly telling the truth about: (1) being in the CIA MKULTRA mind control programs,  (2) working for the DOD,  (3) working in the banking industry,  (4) military services, (5) has radio, satellite networking, and programming tech skills, and  (6)  if he has the mental health issues he is publicly famous for claiming having (Dementia, Aphasia, C-PTSD, Brain Trauma, and Epilepsy) [#217 ¶¶24-26]. The production of documents; such as Goode's CIA, DOD, banking, Military, technical training, Medical, and internet/computer records

related to Montalbano's delivered IP records; will likely result in the counterclaims being amended to match the documents produced, or failed to be produced.  All defendants and their counsels will benefit from complaint amendments being made prior multiple Answers being filed and having to amend Answers thereafter.

d.  Once documents are produced (or failed to be produced) that determine the scope and type of frauds Goode, Wilcock, and their associates are running [#217 ("SACC"), Claims 1-11], the complaint may be reduced in size (with unopposed amendments) to match evidence, which will benefit all defendants by making the complaint easier to Answer and allow for negotiations outside of Court.

*The second String Cheese Incident factor weights in favor of defendants,* to lift the stay of discovery, to reduce complaint burdens, through focusing the counterclaims prior Answers filed, and potentially removing defendants and/or claims based on records, and allowing negotiations to occur with opposing parties outside of court and/or motion hearings.

3.  *(3) the convenience to the Court of staying discovery;*

a.  Lifting the Stay of discovery for Montalbano's case and claims, prior ruling on pending Motions to Dismiss, will streamline matters for the Court, as discovery will allow claims to be simplified which will alleviate the amount of work involved in addressing the claims and moving them through to trial (where applicable).

b.  Lifting the stay of discovery, may permit some claims to be resolved prior trial

(based on records) and outside of Court, which will in turn reduce the burdens on this Court and its judicial officers and potential jurors as they may not have to address all SACC claims.

c. The Court will benefit by having evidence and records showing what factors are specifically involved (CIA, DOD, MiLab, or not), which will reduce waste in the judicial officers' resources and time by having a counterclaims complaint focused on factual matters at issue and only the specific types of fraud(s) being committed, i.e. CIA 'government' illicit neural interfacing via computers and technology [SACC, Claim 6, Involuntary Servitude] or just very elaborate charlatans and frauds.

*The third String Cheese Incident factor weights in favor of the Court lifting the Stay,* as it will reduce burdens, time, and costs for the Court.

4. *(4) the interests of non-parties in staying or proceeding with discovery;*

a. It is in the interest of non-parties to lift the stay and proceed with discovery as it will allow Montalbano to determine which non-parties are relevant to her case and claims. Currently, Montalbano plans to summon a handful of people for expert testimony related to the CIA (Central Intelligence Agency) MKULTRA programs, Artificial Intelligences, and DOD (Department of Defense) remote neural interfacing programs, however, the need for their testimony is completely dependent on if Goode or other defendants have actually been in, or currently are in, the CIA MULTRA mind control programs that remotely frequency target the

brain. [#217 ¶¶127-206;  #121 Exhibits 2 thru 17, 23; #225-4 HAVANA Act 2021]
The non-parties benefit as discovery will quickly determine if they are relevant to
the case and need to be summoned or not.

b.  Various non-parties have died while Montalbano has been patiently waiting for
matters to proceed (since June 2018, originating in Mesa Court)
[SACC, ¶¶207-281, Claim 13 - Deprivation Civil Rights].

(i.)  Mr. Pete Peterson (defaulted third-party defendant David Wilcock's alleged
number one secret insider prior counter-defendant Goode) died an alleged
natural death July 11, 2019. Mr. Peterson was part of Wilcock and Goode's
"Go Fund Me" scam that Montalbano donated to. [#121-2 pp15-24] On April
25, 2019 Mr. Peterson was publicly exposed as a fraud [¶310 I] and he
'conveniently' 'died' less than three (3) months later. Mr. Peterson (a valuable
witness) cannot testify or be deposed regarding he and Wilcock's frauds,
because he is dead now. Only the production of documents can show what
happened or second-hand testimonies. [#217, ¶28 d-e, ¶45, ¶84, ¶122, ¶¶311-
312, ¶322 C, ¶324, ¶512 C, ¶579 B(iv.), ¶599,  Footnote 21;  #121-2]

(ii.)  Mr. Mark McCandlish, allegedly suicided April 13, 2021 [#120, ¶43 f-g, ¶46
d, ¶54, ¶351 C; #217 ¶45]. **(EXHIBIT 3 – McCandlish death [2] )**
McCandlish; Defense and Aerospace Industry Conceptual Artist and
Designer; had some complaints about Goode copyright infringing his artwork

