IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH,

    Defendants.

----

Alyssa Chrystie Montalbano, Individually

    Counter-Claimant,

v.

James Corey Goode, individually and GOODE ENTERPRISE SOLUTIONS INC.

    Counter-Defendants,

GAIA, INC., Jay Weidner, Jirka Rysavy, Brad Warkins, and Kiersten Medvedich,

    Cross-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC; David Wilcock, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION, Valerie Yanaros Wilde, Elizabeth Lorie, Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, Christina Gomez

    Third-Party Defendants.

---

BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA CHRYSTIE MONTALBANO'S MOTION TO LIFT STAY OF DISCOVERY [DOC. 262]

Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez (together, the "Judicial Defendants") oppose Alyssa Chrystie Montalbano's Motion to Lift Stay of Discovery [Doc. 262], as follows:

1.  This is a civil matter between numerous individuals and companies in the so-called "Conscious Community." [*See* Doc. 1, ¶ 2]. The Judicial Defendants are involved only because Montalbano, a defendant, brought third-party claims against them. [Doc. 204-1]. Her claims arise from the fact that four judges ruled against her in an underlying state court matter, and that, despite her complaints, one of those judges was not disciplined or removed by Mr. Campbell, the Colorado Commission on Judicial Discipline's executive director. *See* [Doc. 222 at 2–5 (describing factual background)].

2.  The Judicial Defendants moved to dismiss Montalbano's claims. [Doc. 222]. Among other things, they argued that Montalbano's claims are precluded by absolute judicial immunity (for the four judges), lack of standing (for Mr. Campbell), the *Rooker-Feldman* doctrine, lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (CGIA), and failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See id.* The motion is fully briefed.

3.  On April 26, 2021—months before the Judicial Defendants filed a response to Montalbano's third-party complaint—this Court entered a discovery stay. [Doc. 182]. Weighing the five factors identified in *String Cheese Incident, LLC*

2

*v. Stylus Shows, Inc.,* No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), this Court concluded that the stay was appropriate pending the resolution of several dispositive motions. [*Id.* at 5].

4. "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)). Given the Judicial Defendants' pending motion to dismiss, the analysis in this Court's Order applies equally—indeed, more forcefully—in favor of a stay of Montalbano's claims against them.

5. The first *String Cheese Incident* factor—Montalbano's interest in proceeding expeditiously with discovery and the potential prejudice to her of a delay—does not favor Montalbano. In her motion, Montalbano argues that *other* counter- or cross-claim defendants, like Corey Goode, David Wilcock, and Valerie Yanaros, continue to cause her personal and professional damage through ongoing alleged fraudulent and defamatory conduct. [Doc. 262 at 9–12]. But Montalbano makes no similar claims as to the Judicial Defendants. Thus, the first factor does not weigh in Montalbano's favor. *See Makeen Inv. Grp., LLC v. Vallejos*, No. 17-cv-02579-RM-STV, 2018 WL 704383, at *2 (D. Colo. Feb. 5, 2018) ("Because Plaintiff has failed to provide any 'specific examples of how [his] ability to conduct discovery

3

might be adversely affected by a stay,' the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome other factors discussed below that weigh in favor of a stay." (quoting *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010))).

6. The second *String Cheese Incident* factor—the burden on the Judicial Defendants in proceeding with discovery—strongly favors the Judicial Defendants. Two additional considerations should guide this Court's analysis beyond the reasons supporting a stay in the original Order.

7. First, Judge Terry, Judge Grove, Judge Gomez, and Judge Flynn have raised the defense of absolute judicial immunity. "[J]udicial immunity *is an immunity from suit*, not just from the assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis added). "Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Russell v. Town of Buena Vista*, No. 10-CV-00862-JLK-KMT, 2010 WL 3341227, at *1 (D. Colo. Aug. 24, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). Here, litigation would invariably disrupt the active judicial officers named as third-party defendants. Further, "it is no answer to these concerns [of avoiding disruptive discovery] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." *Iqbal*, 556 U.S. at 685–86. Thus "proceeding with discovery with

4

respect to claims that may not be subject to immunity defenses 'is not a permissible alternative'" for Judge Terry (who retired from the bench in July 2021 and whose alleged conduct is inextricably tied to the conduct of her active colleagues) or Mr. Campbell (whose alleged conduct is tied to Judge Flynn's conduct in the state court case). *See Makeen Inv. Grp.*, 2018 WL 704383, at *3 (quoting *Sexton v. Hickenlooper*, No. 13-cv-01008-MSK-KMT, 2013 WL 5477605, at *3 (D. Colo. Oct. 1, 2013)).

8. Second, "[c]ourts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *Elec. Payment Sys.*, 2015 WL 3940615, at *2 (citing *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005)). All the Judicial Defendants have challenged this Court's subject matter jurisdiction to entertain certain of Montalbano's claims under the CGIA. *See* [Doc. 222 at 12–13].

9. Montalbano's argument that discovery will not be burdensome to the Judicial Defendants is unpersuasive. She claims that this Court "will benefit by having evidence and records showing what factors are specifically involved (CIA, DOD, MiLab, or not)," and that discovery might focus her "counterclaims complaint" on "the specific types of fraud(s) being committed, i.e. CIA 'government' illicit neural interfacing via computers and technology [SACC, Claim 6, Involuntary Servitude] or just very elaborate charlatans and frauds." [Doc. 262 at 15]. The Judicial Defendants submit that discovery requests to the Judicial Defendants about "CIA 'government' illicit neural interfacing via computers and technology" will burden

5

the Judicial Defendants by wasting valuable judicial resources. For these reasons, the second *String Cheese Incident* factor favors the Judicial Defendants.

10. The third *String Cheese Incident* factor—the convenience of the Court in staying discovery—favors the Judicial Defendants for much the same reasons identified in the April 26, 2021 Order. The interests of judicial economy weigh in favor of staying the claims against the Judicial Defendants because their motion to dismiss may dispose of some or all the claims against them. *See Makeen Inv. Grp.*, 2018 WL 704383, at *3.

11. The fourth *String Cheese Incident* factor—the interests of nonparties in staying or proceeding with discovery—is either neutral or favors the Judicial Defendants. As this Court noted in its April 26, 2021 Order, the imposition of a stay could alleviate the burden on non-parties identified by Plaintiffs and other Defendants. [Doc. 182 at 4].

12. The fifth *String Cheese Incident* factor—the public interest in staying or proceeding with discovery—favors the Judicial Defendants. Again, as this Court noted, the public's interest in an "efficient and just resolution" of the matter is served by avoiding wasteful efforts. [Doc. 182 at 5]. Additionally, because the Judicial Defendants are themselves public servants, burdening them with the obligation to respond to premature discovery would diminish their ability to otherwise perform their public service roles, and would waste taxpayer dollars.

13. Accordingly, because the *String Cheese Incident* factors weigh in favor of a stay, the Judicial Defendants respectfully request that this Court deny Plaintiff's motion, enforce the discovery stay entered April 26, 2021 as to the Judicial Defendants, and grant any other relief this Court determines is just and proper.

Dated this 17th day of December, 2021.

        Respectfully submitted,

        PHILIP J. WEISER
        Attorney General


        *s/ Dmitry B. Vilner*
        DMITRY B. VILNER *
        Assistant Attorney General
        Civil Litigation and Employment Law Section
        Attorneys for Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez

        1300 Broadway, 10th Floor
        Denver, Colorado  80203
        Telephone:  720-508-6645
        FAX:  720-508-6032
        E-Mail:  Dmitry.vilner@coag.gov
        *Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

      I certify that I served the foregoing BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA CHRYSTIE MONTALBANO'S MOTION TO LIFT STAY OF DISCOVERY [Doc. 262] upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 17th day of December 2021, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and*
*Goode Enterprise Solutions, Inc.*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy;*
*Brad Warkins; and Kiersten Medvedich*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

                                           *s/ La'Tasha Carter*