# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;  David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,  Elizabeth Lorie, Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, and Christina Gomez

Third-Party Defendants.

**ALYSSA MONTALBANO'S REPLY TO RESPONSE [#264]**
**IN SUPPORT OF MOTION TO LIFT STAY OF DISCOVERY [#262]**

Third-Party Plaintiff, Alyssa Chrystie Montalbano, in Reply to: BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA CHRYSTIE MONTALBANO'S MOTION TO LIFT STAY OF DISCOVERY [#264]; and in support of Granting the MOTION TO LIFT STAY OF DISCOVERY [#262] states as follows:

### I.  INTRODUCTORY REPLY

The Judicial defendants were not summoned into this instant case as they claim: 'for ruling against Montalbano'. [#264 at p2, ¶1]  They were summoned for matters of law. The "Judicial Defendants" (Flynn, Campbell, Grove, Terry, Gomez) were summoned for violating their Oath of Office and issuing orders against the clearly established Constitutional Laws they are Oath sworn and duty bound to uphold and protect [#247-9, Flynn Oath of Office]; however, instead of performing their sworn duties in matters involving Montalbano, they willfully lied on Court records and/or repeatedly failed to perform their sworn Constitutional duties in direct violation of their Oath of Office, Constitutional Law, statutory law, facts, evidence, and Court Rules. There are no immunities for operating under Color of Office and Color of Law to violate clearly established Constitutionally secured Civil Rights and notably violating the Right to Due Process of Law. (Colorado Constitution, Article II, Section 25;  U.S. Constitution, Bill of Rights, Article V) Montalbano briefed the Courts on this aspect in her Response [#247, Section II] to Judicial Defendants' Motion to Dismiss [#222] and in the Counterclaims Complaint [#217] at Claims 13-16.

The Judicial Defendants go on to state they have judicial immunity [#264, ¶7]; which was shown to not apply to them because they willfully failed to perform the sworn duties (tasks) that give immunity. Montalbano briefed the courts on this in her Response [#247, Section III] to Judicial Defendants' MTD, and also seen in Montalbano's Response [#254, Section IV. B. Litigation Privileges Do Not Apply] to Third-party Defendants' Yanaros and LIGHT WARRIOR LEGAL FUND's MTD [#233].

Next the Judicial Defendants reiterate the CGIA applies to them, when the CGIA explicitly excludes the Judicial Department (individuals) and does not apply to Federal Claims or Civil Rights Violations. Montalbano briefed the Courts on this in her Response [#247, Section III, C.] to Judicial Defendants' MTD. Furthermore, it is self-evident the summoned individuals (Judicial Defendants) are not lawfully or legally an 'entity' or 'public entity' [1] as re-alleged in their Reply [#253 at p7] to Montalbano's Response [#247] to their MTD [#222], therefore they have no protections under CGIA.

Montalbano summoned the Judicial Defendants as presumed American Citizens in their personal/individual capacities [#217 (SACC), ¶¶9-13] for violating their Oath of Office to the State and National Constitutions. The matters against the 'Judicial Defendants' are lawful disputes between individuals for Civil Rights violations and sworn duty performance failures (perjury). [Id. ¶¶223-279; Claim 13]

---

[1] Black's Law Dictionary, Abridged Eighth Edition, p1027, "**public entity.** See ENTITY." pp454-455 "**entity**. An organization (such as a business or a government unit) that has a legal identity apart from its members or owners. … **public entity**. A governmental entity, such as a state government or one of its political subdivisions."

## II. LIFTING STAY OF DISCOVERY:

### FIVE STRING CHEESE INCIDENT REPLY ARGUMENTS IN SUPPORT OF LIFTING STAY OF DISCOVERY FOR MONTALBANO'S CLAIMS

1. Defendants claim the *first String Cheese Incident* factor 'does not weigh in favor of Plaintiff (Montalbano) to proceed expeditiously against the Judicial Defendants because allegedly Montalbano did not show she is being prejudiced by the delay caused by the stay and that Montalbano cited Goode, Wilcock, and Yanaros causing ongoing fraudulent and defamatory damages and not specifically the Judicial Defendants. [#264 ¶5] However, the Judicial Defendants are directly responsible for Goode, Wilcock, Yanaros and The Enterprise's ongoing damages to Montalbano, because they failed to faithfully perform their sworn duties. Discovery involving them is appropriate to determine the scope of their involvement with The Enterprise, and Montalbano has shown ongoing damages from delays.

    The first factor weighs in Plaintiff, Montalbano's, favor to lift the stay with respect to the Judicial Defendants and Montalbano's claims and as addressed in greater detail in the Motion to Lift Stay [#262] at pp9-12, Section III, C. No. 1;  and pp15-18 at No. 4.

2. Next the Judicial Defendants argue the *second String Cheese Incident* factor regarding Defendants is in their favor, stating discovery requests regarding the CIA, DOD, and etc. will burden [#264, ¶9]  and "disrupt the active judicial officers named as third-party defendants." [Id. ¶7]

As stated in; *Ruampant v. Mayniham,* Civil Action No. 06-cv-00955-WDM-BNB, at *3; in Montalbano's Motion to Lift Stay [#262, p13], it is duly noted by Courts in general that discovery is always burdensome for Defendants.

To clarify, the brunt of the Discovery requests to be made of the Judicial Defendants will center around them producing Certified Copies of their Oath of Office to the State and National Constitutions, obtaining information and record statistics related to Flynn's criminal (stalking) caseloads, and type and number of complaints filed with the Judicial Commission against the Officers and what Campbell did about them (if anything), this information will determine the specific reason(s) for their ongoing sworn duty failures; such as if these failures are separate prejudices, incompetency, and/or ongoing problematic performance patterns that result in their victims filing lawsuits against them to obtain Due Process justice, as seen with Flynn and his failure to perform his administrative duties [#50, Notice Related Case, Foster v. Flynn]; or if the failures are an integrated problematic pattern with The Enterprise and their public RICO frauds (as alleged [SACC, Claim 1]). Regardless, the Constitutional Rights violations and frauds placed upon multiple Colorado Courts are plainly a problematic pattern that must be remedied. [Id. Claims 13-16; #247, Section II]

The CIA, DOD, and related record requests will largely be made of counter-defendant Goode based on his public claims [SACC, ¶¶24-26; #121-3, #121-6], and the CIA's MKULTRA computer neural interfacing programs and related equipment [SACC, ¶¶127-206, and #121 Exhibits 9-17]; dependent on what records are produced will determine more fully what is requested of the Judicial Defendants regarding the CIA and

DOD, such as if they (or their families) received bribes, blackmail, or threats, to fail to perform.

Montalbano will only request relevant records, personal and sensitive data, as related to matters specifically at issue with each individual and will not be making general requests for 'everything under the sun' 'from everyone' but very specific requests to determine the factual matters at issue and what claims are appropriate to move forward against what parties and for negotiation and resolution purposes outside of litigation, while simultaneously streamlining matters and evidence appropriate for trial by jury; and whereby only the Jury may make determinations on disputes in matters of libel (defamation). [#217, Claim 10] (Colorado Constitution, Bill of Rights, Section 10)

It is to be duly noted, the need for discovery in this instant case involving the Judicial Defendants would have easily been avoided had Flynn simply faithfully performed his judicial duties in case 18CV50 as early as June 25, 2018; as CIA and DOD discovery requests would have simply been a regular part of his day job as a Judicial Officer and only asked of Defendant Goode. [#27, Notice Related Cases -Montalbano v. Goode] However, instead, Flynn and the other Judicial Defendants chose to maliciously burdened Montalbano since 2018 with excessive and unnecessary delays followed by lying and cover-ups to support The Enterprise's specified unlawful acts forcing Montalbano to endure years of defamation, cyberstalking and harassment [SACC, all Claims]. The Judicial Defendants' argument that the performance of discovery 'now'would suddenly burden them, falls flat in the face of the enormous amount of burdens they have maliciously imposed on Montalbano for years.

Judicial Defendants further argue the stay is appropriate with respect to them, because they have challenged jurisdiction and have filed a Motion to Dismiss. As stated in the Motion to Lift Stay [#262, Section III, B.] 'a stay pending resolution of a MTD is only appropriate when it appears a MTD will dispose of the entire case.' The Motions to Dismiss filed against Plaintiffs' Goode and GES's claims [#111] may dispose of their entire case, thus the stay for their claims is still appropriate. [#262, p3 at No. 5] However, the Judicial Defendant's MTD and all other filed pending Motions to Dismiss, will not dispose of all (if any) of Montalbano's counterclaims [Id. at p8 at No. 2-3], and the defamation claim alone ensures the impossibility of Montalbano's Counterclaims Complaint being completely disposed of as that matter must be determined by the Jury and is a clearly established inalienable Civil Right guaranteed in the Colorado State Constitution, Bill of Rights, Section 10; that the Judicial Defendants clearly violated. A stay is no longer appropriate or wanted by Montalbano as prior requested [#100, Stay Motion], agreed to, and filed prior Montalbano filing her counterclaims over one year ago, on December 22, 2020. Entry into discovery regarding Montalbano's counterclaims is now appropriate.

Lastly, this Court has jurisdiction over the Judicial Defendants pursuant Federal Statutes and Constitutional Laws. [#217, ¶¶16-21, Jurisdiction and Venue, and Section VIII. Demand For Trial by Jury]; and Montalbano showed the CGIA does not apply to the Judicial Defendants, therefore they cannot claim immunities or lack of jurisdiction based on it. Even if they could claim CGIA immunity (and they cannot), it still would not dismiss the Federal and Civil Rights Violation claims against them. [#247, Section III, C.]

Therefore, the *second string cheese incident* [#264 ¶10] factor remains in Montalbano's favor as the MTD [#222] filed by the Judicial Defendants will not dispose of all (if any) of Montalbano's claims against them and discovery is appropriate to determine the scope of their involvement in The Enterprise's Racketeering acts. [SACC, Claim 1]

3.   Next, Judicial Defendants state the *third String Cheese Incident* factor regarding the Court benefit, is in their favor and they cite the Court's Stay Orders [#182] from April 26, 2021 [#264 ¶10].  However, when those orders were issued it was not fully known that more witnesses were dying as further detailed in Montalbano's Motion to Lift Stay [#262, pp15-18 at No. 4]; and when the stay was first filed October 12, 2020 [#100], requested, and agreed to by Montalbano she had not filed an Answer or Counterclaims, which made it an appropriate request at the time. [#262, Section II, Relevant Procedural Background]

However, as stated in Montalbano's Motion to Lift the Stay, the Court will benefit by lifting the stay of Discovery related to Montalbano's claims, as Montalbano will continue to be the burdened party as she must perform inquiries, research, and various tasks to obtain records, evidence, and papers to determine each party's exact role in the Enterprise's Rackets and must modify the complaint to match the records, which will allow more matters to be streamlined and settled between the parties and some outside of Court. [Id. pp14-15 at No. 3]

Therefore the *third String Cheese Incident* factor of Court benefit, still weighs in Montalbano's favor, as Montalbano will be burdened with the work of continued investigations and reducing the amount of work this Court and its Officers need to address.

4. Next Judicial Defendants argue the *fourth String Cheese Incident* factor regarding non-parties is either 'neutral' or favors them and they again cite the Court orders from April 26, 2021 [#264, ¶11]. However, it is undeniable that the ongoing non-party deaths [#262, pp15-18 at No 4] show a clear and ongoing prejudice to Montalbano's case and to the non-parties who were needed for questioning and/or to testify that are no longer available. It is yet unclear if the two known deceased witnesses (Peterson [SACC ¶310 I., ¶311-312, ¶322 C.] and McCandlish [#247 pp15-18]) were actually murdered because of their involvement or knowledge regarding The Enterprise's public frauds and schemes. The stay does NOT favor the non-parties in any way to continue to be maintained and is not 'neutral' or in favor of the Judicial Defendants.

Additionally, many non-parties also benefit by discovery being entered because many are also victims of the ongoing RICO and Racketeering Acts of The Enterprise [#262 p19, Jordan Sather] and their testimonies will help put a stop to the harassment and frauds against them, as well as putting a stop to it against Montalbano, this will benefit everyone.[SACC, Claim 3]

Therefore, the fourth *String Cheese Incident* factor weighs in favor of lifting the stay of discovery with respect to Montalbano's case and claims and benefits non-parties by putting a stop to the same type of harassment, RICO frauds, and theft of Intellectual Property, that Montalbano has unfairly endured since 2018.

5. The Judicial Defendants close by saying the *fifth String Cheese Incident* factor, regarding public interest in the "efficient and just resolution" of the matter, weighs in favor of them

because they would be burdened by alleged 'premature' discovery. [#264, ¶12] Considering discovery should have occurred as early as July 2018 and only against Goode, discovery finally occurring over three years later is severely late and overdue.

Judicial Defendants also argue the tax payers' dollars would be wasted on 'premature' discovery, however, the tax payers dollars (including Montalbano's) have already been severely wasted since June 25, 2018 by each of the Judicial Defendants because they willfully failed to perform their sworn duties, for which the tax payers' dollars actually pay them for. Their repeat failures cost tax payers multiple unneeded expenditures due to at least six (6) unnecessary litigations occurring (including this one) [#247, p9, list of lawsuits]. Flynn's prejudice against Montalbano also resulted in multiple unnecessary Police and Sheriff station visits or phone calls by Montalbano [Id. p12, para. 2] asking anyone to do Flynn's job because he wasn't doing it and Campbell, Grove, Gomez, and Terry also did nothing to correct the problem pursuant their Oaths. Entry into discovery now with respect to Montalbano's counterclaims will in-fact, finally unburden the tax payers, by resolving issues that should have been resolved as early as 2018 and will prevent further frivolous lawsuits being opened by Goode, Yanaros, and The Enterprise against innocent American Citizens as promotional marketing stunts for their fake alien, fake dark alliance, and ongoing fake news narratives.  [SACC, Claims 1-6, 12-16; #254 Response to Yanaros and LWLF MTD (#233)]

Lastly, Montalbano is a not a state employee, is not paid by tax dollars; thus not costing the tax payers any money for the thousands of hours Montalbano has already spent researching the Enterprise's frauds and spent studying Court rules and processes since 2018. The public will clearly benefit by the claims finally being expeditiously resolved in

accordance with Due Process of Law and now putting a stop to The Enterprise's Rackets, rather than allowing The Enterprise to continue to drag matters all over the Colorado Court systems [SACC, Claims 12-16; #25 Notice Related Case, Goode v. Ramsaur et al.] to harass [SACC, claims 16-20], defame [Id. claim 10], and steal Intellectual Property and Trade Secrets from innocent people [Id. claims 1-5, 7-9] and use abuse of process to silence critics, make unlawful product sales, and receive illicit donations, [#254, Section III, LWLF Racketeering Acts; #121-2] while also using the lawsuits as public marketing and fake news promotional stunts. [Id. claims 1-6, 11; #254, Section IV. A. Due Process Violations – Extortion For Benefits]

Therefore, the *fifth String Cheese Incident* factor continues to weigh in favor of Montalbano as lifting the stay will put a stop to over three years of waste of tax payers dollars, and will finally bring the "efficient and just resolution" of matters at issue pursuant Due Process of Law and will protect the public by stopping the ongoing frauds of The Enterprise by finally properly addressing and correcting their Racketeering patterns.

### III.    CONCLUSION

6.    WHEREFORE, the Judicial Defendants have no immunities and their MTD [#222] will not dispose of Montalbano's counterclaims [#217] and the five String Cheese Incident factors all now weigh in favor of Montalbano and Granting her Motion to Lift the Stay of Discovery [#262] to bring a speedy, just, and proper resolution, in and out of Court, on matters at issue pursuant Due Process of Law and will streamline claims appropriate for Trial by Jury. (Colorado Constitution, Article II, Sections 10 and 25; U.S. Constitution, Bill of Rights, Article V)

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of December 2021 a copy of the foregoing Reply was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system.
(FRCP Rule 5).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen