IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Plaintiffs,

v.

WEIDNER, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY,
BRAD WARKINS, and KIERSTEN MEDVEDICH

                                                  Defendants.

-------------------

ALYSSA CHRYSTIE MONTALBANO, individually,

                                                  Counterclaimant,

v.

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                  Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC; DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE,
DIANA TERRY, and CHRISTINA GOMEZ,

                                                  Third-Party Defendants.

---

**DEFENDANT JAY WEIDNER'S RESPONSE TO
MOTION TO LIFT DISCOVERY STAY**

**COMES NOW,** Jay Weidner ("Weidner"), through undersigned counsel, without waiving any rights pursuant to his filed and currently pending Motion to Dismiss (Dkt. 129), responds to Defendant, Counterclaimant and Crossclaimant Alyssa Montalbano's ("Montalbano") Motion to Lift Discovery Stay:

1. This case, still in its infancy, has already developed a complicated procedural history. Stated succinctly, Plaintiffs filed their Complaint in March 2020. (Dkt. 1). Plaintiffs subsequently filed a First Amended Complaint (Dkt. 36) and a Second Amended Complaint (Dkt. 204-1).

2. Around that time, on October 12, 2020, Defendants Weidner, Gaia, and Montalbano filed a Motion to Stay Discovery ("First Motion to Stay") (Dkt. 100) and argued that the factors set forth in *String Cheese Incident* and its progeny weighed in favor of staying these proceedings. *See String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4–5 (D. Colo. Mar. 30, 2006); *Aurora BankSB v. Network Mortg. Servs.*, No. 13-cv-00047-PAB-KLM, 2013 U.S. Dist. LEXIS 86067, at *4 (describing the *String Cheese Incident* factors with more specificity). Those factors are (1) Plaintiffs' interests in proceeding expeditiously with discovery and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of non-parties in staying or proceeding with discovery; and (5) the public interest in staying or proceeding with discovery. *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, at *4–5. Each of the five factors weighed in favor of a stay of discovery back in October 2020 and weigh just as much—if not more—in favor of the continued stay in discovery at this time.

2

3. Indeed, for all those same reasons, a stay of discovery in these proceedings is still warranted, and the arguments in the First Motion to Stay are incorporated herein.

4. First, Montalbano (as the movant) has failed to proceed expeditiously with the action given that she had, in fact, previously joined in the First Motion for Stay and requested a stay of these proceedings for the past several months.

5. Moreover, there would still be significant prejudice to and undue burden on the other parties and defendants if they are forced to begin discovery at this point.

6. Weidner still has a pending motions to dismiss with the Court and because Plaintiffs are currently asserting somewhere between 13 and 17 claims—depending on how one interprets the claims asserted in the Second Amended Complaint—discovery would cover a wide variety of issues, involving numerous individuals and an incredible number of documents.  This position is only bolstered by the subsequent filings in this case, the added parties, and the added claims caused by Montalbano's counterclaims, crossclaims, and third-party claims.  Given that Weidner's Motion to Dismiss may resolve many (if not all) of the claims asserted against him, engaging in discovery on claims that will be dismissed (and participating in a case that may not even involve him) would be both prejudicial and wasteful to the parties'—and this Court's resources.  *String Cheese Incident*, 2006 U.S. Dist. LEXIS 97388, at *5.  Thus, the first and third factors weigh in favor of keeping the stay in place.

7. Moreover, as Weidner, Montalbano, and Gaia argued in the First Motion to Stay, proceeding with discovery at this time will necessarily result in discovery being conducted in multiple phases if the case proceeds.  Because many of the Defendants (with the notable exception of Montalbano) have not yet pleaded any counterclaims, discovery now would not

include all the relevant evidence to those potential claims.  Accordingly, the second factor likewise weighs in favor of keeping the stay in place.

8. As to the fourth factor, proceeding with discovery now will also burden non-parties who would otherwise be spared the inconvenience of being involved if Plaintiffs' or Montalbano's claims are otherwise disposed of.  If anything, this factor weighs more heavily in favor of a stay at this time than it did in October 2020 given the additional parties, claims, and legal theories now at issue in this case.

9. The fifth factor likewise weighs in favor of a stay because of the public's general interest in the just and efficient resolution of this matter.  Maintaining the stay and avoiding wasteful efforts by the Court and litigants serves this interest.  *Banks v. Colo. Dep't of Corr.*, No. 13-cv-02599-KLM, 2014 U.S. Dist. LEXIS 164396, at *5–6.

10. On April 24, 2021, the Court issued its Order (Dkt. 182) on the First Motion to Stay. Therein, the Court ordered a stay in discovery, in large part agreeing with Weidner's, Gaia's, and Montalbano's arguments that the pending dispositive motions could potentially moot the need for discovery entirely.  (Order at 4) ("… determining whether all, some, or no claims will proceed will streamline (or eliminate) the discovery process and any potential accompanying discovery disputes.").

11. The Court's reasoning applies with even more force now given that Weidner's Motion to Dismiss is still pending and various motions practice and filings have increased the complexity and scope of this litigation considerably.

12. Indeed, in the time since this Court issued a stay on discovery, Montalbano and other parties have engaged in various motions practice, and Montalbano subsequently filed various claims counterclaims, crossclaims, and third-party claims.  (Dkt. 204-1).  This increased scope of

4

potential discovery (given the additional parties and claims) makes a stay even more necessary—especially given the pending dispositive motions.

13. Despite this, Montalbano reversed her prior position and filed her Motion to Lift Discovery Stay without articulating why any of the *String Cheese Incident* factors no longer weigh in favor of a stay given that little has changed to alter the analysis. (Dkt. 262).

14. Because little has changed and, if anything, a stay in discovery is now even more necessary than before, Defendant Weidner requests that this Court deny Defendant Montalbano's motion, under the same rationale argued in his, Gaia's, and Montalbano's First Motion to Stay (Dkt. 100) and the reasoning set forth in the Court's Order on that motion. (Dkt. 182).

WHEREFORE, Weidner respectfully requests that the Court deny Montalbano's Motion to Lift Discovery Stay, and the Court continue to stay discovery until the resolution of pending motions to dismiss occurs, and until after any party that remains in the action has filed its responsive pleading to any remaining claims, together with such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of December, 2021.

**BURNHAM LAW**
By:

*/s/ Ashlee N. Hoffmann (Duly Signed)*
Ashlee N. Hoffmann, Atty. Reg. No. 53818
The Burnham Law Firm, P.C.
2760 29th Street, Suite 1E
Boulder, CO 80301
Phone: 303-990-5308
Email: ashlee@burnhamlaw.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that on the 30th day of December, 2021, a true and correct copy of the foregoing **DEFENDANT JAY WEIDNER'S RESPONSE TO MOTION TO LIFT DISCOVERY STAY** was filed and served via the CM/ECF and all parties as listed below were electronically served via same with the exception of Cliff High, who has been served via email.

**Attorney for Plaintiffs, and Third Party Defendants Light Warrior Legal Fund, LLC, and Valerie Yanaros Wilde, and Counter Defendant Goode Enterprise Solutions, Inc.:**
Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs
Suite 300
Addison, TX 76001
Phone: 512-826-7553
Email: valerie@yanaroslaw.com

**Attorney for Defendant Benjamin Zavodnick**:
Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Boulevard
Suite 210
Boulder, CO 80302
Phone: 303-926-0410
Email: mlaszlo@laszlolaw.com

**Attorneys for Defendants Gaia, Inc., Jirka Rysavy, Brad Warkins, and Kirsten Medvedich**:
Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilbert, LLP
1740 Broadway
New York, NY 10019
Phone: 212-237-1488
Email: ddingerson@dglaw.com
ischer@dglaw.com

**Defendant Alyssa Montalbano**, *Pro Se*:
2536 Rimrock Avenue
Suite 400-117
Grand Junction, CO 81505
970-250-8365
Email: LegalZenACM@Gmail.com

**Third Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Dianna Terry, and Christina Gomez**:
Dmitry B. Vilner
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720-508-6645
Email: Dmitry.Vilner@coag.gov

**Third Party Defendant Elizabeth Lorie**:
Timothy M. Murphy
Alicia Margaret Reinken
Robinson & Henry PC
7555 East Hampden Avenue, Suite 600
Denver, CO 80231
Phone: 303-338-2365
Email: tim@robinsonandhenry.com

*/s/ Elisa Taute (Duly Signed)*
Elisa Taute, Paralegal