IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                     Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                     Defendants.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

                                                   Third-Party Defendants.

---

JAMES COREY GOODE, GOODE ENTERPRISE SOLUTIONS INC., LIGHT
WARRIOR LEGAL FUND, LLC; VALERIE YANAROS' OBJECTION TO MOTION TO
LIFT STAY OF DISCOVERY

### I.  Introduction

James Corey Goode, Goode Enterprise Solutions Inc., Light Warrior Fund, LLC and Valerie Yanaros ("Defendants") submit their response in opposition to Alyssa Montalbano's ("Montalbano") Motion to Lift Stay of Discovery:

### II.  Brief Summary of Argument

This Court has stayed discovery in order to dispense with pending motions. Montalbano requests special treatment with regard to her counterclaims without just reason. Her motion should be denied.

### III.  Arguments and Authorities

When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Nothing requires a court to make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case.

**1. The plaintiffs' interests in expeditiously litigating this action and the potential prejudice to plaintiffs of a delay**

This case was filed in March of 2020. Since then, Goode moved this case forward as expeditiously as possible, and has worked with all defendants to address any alleged deficiencies in their pleadings by amending their complaint. This court stayed discovery to dispense with various pending motions that involve Montalbano. Montalbano has previously moved for a stay in

2

discovery (See Docket 102). Montalbano should not be allowed to go against her previous stance on a limited basis.

### 2. The burden on the defendant

The burden on Defendants is high. Defendants would be burdened to undertake discovery when dispositive motions are pending.

### 3. The convenience to the court

Beginning discovery at the current status of the case is not convenient—the Court is addressing a multitude of issues with regard to the case. Some are dispositive. Allowing discovery to continue would only burden the court.

### 4. The interests of persons not parties to the civil litigation

In the interest of persons not parties to the litigation, the forward movement of this case through discovery would further burden litigation on those parties not directly involved.

### 5. The public interest

Pursuing discovery prior to resolution of the pending motions to dismiss would create further time and monetary constraints on the public justice system.

**CONCLUSION**

Based on the arguments and authority contained herein, Plaintiffs respectfully request this Court DENY Montalbano's Joint Motion to Lift Stay.

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Respectfully submitted this 31st day of December, 2021.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 31st, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:   *s/ Valerie Yanaros*
      Valerie Yanaros

## CERTIFICATE OF CONFERRAL

Pursuant to Judge Domenico's Practice Standard III(D)(1), in the case of parties proceeding pro se, parties are not required to confer.