# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;  David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,  Elizabeth Lorie, Brian James Flynn, William Campbell,
Matthew Grove,  Diana Terry, and Christina Gomez

Third-Party Defendants.

**ALYSSA MONTALBANO'S REPLY
TO GOODE, GES, LWLF, AND YANAROS RESPONSE [#269]
IN SUPPORT OF MOTION TO LIFT STAY OF DISCOVERY [#262]**

Third-Party Plaintiff and Counter-Claimant Alyssa Chrystie Montalbano, in Reply to: JAMES COREY GOODE, GOODE ENTERPRISE SOLUTIONS INC., LIGHT WARRIOR LEGAL FUND, LLC; VALERIE YANAROS' OBJECTION TO MOTION TO LIFT STAY OF DISCOVERY [#269]; and in support of Granting the MOTION TO LIFT STAY OF DISCOVERY ("the Motion") [#262] states as follows:

## I.        INTRODUCTION

Primarily, James Corey Goode, GOODE ENTERPRISE SOLUTIONS, INC. ("GES"),   and LIGHT WARRIOR LEGAL FUND, LLC. ("LWLF") by and through their counsel, Ms. Yanaros, and Valerie Yanaros (on her own behalf) ("Defendants") argue Montalbano's Motion to Lift the Stay should be denied because allegedly Montalbano is asking for 'special treatment.' [#269, Section II] Ms. Yanaros then provides a very bare recitation of the five String Cheese Incident Factors [Id. Section III] and states Montalbano previously moved for the stay and (sic) "should not be allowed to go against her previous stance on a limited basis." [Id. Section III, No. 1]  The Response paper fails to make any arguments against any of the specified facts presented in the Motion. Mostly, Defendants ignore everything in the Motion and thereby the four Defendants have agreed with Montalbano's specified arguments.

## II.   FIVE STRING CHEESE FACTORS STILL IN FAVOR OF LIFTING THE STAY FROM MONTALBANO'S COUNTERCLAIMS

1. The *First String Cheese incident factor* (prejudice to the Plaintiff, Montalbano) is only addressed in the most basic of sense, whereby Defendants state Montalbano "previously moved for a stay in discovery" and "should not be allowed to go against her previous stance on a limited basis." Ms. Yanaros, then proceeds to cite Mr. High's Motion to Stay [#102] and not the Joint Motion to Stay [#100] that included Montalbano, [#269, Section III, No. 1] however, Montalbano has construed this to be a typo and will treat it as if a reference to the Joint Motion to Stay ("Stay Motion").

   Montalbano showed in her Motion to Lift Stay [#262] that her counterclaims are not dependent on Plaintiffs/Counter-Defendants Goode and GES's claims [#111] moving forward or not and that their claims may in-fact be disposed of completely by its pending Motions to Dismiss. [#262, pp3-4, Section II, Nos. 5-6]  Montalbano also showed her claims are not dependent on any other party's claims moving forward or not and that none of the pending 'dispositive' Motions to Dismiss can dispose of all (if any) of Montalbano's claims.  [Id. pp4-5 Section II, Nos. 11-12;  p8 Section III B.] The Motion also showed personal ongoing damages were occurring to Montalbano since the filing and granting of the Stay Motion and Montalbano provided supporting facts and evidence showing that a lifting of the stay now, as specified, is appropriate with respect to Montalbano and her claims. [Id. pp9-12, Section III, C. No. 1] Therefore, the first factor remains in Montalbano's favor to lift the stay.

Montalbano also reminds the Court of the following facts:

A. Goode and GES filed their claims March 17, 2020 and summoned Montalbano May 12, 2020. [#262, p3 Section II, No. 1]

B. May 12, 2020 through to October 12, 2020 [#100, GAIA, Weidner, and Montalbano Joint Motion to Stay] and through to April 26, 2021 [#262, p4 Section 1, No. 9 - Joint Motion to Stay Granted] at no time did Plaintiffs (Goode and GES) make any discovery requests of Montalbano by and through their counsel Ms. Yanaros. (approximately one year)

C. Goode and GES by and through their counsel, Ms. Yanaros, argued to enter discovery and opposed the following Stay Motions:

    (i)    Mr. Highs Motion to Stay [#102, filed October 9, 2020]; Ms. Yanaros filed an opposition Response at Docket 106 on October 30, 2020.

    (ii)    GAIA, Weidner, and Montalbano's Joint Motion to Stay [#100, filed October 12, 2020] Ms. Yanaros filed an opposition Response at Docket 107 on November 2, 2020.

The Court should duly note Ms. Yanaros and her clients, Goode and GES, have changed their discovery position to be opposite their prior position (pro-discovery) and now they argue in favor of the stay. Logically, they should still want to make discovery requests, even if limited to Montalbano.

Montalbano reasonably believes Plaintiffs Goode and GES never intended for their case and claims [#111] to enter discovery and were using this case and other malicious cases [#217 ("SACC"), Claim 15 Malicious Prosecutions] solely as part of their public frauds and Racketeering acts [SACC, Claims 1-5; and [#254] pp7-18, Sections III - V] to destroy competitors' reputations [SACC claim 10 defamation], gain fame, followers and notoriety, all while garnering illicit donations and gifts from the public via LIGHT WARRIOR LEGAL FUND, LLC ("LWLF") [SACC, Claim 11 Money Laundering, ¶579; #121-2 LWLF donation scams] and other Enterprise scams [#262, p9-12 Section III, C.], as no discovery requests were made of Montalbano before the Stay was requested and granted. It is reasonable to assume Ms. Yanaros, having attended law school and being a lawyer with approximately 10 years of experience now **(EXHIBIT 1 - Mesa Court Yanaros "Motion for Attorney's Fees" (relevant pages only), filed February 25, 2020** [#222-4 p3 –Mesa Register of Actions]**)** knows she can begin discovery requests at the filing of a complaint and whereby Montalbano, not having the privilege of attending law school and being prejudiced as a pro se litigant, was not aware of this Right until recently and incorporates by reference the explanation seen in Montalbano's Reply [#272 at p4 last paragraph, thru p5] to Weidner's Objection Response [#268] to Motion to Lift Stay. [#262]

2. The *Second String Cheese incident factor* (burden on Defendants) is only addressed in the most basic of sense. Defendants state the obvious: that discovery burdens defendants. Montalbano already addressed this in the Motion citing that

discovery is generally acknowledged by Courts everywhere to be burdensome on Defendants. (See: Ruampant v. Moynihan, Civil Action No. 06-cv-00955-WDM-BNB, at *3  (D. Colo. Aug. 14,2006)) [#262, pp12-14, Section III C. No.2 a.] Defendants failed to show any 'beyond ordinary burdens' that would be imposed upon them to warrant the continued stay for Montalbano's claims, conversely Montalbano showed there would be further prejudice to her claims for the stay to be maintained. [#262, pp12-14, Section III C. No.2]

It is to be duly noted, there is the added problem that basically all Defendants to Montalbano's counterclaims have lied on and/or off multiple Court records since at least June 25, 2018, [Illustrative Examples: #217 (SACC): Goode ¶674; Yanaros ¶675, [#99];   GES ¶105, ¶579 A.;   LWLF ¶52, ¶329, ¶579 C.;   Flynn ¶637; Terry, Grove and Gomez ¶684,   Campbell ¶372 b., ¶742, [#247 pp5-7 Section II B.]; and Lorie ¶8, ¶262, and [#271]] this means any 'Answers' they provide to the Counterclaims prior Discovery record requests (even under penalty of perjury) will likely be completely useless and a waste of everyone's time as they will also likely lie in their "Answers" which will further burden Montalbano to have to read and point out the false statements and will also burden the Court with unnecessary work. Alternatively, as proposed in The Motion, this problem can largely be averted by discovery taking place for Montalbano's claims prior Answers being filed and Montalbano will amend her complaint to match the factual records, which will streamline matters for this Court and its Judicial Officers, as Montalbano will only move forward claims supported by fact, law, and evidence and will make every effort

to negotiate appropriate resolutions with each party outside of litigation and/or Trial by Jury.

Therefore, Defendants failed to show 'beyond ordinary burden' to themselves and Montalbano showed in the Motion discovery will in-fact ease the litigation process; thereby the second String Cheese incident factor remains in Montalbano's favor.

3. Next Defendants cite the *Third String Cheese Incident factor* (benefit to the Court) and state it's not 'convenient' to the Court to open discovery for the case, because some motions are dispositive, Ms. Yanaros is likely referring to her clients' Goode and GES's claims [#269, p3, No.3] as she failed to address or rebut with particularity that Montalbano showed in the Motion none of the pending dispositive motions (Motions To Dismiss) can dispose of Montalbano's case and claims and that Montalbano's case is not dependent on Goode and GES's claims moving forward or not. [#262, p8, Section III B.] Montalbano also showed the benefit to the Court in opening discovery for Montalbano's claims. [Id. pp14-15, Section III C. No.3] Therefore, the third String Cheese factor remains in Montalbano's favor.

4. The *Fourth String Cheese Incident factor* (non-parties) is only addressed with a general 'argument' that it would burden non-parties. Defendants failed to address factors specified in the Motion and failed to overcome how Montalbano's non-party witnesses 'dying' does not in fact prejudice Montalbano's counterclaims. Conversely, Montalbano showed a very clear benefit to lifting the stay for non-parties: they will be alive to testify. [Id. pp15-18, Section III C. 4]

5. The last argument by Defendants is that the *Fifth String Cheese Incident factor* (the public) is in favor of the stay, alleging that entering discovery would create time and monetary constraints on the public justice system. This similar argument was also brought up by the Judicial Defendants in their Objection Response [#264] to Montalbano Motion to Lift Stay and Montalbano incorporates by reference her argument in her Reply to the Judicial Defendants showing that the tax payers and Court systems will in-fact be unburdened by Montalbano's case and claims finally proceeding into discovery [#267, pp9-11 at No. 5]. The Defendants also failed to address or overcome arguments in the Motion showing The Enterprise will not stop lying to the public or running massive frauds and Racketeering schemes (often based on Montalbano's original Intellectual Property [SACC, Claim 9 Copyrights]), unless the Court intervenes and orders them to stop. [#262, Section III C. No. 1 and No. 5] Therefore, the fifth String Cheese incident factor remains in Montalbano's favor.

### III.  CONCLUSION

WHEREFORE, Defendants Goode, GES, LWLF, and Yanaros, have failed to show any supporting facts, evidence, or reasons in their Objection Response [#269] to Montalbano's Motion to Lift Stay of Discovery [#262] that would warrant a continued stay on Montalbano and her claims [#217] and have failed to address or overcame any of Montalbano's specified reasons seen in the Motion, AND whereby Montalbano has shown in the Motion the five String Cheese Incident factors weigh in Montalbano's favor, and this Court should Grant Montalbano's Motion

to Lift the Stay as specified, along with any other such relief this Court deems fair to bring a speedy, just, and proper resolution to all matters at issue pursuant Due Process of Law. (Colorado Constitution, Article II, Sections 10 and 25; U.S. Constitution, Bill of Rights, Article V).

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1)

### CERTIFICATE OF SERVICE

I certify that on this 16th day of January 2022 a copy of the foregoing Reply was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5).

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen