IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs,

v.

GAIA, INC,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

      Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Third-Party Alyssa Montalbano's ("Ms. Montalbano") **Motion for Clerk's Entry of Default and Default Judgment Against David Wilcock and Wilcock Foundation Pursuant to FRCP 55(a) and (b)(1), FRCP 12(a)(1)(B), and FRCP 4(d), (e), and (h)** [#218][1] (the "Motion").

The Motion [#218] was filed on June 19, 2021. On June 21, 2021, the Clerk of Court entered default as to Third-Party Defendants David Wilcock ("Wilcock") and Wilcock Spiritual Healing and Empowerment Foundation pursuant to Ms. Montalbano's request in the present Motion [#218]. *See* [#219]. At Ms. Montalbano's later request, *see* [#228], the Court denied without prejudice the Motion [#218] to the extent she sought entry of default judgment against Mr.

---

[1] "[#218]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

- 1 -

Wilcock.  *See Minute Order* [#258] at 2.  Thus, the only part of the Motion [#218] remaining to be determined is the request for default judgment against the Wilcock Spiritual Healing and Empowerment Foundation, which the Court referred to the Clerk of Court pursuant to the plain language of Fed. R. Civ. P. 55(b)(1): "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an in competent person."  *See id.* at 1-2.

However, since that time, it has come to the Court's attention that the original entry of default was improperly entered by the Clerk of Court on June 19, 2021.  *See* [#219].  Ms. Montalbano filed her "Original Counterclaims Complaint" [#120] on December 22, 2020.  On June 8, 2021, Ms. Montalbano filed a request to amend her counterclaims.  *See* [#208].  On June 18, 2021, the Court granted that request and directed the Clerk of Court to accept her "Answer and Second Amended Complaint" for filing as of the date of the Minute Order.  *See* [#216].  The present Motion [#218] seeking entry of default and default judgment against Mr. Wilcock and the Wilcock Spiritual Healing and Empowerment Foundation was filed the next day.  However, it is clear from the Motion [#218] that these two Third-Party Defendants have never been served with the currently operative amended counterclaims located at Docket No. 217.  In other words, the Motion [#218] is based on service of counterclaims [#120] which are no longer operative and therefore, for purposes of this case, are moot.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion . . . directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion [regarding] the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that

defendants' motions are "technically moot because they are directed at a pleading that is no longer operative").

Mr. Wilcock and the Wilcock Spiritual Healing and Empowerment Foundation have not "failed to plead or otherwise defend" because there is no indication that they have been served with the operative counterclaims at Docket No. 217.  *See* Fed. R. Civ. P. 55(a).  Because the Court had accepted Ms. Montalbano's amended counterclaims before Ms. Montalbano filed the Motion [#218], the Court finds that the Clerk of Court's entry of default was improper.  This is especially true here where the Motion [#218] explicitly points to damages purportedly outlined in the amended counterclaims at Docket No. 217, damages which Mr. Wilcock and the Wilcock Spiritual Healing and Empowerment Foundation have never been apprised of based on the record before the Court.  *See, e.g., Motion* [#218] at 5.  Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#218] be **DENIED without prejudice** and that the Clerk of Court's Entry of Default [#219] as to Mr. Wilcock and the Wilcock Spiritual Healing and Empowerment Foundation be **STRICKEN**.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."); *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) ("The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970))).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999);

- 4 -

*Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 14, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge