# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

━━━━

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

**————**

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

**————**

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

## UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL TO PRO SE LITIGANT ALYSSA MONTALBANO

Comes now, Defendant, Counter Claimant and Third Party Plaintiff, Alyssa Chrystie Montalbano, pro se litigant, and moves the Court to Assign Counsel to Montalbano pursuant 28 U.S.C. §1915(e)(1) to proceed in forma pauperis; and D.C.Colo.LattyR 15, the court's Civil Pro Bono Representation rule; where a Judicial Officer of this Court may enter an Appointment Order authorizing appointment by the Clerk of a member of the Court's Civil Pro Bono Panel when the following considerations weigh in favor of appointment:

### I.      Conferral

Montalbano has conferred with all appeared parties and/or their counsels in this instant case regarding this Motion.

No parties are **Opposed** to the relief requested herein.

The following parties have **No Objection** to the relief requested herein: GAIA, Jirka Rysavy, Kiersten Medvedich, Brad Warkins, and Jay Weidner.

The following parties have **No Position** on the motion or relief requested herein: Benjamin Zavodnick, Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, Christina Gomez, Elizabeth Lorie, James Corey Goode, GOODE ENTERPRISE SOLUTIONS, LIGHT WARRIOR LEGAL FUND, and Valerie Yanaros.

## II.      Relevant Procedural Background

1.  This primary RICO case was initiated by Plaintiff's, Goode and GOODE ENTERPRISE

    SOLUTIONS INC ("GES"), March 17, 2020 and summoned Montalbano as a Defendant,

    May 12, 2020. [#14]

2.  This instant case and situation involving Montalbano stems back further than just this instant

    case and involves multiple related Cases and multiple Colorado Courts.

    [#25, #27, #50, and #105 Notices of Case Associations;  #217 (SACC), ¶¶225-279 five

    retaliatory cases by Goode and Yanaros and judicial officer failures, and see Claims: 13

    Deprivation Civil Rights, 14 Abuse of Process, 15 Malicious Prosecutions, and 16 Extortion]

    a.  Mesa District Civil Court cases:

        (i.)    Montalbano v. Goode 18cv50 (June 2018 – September 2020); and

        (ii.)   19C807 Montalbano v. Goode (July 3, 2019), seeking Injunctive Relief from

                defamation and cyber stalking/harassment.

    b.  Broomfield Combined Court cases:

        (i.)    18C103 Goode v. Montalbano (July 17, 2018 – August 6, 2018), stalking case

                dismissed in Montalbano's favor; and

        (ii.)   20C32 Goode v. Montalbano (March 11, 2020 – June 22, 2020), stalking case

                dismissed in Montalbano's favor.

    c.   Colorado Court of Appeals Case:

        (i.)    20CA1775 Montalbano v. Goode, case 18cv50 appealed for Constitutional Rights

              Violations. (October 14, 2020 – February 2021)

    d.   Denver Federal Court cases:

        (i)     This instant case, Goode v. Montalbano and et al.; and

        (ii)    1:18-cv-02060-RM-GPG Montalbano v. Goode

             (August 13, 2018 – December 3, 2018), case 18cv50 improperly removed by

             Goode and Yanaros to Denver Federal Court.

### III.    ARGUMENTS FOR ASSIGNING COUNSEL TO MONTALBANO

1. IN SUPPORT of Granting this Motion and assigning counsel to pro se litigant Montalbano, Montalbano states as follows:

    a.   Montalbano is not a lawyer by profession and is an artist, dream researcher, and author by trade.

    b.   28 U.S.C. §1915(e)(1) (Proceedings in forma pauperis) states:

        "The court may request an attorney to represent any person unable to afford counsel."

        and D.C.Colo.LattyR 15(e)(1)(C) states:

"(e)(1) The following unrepresented parties are eligible for appointment of pro

bono counsel:… (C) after demonstrating limited financial means, an

unrepresented non-prisoner who has paid any filing fee in full."

Montalbano is an unrepresented non-prisoner and has paid any filing fees in full and

has been unable to afford counsel since June 2018.

The attached Pandemic Unemployment Assistance (PUA) records for 2020 and 2021,

and tax records for 2020 and 2021; filed as **Exhibit A** herewith as

"Restricted – Level 2" pursuant local rule, D.C.Colo.LCivR 7.2; show Montalbano

has limited financial means.

c.   D.C.Colo.LattyR 15(e)(2) states counsel may be appointed for a defendant

responding to a complaint.  Montalbano is a defendant responding to a complaint.

[#217, Answers]

d.   The Colorado State Constitution states in the Bill of Rights; Article II,

Section 6, "*Equality of justice.* **Courts of justice shall be open to every person, and

a speedy remedy afforded for every injured person, property or character, and

right and justice should be administered without sale, denial or delay**." (emphasis

added) Montalbano requires Counsel for her inalienable Right to the Equality of

Justice to be honored. This is a very complex case requiring someone with legal

knowledge and training to instruct Montalbano in Court formalities and processes.

e.   The Constitution of the United States of America states in the Bill of Rights,

Article V, "…nor be deprived of life, liberty, or property, without due process of law;

nor shall private property be taken for public use without just compensation." and

Colorado Constitution, Article II, Section 25, states: "*Due process of law. No person shall be deprived of life, liberty, or property, without due process of law.*"

Montalbano requires Counsel to both: 1) follow Due Process of Law and  2) have her Constitutional Right to Due Process of Law be upheld throughout the litigation process; and Court Rules provide for this appointment to be made.

## COMMON FACTORS TO DETERMINE APPOINTMENT OF COUNSEL

2. The common factors used by the Court (D.C.Colo.LattyR 15(f)) to determine if appointment of counsel is appropriate are: (1) Nature and Complexity of the action  (2) Merits of the claims or defenses of the unrepresented party (3) Demonstrated inability of unrepresented party to retain an attorney by other means; (4) The degree to which the interest of Justice, including benefits to the Court, will be served by appointment of counsel.

Montalbano's case and claims meet all the requirements for appointment of Counsel:

   a.  Nature and Complexity of the action;

       i.  This instant case is highly complex, involving multiple Courts, multiple related cases and multiple parties; along with involving the welfare of millions of people (non-parties) in the general public being victimized by the Racketeering acts of The Enterprise, in addition to Montalbano.

           [#217 Claims: 1 - RICO; 2 – Fraud;  3- Violation CCPA; 4 – Mail Fraud; and 5 – wire fraud]

       ii.  There are at least six other Court cases related to this one (totaling seven cases), that involve Montalbano and Goode. (See above at Section II)

iii.   There are 20 counterclaims [#217 (SACC)] that involve multiple Judicial

Officers (Flynn, Grove, Gomez, Terry, Campbell [¶¶9-13]), attorneys

(Yanaros, Lorie [¶¶7-8]) and public figures (Goode [¶2], Wilcock [¶5], and

non-parties Jenny McCarthy [¶24 m, ¶390-391] and Steven Tyler [¶395-397]),

that center on RICO frauds [Claims 1-5] and black operation CIA remote

neural frequency assault programs [¶127-200] for trafficking. [Claim 6]

iv.   There are likely to be unknown corporate entities [¶15,] and CIA, DOD and

related government personnel (John and Jane Does [¶14]) who will need to be

summoned either to testify as non-parties or be added as defendants to claims.

v.   If discovery proves involvement of government and government programs,

this will inevitably make the case even more complex with investigations,

record gathering, and case management.

This case clearly qualifies as a complex case, involving matters of Federal Law and

Constitutional Civil Rights violations that impact not only Montalbano's personal and

professional life and welfare, but also millions of people in the general public as well as local

residents of the State of Colorado. [#121-7 at p2, Goode and Wilcock millions of views and over

half a million followers]

Therefore, the first factor weighs in favor of assigning counsel to Montalbano, as this is a

complex case and counsel is required to ensure Due Process of law (for all parties) moving

forward.

b.   Merits of the claims or defenses of the unrepresented party

i.   Counter-Claimant and Third-Party Plaintiff, Montalbano, has shown her claims are with Merit, even the unusual ones involving remote frequency neural assaults (neural interfacing) associated with Goode's CIA MKULTRA mind control programs [¶¶24-26], easily explained with neuroscience and radio frequency broadcasts non-consensually targeting victims' brains. [SACC,  ¶¶127-197 CIA and Remote Neural Technology, ¶129 U.S. Senate Hearings on MKULTRA; #225-4 Havana Act of 2021 – Neuroweapons/brain injuries CIA] (and See **EXHIBIT 1** - Chile becomes first country to pass Neuro Rights Law.[1])

ii.   Counter-Claimant and Third-Party Plaintiff, Montalbano, has also already proven on this Court record with prior filed (tangible) Dream Vision Intellectual Property records from the Mesa Court record that even her unusual (and exceedingly rare) Trade Secret Intellectual Property claim is with merit.  [#231 at pp11-15, with Exhibit #231-2: tangible dream record of foreseeing and documenting covid vaccine controversies prior occurrences in waking states] All of Montalbano's Trade Secret IP information must be protected from fraud dream 'teacher' Defendants, Goode [¶¶24-26] and Wilcock [¶28], along with ordering Montalbano's records (Intellectual Property) not be delivered to any third parties, institutions or government programs, without just compensation to

---

[1] https://en.unesco.org/courier/2022-1/chile-pioneering-protection-neurorights and
https://www.straitstimes.com/world/in-the-face-of-neurotechnology-advances-chile-passes-neuro-rights-law

Montalbano (U.S. Constitution, Bill of Rights, Article V) for the incredibly valuable records being obtained through fraud and Racketeering Acts. [SACC, Claims 7-9, Trade Secrets, Espionage, and Copyrights]

iii.    Defendant, Montalbano will also prove her innocence of Goode and GES's claims against her with entry into discovery and production of records that further support Montalbano's Answers. [#217, Answers]

iv.    Third-Party Plaintiff, Montalbano has shown her clearly established Constitutional Rights have been violated by the summoned judicial officers and attorneys, notably the inalienable Right to Due Process of Law, along with overt denial of Constitutional Rights on Court records [¶¶682-683], lying on Court records [¶¶635-643], failing to follow Court Rules [¶664, ¶¶684-689]  and denial of the inalienable Constitutional Right to trial by Jury for the matter of Defamation, along with overt abuse of process. Montalbano also showed these repeat, malicious, and willful performance failures disqualified all those with Oaths of Office from any immunities, as they all failed to perform the protected tasks and uphold their Constitutionally sworn duties.  [#225 Montalbano Response to Lorie MTD; #247 Montalbano Response to Judicial Defendants MTD; #254 Montalbano Response to Yanaros MTD;  and SACC Claims: 13 Deprivation Civil Rights,   14 Abuse of Process, 15 Malicious Prosecutions, 16 Extortion]

Plaintiff Montalbano has shown her case and counterclaims are with merit and is prepared, as a Defendant, to prove her innocence of Goode and GES's claims; the second factor weighs in favor of assigning counsel to Montalbano as all her claims, even the unusual ones, are with merit and backed by fact, law, and evidence.

c.   Demonstrated inability to retain an attorney by other means;

Montalbano has tried to retain counsel for years (Since June 25, 2018, opening of case 18CV50, Mesa District Civil Court) but has been unable to do so, see **EXHIBIT B** [2], filed herewith as "Restricted – Level 2" pursuant local rule, D.C.Colo.LCivR 7.2.

i.      The Mesa County Pro Se clinic – Did not handle Montalbano's type of case and claims. (18CV50, Mesa District Civil Court)

ii.     Montalbano has made multiple requests of multiple firms spanning from Grand Junction to Denver for legal counsel.  Montalbano almost had counsel from a couple firms, but since Montalbano could not afford to retain them, they declined.

iii.    Montalbano has contacted multiple organizations since 2018 seeking pro bono assistance and all have declined for one reason or another.

iv.     Denver Federal Pro Se Clinic – helped at first, then had a 'conflict' after Montalbano first filed the counterclaims [#120 filed December 22, 2020]. They informed Montalbano (by phone) they would no longer help with

---

[2] Demonstrative examples, not a full compilation of all firms contacted.

Court processes, January 2021. (Note in **Exhibit B** Federal Pro Se Clinic emails stop after December 2020)

v.   The type of counsel required for proper case management and assistance for a case like Montalbano's, can start at $350/hr, which is well beyond Montalbano's budget. **(Refer to Exhibit A)**

Montalbano clearly cannot afford to hire Counsel with the expertise required for this complex case and situation and has shown due diligence in seeking legal counsel through all the known-to-her external Court channels available and has been unable to retain Pro Bono assistance.

It is self-evident this is a very complex case and in order for Montalbano to correctly present her claims and not be (further) prejudiced with unfortunate mistakes and have a fair hearing on all matters at issue pursuant Due Process of Law, she requires consistent professional legal Counsel to correctly manage the case and follow all Court procedures and formalities moving forward. Therefore, the third factor weighs in favor of assigning Counsel to Montalbano.

d.   The degree to which the interest of Justice, including benefits to the Court, will be served by appointment of counsel;

i.   The Court will benefit from assigning Counsel to Montalbano as this will effectively minimize the unintentional mistakes made by Montalbano due to lack of understanding or lack of access to the same type and amount of training and information that law students have had access to for years.

This lack of access to equal information and protection under the law has already caused severe prejudice to Montalbano's case as early as June 25, 2018 through not knowing the 'unwritten rules' (formalities) between attorneys and judicial officers for Court processes. Something as simple as Montalbano not knowing (up until recently) she could make discovery requests the moment a complaint is filed has clearly prejudiced her case and claims for years.

Montalbano having fair and equal access to legal knowledge, via Counsel, will prevent further prejudicial and frustrating mistakes and will clearly unburden the Courts by allowing the disputes to finally be resolved, while honoring and upholding Montalbano's inalienable Right to Due Process of Law.

ii.    Professionally trained Counsel will be able to instruct Montalbano on any needed amendments to the counterclaims [#217] pursuant gathered evidence, testimonies, and agreements with opposing parties, while also assisting in the removal of anything extraneous and simultaneously ensuring nothing crucial to a claim is removed. This assistance will alleviate this burden from the Judicial Officers presiding over this case from reading anything immaterial and will ensure fairness to Montalbano as the claims proceed forward and will also simplify the claims and statements for the Defendants to Answer.

iii.   Counsel being assigned will streamline the discovery process, as they will be able to instruct and guide Montalbano on which testimonies, witnesses, and

records are appropriate for presentation to a Jury on all issues so triable and will help Montalbano correctly perform discovery procedures.

iv.    Counsel will also ensure Montalbano correctly performs depositions of witnesses, as Montalbano has never done this before. It is very important this be done correctly, the first time, and in some instances special protections may be required for some witnesses and counsel will be required to facilitate this. [#262 at pp16-18, Section III C. 4. b., witnesses Pete Peterson and Mark McCandlish 'deaths']

v.    Counsel is also required to make requests of institutions and parties that do not permit or honor requests from Pro Se litigants, such as the DMV when Montalbano was seeking third-party defendant Mr. David Wilcock's address for service of process [#169 p3 ¶7; #169-2]. Without Counsel multiple (unnecessary) motions will be filed seeking Court Orders to obtain records and related witnesses which will further unfairly delay the case, along with burden the Judicial Officers and opposing parties with ongoing motion conferrals and court order requests, assigning counsel will eliminate this problem. Counsel will help streamline all legal processes leading up to trial, allowing matters to proceed fairly and timely for Montalbano and opposing parties, while helping Montalbano correctly perform each step.

vi.    Montalbano did not have the privilege of attending law school, because of this lack there are many questions Montalbano doesn't even know to ask at this time (which also prejudice the case). A prime example of this just occurred;

whereby Montalbano read the summons rule (FRCP 4) and performed service of the Complaint on Defendants David Wilcock and WILCOCK FOUNDATION pursuant the Rule, only to find out February 14, 2022 that they are not considered served [#274, Orders to strike default [#219]] because they were delivered the original complaint and not the subsequent amended complaint (which it is not specified to re-summon in the Rule).  If the pro se clinic had still been helping Montalbano with Court processes, this mistake likely would have been averted.  If Montalbano had counsel, this situation would have certainly been averted. However, now this situation has caused prejudice to Montalbano and her claims along with unfair and unnecessary delays, and additional financial burdens and other litigation burdens to have to correct it, when counsel would have known this instantly and what to do. Montalbano cannot be expected to know through osmosis the unwritten Court Rules or every case law rule that seasoned attorneys know after years of law school and court litigation practice that apply to situations not clarified in the Court's Rules. Montalbano also cannot afford to have regular access to case law service provider programs, which also prejudices her case.

**(Refer to Exhibit A)**

Without Counsel the burden to answer process-questions Montalbano may have, will fall upon the Judicial Officers assigned to this instant case (pursuant their Oath of Office), which will burden the Court and Montalbano, especially if things keep having to be re-done due to lack of equal access to Court Process knowledge.  Counsel will also remove the possible appearance of

favoritism or prejudice, by being the one to address Montalbano's questions and thereby allowing the presiding officers to focus on their judicial tasks of moving the case forward and not be 'peppered' with routine Court process and procedural questions; allowing the Officers to move forward unimpeded with proper information presented for decision making in accordance with the State and National Constitutions and due process of law.

vii.    Montalbano has never presented a case to a Jury or selected a Jury, and will require Counsel to correctly perform this task. Montalbano having to perform this task, without training, would prejudice her case and burden the Court. Montalbano is good at writing and researching, and can prepare any materials for Judicial or Juror consideration (including videos, slides, photos, physical records packets, etc), however, Montalbano has anxiety problems with public speaking and situations that cause her great distress (such as this one) and may literally pass out, which would clearly prejudice the case and her claims during any hearing or trial. Counsel is required to help Montalbano through this situation and the Court will benefit by hearings not being delayed, postponed, or unnecessarily elongated for medical reasons that can be minimized or avoided altogether.

viii.   This case is a very public case and will impact the lives of millions of people in the general public regardless to if the CIA programs are involved or not. It is very important for the judicial system generally, that everyone correctly handle this situation, as it reflects on the Court itself and upon the people of

Colorado and in particular those who have an Oath of Office to uphold Court processes for their fellow American Citizens.

ix.    This case will also likely set a case precedence in the United State of America related to Neuro Rights.

Montalbano reasonably believes Goode, Wilcock, and The Enterprise are involved in illicit CIA MKULTRA remote neural assault programs that must be addressed in this instant case, not just for Montalbano's sake, but also for millions of American Citizens (victims). [See Complaint Exhibits at Docket 121:  3, 4, 6, 7, 9 thru 17, and 23; and SACC Claim 6 – Trafficking; ¶¶149-154 and ¶¶381-389 EEG Heterodyning clones, CIA Silent Assassination Through Adaptive Networks (S.A.T.A.N.) and stalking; ¶¶456-458 neuroscience proves dreams are actual neural experiences and real-time two-way dream communication proven;  #225-3 U.S. Patent 'Apparatus and method for remotely monitoring and altering brain waves'; and #231-1 [#232 – video at 30s - 1m40s] Goode claiming required to do remote killings with electronic weapons]

Currently the country of Chile is the first country in the world to pass a bill (Senate) to protect human Neuro Rights (September 2021). **(EXHIBIT 1)** The bill was written to give personal brain data the same status of an organ, so that it cannot be bought, sold, trafficked, or manipulated. The bill was implemented due to research cited by Dr. Rafael Yuste, a biology professor at Columbia University, that researchers already succeeded at implanting in the

brain of mice images of things they hadn't actually seen which affected their behaviour.  Montalbano reasonably believes this type of technology is being illicitly used by Goode, Wilcock, and The Enterprise in their specified Racketeering acts [SACC, Claim 1 – RICO; ¶¶200-202] and on Montalbano. Chile's bill is written for people to be free from illicit remote radio broadcasts directed at their brain for the purpose of manipulation of personal thoughts (mind control) and even marketing of products.  Chile's Neuro Rights Law, to be added to their Constitution, aims to retain the Right to freedom of thought without illicit interference(s) and it is an appropriate law based on society's rapidly advancing technologies (locally and globally) especially in the fields of Artificial Intelligences and neurotechnologies that can be (mis)used for trafficking personal brain data (Intellectual Property). [See SACC ¶¶148-155 CIA Remote PK Switch and EEG Heterodyning Cloning].

Many Artificial Intelligences operate on the same or similar frequencies as the human brain and things as simple as The Cloud are used to upload and download every day American citizens' bio data, which can include bio-brain data. [#121-16 U.S. Patent showing the remote upload and download of body bio data to and from a server via an everyday cryptocurrency cell phone app]

Therefore, The Court will benefit by assigning counsel to Montalbano as it will prevent wasting Court resources (including time), will remove potential appearance of favoritism or prejudice to Montalbano, and will streamline all litigation matters including all discovery procedures, negotiations, complaint amendments, and trial by jury matters.

Wherefore, it is in the interest of justice, this Court, the general public, and Montalbano, that Counsel be assigned to Montalbano as both Plaintiff and Defendant in this civil case, as all requirements for Court appointment of Counsel have been met, along with granting Montalbano the Right to proceed in forma pauperis.

### IV.      Nature of Counsel Requested

Montalbano, respectfully requests counsel be assigned in the following capacity:

1. LSR – Limited Scope Representation: whereby Counsel will perform the equivalent function of the Federal Pro Se Clinic along with general legal guidance to Montalbano. Montalbano will continue to perform functions equivalent to that of a paralegal under the tutelage of assigned counsel and will alleviate as much of the work load as possible throughout the course of litigation.

2. Counsel will be required to verbally present the case and claims to a jury (should matters not be settled prior to trial), as Montalbano has no professional experience with case presentation, aside from serving on Jury duty on occasion or observing cases in Court for educational purposes, and has anxiety issues with public speaking.

3. Montalbano is amenable to a contingency fee agreement.

4. Montalbano is amenable to discussing alternate arrangements than requested herein.

# V.      CONCLUSION

**WHEREFORE,** for all the aforementioned reasons, Montalbano moves this Court to Grant this Motion to proceed in forma pauperis and to Assign Counsel pursuant D.C.Colo.LattyR 15; 28 U.S.C. §1915(e)(1); Colorado State Constitution, Article II, Sections 6 and 25; and The Constitution of the United States of America, Bill of Rights, Article V, and pursuant due process of law and an Oath of Office to uphold said Rights; that justice may be fairly, expeditiously, and non-prejudicially implemented  throughout the course of litigation, while simultaneously streamlining all matters for the Court and its presiding officers; and that the Court grant Montalbano any other such relief it deems fair and just.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of February 2022 a copy of the foregoing Motion and Exhibits were filed with the clerk of the court using the CM/ECF system and public exhibits are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and protected exhibits filed pursuant D.C.Colo.LCivR 7.2.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen