# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

––––

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

––––

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

# ALYSSA MONTALBANO'S MOTION TO RESTRICT ACCESS PURSUANT D.C.Colo.LCivR 7.2

Comes now, Defendant, Counter Claimant and Third Party Plaintiff, Alyssa Chrystie Montalbano, pro se litigant, and moves this Court pursuant to Local Rule 7.2(c) and (e), to maintain restricted access to documents filed by Montalbano, February 22, 2022 [#279], which documents were filed with the Court as "Restricted – Level 2", and in support of this Motion Montalbano states as follows:

Montalbano filed "UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL TO PRO SE LITIGANT ALYSSA MONTALBANO" February 22, 2022 [#278] and cited **Exhibit A** - Pandemic Unemployment Assistance (PUA) and Tax records for 2020 and 2021; and cited **Exhibit B -** Failed counsel obtainment efforts; both filed as Restricted Level 2 [#279]; as proof of lack of financial means to hire counsel by ordinary financial means and proof of being unable to retain counsel through means outside this Court assigning it.

Exhibits A and B contain confidential information that should be shielded from public view and other parties in this case, as outlined below.

Though there is a presumption that documents filed with the Court are to be publicly available, access to documents may be restricted when non-disclosure interests outweigh the public's right to access. *See United States v. McVeigh*, 119 F.3d 806, 8111 (10th Cir. 1997). A party seeking restriction shall: "(1) identify the specific document for which restriction is sought; (2) [] identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) [] identify a clear injury that would result if access is not

restricted; and (4) [] explain why alternative restrictions – are not adequate." *W. Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.,* 970 F. Supp. 2d 1162, 1191 (D. Colo. 2013) (*citing* Local Rule 7.2(b)(1)-(4)).

**Exhibit A** – Montalbano's 2020 and 2021 tax records should remain restricted pursuant Local Rule 7.2(c) for the following:

1. **Exhibit A** was filed with "UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL TO PRO SE LITIGANT ALYSSA MONTALBANO" on February 22, 2022 [#278] as Restricted Level 2. [#279]

2. The interest to be protected is Montalbano's Right to privacy of her personal tax records. The records contain non-public and personal information and were filed expressly for the purpose of proving to the Court Montalbano cannot afford counsel outside of the Court and Clerk assigning it.

3. Montalbano would be injured by the records being made publicly available, as the information is personal and would only serve to further embarrass Montalbano. Additionally, The Enterprise has a pattern of taking Montalbano's personal and private information and using it as a way to publicly embarrass, defame and destroy Montalbano's personal and professional reputation. [#217, SACC – Claims: 10 Defamation, 17 Intentional Intrusion on Privacy Rights; 18 IIED, and 19 NIED] The Enterprise's cult followers in the general public also should not have free access to Montalbano's personal financial records and information, as they too have (mis)used the information given to them by The Enterprise to cyber stalk, defame, embarrass, and harass Montalbano. [Id. Claim 10 Defamation, ¶¶546-547, ¶¶602-606]

> Montalbano's personal and private tax records and information are provided to the Court for the specific purpose of making the determination that Montalbano cannot afford legal counsel and should also proceed in forma pauperis.

4. There is no alternative that would be practical for public viewing, as Montalbano's tax records are private and only restriction will maintain this privacy.

5. Montalbano requests a Restriction of Level 2 be maintained, whereby only Montalbano and the Court may view the records [#279].

**Exhibit B** – Montalbano's efforts to retain legal counsel since 2018 should remain restricted pursuant Local Rule 7.2(c) for the following:

1. Exhibit B was filed with "UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL TO PRO SE LITIGANT ALYSSA MONTALBANO" on February 22, 2022 [#278] as Restricted Level 2. [#279]

2. The interest to be protected is Montalbano's right to privileged communication between herself and counsel(s); these communications are non-public and private (See Colorado Rules of Professional Conduct, Rule 1.6, Confidentiality of Information); filed expressly for the purpose of proving to the Court Montalbano cannot retain legal counsel by other means and requires the Court assign it.

3. Montalbano would be injured by these counsel communication records being made publicly available; as it would be an unfair expectation that Montalbano's private counsel communications should be placed on the Court record when none of the appeared parties

have to place their private counsel communications on the Court record; this would also further injure Montalbano as The Enterprise and its cult followers have a pattern of stalking, harassing, extorting, and destroying reputations of people that Montalbano is associated with. [#217 (SACC), Claims 1-6 RICO and 10 Defamation; ¶261 The Enterprise defaming Zavodnick, Weidner, High ; ¶320 and  ¶347 more names of people defamed by The Enterprise] Some counsels were open to taking on Montalbano's case if she could afford them. If Montalbano's financial situation changes, one or more firms will be re-approached. Montalbano reasonably believes The Enterprise will perform extortion, harassment, bribes, or other forms of coercion of any potential counsels if they know what firms Montalbano has contacted, in order to prevent Montalbano from retaining certain counsel(s). Releasing privileged counsel communications would further prejudice Montalbano's case and claims. Montalbano's communications with potential counsels is not relevant to the case or claims and is specifically provided for the purpose of proving to the Court Montalbano has tried for years to retain counsel and cannot.

4. There is no alternative that would be practical for public viewing as Montalbano's privileged legal communications are private (CRPC 1.6) and only restriction will maintain this privacy.

5. Montalbano requests a Restriction of Level 2 be maintained, whereby only Montalbano and the Court may view the counsel communication records. [#279]

**WHEREFORE,** Montalbano respectfully requests this Motion be Granted and that the Restricted Documents retain the designation of "Restriction Level 2" as filed February 22, 2022 at Docket 279; together with any such other and further relief the Court deems just and proper.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counter-Claimant, Defendant

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 22th day of February 2022 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5)

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen