IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK;
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION;
VALERIE YANAROS WILDE;
ELIZABETH LORIE;
BRIAN JAMES FLYNN;
WILLIAM CAMPBELL;
MATTHEW GROVE;
DIANA TERRY; and
CHRISTINA GOMEZ,

    Third-Party Defendants.

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

- 1 -

Before me is the recommendation (Doc. 274) of United States Magistrate Judge Kristen L. Mix regarding Defendant, Counter Claimant, and Third-Party Plaintiff Alyssa Montalbano's motion for default judgment (Doc. 218) against Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation ("Wilcock Defendants"). Ms. Montalbano filed a timely objection to the recommendation. (Doc. 281.) For the following reasons, I overrule Ms. Montalbano's objection, accept and adopt Judge Mix's recommendation, set aside the Clerk of Court's entry of default as to the Wilcock Defendants, and deny the motion for default judgment without prejudice.

## BACKGROUND

The operative Second Amended Complaint in this case alleges various claims against several defendants, including Ms. Montalbano, in relation to Plaintiff James Corey Goode's company, Plaintiff Goode Enterprise Solutions, Inc., which "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." (Doc. 111.) Plaintiffs allege, *inter alia*, that Ms. Montalbano has infringed Mr. Goode's trademarks and defamed and harassed him on social media. Ms. Montalbano's answer to the Second Amended Complaint alleged counterclaims against Plaintiffs and third-party claims against ten third-party defendants, including the Wilcock Defendants. (Doc. 120.) Ms. Montalbano has twice amended her answer, counterclaims, and third-party claims: first on April 26, 2021 (Doc. 184), and again on June 18, 2021 (Doc. 217). In her operative counterclaims and third-party claims, she alleges, *inter alia*, that Plaintiffs, the Wilcock Defendants, and others have conspired to defraud her, misappropriated trade secrets including her dream journal records, infringed her copyrights in various self-published books, and defamed her. (Doc. 217.)

On June 19, 2021—the day after her second-amended answer, counterclaims, and third-party claims were accepted for filing—Ms. Montalbano filed a motion for default judgment requesting that the Clerk of Court make an entry of default as to the Wilcock Defendants pursuant to Federal Rule of Civil Procedure 55(a) and enter default judgment against them for a sum certain pursuant to Rule 55(b)(1). (Doc. 218.) The motion states that the Wilcock Defendants were served with Ms. Montalbano's original third-party claims (Doc. 120) and that they failed to answer or otherwise respond to those claims. (Doc. 218 ¶¶ 1, 9-11; *see also* Doc. 186; Doc. 206.) The Clerk entered default as to the Wilcock Defendants on June 21, 2021. (Doc. 219.) On July 7, 2021, Ms. Montalbano filed a motion requesting that the Court stay determination of her motion for default judgment with respect to Mr. Wilcock because she requires discovery to determine the full amount of damages owed by him. (Doc. 228.)

I referred the motion for default judgment and the motion to stay to Magistrate Judge Mix. (Doc. 220; Doc. 229.) On October 14, 2021, Judge Mix granted the motion to stay and denied without prejudice the motion for default judgment as to Mr. Wilcock, and directed the Clerk of Court to determine whether entry of default judgment for a sum certain was appropriate as to the Wilcock Foundation. (Doc. 258.) The Clerk of Court has not yet made any such determination.

On February 14, 2022, Judge Mix issued the recommendation at issue here, in which she finds that the Clerk's entry of default as to the Wilcock Defendants was improperly entered because those defendants have not been served with Ms. Montalbano's operative third-party claims:

> [T]he Motion [#218] is based on service of counterclaims [#120] which are no longer operative and therefore, for

- 3 -

> purposes of this case, are moot. Mr. Wilcock and the Wilcock Spiritual Healing and Empowerment Foundation have not "failed to plead or otherwise defend" because there is no indication that they have been served with the operative counterclaims at Docket No. 217.

(Doc. 274 at 2-3 (citations omitted).) Judge Mix recommends that I set aside the entry of default and deny the motion for default judgment without prejudice. (*Id.* at 3.)

## STANDARD OF REVIEW

Because Ms. Montalbano is not represented by an attorney, I must liberally construe her pleadings, without assuming the role of advocate on her behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

I must conduct a de novo review of those portions of Judge Mix's recommendation to which Ms. Montalbano has properly objected. Fed. R. Civ. P. 72(b)(3); 18 U.S.C. § 636(b)(1). As to any portions of the recommendation to which no proper objection has been made, I may review Judge Mix's factual findings and legal conclusions under any standard I deem appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, I "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

## DISCUSSION

Ms. Montalbano objects to any potential dismissal of her third-party claims against the Wilcock Defendants based on a failure to timely serve them as required by Federal Rule of Civil Procedure 4(m). (Doc. 281 at 3-4.) She requests an extension of time to serve the Wilcock Defendants with a copy of her operative third-party claims. (*Id.*)

- 4 -

Ms. Montalbano's objection to some hypothetical potential future dismissal of her third-party claims against the Wilcock Defendants is not ripe for review, as Judge Mix has not recommended dismissal of those claims. (*See* Doc. 274.) Accordingly, Ms. Montalbano's objection is overruled without prejudice. I have referred to Judge Mix Ms. Montalbano's motion for an extension of time to serve the Wilcock Defendants (*see* Doc. 275; Doc. 277), and Judge Mix will rule on that motion in due course.

Ms. Montalbano has not objected to any of Judge Mix's recommended factual findings or legal conclusions. In fact, Ms. Montalbano acknowledges that "the facts, reasons, and case law presented in the Recommendation . . . appear[] to be in accordance with Due Process of Law." (Doc. 281 at 4.) I have reviewed Judge Mix's recommendation and am satisfied that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes. As Judge Mix determined, the Wilcock Defendants have not been served with a copy of Ms. Montalbano's operative third-party claims, and they therefore have not failed to plead or otherwise defend against those claims.

## CONCLUSION

It is ORDERED that:

Third-Party Plaintiff Alyssa Montalbano's Response to Recommendation (Doc. 281) is OVERRULED WITHOUT PREJUDICE;

The Recommendation of United States Magistrate Judge (Doc. 274) is ACCEPTED and ADOPTED;

- 6 -

The Clerk of Court is directed to SET ASIDE the Entry of Default as to David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation (Doc. 219); and

Third-Party Plaintiff Alyssa Montalbano's Motion for Clerk's Entry of Default and Default Judgment Against David Wilcock and Wilcock Foundation Pursuant to Fed. R. Civ. P. 55(a) and (b)(1), Fed. R. Civ. P. 12(a)(1)(B), and Fed. R. Civ. P. 4(d), (e), and (h) (Doc. 218) is DENIED WITHOUT PREJUDICE.

DATED: March 17, 2022                BY THE COURT:

                                     Hon. Daniel D. Domenico