# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

▬▬▬▬

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

**––––**

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

**––––**

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

---

**THIRD PARTY PLAINTIFF, COUNTERCLAIMANT
ALYSSA MONTALBANO
OBJECTION TO MAGISTRATE RECOMMENDATION [#283]**

---

COMES NOW, Alyssa Chrystie Montalbano, in Objection to Magistrate Mix's Recommendation filed February 28, 2022 at Docket 283, and Objects to the Granting of Dismissal Motions: 221 (Lorie), 222 (Flynn, Campbell, Grove, Gomez, Terry), 227 (Goode, GES), 233 (LWLF, Yanaros) for the following[1]:

1. Montalbano is a pro se litigant and the Court must construe pleadings liberally and *must liberally grant amending* of pleadings where justice so requires it. [#283 at 2, Footnote 3]

2. Magistrate Mix largely recommends all Montalbano's counterclaims [#217] be dismissed; with the exception of Claim 10 (Defamation) against Mr. Goode, which is stated to meet the requirements [#283 at 60].

3. It is recommended Montalbano not be permitted to amend claims alleging it would be 'futile'. This is incorrect, many of the alleged failures to meet claim requirements are because the claim facts are incorporated by reference from other places within the Counterclaims.

---

[1] To meet Response word count limit, many things are paraphrased.

4. Montalbano reasonably believes some of the recommendation is biased for rich and famous artists (Goode and Wilcock) and 'licensed' peers (Flynn, Gomez, Grove, Terry, Campbell, Yanaros, Lorie) and prejudice against Montalbano, a non-rich, non-famous, pro se litigant, pro Constitutional Law. If the Recommendation is not biased, then there are mistakes due to not reading the counterclaims' incorporation by reference facts and and/or due to the placement of claim facts by Montalbano.

## I.   PREMATURE RECOMMENDATION

1. The Recommendation is premature for the following:

    a. Defaults against David Wilcock and WILCOCK FOUNDATION were Recommended to be set aside, February 14, 2022 [#274]; and were set aside March 17, 2022 [#288].

    b. February 17, 2022, Montalbano filed pending 'Motion to Extend Time to Serve Wilcock and WILCOCK FOUNDATION' [#275] and Summons Request. [#276]

    c. February 22, 2022, Montalbano filed pending 'Unopposed Motion Court Assign Counsel'. [#278]

    d. February 28, 2022, Magistrate Mix filed dismissal Recommendations. [#283]

e. The claims must be addressed including Wilcock and WILCOCK FOUNDATION (especially RICO). Any dismissal of claims prior re-summoning prejudices the case as the Recommendation prejudicially ignores these defendants.

## II.      JUDICIAL IMMUNITY ARGUMENTS (Flynn, Gomez, Grove, Terry)

It is largely recommended the Judicial Defendants be dismissed because allegedly they were acting within official capacities and scope of official duties. [#283 at 14-15]

There is only one requirement to serve the American people as an Officer (public servant) and it is encapsulated in the Constitution of the United States of American, Article VI:

> "[a]nd all executive and **judicial Officers**, both of the United States and of the several States, **shall be bound by Oath or Affirmation, to support this Constitution**; but no religious Test shall ever be required **as a Qualification to any Office or public Trust** under the United States." (emphasis added)

Flynn took the Oath of Office swearing he would:

> "**[s]upport the Constitution of the United States and of the State of Colorado**, **and faithfully perform** the **duties** of the office"
>
> (emphasis added) [#247-9, Flynn Oath]

It is reasonable to assume Grove, Gomez, Terry, and Campbell, also took an Oath of Office. [SACC,¶¶30-34]

No Judicial Officer or Attorney swears an Oath to support and protect the 'statutes' or 'case law'.

Only statutes and case law that support the State and National Constitutions (Supreme Law of the Land) may lawfully be utilized by an Officer when issuing orders or judgments.  Anything in violation of the Constitutions must be ignored pursuant  the Oath.

There is nothing in the Recommendation or in the Judicial Officers' MTD [#222] showing how the summoned Officers denying Constitutional Civil Rights, failing to follow Court Rules, and lying on Court records (Flynn) are in-fact judicial acts or official duties (job functions).

The following acts clearly did not support the Constitutions:

1.  Flynn repeatedly denied Constitutional Rights on the Court Record.
    [SACC,¶257, ¶¶622-626]

2.  Flynn denied Montalbano the clearly established Constitutional Right to trial by jury for defamation. [¶258, ¶¶654-656] (Colorado State Constitution, Article II, Section 10.) [#247 at 9-12 Response to Judicial Defendants MTD]

3.  Magistrate Mix acknowledges Montalbano's Defamation Claim, meets the requirements against Goode [#283 at 39-42].  Flynn was shown the same defamation problem and instead of supporting the Colorado Constitution pursuant his oath, he lied in Court orders [#121-24 at 3] that no defamation was shown. [#121-21 some defamation exhibits Flynn saw;  SACC, Claim 13 Deprivation Rights ¶¶635-643; ¶579 G.; Claim 10-Defamation]

4.  Lying on Court Records does not support the Constitutions and can never be construed as an 'oversight'. [#283 at 15, line 8]  If it were an 'oversight', then pursuant an Oath to uphold the Constitutions it must be corrected and reparations made to Montalbano for enduring years of injuries from the 'oversight'.

5.  Gomez, Grove and Terry (Appeals Court Judges), denied an appeal 'with prejudice' and zero case review [#222-12; #247 at 8-9] that resulted in continued violations of Montalbano's Constitutional Right to a trial by Jury for Defamation.  If the appeal was untimely, [#222-10 Appeals Court order to show cause] the Officers could only lawfully deny the appeal 'with**out** prejudice' pursuant their Oath to support the Constitution and protect Montalbano's Right to trial by Jury.

6. For comparison, there were errors (oversights) this Court record regarding defaults against the Wilcock defendants [#219, June 21, 2021].  This Court corrected its mistakes after nine month [#288, March 17, 2022]. These same types of judgment 'oversights' must also be corrected when made in State and Appellate Courts. Flynn's 'oversight' regarding Defamation cost Montalbano over $116,600 in damages and the faulty (legally void) judgment must also be set aside. [¶667]

7. "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it." Buckles v. King Country 191 F.3d 1127, *1133 (C.A.9(Wash.),1999). [#247 at 9]

The Recommendation further fails to support with Constitutional Law how leaving the State and Appellate Court's alleged 'oversights' uncorrected constitute a fair hearing on matters at issue or supports Constitutional Due Process of Law and Equality of Justice clauses.

The judicial Officers may not lawfully be dismissed until after the alleged 'oversights' and/or bias/prejudices are corrected and reparations for damages made.

Montalbano consents to the dismissal of Gomez, Grove, and Terry provided their 'oversight' regarding dismissal 'with prejudice' be corrected to 'with**out** prejudice', to protect Montalbano's Constitutional Right to trial by jury for Defamation and the related matters stemming to case 18CV50 with Flynn.

Claims: 12 (civil conspiracy), 13 (Deprivation Rights), 19 (NIED), and 20 (Unjust Enrichment), must proceed against Mr. Flynn.

If the 'with prejudice' Appeals Officers' ('oversight') dismissal order [#222-12] is not corrected to be Constitutionally compliant, then claims 12, 13, and 19 must proceed against them.

### III.    STANDING ARGUMENTS – Campbell [Motion #222] [#283 at 16-17]

Montalbano has standing against Campbell for the following:

1. Campbell's sworn duty according to the U.S. Constitution, Article VI, Section 3(d)-(e) [#247-5 at 2] is:

    "A Justice or **judge of any court** ... **[m]ay be removed or disciplined for** ... **[w]illful or persistent failure to perform his duties**"

    "(e) **The commission may, after such investigations as it deems necessary, order informal remedial action**; ordering

…**[r]emoval…[r]eprimand, or other discipline** of a justice or judge.

(emphasis added)

Judge Flynn met the Constitutional criteria for removal for willful and persistent failure to perform his Constitutionally sworn duties in case 18CV50 [SACC, ¶¶257-277, Claim 13; #247 at 4-5 Flynn failures] Mr. Campbell failed to perform his sworn duty to investigate and provide corrective (informal remedial) action to simply replace Flynn when asked three times (January 2019, September 2019,  August 2020). [#247at 5-7, Campbell failing Constitutional duties]

2. Magistrate Mix incorrectly states this case and claims against Campbell are "materially identical" to another case Campbell was summoned and dismissed from[2] [#283 at 16]:

According to the recommendation Campbell's other case sounds like it had no other prosecutions occurring (sic):

> "The Court there noted that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Rojas, 2019 WL 8331477, at *5 (quoting Linda R.S. v Richard D., 410 U.S. 614, 619 (1973)"

---

[2] Due to time limitations, Montalbano has not personally reviewed Campbell's other lawsuit.

Conversely, Montalbano has endured multiple threats of prosecutions and actual prosecutions. These malicious prosecutions occurred while Montalbano kept asking Campbell to remove Flynn from case 18CV50:

a.  Goode and Yanaros', first failed malicious criminal stalking prosecution, June 15, 2018, rejected by Broomfield Court. [SACC, ¶673]

b.  Goode and Yanaros', second malicious criminal stalking prosecution opened with lies in the complaint, July 2018 – August 2018 (Case 18C103). [¶674,]

c.  Montalbano asked Campbell to remove Flynn from case 18CV50 for failure to perform his sworn duties, prejudice, and lying in orders (January 2019 through August 2020). Campbell did nothing. [#247at 5-7; SACC,¶271, ¶628, ¶658-659,]

d.  Goode and Yanaros' third malicious criminal stalking prosecution March 11, 2020 – June 22, 2020 [#26-4 at 1-2] opened with lies in the complaint. [¶679, Case 20C32]

e.  Goode and Yanaros', fourth malicious criminal stalking prosecution claim, occurred this instant case March 17, 2020 [#1 at 50 - Cyberstalking]; again proceeding with lies in the complaint stating the

Mesa lawsuit was 'retaliatory' [#1 ¶¶77-¶83] when their stalking cases were in-fact retaliatory to the presumptive Pre-Litigation Affidavit Complaint (PLAC) mailings and Mesa Court Case 18CV50. [SACC, ¶¶225-256; #111, December 12, 2020 removed cyberstalking claim].

f.  Montalbano has endured four malicious criminal prosecution efforts by Goode and Yanaros.

g.  There have also been non-stop threats of criminal prosecutions against at least eleven other innocent people (2018 – 2020) by Yanaros and Lorie (on behalf of Goode and Wilcock). [#217 ¶¶319-320; #254 at 9-11 Lawyers shall not threaten criminal prosecutions for advantage in civil cases]

Therefore, Magistrate Mix's statement this case is 'materially identical' to Campbell's other case, is false, and must be disregarded.

The Recommendation then re-iterates the Judicial Officers' faulty case law [#222 at 9] (paraphrased) 'a private citizen lacked standing to insert themselves into a 'licensed-based' discipline system.' [#283 p16]  Pursuant an Oath of Office this case law must be ignored. The Colorado Constitution, Bill of Rights, Section 6, clearly provides for equal protection under the law, stating:

"Courts of justice shall be open to **every person**" (emphasis added)

Nowhere does it state Courts of justice are for 'licensed' people only.

Montalbano claims her inalienable Right to open access to this Court of justice and pursuant an Oath of Office to support the Constitutions this Right must be upheld.

The next re-cited faulty case law is (paraphrased) 'private citizens have no interest in prosecution or non-prosecution of another.' [#222 at 9; #283 at 19] Montalbano did not ask Campbell to prosecute Flynn.  Campbell was asked to perform informal remedial action pursuant his sworn Constitutional duty and simply replace Flynn with a faithfully performing Officer.[#247 at 5-7]. Thereby the case law regarding 'criminal prosecution' is irrelevant and must be ignored.

Therefore, Montalbano has standing against Campbell, as his malicious failure to faithfully perform his sworn duties, resulted in ongoing prosecutions and threats of prosecution against Montalbano (and others) along with years of personal and professional damages via ongoing Constitutional Civil Rights violations.

[¶667, $116,600 fraudulent judgment fees]

The following claims must proceed against Campbell:  12 (Civil Conspiracy), 14 (Deprivation Rights), 19 (NIED), and 20 (Unjust Enrichment).

### IV.        ROOKER-FELDMAN DOCTRINE

1. In the Recommendation, Magistrate Mix states the Defamation claim [SACC Claim 10] is the only claim adequately plead and against Goode. [#283 at 39-42].

2. In the Rooker-Feldman argument section, Goode and GES's MTD are recommended to be denied 'without prejudice' to the extent they seek dismissal of any claim based on it, as it is unclear to Magistrate Mix if the Defamation and Trade Secret claims are the same as the ones argues in case 18CV50. [#283 at 18]

3. It is already shown on this record Flynn saw the same and similar defamation facts, then lied no defamation was shown [¶¶635-643, #121-21 Defamation exhibits]. Flynn lying on the Court record and denying Constitutional Rights, vitiated the entire proceeding (18CV50) [¶¶621-626].

4. All Rooker-Feldman arguments must be denied 'with prejudice' for failure to apply. (See sections II-III this document)

## V.      CRIMINAL STATUTES

1.   The following claims are Recommended to be dismissed 'without prejudice' for being criminal claims [under RICO]:  Mail Fraud (Claim 4), Wire Fraud (Claim 5), Espionage (claim 8), Money Laundering (claim 11), and Extortion (claim 16). [#283 at 18-21]

2.   Montalbano consents to the criminal claims being dismissed, BUT NOT the allegations therein.  The allegations are incorporated by reference into the RICO claim [SACC,¶¶285-292] and must be placed directly therein to clearly show the Enterprise's racketeering patterns and associations, and continue to fulfill the RICO claim requirements.

3.   Amending the Counterclaims Complaint [#217] should be granted under the supervision of Court assigned counsel, to reduce complaint size and correctly format the RICO*[3] claim facts for trial by Jury.

---

[3] *Note: Hereafter, anytime RICO* (Claim 1) is mentioned it will mean to include the 'criminal' predicate act allegations in claims: 4, 5, 6, 8, 11, and 16.

## VI.    PRESUMPTIONS

1. The matter of presumptions [SACC, ¶¶211-224; ¶¶489-502] relates to the following claims:  RICO* (claim 1), Fraud (claim 2), Violation CCPA (claim 3), Trade Secrets (claim 7), Copyrights (claim 9), Defamation (claim 10), Civil Conspiracy (claim 12), and Unjust Enrichment (claim 20).

2. In the Copyright claim section of the Recommendation, [#283 at 36-38] Magistrate Mix discusses the Pre-Litigation Affidavit Complaint (PLAC) presumptive mailings [#121-18 PLAC partial; #135-1 PLAC privacy agreement; #135-2 PLAC USPS Certified mail;  SACC ¶¶503-529 (Copyright) breach of agreements and infringements] and states being unaware of any legal authority holding that Court Rules mean that Goode, GES [and Wilcock] acquiesced to the presumptive claims and monetary damages, due to failure to respond. This means the Court must uphold its own Due Process Rules regarding Presumptions and Federal Rules of Evidence at Rule 902 (4) Certified Copies of Public Records, (8) Acknowledged Documents, and (10) Presumptions Under a Federal Statute [SACC ¶214, ¶491, ¶500,] regarding Self-authenticating prima facie records and FRE 301, Presumptions in Civil Cases Generally, where it states:

"In a civil case, unless a federal statute or these rules provide

otherwise, the party against whom a presumption is directed has

the burden of producing evidence to rebut the presumption."

The PLAC presumptions were directed at "Respondents" Mr. Corey Goode,

GOODE ENTERPRISE SOLUTIONS (GES) [#121-18 pp1-14], Mr. Wilcock and their

Associates [#121-18, p24, pp31-32] placing the burden on the Respondents to

produce evidence to rebut the presumptions. [SACC, ¶214;  #121-18 at 1-2,

April 18, 2018 Stop and Desist Affidavit Certificate of Service, Notice Written

Correspondence and what constituted a lawful response (sworn affidavit);

#121-18 at 45 - Notice to rebut presumptions with their own sworn and notarized

statements]

The Respondents failed to rebut the presumptions.

In the Presumptions advisory notes, it states:

"Presumptions governed by this rule are given the effect of **placing upon**

**the opposing party the burden of establishing the nonexistence of the**

**presumed fact,** once the party invoking the presumption establishes the

basic facts giving rise to it." (emphasis added)

Montalbano invoked the rules of presumptions by establishing the basic facts giving rise to the presumed facts:

Basic Facts:

(1) Montalbano predominantly emailed approximately 500 dream vision Intellectual Property (IP) records [SACC, ¶¶482-488, Copyrights Claim 9] and proprietary dream research to Goode, GES [¶¶23-27] and Wilcock [¶28] (2016 – 2018) due to belief in their public claims [¶¶100-126, ¶¶415-444, ¶489] they were alien dream contactees [#121-3, #121-6]  a dream psychic (Wilcock) [#121-4, #121-7; SACC, ¶¶82-100], ('ex')CIA MKULTRA experiencer (Goode) [¶¶24-26, ¶¶48-81], were poor [¶122, ¶285, ¶310 G.], and due to their repeat (legally provable) dream and astral visits to Montalbano. [Examples: SACC,¶¶200-202, ¶280; #262 at 10-11 Hover cars dream and Wilcock hover cars scam]

(2) Subsequent the emails, Goode, GES, Wilcock and associates published and broadcast derivative works based on Montalbano's original IP dream journal records. [SACC, ¶218, Copyrights claim 9]

(3) Goode and his associates did not complain about the emails or dream journal records while receiving the information for free 2016-2018. [¶¶207-210]

(4) Goode and his associates began defaming Montalbano as a criminal to mutual associates and consumers after Goode realized Montalbano was becoming aware of his frauds (December 2017). [SACC,¶¶207-210, ¶¶307-309; ¶467; ¶490; ¶¶541-542; Claim 10 (Defamation)]

Based on these facts, Montalbano imposed the following presumptions against the "Respondents" April 18, 2018 via notarized affidavits [#121-18]:

(1) Goode, GES, Wilcock, and their associates were running public events and published and broadcast frauds [¶¶101-116; SACC RICO* Claims 4 and 5] centered on fake news [SACC, ¶216], fake whistleblowers [¶122, ¶306, ¶315-325] fake alien contact stories [¶¶62-76; #121-3], fake government program claims [SACC, ¶¶48-61;  #121-6], fake dream teachings, fake dream prophesies [¶¶310-314], fake ascension teachings [SACC, ¶¶77-100; #121-7], and were intentionally creating and profiteering on derivative works based on Montalbano's original Intellectual Property (IP) records [SACC ¶¶504-529] and proprietary research. [#121-18 at 31-32]

(2) Montalbano cited with specificity approximately 70 instances of presumed IP use  for response or rebuttal. [SACC, ¶493;  #121-18 at 15-29, 31-44 PLAC citations (dates, times, places, who)]

(3) Respondents were accused of performing organized stalking and

sensitization acts [Ruse de Guerre] against Montalbano.

[SACC, ¶217, ¶¶155-161 stalking and sensitization;

#121-18 at 15, 17, 21, 31-32, 35, 44-45]

(4) Respondents were accused of knowingly stealing, through their public

frauds, Montalbano's IP dream research for unlawful use in their public

dream teaching frauds. [#121-18 at 45]

(5) Respondents were lawfully noticed to stop and desist any further use of

Montalbano's IP; to maintain strict privacy of the proprietary IP [#135-1

PLAC Privacy Agreement]; to cite Montalbano as the source of the

materials; and financially compensate Montalbano for the specified

(mis)uses within their frauds. [#121-18 at 3-7, 10-11, 30, 45]

(6) Respondents were given multiple opportunities and notices to rebut or

meet the presumptions, April 18, 2018 – June 4, 2018. [#121-18 at 3, 8-9 -

May 16, 2018 Notice Fault in Dishonor Opportunity to Cure (notice failure

to respond);  #121-18 at 12-14 - June 4, 2018 Notice Default in Dishonor

(final notice failure to respond)]

(7) Respondents failed to respond or establish the nonexistence of the presumed facts or 'prima facie case' imposed against them.

(8) Montalbano shifted the burden of proof from being on herself to being upon Goode, GES, [and Wilcock], to prove the presumed facts are nonexistent.

(9) Denial of facts and evidence does not constitute a response.

(10) The unrebutted presumptions remain standing.

A Judicial Officer may not rebut the presumptions or argue their nonexistence, because the presumptions were not imposed against them and they may not lawfully ignore unrebutted affidavits pursuant an Oath of Office to follow Court Rules and Rules of Evidence. Legally the only orders that can be made without discovery and Goode, GES, and Wilcock proving the nonexistence of the presumed facts, is to grant Montalbano the damages they silently acquiesced to. [¶532, $68,012+]

It is in the interest of justice, Goode, GES, and Wilcock to move forward the claims related to the presumptions. Until they prove the nonexistence of the presumptions supported with their own facts and evidence; Montalbano may continue to presume the agreed presumptive facts are true and may publicly

attest to such even if the related claims are dismissed, as Montalbano has legal

standing to publicly say they silently acquiesced they are criminals, frauds,

plagiarizers, stalkers, (CIA)traffickers, and thieves,

## VII.    RICO (Claim 1)

Largely the recommendation states Montalbano did not show (1) conduct of (2)

an enterprise (3) through a pattern (4) of racketeering activity and recommends

dismissal 'with prejudice' [#283 at 22]. This is a prejudice and improper

recommendation, as it is made after citing the criminal RICO pattern claims

(See Section V. above) be dismissed for being 'criminal' claims, [#283 at 18-21]

when the predicate act allegations simply need to be moved directly into the

RICO claim to fulfill the requirements.

Montalbano, being pro se, was not aware the predicate RICO acts are not to be

separated into separate counts (this is not specified in the statute).

This is a complaint formatting issue and amending the complaint to correct

formatting errors should be granted under the supervision of Court appointed

counsel as justice so requires it.

RICO must proceed against: Goode, Wilcock, Yanaros, Lorie, LWLF, and WILCOCK

FOUNDATION.

## VIII.    Fraudulent Misrepresentation (Claim 2)

The Recommendation prejudicially focuses on the fact that Goode defamed Montalbano as a stalker and dark alliance and then states Montalbano failed to fulfill the 5th requirement because (paraphrased) 'it would be nonsensical to state that Montalbano believed Goode's statement about her being a stalker' [#283 at 27] and ignores all the other highly specified fraud acts contained directly in the claim or incorporated by reference citing: dates, times, places, and who.

Montalbano provided 'identification of the circumstances constituting fraud' in SACC paragraphs ¶¶302-306, ¶310-325 citing the time, place and contents of the frauds; along with citing them in the General Allegations at ¶¶37-206 (incorporated by reference into the Fraud claim at ¶294) and cited in the PLAC presumptive notices ¶¶207-224.

The following facts in the complaint 'identify some of the many detailed circumstances constituting fraud':

Montalbano donated or paid money to the following frauds ran by The Enterprise:

1. $50 to the Goode's 'they are poor' dental scheme. [#217 (SACC) ¶122b, 121-2 at 12-14] Montalbano is legally poor [#278], Goode is not. [#225 at 7, Goode grossing over $700,000 in ascension course sales]

2. $50 to the Pete Peterson Donation scheme. [SACC, ¶122a, #121-2 at 15-24] Wilcock [¶28] lied about Peterson's circumstance [¶310 I. ¶¶311-312, 322 C.] and acquired approximately $55,000 in donations, believed to have then been unlawfully funneled into WILCOCK FOUNDATION. [SACC, ¶29, ¶105, ¶579 B.]

3. Montalbano purchased two books by Goode and his associate (Dr. Michael Salla [SACC,¶514]) filled with Goode's Secret Space Program (SSP) fake news and space alien lies. [SACC, RICO* mail fraud (claim 4) ¶357] **(Exhibit 1** – Salla books Goode Frauds $34.94).

4. The Montalbano's subscribed to GAIA TV and Montalbano watched Goode and Wilcock's SSP, ascension, dream, CIA MKULTRA, and space alien frauds [SACC ¶¶23-26; ¶¶28-29; ¶37-¶100] via her home television (streaming 'broadcast') [Id. ¶46; ¶101-112], where Montalbano first saw and believed in their fake stories. (RICO* wire fraud (claim 5)) (estimated around $360)

5.  Montalbano paid for travel, room, and event tickets, to attend Goode and

    Wilcock's public speaking events where they presented their space alien

    frauds and fake news as if true, when they knew their claims were false.

    [¶¶113-116] (estimated around $7,000)


6.  Yanaros and Lorie performed abuse of process (Claim 14) to promote The

    Enterprises frauds and defamation schemes, while LWLF (Goode) collected

    donations to fund and promote malicious prosecutions. [¶¶328-333]

    (Section XVI-XVII this document)


7.  Goode, GES, Wilcock, and their associates fraudulently presented

    Montalbano's original IP as derivative works or fake news.

    (Claim 7 Trade Secrets and 9 Copyrights)


Each of the above cited instances are public fraud [¶¶310-327] and cannot be

prejudicially ignored as they are cited with specificity: dates, times, places,

who and meet the heightened FRCP 9(b) fraud requirements.

The Constitution of the United States of America, Bill of Rights, Article VII, states:

> "**Jury trial in civil actions.** In suits at **common law**, where the value in controversy shall **exceed twenty dollars**, the **right of trial by jury** shall be **preserved**" (emphasis added)

The Fraud claim is a common law civil claim.

The amount in controversy exceeds twenty dollars.

(starting around $68,012 (PLAC) + $7, 495 fraud)

Montalbano claims her preserved Constitutional Right to Trial by Jury; and pursuant an Oath of Office to the Constitutions this claim may not be dismissed by any Judicial Officer, as the Jury must hear it.

The fraud dismissal recommendation is biased for rich and famous artists (Goode and Wilcock) running public frauds with 'licensed' attorneys, and is prejudice against a non-rich, non-famous artist, proceeding pro se (Montalbano), as the Recommendation completely ignores all fraud details pled with particularity.

Granting amending of the complaint under the supervision of Court assigned counsel [#278] to correct complaint formatting errors is appropriate; and

pursuant an Oath of Office to uphold the Colorado Constitution, Bill of Rights, Sections 3 (Inalienable Rights) and 6 (Equality of Justice) justice so requires it.

Fraud must proceed against: Goode, Wilcock, Yanaros, Lorie, LWLF, GES and WILCOCK FOUNDATION.

IX.   **CCPA (Claim 3)**

Magistrate Mix largely recommends dismissal 'with prejudice' stating the claim fails to fulfill the five elements that constitute the cause of action and does not meet the heightened standard when pleading fraud. [#283 at 28-30]

Violation of the CCPA, incorporates by reference the Fraud (claim 2) allegations [#217 ¶¶338-340] and meets the fraud requirements.

CCPA comprises two key arguments that may be brought by an individual for remedy:  (1) Disparagement of goods and services C.R.S. 6-1-105(1)(h) [¶339] and (2) Deceptions dangerous to the public [Id. ¶338].

1.   Montalbano fulfilled the disparagement of goods and services:

   CRS 6-1-105(1)(h)

      "Disparages the goods, services, property, or business of another by false or misleading representation of facts"

This disparagement is seen in Defamation claim 10, and is incorporated by reference at paragraphs 338-340, 346, 353; Goode and his associates disparaging Montalbano as a criminal destroys goodwill for her legitimate dream teaching services.

2. The Recommendation states (paraphrased) 'Montalbano did not set forth times, places and contents of the false representations and identity of the parties and did not show commercial activities and practices injurious to the public as opposed to her personally' [#283 at 29] This statement is false (See Section VIII above).

   a. Montalbano showed Goode, Wilcock and GES's published and broadcast frauds impact/damage the lives of millions of people in the general public. [¶¶101-116; #121-7 at 2].

   b. Wilcock's Pete Peterson fraud raked in about $55,000 [121-2 at 17] (believed to have been funneled into WILCOCK FOUNDATION [SACC,¶579 B.]). If each person donated $50 (like Montalbano), then at least 1,000 people donated to The Enterprise's Peterson scam, and this is just one of many scams.

c.  The incorporated General Allegations [SACC,¶337] fulfill the five claim requirements: (1) deceptive practices [¶¶38-100 Goode and Wilcock public dream, SSP, CIA, and space alien frauds], (2) during the regular course of business [¶¶101-126, published and broadcast to millions], (3) that significantly impacts the public [¶¶113-116, ¶¶120-122, ¶349-352, event and donation schemes; #121-7 Wilcock ascension frauds; #161-5 at 2, Lorie ascension frauds 700k sales; ¶322-325 Fraud Whistleblowers on GAIA CD show], (4) injuries to Montalbano's protected interests [¶346-348 Right to not be disparaged /defamed or victimized by fraud (claim 2); Copyrights (claim 9); Trade Secrets (claim 7)]; and (5) damages. [¶353] (starting around $75,507 ($68,012 PLAC  + $7, 495 fraud)

d.  Yanaros and Lorie [¶7-8] threaten Goode, GES, and Wilcock's competitors with malicious criminal prosecutions and/or SLAPP lawsuits to silence them, while lying on court records and collecting donated money from the public (via LWLF (Goode)) to continue harassing competitors. This is a violation CCPA. [#225 at 7-9;  SACC, ¶346 citing ¶¶320-322 Lorie and Yanaros SLAPP prosecution threats against eleven other competitors;  ¶¶262-263, ¶677-678 (abuse of process) - Lorie fake law firm address;  #248 (Montalbano Motion

surreply) #271 Surreply, Lorie false claims of legal representation of
Goode/Wilcock; #161-5 Lorie fake ascension course creator for
Enterprise; ¶513 Ms. Yanaros' sister, Teresa Yanaros, The Enterprise's
fake alien news marketing promoter]

The amount in controversy exceeds twenty Dollars.

Montalbano claims her Constitutional Right to trial by jury for the matter in
controversy exceeding twenty dollars.

Amending the Complaint to correct claim formatting errors under the supervision
of Court assigned Counsel is appropriate and justice so requires it.

Violation CCPA must proceed against: Goode, Wilcock, Yanaros, Lorie, LWLF, GES
and WILCOCK FOUNDATION.

## X.      RICO Enticement into Slavery (claim 6)

Largely it is recommended this claim be dismissed for being 'speculative'.
However, Montalbano has provided facts [¶¶127-195] showing remote neural
trafficking is plausible with Goode and his CIA MKULTRA neural interfacing mind
control programs. [#121-3 at 1, Goode public claims remote neural interfacing
with his cult followers;  SACC,¶¶25-26,¶28 Goode remote surveillance, DOD

Civilian Satellite networking specialist, Microsoft employee, and Remote Viewing skills]

Montalbano showed remote brain frequency assaults are a common CIA problem [#225-4 Neuroweapons Havana Act; #121-11 CIA Telepathic Behavior Modification; 121-17 S.A.T.A.N.] and brain neural rights (trafficking) are being recognized as legally protectable. [#278-1 Chile Neuro Rights Law].

Montalbano reasonably believes Goode and Wilcock participate in government remote neural trafficking programs targeting the Delta and Theta brainwave states of Montalbano and their cult following. [¶¶373-386 EEG Cloning]

The claim should proceed against Goode and Wilcock via the allegations being moved directly into the RICO* claim as part of the predicate acts to investigate physical technology being used.

XI.   **Trade Secrets (claim 7)**

Magistrate Mix recommends dismissal 'with prejudice' because Montalbano originally 'gave' the records to Defendants, even if under circumstances of fraud [#283 at 35-36] and states "[h]as provided no allegations that she took reasonable measures to keep that content secret." This is partially false.

1. It is true Montalbano originally 'gave' the IP records to Goode, GES, and Wilcock due to belief in their dream teaching frauds [SACC, ¶442].

   However, Montalbano (reasonably) did not think her hand written dream journal records were documentations of literal coming waking state events and people, until it was 'too late'. [#121-18 PLAC] These types of repeat and ongoing occurrences [#205 at 9-13, #205-1 Covid vaccine controversies foreseen in prior Mesa Court filed dream records] moved the IP records into being Trade Secret IP in the field of legitimate dream research. [#217(SACC), ¶¶455-464]

2. Once Montalbano realized she'd been defrauded of extremely valuable research [#135-1, Section 1, IV. "Proprietary Property"], Montalbano implemented the Rules of Presumptions (see Section VI. above) and delivered the [Trade Secret] privacy agreement informing Respondents (Goode, GES, Wilcock, Associates) all prior rights were rescinded as of April 18, 2018 and they were NOT to further share, disclose, use, or otherwise disseminate Montalbano's private information.

3. They were further noticed if they failed to adhere to the strict privacy policy and failed to compensate Montalbano for their fraudulent use of her IP

(pursuant fair market values) a lawsuit was pending. [¶¶207-224; #121-18 at 1, PLAC Reception #2843230, at 48 - Intent to Litigate]

4. The Trade Secret statute does not otherwise provide for presumptions, therefore presumptions and federal rules of evidence must be adhered to.

5. The PLAC mailings formed the legally binding privacy agreements.

6. The Respondents breached the privacy agreement by continuing to publicly disclose and disseminate Montalbano's Trade Secret IP as derivative works [#262 at 9-11, Montalbano (2016) dream Wilcock Hover cars (emailed Goode Sept 2017) and Wilcock Hover Cars scam Sept 2021] and failed to compensate Montalbano for (mis)uses in their frauds. [SACC,¶¶503-529;  #121-18 PLAC]

7. GAIA and Weidner (then employers Goode, GES, and Wilcock) were also delivered a courtesy copy of the PLAC presumptive contracts. [#135-2 USPS Certified Mail return receipts; #121-18 at pp1-3, p12, Certificate of Service].

8. *The PLAC privacy agreements were delivered via USPS Certified Mail return receipt requested at Respondents' known places of business.*

> Notification is "the first essential of due process of law."
> *Connally v. General Construction Co., 269 U.S. 385, 391* [4]

---

[4] https://supreme.justia.com/cases/federal/us/269/385/

"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." *U.S. v. Tweel, 550 F. 2d. 297.* [5]

9. Respondents had a legal and moral duty to speak. Their silence was their acquiescence to fraud. [Id. ¶¶207-224; ¶¶445-453]

10. The acquiesced to agreements were filed with the CLERK AND RECORDER office [#121-18 at 1] forming the binding contracts. [SACC,¶491]

11. Montalbano made reasonable efforts under the circumstances to protect the privacy of her Trade Secrets.

12. The Constitution of the United Stated of America states at Article 1, Section 8, Clause 8:

> "**To promote the Progress of Science** and useful Arts, **by securing** for limited Times **to Authors** and Inventors the **exclusive Right to their respective Writings and Discoveries**" (emphasis added)

Montalbano is the original author [Id. ¶424, ¶¶433-444] and claims her inalienable Right to the exclusivity of her respective writings and discoveries.

The amount in controversy exceeds twenty Dollars ($68,012+) [Id. ¶220, ¶470,]

---

[5] https://www.leagle.com/decision/1977847550f2d2971809

Pursuant an Oath to support the Constitutions the Trade Secret claim must be heard by the Jury and must proceed against Goode, GES, and Wilcock.

## XII.    Copyrights (claim 9)

Magistrate Mix (confusingly) states: ""a cause of action for copyright infringement is only cognizable in federal court pursuant to 28 USC 1338," and therefore Ms. Montalbano fails to state a claim for common law copyright infringement." [#283 at 36] This statement makes no sense.

Montalbano cited 28 USC 1338 in the SACC  at "Jurisdiction and Venue" paragraph 18; and claimed common law copyrights within the Copyright claim. [#217, ¶22e (¶476), ¶¶481-483, ¶503, ¶531a] Therefore, the recommendation to dismiss common law copyrights must be disregarded for being false and biased.

Magistrate Mix acknowledges Montalbano has two federally copyrighted books that are part of the copyright claim [#121-25], then recommends dismissal of the federal claim 'with prejudice' due to now prejudicially ignoring the common law infringement facts (which she acknowledged provided many allegations [#283 at 38]). The common law infringement facts are part of the same federal copyright issues and visual work issue. When viewed together it is easy to see the

ongoing similar works created by The Enterprise that are published and broadcast for profiteering in their public frauds. [SACC,¶¶504-529]

1. Montalbano brought visual work "Intuition" (used at The Enterprise's for profit event "Eclipse of Disclosure" [#217, ¶114, ¶203; #121-20]) pursuant Title 17 Section 106(A) to legally declare Montalbano the author-artist of the visual work. [¶477, ¶488].

2. 28 USC 1338 also states:

> "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under copyright"

Montalbano showed unfair competition in the following claims' facts: violation CCPA [¶338, ¶346] disparagement goods and services (defamation (claim 10)). (Sections VIII-IX, XIII, this document) joined with this substantial copyright claim.

This Court has supplemental statutory jurisdiction of the Common Law copyrights pursuant 28 USC 1367 [#217, ¶20], as it has jurisdiction over the federal copyrights and visual work; and this copyright claim also relates to

Plaintiff's Goode and GES's unfair competition claims [#111 at 34-35] against Montalbano.

3. Approximately 70 instances of IP uses were cited with specificity for response in the unrebutted PLAC mailings (Section VI above) [SACC ¶¶503-529]

4. Copyright Law does not provide otherwise regarding presumptions. This Court must uphold its rules regarding presumptions and unrebutted affidavits.

5. The Constitution of the United Stated of America at Article 1, Section 8, Clause 8 (Copyright clause) states:

> "**To promote the Progress of** Science and **useful Arts**, by securing for limited Times **to Authors** and Inventors the exclusive **Right to their respective Writings** and Discoveries" (emphasis added)

Montalbano is the original author with exclusive Right to the writings (published and unpublished) [SACC,¶¶479-488] and claims her inalienable Constitutional Right to protect her respective writings.

The amount in controversy exceeds twenty dollars [¶532 b. PLAC $68,012+].  The Right to trial by Jury is preserved and Montalbano claims this Right.

6. This Court is empowered to grant the relief requested (monetary, declaratory, and injunctive) for the published and unpublished works.  [#217 ¶¶530-532]

This Court's Officers must faithfully perform their sworn duties to support the Constitution and must lawfully declare Montalbano's unpublished works exclusively her writings, through determining the writings were in-fact emailed from Montalbano and exclusively belong to Montalbano and no one in The Enterprise.

Pursuant an Oath of Office to support the Constitutions the Copyright claim must proceed against: Goode, GES, and Wilcock.

## XIII.    Defamation (Claim 10)

1. The defamation claim is the only claim recommended to move forward and only against Mr. Goode.

2. The defamation claim must also proceed against Wilcock [¶28], and LIGHT WARRIOR LEGAL FUND (LWLF) [¶27].  The defamation facts involving LWLF are included in the claim via incorporation of the General Allegations at ¶533 and related claims via ¶¶534-536  which include the following:

    a. Goode (LWLF) seeks public donations to fight his fake criminal 'Dark Alliance' [¶¶52-53] that fraudulently includes Montalbano

    b. LWLF (Goode) receives donations based on defamation/disparagement and malicious prosecution harassment of Montalbano [¶¶104-105, ¶¶328-333, ¶584 (money laundering), [¶681 H.]]

    c. Montalbano's Response to LWLF's MTD [#254] at pages 5-7, includes evidence of LWLF defaming Montalbano on its website by promoting the fraudulent stalking TRO and criminal cases opened against Montalbano with lies [#254-1,#254-2, #121-2]; and LWLF is a single member company, with only Goode . [121-2 at 7-8]

3. The defamation claim must be amended to conform it to the evidence, as LWLF (Goode) participates directly in the defamation acts.

4. Wilcock promotes defamation against Montalbano by promoting Goode and their fraudulent 'dark alliance' narratives. [#121-5 Dark Alliance Goode and Wilcock promo]

5. Amending the counterclaims should be granted under the supervision of Court assigned Counsel to correct defamation claim formatting errors.

6.   The Defamation claim must proceed against Goode, Wilcock, and LWLF.


**XIV.   Civil Conspiracy (Claim 12) [#283 at 42-44]**

The recommendation states 42 USC 1985(3) applies only to racial or class-based discrimination and that Montalbano failed to allege this. Montalbano addressed this in the Response to Judicial Defendant's Motion to Dismiss, citing Flynn being prejudice against Montalbano a pro se litigant (poor) and biased for a public figure with counsel (rich). These facts are contained in the requests to Campbell to remove Flynn from case 18CV50. [#247 at 5-7]

The recommendation then prejudicially states, regarding common law conspiracy (paraphrased), 'that the claim is conclusory and Montalbano fails to provide a factual basis [#283 at 43, referencing #217 at 186-188] that there was a meeting of the minds or unlawful overt acts' [#283 at 44]. These statements are false.

A conspiracy claim is not technically a stand-alone claim, but is a claim underlying the main [20] claims [SACC, ¶591] and in particular the RICO* claim.

Montalbano clearly named the individuals jointly and severally liable for damages and shows their interconnection in the incorporated related claims which have been prejudicially ignored. [¶¶592-¶616]

Magistrate Mix also states,

> "A party may not be held liable for doing in proper manner that which it
> had a lawful right to do, "such as use of the court system."" [#283 at 44]

However, Montalbano has shown the Judicial Officers (Flynn, Gomez, Grove, Terry) and attorneys Lorie and Yanaros, have not properly used the Court system. (See Sections II-III, XV-XVII, this document)

Amending should be granted under the supervision of court appointed counsel to correct any formatting errors.

The amount in controversy exceeds twenty dollars (see all claim damages) and pursuant an Oath of Office the right to trial by jury is preserved and Montalbano claims this Right.

Civil Conspiracy must proceed against: Goode, GES, Wilcock, WILCOCK FOUNDATION, LWLF, Yanaros, Lorie, Flynn, Campbell, and the Appeals Court Judges if their 'oversight' is not corrected.

**XV.    Deprivation Civil Rights (Claim 13)**

Magistrate Mix largely recommends dismissal of this claim stating Montalbano (paraphrased) 'provided no allegations she was not given a fair hearing on the matters at issue'. [#283 at 46]

Any person of reasonable intellect (and not biased) can conclude that Flynn (and attorneys) lying on Court records and denying clearly established Constitutional Rights [SACC, ¶622] and hearings and trial by jury requests [¶654, six hearing/trial denials] means there was no fair hearing on any matter at issue. (See Sections II-III, XVI-XVII)

1.  Flynn denied Montalbano her clearly established Constitutional Right to trial by jury for Defamation [SACC, ¶¶639-643] and Campbell failed to replace him. [¶¶658-659]

2.  Yanaros violated Montalbano's civil rights through abuse of process and malicious prosecutions. (Sections XVI-XVII this document)

3.  These violations resulted in damages. [¶667 fraud judgments $116,600 and malicious case defense fees].

Deprivation Civil Rights must proceed against Flynn, Campbell, Yanaros, and Court of Appeals Officers if their 'oversight' is not corrected.  [#217 ¶644 - case law [6] 'Court must expansively view civil rights violations complaints to determine if allegations provide relief under any possible theory']

## XVI.    Abuse of Process (Claim 14)

Largely the Recommendation states Montalbano did not show she was trafficked under 18 USC 1589(a)(3) (RICO) and recommends dismissal 'with prejudice'. [#283 at 47-49]

However, amending the claim to simply read Abuse of Process "Common Law" will sufficiently correct the claim to be jurisdictionally plausible. Magistrate Mix does not cite any problems with the claim under common law and it would be clearly prejudicial to dismiss it for a typo.

Abuse of Process is seen in the following facts:

1.  Goode and Yanaros thought they had probable-stalking-cause against Montalbano mid-June 2018 when they tried filing a case, but it was rejected for failure to meet the requirements, [#217 ¶227,¶672]. Yanaros then knew her client had no probable cause for a stalking claim. [Id. ¶674 A.]

---

[6] https://openjurist.org/621/f2d/276/white-v-bloom

2. Goode and Yanaros tried a second time (July 2018 – August 2018 [SACC,¶¶239-242,¶674]) and lied on the Broomfield Court record to open a case and obtained a fraudulent temporary stalking protection order (TRO):

    a. Goode lied he did not have a lifelong stalking protection order issued against himself. [¶674 F.]

    b. Goode lied Montalbano phoned him all the time, when Montalbano has never had his phone number.  [¶674 E.]

    c. Yanaros threaten Montalbano with police action for serving (pro se litigant) Goode copies of all state Court filed papers [¶674 K.]

    d. The TRO was vacated and case dismissed in Montalbano's favor.

3. Goode and Yanaros tried a third time (March 2020 - June 2020 [SACC,¶¶250-253,¶679]) and again lied on the Broomfield Court record:

    a. Goode again lied he had no stalking protection order issued against himself. [¶679 C.]

    b. Again lied Montalbano phoned him all the time. [¶679 D.]

c.  Opened the case for Montalbano serving Goode (pro se litigant) copies of state court filed papers.

4.  Lying on Court records to open criminal cases and obtain fraudulent TROs does not constitute probable cause and is an abuse of process.

5.  Opening criminal cases to prevent a pro se litigant from serving another pro se litigant Court filed papers [#254 at 10-11, #254-4 Yanaros Police threats for serving Court papers on Goode; SACC,¶674 K.] and other legal papers (Section VI this document), is an abuse of process.

6.  Lorie (Enterprise fraud Ascension Course creator) claimed to represent Goode and Wilcock while threatening prosecution of a witness (Ms. Ferrante) [SACC,¶310 G, ¶320] and provided the witness with a fake law firm address for legal communication. This is an abuse of process. [SACC,¶¶262-263, ¶677; #271 ACM surreply]

7.  Goode, Yanaros, and LWLF, use fraudulent cases to promote The Enterprise's fake dark alliance, stalking, and defamation narratives against Montalbano [¶¶328-333] while growing their following and acquiring illegal donations (LWLF) based on their fraudulent prosecutions. [#254 at pages 5-7, [#254-1, #254-2, #121-2]]

The amount in controversy exceeds twenty dollars (estimated to start around $7, 000). Montalbano claims her Constitutional right to trial by Jury for the Civil Common law matter exceeding twenty dollars.

The claim must proceed against Goode, Yanaros, and Lorie.

## XVII.   Malicious Prosecutions (Claim 15)

Magistrate Mix, largely states the two concluded stalking cases don't provide enough factual information for the Court to conclude the elements of malicious cases are met. [#283 at 49-50]  The recommendation prejudicially ignores the abuse of process allegations.

The elements for malicious cases, filed without probable cause, are incorporate by reference in paragraphs 698 and 700, which incorporate The General Allegations ¶¶225-256 Stalking Retaliation Cases and facts and claim 14 (abuse of process).

Lying on the Court record to obtain a fraudulent TRO and lying in complaints to meet criminal [stalking] claim requirements, does not constitute probable cause and can never be justified as a 'regular' or 'proper' use of the Courts.  The two completed Broomfield stalking cases [18C103, 20C32], dismissed in Montalbano's favor, clearly qualify as malicious.

The amount in controversy exceeds twenty dollars - estimated to start around $7,000 to defend against malicious cases.  The Constitution preserves the Right to trail by jury in matters exceeding twenty dollars, and Montalbano claims this Right.

The claim must proceed against Goode and Yanaros.

### XVIII.   Intentional Intrusion Privacy Rights (Claim 17) and IIED (Claim 18)

Montalbano consents to dismissal of claims 17 and 18. [#283 at 50-54]

### XIX.    NIED (Claim 19)

NIED is Recommended to be dismissed for Montalbano failing to allege she feared for her safety.  [#283 at 54-56] This is false.

Montalbano alleged these facts by way of incorporation of 'all allegations in the complaint' at ¶748.

The incorporated facts show specific safety concerns:

1.  Montalbano contacted the Grand Junction and Broomfield police departments due to defamation and harassment that Flynn failed to stop via case 18CV50. [¶266-267, ¶269] Montalbano had not contacted the Colorado police prior.

2.  Montalbano was so distressed by the defamation and harassment she tried for a separate protection order, because Flynn was not doing his job or implementing injunctive relief. [¶268] Montalbano has not filed for a protection order prior.

3.  Montalbano contacted the Judicial Commission, Campbell, to remove Flynn from case 18CV50 for failing to stop defamation and malicious cases, causing years of distress. [¶¶270-271]

4.  Montalbano contacted the Texas State Bar [¶272] to get them to do Flynn jobs and order Yanaros to stop lying and opening malicious cases with Goode.

5.  Montalbano contacted the Chief Executive Officer of Mesa Court to get Flynn replaced (since Campbell failed [¶273]) and trying to get relief from the ongoing defamation and malicious prosecutions.

6.  Montalbano endured two Trojan home network hacks (August 2019 and about July 2020) [¶280]. The Montalbano's have anxiety whenever using the home network for fear of computers being destroyed and have not been able to use health devices requiring internet connectively, due to fear of Trojan hacks.

The NIED claim must be granted to be amended to correct complaint formatting errors and must proceed against: Goode, Yanaros, Lorie, Flynn, Campbell and the Court of Appeals Officers if their Constitutional 'oversight' is not corrected.

## XX.     Unjust Enrichment (Claim 20) [#283 at 56-57]

Largely it is recommended to be dismissed for (paraphrased), 'not showing the defendants benefited and not showing adequate fraud specifics.'

Montalbano showed these facts in the following:

1. Paragraph 753 incorporates all allegations and claims. Which includes the following paragraphs:

   a. Dream researchers Goode, GES, and Wilcock received the benefit of Montalbano's extremely rare dream research and copyrighted materials amounting to a starter fair market value of $68,012 [¶532 b.PLAC]

   b. See Sections VIII-IX this document (fraud facts).

   c. Goode's defamation/disparagement of Montalbano unjustly enriched him/The Enterprise by growing their public following, sales, and donations via LWLF.

   d. Flynn unlawfully gave Yanaros, Lorie, and Goode $116,600 in fraudulent judgment fees [¶293 d.], via lying on the Mesa Court Record that no defamation was shown, when it was, and unjustly enriched them for defamation, harassment, and malicious prosecutions.  [¶¶300-301; #121-21]

   (Sections II, XV-XVI, this document)

The amount in controversy exceeds twenty dollars and pursuant an Oath the Right to trial by jury is preserved; and Montalbano claims this Right.

This claim must be granted to be amended to correct complaint formatting errors and must proceed against: Goode, GES, Wilcock, Yanaros, Lorie, and Flynn.

### XXI.    Sanctions [#283 at 57-60]

No sanctions may lawfully be requested or implemented against Montalbano by any party, as Montalbano has only used the Court system as it was designed to be used (by the people, supported by Constitutional Law) and whereby all opposing parties have intentionally lied on (and off) court records and have in-fact abused the Court systems. Montalbano's claims must proceed pursuant Due Process to stop their abusive acts.

### XXII.   CONCLUSION

WHEREFORE, for all the reasons stated herein the specified claims must proceed to trial against the specified defendants pursuant an Oath of Office to the State and National Constitutions, and amending the complaint [#217] under the supervision of Court appointed counsel [#278] must be granted to correct complaint formatting errors and conform the claims to the facts and evidence, as justice so requires it.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth  in Judge Domenico's Practice Standard III(A)(1) and as granted to exceed word limit to be no greater than 8,000 words March 8, 2022 via Order entered by Judge Domenico at Docket 285.

**CERTIFICATE OF SERVICE**

I certify on this 23rd day of March 2022 a copy of the foregoing Response was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5) and upon David Wilcock and WILCOCK FOUNDATION through their registered agent by post mail.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen