IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, et al.

    Plaintiffs,

v.

GAIA, INC., et al.

    Defendants.

---

THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S[1] RESPONSE TO ALYSSA CHRYSTIE MONTALBANO'S OBJECTION [DOC. 290]

## INTRODUCTION

Defendant Alyssa Christie Montalbano lost and lost again in a Colorado state court lawsuit against Plaintiff James Corey Goode. Believing her losses to be the *judges*' faults, Montalbano used this federal lawsuit to bring third-party claims against a state district court judge (Judge Flynn), three state appellate court judges (Judge Terry, Judge Grove, and Judge Gomez), and the now-former executive director of the Colorado Commission on Judicial Discipline (William Campbell). Her claims were grounded in a purported wide-ranging conspiracy implicating the Racketeer-Influenced and Corrupt Organizations (RICO) Act, along with various federal civil rights and state tort theories. *See generally* [Doc. 204-1].

---

[1] Together, these third-party defendants are the "State Defendants."

Montalbano's claims quickly failed. Magistrate Judge Mix correctly decided that the doctrine of judicial immunity barred Montalbano from suing the judges. [Doc. 283 at 14–15]. Judge Mix also correctly decided that Montalbano lacked standing to sue Mr. Campbell, based on his decision not to discipline or remove Judge Flynn. [*Id.* at 16–17.]

Montalbano then filed an Objection to Judge Mix's Report and Recommendation [Doc. 290] on March 23, 2022. Her Objection simply rehashes her unsupported legal theories that judges lose judicial immunity when they "deny[] Constitutional Civil Rights," and otherwise misconstrues the law supporting the Report and Recommendation. This Court should overrule Montalbano's Objection and adopt Judge Mix's Report and Recommendation as to the State Defendants.

## FACTUAL AND PROCCEDURAL BACKGROUND

The facts relevant to Montalbano's claims against the State Defendants are set forth in more detail in the Motion to Dismiss. *See* [Doc. 222 at 2–5]. Briefly, Montalbano sued Goode in Mesa County District Court for various claims sounding in intellectual property infringement and defamation. Judge Flynn presided over that matter. Goode moved to dismiss Montalbano's claims and Judge Flynn granted his motion, after which Montalbano accused Judge Flynn of violating her constitutional rights. Montalbano then filed an untimely appeal to the Colorado Court of Appeals, so a panel consisting of Judge Terry, Judge Grove, and Judge

Gomez summarily dismissed her appeal for lack of jurisdiction. Montalbano accused the panel of violating her constitutional rights too.

To top things off, Montalbano filed various grievances with Mr. Campbell concerning Judge Flynn's rulings. When Mr. Campbell informed her he would not take action against Judge Flynn, Montalbano yet again asserted her constitutional rights were violated.

Montalbano then dragged the State Defendants into this lawsuit by filing a 756-paragraph second amended "counterclaims complaint." *See* [Doc. 204-1]. The State Defendants moved to dismiss her claims against them on numerous bases: (1) absolute judicial immunity; (2) lack of standing; (3) the *Rooker-Feldman* doctrine; (4) lack of subject matter jurisdiction to adjudicate alleged violations of criminal law; (5) lack of subject matter jurisdiction under the Colorado Governmental Immunity Act, § 24-10-101 et seq.; and (6) failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See* [Doc. 222].

Judge Mix recommended granting the motion to dismiss based on the judicial immunity and lack of standing arguments, and did not reach the remaining arguments. [Doc. 283 at 14–17]. Montalbano then filed an objection under Fed. R. Civ. P. 72 to Judge Mix's recommendation. [Doc. 290].

## LEGAL STANDARD

This Court "determine[s] de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

### I. Montalbano's claim of judicial bias is groundless.

As an initial matter, this Court should reject outright Montalbano's suggestion that Judge Mix ruled in the State Defendants' favor because they are Judge Mix's "licensed peers," as opposed to Montalbano, who is "non-rich, non-famous, [a] pro se litigant, pro Constitutional Law." [Doc. 290 at 4]. Montalbano's accusation is nothing more than an "unsubstantiated suggestion[] of personal bias or prejudice," which is not a basis for recusal or any other remedy under federal law. *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). It is not even clear whether Montalbano seeks any remedy for this purported bias. Nevertheless, this Court should reject these assertions and consider the Report and Recommendation on its merits.

### II. Judge Mix correctly dismissed the claims against the judges on the basis of judicial immunity.

In her Objection, Montalbano restates allegations from her counterclaims complaint about how the judicial defendants violated her constitutional rights, including by denying her a trial by jury and by summarily dismissing her appeal.

4

[Doc. 290 at 6–7]. She contends that, because this Court determined one of her defamation counterclaims withstood a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Judge Flynn therefore erred (or lied) in his own determination dismissing her claims under Colo. R. Civ. P. 12(b)(5) in the underlying Mesa County District Court matter. [*Id.* at 7.] Finally, she contends the Colorado Court of Appeals judges violated their oaths of office by not dismissing her claims *without* prejudice, and that all the judges committed "oversights" without correcting them. [*Id.* at 7–8].

This Court should reject Montalbano's contentions. She provides no cogent argument to defeat the judges' immunity from a lawsuit seeking money damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction." *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). This is so even if the judges' "exercise of authority is flawed by the commission of grave procedural errors," *id.*, or the judges are subject to "allegations of bad faith or malice," *Mireles*, 502 U.S. at 11.

Montalbano's objection illustrates how her claims against these judges are based solely on judicial acts performed within the judges' respective jurisdictions. Her allegations stem from the judges' rulings against her, particularly Judge Flynn's order dismissing her defamation claim and the Court of Appeals' dismissal of her untimely appeal. *See* [Doc. 290 at 6–8]. Indeed, Montalbano does not (and cannot) allege the judges acted "in the clear absence of all jurisdiction" because the

5

rulings at issue were well within the judges' constitutional and statutory jurisdiction. *See In re A.W.*, 637 P.2d 366, 373 (Colo. 1981) (Colorado Constitution confers on district courts "unrestricted and sweeping jurisdictional powers in the absence of limiting legislation"); Colo. Rev. Stat. § 13-4-102(1) (Colorado Court of Appeals has jurisdiction over appeals of final judgments from district courts); *Woznicki v. Musick*, 94 P.3d 1243, 1246 (Colo. App. 2004) (appellate court always maintains "limited jurisdiction . . . to determine its own jurisdiction").

In short, Montalbano simply disagrees with the judges' rulings. Such disagreement does not overcome their immunity from suit. Accordingly, this Court should adopt Magistrate Judge Mix's Report and Recommendation to dismiss Montalbano's claims against Judge Terry, Judge Grove, Judge Gomez, and Judge Flynn.

### III. Judge Mix correctly dismissed the claim against Mr. Campbell.

In her Objection, Montalbano again rehashes her allegations that Mr. Campbell did not perform certain constitutional duties. [Doc. 290 at 9–10]. She also attempts to distinguish this case from *Rojas v. Meinster*, No. 19-cv-01896-LTB-GPG, 2019 WL 8331477, at *5 (D. Colo. Sept. 10, 2019), a matter involving materially similar claims against Mr. Campbell for failing to discipline a sitting state district court judge. [*Id.* at 10–13].

This Court should likewise reject Montalbano's contentions. In *Rojas*, the court expressly found that a plaintiff "lacks standing to assert claims against

Defendant Campbell premised on Defendant Campbell's alleged failure to take appropriate disciplinary action against Defendant Judge [Ann Gail] Meinster," a district court judge. 2019 WL 8331477, at *5. As here, the plaintiff in *Rojas* had sued both a judge for performing quintessential judicial acts (Judge Meinster for "her role as presiding judge over Plaintiff's domestic relations proceeding"), and Mr. Campbell for not disciplining the judge. *Id.* at *3, 5. In dismissing the claims against Mr. Campbell, the court relied on well-established Supreme Court and Tenth Circuit caselaw precluding plaintiffs from seeking the prosecution or discipline of others. *See id.* at *5 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993)).

Montalbano misconstrues both Magistrate Judge Gallagher's decision in *Rojas* and the precedent undergirding it. Instead, she argues she herself has "endured multiple threats of prosecutions and actual prosecutions." [Doc. 290 at 11–12]. This is a non-sequitur because the amount of times Montalbano was allegedly threatened with prosecution has no bearing on her standing to sue Mr. Campbell for not disciplining Judge Flynn. She also asks this Court to ignore binding Tenth Circuit caselaw to the effect that "a private citizen lacked standing to insert themselves into a 'licensed-based' [sic] discipline system." [*Id.* at 12]. This Court cannot do that. *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990) (the district court is bound to follow the decisions of the Tenth Circuit). Finally, Montalbano claims she is not interested in "criminal prosecution" but rather

7

"informal remedial action" by Mr. Campbell against Judge Flynn. [Doc. 290 at 13]. This argument misses the mark because, as interpreted by the Tenth Circuit and this Court, the term "prosecution" includes various disciplinary systems (such as those for lawyers or judges) as well as criminal prosecution. *See Doyle*, 998 F.2d at 1566; *Rojas*, 2019 WL 8331477, at *5.

Thus, this Court should adopt Magistrate Judge Mix's Report and Recommendation to dismiss Montalbano's claims against Mr. Campbell.

## CONCLUSION

For these reasons, the State Defendants—Judge Terry, Judge Grove, Judge Gomez, Judge Flynn, and Mr. Campbell—respectfully request that this Court overrule Montalbano's objection and adopt Magistrate Judge Mix's Report and Recommendation to dismiss Montalbano's third-party claims.

Dated this 5th day of April, 2022.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Dmitry B. Vilner*
DMITRY B. VILNER*
Assistant Attorney General
Civil Litigation and Employment Law Section
Attorneys for Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez

1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6645
FAX: 720-508-6032
E-Mail: Dmitry.vilner@coag.gov
*Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that I served the foregoing THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA CHRYSTIE MONTALBANO'S OBJECTION [DOC. 290] upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 5th day of April, 2022, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and Goode Enterprise Solutions, Inc.*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy; Brad Warkins; and Kiersten Medvedich*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

*s/ La'Tasha Carter*