# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

────

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

────

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

**COUNTER-CLAIMANT, THIRD-PARTY PLAINTIFF
ALYSSA MONTALBANO
PARTIALLY OPPOSED
THIRD MOTION TO AMEND COUNTERCLAIMS COMPLAINT [#217]
PURSUANT FRCP 15(a)(2)**

COMES NOW, Alyssa Chrystie Montalbano, Counter-Claimant, and Third-Party Plaintiff, and moves the Court to Grant amending of the Counterclaims Complaint at Docket 217, pursuant FRCP 15(a)(2) for the following:

### I.     Conferral

Montalbano has conferred with all appeared parties and/or their counsels in this instant case regarding this Motion.

The following parties are **Opposed** to the relief requested herein:

Counter Defendants: Mr. Corey Goode and GOODE ENTERPRISE SOLUTIONS INC;

Third-Party Defendants: Ms. Valerie Yanaros, LIGHT WARRIOR LEGAL FUND LLC, Ms. Elizabeth Lorie, Mr. Brian James Flynn, Mr. William Campbell, Ms. Diana Terry, Ms. Christina Gomez, and Mr. Matthew Grove.

The following parties are **Unopposed** to the relief requested herein:

Terminated Cross-Defendants: GAIA INC, Mr. Jirka Rysavy, Mr. Brad Warkins, and Ms. Kiersten Medvedich.

The following parties have **No Position** on the motion or relief requested herein: Non-Party to counterclaims [#217]: Mr. Benjamin Zavodnick; and Terminated Cross-Defendant: Mr. Jay Weidner.

## II.     Relevant Procedural Background

1. This instant case was opened by Plaintiffs, Mr. Goode and GOODE ENTERPRISE SOLUTIONS INC (GES) March 17, 2020.

2. On December 22, 2020 Ms. Montalbano filed her Answer and Counterclaims [#120 and Exhibits at #121] to Plaintiffs' Goode and GES's Second Amended Complaint [#111, filed December 8, 2020].

3. On January 11, 2021, Montalbano and cross-defendant, Mr. Jay Weidner, by and through his counsels, Ms. Ashlee Hoffman and Mr. Aaron Belzer, stipulated dismissal of all cross-claims against Mr. Weidner without prejudice. [#126]

4. On January 12, 2021 Judge Domenico Granted the stipulation of dismissal of cross-defendant Mr. Weidner and all cross-claims against him. [#130]

5. On February 4, 2021, Montalbano and the GAIA Cross-defendants: GAIA INC, Mr. Warkins, Mr. Rysavy, and Ms. Medvedich (GAIA cross-defendants) by and through their counsel, Mr. Dingerson, stipulated dismissal of all cross-claims against the GAIA cross-defendants without prejudice. [#144]

6. On February 4, 2021 Judge Domenico Granted the stipulation of dismissal of the GAIA cross-defendants and all related cross-claims without prejudice and dismissed cross-claimant Ms. Montalbano. [#145]

7. On February 27, 2021, Montalbano Motioned to amend the counterclaims complaint [#155] to reflect stipulated agreements and correct alleged defects. The First Amended Counterclaims Complaint (FACC) was admitted April 26, 2021. [#183, #184]

8. On June 3, 2021 Montalbano filed a Second Motion to Amend Counterclaims Complaint (SACC) [#204, #208] to correct alleged defects and clarify claim damages. The SACC was granted June 18, 2021. [#216, #217]

9. Multiple Motions to Dismiss the SACC [#217] remain pending. [#221, third-party defendant Ms. Elizabeth Lorie; #222 Third Party Defendants Mr. Matthew Grove, Ms. Diana Terry, Ms. Christina Gomez, Mr. Brian James Flynn, and Mr. William Campbell;  #227 Counter Defendants Goode and

GOODE ENTERPRISE SOLUTIONS INC (GES); #233 Third Party Defendants Ms. Valerie Yanaros and LIGHT WARRIOR LEGAL FUND LLC; and Montalbano's Opposition Responses at Dockets: 225, 231, 247, and 254].

10. On February 14, 2022 [#274] Magistrate Mix cited court errors regarding Clerk's entry of Default [#219] against third-party Defendants Mr. David Wilcock and WILCOCK FOUNDATION and recommended the defaults be stricken.

11. On February 17, 2022 Montalbano filed a (pending) 'MOTION FOR EXTENSION OF TIME TO SERVE' Mr. Wilcock and WILCOCK FOUNDATION [#275], along with a new pending summons request. [#276]

12. On February 22, 2022 Montalbano filed 'UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL'. [#278]

13. On February 28, 2022 Magistrate Mix filed a Recommendation [#283] regarding the SACC [#217] and largely recommended all the pending Motions to Dismiss the SACC be granted, with the exception of Montalbano's Defamation claim against Mr. Goode recommended to proceed.

14. The Recommendation to strike defaults [#274] was adopted March 1, 2022 [#288] and defaults at Docket 219 were stricken.

### III.   ARGUMENTS FOR AMENDING

1. Magistrate Mix's Dismissal Recommendations [#283] completely ignored defendants David Wilcock and WILCOCK FOUNDATION due to her prior Recommendation to strike defaults [#274], this prejudiced Montalbano's counterclaims by the Dismissal Recommendation ignoring the main RICO and Racketeering partner of Mr. Goode's; Mr. David Wilcock. [#217, RICO Claim 1]

2. Montalbano incorporates by reference her 'OBJECTION TO MAGISTRATE RECOMMENDATION' filed March 23, 2022 [#290].

   The arguments seen in Montalbano's objection [#290] to Magistrate Mix's Recommendation [#283] clearly define the reasons why amending the complaint [#217] should be granted which includes the following points:

   a. Correct organizational issues of counterclaims complaint allegations.
   b. Correct claim titling issues. [#290 at 43, Section XVI (Abuse of Process)]
   c. Remove agreed claims and certain defendants from specified claims.
   d. Place the RICO predicate act claims' allegations into the RICO claim itself, and then remove the 'criminal' RICO predicate claims (i.e. correct formatting errors). [Id. Sections V (Criminal Statutes) and VII (RICO)]
   e. Conform the counterclaims to the evidence on the Record.
      [#290 at 38-40, LWLF be properly cited in Claim 10 - Defamation]

    f.   Remove anything extraneous (ideally reduce the complaint to about 1/3 size)

    g.   Uphold Due Process of Law and Constitutional Rights pursuant an Oath of Office to the State and National Constitutions.

3. Montalbano incorporates by reference her 'UNOPPOSED MOTION FOR COURT TO ASSIGN COUNSEL' filed February 22, 2022 [#278].

The reasons cited within the Motion provide lawful grounds for assigning Court appointed counsel to Montalbano prior to amending the complaint [#217].

Counsel will assist Montalbano in correctly formatting the counterclaims by instructing Montalbano on the 'unwritten' Court Rules. The unwritten rules have created an inequality of justice and have violated Montalbano's Constitutional Right to Equality of Justice and Due Process of Law. The following two situations (of many) show how the unwritten rules have caused prejudice, inequality, and damages to Montalbano:

    a.   Example 1:

        Montalbano, properly process served a copy of the original counterclaims complaint [#120; #121] and summons [#164] upon Mr. David Wilcock [#206] and WILCOCK FOUNDATION [#186] pursuant FRCP 4 and defaults were entered for their failure to appear and defend. [#218, #219]

However, nine months later Magistrate Mix recommended the defaults be struck [#274], because Mr. Wilcock and WILCOCK FOUNDATION were not process served the SACC [#217]. It is not written in FRCP 4 (the only Court Process Rules Montalbano has access to) that any subsequent amended complaints must also be process served upon a failed to appear defendant, or they are not considered process served, even when they were. [See Montalbano Response to Recommendation, Docket 281 at 4, No. 5]

This 'unwritten' rule caused Montalbano financial and other damages and prejudiced her case, as this service of process information was withheld until it caused the most damage to Montalbano's case and claims by a biased Officer (Magistrate Mix). [See Montalbano's Objections at Docket 290 to Magistrate Mix's Recommendations at Docket 283]

Keeping unwritten rules hidden from Montalbano until they cause the maximum amount of damages to Montalbano and her case and claims, is an inequality of justice, as Montalbano has regularly and respectfully followed all known and written Court Rules she has access to.

b.    Example 2:

Montalbano filed a RICO claim [SACC, Claim 1] and fulfilled the two or more RICO claim predicate act requirements, but separated them into individual claims [#217, Claims:   1 - RICO;   4 – Mail Fraud;   5 – Wire Fraud;   6 – Trafficking;   7 - Theft Trade Secrets;   8 - Economic Espionage;   11 - Money Laundering;   16 - Extortion].

However, one of Magistrate Mix's 'first' Recommendations for dismissal was that the RICO criminal predicate act claims be dismissed for being 'criminal' [#283 at 18-21 - citing Claims: 4, 5, 8, 11, 16].  Magistrate Mix then proceeded as 'UN'liberally as possible to (mis)construe the RICO claim, by then incorrectly stating the RICO claim (Claim 1) was unclear (as it would be minus the incorporated predicate act claims and general allegations) [#290 at 15 and 22, Montalbano Objection - formatting errors] and then prejudicially alleged Montalbano didn't meet the RICO requirements, because she chose to ignore all of them, simply because of how they were placed in the complaint [#217].

The RICO statute (18 USC §1961) [#217 (SACC), ¶17] does not specify the predicate 'criminal' acts are not to be separated into individual claims; this is an unwritten rule being unfairly used against Montalbano.

> The unwritten rules being withheld and then used against Montalbano have repeatedly violated her Constitutional Civil Right to Equality of Justice and Due Process of Law, as those with knowledge of the unwritten rules have repeatedly refused to inform Montalbano of them, which is a violation of an Officer's sworn civil duties (Oath of Office) to fairly and equally apply the Laws and uphold the Rights of the American people; including the Right to lawfully petitioning the Courts for redress of grievances and having equal protection access to the Laws and under the Law.

c.  There are many more examples like these that can be pointed out upon request. [#278 at 12-18 (See, Section III, 2. d. i. and vi.)]

**For these reasons (and more), a proposed amended complaint has not been attached to this motion**, as Montalbano does not want to waste her time or the Courts by writing another potentially incorrectly formatted complaint due to not having equal access to the Court's 'unwritten' Rules. It is prejudicial to tell Montalbano 'after the fact' about unwritten rules in order to use them against Montalbano and it is an inequality of justice to not give Montalbano equal access to the unwritten rules prior to any of her paper filings.

While it is not a Judicial Officers job to litigate for a pro se party, it is their sworn duty to uphold the Law (Constitutional Law); and they also must NOT litigate for their peers or famous people, such as Magistrate Mix has done for the famous

defendants (Goode and Wilcock) and her 'licensed' peers (Flynn, Gomez, Grove, Terry, Campbell, Yanaros, Lorie) in the biased dismissal recommendation. [#283]

4. It is to be duly noted Montalbano was a 4.0 student in college, inducted into Phi Theta Kappa: International College Honor Society, and was invited to apply to attend at Columbia University.  Stating this to state, if the Rules and formats are told to Montalbano and she has equal access to this Court's unwritten Rules and procedures, Montalbano will be able to follow them. But, it is prejudicial to expect Montalbano to know and/or follow unwritten rules and even more prejudicial for any Magistrate/Judge to recommend (or implement) dismissals based on the unwritten rules while simultaneously recommending denying Montalbano the Right to amend the counterclaims complaint to be compliant with the newly brought up unwritten rules.

The unwritten rules have also created enormous amounts of unnecessary work, unfair and unnecessary case delays, and unfair and excessive financial expenditures for Montalbano. [#218-1, Affidavit of Time and Service of Process Expenses involving Wilcock and WILCOCK FOUNDATION  $14,882.73]

5. This is Montalbano's third request to amend the counterclaims complaint.

6. None of the defendants having made an appearance in this instant case have answered the counterclaims complaint [#217].

7. No trial date has been set, and discovery is still stayed as of April 26, 2021. [#100, #182]. Montalbano still objects to the stay with regards to her claims for all the reasons cited in her denied 'MOTION TO LIFT STAY'. [#262 Montalbano Motion to Lift Stay; #286 Order Denying Motion; #289 Montalbano Objection to Magistrate Mix's Order]

8. Amending will not prejudice the Defendants as no new claims will be added, some defendants will be removed from claims, some claims will be removed, and the remaining claims will be correctly formatted for response, discovery, and trial. [For details, see Montalbano's incorporated Objection at Docket 290, to Magistrate Mix's Dismissal Recommendation]

9. Pursuant Federal Rule of Civil Procedure 15(a)(2) the Court is to freely give leave to amend the complaint when justice so requires it; and justice requires amending the counterclaims complaint be granted and performed under supervision of court appointed counsel to correctly format the claims and protect Montalbano's inalienable Constitutional Rights pursuant an Oath of Office (U.S. Constitution Article VI) to include, but not limited to, the following Civil Rights and Laws:

    a. **Colorado Constitution**, Bill of Rights:

    Section 3 (Inalienable rights)

    Section 6 (Equal protection under the law)

    Section 10 (Jury to hear defamation)

>Section 23 (Trial by Jury in civil matters shall remain inviolate)
>
>Section 25 (Due Process of Law), and
>
>Section 28 (Rights reserved not disparaged)

>b. **Constitution of the United States of America:**
>
>Article VII (Trial by Jury in Civil actions exceeding twenty dollars); and
>
>Article 1, Section 8, Clause 8 (Right to protect writings (Copyrights) and discoveries (Trade Secrets)).

WHEREFORE, for all the aforementioned reasons, Montalbano moves the Court to Grant this Motion to Amend the Counterclaims Complaint [#217] pursuant FRCP 15(a)(2) and an Oath of Office requiring Judicial Officers to be fair and impartial and to liberally grant amending of the complaint when justice so requires it; and to assign Montalbano counsel prior to amending to ensure unwritten rules regarding complaint formatting and processes are correctly performed; thereby protecting Montalbano's inalienable Constitutional Right to Equality of Justice and Due Process of Law, as justice so requires it.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that on this 5th day of April 2022 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION by post mail via their appointed agent.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen