IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

    Plaintiffs and Counter Defendants,

v.

GAIA, INC,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

    Defendants.

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

LIGHT WARRIOR LEGAL FUND, LLC,
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION,
VALERIA YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

    Third-Party Defendants.

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

**ENTERED BY KRISTEN L. MIX, UNITED STATES MAGISTRATE JUDGE.**

This matter is before the Court on Defendant, Counter Claimant, and Third-Party Plaintiff Alyssa Montalbano's ("Montalbano") **Unopposed Motion for Court to Assign Counsel to Pro Se Litigant Alyssa Montalbano** [#278][1] (the "Motion"). The Motion requests that the Court appoint counsel to represent Ms. Montalbano. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a party if the Court determines in its discretion that it is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a party will automatically receive counsel. Rather, placement on the list results in representation being secured for the party only if an attorney <u>volunteers</u> to represent her. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of her case on the list, a pro se party remains responsible for litigating her case herself.

The Court will only seek volunteer counsel for a pro se party if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served

---

[1] "[#278]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the party's claims; (2) the nature of the factual issues raised in the claims; (3) the party's ability to present her claims herself; and (4) the complexity of the legal issues raised). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Ms. Montalbano has demonstrated her ability to frame facts and state claims for relief. *See Counterclaims.* [#217]. The mere fact that the undersigned has found that many of the stated claims were not viable based on the underlying allegations does not change this calculus. *See Recommendation* [#283]. Despite her statements to the contrary, the legal issues presented were not overly complex, novel, or particularly difficult to state or analyze. *See id.* Further, the fact that Ms. Montalbano's financial situation has made it difficult for her to obtain representation does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e) to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the

court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a party be provided with counsel, the Court finds that this party's particular circumstances, at present, do not merit the appointment of counsel in this case.

To the extent she asserts her own claims, Ms. Montalbano chose to bring this civil action voluntarily knowing the limitations she would face due to her financial means and lack of legal training. To the extent that she feels that she cannot bear the responsibility at this time, she may voluntarily dismiss her own part of this case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains her legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

**_The Court wishes to ensure that Ms. Montalbano is aware that she may obtain free legal advice from the Colorado Federal Pro Se Clinic._** Advice may consist of explanations of legal rights and procedures, assistance with drafting pleadings and discovery, and referrals to other resources in appropriate cases. Ms. Montalbano should be aware that clinic staff will not appear in court on behalf of any pro se litigant. Ms. Montalbano may contact the Colorado Federal Pro Se Clinic at **303-380-8786** to make an appointment to speak with a lawyer. She may also visit http://www.cobar.org/fpsc for additional information.

The Court also directs the pro se litigant's attention to the Federal Limited-Scope

Appearance Program, also known as "FLAP". FLAP allows an attorney to appear with a litigant for a specific, non-dispositive Court hearing, such as a scheduling conference, a status conference, or a discovery hearing. However, even if an attorney volunteers through FLAP, the litigant remains pro se and continues to be responsible for all aspects of the litigation. More information and application forms are available at: https://www.cobar.org/For-Members/Young-Lawyers-Division/Federal-Limited-Scope-Appearance-Program.

Accordingly, based on the foregoing and the entire record in this case, it is hereby **ORDERED** that Ms. Montalbano's Motion [#278] is **DENIED without prejudice**.

DATED: April 29, 2022

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge