# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

━━━━

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

**────**

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

**────**

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

## COUNTER-CLAIMANT, THIRD-PARTY PLAINTIFF
## ALYSSA MONTALBANO
## PARTIALLY OPPOSED
## THIRD MOTION TO AMEND COUNTERCLAIMS COMPLAINT [#217],
## CLAIM 13 (DEPRIVATION CIVIL RIGHTS), PURSUANT FRCP 15(a)(2)

COMES NOW, Alyssa Chrystie Montalbano, Counter-Claimant, and Third-Party Plaintiff, and moves the Court to Grant amending of the Counterclaims Complaint at Docket 217, Claim 13 "Deprivation Civil Rights", pursuant FRCP 15(a)(2) for the following:

### I.      Conferral

Montalbano has conferred with all appeared parties and/or their counsels in this instant case regarding this Motion.

The following parties are **Opposed** to the relief requested herein:

Third-Party Defendants: Mr. Brian James Flynn, Mr. William Campbell, Ms. Diana Terry, Ms. Christina Gomez, and Mr. Matthew Grove.

Counter Defendants: Mr. Corey Goode, GOODE ENTERPRISE SOLUTIONS INC;

Third-Party Defendants: Ms. Valerie Yanaros, LIGHT WARRIOR LEGAL FUND LLC, Third-Party Defendants and Pro Se Litigants with Limited Scope Representation via counsel Ms. Valerie Yanaros:  Mr. David Wilcock and WILCOCK FOUNDATION;

Third-Party Defendant, Ms. Elizabeth Lorie, objects to the extent the withdrawal of the claim against her is 'without prejudice', stating it is her position that it should be withdrawn 'with prejudice'.

The following parties are **Unopposed** to the relief requested herein: Terminated Cross-Defendants: GAIA INC, Mr. Jirka Rysavy, Mr. Brad Warkins, and Ms. Kiersten Medvedich.

The following parties have **No Position** on the motion or relief requested herein: Non-Party to counterclaims [#217]: Mr. Benjamin Zavodnick; and Terminated Cross-Defendant: Mr. Jay Weidner.

No parties requested any additional position statements be included herein regarding their positions on this Motion during conferrals.

## II.    Relevant Procedural Background

1. To prevent duplicitous reading of the same background facts, Montalbano incorporates by reference Docket 308, "Third Motion to Amend Counterclaims Complaint [#217], RICO Claims, Pursuant FRCP 15(a)(2)", filed  June 6, 2022; Section II Relevant Procedural Background and Section III Arguments for Amending.

### III.   AMENDMENTS PROPOSED

**1.**   Because Counsel may or may not be assigned to Montalbano, the following proposed amendments are submitted for Claim 13 (Deprivation Civil Rights). **(Proposed Document 1 – Clean SACC Deprivation Rights Amendments; Proposed Document 2 - Redline SACC Deprivation Rights Amendments)**

2.   No new claims are being added against Brian James Flynn, Matthew Grove, Diana Terry, Christina Gomez, or William Campbell. [See Objection #290 at 5–14 for reasons why the Deprivation of Civil Rights claim is not dismissible based on magistrate Mix's prejudice Recommendation [#283], notably because the defendants are not immune from prosecution due to committing acts clearly outside the scope of their Constitutional authority]

3.   All other Defendants prior cited in the Deprivation Civil Rights claim are being dismissed from it (without prejudice): Ms. Valerie Yanaros and Ms. Elizabeth Lorie, as their Civil Rights violations are addressed in the Abuse of Process (Yanaros and Lorie) and Malicious Prosecution claims (Yanaros).
[See Objection #290 at 43-47, for reasons why these two claims are not dismissible (even prior amending) based on Magistrate Mix's prejudice Recommendation [#283], notably for a typo, not stating 'common law' claim for Abuse of Process].

4.  The attached proposed Deprivation of Civil Rights amended claim rearranges the verbiage of the claim and removes extraneous statements.  Due to significant rearranging of certain allegations and moving case law footnotes into the main claim section, allegations and footnotes in green that are crossed out, do not mean they were deleted in the amended version, it means they were used but relocated in the claim.  This was done for ease of reviewing the claim, as green items were in significantly different locations. In all other instances the standard underline and strike through apply.

5.  Montalbano has also incorporated Constitutional Laws, as seen in the prejudicially denied Motion for Judicial Notice [#295 Motion] that was alleged by Magistrate Mix to 'not apply' [#302 Order Denial] to: 1) her own Recommendation [#283], 2) the pending Motions to Dismiss [such as #222 Judicial Defendants MTD], or 3) Montalbano's SACC claims [#217].  The proposed amendments attached hereto show her statement is erroneous at best and the amended claim shows clearly how each Constitutional Law applies directly to the case and in particular to SACC claim 13, Deprivation Civil Rights, and thereby directly to each summoned to Answer Judicial Defendant and clearly overcomes their pending MTD [#222] 'immunity' arguments and overcomes Magistrate Mix's biased recommendation alleging they have immunities to willfully refuse to do their jobs and lie in court, when they clearly do not, as they all acted well outside the scope of their Constitutional authority to repeatedly deny and violate Constitutional Rights rather

than uphold them. These amendments will notably be seen as chunks of 'added' underlined text in the amended claim.

6. Montalbano has also incorporated evidence and exhibits in the amendments, that are already filed on this Court Record and seen in rebuttal arguments by Montalbano to the Judicial Defendants MTD [#222; #247 Montalbano Objection] and other related papers, or as seen in Montalbano's Objection to the Judicial Defendants' licensed peers' MTD [#254 at 9, Montalbano Objecting to Yanaros' MTD citing "prosecutorial immunity" goes to protected tasks, not the office].

7. Montalbano has also added additional exhibits from prior Mesa District Civil Court Record filings in case 18CV50, that further support Montalbano's Deprivation of Rights, civil claim, against the five Judicial Defendants, and in particular against Brian James Flynn showing clearly he lied no defamation in print or broadcast was shown to him on the Mesa Court record.

8. The proposed amendments are attached as both a redline document and clean document pursuant D.C.Colo.LCivR 15.1. However, the amendments are not provided with the entire SACC attached and claim embedded therein, as many reference numbers will ultimate have to be updated to match new locations in a fully amended pleading along with exhibits being re-numbered accordingly when all claims are together in a full version. The attached is provided as a singular

proposed claim amendment to give a general idea of how claims are being amended.

9. "Claim 13 – Deprivation Civil Rights" is submitted for approval to amend on its own, as it is urgent that it be on the Record showing the reorganized facts in the SACC and on this record (against the Judicial Officers) do in fact plead a plausible claim against them and clearly shows they do not have any immunities through citing Constitutional Laws and showing their willful and repeat refusal to uphold the law and in fact doing acts the exact opposite of Constitutional Law.

10. Each claim amendment made hereafter will also be conferred on with all opposing parties and submitted similar to this, until all proposed amendments are completed, at which time a full version will be submitted with full citations, amendments, conferrals, and a courtesy Table of Contents will be provided to assist in the review process.

WHEREFORE, for all the aforementioned reasons, Montalbano moves the Court and its faithfully performing Judicial Officers to Grant this Motion to Amend the Counterclaims Complaint **[#217, Deprivation of Civil Rights]** pursuant FRCP 15(a)(2) and an Oath of Office requiring faithfully performing Judicial Officers to be fair and impartial and to liberally grant amending of the complaint when justice so requires it; and to assign Montalbano Counsel prior to full amendment of all claims to ensure unwritten rules regarding complaint formatting and processes are correctly performed; thereby

protecting Montalbano's inalienable Constitutional Right to Equality of Justice and Due

Process of Law, as justice so requires it and that the court grant Montalbano any other

such relief it deems just.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge

Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of June 2022 a copy of the foregoing Motion was filed with the
clerk of the court using the CM/ECF system and are lawfully served upon relevant parties
counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed
(CM/ECF) court filing system. (FRCP Rule 5); and upon pro se litigant Mr. David Wilcock and
WILCOCK FOUNDATION by post mail via their appointed agent.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen