IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs and Counter Defendants,

v.

GAIA, INC,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

      Defendants.

ALYSSA MONTALBANO,

      Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

LIGHT WARRIOR LEGAL FUND, LLC,
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION,
VALERIA YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

      Third-Party Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

-1-

This matter is before the Court on Third-Party Plaintiff Alyssa Montalbano's **Opposed Motion to Recuse Pursuant [to] 28 USC 455 and Strike Recommendation [#283]** [#303][1] (the "Motion").  Ms. Montalbano states that all parties are opposed to the Motion [#303], although no responses have been filed to the Motion [#303].  I have reviewed the Motion [#303], the Recommendation [#283], and the entire case file and am fully advised in the premises.  For the reasons set forth below, the Motion [#303] is **DENIED**.

Pursuant to 28 U.S.C. § 455, Ms. Montalbano seeks my recusal on the basis of "the appearance of prejudice and bias, and because her complete impartiality in this case and matter are reasonably in question" because "her biased Dismissal Recommendation at Docket 283" is "prejudice[d] and in direct conflict with the State and National Constitutions which are the Supreme Law of the Land."  *Motion* [#303] at 20.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned."  Further, she "shall also disqualify [her]self . . . [w]here [s]he has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(b)(1).  In the Tenth Circuit, courts use a "reasonable person" standard in applying the statute.  *See, e.g.*, *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987); *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The standard is purely objective.  The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  In applying the test, the initial inquiry is whether

---

[1] "[#303]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

a reasonable *factual* basis exists to call the judge's impartiality into question.").

The purpose of the statute is not to provide litigants with "a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993. Moreover, "a judge has a strong duty to sit when there is no legitimate reason to recuse." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). "'[U]nsubstantiated suggestions, speculations [and] opinions[]' are insufficient to establish even the appearance of any bias, prejudice, or misconduct that would warrant judicial recusal." *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir. 2006) (citation omitted); *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) ("Factors that *do not* merit disqualification include: rumor, speculation, beliefs, conclusions, or other non-factual matters . . . [and] prior rulings that were adverse to the moving party." (emphasis in original)).

Although Ms. Montalbano's dissatisfaction with me is manifest, there is no basis for concluding that my impartiality in this matter might reasonably be questioned. Indeed, the Tenth Circuit has made clear that although recusal motions are frequently based upon speculation or beliefs, prior adverse rulings in the proceeding, and/or baseless personal attacks on the judge by a party, none of these circumstances warrants recusal. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [Further], judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.").

Ms. Montalbano seeks recusal on the basis of my February 28, 2022

Recommendation [#283] and sundry other rulings in this case.  *See Motion* [#303].  I have thoroughly reviewed my Recommendation [#283] and other rulings referenced by Ms. Montalbano.  As a result of this review, I remain convinced that my Recommendation [#283] and rulings are correct and well-grounded in applicable legal authority.  In short, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification."  *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).  In addition, the Court also notes that she has no outside knowledge of or relationship to the parties to this case, despite Ms. Montalbano's unsubstantiated belief to the contrary.

Simply put, there is no reason why my impartiality might *objectively* or *reasonably* be questioned in this case.  To the extent that Ms. Montalbano believes I have made errors or came to incorrect legal conclusions in the Recommendation [#283] or other orders, she may file objections with the District Judge—a course of action which she has utilized in the past.  *See, e.g.*, *Objection* [#290] (objecting to the my Recommendation [#283]).  My duty remains to hear the case to the extent assigned by the District Judge.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#303] is **DENIED**.

Dated: July 5, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge