IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, et al.

    Plaintiffs,

v.

GAIA, INC., et al.

    Defendants.

---

THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S[1] RESPONSE TO ALYSSA MONTALBANO'S "PARTIALLY OPPOSED THIRD MOTION TO AMEND COUNTERCLAIMS COMPLAINT [#217], CLAIM 13 (DEPRIVATION CIVIL RIGHTS), PURSUANT FRCP 15(a)(2)" [DOC. 315]

---

The State Defendants, through undersigned counsel, the Colorado Office of the Attorney General, respond in opposition to Alyssa Montalbano's "Third Motion to Amend Counterclaims Complaint [#217], Claim 13 (Deprivation Civil Rights), Pursuant F.R.C.P. 15(a)(2)" [Doc. 315], as follows:

    1.    Magistrate Judge Mix issued a Report and Recommendation in which she recommended complete dismissal of Montalbano's claims against the State Defendants on the basis of judicial immunity (for Judges Diana Terry, Matthew Grove, Christina Gomez, and Brian James Flynn) and lack of standing (for William Campbell). [Doc. 283 at 14–17]. Montalbano filed an objection, [Doc. 290], and the

---

[1] Together, these third-party defendants are the "State Defendants."

State Defendants filed a response, [Doc. 291]. The Report and Recommendation is currently pending.

2.  Since Judge Mix's Report and Recommendation, Montalbano has filed three separate motions to further amend her "counterclaims complaint," [Doc. 217]. *See* [Docs. 292, 308, 315]. All of them are confusingly captioned as "Third Motion[s] to Amend Counterclaims Complaint," although each addresses separate bit parts of the "counterclaims complaint."

3.  This Court should reject Montalbano's a la carte approach to amendment and deny her motion. "A district court may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

4.  For the reasons articulated in Judge Mix's Report and Recommendation [Doc. 283 at 14–17], along with the State Defendants' filings in this matter,[2] the doctrine of judicial immunity defeats Montalbano's claims against

---

[2] *See* [Docs. 222 (motion to dismiss), 253 (reply), 291 (response to Montalbano's objection)].

2

the four judges because her allegations are based entirely on judicial acts performed within the judges' respective jurisdictions. Similarly, her claims against Mr. Campbell fail because she has no standing to challenge his alleged failure to discipline Judge Flynn. Montalbano's proposed amendments—which simply reformulate her existing allegations or supplement them with legal citations and conclusory allegations—do not overcome these fatal defects. Thus, her proposed amended "counterclaims complaint" would still be subject to dismissal and is therefore futile. *See Anderson*, 521 F.3d at 1288.

5. Additionally, Montalbano's motion is at least her fifth attempt to amend her "counterclaims complaint." This Court may also deny her motion because Montalbano has plainly failed to cure deficiencies in her prior amendments, such that she could overcome the State Defendants' defenses. *See Warnick*, 895 F.3d at 755.

6. For these reasons, the State Defendants respectfully request that this Court deny Montalbano's "Third Motion to Amend Counterclaims Complaint [#217], Claim 13 (Deprivation Civil Rights), Pursuant F.R.C.P. 15(a)(2)." [Doc. 315]

Dated this 8th day of July 2022.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Dmitry B. Vilner*
DMITRY B. VILNER*
Assistant Attorney General
Civil Litigation and Employment Law Section
*Attorneys for Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez*

1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: 720-508-6645
FAX: 720-508-6032
E-Mail: Dmitry.vilner@coag.gov
*Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA MONTALBANO'S "PARTIALLY OPPOSED THIRD MOTION TO AMEND COUNTERCLAIMS COMPLAINT [#217], CLAIM 13 (DEPRIVATION CIVIL RIGHTS), PURSUANT FRCP 15(A)(2)" [Doc. 315] upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 8th day of July, 2022, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and Goode Enterprise Solutions, Inc.*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy; Brad Warkins; and Kiersten Medvedich*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

*s/ La'Tasha Carter*