# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

----

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

----

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

# THIRD-PARTY PLAINTIFF ALYSSA MONTALBANO
# REPLY TO DOC 317
**"THIRD PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA MONTALBANO'S "PARTIALLY OPPOSED THIRD MOTION TO AMEND COUNTERCLAIMS COMPLAINT [#217], CLAIM 13 (DEPRIVATION CIVIL RIGHTS, PURSUANT FRCP 15(a)(2)" [DOC 315]"**

COMES NOW, Defendant, Counterclaimant, Third-Party Plaintiff, Alyssa Chrystie Montalbano, in Reply to the Judicial Defendants [1] Response [#317] to Montalbano's Third Motion to Amend the Deprivation of Civil Rights Claim [#315] and states as follows:

1. The Judicial Defendants largely just side with Magistrate Mix's unconstitutional Recommendation [#283], and also falsely allege they have Judicial Immunities, when they do not.

2. Montalbano incorporates by reference her Objection [#290] to Magistrate Mix's Recommendation [#283], whereby Montalbano cites Magistrate Mix's Constitutional Law failures and shows that any execution of her recommended lawlessness will only serve to continue to fund The Enterprise and Judge Flynn's Kangaroo Court money laundering Rackets for celebrities and licensed peers.

---

[1] The Judicial Defendants keep trying to reclassify themselves as "State Defendants" but this is not appropriate, they will continue to be referred to as "Judicial Defendants", as they all work within the Judicial Department and for which Constitutional Law clearly directly applies to them. Additionally, Montalbano did not summon the State or its employees, Montalbano summoned Officers as individuals in their personal capacities, who took an Oath of Office to the State and National Constitutions to serve the American people notably through the Courts and whereby they only have Judicial powers when following Constitutional Law; and for which such powers and immunities are clearly taken away when Judicial Officers do not follow Constitutional Law (especially in Court).

3. Montalbano incorporates by reference her Motion to Recuse Magistrate Mix, filed May 3, 2022 at Docket 303 showing that Magistrate Mix Recommends violating Montalbano's inalienable Constitutionally secured Author Right, among other inalienable Constitutional Rights, and that she must be recused for going against the Constitutional Laws she's is bound by Oath to uphold above all state laws or contrary law, and that she did not.

4. Montalbano incorporates by reference her Objection/Appeal, filed July 12, 2022 at Docket 318, to Magistrate Mix's denial [#316] of Montalbano's Motion to Recuse [#303] her, whereby Montalbano clearly shows in the Objection/Appeal that Magistrate Mix violated Constitutional Law, and that Magistrate Mix is willfully trying to take away Montalbano's inalienable and clearly established Constitutional author Rights and is knowingly unlawfully trying to enforce defendant Brian James Flynn's color of law orders and judgments (written with fraud by Flynn in Mesa District Civil Court) that took away Montalbano's inalienable Constitutional Author Rights and Defamation Rights.

5. Montalbano's incorporated Objection [#290] to Magistrate Mix's Recommendation [#283] and Montalbano's incorporated Motion to Recuse her [#303] and Montalbano's incorporated Objection/Appeal [#318] of Magistrate Mix's refusal to recuse herself for being prejudice [#316], clearly outline the Constitutional Law violations being recommended by Magistrate Mix to cover up for her licensed Judicial Defendant peers who also violated Constitutional Civil Rights and shows that she is also prejudicially trying to cover up for rich and famous people running massive public frauds and rackets.

6. The pending Amendments to the Deprivation of Civil Rights Claim at Docket 315, clearly outlines the repeat Judicial act failings of the five Judicial Officer Defendants, who all knowingly and repeatedly refused to fix their violations when asked by Montalbano on dozens of occasions (2018-2020) and clearly shows they all have no immunities for trespassing Constitutional Law pursuant their Oath of Office.

7. The Judicial Defendants also state they are confused by Montalbano labeling multiple Motions to Amend the Complaint as the "Third Motion" [See Dockets 292, 308, 315] to amend and allege this [#315] is Montalbano's 5th request to amend, when it is not. Montalbano has labeled each Motion to Amend the Second Amended Counterclaims Complaint (SACC) [#217] as "Third Motion", because for each claim it is only the third request to amend the respective SACC claim.

8. The Judicial Defendants also complain about SACC amendments being addressed in 'bits' rather than all at once and allege Montalbano is 'delaying' the case. Montalbano reminds the Court Magistrate Mix Granted a Stay of the case on April 26, 2021, Docket 182, which is in-fact delaying the case. Montalbano requested the Stay be Lifted December 10, 2021 (7 months ago), via "Opposed Motion to Lift Stay" filed at Docket 262, and that Magistrate Mix denied lifting the stay, March 8, 2022 (4 months ago) [#286] showing Magistrate Mix and this Court are delaying the case, not Montalbano.

9. Amending the claims separately does not prejudice any of the Judicial Defendants time wise, as the amendments are simply the reorganization of facts they are already familiar with [See Judicial Defendant Response #317 at No.4]. Montalbano proposing amendments of the primary claim; Deprivation Civil Rights; against the Judicial

Defendants actually asks that Court decisions be made sooner with regard to them. There is nothing that prevents any Officer of this Court from ruling on any pending motions (see D.C.COLO.LCivR 7.1(d) (sic) "[M]otion, Response and Reply…[N]othing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The four Judicial Defendant Judges (Flynn, Gomez, Grove, Terry) should clearly know Rule 7.1(d), so it is not appropriate the Judicial Defendants are making knowingly false statements, via their counsel Mr. Vilner, that Montalbano is delaying the case by amending claims individually in a stayed case, and whereby the Judicial Defendants all opposed the stay being lifted with regard to Montalbano's SACC claims when Montalbano asked their position on lifting the stay [#262 at 2, Conferrals], which means they are the ones who actually want the delays, not Montalbano.

10. Montalbano reasonably believes pursuant her Objection [#290] to Magistrate Mix's Recommendation [#283] and pursuant Montalbano's Objection/Appeal [#318] of Magistrate Mix's refusal to recuse herself [#316], that the current SACC at Docket 217, filed June 18, 2021, when viewed without prejudice and bias, sufficiently pleads all claims and in particular as Montalbano specified needing to move forward in her Objection [#290] to Magistrate Mix's Recommendation [#283]. It is also to be duly noted, it is directly because of the five Judicial Defendants, that Montalbano's counterclaims and case is so massive, as all of this could have been prevented by them all simply doing their jobs when asked, and in particular Judge Flynn who simply should have declared Ms. Montalbano's Intellectual Property hers **(U.S. Constitution, Article 1, Section 8, Clause 8 - Author Rights)** in case 18CV50 in Mesa District Civil Court and

ordered Mr. Goode to stop defaming **(Colorado Constitution, Bill of Rights, Section 10)** Montalbano to third parties as early as June 2018 (4 years ago) pursuant his Oath of Office [#247-9, Flynn Oath of Office] to the State and National Constitutions **(Colorado Constitution, Article XII, Section 8, and U.S. Constitution Article VI)** requiring him by Law to do so, and he did not. The amendments are for the benefit of the Court and Judicial Defendants to fully clarify any confusion about what the Judicial Defendants did wrong and why it is against Constitutional Law for them to break it, and what happens (consequences) when an Officer breaks the Law (stripped of immunities). Montalbano is prepared to move the SACC claims forward and into discovery phases 'as is', and still thinks it prejudicial to amend SACC claims prior to discovery [See pending Partially Opposed Third Motion to Amend SACC filed April 5, 2022, Docket 292 at 8-11; and denied Unopposed Motion to Assign Counsel at 278, filed February 22, 2022] as it is clear there is severe prejudice against pro se litigant Montalbano for not being a licensed peer and for not being a rich and famous public figure author working with pornography stars and illicit government programs. But, it is what it is.

11. Montalbano also still thinks it prejudicial to amend SACC claims prior to Discovery [Refer to #262 and #278] as some of the complaint facts (indirectly related to the Judicial Defendants) may need to be removed entirely through simply obtaining records in discovery; to notably include if Mr. Goode has ever actually been in the CIA or not, along with obtaining Goode's medical records to prove if Goode actually has PTSD, dementia, etc. or not. If Mr. Goode is just flat out publicly lying about his medical conditions and CIA, DOD, and related military services, the SACC complaint will need to be amended to state that as the simple fraud (in addition to other basic frauds) rather

than government involvement.  It also needs to be seen; based on official records from Gmail with time stamps; when Mr. Goode opened the emails from Montalbano [#217 Copyright and Trade Secret claims]. If Mr. Goode and Ms. Yanaros are telling the truth Mr. Goode didn't read Montalbano's emails [#294-1], then it means Montalbano foresaw it all in dreams (See Copyright Claim allegations of IP uses), making the Trade Secret Intellectual Property (IP) discoveries claim even more important for legal IP protection. The fact of 'if Goode read the emails or not', is also relevant to the recommended-to-proceed-forward Defamation claim [#283 at 39-42], as Goode and Yanaros opened or attempted to open multiple stalking cases against Montalbano for allegedly threatening Mr. Goode and his family via the emails in dispute [#131-4 at 9]. Mr. Goode and his counsel, Ms. Yanaros, have both claimed exactly opposite positions regarding Montalbano's emails. To Montalbano they adamantly claim Goode never read them [#294-1], but in Court, under Oath, they both claim he read them and was allegedly threatened by the content [#131-4 at 9].  If Goode never read the emails, then he and Yanaros both clearly knowingly lied to maliciously open stalking cases against Montalbano for the alleged threatening content of the disputed emails.  But, these simple and basic facts can only be determined through subpoenaing the actual records of Mr. Goode's by lifting the stay and entering discovery with regard to Montalbano's SACC claims. In short, amending SACC claims prior these facts being known creates a lot of unnecessary and unfair burdens of paperwork for Montalbano and the Court, as these records of facts, may significantly impact some of the claims and affected claims will need to be amend to conform them to the evidence.

12. Lastly, the Judicial defendants allege the claims against them are "based entirely on judicial acts performed within the judges' respective jurisdiction." [#317 at No. 4] This statement of theirs is knowingly false, had any of them actually performed Judicial acts, they wouldn't have been summoned as defendants for failing to perform Judicial acts (sworn duties).  The proposed amended Deprivation Civil Rights claim against them clearly outlines all of their failures with supporting facts, Constitutional Law, and case Law in pursuance of Constitutional Law; and pursuant their Oath of Office to the State Constitution **(Colorado Constitution, Article XII, Section 8)** and National Constitution **(U.S. Constitution, Article VI)** they are all Lawfully bound to only bring case law in pursuance of Constitutional Law to lawfully argue their position of immunity, and they did not; because their arguments and case law are opposite Constitutional Law, pursuant their Oath of Office their arguments are without merit, and their unconstitutional arguments (like Magistrate Mix's unconstitutional Recommendation [#283]) must also be thrown out (overruled) for perjury [2].

WHEREFORE, for all the aforementioned fact, reasons and Constitutional Law, the amended Deprivation of Civil Rights Claim filed at Docket 315, should be GRANTED and the Judicial Defendants be ordered to Answer.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

---

[2] Black's Law Dictionary Abridged Eighth Edition:  "**perjury,** n. The act or an instance of a person's deliberately making material false or misleading statements while under oath –Also termed *false swearing; false oath;* (archaically) *foreswearing.*"

2536 Rimrock Ave<br>
Suite 400-117<br>
Grand Junction, CO 81505<br>
E-mail: LegalZenACM@gmail.com<br>
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Response complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I certify that on this 15th day of July 2022 a copy of the foregoing Response was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION by post mail via their appointed agent in Las Vegas, NV, via USPS Certified Mail #7022 0410 0002 8766 1097.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen