# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

────

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

────

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

**DEFENDANT, COUNTER CLAIMANT, THIRD-PARTY PLAINTIFF
ALYSSA MONTALBANO
MOTION REQUIRED JOINDER PURSUANT FRCP 19**

COMES NOW, Defendant, Counterclaimant, Third-Party Plaintiff, Alyssa Chrystie Montalbano, and files this Motion of Joinder to join Mr. Thomas D. Seaman doing business as ("dba") ALPINE JUDGMENT RECOVERY to this instant case, for the following:

### I. Conferral

Montalbano has conferred with all parties and/or their counsels in this instant case regarding this Motion of Joinder:

The following parties are **Unreachable** for conferral and marked as **Opposed**: pro se litigants Mr. Wilcock and WILCOCK FOUNDATION.

The following parties **Oppose** the motion and relief requested herein: Ms. Lorie, Ms. Yanaros, Mr. Goode, GOODE ENTERPRISE SOLUTIONS INC, LIGHT WARRIOR LEGAL FUND LLC.

The following parties have **No Position** on the motion or relief requested herein:

GAIA, INC., Mr. Rysavy, Mr. Warkins, Ms. Medvedich, Mr. Weidner; Mr. Zavodnick, Mr. Flynn, Mr. Grove, Mr. Campbell, Ms. Gomez, Ms. Terry.

## II.     Facts and Law in Support Joinder of Parties

1. Montalbano files this Required Joinder of Parties Motion to Join Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY (Hereafter "Mr. Seaman") with this instant case as they are claiming an interest in the same subject matter of this federal action (**Exhibit 1 –** Plaintiff Thomas D. Seaman "Motion To Transfer Interest and Amend Judgment" filed July 8, 2022 in Mesa District Civil Court case 18CV50) as directly related to the fraudulent judgment amount of $116,600 [#222-4 at 9] entered by third-party Defendant Mr. Brian James Flynn in case 18CV50 under color of office and color of law. [#315-1, Pending Deprivation Rights claim, and in particular Nos. 29, 56, 75, 93(a.)(iii.) and 93(b)(i)]

2. Pursuant FRCP 19(a) Mr. Seaman is required to be joined to this instant case, as his claim against Ms. Montalbano, for case 18CV50 state court judgment interest, arises out of the same set of facts, transactions, and occurrences as Montalbano's pending to proceed Defamation claim against Mr. Seaman's judgment recovery client, Mr. James Corey Goode [#217 (SACC) at 170-179 Defamation Claim; #283 at 39-42 Recommendation Defamation claim proceed against Mr. Goode]; and whereby Mr. Seaman's judgment claim also arises out of the same facts seen in the pending amended Deprivation of Civil Rights claim against Mr. Brian James Flynn [#315] for his malicious failure to uphold Constitutional Defamation Laws and Constitutional Author Rights Laws [#217 (SACC) Claim 7 Trade Secrets; and Claim 9 Copyrights] in Mesa District Civil Court case 18CV50 pursuant his Oath of Office; and whereby Mr. Goode and the other named Defendants to Montalbano's pending claims are expected to pay for all the damages they

have caused to Montalbano since 2017, including the false judgment amount of $116,600 and any related costs.

3. Mr. Seaman's interest in the $116,600 may also be completely abolished with the proceeding of the defamation claim against his judgment client Mr. Goode and/or the proceeding of the Deprivation of Civil Rights claim against Mr. Flynn for placing a fraud on the Mesa District Civil Court and knowingly entering a false judgment.

4. Pursuant FRCP 19(a)(1)(B)(ii) it would be prejudicial for Mr. Seaman's judgment collection claim to proceed against Ms. Montalbano in state court as the claim is based on the same set of facts in dispute in this case; and Defendant Flynn is still prejudicially and unlawfully issuing orders in case 18CV50, when Judge Timbreza is the current presiding Officer of Division 10 and case 18CV50. (**Exhibit 2** – Mr. Flynn prejudicially granting Mr. Seaman judgment rights (prior the 14 day motion response time) against Ms. Montalbano, July 20, 2022, and order received by post mail by Montalbano, July 25, 2022; and **Exhibit 3** – Montalbano Objection to Order). The outcome of Mr. Seaman's judgment claim in case 18CV50 with Defendant Mr. Brian James Flynn very prejudicially issuing more unlawful orders against Plaintiff Ms. Montalbano, will create inconsistent obligations, such as requiring Montalbano to pay on a fraudulent judgment amount Flynn entered and invading Montalbano's Privacy Rights by making her Answer Interrogatories related to the fraudulent judgment (**Exhibit 4** – Mr. Seaman's Interrogatories Served on Montalbano), when the dismissal order and related judgment [#121-24] must be voided, reversed, or stricken by court order to be in accordance with

Constitutional Law pursuant Mr. Flynn's Oath of Office to the State and National Constitutions. [#315 - Pending Deprivation Rights]

5. This Court cannot issue complete relief to Montalbano and existing parties of this case if Mr. Seaman is not joined hereto (FRCP 19(a)(1)(A)).

6. Pursuant FRCP 19(a)(1)(B)(i) Mr. Seaman must be joined as a practical matter as his state court claims impair and impede Montalbano's right to protect her interests in this singular federal case and his claim creates multiple unfair and improper liabilities to Montalbano; liabilities that are likely to be completely eliminated in this instant case. (**Exhibit 5** – Montalbano Objection to Seaman Motion Amend Judgment[1], filed August 22, 2022)

7. Joining Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY ("AJR") with a business mailing address of: PO Box 1002, Ridgway, CO 81432; and physical address, 283 Meadows Circle, Ridgway, Colorado, 81432 **(Exhibit 6 –** SOS address AJR) will not deprive this court of subject-matter jurisdiction or venue, as Mr. Seaman dba AJR are residents or domiciled in the District of Colorado; and all or a substantial part of the causes of actions and impact of the actions accrued in the District of Colorado against a Colorado Resident (Montalbano), therefore Jurisdiction and Venue will continue to remain proper in this Federal Court upon joining Mr. Seaman. [#217 (SACC) Section II. Jurisdiction and Venue]

---

[1] Exhibits to Montalbano's Mesa District Civil Court Objection filing are not included as they are the same documents already filed on this court record and would be duplicate filings.

8. The Mesa District Civil Court case, 18CV50, and this instant Denver Federal Court case 1:20-CV-00742-DDD-KLM involve common questions of law and facts around the $116,600 judgment amount.

9. Mr. Thomas Seaman must be joined as a third-party defendant to all Montalbano's pending claims related to his client Mr. Goode and et. al. [#217, #308, #315] and in particular: RICO [#308], Deprivation Rights [#315] Fraud, Defamation, Copyrights, Trade Secrets, civil conspiracy, Abuse of Process, Malicious Prosecutions, Negligent Infliction Emotional Distress, and Unjust Enrichment [#217], so as not to subject Ms. Montalbano to inconsistent obligations, pursuant FRCP 19(a)(1)(B)(ii).

WHEREFORE, for all the facts, reasons, and laws stated herein and pursuant FRCP 19 and Due Process of Law, Mr. Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY must be Ordered joined this federal action and the summons request, filed subsequent this Motion by Montalbano for service of process upon Mr. Seaman dba ALPINE JUDGMENT RECOVERY, must be issued for service of process; and that the Court grant Montalbano any other such relief it deems just.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of August 2022 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION via USPS Certified Mail #7019 1640 0001 9358 6776 appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117; and as courtesy upon Mr. Thomas D. Seaman and ALPINE JUDGMENT RECOVERY via USPS Certified Mail 7019 1640 0001 9358 6820, PO Box 1002, Ridgway, CO 81432.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen