# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

----

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

----

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

---

**DEFENDANT, COUNTER CLAIMANT, THIRD-PARTY PLAINTIFF
ALYSSA MONTALBANO
EMERGENCY MOTION
STAY COURT CASE 18CV50 PURSUANT 28 USC 2283
AND CONSOLIDATE CASES PURUANT FRCP 42(a)**

---

COMES NOW, Defendant, Counterclaimant, Third-Party Plaintiff, Alyssa Chrystie Montalbano, and files this Emergency Motion to Order the Stay of all matters in Mesa District Civil State Court, case 18CV50, pursuant 28 USC 2283 and/or for Consolidation of Case 18CV50 with this instant case pursuant FRCP 42, for the following:

### I.     Conferral

Montalbano has sent two emails for conferral with all parties and/or their counsels in this instant case regarding this Emergency Motion:

The following parties are **Unreachable** for conferral and marked as **Opposed**:

pro se litigants Mr. Wilcock and WILCOCK FOUNDATION; Mr. Weidner and Mr. Zavodnick.

The following parties **Oppose** the motion and relief requested herein:

Mr. Flynn, Mr. Grove, Mr. Campbell, Ms. Gomez, Ms. Terry, Ms. Lorie, Ms. Yanaros, Mr. Goode, GOODE ENTERPRISE SOLUTIONS, LIGHT WARRIOR LEGAL FUND.

The following parties have **No Position** on the motion or relief requested herein:

GAIA INC., Mr. Rysavy, Mr. Warkins, Ms. Medvedich.

## II.     Facts and Law in Support of Ordering Emergency Consolidation of Case 18CV50 with this instant federal action

An Emergency Stay of case 18CV50 must be Ordered and/or Emergency Consolidation of case 18CV50 with this instant action for the following:

**Federal Rule of Civil Procedure 42(a) permits the consolidation of cases** (sic),

> "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Case 18CV50 qualifies for consolidation and joining for hearing pursuant Rule 42:

1. **Cases may be Consolidated for common question of law or fact.** Case 18CV50 addresses multiple common questions of law and fact notably related to Defamation under Colorado Constitution, Bill of Rights, Section 10; and Copyrights under U.S. Constitution Article 1, Section 8, Clause 8 [#320, No. 2]; and case 18CV50 involves Officer Flynn's malicious failure to uphold said Rights pursuant his Oath of Office and entering fraud orders and judgments in the amount of $116,600 opposite Constitutional Law, for which Montalbano is seeking remedy and relief from in this instant action pursuant Due Process of Law. [#315 Deprivation Rights]

2. Montalbano incorporates by reference the pending "Motion Required Joinder Pursuant FRCP 19", filed August 3, 2022, and it is incorporated herein. [#320] Consolidating case 18CV50 with this instant action will not prejudice the parties.

3. Mr. Goode and Mr. Seaman are attempting to have discovery in close case 18CV50 for financial matters at issue in this instant federal action [#320-4 Interrogatories] and their state court claim will likely be completely abolished via this federal action. [#320 at 4-8] Consolidating the cases will not prejudice Mr. Goode or Mr. Seaman's monetary claims and will mitigate unnecessary costs.

4. Mr. Goode's interrogatories [#320-4] delivered to Ms. Montalbano by his newest associate, Mr. Seaman (if any answers were given) would directly and unlawfully place Montalbano and any work associates at physical risk of assault, more harassment [#217 (SACC) ¶266-279 efforts to stop harassment], identity theft, and more cyber [Id. ¶280 Trojan hacks] or physical stalking by Goode and his associates at her home and place of business. [#308-7 Darling v. Goode complaint; #26-5 permanent stalking Injunction issued against Goode]. Plaintiff Montalbano has shown in both case 18CV50 and this instant federal action that defendant Goode has a behavior pattern of using private information about his chosen victims (especially Ms. Montalbano) and that he and his complicit associates then use that private information to publicly defame, dox, stalk, and otherwise publicly harass (including via courts) the Targeted Individual (TI). [#315 Deprivation Rights, #308 RICO; #217 - Fraud, Violation CCPA, Defamation, Civil Conspiracy, Abuse of Process, and Malicious Prosecutions] To protect Montalbano and work associates from physical harm, threats, further harassment, more stalking, and potential identity theft; consolidation of case 18CV50 with this instant federal action must be Ordered and Mr. Seaman's claims be heard hearin.

5. Mr. Flynn, former Officer Case 18CV50, is a defendant to plaintiff Montalbano's Deprivation of Rights claim for Mr. Flynn violating clearly established Constitutional Rights all during State Court case 18CV50 [#315]. Within closed case 18CV50 defendant Flynn continues to enter prejudice and biased orders against Constitutional Law and continues to refuse to fix his opposite the Law mistakes in case 18CV50, which makes them a pattern of malicious acts (perjury of his Oath of Office) and acts of Civil Rights violations against Montalbano. Mr. Flynn is a danger to Montalbano in Mesa District Civil Court and case 18CV50, as he continues to seek revenge on Montalbano within the state Court case out of spite for being held accountable for breaking the Law and he continues to maliciously write orders in case 18CV50 repugnant Constitutional Law that only serve to cause more unlawful damages to Ms. Montalbano, when he is not even the officer assigned to case 18CV50 anymore, Judge Timbreza is. [#320-3 No. 3, ACM Objection to Flynn Order 18CV50]

**WHEREFORE,** for the aforementioned facts and reasons Case 18CV50 must be Ordered Consolidated with this instant action pursuant FRCP 42(a) and Due Process of Law, as it has the same facts and matters at issue as those in this instant action and consolidation will not prejudice any party [#320 Motion Joinder] and will avoid unnecessary costs and delays by joining the same matters for proper hearing together in this superseding federal action.

### III. Facts and Law in Support of Issuing Emergency Injunctive Relief Staying Mesa District Civil Court, Case 18CV50

**Stay of State Court Proceedings.** It is typically known that a state court case may not be stayed by a federal court injunction, except in a few instances as provided for in **28 USC 2283,** and for which Mesa District Civil Court Case 18CV50 qualifies for all of these exceptions:

1. Pursuant 28 USC 2283, a state court case may be stayed by a federal court Order for any of the following three exception: (1) **Authorization by Congress.** (2) **Where necessary to aid the federal court's jurisdiction**. (3) **To protect or effectuate the federal court's judgments.**

    a. **Authorization by Congress.** An authorization by Congress is effectively Constitutional Law, statutes and legislation, and "refers to statutes or legislation that are formally enacted by Congress through the legislative powers granted to Congress by the U.S. Constitution."[1]

    (i.) The Colorado Constitution, Constitution of the United States of America, and Statutes 28 USC 2283, 28 USC 1331 (Federal Question) and 42 USC 1983 (Deprivation Rights) in pursuance of Constitutional Law, have been formally enacted legislation and convey authorization by Congress for granting the stay of the State court case by this Federal Court, as Deprivation of Montalbano's Constitutional Rights in case 18CV50 by

---

[1] https://definitions.uslegal.com/a/act-of-congress/

defendant Brian James Flynn [#217 (SACC), ¶9, ¶30] (presiding offer during case 18CV50) are at issue in this federal case as directly related to Mr. Flynn knowingly falsifying state court orders and judgments under color of office and color of law against third-party Plaintiff Montalbano [#315 pending amended Deprivation Right claim]; and Flynn knowingly violating Due Process of Law (Colo. Const. Bill of Rights, Sec. 25 and 28), equal protection under the law (Colo. Const. Bill of Rights, Sec. 6), defamation laws (Colo. Const. Bill of Rights, Sec. 10 and 23), and author rights laws (U.S. Const. Art. I, Sec. 8, Cl. 8; Colo. Const. Bill of Rights, Sec. 3) all during case 18CV50; and these malicious civil rights violations have directly made state court case 18CV50 a fully federal court matter under 28 USC 1331. [#217 (SACC) ¶16 jurisdiction and venue]

b. **Where necessary to aid the federal court's jurisdiction.** Is it necessary to immediately issue Injunctive Relief and stay case 18CV50 to aid this Court's jurisdiction over the pending Constitutional Law violations.

(i.)  The amount in controversy with Mr. Flynn's color of law State Court judgment is $116,600 [#121-24 dismissal orders; #222-4 at 9 entered judgment; #315 Deprivation Rights Claim]. The Federal Court has original jurisdiction over matters exceeding $75,000 (28 USC 1332(a)) and must protect this jurisdictional right.

(ii.) The State Court case 18CV50 became Federal jurisdiction; when third-party-defendant Flynn repeatedly denied third-party Plaintiff

        Montalbano her Constitutional Rights on the Mesa District Civil Court record and proceeded to issue orders (January 29, 2020) and judgment (August 5, 2020) exactly opposite Constitutional Law. [#315 pending amended Deprivation Rights Claim]

(iii.)    Mr. Flynn, defendant to Montalbano's pending counterclaims [#217, #315], is using case 18CV50 to undermine this Federal Court's jurisdiction of the Civil Rights Violation matters pending to proceed against himself; whereby Mr. Flynn is continuing to issue Constitutionally repugnant orders in case 18CV50 against third-party plaintiff Montalbano out of malice, when the state court judgment amount is in lawful dispute this instant case, and Mr. Flynn clearly knows this. [#320-1 Seaman Motion to amend judgment; #320-2 Flynn, July 20, 2022, Order granting amending of judgment (prior 14 day response time); #320-5 Montalbano Objection to Motion; #320-3 Montalbano objection to Order]

(iv.)    Counter-defendant Mr. Goode and alleged collection agent Mr. Seaman dba ALPINE JUDGMENT RECOVERY are also working together to undermine this Federal Court's jurisdiction over the Constitutional Law matters at issue against Mr. Goode (Defamation [#217, claim 10]) and Mr. Flynn [#315, Deprivation Rights] this instant case, by attempting to use the closed state court case (18CV50) to circumvent addressing the same issues and Constitutional Law matters at issue before this federal court regarding the fraudulent judgment amount. Mr. Goode

and Mr. Seaman are trespassing the Law with Flynn, by seeking to enforce Flynn's fraudulent orders/judgment when they are in lawful dispute this federal action. [#320-4 Seaman and Goode discovery requests of Montalbano, that will put Montalbano at risk of assault]

*Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).* Under Federal Law, which is applicable to all states, the U.S. Supreme Court stated that "**if a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void,** and form no bar to a recover sought, **even prior to a reversal in opposition to them.** They constitute no justification **and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers.**" (emphasis added) https://supreme.justia.com/cases/federal/us/26/328/

(v.)  A pending Motion of Joinder [#320] and summons request [#321] have been filed by Montalbano, August 3, 2022, to join judgment debt collector, Mr. Thomas D. Seaman, from State Court case 18CV50 to this instant case Pursuant FRCP 19 Required Joinder rule; therefore there is no prejudice to Mr. Seaman or Mr. Goode by this Federal Court issuing the stay of case 18CV50 as their State Court monetary claims are from the same set of fact pending to proceed in this instant action against Mr. Goode and et. al. [#308, #315, #217, Montalbano's Pending Counterclaim]

c. **To protect or effectuate the federal court's judgments.** Is it is necessary and prudent for this federal court to immediately Order the of Stay case 18CV50 as this federal Court's determinations in this instant case will directly impact to-be-joined Mr. Seaman and counter-defendant Mr. Goode's right to collect on the state Court judgment fees ($116,600) from third-party plaintiff Ms. Montalbano.

    (i) The defamation claim [#217 at 170-179] is pending to lawfully proceed [#283 at 39-42 Recommendation] to trial by jury against counter-defendant Mr. Goode pursuant Constitutional Law (Colorado Constitution, Bill of Rights, Section 10); and whereby Mr. Flynn's role in the defamation per se problem is being decided[#315-1 at 1-13]; and whereby the outcome of a lawful jury verdict regarding the defamation claim, will likely completely abolish any and all of Montalbano's liability for the fraudulent state court judgment amount Mr. Seaman and Mr. Goode are claiming an interest in as their claim arises from the same defamation facts pending for trial this instant case.

    (ii) The deprivation of Civil Rights claim is also pending against Mr. Flynn and this federal Court's Lawful determinations will directly impact Mr. Seaman and Mr. Goode's ability to collect on the fraudulent state court judgment entered by Mr. Flynn; as Mr. Flynn may be deemed liable for the full amount personally or his exactly opposite Constitutional Law orders and judgments may be completely vacated to be in accordance with

>> Constitutional Law pursuant Mr. Flynn's Oath of Office. [#315-1 pending Deprivation Rights Claim, ¶93 Damages and Relief]

> (iii) This federal court must stay case 18CV50 pending resolution of this federal action, so as not to create inconsistent judgment obligations to Ms. Montalbano and other parties already in this instant case, to notably include Mr. Goode and pending to be joined third-party defendant Mr. Seaman [#320, #321]; and whereby Mr. Seaman qualifies as a prior unknown John Doe to this instant action and must be summoned herein. [#217 ¶14]

Ordering the Stay of closed Case 18CV50 pending the resolution of all matters in this superseding federal case, will also prevent counter-defendant/plaintiff, Mr. Goode, new Goode associates (Mr. Seaman), and third-party defendant, Mr. Flynn, from further undermining and circumventing this court's jurisdiction, judgment rights, and Constitutional Law Rights, by preventing parties from improperly using case 18CV50 to unlawfully issue or obtain more color of law orders against plaintiff Montalbano via Mr. Flynn's Kangaroo Court ran inside Mesa District Civil Court to maliciously create inconsistent obligations and unlawful liabilities upon Ms. Montalbano, while the same matters are pending against Mr. Flynn and Mr. Goode in this superseding federal case pursuant Due Process of Law.

Staying the State court case will also prevent additional John and Jane Does (like Mr. Seaman) from filing their claims on behalf of defendant Goode in the wrong Court (State Court case 18CV50) and will ensure any new claimant representing Mr. Goode will correctly file

their related claim(s) in this pending and superseding federal action, so all issues and claims arising from the same set of facts and controversies may be properly heard together herein.

Staying case 18CV50 will also mitigate court burdens and expenses by preventing multiple cases based on the same set of facts from improperly commencing in multiple courts.

**WHEREFORE,** for all the aforementioned facts, reasons, and Law, it is urgent Injunctive Relief be immediately Granted, and that this Federal Court Order Mesa District Civil Court case 18CV50 be immediately Stayed pending resolution of this instant action pursuant 28 USC §2283 and/or Order Case 18CV50 be Consolidated with this federal action pursuant FRCP 42(a), so as to protect this Court's jurisdiction and judgment rights over Constitutional Law matters and prevent placing Montalbano and work associates at risk of assaults, threats, more harassment and/or stalking; and to prevent burdening Montalbano and this Court with unnecessary repeat motions to join and serve new John and Jane Does incorrectly entering case 18CV50 on behalf of counter-defendant/plaintiff Mr. Goode seeking to circumvent this court's jurisdiction via defendant Mr. Flynn's kangaroo court, when both these defendants knows they are to address all these matters at issue in this pending and superseding Federal Court and Case; and that this Court grant any other relief it deems just to Ms. Alyssa Chrystie Montalbano.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I certify that on this 5th day of August 2022 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION ("WF"), vi via USPS Certified Mail #7019 1640 0001 9358 6783 appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117; and as courtesy upon Mr. Thomas D. Seaman and ALPINE JUDGMENT RECOVERY via USPS Certified Mail 7019 1640 0001 9358 6790, PO Box 1002, Ridgway, CO 81432.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen