IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, et al.

        Plaintiffs,

v.

GAIA, INC., et al.

        Defendants.

---

THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S[1] RESPONSE TO ALYSSA MONTALBANO'S "EMERGENCY MOTION STAY COURT CASE 18CV50 PURSUANT 28 USC 2283 AND CONSOLIDATE CASES PURUANT FRCP 42(A)" [DOC. 322]

---

        The State Defendants, through undersigned counsel, the Colorado Office of the Attorney General, respond in opposition to Alyssa Montalbano's "Emergency Motion Stay Court Case 18CV50 Pursuant 28 USC 2283 and Consolidate Cases Pursuant FRCP 42(a)," [Doc. 322], as follows:

## INTRODUCTION

        Montalbano asks for extraordinary relief that this Court has no power to grant under either Fed. R. Civ. P. 42 or 28 U.S.C. § 2283. This Court should deny her motion.

---

[1] Together, these third-party defendants are the "State Defendants."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     The recommendation to dismiss the State Defendants is pending.

The State Defendants include one state district court judge (Judge Flynn), three current or former state appellate court judges (Judge Terry, Judge Grove, and Judge Gomez), and the former executive director of the Colorado Commission on Judicial Discipline (William Campbell). On February 28, 2022, Magistrate Judge Mix recommended complete dismissal of Montalbano's claims against the State Defendants. *See* [Doc. 283 at 14–17]. Montalbano objected to the recommendation. Her objection has been fully briefed since early April.

Among other things, Judge Mix determined that the doctrine of judicial immunity foreclosed Montalbano's claims against Judge Flynn, who ruled against Montalbano in Mesa County District Court No. 18CV50 (the Mesa County case), and whose rulings form the basis of Montalbano's second amended "counterclaims complaint" against him. [*Id.*]

### B.     A judgment creditor initiates post-judgment collections proceedings in the Mesa County case.

Montalbano's current motion concerns recent post-judgment collections proceedings in the Mesa County case. Earlier, Judge Flynn dismissed Montalbano's complaint in the Mesa County case on January 29, 2020. (**Ex. A**.) Judge Flynn also awarded attorney fees in the amount of $116,600 against Montalbano because he found the plaintiff below (James Corey Goode, who is Plaintiff in this current

lawsuit) was entitled to such fees under Colo. Rev. Stat. § 13-17-201 and § 13-17-102(4). (*Id.*; **Ex. B**.)

The Mesa County case has been more-or-less dormant since Montalbano filed her notice of appeal. (**Ex. C**, 18CV50 Register of Actions). But on July 8, 2022, non-party Thomas D. Seaman filed a Motion to Transfer Interest and Amend Judgment. (**Ex. D**.) Seaman purported to have obtained an assignment of Goode's judgment on behalf of his company, Alpine Judgment Recovery. (*Id.*) He sought to have his company recognized as the judgment creditor and to obtain authorization to issue pattern interrogatories (*Id.* at 2.)

Judge Flynn granted Seaman's motion. (**Ex. E**.) Montalbano objected. (**Ex. F**.) On August 5, 2022, Judge Flynn—noting that he "was unaware that [Montalbano] was intending to file an objection and was unable to see how the request made in the motion could prejudice her in any way and that she would have any basis under Colorado law to object"—vacated his prior order and permitted Montalbano to file a response to Seaman's motion. (**Ex. G**.)

### C.   Montalbano asks this Court to intervene in the Mesa County case.

Montalbano filed this motion on August 5, 2022. First, she seeks "emergency consolidation" of this case with the Mesa County case under Fed R. Civ. P. 42(a) because, she alleges, both cases involve common issues of fact and some of the same parties (namely her, Judge Flynn, and Goode). She also alleges that failure to

consolidate the cases will result in harm to her. [Doc. 322 at 3–6]. Second, she asks for emergency injunctive relief to stay the Mesa County case under 28 U.S.C. § 2283. [*Id.* at 7–13]. This Court should deny Montalbano's requested relief.

## ARGUMENT

### I.      Fed. R. Civ. P. 42 does not permit this Court to consolidate this case with the Mesa County case.

Fed. R. Civ. P. 42(a)(2) states, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the action." But an action in state court is not, by definition, "before the court." *See Fedynich v. Inn Between of Longmont*, No. 17-cv-1952-WJM-STV, 2018 WL 2065371, at *4 (D. Colo. May 3, 2018) ("Plaintiffs cite to no authority—and this Court is aware of none—that allows for the 'joinder' of state and federal cases."); *Lett v. City of Rio Rancho*, No. 21-cv-476 WJ/JFR, 2021 WL 3772216, at *1 (D.N.M. Aug. 25, 2021) (a "state court case cannot be consolidated with this federal case under Rule 42, based on the very plain language of the rule").

Consequently, this Court cannot consolidate this case with the Mesa County case under Fed. R. Civ. P. 42. This is so despite Montalbano's arguments that both cases involve common parties and facts, and that failure to consolidate will harm her.

II.     **This Court does not have a basis under § 2283 to stay the Mesa County case.**

Section 2283 provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The statute's "exceptions are narrow and are not to be loosely construed." *Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306–07 (2011)). Thus, "courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue." *Id.* Montalbano's proposed injunction does not meet any of these three exceptions.

*First,* no Act of Congress expressly authorizes this Court to issue an injunction staying the Mesa County case. Montalbano cites the Colorado Constitution, the United States Constitution, § 2283 itself, 28 U.S.C. § 1331, and 42 U.S.C. § 1983 as "formally enacted legislation" that would "convey authorization by Congress for granting the stay of the" Mesa County case. But these citations are inapposite. The Colorado and United States Constitutions are, by definition, not "Acts of Congress." Section 2283, as cited above, does not confer authority to grant an injunction absent *another* Act of Congress. Section 1331 simply confers so-called federal question jurisdiction to the federal courts, *see Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1203 (10th Cir. 2012), but does not expressly authorize a federal

court to issue injunctions to stay state court cases. And section 1983 creates a damages remedy for violations of civil rights by state officials, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), but its plain text likewise does not expressly authorize a federal court to issue injunctions to stay state court cases. Accordingly, Plaintiff's proposed injunction does not meet the first exception.

*Second*, Plaintiff cannot demonstrate that staying the Mesa County case is necessary in aid of this Court's jurisdiction. The Supreme Court has applied this exception only when two conditions are met: (1) "both the federal and state suits constitute in rem or quasi in rem proceedings," and (2) "the federal court was the first to take possession of the res (the property under dispute in the federal and state actions)." *Tooele Cnty.*, 802 F.3d at 1188 (citing *Mandeville v. Canterbury*, 318 U.S. 47, 48–49 (1943) (per curiam)). "[I]n rem proceedings affect the interests of all persons in a property," whereas a quasi in rem action "affects the interests of only some persons in the property." *Id.* (internal citation omitted). Here, neither action is in rem or quasi in rem, as there is no res in dispute in both actions. Rather, both this case and the Mesa County case are in personam actions premised on common law and statutory torts, as well as civil rights statutes. Furthermore, this Court has taken possession of any res within the meaning of the exception. Accordingly, Plaintiff's proposed injunction does not meet the second exception.

*Third*, Plaintiff cannot demonstrate that an injunction to stay the Mesa County case would protect or effect a judgment of this Court. The so-called

"relitigation exception" only "authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.'" *Weyerhauser Co. v. Wyatt*, 505 F.3d 1104, 1110 (10th Cir. 2007) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988)). This exception does not apply where no qualifying judgment exists. *See Allstate Ins. Co. v. El Burrito Wagon, Inc.*, No. Civ 98-791 LH/JHG, 1999 WL 35809515, at *1 (D.N.M. Jun 30, 1999) (citing 17 James Wm. Moore, MOORE'S FEDERAL PRACTICE, § 121.08[1] (noting the so-called relitigation exception is applicable only to fully adjudicated or actually decided judgments and discussing its relationship to the doctrines of res judicata and collateral estoppel)). The exception does not apply here because this Court has not issued any judgments regarding the claims in Montalbano's "counterclaims complaint." Moreover, the judgment in the Mesa County case is final and predates the filing of Montalbano's claims in this lawsuit, so staying the post-judgment collections proceedings in the Mesa County case could not "protect or effect" any judgment of this Court. Accordingly, Plaintiff's proposed injunction does not meet the third exception.

## CONCLUSION

For these reasons, the State Defendants respectfully request that this Court deny Montalbano's motion. [Doc. 322].

Dated this 17th day of August 2022.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Dmitry B. Vilner*

DMITRY B. VILNER*
Assistant Attorney General
Civil Litigation and Employment Law Section
*Attorneys for Third-Party Defendants Brian*
   *James Flynn, William Campbell, Matthew*
   *Grove, Diana Terry, and Christina Gomez*

1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone:  720-508-6645
FAX:  720-508-6032
E-Mail:  Dmitry.vilner@coag.gov
*Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA MONTALBANO'S "EMERGENCY MOTION STAY COURT CASE 18CV50 PURSUANT 28 USC 2283 AND CONSOLIDATE CASES PURUANT FRCP 42(a)" [Doc. 322] upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 17th day of August, 2022, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and*
*Goode Enterprise Solutions, Inc.*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy;*
*Brad Warkins; and Kiersten Medvedich*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

*s/ Denise Munger*