EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, MESA COUNTY, COLORADO<br><br>Court Address:<br>Mesa County Justice Center, 125 North Spruce Street, Grand Junction, CO. 81501<br><br>**Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br><br>v.<br><br>**Defendant(s)** JAMES COREY GOODE | DATE FILED: January 29, 2020 2:18 PM<br>CASE NUMBER: 2018CV50 |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2018CV50<br>Division: 10          Courtroom: |
| **Order: Renewed Motion to Dismiss for Failure to State a Complaint** | |

The motion/proposed order attached hereto: GRANTED.

This matter comes before the court on Defendant's Renewed Motion to Dismiss that was filed pursuant to C.R.C.P. 12(b)(5). After reviewing the motion and response, as well as relevant portions of the rest of the case file and other relevant legal authority, the court enters this order.

In ruling on a motion to dismiss for failure to state a claim, the court must accept all factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). The court may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice. *Id.* If the court considers matters outside the pleadings, it must convert the motion to one for summary judgment and give all parties a chance to submit relevant evidence. C.R.C.P. 12(b).

Here, applying the standards articulated above, and for the reasons that were articulated by Defendant in his motion, I find that Plaintiff has failed to state a cognizable claim as dream visions are neither tangible nor intangible property and Plaintiff has failed to show that Defendant broadcasted any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast.

In any tort action in which claims are dismissed before trial pursuant to C.R.C.P. 12(b), the defendant is entitled to an award of reasonable attorney fees. *C.R.S. § 13-17-201*. Similarly, Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that lacks substantial justification. C.R.S. § 13-17-102(4). According to the statute, an action lacks substantial justification if it is substantially frivolous. Id. A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *W. United Realty. Inc. v. Isaacs,* 679 P.2d 1063, 1069 (Colo. 1984). An award of attorney fees is an important sanction against an attorney or party who improperly instigates or prolongs litigation. *In re Marriage of Aldrich,* 945 P.2d 1370, 1378 (Colo. 1997). The attorney fee statute is designed to prevent burdensome litigation that interferes with the effective administration of justice. *C.R.S. § 13-17-101*. However, the statute is not designed to discourage counsel from zealously representing a client, but rather to balance that duty against the important policy of discouraging unnecessary litigation. *W. United Realty. Inc., supra.*

Here, the Court finds that Defendant is entitled to an award of attorney's fees given that his renewed motion to dismiss was granted. Furthermore, I find that Plaintiff's claim is substantially frivolous.

For these reasons, Defendant's motion is granted and the case is ordered dismissed. Defendant shall, however, have 14 days to file an affidavit in support of his request for attorney's fees, Plaintiff shall have 21 days to respond after the affidavit is filed, and Defendant shall then have 7 days to file a reply to Plaintiff's response.

Issue Date:  1/29/2020

BRIAN JAMES FLYNN
District Court Judge

EXHIBIT A



| DISTRICT COURT, MESA COUNTY, COLORADO | FILED IN COMBINED COURT |
|---|---|
| Court Address:<br>125 North Spruce<br>Grand Junction, CO 81501 | JUN 0 7 2019<br>MESA COUNTY COMBINED COURT<br>MESA COUNTY, COLORADO<br>▲  COURT USE ONLY  ▲ |
| Alyssa-Chrystie Montalbano,<br>Plaintiff<br><br>v.<br><br>James Corey Goode,<br>Defendant | Case Number:<br>18CV50<br><br>Division 10     Courtroom 10 |
| RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT | |

## DEFENDANT JAMES COREY GOODE'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A COMPLAINT UNDER C.R.C.P. 12(B)(5)

Defendant James Corey Goode ("Mr. Goode") hereby files his renewed Motion to

Dismiss (the "Motion" or "Rule 12 Motion") under Colorado Civil Rule 12(B)(5) and states:

### ARGUMENT

At base, Alyssa Christie Montalbano's ("Plaintiff"[1]) filing of papers (the "Complaint")

with this Court amounts to no cognizable legal or equitable claim. Attempting to piece together

any cause of action is a creative effort at best, and downright impossible in reality. Plaintiff's

constant harassment of Mr. James Corey Goode ("Mr. Goode" or "Defendant") has finally come

---

[1] It is undoubtable that Alyssa Christie Montalbano, by virtue of her filings with this Court, is not even a Plaintiff in this Court, but someone who is, in order to harass and gain the attention and time of Mr. Goode due to her obsession with him, wasting the Court and Mr. Goode's time, resources, money, and patience in a feeble attempt to secure a spot in the public eye via Mr. Goode's fan following. However, for purposes of this Motion to Dismiss, she will be referred to as "Plaintiff" and Mr. Goode as "Defendant" or "Mr. Goode".

EXHIBIT A

to a head, and Mr. Goode respectfully requests this Court dismiss Plaintiff's alleged "Amended Complaint" in its entirety. In an attempt to construct (for Plaintiff) and address (on behalf of Mr. Goode) the alleged causes of action that Plaintiff may be attempting to assert in its Complaint, Mr. Goode shows further below:

**Brief Summary**

As a threshold matter, Mr. Goode objects to Plaintiff's claim of any damages in this action. The only person damaged by this lawsuit is Mr. Goode and, should Plaintiff's Complaint move forward Mr. Goode will be pursuing such damages.

Plaintiff has been stalking Mr. Goode for well over two years now, and because her advances and cries for attention have been unheard and thus not acknowledged—except for a phone call in February of this year wherein she was instructed to cease contact with Mr. Goode by his colleague, Roger Richards[2]—she has taken it upon herself to seek entanglement of the court system in a desperate cry for attention. It is quite obvious that through the filing of this vexatious "lawsuit", Plaintiff merely is attempting to garner attention of Mr. Goode and Gaia[3].

Plaintiff's claims that Mr. Goode stole or otherwise (through real or imaginary means) procured fraudulently her "Trade Secrets" falls painfully on its face—her "dream visions" have

---

[2] There is a recording of the conversation between Mr. Richards and Plaintiff that can be made available at the Court's request. This call was to address some 400 emails she had sent to Mr. Goode's public email address and triggered a security alert from Mr. Goode's security team.

[3] Gaia is a social media online community with hundreds of thousands of subscribers in 120 countries.

been broadcast, sent and disseminated to Mr. Goode, Gaia and anyone that looks at her social media and/or online profiles or websites.[4]

## ARGUMENT

Because the standard on a Motion to Dismiss is that "the Court must take all pleaded allegations as true and construe them in the light most favorable to Plaintiff", we will focus now on the "allegations" that Plaintiff has attempted to make in her amended complaint:

1. Plaintiff owns Trade Secrets ("Dream Visions")
2. Mr. Goode has stolen these Trade Secrets

 (Plaintiff's Amended Complaint 1-2).

Her "dream visions" include a list of the materials that she has allegedly sent Mr. Goode (see Plaintiff's Original Complaint, Docket Entry 1). Seventy-seven pages of these "materials" were filed in Mesa County Records as what seems to be a deed grant. (See "Affidavit of Truth" Docket Entry 1, page 2 of 8). Included in these materials are certain pieces of dreams that she allegedly had to which she attempts to draw a correlation to material presented on the show Cosmic Disclosure, the show that Mr. Goode had starred on for over three years but with which he is no longer associated. These "synchronicities" include things such as her dream about "sparkles" and "shimmer" and—*four months later*—the words "sparkling light" and "shimmering" being used on Cosmic Disclosure. (See Docket Entry 1, Exhibit G 1 of 3, 2-3). Some of the "associations" are too tangential to even connect after quite a few leaps: Alyssa has to navigate an "Axe House"; Mr. Goode talked about heads hovering off

---

[4] *See* https://www.facebook.com/ari.stone.750 (the "Facebook Page" and http://aristoneart.blogspot.com/ (the "blogspot").

EXHIBIT A

the floor. (Exhibit G, 2 of 3, 2-6). One such example appears on her blogspot and is shown

below:



EXHIBIT A

She openly discusses her "dream visions" on the Facebook Page she uses under her

artist name, "Ari Stone":



Finally, Plaintiff's need for attention and attempt to ride off of Mr. Goode's fame are

apparent in her posts using Mr. Goode's name:



(taken from Plaintiff's Facebook Page, referenced above).

The Uniform Trade Secrets Act at Colorado Revised Statutes ("C.R.S.") § 7-74-101 et seq.

states that misappropriation of trade secrets requires 3 elements:

(1) The existence of a trade secret;

(2) Misappropriation of that trade secret; and

(3) The use of improper means in misappropriating that trade secret.

A "trade secret" is defined as:

> . . . the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, improvement, confidential business or financial information, listing of names, addresses, or telephone numbers, or other information relating to any business or profession which is secret and of value. **To be a "trade secret" the owner thereof must have taken measures to prevent the secret from becoming available to persons other than those selected by the owner to have access thereto for limited purposes**.

*See* C.R.S. § 7-74-102, emphasis added.

Plaintiff has shown her materials she is claiming to be "trade secrets" to the world—

therefore, they are not secret. Further, Mr. Goode did not misappropriate these materials

because *she sent them to him* (and everyone else). He did not use them, and even if he did it

was not by improper means.

Basically, Plaintiff has shown zero specific intellectual property—trade secret or

otherwise—rights that she owns, dream visions do not exist as tangible or intangible property

(at least not recognized in this state/country/realm), Plaintiff fails to show—and Mr. Goode has

not made—any broadcasted any defamatory statement published or uttered in or as a part of a

visual or sound radio broadcast[5].

---

[5] *See* CO Rev Stat § 13-21-106 (2016).

## CONCLUSION

Arguably, Motions under C.R.C.P. 12(b)(5) are not favored under Colorado law. However, this case is exceptional in that is quite certainly a "textbook case". Upon review of a Motion to Dismiss Under C.R.C.P. Rule 12(b)(5), the Court must accept the claims of the complaint as true and construe them in the light most favorable to the Plaintiff. Motions to dismiss pursuant to C.R.C.P. 12(b)(5) are looked upon with disfavor and should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Verrier v. Colo. Dept. of Corr.*, 77 P.3d 875 (Colo. App. 2003). In ruling on a motion to dismiss for failure to state a claim pursuant to C.R.C.P. 12(b)(5), the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff is entitled to relief. The complaint is sufficient if relief could be granted under such circumstances. *W.O. Brisben Co., Inc. v. Krystkowiak*, 66 P.3d 133 (Colo. App. 2002).

Plaintiff has not been able to show any IP rights that she owns, period. None of Plaintiff's "claims" (construing them in light most favorable to the Plaintiff) have any teeth. Her claims are vexatious and unsupported. As such, Defendant Mr. Goode respectfully requests this Court **DISMISS** plaintiff's complaint in its entirety, **AWARD** Defendant costs and attorneys fees, and exemplary damages under CO Rev Stat § 13-21-102 (2016).

Respectfully,

___/s James Corey Goode_____

James Corey Goode, Defendant

EXHIBIT A

**C.R.C.P. 11(b) Statement:** In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> Valerie Yanaros Wilde,
> Attorney for Defendant (Per CRCP 11(b))
> 5057 Keller Springs, Suite 300
> Addison, TX 75001
> (512) 826-7553
> TX State Bar No. 24075628

### CERTIFICATE OF SERVICE

Copies of this pleading will be served to Plaintiff at her place of Residence on Friday, June 7, 2019.