# EXHIBIT B

| DISTRICT COURT, MESA COUNTY, COLORADO<br>Court Address:<br>MESA COUNTY JUSTICE CENTER, 125 NORTH SPRUCE STREET, GRAND JUNCTION, CO, 81501<br>**Plaintiff(s)** ALYSSA-CHRYSTIE MONTALBANO<br>v.<br>**Defendant(s)** JAMES COREY GOODE | DATE FILED: August 5, 2020 10:32 AM<br>CASE NUMBER: 2018CV50<br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2018CV50<br>Division: 10     Courtroom: |
|---|---|
| **Order:Motion for Attorneys' Fees and Request for Hearing** ||

The motion/proposed order attached hereto: GRANTED.

Having considered Plaintiff's objection, I find a hearing to be unnecessary. Therefore, the motion is granted and a judgment against Plaintiff and in favor of Defendant enters in the amount of $116,600.

Issue Date: 8/5/2020

*[signature]*

BRIAN JAMES FLYNN
District Court Judge

| DISTRICT COURT, MESA COUNTY, COLORADO<br><br>Court Address:<br>125 North Spruce<br>Grand Junction, CO 81501 | |
|---|---|
| | ▲ **COURT USE ONLY** ▲ |
| Alyssa-Chrystie Montalbano,<br>Plaintiff<br><br>v.<br><br>James Corey Goode,<br>Defendant | Case Number:<br>18CV50<br><br>Division 10     Courtroom 10 |
| **MOTION FOR ATTORNEYS' FEES AND REQUEST FOR HEARING** | |

## MOTION FOR ATTORNEYS' FEES AND REQUEST FOR HEARING

Defendant **James Corey Goode** ("Mr. Goode"), respectfully files his Motion Attorneys' Fees and Request for Hearing ("Motion") in relation to state case number 18-cv-50 (the "State Court Action") in Mesa County Combined Court ("Mesa County"), and states as follows:

## BACKGROUND

This Court issued an order granting Mr. Goode's Renewed Motion to Dismiss for Failure to State a Complaint on January 29, 2020. This order was postmarked to be mailed on January 30, 2020. In this order, Honorable Judge Brian James Flynn granted Mr. Goode 14 days to file an Affidavit in support of his request for attorney's fees. Mr. Goode became aware that this Court granted his Motion to Dismiss only two days before Mr. Good's Affidavit documenting

**MOTION ISO ATTYS FEES**                                                      **PAGE 1**

attorney's fees was due. Mr. Goode was out of town at the time, and believes that the recent snow storms in his area contributed to delays in the mail arriving in a timely manner. Pursuant to his Motion for Extension of Time, sent to this Court via overnight mail on February 13, 2020, and in the hopes that this honorable Court granted his motion for extension, Mr. Goode Motion now files herewith his Motion and Affidavit in support of his Motion for Attorneys' Fees, and requests a hearing on the matter, if deemed necessary and appropriate by this Court.

## ARGUMENT AND AUTHORITY

In any tort action in which claims are dismissed before trial pursuant to C.R.C.P. 12(b), the defendant is entitled to an award of reasonable attorney fees. C.R.S. § 13-17-201. Similarly, Colorado law authorizes the recovery of attorney fees where a party or its attorney brings or defends an action that lacks substantial justification. C.R.S. § 13-17-201(4). According to the statute, an action lacks substantial justification if it is substantially frivolous. *Id.* A claim Is substantially frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. *W. United Realty Inc. v. Isaacs*, 679 P. 2d 1063, 1069 (Colo. 1984). An award of attorney fees is an important sanction against an attorney or party who improperly instigates or prolongs litigation. *In re Marriage of Aldrich*, 945 P.2d 1370, 1378 (Colo. 1997). The attorney fee statute is designed to prevent burdensome litigation that interferes with the effective

administration of justice. C.R.S. § 13-17-101. However, the statute is not designed to discourage counsel from zealously representing a client but rather to balance that duty against the important policy of discouraging unnecessary litigation. *W. United Realty Inc., supra.*

Plaintiff persisted in filing voluminous documents, amounting to hundreds of pages each (see Exhibits A and B hereto), with made-up law, wholly inapplicable cites to existing statutes and caselaw, and inaccurate statements and unrelated information. Defendant, after receiving a Report and Recommendation from the Magistrate assigned to the action removed to Federal Court, was forced to defend this action in Federal Court for a number of months more, and then for another number of months back in state court. That Report and Recommendation recommended dismissal of this case, going through each claim and explaining why each such claim failed. This case has gone on for almost two years with hundreds of docket entries and has required hundreds of attorney hours as follows:

| Attorney Name | Years of Experience | Market Billing Rate During Relevant Time Period | Hourly Billing Rate in this Action | Time spent (hours) | Total amount billed |
|---|---|---|---|---|---|
| Valerie Ann Yanaros (fka Wilde) | 8+ | $300-350/per hr. | $250 | 462.2 | $115,550.00 |

| Attorney Name | Years of Experience | Market Billing Rate During Relevant Time Period | Hourly Billing Rate in this Action | Time spent (hours) | Total amount billed |
|---|---|---|---|---|---|
| Elizabeth M. Lorie | 19+ | $350/per hr. | $350 | 3.0 | $1,050.00 |

## CONCLUSION

Accordingly, Mr. Goode respectfully requests this Court grant Defendant Attorneys' fees and costs in the amount of $116,600. Mr. Goode also hereby requests that this Court grant a Hearing on the matters set forth herein.

Dated: February 24, 2020

Respectfully Submitted,

James Corey Goode, Defendant

**C.R.C.P. 11(b) Statement:** In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> Valerie Yanaros Wilde,
> Attorney for Defendant (Per CRCP 11(b))
> 5057 Keller Springs, Suite 300
> Addison, TX 75001
> (512) 826-7553
> TX State Bar No. 24075628

## CERTIFICATE OF SERVICE

Copies of this pleading will be sent to Plaintiff at her place of Residence on Tuesday, February 25, 2020.