EXHIBIT D

| | |
|---|---|
| ☐County Court ☐District Court<br>Mesa County, Colorado<br>Court Address:<br>125 N. Spruce Street<br>Grand Junction, CO 81505<br>(970) 257-3625 | JUL 0 1 2022<br><br>DATE FILED: July 8, 2022 9:48 AM<br>CASE NUMBER: 2018CV50 |
| Plaintiff(s)/Petitioner(s):<br><br>JAMES COREY GOODE<br><br>v.<br><br>Defendant(s)/Respondent(s):<br><br>ALYSSA-CHRISTIE MONTALBANO | ▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br><br>Alpine Judgment Recovery<br>PO Box 1002<br>Ridgway, CO 81432<br><br>Phone Number:(844) 258-2770   E-mail:<br>FAX Number:         Atty. Reg. #: | Case Number: 2018 CV 50<br><br><br>Division        Courtroom |
| **MOTION TO TRANSFER INTEREST AND AMEND JUDGMENT** | |

Attached is an "Agreement for Assignment and Purchase of Judgment" (the "Purchase Agreement").

By executing this form, the **Purchase Agreement**, the Plaintiff sells and assigns, irrevocably and without lien or recourse, all right, interests in and title to the judgment. My company, Alpine Judgment Recovery ("AJR"), now owns the judgment.

As the owner of the judgment, AJR is more than a simple Assignee. AJR has all the rights that accompany a judgment holder including the right to enforce, collect or settle the judgment without any further contact or discussion with, or permission from, the Plaintiff. Thus, by virtue of the terms of the Purchase Agreement, AJR has become the new Judgment Creditor in this case.

By signing the Purchase Agreement, the Plaintiff has relinquished her position as Judgment Creditor in the case and AJR has now become the Judgment Creditor in the case.

EXHIBIT D

I request the Court to:

1) Transfer the Plaintiff's interest in the referenced judgment to AJR;

2) Name Alpine Judgment Recovery the new "Judgment Creditor" in the referenced case; and

3) Authorize Pattern Interrogatories.

Date: 6-17-22

Thomas D. Seaman, Owner
Alpine Judgment Recovery
PO Box 1002
Ridgway, CO 81432
(844) 258-2770

---

## CERTIFICATE OF SERVICE

I certify that on June 17, 2022 true and accurate copies of the Motion to Transfer Interest and Amend Judgment were served on the other parties by:

☐Hand Delivery, ☐E-filed, ☐Faxed to this number _____, **or**

☒by placing them in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To:   James Corey Coode
      1140 US Highway 287, Suite 400-266
      Broomfield, CO 80020

      Alyssa-Christie Montalbano
      2536 Rimrock Ave., Suite 400-117
      Grand Junction, CO 81505

☒Petitioner/Plaintiff or ☐Respondent/Defendant

# AGREEMENT FOR ASSIGNMENT AND PURCHASE OF JUDGMENT

THIS CONSTITUTES THE ENTIRE AGREEMENT, entered into between James Corey Goode, judgment creditor of the herein referenced civil action, currently of Broomfield, CO, hereinafter referred to as "ASSIGNOR/SELLER," and Alpine Judgment Recovery a Colorado business, herein after referred to as "ASSIGNEE/BUYER."

Sale and Assignment of Judgment – ASSIGNOR/SELLER hereby agrees, for true and valuable consideration as described herein, to sell and assign to ASSIGNEE/BUYER, irrevocably and without lien or recourse, all right, interests in and title to the judgment in the amount of $116,600.00 that was awarded on August 5, 2020 to ASSIGNOR/SELLER in the referenced civil action whose Civil Action Number is: 2018 CV 50 (the "Judgment").

The Judgment was entered on the date shown above in District Court in Mesa County, CO against Alyssa-Chrystie Montalbano, herein after referred to as "JUDGMENT DEBTOR".

From the date of this fully executed agreement, ASSIGNEE/BUYER, obtains and accepts complete ownership of the Judgment contained herein. ASSIGNOR/SELLER, from the date of this fully executed agreement, will cease and desist all efforts to collect the Judgment and recognizes that this sale is final and ASSIGNEE/BUYER has total and exclusive right to collect, compromise, sell or further assign said Judgment at its discretion. ASSIGNOR/SELLER will immediately notify ASSIGNEE/BUYER of any future receipts, and will, within thirty (30) days, remit to ASSIGNEE/BUYER all said receipts.

ASSIGNOR/SELLER shall cooperate with ASSIGNEE/BUYER in its efforts under this Agreement, including by participating as needed in reasonable actions in support of collection of the Judgement as may be requested by ASSIGNEE/BUYER from time to time, so long as such cooperation is not to the detriment of ASSIGNOR/SELLER and does not require ASSIGNOR/SELLER to incur any expense, cost, or obligation, including, without limitation, attorney fees or court costs.

Warranty by Judgment Creditor – ASSIGNOR/SELLER warrants and affirms that his/her/its title to, and interest in, the Judgment herein is valid and legally enforceable, not subject to any stay, and to the best of his/her/its knowledge, the Judgment has not been discharged in any bankruptcy proceeding or otherwise satisfied or canceled.

Limit of Liability of Assignee – ASSIGNOR/SELLER agrees that the ASSIGNEE/BUYER'S maximum aggregate liability to ASSIGNOR/SELLER shall not exceed the amount of the sale price for the Judgment plus any applicable accrued interest.

Consideration and Financing – As consideration for this sale ASSIGNEE/BUYER

EXHIBIT D

promises to perform to the best of its ability to enforce and collect the herein referenced Judgment, and to pay to ASSIGNOR/SELLER 50% of all JUDGMENT AMOUNTS collected plus 50% of a finance charge of 8.00% simple interest on the principal award amount of the Judgment, accrued from the date that the Judgment was awarded to the date of satisfaction. Payments for the Judgment shall be made in irregular installments. ASSIGNEE/BUYER reserves the right to make, at its discretion, installment payments at any time prior to the due date, as described herein. Installment payments on the Judgment shall be timed to, and therefore become due, upon the completion of any enforcement procedure on the Judgment for which payment applies. Payment shall be disbursed within thirty (30) days of due date.

ASSIGNOR/SELLER recognizes the possibility of fluctuation in the ultimate realized value of the Judgment due to settlement for less than the accrued value or, other extenuating circumstances such as, but not limited to: vacation of the Judgment due to mistakes and/or omissions of ASSIGNOR/SELLER; death; or bankruptcy. ASSIGNOR/SELLER, in the interest of equity, hereby agrees that the value of the Judgment shall be determined at the time the final payment becomes due. ASSIGNEE/BUYER will retain, out of revenue collected, sufficient funds to satisfy incurred reasonable enforcement costs prior to disbursement to either party, and will petition the court to increase the Judgment by an equivalent amount.

By signing this agreement, the undersigned ASSIGNOR/SELLER acknowledges that he/she has read, fully understands, and accepts this agreement, and is a duly authorized representative with all powers required to execute this agreement.

Executed this ⟋6 day of June, 2022.

ASSIGNOR/SELLER:                                ASSIGNEE/BUYER:

By: _____ June 16 2022      By: _____
      James Corey Goode                               Thomas Seaman, Owner
                                                                    Alpine Judgment Recovery