# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION
Valerie Yanaros Wilde,
Elizabeth Lorie,
Brian James Flynn,
William Campbell,
Matthew Grove,
Diana Terry, and
Christina Gomez

Third-Party Defendants.

────

GAIA INC.

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

────

Jay Weidner

Counter-Claimant

v.

James Corey Goode,
GOODE ENTERPRISE SOLUTIONS INC,

Counter-Defendants

---

**DEFENDANT, COUNTER CLAIMANT, THIRD-PARTY PLAINTIFF
ALYSSA MONTALBANO
REPLY TO JUDICIAL DEFENDANTS' RESPONSE [#325] TO
EMERGENCY MOTION [#322]**

---

COMES NOW, Defendant, Counterclaimant, Third-Party Plaintiff, Alyssa Chrystie Montalbano, in Reply to the Judicial Defendants "THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA MONTALBANO'S "EMERGENCY MOTION STAY COURT CASE 18CV50 PURUSUANT 28 USC 2283 AND CONSOLIDATE CASES PURSUANT FRCP 42(A)" [DOC 322]" filed at Docket 325, and states as follows:

### I.    SUMMARY OF JUDICIAL DEFENDANTS' OPPOSITION

The "Judicial Defendants" (Mr. Flynn, Mr. Grove, Ms. Terry, Ms. Gomez, Mr. Campbell) by and through their counsel Mr. Vilner, largely state Ms. Montalbano's Motion to Stay and/or Consolidate case 18CV50 is a request for 'extraordinary' relief and should not be granted based on the following grounds:

1. That the Federal Court would be interfering on an alleged final judgment from state court that pre-dates this instant case. [#325 at 7]

2. Case 18CV50 is a State Court case and may not be consolidated with a Federal Court case via FRCP 42(a).  [*Id.* Section I]

3. Case 18CV50 may not be stayed by this Federal Court because Montalbano allegedly doesn't meet the three criteria defined in 28 USC 2283. [*Id.* Section II]

4. Magistrate Mix has recommended the Judicial Defendants be completely dismissed and alleges they have immunities. [*Id.* at 2, Section A]

5. No judgments have been entered by this Federal Court or in this case that need to be protected from case 18CV50. [*Id.* at 5]

## II.   ARGUMENTS

**1. State Court Case 18CV50 pre-dates this instant Federal Case** [#325 at 7]

It is true Judge Flynn's State Court dismissal orders [#325-1, filed State Court January 29, 2020] and entered judgment [#325-2, file State Court August 5, 2020] in Mesa District Civil Court case 18CV50 pre-date this instant action with direct respect to when Montalbano filed her Counterclaims [#120, filed this Court December 22, 2020] and summoned the five Judicial Defendants for civil rights violations [#177, April 6, 2021 Waiver Summons Executed]. As a point of painfully obvious common sense, the Civil Rights violations had to first occur in the prior cases (Mesa District Civil Court, Case 18CV50 [#325-3, Mesa Register of Actions], Colorado Court of Appeals, Case 20CA1775 [#222-15 Appeals Register of Actions]) and civil Rights failures by the Judicial Commission [#247-4, Judicial Commission Requests] before Montalbano could summon the involved five Officers for committing the violations. (duh)

Additionally, pursuant Due Process of Law Montalbano first made repeat efforts to notify the Judicial Defendants (on and off Court records) of the problems and

gave each of them multiple opportunities to fix their Civil Rights mistakes in the event they were actual mistakes and not a pattern of willful and malicious civil rights violations. After it was self-evident their years of repeat failures were in-fact a pattern of willful and malicious acts, the Judicial Defendants were then lawfully summoned by Montalbano to make reparations for Deprivation of Civil Rights via this instant case. These basic facts and Montalbano's efforts to correct these Civil Rights violations for years; without personally suing the Judicial Defendants; are clearly outlined in the proposed Second Amended Deprivation Rights claim [#315] along with seeking remedy and relief for years of damages they knowingly caused Montalbano and that are still accruing while this case is stayed.

2. **Consolidation of State and Federal Cases** [#325, Section I]

Montalbano is currently in process of removing case 18CV50 to the Denver Federal court pursuant 28 USC 1441(a) and (c), so the state court case itself may be properly joined/consolidated, as Mr. Seaman entering case 18CV50 as a Plaintiff and filing his complaint/motion [#325-4, Seaman Motion; #320-4 at 5, No. 13, Seaman Interrogatories "AJRs Complaint"] made case 18CV50 removable as did defendant Flynn's orders [#325-5; #325-7] (28 USC 1446). A Notice of Related Case was planned to be filed this instant action upon completion of removal and a supplemental Motion to join the newly removed case with this federal action was also planned to be filed. Motions for protective orders are also planned to be sought by Montalbano upon removal.

3. **Case 18CV50 three part criteria 28 USC 2283** [#325, Section II]

Once case 18CV50 is removed and subsequently joined this instant case, this Federal Court (or the related case) may also stay Mr. Seaman's claims because this instant case and the related matters are already stayed [#100, #182]; or (preferred) this Court may order the lifting of the stay with respect to Montalbano's complaint claims [#217, #292, #308, #315]; and as asked for prior by Montalbano in her denied Motion to Lift Stay [#262, #286]; and may move Montalbano's claims into discovery so Mr. Seaman's claims may also be decided, and so Montalbano can finally have relief from defamation, harassment, abuse of process, malicious prosecutions, deprivation rights, and related claims.

It is to be duly noted as of the filing of this Reply, the Judicial Defendants have no position on Montalbano's Motion to Join Mr. Thomas D. Seaman this instant action [#320 at 3, filed August 3, 2022], they have only objected [#325] to the stay or consolidation of the cases [#322] and their main objections to such consolidation will be overcome with removal and joining of the removed case.

Alternatively, the state court case stay/consolidation problem may also be overcome by simply granting the pending motion of required joiner [#320] of Mr. Thomas D. Seaman this instant action (which should have also been filed as an emergency motion) and issuing the requested summons [#321]. Mr. Seaman was delivered courtesy copies of dockets 320 and 322 (see Certificate of Service

declaration), so he is apprised of the joinders requested herein. Granting the Motion of Joinder [#320] and summons [#321] is the preferred solution as it would save Montalbano the filing costs of removal (when Montalbano needs that money to buy a new car windshield) and would alleviate Montalbano of losing (again) dozens more hours and weeks of work in her art business activities by burdening her with case removals instead.

The removal has been in process of being performed as Mr. Flynn is a defendant this instant action to Montalbano's claims, is clearly biased for white male public figure Mr. Goode, refuses to follow the Law, is the Chief Judge of Mesa District Civil Court, is corrupt, and has corrupted the judicial machinery of Mesa District Civil Court, and Mr. Flynn (or any officer under his authority) cannot be permitted to address anything related to case 18CV50 or Montalbano, for Montalbano's personal and physical safety, as Mr. Flynn is a danger to Montalbano and has been since June 25, 2018.

4. **Magistrate Mix Recommendation** [#325 at 2, Section A]

Montalbano has motioned to Recuse [#303, May 5, 2022] Magistrate Mix for being biased for her licensed peers and famous people, so much so, she Recommends [#283, February 28, 2022] not following the Law as written in the State and National Constitutions for which she is duty bound and sworn to uphold and protect above statutes and conflicting case law; the same as her licensed peers

that were summoned for breaking the Law and perjuring their Oath of Office; and for which immunities do not apply as the State cannot authorize unconstitutional (criminal) conduct nor can another officer of the Law [#315-1 at 27; Ex Parte Young, 209 U.S. 123 (1908), Supreme Court ruling - stripping doctrine]. Immunities go to the performance of the protected task (upholding the Law) not the office (Officers breaking the Law and claiming immunities (i.e. color of office, color of Law)) [#315-1 at 18, No. 28, "Prosecutorial Immunity" Touro Law Review, Col 15: No 4, Article 23. P1.]. The Judicial Defendants forfeited their immunities when they chose to break the Law, instead of uphold it. These details are clearly outlined in the following documents filed by Montalbano: Objection to Magistrate Recommendation [#290, March 23, 2022], Motion to Recuse Magistrate Mix [#303, May 3, 2022], pending Appealed Objection to Magistrate Mix refusing to recuse herself [#318, July 12, 2022], and pending Amended Deprivation Civil Rights claim [#315, June 30, 2022] for which the Magistrate Recommendation at Docket 290 is not directed and is before Judge Domenico to make Lawful decisions on the matters at issue supported with Constitutional Law.

5. **No Judgment in Federal Court to Protect** [#325 at 5]

Because this matter involves civil rights violations in the lower State Courts against an American Citizen (Montalbano), it is imperative this Federal Court's faithfully performing Officers protect its judgment rights, Montalbano's civil

rights and her personal physical safety from the summoned defendants, while addressing the pending matters at issue directly related to what can only be construed as a mistrial of case 18CV50, as Mr. Flynn under color of office knowingly failed to uphold the Law in State Court and is still is trying to enforce his personal bias and prejudices as if they are the Law, when they are not. This is evidenced by the fact Mr. Flynn recently chose to only vacate [#325-7] and corrected an order [#325-5] that prior took away Montalbano's twenty one (21) day response time[1] to respond to a new Motion/Complaint [#325-4] filed by a new Plaintiff litigant, Mr. Thomas D. Seaman doing business as (dba) ALPINE JUDGMENT RECOVERY ("AJR"), and Mr. Flynn chose (again) to completely ignored the proverbial elephant in the room whereby his January 29, 2020 order [#325-1] and alleged final judgment [#325-2] are the actual 'orders' that need to be vacated for being directly opposite Constitutional Defamation Laws (Colo. Const. Bill of Rights, Sec. 10) and Author Rights Laws (U.S. Const. Art. 1, Sec. 8, Cl. 8) and also directly opposite all facts and evidence filed in case 18CV50 since June 25, 2018, and pursuant to Mr. Flynn's Oath of Office to the State and National Constitutions he is required by Law to correct those mistakes, but he keeps refusing to do so, which makes them malicious acts.

Judicial Officers of the Law only have powers and immunities to issue orders that protect Constitutional Rights; and only have powers and immunities to set case

---

[1] Montalbano incorrectly stated it was fourteen (14) days to respond to the motion [#325-6 at 3, No. 3], when it is believed to be twenty-one (21) days pursuant D.C.Colo.LCivR 7.1(d).

Case 1:20-cv-00742-DDD-KLM Document 326 Filed 08/19/22 USDC Colorado Page 10 of 12

law precedence that supports and upholds the State and National Constitutions pursuant an Oath of Office to the Supreme Law of the Land; all other conflicting court matters are null and void even prior reversals. [#322 at 10, *Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)*]

To this point, the five Judicial Officers via their counsel Mr. Vilner, have failed in every argument of theirs to show how any of the Judicial Defendants' actions since June 25, 2018 have upheld Constitutional Rights. All of their arguments support the fact they violated Civil Rights and why they think its ok to do that and not make corrections; thereby they have acquiescenced to the civil rights violations alleged against them by Montalbano [#315; Colo.R.Civ.P. 8 - Effects of failure to deny] and the matters must be moved into discovery and toward trial so the Judicial Defendants may make reparations to Montalbano for years of grievances and to determine through discovery if they were bribed or coerced by The Enterprise to act unlawfully. [#308 pending amended RICO claim]

### III.   Conclusion

**WHEREFORE,** Montalbano moves this Court's faithfully performing officers to review the facts in the Emergency Motion [#322], Motion of Joinder [#320], Constitutional Law, their Oath of Office to uphold the State and National Constitutions, and pursuant such facts and knowledge of the Law, that Officer Judge Domenico make decisions in support of the Constitutions and protect everyone's Constitutional Rights and in particular protect Montalbano's

Page **10** of **12**

inalienable Right to have a fair and impartial hearing and trial on all matters at issue and in particular those involving case 18CV50 matters [#315] as brought before this superseding Federal Court since December 22, 2020 [#120] for remedy and relief, to notably include protecting Montalbano's Right to Due Process of Law (Colo. Const. Bill of Rights, Sec. 25 and 28), Equal Protection under the Law (Colo. Const. Bill of Rights, Sec. 6), Defamation Rights (Colo. Const. Bill of Rights, Sec. 10 and 23), and Author Property Rights (U.S. Const. Art. I, Sec. 8, Cl. 8; Colo. Const. Bill of Rights, Sec. 3); **and that the pending Motion of Joinder [#320] be immediately Granted and treated as an Emergency Motion and that summons [#321] be issued to join Mr. Seaman**, thereby removing the burden from the Courts and Montalbano of performing a removal of case 18CV50 to this Federal Court, and eliminating the need to issue a stay or consolidation of case 18CV50 with this instant action and that this Court's faithfully performing Officers grant any other relief deemed just to Ms. Alyssa Chrystie Montalbano.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

# CERTIFICATE OF SERVICE

I certify that on this 19th day of August 2022 a copy of the foregoing Reply was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon pro se litigants Mr. David Wilcock and WILCOCK FOUNDATION via USPS Certified Mail #7021 0950 0000 5249 9119 appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen