IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, et al.

    Plaintiffs,

v.

GAIA, INC., et al.

    Defendants.

---

THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S[1] RESPONSE TO ALYSSA MONTALBANO'S "PARTIALLY OPPOSED EMERGENCY SUPPLEMENTAL MOTION CONSOLIDATE CASES PURSUANT FRCP 42(a) AND 28 USC 1441(a) AND (c) AND EMERGENCY SUPPLEMENTAL MOTION JOINDER PURSUANT FRCP 19" [DOC. 331]

---

The State Defendants, through undersigned counsel, the Colorado Office of the Attorney General, respond in opposition to Alyssa Montalbano's "Partially Opposed Emergency Supplemental Motion Consolidate Cases Pursuant FRCP 42(a) and 28 USC 1441(a) and (c) and Emergency Supplemental Motion Joinder Pursuant FRCP 19," [Doc. 331], as follows:

    1.    The State Defendants respectfully request that this Court deny Montalbano's motion to the extent it seeks consolidation of this matter under Fed. R. Civ. P. 42(a) with a state court case, Mesa County District Court No. 18CV50

---

[1] Together, these third-party defendants are the "State Defendants."

(the Mesa County Case), that Montalbano improperly removed to federal court under Case No. 22-cv-2224-KLM.

2. The procedural history in this matter is convoluted. The State Defendants' motion to dismiss sets out the procedural facts relevant to Montalbano's claims against them. *See* [Doc. 222 at 2–5]. So does Magistrate Judge Mix's Report and Recommendation of complete dismissal of Montalbano's claims against the State Defendants. *See* [Doc. 283 at 14–17].

3. In short, Montalbano filed a lawsuit in state court against Corey Goode (who is a plaintiff in this federal action) in 2018. Goode eventually prevailed against Montalbano on a Colo. R. Civ. P. 12(b)(5) motion to dismiss. Montalbano then filed an appeal, which was dismissed because it was untimely under Colo. R. App. P. 4. In 2021, Montalbano—a defendant in this lawsuit—filed a 756-paragraph "second amended counterclaims complaint" against numerous individuals. [Doc. 204-1]. Her complaint included third-party claims against the four judges involved in her state-court matter, along with the now-former executive director of the Colorado Commission on Judicial Discipline. Again, Judge Mix recommended dismissing these claims under the doctrine of judicial immunity and lack of standing. [Doc. 283 at 14–17].

4. On July 8, 2022, in the Mesa County Case, non-party Thomas D. Seaman filed a Motion to Transfer Interest and Amend Judgment. [Doc. 325-4]. Mr. Seaman purported to have obtained an assignment of Goode's judgment on behalf of

his company, Alpine Judgment Recovery. [*Id.*]. Since Seaman's July 8, 2022 filing, Montalbano has sought multiple avenues to involve Seaman in this litigation. *E.g.* [Docs. 320 (motion for joinder of Seaman); 322 (emergency motion to consolidate cases); 331 (this motion)]. In doing so, Montalbano essentially seeks to delay resolution of Judge Mix's pending Report and Recommendation, and to otherwise renew her attack on Judge Flynn's conduct in the Mesa County Case.

5. Fed. R. Civ. P. 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

6. This Court should deny Montalbano's motion to consolidate this case with 22-cv-2224-KLM. Initially, Goode has filed a motion to remand the Mesa County Case back to state court. (**Ex. A**.) Under such circumstances, the remand motion should be decided before deciding whether the case should be consolidated with one or more other cases. *See Am. Home Assurance Co. v. Roxco, Ltd.*, 81 F. Supp. 2d 674, 681 (S.D. Miss. 1999).

7. Beyond that, Montalbano's attempted removal is improper. If an action "is not proper for removal it is not 'pending before the Court', and this court has no authority to consolidate an action of which it has jurisdiction with one [of] which it does not." *Appalachian Power Co. v. Old Heritage Corp.*, 364 F. Supp. 1273, 1277 (W.D. Va. 1973). Montalbano's removal is improper for at least three reasons.

8. First, 28 U.S.C. § 1446(a) provides for removal by a "defendant or defendants." Montalbano is the plaintiff in the Mesa County Case. *See also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (only original defendants may remove case).

9. Second, § 1446(b)(1) contemplates removal based on an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." Montalbano seeks removal of the case not based on an initial pleading, but on a post-judgment motion.

10. Third, § 1446(b)(1) requires the filing of a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Montalbano filed her notice of removal over four years after filing her initial complaint in the Mesa County Case.

11. Accordingly, because Montalbano's removal of the Mesa County Case is improper, it follows that the Mesa County Case (as removed in 22-cv-2224-KLM) is not "before the court" under Fed. R. Civ. P. 42(a).

12. For these reasons, the State Defendants respectfully request that this Court deny Montalbano's motion. [Doc. 331].

4

Dated this 29th day of September 2022.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

*s/ Dmitry B. Vilner*
DMITRY B. VILNER*
Assistant Attorney General
Civil Litigation and Employment Law Section
*Attorneys for Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez*

1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone:  720-508-6645
FAX:  720-508-6032
E-Mail:  Dmitry.vilner@coag.gov
*Counsel of Record

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

CERTIFICATE OF SERVICE

I certify that I served the foregoing THIRD-PARTY DEFENDANTS BRIAN JAMES FLYNN, WILLIAM CAMPBELL, MATTHEW GROVE, DIANA TERRY, AND CHRISTINA GOMEZ'S RESPONSE TO ALYSSA MONTALBANO'S "PARTIALLY OPPOSED EMERGENCY SUPPLEMENTAL MOTION CONSOLIDATE CASES PURSUANT FRCP 42(a) AND 28 USC 1441(a) AND (c) AND EMERGENCY SUPPLEMENTAL MOTION JOINDER PURSUANT FRCP 19" [DOC. 331] upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of same in the United States mail, first-class postage prepaid, at Denver, Colorado, this 29th day of September, 2022, addressed as follows:

Valerie Ann Yanaros
Yanaros Law PC
5057 Keller Springs, Suite 300
Addison, TX 76001
*Attorneys for James Corey Goode and Goode Enterprise Solutions, Inc.*

Daniel Andrew Dingerson
Ina B. Scher
Davis & Gilber, LLP
1675 Broadway
New York, NY 10019
*Attorneys for Gaia, Inc.; Jirka Rysavy; Brad Warkins; and Kiersten Medvedich*

Aaron Bardin Belzer
Ashlee Nicole Hoffman
Burnham Law Firm PC
2760 29th Street, Suite 1E
Boulder, CO 80301
*Attorneys for Jay Weidner*

Michael Jacob Laszlo
Laszlo & Associates, LLC
2595 Canyon Blvd., Suite 210
Boulder, CO 80302
*Attorneys for Benjamin Zavodnick*

Timothy M. Murphy
Robinson & Henry PC
7555 E. Hampden Ave., Suite 600
Denver, CO 80231
*Attorneys for Elizabeth Lorie*

Alyssa Chrystie Montalbano
2536 Rimrock Ave. Suite 400-117
Grand Junction, CO 81505
LegalZenACM@gmail.com
*Pro se*

*s/ La'Tasha Carter*