IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:22-CV-02224-CNS

**Thomas D. Seaman, Individually**
**James Corey Goode, Individually**

**Plaintiffs,**

v.

**Alyssa Chrystie Montalbano, Individually**

**Defendant**

---

### NOTICE OF DISQUALIFICATION OF MAGISTRATE JUDGE MIX
### FOR PREJUDICE, BIAS, AND VIOLATING CONSTITUTIONAL LAW

---

**COMES NOW** Alyssa Chrystie Montalbano, Defendant and Plaintiff, and American Citizen, and gives Notice to this Federal Court of Disqualification of, Kristen L. Mix[1] as Magistrate Judge, from this instant case for prejudice, bias, and perjury of her Oath of Office to the State and National Constitutions for the following[2]:

1. Ms. Montalbano originally opened the with merit case, 18CV50, in the Mesa District Civil Courthouse, June 25, 2018 (this instant removed civil case), requesting injunctive relief to stop the defamation performed by famous author-artist Mr. Goode against

---

[1] Magistrate Mix will be referred to in her personal capacity (Ms. Kristen Mix or Mix) when she acts in her personal

[2] For the sake of brevity, not all civil rights violations performed by Mix are listed herein.

non-famous author and artist Ms. Alyssa Chrystie Montalbano, and asked for declaratory relief for approximately 500 short story Intellectual Property records (Dream Visions) and related dream research and discoveries that were mistakenly emailed or otherwise delivered to business competitor Mr. James Corey Goode in a fixed format largely during 2017-2018, due to (then) belief in Goode's public alien, dream teaching, and donation frauds. Chief Judge of Mesa County, Brian James Flynn, was assigned to the case. **(Exhibit 1–Original Complaint; Exhibit 2-Original Exhibits case 18CV50)**

2. Montalbano informed the Mesa District Civil Court house, case 18CV50 was to be heard pursuant Constitutional Law and pursuant the presiding officer's Oath of Office [Docket 17-1 BJF Oath] **(Exhibit 1 at p2, No. 2 – Constitutional Law clause added by Montalbano to Civil Cover Sheet)**

3. Chief Judge Brian James Flynn, overtly denied Montalbano her clearly established Constitutional Rights, two times (May 14, 2019 and August 5, 2020), on the Mesa Court record, inside Case 18CV50 [3]. [Docket 1-2, No. 24]

    a. Mix was informed of Flynn's wrong doings in Denver Federal Court, Case 1:20-CV-00742-DDD-KLM (the federal case she was assigned to), and did nothing to stop or correct them, in defiance and dereliction of her duties she created the possibility of state liability to Montalbano for she and Flynn's wrongdoings and Court frauds.

---

[3] All this evidence is contained in Denver Federal Court, case 1:20-CV-00742-DDD-KLM, and other court records and may be provided upon request. However, due to time limitations not all citations or exhibits, as already filed in other cases, are included herein.

4. Montalbano amended the Mesa District Civil state court Complaint November 2018 to sue Goode for the approximately seventy thousand dollars ($70,000) due. **(Exhibit 3 Amended admitted complaint 18CV50).**

The Constitution of the United State of America, Bill of Rights, Amendment VII, guarantees the right to Trial by Jury for civil matters exceeding twenty dollars ($20).

> "Jury trial in **civil actions**. In suits at common law, **where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved**" (emphasis added)

Montalbano asked for injunctive relief/trial by jury/hearings on at least thirteen (13) occasions of Brian Flynn for the $70,000 in controversy. Flynn denied Montalbano this Constitutional right thirteen (13) times. [Docket 1-2, No. 19]

   a. Magistrate Mix was informed of Flynn's wrong doings in case 1:20-CV-00742-DDD-KLM [Docket 1-2, pending amended Deprivation Rights claim] and did nothing to stop or correct them, in defiance and dereliction of her duties she created the possibility of state liability to Montalbano for she and Flynn's wrongdoings and Court frauds. [Docket 12, Pending Motion Recuse Mix]

5. Long story short, Chief Judge Brian James Flynn ultimately lied in case 18CV50 that 'no defamation was shown' and lied that Mr. Goode didn't call Ms. Montalbano a criminal stalker to multiple third parties and dismissed the claim/case as frivolous and alleged Montalbano (the innocent victim of Goode) must also now pay her abuser, Goode,

$116,600 for allegedly bringing a frivolous defamation claim [Docket 15-3], when Chief Judge Flynn knew the defamation claim was with merit. [Docket 1-2 at 4-13]

a. Magistrate Mix was lawfully notified in Denver Federal Court, case 1:20-CV-00742-DDD-KLM (that she was assigned to preside over), of defamation being performed by public figure Mr. Goode and et. al. against private individual Ms. Montalbano and Magistrate Judge Mix lawfully recommended [Docket 1-4] the defamation claim [Docket 1-9] proceed to discovery and trial. Magistrate Mix also knew the criminal stalking defamation occurred during the time of case 18CV50 (2018-2020) [Docket 1-9 at 2-8] and that the defamation evidence filed in case 1:20-CV-00742-DDD-KLM was the same defamation evidence her co-worker/peer Brian Flynn saw in case 18CV50 **(Exhibit 4 – Defamation Exhibits (#121-21[4]))** but lied was not defamation and refused to stop it [Docket 15-3]. Mix in defiance and dereliction of her duties, refused to correct the wrong doings of her co-worker/peer Brian Flynn and refused to vacate his knowingly fraudulent order [Docket 15-3] and fraud judgment from case 18CV50 (**Exhibit 5**) pursuant her Oath of Office and due process of law rules requiring her to do so. (Colo. Const., Bill of Rights, Sec. 6 and 25) [See fuller details at Docket 12 – Pending Motion Recuse Mix]

6. In this instant case, Magistrate Mix has again perjured her Oath of Office, by again attempting to use inferior state laws, inferior court [remand] rules, and inferior (not on point) case law [Dockets 16, 19, and 20] to break Constitutional Law and illegally enforce her co-worker/peer Brian Flynn's fraudulent orders/judgment [Docket 15-3;

---

[4] Note alphabetical labels on defamation exhibits, this is their exhibit label from when filed in case 18CV50.

**Exhibit 5, $116,600 Judgment]** against innocent victim (Montalbano) when she knows her co-worker's orders/judgment [Docket 15-3; **Exhibit 5**] broke Constitutional Law and are completely false and that Montalbano brought Flynn a defamation claim with merit. [Docket 1-4 KLM Defamation proceed] Mix is currently trying to unlawfully make Montalbano pay $116,600 to the man (Goode) she knows defamed (abused) Montalbano all during case 18CV50 and for something she and her co-worker Brian Flynn both know Montalbano didn't even do, i.e. 'bring a frivolous defamation claim to Flynn in the Mesa District Civil Courthouse'. Mix and Flynn are openly in process of committing a [chain] conspiracy crime, whereby Flynn's role was to lie in state court dismissal orders that no defamation was shown in order to cover up for rich and famous male celebrity, Goode, abusing innocent and poor female artist Montalbano; and Mix's role is to cover up for Flynn's court lies and abuses by giving the illusion she is legitimately using state laws and federal court [remand] rules now, when in reality she trying to illegally enforce Brian Flynn's court lies as if law, when they are not. No matter how the pie is sliced, the end goal of implementing any of Mix's orders/recommendation [Docket 16, 19, 20] is to complete the criminal conspiracy act of breaking Constitutional Law (perjury) with Flynn and et.al. [Docket 1-2]

a. The National Constitution mandates Magistrate Judge Mix, at Article 6, Clauses 2 and 3, that Officers who swear allegiance (Oath of Office) to the State and National Constitutions cannot legally use/present inferior state laws or other conflicting laws [in the courtroom or otherwise] to break Constitutional Law (perjury) and that such arguments are moot when they conflict with the supreme law of the land pursuant

their Oath of Office. Ms. Mix's pending recommendations and orders [Dockets 16, 19, and 20] break the following Constitutional Laws with Flynn:

i.  Constitution of the United State of America, Bill of Rights, Amendment VII:

   "Jury trial in **civil actions**. In suits at common law, **where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved**" (emphasis added)

   The National Constitution guarantees Montalbano the right to trial by jury for civil common law matters with over twenty dollars ($20) in controversy. Case 18CV50 had at least seventy thousand dollars ($70,000+) in civil common law controversy. No trial by jury was ever had, because Flynn knowingly denied Montalbano this clearly established inalienable Due Process Right thirteen (13) times [Docket 1-2, No. 19] and then entered his fraud dismissal orders [Docket 15-3] that broke Constitutional Law.

ii. State of Colorado Constitution, Bill of Rights, Section 10:

   "[a]nd **in all suits and prosecutions for libel** the truth thereof may be given in evidence, and **the jury, under the direction of the court, shall determine the law and the fact.**" (emphasis added)

   The Colorado Constitution, Bill of Rights, guarantees Montalbano the inalienable Right to trial by jury for defamation. Flynn knew about the

defamation and did nothing to stop it [Docket 1-2, No. 14-15]. Montalbano did not have a trial by jury in case 18CV50 for defamation. Pursuant Flynn's Oath of Office [Docket 17-1] he had no state powers to make defamation decisions/orders/judgments in case 18CV50 devoid of a jury and thereby no jurisdiction over Montalbano's defamation claim. The jury was given judgment powers and jurisdiction over Montalbano's defamation claim and Flynn's job was to only oversee due process of law at a trial by jury. Flynn knowingly denied Montalbano this clearly established inalienable Due Process Jury Right thirteen (13) times [Docket 1-2, No. 19] and then entered his fraud dismissal orders [Docket 15-3]. Mix is still supporting her co-worker/peer Flynn in breaking Constitutional Law by again perjuring herself through using inferior state [remand] laws and inferior case laws to knowingly break Constitutional Defamation Laws with Flynn. Magistrate Mix's Oath of Office forbids her from using state laws and inferior rules to break Constitutional Law (perjury) pursuant the mandate at United State Constitution, Article VI, Clauses 2 and 3:

> "**This Constitution, and the Laws of the United States which shall be made in Pursuance thereof;** and all Treaties made, or which shall be made, under the Authority of the United States, **shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.**

> The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and **judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;** but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." (emphasis added)

Mix has shown clear bias for her lying co-worker Flynn, and open prejudice against honest and innocent pro se litigant Montalbano. In dereliction of Magistrate Mix's duties she is creating the possibility of state liability to Montalbano for she and Flynn's wrongdoings and Court frauds.

iii. United States Constitution, Article 1, Section 8, Clause 8 states:

> "To promote the Progress of Science and useful Arts, **by securing for limited Times to Authors** and Inventors **the exclusive Right to their respective Writings and Discoveries**" (emphasis added)

The National Constitution guarantees the inalienable right to authors to protect their writings (Intellectual Property) and discoveries for a time. Montalbano brought her fixed writings and fixed dream discovery research to Flynn in case 18CV50 to preserve this inalienable Right. Chief Judge Brian James Flynn lied in case 18CV50, that Ms. Montalbano's Intellectual Property (IP) did not exist at all and he dismissed the Trade Secret Intellectual Property claim/case as frivolous [Docket 15-3], when he knew Montalbano's IP was in legally fixed formats

[Docket 1-2 at 13-15]; to include emails and PDF files, and some with Federal copyrights **(Exhibit 6, Federal Copyrights)** and that the same IP was also the subject matter of multiple cases in the Broomfield Combined Courts between Goode and Montalbano. **(See No. 10 this document)**

Magistrate Mix was lawfully notified in case 1:20-CV-00742-DDD-KLM that Montalbano holds both federal **(Exhibit 6)** and common law copyrights **(Exhibit 7 at 1-2 – Copyright Claim filed in case 1:20-CV-00742-DDD-KLM)** to her fixed format Intellectual Property works and notified Magistrate Mix of her duty to uphold Montalbano's author rights pursuant her oath of office to Constitutional Law. [Docket 12-1 at 9;   Docket 12-3 at 6, No. 6-11] Ms. Mix instead persisted in recommending in case 1:20-CV-00742-DDD-KLM taking away this Constitutional Right from Montalbano and cited inferior and conflicting state laws and conflicting case laws to break Constitutional Author Rights Laws and refused to correct her derelictions (perjury) [Docket 12-2]. **(Exhibit 8 at 36-38, KLM Dismissal Recommendation case 1:20-00742-DDD-KLM;   Exhibit 9 at 35-38, ACM Objection Recommendation)** Constitutional Law forbids Magistrate Mix from using state laws and other inferior laws to break Constitutional Law pursuant the mandate she is bound to in United States Constitution, Article 6, clauses 2 and 3. Mix, in defiance of her duties, did nothing to protect Montalbano's inalienable author rights, showing her bias for lying co-worker Flynn and rich and famous authors, Mr. James Corey Goode and Mr. David Wilcock, who stole and unlawfully used Intellectual Property from the original author/artist (Montalbano).

Pursuant an Officers' Oath of Office, when Officers break Constitutional Law (perjury), they are automatically removed (vacated) from their Office and have no jurisdiction or powers, pursuant the mandated vacancy clause in Colorado Constitution, Article XII, Section 10:

> "Refusal to qualify vacancy. **If any person elected or appointed to any office shall refuse or neglect to qualify therein** within the time prescribed by law, **such office shall be deemed vacant**." (emphasis added)

Pursuant Magistrate Mix's Oath of Office she vacated her Office of public trust and is disqualified, for her repeat neglect and refusal to qualify as Magistrate Judge in this instant [removed] case and related case 1:20-CV-00742-DDD-KLM, for consistently using state laws and conflicting case laws to break Constitutional Law, thereby perjuring herself pursuant the mandate in the National Constitution, Article 6, Clauses 2 and 3 and vacated her office as Magistrate Judge.

7. Further still, in the matter of Foster v. Flynn, Case 1:20-CV-02296-RM-SKC, Flynn showed a pattern of failure to faithfully perform his administrative duties when repeatedly asked. His year long (2017-2018) failures resulted in seven (7) unlawful rearrests of Mr. Foster for a protection order that should have been vacated. [Docket 1-2 at 25, No. 67] Additionally, when Flynn did 'perform' his administrative duties in that matter, he also instead wrote orders that broke Constitutional Law. This is a pattern of Mr. Flynn's – do nothing for a long time, then break Constitutional Law. Judge Moore held co-worker/peer Flynn accountable for these civil rights violations.

The matter was stipulated dismissed and according to news reports[5] resolved in Mr. Foster's favor.

Magistrate Mix was lawfully notified in case 1:20-CV-00742-DDD-KLM of Flynn's pattern of failure to perform in his Office of public trust duties [Docket 1-2, No. 67], and that Montalbano's claim against Flynn was for this same type of civil rights violation pattern.. Mix; unlike her faithfully performing peer Judge Moore; did nothing to correct Flynn's civil rights violations against Montalbano, and instead she used inferior case law and inferior state immunity laws **(Exhibit 8 at 14-15)** that are inapplicable to judicial department individuals **(Exhibit 10 at 12-13, Judicial Defendants MTD [CGIA] Immunity arguments; Exhibit 11 at 15-17, ACM Objection [CGIA] immunity does not apply to Judicial Department or Federal [Deprivation of Rights] claims)**, to support co-worker/peer Flynn's corruption patterns of breaking Constitutional Law and Due Process of Law Rights, and created with them the possibility of state liability to Montalbano for such wrongdoings and frauds.

8. During case 18CV50, Mr. William (Bill) Campbell, (then) Judicial Commissioner, was lawfully notified three times of Mr. Flynn's failures to faithfully perform the duties of his Judicial Office inside the Mesa District Civil Courthouse. Yet in defiance of his duties Campbell took no direct viable action to stop Brian Flynn's wrongdoings. The first two times Campbell was notified, he made up the excuse Mr. Flynn was just too busy to do his job. The third time; after Mr. Flynn lied in dismissal orders [Docket 15-3]; Campbell stated he [Judicial Commission] could not change court orders. Mr. Campbell had a duty

---

[5] https://www.gjsentinel.com/news/western_colorado/man-settles-lawsuit-against-chief-judge/article_322d1840-7661-11ec-a2fa-efc0edd46547.html

to correct the reported problems *before* Flynn overtly lied on the Mesa District Civil Court record. [Docket 1-2 at 22-28]

    a. Magistrate Mix was lawfully notified in case 1:20-CV-00742-DDD-KLM of her Judicial Commission co-worker/peer's responsibility to faithfully discharge his duties [Docket 1-2 at 22-28] and correct the wrongdoings of Brian Flynn. Mix did nothing to correct Campbell's wrongdoings and instead used inferior case law and inferior state immunity laws **(Exhibit 10 at 12-13)**; that are inapplicable to judicial department individuals and civil rights violations **(Exhibit 11 at 15-17)**; to support her co-workers and peers breaking Constitutional Law and court due process rules, creating with them the possibility of state liability to Montalbano for such wrongdoings and frauds.

**9.** Ms. Montalbano timely appealed case 18CV50's entered judgment (as Mr. Campbell's Constitutional duties did not in-fact include vacating fake court orders) and lawfully notified Appellate Court Judges: Mr. Matthew Grove, Ms. Diana Terry, and Ms. Christina Gomez of Chief Judge Brian Flynn's wrong doings (Civil Rights Violations) and asked them to correct them pursuant due process of law and their Oath of Office which required them to take action to fix the problem and vacate the knowingly fraudulent orders/judgment. The three judicial officers instead lied case 18CV50's final judgment was not timely appealed (when it was) [Docket 1-2 at 28, No. 77] and illegally dismissed the lawfully appealed judgment 'with prejudice'. Even if the entered final judgment was untimely appealed the three Appellate Judicial Officers could not legally dismiss the appealed case 'with prejudice' as this broke Constitutional Defamation and

Intellectual Property Laws and they perjured themselves pursuant the mandate at United State Constitution, Article VI, Clauses 2 and 3, forbidding them from using inferior state laws to break Constitutional Law. [Docket 1-2 at 28-30]

   a. Magistrate Mix was lawfully notified in Federal case 1:20-CV-00742-DDD-KLM of her appellate court co-workers'/peers' responsibilities to faithfully discharge their duties and correct the wrongdoings of Brian Flynn and of their dereliction in their duties. [Docket 1-2 at 28-30]. Mix did nothing to stop, correct, or report their wrongdoings and instead used inferior case law and inferior state immunity laws **(Exhibit 8 at 14-17; Exhibit 10 at 12-13)**; that are inapplicable to judicial department individuals and civil rights violations **(Exhibit 11 at 15-17)**; to support her co-workers/peers breaking Constitutional Law and court Due Process of Law rules, creating with them the possibility of state liability to Montalbano for such wrongdoings and frauds.

10. During case 18CV50 Ms. Valerie Yanaros (Mr. Goode's Texas based legal counsel) attempted opening four illegal malicious prosecution/SLAPP (Strategic Lawsuits Against Public Participation) criminal stalking lawsuits against Ms. Montalbano with lies in the complaints **(Exhibit 12 - Abuse of Process and Malicious Prosecution Claims: at 3, No 674 E-F; and at 6, No 679 C-D).** Montalbano has a clean record.

   a. **Yanaros** (with prior last named used, Wilde) **and Goode's first malicious prosecution/SLAPP case** was denied by the Broomfield Combined Courts for failure to meet the requirements, June 2018. **(Exhibit 12, No. 673)** They attempted opened this first SLAPP case, because Montalbano was lawfully notifying business

competitor Mr. Goode, since April 2018, via Certified USPS mail, Return Receipt Requested, and Affirmed/Notarized Affidavits of pending litigation against him and et.al. (PLAC - Pre-Litigation Affidavit Complaint) **(Exhibit 2).** Goode and et.al. were notified should they fail to lawfully respond or rebut the stop and desist notifications a lawsuit would be opened against them. **(Exhibit 7, No. 489-503, Copyrights)** Goode or any lawful party on his behalf failed to lawfully respond with affidavits of their own and failed to stop using Montalbano's original Intellectual Property as their own, and instead began the litany of SLAPP lawsuits against Ms. Montalbano for a crime not committed, stalking.

b. **For their second SLAPP criminal stalking lawsuit effort** (July-Aug 2018) they lied on the Broomfield Combined court record, case 18C103, and obtain a fraudulent Temporary Restraining Order (TRO) against Montalbano for alleged stalking. The TRO was vacated and case dismissed in Ms. Montalbano's favor. The subject matter of Goode's stalking complaint was Montalbano's IP delivered by email to Goode and the lawsuit pending against him in the Mesa District Civil Court.**(Exhibit 12,No. 674)**

c. Ms. Yanaros and Mr. Goode tried a **third time,** March 11, 2020, in the Broomfield Combined Courts, case 20C32, for another criminal SLAPP stalking lawsuit. The claim/case was again dismissed in Montalbano's favor. **(Exhibit 12, No. 679)**

d. Mr. Goode and Ms. Yanaros **tried for a fourth** SLAPP criminal stalking claim, March 17, 2020, against Ms. Montalbano in this Denver Federal Court, civil case 1:20-CV-00742-DDD-KLM (only 6 days after their exactly same criminal claim in

Broomfield Combined Courts). Since stalking is a criminal only claim in the state of Colorado, it was amended out of their civil complaint. **(Exhibit 12, No. 681)**

In case 1:20-CV-00742-DDD-KLM, Magistrate Judge Mix, was lawfully notified of her attorney co-worker/peer, Ms. Yanaros' wrong doings and repeat abuse of process and malicious prosecutions **(Exhibit 12 at 13-15)** against Montalbano for a crime Mix and Yanaros both know Montalbano did not commit (stalking) as it was ruled in Broomfield Combined Courts that the disputed IP emails **(Exhibits 1, 2, 6, 7),** Stop and Desist notices **(Exhibit 2),** and Montalbano serving pro se litigant Mr. Goode State Court filed papers, did not constitute stalking. Magistrate Mix was lawfully notified that her peer, Flynn, was also lawfully notified of this problem during case 18CV50 and that he did nothing to stop these abuses [Docket 1-2, Nos. 16, 18, 35, 68-71]; and was lawfully notified of Yanaros' responsibilities to faithfully discharge her duties of 'attorney/lawyer' pursuant Due Process of Law and as further defined in the Colorado Rules of Professional Conduct, Rules 4.5(a) (Threatening Prosecution) and 8.4 (Misconduct), forbidding Yanaros from threating (or implementing) criminal prosecutions solely to gain advantages in civil cases. Magistrate Mix was lawfully notified of these repeat malicious cases and court frauds and of Montalbano's lawful notifications and requests of both Goode and Yanaros to stop these wrongdoings and of Yanaros' repeat failures to do so. Mix, in defiance of her own duties, took no action to stop or correct Goode and Yanaros' wrongdoings, and in dereliction of her duty to uphold Due Process of Law, created the possibility of state liability to Ms. Montalbano.

11. In case 1:20-CV-00742-DDD-KLM, Ms. Montalbano lawfully notified Magistrate Mix, her co-workers/attorney peers, Mr. Valerie Yanaros (Texas based counsel for Goode) and Ms. Elizabeth Lorie (Florida based counsel, allegedly for Goode), were also publicly business partners/associates of Mr. Goode's and thereby direct business competitors of author/artist Montalbano and that Yanaros and Lorie have vested interests in the success or failure of Goode's public business, which is also their business, and a vested interest in the failure of Montalbano's competing legitimate business. [Docket 1-3, Nos. 16-33]

   a. Texas Attorney Ms. Valerie Yanaros' sister, Ms. Teresa Yanaros, was Mr. Goode's (then) marketing manager and YouTube content creator; who regularly promoted Mr. and Mrs. Goode's fake alien news narratives and derivative works based on Montalbano original Intellectual Property stories; to the general public on her YouTube channel. [Docket 1-3, No. 18] **(Exhibit 7 at No. 513)** Teresa Yanaros was also a public speaker at Goode's for profit Eclipse of Disclosure event, where Goode and his co-workers told their fake news and also used Montalbano's original artwork in a public presentation without permission or citing Montalbano as the artist. [Docket 1-3, Nos. 18-21, 39c]

   b. Florida attorney, Ms. Elizabeth Lorie, created a fake ascension course for Mr. Goode (no one ascended) that brought in over $700,000 in sales for herself and Goode. [Docket 1-3, Nos. 24-28 and 61] Further still, Ms. Lorie was also caught lying on and off the Court record in case 1:20-CV-00742-DDD-KLM (See Docket 248, case 1:20-CV-00742) [Docket 1-3, No. 28].

    c. Attorneys, Ms. Valerie Yanaros and Ms. Elizabeth Lorie, both have a proprietary interest in Mr. Goode 's public business and are business competitors of Ms. Montalbano's and both these women have abused the court systems and their attorney offices to defame, harass, and threaten their legitimate business competitor, Alyssa Montalbano (owner Ari Stone Art, LLC) and at least eleven (11) other business competitors of theirs or their immediate family members' businesses, with SLAPP lawsuits. [Docket 1-3, No. 16-33, RICO]

The Colorado Code of Professional Conduct forbids attorneys from representing clients in lawsuits where they have a proprietary interest in the cause of action or subject matter of litigation (RPC 1.8(i) (Conflict of Interest)). Magistrate Mix was lawfully notified in case 1:20-CV-00742-DDD-KLM of these court abuses and of her co-workers'/ attorney peers responsibilities to faithfully discharge their duties and to only use the Courts for legitimate legal matters and not for marketing and promotion of they and their family's public business products or destruction of they or their family's business competitors' reputations and asked Magistrate Mix to correct their wrongdoings [Docket 1-3, No. 16-33, RICO]. Mix did nothing to stop, correct or report their wrongdoings and instead used inferior case laws and state laws to illegally support her co-workers/peers breaking Constitutional Due Process Laws and court rules of professional conduct as outlined in the Colorado Rules of Professional Conduct; creating with them the possibility of state liability to Montalbano for such wrongdoings and frauds.

Because Magistrate Mix has openly and repeatedly failed to correct court abuses and court frauds performed by her co-workers/peers and refuses to correct Constitutional anomalies by herself

and her co-workers, and has also used inferior state laws and rules to break Constitutional Laws, and has broken Constitutional speedy trial rules (Colo. Const., Bill of Rights, Sec. 6) **(Exhibit 13 at 1-21, ACM Motion Lift Stay (filed December 10, 2021); at 22-23, KLM Denial of Motion (March 8, 2022); at 24-27, ACM Objection (March 20, 2022)**, Mix has perjured her Oath of Office and violated the public trust. By her own actions, Mix has demonstrated that she is untrustworthy and will not faithfully perform her duties and that she is biased for her co-workers/peers (Flynn and et. al.) and rich and famous author-artists (Goode, Wilcock and et. al.) and prejudice against low income non-famous author/artist and pro se litigant, Alyssa Montalbano.

**WHEREFORE,** Montalbano respectfully gives Notice of Disqualification to this Court for the aforementioned reasons.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant and Plaintiff

### CERTIFICATE OF SERVICE

I certify that on this 15th day of November 2022 a true copy of the foregoing NOTICE and attached Exhibits were filed via the CM/ECF filing system and the same delivered by paper mail upon the following pro se party:

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432
USPS Certified Mail 7021 0950 0001 5240 1722

And upon Mr. James Corey Goode via his Counsel via the CM/ECF system:

**Valerie Yanaros**
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.co


/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen