IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs and Counter Defendants,

v.

GAIA, INC,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

      Defendants.

ALYSSA MONTALBANO,

      Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

LIGHT WARRIOR LEGAL FUND, LLC,
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION,
VALERIA YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

      Third-Party Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Third-Party Alyssa Montalbano's ("Ms. Montalbano") **Emergency Motion [to] Stay Court Case 18CV50 Pursuant [to] 28 USC 2283 and Consolidate Cases Pursuant [to] FRCP 42(a)** [#322][1] (the "Motion").  Third-Party Defendants Brian James Flynn ("Flynn"), William Campbell, Matthew Grove, Diana Terry, and Christina Gomez filed a Response [#325] in opposition to the Motion [#322], and Ms. Montalbano filed a Reply [#326].  The Motion [#322] has been referred to the undersigned for a Recommendation.  *See* [#323].

By way of background, on January 29, 2020, Judge Flynn, a Third-Party Defendant in the present case, dismissed Ms. Montalbano's complaint in Mesa County District Court Case No. 18CV50.  *See Defs.' Ex. A* [#325-1].  Judge Flynn also awarded attorney fees in the amount of $116,600 against Ms. Montalbano and in favor of James Corey Goode ("Goode"), the plaintiff in 18CV50 (and one of two plaintiffs in the present federal action), pursuant to Colo. Rev. Stat. § 13-17-201 and § 13-17-102(4).  *Id.*; *Defs.' Ex. B* [#325-2].  Ms. Montalbano subsequently filed an appeal.  *See Defs.' Ex. C* [#325-3].

On July 8, 2022, non-party Thomas D. Seaman ("Seaman") filed a Motion to Transfer Interest and Amend Judgment, having purportedly obtained an assignment of Mr. Goode's judgment on behalf of Mr. Seaman's company Alpine Judgment Recovery, and seeking to have his company recognized as the judgment creditor and to obtain authorization to issue interrogatories.  *See Defs.' Ex. D* [#325-4].  Judge Flynn granted Mr. Seaman's motion, *see Defs.' Ex. E* [#325-5], and Ms. Montalbano objected, *see Defs.' Ex. F* [#325-6].  On August 5, 2022, Judge Flynn vacated his prior order and allowed Ms. Montalbano to file a response to Mr. Seaman's motion, although he stated that he "was unaware that [Ms. Montalbano] was intending to file an objection and was unable to see how the request made in the motion could prejudice

---

[1] "[#322]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

her in any way and that she would have any basis under Colorado law to object."  *See Defs.' Ex. G* [#325-7].

The present Motion [#322], filed on August 5, 2022, concerns these post-judgment collections proceedings in 18CV50.  Ms. Montalbano seeks "emergency consolidation" of this case with 18CV50 under Fed R. Civ. P. 42(a) because both cases purportedly involve common issues of fact and some of the same parties, i.e., Judge Flynn, Mr. Goode, and herself.  She asserts that failure to consolidate the cases will result in harm to her.  In addition, she asks for emergency injunctive relief to stay 18CV50 under 28 U.S.C. § 2283.

The Motion [#322] was fully briefed as of August 19, 2022.  *See Reply* [#326]. Subsequently, on August 26, 2022, Ms. Montalbano removed 18CV50 to the United States District Court for the District of Colorado, which was assoigned civil action number 22-cv-02224 and originally randomly assigned to the undersigned before its reassignment to a District Judge. Ultimately, the District Judge remanded the case back to Mesa County District Court and closed 22-cv-02224-CNS.

## A.     Consolidation of No. 20-cv-00742-DDD-KLM with 18CV50

In part, Fed. R. Civ. P. 42(a)(2) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the action."  However, a state court action is not "before the court" here in federal court.  The Court is aware of no legal authority holding to the contrary.  Rather, decisions on this issue have uniformly held that a state court case may not be directly consolidated with a federal court case.  *See, e.g.*, *Lett v. City of Rio Rancho*, No. 21-cv-476 WJ/JFR, 2021 WL 3772216, at *1 (D.N.M. Aug. 25, 2021) (holding that a "state court case cannot be consolidated with this federal case under Rule 42, based on the very plain language of the rule"); *Fedynich v. Inn Between of Longmont*, No. 17-cv-1952-WJM-STV, 2018 WL 2065371, at *4 (D. Colo. May 3, 2018) ("Plaintiffs cite to no authority—and this Court is aware of none—that allows for the 'joinder' of state and federal cases.").  In short, Fed. R. Civ. P. 42 does not permit consolidation of this case with 18CV50 even were the Court to find, as Ms.

Montalbano argues, that both cases involve common parties and facts and that failure to consolidate will harm her.

Accordingly, the Court **recommends** that the Motion [#322] be **denied in part** to the extent Ms. Montalbano asks for consolidation of this federal case with state court case 18CV50.

**B.      Stay of 18CV50**

28 U.S.C. § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The exceptions to this statute "are narrow and are not to be loosely construed."  *Tooele Cnty. v. United States*, 820 F.3d 1183, 1188 (10th Cir. 2016) (citing *Smith v. Bayer Corp.*, 564 U.S. 299, 306-07 (2011)). Thus, "courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue."  *Id.*

First, the Court is aware of no Act of Congress expressly authorizing this Court to issue an injunction staying 18CV50.  In the Motion [#322], Ms. Montalbano mentions the Colorado Constitution, the United States Constitution, 28 U.S.C. §§ 2283 and 1331, and 42 U.S.C. § 1983 as "formally enacted legislation" which would "convey authorization by Congress for granting the stay of" 18CV50.  However, neither the Colorado Constitution nor the United States Constitution is an Act of Congress.  28 U.S.C. § 2283 itself does not give the Court authority to grant an injunction absent applicability of one of the three expressly authorized exceptions to the statute being discussed throughout this section.  28 U.S.C. § 1331 confers federal question jurisdiction on the federal courts but nowhere expressly authorizes a federal court to issue an injunction to stay a state court case.  42 U.S.C. § 1983 creates a damages remedy for violations of civil rights by state officials, but, again, nowhere expressly authorizes a federal court to issue an injunction to stay a state court case.  Thus, Plaintiff's request does not meet the first exception to 28 U.S.C. § 2283.

Second, the "where necessary in aid of its jurisdiction" exception is only applicable when two conditions are met: (1) "both the federal and state suits constitute in rem or quasi in rem proceedings," and (2) "the federal court was the first to take possession of the res (the property under dispute in the federal and state actions)."  *Tooele Cnty.*, 802 F.3d at 1188 (citing *Mandeville v. Canterbury*, 318 U.S. 47, 48-49 (1943) (per curiam)).  "[I]n rem proceedings affect the interests of all persons in a property," whereas a quasi in rem action "affects the interests of only some persons in the property."  *Id.* (internal citation omitted).  Here, neither action is in rem or quasi in rem, as both cases are in personam actions based on common law and statutory torts and civil rights statutes.  Thus, Plaintiff's request does not meet the second exception to 28 U.S.C. § 2283.

The third and final exception is applicable only where the federal court needs "to protect or effectuate its judgments."  28 U.S.C. § 2283.  This exception only "authorizes injunctions against state adjudication of issues that 'actually have been decided by the federal court.'"  *Weyerhauser Co. v. Wyatt*, 505 F.3d 1104, 1110 (10th Cir. 2007) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 148 (1988)).  Here, the exception does not apply because there is no qualifying judgment, i.e., this Court has not issued any judgments regarding Ms. Montalbano's claims in this federal lawsuit.  *See, e.g.*, *Allstate Ins. Co. v. El Burrito Wagon, Inc.*, No. Civ 98-791 LH/JHG, 1999 WL 35809515, at *1 (D.N.M. Jun 30, 1999) (citing 17 James Wm. Moore, MOORE'S FEDERAL PRACTICE, § 121.08[1] (noting that this exception is applicable only to fully adjudicated or actually decided judgments)).  Thus, Plaintiff's request does not meet the third exception to 28 U.S.C. § 2283.

Accordingly, the Court **recommends** that the Motion [#322] be **denied in part** to the extent Ms. Montalbano asks this Court to stay state court case 18CV50.

## C.    Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#322] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 6, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge