IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02224-KLM

THOMAS D. SEAMAN, individually, and JAMES COREY GOODE, individually,

            Plaintiffs,

v.

ALYSSA CHRYSTIE MONTALBANO,

            Defendant.

---

**MOTION TO REMAND AND BRIEF IN SUPPORT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Party James Corey Goode (mistakenly referred to as "Plaintiff" in this civil action no. 1:22-cv-02224 [the "Current Action"] but was actually *defendant* in the underlying action), and submits the following motion and brief in support of its Opposed Motion for Remand under 28 U.S.C. 1447(c), and would respectfully show the Court as follows:

This case must be remanded for several reasons:

*First*, the Notice of Removal (the "Notice") is untimely because the original case underlying this case (18-CV-50, the "Underlying Action") and thus, this case, is closed;

*Second*, Ms. Montalbano, the party who removed the instant case, is not a defendant as anticipated by the statute, but was the plaintiff (and, as stated above, this case is closed);

1

*Third*, the document upon which Ms. Montalbano's Notice of Removal (Docket 1, the "Notice") is premised is not a complaint upon which a court may determine jurisdiction—it's a motion to transfer a judgment rendered years ago, after final disposition of the case;

*Fourth*, Ms. Montalbano herself has acknowledged herself that this case belongs in state court when it was removed by the proper defendant (Mr. Goode) years ago, and

*Fifth*, this Court has already determined that this case belongs in state court in the above-referenced prior instance of removal in civil action no. 1:18-cv-02060-RM-GPG (the "Removed Case").

## ARGUMENTS AND AUTHORITIES

A **defendant** may remove a state civil action to federal court if the federal district court has subject matter jurisdiction. (28 U.S.C. § 1441 (*emphasis added*)). A federal court has subject matter jurisdiction over cases in which there is complete diversity of citizenship, that is the civil action is "between citizens of different States[,]" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking removal, has the burden of proving that federal jurisdiction is proper. *Plog v. Colorado Assoc. of Soil Conservation Dists*., 841 F. Supp. 350, 352 (D. Colo. 1993). There is a presumption against removal jurisdiction, *Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995). The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant…initial pleading** setting forth the claim for relief upon **which such action or proceeding is based**, **or within 30 days after the service of summons upon the defendant** if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (28 U.S.C. § 1446(b)(1) (emphasis added)).

Ms. Montalbano has not rebutted the presumption against federal jurisdiction and may not for the reasons discussed below.

***First and Second, The Underlying Action is Closed and Ms. Montalbano is not a Defendant***

The Underlying Case was dismissed at the appellate level in November of 2020, finally disposing of this case. (Exhibit A). Ms. Montalbano filed a motion to reconsider, which was denied. (Exhibit B). Thus, the order by Judge Flynn granting Mr. Goode's Motion to Dismiss the Underlying Action (the "Motion to Dismiss") and Motion for Attorney's Fees (the "Fees Motion") was a final disposition and ripe for enforcement. Subsequently, Mr. Thomas Seaman moved the court to transfer the judgment granted in the Fees Motion to his business Alpine Judgment Recovery for enforcement (Docket 1-5, the "Transfer Motion") which mistakenly listed Mr. Goode as plaintiff and Ms. Montalbano as defendant. It goes without saying that the Notice is well outside of thirty days of any of the initiating documents or service thereof.

Because this case was finally disposed of and Ms. Montalbano is not, and was never, a "defendant" as anticipated by 28 U.S.C. § 1441, removal was improper and this case must be remanded in order for the enforcement of the final judgment to proceed through disposition.

***Third, Ms. Montalbano has Premised her Removal on the Transfer Motion Which is Not an Initiating Document or Complaint***

Ms. Montalbano premised her Notice on the "Motion to Transfer Interest and Amend Judgment" as filed in State Court. (Docket 8 at 2). This is not a "complaint" as anticipated by 28 U.S.C. § 1446(b)(1). Thus, this is an additional ground for remand.

***Fourth and Fifth, Ms. Montalbano has admitted, and this Court has determined, that this case belongs in state court***

This issue has already been litigated. Ms. Montalbano herself claimed this case belonged in state court and Judge Raymond Moore determined as much. (Exhibits D and E). As such, these additional grounds demand remand to state court.

3

## CONCLUSION

Accordingly, Mr. Goode respectfully requests this Court remand the instant action to state court for enforcement of the Judgment.

DATED at Dallas, Texas this 26th day of September 2022

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on September 26th, 2022.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

4

## **CERTIFICATE OF CONFERENCE**

The below signed certifies that undersigned counsel conferred with Ms. Montalbano on September 26th, 2022 and she is opposed.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

Case No. 1:22-cv-00274-DDD-KAS Document 15 Filed 09/26/22 USDC Colorado Page 5 of 5

5