IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02224-KLM

THOMAS D. SEAMAN, individually, and
JAMES COREY GOODE, individually,

    Plaintiffs,

v.

ALYSSA CHRYSTIE MONTALBANO,

    Defendant.

_____

**ORDER TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court sua sponte. Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." On August 26, 2022, Defendant Alyssa Montalbano, who proceeds as a pro se litigant,[1] removed Case Number 18CV50 from Mesa County District Court and it was assigned the civil action number above. *Notice of Removal* [#1].

---

[1] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

-1-

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Pursuant to 28 U.S.C. § 1446(b)(3), ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Here, Defendant points to the Motion to Transfer Interest and Amend Judgment [#1-5] filed by Plaintiffs on July 8, 2022, in the underlying state court case and to orders issued by the state court judge on August 5, 2022, *see* [#1-7], [#8-1] at 2, as the documents from which it first became ascertainable that the case was removable. *Response to Administrative Notice at Docket 2* [#8] at 2.

Here, the Notice of Removal [#1] was filed on August 26, 2022. Thus, even assuming that the Notice of Removal was procedurally proper, removal based on Plaintiffs' July 8, 2022 Motion to Transfer Interest and Amend Judgment is untimely because more than thirty days elapsed between July 8 and August 26. Further, Defendant does not point to what specific factual information was provided in the state court judge's orders which alerted her that the case was removable, and none is obvious, at least, from the Court's review.

"The party seeking removal has the burden of showing the propriety of removal." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996). Courts exercise a "presumption against removal" and "strictly construe removal statutes and procedural

-2-

requirements." *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1250, 1251 (D. Colo. 2008). Following this construction, "all doubts are resolved in favor of remand." *Cellport Sys. v. Peiker Acustic GmbH & Co. KG*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004). Here, it appears that this case must be remanded on the basis of untimeliness.

In addition, "it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding." *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Because federal courts are courts of limited jurisdiction, there is a presumption against its existence. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A federal district court may therefore raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (stating the issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings).

There are two statutory bases for federal subject-matter jurisdiction: federal question

-3-

jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. A party properly invokes diversity jurisdiction pursuant to § 1332 by presenting a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Allegations of diversity jurisdiction must be pled affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Here, Defendant does not appear to have provided any information regarding diversity jurisdiction, and the Civil Cover Sheet [#1-1] she filed states that the basis of jurisdiction is "Federal Question." *See also Notice of Removal* [#1] at 8 (stating that the Court has federal jurisdiction pursuant to 28 U.S.C. § 1331). Thus, because Defendant has not asserted or demonstrated that the Court has diversity jurisdiction over this action, she must satisfy the federal question jurisdiction statute, 28 U.S.C. § 1331.

"Federal-question jurisdiction exists for all claims arising under the Constitution, laws, or treaties of the United States." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quotations and citation omitted). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.*

Here, Defendant pleads federal question jurisdiction essentially by stating that her case is related to a pending federal case, No. 20-cv-00742-DDD-KLM, and, it appears, that her federal rights were violated by the state court proceedings. *See, e.g.*, *Notice of Removal* [#1] at 8. Neither of these assertions is adequate to show that the Court has federal question jurisdiction over the state court case. Rather, Defendant must show that there is a pending federal claim asserted in the underlying action, and she has not done so.

Because neither the requirements for federal question jurisdiction (28 U.S.C. § 1331) nor diversity jurisdiction (28 U.S.C. § 1332) appear to be met, the Court concludes that it may lack subject matter jurisdiction over this lawsuit. Accordingly,

IT IS HEREBY **ORDERED** that the Defendant Montalbano shall show cause, in a writing filed with the Court on or before **October 20, 2022**, as to why the Court should not **recommend** that this matter be remanded to Mesa County District Court based on the untimeliness of removal and the lack of subject matter jurisdiction. *See, e.g.*, *Krueger v. Kissinger*, 37 F. Supp. 3d 1200, 1206 (D. Colo. 2014) (stating that failure to follow the provisions of 28 U.S.C. § 1446 results in a remand of the case to state court). Plaintiffs may respond within seven days of the filing of Defendant Montalbano's pleading. No reply will be permitted.

Dated: October 7, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

-5-