# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No:**

**Thomas D. Seaman, Individually**
**James Corey Goode, Individually**

**Plaintiffs,**

**v.**

**Alyssa Chrystie Montalbano, Individually**

**Defendant**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) and (c); and 1446; Defendant Alyssa Chrystie Montalbano, pro se litigant on her own behalf, hereby gives Notice of Removal of Mesa District Civil State Court case 18CV50, to Denver Federal Court, and as grounds for removal states as follows:

1. Case 18CV50 was originally filed by Plaintiff, Ms. Alyssa Chrystie Montalbano, June 25, 2018, in Mesa District Civil Court, Mesa County, Colorado, seeking Injunctive Relief from summoned original Defendant and public figure Mr. James Corey Goode and his public defamation and harassment acts and seeking Declaratory Relief for Montalbano's Trade Secret Intellectual Property to be legally declared Montalbano's that was prior delivered to public figure Defendant Mr. Goode, by mistake and error due to belief in his public alien, donation, ascension, and dream teaching frauds.

2. Case 18CV50, was not originally removable to Federal Court based on Montalbano's original complaint.

3. Mr. Thomas D. Seaman was not a Plaintiff or Defendant to the original claims filed by Ms. Alyssa Chrystie Montalbano, June 25, 2018, Mesa District Civil Court, Case 18CV50.

4. Chief Judge Brian James Flynn was assigned to case 18CV50 and was not a Plaintiff or Defendant to Montalbano's Complaint claims.

5. June 25, 2018 through August 5, 2020 Chief Judge Flynn barely interacted with case 18CV50, denied Montalbano her Constitutional Rights on two overt occasions **(State Court Ex. CW at 11, No. 24)**, denied Montalbano her Constitutional Right to trial by jury for Defamation (Colo. Const. Bill of Rights, Sec. 10; and see Montalbano's State Court Jury Demand filed June 10, 2019), then lied in the January 29, 2020 dismissal order that no defamation was shown **(State Court Ex. CW at 1-13)** and that Montalbano's Intellectual Property did not exist because it was referred to as "Dream Visions" **(State Court Ex. CW at 13-22)** and unlawfully dismissed case 18CV50 in favor of public figure white male defendant, Mr. Goode and licensed peers Ms. Valerie Yanaros and Ms. Elisabeth Lorie, and entered unlawful Judgment ($116,600) August 5, 2020 against Ms. Montalbano completely devoid of due process of law and exactly opposite all facts and evidence filed in case 18CV50 and exactly opposite the Constitutional Laws he is oath sworn and duty bound to uphold and protect.

**(State Court Ex. CW – Deprivation Rights, Denver Federal Court Claim)**

6. Mr. Goode and his Texas based counsel, Ms. Valerie Yanaros, opened case 1:20-CV-00742-DDD-KLM in Colorado, Denver Federal Court, March 17, 2020, and summoned Ms. Montalbano and others as Defendants.

7. Montalbano appeared in case 1:20-CV-00742-DDD-KLM and filed counterclaims December 22, 2020 and summoned Chief Judge Brian James Flynn in his personal capacity for Deprivation Civil Rights all during case 18CV50 and to officially vacate the fraud January 29, 2020 dismissal orders and August 5, 2020 judgment ($116,600). The superseding Federal Court Deprivation Civil Rights claim involves the State Court judgment amount of $116,600. **(State Court Ex. CW)**

8. Montalbano also summed Ms. Valerie Yanaros (Mr. Goode's Texas based counsel) into the Denver Federal case 1:20-CV-00742-DDD-KLM for Abuse of Process and Malicious Prosecutions occurred outside of case 18CV50, to also include abuse of the Colorado, Broomfield Combined Courts, via cases 18C103 and 20C32. The superseding Federal Court abuse of process and malicious prosecution claims involves the state court judgment amount of $116,600. **(State Court Ex. CY at 4-10, Extortion)**

9. Montalbano also filed pending amended RICO claim against Ms. Valerie Yanaros and et. al. in Denver Federal Case 1:20-CV-00742-DDD-KLM for conspiring with Mr. Goode via abusing the Colorado Courts and her office of public trust to promote her sister's (Teresa Yanaros') then business associate Mr. Goode and his fraud business products and fake criminal news stories. The superseding Federal Court RICO claim involves the state court judgment amount of $116,600. **(State Court Ex. CY at 27)**

10. Montalbano also filed a pending Defamation claim in Case 1:20-CV-00742-DDD-KLM, against Mr. Goode **(State Court Ex. DA)**, that was Recommended to proceed by Federal Court Magistrate Judge Mix against Mr. Goode **(State Court Ex. CZ)**, and whereby the defamation facts shown in Federal Court are the same defamation facts Mr. Flynn saw and lied in case 18CV50 dismissal orders was not shown. **(State Court Ex. CW at 5-6, No. 14-15)** The superseding Federal Court defamation claim involves the state court judgment amount of $116,600.

11. Mr. Goode and his alleged legal counsels, Ms. Valerie Yanaros and Ms. Elizabeth Lorie, did not pursue the State Court case 18CV50 judgment monies August 5, 2020 through July 7, 2022.

12. Since case 18CV50 entry of judgment (August 5, 2020), Judge Timbreza took over Division 10 and thereby case 18CV50 from Chief Judge Brian James Flynn in the Mesa District Civil Court.

13. On June 9, 2022, Judge Timbreza was placed on paid suspension by the Colorado Commission on Judicial Discipline (for reasons not publicly disclosed), and thereby other Officers of the Mesa State Court including 'Judge' Brian James Flynn, may enter orders in case 18CV50 during Judge Timbreza's absence.

14. Chief Judge Brian James Flynn has been entering orders in case 18CV50 during Judge Timbreza's paid suspension.

15. On July 8, 2022, Mr. Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY ("AJR"), entered case 18CV50 as a pro se litigant Plaintiff and filed his Complaint styled as a motion titled "Motion to Transfer Interest and Amend Judgment" to transfer the judgment to himself and collect on the fraudulent $116,600 judgment monies and requested entry into pattern interrogatory discovery against Defendant Ms. Montalbano.

16. On July 20, 2022, 'Judge' Flynn, immediately granted Mr. Seaman's Complaint/Motion to transfer interest and enter discovery pattern interrogatories (only 12 days after being filed and) prior the 21 day response time.

17. On July 22, 2022, Montalbano timely Responded/Objected to Mr. Seaman's Complaint/Motion. **(State Court Objection Complaint/Motion and Ex. CW – DA)**

18. On July 27, 2022, Montalbano timely Objected to 'Judge' Flynn's' July 20, 2022 order prematurely granting Mr. Seaman's Complaint/Motion.
**(State Court Objection July 20, 2022 Order)**

19. On July 27, 2022, Plaintiff Mr. Thomas D. Seaman served Defendant Ms. Alyssa Chrystie Montalbano the first set of pattern Interrogatories and at No. 13 in the Interrogatories referred to his Motion/Interrogatory papers as "AJR's Complaint".
**(State Court POS Interrogatories, entered August 8, 2022)**

20. According to Mr. Seaman's July 8, 2022 Complaint/Motion and Interrogatories:

a. On July 8, 2022 Mr. Seaman entered case 18CV50 as a Plaintiff and filed his Complaint claim, styled as "Motion to Transfer Interest and Amend Judgment".

b. Mr. Thomas D. Seaman is an individual dba ALPINE JUDGMENT RECOVERY and is a resident of Colorado with a certified legal agreement with Mr. James Corey Goode to make Mr. Seaman a party to the judgment monies and thereby case 18CV50 matters. **(State Court Seaman Complaint)**

c. All events alleged in Mr. Seaman's complaint/Motion occurred in the state of Colorado.

21. Mr. Seaman's Complaint/Motion claims **(State Court Complaint, filed July 8, 2022)** are based on the same set of facts pending to be heard in the Denver Federal Court against Mr. Goode **(State Court Ex. CZ and DA)** Mr. Flynn **(State Court Ex. CW),** and et. al. in case 1:20-CV-00742-DDD-KLM.

22. From the following processes Montalbano was able to reasonably ascertain case 18CV50 was removable:

**1)** Mr. Seaman, filed a Motion July 8, 2022 as a new Plaintiff in case 18CV50 seeking to collect on the $116,600 in dispute in Denver Federal Court case 1:20-CV-00742-DDD-KLM;

**2)** Mr. Seaman process served Interrogatories July 27, 2022 and referred to his Motion/Interrogatories as "AJRs Complaint";

**3)** 'Judge' Flynn entered orders July 20, 2022 and then August 5, 2022 resetting the twenty-one (21) day response time to Mr. Seaman's Motion/Complaint.

23. On August 5, 2022, Mr. Flynn vacated his July 20, 2022 order and granted Montalbano twenty-one (21) days from the date of the new order to respond to Mr. Seaman's July 8, 2022 Complaint/Motion, making the new Complaint/Motion response due date August 26, 2022 and new 30 day removal date, September 5, 2022.

    **(State Court August 5, 2022 Order)**

24. Removal of case 18CV50 to Denver Federal Court has been timely performed pursuant 28 USC 1446, within 30 days of a process **(State Court POS Interrogatories)**, pleading **(State Court July 8, 2022 Complaint),** or order **(State Court August 5, 2022 Order)** served upon Defendant Alyssa Chrystie Montalbano, that made it known case 18CV50 is removable.

25. On August 3, 2022, Montalbano motioned in Denver Federal Court case 1:20-CV-00742-DDD-KLM to have Mr. Thomas D. Seaman be joined pursuant FRCP 19, to the pending federal case and claims. The motion remains pending.
    **(State Court Ex. DB, filed August 25, 2022)**

26. On August 5, 2022, Montalbano Emergency Motioned in Denver Federal Court case 1:20-CV-00742-DDD-KLM to stay and/or consolidate case 18CV50 with the federal case pursuant FRCP 42(a). The motion remains pending.
    **(State Court Ex. DC, filed August 25, 2022)**

27. On August 25, 2022, in Mesa District Civil Court case 18CV50, Montalbano filed a Second Motion to Recuse Officer Brian James Flynn from case 18CV50, a Motion to Dismiss Thomas D. Seaman's Complaint/Motion claims, and a renewed Objection to Mr. Seaman's Motion/Complaint. **(State Court Motion Recuse, MTD, and Objection)**

28. Mr. Seaman's $116,600 state court judgment complaint claim exceed $75,000 and the Federal Court has original jurisdiction of such matters pursuant 28 USC 1332.

29. Mr. Seaman's $116,600 State Court judgment complaint claim is part of the pending Denver Federal Court case 1:20-CV-00742-DDD-KLM monies Montalbano is claiming must be vacated for fraud on the court by Mr. Flynn and et. al. and/or be awarded to Montalbano. **(State Court Ex. CW)**

30. Case 18CV50 has been a clearly Constitutional matter in lawful dispute notably since December 22, 2020 in Denver Federal Court case 1:20-CV-00742-DDD-KLM, thereby making case 18CV50 removable pursuant 28 USC 1441(a) and (c), as the $116,600 judgment amount is part of pending federal claims arising under Constitutional Law filed by Ms. Montalbano against Chief Judge Brian James Flynn for Deprivation of Rights under 42 USC 1983, asserting violations of her Civil Rights under Colorado Constitution, Bill of Rights, Sections 3, 6, 10, 23, 25, and 28; and U.S. Constitution, Article I, Section 8 Clause 8. **(State Court Ex. CW at 1)**

31. As such, federal jurisdiction of the matter is conferred by 28 USC 1331 and 42 USC 1983 and 1988; and the Federal Court has original jurisdiction of all actions involving Constitutional matters pursuant 18 USC 1331.

32. Venue is proper in this district under 28 USC 1441(a) and (c), because the District of Colorado embraces Mesa County, Colorado, the place where Mr. Seaman's Complaint is filed and Mr. Thomas D. Seaman must be joined to the Federal action, case 1:20-CV-00742-DDD-KLM, as his judgment claims arise under the same matters pending to proceed before the Denver Federal Court involving Constitutional Law via Ms. Montalbano's Federal Court Deprivation Rights claim **(State Court Ex. CW)** and defamation claim **(State Court Exhibit DA – Defamation; and State Court Ex. CZ – Federal Magistrate Recommendation Defamation proceed)**.

33. Montalbano has made jury demands in case 18CV50, June 10, 2019, and in Denver Federal case 1:20-CV-00742-DDD-KLM, December 22, 2020, and need not refile or remake jury demands pursuant FRCP 81(c)(3).

34. Ms. Montalbano is the only Defendant to Mr. Seaman's Complaint claims, thereby conferral and consent of other Defendants prior removal is not required.

35. Mr. Seaman has filed his claim with Mr. Goode for the $116,600 judgment amount in the wrong court (Mesa State Court) and in the wrong case (18CV50); as the amount in controversy exceeds $75,000 and is part of the superseding Denver Federal Lawsuit (1:20-CV-00742-DDD-KLM) involving Constitutional Civil Rights violations.

36. Removed case 18CV50, will be motioned to be joined/consolidated with pending Denver Federal Court case 1:20-CV-00742-DDD-KLM upon completion of removal.

37. Pursuant to 28 USC 1446(d), a copy of the Notice of Removal will be promptly given to all adverse parties and copy of the Notice of Removal will be filed with the Clerk of the Mesa District Civil Court, Mesa County, State of Colorado.

Respectfully Submitted and All

Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

American Citizen, Defendant

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of August 2022 a true copy of the foregoing Notice of Removal was filed with the clerk of the Federal Court using the CM/ECF system and paper copies served upon pro se litigants:

**Mr. James Corey Goode**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020
USPS Certified Mail 7021 0950 0000 5249 9126

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432
USPS Certified Mail 7021 0950 0001 5240 2989

**/s/ Alyssa Montalbano**

Alyssa Montalbano, American Citizen