| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>JAN 03 2023<br><br>COMBINED COURT<br>BY LITIGANT<br>▲ COURT USE ONLY ▲ |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br>Defendant(s)/Respondent(s): James Corey Goode<br>-----<br>Plaintiff(s)/Petitioner(s): Thomas D. Seaman, James Corey Goode<br>v.<br>Defendant(s)/Respondent(s): Alyssa Chrystie Montalbano | |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number: N/A    Atty. Reg. #: N/A | Division 5    Courtroom |
| **PLAINTIFF/DEFENDANT ALYSSA MONTALBANO<br>MOTION TO QUASH (Colo.R.Civ.P. 45(c))**<br>THOMAS D SEAMAN DBA AJR 'SECOND SET OF INTERROGATORIES'<br>FOR FRAUD ON THE COURT<br>Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24, 25, and 28;<br>Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Art. VI, Cl. 2 and 3, and Art. VII; and<br>FDCPA §807 and §809 (CRS 5-16-107 and 109) | |

Comes now, Plaintiff, Defendant, American Citizen, and pro se litigant Alyssa Chrystie Montalbano, and files this **MOTION TO QUASH**, Thomas D. Seaman doing business as ("dba") ALPINE JUDGMENT RECOVERY's ("AJR") Interrogatories: "PLAINTIFF THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO" as served on December 20, 2022 for fraud on the court that corrupted the judicial machinery itself, pursuant Colorado Constitution, Bill of Rights, Sections 1, 3, 6, 10, 23, 24, 25, and 28; Colorado Constitution, Article XII, Sections 8 and 10; and

MOTION TO QUASH — Page 1 of 9

United States Constitution, Articles VI and VII; and Fair Debt Collection Practices Act §807 and §809 (CRS 5-16-107 and 109); and Colo.R.Civ.P. 45(c); and states as follows:

## I.   RELEVANT PROCEDURAL BACKGROUND & CONSTITUTIONAL LAW, SHOWING FRAUD ON THE COURT

1. Montalbano incorporates by reference "PLAINTIFF/DEFENDANT ALYSSA MONTALBANO **OBJECTION** JEREMY CHAFFIN 12/15/2022 ORDERS **AND DISQUALIFICATION** AS JUDGE FOR **FRAUD ON THE COURT** Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24 and 25;   Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Sec 6, Cl. 2 and 3; Colo.R.Civ.P. 97 and Colorado Code of Judicial Conduct 2.11" filed December 29, 2022, and it is incorporated fully herein.

2. Montalbano incorporates by reference "PLAINTIFF/DEFENDANT ALYSSA MONTALBANO **NOTICE OF DISQUALIFICATION** OF JEREMY L. CHAFFIN AS JUDGE FOR PERJURY AND **FRAUD ON THE COURT** Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24 and 25; Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Sec 6, Cl. 2 and 3; Colo.R.Civ.P. 97 and Colorado Code of Judicial Conduct 2.11" [1] filed December 29, 2022, and it is incorporated fully herein.

3. Montalbano incorporates by reference the "**Motion to Recuse** Jeremy L. Chaffin.." filed December 29, 2022, and it is incorporated fully herein.

---

[1] The Objection and Notice of Disqualification are essentially the same, but had to be filed as separate documents for legal purposes.

MOTION TO QUASH                                                                                                        Page **2** of **9**

4. Montalbano incorporates by reference, **Exhibit CW**, filed July 22, 2022, of the pending Deprivation of Rights Federal Claim against Chief Judge Brian James Flynn and it is incorporated herein.

5. Pursuant the aforementioned and incorporated documents, this Court's Officers are required by Constitutional Law and their Oath of Office thereto, to QUASH Mr. Seaman/AJR's Interrogatories request and to vacate [quash] the void Dismissal orders filed January 29, 2020 and vacate [quash] the void Judgment entered August 5, 2020, for fraud on the Court.

## II. ARGUMENTS IN SUPPORT OF QUASHING

6. A Motion to Quash may be filed within fourteen (14) days of service of a subpoena (December 20, 2022 Second Set of Interrogatories (complaint)) and is hereby timely filed.

7. A Motion to Quash may be filed asking the Court to nullify previous court rulings, based on (1) mistake in rulings being performed or (2) a subpoena (interrogatories) having been issued in a manner that is illegal or improper.

### UNLAWFUL RULINGS

8. Pursuant the incorporated documents, Constitutional Law, and facts, The January 29, 2020 'dismissal order' and August 5, 2020 'judgment' are unlawful rulings as they were made devoid of a trial by jury, which is required by Constitutional Law (Colo. Const., Bill of Rights, Section 10 and 23; and United States Constitution, Article VII) and pursuant Chief Judge Brian James Flynn's Oath of Office (Exhibit BA, filed February 12, 2020) before any

rulings could be entered pursuant due process of law. Flynn's rulings were erroneous as he broke Constitutional Law instead of upholding it (perjury) and thereby corrupted the judicial machinery itself and Flynn's fraud on the court vitiated this case's entire proceedings. This motion to QUASH is further timely filed as there is no statute of limitations for correcting fraud on the court problems.

9. Montalbano has shown (via the incorporated documents, laws and facts) that Chief Judge Brian James Flynn corrupted the judicial machinery itself in this Mesa District Civil Court turning it into a kangaroo court, within this instant case, by erroneously thinking he had powers to lie while under Oath and to break Constitutional Laws in Court, rather than tell the truth the uphold Constitutional Laws in this Court and case:

    a. Brian Flynn broke **Colorado Constitution, Bill of Rights, Section 10,** January 29, 2020, when he lied no defamation was shown and maliciously refused to take Montalbano's defamation claim to the jury and perjured his Oath of Office. The jury was given jurisdiction and powers over Montalbano's claim, not a judge (Flynn). Flynn was not empowered to make himself a party to the case litigating for a celebrity (Goode) from behind the bench by telling lies under color of office and color of law, he was to fairly administer the course of justice through trial and through a jury verdict prior to entry of any judgment, and he did not (perjury).

    b. Brian Flynn broke **United States Constitution, Article 1, Section 8, Clause 8,** January 29, 2020, by lying Montalbano's Intellectual Property did not exist and maliciously refused to take Montalbano's valid civil Intellectual Property claim; with

at least seventy thousand dollars ($70,000) in lawful dispute; to the jury and perjured his Oath of Office.

    c. In breaking the aforementioned Laws, Brian Flynn also broke **Colorado Constitution, Bill of Rights, Section 24**, where he maliciously and illegally took away Montalbano's inalienable right to petition those in power (the jury) for redress of grievances (defamation and theft of Intellectual Property) and also broke **Colorado Constitution, Bill of Rights, Section 25,** requiring Judge's to follow due process of law in this Court of Law. Pursuant Judge Flynn's Oath of Office he was to fairly administer the course of justice through discovery and trial and through a jury verdict prior to entry of any judgment, and he did not (perjury).

10. In violating the aforementioned Constitutional Laws, **Flynn also broke Colorado Constitution, Bill of Rights, Section 28** and disparaged Montalbano's Constitutional Rights, by overtly denying them twice in this court and then illegally seeking to enforce his January 29, 2020 lies told under Oath as if they are law, when they are not (perjury).

11. Montalbano has shown (via the incorporated documents, laws and facts) that Chief Judge Brian James Flynn corrupted the judicial machinery itself in Mesa District Civil Court, by breaking **Colorado Constitution, Bill of Rights, Section 23;** and **United States Constitution, Article VII,** by failing to take all of Montalbano's civil claims to the jury pursuant his sworn Oath of Office to do so (perjury).

12. Flynn did not have powers or jurisdiction to enter a judgment devoid of the jury verdict pursuant his Oath of Office to Colorado Constitution, Bill of Rights, Section 10 and 23; and

United States Constitution, Article VII. (*Scheuer v. Rhodes,* 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)) Flynn's fraud on the Court vitiated the entire proceedings of this instant case and an order to QUASH Flynn's fraudulent rulings is legally and lawfully appropriate. (*McLean v. Jephson,* 123 N.Y. 142, 25 N.E. 409)

## ILLEGAL ISSUING OF INTERROGATORIES / SUBPOENA

13. Pursuant Judge Chaffin's own Oath of Office and any other Judicial Officer attempting to preside over this instant case, all are bound by their sworn Oath of Office to uphold Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article 1, Section 8, Clause 8; and Article VII, and by law and by Oath, all Officers of this Court must QUASH Mr. Seaman/AJR's Interrogatories for being unlawfully served upon Montalbano completely devoid of due process of law, as the jury has never entered a verdict in case 18CV50 and a jury verdict is required pursuant due process of law for the lawful rendering of any judgment for collection.

14. Mr. Thomas D. Seaman dba AJR, have provided Montalbano with false and misleading representation that they are authorized by the 'State' to collect money from Montalbano when Constitutional Laws and Court rules have been severely broken in this Court and case (and Mr. Seaman/AJR know this), and are in violation of FDCPA §807 as they have failed to provide a copy of the jury verdict pursuant Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VII, to lawfully show they have 'State' authority pursuant due process of law.

15. Mr. Thomas D. Seaman dba AJR, has failed to provide Montalbano with any validation that any lawful debt exists against Montalbano for collection, pursuant FDCPA §809 (CRS 5-16-109).

16. Montalbano has timely disputed on this court record that any lawful judgment debt exists for collection (See **Document 1** filed with Answers and Counterclaims, filed same date this motion), and Montalbano is in process of serving **Document 1** upon Thomas D. Seaman/AJR since December 26, 2022 **(Exhibit DD, filed with Answers and Counterclaims)**, for response requiring them to produce a copy of the jury verdict within thirty (30) days of receipt of the written request to verify a lawful judgment debt exists for collection, pursuant Colorado Fair Debt Collection Practices Act, CRS 5-16-107 and 109 (FDCPA §807, §809); and pursuant Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VI, Clauses 2 and 3; and Article VII.

The following have been lawfully demanded for inspection, copying, and verification:

a. Produce and permit Montalbano to inspect and to copy the jury verdict from case 18CV50.

b. State the date and location of the trial by jury for case 18CV50.

c. State the docket number the verdict was entered on the court record for case 18CV50.

d. Produce and permit Montalbano to inspect and copy the judgment entered after the jury verdict from case 18CV50.

Upon receipt of the demanded documents and records it will be verified a lawful judgment debt exists for collection pursuant FDCPA §807 and §809; and Colorado Constitution, Bill of

Rights, Section 10 and 23; and United States Constitution, Article VII; and pursuant Judge Chaffin and Chief Judge Brian James Flynn's Oath of Office requiring them to uphold Constitutional Laws first in Court, which require the production of a jury verdict to verify Judge Flynn followed Constitutional Laws in case 18CV50 pursuant his sworn word (oath).

17. Montalbano has also demanded this Court's Officers (Judge Flynn and Judge Chaffin (see motion to recuse Chaffin)), provide lawful validation a debt exists, by respectfully demanding they also provide Montalbano with a copy of the jury verdict, pursuant Colorado Constitution, Bill of Rights, Section 10 and 23 and United States Constitution, Article VII, and their sworn Oath of Office, to verify any lawful State authorized judgment debt exists for collection. (FDCPA §807 and §809. (CRS 5-16-107 and 109))

18. Mr. Seaman dba AJR has thirty (30) days from the date of the filing of **Document 1**, (January 3, 2023) to provide the required documents and records to Montalbano and this Court, to validate their debt collection activities are in-fact legitimate and lawful and not fraud on the Court with Flynn. If Mr. Seaman/AJR cannot produce the documents in the time frame required by law, then their debt collection claims must be Dismissed and QUASHED for fraud on the court and being in violation of CRS 5-16-107 and 109 (FDCPA §807 and §809) and they are to be ordered to pay Montalbano punitive damages for harassment for their deceptive representation that they had 'State' authority to collect on a fraud judgment and violate Montalbano's privacy rights, when they did not.

### III. CONCLUSION

**WHEREFORE**, for all the facts, laws, and reasons stated herein and stated in the incorporated documents and exhibits, Judge Jeremy L. Chaffin is required by Colorado Constitution, Bill of Rights, Sections 1, 3, 6, 10, 23, 24, 25, and 28; and United States Constitution, Article 1, Section 8, Clause 8; and Article VII; pursuant his Oath of Office (U.S. Const., Art. VI) binding him to uphold Constitutional Laws first, he must QUASH (Colo.R.Civ.P. 45(c)) Mr. Seaman/AJR (and thereby Goode's) debt collection requests for failure to provide validation of any lawful debt existing against Ms. Montalbano (FDCPA §807 and §809); and must simultaneously QUASH Judge Flynn's fraudulent January 29, 2020 dismissal orders and fraud August 5, 2020 Judgment for fraud on the Court.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

### CERTIFICATE OF SERVICE

I certify this 3rd day of January 2023, a true and correct copy of the foregoing **MOTION TO QUASH** was filed with the Mesa District Civil Court and sent first class by United States Postal Service, postage prepaid, to legally pro se litigants: Mr. James Corey Goode, 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY; PO Box 1002, Ridgway, CO, 81432.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen