| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502<br><br>Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br><br>Defendant(s)/Respondent(s): James Corey Goode<br><br>-----<br><br>Plaintiff(s)/Petitioner(s):  Thomas D. Seaman, James Corey Goode<br>v.<br>Defendant(s)/Respondent(s):  Alyssa Chrystie Montalbano | **ORIGINAL FILED IN**<br><br>JAN 0 3 2023<br><br>COMBINED COURT<br>BY LITIGANT<br><br>▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>FAX Number:_____ Atty. Reg. #: N/A | Division  5      Courtroom |

### PLAINTIFF/DEFENDANT ALYSSA MONTALBANO
### MOTION FOR PROTECTIVE ORDER (Colo.R.Civ.P. 45(c) and (d))
THOMAS D SEAMAN DBA AJR 'SECOND SET OF INTERROGATORIES'
FOR FRAUD ON THE COURT

Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24 and 25;
Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Art. VI and VII; and FDCPA §807 and §809

Comes now, Plaintiff, Defendant, American Citizen, and pro se litigant Alyssa Chrystie

Montalbano, without waving rights of the Motion to Quash, and files this **MOTION FOR**

**PROTECTIVE ORDER** against James Corey Goode and Thomas D. Seaman doing business as

("dba") ALPINE JUDGMENT RECOVERY ("AJR")  and their Interrogatories: "PLAINTIFF THOMAS

D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO

PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO" as served on December 20, 2022 for fraud on the

court that corrupted the judicial machinery itself, pursuant Colorado Constitution, Bill of Rights,

Sections 1, 3, 6, 10, 23, 24, 25, and 28;  Colorado Constitution, Article XII, Sections 8 and 10;

and United States Constitution, Articles VI and VII;  and Fair Debt Collection Practices Act §807 and §809 (CRS 5-16-107 and 109); and Colo.R.Civ.P. 45(c) and (d) and states as follows:

### I.    RELEVANT PROCEDURAL BACKGROUND & CONSTITUTIONAL LAW, SHOWING FRAUD ON THE COURT

1. Montalbano incorporates by reference **"PLAINTIFF/DEFENDANT ALYSSA MONTALBANO OBJECTION** JEREMY CHAFFIN 12/15/2022 ORDERS **AND DISQUALIFICATION** AS JUDGE FOR **FRAUD ON THE COURT** Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24 and 25;    Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Sec 6, Cl. 2 and 3; Colo.R.Civ.P. 97 and Colorado Code of Judicial Conduct 2.11" filed December 29, 2022, and it is incorporated fully herein.

2. Montalbano incorporates by reference "PLAINTIFF/DEFENDANT ALYSSA MONTALBANO **NOTICE OF DISQUALIFICATION** OF JEREMY L. CHAFFIN AS JUDGE FOR PERJURY AND **FRAUD ON THE COURT** Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24 and 25; Colo. Const., Art. XII, Sec. 8 and 10; U.S. Const., Sec 6, Cl. 2 and 3; Colo.R.Civ.P. 97 and Colorado Code of Judicial Conduct 2.11" [1] filed December 29, 2022, and it is incorporated fully herein.

3. Montalbano incorporates by reference the "PLAINTIFF/DEFENDANT ALYSSA MONTALBANO **MOTION TO QUASH (Colo.R.Civ.P. 45(c))** THOMAS D SEAMAN DBA AJR 'SECOND SET OF INTERROGATORIES' FOR FRAUD ON THE COURT  Pursuant Colo. Const., Bill of Rights, Sec. 1, 3, 6, 10, 23, 24, 25 and 28; Colo. Const., Art. XII, Sec. 8

---

[1] The Objection and Notice of Disqualification are essentially the same, but had to be filed as separate documents for legal purposes.

and 10; U.S. Const., Sec 6, Cl. 2 and 3; and FDCPA §807 and §809" as filed same date of this Motion for Protection Order, and it is incorporated fully herein.

4. Montalbano incorporates by reference, **Exhibit CW**, filed July 22, 2022, of the pending Deprivation of Rights Federal Claim against Chief Judge Brian James Flynn and it is incorporated herein.

5. Montalbano incorporates by reference, **Exhibit CY**, filed July 22, 2022 of the pending Federal RICO and Racketeering Claim against James Corey Goode, Valerie Yanaros, and Elizabeth Lorie and et.al., and it is incorporated fully herein.

6. Montalbano incorporates by reference **Exhibit DA and CZ** of the pending to proceed defamation claim against James Corey Goode in the superseding Federal Court case, 1:20-CV-00742-DDD-KLM, containing the same defamation facts Brian James Flynn lied in this court, January 29, 2020, were not shown to him; and they are incorporated fully herein.

7. Pursuant the aforementioned and incorporated documents, this Court Officer's are required by Constitutional Law and their Oath of Office binding them thereto, to first SQUASH Goode and Seaman/AJR's Interrogatories and vacate the void Dismissal orders filed January 29, 2020 and vacate the void Judgment entered August 5, 2020, for fraud on the Court; and must protect Montalbano from further undue burden, expenses, and violation of her privacy rights, Colo.R.Civ.P 45(c) and (d).

## I.   ARGUMENTS IN SUPPORT OF PROTECTION ORDER

8.  This Motion for Protection Order is filed within fourteen (14) days of service of a discovery request (December 20, 2022 Second Set of Interrogatories (complaint)) and is hereby timely filed.

9.  A Motion for Protection Order may be filed asking the Court to protect a party from: (1) undue burden (2) undue expenses or (3) exposure of privileged matters.

10. Via the incorporated documents, facts, and laws, Montalbano has shown she is a victim of Goode's [cyber]stalking, defamation, court abuses, and harassment activities since early 2018, and Montalbano has repeatedly sought lawful protection from Goode and his abusive behaviors; even from Colorado Police departments because Chief Judge Brian James Flynn is perversely bent to break Constitutional Laws in Court and supports abusive male public figures (Goode) in [cyber]stalking, harassing, and abusing innocent women (Montalbano). A protection order must be granted to Montalbano (after four years of asking), to put a stop to Flynn's illegal Court perversions and stop Mr. Goode, Mr. Seaman and AJR from illegally collecting more of Montalbano's private information (privileged information), without State authority [quashing their requests] to prevent placing Montalbano at even greater risk of public shaming/embarrassment, harassment at work, coercion, threats, banking frauds, and identity theft by Goode, Seaman/AJR, and et.al.

11. Via the incorporated documents, facts, and laws, Montalbano has shown Mr. Brian James Flynn, did not follow any Constitutional Laws pursuant his sworn Oath of Office and perverted the course of justice and corrupted the judicial machinery itself (perjury); as such any and all information as now unlawfully being sought by Goode and Seaman/AJR is protected information as there has been no trial by jury in case 18CV50 as is required by Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VII.

12. Seaman and AJR, are in violation of FDCPA §807 and §809 (CRS 5-16-107 and 109) as they have failed to provide lawful verification of any lawful debt existing for collection, and a protection order must be issued on behalf of Montalbano until such time as they provide the required documents (jury verdict).

13. Flynn did not have powers or jurisdiction to enter a judgment devoid of a jury verdict pursuant Colorado Constitution, Bill of Rights, Section 10 and 23; and United States Constitution, Article VII and his Oath of Office thereto. (*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)) Flynn's fraud on this Court vitiated the entire proceedings of this instant case and an order to QUASH Flynn's prior dismissal orders and judgment is legally and lawfully appropriate (*McLean v. Jephson*, 123 N.Y. 142, 25 N.E. 409) and a protection order must be issued on behalf of Montalbano to protect her from further harassment, burdens, unwarranted court expenses, and unlawful invasion of her privacy rights.

14. Until this Court and its Officers follow Constitutional Laws in this Court (instead of breaking them) and provide a trial by jury pursuant due process of law and their Oath of Office thereto, any collection of any of Montalbano's information is privileged information, pursuant Colorado Constitution, Bill of Rights, Sections 1, 2, 3, 6, 7, 9, 10, 20, 23, 24, 25 and 28; and a protection order must be granted on behalf of Montalbano and a trial by jury held for all of Montalbano's civil claims after lawful discovery phases.

**WHEREFORE**, for all the facts, laws, and reasons stated herein and stated in the incorporated documents and exhibits, Judge Jeremy L. Chaffin is required by Colorado Constitution, Bill of Rights, Sections 1, 3, 6, 10, 23, 24, 25, and 28; and United States Constitution, Article 1, Section 8, Clause 8; and Article VII; and pursuant his Oath of Office (U.S. Const., Art. VI) binding him to uphold Constitutional Law first, must QUASH Seaman/AJR/Goode's Interrogatories request and enter a **Protection Order** on behalf of Montalbano to protect her from responding to any of Seaman/AJR's unlawfully served debt collection interrogatories prior this Court providing the required due process of law, trial by jury and jury verdict, to verify any lawful debt exists for collection pursuant FDCPA §807 and §809 (CRS 5-16-107 and 109); and pursuant Judge Chaffin's Oath of Office to uphold Constitutional Laws first; and pursuant Colo.R.Civ.P. 45(c) and (d) requiring him to prevent undue burden, expenses, and exposure of Montalbano's privileged information.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Plaintiff, Alyssa Chrystie Montalbano, American Citizen

**CERTIFICATE OF SERVICE**

I certify this 3rd day of January 2023, a true and correct copy of the foregoing **MOTION FOR PROTECTION ORDER** was filed with the Mesa District Civil Court and sent first class by United States Postal Service, postage prepaid, to legally pro se litigants: Mr. James Corey Goode, 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY; PO Box 1002, Ridgway, CO, 81432.

Alyssa Chrystie Montalbano, American Citizen