| | |
|---|---|
| District Civil Court, Mesa County, Colorado<br><br>Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>JAN 0 3 2023<br><br>**COMBINED COURT**<br>**BY LITIGANT**<br>▲ **COURT USE ONLY** ▲ |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>v.<br><br>Defendant(s)/Respondent(s): James Corey Goode<br><br>-----<br><br>Plaintiff(s)/Petitioner(s):  Thomas D. Seaman, James Corey Goode<br>v.<br>Defendant(s)/Respondent(s):  Alyssa Chrystie Montalbano | |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505 | Case Number: 18CV50 |
| Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>Fax Number:              Atty. Reg. #: | Division  5              Courtroom |

**PLAINTIFF/DEFENDANT ALYSSA MONTALBANO**

**ANSWER AND COUNTERCLAIMS TO**

**"PLAINTIFF THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO"**

The Plaintiff/Defendant Alyssa Chrystie Montalbano, with all Constitutional Rights Reserved, and without waiving any Rights pursuant to her currently pending Motion to Quash, pending Motion for Protection Order, and pending Motion to Dismiss (filed same day this document), for her Answer to Thomas D. Seaman doing business as ("dba") ALPINE JUDGMENT RECOVERY's ("AJR") Complaint styled as Second set of Interrogatories, "PLAINTIFF THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO" served on December 20, 2022, states as follows:

1. Montalbano has moved for a Protection Order; to Quash; and to Dismiss Seaman/AJR's claims in their entirety and as such no response is required. To the extent any response is required, Montalbano has timely disputed on this court record that any lawful debt exist and again in Attached Document 1, and is in process of serving Document 1 upon Thomas D. Seaman/AJR (since December 26, 2022 (Attached Exhibit DD)), for response requiring them to produce a copy of the jury verdict within thirty (30) days of receipt of the request to verify a lawful judgment debt exists for collection, pursuant Colorado Fair Debt Collection Practices Act, 5-16-107 and 109 (FDCPA §807, §809); and Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VI, Clauses 2 and 3; and Article VII. (This paragraph/statement shall hereafter be referred to as "Statement 1")

2. Montalbano incorporates by reference Statement 1.

3. Montalbano incorporates by reference Statement 1.

4. Montalbano incorporates by reference Statement 1.

5. Montalbano incorporates by reference Statement 1.

6. Montalbano incorporates by reference Statement 1.

7. Montalbano incorporates by reference Statement 1.

8. Montalbano incorporates by reference Statement 1.

9. Montalbano incorporates by reference Statement 1.

10. Montalbano incorporates by reference Statement 1.

11. Montalbano incorporates by reference Statement 1.

12. Montalbano incorporates by reference Statement 1.

13. Montalbano incorporates by reference Statement 1.

14. Montalbano incorporates by reference Statement 1.

15. Montalbano incorporates by reference Statement 1.

16. Montalbano incorporates by reference Statement 1.

17. Montalbano incorporates by reference Statement 1.

18. Montalbano incorporates by reference Statement 1.

19. Montalbano incorporates by reference Statement 1.

20. Montalbano incorporates by reference Statement 1.

21. Montalbano incorporates by reference Statement 1.


### DEFENSES

Montalbano has moved for a Protection Order, moved to Quash, and moved to Dismiss, Thomas D. Seaman/AJR's complaint (styled as "Interrogatories") in its entirety and as such, no defenses are required to be asserted at this time. To the extent that a response is required, Montalbano has timely disputed on this court record that any lawful debt exists and again in **Attached Document 1,** and is in process of serving **Document 1** upon Thomas D. Seaman/AJR since December 26, 2022 **(Exhibit DD),** for response requiring them to produce a copy of the jury verdict within thirty (30) days of receipt of the written request to verify a lawful judgment debt exists for collection pursuant Colorado Fair Debt Collection Practices Act, 5-16-107 and 109 (FDCPA §807, §809); and Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VI, Clauses 2 and 3; and Article VII; and **Document 1** is incorporated fully herein for response requiring Seaman/AJR to validate any lawful judgment debt exists for collection within thirty (30) days of receipt of this court filing. Montalbano hereby gives notice that she intends to rely upon any other defense that are now or may become available during, or as a result of, discovery in this action or related actions and hereby reserves the right to amend her Answers to assert any and all such defenses, none of which are waived.

## COUNTERCLAIMS

Montalbano, without waiving any rights related to her filed and pending Motion to Quash, pending Motion for Protecting Order, and pending Motion to Dismiss, pursuant to CRCP 7(a) and 13, and Colorado Revised Statute 13-80-109, for her counterclaims against Plaintiff Thomas D. Seaman doing business as ("dba") ALPINE JUDGMENT RECOVERY ("AJR"), alleges as follows:

## NATURE OF THE COUNTERCLAIMS

1. These counterclaims are in response to Plaintiff Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY's claims/complaint, styled as Interrogatories, "PLAINTIFF THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO" served on December 20, 2022, and seeks to recover damages from Plaintiff Thomas D. Seaman/AJR for malicious tort actions: (1) Deprivation of Rights   (2) Defamation (3) RICO and Racketeering,   (4) Negligent Infliction Emotional Distress (NIED),   (5) Civil Conspiracy, (6) Intentional Intrusion on Privacy Rights, and (7) Unjust Enrichment; and to enjoin Plaintiffs from further causing harm to Montalbano.

## PARTIES

2. Plaintiff/Defendant Alyssa Chrystie Montalbano, is an individual residing in Mesa County Colorado with address of 2536 Rimrock Avenue, Suite 400-117, Grand Junction, Colorado, 81505. Montalbano is a local author and artist having won awards locally and nationally for her published literary works, poetry, and art.

3. Upon information and belief, Plaintiff Mr. Thomas D. Seaman is an individual residing in Ridgway, Colorado, who performs debt collection services and has contracted with Defendant James Corey Goode.

4. Upon information and belief, Plaintiff ALPINE JUDGMENT RECOVERY ("AJR") is a pass through Limited Liability Company (LLC) of Thomas D. Seaman's, with a business address of 283 Meadows Circle, Ridgway, Colorado 81432.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in the Federal Court because Montalbano has suffered deprivation of rights (42 USC 1983) and injuries (this state court) as a result of Chief Judge Brian James Flynn and now his subordinate officer Judge Jeremy Chaffin, failing to uphold Colorado Constitution, Bill of Rights, Sections 10 and 23; and United State Constitution, Article I, Section 8, Clause 8; and Article VII; pursuant their sworn Oath of Office to the United States Constitution, Article VI, Clauses 2 and 3 requiring them to take Montalbano's civil claims to the jury, and they did not. Since the officers of this court failed to uphold the aforementioned Constitutional Laws pursuant their Oath of Office, they have also failed to uphold Colorado Constitution, Bill of Rights, Sections, 3, 6, 24, 25, and 28. The Federal Court has original jurisdiction of Constitutional matters (28 USC 1331 Constitutional Law – Federal Matter) and federal laws. The Federal Court also has jurisdiction over the RICO counterclaim pursuant 18 USC 1961; and venue is proper in the Denver Federal Court because the Deprivation of Rights claim (Exhibit CW, filed July 22, 2022) is pending against defendant Chief Judge Brian James Flynn in Denver Federal Court, case 1:20-CV-00742-DDD-KLM

under 42 USC 1983 and pursuant 28 USC 1391(e) the Federal Court has jurisdiction; and Mr. Seaman/AJR are pending to be joined to the same federal action, pursuant FRCP 19 (Exhibit DB, filed August 25, 2022). Further venue is proper in Denver Federal Court under 28 USC 1391(b) and the Federal Court has jurisdiction pursuant to Colo. Rev. Stat. 13-1-124(1) because Plaintiffs (Seaman/AJR) transact business within the state of Colorado and have committed tortious acts within the state of Colorado and have contracted with Mr. James Corey Goode in Colorado (filed July 8, 2022) for matters involved in the aforementioned federal lawsuit that will directly impact Seaman/AJR's ability to collect on this courts fraud $116,600 judgment and that involve violations of the federal Fair Debt and Collection Practices Act (FDCPA) §807 and §809.

6. By filing in this Court their complaint, styled as Interrogatories, alleging claims concerning the same subject matter of those pending in Denver Federal Court, case 1:20-CV-00742-DDD-KLM against Mr. Flynn (Exhibit CW, Deprivation Rights Claim) and against Mr. Goode and et. al. (Exhibit CY, RICO; Exhibit DA Defamation Claim and Exhibit CZ Magistrate Judge Recommendation Defamation proceed; filed July 22, 2022), Plaintiffs Seaman/AJR have consented to venue in the Federal United States District Court. Further, venue in Denver Federal Court is proper under 28 USC 1391(a), (b), (c), because, upon information and belief, Seaman resides in the state of Colorado and AJR's principle place of business is in Colorado, and a substantial part of the events or omissions giving rise to Montalbano's claims occurred in the state of Colorado.

## FACTUAL ALLEGATIONS

### Overview

7. Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY ("AJR"), contracted with James Corey Goode, June 16, 2022. (Contract filed by Seaman/AJR July 8, 2022)

8. The contract filed on July 8, 2022, alleges that Seaman/AJR are entitled to recover judgment money plus interest for themselves and James Corey Goode based on the alleged $116,600 judgment fraudulently entered by Chief Judge Brain James Flynn, August 5, 2020.

9. On December 20, 2022 Seaman/AJR served upon Montalbano their complaint, styled as "Interrogatories" "PLAINTIFF THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF ALYSSA-CHRYSTIE MONTALBANO".

10. Mr. Seaman/AJRs judgment money claims are based on the same subject matter and facts as those pending in the superseding Denver Federal Court, case 1:20-CV-00742-DDD-KLM.

11. Chief Judge Brian James Flynn is a judicial department employee of the United States, and a third-party defendant to Alyssa Chrystie Montalbano's pending Deprivation of Rights claim under 28 USC 1983 for his deprivation of Montalbano's Constitutional civil rights all during this instant case (18CV50); and whereby the Federal Court has original jurisdiction over Constitutional Law and Federal Claims.

12. Judicial Officers (Brian James Flynn and Jeremy Chaffin) are not immune to federal claims and judicial department employees do not have immunities for civil rights violations (28 USC 1983).

13. Mr. Seaman/AJRs judgment money claim is based on the same subject matter and facts as Montalbano's claims pending against Chief Judge Brian James Flynn and et. al. under 28 USC 1983 (Exhibit CW, filed July 22, 2022) seeking to vacate (quash) Flynn's judgment for fraud on the court and perjury of his Oath of Office, and whereby the federal court has original jurisdiction over constitutional law and federal claims and the Federal Court's lawful (Constitutional) rulings will completely eliminate Mr. Seaman's ability to collect on the fraud judgment monies; and Mr. Seaman/AJR and their claims are pending to be joined under FRCP 19. (Exhibit DB, filed August 25, 2022)

14. Mr. Seaman/AJRs judgment money claim is based on the same subject matter and facts as Montalbano's claims pending against Mr. James Corey Goode and his alleged counsels Valerie Yanaros and Elizabeth Lorie, and et. al. in Denver Federal Court and the claims include RICO (Racketeering and extortion) (Exhibit CY filed July 22, 2022) and Defamation (Exhibit DA and CZ, filed July 22, 2022), and Mr. Seaman/AJR and their claims are pending to be joined under FRCP 19. (Exhibit DB, filed August 25, 2022)

15. Mr. Seaman/AJRs $116,600 money claim with interest is based on the same subject matter and facts as Montalbano's claims pending against Mr. Goode, and Ms. Valerie Yanaros and Ms. Elizabeth Lorie (Goode's alleged 'legal' counsels) and et. al. in Denver Federal Court to include Abuse of Process and Malicious Prosecutions to illegally acquire attorney fees

(SLAPP lawsuits) when they or their immediate family members are business co-workers of Goode and et. al. and participate in his public frauds creating courses and promotional content; and Mr. Seaman/AJR and their claims are pending to be joined under FRCP 19. (Exhibit DB, filed August 25, 2022)

16. Mr. Seaman/AJR have never provided Montalbano with a copy of the jury verdict or post-trial judgment to verify a lawful debt exists for collection pursuant Fair Debt Collection Practices Act §807 and §809, Colorado Constitution, Bill of Rights, Sections 10 and 23, and United States Constitution, Article VII, yet have proceeded to harass Montalbano and have sought to extort private and personal information from Montalbano via Brian Flynn's fraud on the court.

## Additional Background

17. Colorado Constitution, Bill of Rights, Sections 10, guarantees Montalbano the right to a trial by jury for defamation. (Defamation claim)

18. United State Constitution, Article 1, Section 8, Clause 8, guarantees author Montalbano the right to protect her writings and discoveries (Trade Secret claim).

19. Colorado Constitution, Bill of Rights, Section 23, guarantees Montalbano the right to trial by jury for civil claims.

20. United States Constitution, Article VII, guarantees Montalbano the inalienable right to trial by jury for civil matters exceeding twenty dollars ($20). Montalbano's November 13, 2018 amended civil claims exceeded $20, having at least $70,000 in civil controversy.

21. Montalbano demanded trial by jury for her civil claims, February 12, 2019, February 27, 2019, and June 10, 2019. Judge Flynn denied Montalbano her inalienable Constitutional Right to trial by jury (perjury), and pursuant his Oath of Office he was not empowered to deny this right in Court. (fraud on the court)

22. Montalbano demanded hearings, trial by jury, and injunctive relief for her claims on at least thirteen (13) occasion to include (but not limited to) the following dates: June 25, 2018, August 30, 2018, December 11, 2018 (two times), December 27, 2018, February 12, 2019, February 27, 2019, June 10, 2019, August 2, 2019, November 1, 2019, November 13, 2018, January 3, 2020, January 22, 2020, February 12, 2020. All Montalbano's motions and requests were denied by Chief Judge, Brian James Flynn, even motions that were unrebutted (which was most all of them) and thereby acquiesced to by the opposing party (Mr. Goode) making Brian Flynn an unlawful party to this action prejudicially litigating from the bench for celebrities (Goode and Wilcock) and repeatedly breaking Constitutional Law.

23. Trial by jury has never been had for Montalbano's claims filed in case 18CV50. A judge (Brian James Flynn and Jeremy L. Chaffin) is not a jury and thereby Judges do not have jurisdiction over Montalbano's claims, the jury does.

24. Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VII, were not upheld in case 18CV50 by Judicial Officers Brian James Flynn and Jeremy Chaffin, thereby due process of law pursuant Colorado Constitution, Bill of Rights Sections 3, 6, 23, 24, 25, and 28, were not upheld in case 18CV50 pursuant this state court's

judicial Officers' Oath of Office to United States Constitution, Article VI, Clauses 2 and 3, binding them to uphold Constitutional Law first in Court, and they did not (perjury).

25. Pursuant United States Constitution, Article VI, Clauses 2 and 3, Judicial Officers, Brian James Flynn and Jeremy Chaffin perjured their Oath of Office for their repeat and thereby malicious failures to uphold Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VII (fraud on the court).

26. The trial by jury verdict and final judgments to be entered in the superseding United States District Court, Denver Federal Court, case 1:20-CV-00742-DDD-KLM, will directly affect Mr. Seaman/AJR's ability to collect on this courts alleged judgment monies due and entered completely devoid of due process of law.


**Additional Background on Goode**

27. Mr. James Corey Goode has a legal record of stalking and defaming his former co-workers and employers, as seen in case DC-14-04807, filed in the District Court, Dallas County, Texas, 116th Judicial District. (See December 11, 2018 and February 4, 2019 filings, Darling v. Goode, Cause DC-14-04807; and Exhibit BP filed February 21, 2020)

28. Mr. Goode has a record of publicly and privately harassing, cyberstalking, and defaming Montalbano as a criminal stalker (when she has a clean record) on public and private platforms to include but not limited to: YouTube, Twitter, Reddit, Facebook, and by email to mutual potential employers:

a. March 25, 2019: Exhibits AM (Facebook Defamation stalker), AO (defamation sexually amoral) AP (defamation sexually amoral, stalker, criminal) filed with "Plaintiff's verified Original Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction";

b. August 2, 2019: Exhibits AR (Defamation stalker email to potential mutual employer), AS (Facebook defamation), AT (Federal Court Fake Complaint filing by Yanaros), AU (Reddit defamation: sexually amoral, insane, stalker), AW (Facebook Defamation), AX (Dark Alliance defamation), AY (Goode Dark Alliance and Twitter defamation and threats), filed with "Motion For Leave of the Court to Amend the Complaint" and "Plaintiff's Motion for Preliminary Injunction"

c. September 9, 2019; Exhibit AZ (sexually amoral defamation) filed with "Motion to Rule on Motions"

d. July 20, 2020; Exhibits CK (showing Goode working with Aaron Moriarity (to cyberstalk Montalbano) and defame other peers in the same or similar professions as Goode calling them 'cabal' (criminals)), CL, CN, CO (showing Goode declaring he's targeting Montalbano for harassment and promoting fake lawsuits and court fraud) and CR (Dark Alliance = criminal) filed with "Plaintiff's Motion to Void Order of Dismissal PURSUANT Colo.R.Civ.P 60(b)(1),(2),(5) For Mistake, Misconduct, and New Evidence and Plaintiff's Motion for Leave to File Amended Complaint Pursuant CRCP 15"

29. Goode, Yanaros, and Lorie have a pattern of opening malicious and frivolous (SLAPP) lawsuits (extortion) against Montalbano with their lies told on Court records, in efforts to promote their public frauds, fake ascension courses, and fraudulent business products, while illegally destroying their business' competitors' reputations through abuse of process. (Exhibit CY, RICO)

**Additional Background on Flynn**

30. Mr. Brian James Flynn has a legal record of failing to perform his sworn Constitutional duties for long period of time and then writing orders that break Constitutional Laws, as seen in Case 1:20-cv-02296-RM-SKC, Foster vs. Flynn and et. al., filed Denver Federal Court, August 2, 2020, and whereby the civil case was closed in Mr. Foster's favor.

**Additional Background on Seaman/AJR**

31. Montalbano has spoken with Mr. Seaman by phone on multiple occasions and has repeatedly informed Seaman/AJR that Brian James Flynn placed a fraud on the Mesa District Civil Court and repeatedly lied while under oath, and has informed Mr. Seaman/AJR that no debt is owed by Montalbano, and has asked Mr. Seaman/AJR to drop their claims, and they would not.

32. Since July 8, 2022, Mr. Seaman has received multiple court filed papers showing him the judgment he is seeking to collect on in state court is fraudulent and that no debt is owed by Montalbano, and that his claim is tied with the superseding Denver Federal Court, case 1:20-CV-00742-DDD-KLM, and that the verdict reached by the jury in Federal Court and lawfully entered judgment therein will directly impact and eliminate Seaman/AJR's ability to collect on the alleged judgment this case. (See all records and documents filed by Montalbano, this case, after Seaman/AJR entered July 8, 2022)

33. Montalbano has pending to be served, since December 26, 2022 **(Exhibit DD)**, Interrogatories and a Production of Document request **(Document 1)** upon Mr. Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY, requiring them to produce a copy of the jury verdict and post-trial-jury-verdict judgment for inspection by Montalbano, to verify they have legal and lawful authority of the United States to collect on the judgment pursuant Colorado Constitution, Bill of Rights, Sections 10 and 23 and United States Constitution, Article VII, and Fair Debt Collection Practices Act §807 and §809.

34. Montalbano has timely disputed the validity of the debt.

35. Mr. Seaman/AJR having knowledge and been repeatedly informed of fraud on the court and that no valid debt exists for collection, have continued to harass and distress Montalbano with judgment debt collection practices in violation of FDCPA §807 and §809, whereby Mr. Seaman/AJR, Goode, Flynn, Chaffin, and any Officer of this Court, have failed to provide Montalbano with a copy of the jury verdict from case 18CV50 for inspection and verification that any lawful judgment debt for collection exists against Montalbano.

36. Montalbano incorporates by reference the superseding and pending Federal Court, Deprivation Rights claim against Mr. Seaman and ALPINE JUDGMENT RECOVERY (Exhibit CW, July 22, 2022), for joinder of his claim with the pending claim.

37. Upon information and belief, Mr. Seaman/AJR have conspired with Mr. James Corey Goode, to harass, alarm, distress, and further illegally abuse the Colorado Court systems to extort Montalbano for money and maliciously force Montalbano to unlawfully support her abuser, Mr. Goode and his associates, and thier public frauds and racketeering activities and SLAPP (Strategic Lawsuits Against Public Participation) lawsuits Goode, Yanaros, and Lorie operate. (Exhibit CY, July 22, 2022).

38. Montalbano incorporates by reference the superseding and pending Federal Court, RICO and Racketeering claim against Mr. Seaman and ALPINE JUDGMENT RECOVERY, (Exhibit CY) for his use of the telephone, mail, and process services to extort Montalbano under false pretenses of 'state' authority to collect on Flynn's fraud judgment in violation FDCPA §807 and §809.

39. Upon information and belief, Seaman/AJR are seeking to be unjustly enriched by Flynn and Chaffin's fraud on the court, in violation of Colo. Rev. Stat. 5-16-107 and 109, and FDCPA §807 and §809, whereby Mr. Seaman/AJR, Goode, Flynn, Chaffin, and any Officer of this Court, have never provided Montalbano with a lawful copy of the jury verdict from case 18CV50 for inspection and verification that any lawful judgment debt for collection exists against Montalbano.

40. Seaman/AJR having knowledge of fraud on the court and having failed to provide the jury verdict for inspection and failing to provide a copy of any lawful judgment debt for collection against Montalbano, have Intentionally Inflicted Emotional Distress ("IIED") upon Montalbano and at minimum Negligently Inflicted Emotional Distress ("NIED") upon Montalbano by seeking to proceed with fraudulent collection practices.

41. Seaman/AJR having knowledge of his contracted client, James Corey Goode and of his associates defamation, harassment and cyberstalking activities performed against Montalbano; and having failed to provide a copy of the jury verdict for inspection by Montalbano and failing to provide a copy of any lawful judgment debt entered against Montalbano, have Inflicted Intentional Emotional Distress ("IIED") and at minimum Negligently Inflicted Emotional Distress ("NIED") upon Montalbano by seeking more of her private information to physically and professionally place Montalbano at risk of assaults and identity theft by her cyberstalker and harasser, Mr. James Corey Goode, and his delusional cult followers, and associates.

42. Seaman/AJR having knowledge of the pending claims against Mr. Brian James Flynn for deprivation civil rights, and having failed to provide a copy of the jury verdict for inspection to Montalbano, and

having failed to provide a copy of any lawful judgment debt for collection against Montalbano, and having sought to unlawfully obtain Montalbano's personal and professional private information and financial information, they have violated Montalbano's Privacy Rights.

## FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS

43. Montalbano hereby alleges and incorporates by reference counterclaims paragraphs 1-42.

44. Montalbano incorporates by reference the pending Deprivation of Rights claim, Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. (Exhibit CW)

45. Mr. Seaman/AJR's ability to collect on the alleged judgment this court, will be directly impacted by the jury's verdict in the pending Deprivation of Rights claim, in the superseding Denver Federal Court case and claim pending against Brian James Flynn and et. al. (Exhibit CW) and Mr. Seaman/AJR's claim of judgment monies are pending to be joined thereto, pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

46. Deprivation of Rights is a Constitutional Law matter and a Federal Claim pursuant 42 USC 1983 and the Federal Court, not this State Court, has original jurisdiction of the claim and supplemental jurisdiction over the related claims.

47. Montalbano believes she is entitled to Injunctive Relief to vacate (quash) Brian James Flynn fraudulent August 5, 2020 Judgment for fraud on the court, which will completely eliminate Mr. Seaman/AJR's judgment and interest claims; and Montalbano believes she is entitled to collect from Seaman/AJR general damages for defending against his fraudulent judgment collection activities, damages for time spent in self-representation ($125/hr), pecuniary damages, and any other relief the Court deems just.

## SECOND CAUSE OF ACTION

### DEFAMATION

48. Montalbano hereby alleges and incorporates by reference counterclaims paragraphs 1-42.

49. Montalbano incorporates by reference the pending to proceed Defamation claim in the superseding Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. (Exhibit DA Defamation Claim, and Exhibit CZ Magistrate Judge Recommendation Defamation proceed; filed July 22, 2022).

50. Mr. Seaman/AJR's ability to collect on the alleged judgment this court, will be directly impacted by the jury's verdict in the pending to proceed to trial by jury Defamation claim against James Corey Goode in the superseding Federal Court (Exhibits DA and CZ). The $116,600 judgment is part of the damages due to Montalbano for Goode's malicious defamation. The jury verdict will also prove Brian James Flynn lied in this case that no defamation was shown to him, and the lawful jury verdict will eliminate Seaman/AJR's ability to collect on the fraud Judgment. Mr. Seaman/AJR's claim of judgment monies are pending to be joined to the federal defamation claim, pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

51. The Defamation claim is now fully a Constitutional federal law matter (Colo. Const., Bill of Rights, Sec. 10) due to Judge Flynn placing a fraud on this court; and defamation is also a Federal Claim pursuant 28 USC 1331 (Constitutional Law – Federal Matter) and the Federal Court, not this State Court, has original jurisdiction of the claim and supplemental jurisdiction over the related claims.

52. Montalbano believes she is entitled to Injunctive Relief to vacate (quash) Brian James Flynn fraudulent January 29, 2020 Dismissal orders and fraud August 5, 2020 Judgment, for Flynn lying while under Oath that no defamation was shown in case 18CV50 and placing a fraud on the Court; which will completely eliminate Mr. Seaman/AJR's judgment and interest claims. Montalbano also believes she is entitled to collect from Seaman/AJR (due to him contracting with Goode) compensation for harm to Montalbano's reputation, personal humiliation, mental suffering, and damages for loss of income and earning capabilities, presumed damages for being fraudulently called a stalker by Goode and et.al., and attorney / legal fees ($125/hr) and punitive damages for fraud; and any other relief the Court deems just.

### THIRD CAUSE OF ACTION

### RICO

53. Montalbano hereby alleges and incorporates by reference counterclaims paragraphs 1-42.

54. Montalbano incorporates by reference the pending RICO claim, Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. (Exhibit CY, filed July 22, 2022)

55. Mr. Seaman/AJR have participated in Racketeering (RICO) acts with Goode, Yanaros, Lorie and Flynn, by using telephone (wire fraud) and paper mail (mail fraud) to deliver fraudulent claims a valid debt is due for collection against Montalbano, when they have never provided a copy of the jury verdict pursuant Colorado Constitution, Bill of Rights, Section 10 and 23, or United States Constitution, Article VII, or proof that any valid and lawful judgment exists for collection, in violation of Fair Debt Collection Practices Act §807 and §809.

56. Mr. Seaman/AJR were repeatedly informed by phone and in writing of these frauds and have maliciously refused to stop their fraudulent collection activities against Montalbano. (See all court filings this case and removed, case 1:22-CV-02224-CNS (Notice Removal, filed September 1, 2022))

57. Mr. Seaman/AJR's ability to collect on the alleged $116,600 judgment, will be directly impacted by the jury's verdict in the pending RICO and Racketeering claim, in the superseding Denver Federal Court case pending against James Corey Goode, Valerie Yanaros, Elizabeth Lorie and et.al., (Exhibit CY) and Mr. Seaman/AJR are pending to be joined thereto, pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

58. RICO and Racketeering are a Federal Claim pursuant 18 USC 1961 and the Federal Court, not this State Court, has original jurisdiction of the claim and supplemental jurisdiction over the related claims.

59. Montalbano believes she is entitled to collect from Thomas D. Seaman and ALPINE JUDGMENT RECOVERY: actual damages, Consequential damage, non-economic damages (for mental suffering), Attorney / Legal fees ($125/hr), punitive damages for malicious intent, and treble damages for fraud and fraud on the court.


### FOURTH CAUSE OF ACTION

### NEGLIGENT INFLICTION EMOTIONAL DISTRESS (NIED)

60. Montalbano hereby alleges and incorporates by reference counterclaim paragraphs 1-42.

61. Mr. Seaman has Intentionally (and at minimal) Negligently Inflicted Emotional Distress upon Montalbano by seeking to collect money and vast amounts of Montalbano's private information via Brian James Flynn's fraud on the court, and have severely emotionally distressed Montalbano to being on the verge of panic attacks every day; for fear of Goode and his associates being able to illegally harass and stalk Montalbano even more and completely unhindered and being illegally forced to pay her abusers for being abused and extorted by them for over four years; and being in even greater states of fear and anxiety that Mr. Goode and his delusional cult followers will harass Montalbano and her co-workers at work in addition to committing even more crimes against Montalbano via abuse of her private financial records to further shame and embarrass Montalbano with more exposure of her private information publicly that is still privileged and protected by Constitutional Laws, and that Mr. Seaman/AJR are forbidden from having access to devoid of due process of law, which requires a trial by jury for Montalbano's defamation and author rights claims.

62. Montalbano incorporates by reference the pending Negligent Infliction of Emotional Distress (NIED) claim against Thomas D. Seaman individually and ALPINE JUDGMENT RECOVERY collectively, as filed in Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. Seaman/AJR are pending to be joined and served (summoned) with a proper copy of the full federal court complaint pursuant FRCP 19.(Exhibit DB, August 25, 2022)

63. Montalbano believes she is entitled to economic and non-economic losses arising from Seaman/AJR's conduct, for pain and suffering, punitive damages and any other relief the Court deems just.

64. The Federal Court has original supplemental jurisdiction of the NIED claim related to the pending and superseding federal claims.

### FIFTH CAUSE OF ACTION

### CIVIL CONSPIRACY

65. Montalbano hereby alleges and incorporates by reference counterclaim paragraphs 1-42.

66. Mr. Seaman/AJR have contracted with Mr. Goode and have participated with Goode in harassing Montalbano for months for money not owed to them and have illegally sought to obtain Montalbano's private information for her [cyber]stalker/abuser Goode, via conspiring with Chief Judge Brian James Flynn to illegally collect on his fraud on the Court judgment.

67. Montalbano incorporates by reference the pending Civil Conspiracy claim against Thomas D. Seaman individually and ALPINE JUDGMENT RECOVERY collectively, in Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. Seaman/AJR are pending to be joined and served (summoned) with a proper copy of the full federal court complaint pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

68. Based upon all the facts and claims stated herein and in all the claims in the pending and superseding related Denver Federal Court case 1:20-CV-00742-DDD-KLM and its Civil Conspiracy claim therein, Montalbano believes she is entitled to injunctive relief to Squash Seaman/AJR claims for fraud on the court (Deprivation Rights Claim) and to recover damages jointly and severally from Seaman/AJR any and all monies due to Montalbano from this instant case and Denver Federal Court cases for: attorney / legal fees ($125/hr), actual damages, punitive damages, and preventive injunctive relief for willful and malicious harassment by Seaman/AJR to extort even more private and privileged information from

Montalbano for the Enterprise (RICO) to harass, embarrass, annoy, defame, and shame Montalbano publicly and privately in their defamation acts (see Defamation claim pending to proceed).

69. The Federal Court has original supplemental jurisdiction of the Civil Conspiracy claim related to the pending and superseding federal claims.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INTRUSION ON PRIVACY RIGHTS

70. Montalbano hereby alleges and incorporates by reference counterclaim paragraphs 1-42.

71. Mr. Seaman/AJR have contracted with Mr. Goode and have participated with Goode in harassing Montalbano for months to obtain Montalbano's private information for her [cyber]stalker/abuser Goode, via conspiring with Chief Judge Brian James Flynn to illegally collect on Flynn's fraud on the Court judgment and are seeking to also illegally obtain vast amounts of Montalbano's private, personal, financial, and professional information, which is all still privileged information, due to Constitutional Law being broken all during case 18CV50 by Chief Judge Brian James Flynn (perjury and fraud on the court) and no lawful judgment debt existing for Seaman/AJR to collect on.

72. Montalbano incorporates by reference the pending Intentional Intrusion of Privacy Rights claim against Thomas D. Seaman individually and ALPINE JUDGMENT RECOVERY collectively, in Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth

fully herein. Seaman/AJR are pending to be joined and served (summoned) with a proper copy of the full federal court complaint pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

73. Based upon all the facts stated herein injunctive relief is warranted to Quash Seaman/AJR claims and quash the fraud judgment to stop further unlawful collection of Montalbano's private and personal information that is then illegally used by Goode and his associates to [cyber]stalk, harass and publicly defame Montalbano. Montalbano believes she is entitled to recover damages from Seaman/AJR for the foregoing act of Intentional Intrusion on Privacy Rights to include economic and non-economic losses arising from the conduct, for pain and suffering, and punitive damages, along with any other relief the Court deems just.

74. The Federal Court has original supplemental jurisdiction of the Intentional Intrusion of Privacy Rights claim related to the pending and superseding federal claims.

## SEVENTH CAUSE OF ACTION
### UNJUST ENRICHMENT

75. Montalbano hereby alleges and incorporates by reference counterclaim paragraphs 1-42.

76. Mr. Seaman/AJR have contracted with Mr. Goode and have participated with Flynn in fraud on the Court by seeking to collect on Flynn's malicious and completely fraudulent August 5, 2020, $116,600, judgment entered completely devoid of due process of law and completely absent all Constitutional Law (perjury Flynn's Oath of Office) and have sought to

illegally enrich themselves by collecting on a debt they have never proven to be valid pursuant FDCPA §809 and failed to prove they have 'state' authority to collect pursuant FDCPA §807, and failed to provide a copy of the jury verdict showing Judge Flynn had lawful authority to enter a judgment pursuant his Oath of Office to United States Constitution, Article VI, Clauses 2 and 3 (Exhibit BA, filed February 12, 2020) requiring him to uphold first Colorado Constitution Bill of Rights, Sections 10 and 23, and United States Constitution, Article VII, requiring production of a jury verdict for validation a lawful judgment debt exists for collection. Mr. Seaman/AJR are seeking to unjustly enrich themselves via fraud and fraud on the court.

77. Montalbano incorporates by reference the pending Unjust Enrichment claim against Thomas D. Seaman individually and ALPINE JUDGMENT RECOVERY collectively, in Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, and it is set forth fully herein. Seaman/AJR are pending to be joined and served (summoned) with a proper copy of the full federal court complaint pursuant FRCP 19. (Exhibit DB, filed August 25, 2022)

78. Based upon the facts stated herein Montalbano believes she is entitled to injunctive relief to Quash Seaman/AJR's complaint and quash Flynn's fraud judgment, and to recover economic and non-economic losses arising from Seaman/AJR and et. al. conduct, and to be calculated from the date of Montalbano's first PLAC (Pre-Litigation Affidavit Complaint mailing to Goode) affidavit mailing dated April 18, 2018, for pain and suffering, punitive damages, and any other relief the Court deems just.

79. The Federal Court has original supplemental jurisdiction of the Unjust Enrichment claim related to the pending and superseding federal claims.

## **CONCLUSION AND PRAYER FOR RELIEF**

80. Wherefore based on all the facts and claims contained herein and contained in the pending and related superseding Denver Federal Court claims in case 1:20-CV-00742-DDD-KLM; Montalbano seeks the following Injunctive Relief against the aforementioned third party defendants (Seaman/AJR)

    **A.** Enter injunctive relief baring the defendants from any of the aforementioned harmful conduct.

    **B.** Joinder of Thomas D. Seaman/ALPINE JUDGMENT RECOVERY to Denver Federal Court, Case 1:20-CV-00742-DDD-KLM, pursuant FRCP 19.

    **C.** Quash Seaman/AJR's claims/interrogatories/subpoena for fraud on the court.

    **D.** Vacate Flynn's $116,600 judgment for fraud on the court.

    **E.** A new Court venue with faithfully performing judicial officers and a trial by jury pursuant Constitutional Law for defamation and author rights with at least $70,000 in civil controversy.

    **F.** Declare Montalbano's Intellectual Property / Trade Secret IP legally hers.

    **G.** Order defendants stop and desist all unlawful use of all of Montalbano's IP materials.

    **H.** Find that all defendants and corporations are liable for their grievances.

    **I.** Order all defendants pay actual and non-economic damages for their fraudulent activities performed against Montalbano.

**J.** Order defendants pay for the additional damages Montalbano has incurred from their fraudulent misrepresentations regarding Montalbano and for damages incurred from Montalbano's initial reliance on them.

**K.** Grant Montalbano special damages, due to willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous conduct by defendants.

**L.** Grant Montalbano attorney fees, cost and interest, to include compensating Montalbano for acting as her own attorney ($125/hr) since April 2018.

**M.** Grant Montalbano all monetary and other relief available at law and in equity.

## DEMAND FOR TRIAL BY JURY

81. Pursuant Colorado Constitution, Bill of Rights, Sections 10 and 23, and Constitution of the United States of America, Bill of Rights, Article VII (FRCP 38(a)), Montalbano demands trial by jury, to protect her Constitutional rights, private property, and right to life, liberty, the pursuit of happiness and to due process of law for all claims stated herein.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie Montalbano*

Defendant, Alyssa Chrystie Montalbano, American Citizen

## CERTIFICATE OF SERVICE

I certify this 3rd day of January 2023, a true and correct copy of the foregoing **ANSWER AND COUNTERCLAIMS** were filed with the Mesa District Civil Court and sent first class by United States Postal Service, postage prepaid, to legally pro se litigants: Mr. James Corey Goode, 1140 US Highway 287, Suite 400-266, Broomfield, CO 80020; and Mr. Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY; PO Box 1002, Ridgway, CO, 81432.

*Alyssa Chrystie Montalbano*

Alyssa Chrystie Montalbano, American Citizen



DOCUMENT 1
ANSWER AND COUNTERCLAIMS

| District Civil Court, Mesa County, Colorado | |
|---|---|
| Mesa County, Colorado<br>Court Address: 125 North Spruce<br>P.O. Box 20,000-5030<br>Grand Junction, CO 81502 | **ORIGINAL FILED IN**<br><br>JAN **0 3** 2023<br><br>**COMBINED COURT**<br>**BY LITIGANT**<br>▲   **COURT USE ONLY**   ▲ |
| Plaintiff(s)/Petitioner(s): Alyssa Chrystie Montalbano<br>    v.<br>Defendant(s)/Respondent(s): James Corey Goode<br><br>-----<br><br>Plaintiff(s)/Petitioner(s):  Thomas D. Seaman, James Corey Goode<br>    v.<br>Defendant(s)/Respondent(s):  Alyssa Chrystie Montalbano | |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano, American Citizen<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365 E-mail: AriStoneArt@Ymail.com<br>Fax Number:              Atty. Reg. #: | Case Number: 18CV50<br><br><br>Division  5        Courtroom |
| **PLAINTIFF/DEFENDANT ALYSSA MONTALBANO**<br>**INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FROM**<br>**THOMAS D. SEAMAN DBA ALPINE JUDGMENT RECOVERY** | |

The Plaintiff/Defendant Alyssa Chrystie Montalbano requests, pursuant to C.R.C.P. 33 and 34, and Colorado Fair Debt Collection Practices Act, 5-16-109 (FDCPA §809); and Colorado Constitution, Bill of Rights, Sections 10 and 23; and United States Constitution, Article VII, that Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY produce the following for verification any lawful debt actually exists against Montalbano for collection:

1.  Produce and permit Montalbano to inspect and to copy the jury verdict from case 18CV50.

2.  State the date and location of the trial by jury for case 18CV50.

3.  State the docket number the verdict was entered on the court record for case 18CV50.

4.  Produce and permit Montalbano to inspect and copy the judgment entered after the jury verdict from case 18CV50.

Failure to produce the aforementioned documents/records within 14 days of service of this request or prior proceeding with any and all debt collection activities (whichever is sooner) in case 18CV50, could result in being summoned into Denver Federal Court Case 1:20-CV-00742-DDD-KLM as a third-party defendant for RICO and Racketeering, civil conspiracy, violation Colorado Fair Debt Collection Practices Act, invasion of privacy rights, infliction emotional distress, and unjust enrichment.

Plaintiff, Thomas D. Seaman/AJR must have possession, custody or control of the foregoing documents before proceeding with any debt collection activities. The requested documents constitute or contain evidence relevant and material to a matter involved in this action.

A copy of the documents are to be delivered to **Ms. Alyssa Chrystie Montalbano** by email at:

LegalZenACM@gmail.com

and

AriStoneArt@Ymail.com

And by United States Postal Service mail at:

2536 Rimrock Avenue

Suite 400-117

Grand Junction, Colorado 81505

I do hereby affirm under penalty of perjury that I have read each of the above questions and have answered them fully and truthfully and have provided for inspection the requested documents.

Dated: _____

_____

Plaintiff/Judgment Debt Collector

Subscribed and affirmed, or sworn to before me in the County of _____,

State of _____, this _____ day of _____, 20_____.

_____

Notary Public/Deputy Clerk

Alyssa Chrystie Montalbano v James Corey Goode

Reference ID: ▮▮▮▮▮▮▮
Submitted: 12/26/22

Case #: 18CV50
Documents Category: Other
Parties to Serve: Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY
Court: CO Mesa Co. District Court at Mesa County Justice Center
Type: Serve Only

**EXHIBIT DD**
**ANSWER & COUNTERCLAIMS**

## Status Overview

Document Review — Service — Proof — Complete

Stop & Cancel

## Key Events

All Activity

| Messages | Documents | Billing |
|---|---|---|

### Send a Message

Messages are monitored during business hours by customer support.

AM     Enter a message to send to ▮▮▮▮▮▮ tomer support.

Attach or Drag & Drop Documents

AM     Alyssa M. Jan 2, 2023 9:31 AM

## Case Activity

Expand All   |   Collapse All

Send Message

01/02/23 2:24 PM

1/2

→   Process server received documents for Thomas D. Seaman dba ALPINE JUDGMENT   ˅
     RECOVERY

01/02/23 10:31 AM

💬   Message from   AM   Alyssa Montalbano                                                    ˅

12/27/22 12:39 PM

💼   Thomas confirmed. Case # 18CV50 filed at CO Mesa Co. District Court at Mesa County   ˄
     Justice Center.

     PLAINTIFF/DEFENDANT ALYSSA MONTALBANO INTERROGATORIES AND REQUEST
     FOR PRODUCTION OF DOCUMENTS FROM THOMAS D. SEAMAN DBA ALPINE
     JUDGMENT RECOVERY

12/27/22 12:38 PM

⊕   Order entered

12/26/22 4:36 PM

⊕   Standard Delivery for Service of Process requested upon 1 party                         ˄

     Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY
     283 Meadows Circle, Ridgway, CO 81432

         📎 (1)