IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

       Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

       Defendants,

GAIA, INC.; and
JAY WEIDNER,

       Defendants and Counter Claimants, and

ALYSSA CHRYSTIE MONTALBANO,

       Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK;
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION;
VALERIE YANAROS WILDE;
ELIZABETH LORIE;
BRIAN JAMES FLYNN;
WILLIAM CAMPBELL;
MATTHEW GROVE;
DIANA TERRY; and
CHRISTINA GOMEZ,

       Third-Party Defendants.

---

**ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION
TO DISMISS COUNTERCLAIMS AND THIRD-PARTY CLAIMS**

---

United States Magistrate Judge Kristen L. Mix recommends that I dismiss many of Defendant/Counter Claimant/Third-Party Plaintiff Alyssa Montalbano's counterclaims and third-party claims. Ms. Montalbano objects to that recommendation, seeks Judge Mix's recusal, and seeks leave to amend her claims for the third time. For the following reasons, (1) Ms. Montalbano's objections to Judge Mix's recommendation are overruled; (2) Ms. Montalbano's various requests to disqualify Judge Mix are denied; (3) Judge Mix's recommendation is accepted and adopted; (4) Ms. Montalbano's counterclaims and third-party claims are dismissed, with the exception of her defamation claim against Plaintiff/Counter Defendant James Corey Goode and her claims against Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation; and (5) Ms. Montalbano's motions to further amend her claims are denied.

## BACKGROUND

In their operative second-amended complaint, Plaintiffs/Counter Defendants Goode and Goode Enterprise Solutions, Inc. allege various claims against several defendants, including Ms. Montalbano. Goode Enterprise Solutions, a company owned by Mr. Goode, "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." (Doc. 111.) The plaintiffs allege that Ms. Montalbano has infringed Goode Enterprise Solutions' trademarks, engaged in unfair competition and tortious business practices, and defamed and harassed Mr. Goode on social media. (*See id.* ¶¶ 17-121, 144-181, 195-208.) Ms. Montalbano's original answer to the second-amended complaint alleged counterclaims against the plaintiffs as well as third-party claims against ten third-party defendants. (Docs. 120, 121.) Ms. Montalbano has twice amended her answer, counterclaims, and third-party claims: first on April 26, 2021 (Doc. 184), and

again on June 18, 2021 (Doc. 217).[1] She currently seeks leave to amend her pleading for a third time. (Docs. 292, 308, 315; *see also* Doc. 310 (video exhibits to Doc. 308); Docs. 317, 319 (response and reply).) In her operative second-amended counterclaims and third-party claims, she alleges, among other things, that Mr. Goode and Goode Enterprise Solutions, along with the third-party defendants, have conspired to defraud her, misappropriated trade secrets including her dream journal records, infringed her copyrights in various self-published books, defamed her, and abused the legal process against her. (*See generally* Doc. 217 at 29-232.)

The counter defendants and Third-Party Defendants Light Warrior Legal Fund, LLC; Valerie Yanaros Wilde; Elizabeth Lorie; Brian James Flynn; William Campbell; Matthew Grove; Diana Terry; and Christina Gomez move to dismiss Ms. Montalbano's claims against them.[2] (Docs. 221, 222, 227, 233; *see also* Docs. 225, 231, 241, 243, 247, 253, 254,

---

[1] Although Ms. Montalbano's operative pleading is titled "First Amended Counterclaims Complaint" (Doc. 217 at 29), she has in fact revised the pleading twice (*see* Docs. 155-2 at 29-260, 204-2 at 29-248 (red-lined versions of first- and second-amended pleadings)).

[2] Light Warrior Legal Fund is another of Mr. Goode's companies. Ms. Yanaros and Ms. Lorie are attorneys who have represented Mr. Goode, opposing Ms. Montalbano, in various lawsuits filed in Colorado state courts. Mr. Flynn is a Colorado judge who presided over one of those lawsuits, and Mr. Grove, Ms. Terry, and Ms. Gomez are Colorado appellate judges who dismissed Ms. Montalbano's appeal of Judge Flynn's rulings as untimely. Mr. Campbell serves on the Colorado Commission on Judicial Discipline and did not discipline Judge Flynn in response to Ms. Montalbano's complaints.

The remaining third-party defendants, Mr. Wilcock and his Foundation, have not yet answered or otherwise responded to Ms. Montalbano's claims; they are awaiting the Court's ruling on Ms. Montalbano's requests for leave to amend her claims before doing so. (Doc. 314.) Mr. Wilcock co-hosts a show with Mr. Goode called "Cosmic Disclosure."

256, 271 (responses, replies, and sur-reply).) I referred those motions to Judge Mix, who recommends that all the claims at issue be dismissed except for Ms. Montalbano's defamation counterclaim against Mr. Goode. (Doc. 283.) Ms. Montalbano objects to that recommendation. (Doc. 290; *see also* Docs. 291, 294 (response and reply).) Ms. Montalbano also moved for Judge Mix's recusal and to strike Judge Mix's recommendation (Doc. 303), and Judge Mix denied that motion (Doc. 316). Ms. Montalbano objects to that denial (Docs. 318, 324) and moves for me to disqualify Judge Mix (Doc. 335).

## STANDARD OF REVIEW

When reviewing a magistrate judge's recommended disposition of a pretrial matter dispositive of a party's claim or defense, a district judge must conduct a de novo review of those portions of the magistrate judge's recommendation to which a party has filed timely and specific written objections. Fed. R. Civ. P. 72(b)(2)-(3); 18 U.S.C. § 636(b)(1). To preserve an issue for de novo review, a party's objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). As to those portions of the recommendation to which no timely, specific objection has been made, the district judge may review the magistrate judge's factual and legal conclusions under any standard the district judge deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Upon review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 18 U.S.C. § 636(b)(1).

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

Because Ms. Montalbano is not represented by an attorney, I liberally construe her pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I may not, however, supply additional factual allegations to "round out" her pleadings or assume the role of advocate on her behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*).

## DISCUSSION

I have reviewed Ms. Montalbano's operative pleading; the various motions and objections addressed in this Order and the responses, replies, and sur-reply thereto; Judge Mix's recommendation and orders;

the entire case file; and the applicable law. No hearing or oral argument is necessary. *See* Local Civ. R. 7.1(h).

## I.   Motions to Dismiss Counterclaims and Third-Party Claims

The counter defendants and third-party defendants (collectively, "the movants") move to dismiss Ms. Montalbano's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* Docs. 221, 222, 227, 233.)

### A.   Applicable Law

#### 1.   Rule 12(b)(1): Subject-Matter Jurisdiction

Rule 12(b)(1) motions generally take two forms: facial or factual attacks. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). A facial attack challenges the sufficiency of the complaint's factual allegations as to subject-matter jurisdiction, while a factual attack challenges the facts on which subject-matter jurisdiction depends. *Id.* When reviewing a facial attack on a complaint, a district court must accept the allegations in the complaint as true. *Id.* at 1002. But when reviewing a factual attack, the court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. The court must instead make its own findings as to the relevant jurisdictional facts, and has wide discretion to consider affidavits, documents, and other evidence outside the pleadings. *Id.*

#### 2.   Rule 12(b)(6): Failure to State a Claim

When presented with a Rule 12(b)(6) motion, a district court must decide whether the facts alleged in the complaint, if true, would entitle the claimant to some legal remedy. *See Conley v. Gibson*, 355 U.S. 41,

45-46 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The court must accept the alleged facts as true and view them in the light most favorable to the claimant. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the court need not accept as true conclusory allegations that are unsupported by factual averments. *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, accepted as true, allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court typically must not look outside the pleadings when deciding a Rule 12(b)(6) motion, but is permitted to consider documents that a complaint incorporates by reference, documents referred to in a complaint if they are central to the claims and their authenticity is undisputed, and facts of which a court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

## B. Analysis

Judge Mix's recommendation provides a thorough summary of the allegations in Ms. Montalbano's counterclaims and third-party claims, which span over 200 pages and assert twenty different alleged causes of action. (*See* Doc. 283 at 3-11; Doc. 217 at 29-232.) I will not repeat that summary here, but I note that I have reviewed Ms. Montalbano's operative second-amended pleading in full. Specific allegations are discussed as needed in the analysis below.

### 1. Claims Against Judges Flynn, Grove, Terry, and Gomez

Judge Mix recommends that Ms. Montalbano's claims against Judges Flynn, Grove, Terry, and Gomez be dismissed on the basis of

judicial immunity. (Doc. 283 at 14-15.) The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).

Ms. Montalbano objects to Judge Mix's recommendation, arguing that "[t]here is nothing in [Judge Mix's] Recommendation or in the Judicial Officers' MTD [#222] showing how the summoned Officers denying Constitutional Civil Rights, failing to follow Court Rules, and lying on Court records (Flynn) are in-fact judicial acts or official duties (job functions)." (Doc. 290 at 6; *see also* Doc. 294.) But all of Ms. Montalbano's claims against these judges are based on her allegations that they made incorrect or improper decisions or failed to perform their judicial duties in the cases in which she was a party before them. (*See* Doc. 217 ¶¶ 30(e)-(f), 32(f)-(g), 33(f)-(g), 34(f)-(g), ¶¶ 211-279.) Her claims are thus premised on "official adjudicative acts" by these judges, that is, acts (or in some of her allegations, failures to perform acts) that are normally performed by a judge. *See DeLia v. U.S. Dep't of Justice*, No. 21-5047, 2021 WL 4258758, at *3 (10th Cir. Sept. 20, 2021) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Ms. Montalbano does not allege that she ever dealt with these judges outside of their judicial capacities. *See id.* Even if, as Ms. Montalbano alleges, these judges exhibited bias toward her, improperly ignored rules and evidence, denied her constitutional rights, and lied in court orders, they did so in their official judicial capacities. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356-57.

Judges Flynn, Grove, Terry, and Gomez are entitled to judicial immunity from Ms. Montalbano's claims. Ms. Montalbano's objections are overruled, and her claims against the third-party-defendant judges will be dismissed.

### 2.   Claims Against Mr. Campbell

Judge Mix recommends that Ms. Montalbano's claims against Mr. Campbell be dismissed for lack of standing. Private citizens lack standing to assert claims premised on a disciplinary authority's failure to take appropriate disciplinary action against another. *Rojas v. Meinster*, No. 19-cv-01896-LTB-GPG, 2019 WL 8331477, at *5 (D. Colo. Sept. 10, 2019) (R. & R.) (finding plaintiff lacked standing to assert claims against Mr. Campbell premised on his alleged failure to appropriately discipline a judge), *adopted by* 2019 WL 8331473 (D. Colo. Oct. 11, 2019), *aff'd*, 785 F. App'x 616 (10th Cir. 2019) (noting district court had "accurately analyze[d] [the] issue").

Ms. Montalbano objects to Judge Mix's recommendation, arguing that she "has endured multiple threats of prosecutions and actual prosecutions" due to Mr. Campbell's failure to remove Judge Flynn from her case. (Doc. 290 at 11-12; *see also* Doc. 217 ¶¶ 10, 31, 271, 372, 628, 658-59.) Notably, though, all of the alleged "malicious prosecutions" cited by Ms. Montalbano were brought against her by Mr. Goode and Ms. Yanaros, not by Mr. Campbell. (Doc. 290 at 11-12.) Any injury to Ms. Montalbano caused by Mr. Goode's and Ms. Yanaros's conduct is not sufficiently traceable to Mr. Campbell such that Ms. Montalbano has standing to sue him in this context. Ms. Montalbano also argues that I must ignore the Supreme Court and Tenth Circuit authority cited in Judge Mix's recommendation. (Doc. 290 at 12-13; Doc. 294 at 9-10; *see also* Doc. 283 at 16 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (finding plaintiff lacked standing "to insert himself substantively into a license-based discipline system")).) But I am duty-bound to follow the precedents of both the Supreme Court

and the Tenth Circuit. *See, e.g.*, *Panetti v. Quarterman*, 551 U.S. 930, 961 (2007); *United States v. Spedalieri*, 910 F.2d 707, 709 & n.2 (10th Cir. 1990); *Werner v. Colo. State Univ.*, 135 F. Supp. 2d 1137, 1139-40 (D. Colo. 2000).

The controlling precedents demonstrate that Ms. Montalbano does not have standing to challenge Mr. Campbell's decision to discipline, or not discipline, Judge Flynn in response to her complaints. Her objections are overruled, and her claims against Mr. Campbell will be dismissed.

### 3. Claims Against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie

#### a. Claims Four, Five, Eight, Eleven, and Sixteen: Criminal Violations

Judge Mix recommends that Ms. Montalbano's Claims Four, Five, Eight, Eleven, and Seventeen be dismissed because a private citizen "lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution, in either state or federal court." (Doc. 283 at 18-21 (quoting *Rojas*, 2019 WL 8331477, at *2); *see also* Doc. 217 ¶¶ 354-66, 471-75, 570-88, 714-18 (asserting violations of 18 U.S.C. § 1341 ("Frauds and swindles"), 18 U.S.C. § 1343 ("Fraud by wire, radio, or television"), 18 U.S.C. § 1831 ("Economic espionage"), 18 U.S.C. § 1956 ("Laundering of monetary instruments"), 18 U.S.C. § 1951 ("Interference with commerce by threats or violence"), and 18 U.S.C. § 1952 ("Interstate and foreign travel or transportation in aid of racketeering enterprises")).) Ms. Montalbano consents to the dismissal of Claims Four, Five, Eight, Eleven, and Seventeen, but wishes to incorporate the facts alleged therein into her RICO claim (Claim One). (Doc. 290 at 15 & n.3.) I will therefore adopt the recommendation to dismiss these claims as against Mr. Goode, Goode Enterprise Solutions, Light Warrior

Legal Fund, Ms. Yanaros, and Ms. Lorie, and I will consider the allegations therein in connection with Ms. Montalbano's Claim One.

### b.   Claims One through Three, Six, Seven, Nine, Ten, Twelve through Fifteen, and Seventeen through Twenty

Judge Mix's recommends that, with the exception of Claim Ten against Mr. Goode, Ms. Montalbano's Claims One through Three, Six, Seven, Nine, Ten, Twelve through Fifteen, and Seventeen through Twenty be dismissed for failure to state a claim upon which relief can be granted.[3] (Doc. 283 at 17-57.)

As a preliminary matter, Ms. Montalbano objects to the recommendation as to Claims One through Three, Seven, Nine, Ten, Twelve, and Twenty on the basis that Judge Mix failed to properly apply the Federal Rules of Evidence concerning presumptions. (Doc. 290 at 16-22.) Ms. Montalbano argues that she has presumptively established certain facts and that therefore the only proper courses of action as to these claims are to either (a) allow the claims to move forward to discovery so Mr. Goode and Goode Enterprise Solutions may attempt to gather evidence to rebut the presumptive facts, or (b) immediately award her the damages the counter defendants have "silently acquiesced to" based on the unrebutted presumed facts. (Doc. 290 at 16-22.) Ms. Montalbano misunderstands the procedural posture of the case at this stage. As discussed above, a district court generally does not consider evidence outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss; the

---

[3]   This recommendation applies only to Ms. Montalbano's claims against the movants; it does not apply to Ms. Montalbano's claims against Mr. Wilcock and his Foundation, as those third-party defendants have not yet answered or otherwise responded to Ms. Montalbano's claims. (*See* Doc. 283 at 7 n.7.)

court instead simply presumes that all the well-pleaded facts in the complaint are true. The Federal Rules of Evidence do not apply in this context. Judge Mix properly applied the applicable standard of review (Doc. 283 at 13) and concluded that, even if all the facts Ms. Montalbano alleges in connection with Claims One through Three, Six, Seven, Nine, Ten, Twelve through Fifteen, and Seventeen through Twenty are true, Ms. Montalbano has not stated any claim that would entitle her to any legal remedy, with the exception of her defamation claim against Mr. Goode. Ms. Montalbano's objections concerning evidentiary presumptions are overruled.

### i.   Claim One: RICO

Judge Mix recommends that Ms. Montalbano's RICO claim be dismissed because Ms. Montalbano has not alleged facts sufficient to support a reasonable inference that the movants (1) engaged in an enterprise, or (2) engaged in a pattern of racketeering activity. (Doc. 283 at 21-25.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that, as to racketeering activity, the criminal violations alleged in her Claims Four, Five, Eight, Eleven, and Sixteen qualify as predicate acts under the RICO statute. (Doc. 290 at 22.) She does not object, however, to the portion of Judge Mix's recommendation finding that she has not alleged facts sufficient to show that Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, or Ms. Lorie acted as an enterprise, *i.e.*, "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). I have reviewed that portion of the recommendation to ensure that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. I agree with Judge

Mix's conclusion that Ms. Montalbano's allegations are conclusory and "entirely unclear with respect to how the actions of these varied persons and entities make up any kind of enterprise." (Doc. 283 at 24.) Ms. Montalbano's RICO claim is insufficiently pleaded for this reason alone, and I therefore need not address whether she has successfully alleged racketeering activity.

Ms. Montalbano's objections are overruled, and Claim One will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### ii. Claim Two: Fraudulent Misrepresentation

Judge Mix recommends that Ms. Montalbano's fraudulent misrepresentation claim be dismissed because (1) Ms. Montalbano has not alleged facts sufficient to support a reasonable inference that the movants made a false representation that she relied on to her detriment, and (2) her pleading fails to meet the Federal Rule of Civil Procedure 9(b) requirement that fraud claims be stated with particularity. (Doc. 283 at 25-28.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that the recommendation "prejudicially focuses on the fact that [Mr.] Goode defamed [Ms.] Montalbano as a stalker and dark alliance . . . and ignores all the other highly specified fraud acts contained directly in the claim or incorporated by reference citing: dates, times, places, and who." (Doc. 290 at 23-27.) To prevail on a fraudulent-misrepresentation in Colorado, a plaintiff must establish: (1) that the defendant made a false representation of a material fact; (2) that the defendant knew the representation was false; (3) that the person to whom the representation was made was ignorant of the falsity; (4) that the representation was made with the intention that it be acted upon; and (5) that

the plaintiff's reliance on the representation resulted in damage to the plaintiff. *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013). A complaint alleging fraud "must state with particularity the circumstances constituting fraud," though knowledge and intent "may be alleged generally." Fed. R. Civ. P. 9(b). This means that the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

In her objections, Ms. Montalbano purports to identify the places in her pleading that set forth the necessary elements of her fraudulent-misrepresentation claim with particularity (at least as to Mr. Goode). (Doc. 290 at 23-25.) Ms. Montalbano's fraudulent-misrepresentation claim is found at Paragraphs 294-336 of her pleading (Doc. 217). In her objections, in addition to citing allegations found in those paragraphs, she cites to allegations found in Paragraphs 23-26, 28-29, 37-224, 357, 514, and 579 of the pleading and thirteen pages of one of the exhibits attached to the pleading (Doc. 121-2 at 12-24) as establishing the necessary elements of her claim with particularity. Though the portion of the pleading setting forth the fraudulent-misrepresentation claim incorporates by reference the entirety of the rest of the pleading (Doc. 217 ¶¶ 294 (incorporating 281 paragraphs of "General Allegations"), 296 (incorporating "all 20 Claims as evidence of fraudulent misrepresentations")), as noted above, the pleading spans over 200 pages. It comprises 756 paragraphs (Doc. 217 at 29-232) and comes with twenty-five attached exhibits totaling nearly 200 pages (Docs. 121-1 to 121-25).

Expecting the defendants to "engage in a complicated scavenger hunt" and "attempt to piece together allegations from the Complaint with excerpts and quotations from []attached voluminous documents"

does not adequately place the defendants on notice of the specifics of the alleged fraudulent misrepresentations. *Pnmr Servs. Co. v. Marketsphere Consulting, LLC*, No. 12-852 LFG/KBM, 2012 WL 12892781, at *3 (D.N.M. Dec. 20, 2012). This approach "is the antithesis of pleading with particularity that Rule 9(b) requires." *Id.*; *accord Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242-43 (D. Colo. 2014) (such pleadings "place[] an inordinate burden on the part[ies] responding . . . requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim" (quoting *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011))). Although I construe Ms. Montalbano's pro se pleading liberally, she still must follow the same rules of procedure that govern other litigants, including the Rule 9(b) particularity requirement. *Virostek v. IndyMac Mortg. Servs.*, No. 11-cv-00030-WYD-MEH, 2012 WL 3261412, at *7 (D. Colo. May 29, 2012); *Rice v. Duncan*, No. Civ. 09-01224 LH/WDS, 2010 WL 11619124, at *10 (D.N.M. Aug. 23, 2010); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Even if, from somewhere in Ms. Montalbano's voluminous pleading, one might piece together factual averments sufficient to support each of the five elements of fraudulent misrepresentation as against one or more of the five defendants at issue here, the pleading fails to afford the movants fair notice of Ms. Montalbano's fraudulent misrepresentation claim and the factual ground on which it is based. Ms. Montalbano's objections are overruled, and Claim Two will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### iii. Claim Three: Colorado Consumer Protection Act

Judge Mix recommends that Ms. Montalbano's CCPA claim be dismissed because (1) Ms. Montalbano has not alleged facts sufficient to support a reasonable inference that the movants "knowingly [made] a false representation" as required by Colo. Rev. Stat. § 6-1-105(1)(e), and (2) her pleading fails to meet the Federal Rule of Civil Procedure 9(b) requirement that a deceptive-trade-practices claim under the CCPA be stated with particularity. (Doc. 283 at 28-30.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that her CCPA claim "meets the fraud requirements" because it (1) incorporates her fraudulent-misrepresentation allegations (Claim Two) in support of her CCPA claim that the defendants made false representations as to their own goods and services in violation of Colo. Rev. Stat. § 6-1-105(1)(e); and (2) incorporates her defamation allegations (Claim Ten) in support of her CCPA claim that the defendants disparaged her goods, services, or business through false or misleading representations in violation of Colo. Rev. Stat. § 6-1-105(1)(h). (Doc. 290 at 27-28.) Subsections (e) and (h) of CCPA Section 6-1-105(1) both fall under the heading of "deceptive trade practices." A claim for deceptive trade practices under the CCPA must be pleaded with particularity pursuant to Rule 9(b). *HealthONE of Denver v. UnitedHealth Grp. Inc.*, 805 F. Supp. 2d 1115, 1120-21 (D. Colo. 2011). In her objections, Ms. Montalbano purports to identify the places in her pleading that set forth the necessary elements of her CCPA claims with particularity. (*Id.* at 28-30.) She once again expects the defendants (and the Court) to hunt for and piece together allegations from the entirety of her voluminous pleading and fails to adequately place the movants on notice of the specifics of her CCPA claims.

Ms. Montalbano's objections are overruled, and Claim Three will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### iv.   Claim Six: Human Trafficking

Judge Mix recommends that Ms. Montalbano's human-trafficking claim be dismissed because her allegations relating to the use of "remote neural interfacing" to manipulate targets "into involuntary servitude" and "mind control them via dream states" are (1) speculative, and (2) do not constitute "recruit[ing], harbor[ing], transport[ing], provid[ing], or obtain[ing]" a person within the meaning of 18 U.S.C. § 1590(a). (Doc. 283 at 30-32.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that (1) her alleged facts show that remote neural trafficking is plausible; and (2) brain neural rights are being recognized as legally protectable, citing a Chilean law. (Doc. 290 at 30-31.) This is just the sort of implausible allegation that is so "wholly insubstantial or obviously frivolous" or "so patently without merit as to require no meaningful consideration" that it does not justify federal subject-matter jurisdiction. *See Coando v. Coastal Oil & Gas. Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)); *Wiley v. Nat'l Collegiate Athletic Ass'n*, 612 F.2d 473, 477 (10th Cir. 1979) (same); *Best v. Kelly*, 39 F.3d 328, 330 & n.3 (D.C. Cir. 1994) (claims alleging "bizarre conspiracy theories, any fantastic government manipulations of the[] will or mind, [or] any sort of supernatural intervention" are of the "essentially fictitious" type that "present[] no federal question suitable for decision"); *Tarshik v. Kansas*, No. 08-4058-SAC, 2008 WL 4489789, at *1 to *7 (D. Kan. Sept. 30, 2008) (plaintiff's claims that he had "been the target of an unknown, unidentified organized crime

syndicate which . . . attacked him with mind-bugging agents" were so "baseless and utterly lacking in merit" that court lacked federal subject-matter jurisdiction).[4]

And even if her allegations were plausible, Ms. Montalbano cites to no legal authority from the United States that indicates using mind control to remotely manipulate someone into performing labor or services falls within the ambit of 18 U.S.C. § 1590(a), which by its text appears to be directed at physically recruiting, providing, or obtaining a person. If Congress "meant to do anything so dramatic" as prohibit the use of "remote neural interfacing" or "mind control via dream states" to force a person to perform labor or services, "it might reasonably be expected to have said so directly." *See United States v. Mollner*, 643 F.3d 713, 718 (10th Cir. 2011) (quoting *Banzhaf v. FCC*, 405 F.2d 1082, 1089 (D.C. Cir. 1968)).

Ms. Montalbano's objections are overruled, and Claim Six will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### v.   Claim Seven: Trade Secrets

Judge Mix recommends that Ms. Montalbano's federal and state trade-secrets claims be dismissed because her pleading does not sufficiently allege that she took reasonable measures to maintain the secrecy

---

[4]   *See also Moyer v. Int'l Bus. Machs. Corp.*, 81 F. App'x 662 (9th Cir. 2003) (summarily affirming Rule 12(b)(6) dismissal of plaintiff's claim that former employer destroyed his life via mind control); *Phillips v. May*, No. 3:21-cv-02228, 2023 WL 185116, at *2 n.1 (N.D. Ohio Jan. 13, 2023) (plaintiff's "fantastic" and "delusional" allegations that defendants used mind control were "simply too irredeemably bizarre to be able to state a plausible claim under *Iqbal/Twombly*").

of her purported trade secrets, *i.e.*, her dream journal records. (Doc. 283 at 32-36.)

Ms. Montalbano objects, arguing that she didn't know her dream journal records were trade secrets "until it was 'too late'"—she realized her records constituted "legitimate dream research" only after she had already voluntarily disclosed them to Mr. Goode, Goode Enterprise Solutions, and Mr. Wilcock (albeit, she alleges, based on fraudulent misrepresentations). (Doc. 290 at 31-35.) She asserts that once she realized the value of what she had disclosed, she attempted to enter into a privacy agreement with Mr. Goode, Goode Enterprise Solutions, and Mr. Wilcock. (*Id.* at 32-33.) She cites what she calls her "Pre-Litigation Affidavit Complaint," which appears to be a series of cease-and-desist letters she sent to Mr. Goode and Goode Enterprise Solutions in April, May, and June 2018. (Doc. 121-18.) She contends these letters became legally binding privacy agreements after the recipients failed to respond to them and she filed them with a Clerk and Recorder's office. (Doc. 290 at 33-34.) But Ms. Montalbano cites no legal authority supporting her contention that information can retroactively become a trade secret after it has already been voluntarily disclosed to another with the expectation that it may be made public.

Given Ms. Montalbano's acknowledgement that she voluntarily shared her dream journal records with Mr. Goode with the expectation that he would share the records with Mr. Wilcock and the public,[5] I agree with Judge Mix's conclusion that even accepting Ms. Montalbano's

---

[5]   (Doc. 217 ¶¶ 442-43, 449 (Ms. Montalbano expected to receive "the goodwill of the public" in exchange for sharing her dream journal records with Mr. Goode and Mr. Wilcock), 445 ("reasonable care was taken by Montalbano to keep her Trade Secrets, secret," "*[w]ith exception of Goode and Wilcock*" (emphasis added)).)

allegations as true, she has not taken reasonable measures to maintain the secrecy of her purported trade secrets.[6] Ms. Montalbano's objections are overruled, and Claim Seven will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### vi.   Claim Nine: Copyright Infringement

Judge Mix recommends that Ms. Montalbano's common-law and statutory copyright infringement claims be dismissed because (1) the federal Copyright Act preempts any state common-law copyright claims, (2) Ms. Montalbano does not allege that she has any registered copyrights in her dream journal records, and (3) as to her registered copyrights in two books, Ms. Montalbano's infringement allegations are conclusory. (Doc. 283 at 36-38.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that her common-law copyright claims should not be preempted. (Doc. 290 at 35-38.) But the law is clear that "no person is entitled to any [copyright] right[s] in any . . . work under the common law or statutes of any State." 17 U.S.C. § 301(a); *see also Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1542 (10th Cir. 1996) ("Section 301 of the Copyright Act preempts enforcement of any state cause of action which is equivalent in substance to a federal copyright infringement claim."). Ms. Montalbano does not object to the portion of Judge Mix's

---

[6]   What is more, Ms. Montalbano refers in her objections to an exhibit titled "Trade Secret Evidence" (Doc. 205-1), which appears to be an excerpt from one of her dream journal records. She filed this exhibit publicly in this case and has made no attempt to restrict access to it, even though she is aware of the procedure for doing so. (*See* Doc. 280 (motion to restrict tax records).) She also appears to have filed this dream journal record publicly in her case before Judge Flynn. (*See* Doc. 205 at 10; Doc. 290 at 32.)

recommendation holding that she may not bring a federal claim for infringement of copyrights in unregistered works. Nor does Ms. Montalbano make any specific objection to Judge Mix's finding that her pleading makes only conclusory allegations concerning infringement of her registered copyrighted works. (*See* Doc. 290 at 35, 38 (objections focusing on "common law infringement facts" and "unpublished works" emailed to Mr. Goode).) I have therefore reviewed those portions of the recommendation to ensure that there is no clear error on the face of the record, and I agree with Judge Mix's conclusion that "Ms. Montalbano has not provided any non-conclusory allegations . . . that Mr. Goode, [Goode Enterprise Solutions], Ms. Yanaros, [Legal Warrior Light Fund], or Ms. Lorie infringed on any specific material contained in the[] two books" in which she holds registered copyrights. (Doc. 283 at 38.)

Ms. Montalbano's objections are overruled, and Claim Nine will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### vii.  Claim Ten: Defamation

Judge Mix recommends that Ms. Montalbano's defamation claim be dismissed as against Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie because Ms. Montalbano has not alleged that those defendants made any defamatory statements or to whom such statements may have been made. (Doc. 283 at 39-42.) As to Mr. Goode, Judge Mix determined that Ms. Montalbano's pleading adequately alleges a defamation claim. (*Id.* at 40-42.) Judge Mix recommends that Mr. Goode's motion to dismiss be denied without prejudice as to this claim, due to the possible applicability of the *Rooker-Feldman* doctrine. (*Id.* at 17-18, 42.)

Ms. Montalbano objects to Judge Mix's recommendation that her defamation claim against Light Warrior Legal Fund be dismissed, arguing that Light Warrior Legal Fund defamed her on its website "by promoting the fraudulent stalking TRO and criminal cases opened against [Ms.] Montalbano with lies." (Doc. 290 at 38-40.) These allegations, however, do not appear in her operative complaint against Light Warrior Legal Fund; she raises them instead in her brief responding to Light Warrior Legal Fund's motion to dismiss. (*Id.* at 39 (citing Doc. 254 and exhibits thereto).) She argues that her defamation claim against Light Warrior Legal Fund "must be amended to conform it to the evidence" cited in her response brief. (*Id.*) Ms. Montalbano's motions to file a third-amended pleading are addressed separately below.[7] But I agree with Judge Mix that the operative pleading does not adequately allege that Light Warrior Legal Fund made a defamatory statement or to whom such a statement may have been made.

Ms. Montalbano also objects to Judge Mix's recommendation that Mr. Goode's motion to dismiss be denied without prejudice as to this claim, arguing that the motion should instead be denied with prejudice because the *Rooker-Feldman* doctrine has been shown not to apply. (Doc. 290 at 14.) Judge Mix determined that "it is impossible to tell from the record before the Court whether Ms. Montalbano is suing Mr. Goode for defamation based on the same or different purportedly defamatory statements" as those that were at issue in the state-court case that was before Judge Flynn. (Doc. 283 at 17-18.) The *Rooker-Feldman* doctrine prevents federal courts from exercising subject-matter jurisdiction over cases that fall within its purview, namely "cases brought by state-court

---

[7]   I note that in none of her three pending motions for leave to amend does Ms. Montalbano submit a proposed third-amended pleading that includes proposed amendments to her defamation claim.

losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Having reviewed the state-court documents in the record and Ms. Montalbano's operative pleading, I agree with Judge Mix that, at least as to the defamation claim, Mr. Goode has not demonstrated that the *Rooker-Feldman* doctrine applies. Ms. Montalbano seeks monetary damages and various forms of injunctive relief against Mr. Goode for his alleged defamation (Doc. 217 ¶¶ 564-69), but she does not seek to reverse or "undo" the state-court judgment. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234, 1237 (10th Cir. 2006) (*Rooker-Feldman* doctrine does not apply "so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court," even if state-court loser raises "precisely the same legal issues in federal court"; the doctrine should not be treated as a substitute for ordinary principles of preclusion).

But because the *Rooker-Feldman* doctrine, if it applies, deprives the Court of subject-matter jurisdiction, I will deny Mr. Goode's motion to dismiss this claim without prejudice. Although I am presently satisfied that the doctrine does not apply such that I may proceed to exercise subject-matter jurisdiction over Ms. Montalbano's defamation claim against Mr. Goode, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In the event that the relevant circumstances change or I have misapprehended the relief that Ms. Montalbano seeks with respect to her defamation claim, Mr. Goode may file a renewed motion to dismiss for lack of subject-matter jurisdiction.

Ms. Montalbano does not object to Judge Mix's recommended dismissal of her defamation claim as against Goode Enterprise Solutions,

Ms. Yanaros, and Ms. Lorie. I have reviewed that recommendation to satisfy myself that there is no clear error on the face of the record, and the recommendation will be adopted.

Ms. Montalbano's objections are overruled, and Claim Ten will be dismissed as against Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie. Claim Ten will be allowed to proceed as against Mr. Goode.

### viii. Claim Twelve: Civil Conspiracy

Judge Mix recommends that Ms. Montalbano's civil-conspiracy claims be dismissed because (1) as to her claim under 42 U.S.C. § 1985, Ms. Montalbano has not alleged that the purported conspiracy was motivated by any racial or other protected class-based discriminatory animus, and (2) as to her claim under Colorado common law, Ms. Montalbano has failed to adequately allege a meeting of the minds among the defendants. (Doc. 283 at 42-44.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing as to her Section 1985 claim that she has in fact alleged a class-based discriminatory animus, namely that Judge Flynn was "prejudice[d] against [Ms.] Montalbano a pro se litigant (poor) and biased for a public figure with counsel (rich)." (Doc. 290 at 40.) But the term "class-based" in the context of a conspiracy claim under Section 1985(3) does not encompass economic class; it refers only to racial class and those few other classes of persons or rights "that are protected against private, as well as official, encroachment." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). It "does not . . . reach conspiracies motivated by an economic . . . bias." *Id.*

As to her common-law conspiracy claim, Ms. Montalbano argues that this claim "is not technically a stand-alone claim, but is a claim underlying the main [20] claims and in particular the RICO* claim. [Ms.] Montalbano clearly named the individuals jointly and severally liable for damages and shows their interconnection in the incorporated related claims which have been prejudicially ignored." (Doc. 290 at 40 (citation omitted).) But as noted above, Ms. Montalbano failed to adequately allege an enterprise, *i.e.*, "a group of persons associated together for a common purpose of engaging in a course of conduct," in connection with her RICO claim. For similar reasons, she has failed to adequately allege a "meeting of the minds" in connection with her civil-conspiracy claim. I agree with Judge Mix's conclusion that Ms. Montalbano's allegations are conclusory and do not provide a factual basis from which one can draw a reasonable inference that Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and/or Ms. Lorie conspired with each other and/or the third-party defendant judges to accomplish an unlawful act.

Ms. Montalbano's objections are overruled, and Claim Twelve will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### ix.   Claim Thirteen: Deprivation of Civil Rights

Ms. Montalbano asserts her Section 1983 claim against Ms. Yanaros and Ms. Lorie, but not against Mr. Goode, Goode Enterprise Solutions, or Light Warrior Legal Fund. (Doc. 217 at 52, 192.) Judge Mix recommends that this claim be dismissed because Ms. Montalbano has failed to plausibly allege either a due-process or an equal-protection violation. (Doc. 283 at 44-47.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that she was not given a fair hearing in her state-court case before Judge Flynn and that Ms. Yanaros violated her civil rights through abuse of process and malicious prosecutions. (Doc. 290 at 42-43.) But even if Ms. Montalbano had adequately alleged either a due-process or an equal-protection violation, her Section 1983 claim would still fail, because her pleading does not allege facts showing that Ms. Yanaros or Ms. Lorie acted "under color of state law" in their capacities as private attorneys for Mr. Goode and/or Goode Enterprise Solutions. "[P]rivate parties to litigation and their lawyers are not state actors." *Read v. Klein*, 1 F. App'x 866, 871-72 (10th Cir. 2001) (collecting cases); *see also Rubeck v. Brewster*, No. 21-8041, 2021 WL 5985346, at *1 (10th Cir. Dec. 17, 2021) (allegations that lawyer, on behalf of client, "sent a demand letter, participated in discovery, made various filings, and appeared in court" were insufficient to show lawyer acted under color of state law, even if such acts were discriminatory or wrongful); *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010) (allegations that attorneys misused state laws and misled state-court judge were insufficient to show that attorneys' conduct could be attributed to the state). Ms. Montalbano's pleading contains no non-conclusory allegations from which a reasonable inference can be drawn that Ms. Yanaros or Ms. Lorie acted under color of state law.

Ms. Montalbano's objections are overruled, and Claim Thirteen will be dismissed as against Ms. Yanaros and Ms. Lorie.

### x.   Claim Fourteen: Abuse of Process

Ms. Montalbano asserts her abuse-of-process claim against Mr. Goode, Goode Enterprise Solutions, Ms. Yanaros, and Ms. Lorie, but not against Light Warrior Legal Fund. (Doc. 217 at 52, 207.) Judge Mix

recommends that this claim be dismissed because the criminal statute under which Ms. Montalbano asserts her claim, 18 U.S.C. § 1589, applies to abuse of process to "provide[] or obtain[] the labor or services of a person," and Ms. Montalbano has not alleged that any abuse of the judicial proceedings at issue was done to obtain her forced labor. (Doc. 283 at 47-49.)

Ms. Montalbano objects, arguing that she should be allowed to amend her pleading to allege common-law abuse of process rather than abuse of process under Section 1589. (Doc. 290 at 43-46.) Ms. Montalbano's motions to file a third-amended pleading are addressed separately below.[8] But as Ms. Montalbano has not provided any argument as to why an abuse-of-process claim brought under Section 1589 should not be dismissed, I have reviewed Judge Mix's recommendation as to that claim to ensure that there is no clear error, and I agree with Judge Mix's conclusion.

Ms. Montalbano's objections are overruled, and Claim Fourteen will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Ms. Yanaros, and Ms. Lorie.

### xi.   Claim Fifteen: Malicious Prosecution

Ms. Montalbano asserts her malicious-prosecution claim against Mr. Goode and Ms. Yanaros, but not against Goode Enterprise Solutions, Light Warrior Legal Fund, or Ms. Lorie. (Doc. 217 at 219.) Judge Mix recommends that this claim be dismissed because Ms. Montalbano

---

[8]   I note that in none of her three pending motions for leave to amend does Ms. Montalbano submit a proposed third-amended pleading that includes proposed amendments to her abuse-of-process claim.

has not adequately alleged the no-probable-cause and malice elements of a malicious-prosecution cause of action. (Doc. 283 at 49-50.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that Judge Mix failed to consider factual allegations that were incorporated by reference into her malicious-prosecution claim. (Doc. 290 at 46-47 (citing Doc. 217 ¶¶ 698, 700 (incorporating by reference Doc. 217 ¶¶ 1-281 "and in particular ¶¶211-279," as well as "the allegations in Claims 12, 13, 14, and 16")).) I have reviewed de novo the cited allegations, which concern three unsuccessful stalking cases brought against Ms. Montalbano by Mr. Goode (represented by Ms. Yanaros) in 2018 and 2020. (*See, e.g.*, Doc. 217 ¶¶ 222, 225, 227, 239, 250, 673-74, 679-80, 701-02, 704, 706.) I agree with Judge Mix that Ms. Montalbano has failed to provide factual allegations sufficient to support a reasonable inference that Mr. Goode and Ms. Yanaros lacked probable cause to pursue the stalking claims against Ms. Montalbano, even though those claims were ultimately unsuccessful.

"Probable cause" in this context requires only that Mr. Goode and Ms. Yanaros "acted upon an honest and reasonable belief in commencing the proceeding[s] complained of." *Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 508 (1954). As to the first stalking case, Ms. Montalbano provides no non-conclusory factual allegation that would support a finding of no probable cause. As to the second and third cases, the only pertinent factual averments Ms. Montalbano provides are that (1) Mr. Goode and Ms. Yanaros filed two more stalking cases even though the previous case(s) were unsuccessful; (2) Mr. Goode and Ms. Yanaros fabricated evidence; and (3) Mr. Goode testified falsely in his verified complaints that Ms. Montalbano "called him all the time." (*See* Doc. 217 ¶¶ 674(A), 674(D)-(E), 679(A), 679(D).) Ms. Montalbano acknowledges, however, that she has created a YouTube channel that

- 28 -

"predominantly focus[es] on [Mr.] Goode"; that she has told Mr. Goode privately that he "shows up as her 'Twin Flame' in dreams states"; that she sent Mr. Goode "approximately 400 emails" in 2017; and that some of those emails included "private dream journal records" reflecting that she had sex with Mr. Goode "in dream states" and that he "intimately visited," "romantically visited," and married her in dreams or via astral projection. (*Id.* at 15-16, 63, 85-86, 93, 141, 172, 196.) Given those admissions, even construing all allegations in Ms. Montalbano's favor I cannot draw a reasonable inference that Mr. Goode (and his attorney) lacked reasonable grounds to commence proceedings against her, even if the facts ultimately did not meet the legal definition of stalking. *See Montgomery Ward*, 129 Colo. at 508 (probable cause for filing charges may exist "even though subsequent events may prove such charges to be erroneous"); *White v. Walker*, No. 10-cv-00880-PAB-MJW, 2011 WL 1002849, at *10 (D. Colo. Jan. 26, 2011) ("[I]t does not necessarily follow from the mere assertion that plaintiff was acquitted of all charges that the defendants lacked probable cause to charge and prosecute him.").

Ms. Montalbano's objections are overruled, and Claim Fifteen will be dismissed as against Mr. Goode and Ms. Yanaros.

### xii.  Claims Seventeen and Eighteen: Intentional Intrusion of Privacy Rights and Intentional Infliction of Emotional Distress

Ms. Montalbano consents to dismissal of claims Seventeen and Eighteen. (Doc. 290 at 47.) I therefore adopt the recommendation to dismiss these claims as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### xiii. Claim Nineteen: Negligent Infliction of Emotional Distress

Judge Mix recommends that Ms. Montalbano's claim for negligent infliction of emotional distress be dismissed because Ms. Montalbano has failed to sufficiently allege the elements of this claim requiring that (1) she was subject to an unreasonable risk of physical harm, (2) that she feared for her safety, or (3) that she suffered a physical injury or was in the zone of danger. (Doc. 283 at 54-56.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that she sufficiently alleged that she feared for her safety. (Doc. 290 at 47-48.) Ms. Montalbano does not object, however, to the portion of Judge Mix's recommendation finding that Ms. Montalbano failed to allege that she was subject to an unreasonable risk of physical harm or that she suffered a physical injury or was in the zone of danger. I have reviewed that portion of the recommendation to satisfy myself that there is no clear error on the face of the record, and I agree with Judge Mix's conclusion that Ms. Montalbano failed to allege these requisite elements of a claim for negligent infliction of emotional distress.

Ms. Montalbano's objections are overruled, and Claim Nineteen will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### xiv. Claim Twenty: Unjust Enrichment

Judge Mix recommends that Ms. Montalbano's claim for unjust enrichment be dismissed because Ms. Montalbano has failed to allege that (1) the defendants obtained a benefit at her expense and (2) that it would be unjust for the defendants to retain that benefit. (Doc. 283 at 56-57.)

Ms. Montalbano objects to Judge Mix's recommendation, arguing that the recommendation failed to account for various facts and allegations found throughout her voluminous pleading. (Doc. 290 at 49-50.) It is true that Ms. Montalbano's unjust-enrichment claim incorporates "all allegations and claims as set forth in [her] entire complaint." (Doc. 217 ¶ 753.) Other than that, though, Ms. Montalbano's entire unjust-enrichment claim against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie consists of a single conclusory paragraph alleging only that those defendants obtained her trade secrets and other information "under circumstance of fraud and at [Ms.] Montalbano's expense." (*Id.* ¶ 754.) When an unjust-enrichment claim is premised on allegedly fraudulent conduct, it must be pleaded with particularity pursuant to Federal Rule of Civil Procedure 9(b). *Airquip, Inc. v. HomeAdvisor, Inc.*, No. 16-cv-01849-PAB-KLM, 2017 WL 4222618, at *7 (D. Colo. Sept. 21, 2017) (claims "sounding in fraud" must meet Rule 9(b)'s heightened pleading standard); *Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1184-85 (D. Colo. 2008) (applying Rule 9(b) to unjust-enrichment claim premised on alleged fraudulent misrepresentations). As discussed above, Ms. Montalbano's pleading fails to meet that standard. Incorporating by reference the entirety of her 204-page complaint fails to adequately place the movants on notice of the specifics of her fraud-based unjust-enrichment claim.

Ms. Montalbano's objections are overruled, and Claim Twenty will be dismissed as against Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal Fund, Ms. Yanaros, and Ms. Lorie.

### c.   Sanctions

In addition to seeking dismissal of Ms. Montalbano's claims against them, Mr. Goode, Goode Enterprise Solutions, Light Warrior Legal

Fund, Ms. Yanaros, and Ms. Lorie ask for sanctions against Ms. Montalbano in various forms. (*See* Doc. 221 at 1; Doc. 227 at 2, 20; Doc. 233 at 4, 9.) Judge Mix recommends that these sanctions requests be denied without prejudice. (Doc. 283 at 57-59.) As no party has objected to this portion of Judge Mix's recommendation, I have reviewed it to ensure that there is no clear error on the face of the record. There is none, so I adopt the recommendation to deny without prejudice the requests to sanction Ms. Montalbano. I reiterate, however, Judge Mix's warning to Ms. Montalbano that any future papers filed in this case that are verbose, redundant, ungrammatical, or unintelligible may be stricken without further notice, and the filing of such papers may be grounds for sanctions.[9] Local Civ. R. 7.1(i).

## II.  Requests to Disqualify Magistrate Judge Mix

After Judge Mix entered her recommendation that I dismiss many of Ms. Montalbano's claims, Ms. Montalbano filed a motion requesting that Judge Mix "self-recuse, or be recused" based on "the appearance of bias for her licensed peers and famous public figure artist author defendants, and for showing the appearance of prejudice against a non-famous, non-rich, pro se litigant author artist, Ms. Montalbano." (Doc. 303.) Ms. Montalbano also requested that Judge Mix's recommendation be stricken from the record. (*Id.*) I referred the motion for recusal to Judge Mix, and Judge Mix denied the motion, finding no basis for concluding that her impartiality in this case might reasonably be

---

[9]  Most of the papers Ms. Montalbano has filed to date meet this description, being at a minimum verbose and ungrammatical, if not outright unintelligible. I have thus far given Ms. Montalbano great leeway on this front in light of her pro se status, but she is cautioned that I may be less forgiving of such deficiencies in the future if she continues her practice of filing numerous and unnecessarily voluminous papers.

questioned. (Doc. 316.) Ms. Montalbano objects to Judge Mix's denial of the motion to recuse. (Doc. 318.) She also objects to my referral of any matters to Judge Mix while her requests for Judge Mix's recusal remain pending. (Doc. 324.) And she has separately filed a document titled "Notice Disqualification Magistrate Judge Mix" (Doc. 335), which I will liberally construe as a motion for me to disqualify Judge Mix.

"Any justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[Sh]e shall also disqualify [her]self . . . [w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

Ms. Montalbano contends that Judge Mix is biased (a) in favor of her "licensed peers," *i.e.*, other lawyers and judges, (b) in favor of the rich and famous, *i.e.*, Mr. Goode and Mr. Wilcock, and (c) against non-famous and poor litigants such as herself. She further contends that Judge Mix's recommendations in this matter and in a related case, *Seaman v. Montalbano*, No. 1:22-cv-02224-CNS (D. Colo. filed Aug. 26, 2022), have been unconstitutional and "exactly opposite" to the governing law. And she alleges, based only on her unsubstantiated "beliefs," that Judge Mix "is a fan" of Mr. Goode and Mr. Wilcock; that Judge Mix "is friends with the Judicial Officer defendants outside the Court room"; and that Judge Mix "is involving herself in the politics and public clamor of this public case." (Doc. 303 at 14, 17; Doc. 335 at 3.)

Ms. Montalbano appears to have a habit of responding to unfavorable court rulings with allegations of bias or misconduct on the part of the judge or judges who issued those rulings. Having reviewed Judge Mix's recommendation as to the movants' motions to dismiss, it is apparent that Judge Mix recommends dismissal of all but one of

Ms. Montalbano's claims at issue not because of bias but because those claims as pleaded lack merit. Judge Mix's recommendation is thorough, well-reasoned, and impartial. I see nothing in the recommendation indicating that Judge Mix has a personal bias or prejudice concerning any party to this case, nor anything indicating that Judge Mix's impartiality might reasonably be questioned. "Factors that *do not* merit disqualification include: rumor, speculation, [or] beliefs[;] . . . and prior rulings that were adverse to the moving party in this proceeding, or in another proceeding." *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001). That is all that Ms. Montalbano has offered in support of her requests to disqualify Judge Mix.

Ms. Montalbano's objections to Judge Mix's denial of her recusal motion and to my continued referral of matters to Judge Mix are overruled, and her motion to disqualify Judge Mix will be denied. I caution Ms. Montalbano that any future papers that contain unsupported ad hominem attacks on Judge Mix—or that otherwise contain baseless or disrespectful allegations against any judicial officer of this Court—will be stricken from the record.

### III. Motions for Leave to File Third Amended Answer, Counterclaims, and Third-Party Claims

Ms. Montalbano seeks leave to amend her counterclaims and third-party claims for a third time in order to, among other things, correct organizational issues, remove certain claims and remove some defendants from certain claims, and conform the claims to evidence in the record. (*See* Doc. 292 at 7-8; Doc. 308 at 7, 8; Doc. 315 at 6.) She has filed three separate motions seeking leave to amend.

In the first, she acknowledges that a proposed third-amended pleading is not attached to the motion as required by Local Civil Rule 15.1(b),

but she states this is because she "does not want to waste her time or the Courts by writing another potentially incorrectly formatted complaint due to not having equal access to the Court's 'unwritten' Rules."[10] (Doc. 292 at 11-12.) In the second, Ms. Montalbano attaches a proposed third-amended RICO claim and states that "[o]ther claim Amendments are forthcoming" and that "[e]ach claim amendment made hereafter will also be . . . submitted similar to this, until all proposed amendments are completed, at which time a full version of the 'TACC' (Third Amended Counterclaims Complaint) will be submitted." (Doc. 308 at 7, 10.) Similarly, in her third motion for leave, Ms. Montalbano attaches a proposed third-amended claim for deprivation of civil rights and states that this claim "is submitted for approval to amend on its own" and that "[e]ach claim amendment made hereafter will also be . . . submitted similar to this, until all proposed amendments are completed, at which time a full version [of her third-amended pleading] will be submitted." (Doc. 315 at 8.)

Generally, a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018).

Justice does not require, or even permit, further amendment of Ms. Montalbano's pleading. Amendment is futile as to her claims against Judges Flynn, Grove, Terry, and Gomez; her claims against

---

[10]   At the time this motion for leave was filed, Ms. Montalbano had a pending motion for appointment of pro bono counsel (Doc. 278), but Judge Mix has since denied that motion without prejudice (Doc. 300).

Mr. Campbell; and her Claims Four, Five, Eight, Eleven, and Sixteen. No amendment can overcome the absolute immunity to which the judicial defendants are entitled for actions taken in their official judicial capacities. And no amendment can overcome the standing defects present in her claims against Mr. Campbell and Claims Four, Five, Eight, Eleven, and Sixteen.

As to her remaining Claims One through Three, Six, Seven, Nine, Ten, Twelve through Fifteen, and Seventeen through Twenty, Ms. Montalbano has already amended her pleading twice, and her previous amendments did not cure the defects present in those claims. "[C]ases are not to be litigated piecemeal," and a court does "not have to address repeated 'improvements' to the complaint." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) ("[W]e have upheld the denial of leave to amend when the moving party . . . attempted to present theories of recovery *seriatim* to the district court.")). Ms. Montalbano, moreover, has submitted proposed amendments as to only two of those fifteen claims, despite having had ample time to review Judge Mix's recommendation detailing the defects in her operative pleading. Leave to amend may be denied where a movant fails to inform the court how he or she intends to fix the pleading at issue and instead leaves the court to wonder what the amendments might be. *Warnick*, 895 F.3d at 755.

Exercising my discretion, I will deny Ms. Montalbano's motions for leave to file a third-amended pleading because as to some claims, amendment would be futile, and as to the remaining claims, her two prior amendments have failed to cure the pleading deficiencies discussed above in connection with the motions to dismiss.

CONCLUSION

It is **ORDERED** that:

Defendant/Counter Claimant/Third-Party Plaintiff Alyssa Montal-bano's Objection to Magistrate Recommendation [#283] (**Doc. 290**) is **OVERRULED**;

Ms. Montalbano's Response and Objection to Magistrate Order [#316] (**Doc. 318**) and Objection to Order [#323] Referring Emergency Motion [#322] to Magistrate Judge Mix (**Doc. 324**) are **OVERRULED**, and her Notice of Disqualification of Magistrate Judge Mix (**Doc. 335**) is **DENIED**;

The Recommendation of United States Magistrate Judge (**Doc. 283**) is **ACCEPTED** and **ADOPTED**;

Third-Party Defendant Elizabeth Lorie's Motion to Dismiss (**Doc. 221**) is **GRANTED IN PART** as to the request to dismiss Ms. Montalbano's claims and **DENIED WITHOUT PREJUDICE IN PART** as to the request to impose sanctions against Ms. Montalbano. Ms. Montalbano's Claims Four through Six, Eight, Eleven, and Sixteen against Ms. Lorie are **DISMISSED WITHOUT PREJUDICE**, and her remaining claims against Ms. Lorie are **DISMISSED WITH PREJUDICE**;

Third-Party Defendants Brian James Flynn, William Campbell, Matthew Grove, Diana Terry, and Christina Gomez's Motion to Dismiss (**Doc. 222**) is **GRANTED**. Ms. Montalbano's claims against Judges Flynn, Grove, Terry, and Gomez are **DISMISSED WITH PREJUDICE**, and her claims against Mr. Campbell are **DISMISSED WITHOUT PREJUDICE**;

Plaintiffs/Counter Defendants James Corey Goode and Goode Enterprise Solutions, Inc.'s Second Renewed Motion to Dismiss

(**Doc. 227**) is **GRANTED IN PART** as to the request to dismiss Ms. Montalbano's claims except Claim Ten against Mr. Goode and **DENIED WITHOUT PREJUDICE IN PART** as to the request to dismiss Claim Ten against Mr. Goode and the request to impose sanctions against Ms. Montalbano. Ms. Montalbano's Claims Four through Six, Eight, Eleven, and Sixteen against both counter defendants are **DISMISSED WITHOUT PREJUDICE**, and her remaining claims against both counter defendants are **DISMISSED WITH PREJUDICE** with the exception of Claim Ten against Mr. Goode;

Third-Party Defendants Light Warrior Legal Fund, LLC and Valerie Yanaros Wilde's Motion to Dismiss (**Doc. 233**) is **GRANTED IN PART** as to the request to dismiss Ms. Montalbano's claims and **DENIED WITHOUT PREJUDICE IN PART** as to the request to impose sanctions against Ms. Montalbano. Ms. Montalbano's Claims Four through Six, Eight, Eleven, and Sixteen against those third-party defendants are **DISMISSED WITHOUT PREJUDICE**, and her remaining claims against those third-party defendants are **DISMISSED WITH PREJUDICE**;

Ms. Montalbano's Partially Opposed Third Motion to Amend Counterclaims Complaint [#217] (**Doc. 292**); Partially Opposed Third Motion to Amend Counterclaims Complaint [#217], RICO Claims (**Doc. 308**); and Partially Opposed Third Motion to Amend Counterclaims Complaint [#217], Claim 13 (Deprivation of Civil Rights) (**Doc. 315**) are **DENIED**. Pursuant to Judge Mix's Minute Order (Doc. 314), Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation must answer or otherwise respond to Ms. Montalbano's operative second-amended third-party claims (Doc. 217) **within fourteen days** of this Order;

Pursuant to Federal Rule of Civil Procedure 54(b), I have determined that there is no just reason for delay, and the Clerk of Court is **DIRECTED** to enter partial final judgment in favor of Third-Party Defendants Light Warrior Legal Fund, LLC; Valerie Yanaros Wilde; Elizabeth Lorie; Brian James Flynn; William Campbell; Matthew Grove; Diana Terry; and Christina Gomez in accordance with this Order and the other orders filed during the pendency of this case;

Ms. Montalbano's Objection to Order [#286] (**Doc. 289**) is **OVERRULED**. Ms. Montalbano objects to Judge Mix's nondispositive Minute Order (Doc. 286) denying her motion (Doc. 262) to lift the stay of discovery imposed on April 26, 2021 (*see* Doc. 182). Having reviewed the relevant record, I discern no clear error or misapplication of law in Judge Mix's determination that it is "appropriate to wait until it is clear which claims will proceed in this matter before lifting the stay of discovery"; and

Ms. Montalbano's Partially Opposed Motion to Claim and Exercise Constitutional Rights and Require Presiding Judge to Rule Upon this Motion and All Public Officers of this Court (**Doc. 334**) is **DENIED AS MOOT**. Ms. Montalbano asks me to "acknowledge," "uphold," and "adhere to" the United States Constitution, the Colorado Constitution, and various rights protected thereby. I have taken an oath to "faithfully and impartially discharge and perform all the duties incumbent upon me as a United States District Judge under the Constitution and laws of the United States." 28 U.S.C. § 453. I have abided by that oath to the best of my ability and will continue to do so as long as I hold the office

of United States District Judge, without the necessity of a motion from any litigant.

DATED: February 17, 2023                    BY THE COURT:

                                            Daniel D. Domenico
                                            United States District Judge