IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KLM

GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiff, and

JAMES COREY GOODE,

    Plaintiff and Counter Defendant,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA CHRYSTIE MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION,

    Third-Party Defendants.

---

ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION
TO DENY MOTION TO CONSOLIDATE AND STAY

---

Defendant/Counter Claimant/Third-Party Plaintiff Alyssa Montalbano moves to consolidate pending post-judgment proceedings in a

- 1 -

Colorado state-court case with this federal case. Magistrate Judge Kristen L. Mix recommends denying that motion. Ms. Montalbano objects, and she moves separately to join a party from the state-court case at issue as a party to this action. For the following reasons, (1) Ms. Montalbano's objections to Judge Mix's recommendation are overruled; (2) Judge Mix's recommendation is accepted and adopted; and (3) Ms. Montalbano's various requests to consolidate the state-court case with this federal case, to join a party from the state-court case as a party to this case, and to stay the state-court proceedings are denied.

## BACKGROUND

In their operative second-amended complaint, Plaintiff Goode Enterprise Solutions, Inc. and Plaintiff/Counter Defendant James Corey Goode allege various claims against several defendants, including Ms. Montalbano. Goode Enterprise Solutions, a company owned by Mr. Goode, "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." (Doc. 111.) The plaintiffs allege that Ms. Montalbano has infringed Goode Enterprise Solutions' trademarks, engaged in unfair competition and tortious business practices, and defamed and harassed Mr. Goode on social media. (*See id.* ¶¶ 17-121, 144-181, 195-208.) In her operative second-amended answer, counterclaims, and third-party claims, Ms. Montalbano alleges, among other things, that Mr. Goode and Goode Enterprise Solutions, along with ten third-party defendants, have conspired to defraud her, misappropriated trade secrets including her dream journal records, infringed her copyrights in various self-published books, defamed her, and abused the legal process against her. (*See generally* Doc. 217 at 29-232.) Many of Ms. Montalbano's counterclaims and third-party claims have been dismissed, but her defamation claim against Mr. Goode and her claims against Third-Party Defendants

David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation remain. (*See* Doc. 345.)

This case, however, is not the first time that Mr. Goode and Ms. Montalbano have been involved in litigation against one another. In June 2018, Ms. Montalbano filed a case against Mr. Goode in the state District Court for Mesa County, Colorado ("Case 18CV50"). Mr. Goode attempted to remove Case 18CV50 to this District, but after Ms. Montalbano amended her claims to remove all federal-law causes of action, the case was remanded to state court, at her request, for lack of federal subject-matter jurisdiction. *See Montalbano v. Goode*, No. 1:18-cv-02060-RM-GPG (D. Colo. filed Aug. 13, 2018). In January 2020, Mesa County District Court Judge Brian James Flynn granted Mr. Goode's motion to dismiss Ms. Montalbano's complaint in Case 18CV50 for failure to state a claim. (Doc. 325-1 at 1.) He found that Ms. Montalbano "failed to state a cognizable claim as dream visions are neither tangible nor intangible property and [she] has failed to show that [Mr. Goode] broadcasted any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast." (*Id.*) Judge Flynn also found that Mr. Goode was entitled to an award of attorney fees. (*Id.*) In August 2020, Judge Flynn awarded Mr. Goode $116,600 in attorney fees and entered judgment in his favor in that amount against Ms. Montalbano. (Doc. 325-2 at 1.) Ms. Montalbano appealed that judgment to the Colorado Court of Appeals (Doc. 222-9), but her appeal was dismissed as untimely (Doc. 222-12).

Mr. Goode apparently sold and assigned the $116,600 judgment to a company called Alpine Judgment Recovery. In July 2022, Thomas D. Seaman of Alpine Judgment Recovery filed a motion in Case 18CV50 to transfer the judgment to Alpine Judgement Recovery and authorize post-judgment interrogatories. (Doc. 325-4.) On July 20, 2022, Judge

Flynn granted that motion (Doc. 325-5), and Ms. Montalbano then objected (Doc. 325-6). On August 3, 2022, Ms. Montalbano filed in this case a motion seeking to join Mr. Seaman as a party. (Doc. 320.) On August 5, 2022, Judge Flynn vacated his order granting the motion to transfer the judgment in Case 18CV50 and gave Ms. Montalbano an opportunity to file a response to the motion. (Doc. 325-7.)

That same day, Ms. Montalbano filed in this case a motion seeking to stay Case 18CV50 and consolidate it with this one. (Doc. 322; *see also* Docs. 325, 326 (response and reply).) I referred that motion to Judge Mix, who recommends that it be denied. (Doc. 336.) Ms. Montalbano objects to that recommendation (Doc. 338), and she has also filed a motion seeking to supplement her motions to consolidate cases and to join Mr. Seaman. (Doc. 331; *see also* Docs. 332, 333 (response and reply).)

On August 26, 2022, Ms. Montalbano attempted to remove Case 18CV50 to this District, but the case was again remanded to state court for lack of federal subject-matter jurisdiction. *See Seaman v. Montalbano*, No. 1:22-cv-02224-CNS (D. Colo. filed Aug. 26, 2022). In January 2023, Ms. Montalbano again attempted to remove Case 18CV50 to this District, but it was remanded—again—to state court for lack of federal subject-matter jurisdiction. *See Montalbano v. Goode*, No. 1:23-cv-00145-RM-GPG (D. Colo. filed Jan. 17, 2023).

### STANDARD OF REVIEW

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is

left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

Because Ms. Montalbano is not represented by an attorney, I liberally construe her pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). I may not, however, assume the role of advocate on her behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*).

## DISCUSSION

I have reviewed Ms. Montalbano's various motions and objections addressed in this Order and the responses and replies thereto; Judge Mix's recommendation and orders; the entire case file; and the applicable law.

### I. Joinder of Mr. Seaman

Ms. Montalbano moves to join Mr. Seaman as a party to this case pursuant to Federal Rule of Civil Procedure 19, which provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or

>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Ms. Montalbano requests that Mr. Seaman be joined "as a third-party defendant to all [her] pending claims related to his client Mr. Goode." (Doc. 320 at 7.) The only such claim that remains pending is her defamation claim against Mr. Goode.

Ms. Montalbano contends that this Court "cannot accord complete relief among existing parties" in Mr. Seaman's absence; that Mr. Seaman "claims an interest relating to the subject" of this action; and that disposing of this action in Mr. Seaman's absence may leave her "subject to a substantial risk of incurring . . . multiple, or otherwise inconsistent obligations." Her arguments are premised on Mr. Seaman's interest in the $116,600 judgment against her in Case 18CV50 and her belief that that judgment was fraudulently obtained.

Ms. Montalbano appears to be under the misconception that this Court has the power to overturn or eliminate the state-court judgment. But that is not so; she may not circumvent the judgment in Case 18CV50 by mounting a collateral attack on it in this case. *See Farris v. Burton*, 686 F. App'x 590, 593 (10th Cir. 2017) ("[A]s long as the state-court judgment stands—collateral attacks based on a party corrupting the state judicial process are properly brought only in state court."); *Harbinger Cap. Partners LLC v. Ergen*, 103 F. Supp. 3d 1251, 1265-66 (D. Colo. 2015) ("A 'collateral attack' . . . whereby a party seeks to circumvent an earlier ruling of one court by filing a subsequent action in another court"

- 6 -

is not permitted.); *Hiles v. NovaStar Mortg., Inc.*, No. 1:12-cv-392, 2015 WL 4538387, at *3 & n.6 (S.D. Ohio July 21, 2015) ("[I]f a plaintiff believes that a state court judgment was obtained by fraud on the state court, the plaintiff's remedy is by way of a motion for relief from judgment . . . before the state court[], not by way of a collateral attack on that court's judgment in federal court." (collecting cases)); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2868 (3d ed.) ("[T]he majority of cases hold that the federal courts cannot enjoin the enforcement of state judgments[,] and there are sound policy considerations supporting this result."). Even if she ultimately prevails on her defamation claim against Mr. Goode in this case and obtains a judgment for damages against him, Ms. Montalbano will still remain subject to the judgment for attorney fees against her in Case 18CV50. Joining Mr. Seaman as a party to this case will not change that.

Mr. Seaman is therefore not a required party under Rule 19, and Ms. Montalbano's motion to join him as a party to this action will be denied.

## II. Consolidation of Cases

Judge Mix recommends that I deny Ms. Montalbano's request to consolidate Case 18CV50 with this one because Case 18CV50 is not "before the court" within the meaning of Federal Rule of Civil Procedure 42(a). (Doc. 336 at 3-4 ("[D]ecisions on this issue have uniformly held that a state court case may not be directly consolidated with a federal court case.").) I have reviewed the recommendation and Ms. Montalbano's objections (Doc. 338), and there is no clear error or misapplication of law in Judge Mix's recommendation.[1] Ms. Montalbano's objections are

---

[1] I would reach the same conclusion were I to review the issues de novo.

- 7 -

therefore overruled, and her request to consolidate the two cases will be denied.

**III. Staying Case 18CV50**

Judge Mix recommends that I deny Ms. Montalbano's request to stay Case 18CV50 because the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from granting an injunction to stay proceedings in a state court except under very narrow circumstances that are not present here. (Doc. 336 at 4-5.) I have reviewed the recommendation and Ms. Montalbano's objections (Doc. 338), and I discern no error or misapplication of law in Judge Mix's recommendation, let alone any clear error.[2] Ms. Montalbano's objections are therefore overruled, and her request to stay Case 18CV50 will be denied.

## CONCLUSION

It is **ORDERED** that:

Defendant/Counter Claimant/Third-Party Plaintiff Alyssa Montalbano's Motion for Required Joinder Pursuant to FRCP 19 (**Doc. 320**) is **DENIED**;

Ms. Montalbano's Objection to Order 336 for Violating Constitutional Law (**Doc. 338**) is **OVERRULED**;

The Recommendation of United States Magistrate Judge (**Doc. 336**) is **ACCEPTED** and **ADOPTED**;

Ms. Montalbano's Emergency Motion to Stay Court Case 18CV50 Pursuant to 28 U.S.C. § 2283 and Consolidate Cases Pursuant to FRCP 42(a) (**Doc. 322**) is **DENIED**;

---

[2] I would reach the same conclusion were I to review the issues de novo.

Ms. Montalbano's Partially Opposed Emergency Supplemental Motion to Consolidate Cases Pursuant to FRCP 42(a) and 28 U.S.C. § 1441(a) and (c) and Emergency Supplemental Motion for Joinder Pursuant to FRCP 19 (**Doc. 331**) is **DENIED**; and

Ms. Montalbano's Emergency Motion to Rule on Motions (**Doc. 337**), her Supplemental to Emergency Motion to Rule on Motions [#337] (**Doc. 339**), and her Second Supplemental to Emergency Motion to Rule on Motions (**Doc. 340**) are **DENIED AS MOOT**.[3]

DATED: February 17, 2023              BY THE COURT:

                                       _____
                                       Daniel D. Domenico
                                       United States District Judge

---

[3] In Doc. 337, in addition to seeking a ruling on various pending motions, Ms. Montalbano also requests that Mr. Goode's complaint against her be dismissed. (Doc. 337 at 12, 17.) Ms. Montalbano may, if she wishes, file a separate motion to dismiss the plaintiffs' claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(c) **within three weeks** of the date of this Order.