## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually

Counter-Defendants,


David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION

Third-Party Defendants.

---

**DEFENDANT ALYSSA MONTALBANO
MOTION TO DISMISS
SECOND AMENDED COMPLAINT [#111]**

---

Defendant, Ms. Alyssa Chrystie Montalbano, files this Motion to Dismiss pursuant leave of the court given February 17, 2023, Docket 348 at 9, granting three weeks from the date of the order to file a Motion to Dismiss the plaintiffs' Second Amended Complaint [#111]. Montalbano timely files this Motion to Dismiss and respectfully moves the court to dismiss James Corey Goode and GOODE ENTERPRISE SOLUTIONS INC ("GES") Second Amended Complaint [#111] against Ms. Montalbano in its entirety and with prejudice, pursuant Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim upon which relief may be granted.

**PRELIMINARY STATEMENT**

Ms. Montalbano files this Motion to Dismiss the Plaintiffs claims that have no basis in the law and are inadequately plead. The Plaintiffs have failed to plead facts sufficient to meet the basic standards of notice pleading, much less the plausibility standard of *Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and in any event the facts that have been plead in all instances fail to plead a claim.

Plaintiffs have plead that Ms. Montalbano and other Defendants, to notably include GAIA INC, are part of a suspected conspiracy and that they have misappropriated Plaintiff's Intellectual Property, misused their Trademarks, and defamed Mr. Goode.

1

In all claims after the general allegations the Plaintiffs' incorporate the entirety of their general allegations and all prior claims into the subsequent claim and expect Montalbano to "engage in a complicated scavenger hunt" and "attempt to piece together allegations from the Complaint…" *Pnmr Servs. Co v. Marketsphere Consulting,* LLC, No 12-852 LFG/KBM, 2012 WL 12892781, at *3 (D.N.M/ Dec 20, 2012) and "place[] an inordinate burden on the part[ies] responding . . . requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim" (quoting Jacobs v. Credit Suisse First Boston, No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, at *6 (D.Colo.Sept. 30, 2011)). Most of the general allegations, where the alleged 'facts' of the case are, are conclusory statements the Plaintiffs' expect Montalbano and the other defendants to piece together and make claims for them.

The Plaintiffs have failed to state any plausible claims against Ms. Montalbano and have again violated procedural and ethical obligations, and have again brought claims where there is no good faith basis for doing so.

The Federal claims of RICO and Trademark have failed completely to meet even the minimal requirements of the claims against Ms. Montalbano and all claims should be dismissed with prejudice.

When ruling on a Motion to Dismiss the court must accept all well plead factual allegations as true, the allegations set forth in the Complaint are accepted as true solely for the purpose of this Motion to Dismiss, and otherwise are denied in all respects.

## I.    THE PARTIES

Ms. Montalbano is a private individual residing in Grand Junction, Colorado (Complaint ¶11).

As alleged in the Complaint, Mr. Goode is believed to have a business address in Broomfield, Colorado, and is a public media figure believed to own Goode Enterprise Solutions (GES). (Complaint ¶¶2-3 and ¶17)

## II.    LEGAL STANDARDS APPLICABLE TO ALL CLAIMS

### RULE 12

To save the court time, Ms. Montalbano adopts the Rule 12 plausibility standards stated in Gaia's Motion to Dismiss, Docket 128[1] at 14, Section I, "RULE 12 REQUIRES CLAIMS TO BE PLAUSIBLE".

Plaintiffs' complaint is a conglomeration of conclusory statements, and they should not be granted leave to re-plead as they have already amended the claims twice and cannot fix the claims, and the entire complaint should be dismissed with prejudice.

---

[1] This prior filed Motion to Dismiss (1/12/21) by the GAIA defendants was permitted by Court Order March 30, 2021, to be cited in their later filed (4/5/21) Motion to Dismiss at Docket 175 (See #175 at 7, Footnote 1).

In all thirteen (13) amended claims, the Plaintiffs do not appear to make a single plausible claim against Ms. Montalbano and thereby all thirteen (13) remaining SAC [#111] claims are to be dismissed with prejudice.

### RICO

To save the court time, Montalbano adopts the RICO elements and plausibility standards stated in Gaia's Motion to Dismiss, Docket 128 at 15-17, Section II, A., 1., 2., 3., with section headings: "1. Required Elements of a RICO Claim;  2. Specific Standards Applicable to Predicate Offenses"; 3. Plaintiffs' Allegations Lack Required Elements of a RICO Claim" (with incorporated facts ending on p17).

Plaintiffs' RICO claim fails to show any pattern of racketeering by Montalbano and fails to allege any predicate acts of 'racketeering activity' to support their RICO claims, plaintiff only reference Montalbano's lawsuits [#111, ¶¶71-86] to protect her intellectual Property and stop defamation as a pro se litigant against Mr. Goode and cite Montalbano's YouTube channel and one video posted thereto [#111, ¶¶87-88]; and plaintiffs have failed to show any actionable fraud under the heightened Rule 9(b) requirement.

### ANSWERS

Montalbano filed an Answer to the plaintiffs' claims at Docket #217 at 1-28 (June 18, 2021), further showing there is no racketeering patterns, predicate acts, or fraud performed by Montalbano, or any other plausible claim in the complaint as alleged against Montalbano.

### III.   ARGUMENTS

### 1.  CLAIM 1: RICO

The Plaintiffs have confusingly attempted to allege 'Racketeering' against Montalbano. It is confusing, because they cite only "GAIA, Rysavy, Warkins, and Medvedich" (Collectively the "Gaia Defendants") as 'the Enterprise" but specifically do not include Montalbano in their RICO claim [#111, ¶¶125-126] or cite any facts involving Montalbano [Id, ¶122-140]. Claim 1: RICO, should be dismissed with prejudice to the extent it seeks in any capacity to include Montalbano, and for a clear failure to state any RICO claim against Montalbano.

### 2.  CLAIM II: Civil RICO Conspiracy

In Plaintiffs' civil RICO Conspiracy claim, they try to link Montalbano with the Gaia Defendants from claim 1, however they never named Montalbano in the RICO claim or showed how Montalbano conspired with the Gaia to constitute a violation of RICO to notably include failing to show "(1) Conduct (2) of an Enterprise (3) through a pattern (4) of racketeering activity." *Robbins v Wilkie,* 300 F.3d 1208, 1210 (10th Cir. 2002).

 Plaintiffs' have also failed to provide any specifics of fraud pursuant FRCP 9(b) requiring they show with specificity exactly what Montalbano did that constituted fraud.

It is to be duly noted the Plaintiffs' original RICO claim was plead outside the statute of limitations; whereby the claim changed from starting in 2015 [#1, ¶144] to be 2016 in the Second Amended Complaint [#111, ¶142].

The Plaintiff also incorporate by reference all of the general allegations and everything prior in the complaint in this subsequent claim, but fail to specify which allegations or facts form the civil RICO claim against Montalbano and have failed to put Montalbano on notice. To the extent that any general allegations apply, there is nothing showing Montalbano engaged in Racketeering acts by mail or wire or that Montalbano performed any fraud.

Plaintiffs' showed Montalbano filed a lawsuit as a pro se litigant to protect her Intellectual Property and stop defamation and that Goode filed lawsuits Montalbano defended against, neither comprise a racket by Montalbano. [#111, ¶¶71-86]

In ¶¶105-110 plaintiffs'' try to allege an 'association' of Weidner, High, Zavodnick, and Montalbano.  Mr. High has been dismissed from this instant case, as of August 21, 2021 [#252, Order Granting High's MTD]. In plaintiffs' attempt to make Goode's critics (Zavodnick, Montalbano) and former employer (Weidner) an 'association' Plaintiffs' state "The Association's purpose is simple: to accuse Goode of criminal activities through social media outlets and other wirings and to use extortion (specifically, through an email sent by Weidner), harassment and any other manipulative tactic to deprive him of his livelihood." However, they have not shown any material facts supporting this

6

alleged 'association' nor have they shown that Montalbano uttered or published any defamatory statements about Goode or GES.

In the Plaintiffs' Complaint ¶¶111-114 they try to 'connect' Ms. Montalbano with Mr. Weidner for tweeting one YouTube video from Mr. Weidner's YouTube channel and telling people to "Watch, share, like and subscribe."  This is a common internet practice (tagging) and one regularly used by Montalbano. This is the only allegation by Plaintiffs that can even remotely be tied to a RICO claim against Ms. Montalbano and whereby one tweet post by Ms. Montalbano from another public media figure's YouTube channel does not even remotely fulfill the minimal requirement of a RICO claim against Ms. Montalbano, nor does it show a 'pattern of racketeering' or an 'association' with any of the other named defendants.

The plaintiffs'' have failed to plead a RICO claim against Montalbano, and as such Claim 2, should be dismissed with prejudice.

### 3. FEDERAL TRADEMARK INFRINGEMENT CLAIM FAILS AS A MATTER OF LAW

To save the court time, Montalbano adopts the legal reasons stated in Gaia's Motion to Dismiss, Docket 128 at 23-24, Section C "Plaintiffs' Trademark Claims Fail as a Matter of Law" at No 1. "Federal Trademark Infringement and Unfair Competition Claims".

The Plaintiffs allege in their group pleading claim count of 'Trademark Infringement' that their federal trademarks of SPHERE BEING ALLIANCE and SBA, and their

common law marks of 20 AND BACK and BLUE AVIANS have been infringed on, but they have failed to allege or plead any infringement facts against Ms. Montalbano and the claim should be dismissed with prejudice as no 'infringement' has been shown. (Complaint ¶¶144-157)

### 4. FALSE DESIGNATIION OF ORIGIN AND FEDERAL UNFAIR COMPETITION UNDER 15 USC §1125 FAILS AS A MATTER OF LAW

To save the court time, Ms. Montalbano adopts the legal reasons stated in Gaia's Motion to Dismiss, Docket 128 at 26, (Section C) No 2. "False Designation of Origin".

The Plaintiffs allege in their group pleading claim count of False Designation of Origin that 'Defendants' have created false and misleading impressions that 'Defendants' goods or services are manufactured by GES, but they have failed to plead any facts against Ms. Montalbano to make a claim and have only made conclusory statements and accordingly the claim should be dismissed with prejudice as no 'False Designation of Origin' has been shown.  (Complaint ¶¶162-165)

### 5. COLORADO COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT FAILS AS A MATTER OF LAW

To save the court time, Ms. Montalbano adopts the legal reasons stated in Gaia's Motion to Dismiss, Docket 128 at 27, (Section C) No 3. "Trademark Infringement Pursuant to Colorado Common Law".

Plaintiffs' claim for Trademark infringement pursuant to Colorado common law is essentially the same as its claims under federal law and for the same reasons this claims should also be dismissed with prejudice.

The Plaintiffs must show they have an established and protected interest. "Among other things, a plaintiff must establish a protectable interest in its mark, the defendant's use of the mark in commerce, and the likelihood of consumer confusion." Cleary, 674 F. Supp. 2d at 1270.

The Plaintiff's vague and conclusory group allegations against Ms. Montalbano have shown no use of Goode's Trademarks in commerce by Ms. Montalbano, and accordingly the claim should be dismissed with prejudice. (Complaint ¶¶162-165)

## 6.  COLORADO COMMON LAW UNFAIR COMPETITION IS DEFICIENT

To save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 32-34, (Section D) No. 2, paragraph 2, "Colorado Common Law Unfair Competition" and No 3. Paragraphs 2-3 "Fraudulent Misrepresentation"

In the Plaintiffs' Unfair Competition' claim they have failed to plead a plausible claim against Ms. Montalbano. Unfair Competition relates to a narrow set of conduct related to use of trademarks and trade names, and since no trademark or trade name uses by Montalbano have been shown the allegations of unfair competition fails as a matter of law and should be dismissed with prejudice. (Complaint ¶¶166-172)

## 7.  COLORADO CONSUMER PROTECTION ACT IS DEFICIENT

To save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 31-34, (Section D) No. 1, "Colorado Consumer Protection Act".

In the Plaintiffs' "Colorado Consumer Protection Act" group claim they allege fraud and have plead no factual allegations against Ms. Montalbano and have only made conclusory allegations against all defendants and have failed to meet even the minimal of a Rule 8 pleading, and have clearly failed to meet a heightened standard Rule 9(b) pleading alleging fraud and have again failed to show any use of Goode's marks or trademarks by Montalbano. Claim 7 fails as a matter of law and should be dismissed with prejudice. (Complaint ¶¶173-181)

## 8.  BREACH OF CONTRACT

Montalbano is not named as a defendant to the claim; to the extent any of the claim applies to Montalbano the Plaintiffs have failed to plead any facts of a contractual relationship with Ms. Montalbano and thereby the claim against Ms. Montalbano must be dismissed. (Complaint ¶¶182-188)

## 9.  FRAUDULENT MISREPRESENTATION IS WHOLLY DEFICIENT

Montalbano is not named as a defendant to the claim; to the extent any of the claim applies to Montalbano, the Plaintiffs have failed to plead any facts of fraudulent misrepresentation against Ms. Montalbano and thereby the claim must be dismissed. (Complaint ¶¶189-194)

## 10. SLANDER PER SE IS DEFICIENT

To save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 34-35, (Section D) No. 4, paragraphs 2-4 "Libel and Slander".

The Plaintiffs have failed to include any factual allegations or necessary elements to show defamatory (oral) statements made by Ms. Montalbano. In Plaintiffs' original complaint rendition they included an image of Montalbano's Deprogrammer YouTube channel, [#1, ¶96]. the YouTube video screenshot showed Montalbano discusses CIA MKULTRA documents, patented frequencies used to remotely alter consciousness, and some neuroscience as related to Mr. Goode's public MKULTRA claims (Aphasia, Brain Trauma, and C-PTSD, along with showing how Mr. Goode's publicly 'developed narrative' of alleged 'alien encounters' [#1, ¶¶19 -21] and being in the 'Secret Space Program' (SSP) is more realistically the US ARMY/DOD/DARPA 'Scientific Services Program' (SSP). In the SAC [#111], they have removed this image and now assert at ¶¶87-88 "Montalbano has created a YouTube account purely for the purpose to harass, defame, threaten and discredit Mr. Goode." and they bring up the 'twin flame' topic and one marriage dream [¶¶87-88][2] However, they have failed to provide any specific facts of of slander per se or any proof that any slanderous statements were made by Montalbano.

---

[2] Montalbano's Youtube channel is about her dream journal records and the people and events that occur in waking states after the records are documented in her private journals that are similar.  Montalbano also discusses CIA programs, patents, and other frequency technologies and laws and how they impact dreams.

The Plaintiffs' citing Ms. Montalbano's YouTube account, Deprogrammer, shows no facts of threat, harassment, or defamation, and Plaintiffs only make conclusory statements, which cannot be taken as true or well plead facts.

Plaintiffs have made no allegations against Ms. Montalbano of oral statements that have put them 'up to contempt or ridicule' nor have they shown that Ms. Montalbano defamed them in any way and thereby the tort claim is to be dismissed with prejudice. (Complaint ¶¶195-199)

## 11. LIBEL PER SE

To save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 34-35, (Section D) No. 4, paragraphs 2-4 "Libel and Slander".

The Plaintiffs have failed to include any allegations or necessary elements to show defamatory (published) statements made by Ms. Montalbano. They have however shown another defamatory and published statement by some 'unknown' person against Ms. Montalbano that alleges meeting Ms. Montalbano at a Gaia function and then John or Jane Doe proceed to defame Ms. Montalbano in her trade and profession as someone with a mental disease, in plaintiffs' Exhibit J [#111 ¶84, citing Exhibit #1-11].

Plaintiffs have made no allegations against Ms. Montalbano of published words that have put them 'up to contempt or ridicule' nor have they shown that Ms. Montalbano defamed them in any way and the tort claim is to be dismissed with prejudice. (Complaint ¶¶200-204)

## 12. TORTIOUS INTERFERANCE WITH A BUSINESS EXPECTANCY IS WHOLLY DEFICIENT

To save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 36, (Section D) No. 5 "Tortious Interference with a Business Expectancy".

The Plaintiffs group plead that all defendants have 'interfered' with their 'business expectancy' through conclusory allegations, and provide no facts that pertain to Ms. Montalbano and have made no allegations against Montalbano of such acts and thereby the tort claim is to be dismissed with prejudice.  (Complaint ¶¶205-208)

## 13. DECLARATORY JUDGEMENT OF VALIDITY OF GES TRADEMARKS FAILS AS A MATTER OF LAW

Montalbano is not named as a defendant to the claim; to the extent any of the claim applies to Montalbano; to save the court time, Ms. Montalbano adopts the legal facts stated in Gaia's Motion to Dismiss, Docket 128 at 28-29, (Section D) No. 4 "Validity Elements Not Alleged: 1) use in commerce; 2) as a distinguished mark".

The plaintiffs have not alleged any use of their marks by Montalbano and thereby there is no need for declaratory relief via this proceeding. To the extent any of the claim applies to Montalbano, it should be denied.

## IV.    CONCLUSION

For all the forgoing reasons, and because the deficiencies of the Complaint cannot be remedied by repleading, Defendant Alyssa Montalbano respectfully requests the Court dismiss the Complaint and all claims therein in their entirety with prejudice and without leave to replead.  Pursuant to Colorado law and on its own initiative, the Court should also impose sanctions on Plaintiffs and their Counsel for failure to file in good faith the Complaint and certain claims therein.

Ms. Montalbano also seeks reasonable legal expenses incurred and compensation for her time addressing all matters herein ($150/hr) and defending against the claims; and for any such additional relief as this court deems appropriate.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen

2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Defendant, Counter-Claimant, Third-Party Plaintiff

14

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge

Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of March 2023 a copy of the foregoing Motion to Dismiss was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon pro se litigants Mr. David Wilcock and WILCOCK FOUNDATION via USPS first class mail appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave,  Las Vegas,  NV 89117.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen