IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                          Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA COUNTERCLAIMANT, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                          Defendants.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

                                          Third-Party Defendants.

---

**THIRD-PARTY DEFENDANTS LIGHT WARRIOR LEGAL FUND, LLC AND VALERIE YANAROS' MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND 12(b)(1)**

---

1

**I.     Summary**

One month ago, this Court recommended the dismissal of all but one of Defendant Montalbano's (hereafter, "Counterclaimant") claims in her Second-Amended Counterclaims ("SACC", Doc. 217). Only one defamation claim against Plaintiff Mr. James Corey Goode survives pursuant to a dismissal without prejudice. (Doc. 345 at 23, the "Dismissal Order".) According to this Court (by both Judge Domenico and Magistrate Judge Mix), most of the papers Counterclaimant has filed to date are "verbose, redundant, ungrammatical, or unintelligible", being at a minimum verbose and ungrammatical, if not outright unintelligible. (Doc. 345 at 32 and n. 9.) Counterclaimant's claims against third-party Defendants Mr. David Wilcock and his Foundation, The Wilcock Spiritual Healing and Empowerment Foundation (together, the "Wilcock Parties") fail for all the same reasons Counterclaimant's claims fail against the other eight third-party and counter defendants: (1) failure to state a claim under Fed. R. Civ. P. 12(b)(6) for lack of evidence in the record, implausibility of the pleadings and improper interpretation and application of law and (2) failure to plead with particularity under the heightened Fed. R. Civ. P. 9(b). Even with a liberal interpretation of Counterclaimant's pleadings, all her claims fail and should be dismissed against the Wilcock Parties.

**II.     Introduction**

Third-party defendants the Wilcock Parties file this Motion to Dismiss ("Motion") under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) in response to the SACC.  The Dismissal Order was entered on February 17, 2023, and the Wilcock Parties and Counterclaimant stipulated to a 2-week extension to respond so that the Wilcock Parties' deadline to respond is March 17, 2023. The Wilcock Parties hereby tender their response and move this Court to dismiss the ACC in its entirety.

As explained in Plaintiffs James Corey Goode's ("Mr. Goode") and Goode Enterprise Solutions Inc.'s ("GES", collectively "Plaintiffs") Second Renewed Motion to Dismiss (Docket 227, the "Goode MTD", the arguments of which are incorporated by reference herein) and third-party Defendants Legal Warrior Light Fund ("LWLF") and Valerie Yanaros' Motion to Dismiss (Docket 233, the "LWLF Yanaros MTD" both the "MTDs", the arguments of which are incorporated by reference herein) this Court should dismiss the SACC's claims against the Wilcock Parties in its entirety. Judge Mix analyzed the arguments in both MTDs and recommended to dismiss third-party defendants (Doc. 283, the "R&R") which Judge Domenico adopted. For the same or similar reasoning in the R&R, MTDs and Dismissal Order, the Wilcock Parties should be dismissed and Counterclaimant's claims against them should be denied with prejudice.

### III. The Issues Addressed in the Goode MTD and LWLF and Yanaros MTD are Incorporated by Reference

For brevity, the Wilcock Parties incorporate by reference the Background and Applicable Standards and relevant Arguments and Authorities portions of the MTDs. Counterclaimant's ACC is lengthy and incomprehensible and must be dismissed because (1) it does not state any cognizable claim for relief and (2) asks this Court to assert jurisdiction that is clearly lacking. *See, e.g.,* MTD at 3-9 (discussing (1) violation of F.R.C.P. 8 and 9 for excessive length and lack of requisite specificity and (2) lack of subject matter jurisdiction over criminal claims). Additionally, the claims lack much of the required elements—either because they are not addressed, or because the supporting "facts" Counterclaimant advances are merely dreams and fantasies and could never support a finding of liability. *See* MTD at 8-19 (explaining how mind-control tactics and stealing dreams are not capable of being facts to support claims and/or defenses).

### IV. This Court May Apply the Reasoning in its Dismissal Order to the Claims against the Wilcock Parties

The Wilcock Parties are parties similarly situated, both legally and factually, to the other third-party defendants in this case. Counterclaimant makes no indication of any direct communication to or about her by the Wilcock Parties in her pleadings and attached exhibits (*See* Doc. 121, 121-2, 121-4-5, 121-10). Because she has consented to dismissal of the criminal claims that she attempted to assert against the other third-party defendants (Doc. 290 at 15 & n.3), these claims should be dismissed in their entirety. Judge Mix recommends that Ms. Counterclaimant's Claims Four, Five, Eight, Eleven, and Sixteen be dismissed because a private citizen "lacks standing to assert that a party has violated criminal laws, or to seek criminal prosecution, in either state or federal court." (Doc. 283 at 18-21 (quoting *Rojas*, 2019 WL 8331477, at *2); see also Doc. 217 ¶¶ 354-66, 471-75, 570-88, 714-18 (asserting violations of 18 U.S.C. § 1341 ("Frauds and swindles"), 18 U.S.C. § 1343 ("Fraud by wire, radio, or television"), 18 U.S.C. § 1831 ("Economic espionage"), 18 U.S.C. § 1956 ("Laundering of monetary instruments"), 18 U.S.C. § 1951 ("Interference with commerce by threats or violence"), and 18 U.S.C. § 1952 ("Interstate and foreign travel or transportation in aid of racketeering enterprises")).) For the same reasoning, these claims against the Wilcock Parties should be dismissed. Judge Mix recommends that, with the exception of Claim Ten against Mr. Goode, Ms. Montalbano's Claims One through Three, Six, Seven, Nine, Ten, Twelve through Fifteen, and Seventeen through Twenty be dismissed for failure to state a claim upon which relief can be granted. (Doc. 283 at 17-57.) For the same reasoning, these claims should be dismissed against the Wilcock Parties.[1] This Court stated with clarity "Ms. Montalbano has not stated any claim that would entitle her to any legal remedy, with the exception of her defamation claim against Mr. Goode" (Dismissal Order at 12)—the same assessment rings

---

[1] Claims Thirteen through Fifteen were not asserted against the Wilcock Parties.

true as her claims asserted against the Wilcock Parties, and thus they must be dismissed with prejudice.

V.
VI. **This Court Clearly Threw Out all RICO Claims that Fail Against the Wilcock Parties for the Same Reasons**

This Court stated their agreement with Judge Mix that "Ms. Montalbano's allegations are conclusory and "entirely unclear with respect to how the actions of these varied persons and entities make up any kind of enterprise." (See the R&R at 24 and the Dismissal Order at 12-13.) Further, Judge Domenico stated "Ms. Montalbano's RICO claim is insufficiently pleaded for this reason alone, and I therefore need not address whether she has successfully alleged racketeering activity" (the Dismissal Order at 13).

VII. **The Fraudulent Representation Claim and CCPA Claims are Not Adequately Alleged or Identified**

Counterclaimant's fraudulent misrepresentation claim be dismissed because (1) Counterclaimant has not alleged facts sufficient to support a reasonable inference that the movants made a false representation that she relied on to her detriment, and (2) her pleading fails to meet the Federal Rule of Civil Procedure 9(b) requirement that fraud claims be stated with particularity. (See the R&R at 25-28 and the Dismissal Order at 13.) The part of the pleading "setting forth the fraudulent-misrepresentation claim incorporates by reference the entirety of the rest of the pleading, as noted above, the pleading spans over 200 pages. It comprises 756 paragraphs and comes with twenty-five attached exhibits totaling nearly 200 pages" (Dismissal Order at 14, internal citations omitted.) This Court noted that forcing the third-party and counter defendants to engage in a "complicated scavenger hunt" does not comport with the need for the adequate notice or particularity requirements under the Federal Rules. (*Id*. at 15.) With respect to the CCPA claim, this Court noted "She once again expects the defendants (and the Court) to hunt for and piece

5

together allegations from the entirety of her voluminous pleading and fails to adequately place the movants on notice of the specifics of her CCPA claims" (*Id*. at 16.)

### VIII. Neither the Parties to this Action (or Related Actions), the Judges or Counsel Connected Thereto, nor the Government are Engaging in Human Trafficking, Mind Control Tactics or Theft of Dreams—and These are Not Causes of Action Anyway

Courts in this Circuit have thrown out bizarre claims like those included in the SACC. Allegations regarding government-controlled human experiments and mind control are specifically disregarded. *See Gutierrez v. N.M. Corr.*, No. CIV 19-0648 JB\SCY, at *2-3 (D.N.M. Oct. 6, 2020) "the claim that Gutierrez is being used as a human robot, via unknown radio signals, is not cognizable under any state or federal law"; *Karsh v. Semler*, 390 Fed. Apex 836 (10th Cir. 2010) affirming dismissal of habeas petition where petitioner alleged an "invisible human robot conspiracy"); *Owens-El v. Pugh*, 16 Fodmaps. 878 (10th Cir. 2001) (affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device); *Thibeaux v. Cain*, 448 Fed. Appx. 863, 864 (10th Cir. 2012) involving *pro se* lawsuit alleging that a wire had been implanted in plaintiff's body to monitor his thoughts was factually frivolous); *Flores v. U.S. Atty. Gen.*, 442 Fed. Apex. 383 (10th Cir. 2011) affirming § 1915(e)(2) dismissal of civil rights complaint alleging that the government used outer space satellites to torture plaintiff and his family members); *Murray v. United States*, 475 Fed. Apex. 311, 312 (10th Cir. 2012)(involving complaint alleging various conspiracies by the government, including the use of satellites to damage the plaintiff's reproductive system, and concluding the claims were properly dismissed as frivolous); *see also Malley v. State*, No. 08-3146-SAC, at *1 (D. Kan. June 24, 2008) (dismissing the case in its entirety when the plaintiff alleged he "was illegally implanted with a mind control device" by the government and did "not provide any medical reports, dates or

6

supporting affidavits from medical personnel"). This Court stated that "'[t]his is just the sort of implausible allegation that is so 'wholly insubstantial or obviously frivolous' or 'so patently without merit as to require no meaningful consideration' that it does not justify federal subject-matter jurisdiction" (Dismissal Order at 17, collecting cases.)

The almost five-hundred pages of allegations in the SACC and the Exhibits filed in support thereof are made up purely of these types of allegations. Controlling precedent and common sense require the SACC to be dismissed in its entirety, an injunction to be entered against Counterclaimant, and sanctions awarded against Counterclaimant and to all parties forced to respond to Counterclaimant's extensive and baseless filings.

### IX. Counterclaimant Does Not Own either Copyrights or Trade Secrets

As this Court stated, Counterclaimant acknowledged that she voluntarily shared her dream journal records with Mr. Goode with the expectation that he would share the records with Mr. Wilcock and the public. (Dismissal Order at 19-20). Her Trade Secrets Claims fail and must be dismissed. Similarly, Counterclaimant has admitted she owns no federally-protected copyright (*see* Doc. 290 at 35, 38.) Her copyright claims fail, and all claims of intellectual property theft and/or infringement against the Wilcock Parties should be dismissed.

### X. Counterclaimant Does Not Adequately Claim Defamation or Civil Conspiracy Against the Wilcock Parties

Counterclaimant similarly makes vague, conclusory allegations regarding the conduct of the Wilcock Parties. She does not make any allegation of a specific statement made by either party. For the same reasons stated in the MTDs, the defamation claim must be dismissed against them. As to her claim under 42 U.S.C. § 1985, Counterclaimant has not alleged that the purported conspiracy was motivated by any racial or other protected class-based discriminatory animus, and

as to her claim under Colorado common law, Counterclaimant has failed to adequately allege a meeting of the minds among the defendants. (R&R at 42-44).

### XI. The IIPR, IIED, NIED and Unjust Enrichment Claims Fail

Counterclaimant includes absolutely no support for her claims of Intentional Intrusion of Privacy Rights, Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. As discussed above, she cites to only vague postings by the Wilcock Parties that do not identify her in any way. She consented to dismissal of the IIPR and IIED claims. (Doc. 290 at 47). As stated by Judge Mix and accepted by this Court, Counterclaimant failed to allege that she was subject to an unreasonable risk of physical harm or that she suffered a physical injury or was in the zone of danger (R&R at 54-56, Dismissal Order at 30.) Her claims have no support and no merit and must be dismissed.

Counterclaimant's unjust-enrichment claims are subject to the Rule 9(b) particularity requirement. Her pleading fails to meet that standard. Incorporating by reference the entirety of her 204-page complaint fails to adequately place the movants on notice of the specifics of her fraud-based unjust-enrichment claim (*see* Order Dismissal at 31).

### XII. Conclusion

Counterclaimant has burdened this court with a multitude of completely baseless claims and alleged "facts" and "evidence" that have no basis in reality. *See Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) ("We will not try to decipher what any of this means. "[T]o do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r* , 737 F.2d 1417, 1417 (5th Cir. 1984) (per curium).") The Court should grant Plaintiff's

Motion and grant Plaintiffs attorney's fees incurred in connection with addressing Counterplaintiff's Counterclaims.

Finally, this Court has warned **Counterclaimant** against filing similar pleadings that consume substantial time and resources. (*See* Dismissal Order at 32, *Ketchum v. Cruz,* 775 F. Supp. 1399, 1403 (D. Colo. 1991), upholding district court's order restricting plaintiff's *pro se* access to the district court and requiring litigant to obtain leave of court to file actions *pro se*). Her pleadings have been found—time and time again—to be senseless and her motions to amend have been denied (Dismissal Order at 36, denying leave to amend.) Amendment has been denied and would be futile, thus the Wilcock Parties respectfully request the claims against them be thrown out in their entirety and that they be awarded costs in having to defend against this case.

Respectfully submitted this 17th day of March, 2023.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17th, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros

**CERTIFICATE OF CONFERRAL**

Pursuant to Judge Domenico's Practice Standard III(D)(1), in the case of parties proceeding pro se, parties are not required to confer.