# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually,

Counter-Defendants,

David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION

Third-Party Defendants.

# ALYSSA MONTALBANO
# PARTIALLY OPPOSED MOTION
# TO AMEND JUDGMENT AND DISMISSAL ORDERS [#345, #346, #347]
# PURSUANT FRCP 15, 59, 60

Montalbano timely files this OBJECTION and MOTION pursuant **FRCP 59, FRCP 60,** and **FRCP 15** and moves the Court to amend the Dismissal Orders and Judgment as entered **at Dockets 345, 346, and 347,** for the following:

## I.  CONFERRAL

Montalbano has made effort to confer with all parties regarding this motion.

The following parties are **Opposed:**

Mr. James Corey Goode, LIGHT WARRIOR LEGAL FUND LLC; GOODE ENTERPRISE SOLUTIONS INC, Mr. David Wilcock, WILCOCK FOUNDATION, Ms. Valerie Yanaros

The following parties are marked as **Opposed** due to being **unreachable** for conferral:

Mr. Benjamin Zavodnick;  Mr. Jay Weidner

The following parties have **No Position** on the motion or relief requested herein:

GAIA Inc., Mr. Jirka Rysavy, Ms. Kiersten Medvedich, Mr. Brad Warkins;

Mr. Brian James Flynn, Mr. Matthew Grove, Ms. Diana Terry, Ms. Christina Gomez,

Mr. William Campbell; Ms. Elizabeth Lorie

## II.     FACTS and LAWS in support of Amending Dismissal Order and Judgment

**FRCP 59**

Pursuant FRCP 59(b) this post-trial motion is timely filed within 28 days of entry of judgment [#346] and seeks a new trial on part of the issues, amendment of findings, and amendment of judgment.  A new trial may be granted after a non-jury trial and judgment may be opened if one has been entered, and the court may take additional testimony and amend findings of fact and conclusion of law or make new ones and direct entry of a new judgment.

Montalbano has incorporated Goode's deposition (testimony) from the related case [#25] into the Third Amended Counterclaims Complaint ("TACC") and requests a new finding of facts be made to direct entry of a new judgment and amend dismissal orders [#345, #346, #347].

**FRCP 60**

Pursuant FRCP 60(b), the court may relieve a party from a judgment, order, or proceeding for '(1) mistake or excusable neglect'; '(2) newly discovered evidence'; or '(6) any other reason that justifies relief'. This motion is timely filed within one year of the entered judgment.

Montalbano requests partial relief from the judgment [#346] and dismissal orders [#347], for newly discovered evidence involving Mr. Goode's testimony from related case 1:20-CV-00947[#25], mistake, excusable neglect, and other reasons that justify the requested relief being granted.

**FRCP 15**

Pursuant FRCP 15(a)(2), a party may amend their pleading with consent from the opposing party or the court's leave and the court is to freely give leave when justice so requires it.

Montalbano requests the amended TACC be admitted for response and the cited defendants and properly plead claims be reinstated as justice so requires it.

**ATTACHMENTS**

1. Proposed Document 1: Third Amended Counterclaims Complaint ("TACC")
2. Document 2: (Redline) TACC
3. Document 3: TACC Table of Contents
4. Document 4: TACC Exhibit List (25 new Exhibits to be filed as a separate Docket event)

**AMENDMENTS SOUGHT**

Montalbano seeks partial amending of the judgment and dismissal orders for the following:

1. Newly Discovered Evidence
2. Excusable Neglect
3. Mistake

**Summary of TACC Amendments**

Items in green and crossed out (Document 2) were not removed from the TACC, but were relocated to another place. Underlined 'additions' are both abbreviated prior SACC facts or new facts supporting prior presumed 'conclusory' statements.

Nine (9) claims and six (6) defendants were removed; and complaint reduced 82 pages.

No new claims are added, but new testimony (Goode's deposition) is.

Twenty-Five (25) Exhibits are added showing prior 'conclusory' statements are in-fact based on material facts.

Montalbano seeks the following amendments to the judgment and dismissal orders:

A. **Reinstate the Following Defendants:**

(1) James Corey Goode[1] (to specified claims),

(2) GOODE ENTERPRISE SOLUTIONS INC ("GES"),

(3) LIGHT WARRIOR LEGAL FUND LLC ("LWLF"),

(4) Valerie Yanaros

---

[1] Goode has been dismissed from all claims except the Defamation claim.

    **B.** Reinstate the following claims with the specified defendants[2]:

        (1) **Fraud** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION)

        (2) **Copyrights** (Goode, GES, Wilcock)

        (3) **Trade Secrets** (Goode, Wilcock)

        (4) **Defamation**[3] (Goode, LWLF)

        (5) **Abuse of Process** (Goode, Yanaros)

        (6) **Malicious Prosecutions** (Goode, Yanaros)

        (7) **Negligence** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

        (8) **RICO** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

        (9) **Civil Conspiracy** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

        (10)    **Violation Colorado Consumer Protection Act** (Goode, Wilcock)

        (11)    **Unjust Enrichment** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

**NEW EVIDENCE and STAY OF DISCOVERY DELAYS**

This case has been stayed since April 26, 2021. [#182]

Montalbano requested the stay of discovery be lifted from her claims [#217] December 10, 2021.

This request was denied, March 8, 2022. [#286]

---

[2] David Wilcock and WILCOCK FOUNDATION have not been dismissed, as they have not responded to the complaint pursuant stipulations [#307, #351], but they are included herein as they are part of the TACC.

[3] The defamation claim is pending against Goode, but was dismissed against LWLF.

Lack of entry into discovery has severely impeded complaint amendments, making it difficult to determine what to eliminate, due to it being unclear what part of Goode's public fraud/testimony was fake vs. likely true, notably involving his CIA claims.

On September 26, 2022 Mr. Goode gave a deposition in related case 1:20-CV-00947 [#25]. Montalbano, being poor [#280], was not able to afford access to the deposition.

About mid-December 2022 the deposition was made public. January 2023 forward Montalbano accessed some of the deposition. Montalbano could not have acquired this information prior.

Goode's deposition testimony has permitted the complaint to be significantly reduced/amended since January 2023.

## MISTAKE AND EXCUSABLE NEGLECT

On April 5, 2022 Montalbano requested permission to amend the Second Amended Counterclaims Complaint ("SACC") and cited she had requested the stay of discovery be lifted and that it was denied [#292 at 13, No. 7]. Montalbano also requested counsel be assigned to help with procedures [#292 at 13, No. 9]; which was denied April 29, 2022.

Montalbano filed two proposed TACC claim amendments, June 8, 2022 [#308, RICO] and June 30, 2022 [#315, Deprivation Rights].

June 2022 – February 2023, Montalbano has been under severe distress and duress dealing with Goode and Yanaros' judgment debt collector, Mr. Thomas D. Seaman/ALPINE JUDGMENT RECOVERY from Mesa Case 18CV50. This court is aware of this due to the State Court Case being removed two times [#329, #341] and seeking to join Mr. Seaman/ALPINE JUDGMENT

RECOVERY to this case and or consolidate cases. [#320, #322], all these requests were denied [#348]. Montalbano has been in almost states of panic since June 2022 over the thought of Goode acquiring Montalbano's private financial information and what he and his stalking associates might do with it to further harm Montalbano or pay others to harm and stalk Montalbano. (See TACC ¶128 Goode admitting in deposition he paid 3rd parties to harass Bill Ryan)

Montalbano also started working part time June 2022, which took up complaint amending time and was not 'optional' as Montalbano has to have some form of income, due to her struggling craft business not providing that.

Montalbano also had to address family health issues since mid-June 2022 for her daughter and herself involving multiple doctor trips and doing things with the State of Colorado to obtain/maintain food and medical benefits.

October 2022, Montalbano began talking with the local college and working on correcting defaulted student loans (which took a long time, just settled this month) and began attending college January 2023, for a Paralegal AAS degree, to learn proper court procedures as anytime Montalbano asks Judges to clarify court procedures or processes [#82, #187, #293], they are denied [#96, #188, #301], which is incredibly frustrating and makes it very difficult to understand what the correct procedure is or how to proceed; which results in thousands of hours of research and not always finding the correct answers immediately (and even sometimes months later), which results in long period of delay where it may appear Montalbano is 'not doing anything' such as amending the complaint, when Montalbano has literally been working on amendments for months.

Montalbano's recent paralegal studies, has also caused changes in complaint amendments.

January 2023, Montalbano reduced her part time work to being even more part time, which is really bad for Montalbano and her family's personal welfare, but necessary for amending the complaint.

Since the dismissal order and entry of Judgment, Montalbano has further reduced the complaint.

While it may have been a 'mistake' to take so long, it was necessary and unavoidable as Montalbano is pro se and has to invest significant amounts of time into researching the law first and trying to understand it, and also has a personal life, craft business, and family life to manage.

Based on the new evidence provide in Goode's deposition and learning some fundamentals about negligence complaint writings via college, Montalbano has been able to further remove what is believed to be extraneous or conclusory allegations unsupported by fact. In the proposed TACC, Montalbano has cited the relevant material facts threaded throughout this case and related cases (new exhibits), placed facts together for clarity, and reasonably believes there will be no 'hunting' of the complaint to figure out what facts apply to each claim. In particular, Montalbano reasonably believes the TACC Fraud claim is very clear and properly places defendants on notice.

A Table of Contents is also provided to help with review of the claims and paragraph citations.

Montalbano requests it be taken into consideration she is pro se, and this is a very complex situation that would be a lot of work for even a seasoned lawyer and Montalbano cannot help being in this situation prior to getting a degree in law.

## FACTS IN SUPPORT OF JUDGMENT AMENDING AND ADMITTING THE TACC

The second amendment of the complaint [#217, SACC] was notably the result of removing defendants based on conferrals, and Montalbano should not be penalized for this by denying the third amendment of the complaint to correct errors.

This case has been stayed since April 26, 2021, and there has been no time frame set for a trial, or any date set for final complaint amendments. Montalbano would be severely prejudiced to not be permitted to have the amended complaint considered and properly plead claims be re-admitted after months of work. Montalbano does not profess it to be 'perfect' but it should meet the requirement of facts for each claim.

## RESPONSE TO ORDER at Docket 345

Montalbano does not argue the dismissal of the following claims[4]:

1. Criminal RICO (claim 1): mail fraud (claim 4), wire fraud (claim 5), enticement into slavery (claim 6), Economic Espionage (claim 8), Money Laundering (claim 11), Extortion (claim 16)
2. Deprivation Rights (claim 13)
3. Intentional Intrusion on Privacy Rights (claim 17)
4. Intentional Infliction Emotional Distress (claim 18)

---

[4] While Montalbano does not arguing these claims, it doesn't mean Montalbano agrees with the dismissal and reserves the right to make new arguments if appealed.

## **ARGUMENTS FOR REINSTATING THE FOLLOWING CLAIMS**

1. **Fraud** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION)

The fraud claim was dismissed because the defendants would have to 'engage in a complicated scavenger hunt' to figure out the allegations [#345 at 14] and it 'failed to afford the movants fair notice'. [#345 at 15].

The amended TACC fraud claim incorporates Goode's testimony/deposition from the related case and places all relevant fraud facts together. There will be no 'hunting' or confusion about what the defendants are being put on 'notice' for.

2. **Copyrights** (Goode, GES, Wilcock)

The Copyrights claim was dismissed for the infringements being allegedly 'conclusory'. [#345 at 20 -21] Montalbano has provided exhibits of her published and unpublished journal records, emails, and of the infringements and believes this overcomes the 'conclusory' matters, and this court has jurisdiction pursuant United States Constitution, Article 1, Section 8, Clause 8, and supplemental jurisdiction of the common law infringements. Montalbano has also moved the infringement examples into the fraud claim and the copyright claim shows the ownership of the records belonging to Montalbano and seeking declaratory relief.

3. **Trade Secrets** (Goode, Wilcock)

The Trade Secret claim was dismissed because allegedly Montalbano didn't keep her trade secrets secret and voluntarily gave them to Goode [#345 at 18-20]. It is also stated that because Montalbano expected the good will of the public, this somehow means she expected her records to be made public [#Id. at 19], this is incorrect. Having people say nice things about you and your business to others doesn't mean releasing trade secrets to them. Montalbano has received input over the years from miscellaneous attorney's and the advice received isn't always exactly correct, as they cannot be told the full details of the situation to give full or actual legal advice. So, sometimes wording of claims are not always correct (mistake).

Judge Domenico also states the trade secrets are not secret because Montalbano filed some journal records in Mesa Court and did not motion to keep them private.  At the time of filing (February 12, 2020), Montalbano did not know how to make records private. Prior that, Montalbano asked for the entire case to be sealed [#222-4 at 7 "Motion to Seal Case to Protect Trade Secrets" filed 01/10/2019] which was denied.  Montalbano learned about restricted document motions after GAIA's counsel filed one May 10, 2021, nine (9) months after Montalbano filed the records in Mesa Court, by then it was unreasonable to motion to restrict them. Regardless, it is the right of the Trade Secret owner to determine when, where, and to whom, a trade secret is disclosed. The owner of the secret has:

> "[T]he right to use one's property as one wishes—either to use the property to its own advantage, to exclude another from its use, or to sell, lease, license or transfer such property to another—is fundamental, and being excluded from the rights inherent in one's property constitutes irreparable injury. *See Douglas Dynamics, LLC v. Buyers Products Co.,* 717 F.3d 1336, 1345 (Fed.Cir.2013)" *Port-a-Pour, Inc. v. Peak Innovations, Inc.*, 49 F. Supp. 3d 841, 872 (D. Colo. 2014)

Goode and Wilcock irreparably injured Montalbano by using their frauds to first acquire Montalbano's trade secret dream research and then using it in their frauds; taking away Montalbano's fundamental right to decide who is excluded from knowing the secret. Each dream journal record is essentially its own trade secret as each record tends to deal with one or more specific coming waking state events. (See TACC Trade Secret ¶225 dream vision examples now including the Ohio Train wreck and toxic gasses, prior emailed to Goode (2017), TACC Exhibit 24)

Montalbano could not reasonably be expected to know her dream journal records (2004 forward) were records of literal coming waking state events, people, and situations, many years after writing them. Montalbano had no way of knowing she was delivering trade secret information to Goode and Wilcock during 2016-2018, as she hadn't seen them occurring in waking states prior and didn't even think to look for that. But, after starting to see hundreds occur in waking states in some capacity 2017 forward, that's when Montalbano was finally convinced it was happening and this is an extraordinary circumstance. I pose the following questions:

1) "Would you think your dream journals were trade secret IP or simply regular copyright IP if emailing them to someone?
2) If you saw just one or two dreams occur in waking states would you be convinced that more would occur in waking states? I wasn't.
3) How many dreams would it take occurring in waking states for you to be convinced you were seeing coming future events? 10? 50? 100? 1,000?" It took at least a hundred for me.

Montalbano does not ask for trade secret records already made public to be made 'secret' again, but asks to protect the records not disclosed by Good, Wilcock or their associates in their frauds from being disclosed or shared with other third parties; by declaring the emailed IP Montalbano's to preserve her trade secret rights (*Port-a-Pour, Inc. v. Peak Innovations, Inc*) and discoveries pursuant United States Constitution, Article 1, Section 8, Clause 8.

4. **Defamation** (Goode, Light Warrior Legal Fund LLC ("LWLF"))

The defamation claim is set to proceed against Mr. Goode, but was dismissed against LWLF because Montalbano did not amend the claim to incorporate the evidence cited against it in the operative complaint [#345 at 22]. The TACC defamation claim incorporates LWLF into it and shows they defamed Montalbano to the general public to collect donations. This is seen in conjunction with the amended Fraud, Abuse of Process, and Malicious Prosecution claims, and whereby LWLF is solely owned by Goode and it should reasonably know the same facts as Goode and that its published claims about Montalbano being a stalker or criminal are knowingly false.

5. **Abuse of Process** (Goode, Yanaros)

The claim was dismissed on ground it was filed under criminal statute 18 USC 1589[#345 at 27]. This was a mistake. Montalbano is proceeding pro se and does not always find the correct statutes or laws to cite. The TACC abuse of process claim is filed under common law and shows there was no probable cause for the implementation of the stalking cases, and is supported by material facts.

6. **Malicious Prosecution** (Goode, Yanaros)

The claim was dismissed on grounds it failed to show Goode and Yanaros did not have probable cause to implement the stalking case(s) [#345 at 28-29]. The amendment to the Abuse of Process claim outlines Goode and Yanaros' lack of probable cause based on material facts, and the malicious prosecution claim shows how Goode and Yanaros' first stalking case (18C103) meets all the malicious prosecution claim requirements.

It is also stated by Judge Domenico that it is not clear there was no probable cause because of Montalbano stating the dream journal records included private information about Montalbano's Twin Flame journey and some sexual records and he cites the marriage dream vision [#345 at 29]. There are a few things to be noted:

1) First, Montalbano has been single for over 16 years (in every way and by choice), and is not 'desperate' to be involved with Goode or anyone. It is Goode who is fixated on the marriage dream. Regarding the marriage dream, there is a wrong dimension and a correct dimension sequence. Goode is in the 'wrong' dimension sequence, and no marriage involved. In the 'correct' dimension sequence Montalbano is both the male and female (switching bodies) and there is a marriage. There is no sex scene, just romantics and thoughts about it in both forms. The dream also involves the military. Some of this specific record is seen in the newly attached exhibits (Exhibit 17 F.) to show how Goode infringed on it in he and Wilcock's alleged Mega Update.

2) Second, while it is true there are dreams involving romantics these comprise about 3%-5% of the emailed records. Montalbano has not sent Goode journal records of him having sex with Montalbano, as that would not be appropriate. Goode and his associates make false statements about sex dreams to embarrass and defame Montalbano as someone sexually amoral.

3) Third, there are no records going into full detail about sexual activities, if a dream had something too sexual, it was redacted out; what was left in were things like kissing, hugging, cuddling, and personal thoughts. Montalbano is extremely private about sexual activities and this is why it hasn't even largely been addressed in this case aside from a neural technology involvement standpoint and asking to keep what records Goode does have, private.

4) Fourth, a majority of the dream journal records 95%-97% are about magik (by Montalbano), soul cleanses, entity removals, Artificial Intelligences, advanced technology, flying, time travel, dimension hopping, manifesting things (such as portals, jewels, or whatever), passing through walls, stopping bullets with magik, walking on water, teleportation, off world travel, shape shifting, and things like that (See TACC Exhibit 7, 17, 18, 19, 22, for examples). In short, thousands of pages of highly interesting sci-fi and fantasy fiction short-stories, having nothing to do with sex with Goode or anyone else.

Judge Domenico also states Montalbano's YouTube channel "predominantly focus[es] on [Mr.] Goode" [Id. at 29]. This is incorrect, Montalbano's YouTube channel (Deprogrammer) is about her dream journals and the people, events, and situations that later occur in waking states

matching the prior written records, to include the covid dream vision filed on the Mesa Court record [#231-2]. Deprogrammer also focuses on CIA records, government programs, patents, Artificial Intelligences, neuroscience, and frequencies.

7. **Negligence** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

The Negligent Infliction Emotional Distress ("NIED") claim was dismissed because it did not clearly show what facts formed the negligence claim [#345 at 30]. The NIED claim has been amended to simply be a Negligence claim, and Montalbano reasonably believes the amended claim properly shows who negligently did what and what unbroken sequence of acts caused the specified damages to Montalbano.

8. **RICO** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

The criminal RICO claim and it sub-claims were dismissed without prejudice for being criminal claims that a private citizen cannot bring in a civil case for remedy [#345 at 10]. RICO was also stated dismissed essentially for failure to show fraud in the fraud claim. As stated prior, the Fraud claim has been amended to clearly show fraud, and the TACC RICO claim is a civil claim that clearly specifies each person's role in the Racket.

It is also to be duly noted with the prior RICO 'trafficking' claim (slavery via frequency broadcasts) Judge Domenico prejudicially focuses on a Chilean Law [#278-1] regarding neuro rights (not cited in the SACC) [#345 at 17] and intentionally ignores the American neuro rights law, HAVANA ACT 2021, [#225-4] and related information in the SACC including: U.S. Army

Scientific Services Program [5], CIA BLUEBIRD [#121-9], CIA Telepathic Behavior Modification [#121-11] and S.A.T.A.N [#121-17], all clearly showing the American government and CIA regularly participate in frequency assaults for mind control. These material facts have been moved into the fraud claim and are supported by Goode's deposition, and show Montalbano's claim is against known people and entities (Goode, Wilcock, etc); and not some (sic) "unknown, unidentified organized crime syndicate"[#345 at 17] or 'imaginary mind control'(technology) [Id. at 18, footnote 4].

9. **Civil Conspiracy** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

The Civil Conspiracy claim was dismissed for failure to show how the parties conspired together to violate the law [#345 at 24]. In the TACC civil conspiracy claim; the 'meeting of the minds' is clearly shown in conjunction with the amended Fraud, RICO, and related claims' facts.

10. **Violation Colorado Consumer Protection Act** (Goode, Wilcock)

Violation CCPA was dismissed essentially for the same reasons as the fraud claim [#345 at 16]. As stated prior the Fraud claim has been amended to clearly show the false representations. Montalbano also amended Violation CCPA to show Goode and Wilcock's frauds reach(ed) and damaged millions of people via their prior GAIA's subscriber base (over 500k) and other platforms (internet, books, events) and shows the damages occurring not only to Montalbano, but other consumers and business competitors.

---

[5] https://www.arl.army.mil/business/scientific-services-program/

**11. Unjust Enrichment** (Goode, GES, LWLF, Wilcock, WILCOCK FOUNDATION, Yanaros)

Unjust Enrichment, was essentially dismissed for the same reasons its incorporated claims were dismissed; which equaled 'failure to show the defendants unjustly benefitted at Montalbano's expense' [#345 at 30]. With the amending of the related TACC claims, Montalbano reasonably believes the amended and incorporated claims justify and show Unjust Enrichment at Montalbano's expense.

### III.   CONCLUSION

For all the reasons stated herein, pursuant FRCP 15, 59, and 60, it is requested the attached proposed Third Amended Counterclaims Complaint ("TACC") be admitted for response and the judgment and orders be amended [#346, #347] to reinstate the attached claims and specified defendants, as justice so requires it.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Counter-Claimant, Third-Party Plaintiff, Defendant

**Certificate of Compliance**

I certify the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I certify that on this 17th day of March 2023 a copy of the foregoing Motion and attached Documents and Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties' counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and as digital copies on disc, upon pro se litigants Mr. David Wilcock and WILCOCK FOUNDATION via USPS first class mail appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen