IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                            Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                            Defendants.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,
Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,
Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,
DIANA TERRY, and
CHRISTINA GOMEZ,

                                            Third-Party Defendants.

**THIRD-PARTY DEFENDANTS DAVID WILCOCK, THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION REPLY IN SUPPORT OF THEIR MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6) AND 12(b)(1)**

Montalbano's continued abuse of the legal process, individuals in this suit and the bench and bar has spanned over five years, two states and both state-level and federal-level courts. All the issues of which she complains have already been considered by various tribunals and summarily dismissed. To distort and distract from this fact, she fashioned over a dozen claims from various statutes in a cut-and-paste fashion and incorporated fictitious allegations to support them. Because of this, dozens of attorneys and judges have undergone hundreds of hours poring over hundreds of pages of outrageous allegations grounded in neither fact nor reality. This Court can stop this cycle by dismissing Montalbano's pending counterclaims for the reasons outlined below:

## I.     Introduction

Third-party defendants David Wilcock and The Wilcock Spiritual and Healing Empowerment Foundation, ("WSHEF") (collectively "TPDs") file this Reply (the "Reply") in Support of their Motion to Dismiss (Doc. 354, the "Motion") under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) in response to Alyssa Montalbano's ("Montalbano") Second Amended Counterclaims (Doc. 217, "Second Amended Counterclaims" or "SACC").

## II.    The Issues Addressed in the Goode Reply and LWLF Reply are Incorporated by Reference

TPDs incorporate by reference herein the arguments in Plaintiffs James Corey Goode's ("Mr. Goode") and Goode Enterprise Solutions Inc.'s ("GES", collectively "Plaintiffs") Reply in Support of Second Renewed Motion to Dismiss (Doc. 241, the "Goode Reply") and Valerie Yanaros' and LWLF's Reply in support of their Motion to Dismiss (Doc. 256, the "LWLF Reply") and respectfully request this Court dismiss the SACC in its entirety.

As explained in TPD's Motion, the Goode Reply, the LWLF Reply and all claims in the SACC are barred by the *Rooker-Feldman* Doctrine and/or collateral estoppel, Montalbano either lacks

standing to bring the remaining claims, or lacks the requisite legal and/or factual support for them to survive dismissal. Montalbano's Response merely makes conclusory statements or points to fantastical reasoning, alleged facts and inapplicable law to support her claims. The claims fail in their entirety and must be dismissed for their violations of Fed. R. Civ. P. 8, 9 and 12. Montalbano repeats arguments that were already advanced to this Court *ad nauseam* and lack any credible basis. Montalbano merely reurges the conclusory, unsupported statements in her SACC in her Response. These claims should be dismissed with prejudice.

### III.     Montalbano Cannot Cure Any Deficiencies in Her Pleadings

In Montalbano's Response (Doc. 358), she attempts to argue why she should be allowed yet another amendment. This is despite this Court's denial of her other amendments and recommendation that all her claims—absent one claim against Mr. Goode—should be dismissed. Her claims do not fail because she has misidentified a defendant—they fail because they do not comport with the Rules requiring brevity (F.R.C.P. 8, 12) and the Rules requiring specificity (F.R.C.P. 9, 12.) No amount of amendment can cure such frivolous claims. ("[F]inally, Plaintiff continues to have fantastical claims that appear frivolous" *Holloway v. Steve Harris Imports*, No. 16-4121, at *3 (10th Cir. Dec. 20, 2016)). TPD's respectfully request the claims against them by Montalbano be dismissed.

### IV.     Conclusion

TPDs respectfully request this Court dismiss the SACC in its entirety and grant attorneys fees against Montalbano for her frivolous filings.

Respectfully submitted this 6th day of April, 2023.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS AND THIRD-PARTY DEFENDANTS**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on April 6th, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: *s/ Valerie Yanaros*
Valerie Yanaros