IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                  Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                  Defendants.

---

**PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE
SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANT MONTALBANO'S MOTION TO AMEND**

---

## I. Introduction

James Corey Goode ("Mr. Goode") and Good Enterprise Solutions ("GES") (collectively "Goode" or the "Plaintiff") and third-party Defendants Mr. David Wilcock and his Foundation, The Wilcock Spiritual Healing and Empowerment Foundation (together, the "Wilcock Parties", all four parties collectively the "Objecting Parties") files this Response in opposition ("Response") to *pro se* Defendant/Counterplaintiff Alyssa Montalbano's ("Montalbano" or "Defendant") Sixth Motion to Amend Counterclaims (Doc. 355, the "Sixth Motion to Amend"). This Court should deny Montalbano's Motion, dismiss her counterclaims in their entirety, enjoin her from filing any further pleadings for relief and award costs and fees to the Objecting Parties.

## II.     Background

Defendant, merely days before Christmas, filed almost five hundred pages (roughly two-hundred and fifty pages of her Answer and Counterclaim [Docket 120] and two hundred pages of Exhibits [Docket 122]) of overly verbose allegations and claims that do not have a basis in law, fact or reality. Defendant has already had the same or similar claims dismissed by Mesa County District Court of Colorado (*Alyssa Chrystie Montalbano v James Corey Goode*, case number 2018-cv-50 the "Mesa County Case"). Montalbano then attempted to amend her claims. (Doc. 217.) This was granted, but her other motions to amend (Docs. 292, 308, 315) were denied (Doc. 354.) The Objecting Parties hereby incorporate by reference their arguments included in their motion to dismiss (Docs. 227 and 354, the "Motions to Dismiss"). This Court should employ the same reasoning by courts in the District of Colorado in the issued report and recommendation (*see* Docket 131-2) accepted by this court in its Order on February 17, 2023 (Doc. 354) and Mesa County in the state court dismissal (*see* Docket 131-1) and deny amendment of Defendant's counterclaims.

## III.    This Court has Denied Montalbano's Motions to Amend on Four Different Occasions

Defendant's ***Sixth*** Motion to Amend her claims does not cure any of the previous deficiencies. The allegations are fantastical and not rooted in reality. Her abuse of the system is evident in the sheer amount of documents she has filed with this court. It is within this Court's inherent authority to sanction her and prevent her from filing anything further amendments.

## IV.    Argument and Authorities

In considering a motion for leave to amend under FRCP 15, "[t]he court should freely give leave when justice so requires." FRCP 15(a)(2). However, "[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to

dismissal for any reason," such as for failure to state a claim. *Bauchman for Bauchman v. W. High School*, 132 F.3d 542, 562 (10th Cir. 1997). Thus, to avoid having a motion to amend denied on futility grounds, the amended complaint must be able to survive a Rule 12(b)(6) motion.

To survive a Rule 12(b)(6) motion to dismiss, the pleading must contain allegations of fact that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] formulaic recitation of the elements of a cause of action" will not suffice to state a claim. *Id*. While the court must accept as true all of the factual allegations in the pleading, the court need not grant the same deference to conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [proponent] pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citations omitted).

The Court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *Schepp v. Fremont County*, Wyo., 900 F.2d 1448, 1451 (10th Cir. 1990). "Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D.Kan. 2001); *see also Ambrose v. White*, Civ. No. 01-1263 JP/KBM-ACE, at *1 (D.N.M. Nov. 13, 2002) (denying motion to amend on futility grounds). Where a pleading fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile, dismissal with prejudice is appropriate. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.

2006); *see also Bauchman*, 132 F.3d at 562 ("[a] court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . .")

It is accepted that a Court must construe the filings of a *pro se* litigant liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Id*. In other words, "[t]he broad reading of the [party's pleading] does not relieve the [party] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. The court "will not supply additional factual allegations to round out a [proponent's claim] or construct a legal theory on a [that party's] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations omitted). In addition, that party, as a *pro se* litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

Courts in this District have declined to entertain such fantastical pleadings such as Defendant's and dismissed them in their entirety through their inherent power and in alignment with all Federal Rules of Civil Procedure ("FRCP"; *e.g.*, FRCPs 1 and 8). (*See Manco v. Does*, No. 08-3205-SAC (D. Kan. July 29, 2009) dismissing a plaintiff's mind-control-based claims for lacking any arguable basis in law or fact and gathering cases holding the same). Allegations regarding government-controlled human experiments and mind control are specifically disregarded. *See Gutierrez v. N.M. Corr.*, No. CIV 19-0648 JB\SCY, at *2-3 (D.N.M. Oct. 6, 2020) "the claim that Gutierrez is being used as a human robot, via unknown radio signals, is not cognizable under any state or federal law"; *Kersh v. Smeler*, 390 Fed. App'x 836 (10th Cir. 2010) affirming dismissal of habeas petition where petitioner alleged an "invisible human robot

conspiracy"); *Owens-El v. Pugh*, 16 Fed.Appx. 878 (10th Cir. 2001) (affirming dismissal of claims as factually frivolous where prisoner alleged harassment and torture by way of a mind-control device); *Thibeaux v. Cain*, 448 Fed.Appx. 863, 864 (10th Cir. 2012) involving *pro se* lawsuit alleging that a wire had been implanted in plaintiff's body to monitor his thoughts was factually frivolous); *Flores v. U.S. Atty. Gen.*, 442 Fed. App'x. 383 (10th Cir. 2011) affirming § 1915(e)(2) dismissal of civil rights complaint alleging that the government used outer space satellites to torture plaintiff and his family members); *Murray v. United States*, 475 Fed. App'x. 311, 312 (10th Cir. 2012)(involving complaint alleging various conspiracies by the government, including the use of satellites to damage the plaintiff's reproductive system, and concluding the claims were properly dismissed as frivolous); *see also Maley v. State*, No. 08-3146-SAC, at *1 (D. Kan. June 24, 2008) (dismissing the case in its entirety when the plaintiff alleged he "was illegally implanted with a mind control device" by the government and did "not provide any medical reports, dates or supporting affidavits from medical personnel").

Defendant's Sixth Amendment Counterclaim is akin to the pleading at issue in *Manco* and should be dismissed ("[p]laintiff's complaint is 50 pages long and has over 100 pages and exhibits attached. With the complaint, plaintiff filed a 'Brief in Support of Initial Complaint' and attached exhibits amounting to over 200 pages. Plaintiff's initial pleading is not a 'short and plain statement' of his claims, and patently violates Rule 8 of the Federal Rules of Civil Procedure", *Manco* at *1). Moreover, granting Defendant leave to amend her counterclaims under any circumstances would be futile. (*See Mettlen v. Kaste*, No. 16-cv-4008-DDC-KGG, at *7 (D. Kan. Oct. 4, 2016) "[s]o long as plaintiff's Complaint is premised—as it is here—on defendants' alleged use of mind control devices attached to small jets, he cannot state a plausible claim for relief"). It is neither short nor plain. *See Bank of Am., N.A. v. Lebreton*, No. CIV 14-0319 JB/KBM (D.N.M. Apr. 20,

2015) (the court instructing the *pro se* defendant to amend her pleading to a "short and plain statement" because it could not "identify the legal claim that the Counter Claim alleges").

Similarly, Defendant's proposed amendments would not cure its deficiencies and would be futile. Instead of grounding allegations in fact and legal substance, the amendments add wild accusations that cannot be considered or weighed by a court and/or jury. The majority of the "factual" statements take place in a "dream sleep-wake" state that Defendant has allegedly experienced on various occasions—the exact type of "facts" that courts have declined to consider.

As explained in Goode's Motion to Dismiss, most of Defendant's issues have been heard, considered and dismissed with an award of fees to Goode. (*See Mantis Transp. v. Kenner*, 45 F. Supp. 3d 229, 233 n.3 (E.D.N.Y. 2014) (where the complaint which did not clearly lay out the facts underlying the action at bar, reflected the *pro se* plaintiff's dissatisfaction with the decisions in three prior actions based upon the same underlying facts"). Montalbano complains of decisions already made by previous judges, asserts causes of actions against them that may be dismissed on immunity grounds alone (in addition to the arguments herein described) and includes hundreds of pages of descriptions of her dreams and alleged coercion between counter- and third-party defendants via telepathy and other means that—even *if* real—could not be proven or disproven in a court of law, nor are they actionable under the laws in this country or on this planet.

**V.     Conclusion**

Finally, this Court may enjoin Defendant from filing similar pleadings that consume substantial time and resources. (*See Ketchum* at 916, upholding district court's order restricting plaintiff's *pro se* access to the district court and requiring litigant to obtain leave of court to file actions *pro se*). In doing so this Court will streamline the process of the current litigation and relieve all parties from having to wade through the morass of allegations put forth by Defendant

in her FACC. Goode respectfully requests this Court enjoin Defendant from further filings and orders costs and fees to be paid to Goode for the time spent responding to Defendant's pleading.

Respectfully submitted this 7th of April, 2023.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 600
Dallas Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I hereby certify that on 7th day of April 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:   *s/ Valerie Yanaros*
      Valerie Yanaros