# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually
And GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN ZAVODNICK, ALYSSA MONTALBANO, JIRKA RYSAVY, BRAD WARKINS, and KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually, and
GOODE ENTERPRISE SOLUTIONS INC.

Counter-Defendants,

David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION

Third-Party Defendants.

**THIRD PARTY PLAINTIFF ALYSSA MONTALBANO
REPLY TO**
"PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS, INC'S
RESPONSE IN OPPOSITION TO DEFENDANT MONTALBANO'S
MOTION TO AMEND" [#360]

**COMES NOW,** Third-Party Plaintiff and Counterclaimant, Alyssa Chrystie Montalbano, in Reply to: "PLAINTIFF JAMES COREY GOODE AND GOODE ENTERPRISE SOLUTIONS, INC'S RESPONSE IN OPPOSITION TO DEFENDANT MONTALBANO'S MOTION TO AMEND" filed April 7, 2023 at Docket 360; and in support of Montalbano's Motion to Amend Judgment filed at Docket 355, Replies as follows:

Ms. Yanaros Responds [#360] to Montalbano's Motion to Amend the Judgment [#355] on behalf of the following defendants: David Wilcock, WILCOCK FOUNDATION ("WF"), Corey Goode, and GOODE ENTERPRISE SOLUTIONS INC. ("GES").

Ms. Valerie Yanaros does not include herself or LIGHT WARRIOR LEGAL FUND LLC ("LWLF") as objecting to the Motion to Amend [#355] and thereby they have agreed with the facts contained therein.

**FACTS AND LAW IN SUPPORT OF AMENDING JUDGMENT**

1. The judgment [#346] was prematurely entered the same date of the dispositive dismissal order [#345], taking away Montalbano's legal right to explain complaint amendment delays and file a standard objection for reconsideration prior entry of any final judgment(s).

2. The reasons contained in the originating Motion to Amend Judgment outlines the causes of delay in filing an amended complaint and shows the delays are reasonable and that new

evidence is incorporated into the proposed and attached Third Amended Counterclaims Complaint ("TACC") that could not have earlier been acquired. [355 at 6–9]

3. Ms. Yanaros, on behalf of defendants, also incorrectly states this is Montalbano's "sixth" amended counterclaim [#360 at 5, para. 2] however this only Montalbano's third fully proposed amended complaint. [#355 at 7, Mistake and Excusable Neglect]

4. Pursuant the statements in the originating Motion to Amend [#355 at 11-19], Montalbano reasonably believes the TACC alleges claims of sufficient merit against, Goode, GES, LWLF, Wilcock, WF and Yanaros, and will withstand new Motions to Dismiss. Montalbano has also shown that not all the prior proposed SACC claims and defendants are being requested for re-admission, only certain claims and defendants, and the proposed amendments are not futile. The Defendants have made no clear argument as to why each proposed claim amendment is futile [#360 at 3-4] and have thereby agreed amending is proper. This Court can also determine claim propriety for proceeding by reviewing the TACC [#355-1].

5. The Defendants' response largely recites a plethora of case law without specifying how any of it applies to the amendments in the TACC, named defendants, or any of Montalbano's reasons for amending; and there are no clear arguments that the TACC is deficient or that the reasons in the Motion to admit the TACC are not in-fact justified.

6. Defendants again also argue the counterclaims are long [#360 at 2 and 5], however the TACC has been reduced by 82 pages and it would have been shorter had the Defendants not violated so many laws in the State of Colorado and not committed so many fraudulent acts,

which require specificity and detail, and whereby the new evidence from Goode's testimony in case 1:20-CV-00947 [#355 at 6-7] has been incorporated to clearly show the defendants' frauds without any complaint hunting or confusion. [#355-1 at 20-60, TACC Fraud Claim]

7. Defendants' counsel again cites case law about the claims supposedly involving 'invisible human robots' for mind control [#360 at 4]; when the TACC predominantly focuses on Intellectual Property and the false statement frauds performed by Mr. Goode, Mr. Wilcock, and et. al. and demonstrates that if Goode were/is in fact in the CIA MKULTRA and MiLab mind control programs as he claims both on and off the court record, then he should reasonably know he is committing fraud by saying aliens are remote neural interfacing with his fans, when he should reasonably know it is his 'CIA' (or similar) co-workers [#355-1 at ¶¶137-167]. Next, if we apply Ms. Yanaros' arguments on her own clients (Goode, Wilcock), then it is reasonable to conclude Goode and Wilcock are both delusional and crazy as: (1) Goode claims being in MKULTRA and MiLab mind control programs and having contact with space aliens, and (2) Wilcock publicly claims receiving messages from space aliens and more recently that he's also been raped by lizard (draco[1]) space aliens when he was a child. These types of claims are actually delusional and crazy, and Ms. Yanaros' arguments must in-fact be applied to her own clients, because they actually literally apply to them.

8. Montalbano's Trade Secret claim significantly varies from Goode and Wilcock's public and court claims, as Montalbano has proof of her trade secret Intellectual Property and claims therein. It is also to again be duly noted, Montalbano does not drink, smoke, or do drugs, so

---

[1] This new scam statement by Wilcock is believed to be another perverted derivative work adaptation of Montalbano's 'Day in a Draco's Shoes' IP record [#356-7, partial Draco IP record] and whereby Wilcock has already created fake news from it prior with Pete Peterson. [#355-1, ¶82]

none of the Trade Secret observations are chemically or otherwise intoxication induced. Montalbano also has a clean record and is an upstanding citizen of the State of Colorado.

9. The defendants also cite a case law [#360 at 5, para 1] regarding government mind control and implants and allege a medical report affidavit should be attached to the counterclaims. This case law is irrelevant as Montalbano did not file a medical malpractice claim, which in many states does require such an affidavit. Montalbano filed a fraud and RICO claim, citing false statements made by Goode and Wilcock involving programs they claim participation in.

10. It is to also be duly noted Montalbano learned after filing the TACC that Broomfield Combined Court cases 18C103 and 20C32 are actually civil and not criminal cases (due to not being able to seal the records under CRS 24-72-705), and should the Abuse of Process and Malicious Prosecution TACC claims be admitted, they should be supplemented to reflect this correct understanding and add an injunctive relief request to seal those case records for being fraudulent and maliciously filed by Goode and Yanaros. [#355-1 at 83-95, TACC Abuse of Process and Malicious Prosecution]

11. In Defendants' Response at page 2, Section II. Background, Ms. Yanaros infers Rooker-Feldman or Collateral Estoppel may apply to the counterclaims due to them allegedly already being heard in Mesa District Civil State court, however if this were true the defamation claim against Goode would have been dismissed. Ms. Yanaros also has not made any argument, at any time, showing how Estoppel or Rooker-Feldman actually apply to the counterclaims.

12. Defendants' counsel also misleads this tribunal by falsely stating "The majority of the "factual" statements take place in a "dream sleep-wake" state…" [#360 at 6]. The actual majority of the counterclaims complaint is about daily life actions performed by herself and

her clients that violated multiple Colorado laws. The parts that have to do with Montalbano's dream experiences are there to show Montalbano's dream journals are literal Intellectual Property and that Goode, Wilcock, and et. al have stolen it and infringed on it via their public frauds; and it is included to prove the Trade Secret Intellectual Property/discovery claim.

13. Lastly, Ms. Yanaros asks the court enjoin Montalbano from filing further pleadings unless granted leave of the Court, this is what is already occurring in this case, so it really isn't a relevant argument. To the extent her argument is to enjoin Montalbano from filing new claims or cases against Goode, Wilcock or et.al., this would violate Montalbano's Civil Right to have remedy and relief pursuant United States Constitution, Article 1, Section 8, Clause 8 (copyright clause), and Colorado Constitution, Bill of Rights, Sections 6, stating the Courts are for use by the people to correct wrongdoings; and whereby Goode and Wilcock continue to use Montalbano's IP to their benefit and Montalbano's continued detriment, and this matter will keep expounding, necessitating lawsuits, until they are court ordered to stop.

**WHEREFORE,** Montalbano moves the Courts' presiding officers to fairly review and admit the TACC against Goode, GES, LWLF, Yanaros, Wilcock and WILCOCK FOUNDATION, and amend the judgment as requested against the prematurely dismissed defendants and claims, and move the TACC claims into discovery and through trial so Montalbano may finally have the remedy and relief as requested pursuant Colorado Constitution, Bill of Rights, Section 6.

Respectfully Submitted and All Rights Reserved,

/s/ Alyssa Chrystie Montalbano

Alyssa Chrystie Montalbano, American Citizen
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com
Third-Party Plaintiff, Counterclaimant

**Certificate of Compliance**

I certify the foregoing Reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of April 2023 a copy of the foregoing Reply was filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system. (FRCP Rule 5); and upon pro se litigants Mr. David Wilcock and WILCOCK FOUNDATION via USPS first class mail upon appointed agent CORPORATE CAPITAL INC., Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117.

/s/ Alyssa Montalbano

Alyssa Montalbano, American Citizen