IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                              Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                              Defendants.

**PLAINTIFF JAMES COREY GOODE, GOODE ENTERPRISE SOLUTIONS, INC.'S, DAVID WILCOCK AND THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION'S RENEWED RESPONSE IN OPPOSITION TO DEFENDANT MONTALBANO'S MOTION TO AMEND**

### I.     Introduction

James Corey Goode ("Mr. Goode") and Good Enterprise Solutions ("GES") (collectively "Goode" or the "Plaintiff") and third-party Defendants Mr. David Wilcock and his Foundation, The Wilcock Spiritual Healing and Empowerment Foundation (together, the "Wilcock Parties", all four parties collectively the "Objecting Parties") files this Response in opposition ("Response") to *pro se* Defendant/Counterplaintiff Alyssa Montalbano's ("Montalbano" or "Defendant") Sixth Motion to Amend Counterclaims (Doc. 361, the "Seventh Motion to Amend"). This Court should deny Montalbano's Motion, dismiss her counterclaims in their entirety, enjoin her from filing any further pleadings for relief and award costs and fees to the Objecting Parties.

## II. Background

Defendant, merely days before Christmas, filed almost five hundred pages (roughly two-hundred and fifty pages of her Answer and Counterclaim [Docket 120] and two hundred pages of Exhibits [Docket 122]) of overly verbose allegations and claims that do not have a basis in law, fact or reality. Defendant has already had the same or similar claims dismissed by Mesa County District Court of Colorado (*Alyssa Chrystie Montalbano v James Corey Goode*, case number 2018-cv-50 the "Mesa County Case"). Montalbano then attempted to amend her claims. (Doc. 217.) This was granted, but her other motions to amend (Docs. 292, 308, 315) were denied (Doc. 354.) The Objecting Parties hereby incorporate by reference their arguments included in their motion to dismiss (Docs. 227 and 354, the "Motions to Dismiss"). This Court should employ the same reasoning by courts in the District of Colorado in the issued report and recommendation (*see* Docket 131-2) accepted by this court in its Order on February 17, 2023 (Doc. 354) and Mesa County in the state court dismissal (*see* Docket 131-1) and deny amendment of Defendant's counterclaims. Montalbano filed another motion to amend on April 8, 2023 that did not advance any different arguments.

## III. This Court has Denied Montalbano's Motions to Amend on Four Different Occasions

Defendant's **Seventh** Motion to Amend her claims does not cure any of the previous deficiencies. The allegations are fantastical and not rooted in reality. Her abuse of the system is evident in the sheer number of documents she has filed with this court. It is within this Court's inherent authority to sanction her and prevent her from filing anything further amendments.

### IV. Conclusion

Finally, this Court may enjoin Defendant from filing similar pleadings that consume substantial time and resources. (*See Ketchum* at 916, upholding district court's order restricting plaintiff's *pro se* access to the district court and requiring litigant to obtain leave of court to file actions *pro se*). In doing so this Court will streamline the process of the current litigation and relieve all parties from having to wade through the morass of allegations put forth by Defendant in her FACC. Goode respectfully requests this Court enjoin Defendant from further filings and orders costs and fees to be paid to Goode for the time spent responding to Defendant's pleading.

Respectfully submitted this 28th of April, 2023.

*s/ Valerie A. Yanaros*
Valerie Yanaros, Esq.
State Bar No. 24075628
Yanaros Law, P.C.
8300 Douglas Avenue Suite 600
Dallas Texas 75225
Tel.: (512) 826-7553

**ATTORNEY FOR PLAINTIFFS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

### CERTIFICATE OF SERVICE

I hereby certify that on 28th day of April 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:   *s/ Valerie Yanaros*
         Valerie Yanaros