# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE, individually and,
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

----

Alyssa Chrystie Montalbano, Individually

Counter-Claimant,

v.

James Corey Goode, individually

Counter-Defendants,

David Wilcock,
THE WILCOCK SPIRITUAL HEALING AND
EMPOWERMENT FOUNDATION

Third-Party Defendants.

**ALYSSA MONTALBANO RESPONSE TO**

**"THIRD-PARTY DEFENDANT ELIZABETH LORIE'S RENEWED MOTION FOR SANCTIONS AGAINST ALYSSA MONTALBANO" [#376]**

## I.      INTRODUCTION

Alyssa Chrystie Montalbano, pro se litigant and third-party plaintiff, files this Response to Deny with Prejudice Ms. Elizabeth Lorie's, "THIRD-PARTY DEFENDANT ELIZABETH LORIE'S RENEWED MOTION FOR SANCTIONS AGAINST ALYSSA MONTALBANO" ("Motion") [#376, filed August 10, 2023] and to Strike the Motion, for being untimely, vexatious, and in breach of all procedural requirements of F.R.C.P. 11, and to Sanction Elizabeth Lorie, her counsel Alicia Reinken, and ROBINSON & HENRY, P.C. and compensate Montalbano and the Court under F.R.C.P. 11, 28 USC 1927, and The Court's Inherent Power to deter the aforementioned parties from filing additional vexatious papers in this case and compensate Montalbano for defending against the malicious Motion that unnecessarily multiplied the proceedings.

## I. ARGUMENTS to Deny With Prejudice and Strike Motion for Sanctions Under F.R.C.P. 11 for Being Vexatious and Untimely

### A. Summary Motion For Sanctions

The alleged 'Renewed' Motion for Sanctions ("Motion") [#376] requests two basic forms of relief:

1. Attorney Fees under F.R.C.P. 11(b)(1) [#376 at 9]; and

2. Montalbano's Complaint withdrawn against Ms. Lorie [#376-1].

The Motion also alleges a May 28, 2021, ROBINSON & HENRY, P.C., Demand Letter ("Letter") [#376-1] emailed to Montalbano by Ms. Lorie's former counsel Mr. Timothy Murphy [#266, Substitution Counsel] is somehow a Motion for Sanctions or Notice of pending Sanctions to be filed in Court [#376 at 12] that triggered the twenty-one (21) day "Safe Harbor" period under F.R.C.P. 11.

### B. FED. R. CIV. P. 11(c) Sanction Motion Procedural Requirements

The Motion for Sanctions process is defined at FED. R. CIV. P. 11(c)(2) and has five primary requirements; the Motion for Sanctions:

1. "[M]ust be made separately from any other motion . . . ." Meaning (1) must be a separate motion; and (2) must not be part of another motion. *Id.*

2. "[M]ust describe the specific conduct that allegedly violates Rule 11(b) . . . ." *Id.*

3. "[M]ust be served under Rule 5 . . . ." on the offending party twenty-one (21) days prior being filed in Court (also known as the "Safe Harbor" period). *Id.*

4. "[M]ust not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*

Before any of the alleged contentions in Lorie's Motion can be taken into consideration by the Court to determine awards, the Court must first determine if the filing party followed all Motion for Sanction Rules before filing the Motion in Court.

A. **Lorie and Reinken Failed to Serve the Motion for Sanctions on Montalbano and Breached F.R.C.P. 11(c)(2)**

Dismissed Third-Party Defendant, Ms. Elizabeth Lorie (a Florida based attorney), and her Colorado Counsel Ms. Alicia Reinken of ROBINSON & HENRY, P.C., wrongfully argue former counsel's emailed Demand Letter ("Letter") [#376-1], dated May 28, 2021, was Notice to Montalbano of pending Sanctions under F.R.C.P. 11.  Lorie and Reinken falsely allege, "Lorie warned Montalbano she would seek the imposition of sanctions if Montalbano did not withdraw her claims against Lorie. Exhibit 1".

[#376 at 12, citing #376-1 "Letter"]

The Letter is not labeled as a Motion for Sanctions, does not mention Sanctions or F.R.C.P. 11.  On its face, the Letter did not triggered the 21 day "Safe Harbor" period. Lorie's statement is false and in breach of The Colorado Rules of Professional Conduct ("Colo. RPC"), Rule 3.3, Candor Toward the Tribunal.

### B. Lorie's Informal Letter Does Not Qualify as a Motion For Sanctions Triggering the Safe Harbor Period

The matter of if a Letter qualifies as a Motion for Sanctions and triggers the start of the 21 day "Safe Harbor" period is addressed in detail in controlling 10th Circuit case, *Roth v. Green,* 466 F.3d 1179 (Colo. Ct. App. 2006). **(Exhibit 1, *Roth v. Green*)**

*Roth v. Green* is strikingly similar to the Sanctions matter pending before this Court. *Roth* held, Letters sent by the Defendants and received by the Plaintiff's Counsel, Mulhern, met the meet and confer requirement of  D.C.COLO.LCivR 7.1 because the Letters demanded Mulhern withdraw his client's frivolous claims, cited sanctions, fees, and F.R.C.P. 11. *Id.* at 1190.

In contrast, Defendant Lorie's Letter did not mention Sanctions or F.R.C.P. 11. This same failure of process was addressed in unpublished case, *Rusk v. FIDELITY BROKERAGE SERVICES*, 850 Fed.Appx. 657 (Utah Ct. App. 10th Cir. 2021). **(Exhibit 2, *Rusk*)**  The 10th Circuit Court held that Plaintiff Rusk's threat Letter completely failed factually and legally under F.R.C.P. 11;

> "[B]ecause Mr. Rusk's threat **did not mention Rule 11,** identify any misrepresentations, demand their withdrawal, **or say that he was going to move for sanctions. The argument fails legally because our precedent requires service of the actual motion to be filed; warning letters are insufficient.** *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006). **Under this precedent, Mr. Rusk's threat to sue did not relieve him of the obligation to serve his sanctions motion 21 days before filing it.** We thus uphold the district court's first rationale for denying the motion."

*Id.* at 658–59. (emphasis added).

Like *Rusk*, Defendant Lorie and Counsels' threat Letter [#376-1] fails to mention

Sanctions or F.R.C.P. 11 and completely fails factually and legally under Rule 11, and

also fails under D.C.COLO.LCivR 7.1 as a sanctions conferral, and did not relieve them

of the obligation to serve Montalbano the actual sanctions motion [#376] 21 days before

filing it in Court.

*Roth,* 466 F.3d at 1192, further analyzed Rule 11 and held,

> "[T]he district court abused its discretion in granting defendants' motions for Rule 11 sanctions.

> Contrary to defendants' arguments, **nothing in subsection (c)(1)(A) suggests that a letter addressed to the alleged offending party will suffice to satisfy the safe harbor requirements.** Rather, the plain language of **subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s)** accused of sanctionable behavior **at least twenty-one days prior to the filing of that motion.**"

(emphasis added).

Under *Roth*, it would be an abuse of discretion for this Court to grant Lorie and

Reinken's Motion as it was never prior served on Montalbano under F.R.C.P. 11.

### C. **Lorie's Letter Is Substantially Different from the Motion For Sanctions and Did Not Trigger The Safe Harbor Period**

The final test to determine if the Letter qualifies as a lawfully served Motion for Sanctions, is to compare the Letter's contents with Lorie's August 10, 2023 Court filed Motion contents.

An example of a properly served Safe Harbor Motion for Sanctions and subsequent filed Motion for Sanctions is seen in, *Carlson v. TOWN OF MOUNTAIN VILLAGE, Colorado,* No. 1:17-cv-02887-PAB-STV; a case law cited by Lorie and Reinken [#376 at 15]. In *Carlson*, the served Safe Harbor motion and filed motion are substantially similar, both cited F.R.C.P. 11, specified breaches, and provided legal authorities. **(Exhibit 3, *Carlson*, Dockets 130 and 130-1).**

In contrast, Lorie's Letter and Motion are substantially different.

(1) The filed Motion [#376] cites F.R.C.P. 11, alleged breaches, sanctions, and provides legal authorities.

(2) The Letter [#376-1] alleges Montalbano's claims are frivolous and demands withdraw, but provided no specificity, laws, or rules that Montalbano is in alleged breach of and did not threaten Sanctions, but rather that Lorie and Counsel would, "[File] a responsive pleading which may include counterclaims, dispositive motions, and requests for attorney's fees to be paid by [Montalbano]." [#376-1 at 1]

> "The reason for requiring a copy of the motion itself, rather than simply a warning letter, . . . [is **to] encourag[e] the withdrawal of papers that violate the rule without involving the district court**...." 5A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1337.2, at 722 (3d ed.2004). **Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions...."** *Id.* at 723."

*Roth*, 466 F.3d at 1192. (Emphasis Added).

Lorie's Letter stating relief will be sought in Court defeats the purpose of a sanctions motion, which is to have papers withdrawn without involving the Court. The Letter is disqualified under F.R.C.P. 11.

The May 28, 2021 Letter further breaches F.R.C.P. 11 by demanding Montalbano withdraw claims [#184, FACC] within 10 days, "[B]efore the end of business on Monday, June 7, 2021 . . ." [#376-1 at 1]. A Motion for Sanctions requires 21 days under Safe Harbor provisions and the Letter is again disqualified under F.R.C.P.11.

The Letter and filed Motion are substantially different and the Letter did not trigger the Safe Harbor period. The Motion should be struck under DDD Civ. P.S. III(B) for noncompliance.

## D. Reinken and Lorie's Motion Does Not Include the Required Certifications

*Carlson* also demonstrated the proper mandatory certification of compliance with F.R.C.P. 11(c)(2) and D.C.COLO.LCivR 7.1 in their filed Motion. **(Exhibit 3 at 1).**

In stark contrast, Lorie and Reinken do not have a conferral certification in their filed Motion, and they could not, because they did not attempt any conferral at all with Montalbano under D.C.COLO.LCivR 7.1 or F.R.C.P. 11. The Motion should be struck under DDD Civ. P.S. III(B) for failure to include the required certifications.

### E.  Good Faith Letter Conferral Efforts by Montalbano

In good faith, Montalbano responded to the  Letter within two days of receiving it **(Exhibit 4, Montalbano email to Murphy, May 28, 2021)** and requested Lorie or her Counsel discuss alleged complaint issues on a point by point basis. No further details or information were provided to Montalbano in or out of Court, or at any time during the course of litigation, or prior to the entry of final judgment.

### F.  Lorie and Reinken did Not Prior File a Motion For Sanctions in Court and it Cannot be Part of their Motion To Dismiss

In the alternative, Defendant Lorie and her Counsel, Alicia Reinken, imply their Motion for Sanctions was prior filed on this Court record by alleging their August 10, 2023 court filed Motion is a "Renewed" Motion for Sanctions [#376 at 1].

Nowhere on this Court record did dismissed Defendant Lorie or her Counsels, Murphy or Reinken, file a separate Motion for Sanctions against Montalbano. The Motion for Sanctions is not on its face a "Renewed" Motion for Sanctions and Reinken and Lorie are in breach of Colo. RPC 3.3(a).

The alleged "Renewed" Motion for Sanctions also implies the "original" filed Motion for Sanctions was contained in Lorie's June 23, 2021, Motion to Dismiss ("MTD") [#221] stating, "Lorie previously requested sanctions against Montalbano, which Magistrate Mix recommended be dismissed without prejudice because Lorie did not specify the sanctions she sought to have imposed . . . ." [376 at 8].  Lorie's complete MTD Sanction request is contained in the following eight (8) words, "[A]s well as for sanctions against Alyssa Montalbano." [#221 at 2].

*Roth v. Green,* 466 F.3d at 1192, also addressed the prayer for relief sanctions request breach, "The rule [F.R.C.P. 11] provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief in another motion."  Like *Roth,* Lorie's sanctions request in an additional prayer for relief contained in another motion and is barred under F.R.C.P. 11.

To be totally certain, we compare the MTD's eight words for Sanctions with the sixteen (16) page Court filed Motion for Sanctions and can see they are substantially different. The MTD Sanctions prayer is not an 'original' Motion for Sanctions capable of being "renewed" post judgment.  Ms. Lorie and Ms. Reinken knew or reasonably should have known their Sanction prayer request inside their MTD does not qualify as a prior filed Motion for Sanctions that could plausibly be 'renewed'.

**G. Lorie's MTD Sanction Prayer Denied by Magistrate Mix in the Recommendation**

In the next theory of relief, Lorie implies she has Court permission to file the late

August 10, 2023 Motion for Sanctions by citing Magistrate Mix's February 28, 2022

Recommendation [#376 at 8]. Magistrate Mix Recommended denial of Lorie's sanctions

request and instructed then Defendant and Counsel provide the Court with more

information:

> "Ms. Lorie "moves this Court for an Order dismissing her from this action, as well
> as for sanctions against Alyssa Montalbano." *Motion* [#221] at 2. However,
> Ms. Lorie does not specify what type of sanctions she seeks to have imposed or
> under what legal authority those sanctions should be imposed. See
> D.C.COLO.LCivR 7.1(d) (stating in part: "[A] motion involving a contested issue
> of law shall state under which rule or statute it is filed and be supported by a
> recitation of legal authority in the motion."). In fact, she does not again mention
> sanctions in either her Motion [#221] or Reply [#243]. In the absence of further
> information, the Court recommends that the Motion [#221] be denied without
> prejudice to the extent Ms. Lorie seeks sanctions against Montalbano."

[#283 at 57-58].

Lorie and her Counsels did not file a Response to the Recommendation within 21 days

(on or by March 21, 2022), nor did they provide any rules, authorities, or specific type of

sanctions they sought to impose against Montalbano at any time during the entire course

of litigation and they cannot reasonably do so now Five hundred six (506) days late

(1 year, 4 months) or post dismissal and entry of judgment. Lorie's late 'Response to the

Recommendation' should be struck under DDD Civ. P.S. III(B) for being severely

untimely and in breach of Colo. RPC 3.3(a)(1).

**H. <u>Lorie's Motion Cannot be Served on Montalbano On or After the Date it is Filed in Court</u>**

The August 10, 2023 Court filed Motion for Sanctions; filed One hundred seventy-four (174) days (approx. 6 months) after entry of judgment; is the first time Montalbano has seen any Motion for Sanctions written by Lorie or her Counsels in any form.

*Roth* also addressed breach of the Safe Harbor provision by filing a post judgment (late) Motion for Sanctions and serving the Motion on the opposing party at the 'same time' as filing it in with the Court,

> "[I]t is uncontroverted that they did not, as required by subsection (c)(1)(A), serve him [Mulhern] with copies of their actual motions for sanctions twenty-one days prior to filing those motions. Indeed, **it appears from the record on appeal that the motions were served on Mulhern at the same time as, or after, the motions were actually filed.**
>
> . . .
>
> . . . [T]he Advisory Committee's Notes clearly suggest that **warning letters**, such as those sent by defendants to Mulhern, **are supplemental to, and cannot be** deemed an adequate **substitute for, the service of the motion itself."**

*Roth*, 466 F.3d at 1192. (emphasis added).


Lorie and Reinken's Motion for Sanctions [#376] was first filed in this Court, August 10, 2023, then subsequently served on Montalbano by the Court's CM/ECF system in open breach of F.R.C.P. 11, and Colo. RPC 3.3(a), and should be struck under DDD Civ. P.S. III(B) for noncompliance.

I. **The Motion for Sanctions was Filed too Late and is Barred Under F.R.C.P. 11**

*Rusk* citing and upholding *Roth,* also addressed improper post judgment filing of a severely late Motion for Sanctions;

> "Mr. Rusk not only failed to serve the motion in advance but also filed it too late. **In our [10th]circuit a sanctions motion must be filed before the entry of judgment.** *Id.* at 1193. But Mr. Rusk waited to file the motion for sanctions until roughly sixteen months after the entry of judgment."

*Rusk*, 850 Fed.Appx. at 659. (emphasis added).

The Court further held, "[T]hat the district court had abused its discretion by granting a motion for sanctions under Rule 11 that had been filed after the entry of judgment." *Id.*

Like *Rusk*, Lorie and Reinken filed their Motion too late by filing it six (6) months after the entry of judgment and their Motion is barred in this 10th Circuit Federal Court and should be struck under DDD Civ. P.S. III(B), for being untimely.

J. **11th Circuit Courts (Lorie's Circuit) also Bar the Post Judgment Motion for Breach of Safe Harbor Provisions**

Dismissed Defendant, attorney Lorie, practices law in the state of Florida and within the 11th Circuit. Ms. Lorie has provided persuasive case law from the 11th Circuit in alleging support of her Motion. [#376 at 10, *Barnes v. Dalton*]

The 11th Circuit holds that a Motion for Sanctions can be filed after final judgment provided the 21 day Safe Harbor period has elapsed **prior to** the entry of final Judgment. See *Huggins v. Lueder*, 39 F.4th 1342 (11th Cir. 2022). **(Exhibit 5, *Huggins v. Lueder*).** In *Huggins* a Motion for Sanctions was filed five (5) days after entry of final judgment and the filing party had served multiple "[D]raft motions for Rule 11 sanctions.", on the opposing party more than five months prior entry of final judgment, thus meeting the Safe Harbor provision of F.R.C.P. 11. *Id.* at 1345, Footnote 2.

In this instant case, the deadline date for Reinken and Lorie to serve Montalbano a lawful Motion for Sanctions was January 27, 2023, twenty-one days prior the entry of Judgment on February 17, 2023 [#346].

Because Lorie never served Montalbano a copy of the Motion twenty-one days prior entry of Judgment she cannot do so now. The Motion is barred in all Circuits, and should be struck under DDD Civ. P.S. III(B) for being untimely and noncomplying.

## K. Relief Already Granted, The Motion is Redundant and Barred

The 11th Circuit further clarified a Motion for Sanctions "is barred if the district court disposes of a challenged filing before the safe harbor period elapses – because "any other interpretation would defeat the rule's explicit requirements." 532 F.3d at 1308 (quoting *Ridder,* 109 F.3d at 295)." *Huggins,* 39 F.4th at 1347. *Huggins* also had a "Rule 11 motion, which targeted the complaint, [that] had never been served on the plaintiff. At

all." and "[E]xplained, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." (citations omitted), and that "The rationale for [the] rule is simple"—**when service is skipped or delayed, the safe harbor is not triggered, and Rule 11 motions that evade the opponent's safe harbor review are barred.** *Id.* (citing 2 *Moore's Federal Practice* § 11.22[1][c] (3d ed. 2010))." *Huggins*, 39 F.4th at 1348. (emphasis added).

Lorie and Reinken's filed Motion evaded Montalbano's Safe Harbor period and is barred. The Motion also seeks relief from Complaints or other alleged offending contentions that have already been adjudicated. Because the disposed of matters are no longer before the Court, the Safe Harbor period can never be triggered and the Motion is forever barred in all Circuits.  Lorie's Motion is redundant and noncomplying with F.R.C.P. 11 and should be struck under DDD Civ. P.S. III(B).

### L. <u>Lorie and Reinken's Severely Late Attorney Fees Request Disguised as a Motion for Sanctions is Barred under F.R.C.P. 54(d)(2)(B)</u>

Under F.R.C.P. 54(d)(2)(B)(i) a request for attorney fees must, "be filed no later than 14 days after the entry of judgment;"

On February 17, 2023 Judge Domenico dismissed with prejudice Montalbano's SACC [#217] against Ms. Lorie under Fed.R.Civ.P 54(b) [#345 at 37-39] by adopting Magistrate Mix's recommendation [#283] in favor of Ms. Lorie and disposed of all matters against Lorie. Final judgment was entered the same day under F.R.C.P. 58(a) [#346].

Attorneys Reinken and Lorie knew or reasonably should have known, March 3, 2023 was the deadline to request their attorney fees and they may not file their request One hundred sixty (160) days late disguised as a 'Motion for Sanctions' and their request for fees must be denied and struck under   DDD Civ. P.S. III(B) for being severely untimely.

## II.   <u>'The Court's Inherent Power' Cannot Award Fees Against Montalbano as No Misconduct was Shown</u>

### A. <u>Denial of Sanctions Under 28 U.S.C. § 1927</u>

In the alternative Lorie and Counsel, Ms. Alicia Reinken (after breaking every Due Process of Law Rule outlined in F.R.C.P. 11) proceed to ask this Court to simply award their attorney fees 160 days late, under the pretense of 'Sanctions' via the 'Inherent Power of the Court'.

In addressing the request for 'attorney fees' under the Court's inherent power, 28 U.S.C. § 1927 [1] must also be lightly addressed [2].

> "while Rule 11 applies to individual filings. **The filing of a frivolous complaint**, alone, **may violate Rule 11, but not § 1927 because such a complaint does not "multiply" the proceedings.** Conversely, **a course of conduct can be sanctionable** under § 1927 even though the individual filings during that conduct comport with Rule 11 standards."

JEFFREY S. GUTMAN, FEDERAL PRACTICE MANUAL FOR LEGAL AID ATTORNEYS § 4.2.B

28 U.S.C. § 1927 (2016).[3] (footnote omitted). (emphasis added).

---

[1] 28 USC 1927 generally applies only to attorney's and law firms and not pro se litigants. *See* GUTMAN at § 4.2.C.

[2] 28 USC 1927 is not mentioned in the Motion [#376] but is implied by the 'request for attorney fees'.

The Court may not use its Inherent Power to award dismissed Defendant Lorie her attorney fees under 28 U.S.C. § 1927 for the Complaint filings, because the Complaint did not 'multiple the proceedings' and was already adjudicated.

Further still, Lorie and Counsels' Letter [#376-1] was directed at the FACC [#184]. The FACC and Letter were both made moot by admission of the SACC [#217] on June 18, 2021. At no time since mooting of the FACC to the disposal of the SACC on February 17, 2023, did Lorie or Counsels deliver any additional letters, sanction motions, or notices of misconduct to Montalbano and as outlined herein they cannot do so now. The Court cannot award the attorney fees as requested by the Letter or Motion because the Complaint filings did not create any 'excess' costs for Lorie and Reinken and they failed to show any misconduct performed by Montalbano. Lorie's sanction Motion is redundant and should be stricken under DDD Civ. P.S. III(B) for being noncomplying.

## B. Denial of Sanctions Under "The Courts Inherent Power" and (F.R.C.P. 11(3),(4), (5), and (6)

The Court's inherent Power to Sanction is broad, but still must be based on conduct involving 'abuse' of the judicial process in or out of the courtroom "[T]o punish persons who abuse the judicial process." and sanctions are "[L]imited to those cases where the litigant has engaged in bad-faith conduct or willful disobedience" and attorney fees "[M]ust be compensatory in nature, rather than punitive. Thus the attorney fee award is

---

[3] https://www.federalpracticemanual.org/chapter4/section2/

limited to the amount of fees expended because of the misconduct at issue." and is tested via the 'but for' test, "[T]he court may generally award attorney fees only for legal work that would not have been necessary but for the misconduct." *See* GUTMAN at § 4.2.C. (footnotes omitted).

As outlined herein, there is no misconduct by Montalbano that resulted in excess legal work being performed by Lorie or her Counsels. Conversely there is misconduct by Reinken and Lorie resultant from their filing the vexatious Motion.

Additionally, the Court also cannot impose monetary sanctions against Montalbano under F.R.C.P. 11(3), (4), (5), and (6) as there has been no show-cause order entered in this case under Rule 11(c)(3) directed at Montalbano and in particular no order regarding any of the alleged contentions in Lories untimely Motion for Sanctions; and thereby Montalbano did not breach any orders or perform any misconduct under Rule 11.

## C. False Statements by Lorie and Counsels in the Motion and in Repeat Breach Of Colo. RPC 3.3 and 3.4

Montalbano is not lawfully required to respond to the content of the Motion because it was not properly served or filed under F.R.C.P. 11; however there are false statements in the Motion that must be cited as additional breaches of Colo. RPC 3.3 and 3.4. To further show the Motion demonstrates a bad-faith filing and lacks candor with the tribunal.

1. In the Motion for Sanctions, Ms. Lorie and Ms. Reinken state Montalbano's complaint is "[A] 500 page pro se Answer and Counterclaims. [Doc. 184]." [#376 at 2]. In Lorie's MTD it states, "[F]iled an almost 250 page Answer to Second Amended Complaint which included counterclaims against Ms. Lorie. (See Docket no. 184, hereafter Counterclaims")" [#221 at 2].  The Answer and [moot] FACC are 243 pages [#184]. The Answers and [moot] SACC are 232 pages [#217]. Lorie's Motion to Dismiss statement is more accurate. The Motion for Sanctions statement is a lie.  The proposed pending TACC is 122 pages (excluding the 28 page Answers) [#355-1] and does not include Lorie. Lorie and her Counsel changed a basic fact to mislead the Court, in breach of Colo. RPC 3.3, Candor Towards the Tribunal, and Colo. RPC 3.4, Fairness to Opposing Party.

2. The Letter [#376-1] from Counsel Murphy also made a misleading statement in breach of Colo. RPC 3.4(b) in falsifying testimony by asserting, "Ms. Lorie never provided you with a "fake address" for her law firm." [#376-1 at 1] this is knowingly misleading because Lorie and her Counsels knew the address was provided to Christina Ferrante (December 17, 2019); a critic of Lorie's public figure employers (Goode and Wilcock) [#121-1 at 6-7; #217, SACC ¶677, Ferrante]. Montalbano attempted to notify Lorie, December 31, 2019, that Ms. Ferrante was a potential witness in case 18CV50 and to stop harassing her. Montalbano discovered the address was fake when the Certified Mail was

returned to Montalbano as "NOT AT THIS ADDRESS" and "Refused" [#121-1 at 1-3, USPS mailed December 31, 2019].

Around the same Lorie threatened her business' critic Ferrante with a SLAPP lawsuit [#254-3, Colorado SLAPP Legislation], Lorie was creating an online ascension course for Goode that earned over $700,000 in sales (2019 – 2020) [#161-5 at 2, Lorie website post; #355-1, TACC ⁋93, ⁋108 H.].   Lorie told Ferrante in the coercion letter she was legal counsel for Goode and Wilcock [#121-1 at 6]. On the Court record Lorie falsified her testimony that she only represented Goode 'one time' in a *Montalbano v. Goode* case [See, Montalbano's admitted Surreply at Docket 271 for fuller details; and #271-1, *Lorie v. Goode,* 2020CV265, Boulder District Court Complaint]. Lorie breached Colo. RPC 1.8(i), Conflict of Interest, as she had a proprietary interest in the subject matter of any lawsuit involving Goode, including in *Montalbano v. Goode*, case 18CV50 (2018 – 2020).

3.  Lorie further misleads the newly assigned Magistrate Judge Starnella and the Court by stating Montalbano "[I]s not an ignorant or naïve plaintiff. She is not a lay person [sic] whose pleadings demonstrate a misunderstanding of the law . . . ."  [#376 at 13].

At the time of writing all complaints prior the TACC, Montalbano had no formal training in the law. Belabored personal research and studies, yes; legal training, no; a lot of learning by attempting to correctly apply the law and being told it was incorrect, yes. [#82 ACM Motion Ext Time and Clarify what complaint to answer; #96 KLM Order Denying as Moot #82;  #187 ACM Motion Clarify service of process on Wilcock; #199 KLM denying clarification of #187;  #293 Motion to Clarify Summons to use; #301 KLM denying clarification of #293]. To mitigate frustrations, Montalbano began attending college for a Paralegal AAS degree and started January 2023 and took one class (Torts); then two in Summer 2023 (Legal Research & Writing; and Contracts). Montalbano is legally a layperson until after graduation.

4. Lorie also falsely alleges in the Motion Montalbano has money to pay an award of fees [#376 at 14-15]. Montalbano reasonably believes Lorie knows her statement is false and knows that Montalbano is exempt under Colorado Exemption Law due to the recent post judgment procedures in Case 18CV50:

(i) January 29, 2020, Case 18CV50 was dismissed in Goode's favor [#121-24, same as #325-1]. Post dismissal, Lorie and Yanaros timely requested attorney fees [#161-3 (note Lorie used a different mailing address to collect money for her legal services, than provided to Ferrante)]

(ii) Judgment was entered, August 5, 2020 [#325-2 at 4].

(iii) Goode transferred all his judgment collection rights to Thomas D. Seaman dba ALPINE JUDGMENT RECOVER ("AJR"), June 16, 2022 [#325-4]; and collection rights motion granted, December 15, 2022.

(iv) Multiple removals occurred seeking joinder of 18CV50 and AJR with this instant case [#320; #321; #322; #329; #331; #341; #348 Order denying 320, 322, 331] during the pendency of the Deprivation of Rights claim [#315].

(v) In case 18CV50, Montalbano was granted a Protective Order May 4, 2023 **(Exhibit 6)** forbidding Goode to see any of Montalbano's privileged information or private financial records, all of which were subsequently delivered to AJR proving Montalbano's Exemption status. It is reasonable to assume, Yanaros, Lorie, and Goode all know Montalbano's exemption status, due to case 18CV50 post judgment collection efforts.

Because the Motion for Sanctions is vexatious, Montalbano reasonably believes Goode, Yanaros, and Lorie conspired together to circumvent Judge Chaffin's Protective Order by attempting to have Lorie acquire Montalbano's privileged information via alleged 'Sanctions' for subsequent delivery to Goode. This would not be the first time Goode had an associate stalk or harass Montalbano on his behalf. [See TACC #355-1 at 72-96, Defamation, Abuse of Process, Malicious Prosecutions; and #378 at 6, No. 2., Moriarity]

Due to word count limitations, not all false statements are addressed herein. Matters not specifically addressed are expressly denied and Montalbano reserves the right to make corrective statements at a later date if the Motion for Sanctions is not struck pursuant Due Process of Law, F.R.C.P. 11, and DDD Civ. P.S. III(B).

## III.   <u>Montalbano Request for Compensatory Fees</u>

Montalbano respectfully requests compensation be awarded to Montalbano under F.R.C.P. 11(c)(2), 28 U.S.C. § 1927, and the Court's Inherent Power.

As outlined herein, Ms. Lorie and Ms. Reinken, knew or reasonably should have known with any preliminary investigation of sanctions laws they could not file their untimely and noncomplying Motion in any Circuit Court in America.

Montalbano reasonably believes Florida attorney, Elizabeth Lorie, ghost wrote the vexatious Motion and that Reinken maliciously filed it in breach of Colo. RPC 1.8(i) (Lorie proprietary interest in Goode's legal proceedings); 3.3(a)(1) (false statements to tribunal); and 3.4(b) (falsifying testimony).

Lorie, Reinken, and ROBINSON & HENRY, P.C., all owed a duty of care to first investigate Sanction Due Process Rules and ensure the papers they filed were timely and not for an improper purpose and they did not.  In filing the Motion, Reinken, breached her Oath of Office to Colo. Const. art. II, § 25 (Due Process), and violated Montalbano's

inalienable right thereto, and forced new Paralegal student Montalbano to perform the services Reinken or Lorie's paralegals (or themselves) should have performed prior to writing and filing the Motion, but did not.

Montalbano requests the Court order attorney's Ms. Reinken and Ms. Lorie under F.R.C.P. 11(c)(2), 28 USC 1927, and the Courts inherent power, to jointly and severally compensated Montalbano for the forced performance of Paralegal services at the current average Colorado Paralegal hourly rate of $26.52 (or any greater amount deemed just by the Court) for approximately One hundred eleven (111) hours ($2,943.72) of time spent researching and defending against the bad-faith Motion for Sanctions [#376] that vexatiously multiplied the proceeding and stole Montalbano's entire vacation time after having none for over a year and ruining travel plans and family time.

Montalbano further requests ROBINSON & HENRY, P.C. be ordered to pay into the Court three times the amount ordered paid to Montalbano, or another greater amount as determined just, to deter other attorney in the firm from filing vexatious and untimely motions in this instant case and to generally deter ROBINSON & HENRY attorney's from abusing the judicial process and pro se litigants by improperly using post judgment Motions for Sanctions to acquire late attorney fees.

**WHEREFORE,** Montalbano moves the Court to **Deny with Prejudice** the Motion for Sanctions for it being barred in every Circuit Court under F.R.C.P. 11 and to strike the vexatious, untimely, and noncomplying Motion pursuant DDD Civ. P.S. III(B), and to impose the respectfully requested monetary sanctions against Reinken, Lorie, and ROBINSON & HENRY P.C.; and award compensatory damages to Montalbano under F.R.C.P. 11(c)(2), 28 U.S.C. § 1927 and the Courts Inherent Power, for defending against the bad-faith Motion that maliciously multiplied the proceedings, and grant any other relief the Court deems just.

Dated this 28th day of August 2023.

Respectfully Submitted and All
Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

Pro Se Litigant, Defendant,
Counter-Claimant, Third-Party
Plaintiff, Paralegal student

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of August 2023 a copy of the foregoing Response and attached Exhibits were filed with the clerk of the court using the CM/ECF system and are lawfully served upon relevant parties counsels and upon appeared Defendants, through the Case Management/Electronic Case Filed (CM/ECF) court filing system (F.R.C.P. Rule 5); and upon Mr. David Wilcock and WILCOCK FOUNDATION via United States Postal Service first class mail with tracking to their appointed agent: CORPORATE CAPITAL INC., c/o Mr. Brent Carlson, 7848 W. Sahara Ave, Las Vegas, NV 89117.

**/s/ Alyssa Montalbano**

Alyssa Montalbano, Pro Se Litigant, Paralegal student