IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON

    Plaintiff,

v.

TOWN OF MOUNTAIN VILLAGE, COLORADO, ANTHONY MORABITO, CHRIS BROADY, KIP ALBANESE, NATHAN SANTOS, TOM HALPER, CHRIS WHITE, JOSHUA M. KLIMASEWISKI, ALISIA KLIMASEWSKI, COLLEEN MAHONEY, TELLURIDE R-1 SCHOOL DISTRICT, in its local capacity, VIRGINIA ACHTER, BRIAN Y. CARLSON, APEX CONSTRUCTION, LLC, a Colorado Limited Liability Company, CONNECT SKIS, LLC, a Colorado Limited Liability Company, JOHN DOE DEFENDANTS ONE THROUGH FIVE, MARY DOE DEFENDANTS ONE THROUGH FIVE, and DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

    Defendants.
_____

**MOTION FOR SANCTIONS**
_____

Defendants Telluride School District R-1 (the "District") and Colleen Mahoney, pursuant to Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927, hereby move this Court to impose sanctions against attorney George Allen, the attorney representing Plaintiff Julie Carlson, as follows:

**CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 11(c)(2) AND D.C.COLO.LCivR 7.1**

Undersigned counsel certifies that he served a copy of this motion upon Mr. Allen via e-mail, as permitted under Fed. R. Civ. P. 5, on February 19, 2019, more than 21 days before filing this motion with the Court, as required by Fed. R. Civ. P. 11(c)(2). A copy of the motion served on Mr. Allen, which is substantially the same as this document, is attached hereto as Exhibit A.

After being sent this motion on February 19, 2019, Mr. Allen did not respond, and undersigned counsel presumes this motion is opposed.

### INTRODUCTION AND FACTUAL BACKGROUND

On August 14, 2018, more than eight months after filing the initial complaint, Mr. Allen filed the Second Amended Complaint ("Complaint") (Docket No. 68) that added the District and Ms. Mahoney as defendants. The Complaint alleges that the District and Ms. Mahoney violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Colorado Organized Crime Control Act ("COCCA"), and 42 U.S.C. § 1983. (Compl. ¶¶ 4L, 4M, 214-215, 223-228, 338, 347, 354.) Plaintiff's RICO and COCCA claims against the District and Ms. Mahoney have no support in the law and are frivolous.

The District is a public school district located in Telluride, Colorado and Ms. Mahoney is a former principal of Telluride Elementary School. Plaintiff has two sons with her ex-husband, Defendant Brian Carlson, MC (currently in 5th grade) and QC (currently in 8th grade), both of whom have attended District schools since kindergarten. (*Id.* ¶¶ 4O(iii), 4A(i), 4M.) Plaintiff is an alcoholic with convictions for driving under the influence of alcohol and has been jailed on multiple occasions including one stretch where she was jailed for eight months from December 2013 to August 2014 and one stretch where she was jailed for four months from May to October 2017. (*Id.* ¶¶ 4A(ii), 5, 35, 293.) On December 10, 2013, a Temporary Civil Protection Order (the "Protection Order") was issued against Plaintiff. (*Id.* ¶ 222; Exhibit B – Protection Order). The Protection Order prohibited Plaintiff from contact with MC, QC, Mr. Carlson, and anyone under the age of 18, and prohibited Plaintiff from entering or being within 100 yards of Telluride Elementary School. (Ex. B at 1-2, 5.)

2

Ms. Mahoney was the principal of Telluride Elementary School during the 2014-2015 school year. (Compl. ¶ 4L.) In response to the Protection Order, Ms. Mahoney directed Plaintiff that she was not to be on Telluride Elementary School property and informed appropriate school staff that Plaintiff was not to be on school property for a period of time during the 2014-2015 school year. (Exhibit C ¶ 5 – Affidavit of Colleen Mahoney; Compl. ¶¶ 4L, 214-215; 222-223.) Once Ms. Mahoney learned that the Protection Order's prohibition of Plaintiff from Telluride Elementary School had ended, Ms. Mahoney informed Plaintiff and school staff that her directive was no longer in effect. (Ex. C ¶ 6.)

Plaintiff alleges that Ms. Mahoney and the District violated RICO and COCCA when: (1) Ms. Mahoney prohibited Plaintiff from being on Telluride Elementary School property for a portion of the 2014-2015 school year pursuant to the court-issued Protection Order, and (2) the District "monitored" and "surveilled" Plaintiff when she was on school property during the 2017-2018 school year.

As explained below, Plaintiff's RICO and COCCA claims against the District and Ms. Mahoney are not warranted by existing law and there is no reasonable argument for extending or modifying the law to create support for these claims. Mr. Allen's pursuit of these claims constitutes pursuit of a frivolous action. This is not the first time Mr. Allen has pursued frivolous RICO claims in this court. Mr. Allen was sanctioned under 28 U.S.C. § 1927 in *Loncar v. W. Peak, LLC*, No. 08-CV-01592-PAB-CBS, 2011 WL 1211522, at *5-*6 (D. Colo. Mar. 30, 2011) for asserting a frivolous RICO claim.

By signing the frivolous Complaint and response to the District's and Ms. Mahoney's Motion to Dismiss ("Response", Docket No. 111), Mr. Allen has violated Fed. R. Civ. P. 11.

3

Further, Mr. Allen has violated 28 U.S.C. § 1927 by adding the District and Ms. Mahoney to this lawsuit, and continuing pursuit of Plaintiff's claims even after the District and Ms. Mahoney filed a Motion to Dismiss (Docket No. 101) outlining the baselessness of the RICO and COCCA claims.

## LEGAL STANDARDS

### A.     Fed. R. Civ. P. 11(b).

"[Fed. R. Civ. P.] 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal citations omitted). Rule 11 clearly provides that an attorney may be sanctioned for signing a pleading without first conducting a "reasonable inquiry." *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 541 (1991). A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands. *Harrison v. Luse,* 760 F.Supp. 1394, 1399 (D. Colo. 1991). Rule 11 sanctions do not require a finding of subjective bad faith on the part of the offending counsel. *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006). Whether a reasonable inquiry was conducted and reasonable conclusions were drawn therefrom is governed by an objective standard. *Bus. Guides*, 498 U.S. at 549; *Dodd Ins. Serv. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). An attorney's good faith belief in the merit of factual allegations and legal claims asserted in a pleading is not sufficient to avoid Rule 11 sanctions. *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). Rather, a pleading

signed by an attorney must be based on a reasonable inquiry and "in accord with what a reasonable, competent attorney would believe under the circumstances." *Id*.

"Rule 11 *requires* sanctions against attorneys who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir. 1988) (emphasis added).

### B. 28 U.S.C. § 1927.

Any attorney who multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The proper standard under § 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987). Subjective bad faith by the attorney need not be shown to impose sanctions under § 1927. *Id*.

### ANALYSIS

RICO and COCCA are interpreted according to the same principles. *Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1125 (D. Colo. 2010) (citing *People v. Hoover*, 165 P.3d 784, 798 (Colo. App. 2006)).

### A. A Reasonable Inquiry into RICO Law Would Have Shown that there is No Reasonable Argument that Plaintiff Has Standing to Pursue the Claims.

To have standing under RICO, a plaintiff must be "injured in his business or property by reason of a violation of section 1962." *Tal v. Hogan*, 453 F.3d 1244, 1253 (10th Cir. 2006). "Thus … standing for private individuals under RICO requires a plaintiff to have 'been injured

5

in his business or property by the conduct constituting the violation.'" *Id.* (quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496 (1985)). Under RICO, "injury to business or property 'requires proof of a concrete financial loss and not merely injury to a valuable intangible property interest.'" *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1232 (D. Colo. 2010) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3rd Cir. 2000)). "[I]njury to … reputation, dignity and emotional damages are not the type of injuries redressable by … RICO which are expressly limited to injuries to 'business or property.'" *Tal*, 453 F.3d at 1254 (citing 18 U.S.C. § 1964(c)); *see also Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (a RICO claim may not be based on allegations of civil rights violations).

Plaintiff's alleged injuries resulting from the acts of the District and Ms. Mahoney include civil rights violations, damage to reputation, and being humiliated and embarrassed. (Compl. ¶¶ 214, 223, 226, 227.) RICO case law expressly holds that these injuries are not redressable by RICO. Nowhere in the Complaint does Plaintiff allege that any "business or property" interest was injured by the acts of Ms. Mahoney or the District. Further, any argument that could be made that a "business or property" interest was injured by the acts of Ms. Mahoney or the District would be frivolous. The only conduct of Ms. Mahoney and the District at issue is: (1) Ms. Mahoney prohibiting Plaintiff from entering Telluride Elementary School during the 2014-2015 school year due to the court-issued Protection Order, and (2) the District allegedly "monitoring" and "surveilling" Plaintiff when she was on school property during the 2017-2018 school year. Under no set of facts is it feasible that directing Plaintiff not to be on school property and allegedly monitoring her while on school property would result in financial loss related to any business or property interest of Plaintiff. Thus, Plaintiff's RICO claim is not

6

warranted by existing law because under no set of facts does she have standing to pursue the claim. Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse the law regarding RICO standing.

> B. **A Reasonable Inquiry into RICO Law Would Have Shown that there is No Reasonable Argument that Ms. Mahoney and the District Engaged in a "Pattern of Racketeering Activity".**

For her RICO claim, Plaintiff must establish that Ms. Mahoney and the District invested in, controlled, or conducted an enterprise "through a pattern of racketeering activity." *Tal*, 453 F.3d at 1261. "Racketeering activity" is any "act which is indictable under federal law and specifically includes mail fraud, wire fraud and racketeering." *Id*. As stated earlier, the only conduct of Ms. Mahoney and the District at issue is: (1) Ms. Mahoney prohibiting Plaintiff from entering Telluride Elementary School during the 2014-2015 school year due to the court-issued Protection Order, and (2) the District allegedly "monitoring" and "surveilling" Plaintiff when she was on school property during the 2017-2018 school year. This alleged conduct cannot, under any set of facts, constitute "racketeering activity" as that term is statutorily defined. Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse the law regarding what constitutes "racketeering activity."

Additionally, to establish a RICO claim, Plaintiff must establish that Ms. Mahoney and the District engaged in a "pattern of racketeering activity." A "pattern of racketeering activity" does not include acts "extending over a few weeks or months" that do not "threaten[] … future criminal conduct …: Congress was concerned in RICO with long-term criminal conduct." *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992). Plaintiff has not contended that the alleged acts of Ms. Mahoney and the District constitutes or threatens long-

7

term criminal conduct. Additionally, there is no reasonable argument that can be made that the District and Ms. Mahoney have engaged in long-term criminal conduct and that they will continue to do so. Plaintiff's RICO claim is not warranted by existing law because under no set of facts did Ms. Mahoney and the District engage in a "pattern of racketeering activity". Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse RICO law regarding the requirement that the District and Ms. Mahoney engage in a pattern of racketeering activity.

In sum, Plaintiff has no chance of success under existing RICO precedent and there is no reasonable argument that can be advanced to extend, modify or reverse the law as it stands. Plaintiff and Mr. Allen appear to concede as much because they fail altogether to respond to the District's and Ms. Mahoney's Motion to Dismiss arguments regarding RICO standing and racketeering activity. (*See* Mot. to Dismiss at 5-8; Resp. to Mot. to Dismiss.) The arguments made in the Motion to Dismiss are substantially identical to the arguments made in this motion, and Mr. Allen and Plaintiff made no attempt to dispute the baselessness of the RICO and COCCA claims in the response.

### ATTORNEY GEORGE ALLEN FAILED TO TAKE ADVANTAGE OF RULE 11'S SAFE HARBOR

Fed. R. Civ. P. 11(c)(2) states:

Motion for Sanctions. … The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service …"

The cited passage has come to be known as the "safe harbor" provision of Rule 11. The purpose of such service in advance of filing with the court is "to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Hutchinson*

*v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000).  Given the circumstances, the only way to cure the sanctionable conduct is for Attorney George Allen to dismiss his RICO and COCCA claims against Ms. Mahoney and the District.  He did not do so during the safe harbor period.

## CONCLUSION

A reasonable inquiry by Mr. Allen before signing and filing the Complaint and Response would have left no doubt that Plaintiff's RICO and COCCA claims against Ms. Mahoney and the District are frivolous and have no chance of success.  Thus, Mr. Allen has violated Rule 11.  Further, Mr. Allen has violated 29 U.S.C. § 1927 by adding the District and Ms. Mahoney to the lawsuit and continuing pursuit of the claims after the filing of the District's and Ms. Mahoney's Motion to Dismiss.

WHEREFORE, the District and Ms. Mahoney request that the Court find Mr. Allen to be in violation of Fed. R. Civ. P. 11 and 29 U.S.C. § 1927, sanction Mr. Allen by making him jointly and severally liable for the District's and Ms. Mahoney's attorneys' fees in this matter, and grant such other relief as the Court deems just.

RESPECTFULLY SUBMITTED this 14th day of March, 2019.

    SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

    By:    s/ Daniel P. Spivey
        Michael Brent Case
        Daniel P. Spivey
        1120 Lincoln Street, Suite 1308
        Denver, CO  80203
        (303) 595-0941
        bcase@semplelaw.com
        dspivey@semplelaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of March, 2019, a correct copy of the foregoing was filed and served via CM/ECF to the following:

George M. Allen, Esq.
206A Society Drive
Telluride, CO 81435
yxgeo@yahoo.com
*Counsel for Plaintiff Julie Carlson*

Jared R. Ellis, Esq.
Jaudon & Avery, LLP
600 Grant Street, Ste. 505
Denver, CO 80203-3526
jellis@jalegal,com
*Counsel for Defendant Brian Y. Carlson*

Cathy Havener Greer, Esq.
Katherine M.L. Pratt, Esq.
Wells, Anderson & Race, LLC
1700 Broadway, Ste. 1020
Denver, CO 80290
cgreer@warllc.com
kpratt@warllc.com
*Counsel for Defendants Town of Mountain Village, Colorado, Kip Albanese and Nathan Santos*

Eric M. Ziporin
Jonathan N. Eddy
Senter, Goldfarb & Rice, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
eziporin@sgrllc.com
jeddy@sgrllc.com
*Counsel for Defendant Tom Halper*

Gordon L. Vaughan
Alexandria L. Bell
Vaughan & DeMuro
111 South Tejon, Suite 545
Colorado Springs, CO 80903
gvaughan@vaughandemuro.com
*Counsel for Defendant Chris White*

By:   *s/ Elaine Montoya*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02887-PAB-STV

JULIE CARLSON

      Plaintiff,

v.

TOWN OF MOUNTAIN VILLAGE, COLORADO, ANTHONY MORABITO, CHRIS BROADY, KIP ALBANESE, NATHAN SANTOS, TOM HALPER, CHRIS WHITE, JOSHUA M. KLIMASEWISKI, ALISIA KLIMASEWSKI, COLLEEN MAHONEY, TELLURIDE R-1 SCHOOL DISTRICT, in its local capacity, VIRGINIA ACHTER, BRIAN Y. CARLSON, APEX CONSTRUCTION, LLC, a Colorado Limited Liability Company, CONNECT SKIS, LLC, a Colorado Limited Liability Company, JOHN DOE DEFENDANTS ONE THROUGH FIVE, MARY DOE DEFENDANTS ONE THROUGH FIVE, and DOE INSTITUTIONAL DEFENDANTS ONE THROUGH FIVE,

      Defendants.

_____

## MOTION FOR SANCTIONS
_____

      Defendants Telluride School District R-1 (the "District") and Colleen Mahoney, pursuant to Fed. R. Civ. P. 11(c)(2) and 28 U.S.C. § 1927, hereby move this Court to impose sanctions against attorney George Allen, the attorney representing Plaintiff Julie Carlson, as follows:

### CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 11(c)(2)

      Undersigned counsel certifies that he served a copy of this motion upon Mr. Allen via e-mail, as permitted under Fed. R. Civ. P. 5, on February 19, 2019, more than 21 days before filing this motion with the Court, as required by Fed. R. Civ. P. 11(c)(2). A copy of the motion served on Mr. Allen, which is substantially the same as this document, is attached hereto as Exhibit A.

**EXHIBIT A**

**INTRODUCTION AND FACTUAL BACKGROUND**

On August 14, 2018, more than eight months after filing the initial complaint, Mr. Allen filed the Second Amended Complaint ("Complaint") (Docket No. 68) that added the District and Ms. Mahoney as defendants. The Complaint alleges that the District and Ms. Mahoney violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), the Colorado Organized Crime Control Act ("COCCA"), and 42 U.S.C. § 1983. (Compl. ¶¶ 4L, 4M, 214-215, 223-228, 338, 347, 354.) Plaintiff's RICO and COCCA claims against the District and Ms. Mahoney have no support in the law and are frivolous.

The District is a public school district located in Telluride, Colorado and Ms. Mahoney is a former principal of Telluride Elementary School. Plaintiff has two sons with her ex-husband, Defendant Brian Carlson, MC (currently in 5th grade) and QC (currently in 8th grade), both of whom have attended District schools since kindergarten. (Compl. ¶¶ 4O(iii), 4A(i), 4M.) Plaintiff is an alcoholic with convictions for driving under the influence of alcohol and has been jailed on multiple occasions including one stretch where she was jailed for eight months from December 2013 to August 2014 and one stretch where she was jailed for four months from May to October 2017. (*Id*. ¶¶ 4A(ii), 5, 35, 293.) On December 10, 2013, a Temporary Civil Protection Order (the "Protection Order") was issued against Plaintiff. (*Id*. ¶ 222; Exhibit B – Protection Order). The Protection Order prohibited Plaintiff from contact with MC, QC, Mr. Carlson, and anyone under the age of 18, and prohibited Plaintiff from entering or being within 100 yards of Telluride Elementary School. (Ex. B at 1-2, 5.)

Ms. Mahoney was the principal of Telluride Elementary School during the 2014-2015 school year. (Compl. ¶ 4L.) In response to the Protection Order, Ms. Mahoney directed Plaintiff

that she was not to be on Telluride Elementary School property and informed appropriate school staff that Plaintiff was not to be on school property for a period of time during the 2014-2015 school year. (Exhibit C ¶ 5 – Affidavit of Colleen Mahoney; Compl. ¶¶ 4L, 214-215; 222-223.) Once Ms. Mahoney learned that the Protection Order's prohibition of Plaintiff from Telluride Elementary School had ended, Ms. Mahoney informed Plaintiff and school staff that her directive was no longer in effect. (Ex. C ¶ 6.)

Plaintiff alleges that Ms. Mahoney and the District violated RICO and COCCA when: (1) Ms. Mahoney prohibited Plaintiff from being on Telluride Elementary School property for a portion of the 2014-2015 school year pursuant to the court-issued Protection Order, and (2) the District "monitored" and "surveilled" Plaintiff when she was on school property during the 2017-2018 school year.

As explained below, Plaintiff's RICO and COCCA claims against the District and Ms. Mahoney are not warranted by existing law and there is no reasonable argument for extending or modifying the law to create support for these claims. Mr. Allen's pursuit of these claims constitutes pursuit of a frivolous action. This is not the first time Mr. Allen has pursued frivolous RICO claims in this court. Mr. Allen was sanctioned under 28 U.S.C. § 1927 in *Loncar v. W. Peak, LLC*, No. 08-CV-01592-PAB-CBS, 2011 WL 1211522, at *5 (D. Colo. Mar. 30, 2011) for asserting a frivolous RICO claim.

By signing the frivolous Complaint and response to Defendants' Motion to Dismiss ("Response", Docket No. 111), Mr. Allen has violated Fed. R. Civ. P. 11. Further, Mr. Allen has violated 28 U.S.C. § 1927 by adding the District and Ms. Mahoney to this lawsuit, and

3

continuing pursuit of Plaintiff's claims even after Defendants filed a Motion to Dismiss (Docket No. 101) outlining the baselessness of the RICO and COCCA claims.

## LEGAL STANDARDS

### A.     Fed. R. Civ. P. 11(b).

"[Fed. R. Civ. P.] 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (internal citations omitted). Rule 11 clearly provides that an attorney may be sanctioned for signing a pleading without first conducting a "reasonable inquiry." *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 541 (1991). A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands. *Harrison v. Luse,* 760 F.Supp. 1394, 1399 (D. Colo. 1991). Rule 11 sanctions do not require a finding of subjective bad faith on the part of the offending counsel. *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006). Whether a reasonable inquiry was conducted and reasonable conclusions were drawn therefrom is governed by an objective standard. *Bus. Guides*, 498 U.S. at 549; *Dodd Ins. Serv. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). An attorney's good faith belief in the merit of factual allegations and legal claims asserted in a pleading is not sufficient to avoid Rule 11 sanctions. *White v. Gen. Motors Corp*., 908 F.2d 675, 680 (10th Cir. 1990). Rather, a pleading signed by an attorney must be based on a reasonable inquiry and "in accord with what a reasonable, competent attorney would believe under the circumstances." *Id*.

"Rule 11 *requires* sanctions against attorneys who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Adamson v. Bowen,* 855 F.2d 668, 672 (10th Cir. 1988) (emphasis added).

**B.      28 U.S.C. § 1927.**

Any attorney who multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The proper standard under § 1927 is that excess costs, expenses, or attorney's fees are imposable against an attorney personally "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir. 1987). Subjective bad faith by the attorney need not be shown to impose sanctions under § 1927. *Id.*

## ANALYSIS

RICO and COCCA are interpreted according to the same principles. *Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1125 (D. Colo. 2010) (citing *People v. Hoover*, 165 P.3d 784, 798 (Colo. App. 2006)).

**A.      A Reasonable Inquiry into RICO Law Would Have Shown that there is No Reasonable Argument that Plaintiff Has Standing to Pursue the Claim.**

To have standing under RICO, a plaintiff must be "injured in his business or property by reason of a violation of section 1962." *Tal v. Hogan*, 453 F.3d 1244, 1253 (10th Cir. 2006). "Thus … standing for private individuals under RICO requires a plaintiff to have 'been injured in his business or property by the conduct constituting the violation.'" *Id*. (quoting *Sedima, S.P.R.L. v. Imrex, Co.*, 473 U.S. 479, 496 (1985)). Under RICO, "injury to business or property

5

'requires proof of a concrete financial loss and not merely injury to a valuable intangible property interest.'" *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1232 (D. Colo. 2010) (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3rd Cir. 2000)). "[I]njury to … reputation, dignity and emotional damages are not the type of injuries redressable by … RICO which are expressly limited to injuries to 'business or property.'" *Tal*, 453 F.3d at 1254 (citing 18 U.S.C. § 1964(c)); *see also Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (a RICO claim may not be based on allegations of civil rights violations).

      Plaintiff's alleged injuries resulting from the acts of the District and Ms. Mahoney include civil rights violations, damage to reputation, and being humiliated and embarrassed. (Compl. ¶¶ 214, 223, 226, 227.) RICO case law expressly holds that these injuries are not redressable by RICO. Nowhere in the Complaint does Plaintiff allege that any "business or property" interest was injured by the acts of Ms. Mahoney or the District. Further, any argument that could be made that a "business or property" interest was injured by the acts of Ms. Mahoney or the District would be frivolous. The only conduct of Ms. Mahoney and the District at issue is: (1) Ms. Mahoney prohibiting Plaintiff from entering Telluride Elementary School during the 2014-2015 school year due to the court-issued Protection Order, and (2) the District allegedly "monitoring" and "surveilling" Plaintiff when she was on school property during the 2017-2018 school year. Under no set of facts is it feasible that directing Plaintiff not to be on school property and allegedly monitoring her while on school property would result in financial loss related to any business or property interest of Plaintiff. Thus, Plaintiff's RICO claim is not warranted by existing law because under no set of facts does she have standing to pursue the claim. Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse

6

the law regarding RICO standing.

     **B.    A Reasonable Inquiry into RICO Law Would Have Shown that there is No Reasonable Argument that Ms. Mahoney and the District Engaged in a "Pattern of Racketeering Activity".**

For her RICO claim, Plaintiff must establish that Ms. Mahoney and the District invested in, controlled, or conducted an enterprise "through a pattern of racketeering activity." *Tal*, 453 F.3d at 1261. "Racketeering activity" is any "act which is indictable under federal law and specifically includes mail fraud, wire fraud and racketeering." *Id*. As stated earlier, the only conduct of Ms. Mahoney and the District at issue is: (1) Ms. Mahoney prohibiting Plaintiff from entering Telluride Elementary School during the 2014-2015 school year due to the court-issued Protection Order, and (2) the District allegedly "monitoring" and "surveilling" Plaintiff when she was on school property during the 2017-2018 school year.  This alleged conduct cannot, under any set of facts, constitute "racketeering activity" as that term is statutorily defined. Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse the law regarding what constitutes "racketeering activity."

Additionally, to establish a RICO claim, Plaintiff must establish that Ms. Mahoney and the District engaged in a "pattern of racketeering activity." A "pattern of racketeering activity" does not include acts "extending over a few weeks or months" that do not "threaten[] … future criminal conduct …: Congress was concerned in RICO with long-term criminal conduct." *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1556 (10th Cir. 1992). Plaintiff has not contended that the alleged acts of Ms. Mahoney and the District constitutes or threatens long-term criminal conduct. Additionally, there is no reasonable argument that can be made that the District and Ms. Mahoney have engaged in long-term criminal conduct and that they will

continue to do so. Plaintiff's RICO claim is not warranted by existing law because under no set of facts did Ms. Mahoney and the District engage in a "pattern of racketeering activity". Further, there is no reasonable argument Plaintiff can make to extend, modify, or reverse RICO law regarding the requirement that Defendants' engage in a pattern of racketeering activity.

In sum, Plaintiff has no chance of success under existing RICO precedent and there is no reasonable argument that can be advanced to extend, modify or reverse the law as it stands. Plaintiff and Mr. Allen appear to concede as much because they fail altogether to respond to Defendants' Motion to Dismiss arguments regarding RICO standing and racketeering activity. (*See* Mot. to Dismiss at 5-8; Resp. to Mot. to Dismiss.) The arguments made in Defendants' Motion to Dismiss are substantially identical to the arguments made in this motion, and Mr. Allen and Plaintiff made no attempt to dispute the baselessness of the RICO and COCCA claims in the response.

## ATTORNEY GEORGE ALLEN FAILED TO TAKE ADVANTAGE OF RULE 11'S SAFE HARBOR

Fed. R. Civ. P. 11(c)(2) states:

Motion for Sanctions. … The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service …"

The cited passage has come to be known as the "safe harbor" provision of Rule 11. The purpose of such service in advance of filing with the court is "to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000). Given the circumstances, the only way to cure the sanctionable conduct is for Attorney George Allen to dismiss his RICO and COCCA claims against Ms. Mahoney and the District. He did not do so during the safe harbor period.

8

Case No. 1:17-cv-02887-PAB-STV   Document 130-1   filed 03/14/19   USDC Colorado   pg 9 of 9

**CONCLUSION**

A reasonable inquiry by Mr. Allen before signing and filing the Complaint and Response would have left no doubt that Plaintiff's RICO and COCCA claims against Ms. Mahoney and the District are frivolous and have no chance of success. Thus, Mr. Allen has violated Rule 11. Further, Mr. Allen has violated 29 U.S.C. § 1927 by adding the District and Ms. Mahoney to the lawsuit and continuing pursuit of the claims even after the filing of Defendants' Motion to Dismiss.

WHEREFORE, the Defendants request that the Court find Mr. Allen to be in violation of Fed. R. Civ. P. 11 and 29 U.S.C. § 1927, sanction Mr. Allen by making him jointly and severally liable for the Defendants' attorneys' fees in this matter, and grant such other relief as the Court deems just.

RESPECTFULLY SUBMITTED this ___ day of March, 2019.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: _s/ Daniel P. Spivey_
Michael Brent Case
Daniel P. Spivey
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
bcase@semplelaw.com
dspivey@semplelaw.com

9