Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342 (2022)
113 Fed.R.Serv.3d 194, 29 Fla. L. Weekly Fed. C 1372

39 F.4th 1342
United States Court of Appeals, Eleventh Circuit.

Wilbur HUGGINS, Plaintiff-Appellant,
v.
LUEDER, LARKIN & HUNTER,
LLC, Defendant-Appellee.
Latonya Marbury, Plaintiff-Appellant,
v.
Lueder, Larkin & Hunter, LLC, Defendant-Appellee.
Melisha W. Parson, Plaintiff-Appellant,
v.
Lueder, Larkin & Hunter, LLC, Defendant-Appellee.
Wilbur Huggins, Plaintiff-Appellee,
v.
Lueder, Larkin & Hunter, LLC, Defendant-Appellant.
Latonya Marbury, Plaintiff-Appellee,
v.
Lueder, Larkin & Hunter, LLC, Defendant-Appellant.
Melisha W. Parson, Plaintiff-Appellee,
v.
Lueder, Larkin & Hunter, LLC, Defendant-Appellant.

No. 20-12957, 20-12959, 20-12961,
20-14320, 20-14318, 20-14319
|
Filed: July 12, 2022

**Synopsis**
**Background:** Homeowners brought separate actions in state court against law firm that represented homeowners association in lawsuits seeking to collect delinquent fees from homeowners, alleging law firm's debt collection efforts violated the Fair Debt Collection Practices Act (FDCPA). Following the removal and consolidation of the cases, the United States District Court for the Northern District of Georgia, Nos. 1:19-cv-04333-CAP, 1:19-cv-04437-CAP, 1:19-cv-04828-CAP, Charles A. Pannell, Senior District Judge, 2020 WL 9936700, adopted a magistrate judge's opinion, 2020 WL 4552927, and granted summary judgment to law firm, and, subsequently, 2020 WL 9936700, denied firm's motions for Rule 11 sanctions. The parties appealed.

**Holdings:** The Court of Appeals, Grant, Circuit Judge, held that:

if party fulfills safe harbor requirement by serving Rule 11 sanctions motion at least 21 days before final judgment, then she may file that motion after judgment is entered, abrogating *Blue Heron Commercial Group, Inc. v. Webber*, 2019 WL 2537789, *Guthrie v. U.S. Government*, 2015 WL 13617271, *Warehouse Solutions, Inc. v. Integrated Logistics, LLC*, 2014 WL 11279467, *Adkins v. Hospital Authority of Houston County*, 2013 WL 5437636, and

law firm could file its Rule 11 sanctions motions after final judgment was granted to firm.

Affirmed in part, vacated in part, and remanded.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment; Motion for Sanctions.

*1344 Appeals from the United States District Court for the Northern District of Georgia, D.C. Docket Nos. 1:19-cv-04333-CAP, 1:19-cv-04437-CAP, 1:19-cv-04828-CAP

**Attorneys and Law Firms**

Miranda Noel Hanley, Orion Gregory Webb, Smith Welch Webb & White, LLC, Stockbridge, GA, Grant McBride, Smith Welch Webb & White, LLC, McDonough, GA, for Plaintiff-Appellant of Docket No. 20-12957, Plaintiff-Appellee of Docket Nos. 20-14318, 20-14319.

Miranda Noel Hanley, Orion Gregory Webb, Smith Welch Webb & White, LLC, Stockbridge, GA, for Plaintiff-Appellant of Docket Nos. 20-12959, 20-12961, Plaintiff-Appellee of Docket No. 20-14320.

John T. Lueder, Caitlin Berry, Lueder Larkin & Hunter, LLC, Alpharetta, GA, for Defendant-Appellee of Docket Nos. 20-12957, 20-12959, 20-12961, Defendant-Appellant of Docket Nos. 20-14320, 20-14318, 20-14319.

Before William Pryor, Chief Judge, Grant, and Hull, Circuit Judges.

**Opinion**

Grant, Circuit Judge:

Rule 11 deters attorneys and litigants from clogging federal courts with frivolous filings. It also rewards litigants who admit their mistakes within a 21-day safe harbor period—and penalizes those who refuse.

Here, the target of several motions for Rule 11 sanctions failed to withdraw or fix the challenged filings before the safe harbor ran out. But when the aggrieved party filed its Rule 11 motions, the district court rejected them as untimely. Final judgment had already been entered, and the district court read this Court's more recent precedents as implicitly overruling our earlier ones that allowed postjudgment filing of Rule 11 motions. That reading was incorrect, so we vacate the district court's denial of those motions. We also summarily affirm the district court's decision on the merits.

### I.

Several years ago, law firm Lueder, Larkin & Hunter represented the Pine Grove Homeowners Association in lawsuits seeking to collect delinquent fees from homeowners, including Wilbur Huggins, Latonya Marbury, and Melisha Parson. Huggins settled, and eventually Pine Grove voluntarily dismissed the other two suits. But the conflict was not over. The homeowners sued Lueder, Larkin & Hunter, arguing in state court that the law firm's actions violated the Fair Debt Collection Practices Act. The firm removed the cases to federal court, where they were consolidated before a magistrate judge.

After reviewing the complaints, the firm became convinced that the FDCPA claims **\*1345** filed against it were "unsubstantiated and frivolous"—meaning that the homeowners' attorney had committed sanctionable conduct. The firm served the homeowners' counsel with draft motions for Rule 11 sanctions. In response, the homeowners withdrew some but not all of the claims. More than five months passed before the magistrate judge recommended granting summary judgment in favor of the law firm. The homeowners, he concluded, had not shown that the firm's collection practices "were deceptive and unfair" or that the debts were not authorized by the association's governing documents. The district court adopted the magistrate judge's report and granted summary judgment.

Five days after final judgment, the firm filed for Rule 11 sanctions against the homeowners' counsel. The district court denied the motions. It acknowledged that this Court's older precedent allows litigants to file Rule 11 motions after final judgment, but held that more recent precedents have "altered" the rule to bar those postjudgment filings. See *Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998); *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304 (11th Cir. 2008).

We now have two appeals.[1] The law firm appeals the denial of sanctions, and the homeowners appeal the summary judgment decision.

### II.

We review the denial of a motion for Rule 11 sanctions for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); see also *Baker*, 158 F.3d at 521. A district court abuses its discretion when it bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405, 110 S.Ct. 2447. We review a grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party, and affirm only when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).

### III.

The question here is whether Rule 11 motions can ever be filed after final judgment. This Court has already provided the answer: yes. We have long held that Rule 11 motions "are not barred if filed after a dismissal order, or after entry of judgment," though it is apparently necessary to clarify that point in light of later cases. *Baker*, 158 F.3d at 523 (footnotes omitted). But first, the text of the Rule:

> *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable

expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

Rule 11 by its own terms does not prohibit filing for sanctions after final judgment. And it never has. *See* Fed. R. Civ. P. 11 (1983) (introducing Rule 11 motions) (amended 2007). The Rule contains no timing requirement beyond its safe harbor provision, which gives a party 21 days **\*1346** to withdraw or correct any pleading or motion challenged by an opponent. Fed. R. Civ. P. 11(c)(2). So when a litigant identifies a filing that he believes violates Rule 11—say, a frivolous pleading—he can draft a sanctions motion and serve it on the opposing party. *Id.* But he cannot file that motion just yet. Instead, service of the motion notifies the opposing party of the possible violation and starts the 21-day safe harbor clock.

From there, three things can happen. *First*, if the opponent withdraws or properly amends the challenged document, the proposed Rule 11 motion has served its purpose and cannot be filed. *Id. Second*, if the court eliminates the opportunity to withdraw or correct the challenged filing by ruling on it before the safe harbor period expires, the same result occurs—the sanctions motion cannot be filed. *Id.*; *see also Walker*, 532 F.3d at 1308–09. *Third*, if the 21-day safe harbor period expires without action to cure the challenged filing or judgment on the issue from the court, the litigant may file the motion for sanctions. Fed. R. Civ. P. 11(c)(2).

Nothing in Rule 11's text suggests that a party may not file an otherwise proper sanctions motion after final judgment.[2] But even if there were any question, *Baker v. Alderman* settled the issue. 158 F.3d at 523. That case explains that because "Rule 11 motions are collateral to an action" they may be filed and considered even after the merits are resolved. *Id.* The motions thus "are not barred if filed after a dismissal order, or after entry of judgment." *Id.* (footnotes omitted). Other authorities agree—as long as the safe harbor period elapses, a Rule 11 motion filed after final judgment is allowed. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1337.2 (4th ed. 2022); *see also* 2 Moore's Federal Practice § 11.22[1][c] (2022).

The homeowners, however, argue that *Baker* is no longer good law. One reason is timing—*Baker* dealt with the pre-1993 version of Rule 11, which did not include a safe harbor provision.[3] *See Baker*, 158 F.3d at 523. That objection falls short. Before the amendment, a party could file a Rule 11 motion after final judgment. Adding a safe harbor changes nothing about that, so long as the safe harbor period elapses before final judgment. The reason a party may not file after final judgment when the safe harbor period has not elapsed is because the safe harbor period is mandatory, not because final judgment is an independent bar.

Even so, the homeowners claim that a later case, *Walker*, changed our Circuit's law.[4] They focus on a single quote: "We **\*1347** agree with the Second, Fourth, and Sixth Circuits that the service *and filing* of a motion for sanctions 'must occur prior to final judgment or judicial rejection of the offending' motion." *Walker*, 532 F.3d at 1309 (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997)) (emphasis added). Because the cases conflict, they say, we must reject *Baker* and follow *Walker*.

To begin, when prior panel precedents conflict, we follow the earlier precedent—not the later. *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1230 (11th Cir. 2020). A "panel cannot overrule a prior one's holding," even when it is "convinced" that the earlier decision is wrong. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc). When deciding *Walker* we thus were not free to not alter our approach to Rule 11 even if we wanted to. And if *Walker* introduced a conflict, *Baker* would control. *See Corley*, 965 F.3d at 1230.

But we reject the homeowners' assertion that these precedents are incompatible in the first place. When faced with a potential conflict between precedents, our job is to distill a reconciled rule if at all possible. *Id.* (citing *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993)). Only the "holdings of prior decisions bind us," and we parse each precedent carefully to identify the core reasoning of the case. *Williams v. Aguirre*, 965 F.3d 1147, 1163–64 (11th Cir. 2020).

Comparing *Baker* and *Walker*, we find that any "inconsistency is more apparent than real." *Hogan*, 986 F.2d at 1369. *Walker*'s core reasoning is that a sanctions motion is barred if the district court disposes of a challenged filing before the safe harbor period elapses—because "any other interpretation would defeat the rule's explicit requirements." 532 F.3d at 1308 (quoting *Ridder*, 109 F.3d at 295). In *Walker*, the bankruptcy court had granted a sanctions motion despite rejecting the frivolous filing only four days into the safe harbor period.[5] *Id.* at 1307–08. The district court vacated the

award of sanctions, and we affirmed because the safe harbor period had been cut off by the court's ruling. The safe harbor, we explained, "cannot have any effect if the court has already denied the motion; it is too late for the offending party to withdraw the challenged contention." *Id.* at 1309. Nothing about that holding is in tension with *Baker*.

To be fair, *Walker*'s statement that "the service and filing of a motion for sanctions 'must occur prior to final judgment or judicial rejection of the offending' motion" could be read to demand that Rule 11 motions must always be filed before final judgment. *Id.* (quoting *Ridder*, 109 F.3d at 297). To the extent that *Walker* could be read as imposing that limit, it would be wrong. The text of Rule 11 includes no such requirement and, more importantly for our purposes, *Baker* forecloses it. 158 F.3d at 523.

But we think there is a better reading of *Walker*, one that is fully consistent with *Baker*. To begin, *Walker*'s analysis revolved around the safe harbor provision, not final judgment. The opinion only mentioned the effect of a district court rejecting a challenged filing to explain how that act could, in some cases, cut short the safe *1348 harbor period. The discussion about final judgment was ancillary to *Walker*'s core holding—that the full safe harbor period must be satisfied before a sanctions motion is filed. And that holding does not conflict with *Baker*. The safe harbor period can be satisfied before final judgment even when a Rule 11 motion is not filed until after final judgment.

What's more, none of the out-of-circuit cases *Walker* cited implemented a rule like the one the homeowners seek here; they too focused on the safe harbor. *See Walker*, 532 F.3d at 1308 (collecting cases). Indeed, in *Ridder*, which *Walker* quoted in making the statement said to "alter" *Baker*, the defendant never— ever—served the Rule 11 motion it filed after final judgment. *See Ridder*, 109 F.3d at 296. The statement was a rejection of the defendant's attempt to delay the entire Rule 11 process until after final judgment, which ran roughshod over the safe harbor provision. But the quoted statement in *Walker* jumps to the conclusion that the inverse is true—that everything must occur before final judgment. That goes too far. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 527 (6th Cir. 2002) (Sixth Circuit noting that *Ridder*'s broad statement that Rule 11 motions must be filed before final judgment "was unnecessary to the holding of the case, and, therefore, was dicta").

In sum, *Walker* correctly focused on whether the district court's decision robbed the party of any chance to reconsider its faulty motion. We will not generate unnecessary conflict by reading *Walker* to demand that a Rule 11 motion must always be filed before final judgment. And we conclude that its holding—that a sanctions motion cannot be filed unless the safe harbor has been satisfied—harmonizes with *Baker*.

The same goes for *Peer v. Lewis*, though if anything that case is even clearer that the safe harbor is what matters. 606 F.3d 1306 (11th Cir. 2010). There, the district court denied two Rule 11 motions. *Id.* at 1311. The first was served on the plaintiff after he filed a questionable response to a summary judgment motion. We found that Rule 11 motion timely because the defendant waited out the safe harbor period before filing it. *Id.* at 1310. But the other Rule 11 motion, which targeted the complaint, had never been served on the plaintiff. At all. *Id.* Because the district court had already struck the complaint, there was no way to fix or withdraw it. The safe harbor period had been cut off, so the court rightly rejected the motion.

As we explained, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Id.* at 1313 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). "The rationale for this rule is simple"—when service is skipped or delayed, the safe harbor is not triggered, and Rule 11 motions that evade the opponent's safe harbor review are barred. *Id.* (citing 2 *Moore's Federal Practice* § 11.22[1][c] (3d ed. 2010)).

The rule from *Baker*, *Walker*, and *Peer* is thus easy to distill. *Baker* permits a party to file for Rule 11 sanctions after final judgment, so long as it has complied with the other requirements of the rule. 158 F.3d at 523. To that we add *Walker* and *Peer*, which hold that a litigant may not file for sanctions after a final judgment that cuts short the safe harbor period. *See* 532 F.3d at 1308–09; 606 F.3d at 1313. Fitting these cases together, the reconciled rule follows: If a party fulfills the safe harbor requirement by serving a Rule 11 sanctions motion at least 21 days before final judgment, then she may file that motion after the judgment is entered.

Lueder, Larkin & Hunter satisfied this rule. It served the homeowners *1349 with sanctions motions early enough that they had months to reconsider their complaints before the court granted summary judgment. The firm thus could file the sanctions motions after final judgment without violating Rule

**Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342 (2022)**
113 Fed.R.Serv.3d 194, 29 Fla. L. Weekly Fed. C 1372

11 or its safe harbor, and we vacate the district court's decision to the contrary.

### IV.

Homeowners Wilbur Huggins, Latonya Marbury, and Melisha Parson separately appeal the district court's consolidated grant of summary judgment to Lueder, Larkin & Hunter. After reading the parties' briefs, reviewing the record, and hearing oral argument, we affirm the district court's grant of summary judgment based on its well-reasoned July 8, 2020 order adopting the magistrate judge's report.

\* \* \*

Though imprecise language in our precedent may be partly to blame, the district court should not have denied the Rule 11 motions simply because they were filed after final judgment. Under Rule 11's safe harbor provision, a motion for sanctions must be served at least 21 days before final judgment, but it may be filed after final judgment—despite any supposedly contrary language in *Walker* or *Peer*. We therefore **AFFIRM** the district court's grant of summary judgment, **VACATE** its denial of the Rule 11 motions, and **REMAND** for proceedings consistent with this opinion.

### All Citations

39 F.4th 1342, 113 Fed.R.Serv.3d 194, 29 Fla. L. Weekly Fed. C 1372

### Footnotes

1   The homeowners each appealed the consolidated summary judgment order, and the law firm filed three appeals of the district court's Rule 11 order, one for each Rule 11 motion. We consolidated all six appeals.

2   Of course, the window for filing a Rule 11 motion after final judgment eventually closes. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (explaining that a Rule 11 motion, "if delayed too long, may be viewed as untimely"). But when that happens is not at issue here. We concluded in *Baker*, for example, that a Rule 11 motion filed within 30 days of final judgment was timely. 158 F.3d at 522–23. And the law firm here filed its Rule 11 motions only five days after final judgment.

3   "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction ...." Fed. R. Civ. P. 11 (1983) (amended 2007).

4   A number of district courts have reached the same conclusion. *See, e.g.*, *Blue Heron Com. Grp., Inc. v. Webber*, No. 18-CV-00467, 2019 WL 2537789, at *2– *3 (M.D. Fla. June 20, 2019); *Guthrie v. United States*, No. 12-22193-CIV, 2015 WL 13617271, at *4 (S.D. Fla. Apr. 30, 2015); *Warehouse Sols., Inc. v. Integrated Logistics, LLC*, No. 11-CV-02061, 2014 WL 11279467, at *7 & n.3 (N.D. Ga. Oct. 14, 2014); *Adkins v. Hosp. Auth. of Houston Cnty.*, No. 04-CV-0080, 2013 WL 5437636, at *4 (M.D. Ga. Sept. 27, 2013). Those cases were incorrectly decided.

5   As a bankruptcy proceeding, *Walker* was governed by Bankruptcy Rule 9011, which is "substantially identical" to Federal Rule of Civil Procedure 11. *See Walker*, 532 F.3d at 1308 (quotation omitted). Most important here, both impose a 21-day safe harbor period. *Id.* *Walker* relied on Rule 11 precedent to interpret Bankruptcy Rule 9011, so like both parties we assume that *Walker*'s holding applies to Rule 11 as well.

End of Document                                © 2023 Thomson Reuters. No claim to original U.S. Government Works.

© 2023 Thomson Reuters. No claim to original U.S. Government Works.                    5