**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

*Plaintiffs*,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH,

*Defendants*.

_____

ALYSSA CHRYSTIE MONTALBANO, individually,

*Counter-Claimant,*

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

*Counter-Defendants,*

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE      WILCOCK      SPIRITUAL      HEALING      AND
EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE, ELIZABETH LORIE,
BRIAN JAMES FLYNN, WILLIAM CAMPBELL,
MATTHEW GROVE, DIANA TERRY, and
CHRISTINA GOMEZ,

*Third-Party Defendants*

_____

**REPLY IN FURTHER SUPPORT OF THIRD-PARTY DEFENDANT ELIZABETH
LORIE'S RENEWED MOTION FOR SANCTIONS AGAINST ALYSSA MONTALBANO**

_____

**COMES NOW** Third-Party Defendant Elizabeth Lorie ("Lorie") and respectfully submits the following Reply in Further Support of her Renewed Motion for Sanctions against Alyssa Montalbano (hereinafter the "Sanctions Motion").

On August 28, 2023, Montalbano filed an "*Opposed Motion to Exceed Word Limit for Response to Motion for Sanctions [#376]*." Multiple exhibits were attached to this filing, one of which was a proposed Response to the Sanctions Motion. As of the date of this filing, the Court has not ruled on Montalbano's *Opposed Motion to Exceed Word Limit for Response to Motion for Sanctions [#376]* and Montalbano's proposed Response has not been separately filed on the Court docket. Nonetheless, in an abundance of caution and to ensure timeliness of her Reply, Lorie hereby files this Reply to the proposed Response.

First, Montalbano's proposed Response contains a number of factual misstatements and accusations which Lorie and undersigned deny Montalbano has a good faith bases for asserting. This conduct by Montalbano is sanctionable in and of itself and further evidences the need to deter Montalbano.

Second, Montalbano's proposed Response wrongly argues Lorie did not comply with the twenty-one (21) day safe harbor rule articulated by F.R.C.P. Rule 11. Montalbano takes the position that neither Lorie's May 28, 2021 demand letter nor Lorie's initial request for sanctions set forth in her Motion to Dismiss [Doc. 221] satisfy the requirements of the safe harbor rule. In regard to the demand letter, Montalbano claims it fails under the safe harbor rule because it "is not labeled as a Motion for Sanctions, does not mention Sanctions or F.R.C.P. 11." [Doc 379-1 at 5]. In regard to the sanctions request contained in Lorie's Motion to Dismiss, Montalbano argues it cannot be considered because it was not filed as a separate motion – a position that was not taken by Magistrate Mix in her Report and Recommendation [Doc. 283], by Montalbano in her

responsive pleadings to Lorie's Motion to Dismiss or in her Objection to the Report and Recommendation, or by District Judge Domenico in his *Order Overruling Objections and Adopting Recommendation to Dismiss Counterclaims and Third-Party Claims* [Doc. 345]. Montalbano's assertions in these regards are addressed in further detail below, but there is no basis for finding under applicable law that the demand letter failed to trigger the 21-day safe harbor provision or that Lorie has otherwise failed to comply with Rule 11's safe harbor provision. Simply put, Montalbano is advocating for a strict interpretation of F.R.C.P. 11 that is inconsistent with applicable Colorado law or the intent behind the 1993 amendments to F.R.C.P. Rule 11. Equally as important, Montalbano offers no legal authority for her long-winded and dragging discussion implying that the Court must focus its inquiries under Rule 11 upon a comparison of the demand letter and Lorie's Sanctions Motions. Any purported differences between the contents of the demand letter and the Sanctions Motion are irrelevant to determining Lorie's compliance with Rule 11's safe harbor provision.

Third, this Court retained jurisdiction to entertain Lorie's Sanctions Motion even though Montalbano's claims against Lorie have been dismissed with prejudice by District Judge Domenico. Rule 11's safe harbor provision is intended "to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Aerotech, Inc. v. Este*s, 110 F.3d 1523, 1528-29 (10th Cir. 1997)(quotation omitted); *see also* Fed. R. Civ. P. 11(c)(2)(allowing the alleged violator twenty-one days in which to "withdraw[] or appropriately correct[]" the "challenged paper, claim, defense, contention or denial." If the alleged violator remedies the alleged violation, the moving party is barred from filing the motion with the court.) Here, Lorie substantially complied with the safe harbor provision such that fundamental due process concerns of notice and an opportunity to respond were satisfied. The May 28, 2021 demand

letter, though not specifically citing Rule 11, informed Montalbano in writing of Lorie's intent to seek sanctions if Montalbano did not withdraw her claims against Lorie. Montalbano refused, and Lorie ultimately moved to dismiss the complaint as asserted against her for failure to state a claim on June 23, 2021.[1] As part of that motion, which was filed after the expiration of the safe harbor period, Lorie made her initial request for sanctions against Montalbano.

In support of her argument that Lorie's Sanctions Motion is barred by Rule 11, Montalbano cites to *Roth v. Green*. In that case, the Tenth Circuit reversed the district court's order granting Rule 11 sanctions against the plaintiffs' attorney. The plaintiffs had filed a 42 U.S.C. §1983 action against seventy-six defendants, including various state and county officials. 466 F.3d at 1184. The Defendants successfully moved to dismiss the complaint and/or for summary judgment. The plaintiffs subsequently filed a notice of appeal and sought permission from the district court to proceed on appeal in forma pauperis. *Id.* at 1185. The district court denied the plaintiffs' motion to proceed in forma pauperis, "concluding 'th[e] appeal [wa]s not taken in good faith because plaintiffs ha[d] not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Id.* (quoting Doc. 148 at 2).

Before plaintiffs filed their notice of appeal, the defendants filed motions for sanctions against plaintiffs' attorney for filing and pursuing the §1983 claims in the district court. Id. In his response, the plaintiffs' attorney argued Rule 11 sanctions were not warranted because, in relevant part, "the defendants failed to meet and confer with him prior to filing their motions, as required by the district court's local rules, and also failed to comply with the procedures outlined in Rule

---

[1] This motion was filed after the expiration of the twenty-one day safe harbor period, which was June 18, 2021. It is of no legal importance for purposes of the safe harbor rule that Lorie demanded in the letter that Montalbano withdraw the claims against her within ten days. Montalbano cites no legal authority in support of her contention that the ten-day demand violates the safe harbor rule.

11 by providing him with copies of their motions at least twenty-one days prior to filing those motions." *Id.* The district court disagreed and imposed sanctions under Rule 11.

On appeal before the Tenth Circuit, the plaintiffs' attorney argued that the warning letters issued by defendants prior to seeking sanctions did not meet the "meet and confer" requirements in Local Rule 7.1 because the defendants' motions did not contain a conferral certification, the letters "did not say anything about Rule 7.1A or that the letters were meet and confer letters," the letters "failed to address each of the grounds ultimately asserted by defendants in their respective motions to dismiss and/or for summary judgment" and the letters "were sent to him 'up to eleven (11) months prior to [defendants'] filing the motions for sanctions." *Id.* at 1191 (citations omitted). The Tenth Circuit rejected each of these contentions, finding in part that the district court did not abuse its discretion in applying Rule 7.1 because each letter substantially and effectively complied with Local Rule 7.1 by providing [the attorney] "with notice that, should he fail to voluntarily dismiss the complaint, defendants would move for sanctions against him." *Id.* Thus, Montalbano's claims that the Sanctions Motion should be denied because it does not contain the "required certifications" should be rejected by this Court. [Doc. 379-1 at 8-9].

While the Tenth Circuit in *Roth* found defendants failed to *follow* the procedures outlined in Rule 11's safe harbor rule, the factual circumstances present in Roth are readily distinguishable from the instant case. In *Roth*, the defendants only provided the plaintiffs' attorney with notice of their intent to seek sanctions by way of a warning letter. 466 F.3d at 1192. Here, as in *Roth*, Lorie sent Montalbano the May 28, 2021 demand letter prior to the filing her motion to dismiss. The demand letter stated Lorie would "[file] a responsive pleading which may include counterclaims, dispositive motions, and requests for attorney's fees to be paid by [Montalbano]" if Montalbano

did not withdraw her claims against Lorie. [Doc. 379-1 at 7]. The letter also specifically identified

Montalbano's baseless and frivolous claims against Lorie:

> Ms. Lorie never provided you with a 'fake address' for her law firm. Additionally, Ms. Lorie never engaged in any 'deceptive' trade practices with you at any point whatsoever. Your complaint against Ms. Lorie lodges farcical and wildly absurd accusations, such as 'human trafficking [by way of] utilizing remote mind control technologies'; or that Ms. Lorie failed to follow any legal, procedural process. Furthermore, the idea that Ms. Lorie has violated the code of professional ethics in any way is ludicrous.
>
> Finally, by bringing a RICO claim against Ms. Lorie for racketeering, conspiracy, and extortion is insane and, again, without any merit in fact or law.

[Doc. 376-1].[2] This warning is sufficient under *Rusk v. Fid. Brokerage Servs.*, 850 Fed. Appx.

657, 658-659 (10th Cir. 2021)(finding that a letter threatening to sue an offending party for

"misrepresentations" insufficient under Rule 11's safe harbor rule because it "did not mention Rule

11, identify any misrepresentations, demand their withdrawal, or say that he was going to move

for sanctions."). What's more, here, unlike in *Roth*, Lorie included a request for sanctions in her

motion to dismiss, to which Montalbano had an opportunity to respond.

Montalbano was aware Lorie intended to seek sanctions against her prior to the filing of

the Sanctions Motion. In her proposed Response, Montalbano admits Lorie's Motion to Dismiss

contained a request stating, "as well as for sanctions against Alyssa Montalbano." [Doc. 379-1 at

10 (citing Doc. 221 at 2)]. Montalbano has waived her procedural objections to the Sanctions

Motion by not addressing it in her Response to Lorie's Motion to Dismiss or in her Sur-Reply to

Lorie's Motion to Dismiss [Doc. 225 and Doc. 248-1]. If Montalbano disagreed with Lorie's

entitlement to sanctions, she should have raised this issue in her Response, her Sur-Reply, or her

---

[2] Montalbano further acknowledges that she responded to the demand letter. Montalbano claims she "requested Lorie or her Counsel discuss alleged complaint issues on a point-by-point basis," but a more careful review of her response indicates Montalbano was made aware of the factual and legal allegations challenged by Lorie. Montalbano dismissed Lorie's warning of sanctions as "legal drama" and instead demanded Lorie produce "evidence to support Lorie's innocence" for her review. Lorie was under no obligation to provide this information before the safe-harbor provision was triggered. [Doc. 379-5].

Objection to the Report and Recommendation and timely made her arguments.  Montalbano does not explain why she could not have raised these arguments in her Response, her Sur-Reply or her Objection, but in any event such argument is without merit. This is because Montalbano had notice of her vulnerability to sanctions well before the Sanctions Motion was filed.[3] Also, as already discussed *supra*, the May 28, 2021 demand letter put Montalbano on notice of Lorie's intention to seek an award of attorney's fees should she be required to file a responsive pleading. [Doc. 379-1].

Fourth, the Sanctions Motion was timely. Despite Montalbano's claims to the contrary, Rule 11 does not articulate a deadline for filing a motion for sanctions. Similarly, Lorie's time in which to seek Rule 11 sanctions was not limited by the Report and Recommendation or Judge Domenico's Order Overruling Montalbano's Objections. Lorie acknowledges Rule 11 motions have been denied as untimely in cases where the motion was served after summary judgment is granted to the moving party or the offending party voluntarily dismisses the offending pleading. In these cases, the courts reasoned that to grant Rule 11 sanctions under such circumstances would defeat the purpose of the safe harbor provision by denying the offending party 21 days in which to correct the defective pleading. See e.g., *Roth*, 466 F.3d at 1193 (collecting cases). This is not the case here, and the legal authority relied upon by Montalbano does not stand for the legal principle that a Rule 11 motion for sanctions is *per se* untimely "post dismissal and entry of judgment." [Doc. 379-1 at 11].

Fifth, and relatedly, the purpose of the safe harbor rule has been met in this case. Nowhere in her proposed Response does Montalbano argue she would have corrected her pleading, and, perhaps more importantly, her actions in this litigation demonstrate she would not have done so.

---

[3] Montalbano's claim that the Sanctions Motion was "the first time Montalbano has seen any Motion for Sanctions written by Lorie or her Counsel in any form" is misleading and inaccurate. Doc. 379-1 at 12].

The proposed Response is devoid of any claim that the causes of action Montalbano asserted against Lorie were warranted by existing law or by a non-frivolous argument for the reversal of existing law. The absence of such a critical argument constitutes an admission that Montalbano's claims against Lorie were presented to harass, cause unnecessary delay, and/or needlessly increase Lorie's litigation costs in this case. Additionally, none of Montalbano's amended pleadings, which were based on the same factual allegations as her initial third-party complaint, were filed in accordance with F.R.C.P. Rule 15(a)(2). Montalbano also sought to relitigate many of her dismissed claims against Lorie for a third time "under the supervision of Court assigned counsel." [Doc. 376 at 3]. As argued in the Sanctions Motion, and ignored by Montalbano in her Response, Montalbano's Objection failed to present any valid argument that she had adequate factual or legal support for any of her claims against Lorie to avoid sanctions under Rule 11. In her Report and Recommendation, Magistrate Mix suggests that sanctions may be appropriate by denying the request without prejudice and, in the event Lorie sought to pursue sanctions, directing Lorie to file additional briefing. As such, Lorie was free to file a motion for Rule 11 sanctions at any time.

Lastly, Montalbano's allegations in her response that "Goode, Yanaros, and Lorie conspired together to circumvent Judge Chaffin's Protective Order by attempting to have Lorie acquire Montalbano's privileged information via alleged 'Sanctions' for subsequent delivery to Goode" [379-1 at 22] is entirely baseless and further evidence of the need for this Court to impose Rule 11 sanctions on Montalbano to deter Montalbano's outlandish claims against Lorie in the future. The ultimate goal of Rule 11 is deterrence; not compensation for the moving party. See Fed. R. Civ. P. 11(c)(4)(Rule 11 sanctions may include, "if imposed on motion and to warrant deterrence, an order directing payment to the movant or part or all of the attorney's fees and other defenses directly resulting from the violation."). A sanction for the amount of attorney's fees

incurred by Lorie in moving to dismiss Montalbano's third-party complaint is sufficient to promote the goal of deterrence.

WHEREFORE, for the foregoing reasons, Third-Party Defendant Elizabeth Lorie respectfully requests this Court grant her Motion and award her reasonable attorney's fees and costs.

Respectfully submitted this 7th day of September, 2023.

**ROBINSON & HENRY, P.C.**

/s/ *Alicia Margaret Reinken*
Alicia Margaret Reinken
7555 East Hampden Avenue, Suite 600
Denver, Colorado 80231
(303) 688-0944
alicia@robinsonandhenry.com

*Attorney for Third-Party Defendant, Elizabeth Lorie*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 7th day of September, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Colorado, using the CM/ECF system and was served upon all parties who have entered their appearance.

**ROBINSON & HENRY, P.C.**

By:   */s/ Kelly Leyba*
       Kelly Leyba, Paralegal