DISTRICT CIVIL COURT, MESA COUNTY, COLORADO

Mesa County, Colorado
Court Address: 125 North Spruce
P.O. Box 20,000-5030
Grand Junction, CO 81501

**Plaintiff(s):** Alyssa Chrystie Montalbano
v.
**Defendant(s):** James Corey Goode

ORIGINAL FILED IN

JAN 04 2024

COMBINED COURT
BY LITIGANT

▲   **COURT USE ONLY**   ▲

Attorney or Party Without Attorney (Name and Address):
Alyssa Chrystie Montalbano, American Citizen,
Paralegal Student
2536 Rimrock Ave, Suite 400-117
Grand Junction, Colorado, 81505

Phone Number: 970.250.8365
E-mail: AriStoneArt@Ymail.com
FAX Number:  N/A          Atty. Reg. #: N/A

Case Number: 18CV50

Division: 5          Courtroom:

## MOTION FOR INDEPENDENT EQUITABLE ACTION AND TO VACATE JUDGMENT FEES PURSUANT C.R.C.P. 60(b)(b)(1)-(2) FOR THE UNAUTHORIZED PRACTICE OF LAW

### I.    INTRODUCTORY STATEMENT

Plaintiff, Alyssa Chrystie Montalbano, moves this Court pursuant to Colorado Rules of

Civil Procedure 60(b)(b)(1)-(2), to vacate the August 5, 2020, $116,600 (plus interest) judgment

attorney fees for erroneously being awarded to defendant James Corey Goode for his two

out-of-state attorneys' criminal Unauthorized Practice of Law (UPL) in the State of Colorado.

Montalbano also requests an independent equitable action for relief from the judgment and that

the attached "Equitable Action Complaint" be admitted. The judgment fees are in contempt of

the Colorado Supreme Court's Practice of Law rules and cannot be enforced. Montalbano also

seeks to recover statutory damages from Yanaros, Lorie, Goode, and Thomas D. Seaman doing

business as ALPINE JUDGMENT RECOVERY (hereafter "AJR") as provided for by law.

1

## II.     TABLE OF CONTENTS

I.     **INTRODUCTORY STATEMENT** ........................................................... **1**

II.    **TABLE OF CONTENTS** ................................................. **i-ii**

III.   **TABLE OF AUTHORITIES** .......................................... **ii-v**

IV.    **CERTIFICATE OF CONFERRAL** ....................................... **2**

V.     **RELEVANT PROCEDURAL BACKGROUND** ................................. **2-3**

VI.    **JURISDICTION AND RULES** ......................................... **3-6**

   A.  C.R.C.P. 60(b)(b) ........................................... 3

   B.  UNAUTHORIZED PRACTICE OF LAW JURISDICTION ........................ 6

VII.   **ARGUMENTS** ................................................... **6-14**

   A.  UNAUTHORIZED PRACTICE OF LAW (UPL) ....................... 6-11

      1.  Verifying Colorado Bar Licenses – Yanaros and Lorie are Unlicensed ......... 7

      2.  Yanaros and Lorie did not meet Colorado *Pro Hac Vice* Exemptions ............. 8

      3.  Licensed Attorneys are Prohibited from Assisting in UPL under ABA r. 5.5(a) .................................................. 8

      4.  Unlicensed Attorneys are Forbidden from Holden Themselves Out as Licensed Attorneys ..................................... 9

      5.  UPL Sanctions – Fees Cannot be Collected .................................... 9

      6.  UPL in Florida and Texas is a Criminal Offence ............................ 10

      7.  UPL is Prohibited in Colorado Federal Courts ............................... 10

      8.  Attorney Fees Cannot be Collected for State Law Matter Removed to Federal Court .................................................. 11

      9.  "Law of Case Doctrine" Established in Broomfield case 18C103 .................. 11

B.  ARGUMENTS - CONTRACT LAW  ................................................................. **12-14**

    1.  Basic Contract Elements & Laws  ................................................ 12

    2.  Yanaros and Lorie's Illegal Fee Contracts (UPL) Cannot be Enforced by Courts   12

    3.  Yanaros and Lorie's Fees are Excessive Under ABA Discipline Rule 2-106(A) .  13

    4.  Illegal Contracts (Generally) cannot be Enforced by Courts  ............................... 14

C.  AJR BREACHED COLORADO DEBT COLLECTION LAWS UPL ............................. **14**

    1.  AJR Could Not Form a Client-lawyer Relationship with Unlicensed Attorneys ..  14

    2.   AJR Violated the Colorado Fair Debt Collection Practices Act ........................... 14

D.  PRO SE LITIGANTS CANNOT COLLECT ATTORNEY FEES ................................... 15

**VIII.  RELIEF REQUESTED** ................................................................................ **15**

    A.  INJUNCTIVE RELIEF ................................................................................. 15

    B.  PROPOSED SANCTIONS - FINES ................................................................ 15

    C.  RESTITUTION ......................................................................................... 16

**IX.  CONCLUSION** ............................................................................................. **16**

## III.   TABLE OF AUTHORITIES

**Constitutional Law**

Colo. Const. art. II, § 25, Due process of law ................................................................. 5

**Statutes**

C.R.S. § 5-16-101 *et seq*. .............................................................................................. 14

C.R.S. § 5-16-107 ......................................................................................................... 14

C.R.S. § 5-16-113 ......................................................................................................... 16

C.R.S § 13-17-102 ......................................................................................................... 15

**Colorado Rules of Civil Procedure**

C.R.C.P. 60(b) ................................................................................... 3, 5, 16

C.R.C.P. 203.1 .................................................................................. 6

C.R.C.P. 205.1 .................................................................................. 8

C.R.C.P. 205.3 .................................................................................. 8

C.R.C.P. 228 – 240 (2007) ............................................................... 6

C.R.C.P. 230(b) ................................................................................ 6

C.R.C.P. 232.2 .................................................................................. 6,

C.R.C.P. 232.5(d)(3) ........................................................................ 15, 16

C.R.C.P. 238(c) ................................................................................ 6

**American Bar Association Rules**

DR 2-106(A) ..................................................................................... 13, 14

MODEL RULES OF PRO. CONDUCT r. 1.6 ................................. 14

MODEL RULES OF PRO. CONDUCT r. 5.5 ................................. 8, 9

MODEL RULES OF PRO. CONDUCT r. 8.5 ................................. 6

**Colorado Rules of Professional Conduct**

Colo. RPC 1.5 .................................................................................. 15

Colo. RPC 3.3 .................................................................................. 4

Colo. RPC 5.5 .................................................................................. 9

**Cases**                                                                    **Page(s)**

*Bank of U.S. v. Owens,*
    27 U.S. 527, 1829 WL 3157 (U.S. 1829) ............................................................ 14

*Bebo Const. Co. v. Mattox & O'Brien, P.C.,*
    998 P.2d 475 (Colo. App. 2000) ...................................................................... 13

*Birbrower, Montalbano, Condon, & Frank, P.C. v. The Superior Court
of Santa Clara County,*
    949 P.2d 1 (Cal. 1998) ...................................................................................... 9

*Davidson v. McClellan,*
    16 P.3d 233 (Colo. 2001) .................................................................................. 4

*Dudly v. Keller,*
    521 P.2d 175 (Colo. App. 1974) ...................................................................... 5

*Equitex, Inc. v. Ungar,*
    60 P.3d 746 (Colo App. 2002) ........................................................................ 13

*Goode v. Montalbano,*
    18C103, Broomfield Combined Courts ........................................................... 11

*Harding v. Heritage Health Prods. Co.,*
    98 P.3d 945 (Colo. App. 2004) ...................................................................... 12

*In re Conduct of Morin,*
    878 P.2d 393, 319 Or. 547 (Or. 1994) ........................................................... 13

*Menzel v. Niles Co.,*
    86 Colo. 320, 281 P. 364 (1929) .................................................................... 4

*Mishkin v. Young,*
    198 P.3d 1269 (Colo. App. 2008) .................................................................. 4

*People v. Shell,*
    148 P.3d 162 ............................................................................................... 6, 9

*Shotkoski v. Denver Inv. Grp., Inc.,*
    134 P.3d 513 (Colol. App. 2006) ................................................................... 12

*Sloat v. City of Newport ex rel. Sitrin,*
    19 A.3d 1217 (R.I. 2011) ............................................................................... 5

*Spanos v. Skouras Theatres Corp.*,
    364 F.2d 161 (C.A.N.Y. 1966) ............................................................. 11

*Unauthorized Practice of Law Committee of Supreme Court of Colorado v. Grimes*,
    654 P.2d 822 (Colo. 1982) ................................................... 7, 8 n.3

*United States v. Beggerly,*
    524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) ........................................... 5

*Weize Co. v. Colo. Reg'l Constr., Inc.*,
    251 P.3d 489 (Colo. App. 2010) ....................................................... 13

*Ziankovich v. Members of Colorado Supreme Court*,
    2021 WL 4047000 (C.A.10 (Colo.) 2021) ........................................... 10

## IV.    CERTIFICATE OF CONFERRAL

Pursuant to C.R.C.P. 121 § 1-15(8), Montalbano has made an effort to confer with appeared pro se parties, defendant James Corey Goode and debt collection agent AJR by email on December 29, 2023. No replies were received. The parties are marked as Opposed.

## V.    RELEVANT PROCEDURAL BACKGROUND

Case 18CV50 was opened on June 25, 2018, by plaintiff Ms. Alyssa Chrystie Montalbano. She sought injunctive relief from defamation[1] and declaratory relief for Trade Secret Intellectual Property[2] against defendant Mr. James Corey Goode. Chief Judge Brian James Flynn was assigned to this case. Goode received legal counsel from two out-of-state attorneys and no legal counsel from a licensed Colorado attorney. On January 29, 2020, Chief Judge Flynn dismissed this case in favor of pro se defendant Goode. On February 25, 2020, Goode and his out-of-state attorneys requested $116,600 in attorney fees. On August 5, 2020, Judge Flynn entered judgment and awarded the out-of-state attorney fees. The case never went to discovery or trial and no hearing was had regarding the attorney fees.

Defendant Goode's main counsel is Ms. Valerie Ann Yanaros. She is only licensed to practice law in the state of Texas under Texas State Bar #24075628. Defendant Goode's secondary counsel is Ms. Elizabeth Lorie. She is only licensed to practice law in the state of Florida under Florida State Bar #804541. Yanaros and Lorie were never licensed by the Colorado Supreme Court to practice law in the state of Colorado. Texas state laws and Florida state laws were never relevant to any Colorado tribunal.

---

[1] Montalbano's Defamation claim is pending to proceed against Goode in Denver Federal Court case 1:20-CV-00742-DDD-KAS. *See* Exhibits CZ and DA filed July 22, 2022.
[2] Montalbano's Trade Secret IP claim is pending reconsideration in federal case 00742. *See* Exhibits DM, DN, DO, filed March 27, 2023.

Debt collector, Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY (AJR), entered this instant case on July 8, 2022. They sought to collect the $116,600 in attorney fees plus interest. Thomas D. Seaman is a resident of Colorado. ALPINE JUDGMENT RECOVERY is formed in Colorado and does business in Colorado. Colorado resident Goode transferred all his debt collection rights to Colorado debt collector AJR on June 16, 2022. *See* Motion to Transfer Interest and Amend Judgment, filed July 8, 2022.

AJR received legal counsel from Texas attorney Yanaros. She helped AJR interpret Colorado debt collection laws and matters specific to Colorado tribunals. *See* "AJR's Motion to Vacate and Reverse the Protection Order dated May 4, 2023," filed May 8, 2023. During debt collection efforts, AJR with Texas attorney Yanaros' counsel threatened Montalbano six times with contempt of the court (a fine and/or imprisonment). AJR filed for contempt on August 15, 2022, November 30, 2022, February 28, 2023, and March 7, 2023 (Jan 4, 2023). On May 4, 2023, a contempt hearing was held. AJR threatened Montalbano a sixth time with contempt on June 9, 2023 **(Exhibit EG)**. Montalbano was never in contempt of the court. During AJR's debt collection efforts, Yanaros was not licensed to practice law in Colorado. AJR held Yanaros out as a licensed Colorado attorney to Chief Judge Flynn, Judge Chaffin, Montalbano, and this Court. AJR and Yanaros used this court to enforce the out-of-state attorney fees.

## VI. JURISDICTION & RULES

### A. C.R.C.P. 60(b)(b)

Colorado Rules of Civil Procedure, Rule 60(b), is often referred to as the "savings clause." C.R.C.P. Rule 60(b)(b)(2) provides Colorado state courts with the power to set aside a judgment for fraud on the court. C.R.C.P. Rule 60(b)(b)(1) allows for an independent equitable action to grant relief from a judgment. Montalbano requests both remedies be granted.

"An independent action is 'available only to prevent a grave miscarriage of justice.'
*Beggerly,* 524 U.S. at 47, 118 S.Ct. 1862." *Mishkin v. Young*, 198 P.3d 1269, 1272
(Colo. App. 2008), and "[T]o correct the mistaken rulings of the district court in the underlying
action." *Mishkin,* 198 P.3d at 1271 (quotes omitted), and permit the trial court to redress
substantive errors in a final judgment reserved for "[E]xtreme situations or extraordinary
circumstances." *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo. 2001) (citations omitted),
"[N]eeded to justify vacating a final judgment." *Davidson*, 16 P.3d at 239–40.

> There are five "indispensable elements" to an independent action. A party must show:
> (1) the order ought not be enforced in equity and good conscience;
> (2) the party has a meritorious defense to the order;
> (3) fraud, accident, or mistake prevented prior assertion of this defense;
> (4) the party acted without fault or negligence; and
> (5) there is no adequate legal remedy.

*Mishkin,* 198 P.3d at 1272 (citations omitted). The Unauthorized Practice of Law (UPL) issue
raised by Montalbano fulfills all five requirements and it is not a relitigation of prior issues.

(1) The UPL attorney fees ought not to be enforced in equity or good conscience. The fees are in
contempt of the Colorado Supreme Court's attorney licensing, admission, and practice of law
rules and are wholly illegal.

(2) Montalbano has a meritorious defense to vacate or render the judgment fees unenforceable.
The attorney fee contract is *Malum Prohibitum,* a crime prohibited by statute.

(3) Fraud prevented prior assertion of this defense. The out-of-state attorneys fraudulently held
themselves out as licensed to practice law in Colorado to Chief Judge Flynn, Judge Chaffin,
Montalbano, and this Court. The attorneys were not licensed by the Colorado Supreme Court
to practice law in Colorado. This material fact was concealed. The out-of-state attorneys had
a duty to disclose this material fact to this Colorado tribunal (Colo. RPC 3.3) and they did

4

not. Montalbano, like this court, reasonably believed both attorneys could practice law in Colorado when they could not. Montalbano could not uncover this fraud until recently learning about the Unauthorized Practice of Law in her Legal Ethics course (Fall 2023) as part of her Paralegal AAS degree and having access to legal resources prior unavailable.

(4) Montalbano acted without any fault or negligence in the matter. The illegal fee contracts and UPL agreements are between Yanaros, Lorie, Goode, and AJR.

(5) There is no adequate remedy at law. Colorado courts cannot enforce illegal [UPL] contracts. The judgment fee award must be vacated for illegality of purpose.

"Independent actions are not governed by the strict time limits of Rule 60(b), and they also allow departure from 'rigid adherence to the doctrine of res judicata.' *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)." *Mishkin*, 198 P.3d at 1272. *Dudly v. Keller*, 521 P.2d 175 (Colo. App. 1974), held that independent equitable actions are "[N]ot restricted by the six month time limitation imposed on motions made under sub-sections (1) and (2) of C.R.C.P. 60(b) or the reasonable time requirements imposed upon motions made under sub-sections (3), (4) and (5) of that rule." *Id.* at 176–77. In persuasive case, *Sloat v. City of Newport*, a Rhode Island court decided that an independent action may be able to proceed even if it is "[M]ore than one year after the entry of the judgment." *Sloat v. City of Newport ex rel. Sitrin*, 19 A.3d 1217, 1222 (R.I. 2011) (citations omitted).

This is an extraordinary circumstance involving 465.2 hours of systematic Unauthorized Practice of Law in Colorado by two out-of-state attorneys for over five years. This illegal contact prolonged case 18CV50, prevented justice, and violated Montalbano's right to due process of law under Colo. Const. art. II, § 25.

## B. UNAUTHORIZED PRACTICE OF LAW JURISDICTION

Under C.R.C.P. 230(b) (2007), COMMITTEE JURISDCTION, the Colorado Supreme Court has authorized lower courts and their judges with the authority "[T]o punish for contempt any person or legal entity not having a license from [the Colorado Supreme Court] who practices law or attempts or purports to practice law in any matter which comes within the jurisdiction of that court . . . ." Under C.R.C.P. 238(c) (2007), courts may also impose fines or imprisonment.

When more than one jurisdiction is involved, the American Bar Association's, Disciplinary Authority; Choice of Law, MODEL RULES OF PRO. CONDUCT r. 8.5(b), (AM. BAR ASS'N 2023) gives disciplinary authority to this tribunal, as the conduct occurred in connection with this tribunal. The discipline may also be reciprocated in the attorneys' home states.

## VII.   ARGUMENTS

## A. UNAUTHORIZED PRACTICE OF LAW (UPL)

The Colorado Rules of Civil Procedure 228 – 240 (2007), govern the Unauthorized Practice of Law (UPL). On December 14, 2006, the Colorado Supreme Court adopted the UPL rules, En Banc. They are mandatory for Mesa District Civil Court to follow. "Colorado law prohibits the unauthorized practice of law, i.e., the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170. *Also see* Colo. RPC 5.5(a)(1). C.R.C.P. 232.2(b) (2023), defines the "Practice of Law" as:

> (1) Protecting, defending, or enforcing the legal rights or duties of another person;
> (2) Representing another person before any tribunal or, on behalf of another person, drafting pleadings or other papers for any proceeding before any tribunal;
> (3) Counseling, advising, or assisting another person in connection with that person's legal rights or duties;
> (4) Exercising legal judgment in preparing legal documents for another person; and
> (5) Any other activity the Supreme Court determines to constitute the practice of law.

The Colorado Supreme Court mandates,

> [O]nly licensed attorneys in good standing with the Colorado Supreme Court are allowed to practice law in Colorado. Qualifications for a Colorado law license include graduation from an accredited law school, passage of an extensive bar examination, and determinations of character and fitness by the Colorado State Board of Law Examiners.

COLORADO SUPREME COURT, UNDERSTANDING UNAUTHORIZED PRACTICE OF LAW ISSUES, at 1 (2014) [hereafter "UNDERSTANDING UPL"]. To Montalbano's knowledge, Yanaros and Lorie, have never been licensed by the Colorado Supreme Court, have never passed a Colorado bar examination or a character and fitness test. Despite this, both attorneys systematically provided legal services in Colorado from June 2018 to the present. *See* Exhibit I, filed June 25, 2018, Yanaros holding herself out as Colorado counsel for Goode while threatening Montalbano. "[I]t is contempt of this [Colorado Supreme] Court to practice law in Colorado without first being admitted as a member of the bar of this Court." *Unauthorized Practice of Law Committee of Supreme Court of Colorado v. Grimes*, 654 P.2d 822, 823 (Colo. 1982).

## 1. *Verifying Colorado Bar Licenses – Yanaros and Lorie are Unlicensed*

The Colorado Supreme Court has made publicly available via their website (https://www.coloradosupremecourt.com/Search/AttSearch.asp), the ability to verify if an attorney is licensed to practice law in the state of Colorado.

   a. A search for [Chief Judge] "Brian Flynn" yields an "Active" status and Colorado bar registration #22904.
   b. A search for [Judge] "Jeremy Chaffin" yields an "Active" status and Colorado bar registration #43627.
   c. A search for "Valerie Yanaros" or "Valerie Wilde" (prior surname) yields, "No matches found!"
   d. A search for "Elizabeth Lorie" yields, "No matches found!"

To ensure there were no errors, Montalbano emailed the Colorado Supreme Court on October 13, 2023. The Supreme Court clerk, Ms. Solano, affirmed there are no Colorado Supreme Court licenses for Valerie Yanaros or Elizabeth Lorie **(Exhibit EH)**. Montalbano requested licensing information from Goode and AJR during this motion's conferral. No reply was received.

7

**2.  *Yanaros and Lorie did not meet Colorado's Pro Hac Vice Exemptions***

Out-of-state attorneys may temporarily practice law in Colorado state courts, under *Pro Hac Vice* admission rules contained in C.R.C.P. 205.1 and C.R.C.P. 205.3. C.R.C.P. 205.3(2)(a) (2023) requires attorneys to perform the following steps for *pro hac vice* admission into state court tribunals: (i.) File a verified motion with the trial court, (ii.) designate an associate Colorado licensed attorney, (iii.) File a verified motion with the Clerk of the Supreme Court Office of Attorney Registration, (iv.) Pay a fee, and (v.) Obtain permission from the trial court to appear. Neither Yanaros nor Lorie performed any of the required admission steps. They did not qualify as *Pro Hac Vice* exempted counsel. They committed the Unauthorized Practice of Law in this court for failure to be *Pro Hac Vice* exempted.

**3.  *Licensed Attorneys are Prohibited from Assisting in UPL under ABA r. 5.5(a)***

Lawyers, including Colorado bar licensed judges[3], are forbidden by the American Bar Association from assisting any person in the Unauthorized Practice of Law in a jurisdiction they are not licensed. "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." MODEL RULES OF PRO. CONDUCT r. 5.5(a), (AM. BAR ASS'N 2019). Currently, Colorado licensed attorneys Judge Flynn and Judge Chaffin have assisted the out-of-state attorneys in their UPL in Colorado. The Officers failed to require the attorneys to follow the Colorado Supreme Court's licensing and admission rules; then illegally ordered Montalbano to compensate them for committing a crime (UPL) in Colorado. Until the judgment is vacated, they are in contempt of the Colorado Supreme Court.

---

[3] "C.R.C.P. 201.3(2) (effective December 1, 1982), provides a definition of what constitutes the practice of law which is supported by long-standing case authority and provides in pertinent part: (2) For purposes of this rule 'practice of law' means: . . .(d) employment as a judge . . . ." *Unauthorized Practice of Law Committee of Supreme Court of Colorado v. Grimes*, 654 P.2d 822 n.1 (Colo. 1982) (internal quotes omitted, highlights added).

**4.   Unlicensed Attorneys are Forbidden from Holding Themselves Out as Licensed Attorneys**

Under, MODEL RULES OF PRO. CONDUCT r. 5.5(b), Unauthorized Practice of Law; Multijurisdictional Practice of Law, lawyers are forbidden from practicing law in Colorado or holding themselves out as an attorney able to practice law in the state of Colorado, unless they are authorized by law to do so. Yanaros and Lorie fraudulently held themselves out as attorneys able to practice law in Colorado when they were unlicensed. They breached ABA r. 5.5 and Colo. RPC 5.5(a)(1).

**5.   UPL Sanctions - Fees Cannot be Collected**

A primary persuasive case involving the Unauthorized Practice of Law and prohibition of UPL fee collection is *Birbrower, Montalbano, Condon, & Frank, P.C. v. The Superior Court of Santa Clara County*, 949 P.2d 1 (Cal. 1998).  In *Birbrower,* the New York law firm plaintiffs attempted to collect their attorney fees for legal services rendered 'in' California in preparation for arbitration[4]. The New York lawyers traveled to and from California and provided vast amounts of remote (systematic) communication with their California clients via telephone, email, and paper mail. None of the New York attorneys were licensed to practice law in the state of California. The defendants of real interest (ESQ BUSINESS SERVICES) argued Birbrower's legal services were the Unauthorized Practice of Law (UPL) and that all Birbrower's fees were illegal and unenforceable under CA Bus & Prof Code § 6125 which states, "No person shall practice law in California unless the person is an active licensee of the State Bar." California Statute 6125 is equal to the Colorado Supreme Court's En Banc statement "only licensed attorneys in good standing with the Colorado Supreme Court are allowed to practice law in Colorado. *People v. shell,* 148 P.3d 162 (Colo. 2006)." UNDERSTANDING UPL. *Also see* Colo. RPC 5.5(a)(1).

---

[4] *Birbrower* has received some negative treatment due to some courts disagreeing that arbitration falls within the scope of the practice of law in or for court.

The California Superior Court held that the New York law firm could not collect any of their fees, including those systematically directed at California because they were in violation of California Statute 6125. Like the New York attorneys, Yanaros and Lorie cannot collect their fees because the UPL in Colorado is prohibited by the Colorado Supreme Court.

**6.  *UPL in Florida and Texas is a Criminal Offence***

Florida Senate Bill 1776, Chapters 2004-287 (2004), declares the UPL a criminal third degree felony. UPL is described as a person holding themselves out as licensed when they are not. Under Texas Penal Code 38.123 (1993), UPL is a misdemeanor or third degree felony. Both out-of-state attorneys knew or reasonably should have known that the UPL is a criminal offense and that they could not commit a crime in Colorado and ask to be paid for it via Colorado courts.

**7.  *UPL is Prohibited in Colorado Federal Courts***

In the unpublished and highly persuasive Colorado case *Ziankovich v. Members of Colorado Supreme Court*, 2021 WL 4047000, (C.A.10 (Colo.) 2021), A New York licensed attorney (Ziankovich) was admitted to practice law in Colorado Federal Courts but was not licensed to practice law in Colorado. Ziankovich was "disciplined by the Colorado Office of Attorney Regulation Counsel (OARC) for practicing law in Colorado federal courts and agencies in Colorado without a Colorado law license." *Id.* at *1.  The Colorado Supreme Court upheld:

> Colo. R. Pro. Cond. 5.5(a)(1) ("A lawyer shall not ... practice law in this jurisdiction without a license to practice law issued by the Colorado Supreme Court  . . . . cmt. [1A] (providing that "a lawyer who is not admitted in this jurisdiction . . . but who provides or offers to provide any legal services in this jurisdiction" may be prosecuted for the unauthorized practice of law).

*Id.* Like Ziankovich, Yanaros registered with the Colorado Federal Courts. She was admitted on the same date she removed this case. *See* Notice of Removal filed August 28, 2018. Yanaros also was not licensed by the Colorado Supreme Court. Ziankovich was suspended "from practicing law in Colorado for one year and a day." *Id.* at *2.  Yanaros should also be suspended.

**8.  *Attorney Fees Cannot Be Collected For State Law Matters Removed To Federal Court***

Even if the Supreme Court's unpublished decision in *Ziankovich* was ignored, the fees cannot be collected for state law matters in federal court. Persuasive New York case *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161 (C.A.N.Y. 1966), determined that out-of-state attorneys could lawfully collect fees for federal court matters involving federal claims but not state matters in federal court. Case 18CV50 was remanded because the matters were state law. Attorney Spanos was also prohibited from fee collection because he never "[A]pplied for leave to appear in the industry suit. . . . Had he been admitted he would be entitled to reasonable compensation despite the contrary policy in New York." *Spanos at* 166–67. "[We] find that his failure to enter a special appearance in the federal court prevents recovery." *Id.* at 162. Similarly, attorneys Yanaros and Lorie never appeared in this case and are prevented from recovery.

In *Spanos*, the lower court judge, Judge Wyatt, was admonished for failing to require proper attorney admissions into the court during protracted litigation. It was held attorney admission rules could not be ignored and courts must "[limit] recovery for services to attorneys who have fully complied with the rules creating the exception of which they seek to take advantage." *Id.* at 166–67. Yanaros and Lorie were also involved in years of protracted litigation in this Colorado tribunal. They never applied for admission. For this failure, they cannot be compensated.

**9.  *"Law of Case Doctrine" Established in Broomfield case 18C103***

Under the "Law of the Case Doctrine," established in the Broomfield Combined Courts, case 18C103, *Goode v. Montalbano*. Magistrate Russell ordered Goode in open court on July 17, 2018, to retain licensed Colorado counsel. Texas attorney Yanaros did not qualify. This precedent should be adopted because it involves the same litigants and the same unlicensed attorney and the Broomfield Combined Court upheld Supreme Court laws. This court should too.

### B.  ARGUMENTS – CONTRACT LAW

*1.  Basic Contract Elements & Laws*

The basic elements of a contract are: Offer, Acceptance, Consideration, **Legality of Subject Matter**, **Ability of the Parties to Enter the Agreement**, and Intent. The attorney fee agreements between Yanaros, Lorie, Goode, and AJR are based on an illegal subject matter (UPL) and cannot be enforced in court. Yanaros and Lorie also lacked the capacity to contract as attorneys in Colorado, for failure to be licensed by the Colorado Supreme Court.

*2.  Yanaros and Lorie's Illegal Fee Contracts (UPL) Cannot be Enforced by Courts*

Contracts based on an illegal purpose, such as UPL, cannot be enforced.  The attorney fee contract is *Malum Prohibitum* (criminal by statute) in Colorado, Texas, and Florida. *Supra* p. 10. Binding case precedent *Harding v. Heritage Health Prods. Co.*, 98 P.3d 945 (Colo. App. 2004), held that "[E]quitable doctrines may not be used to enforce an illegal or void agreement." "A contract which is contrary to public policy is void because it is contrary to public policy . . . ." *Harding* citing *Menzel v. Niles Co.,* 86 Colo. 320, 324, 281 P. 364, 365 (1929). AJR, Goode, Yanaros, and Lorie have a void and unenforceable fee contract. It is contrary to the Colorado Supreme Court's public attorney admission policy. Yanaros, Lorie, Goode, and AJR cannot use this state court to enforce their illegal UPL fee agreements. "[When a contract] provision is void . . . [parties are] precluded from a remedy under equitable principles." *Harding* at 949.

In binding case precedent *Shotkoski v. Denver Inv. Grp., Inc.*, 134 P.3d 513 (Colo. App. 2006), an agreement to compensate an unlicensed real estate broker was deemed illegal and unenforceable by the Colorado Appellate Court.  Similarly, Yanaros and Lorie are unlicensed [Colorado] attorneys and their compensation agreement is illegal and unenforceable in court.

*Weize Co. v. Colo. Reg'l Constr., Inc.*, 251 P.3d 489 (Colo. App. 2010) held it was an affirmative defense to cite illegality of contract with an unlicensed plumber. Montalbano has an affirmative defense to the judgment by citing the illegality of the contract and unlicensed attorneys. *Equitex, Inc. v. Ungar*, 60 P.3d 746, 750 (Colo App. 2002), held "A court will not enforce a contract that violates public policy even if the failure to do so is "unfair" to one of the parties . . . ."

AJR and Goode are jointly liable for the attorneys' negligence because they contracted to acquire money from their UPL ventures. *See* Motion to Transfer Interest, filed July 8, 2022. "[A] joint venturer is liable for the negligence of other joint venturers." *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 998 P.2d 475, 477 (Colo. App. 2000) (citations omitted). *Bebo* held "[A] party to an illegal contract cannot rely on the illegality of a contract to defeat a claim by a nonparty to the contract" (Colo. Pattern Jury Instr. Civ. 30:17, p. 33). "As discussed, a contract to indemnify a party for intentional wrongdoing is against public policy, and the court will leave the parties as it finds them, even if one party has detrimentally relied upon the contract. See also Restatement (Second) of Contracts § 198 (1981)" *Equitex, Inc. v. Ungar*, 60 P.3d 746, 753 (Colo. App. 2002).

### 3.  *Yanaros and Lorie's Fees are Excessive Under ABA Discipline Rule 2-106(A)*

The American Bar Association's conduct and discipline rules apply to all attorneys.  In persuasive Oregon case, *In re Conduct of Morin,* 878 P.2d 393, 319 Or. 547 (Or. 1994), attorney Morin fraudulently led clients to believe he was providing them with valid wills as part of their paid-for living trust packages, but he was instead providing them with a fraudulent notarization process. "The trial panel found that the accused violated DR 2–106(A) because 'there can be no question but that a fee is excessive when it includes charges for documents which are known to be invalid.'" *Id.* at 399.  DR 2-106(A) reads "**A lawyer shall not enter into an agreement** for, charge **or collect an illegal** or clearly excessive **fee**." *Id.* (emphasis added). Morin was disbarred.

13

Like Morin, Yanaros, and Lorie charged fees for illegal services (UPL). Under ABA

DR 2-106(A) all of their fees are excessive and cannot be enforced. Yanaros should be disbarred.

### 4.  *Illegal Contracts (Generally) cannot be Enforced by Courts*

Binding Supreme Court law prohibits the enforcement of illegal contracts via courts.

> Although the *statute* does not declare the contract void, the *Court* declared it void
> . . .'This action is apparently founded on a contract to disobey the law.' . . . 'This Court
> cannot give any assistance to the plaintiff consistently with the principles which have
> governed the courts of justice at all times. Persons who engage in such transactions must
> not bring their cases before a court of law.'

*Bank of U.S. v. Owens*, 27 U.S. 527, 539–40, 1829 WL 3157, at *10 (U.S (1829)). The UPL

contract is void. This Court cannot enforce the contract because it is founded on disobeying

Colorado laws and the illegal fee request never should have been brought before this court.

### C.  AJR BREACHED COLORADO DEBT COLLECTION LAWS

### 1.  *AJR Could Not Form a Client-Lawyer Relationship with Unlicensed Attorneys*

Under ABA R. 1.6, Client-lawyer Relationship, a licensed attorney and a client may form a

relationship by mutual intent. AJR could not form a client-lawyer relationship with Yanaros. She

lacked the capacity to contract as a Colorado attorney for failure to be licensed. All information

shared with Yanaros by AJR violated debt collection laws and Montalbano's privacy rights.

### 2.  *AJR Violated the Colorado Fair Debt Collection Practices Act*

The Colorado Fair Debt Collection Practices Act, C.R.S. §§ 5-16-101 *et seq.*, address

debt collection practices permitted and prohibited in Colorado. C.R.S. § 5-16-107(1)(c) (2022),

makes it illegal for a debt collector to make "The false representation or implication that any

individual is an attorney or that any communication is from an attorney."  AJR made the false

representation that Texas attorney Yanaros could lawful contract as a Colorado attorney when

she could not. This fact was material. AJR breached CFDCPA, C.R.S. § 5-16-107(1)(c).

## D.  PRO SE LITIGANTS CANNOT COLLECT ATTORNEY FEES

Under UPL and contract laws, defendant James Corey Goode has been appearing in case 18CV50 without any licensed Colorado counsel since June 25, 2018. Under C.R.S. § 13-17-102(6) (2023) Goode cannot be awarded attorney fees because, "No party who is appearing without an attorney shall be assessed attorney fees . . . ."

## VIII.   RELIEF REQUESTED

The Colorado Supreme Court provides statutory penalties for the UPL. C.R.C.P. 232.5(d)(3) (2007) cites that upon a finding of the UPL, the court may order the offending parties "[T]o refrain from the conduct in question, refund any fees collected, to make restitution and/or impose a fine that may range from $100 to $250 per incident; [and] such informal dispositions are to be encouraged."

Upon a finding of the UPL, Montalbano requests the following relief:

### A.  INJUNCTIVE RELIEF
(1) Declare the attorneys' fee contracts void for being illegal.
(2) Vacate the August 5, 2020 judgment for being illegal.
(3) Order Yanaros, Lorie, Goode, AJR, [and future parties] to desist debt collection acts.
(4) Disbar Yanaros, or in the alternative;
(5) Permanently prohibit Yanaros from practicing law in Colorado;
(6) Suspend Yanaros from the practice of law for 1 year and 1 day in all jurisdictions;
(7) Suspend Yanaros and Lorie from practicing law in all jurisdictions until they provide proof of successful completion of an ABA-accredited Legal Ethics course.

### B.  PROPOSED SANCTIONS – FINES

Establishing hourly fees is reserved for licensed attorneys (Colo. RPC 1.5).  *Also see*, CBA, Formal Ethics Op. 143 (2022) (discussing foundations of a fee agreement). Montalbano proposes each of the attorneys be charged a fine equal to the amount they charge per hour. It is recommended that Yanaros be fined $116,600, the amount she claimed due for her UPL in Colorado; and that Lorie be fined $1,050, the amount she claimed due for her UPL in Colorado.

15

## C. RESTITUTION

    (1) All costs and out-of-pocket expenses associated with this instant case; including (but not limited to) all filing fees, removal costs, mailing expenses, and related UPL state court litigation incurred expenses (Broomfield Combined Courts, attorney fees);

    (2) Lost wages, lost business growth, and lost business investments;

    (3) Future related expenses; and

    (4) Interest on the above expenses.

Montalbano also seeks hourly restitution compensation. The UPL frauds prevented Montalbano from having a fair and equitable hearing, working a full-time job, finding a decent job, or investing time and money in her own art and book publishing business.

    (5) For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junctions paralegal pay rate of $33.65 per hour[5] as Montalbano began studying to be a paralegal. *See* Exhibit ExParte State Assistance, May 18, 2023.

    (6) For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour[6].

## IX.   CONCLUSION

**Wherefore,** Montalbano respectfully requests this Court implement an independent equitable action under C.R.C.P. 60(b)(b)(1) and admit the attached "Equitable Action Complaint" and vacate the illegal attorney fee judgment pursuant to C.R.C.P. 60(b)(b)(2) to relieve Montalbano from the illegal fees. Upon a finding of the Unauthorized Practice of Law by Yanaros and Lorie, Montalbano requests damages as provided for by the Colorado Supreme Court. Upon a finding of a violation of the Colorado Fair Debt Collection Practices Act by AJR, Montalbano requests damages under C.R.S. §§ 5-16-113(1)(a), (b)(I), (c); together with any other relief this Court deems just.

---

[5] Salary GJ Paralegal https://www.salary.com/research/salary/benchmark/paralegal-i-salary/grand-junction-co

[6] ZipRecruiter GJ average salary https://www.ziprecruiter.com/Salaries/Hourly-Salary-in-Grand-Junction,CO

Dated this 4th Day of January 2024

Respectfully Submitted and All Rights

Reserved.

*Alyssa Montalbano*

Alyssa Chrystie Montalbano

Pro Se Litigant, Paralegal Student

17

## CERTIFICATE OF SERVICE

I certify that on this 4th day of January 2024, a true copy of the foregoing "MOTION FOR INDEPENDENT EQUITABLE ACTION AND TO VACATE JUDGMENT FEES PURSUANT C.R.C.P. 60(b)(b)(1)-(2) FOR THE UNAUTHORIZED PRACTICE OF LAW" with Exhibits EG and EH; and proposed "Equitable Action Complaint" with Exhibits 1 - 5, were filed with Mesa District Civil Court and sent first class United States Postal Service postage prepaid, and by email, to the following pro se parties:

**James Corey Goode**
1140 US Highway 287
Suite 400-266
Broomfield, CO 80020
Email: goodetech@yahoo.com

**Mr. Thomas D. Seaman**
**dba ALPINE JUDGMENT RECOVERY**
PO Box 1002
Ridgway, CO 81432
Email: TDS911@yahoo.com


**And courtesy copies delivered by post mail and email to the following non-parties:**

**Valerie Yanaros**
8300 Douglas Avenue
Suite 800
Dallas, Texas 75225
Email: valerie@yanaroslaw.co

**Elizabeth Lorie**
7163 Limestone Cay Rd.
Jupiter, Florida 33458
Email: lizlorie@gmail.com


Alyssa Montalbano, American Citizen

# Exhibit EG

for "Motion for Independent Equitable Action and to Vacate
Judgment Fees Pursuant C.R.C.P. 60(b)(b)(1)-(2) For the
Unauthorized Practice of Law"

ORIGINAL FILED IN

JAN 0 4 2024

COMBINED COURT
BY LITIGANT

AJR
PO Box 1002
Ridgway, CO 81432

815058066?

GRAND JUNCTION CO 815

US MAIL 2012

Ms. Alyssa-Chrystie Montalbano
2536 Rimrock Ave., Suite 400-117
Grand Junction, CO 81505

| ☐County Court ☐District Court<br>Mesa County, Colorado<br><br>MESA COUNTY DISTRICT COURT<br>125 N. Spruce Street<br>PO Box 20,000-5030<br>Grand Junction, CO 81501<br><br>Plaintiff(s)/Petitioner(s):<br><br>ALYSSA-CHRYSTIE MONTALBANO<br><br>v.<br><br>Defendant(s)/Respondent(s):<br><br>JAMES COREY GOODE | ▲   **COURT USE ONLY**   ▲ |
|---|---|
| Judgment Creditor (Name and Address):<br><br>THOMAS SEAMAN<br>Alpine Judgment Recovery<br>PO Box 1002<br>Ridgway, CO 81432<br><br>Phone Number: (844)-258-2770  E-mail: tds911@yahoo.com<br>FAX Number:               Atty. Reg. #: | Case Number: 18 CV 50<br><br><br><br>Division          Courtroom |
| **REQUEST TO SET HEARING DATE FOR CONTEMPT OF COURT** | |

I, Thomas Seaman, Owner of Alpine Judgment Recovery ("Judgment Creditor" or "AJR") state that Alyssa Chrystie Montalbano (the "Plaintiff" and the "Judgment Debtor"), has failed to comply with an order of this court as follows:

1. On December 20, 2022, a Second Set of Interrogatories was served on the Judgment Debtor ordering the following:

   Full and Complete Personal and Financial Disclosure regarding Judgment Debtor's home address and phone number; business address and phone number; date of birth; employer name, address, and phone number; any and all sources of income; any and all accounts with banks and other financial institutions; any and all automobiles, trucks, boats or other vehicles owned or leased; any and all firearms owned; relevant details regarding any and all assets sold in the past four years; name, address and phone number of spouse or closest relative; copies of last four years of federal and state tax returns; copy of deed or lease to primary residence; copy of driver's license; copy of last pay stub from employer; copy of last bank statement; and full financial disclosure regarding business if self-employed.

2. As of this date, June 9, 2023, the Judgment Debtor owes the Judgment Creditor a total of **$143,563.80** pursuant to the judgment that was awarded on August 5, 2020. The amount of $143,563.80 includes interest at 8.00% p.a. plus AJR's out of pocket expenses and permitted costs of collection.

and ☐or

Other: (Identify exactly what the other party has done, or failed to do, in violation of the Order.)

AJR received "Alyssa Montalbano Response to Seaman/AJR Interrogatories 2" (the "Response" on February 27, 2023.

The Second Set of Interrogatories that was served on the Judgment Debtor on December 20, 2022 required her to respond fully and truthfully to all questions and to file with her answers copies of the last four years of federal and state tax returns; copy of deed or lease to primary residence; copy of driver's license; copy of last pay stub from employer; copy of last bank statement; and full financial disclosure regarding business if self-employed.

The Response is incomplete.

On May 4, 2023, a Contempt of Court hearing was held. Rather than addressing Ms. Montalbano's contempt of court, the hearing was spent discussing Ms. Montalbano's request for a Protection Order. The Court did issue the requested Protection Order. That court order also ordered Ms. Montalbano to "immediately" produce her responses to the Interrogatories.

More than a month has passed since Ms. Montalbano was ordered to "immediately" produce her answers. Ms. Montalbano still has not produced full and complete answers to the Interrogatories together with the required accompanying documents. Therefore, she remains in contempt of court.

AJR now requests the Court to schedule another Contempt hearing. AJR has requested both remedial and punitive damages to be imposed as the Court sees fit.

3. **Describe any circumstances which may show that the other party has the present ability to comply with the Order:**

4. **Describe any circumstances which may show that the other party willfully refused to comply with the Order:**

Judgment Debtor has failed to adequately complete and return the Second Set of Interrogatories, together with required enclosures, that were served on her on December 20, 2022.

5. There has not been a stay of execution or modification of the Order.

6. The actions of the other party are contrary to the Order of this court.

7. I request this court to issue an order to the other party to appear before the court at a specific date and time for a hearing to show cause why there has been a failure and/or refusal to comply with the Order of this court.

8.  I hereby request:

☒ **Remedial Contempt.** I request that the Court find that the other party is in remedial contempt of this Court's Order. As described above, I attest that the responding party

(1) did not comply with the Order;
(2) knew of the Order; and
(3) has the present ability to comply with the Order.

As a result, I request this court impose the following sanctions:

☒ payment of my costs and reasonable attorney's fees in connection with this contempt proceeding;
☒ payment of a fine and/or imprisonment until the other party, who has the present ability to comply, performs the act(s) ordered;
☐ other (be very specific) _____

_____

_____

_____

_____

**and/or**

☒ **Punitive Contempt.** I request that the Court find that the Judgment Debtor is in punitive contempt of this Court's Order. As described above, I attest that, beyond a reasonable doubt, the responding party (1) had knowledge of the Order; (2) had the ability to comply with the Order; and (3) willfully refused to comply with the Order.

I request this court to find that the conduct of the Judgment Debtor is offensive to the authority and dignity of the Court, and, to vindicate the dignity of this court, to impose a fine or fixed sentence of imprisonment, or both.

Date: ___ 6-9-23 _____          _____
                                       Signature of ☒ Petitioner ☐ Co-Petitioner/Respondent
                                       Thomas D. Seaman DBA Alpine Judgment Recovery
                                       PO Box 1002
                                       Ridgway, CO 81432
                                       (844) 258-2770

---

**It is important that the party accused of contempt read the following information.**

**A party accused of remedial contempt has the following rights:**

1.  The right to be represented by a lawyer.

2. The right to a hearing before a judicial officer where the court must find that you were subject to a court order, that you had knowledge of that Order, that you did not comply with the Order, that you had the ability to comply with that Order, and that you have the present ability to comply with that Order.

If you are found to be in remedial contempt of court, the court may require you to pay the other party's court costs and attorney's fees connected with the contempt hearing, to pay a fine, and/or to serve an indefinite jail sentence until you comply with the original order.

**A party accused of punitive contempt has the following rights:**

1. The right to be represented by a lawyer.  If you cannot afford a lawyer and if a jail sentence is contemplated, you may apply for a court-appointed lawyer.
2. The right to a jury if a jail sentence in excess of 180 days is contemplated.
3. If the judge initiated the proceedings, the right to have the contempt matter heard by a different judge.
4. The right to plead guilty or not guilty to the charge of contempt.
5. The right to be presumed innocent unless and until the allegation(s) in the motion for contempt is/are proven beyond a reasonable doubt.
6. The right to confront and cross-examine all witnesses against you.
7. The right to present relevant witnesses and evidence at the hearing.
8. The right to request the court to issue subpoenas to compel witnesses to appear and give testimony.
9. The right to remain silent.
10. The right to testify on your own behalf. If you testify, you waive your right to remain silent and the other party may cross-examine you.
11. The right to make a statement on your own behalf prior to the imposition of sanctions, if you are found in contempt of court.

If the court finds beyond a reasonable doubt that you were subject to a lawful court Order, that you had knowledge of that Order, that you had the ability to comply with that Order, that you willfully failed or refused to obey that Order, and that such conduct was offensive to the authority and dignity of the court, you may be sentenced to pay a fine or serve a jail sentence.

## CERTIFICATE OF SERVICE

I certify that on <u>June 9, 2023</u> true and accurate copies of the **AJR's REQUEST TO SET HEARING DATE FOR CONTEMPT OF COURT** were served on the other parties by:

☐Hand Delivery, ☐E-filed, ☐Faxed to this number _____, **or**

☒by placing them in the United States mail, postage pre-paid, and addressed to the following (include name and address):

To:     James Corey Coode
        1140 US Highway 287, Suite 400-266
        Broomfield, CO 80020

        Alyssa-Chrystie Montalbano
        2536 Rimrock Ave., Suite 400-117
        Grand Junction, CO 81505


_____
☒Petitioner/Plaintiff or ☐Respondent/Defendant

> # Exhibit EH
> for "Motion for Independent Equitable Action and to Vacate
> Judgment Fees Pursuant C.R.C.P. 60(b)(b)(1)-(2) For the
> Unauthorized Practice of Law"

 Gmail                                    Alyssa Montalbano <legalzenacm@gmail.com>

## Re: Attorney Licensure Question?
1 message

**General Information** <information@csc.state.co.us>                   Fri, Oct 13, 2023 at 1:13 PM
To: Alyssa Montalbano <legalzenacm@gmail.com>

Dear Alyssa Montalbano,

You can always look on our web site to see who is licensed in Colorado at the link below.

https://coloradosupremecourt.com/

Put your cursor over Colorado Lawyers or do an attorney search or search in the attorney search link in the box below Colorado Lawyers icon and just put in one name to find who you are looking for. Sometimes it does not show if you put in all the information it is asking for.

I searched and did not see any of those names.

You can also contact Attorney Registration if you have any questions.

This office deals with new attorney's applying to Colorado for full Licensures.

Thank you,
Christina Solano
Staff Assistant

Colorado Supreme Court || Ralph L. Carr Judicial Center || Office of Attorney Admissions || 1300 Broadway, Suite 520 || Denver, CO  80203 || http://www.coloradosupremecourt.com/index.asp || (303) 928-7770

The information contained in this electronic message may be confidential under court rules and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is prohibited.  If you have received this communication in error, please immediately notify us by telephone or electronic mail.  Thank you.

From: Alyssa Montalbano <legalzenacm@gmail.com>
Sent: Friday, October 13, 2023 12:35:13 PM
To: General Information
Subject: Attorney Licensure Question?

Greetings,

   Have either of the following attorneys been licensed to practice law in the State of Colorado from April 1, 2018 to today's date:

Valerie Ann Yanaros (Texas Bar #24075628)

Elizabeth Lorie (Florida Bar #804541)

Thank you,
Alyssa Montalbano, Paralegal Student