<table>
<tr><td>

DISTRICT CIVIL COURT, MESA COUNTY, COLORADO

Mesa County, Colorado
Court Address: 125 North Spruce
P.O. Box 20,000-5030
Grand Junction, CO 81501

</td><td>

ORIGINAL FILED IN

JAN 04 2024
COMBINED COURT
BY LITIGANT

</td></tr>
</table>

| | |
|---|---|
| **Plaintiff(s):** Alyssa Chrystie Montalbano<br>v.<br>**Defendant(s):** James Corey Goode, Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY, Valerie Yanaros, Elizabeth Lorie | ▲                    ▲<br><br>**COURT USE ONLY** |
| Attorney or Party Without Attorney (Name and Address):<br>Alyssa Chrystie Montalbano,<br>American Citizen, Paralegal Student<br>2536 Rimrock Ave, Suite 400-117<br>Grand Junction, Colorado, 81505<br><br>Phone Number: 970.250.8365<br>E-mail: AriStoneArt@Ymail.com<br>FAX Number:  N/A          Atty. Reg. #: N/A | Case Number: 18CV50<br><br>Division:  5          Courtroom: |

### EQUITABLE ACTION COMPLAINT

## I.    INTRODUCTORY STATEMENT

Plaintiff, Alyssa Chrystie Montalbano, respectfully submits this Equitable Action Complaint pursuant to the Colorado Rules of Civil Procedure 60(b)(b)(1) and the order regarding Montalbano's "MOTION FOR INDEPENDENT EQUITABLE ACTION AND TO VACATE JUDGMENT FEES PURSUANT C.R.C.P. 60(b)(b)(1)-(2) FOR THE UNAUTHORIZED PRACTICE OF LAW" admitting this complaint.

1

## II.      TABLE OF CONTENTS

I.      INTRODUCTORY STATEMENT ............................................................... **1**

II.     TABLE OF CONTENTS ........................................ **i**

III.    TABLE OF AUTHORITIES ................................................................. **i-iv**

IV.    PARTIES............................................................................................... **2**

V.     JURISDCTION AND VENUE ................................................... **2-3**

VI.    FACTS RELEVANT TO ALL CLAIMS ................................... **3-5**

VII.   CAUSES OF ACTION ................................................................ **5-20**

          **CLAIM 1 – UNAUTHORIZED PRACTICE OF LAW** (Yanaros & Lorie) ...... **5-9**

          **CLAIM 2 – FRAUD (Common Law)** (Yanaros, Lorie, Goode, AJR) ................. **9-13**

          **CLAIM 3 – ABUSE OF PROCESS (Common Law)** (Yanaros & Lorie) ........... **14-15**

          **CLAIM 4 – MALICIOUS PROSECUTIONS** (Yanaros) ................................... **16-18**

          **CLAIM 5 – VIOLATION COLORADO FAIR DEBT COLLECTION PRACTICES ACT** (AJR) ................................................................... **18-20**

VI.    CONCLUSION ...................................................................... **20**

## III.    TABLE OF AUTHORITIES

**Statutes**                                                                                    **Page(s)**

C.R.S. § 5-16-101 *et seq.* ........................................................................ 18

C.R.S. § 5-16-107 ...................................................................................... 10, 18-19

C.R.S. § 5-16-113 ...................................................................................... 3, 19

C.R.S. § 5-16-125(4)(a)-(b) ...................................................................... 18

C.R.S. § 5-16-113 ...................................................................................... 3, 19

C.R.S. § 13-1-124(1)(b) ............................................................................ 3

C.R.S § 13-17-102(6) ................................................................................ 9


**Colorado Rules of Civil Procedure**

C.R.C.P. 60(b) ........................................................................................... 2

C.R.C.P. 205.3 ........................................................................................... 6

C.R.C.P. 228 – 240 (2007) ....................................................................... 5

C.R.C.P. 230(b).......................................................................................... 2, 7

C.R.C.P. 232.2 ........................................................................................... 6,

C.R.C.P. 232.5(d)(3) ................................................................................. 7

C.R.C.P. 238(c).......................................................................................... 2, 7

**American Bar Association Rules**

DR 2-106(A) ............................................................................................... 11

MODEL RULES OF PRO. CONDUCT r. 1.18 .......................................... 12

MODEL RULES OF PRO. CONDUCT r. 1.6 ............................................. 12

MODEL RULES OF PRO. CONDUCT r. 3.3 ............................................. 9

MODEL RULES OF PRO. CONDUCT r. 4.1 ............................................. 9

MODEL RULES OF PRO. CONDUCT r. 7.1 ............................................. 9

MODEL RULES OF PRO. CONDUCT r. 8.5 ............................................. 2

**Colorado Rules of Professional Conduct**

Colo. RPC 1.18 ......................................................................... 12

Colo. RPC 1.5 ........................................................................... 8

Colo. RPC 1.6 ........................................................................... 12

Colo. RPC 4.1 ........................................................................... 9

Colo. RPC 5.5 ........................................................................... 5, 17

Colo. RPC 7.1 ........................................................................... 9

**Cases**

*Bank of U.S. v. Owens,*
    27 U.S. 527, 1829 WL 3157 (U.S. 1829) ....................................... 12

*Bebo Const. Co. v. Mattox & O'Brien, P.C.,*
    998 P.2d 475 (Colo. App. 2000) ................................................... 11

*Equitex, Inc. v. Ungar,*
    60 P.3d 746, 750 (Colo App. 2002) ............................................. 11, 12

*Goode v. Montalbano,*
    18C103, Broomfield Combined Courts ........................................................ 4, 6, 14, 16

*Goode v. Montalbano,*
    20C32, Broomfield Combined Courts ........................................................ 4, 6, 14, 16

*Goode v. Montalbano,*
    1:20-CV-00742-DDD-KAS, Denver Federal Court ........................................ 3, 16

*Harding v. Heritage Health Prods. Co.,*
    98 P.3d 945 (Colo. App. 2004) ..................................................................... 11

*In re Conduct of Morin,*
    878 P.2d 393, 319 Or. 547 (Or. 1994) ........................................................... 11

*Menzel v. Niles Co.,*
    86 Colo. 320, 281 P. 364 (1929) ................................................................... 11

*People v. Shell,*
    148 P.3d 162 (Colo. 2006) ............................................................................. 5

*Shotkoski v. Denver Inv. Grp., Inc.,*
    134 P.3d 513 (Colo. App. 2006) ................................................................... 11

*Unauthorized Practice of Law Committee of Supreme Court of Colorado v. Grimes,*
    654 P.2d 822 (Colo. 1982) ............................................................................. 6

*Ziankovich v. Members of Colorado Supreme Court,*
    2021 WL 4047000, (C.A.10 (Colo.) 2021) .................................................... 7

**Secondary Sources**

Colorado Model Jury Instructions, CJI-Civ. 17:9 ................................................... 17

Colorado Model Jury Instructions, CJI-Civ. 17:10 ................................................. 13

Colorado Model Jury Instructions, CJI-Civ. 17:11 ................................................. 14

Colorado Model Jury Instructions, CJI-Civ. 19:2. .................................................. 9

CBA, Formal Ethics Op. 143 (2022) (discussing foundations of a fee agreement) ...... 8

iv

## IV.     PARTIES

1. Plaintiff Ms. Alyssa Chrystie Montalbano is a Colorado resident with an address of 2536 Rimrock Ave, Suite 400-117, Grand Junction, Colorado, 81505.

2. Defendant Mr. James Corey Goode is a Colorado Resident with an address of 1140 US Highway 287, Suite 400-266, Broomfield, Colorado, 80020.

3. Defendant Debt Collector Mr. Thomas D. Seaman is a Colorado resident doing business in Colorado as ALPINE JUDGMENT RECOVERY with an address of P.O. Box 1002, Ridgway, Colorado, 81432.

4. Defendant Attorney Ms. Valerie Yanaros (formerly Valerie Wilde) is a Texas resident and Texas licensed attorney with an address of Yanaros Law, P.C., 8300 Douglas Avenue, Suite 800, Dallas, Texas, 75225.

5. Defendant Attorney Ms. Elizabeth Lorie is a Florida resident and Florida licensed attorney with an address of 7163 Limestone Cay Rd., Jupiter, Florida, 33458.

## V.     JURISDCTION AND VENUE

### Independent Equitable Action Powers Colo.R.Civ.P. 60(b)

6. This Court has jurisdiction over this Independent Equitable Action Complaint pursuant Colorado Rules of Civil Procedure, Rule 60(b)(b)(1) and the order admitting this Complaint.

### Jurisdiction - Unauthorized Practice of Law (UPL)

7. Under C.R.C.P. 230(b) (2007), COMMITTEE JURISDCTION, the Colorado Supreme Court has authorized lower courts and their judges with the authority "[T]o punish for contempt any person or legal entity not having a license from [the Colorado Supreme Court] who practices law or attempts or purports to practice law in any matter which comes within the jurisdiction of that court . . . ."

8. Courts may impose fines or imprisonment under C.R.C.P. 238(c) (2007).

9. When more than one jurisdiction is involved in the UPL the American Bar Association's, Disciplinary Authority; Choice of Law, MODEL RULES OF PRO. CONDUCT r. 8.5, (AM. BAR ASS'N 2023) (Hereafter "ABA r.") gives disciplinary

2

authority to this tribunal, as the conduct occurred in connection with this tribunal and the discipline may be reciprocated in the attorneys' home states.

## Jurisdiction - General

10. This Court has jurisdiction over Yanaros, Lorie, Goode, and AJR, pursuant CO Code § 13-1-124(1)(b) for the commission of a tortious act [UPL] within Colorado.  This Venue is proper as the tortious acts were committed in Colorado and harmed Colorado resident plaintiff Montalbano.

11. This court also has jurisdiction over Yanaros and Lorie under Colorado's "long arm statute" C.R.S. 13-1-124(1)(a), for over five years of contact with Colorado for the Unauthorized Practice of Law (UPL) directed at this Colorado tribunal and Colorado resident Montalbano.

## Jurisdiction - Colorado Fair Debt Collection Practices Act

12. This court has jurisdiction over AJR and their debt collection violations pursuant to C.R.S. § 5-16-113(5) (2023), for being brought within one year of the violation. The violation occurred on June 12, 2023, when AJR and Texas attorney Yanaros unlawfully obtained Montalbano's personal and business financial records via their UPL fraud on this court. *See* June 14, 2023 copy of Montalbano's Interrogatory responses and POS upon AJR. Montalbano seeks statutory damages against AJR under C.R.S. § 5-16-113(1)(a), (1)(b)(I), and (1)(c) (2023).

## VI.    FACTS RELEVANT TO ALL CLAIMS

13. Case 18CV50 was opened on June 25, 2018, by plaintiff Alyssa Chrystie Montalbano. She sought injunctive relief from defamation[1] and declaratory relief for Trade Secret Intellectual Property[2] against defendant Mr. James Corey Goode. Chief Judge Brian James Flynn was assigned to this case. Goode received legal counsel from two out-of-state attorneys and no legal counsel from a licensed Colorado attorney.

14. On January 29, 2020, Chief Judge Flynn dismissed this case in favor of pro se defendant Goode. On February 25, 2020, Goode and his out-of-state attorneys

---

[1] Montalbano's Defamation claim is pending to proceed against Goode in related Denver Federal Court case 1:20-CV-00742-DDD-KAS. *See* Exhibits CZ and DA, filed July 22, 2022.

[2] Montalbano's Trade Secret IP claim is pending reconsideration in related federal case 00742. *See* Exhibits DM, DN, DO, filed March 27, 2023 (TACC).

requested $116,600 in attorney fees. On August 5, 2020, Chief Judge Flynn entered judgment against Montalbano, awarding the out-of-state attorney fees. The case never went to discovery or trial and no hearing was had regarding the attorney fees.

15. Defendant Goode's main counsel is Valerie Ann Yanaros. She is only licensed to practice law in the state of Texas under Texas State Bar #24075628. Defendant Goode's secondary counsel is Elizabeth Lorie. She is only licensed to practice law in the state of Florida under Florida State Bar #804541. Yanaros and Lorie were never licensed by the Colorado Supreme Court to practice law in the state of Colorado from June 2018 to present. Texas state laws and Florida state laws were never relevant to any Colorado tribunal.

16. Texas attorney Yanaros also practiced law in the Colorado Broomfield Combined Courts without a Colorado license. Yanaros and Goode filed two frivolous stalking cases against Montalbano, case 18C103 and 20C32. Both cases were dismissed in Montalbano's favor **(Exhibit 1 Registers of Actions)**. *See* Notice of Related Cases, filed July 21, 2020[3]. Texas state laws were never relevant to Colorado stalking laws.

17. Texas attorney Ms. Valerie Ann Yanaros held herself out to Montalbano and Colorado tribunals as licensed Colorado counsel for Goode from June 2018 to present, when she was not. **(Exhibit 2,** emails Yanaros holding herself out as Goode's attorney for cases 18CV50 and 18C103, originally filed as Exhibit H in Broomfield Combined Courts, case 18C103).

18. Debt collector, Thomas D. Seaman doing business as ALPINE JUDGMENT RECOVERY (AJR), entered this instant case on July 8, 2022. They sought to collect the $116,600 in attorney fees plus interest. Thomas D. Seaman is a resident of Colorado. ALPINE JUDGMENT RECOVERY is formed in Colorado and does business in Colorado. Colorado resident Goode transferred all his debt collection rights to Colorado debt collector AJR on June 16, 2022. *See* Motion to Transfer Interest and Amend Judgment, filed July 8, 2022.

19. AJR received legal counsel from Texas attorney Yanaros. She helped him interpret Colorado debt collection laws and matters specific to this Colorado tribunal. *See* "AJR's Motion to Vacate and Reverse the Protection Order dated May 4, 2023," filed May 8, 2023. Texas state laws were never relevant to Colorado debt collection laws or the Colorado tribunals involving AJR.

---

[3] *Note* there is a typo at No. 4., Case 20-cv-00947 is *Goode v. Ramsaur, Kennedy, and Youngblood*.

20. During debt collection efforts, AJR under Texas attorney Yanaros' counsel threatened Montalbano six times with contempt of the court (a fine and/or imprisonment). AJR filed for contempt on August 15, 2022, November 30, 2022, February 28, 2023, and March 7, 2023 (orders regarding January 4, 2023 misplaced contempt filing). On May 4, 2023, a contempt hearing was held. AJR threatened Montalbano a sixth time with contempt on June 9, 2023. *See* Exhibit EG, filed January 4, 2024.  Montalbano was never in contempt of the court. AJR held out Texas attorney Yanaros as licensed Colorado counsel to Chief Judge Flynn, Judge Chaffin, Montalbano, and this Court.

21. AJR, Goode, Yanaros and Lorie used this court to enforce their attorney fee contracts.

## VII.   CAUSES OF ACTION

### CLAIM 1 - UNAUTHORIZED PRACTICE OF LAW
(Yanaros and Lorie (Attorneys))

22. Montalbano incorporates by reference paragraphs 1-21.

23. The Colorado Rules of Civil Procedure 228 – 240 (2007), govern the Unauthorized Practice of Law (UPL). On December 14, 2006, the Colorado Supreme Court adopted the UPL rules, En Banc. The Supreme Court of Colorado held "Colorado law prohibits the unauthorized practice of law, i.e., the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell*, 148 P.3d 162, 170 (Colo. 2006). This rule is contained in Colo. RPC 5.5(a)(1) (2018), "A lawyer shall not: (a)(1) practice law in this jurisdiction without a licensed to practice law issued by the Colorado Supreme Court . . . ."

24. Upon information and belief, Yanaros and Lorie have never been licensed by the Colorado Supreme Court to practice law in Colorado from June 2018 to present. *See* Exhibit EH, filed January 4, 2024 (Supreme Court clerk, Ms. Solano, affirming there are no Colorado Supreme Court licenses for Yanaros or Lorie).

25. The Colorado Supreme Court mandates,

> [O]nly licensed attorneys in good standing with the Colorado Supreme Court are allowed to practice law in Colorado. Qualifications for a Colorado law license include graduation from an accredited law school, passage of an extensive bar examination, and determinations of character and fitness by the Colorado State Board of Law Examiners.

COLORADO SUPREME COURT, UNDERSTANDING UNAUTHORIZED PRACTICE OF LAW ISSUES,  at  1 (2014) [hereafter UNDERSTANDING UPL], https://coloradosupremecourt.com/ PDF/ UPL/Understanding %20Practice%20of%20Law%20Issues.pdf.

26. Upon information and belief, Yanaros and Lorie have never passed a Colorado bar exam or character and fitness test by the Colorado State Board of Examiners.

27. Yanaros and Lorie were never admitted *pro hac vice* into case18CV50 under C.R.C.P. 205.3(2)(a) (2023) (formerly C.R.C.P. 221 (2018)), and did not qualify as Colorado attorneys under *pro hac vice* exemptions.

28. Yanaros was never admitted *pro hac vice* into the related Broomfield Combined Courts criminal cases 18C103 or 20C32. Under C.R.C.P. 205.3(2)(a) (2023) she did not qualify as a Colorado attorney under *pro hac vice* exemptions.  Goode was ordered in open court by Magistrate Russell on July 17, 2018 (case 18C103) to retain licensed Colorado counsel. He did not. Yanaros knew or reasonably should have known she was committing the criminal act of the Unauthorized Proactive of Law in Colorado state courts since at least July 17, 2018.

29. The Practice of Law is defined as:

> (1) Protecting, defending, or enforcing the legal rights or duties of another person;
> (2) Representing another person before any tribunal or, on behalf of another person, drafting pleadings or other papers for any proceeding before any tribunal;
> (3) Counseling, advising, or assisting another person in connection with that person's legal rights or duties;
> (4) Exercising legal judgment in preparing legal documents for another person; and
> (5) Any other activity the Supreme Court determines to constitute the practice of law.

C.R.C.P. 232.2(b) (2023).

30. Yanaros and Lorie admitted to 465.2 hours of systematic practice of law in Colorado directed at this Colorado tribunal and Colorado residents (Goode and Montalbano). Yanaros claimed 462.2 hours and Lorie 3 hours. *See* Attorney Fees Requests, filed February 14, 2020, and February 25, 2020.

31.  "It is contempt of this [Colorado Supreme] Court to practice law in Colorado without first being admitted as a member of the bar of this Court. It is within our authority to promulgate rules governing the admission and regulation of lawyers, as well as prohibitions against the unauthorized practice of law." *Unauthorized Practice of Law Committee of Supreme Court of Colorado v. Grimes*, 654 P.2d 822, 823 (Colo. 1982). Yanaros and Lorie are in criminal contempt of the Colorado Supreme Court for over five years of their UPL in Colorado from June 2018 to present.

32. Under Florida Senate Bill 1776, Chapters 2004-287 passed on June 10, 2004, the UPL is a third degree felony offense. Florida attorney Lorie knew or reasonably should have known that practicing law in Colorado without a license would also be viewed as a criminal UPL offense. Lorie had a duty to not engage in the illegal conduct or ask for money via this court for committing a crime in Colorado.

33. Under Texas Penal Code 38.123 (2023), Unauthorized Practice of Law, the UPL is a criminal misdemeanor or third degree felony offence. Texas attorney Yanaros knew or reasonably should have known that practicing law in Colorado without a license would also be viewed as a criminal UPL offense. She had a duty to not engage in the illegal conduct or ask for money via this court for committing a crime in Colorado.

34. Yanaros removed case 18CV50 to Colorado Denver Federal Court on August 28, 2018. She requested attorney fees for the federal court removal-litigation. She remained unlicensed by the Colorado Supreme Court. The case was remanded. No federal laws were invoked. "A lawyer shall not ... practice law in this jurisdiction without a license to practice law issued by the Colorado Supreme Court  . . . . [but] may be prosecuted for the unauthorized practice of law." *Ziankovich v. Members of Colorado Supreme Court*, 2021 WL 4047000, (C.A.10 (Colo.) 2021) (suspending New York licensed attorney for 1 year and 1 day from the practice of law in Colorado [federal] courts, for being unlicensed by the Colorado Supreme Court).

35. Colorado resident Montalbano has been a victim of Yanaros and Lorie's criminal UPL crimes in Colorado from June 2018 to present and has suffered damages.

### RELIEF REQUESTED

36. The Colorado Supreme Court provides courts with powers to punish for the UPL under C.R.C.P. 230(b) (2007). Courts may also impose fines or imprisonment under C.R.C.P. 238(c) (2007). Upon a finding of the UPL, the court may order the offending parties "[T]o refrain from the conduct in question, refund any fees collected, to make restitution and/or impose a fine that may range from $100 to $250 per incident; [and] such informal dispositions are to be encouraged." C.R.C.P. 232.5(d)(3) (2007). Upon a finding of the UPL, Montalbano prays for the following relief:

37. **Injunctive Relief**

   a. Declare the attorney fee contract void for being illegal.
   b. Vacate the August 5, 2020 entered judgment for being illegal.
   c. Order Yanaros, Lorie, Goode, AJR, [and future parties] to desist debt collection acts.

    d. Disbar Yanaros, or in the alternative;

    e. Permanently prohibit Yanaros from practicing law in Colorado.

    f. Suspend Yanaros from the practice of law for 1 year and 1 day in all jurisdictions.

    g. Suspend Yanaros and Lorie from practicing law in all jurisdictions until proof of successful completion of an ABA-accredited Legal Ethics course.

38. **Proposed Sanctions – Fines**

Establishing hourly fees is reserved for licensed attorneys (Colo. RPC 1.5). *Also see*, CBA, Formal Ethics Op. 143 (2022) (discussing foundations of a fee agreement). Montalbano proposes each of the attorneys be charged a fine equal to the amount they charge per hour. It is recommended that Yanaros be fined $116,600, the amount she claimed due for her UPL in Colorado; and that Lorie be fined $1,050, the amount she claimed due for her UPL in Colorado.

39. **Restitution**

    a. All costs and out-of-pocket expenses associated with this instant case; including (but not limited to) all filing fees, removal costs, mailing expenses, and related UPL state court litigation incurred expenses (Broomfield Combined Courts, attorney fees);

    b. Lost wages, lost business growth, and lost business investments;

    c. Future related expenses; and

    d. Interest on the above expenses.

Montalbano also seeks hourly restitution compensation. The UPL frauds prevented Montalbano from having a fair and equitable hearing, working a full-time job, finding a decent job, or investing time and money in her own art and book publishing business, to include preventing working on or timely releasing "Dreams the Missing Text Book 2" with Copyright Registration record PRE000011876 obtained June 2021 and originally planned release date of June 2023 **(Exhibit 3)**.

    e. For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junctions paralegal pay rate of $33.65 per hour[4] as Montalbano began studying to be a paralegal. *See* EXHIBIT ExParte State Assistance, May 18, 2023.

    f. For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour[5].

---

[4] Salary GJ Paralegal https://www.salary.com/research/salary/benchmark/paralegal-i-salary/grand-junction-co

[5] ZipRecruiter GJ average salary https://www.ziprecruiter.com/Salaries/Hourly-Salary-in-Grand-Junction,CO

## CLAIM 2 - FRAUD (Common Law)
### (Yanaros, Lorie, Goode, AJR ("defendants"))

40. Montalbano incorporates by reference paragraphs 1-35.

41. To prove fraud based on nondisclosure or concealment the following seven elements of liability must be shown:

> (1) The defendant concealed a fact they had a duty to disclose;
> (2) the fact was material;
> (3) The defendant concealed it with the intent of creating a false impression of the actual facts in the mind of the plaintiff;
> (4) The defendant concealed the fact with the intent that the plaintiff take a course of action they might not take if they knew the actual facts;
> (5) The plaintiff took action or decided not to act, relying on the assumption that the concealed/undisclosed fact did not exist or was different from what it actually was;
> (6) The plaintiff's reliance was justified; and
> (7) This reliance caused damages to the plaintiff.

> Colorado Model Jury Instructions, CJI-Civ. 19:2.

42. The Unauthorized Practice of Law issue meets all the required fraud elements.

43. Yanaros, Lorie, Goode, and AJR, concealed the fact that Texas attorney Yanaros and Florida attorney Lorie were not licensed to practice law in the state of Colorado. The defendants had a duty to disclose this fact and they did not.

> a. Yanaros and Lorie had a duty to disclose this fact to this tribunal under ABA r. 3.3 mirrored in Colo. RPC 3.3 (Candor towards the tribunal) and they did not.

> b. Yanaros and Lorie had a duty to disclose this fact to Montalbano under ABA r. 4.1 mirrored in Colo. RPC 4.1 (Truthfulness in statements to others) and ABA r. 7.1 mirrored in Colo. RPC 7.1 (Communications concerning a lawyer's services) and they did not.

> c. Goode had a duty to make only truthful statements to the Court under penalty of perjury in his affidavit for attorney fees. He concealed that Yanaros and Lorie were unlicensed attorneys in Colorado and that pro se litigants cannot collect attorney fees under C.R.S. § 13-17-102(6) (2023).

    d.   AJR concealed from this Court, the Judicial Officers, and Montalbano that Yanaros and Lorie were not licensed Colorado attorneys.  AJR had a duty to not make false representations that an individual is an attorney (Yanaros and Lorie) or that communications are from an attorney (Yanaros) when they are not. AJR violated Colorado Fair Debt Collection Practices Act, C.R.S. § 5-16-107(1)(c) (2023).

44. The fact that Yanaros and Lorie were never licensed by the Colorado Supreme Court to practice law in Colorado was material.

45. The defendants concealed the fact that Yanaros and Lorie were unlicensed Colorado attorneys with the intent of creating a false impression that their attorney fees and services in Colorado were lawful and that plaintiff Montalbano had to pay them.

46. The defendants concealed that Yanaros and Lorie were unlicensed attorneys from this Court, the Judicial Officers, and Montalbano with the intent that Montalbano would be coerced via court orders to pay their criminal UPL fees. They knew that Montalbano would not pay their fees if they told Montalbano they were for committing the crime of UPL in Colorado. The defendants knew the Court and its Judicial Officers would not award their attorney fees if they told the tribunal that the fees were earned for committing the crime of UPL in Colorado.

47. Montalbano took actions in accordance with court orders obtained by the defendants from their deceptions (frauds) and relied on the assumption the court orders and contracted fees and services were legal, when they were not.

48. Montalbano's coerced reliance was justified as the Judges (Chief Judge Flynn and Judge Chaffin) were ordering Montalbano to pay the illegal attorney fee contracts or face contempt of the court (fines or jailing).

49. This reliance caused severe damage to Montalbano. She delivered privileged personal and business financial records to the defendants on June 12, 2023. Montalbano was under the false belief she had to pay the court ordered attorney fees and provide her privileged records to the defendants to prove she was too poor to pay the fees. Montalbano's privacy rights were violated.

**Illegal Contracts Cannot be Enforced by Courts**

50. The attorney fee agreements between Yanaros, Lorie, Goode and AJR are for the performance of an illegal act (UPL) in Colorado and cannot be enforced in court.

51. The basic elements of a contract are: Offer, Acceptance, Consideration, **Legality of Subject Matter**, **Ability of the Parties to Enter the Agreement**, and Intent.

52. Binding case precedent *Harding v. Heritage Health Prods. Co.*, 98 P.3d 945 (Colo. App. 2004), held that "[E]quitable doctrines may not be used to enforce an illegal or void agreement." "A contract which is contrary to public policy is void because it is contrary to public policy . . . ." *Harding* citing *Menzel v. Niles Co.,* 86 Colo. 320, 324, 281 P. 364, 365 (1929). AJR, Goode, Yanaros and Lorie have a void fee contract. It is contrary to the Colorado Supreme Court's public attorney admission policies and they cannot use this Colorado tribunal to enforce their illegal UPL fee agreements. "[When a contract] provision is void . . . [parties are] precluded from a remedy under equitable principles." *Harding* at 949.

53. The attorney fee contracts are *Malum Prohibitum.* A crime prohibited by statue in Colorado, Texas, and Florida, *supra* ¶¶31-33. The criminal UPL contracts and fees are void and unenforceable.

54. In binding case precedent *Shotkoski v. Denver Inv. Grp., Inc.*, 134 P.3d 513 (Colo. App. 2006), an agreement to compensate an unlicensed real estate broker was deemed illegal and unenforceable by the Colorado Appellate court.  Unlicensed attorneys Yanaros and Lorie cannot be compensated for their unlicensed practice of law in Colorado. "A court will not enforce a contract that violates public policy even if the failure to do so is "unfair" to one of the parties . . . ." *Equitex, Inc. v. Ungar*, 60 P.3d 746, 750 (Colo App. 2002).

55. The American Bar Association's (ABA) Discipline Rules apply to all attorneys in every state. DR 2-106(A) reads "A lawyer shall not enter into an agreement for, charge or collect an illegal or clearly excessive fee." *In re Conduct of Morin,* 878 P.2d 393, 399 Or. 547, (Or. 1994). *Morin* held attorneys charging fees for illegal services are excessive and cannot be collected. Yanaros and Lorie's UPL services are illegal. The fees are excessive and uncollectable under ABA DR 2-106(A).

56. AJR and Goode are jointly liable for Yanaros and Lorie's negligence because they contracted with the attorneys and sought to acquire money from their criminal UPL ventures in Colorado. *See* Motion to Transfer Interest and Amend Judgment, filed July 8, 2022. "[A] joint venturer is liable for the negligence of other joint venturers." *Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 998 P.2d 475, 477 (Colo. App. 2000) (citations omitted) (holding joint ventures liable for their agreement with a law firm).

57. "[A] party to an illegal contract cannot rely on the illegality of a contract to defeat a claim by a nonparty to the contract" (Colo. Pattern Jury Instr. Civ. 30:17, p. 33). "As

discussed, a contract to indemnify a party for intentional wrongdoing is against public policy, and the court will leave the parties as it finds them, even if one party has detrimentally relied upon the contract. See also Restatement (Second) of Contracts § 198 (1981)" *Equitex, Inc. v. Ungar*, 60 P.3d 746, 753 (Colo. App. 2002). Yanaros, Lorie, Goode and AJR are equally liable to Montalbano for the damages their UPL agreements caused Montalbano.

58. Under ABA r. 1.18 mirrored in Colo. RPC 1.18, Duties to Prospective Client, and ABA r. 1.6 mirrored in Colo. RPC 1.6, Client-lawyer Relationship, an attorney and a client may form a relationship by mutual intent and under such a relationship there is a duty of confidentiality between the lawyer and client.

59. AJR repeatedly stated their intent to have a client-lawyer relationship with Texas attorney Yanaros. *See* "JUDGMENT CREDITOR'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER", filed January 20, 2023. However, AJR could not form a client-lawyer relationship with Texas attorney Yanaros because she lacked capacity to contract as an attorney in Colorado for failure to be licensed by the Colorado Supreme Court to practice law in Colorado. All of AJR's communications with Yanaros regarding Montalbano and this tribunal violated the Colorado FDCPA and Montalbano's privacy rights.

60. All of debt collector AJR's communications with Yanaros regarding Montalbano and this tribunal are also in contempt of Judge Chaffin's May 19, 2023 orders. Yanaros is not a licensed Colorado attorney. She lacked capacity to contract as legal representation for AJR and is legally a third-party.

> [AJR is] not precluded [] from sharing information with an attorney representing or providing services for it. The only restriction is that AJR may not share the protective information with third-parties except as is necessary for the purpose of collecting the judgement in this matter.

61. Defendant Goode could not form a client-lawyer relationship with Yanaros or Lorie. Both out-of-state attorneys lacked capacity to contract as attorneys in Colorado for failure to be licensed by the Colorado Supreme Court. The attorneys' fees and contracts with Colorado resident Goode are invalid.

62. *"Although the statute does not declare the contract void, the Court declared it void"* *Bank of U.S. v. Owens*, 27 U.S. 527, 539–40, 1829 WL 3157, at *10 (U.S 1829) (declaring a contract void for being against public law and refusing to give assistance to a plaintiff bringing an illegal contract case before the court). This court must declare the attorney fee contracts between Yanaros, Lorie, Goode and AJR void for being illegal.

**RELIEF REQUESTED**

63. **Injunctive Relief**

   a. Declare the attorney fee contracts between Yanaros, Lorie, Goode and AJR void for being illegal.
   b. Vacate the judgment attorney fees for being illegal.

64. **Actual Damages**
   a. All costs and out-of-pocket expenses associated with this instant case; including (but not limited to) all filing fees, removal costs, mailing expenses, and related UPL state court litigation incurred expenses (Broomfield Combined Courts, attorney fees);
   b. Lost wages, lost business growth, and lost business investments;
   c. Future related expenses; and
   d. Interest on the above expenses.

Montalbano also seeks hourly restitution compensation. The UPL frauds prevented Montalbano from having a fair and equitable hearing, working a full-time job, finding a decent job, or investing time and money in her own art and book publishing business.

   e. For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junctions paralegal pay rate of $33.65 per hour as Montalbano began studying to be a paralegal. *See* EXHIBIT ExParte State Assistance, May 18, 2023.
   f. For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour.

**CLAIM 3 – ABUSE OF PROCESS (Common Law)**
**(Yanaros and Lorie ("Attorneys"))**

65. Montalbano incorporates by reference paragraphs 1-35 and 40-62.

66. For a plaintiff to recover for an abuse of process claim the following four elements must be shown:
   a. The defendant was involved in a legal proceeding
   b. The defendant had an ulterior purpose for the legal proceeding
   c. The defendant willfully used the legal proceeding in an improper manner
   d. The defendants actions were the cause of the plaintiff's injuries.

Colorado Model Jury Instructions, CJI-Civ. 17:10.

67. Yanaros and Lorie's UPL in Colorado was an abuse of process.

68. The Attorneys (primarily Yanaros), were involved in providing five year of unlicensed Colorado legal counsel to Colorado residents Goode and AJR for this Colorado tribunal (18CV50), Broomfield Combined Courts tribunals (18C103 and 20C32), Colorado Appellate Court tribunal, and Colorado Denver Federal Court tribunals, against Colorado resident Montalbano. *See* Notice of Related Cases, filed July 20, 2020; and Notices of Removals filed August 28, 2018, September 2, 2022, and January 17, 2023; and Notice of Appeal, filed October 13, 2020. Texas state laws and Florida state laws were never relevant to any of the Colorado proceedings.

69. The Attorneys had ulterior purposes:

    a. In Mesa District Civil Court case 18CV50 the Attorneys were not licensed to practice law in Colorado. Yanaros and Lorie provided unlicensed legal counsel to Colorado residents Goode or AJR regarding Colorado laws and the tribunal.

    b. In Broomfield Combined Courts criminal stalking cases 18C103 and 20C32, Yanaros was not licensed to practice law in Colorado. Yanaros provided unlicensed legal counsel to Goode regarding Colorado stalking laws and the tribunals. Both frivolous stalking cases were dismissed in Montalbano's favor.

70. The defendants' intentions were to illegally use the Colorado courts to destroy Montalbano's competing Colorado business and clean reputation. Yanaros and Lorie had no lawful reasons to engage in Colorado lawsuits, evidenced by them being unlicensed. Goode and Montalbano have competing businesses based on dream research and sell to the same consumers. Texas attorney Valerie Yanaros' sister (Teresa Yanaros) was formerly employed by defendant Goode in his public business for marketing and promotion purposes. Florida attorney Elizabeth Lorie was prior employed by Goode and she developed courses they sold together and grossed over $700,000 in sales. Lorie later sued Goode in Boulder Court to collect **(Exhibit 4)**.

71. The Attorneys' unlicensed legal actions in or systematically directed at Colorado tribunals involving Colorado resident Montalbano caused over five (5) years of personal and professional damages to Montalbano.

**RELIEF REQUESTED**

72. Montalbano seeks relief for economic and noneconomic damages as provided for in Colorado Model Jury Instructions, CJI-Civ. 17:11.

73. **Economic Damages for:**

   a. All costs and out-of-pocket expenses associated with this instant case; including (but not limited to) all filing fees, removal costs, mailing expenses, and related UPL Colorado court litigation incurred expenses (Broomfield Combined Courts, attorney fees; Colorado Appellate Court, and Denver Federal Court);
   b. Lost wages, lost business growth, and lost business investments;
   c. Future related expenses; and
   d. Interest on the above expenses.

Montalbano also seeks hourly restitution compensation. The UPL Abuse of Process prevented Montalbano from having a fair and equitable hearing, working a full-time job, finding a decent job, or investing time and money in her own art and book publishing business.

   e. For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junctions paralegal pay rate of $33.65 per hour as Montalbano began studying to be a paralegal. *See* EXHIBIT ExParte State Assistance, May 18, 2023.
   f. For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour.

74. **Noneconomic Damages for:**
   Pain and suffering, mental anguish, fear, anxiety, humiliation, embarrassment, indignity, and public disgrace, and loss to Montalbano's clean reputation which were caused by the Attorneys' abuse of process for over five years.

### CLAIM 4 – MALICIOUS PROSECUTIONS
### (Yanaros)

75. Montalbano incorporates by reference paragraphs 1-35, 40-62, and 65-71.

76. For a plaintiff to recover for malicious prosecution the following six elements must be shown:
   a. A criminal case was brought against the plaintiff;
   b. The criminal case was brought as a result of an oral or written statement(s) made by the defendant;
   c. The criminal case ended in favor of the plaintiff;
   d. The defendant's statement(s) against the plaintiff were made without probable cause;

e. The defendant's statement(s) against the plaintiff were motivated by malice towards the plaintiff; and

f. As a result of the criminal case, the plaintiff had damages.

77. Defendant Yanaros' Unauthorized Practice of Law in two Colorado Broomfield Combined Court criminal cases meets the six elements of a Malicious Prosecution.

78. Texas attorney Yanaros participated with Colorado resident Goode in bringing two criminal stalking cases (18C103 and 20C32) against Colorado resident Montalbano in the Colorado Broomfield Combined Courts. Yanaros was unlicensed in Colorado.

79. The criminal cases were brought as a result of written and oral statements by Goode directly under Yanaros' unlicensed counsel. *Refer* **Exhibit 2**, emails.

80. Both criminal stalking cases, 18C103 and 20C32, were dismissed in Defendant Montalbano's favor (plaintiff in case 18CV50). *Refer* **Exhibit 1** Registers of Actions.

81. Goode and Yanaros' written and oral complaint statements were made without probable cause. Yanaros was not licensed to advise Goode on Colorado stalking laws. They alleged Montalbano seeking legal remedy and relief against Goode was stalking. **(Exhibit 5 Stalking Complaints)** No reasonable attorney would consider pre-litigation efforts to resolve a legal dispute outside of court as stalking. No reasonable Colorado attorney would consider a pro se litigant mailing copies of court filed documents and seeking conferrals for motions as stalking. Goode and Yanaros also lied in both complaints about many material facts[6] and concealed Goode's lifelong stalking protection order from the tribunals. *See* Exhibits DP, DQ filed Mar. 27, 2023.

82. During both criminal stalking cases, Yanaros held herself out to Montalbano and the Colorado tribunals as legal counsel for Goode when she was unlicensed. *Refer* **Exhibit 5.** Yanaros never applied for or was admitted *pro hac vice* in either case. She violated Colo. RCP 3.3, 5.5, and 7.1.

83. Yanaros and Goode's statement were motivated by malice. Yanaros repeatedly threatened Montalbano with criminal charges unless Montalbano dropped the civil claims against Goode in Mesa District Civil Court, case 18CV50 Yanaros also threatened Montalbano with police and administrative action **(Exhibit 2, p. 1)**. Yanaros was not licensed to practice law in Colorado. Her engagement in Colorado

---

[6] Those issues are not being re-addressed here. They are pending reconsideration in related federal case 00742. *See* Exhibit DM at pp. 83-96, filed March 27, 2023.

lawsuits was criminal conduct under the Colorado Supreme Court's Unauthorized Practice of Law rules and thereby knowingly malicious.

84. As a result of the criminal cases and malicious harassment by Yanaros, Montalbano suffered damages and her clean record and reputation were ruined.

### RELIEF REQUESTED

85. Montalbano seeks relief for economic and noneconomic damages as provided for in Colorado Model Jury Instructions, CJI-Civ. 17:9.

86. **Economic Damages for:**

    a. All costs and out-of-pocket expenses associated with the malicious cases; including (but not limited to) attorney fees, travel expenses, and mailing costs;
    b. Lost wages, lost business growth, and lost business investments;
    c. Future related expenses; and
    d. Interest on the above expenses.

Montalbano also seeks hourly restitution compensation. The UPL Malicious Prosecution cases prevented Montalbano from working a full-time job, finding a decent job, or investing time and money in her own art and book publishing business.

    e. For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junctions paralegal pay rate of  $33.65 per hour as Montalbano began studying to be a paralegal. *See* EXHIBIT ExParte State Assistance, May 18, 2023.

    f. For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour.

87. **Noneconomic Damages for:**

    a. Pain and suffering, mental anguish, fear, anxiety, humiliation, embarrassment, indignity, and public disgrace, and loss of Montalbano's clean reputation which were caused by Yanaros and Goode's malicious prosecutions.

**CLAIM 5 – VIOLATION COLORADO FAIR DEBT COLLECTION PRACTICES ACT**
**(Thomas D. Seaman dba ALPINE JUDGMENT RECOVERY ("AJR"))**

88. Montalbano incorporates by reference paragraphs 1-35 and 40-62.

89. Colorado Revised Statutes Title 5 – Consumer Credit Code Article 16, Colorado Fair Debt Collection Practices Act Section (CFDCPA), C.R.S. 5-16-101 *et seq.*, addresses debt collection practices permitted and prohibited in the State of Colorado.

90. "It is unlawful and a violation of this article 16 for any . . . debt collector . . . to: (a) Refuse or fail to comply with a rule adopted pursuant to this article 16 or any lawful order of the administrator; or (b) Aid or abet any person in such refusal or failure." C.R.S. § 5-16-125(4)(a)-(b) (2023).

91. C.R.S. § 5-16-107(1)(c) (2023) makes is illegal for a debt collector to make "The false representation or implication that any individual is an attorney or that any communication is from an attorney." AJR violated this section when he made the false representation to Judge Flynn, Judge Chaffin, this Court, and Montalbano, that Texas attorney Yanaros was lawful Colorado counsel when she was not.

92. C.R.S. § 5-16-107(1)(d), makes it illegal for a debt collector to represent or imply that any nonpayment of a debt will result in arrest or imprisonment. AJR threatened Montalbano with contempt [arrest or imprisonment] six times. AJR could not threaten imprisonment against Montalbano for 'not paying the fees' because the attorney fee contracts are illegal. Debtor imprisonment is also prohibited by Colorado House Bill 1061 (2014). AJR had zero legal rights to threaten Montalbano with imprisonment.

93. Debt Collectors are prohibited from "[threatening] to take any action that cannot legally be taken or that is not intended to betaken." C.R.S. § 5-16-107(1)(e) (2023). AJR threatened Montalbano with contempt six times. AJR could not legally pursue contempt at any time because Colorado courts cannot be used to enforce illegal attorney fee contracts or place a debtor in prison for being too poor to pay.

94. Debt Collectors may not falsely represent or imply that the consumer committed a crime under C.R.S. § 5-16-107(1)(g) (2020) and they may not imply "[T]hat the consumer has engaged in any disgraceful conduct . . ." C.R.S. § 5-16-107(1)(h) (2022).  AJR's six contempt threats falsely implied Montalbano was in criminal contempt of the court, when it was AJR in criminal contempt of the Colorado Supreme Court and Judge Chaffin's orders (*supra*, ¶60) with Yanaros, Lorie, and Goode. AJR unlawfully used this court to coerce payments from Montalbano for Yanaros and Lorie's criminal UPL acts committed in Colorado.

95. Under C.R.S. § 5-16-107(1)(k) (2023), debt collectors are prohibited from "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." AJR made the false representation that Yanaros was lawful Colorado counsel, when she was not. AJR falsely represented Yanaros and Lorie's attorney fees were legal when they were not. These false representations were made to Chief Judge Flynn, Judge Chaffin, Montalbano, and this Court. From these deceptions, AJR and third-party Yanaros illegally obtained Montalbano's privileged financial records via this court on June 12, 2023 and violated Montalbano's privacy rights. *Refer* Montalbano's Interrogatory Responses and POS upon AJR (delivered  May 31, 2023 and received June 12, 2023), filed June 14, 2023.

96. AJR's violations of the Colorado FDCPA were harassment of Montalbano and her family and caused over a year of personal and professional damages.

## RELIEF REQUESTED

97. The court determines award amounts under C.R.S. § 15-16-113(3)-(11) (2023). Debt Collectors who violate any of the Colorado FDCPA are liable for:

> (a) Any actual damages sustained by the consumer as a result of the failure;
>
> (b) (I) In the case of any action by an individual, additional damages as the court may allow, but not to exceed one thousand dollars . . . .
> . . .
> (c) In the case of any successful action to enforce such liability, the cost of the action, together with reasonable attorney fees as may be determined by the court.

C.R.S. 5-16-113(1)(a), (b)(I), (c) (2023).  Montalbano seeks the following damages:

98. **Actual Damages**

> a.  All costs and out-of-pocket expenses associated with this instant case since AJR entered on July 8, 2022, including (but not limited to) all filing fees, removal costs, and mailing expenses.
> b.  Lost wages, lost business growth, and lost business investments;
> c.  Future related expenses; and
> d.  Interest on the above expenses.

99. **Additional Damages**

> a.  Montalbano requests $1,000 in additional damages against AJR for them violating C.R.S. § 5-16-107(1)(c), (1)(d)-(e), (1)(g)-(h), and (1)(k) (2023).

100.  **Compensatory Damages**

Montalbano also seeks hourly restitution compensation. AJR's deceptions caused Montalbano severe distress until she finally had to quit her job due to safety concerns of AJR and Yanaros (and likely Goode) having [illegal] access to Montalbano's privileged financial records.

   a.  For hours spent from January 1, 2023, to current, Montalbano requests the average Grand Junction paralegal pay rate of $33.65 per hour as Montalbano began studying to be a paralegal. *See* EXHIBIT ExParte State Assistance, May 18, 2023.
   b.  For time spent before January 1, 2023, Montalbano requests the average Grand Junction salary rate of $24 per hour.

### VIII.   CONCLUSION

101.  **Wherefore,** Montalbano respectfully requests this Court grant the requested relief herein, together with any other relief deemed just.

Dated this 4th Day of January 2024.

Respectfully Submitted and All Rights Reserved,

*Alyssa Chrystie / Montalbano*

Alyssa Chrystie Montalbano
Pro Se litigant, Paralegal Student

20



# Exhibit 1
**Equitable Action Complaint**

ORIGINAL FILED IN
JAN 04 2024
COMBINED COURT
BY LITIGANT

Case 1:20-cv-00742-RBJ   Document 26-2   Filed 06/24/20   USDC Colorado   Page 1 of 7

**EXHIBIT A**
Broomfield Court Register of
Actions and Dismissal Order



EXHIBIT M

*Register of Actions*
*Broomfield 180103*

Back to Search   1 Matches   Current page 1 of 1   ⟨⟨ ⟨   Goto Page 1   ∨   Go   ⟩ ⟩⟩   Results per Page 25   ∨   Go

| Case Number | Name | Date of Birth | Party | Date Filed | Status | Description | Location | Source |
|---|---|---|---|---|---|---|---|---|
| 2018CV100/Crump| | Montalbano, Alyssa Chrystie | 01/03/1980 | Defendant | 07/17/2018 | Closed | Protection Order | Broomfield | State |

1 Matches   Current page 1 of 1   ⟨⟨ ⟨   Goto Page 1   ∨   Go   ⟩ ⟩⟩   Results per Page 25   ∨   Go

Copyright © 2018 LexisNexis Risk Solutions. All rights reserved.   Terms & Conditions   Privacy Policy   Site Map   (15-0.39)

EXHIBIT A
Broomfield Court Register of
Actions and Dismissal Order

# Goode, James Corey Vs. Montalbano, Alyssa Chrystie

Case Number: 2018C103(County)          Date Filed: 2018-07-17

| Summary | | |
|---|---|---|
| | Judge | Jacque Lyn Russell |
| | Court | Broomfield County |
| | Division | C |
| | EFiled | Y |
| | Appealed | |
| | Case Closed Date | 08/06/2018 |

| Case Status | Closed | |
|---|---|---|

| Judge or Magistrate | Name | BAR Number |
|---|---|---|
| | Jacque Lyn Russell | 22046 |

| Agency | Agency | Agency Case | Tkt/Summons Nbr | Arrest Nbr |
|---|---|---|---|---|

| Related Cases | Location | Case Number | Related Reason | Name |
|---|---|---|---|---|

| Participants | Litigant | Attorney |
|---|---|---|
| | Montalbano, Alyssa Chrystie | Wilson, Kelly R |
| | Defendant 1 | Role Private Attorney |
| | DOB 01/01/1980 | BAR 45856 |
| | Gender Female | Primary Attorney Y |
| | Race Other | |
| | Toney, Kelly B | |
| | Role Private Attorney | |
| | BAR 45856 | |
| | Primary Attorney Y | |
| | Goode, James Corey | |
| | Plaintiff 1 | |
| | DOB 02/22/1970 | |
| | Gender Male | |
| | Race Caucasian | |

| Charges | Count | Date | Details |
|---|---|---|---|

| Scheduled Events | Date | Time | Details |
|---|---|---|---|
| | 07/17/2018 | 130 PM | Details Status Hearing Held Judge Jacque Lyn Russell Room C Temporary Restraining Ord Hrg Status Held and Continued Judge Jacque Lyn Russell |

EXHIBIT A
Broomfield Court Register of
Actions and Dismissal Order

| | | |
|---|---|---|
| 07/24/2018 | 330 PM | Room C<br>Permanent Restraining<br>Ord Hrg<br>Status Hearing Held<br>Judge Jacque Lyn Russell<br>Room C |
| 08/06/2018 | 10:00 AM | Permanent Restraining<br>Ord Hrg |

| Proceedings | Date | Code | Description |
|---|---|---|---|
| | 07/17/2018 | TROG | Temp Protection Order-granted |
| | 07/17/2018 | ORDR | Order |
| | 07/17/2018 | FOTH | Filing Other |
| | 07/17/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/17/2018 | CTRO | Complaint-tro |
| | 07/17/2018 | AFFI | Affidavit |
| | 07/24/2018 | TROV | Temp Protection Order-vacated |
| | 07/24/2018 | TROG | Temp Protection Order-granted |
| | 07/24/2018 | PORD | Proposed Order |
| | 07/24/2018 | ORDR | Order |
| | 07/24/2018 | ORDR | Order |
| | 07/24/2018 | ORDR | Order |
| | 07/24/2018 | ORDR | Order |
| | 07/24/2018 | ORDR | Order |
| | 07/24/2018 | MOTN | Motion |
| | 07/24/2018 | MOTN | Motion |
| | 07/24/2018 | MOTN | Motion |
| | 07/24/2018 | MINC | Minute Order (print) |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/24/2018 | EXHB | Exhibit-attach To Pleading/doc |
| | 07/25/2018 | ORDR | Order |
| | 08/03/2018 | PORD | Proposed Order |
| | 08/03/2018 | MOTN | Motion |
| | 08/03/2018 | ENTR | Entry Of Appearance |
| | 08/06/2018 | TROV | Temp Protection Order-vacated |

Case No. 1:20-cv-00742-DDD-KAS   Document 383-2   filed 01/09/24   USDC Colorado   pg 28 of 52

Case 1:20-cv-00742-RBJ   Document 26-4   Filed 06/24/20   USDC Colorado   Page 1 of 50
CoCourts : Goode, James Corey Vs. Montalbano, Alyssa Chrystie
Page 1 of 2

EXHIBIT O

## Goode, James Corey Vs. Montalbano, Alyssa Chrystie

Case Number: 2020C32(County)          Date Filed: 2020-03-11

| Summary | | |
|---|---|---|
| | Judge | Jacque Lyn Russell |
| | Court | Broomfield County |
| | Division | C |
| | EFiled | Y |
| | Appealed | |
| | Case Closed Date | 06/22/2020 |

| Case Status | |
|---|---|
| | Closed |

| Judge or Magistrate | Name | BAR Number |
|---|---|---|
| | Jacque Lyn Russell | 22046 |

| Agency | Agency | Agency Case | Tkt/Summons Nbr | Arrest Nbr |
|---|---|---|---|---|

| Related Cases | Location | Case Number | Related Reason | Name |
|---|---|---|---|---|

| Participants | Litigant | Attorney |
|---|---|---|
| | Montalbano, Alyssa Chrystie Defendant 1 DOB 01/01/1980 Gender Female Race Caucasian Alias Montalbano, Alyssa-chrystie Alias Stone, Ari Goode, James Corey Plaintiff 1 DOB 02/22/1970 Gender Male Race Caucasian | |

| Charges | Count | Date | Details |
|---|---|---|---|

| Scheduled Events | Date | Time | Details |
|---|---|---|---|

| Proceedings | Date | Code | Description |
|---|---|---|---|
| | 03/11/2020 | LETR | Letter |
| | 03/11/2020 | LETR | Letter |
| | 03/11/2020 | FOTH | Filing Other |
| | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
| | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
| | 03/11/2020 | EXHB | |

|  |  |  |  |
|---|---|---|---|
|  | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
|  | 03/11/2020 | EXHB | Exhibit-attach To Pleading/doc |
|  | 03/11/2020 | CTRO | Exhibit-attach To Pleading/doc |
|  | 03/11/2020 | BREF | Complaint-tro |
|  | 03/11/2020 | AFFI | Brief Filed |
|  | 06/22/2020 | CLAD | Affidavit |
|  |  |  | Case Closed |

| Judgments | # | Date | Details |
|---|---|---|---|

| Bond Information | ID | Details |  |
|---|---|---|---|

| Financial Summary | Un-Assigned Rcp's | Received |
|---|---|---|
|  | ----------------- | ------- |
|  | Civil Action Tax | $1.00 |
|  | Court Security Cash Fund | $5.00 |
|  | Justice Center Cash Fund | $38.00 |
|  | Stabilization Fund - USER Fee | $41.00 |
|  | Total Un-Assigned | $85.00 |

EXHIBIT H

Exhibit 2
Equitable Action Complaint

ORIGINAL FILED IN
JAN 04 2024
COMBINED COURT
BY LITIGANT

 Gmail

Alyssa Montalbano <purplemagus374@gmail.com>

## Re: VIOLATION OF PROTECTIVE ORDER: JAMES COREY GOODE AGAINST ALYSSA MONTALBANO ENTERED 7/17/18

1 message

**yanaroslaw** <valerie@yanaroslaw.com>                                  Sat, Jul 28, 2018 at 9:58 AM
To: purplemagus374 <purplemagus374@gmail.com>
Cc: Corey Goode <goodetech@yahoo.com>, Roger Richards <sba.producer@gmail.com>

As usual, that doesn't make any sense. We will take it up with the judge, and the police will also be made aware of your threat to violate further the protective order.

Sent from Zoho Mail on iPhone

---- On Fri, 27 Jul 2018 17:07:06 -0500 purplemagus374<purplemagus374@gmail.com> wrote ----

Ms. Yanaros Wilde,

Please see I phoned the Broomfield courts again, since you are not an attorney on the case you are to stop and desist with all contact with me.

Thank You, Alyssa

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: yanaroslaw <valerie@yanaroslaw.com>
Date: 7/27/18 11:41 AM (GMT-07:00)
To: purplemagus374 <purplemagus374@gmail.com>, aristoneart <aristoneart@ymail.com>
Cc: Corey Goode <goodetech@yahoo.com>, Roger Richards <sba.producer@gmail.com>
Subject: VIOLATION OF PROTECTIVE ORDER: JAMES COREY GOODE AGAINST ALYSSA MONTALBANO ENTERED 7/17/18

Duplicate

Ms. Montalbano:

You are in **direct violatio**                               on July 17 and
continued by Broomfield (

The pertinent part provide

**The Court Orders that y**                                ass, stalk, injure,
intimidate, threaten, touch                               Persons named in this
action, or harm, take, tran                                nimal owned,
possessed, leased, kept o                                 any other party, or
otherwise violate this Orde                               o use physical force
against the Protected Pers                                bodily injury. You shall
not engage in any conduct                                 able fear of bodily
injury

Exhibits H
Emails

 Gmail

Alyssa Montalbano <purplemagus374@gmail.com>

---

## Re: VIOLATION OF PROTECTIVE ORDER: JAMES COREY GOODE AGAINST ALYSSA MONTALBANO ENTERED 7/17/18

1 message

---

**Alyssa Montalbano** <purplemagus374@gmail.com>
To: yanaroslaw <valerie@yanaroslaw.com>

Fri, Jul 27, 2018 at 2:22 PM

Ms. Yanaros Wilde,

During the court hearing, the honorable Magistrate Russell, stated there was no attorney of record on Mr. Goode's papers nor on record filed in the system. Lawfully, the opposing party is to receive copies of everything filed.

Please see that you stop threatening me and attempting to coerce me with color of law. This is a legal situation and your current conduct continues to be unethical and I do not appreciate it. Please stop.

As an attorney, you are expected to behave toward me with proper conduct and behaviors... civil. You are not to repeatedly threaten me with color of law. You are also expected to be reasonable, behave yourself, and negotiate with me as if I am an attorney. If you cannot behave yourself towards me and can only speak in threats to me, then at the very least please see that you serve me with all the documents actually filed at the courts, so I may respond to whatever actually is filed appropriately.

I phoned the Broomfield courts and it seems again you have violated due process of law, that would make this the 5th time. I also ask that you stop this unethical behavior as well. Please ensure, at the very least, I get the same records you file with the courts and that you send me paper copies. You've been noticed of this before. I should not be seeing for the first time what you filed with the courts because the courts eserve it to me with their review and stamps. During my phone call with the clerk at the Broomfield courts it does not sound like you filed (approximately 121 pages in pdf file you sent me) the same things with the courts on July 17, 2018, that you PDF file emailed to me last minute on July 23, 2018. Please see that you perform honorably from this point forward. Do you think you can handle that?

*[handwritten: possibly ok. Phoned court again.]*

Please provide me with a phone number to the process server, if you are even telling me the truth about that (?), so I may arrange to meet with him or her today to receive the papers you should have arranged to have served to me when you opened the case on July 17, 2018 and should have requested service arrangements of me during our emails from July 13 to the 20, when we spoke of serving Corey for the 18CV50 case against him in Mesa County for fraud and theft.

I have made no violations against Mr Goode, even though you both seem to want me to be a Corey stalker really bad, that simply isn't the case.

Thank You, Alyssa

On Fri, Jul 27, 2018, 11:42 AM yanaroslaw <valerie@yanaroslaw.com> wrote:

Ms. Montalbano:

You are in **direct violation of the protective order** granted to Mr. Goode on July 17 and continued by Broomfield County Court on July 24.

The pertinent part provides:

**The Court Orders that you, the Restrained Person** shall not contact, harass, stalk, injure, intimidate, threaten, touch, sexually assault, abuse, or molest the Protected Persons named in this action, or harm, take, transfer, conceal, dispose of or threaten harm to an animal owned, possessed, leased, kept or held by any protected party, or a minor child of any other party, or otherwise violate this Order. You shall not use, attempt to use, or threaten to use physical force against the Protected Persons that would reasonably be expected to cause bodily injury. You shall not engage in any conduct that would place the Protected Persons in reasonable fear of bodily injury

You mailed a package to Mr. Goode with three motions in **direct violation of the aforementioned protective order** (see attached scanned image of the package) on July 24. To head your questions off at the pass: NO, the attachment does not include any malware, "military hacking tactics" or whatever crazy executable—real or imagined—it is a pdf of the evidence of **your illegal and unlawful conduct**.

We **will** be notifying **the court and police** of your violation.

*color of law*

You are to address all correspondence to me and **me only**.

Any further contact will be met with any and all means necessary to enforce the order.

Confirm receipt of this email.

Cheers,

Valerie Yanaros Wilde, Esq.
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.



Alyssa Montalbano <purplemagus374@gmail.com>

## Re: Court Summons Service Location Requested

1 message

**yanaroslaw** <valerie@yanaroslaw.com>
To: purplemagus374 <purplemagus374@gmail.com>
Cc: goodetech@yahoo.com, Roger Richards <sba.producer@gmail.com>, aristoneart <aristoneart@ymail.com>

Sun, Jul 15, 2018 at 2:44 PM

Ms. Montalbano:

Apologies, motion attached.

Cheers,

Valerie Yanaros Wilde, Esq.
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---- On Sun, 15 Jul 2018 13:44:00 -0500 **yanaroslaw** <valerie@yanaroslaw.com> wrote ----

There is another option that we have chosen to use, which is that we file a responsive pleading with the court. Attached is a courtesy copy of that motion that will arrive for filing with Mesa County Court on Monday morning.

I was not referring to electronic *filing*, I was referring to electronic *service*. We will proceed with our plan as outlined (both mail service and e-service) and recoup the costs from you if and when the court grants our motion.

As of right now, Mr. Goode has filed the Motion to Dismiss pro se. If we must undertake motion practice beyond the Motion to Dismiss, the costs of entering my pro hac vice appearance as well as a removal to federal court will mount on the already building costs.

As shown in Mr. Goode's motion, your claims are completely baseless. No one has looked at your emails. You have been told this repeatedly by multiple parties. Even if anyone had, the alleged correlations or "synchronicities" you draw are so absolutely tangential (if related at *all*) in concept and time that no reasonable person could draw the conclusions you do.

If you truly--per your email to me from last night--are interested in settlement, then we are prepared to accept:

*Avoiding / devading* 

*still avoiding evading*

1. a full dismissal of the suit with prejudice,
2. the paying of all costs and fees incurred in dealing with your baseless claims,
3. a signed settlement wherein you agree to:
   1. completely stop all contact with Mr. Goode, any of his family, colleagues, or otherwise related entities,
   2. refrain from posting any content related to Mr. Goode, his family, colleagues or otherwise related entities
   3. agree to a complete release of claims against Mr. Goode related to the subject matter of the lawsuits
   4. a covenant not to sue related to the same
4. cooperate in order for the Protective Order to be effectuated as quickly as possible

Otherwise, we will wait to hear the court's ruling on Mr. Goode's motion.

Finally, whether the Rules permitted it or not--you are NOT to come anywhere physically close to my client.

Cheers,

**Valerie Yanaros Wilde, Esq.**
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

---- On Sat, 14 Jul 2018 10:40:57 -0500 **purplemagus374 <purplemagus374@gmail.com>** wrote ----

Duplicate

Ms. Yanaros Wilde,

As I understand it there are 3 viable options for service of Mr Goode from myself as a non-attorney pro se litigant:

1) Mr. Goode may option to waive service by filling the appropriate form with the courts.

2) Mr. Goode my agree to be process served by a civil officer from the Boulder Sheriffs department and I will arrange (mail the documents Monday) for agreed service next week and he may directly negotiate service time and location with the sheriffs department or even arrange to walk in and be served by the civil officer.

3) If you (Ms Yanaros Wilde) wish to be served on behalf of Mr. Goode, I will need proof of your identity and authority; as already stated, after such time I would mail the summons and filings to a sheriff in your area to serve the summons on you at your place of business.

 **Gmail**                    Alyssa Montalbano <purplemagus374@gmail.com>

## Re: Court Summons Service Location Requested   [TO Serve MR GOODE]
1 message

**purplemagus374** <purplemagus374@gmail.com>                    Sat, Jul 14, 2018 at 9:40 AM
To: yanaroslaw <valerie@yanaroslaw.com>, goodetech@yahoo.com

Ms. Yanaros Wilde,   *Further attempts at service, while Mr Goode & Ms Yanaros were planning to avoid/evade /8CVSO via stalking PO*

As I understand it there are 3 viable options for service of Mr Goode from myself as a non-attorney pro se litigant:

1) Mr. Goode may option to waive service by filling the appropriate form with the courts.

2) Mr. Goode my agree to be process served by a civil officer from the Boulder Sheriffs department and I will arrange (mail the documents Monday) for agreed service next week and he may directly negotiate service time and location with the sheriffs department or even arrange to walk in and be served by the civil officer.

3) If you (Ms Yanaros Wilde) wish to be served on behalf of Mr. Goode, I will need proof of your identity and authority; as already stated; after such time I would mail the summons and filings to a sheriff in your area to serve the summons on you at your place of business.

To my understand, I may not serve any of you the summons directly in order to meet the rules of civil procedure for proper service of summons, as I am a party of interest in this matter/plaintiff.

Please let me know how Mr. Goode would like to proceed?.

Sincerely, Alyssa Montalbano

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: yanaroslaw <valerie@yanaroslaw.com>
Date: 7/13/18 1:46 PM (GMT-07:00)
To: Alyssa Montalbano <purplemagus374@gmail.com>
Cc: Corey Goode <goodetech@yahoo.com>
Subject: Re: Court Summons Service Location Requested

*color of law threat*

Alyssa:

Please note that we will be pursuing attorney's fees incurred in dealing with your unfounded, baseless and vexatious action, and these fees are mounting with each time you insist on using certified mail.

You are under a duty to mitigate costs in litigation, and the Court will not look favorably on your refusal to accept electronic service after you yourself have requested it and after we have consented to it.

We will proceed to e-serve as well as serve via mail per your email below.

*stall tactic*

Cheers,

**Valerie Yanaros Wilde, Esq.**
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

--- On Fri, 13 Jul 2018 14:36:03 -0500 **Alyssa Montalbano <purplemagus374@gmail.com>** wrote ---

_NO Eservice_

Ms. Yanaros Wilde,

Please note, electronic service and filing is currently limited to attornies only.

I will be happy to "serve" a hard copy of the summons to you on behalf of Mr. Goode after you verify your identity to me with a certified copy of your oath of office along with a verified affidavidt by yourself attesting that it is you who took that oath of office, along with a verified statement by Mr. Goode that you have authority to speak on his behalf.

After providing me with verification of your identity and authority, I will be happy to further discuss service or otherwise with only you, until such time I have to view you as a third party.

Please ensure all legal and lawful response copies are sent to me via regular post mail to the address provided in the documents and in accordance with due process.

I do not consent to receive electronic filings, since I may not electronically respond in return.

_post mail only_

Thank You, Alyssa Montalbano

On Fri, Jul 13, 2018, 12:47 PM yanaroslaw <valerie@yanaroslaw.com> wrote:

_Evade & Avoidance Tactic_

Alyssa:

I am authorized to accept service on behalf of Mr. Goode. We will respond to your filing with our Motion to Dismiss today.

Because you stated in your email below that your message was "sent in accordance with C.R.C.P. Rules 4 and 5", I assume you are consenting to electronic service unless you state otherwise. We consent to electronic service as well, and so will serve all copies of any pleadings to the email address above "purplemagus374@gmail.com" as well as the copied email "aristoneart@ymail.com" (as noted on your pleading) after filing with the Court.

As stated before, you are *not* to send any communications addressed to my client (or concerning my client to Gaia). There is no reason to do so.

**Please confirm receipt of this email.**

Cheers,

Valerie Yanaros Wilde, Esq.
Yanaros Law, P.C.
5057 Keller Springs Road Suite 300
Addison, Texas 75001
Telephone: (512) 826-7553
Fax: (469) 718-5600

**Confidentiality Notice:** The information contained in this email and any attachments may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the intended recipient[s] is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

*[handwritten: July 1, 2018  1st request date for service of Summons to Mr Goode, after failed Sheriff attempt. June 27, 2018]*

---- On Sun, 01 Jul 2018 16:11:49 -0500 **purplemagus374 <purplemagus374@gmail.com>** wrote
----

Please provide me with a location and time where Mr. Goode may be served his court summons this week by a local police or sheriff in his area. If you do not wish to provide me with this information, you may phone the Boulder Sheriff civil department and ask for Mike Blea, who attempted service at Gaia Inc June 27, 2018, case number 18001458. I will re-provide the summons to Mr Blea by Tuesday (or Wednesday at the latest) this week for service if Mr. Goode will cooperate, please provide me with your answer by Monday 9pm.

Failure to cooperate with personal service of court summons will result in a request for a public newspaper summons to be run 4 consecutive weeks in a local Boulder newspaper.

Please let me know if Mr. Goode will cooperate with personal service from a civil officer or not, so I may inform the courts of current status and/or petition for service by Publication this Monday or Tuesday at the latest. I deem performing a skip trace or any other attempt to attain personal information of Mr. Goode's inappropriate for this matter unless court ordered to do so.

Thank you, Alyssa Montalbano

This message is sent in accordance with C.R.C.P. Rules 4 and 5.

*[handwritten: Notification to request service by publication.]*

Sent from my Verizon, Samsung Galaxy smartphone

Sent from my Verizon, Samsung Galaxy smartphone



Exhibit 3

Equitable Action Complaint

ORIGINAL FILED IN
JAN 04 2024
COMBINED COURT
BY LITIGANT

Public Records System      Home      Recent Records      Recent Searches      Name Directory      Help

Home / Search Results / Detail Record View

| Keyword ⌄ | Search Copyright numbers, Name, Title, and more. | Search | **Advanced Search** |

## Detail record view

Registration record PRE000011876 /
CopyrightCatalog

◀ Previous      Next ▶

**Dreams the Missing Text Book 2: CIA MKULTRA, MiLab, Neuroscience, Artificial Intelligences, Emotions and Accurate Predictive Dreaming**

Share ▣      Actions

| | |
|---|---|
| Registration Number / Date | P R E 000011876 / / 2021-06-03 |
| Type of Work Preregistered | Literary Work in Book Form |
| Creation of Work Began | 2021-06-03 (Approximate) |
| Date of Anticipated Completion | 2023-06 (Approximate) |
| Type of Work | Pre re gistration |
| Title | Dreams the Missing TextBook 2: CIA MKULTRA, MiLab, Neuroscience, Artificial Intelligences, Emotions and Accurate Predictive Dreaming |
| Application Title | Dreams the Missing TextBook 2: CIA MKULTRA, MiLab, Neuroscience, Artificial Intelligences, Emotions and Accurate Predictive Dreaming |
| Projected Date of Publication | 2023-06 (Approximate) |
| Copyright Claimant | Alyssa Montalbano. Address: 2536 Rimrock Ave, Suite 400-117, Grand Junction, CO, 81505, United States. |
| Authorship on Application | Ari Stone. |
| | Alyssa Montalbano. |
| Description of Work | This is a Literary work Since writing Book 1, Ari Stone has observed thousands of Dream Vision sequences where by many have literally played out in waking states, to now include Dream Visions prior filed on Court records having sequences that played out in waking states over a year after filing as related to the coronavirus pandemic vaccine controversies. Stone?s Dream Vision records have been extensively compared with post-waking state event occurrences, along with post-published related public articles; or Stone is seemingly? synchronistically? guided to the matching prior-published data in waking states after the dream vision is documented. This? synchronicity? phenomenon is scientifically explained. Accurate predictive dreaming does not require? faith?,? hope? or any other false belief system to give? symbolic? meaning to dreams. Dreams are more literal than most people realize and Stone explains the reasons for dream imagery variations from person to person based on publicly available neuroscience research, scientific dream studies, and thousands of Stone?s personal and detailed dream observations as related to the interplay of the CIA? scovert MKULTRA and MiLab mind |

control programs that intentionally target the dreaming states of the brain to implement total mind control and reveals the role of Artificial Intelligences and frequencies, showing why these programs can be viewed in dreams. Stone gives the reader hope, by sharing her personal experiences that show how we have incredible power over these programs through love. Armed with the proper understanding of dreams, anyone can perform accurate predictive dreaming and change the course of their lives in waking states by utilizing powerful love based magik which readily overcomes any? programming? by these illicit remote mind control programs and this understanding will fully usher in the new era of love, healing, and sharing that humanity desires.

**Names** Stone, Ari

Montalbano, Alyssa

 Previous     Next ▶

Menu

Home
RecentRecords
RecentSearches
NameDirectory
Help

Resources

Request Copies
Get a Search Estimate
FAQs

Contact

Contact Us
Feedback

U.S. Copyright Office
101 Independence Ave S.E.
Washington, D.C. 20559-6000
(202) 707-3000 or
1 (877) 476-0788 (toll free)

DISCLAIMER This pilot is a demonstration and is not the final version of the Copyright Public Records System (CPRS). The CPRS pilot is intended to evaluate system functionality and identify any changes that should be implemented. This pilot does not replace or supersede the online public catalog or existing search practices established by the U.S. Copyright Office, and the results should not be relied on for legal matters. For information on searching copyright records, please refer to Circular 22 "How to Investigate the Copyright Status of a Work." For information regarding requests to remove personal information from Copyright Office public records, please refer to Circular 18 "Privacy: Copyright Public Records."

U.S. Copyright Office | Library of Congress | Congress.gov | USA.gov | FOIA | Legal | Privacy Policy



Exhibit 4
Equitable Action Complaint

*ORIGINAL FILED IN*
*JAN 04 2024*
*COMBINED COURT*
*BY LITIGANT*

3/12/2021        TrueLightLegalFund - Corey Goode Lawsuit, Corey Goode Got Sued

## TRUELIGHTLEGALFUND



# Justice for Liz and Nancy Lawsuit Filed Against Corey and Stacy Goode

Thank you for your support!

— DONATE —



Exhibit 5
Lorie Email Address

## HOW YOU CAN HELP

### Our Story and Call for Help

Liz Lorie and Nancy Hunter (mother and daughter) have created this donation page to request assistance from the public in their ey ort to stand up for Truth and Integrity, and to hold Corey and Stacy Goode accountable for non-payment for over 7 months of professional services we provided in the creation, support, and management of Corey Goode's online class "Accelerating Ascension." The project did very well and grossed over $700,000. Our CPA has calculated that we are owed in excess of $200,000 for the services we provided for the class, based on Corey and Stacy's agreement to pay us. We have |led a lawsuit against Corey and Stacy Goode asking the court to compel payment. We estimate it will take upwards of $100,000 to seek justice to the fullest extent in Court. We are hoping that the public will help us stand up for the truth and justice, and for those who could possibly harmed in the future.

Around November 2019, we started working with Corey and Stacy Goode to create the online class, "Accelerating Ascension." We believed whole-heartedly in Corey's stated mission of living a life of Service to Others, Oneness, and Integrity. We worked tirelessly for over 7 months to help make the class a success – and it was very successful. We created almost everything the students experienced on the class website and put so much love into this project. We were proud and excited to be a part of a project designed to bring a message of hope, unity, and positivity to humanity, and we were grateful to have the opportunity to share in the success produced by our hard work. We were credited as "Producer," "Writer," and provided all management services for all people involved in creating content for the class, performed the expense tracking for the class, prepared all contracts, built the website and all pages and content on it, wrote all the homework assignments, the positive azrmations (which Corey is currently re-packaging and selling on a separate platform), created the class slides for 5 weeks of the class, worked with the foreign language translators, provided Customer Support, and more. This was a huge amount of work, and there were periods where we worked 7 days per week, well into the night to ensure that all aspects of each week's class were delivered on-time and with the utmost quality and professionalism.

At the conclusion of the class (June 13, 2020), however, Corey and Stacy refused to pay us as they had agreed to do, and decided to keep all the revenue for themselves.

As a result, we were forced to |le a lawsuit to ask the courts in Boulder, Colorado to help us compel payment.

If you are interested in reading the Lawsuit Filed and Process Server's Sworn Az davit that Corey and Stacy were avoiding being served with this Lawsuit, please scroll to the bottom of this page to read these documents.

This lawsuit has been very costly already (over $15,000). We have spent six months makin eyort to resolve this matter privately with terms extremely favorable to Corey and Stacy. We were

3/12/2021                          TrueLightLegalFund - Corey Goode Lawsuit, Corey Goode Got Sued

Think about that…Think about who you are, and what you stand for. And what you want to stand for.

We know what we stand for. And we hope that you will stand with us….

If you would like to help us seek justice, please click the link below to make a donation to our legal fund.

If you would like to support our eyorts to recover from this harm and continue our sincere desire to bring truth, light, and love to our planet, please consider attending one of our conferences, online classes, or joining in our other projects at www.starseedadventures.com.    Liz will be teaching a class on the Laws of the Universe (which will include teachings from the Law of One books), how these Laws play a role in our lives, and will be providing tools and specilc actions you can take to help create a better world for all of us.

Thank you for your time, consideration, and generous support.


KEYWORDS:
corey goode lawsuit
corey goode got sued
https://www.lightwarriorlegalfund.com
stand up for truth
legal fundraiser


Our Immediate

We have already spent over $15,000 in legal fees, court costs, and related expenses, and believe it will take at least $100,000 over many months to seek justice in Court, if Corey and Stacy decide to continue to |ght to avoid paying us. No donation is too small, and we hope that you will donate as generously as you can. We are extremely grateful for your help. Thank you!

CONTACT US

If you wish to contact us, you may do so at contact@truelightlegalfund.com



Exhibit 5 part 1
Equitable Action Complaint

*ORIGINAL FILED IN*
*JAN 04 2024*
*COMBINED COURT*
*BY LITIGANT*

| | |
|---|---|
| ☐Municipal Court ☒County Court ☐District Court ☐Denver Juvenile ☐Denver Probate<br>__Broomfield_____ County, Colorado<br>Court Address:<br><br>17 Descombes Dr, Broomfield, CO 80020 | FILED IN BROOMFIELD COUNTY<br>COMBINED COURT<br><br>JUL 17 2018 |
| Petitioner: __James Corey Goode<br>Date of Birth:     ____2-22-1970_____ | |
| v.<br><br>Respondent: ___Alyssa Chrystie Montalbano_____<br>Date of Birth:     ____?1971 (approx. 38 years old) _____ | ▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Pending pro hac vice: ~~Valerie Yanaros Wilde~~<br>~~5057 Keller Springs, Suite 300, Addison TX 75001~~<br><br>Phone Number: ~~512-826-7553~~    E-mail: ~~valerie@yanaroslaw.com~~<br>FAX Number:           Atty. Reg. #:~~TX 24075628~~<br>The address of the Protected Person may be omitted from the written order of the Court, including the Register of actions. | Case Number:<br><br>18C 103<br><br>Division        Courtroom |
| VERIFIED ☐COMPLAINT ☒MOTION FOR CIVIL PROTECTION ORDER | |

I, _____James Corey Goode_____ (name of person) request this Court to issue a Civil Protection Order, and in support of this request state the following:

1.  I am seeking this Civil Protection Order as a victim of the following:  (Mark the applicable circumstances.)
    ☐Domestic Abuse (§13-14-101(2), C.R.S.)
    ☒Stalking (§18-3-602, C.R.S.)
    ☐Sexual Assault (§18-3-402(1), C.R.S.)
    ☐Unlawful Sexual Contact (§18-3-404, C.R.S.)
    ☐Abuse of the Elderly or an At-Risk Adult (§26-3.1-101(1) and (7), C.R.S.)
    ☐Physical Assault, Threat or other situation.

2.  I reside or am employed in the County of ___Broomfield_____, State of ___Colorado_____, and
    _____Alyssa Chrystie Montalbano_____ resides or is employed in the County of ___Mesa_____,
    State of ___Colorado_____. I know ____Alyssa Chrystie Montalbano__ because: she is a fan of the
    shows, conferences and various media that I appear in that comprise my day-to-day work. She started
    attempting to contact me repeatedly after seeing the show I appear in on Gaia TV, "Cosmic Disclosure" and
    some of the work that I do with another Writer and TV and Radio personality, David Wilcock.

3.  The other Protected Persons are (list full name, date of birth, sex, and race):

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

JDF 402  R3/18   VERIFIED COMPLAINT/MOTION FOR CIVIL PROTECTION ORDER
Page 1 of 4
    (1) Court Copy              (2) Petitioner Copy              (3) Respondent Copy

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

☒ I have completed and attached the form titled "Affidavit Regarding Children" JDF 404 as children are identified as Protected Persons above.

4. a) The most recent incident that causes me to ask for a Civil Protection Order occurred on or about _____06/14/2018_____ (date), at about __08:14 am__ (time), in ___Broomfield_____ (County), when _____ (name of person) did the following to me and/or the above named Protected Persons: *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

_____I received three additional certified letters from Alyssa Montalbano sent to my P.O. Box. These letters are attached herewith. They threaten, among other bizarre accusations and claims, to sue me for alleged theft of intellectual property and request multiple inappropriate situations. Further letters have been sent to my place of business that further defame my character and work. See attached brief and evidence.

b) The most serious incident that causes me to ask for a Civil Protection Order occurred on or about _____April 1, 2018_____(date), at about __1:23 a.m.____(time), in ___Broomfield_____ (County), when _____Alyssa Christie Montalbano_____ (name of person) did the following to me and/or the above named Protected Persons: *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

_____Sent an incredibly bizarre email communication after she agreed to cease contact with me on February 2, 2018 (see attached brief). In it she references the Conference we forbade her to attend that I was presenting at due to her 400 emails and repeated calls, letters, etc. In her email she says "did something occur in Hawaii? I ask because of a couple dreams. One, you may not be aware of anything... in the dream you were playing (yes in a disguise) and I scooped you up so the sniper on the hill wouldn't shoot you and eat you. I took you and placed you somewhere safe. You seemed oblivious the entire time. In the next dream (disguise again) you seemed to have caught a cold or had something occur that reminded me of my trip to Hawaii as a kid with my bff when she got sucked into the undertow by the shore and when she got back on shore she puked this clear mucally type bile vomit onto the sand. We promptly buried it and moved to the next cabana. :::grin::: Something similar to the bile - vomit was seen in the dream but with shuffles like a really bad cold and you were having a hard time breathing. I helped keep you breathing. Did you have any kind of ocean incident or catch a cold or have any kind of breathing issues?"

_____

c) Any other past incidents of violence or threats? *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

_____She has been making and continues to make threats of defamation or lawsuits. The attached communications show the most recent._____

___

d) Are you aware of any other Protection Orders currently in effect against you or the other person? ☐ Yes ☒ No If **Yes**, list any relevant information, such as the issuing Court, State, and date of the order:

JDF 402 R3/18 VERIFIED COMPLAINT/MOTION FOR CIVIL PROTECTION ORDER
Page 2 of 4
(1) Court Copy        (2) Petitioner Copy        (3) Respondent Copy

_____

_____

5. I believe that I and/or the other Protected Persons named in this action are in imminent danger from
   _____Alyssa Chrystie Montalbano_____ (name of person):

   ☒Harm to my/our life or health if he/she is not restrained as requested.
   ☒Physical or emotional harm to my/our emotional health or welfare if he/she is not excluded from the family
   home or the home of another.

6. ☒I request that I be permitted to omit my address from this Verified Complaint/Motion for Civil Protection
   Order, because I fear that including my address will endanger me and/or the other Protected Persons.

7. I request the following relief from the Court that _____Alyssa Chrystie Montalbano____ (name of person):

   a) ☒Be ordered to refrain from contacting, harassing, injuring, stalking, touching, sexually assaulting,
      molesting, intimidating, and threatening me or other protected persons.

   b) ☒Be ordered to have **no contact** at all with me or the other Protected Persons.
      **or**
      ☐Be allowed only the following limited contact with me or the other Protected Persons: **Be specific.**

      _____
      _____
      _____

   c) ☒Be excluded from my home at (address): **If you checked section 6, <u>do not</u> provide your address.**
      _____

   d) ☒Be ordered to stay at least ___1000__ yards from the following places. (address or description)
      **If you checked section 6, <u>do not</u> provide your address.**
      ☒Home: _____
      ☐Work:   Name: _____   Address: _____
      ☐School: Name: _____   Address: _____
      ☐Other: _____

   e) ☒Be ordered to have **no contact** with the minor children and that I be awarded temporary care and
      control and Interim Decision-Making Responsibilities for the children.

      **or**

      ☐Be awarded temporary care and control of the children and that the other person be given Parenting
      Time with the children and Interim Decision-Making Responsibilities as follows: **Be specific.**

      _____
      _____
      _____

   f) ☒Be ordered to refrain from molesting, injuring, taking, transferring, encumbering, concealing, or
      disposing of or threatening harm to an animal owned, possessed, leased, kept or held by me or my minor
      child(ren), or other protected persons. Arrangements for possession and care are as follows:

_____

_____

g) ☐Be ordered, if this is a domestic abuse protection order, to not possess and/or purchase a firearm, ammunition, or other weapon AND to relinquish any firearm or ammunition within the time ordered by the Court.

h) ☒ Be ordered to refrain from interfering with me or other protected persons at our place of employment or place of education and from engaging in conduct that impairs my or other protected person's employment, educational relationships, or environment.

i) ☒Other:

Be ordered that she does not attend any event, conference or meeting that myself and/or my family or colleagues are attending and/or speaking or presenting at

_____

☒ I understand that once a Civil Protection Order is issued it cannot be modified or dismissed by me or the other person without permission of the Court.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
☒ By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the _17_ day of _July_ , _2018_ at _Broomfield County_
    (date)    (month)    (year)    (city or other location and state OR country)

_____    _____
(Printed name of ☐Petitioner ☐Respondent)    Signature of ☒Petitioner ☐Respondent

_____
Attorney, if applicable

**Stop: If you checked box number 6, do not fill in your address and telephone number.**

_____
Address

_____
Telephone Number

**Notice:** Colorado Revised Statutes §13-14-105 identifies that a temporary injunction may be issued by the Court and that upon personal service or upon waiver and acceptance of service by the Restrained Person, is to be in effect against the Restrained Person for a period determined to be appropriate by the Court. This injunction restrains the Restrained Person from:

1. **Ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation for making such payments.**

2. **Transferring, encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.**

The Restrained Person shall be required to account to the Court for all extraordinary expenditures made after the injunction is in effect.

Any injunction issued shall not exceed one year after the issuance of the Permanent Civil Protection Order.

Exhibit 5 part 2 case 20C32

Equitable Action Complaint

## EXHIBIT D MOTION TO DISMISS

| | |
|---|---|
| ☐Municipal Court ☒County Court ☐District Court ☐Denver Juvenile ☐Denver Probate _____ Broomfield _____ County, Colorado<br><br>Court Address:<br>17 Descombes Dr, Broomfield, CO 80020<br><br>Petitioner: _James Corey Goode_<br> 1140 US HW 287 Ste 400-266 Broomfield, CO 80020<br><br>v.<br><br>Respondent: ____ Alyssa Chrystie Montalbano<br>2222 Da Vinci Pl, Grand Junction, CO 81507 | ▲   **COURT USE ONLY**   ▲ |
| Attorney for James Corey Goode<br>Forthcoming application for *pro hac vice*: Valerie Ann Yanaros, Esq.<br>5057 Keller Springs, Suite 300, Addison TX 75001<br><br>Phone Number: (512) 826-7553      E-mail: valerie@yanaroslaw.com<br>FAX Number: (469) 718-5600    Atty. Reg. #: TX 24075628 | Case Number:<br><br><br>Division        Courtroom |
| **VERIFIED MOTION FOR CIVIL PROTECTION ORDER** | |

I, _____ James Corey Goode _____ (name of person) request this Court to issue a Civil Protection Order, and in support of this request state the following:

1. I am seeking this Civil Protection Order as a victim of the following: (Mark the applicable circumstances.)
   ☐Domestic Abuse (§13-14-101(2), C.R.S.)
   ☒Stalking (§18-3-602, C.R.S.)
   ☐Sexual Assault (§18-3-402(1), C.R.S.)
   ☐Unlawful Sexual Contact (§18-3-404, C.R.S.)
   ☐Abuse of the Elderly or an At-Risk Adult (§26-3.1-101(1) and (7), C.R.S.)
   ☐Physical Assault, Threat or other situation.

2. I reside or am employed in the County of _Broomfield, State of Colorado, and Alyssa Chrystie Montalbano_ resides in the County of Mesa, State of Colorado. I know of Alyssa Chrystie Montalbano because she is a fan of the shows, conferences and various media that I appear in that comprise my day-to-day work. She first began attempting to contact me, repeatedly, after seeing the show I appear in on Gaia TV, "Cosmic Disclosure" in 2017. After I filed and received a preliminary stalking order in Broomfield in June and July (respectively) of 2018, harassment from her escalated quickly. In retaliation she filed suit against me in Mesa County for something she called "Theft of Dream Visions". After that suit went through state and federal courts, Judge Flynn in Mesa County granted my Motion to Dismiss on January 29, 2020. All throughout that time she continued to harass and barrage me with highly-voluminous filings (in paper and electronic form, to the tune of hundreds of pages each), defame my name, create and post YouTube videos and other social media postings to harass, defame, embarrass and terrorize myself, my family, my fans, my colleagues and even my counsel. She has somehow obtained my personal and confidential employment documents and other personal and private information (some current and others from *years* ago) and published it across the

internet on various social media sites, blogs and message boards. [As further outlined in attached Brief in Support]

3. The other Protected Persons are (list full name, date of birth, sex, and race):

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| Marissa Ariel Goode | 7-25-03 | F | W | | | | |
| William Connor Goode | 3-29-11 | M | W | | | | |
| | | | | | | | |
| | | | | | | | |

☒I have completed and attached the form titled "Affidavit Regarding Children" JDF 404 as children are identified as Protected Persons above.

4. **a)** The most recent incident that causes me to ask for a Civil Protection Order occurred on or about ____February 24, 2020_____ (date), at about __9:00 am__ (time), in ___Mesa_____ (County), when _____Alyssa Chrystie Montalbano_____ (name of person) did the following to me and/or the above named Protected Persons: *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

____I received additional voluminous filings filed in the Mesa County action—post-dismissal—from Alyssa Montalbano sent to my P.O. Box. These filings accuse myself, my counsel and Judge Flynn—the judge in the Mesa action—of conspiring against her. She has created a YouTube account called "The Deprogrammer" for the sole purpose of threatening, harassing and defaming myself. On it, she has recorded herself reading her court filings that are replete with falsehoods and inappropriate stories and accusations in a video (from the aforementioned date) titled "The Video Corey Goode, David Wilcock, AND the CIA - Don't Want you to See - 5TH INFO FOR THE COURT". [See attached documentation].

**b)** The most serious incident that causes me to ask for a Civil Protection Order occurred on or about ___June 25, 2018_____ (date), at about __10:00 a.m. (estimate)___ (time), in ____Mesa_____ (County), when _____Alyssa Christie Montalbano_____ (name of person) did the following to me and/or the above named Protected Persons: *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

____Filed a lawsuit for "Theft of Dream Visions" that accused Mr. Goode of, inter alia, using "mind control tactics" and "military-grade" and "guerrilla warfare tactics" to steal Montalbano's "dream visions". Her filing included hundreds of pages of false accusations of heinous crimes. She broadcast a multitude of Mr. Goode's personal information out through social media and in her court filings in the years that followed. She incessantly and repeatedly attempted to call, email and snail mail Mr. Goode to get his attention and the attention of his colleagues and former colleagues. She even sent correspondence regarding her false claims and accusations to Mr. Goode's place of business.____

**c)** Any other past incidents of violence or threats? *Be specific: What was the threat or acts of violence? Where did this occur? Were the minor children or other Protected Persons present? Was a weapon involved?*

____She has been making and continues to make threats of harm, defamation or lawsuits. My wife and children have been subjected to the public social media posts threatening such actions and have been caused to undertake counseling as treatment. [As further outlined in attached Brief in Support]._____

**d)** Are you aware of any other Protection Orders currently in effect against you or the other person?
☐**Yes** ☒ **No** If **Yes,** list any relevant information, such as the issuing Court, State, and date of the order:

_____

_____

5. I believe that I and/or the other Protected Persons named in this action are in imminent danger from
_____Alyssa Chrystie Montalbano_____ (name of person):

☒Harm to my/our life or health if he/she is not restrained as requested.
☒Physical or emotional harm to my/our emotional health or welfare if he/she is not excluded from the family home or the home of another.

6. ☒I request that I be permitted to omit my address from this Verified Complaint/Motion for Civil Protection Order, because I fear that including my address will endanger me and/or the other Protected Persons.

7. I request the following relief from the Court that _____Alyssa Chrystie Montalbano____ (name of person):

a) ☒Be ordered to refrain from contacting, harassing, injuring, stalking, touching, sexually assaulting, molesting, intimidating, and threatening me or other protected persons.

b) ☒Be ordered to have **no contact** at all with me or the other Protected Persons.
**or**
☐Be allowed only the following limited contact with me or the other Protected Persons: **Be specific.**

_____

_____

_____

c) ☒Be excluded from my home at (address): **If you checked section 6, do not provide your address.**

_____

d) ☒Be ordered to stay at least ____10,000___ yards from the following places. (address or description)
**If you checked section 6, do not provide your address.**
☒Home: _____
☐ Work: Name: _____ Address: _____
☒School: Name: _____ Address: _____
☐Other: _____

e)  ☒ Be ordered to have **no contact** with the minor children and that I be awarded temporary care and control and Interim Decision-Making Responsibilities for the children.

    **or**

☐ Be awarded temporary care and control of the children and that the other person be given Parenting Time with the children and Interim Decision-Making Responsibilities as follows:  **Be specific.**

_____

_____

_____

f)  ☒ Be ordered to refrain from molesting, injuring, taking, transferring, encumbering, concealing, or disposing of or threatening harm to an animal owned, possessed, leased, kept or held by me or my minor child(ren), or other protected persons.  Arrangements for possession and care are as follows:

_____

_____

g)  ☐ Be ordered, if this is a domestic abuse protection order, to not possess and/or purchase a firearm, ammunition, or other weapon AND to relinquish any firearm or ammunition within the time ordered by the Court.

h)  ☒ Be ordered to refrain from interfering with me or other protected persons at our place of employment or place of education and from engaging in conduct that impairs my or other protected person's employment, educational relationships, or environment.

i)  ☒ Other:

    Be ordered that she does not attend any event, conference or meeting that myself and/or my family or

    colleagues are attending and/or speaking or presenting at, including but not limited to my conferences on

    July 4,  2020 in Lake Trout,  Washington and August 14, 2020 in Colorado Springs, Colorado.

☒ I understand that once a Civil Protection Order is issued it cannot be modified or dismissed by me or the other person without permission of the Court.

☒ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
☐    By checking this box, I am acknowledging that I have made a change to the original content of this form.

## VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on the _6_ day of _March_ , _2020_ , at _Burbank, California, United States_
         (date)    (month)      (year)    (city or other location, and state OR country

_James Corey Goode_____
(Printed name of ☒ Petitioner ☐ Respondent)     Signature of ☒ Petitioner ☐ Respondent

_Attorney, if applicable_____

**Stop:  If you checked box number 6, do not fill in your address and telephone number.**

Address
_____

Telephone Number
_____

**Notice:** Colorado Revised Statutes §13-14-105 identifies that a temporary injunction may be issued by the Court and that upon personal service or upon waiver and acceptance of service by the Restrained Person, is to be in effect against the Restrained Person for a period determined to be appropriate by the Court.   This injunction restrains the Restrained Person from:

1. **Ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation for making such payments.**

2. **Transferring, encumbering, concealing, or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.**

The Restrained Person shall be required to account to the Court for all extraordinary expenditures made after the injunction is in effect.

Any injunction issued shall not exceed one year after the issuance of the Permanent Civil Protection Order.