IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION,

    Third-Party Defendants.

## ORDER

    In their operative Second Amended Complaint, Plaintiffs and Counter Defendants James Corey Goode and Goode Enterprise Solutions, Inc. allege various claims against several defendants, including Defendant, Counter Claimant, and Third-Party Plaintiff Alyssa Montalbano.

- 1 -

Ms. Montalbano previously sought and was denied leave to file a third-amended responsive pleading, and I dismissed her counterclaims and third-party claims with the exception of her defamation claim against Mr. Goode and her claims against Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation (the "Wilcock Defendants"). Doc. 345. I also denied Ms. Montalbano's motion to consolidate this federal case with pending post-judgment proceedings in a Colorado state-court case. Doc. 348.

This Order addresses several motions: (1) Ms. Montalbano's motions for reconsideration of my order dismissing her claims and renewed motion to file third-amended counterclaims, Docs. 355, 361, and her subsequent motion to stay her motion for reconsideration in light of recent developments in the state-court proceeding, Doc. 383; (2) the Wilcock Defendants' motion to dismiss Ms. Montalbano's claims against them, Doc. 354; and (3) Ms. Montalbano's motion to dismiss the plaintiffs' claims against her, Doc. 352, and Magistrate Judge Kathryn A. Starnella's recommendation that that motion be granted, Doc. 381.

## BACKGROUND

Goode Enterprise Solutions, a company owned by Mr. Goode, "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." Doc. 111. The plaintiffs allege that Ms. Montalbano has infringed Goode Enterprise Solutions' trademarks, engaged in unfair competition and tortious business practices, and defamed and harassed Mr. Goode on social media. *See id.* ¶¶ 17-121, 144-181, 195-208. Ms. Montalbano's original answer to the second-amended complaint alleged counterclaims against the plaintiffs as well as third-party claims against ten third-party defendants. Docs. 120, 121. Ms. Montalbano has twice amended her answer, counterclaims, and third-party claims: first on April 26, 2021, Doc. 184, and

- 2 -

again on June 18, 2021, Doc. 217.[1] In her operative second-amended counterclaims and third-party claims, she alleges, among other things, that Mr. Goode and Goode Enterprise Solutions, along with the third-party defendants, have conspired to defraud her, misappropriated trade secrets including her dream journal records, infringed her copyrights in various self-published books, defamed her, and abused the legal process against her. *See generally* Doc. 217 at 29-232.

## DISCUSSION

Because Ms. Montalbano is not represented by an attorney, I must liberally construe her pleadings, without assuming the role of advocate on her behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### I. Ms. Montalbano's Motion for Reconsideration and Renewed Motion to File Third-Amended Counterclaims

Ms. Montalbano moves for reconsideration of my order dismissing her counterclaims and third-party claims, on the basis of "newly discovered evidence involving Mr. Goode's testimony from related case 1:20-CV-00947[#25], mistake, excusable neglect, and other reasons that justify the requested relief being granted," and for leave to file third-amended counterclaims. Doc. 355 at 2; Doc. 361. She asks that her claims for fraud, copyright infringement, trade-secret misappropriation, defamation, abuse of process, malicious prosecution, negligence, RICO violations, civil conspiracy, CCPA violations, and unjust enrichment be reinstated. Doc. 355 at 11-19.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, "motions for

---

[1] Although Ms. Montalbano's operative pleading is titled "First Amended Counterclaims Complaint," Doc. 217 at 29, she has in fact revised the pleading twice. *See* Doc. 155-2 at 29-260; Doc. 204-2 at 29-248.

- 3 -

reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Green v. Fishbone Safety Solutions, Ltd.*, 303 F. Supp. 3d 1086, 1091 (D. Colo. 2018). Grounds for reconsideration are limited: reconsideration may be granted based on an intervening change in the law, newly discovered evidence, or the need to correct a clear error. *Id.* at 1091-92 (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). But motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.

The only plausible reason for reconsideration identified by Ms. Montalbano is newly discovered evidence—she argues that in mid-December 2022, she was first able to access the transcript of a deposition given by Mr. Goode in another case, in which he made statements that bolster her claims here. I have reviewed Ms. Montalbano's proposed amended pleading, including those portions that cite to Mr. Goode's "new" deposition testimony. While that testimony may help support some of Ms. Montalbano's factual allegations, it does not contain any new information not already alleged in her operative pleading.[2] It is thus not the

---

[2] *Compare* Doc. 217 at 63 ("Montalbano . . . believed Goode and Wilcock's public claims that they were poor and needed regular financial donations . . . ."), *with* Doc. 355-2 at 109 ("In September 26, 2022 deposition . . . Goode stated under oath that David Wilcock earned around four to five million dollars in 2017 and 2018 selling his courses; and that residual income is still in the hundreds of thousands and even millions of dollars the following years. . . . Mr. Wilcock repeatedly told the general public, and Montalbano, he and his associates were poor 2017-2020."); *compare* Doc. 217 at 61 ("Millions of people in the general public and around the world believe Goode and Wilcock's alien stories . . . as being true. Montalbano also believed the stories and public claims of Goode and Wilcock as being true and relied on it."), *with* Doc. 355-2 at 100-101 ("Good admitted in his deposition September 26, 2022 . . .

type of newly discovered evidence that would justify reconsideration of my prior order. The remainder of Ms. Montalbano's arguments and proposed amendments are simply attempts to revisit issues already addressed, which is not an appropriate basis for reconsideration. *Servants of the Paraclete*, 204 F.3d at 1012; *see also Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be litigated piecemeal," and a court does "not have to address repeated 'improvements' to the complaint."). I have also reviewed Ms. Montalbano's motion to stay consideration of her motion for reconsideration, in which she argues that certain events in the ongoing state-court proceedings may impact her proposed amendments in this case, and that ruling on her motions for reconsideration and amendment could interfere with the state proceedings. Doc. 383. I disagree.

Accordingly, the motion to stay, motion for reconsideration, and motion to amend are denied.

## II. Wilcock Defendants' Motion to Dismiss

The Wilcock Defendants, who had not previously answered or otherwise responded to Ms. Montalbano's operative third-party claims, *see* Doc. 345 at 3 n.2, now move to dismiss Ms. Montalbano's claims against them on the same grounds that the claims against the other third-party defendants have been dismissed. Doc. 354. In response, Ms. Montalbano argues only that I should consider her proposed third-amended claims. Doc. 358; Doc. 362. She makes no argument as to why the Wilcock Defendants are differently situated, either legally or factually, to the other counter defendants and third-party defendants against whom her claims have been dismissed. She also consents to dismissal of her

---

that his alien communications are his made up Intellectual Property, not real alien experiences, and people are delusional if they think they are in contact with his aliens.").

defamation claim against the Wilcock Defendants, which was the only claim that had survived against any of the counter defendants and third-party defendants. Doc. 358 at 4. I agree that Ms. Montalbano's claims against the Wilcock Defendants in her operative second-amended pleading should be dismissed for the same reasons her claims against the other counter defendants and third-party defendants were dismissed. *See* Docs. 283, 345.

Accordingly, the Wilcock Defendants' motion to dismiss is granted.

### III. Ms. Montalbano's Motion to Dismiss

Ms. Montalbano moves to dismiss the plaintiffs' claims against her. Doc. 352. Magistrate Judge Starnella recommends that I grant that motion. Doc. 381. The recommendation states that any objections must be filed within fourteen days after its service on the parties. *Id.* at 32 (citing Fed. R. Civ. P. 72(b)(2)). The recommendation was served on November 1, 2023, and no party has objected to it.

In the absence of a timely objection, I may review a magistrate judge's recommendation under any standard I deem appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150, 154 (1985)). In this matter, I have reviewed the recommendation to satisfy myself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) Advisory Committee Notes. Based on that review, I have concluded that the recommendation is a correct application of the facts and the law. As Judge Starnella determined, the plaintiffs' claims against Ms. Montalbano should be dismissed with prejudice.

Accordingly, Magistrate Judge Starnella's recommendation is accepted and adopted, and Ms. Montalbano's motion to dismiss is granted.

## CONCLUSION

It is **ORDERED** that:

Alyssa Montalbano's Motion to Stay Reconsideration, **Doc. 383**, is **DENIED**;

Alyssa Montalbano's Partially Opposed Motion to Amend Judgment and Dismissal Orders, **Doc. 355**, is **DENIED**;

Third-Party Plaintiff, Counterclaimant Alyssa Montalbano's Partially Opposed Motion to Amend Counterclaims Complaint, **Doc. 361**, is **DENIED**;

Third-Party Plaintiff Alyssa Montalbano's Motion to Surreply to Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation's Reply in Support of Their Motion to Dismiss, **Doc. 362**, is **GRANTED**, and I have considered Ms. Montalbano's sur-reply;

Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation's Motion to Dismiss, **Doc. 354**, is **GRANTED**. Ms. Montalbano's Claims Four through Six, Eight, Eleven, and Sixteen against those third-party defendants are **DISMISSED WITHOUT PREJUDICE**, and her remaining claims against those third-party defendants are **DISMISSED WITH PREJUDICE**;

The Recommendation of United States Magistrate Judge, **Doc. 381**, is **ACCEPTED** and **ADOPTED**; and

Defendant Alyssa Montalbano's Motion to Dismiss Second Amended Complaint, **Doc. 352**, is **GRANTED**, and the plaintiffs' claims against Ms. Montalbano are **DISMISSED WITH PREJUDICE**;

DATED: March 29, 2024

BY THE COURT:

Daniel D. Domenico
United States District Judge