IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Counter Claimant.

---

## ORDER DENYING MOTION FOR SANCTIONS

    The facts and lengthy procedural history of this case are complex and have been fully recited elsewhere. *See generally* Docs. 348, 384. Elizabeth Lorie, a dismissed third-party defendant to this case, has moved for sanctions against *pro se* counter-claimant Alyssa Montalbano. Doc. 376. In her motion, Ms. Lorie argues that the arguments and accusations raised by Ms. Montalbano were frivolous and warrant sanctions under Fed. R. Civ. P. 11(b). For multiple reasons, I find sanctions are not warranted at this juncture.

- 1 -

## DISCUSSION

Federal courts have the inherent power to sanction conduct that abuses the judicial process. *Xyngular v. Schenkel*, 890 F.3d 868, 872–73 (10th Cir. 2018). Fed. R. Civ. P. 11(b) requires any attorney or unrepresented party to certify, to the best of that person's knowledge, that their arguments and factual contentions are "not being presented for any improper purpose," that they are "warranted by existing law," and that "factual contentions have evidentiary support." If a court finds Rule 11 has been violated, it may impose an appropriate sanction on the party responsible for the violation. Fed. R. Civ. P. 11(c)(1). Rule 11 sanctions are an extraordinary remedy, and not to be imposed lightly. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

Ms. Lorie urges me to impose sanctions on Ms. Montalbano due to the repeated frivolous arguments that Ms. Montalbano raised. Ms. Lorie argues that these arguments were not brought in good faith and could not have been based on a reasonable factual basis. She requests sanctions in the form of attorney's fees incurred in responding to Ms. Montalbano's complaint.

I am sympathetic to Ms. Lorie's frustration with the claims brought against her. Ms. Montalbano has brought claims that venture into the absurd and has attempted to re-litigate those issues even after dismissal. Given the unusual circumstances here, however, I am not convinced that Ms. Montalbano has acted with the requisite bad faith to warrant monetary sanctions. *See Chambers*, 501 U.S. at 50 ("A court must, of course, exercise caution in invoking its inherent power . . . both in determining that the requisite bad faith exists and in assessing fees . . ."). The more appropriate sanction would be dismissal of the frivolous claims. But the claims against Ms. Lorie have already been dismissed, and Ms. Montalbano's motion for reconsideration of that dismissal has been denied. *See* Doc. 384. Ms. Lorie's

- 2 -

request for sanctions is more akin to an effort to squeeze blood from stone than to remedy bad faith or oppressive litigation.

I am further assured that sanctions would be inappropriate because Ms. Lorie's motion fails to comply with the procedures for a Motion for Sanctions established by Rule 11(c). It appears that the motion does not comply with the 21-day safe harbor rule, which would have afforded Ms. Montalbano an appropriate opportunity to withdraw any sanctionable arguments. *See Roth v. Green*, 466 F.3d 1179, 1191–92 (10th Cir. 2006) (Although moving party sent "warning letters well in advance of filing their motions for sanctions, it is uncontroverted that they did not, as required by subsection (c)(1)(A), serve him with copies of their actual motions for sanctions twenty-one days prior to filing those motions."). Although I share Ms. Lorie's doubts that Ms. Montalbano would have cured or withdrawn her arguments if she had been served with the motion in advance, that does not excuse Ms. Lorie's noncompliance with this part of the rule.

Ms. Montalbano's arguments and litigation strategy have toed the line of what is permissible in a federal court. Her deficient arguments have so far earned her the dismissal of most of her claims. Continued arguments and tactics in the same vein may cause her to be sanctioned in the future. But further sanctions regarding her claims against Ms. Laurie, which have been dismissed, are not warranted now.

## CONCLUSION

Ms. Lorie's Motion Sanctions, **Doc. 376**, is **DENIED**.

DATED: March 29, 2024                    BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge

- 3 -