**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION,

    Third-Party Defendants.

---

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION**

---

In their operative Second Amended Complaint, Plaintiffs and Counter Defendants James Corey Goode and Goode Enterprise Solutions, Inc. allege various claims against several defendants, including Defendant

- 1 -

Benjamin Zavodnick. Plaintiffs' allegations as to Mr. Zavodnick center on his allegedly defamatory statements, mostly made on Youtube videos and comments. *See* Doc. 111 (Second Amended Complaint) ¶¶ 100-104. Plaintiffs also allege that Defendants generally, including Mr. Zavodnick, infringed on their trademarks, mostly through reference to allegedly trademarked names on Youtube videos or comments. *See id.* ¶¶ 144-57.

Mr. Zavodnick moved to dismiss the claims against him under Rule 12(b)(2) for lack of personal jurisdiction. Doc. 117. The motion is granted.

## BACKGROUND

The details of this case are well known to the parties, so I will briefly summarize only the facts relevant to this case. Goode Enterprise Solutions, a company owned by Mr. Goode, "produces educational, spiritual, health and entertainment goods and services geared towards the Conscious Community." Doc. 111. While Plaintiffs have levied a variety of allegations against Mr. Zavodnick, including claims of RICO violations, trademark infringement, and tortious interference, the alleged facts underlying these claims all center on statements Mr. Zavodnick allegedly made about Plaintiffs on Youtube. *See* Doc. 111 ¶¶ 100-102.

Mr. Zavodnick moved to dismiss, arguing that this court lacks personal jurisdiction over him. Doc. 117. In support of the motion, Mr. Zavodnick filed an affidavit stating that he resides in New Jersey, does not conduct business in Colorado, has never had direct contact with Plaintiffs in Colorado, and never "directly targeted" Plaintiffs online or otherwise. Doc. 117-1. Plaintiffs responded and attached a declaration from Mr. Goode. Doc. 127-1. In that declaration, Mr. Goode appears to admit that he never had direct contact with Mr. Zavodnick but alleges that Mr. Zavodnick targeted him in Youtube videos and that Mr. Zavodnick mentioned Mr. Goode being a resident of Colorado in at least one such video.

*Id.* That declaration included an exhibit that Mr. Goode characterizes as a "sworn statement" from his former colleague, Roger Richards. *Id.* at 9. The "statement" appears to be an email from Mr. Goode's address with the body purportedly being written by "Roger Richards Ramsaur." *Id.* at 9-12. Mr. Zavodnick then filed a reply in support of his motion. Doc. 136

## APPLICABLE LAW

The specific jurisdiction analysis is two-fold. First, the Court must determine whether defendants have such minimum contacts with Colorado that defendants "should reasonably anticipate being haled into court" here. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether defendants purposefully directed their activities at residents of the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985), and whether plaintiffs' claims arise out of or result from "actions by ... defendant[s] ... that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987). Second, if defendants' actions create sufficient minimum contacts, the court must consider whether the exercise of personal jurisdiction over defendants offends "traditional notions of fair play and substantial justice." *Id.* at 113.

In the context of claims premised on internet postings, the defendant must "*intentionally direct*" his activity "*at* the forum state rather than just hav[e] the activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011) (emphasis in original). Given this, "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)." *Id.* at 1241. The "more" needed to confer personal

- 3 -

jurisdiction is "indications that a defendant deliberately directed its message *at an audience* in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* (emphasis added).

For general jurisdiction in this context, operation of a website *may* confer such jurisdiction where the defendant "authors" the website. *Goode v. Gaia, Inc.*, 2021 WL 9793708, at *4 (D. Colo. July 16, 2021) (collecting caselaw on this issue). But that is generally not the case for "passive" websites—such as Youtube accounts authored by separate individuals—absent a substantial showing that the account otherwise amounts to the near-equivalent of physical contacts in the forum state. *See id.* at *5.

## DISCUSSION

The personal jurisdiction analysis for Mr. Zavodnick follows closely with the analysis applied to now-dismissed Defendant High. As Judge Mix thoroughly explained in a prior order, the same types of conduct at issue with Mr. Zavodnick—mostly internet comments and statements posted to Youtube by an out-of-state individual with no real connection to Colorado—cannot confer specific or general jurisdiction in this case. *Gaia*, 2021 WL 9793708, at *4-6. The allegations, both in the operative complaint and Mr. Goode's declaration, do not show that Mr. Zavodnick targeted an audience in Colorado specifically with any of his comments. Nor do they show that Mr. Zavodnick has any particular tie to Colorado. In fact, he does not and did not live here at any relevant time, he does not conduct business here, and there is no real evidence that he directly communicated with *Plaintiffs*, as they all but admit in Mr. Goode's declaration.

At most, Plaintiffs have shown that Mr. Zavodnick may have known that Mr. Goode lived in Colorado. But that, alone, is insufficient to show

- 4 -

"express aiming" at the forum state. *Id.* at *6. Indeed, the facts of this case closely align with those of *Shrader*, in which the Tenth Circuit affirmed dismissal on personal jurisdiction grounds where a defendant made allegedly defamatory comments on a "neutral" website like Youtube. *Shrader*, 633 F.3d at 1244-46. Like in *Shrader*, Mr. Goode's business is mostly "conducted through cyberspace with no particular tie to the forum state." *Id.* And there is no indication that Mr. Zavodnick targeted Colorado audiences in particular, rather than the more general global audience on Youtube.

Nor have Plaintiffs met their burden to show that any other legal claims, such as RICO, could confer jurisdiction here based on the same facts. As Judge Mix reasoned as to Defendant High, Plaintiffs have not met their burden to show that any alleged "association" between Mr. Zavodnick and the other defendants somehow establishes minimum contacts here as to him. *Gaia*, 2021 WL 9793708, at *6. Nor has Plaintiff shown that the trademark claims can create the jurisdictional hook here. *See Stonebrook Jewelry, LLC v. Revolution Jewelry Works, Inc.*, 2023 WL 5279771, at *4 (D. Utah Aug. 15, 2023) (describing courts' reliance on the *Calder* effects test for trademark infringement claims).

## CONCLUSION

Defendant Zavodnick's Motion to Dismiss, **Doc. 117**, is **GRANTED**. Plaintiffs' claims against Mr. Zavodnick are **DISMISSED WITHOUT PREJUDICE**.

DATED: March 29, 2024                    BY THE COURT:

~~Daniel~~ D. Domenico
United States District Judge