IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION,

    Third-Party Defendants.

---

**BENJAMIN ZAVODNICK'S MOTION FOR COSTS AND ATTORNEY FEES PURSUANT TO C.R.S. § 13-17-201**

---

    COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, LaszloLaw, and pursuant to Fed.R.Civ.P. 54(d), moves this Court for an award of costs and

1

attorney fees under to C.R.S. § 13-17-201

## CERTIFICATE OF CONFERAL

Undersigned counsel certifies, pursuant to Local Civil Rule 7.1(a) and Judge Domenico's Practice Standards DDD Civ. P.S. III(B) that he conferred with counsel for Plaintiffs who confirmed on April 9, 2024, that Plaintiffs oppose this Motion.

### I.  INTRODUCTION

On December 8, 2020, Plaintiffs filed Plaintiffs' Second Amended Complaint alleging various claims against Defendant, Benjamin Zavodnick, all of which center on Mr. Zavodnick's allegedly defamatory statements made on Youtube videos. *See,* Doc. 111, ¶¶ 100-104.   On December 21, 2020, Mr. Zavodnick filed his Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) ("Motion to Dismiss") for lack of personal jurisdiction.  On March 29, 2024, this Court granted Mr. Zavodnick's Motion to Dismiss.  Now, pursuant to C.R.S.  § 13-17-201, Mr. Zavodnick moves this Court for an award of reasonable attorney fees incurred in defending the claims against him.

### II.  LAW AND ARGUMENT

#### A.  Standard of Review

Colo. Rev. Stat. § 13-17-201, provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action...

Although the Statute refers to dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the Tenth Circuit has held that the Statute applies to dismissals under Federal Rule of Civil Procedure 12(b) as well.  *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559

(10th Cir. 2016). The Tenth Circuit has held that awards of attorney fees under this Statute are mandatory. *Id.* Per the statute, the Court is not to award only fees associated with a motion pursuant to Rule 12(b), but all reasonable fees incurred in defending the action.

The Tenth Circuit has stated that the "action" contemplated by the Statute refers to all claims against a particular defendant. *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1287 (D. Colo. 2009). Thus, an award of fees is appropriate only when all claims against a particular defendant are dismissed on Rule 12 grounds, regardless of whether claims continue against other defendants. *Id.* The Statute "applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury." *Nero v. Am. Family Mut. Ins. Co.*, No. 11-cv-02717-PAB, 2013 WL 5323191, at *7 (D. Colo. Sep. 23, 2013) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)). "The attorney fee-shifting statute is intended to apply only to 'a narrow category of baseless tort cases, namely those cases that were so lacking in substance that they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted.'" *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) (quoting *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo. 2004)).

In summary, for a trial court to award reasonable attorney fees under the Statute, two conditions must be met: (1) the action must lie in tort; and (2) the action must be dismissed pursuant to Rule 12(b). *See, e.g.*, *Checkley*, 635 F. App'x at 559; *Gagne v. Gagne*, 338 P.3d 1152, 1166 (Colo. App. 2014). A defendant must show by a preponderance of the evidence that both requirements have been satisfied. *Campos v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02777-CMA-KLM, 2022 WL 2290617, at *5 (D. Colo. June 23, 2022), *report and*

*recommendation adopted*, No. 21-cv-02777-CMA-KLM, 2022 WL 2702849 (D. Colo. July 12, 2022); *see also Clayton v. Dreamstyle Remodeling of Colorado, LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021).

Finally, § 13-17-201 is subject to the requirements of Colorado Revised Statutes § 13-17-102(3). *Patterson v. James*, 2018 COA 173, ¶ 35, *cert. denied*; *Lees v. Tracy James*, No. 19SC48, 2019 WL 5957216 (Colo. Nov. 12, 2019). § 13-17-102(3) provides, "When a court determines that reasonable attorney fees should be assessed, it shall allocate the payment thereof among the offending attorneys and parties, jointly or severally, as it deems most just, and may charge such amount, or portion thereof, to any offending attorney or party."

### B. Mr. Zavodnick is Entitled to An Award of Fees under C.R.S. § 13-17-201 as Both Conditions are Met.

#### 1. The Action Against Mr. Zavodnick Arose in Tort.

In this action, Plaintiffs alleged numerous tort claims against Mr. Zavodnick pursuant to Colorado law. *See*, Second Amended Complaint, at Claims V, VI, VII, X, XI, XII. Plaintiffs also alleged Claim II, Civil RICO, III Federal Trademark Infringement, IV, False Designation of Origin and Unfair Competition, V, Colorado Common Law Trademark and Tradename Infringement, VI, Colorado Common Law Unfair Competition, VII, Colorado Consumer Protection Act, X, Slander Per Se, XI, Libel Per Se, XII, Tortious Interference with Business Expectancy. As the Court stated in its Order dismissing the action:

> While Plaintiffs have levied a variety of allegations against Mr. Zavodnick, including claims of RICO violations, trademark infringement, and tortious interference, the alleged facts underlying these claims all center on statements Mr. Zavodnick allegedly made about Plaintiffs on Youtube.

*See,* Doc. 389, Order Granting Motion to Dismiss for Lack of Personal Jurisdiction. All of the

claims against Mr. Zavodnick sound in tort, and in any event, the essence of the action against Mr. Zavodnick sounded in tort as the Court correctly pointed out that the entire action centered on statements allegedly made about Plaintiffs. *Id.* It is axiomatic that tortious interference, slander and libel are torts. *See, e.g. TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1183 (10th Cir. 2007). Trademark infringement is a tort. *See*, *SEBO Am., LLC v. K&M Housewares & Appliances Inc.*, No. 1:20-cv-03683-DDD-NRN, 2021 WL 1329077, at *1 (D. Colo. Mar. 18, 2021). Unfair competition and deceptive trade practices are torts. *Powell Prod., Inc. v. Marks*, 948 F. Supp. 1469, 1475 (D. Colo. 1996). Plaintiffs' RICO claim did not actually make any allegation against Mr. Zavodnick, and it can therefore hardly be said to be an essence of the action. *See*, Zavodnick Motion to Dismiss, Doc. 117, at pp. 12-13. Plaintiffs' RICO allegation defers to the allegations in the First Claim by stating "as more fully described in Count One." *Id.; See also,* Second Amended Complaint, ¶ 142. However, there is not one allegation in Count One that involves Mr. Zavodnick. *Id.* at ¶¶ 122-140. Therefore, there is no RICO allegation against Mr. Zavodnick. Thus, pursuant to C.R.S. § 13–17–201, all claims against Mr. Zavodnick arose in tort and the first prong of C.R.S. § 13-17-201 has been met.

> 2. **The Action Against Mr. Zavodnick was Dismissed Pursuant to Rule 12(b).**

In order for attorneys' fees to be awarded to Mr. Zavodnick, all claims against him must have been dismissed pursuant to Rule 12(b). *Checkley*, 635 F. App'x at 559; *Gagne*, 338 P.3d at 1166. On March 29, 2024, this Court entered an Order Granting Motion to Dismiss for Lack of Personal Jurisdiction. *See,* Doc. 389, Order Granting Motion to Dismiss for Lack of Personal Jurisdiction. This Court granted Zavodnick's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and dismissed all claims against Zavodnick without prejudice. Therefore, the second

requirement pursuant to C.R.S. § 13-17-201 for the recovery of attorneys' fees has been met and as a result Mr. Zavodnick should be awarded his reasonable attorneys' fees in defending the action.

### 3. The Requested Fees are Reasonable.

As detailed above, Mr. Zavodnick is entitled to recover his reasonable attorney fees in defending this action pursuant to C.R.S. § 13-17-201. The fees incurred are reasonable as required by the statute.

This Court's award of reasonable attorney's fees should be based upon a "lodestar" calculation "which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate." *United Phosphorus, Ltd. V. Midland Fumigant, Inc.,* 205 F.3d 1219 (10th Cir. 2000). The Supreme Court held in *Hensley v. Eckerhart* that the district court could adjust the lodestar in setting the reasonable fee. *Hensley v. Eckerhart,* 461 U.S. 424, 434-38 (1983). The "reasonableness" of the hours claimed turn on several factors including: 1) the number of hours which would be properly billed to a client using "good billing judgment;" 2) the time allocated to a specific task; 3) the duplication of efforts; and 4) whether billing entries are sufficiently detailed in showing how much time is allocated to a given task. *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). Time for tasks that are clerical in nature are not recoverable. *Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

The second step in determining the amount of attorneys' fees to be awarded is to determine whether the requested hourly rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation. *Blum*

*v. Stenson*, 465 U.S. 886, 895, n.11, 79 L.Ed.2d 891, 104 S.Ct.1541 (1984) (emphasis added). A reasonable hourly rate is a rate based on "prevailing market rates in the relevant community" for attorneys of similar experience in similar cases." *Id.* The third step is to multiply the reasonable time awarded by the reasonable hourly rate, which results in the "lodestar" amount. *Hensley*, 461 U.S. at 433.

A district court is in the best position to decide attorneys' fees. "[I]t remains for the district court to determine what fee is 'reasonable'." *Hensley*, 461 U.S. at 433; *Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986) (generally refer to district court's judgment as it saw they attorney's work first hand). In addition, the district court does not need to identify each hour deleted or each hour approved. "It is within the district court's broad discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting in deciding the appropriate fee." *Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*, 53 Fed. Appx. 31, 39 (10th Cir. 2002); *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136 (2nd Cir. 1983)(district courts not required to identify and justify each disallowed hour); *Lipsett v. Blanco*, 975 F.2d 934 (1st Cir. 1996)(court has extremely broad discretion in fashioning fee award); *Copeland v. Marshall*; 641 F.2d 880 (D.C. Cir. 1980).

Mr. Laszlo is a partner at LaszloLaw and has been licensed and practicing law in the state of Colorado since 2006. *See,* Exhibit A, Declaration of Michael J. Laszlo. He has participated in many cases throughout the country since that time. Mr. Laszlo is also licensed to practice law in the states of Arizona, California, Ohio and Washington, as well as many United States District Courts, including those of Colorado and Arizona as well as the Sixth, Ninth and Tenth Circuit

Courts of Appeals. *Id*. In this case, Mr. Laszlo drafted and filed two motions to dismiss on behalf of Defendant, Benjamin Zavodnick and participated in the defense of Mr. Zavodnick throughout the litigation of this case until this Court granted Mr. Zavodnick's Motion to Dismiss on March 29, 2024. Mr. Zavodnick is seeking reimbursement for Mr. Laszlo's time. *Id*. A copy of the relevant and reasonable time billed by Mr. Laszlo is attached as Exhibit B. Mr. Laszlo's hourly rates during the course of this matter ($350-$465) are reasonable and consistent with the rates of attorneys with similar skills and experience in the community, and that have been approved as reasonable in this District. *United States for use & benefit of RME Ltd., LLC v. Intact Ins. Grp. USA, LLC*, No. 21-CV-03285-CMA-SKC, 2023 WL 2837340, at *5 (D. Colo. Apr. 7, 2023) (finding billing rates of $380-$650 reasonable based on compilation of cases in the District); *see, e.g.*, *ORP Surgical, LLP v. Howmedica Osteonics Corp.*, No. 20-cv-01450-RBJ, 2022 WL 18456142, at *5 (D. Colo. Dec. 27, 2022) (finding Sherman & Howard rates of $650 per hour for members/partners and $575 and $380 per hour for members to be "within the range of rates approved as reasonable by several judges in this district"); *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2019 WL 319407, at *8–9 (D. Colo. Jan. 24, 2019) (approving rates of $625 per hour for partners, $425 per hour for associates, and $200 for paralegals); *Biax Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2013 WL 4051908, at *6–7 (D. Colo. Aug. 12, 2013) (finding reasonable rates of approximately $510 to $750 per hour for partners and $425 to $530 per hour for associates).

Additionally, Theodore E. Laszlo, Jr., Founding Partner at LaszloLaw assisted with the review of pleadings in this matter. *See,* Exhibit C, Declaration of Mr. Theodore E. Laszlo, Jr. Ms. Veronica L. Vecchio is an associate at LaszloLaw. She assisted with drafting the first motion to

dismiss as well as the drafting of this Motion. *See,* Exhibit D, Declaration of Ms. Veronica L. Vecchio. A copy of all relevant and reasonable time billed by Ms. Vecchio and Mr. Theodore E. Laszlo, Jr. is included in Exhibit B. The hourly rates charged by Theodore E Laszlo, Jr. ($395) and Ms. Vecchio ($32-385) are reasonable for the same reasons as set forth above. *See United States for use & benefit of RME Ltd., LLC*, 2023 WL 2837340, at *5, *supra*.

Finally, the amount of time billed was necessary and is reasonable given the nature and extent of the extraordinary amount of filings by multiple parties in the litigation of this matter and the results achieved – *i.e.*, dismissal of the action. *See,* Exhibit A.

The costs incurred by Mr. Zavodnick were for legal research and total $1,145.00. Legal research using Westlaw was necessary and reasonable.

Mr. Zavodnick therefore requests this Court award the requested fees and costs against Plaintiffs and their attorney, Valarie Yanaros, jointly and severally.

### III.  CONCLUSION

WHEREFORE, Mr. Zavodnick respectfully requests that this Court award Mr. Zavodnick his reasonable attorneys' fees of $36,949.50 and costs of $1,145.00 incurred in defending this action pursuant to C.R.S. § 13–17–201, against Plaintiffs and their attorney, Valarie Yanaros, jointly and severally.

Respectfully submitted this 12th day of April 2024.

LaszloLaw

*s/ Michael J. Laszlo*
Michael J. Laszlo (#38206)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410
Email: mlaszlo@laszlolaw.com

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By: s/ Michael J. Laszlo
Michael J. Laszlo