# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION,

    Third-Party Defendants.

## DECLARATION OF MICHAEL J. LASZLO

I, Michael J. Laszlo, pursuant to 28 U.S. Code § 1746 declare as follows:

    1.    I am over 18 years of age, and I have personal knowledge of the matters stated in this Declaration.

    2.    I am an attorney of record for Defendant, Benjamin Zavodnick, and am

authorized to make the statements and representations herein.

3. I have been practicing law since 2006.

4. I am licensed to practice law in the states of Arizona, California, Colorado, Ohio and Washington. I am also admitted in several federal district courts and courts of appeals including the Tenth Circuit Court of Appeals.

5. I have participated in multiple court and jury trials in my career.

6. In June 2020, Mr. Zavodnick engaged me and my law firm to represent him in this matter. See, engagement letter attached hereto.

7. In connection with my work on this case, my hourly rate at the time services commenced in 2020 was $350.00 per hour. My current hourly rate is $465, both of which are reasonable in the community and commensurate with the rates of attorneys with like skill and experience.

8. The fees associated with my services total $30,438.00. This figure represents 83.2 hours of attorney time.

9. The filings in this case have been extraordinary, and voluminous. After the briefing of Mr. Zavodnick's Motion to Dismiss was complete on January 25, 2021 (Doc. #136), I had to monitor and review each filing, and email correspondence from the Parties and counsel to determine whether Mr. Zavodnick was implicated therein. Mr. Zavodnick's Motion was granted on March 29, 2024 (Doc. #389). Thus, during that time period, I was required to, and did, devote time to reviewing the filings and correspondence in connection with my defense of Mr. Zavodnick.

10. The figures set forth above were determined by reviewing pertinent time keeping and billing records maintained by LaszloLaw as a matter of course. A copy of these records is attached to Benjamin Zavodnick's Motion for Attorney Fees Pursuant to C.R.S. § 13-17-201 as

Exhibit B. The billing records reflect the work performed and the party responsible for the work performed in chorological order.

11. No time spent was wasted, inappropriate or unnecessary. The fees charged by LaszloLaw are reasonable and commensurate with my experience and attorneys with like skill and experience.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 12, 2024, in Boulder, Colorado

Michael J. Laszlo

# LaszloLaw®

COUNSELORS AT LAW
2595 CANYON BOULEVARD SUITE 210
BOULDER, COLORADO 80302
TELEPHONE (303) 926-0410
WWW.LASZLOLAW.COM

**VIA EMAIL DELIVERY:** [████████████████]

May 29, 2020

Benjamin Zavodnick

[████████████████]

Re:  **Engagement of LaszloLaw**

Dear Mr. Zavodnick:

    Thank you very much for asking LaszloLaw to represent you. We look forward to working with you. This letter confirms our discussion, summarizes our understanding of our representation of you, and addresses certain aspects of how we will undertake this representation.

    Our goal is to provide you with the legal services you need, when you need them, and for a reasonable charge. LaszloLaw has consistently worked hard to be flexible and cost-conscious, and to include our clients whenever possible in the frequent decisions which must be made about where and when to devote LaszloLaw's time and resources. We encourage and welcome thoughts, questions, and directions at any time on all aspects of our work including staffing decisions, time commitments, and billing procedures.

    Upon our receipt of an originally executed copy of this letter, it will serve as our agreement. If at any time you have questions or would like clarification as to our representation, fees, or any other matters, please contact us at any time.

## 1. SCOPE OF AGREEMENT

    Our understanding of our representation of you is as follows: we will provide legal services in connection with defense of the lawsuit *Goode et al. v. Gaia, Inc.*, et al. USDC Colo. 1:20-cv-00742-KLM. If this is not a correct summary of what you asked us to undertake, please let me know immediately.

## 2. FEES, COSTS AND EXPENSES

    Our objective is to handle your work in the most cost-effective manner, consistent with our commitment to provide you with the highest quality of legal services. Our charges for the services to be rendered are determined primarily upon the amount of time expended on a particular project although a number of other criteria are also considered. We also take into account:

- Project magnitude and complexity
- Professional skill and experience required
- Effort and firm resources required
- Deadline and time constraints

LASZLOLAW
Page **2** of 4

- Results obtained
- Preclusion from other engagements

We quote hourly rates as a convenient manner for fee estimation for clients. Hourly rates are a guideline for reasonable charges and are an estimate of charges that you may anticipate.

My present hourly rate is $350.00 per hour, and from time to time other attorneys in our office may work on your file. Our current hourly rates are $395.00 per hour for Theodore E Laszlo, Jr., $325.00 per hour for Veronica Vecchio and other associates, and $125.00 for paralegals. I anticipate that I and Veronica Vecchio will perform the majority of the work for you. From time to time other attorneys may be called upon to work on your behalf. In such case, their names and hourly rates will appear on our monthly statements. If any task necessitates more than one attorney, all attorney time will be billed. Work will be tracked and billed on the basis of increments of 0.1 hours.

Our hourly rates change from time to time. Although we do not have a single annual review of all hourly rates, you may anticipate that our rates usually will not be changed more often than annually, if that often. You will be notified of any rate changes.

Our firm bills for services and advanced expenses for disbursements as services are rendered and expenses advanced. Disbursements include, for example: photocopying, long distance telephone charges, courier and express mail services, online legal research services, filing fees, court costs, necessary travel, and related expenses. We appreciate payment upon receipt of our invoice. Failure to make timely payments may, upon notice, result in the firm's withdrawal as your counsel.

### RETAINER

As discussed, to begin our representation, we will require a fee retainer in the amount of **$5,000** (five thousand dollars) Payment may be made by check, money order (payable to "Laszlo and Associates ▇▇▇"), by wire, or by credit card at this link: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

If the matter continues to active litigation, we will require a $10,000.00 retainer to be maintained at all times throughout the litigation.

Costs are to be paid by you as they are incurred.

### 3. LATE CHARGES

Our statements are due and payable upon transmittal to you. All accounts which have been outstanding more than 60 days from the invoice date may be assessed a monthly late charge equal to 1.5% of the amount of past due fees, costs and previous late charges. Expressed as an interest rate, the late charge is equivalent to an annual percentage rate approximating 19.6%.

While payment for services and advanced expenses is due at the time the service is rendered and/or the expense advanced, our bills will be dated as of the 15th day and the last day of each month.

### 4. UNPAID CHARGES

**LASZLOLAW**
Page 3 of 4

It is specifically agreed that if at any time any invoice rendered by us to you for legal services and expenses remains unpaid for any reason longer than thirty (30) days, we shall have the right to discontinue performance of further legal services and to withdraw as your attorney, regardless of any event or proceeding which may then be pending unless we have reached a subsequent written agreement with respect thereto.

If we are required to take steps to collect any outstanding sum owed to us by you, you will be obligated to pay all costs incurred by us in collection, including reasonable attorneys' fees.

5. **TERMINATION OF REPRESENTATION**

You may terminate our representation at any time subject to any applicable outside limitation such as the need for court approval for our withdrawal. In the event of termination of our representation by you or us, you will be responsible for unpaid fees and disbursements you incurred and for court costs and attorneys' fees incurred in the collection of unpaid amounts. If the representation is terminated between the completion of increments described in Section 2 above, Client shall pay a fee based on the hourly rates set forth above. However, such fees shall not exceed the amount that would have been earned had the representation continued until the completion of the increment, and in any event all fees shall be reasonable.

Upon termination of our representation of you and full payment of amounts due us, I will, at your request or with our approval, return to you all files relating to our representation of you except (a) my private notes and (b) any files relating to a securities offering or issue which, as a matter of policy, we retain for a minimum of three years following completion of the offering. However, we will make and provide to you a copy, at your expense, of any material in the file.

6. **MEDIATION OF ANY DISPUTES**

It is agreed that any dispute which may arise regarding our representation of you, including collection of amounts owed for services rendered and any dispute whatsoever which you may have with use or any claim against us or any person, employee or legal assistant employed by us which arises out of our furnishing legal services to you, shall be resolved by first attempting mediation of the matter in Boulder, Colorado. In the event the party upon which demand is made for mediation is unwilling to participate in mediation, after 30 days from the date demand was made, the demanding party may proceed to litigation in the state and/or federal courts having jurisdiction in Boulder, CO. The parties shall be responsible for their own fees and costs associated with the mediation. The prevailing party in any litigation shall be awarded their reasonable fees and costs.

7. **CONFLICTS OF INTEREST**

It is recognized that we are not in a position to represent conflicting interests of different clients. Upon accepting any new client or new matter, we attempt to determine whether the engagement would present a conflict with any other matter pending of any other client. Because we are performing work for a number of clients, conflicts between the interests of various clients may be discovered after the engagement is undertaken or may develop during the representation. Upon the discovery of any such conflict of interest, we will immediately inform you of the conflict and will endeavor to work with you toward a resolution which is acceptable. However, if the conflict can be resolved only by our withdrawing as your counsel, our obligation to you as a result shall be limited solely to working with you to find an acceptable replacement. In such event, we shall be entitled to be compensated for all services

## LaszloLaw

Page 4 of 4

performed, including time spent working with you to resolve the conflict, in accordance with this Agreement.

### 8. OWNERSHIP OF FILES AND RECORDS

Except as to original records or any records or files which we accept upon the understanding that they belong to you, it is hereby agreed that all files, copies of documents, correspondence, or other materials, which we accumulate in connection with your representation, including copies of materials filed with any regulatory agency, shall be our property. Upon the termination of the engagement, we will return any property belonging to you upon your request provided that all fees and expenses have been paid. We shall require from you written authorization to transfer any property belonging to you to a third party. Copies of our files and other materials which we accumulate during our representation will be made available to you at your expense; however, it is specifically agreed that we shall have the right, at our discretion, to dispose of these files at such time that we determine that such files need not be retained any longer. After such destruction, our files will no longer be available.

### 9. MISCELLANEOUS

We will endeavor to assist you in evaluating the potential results of any matter upon which we provide representation, but our evaluation of results should not at any time be considered a representation or guarantee of the ultimate outcome. You agree to indemnify and hold us harmless from any liability which may be incurred because of any information which you knew or should have known but failed to provide to us in connection with a matter in which we represented you. The fee and representation arrangements described in this letter will extend to all matters where we represent you. If this arrangement is not acceptable to you, we can endeavor to discuss other arrangements prior to commencing work for you. Otherwise, please review, sign, and return one copy of this agreement to permit us to begin work on your behalf.

Again, thank you for choosing LaszloLaw to assist you in this matter. We look forward to working with you.

Very truly yours,
LaszloLaw

Michael J. Laszlo

**Accepted and agreed:**

Date: ~~May~~ June 8th, 2020

By: Benjamin Zavodnick