# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS, INC.,

      Plaintiffs and Counter Defendants,

v.

GAIA, INC.,

      Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

      Defendant, Counter-Claimant, and Third-Party Plaintiff

---

## ALYSSA MONTALBANO OBJECTION TO ORDER [#384]

---

COMES NOW, Alyssa Chrystie Montalbano, Counter-Claimant and Third-Party Plaintiff, and objects to Sections I and II of the order entered March 29, 2024 [#384], for failure to apply fraud plausibility standards to the SACC or TACC, and failure to apply confession standards or Federal Rules of Evidence standards to Goode's deposition confession.

# I.   BACKGROUND

On March 29, 2024, Judge Daniel Domenico denied [#384] [re]admittance of Counter-Claimant and Third-Party Plaintiff Ms. Alyssa Chrystie Montalbano's proposed Third Amended Counterclaims Complaint ("TACC") fraud[1] claim [#355-1 at 20-60]. He also denied Montalbano's first Motion to Reconsider regarding the "Goode Defendants*[2]" [#355]; and Montalbano's Motion to Amend the Complaint regarding the "Wilcock Defendants**[3]" [#361]. The Second Amended Counterclaims Complaint ("SACC") is the operative pleading [#217].

The SACC (excluding the Defamation claim) was originally dismissed against the Goode Defendants, on February 17, 2023. Judge Domenico adopted [#345] Magistrate Mix's; one year prior written; February 28, 2022, recommendation [#283] and entered Judgment [#346, February 17, 2023]. The recommendation was directed at the SACC [#204 Motion Amend, #217 SACC admitted June 18, 2021]. It was not directed at the year later proposed TACC[4] [#355-1, March 17, 2023]. The TACC was denied [re]admittance against the Goode Defendants on March 29, 2024.

The SACC was dismissed for the first time against the Wilcock Defendants on March 29, 2024, and the proposed TACC was also denied. Judge Domenico again adopted the recommendation dismissing the Wilcock Defendants [#384 at 5-6 (citing Dkt. #345)]. He stated, "[Montalbano] makes no argument as to why the Wilcock Defendants are differently situated,

---

[1] In citing only the fraud claim, Montalbano does not forfeit her right to make any other arguments on appeal relevant to the March 29, 2024 Order and related filings. Only the fraud claim is directly addressed due to a recent death in the family. A trade secret journal record foreseeing this was emailed to Goode on September 19, 2017, and documented on page 34 of the pdf file.

[2] *"Goode Defendants" - counter-defendants James "Corey" Goode and GOODE ENTERPRISE SOLUTIONS, INC. (owned by Goode), and third-party defendant LIGHT WARRIOR LEGAL FUND, LLC. (owned by Goode).

[3] **"Wilcock Defendants" - Third-party defendants David Wilcock and THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION.

[4] There were prior motions to amend the TACC, however, they did not include a fully proposed amended complaint. Only two amended claims were proposed and denied, Deprivation of Rights (not pursued post judgment) [#315-1, June 30, 2022] and RICO [#308-2, June 6, 2022]. The TACC fraud claim amendments were not prior proposed.

either legally or factually, to the other counter defendants and third-party defendants against whom her claims have been dismissed" [#384 at 5].

Goode gave a deposition on September 26, 2022, in related federal case 1:20-CV-00947 [#356-5, #356-10, #356-14]. This deposition was an admission of guilt. He confessed to fraud. This confession was first submitted for consideration in this instant case on March 17, 2023, with Montalbano's first Motion for Reconsideration ("Motion") [#355] and the proposed TACC [#355-1]. The Motion was timely filed within twenty-eight days of the dismissal order and judgment. Goode's deposition confession was 'denied' one year later on March 29, 2024, because it did not add any "new information not already alleged in [Montalbano's] operative pleading" [#384 at 4].

## II.  DISCUSSION

### A.  Appellate Court Review

The Appellate Court reviews motions for reconsideration using an abuse of discretion standard. "An abuse of discretion occurs where the district court clearly erred or ventured beyond the limits of permissible choice under the circumstances." *Wright ex rel. Tr. Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1233 (10th Cir. 2001), citing *Deters v. Equifax Credit*, 202 F.3d 1262, 1268 (10th Cir.2000). The matters at issue in this motion are if this court abused its discretion by (1) dismissing the fraud claim without applying fraud pleading standards to the SACC or TACC facts, excluding the one set of misunderstood SACC facts; and (2) treating Goode's deposition confession as a re-argued allegation.

**B.  Magistrate Mix Recommendation Misunderstanding, February 28, 2022**

Magistrate Mix recommended dismissal of the SACC fraud claim based on the following

summarized misunderstanding:

> Montalbano believed she was a stalker and dark alliance (criminal) because Goode told
> third parties she was, and Montalbano relied on this as true and as a result was damaged
> by donating money to Goode.

This misunderstanding spanned three pages to reach this incorrect conclusion [#283 at 25-27]

(citing #217 at 108, 113-14, 117)]. No other fraud allegation facts were addressed.


**C.  Judge Domenico Dismissal, February 17, 2023 – SACC**

Judge Domenico did not address any of the SACC fraud claim facts when he dismissed

the SACC fraud claim on February 17, 2023. His reasoning for dismissing the fraud claim was

because "the pleading spans over 200 pages. It comprises 756 paragraphs (Doc. 217 at 29-232)

and comes with twenty-five attached exhibits totaling nearly 200 pages (Docs. 121-1 to 121-25)"

[#345 at 14]. He then adopted Magistrate Mix's recommendation and did not review the fraud

allegations or exhibits under fraud pleading standards.


**D.  Dismissal Orders – March 29, 2024 - Deposition**

In Judge Domenico's March 29, 2024 orders ("Order") he stated the only viable grounds

Montalbano made in her motion for reconsideration [#355] is that of 'new evidence'

[#345 at 4].  He then dismissed the new evidence (Goode's admission of guilt deposition) by

treating it as a fraud 'allegation' being re-argued. He held that [a motion for reconsideration] is

an "inappropriate vehicle to reargue an issue previously addressed by the court . . ." citing *Servants of the Paraclete*, 204 F.3d at 1012 [#345 at 4].

This Order has two major factual errors, (1) This court has never prior addressed the deposition admission of guilt (confession); and (2) This court has never plausibly addressed the SACC or TACC fraud claim under fraud pleading standards, excluding the misunderstanding.

### E. Comparison Dismissal of Goode's fraud claim

For comparison purposes, on March 31, 2024, Judge Domenico dismissed Goode's Fraudulent Misrepresentation claim against GAIA, GAIA Individuals, and Mr. Jay Weidner [#390]. In so doing, he listed the fraud pleading standard, iterated relevant pleading facts from the plaintiffs pleading, and then explained why those facts failed to plead a claim [#390 at 28-29]. This factual analysis was done in even greater detail with the plaintiffs' other claims.

Conversely, no fraud facts were cited by Judge Domenico[5] or Magistrate Mix in their recommendation [#283] or dismissal orders [#345] that justified the dismissal of the SACC fraud claim under fraud pleading standards. *Conley v. Gibson,* held that,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. *Maty v. Grasselli Chemical Co.*, 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745.

*Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)

Montalbano's pleading was dismissed because she lacked pleading writing skills and the pleading stage was unfairly turned into a game of skill.

---

[5] It is to be duly noted Judge Domenico tried to make sense of Montalbano's SACC citations, but there were too many [#345 at 14].

### III.      FRAUD PLEADING STANDARDS

#### A.  Fraud Pleading Element Standard – Not Applied to SACC or TACC

The following elements are required to state a plausible fraud claim:

1. The defendant made a false representation of a past or present fact;
2. The fact was material;
3. At the time the representation was made the defendant knew it was false
4. The defendant made the representation with the intent that the (plaintiff) individual or group of people would act on it
5. The plaintiff relied on the representation
6. The plaintiff's reliance was justified
7. This reliance caused damages to the plaintiff

Colorado Model Jury Instructions, CJI-Civ. 19:1.[6]

None of these standard fraud pleading elements were used to evaluate the SACC or TACC fraud allegations or exhibits, excluding the one set of misunderstood facts by Magistrate Mix.

#### B.  Fraud Burden of Proof Standard – Not Applied to SACC or TACC

The burden of proof for a civil claim is much lower than that of a criminal claim. Civil cases generally require a "preponderance of the evidence"[7] burden of proof. Criminal cases require a "beyond a reasonable doubt"[8] burden of proof. Civil claims of fraud have a burden of proof somewhere between civil and criminal, verging on the criminal level burden of proof. Neither of these burdens of proof standards were used to evaluate Montalbano's SACC or TACC fraud claim, excluding the one set of misunderstood facts by Magistrate Mix.

---

[6] https://www.courts.state.co.us/userfiles/file/Court_Probation/Supreme_Court/Committees/Civil_Jury_Instructions_Committee/Chapter%2019.pdf

[7] "**Preponderance of the Evidence.** The greater weight of the evidence, not necessarily established by the greater number of witnesses testifying to a fact but by evidence that has the most convincing force; superiority or evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Black's Law Dictionary* 991-992 (abr. 8th ed. 2005).

[8] **Reasonable Doubt.** The doubt that prevents one from being firmly convinced of a defendant's guilt, or the belief that there is a real possibility that a defendant is not guilty." *Black's Law Dictionary* 1049 (abr. 8th ed. 2005).

## C.  F.R.C.P. Rule 9 – Particularity Pleading Standard

Under F.R.C.P. Rule 9, fraud must be pleaded with specificity and particularity. But, this standard is not explicitly defined.  Montalbano [unartfully] pleaded many fraud facts with particularity in the SACC [#217] and somewhat more artfully in the TACC [#355-1][9]. However, because Judge Domenico held there were too many facts and exhibits for him to review, *supra* at p. 4, he never applied Rule 9 pleading standards to the SACC or proposed TACC fraud facts.

## D.  Plausible Fraud Pleadings – SACC and TACC

Because the SACC was indeed unartfully pleaded and could reasonably cause judicial misunderstanding or aversion to reading the SACC fraud pleading, the following simplified facts show the plausible fraud claim elements in the SACC and somewhat simplified in the TACC:

### i.  *ALIEN FRAUD*

1. Goode and Wilcock made the false representation that Goode's alien stories were real experiences to Montalbano and the general public via print, broadcast, and the internet, [SACC ¶24, ¶28, ¶¶62-65, ¶¶101-103, ¶295, ¶297, ¶¶310-324; TACC ¶¶73]

2. This fact was material[10];

3. At the time the representation was made the defendants Goode and Wilcock knew their alien stories were fake [SACC ¶295;  TACC ¶74, ¶¶77-79]

4. Goode and Wilcock made the representation the stories were real experiences to obtain financial donations and make sales [SACC ¶¶104-105, ¶325; TACC ¶167]

5. Montalbano, like the public, relied on the representation that the experiences were literal [SACC ¶106; TACC ¶¶73-74];

6. Montalbano's reliance was justified [SACC ¶107, TACC ¶73;

---

[9] At the time the full TACC was proposed, Montalbano had only about two months of legal training with one college class, Torts. To date, Montalbano is approximately 50% towards a Paralegal AAS degree. Montalbano is amenable to modifying the TACC Fraud Claim to be similar to what is presented in this objection.

[10] "**Material**. . . . **3.** Of such a nature that knowledge of the item would affect a person's decision-making; significant; essential . . . " *Black's Law Dictionary* 817 (abr. 8th ed. 2005).

7. This reliance caused damages to Montalbano. She purchased their products, attended events, and paid for subscriptions under the belief their alien stories were real. SACC ¶¶113-117, ¶336;  TACC ¶¶75-76, ¶¶199-204; #290-1 book purchases]

The fraud element pleading standard was never applied to this set of fraud facts. Magistrate Mix did not review this set of facts, nor did Judge Domenico because there were too many or they had to be 'hunted' for in the SACC [#345 at 15].

Goode admitted guilt when he stated on the court record his alien stories were fake and that he [and Wilcock] knowingly presented them to the public as real to make sales [#356-5]. Goode's confession proves this set of fraud allegations are plausible and with merit.

### ii. POOR FRAUD

1. Goode and Wilcock made a false representation that they were poor to acquire donations from Montalbano and the general public; [SACC ¶122; TACC ¶191]

2. This fact was material;

3. At the time the representation was made the defendants Goode and Wilcock knew it was false. They were collectively making millions of dollars [SACC ¶310 G, Wilcock million dollar homes; TACC ¶83, ¶¶91-101]

4. Goode and Wilcock made the representation they were poor with the intent that Montalbano and the general public would donate money to them [SACC ¶¶120-122; TACC ¶191];

5. Montalbano relied on the representation that they were poor [SACC ¶¶120-122; TACC ¶74];

6. Montalbano's reliance was justified [SACC ¶107, TACC ¶73];

7. This reliance caused damages to Montalbano. She donated $50 to Goode [TACC ¶102] and shared intellectual property dream journal records [TACC ¶52] under the belief they were poor. SACC ¶¶120-126, ¶285, ¶310 G, I, ¶336;  TACC ¶¶199-204; #121-2 at 15-19 Donation $50]

The fraud element pleading standard was never applied to this set of fraud facts. Magistrate Mix did not review this set of facts, nor did Judge Domenico because there were too many or had to be 'hunted' for in the SACC.

Goode admitted guilt when he stated on the court record he and David Wilcock collectively earned millions of dollars [#356-10]. Goode's confession proves this set of fraud allegations are plausible and with merit.

### iii. DEFAMATION FRAUD

1. Goode and Wilcock made the false representation to Montalbano and the general public that they and their whistleblowers [SACC ⁋45, ⁋322-323; TACC ⁋80-88; #121-2 at 16 and #356-3 Pete Peterson, #121-23 Emery Smith fake lab photo] were under attack by the "Dark Alliance" or "cabal" [SACC ⁋⁋51-53, ⁋84, ⁋310, ⁋⁋319-323; TACC ⁋⁋29-31, ⁋39; #121-5 Dark Alliance, and #308-3 and #308-14 Smith under attack]

2. These facts were material;

3. At the time the representations were made Goode and Wilcock knew they were not under attack by the 'dark alliance' or 'cabal.' They were destroying the reputations and businesses of their competitors or critics [SACC ⁋316-317, ⁋347; TACC ⁋⁋104-111, ⁋⁋123-130; #356-11 Bill Ryan showing "20 and Back" first published by Michael and Stephanie Relfe in 2000 and not Goode [#356-12, Goode "20 and Back" TM (2018)].

4. Goode and Wilcock made these false representations to Montalbano and the general public to acquire donations and make product sales [SACC ⁋325; TACC ⁋40, ⁋196];

5. Montalbano relied on these representation as true; [SACC ⁋120; TACC ⁋⁋73-74];

6. Montalbano's reliance was justified [SACC ⁋107, TACC ⁋16];

7. This reliance caused damages to Montalbano. She donated $50 to 'whistleblower' Pete Peterson [SACC ⁋310 I, TACC ⁋103; #121-2 at 10-14, $50 donation for Peterson] Montalbano also purchased products and attended events under the belief they were fighting criminals [SACC ⁋113-116, ⁋120; TACC ⁋⁋199, ⁋201]. Montalbano was later reputationally and professionally damaged when Goode, and LIGHT WARRIOR

LEGAL FUND, LLC began defaming Montalbano as part of their fictional criminal groups [SACC ¶¶328-333; TACC ¶¶197-198, ¶200, ¶¶202-204; #121-21 at 1-9 defamation]

These are the fraud allegations that Magistrate Mix misunderstood. Judge Domenico subsequently adopted this misunderstanding and dismissed the fraud claim. He did not review these facts because there were too many and he relied on Magistrate Mix's recommendation to be correct.

Goode admitted guilt when he stated on the court record that he and his associates knowingly colluded and paid third parties to coerce their critics and business competitors [#356-10, Goode confessing he paid a third party to coerce critic Bill Ryan]. He also referred to his critics and competitors as cyberstalkers and dark forces on the court record. Goode's confession proves this set of fraud allegations are plausible and with merit.

Montalbano respectfully requests that the fraud facts as organized in the TACC be plausibly addressed by this court under fraud pleading standards. In the alternative, Montalbano may file an appeal asking the higher court to order this court to review the fraud claim under fraud pleading standards without turning the pleading stage into a "game of skill" and order this court to make a "proper decision on the merits." *Conley,* 355 U.S. at 47-48.

## IV.   DEPOSITION CONFESSION

### A.  Admission Standard versus Allegation Standard

BLACK'S LAW DICTIONARY defines "admission" as ". . .an acknowledgment that facts are true. Cf. CONFESSION" *Black's Law Dictionary* 41 (abr. 8th ed. 2005). Guilt is defined as "The fact or state of having committed a wrong, esp. a crime" (p. 587). An "indirect confession" is described as "A confession that is inferred from the defendant's conduct" (p. 250). Cornell

Law School clarifies that an 'admission of guilt' "can be indicated from the words of an accused even though specific words like "yes, I am guilty" are not used." This definition is derived from the Supreme Court case *Libretti v. U.S.*, 516 U.S. 29 (1995)[11].

BLACK'S LAW DICTIONARY defines an allegation as "Something declared or asserted as a matter of fact, esp. in a legal pleading; a party's formal statement of a factual matter as being true or provable, without its having yet been proved" (p. 63).

Montalbano's SACC and TACC fraud claim facts are allegations. Goode's deposition is an admission of guilt (confession). Goode's confession proved Montalbano's fraud allegations.

Judge Domenico applied an incorrect 'allegation fact standard' of review for the confession. He treated it as a redundant fraud allegation attempted to be 're-argued.' This is evidenced by his stating that [the motion to reconsider] is an "inappropriate vehicle to reargue an issue previously addressed by the court . . ." [#384 at 4]. The correct standard of review for a deposition confession is under evidence and confession rules. It would need to be determined if (1) the confession was lawfully obtained under constitutional law (Fifth Amendment), and (2) if the deposition was admissible under deposition rules of evidence (F.R.E. Rules 27 through 32). The deposition is admissible under both standards. Neither of these standards was applied to Goode's deposition confession. The deposition also was not reviewed in conjunction with Montalbano's fraud allegation under fraud pleading standards to determine merit.

## B. Dismissal Order Misunderstandings

In the Order, Judge Domenico stated the only viable grounds Montalbano made for reconsideration was that of 'new evidence' [#345 at 4]. This post-judgment 'new evidence' analysis applies to the Goode Defendants.

---

[11] "Admission of Guilt." Cornell Law School. Accessed April 12, 2024.
https://www.law.cornell.edu/wex/admission_of_guilt#:~:text=Admission%20of%20guilt%20is%20an,am%20guilty%E2%80%9D%20are%20not%20used.

Goode's confession of guilt was denied on two grounds:

(1) It was a re-argument of matters already addressed [*id.* at 4] and;

(2) It was not the "type of newly discovered evidence that would justify reconsideration of [Judge Domenico's] prior order." [*id.* at 5].

Judge Domenico then proceeded to admit that "While that testimony [Goode's confession] may help support some of Ms. Montalbano's factual allegations, it does not contain any new information not already alleged in her operative pleading." As explained above, a deposition confession is not an allegation. It is an admission of guilt that proved the alleged fraud claim facts and warranted [re]admission of the fraud claim based on the merits.

**C.  Orders on Motion for Reconsideration Errors**

After using the wrong standard for analyzing Goode's confession, Judge Domenico cites *Green v. Fishbone* as giving "plenary powers" to dismiss the Motion. He also cites to *Servants of the Paraclete* to dismiss the alleged re-argument of a prior addressed 'allegation' (Goode's Confession).

Goode's deposition confession [#356-5, #356-10, #356-14] was filed as soon as Montalbano could reasonably do so, which was March 17, 2023, with the Motion for Reconsideration [#355]. The deposition was given on September 26, 2022. Montalbano was finally able to acquire a redacted version of it in mid-December 2022. It was an impossibility for this deposition to be 'argued' in the SACC that was first proposed on May 29, 2021 [#204]. It was an impossibility for it to be considered by Magistrate Mix in her SACC dismissal recommendation which was filed February 28, 2022 [#283]. And it was not available for consideration by Judge Domenico before his dismissal orders or entry of judgment [#345,

February 17, 2023]. For these reasons, the confession could not plausibly be a re-argument warranting its dismissal.

***Servants of the Paraclete***

    *Servants of the Paraclete* involved sexual abuse lawsuits against priests. It addressed two late filed Rule 60(b) motions. They were both filed over 180 days after the declaratory judgment was entered. The second late Rule 60(b) motion sought to address matters that could have been argued in the first Rule 60(b) motion but were not. Both motions sought to have the court reverse a declaratory judgment that all parties had prior agreed to. The district court addressed the late filing issue and clarified that the declaratory judgment was the final appealable order. The appellate court affirmed. No new evidence or a confession was presented. The Courts held that a local New Mexico attorney receiving a timely copy of the declaratory judgment, and not the lead out-of-state attorney, did not qualify as 'an extraordinary' circumstance warranting acceptance of the late-filed motions and that that the motions merely sought to extend the 'appeal by' date.

    Specific to these facts, *Servants of the Paraclete* does not apply to Montalbano's motion for reconsideration facts. Montalbano's post-judgment motion was timely filed within twenty-eight days of the dismissal order and entered judgment. There was no late filing matter at issue. The new evidence (confession) was presented for consideration for the first time in the first Motion for Reconsideration. *Paraclete* states "the basis for the second motion must not have been available at the time the first motion was filed." 204 F.3d at 1012. As outlined in the paragraphs above, it was an impossibility for the new evidence (confession) to be argued with the SACC or prior judgment. Dismissal of Goode's confession was based on it being treated as a 'second' re-argument of an allegation. This is an error beyond the limits of permissible choices under the circumstances.

***Green v. Fishbone Safety Solutions, Ltd.***

*Green v. Fishbone Safety Solutions, Ltd.,* 303 F.Supp. 3d 1086*,* held that "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires" [#384 at 4].  It is true courts have broad reconsideration plenary powers[12]. However, these powers may only be used in accordance with court rules and procedures. As outlined in this motion, fraud plausibility standards were not applied to Montalbano's fraud allegations. Evidence and confession standards were not applied to Goode's deposition confession. There was no plenary power justification to dismiss Goode's confession that proved Montalbano's fraud allegations were with merit beyond a reasonable doubt.

*Servants of the Paraclete* also held that "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.* Fed.R.App.P. 40(a)(2)." 204 F.3d at 1012. Montalbano has timely filed this objection because the fraud claim facts and confession evidence have been misapprehended and this court can now use its plenary powers to fix these errors (without an appeal) because justice requires it.

> "[T]he Tenth Circuit has noted that there is nothing which "limits the plenary power of a federal district court which has made an interlocutory order to grant such relief from that order as justice requires while the case is pending before it." *Houston Fearless Corp.,* 313 F.2d at 92;

*Montano v. Chao*, CIV.A.07-CV-00735-EW, 2008 WL 4427087, at *5 (D. Colo. Sept. 28, 2008).

---

[12] "***plenary power.*** Power that is broadly construed; esp., a court's power to dispose of any matter properly before it." *Black's Law Dictionary* 982 (abr. 8th ed. 2005).

## CONCLUSION

**WHEREFORE**, for all the aforementioned facts and reasons, Montalbano respectfully requests this court apply fraud pleading standards to her TACC fraud claim facts and apply evidence and confession standards to Goode's deposition confession [#356-5, #356-10, #356-14]; and upon a finding of merit re-admit the TACC fraud claim [#355-1 at 20 – 60] against the Goode Defendants and the Wilcock Defendants as justice requires it.

Dated this 12th day of April 2024.

Respectfully Submitted and All Rights Reserved,

*/s/ Alyssa Chrystie Montalbano*

Pro Se Litigant, Defendant, Counter-Claimant, Third-Party Plaintiff, Paralegal student

970.250.8365
2536 Rimrock Ave
Suite 400-117
Grand Junction, CO 81505
E-mail: LegalZenACM@gmail.com

**Certificate of Compliance**

I certify the foregoing Objection complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I certify that on this 12th day of April 2024 a copy of the foregoing Objection was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5), and a copy delivered via USPS mail upon Mr. David Wilcock and THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION via appointed agent, Mr. Tim Harris, located at 7848 W Sahara Ave, Las Vegas, NV 89117.

**/s/ Alyssa Montalbano**

Alyssa Montalbano, Pro Se Litigant, Paralegal Student