IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

GAIA, INC.,

    Defendant and Counter Claimant, and

ALYSSA MONTALBANO,

    Counter Claimant.

## ORDER

Counter Claimant Alyssa Montalbano objects to my orders dismissing her claims and denying her renewed motion to file a third-amended pleading. Doc. 400 (objecting to Doc. 384). For the following reasons, Ms. Montalbano's objections are overruled, and final judgment as to her third-party claims is certified for appeal.

### BACKGROUND

Plaintiffs and Counter Defendants James Corey Goode and his company Goode Enterprise Solutions, Inc. brought claims against Ms. Montalbano. *See* Doc. 111. Ms. Montalbano moved to dismiss the plaintiffs' claims against her, and I granted that motion. Doc. 384 at 6.

Ms. Montalbano also brought counterclaims against the plaintiffs and third-party claims against numerous third-party defendants. *See* Docs. 120, 121. She has twice amended her answer, counterclaims,

and third-party claims: first on April 26, 2021, Doc. 184, and again on June 18, 2021, Doc. 217.[1]

On February 17, 2023, I adopted the recommendation of United States Magistrate Judge Kristen L. Mix to dismiss all of Ms. Montalbano's counterclaims except her defamation claim against Mr. Goode, and to dismiss all of her third-party claims except those asserted against Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and Empowerment Foundation (the "Wilcock Defendants"), who at that time had not yet responded to Ms. Montalbano's operative pleading. Doc. 345 at 6-31. I also denied Ms. Montalbano's multiple motions for leave to file a third-amended pleading. *Id.* at 34-36. Final judgment was entered that same day with respect to Ms. Montalbano's third-party claims that were dismissed. Doc. 346. On March 17, 2023, Ms. Montalbano filed a motion titled "Partially Opposed Motion to Amend Judgment and Dismissal Orders [#345, #346, #347] Pursuant FRCP 15, 59, 60." Doc. 355. I construed that motion as a motion for reconsideration, and I denied it along with her later-filed renewed motions to file third-amended counterclaims and third-party claims and to stay my ruling on the motion for reconsideration. Doc. 384 at 3-5 (denying Docs. 355, 361, 383).

On March 29, 2024, I also dismissed Ms. Montalbano's third-party claims against the Wilcock Defendants for the same reasons her other third-party claims had been dismissed. Doc. 384 at 5-6. Final judgment has not yet been entered with respect to Ms. Montalbano's third-party claims against the Wilcock Defendants.

---

[1] Although Ms. Montalbano's operative pleading is titled "First Amended Counterclaims Complaint," Doc. 217 at 29, she has in fact revised the pleading twice. *See* Doc. 155-2 at 29-260; Doc. 204-2 at 29-248.

On April 12, 2024, Ms. Montalbano filed a document titled "Objection to Order [#384]," Doc. 400, which is addressed in this Order. On April 23, 2024, Ms. Montalbano filed a notice of appeal "from the order entered March 29, 2024 [#384]; as pertaining to the Judgment [#346], Motion to Amend Dismissal Orders and Judgment [#355], Motion to Amend Complaint [#355, #361], Motion to Stay [#383], and all other matters deemed merged with the appealable order." Doc. 404. The pending appeal does not prevent me from overruling Ms. Montalbano's objections and denying her requests. Fed. R. Civ. P. 62.1(a)(2).

## DISCUSSION

### I. Objection to March 2024 Order (Doc. 400)

#### A. Legal Standards

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, "motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Green v. Fishbone Safety Solutions, Ltd.*, 303 F. Supp. 3d 1086, 1091 (D. Colo. 2018). Grounds for reconsideration are limited: reconsideration may be granted based on an intervening change in the law, newly discovered evidence, or the need to correct a clear error. *Id.* at 1091-92 (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). But motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012.

Because Ms. Montalbano is not represented by an attorney, I must liberally construe her pleadings, without assuming the role of advocate on her behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**B. Analysis**

Ms. Montalbano objects to my denial of her motion for reconsideration and her renewed motion to file third-amended claims and to my dismissal of her claims against the Wilcock Defendants, arguing that I did not apply the proper legal standards. She requests reinstatement of her fraud claim against the plaintiffs and the Wilcock Defendants.

**1. Fraud Pleading Standards**

Ms. Montalbano first contends that Magistrate Judge Mix misunderstood her fraud claim and that I did not properly address the facts she alleged in connection with that claim when I adopted Judge Mix's recommendation and later applied the same reasoning in dismissing her fraud claim against the Wilcock Defendants.

Judge Mix's recommendation set forth the elements of a fraudulent-misrepresentation claim, *compare* Doc. 283 at 25, *with* Doc. 400 at 6; quoted several facts Ms. Montalbano alleged in connection with her fraud claim, Doc. 283 at 25-26 (quoting Doc. 217 ¶¶ 108, 113-14, 117); analyzed whether those facts plausibly stated the required elements of a fraud claim and found they did not, *id.* at 26-27; and further found that even if a plausible fraud claim could be found somewhere within Ms. Montalbano's voluminous pleading, Ms. Montalbano had failed to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b), *id.* at 27-28. In adopting Judge Mix's recommendation, I reiterated the elements of a fraudulent-misrepresentation claim and the Rule 9(b) requirements for pleading fraud claims. Doc. 345 at 13-14. I found that Ms. Montalbano's 200-page, 756-

paragraph complaint and accompanying 200 pages of exhibits were "the antithesis of pleading with particularity that Rule 9(b) requires." *Id.* at 15 (quoting *Pnmr Servs. Co. v. Marketsphere Consulting, LLC*, No. 12-852 LFG/KBM, 2012 WL 12892781, at *3 (D.N.M. Dec. 20, 2012) ("Plaintiff asks Defendant and the Court to attempt to piece together allegations from the Complaint with excerpts and quotations from later-attached voluminous documents. To do so requires jumping back and forth between the Complaint and allegations incorporated by reference, and to the 70 and then 138 pages of attached documents contained in separately filed appendices. . . . The result is confusion, not clarity.")).

Ms. Montalbano argues that though her claims were "unartfully" pleaded, she nonetheless pleaded with particularity facts sufficient to state a claim for fraudulent misrepresentation, and that I erred by dismissing her claim on the basis that "there were too many facts and exhibits . . . to review."[2] Doc. 400 at 7. In her objection, she sets forth a set of "simplified facts" that she contends state a plausible claim for fraud, and she requests that the Court analyze this set of simplified facts, or the facts as she has organized them in her (third) proposed third-amended pleading, in evaluating whether she has stated a claim for fraud under the applicable pleading standards. *Id.* at 7-10. But as she acknowledges, neither her objection nor her proposed third-amended pleading are the operative pleading. *Id.* at 2 ("The Second Amended Counterclaims Complaint ('SACC') is the operative pleading [#217].").

Ms. Montalbano has had three opportunities to state her fraud claim. *See* Docs. 120, 184, 217. In her first three motions for leave to file yet

---

[2] Ms. Montalbano also argues that I failed to apply the correct burden of proof in analyzing her fraud claim. Doc. 400 at 6 & nn.7-8. But burdens of proof are not relevant at the motion-to-dismiss stage, where the Court presumes that the facts alleged in the complaint are true and could be proved at trial under whatever burden of proof applies.

- 5 -

another amended pleading, she either failed to attach her proposed amendments, or attached proposed amendments to claims other than her fraud claim. *See* Docs. 292, 308, 315 (proposing amendments to RICO and civil-rights claims); *see also* Doc. 345 at 34-35. Those motions to amend were filed after Ms. Montalbano was put on notice of the heightened pleading standard for fraud claims via Magistrate Judge Mix's recommendation. *See* Doc. 283. Yet Ms. Montalbano did not propose amendments to her fraud claim in those motions—she waited until after that claim had been dismissed with prejudice as to all but the Wilcock Defendants. *See* Doc. 355-2. As I stated previously, the Court does not have to address these kinds of repeated proposed improvements to a complaint. Doc. 345 at 36. Three tries are enough. And while Ms. Montalbano's operative pleading must be construed liberally in light of her unrepresented status and lack of pleading-writing skills, she still must follow the same rules of procedure that govern other litigants, including the Rule 9(b) particularity requirement. *See* Doc. 345 at 15. Her pleading does not meet that requirement, and this objection is therefore overruled.

### 2. Mr. Goode's Deposition

Ms. Montalbano next contends that I did not properly consider Mr. Goode's recent deposition testimony when I denied her motion for reconsideration and her renewed motion to amend her pleading. She argues that the "fraud claim facts [in her pleading] are allegations," while "Goode's deposition is an admission of guilt (confession) . . . [that] proved [her] fraud allegations." Doc. 400 at 11. That may be so, but at the motion-to-dismiss stage, the Court is not concerned with whether there is admissible evidence proving the allegations in the pleading. As noted above, at this stage the Court simply presumes the facts alleged are true and can be proved. The new evidence in the form of Mr. Goode's

deposition testimony is therefore not a basis to reconsider my prior orders. This objection is overruled.

## II. Final Judgement

As noted above, partial final judgment has been entered pursuant to Federal Rule of Civil Procedure 54(b) as to all of the third-party defendants except the Wilcock Defendants. In directing entry of that judgment, I found that there was "no just reason for delay," Doc. 345 at 39, but I did not explain my reasons for that finding. Ms. Montalbano has filed a notice of appeal of that judgment, so I wish to explain those reasons now. *See Stockman's Water Co., LLC v. Vaca Partners*, 425 F.3d 1263, 1266 (10th Cir. 2005) (absent district court's compliance with requirement "that it set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay," Rule 54(b) certification order fails to provide appellate jurisdiction).[3] And because the same reasons apply to Ms. Montalbano's recently dismissed claims against the Wilcock Defendants, I will direct entry of a Rule 54(b) judgment as to those defendants as well.

In an action involving multiple claims and parties, a district court may direct entry of final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine

---

[3] *But see Gross v. Pirtle*, 116 F. App'x 189, 194-95 & n.9 (10th Cir. 2004) (where district court "made an express determination that there was no just reason for delay," omission of specific findings regarding reasons for that determination did not render Rule 54(b) certification invalid and was "not fatal" to appellate jurisdiction).

- 7 -

> that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). To be considered "final," a partial judgment under Rule 54(b) must dispose of claims that are "distinct and separable from the claims left unresolved." *Id.* at 1242-43. In evaluating whether there is "no just reason for delay[ing]" review of a final order, "a district court must take into account judicial administrative interests as well as the equities involved." *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte County*, No. 22-3147, 2023 WL 4363439, at *11 (10th Cir. July 6, 2023) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, my orders dismissing all of Ms. Montalbano's claims against the various third-party defendants are final with respect to her claims against those defendants. *See* Docs. 345, 384. Ms. Montalbano's claims against the third-party defendants are distinct and separable from her counterclaims against the plaintiffs, and from the plaintiffs' claims against the various defendants (including Ms. Montalbano). The third-party defendants have no involvement in any of the claims remaining in the case, so making an immediate appeal available will encourage a speedy resolution as to Ms. Montalbano's claims against them and avoid possible prejudice to them that could result from a delay in final resolution. Judicial economy is served because Ms. Montalbano's claims against the third-party defendants are not so factually related to the other claims in the case that all claims should be disposed of together, and the appellate court will not need to repeatedly familiarize itself with the facts of the case. For these reasons, I find that there is no just reason for delaying review of my orders dismissing Ms. Montalbano's claims against the third-party defendants.

Finally, I note that Ms. Montalbano's March 17, 2023 motion for reconsideration denied at Doc. 384 and her April 12, 2024 objections addressed in this Order present arguments pertaining to both her counterclaims against the plaintiffs and her third-party claims. To the extent that her prior motion for reconsideration or present objections should be construed as post-judgment motions under Federal Rule of Civil Procedure 59 or 60 with respect to Ms. Montalbano's claims against the third-party defendants as to which final judgment was previously entered (rather than as requests for reconsideration of interlocutory orders), my reasons for denying the motion and overruling the objections would be the same. *See Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018) ("In considering . . . interlocutory motions [for reconsideration], 'the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b),' which govern a district court's reconsideration of its final judgments."); *Price v. Philpot*, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005) (result would be the same "regardless of whether this claim is treated as a motion to reconsider under Rule 59, Rule 60(b), or as an interlocutory motion before any final judgment").

## CONCLUSION

It is **ORDERED** that Counter Claimant Alyssa Montalbano's Objection to Order [#384], **Doc. 400**, is **OVERRULED**; and

Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is **DIRECTED** to enter partial final judgment in favor of Third-Party Defendants David Wilcock and The Wilcock Spiritual Healing and

Empowerment Foundation in accordance with Doc. 384, this Order, and the other orders filed during the pendency of this case.

DATED: May 2, 2024    BY THE COURT:

_____
~~Daniel D.~~ Domenico
United States District Judge