IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                Defendants.

## RESPONSE TO DEFENDANT'S MOTION FOR FEES

In its order, this Court declined to award costs in this case but dismissed Plaintiffs' claims against Benjamin Zavodnick after considering numerous affidavits, videos, pictures and allegations levied by both sides (*see* Order Granting Motion to Dismiss for Lack of Jurisdiction, Doc. 389 the "Order" at 1-2). This Court's Order stated "Defendant Zavodnick's Motion to Dismiss, **Doc. 117**, is **GRANTED**. Plaintiffs' claims against Mr. Zavodnick are **DISMISSED WITHOUT PREJUDICE**" (Order at 5, emphasis in original). This Court did not grant Zavodnick's request for fees when dismissing Plaintiffs' claims against him and should not do so now. This Court has also declined to levy sanctions against Montalbano as it so ordered on Ms. Lorie's Motion for Sanctions (see Docs. 376, 388[1] respectively). In the instant case, this Court did not find

---

[1] Stating: "Given the unusual circumstances here, however, I am not convinced that [the counter-plaintiff] has acted with the requisite bad faith to warrant monetary sanctions. *See Chambers*, 501 U.S. at 50 ("A court must,

that all of Plaintiffs' claims against Zavodnick were completely without merit but that they were brought in the incorrect court, and as such Plaintiffs should not be sanctioned. Plaintiffs respectfully request Zavodnick's motion be denied.

## BACKGROUND

This case was filed after much research, money and resources were expended to investigate whether to bring this action. Jurisdiction in this case was pled under the Racketeer Influenced and Corrupt Organizations Act, codified as Title IX of the Organized Crime Control Act of 1970 ("RICO"). The resulting RICO claims were carefully drafted and reviewed by a lawyer specializing in RICO claims. Further, a private investigation company was hired to investigate Zavodnick and the other Defendants in this case (see Exhibit "A", to be filed under seal). Over the course of the litigation, this court reviewed a multitude of evidence, affidavits, and allegations in determining whether to dismiss this case. (*see, e.g.,* Doc. 1 at 27 [screenshots of Zavodnick's Youtube], Doc. 43-1 [Affidavit of Zavodnick], Doc. No. 61-14 [2020 Vannoy Declaration re Zavodnick], Doc. 61-15 [2019 Vannoy Dec. re Zavodnick], Doc. 54-2 [communications between counsel regarding disturbing videos posted by Zavodnick attacking Mr. Goode]). Sanctions under Colo. Rev. Stat. §13-17-201 are not appropriate here.

## LEGAL ARGUMENT

***Attorneys fees should be borne by each side.***

---

of course, exercise caution in invoking its inherent power . . . both in determining that the requisite bad faith exists and in assessing fees . . .")."

In the absence of a statute, private contract, or procedural rule providing otherwise, the prevailing party in a tort action cannot recover attorney fees. *Bernhard v. Farmers Ins. Exch.*, 915 P.2d 1285, 1287 (Colo. 1996). This results from the American rule, which requires each party in a lawsuit to bear its own legal expenses. *Id*. This rule exists for several reasons: it encourages settlement to keep fees down; it discourages vexatious suits; and the difficulty of determining reasonable attorney fees in every case would impose a substantial burden on the court system. *Id*.

Colorado has some exceptions to the general rule, including section 13-17-201, which requires attorney fees to be awarded whenever an entire tort action is dismissed prior to trial under C.R.C.P. 12(b), unless the motion is treated as one for summary judgment. The statute states in part:

> "In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. **This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.**"

§13-17-201 (emphasis added).

In enacting this law, the legislature considered it improper to award attorney fees in a case that was decided on summary judgment, because of the inequality that would result in allowing only a prevailing defendant to collect attorney fees. *See* Hearings on H.B. 1304 Before the House Jud. Comm., 56th Gen. Assembly, 1st Reg. Sess. (Mar. 3, 1987) (statement of Rep. Kopel). Once a case goes to summary judgment, the claims it contains are accorded careful consideration, and involve the

review of evidence outside the pleadings. These cases do not involve the insubstantial tort claims the legislature intended to address, and therefore provide an additional reason why an award of attorney fees in a tort case decided on summary judgment is not appropriate. Here, the Court looked at the facts presented under a Rule 54 analysis as to whether Zavodnick was properly under its jurisdiction and decided against it. It did not dismiss Plaintiffs' claims based on an analysis of any torts alleged, and thus sanctions are improper here. The statute was designed to allow a defendant to recover for frivolous and baseless claims—neither of which were found here. *See Borgese v. Burba,* Civil Action 21-cv-01134-NYW-KLM (D. Colo. Oct. 25, 2022).

As stated above, the attorney fee-shifting statute is intended to apply only to "a narrow category of baseless tort cases, namely those cases that were so lacking in substance that they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted.'" *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) (quoting *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo. 2004)), *Borgese v. Burba*, Civil Action 21-cv-01134-NYW-KLM, at *4 (D. Colo. Oct. 25, 2022).

### *Defendant's Rules 12(b)(2) and (6) Motions were treated under a Rule 54 Analysis.*

While permissible for a court to look beyond the four corners of the complaint when deciding a Rule 12(b)(1) motion to dismiss, *see Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000), it is generally unacceptable for a court to do so when deciding a Rule 12(b)(6) motion to dismiss, *see Jackson v. Integra, Inc.*, 952 F.2d 1260,

1261 (10th Cir. 1991) (stating that a court "must examine only the plaintiff's complaint . . . [and] cannot review matters outside of the complaint" when deciding a Rule 12(b)(6) motion). If the court looks to matters outside the complaint while considering a Rule 12(b)(6) motion, the court generally must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See* Fed.R.Civ.P. 12(c) ("[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56"). Further, as admitted by Defendant in its Motion, "[t]he Court may consider matters outside the Complaint because, '[u]nlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), a motion to dismiss under Rule 12(b)(2) is a test of the plaintiff's actual proof….'" *Shaw v. American Cyanamide Co.*, 534 F. Supp. 527, 528 (D. Conn. 1982)(see Defendant's Motion to Dismiss, the "Motion" at 2). This Court did a thorough analysis of the RICO claims and considered affidavits and evidence to reach its conclusion to dismiss Plaintiffs claims without prejudice in its Order. Thus, especially with supporting affidavits from the movant (Doc. 43-1), summary judgment was granted "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *See* Fed.R.Civ.P. Rule 56, and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Finally, a court is required to convert a Rule 12(b) motion into a Rule 56 summary judgment motion when resolution of the jurisdictional question is

intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if jurisdiction is dependent on the same statute which provides the substantive claim in the case. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted). In the instant case, jurisdiction premised on the RICO statute—which would confer jurisdiction if that claim was allowed to stand. This Court undertook an analysis of not only the allegations in the complaint, but the attached evidence to the complaint and evidence included in Goode's responses to Zavodnick's Motions to Dismiss (Docs. 23, 43, 117, the "MTDs") and found it could not exercise personal jurisdiction—not that the claims were baseless. In summary, for a trial court to award reasonable attorney fees under the Statute, two conditions must be met: (1) the action must lie in tort; and (2) the action must be dismissed pursuant to Rule 12(b). *See, e.g., Checkley*, 635 Fed.Appx. at 559; *Gagne v. Gagne*, 338 P.3d 1152, 1166 (Colo.App. 2014). A defendant must show by a preponderance of the evidence that both requirements have been satisfied. *Campos v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02777-CMA-KLM, 2022 WL 2290617, at *5 (D. Colo. June 23, 2022), report and recommendation adopted, No. 21-cv-02777-CMA-KLM, 2022 WL 2702849 (D. Colo. July 12, 2022); *see also Clayton v. Dreamstyle Remodeling of Colorado*, LLC, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021). Defendant did not meet this burden, as explained here within.

***The fees asserted are not reasonable***

Counsel submits charges for filing the MTDs and to "Receive/Review Docket Entry" (Doc. 396-2, the "Charges"). The MTDs that counsel filed were mostly the same

motion, slightly revised. The same goes for the replies. However, the time allegedly spent drafting is very similar. Most of the Charges do not even relate to addressing the alleged claims at issue between Plaintiffs and Zavodnick. This was, mostly, due to the procedural purgatory endured by this Court by one of the parties who undertook a multitude of baseless filings that frustrated the process and the parties.

Finally, counsel impermissibly includes charges for preparing the Motion itself. The Fee Statute permits the recovery of attorney fees for defending against a tort action. This Court has held in the past that "fees for work associated with the motion for fees itself are recoverable only where the trial court finds that the opposition to the motion lacked substantial justification." *Wyles v. Aluminaid Intl, A.G.*, No. 15-CV-00393-CMA-KMT, 2016 WL 300845, at *4 (D. Colo. Jan. 25, 2016); *see also Monell v. Cherokee River, Inc.*, 347 P.3d 1179, 1184-85 (Colo. App. 2015); *Foxley v. Foxley*, 939 P.2d 455, 460 (Colo. App. 1996) (stating that the "substantial justification" analysis applies to attorney fees requested under § 13-17-201). Thus, a defendant is only entitled to fees for litigating a motion for fees if the plaintiff's defense to the motion is "substantially frivolous, substantially groundless, or substantially vexatious." *Monell*, 347 P.3d at 1184. As this Court has said, Plaintiffs should only be assessed those related to the allegedly baseless tort claims dismissed under 12(b). *See Galvin Inv. v. Smith*, Civil Action No 19-cv-00796-RBJ, at *10 (D. Colo. Nov. 17, 2020).

***This case was brought in a good-faith belief upon existing law***

As explained briefly above, this case was brought after much research and work done by several attorneys. It was brought due to a good-faith basis on which they believed recovery was possible. A recent amendment to § 13-17-201 states:

> **"(2)** Subsection (1) of this section **does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States.** This subsection (2) applies so long as the party that brought the dismissed claim has pleaded, in its complaint, counterclaim, or cross claim, that the dismissed claim was made for one of the express purposes stated in this subsection (2) and identified the precedent, law, or regulation the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first impression."

Colo. Rev. Stat. § 13-17-201

Throughout Plaintiffs' pleadings, responses and replies, they state that they are seeking to be protected from the type of online harassment that affects so many people today. They believe the proper mechanism was under RICO, and so invested in such time and efforts to bring the action. They even requested jurisdictional discovery to attempt to meet the expectations of the Court (Doc. 54 at 13). Because Plaintiffs did not indeed file a frivolous claim and instead wished to extend existing law, this Court should deny imposition of fees.

### *Costs under Rule 54 are inappropriate here*

As explained above, this instant case against Zavodnick was dismissed for lack of personal jurisdiction *without prejudice*. These claims are not yet disposed of, and

as such moving for fees under Rule 54 is inappropriate here. Zavodnick has not met his burden to show by a preponderance of the evidence that the case was dismissed based on the tortious claims—it was merely dismissed for lack of personal jurisdiction and can be refiled in New Jersey. Because attorney fee statutes are considered "substantive," "federal courts should use § 13-17201 as the fee recovery provision when Colorado state law tort claims are dismissed under [Rule] 12(b)." *Infant Swimming*, 335 Fed.Appx. at 715 (citing Jones, 203 F.3d at 757). The burden of proof lies with the defendant to show by a preponderance of the evidence that he is entitled to an award of his attorney fees under § 13-17-201. *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002) (citing *Am. Water Dev., Inc. v. City of Alamosa*, 874 P.2d 352, 383 (Colo. 1994)). *Clayton v. Dreamstyle Remodeling of Colo., LLC*, Civil Action 20-cv-02096-KMT, at \*25 (D. Colo. Sep. 7, 2021). This Court has denied fees under this statute for failing to meet that burden. *See Engl v. Nat. Grocers by Vitamin Cottage, Inc.*, No. 15-cv-02129-MSK-NYW, 2016 WL 8578096, at \*13 (D. Colo. June 20, 2016) (declining to recommend an award of fees under § 13-17-201, where the defendant failed to present any "compelling argument" as to whether both requirements were met), recommendation adopted by 2016 WL 8578252 (D. Colo. Sept. 21, 2016).

In Zavodnick's Motion at p.3, he states:

> "The attorney fee-shifting statute is intended to apply only to 'a narrow category of baseless tort cases, namely those cases that were so lacking in substance that **they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted**.'" *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) (quoting *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo. 2004)).

(emphasis added)

As explained above, this case was not dismissed for failure to state a claim upon which relief could be granted, but merely jurisdictional grounds. Finally, counsel has not explained why its fees are reasonable and has not complied with the local rules in this district.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request this Court deny Zavodnick's request for attorneys' fees.

Date: May 3, 2023.                              Respectfully submitted,

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on May 3, 2023.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).