IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                              Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                              Defendants.

---

## PLAINTIFFS' RESPONSE TO GAIA'S COUNTERCLAIMS

---

TO THE HONORABLE DANIEL DOMENICO, UNITED STATES DISTRICT
JUDGE:

Plaintiffs James Corey Goode and Goode Enterprise Solutions Inc. ("Goode")
hereby respond to Defendant Gaia, Inc.'s ("Defendant") counterclaims, and
respectfully state the following:

## NATURE OF THE COUNTERCLAIMS

1. The allegations in the first sentence contain characterizations of the action and
relief sought by Defendant to which no response is required. To the extent any
response is necessary, Goode denies the allegations. This also applies to
Defendant's introductory paragraphs.

**PARTIES**

2. Goode admits that Defendant is a Colorado corporation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 2 and therefore deny them.

3. Admitted as to the averments in Paragraph 3.

4. Denied as to the spelling of Mrs. Goode's name, properly spelled "Stacy". Admitted as to the remainder of the averments in Paragraph 4.

**JURISDICTION AND VENUE**

5. Goode does not contest that this Court may properly exercise subject matter jurisdiction over this action. Denied as to the remaining characterizations of the action and relief sought by Defendants in this action in Paragraph 5.

6. Goode does not contest that venue is proper in this district. Goode denies the remaining averments contained in Paragraph 6.

**FACTUAL ALLEGATIONS**

**(Overview)**

7. Goode admits that a contract was formed for Goode to appear on CD, denied as to the averments in Paragraph 7.

8. Goode denies the characterizations in the averments in Paragraph 8 but admits that CD provided a platform for others, in addition to his already established and growing fanbase, to hear his story.

9. Goode denies the characterizations in the averments in Paragraph 9 but admits Gaia did pay him some monetary compensation.

10. Goode denies the averments in Paragraph 10.

11. Goode denies the averments in Paragraph 11.

12. Goode denies the averments in Paragraph 12.

13. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 13.

14. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 14.

15. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 15.

16. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 16. Goode specifically denies that Gaia "did not pursue any legal action against" him, as Defendant filed multiple lawsuits with the Trademark Trial and Appeal Board to prevent Goode's acquisition of various trademark applications in or around December of 2018. Despite his propositions to Gaia to settle the matters between the parties, Goode was forced to respond with legal action instituting this lawsuit.

17. Goode denies Paragraph 17.

18. Goode denies Paragraph 18.

19. Goode denies Paragraph 19.

20. Goode denies Paragraph 20.

21. Goode denies Paragraph 21.

22. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 22.

23. Goode denies Paragraph 23.

24. Goode denies Paragraph 24.

25. Goode denies Paragraph 25.

26. Goode denies Paragraph 26.

27. Goode denies Paragraph 27.

### Contracts between the Parties

28. Goode admits Paragraph 28.

29. To the extent that Paragraph 29 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 29.

30. To the extent that Paragraph 30 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 30.

31. To the extent that Paragraph 31 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an

interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 31.

32. To the extent that Paragraph 32 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 32.

33. To the extent that Paragraph 33 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 33.

34. To the extent that Paragraph 34 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 34.

35. To the extent that Paragraph 35 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 35.

36. To the extent that Paragraph 36 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 36.

37. To the extent that Paragraph 37 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 37.

38. To the extent that Paragraph 38 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 38.

39. To the extent that Paragraph 39 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 39.

40. To the extent that Paragraph 40 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the

document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 40.

41. To the extent that Paragraph 41 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 41.

42. To the extent that Paragraph 42 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 42.

43. To the extent that Paragraph 43 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 43.

44. To the extent that Paragraph 44 purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 44.

45. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 45.

46. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 46.

47. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph47.

48. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 48.

49. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the

document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 49.

50. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 50.

51. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 51.

52. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 52.

53. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 53.

54. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 54.

55. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 55.

56. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 56.

57. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 57.

58. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the

document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 58.

59. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 59.

60. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 60.

61. To the extent that this Paragraph purports to quote, characterize or summarize a document, it does not consist of factual averments but rather consists of an interpretation of a document, to which no response is required because the document speaks for itself, and Defendants respectfully refer to the full text of the document. Defendants deny the remaining averments contained in Paragraph 61.

62. Admitted.

63. Admitted that Defendant made payments to Goode, denied as to the characterization of the payments in Paragraph 63.

64. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 64.

65. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 65.

66. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 66.

67. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 67.

68. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 68.

69. Denied.

70. Goode lacks information necessary to form a belief as to Paragraph 70 as to Gaia's beliefs but denies the averments in Paragraph 70.

71. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 71.

72. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 72.

73. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 73.

74. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 74.

75. Denied.

76. Denied.

### Additional Background on Goode

77. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 77.

78. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 78.

79. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 79.

80. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 80.

81. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 81.

82. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 82.

83. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 83. Defendant fails to state that both decisions by this Court were purely by default, and thus severely mischaracterizes the court case, which is not relevant to this one.

84. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 84.

85. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 85.

Statements about Gaia

86. Denied.

87. Denied.

88. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 88.

89. Admitted.

90. This averment is duplicative of averment number 10, and Goode repeats his response to that averment here, thus denying the same.

91. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 91.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 92 and therefore deny them.

93. Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 93 and therefore deny them.

94. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 94.

95. Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 95 and therefore denies them.

96. This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 96.

97. Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 97 and therefore denies them.

98. Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 98 and therefore denies them.

99. Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 99 and therefore denies them.

100.    Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 100 and therefore denies them.

101.    Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 101 and therefore denies them.

102.    Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 102 and therefore denies them.

103.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 103.

104.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 104.

105.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 105.

106.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 106.

107.    Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 107 and therefore denies them.

108.     Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 108 and therefore denies them.

109.     Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 109 and therefore denies them.

110.     There is no way Good could ever have any knowledge as to the averment in Paragraph 110 and therefore denies it.

111.     Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 111 and therefore denies them.

112.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 112.

113.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 113.

114.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 114.

115.     Goode is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 115 and therefore denies them.

116.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 116.

117.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 117.

118.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 118.

119.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 119.

120.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 120.

121.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 121.

122.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 122.

123.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 123.

124.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 124.

125.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 125.

126.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 126.

127.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 127.

128.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 128.

129.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 129.

130.      This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 130.

131.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 131.

132.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 132.

133.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 133.

134.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 134.

135.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 135.

136.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 136.

137.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 137.

138.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 138.

139.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 139.

140.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 140.

141.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 141.

142.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 142.

143.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 143.

144.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 144.

145.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 145.

146.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 146.

147.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 147.

148.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 148.

149.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 149.

150.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 150.

151.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 151.

152.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 152.

153.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 153.

154.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 154.

155.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 155.

156.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 156.

157.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 157.

158.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 158.

159.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 159.

160.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 160.

161.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 161.

162.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 162.

163.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 163.

164.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 164.

165.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 165.

166.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 166.

167.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 167.

168.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 168.

169.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 169.

170.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 170.

171.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 171.

172.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 172.

173.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 173.

174.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 174.

175.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 175.

176.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 176.

177.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 177.

178.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 178.

179.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 179.

180.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 180.

181.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 181.

182.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 182.

183.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 183.

184.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 184.

185.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 185.

186.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 186.

187.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 187.

188.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 188.

189.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 189.

190.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 190.

191.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 191.

192.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 192.

193.     This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 193.

194.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 194.

195.    This paragraph makes characterizations and legal conclusions to which no response is required, as to the remainder of the averments, Goode denies the averments in Paragraph 195.

## FIRST CAUSE OF ACTION

196.    Paragraph 196 requires no response.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

## SECOND CAUSE OF ACTION

203.    Paragraph 203 requires no response.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

## THIRD CAUSE OF ACTION

208.    Paragraph 208 requires no response.

209.    Denied.

210.      Denied.

211.      Denied.

212.      Denied.

## FOURTH CAUSE OF ACTION

213.      Paragraph 213 requires no response.

214.      Denied.

215.      Denied.

216.      Denied.

217.      Denied.

218.      Denied.

219.      Denied.

## FIFTH CAUSE OF ACTION

220.      Paragraph 220 requires no response.

221.      Denied.

222.      Denied.

223.      Denied.

224.      Denied.

225.      Denied.

226.      Denied.

## SIXTH CAUSE OF ACTION

227.      Paragraph 227 requires no response.

228.      Denied.

229.      Denied.

230.     Denied.

231.     Denied.

## SEVENTH CAUSE OF ACTION

232.     Paragraph 232 requires no response.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Denied.

237.     Denied.

## EIGHTH CAUSE OF ACTION

238.     Paragraph 238 requires no response.

239.     Denied.

240.     Denied.

241.     Denied.

242.     Denied.

## NINTH CAUSE OF ACTION

243.     Paragraph 243 requires no response.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Denied.

249.     Denied.

250.     Denied.

TENTH CAUSE OF ACTION

251.     Paragraph 251 requires no response.

252.     Denied.

253.     Denied.

254.     Denied.

255.     Denied.

## **REQUEST FOR RELIEF**

Goode denies that Defendant is entitled to any relief whatsoever and respectfully deny Defendant any of the requested relief in its counterclaim. Pursuant to the below defenses, and any other motions and pleadings filed on behalf of Goode, Defendant is the Party who must pay any damages, costs, judgments, fees to, and in support of Goode's requested relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that they would not otherwise be required to bear; Goode asserts the following affirmative and other defenses to the claims set forth Defendant's Counterclaim.

1. Defendant's Counterclaim fails to state a claim upon which relief can be granted against Goode.

2. Defendant's claims are barred, in whole or in part, for lack of standing to bring this action because Defendant is not the real party in interest. Defendant is not sole owner to any, nor have they identified any, copyrights or trademarks that are being infringed.

3. Defendant's claims are barred by the doctrines of waiver and estoppel.

4. Defendant's claims are barred by the doctrines of acquiescence and laches.

5. To the extent Defendant seeks equitable relief, Defendant has failed to do equitably and has unclean hands.

6. Defendant, or others, have breached its obligations under its contracts with Goode, thereby excusing the performance of Goode and others.

7. Defendant's claims are barred, in whole or in part, because of a breach due to the failure to provide required notices.

8. Defendant cannot enforce the terms of the contracts asserted.

9. Defendant does not have standing to seek the requested relief. Defendant's claims are barred in whole or in part to the extent that Defendant voluntarily relinquished and abandoned its right to any requested relief by using Goode's license and intellectual property and failing to perform under any agreement, written or oral.

10. If Defendant is entitled to any relief from Goode as a result of the facts alleged, which Goode denies, Goode is not entitled to recover the amount of damages or other relief alleged, or any damages or other relief, due to its failure to take reasonable efforts to mitigate or minimize the damages incurred.

11. Defendant's claims are vague, ambiguous, and overbroad and are not pled with specificity.

12. Defendant is barred from recovery by virtue of its contributory and willful misconduct in and about the matters complained of in that the aforesaid

misconduct of Defendant caused the occurrence of the alleged acts and damages, if any, sustained thereby.

13. Any damage or loss sustained by Defendant was proximately caused and/or contributed to by Defendant's conduct, thereby precluding Defendant's claims entirely, reducing Defendant's recoverable damages, and/or entitling Goode to a proportional set-off.

14. Defendant is not entitled to recover all, or any part of the damages or other relief prayed for because Goode has claims for damages against Defendant and are legally entitled to an offset for such amounts.

15. Defendant's claims are barred because they were brought in bad faith due to, and to avoid, Defendant's damages owing to Goode.

16. Any losses or damages allegedly caused by Goode and sustained by Plaintiff, which Defendants deny, are de minimis, remote, speculatively transient, and hence, not cognizable at law.

17. Defendant's claims are barred, in whole or in part, on the grounds that the damages sustained by Defendant, if any, were proximately caused and contributed to by the legal fault of Defendant and/or Defendant's agents, other than Defendants, and for which Defendants were not and are not responsible.

18. Any recovery of damages or other relief herein as alleged by Plaintiff would constitute unjust enrichment of Plaintiff and is therefore barred.

19. Plaintiff's claims are barred by the doctrine of copyright misuse.

20. Goode alleges that they presently have insufficient knowledge and information as to whether they may have additional defenses available. Goode, therefore,

reserves its right to assert additional defenses that further discovery or investigation indicates to be appropriate.

<b><u>CONCLUSION</u></b>

**WHEREFORE, PREMISES CONSIDERED,** Goode prays that the Court (1) find that  Defendant should take nothing by this action; (2) dismiss Defendant's claims with prejudice; (3) find in favor of Goode and against Defendant on each of the claims for relief alleged in Goode's Amended Complaint, (4) award Goode its attorney's fees and expenses for defending this action; (5) award Goode its costs of suit, and (6) award Goode such other and further relief, both general and special, in law and in equity, to which they may be justly entitled.

Date: May 6, 2024.                    Respectfully submitted,

<u>/s Valerie Yanaros, Esq.</u>
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the District
Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

<b><u>CERTIFICATE OF SERVICE</u></b>

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on May 6, 2024.

<u>/s Valerie Yanaros, Esq.</u>

Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).