---

[2] https://www.legacy.com/us/obituaries/redding/name/mark-mccandlish-obituary?pid=198360452

from Cosmic Disclosure shows [SACC ¶¶38-47] to support Goode and Wilcock's 'materials' (aka frauds) on Goode's website, SphereBeingAlliance, when it did not. [#111 SAC ¶20 Sphere Being Alliance - Goode's Trademark; #1-2], (EXHIBIT 4 – McCandlish Email - CG GAIA Art Complaint)

McCandlish was approached by Mr. Roger Richards (Goode's former co-worker that Goode is also suing [#25, Notice Related Case]) to speak at events, then they would 'passive-aggressive' fail to respond to follow up inquiries. (EXHIBIT 4 – McCandlish Email – Event Offers & no Replies)

Richards also approached McCandlish on behalf of Goode to build a spaceship model for about $30,000. McCandlish further realized Goode was a fraud when he could not produce floor plans then (again) failed to respond to McCandlish. (EXHIBIT 5 – McCandlish Email – RR CG Spaceship Design)

It was recently publicly stated McCandlish was a member of a UFO/SSP Disclosure group and was going to testify at a Senate UFO/UAP (Unidentified Flying Object / Unidentified Aerial Phenomena) meeting June 2021 that would have destroyed some fake UFO/UAP narratives. (EXHIBIT 6 – McCandlish Senate Testify [3] ) [SACC, ¶129 footnote 23 - MKULTRA Senate hearings; #225-4, Passed Senate Bill HAVANA Act of 2021- Neuroweapons]

---

[3] https://gizadeathstar.com/2021/05/the-sad-and-mysterious-death-of-ufologist-mark-mccandlish/

McCandlish was also aware Mr. Emery Smith (Cosmic Disclosure show host at GAIA) was a fraud. **(EXHIBIT 7 – McCandlish Email –"Emory" Fraud)**

McCandlish was aware of being stalked on occasion and reasonably believed his friend, Bill "William Whitecrow" Paris, was suicided for legitimate Secret Space Program (SSP) research. McCandlish also had safety concerns. **(EXHIBIT 4, WW Suicide;  EXHIBIT 5, WW Suicide, EXHIBIT 7, stalking, EXHIBIT 8 WW killed SSP, and EXHIBIT 9 ARV Fluxliner)**

Mr. McCandlish (a valuable witness) can no longer testify or be deposed because he is dead, via alleged suicide.

These ongoing 'deaths', prior discovery and hearings have caused prejudice to Montalbano's case and claims. Further 'deaths' of non-parties with critical information related to Montalbano's claims against Goode, Wilcock, and their associates, while waiting for discovery to commence, will further prejudice Montalbano's case and claims.

*The fourth String Cheese Incident factor weighs in favor of Non-parties,* as  non-parties with information about Goode, Wilcock and their associates, will benefit by being alive for questioning and getting their testimony on the Court record, along with Montalbano being able to determine who are relevant  non-parties to the case to work on obtaining official testimonies for the Record.

5.   *(5) The public's interest in staying or proceeding with discovery.*

a.   It is in the interest of the public to lift the stay of discovery as Goode, Wilcock, and their associates have continued to escalate their public frauds and violations of the Colorado Consumer Protection Act and federal RICO laws with even more elaborate frauds and significant increases in the size and scope of their money laundering schemes that cause severe and ongoing damages to millions of people in the general public who still falsely believe in their ongoing frauds that rape the public financially, while continuing to destroy the reputations of innocent people and legitimate researchers, like Montalbano, due to millions of people still falsely believing Goode and Wilcock's fake news and false dark alliance narratives. [SACC, Claims 1 – 5] (**EXHIBIT 10, NOTICE of Electronic Conventional Video Filing – Jordan Sather on CG and DW spinning lawsuits to fit their public frauds [4] )**

*The fifth String Cheese Incident factor weighs in favor of the Public* to proceed with discovery, so the financial frauds being perpetrated against millions in the general public can be Court ordered to stop.

---

[4] https://youtu.be/zKpVlBtnL24

# IV.    CONCLUSION

WHEREFORE, for all the aforementioned reasons, Montalbano moves this Court to GRANT this "Motion to Lift Stay of Discovery" specific to Montalbano and her SACC counterclaims [#217] as further delays will continue to prejudice Montalbano's case as none of the pending MTD will dispose of Montalbano's claims in their entirety; and entry into discovery will benefit all parties by streamlining matters, focusing counterclaims, and allowing proper negotiations based on facts to take place, thereby reducing burdens on all parties involved in this matter before the Court.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge

Domenico's Practice Standard III(A)(1).


## CERTIFICATE OF SERVICE

I certify that on this 10th day of December 2021 a copy of the foregoing Motion and Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5) and video exhibits conventionally submitted to the Clerk of the Court at Alfred A. Arraj United States Courthouse, Room A105, 901 19th Street, Denver, Colorado, 80294-3589; and served on all appeared parties pursuant ECF Rule 4.8(f).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen