IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION,

    Third-Party Defendants.

---

**BENJAMIN ZAVODNICK'S REPLY IN SUPPORT OF MOTION FOR COSTS AND ATTORNEY FEES PURSUANT TO C.R.S. § 13-17-201**

---

    COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, CLARK HILL, and files his Reply to Plaintiffs' Response to his Motion for Costs and Attorneys Fees.

    1.    Plaintiffs' entire argument misses the mark completely because an award of fees

1

pursuant to C.R.S. § 13-17-201 is mandatory – not merely permissible and not based on a frivolity standard.  Further, Mr. Zavodnick is entitled to recover his fees in litigating the present fees issue because none of Plaintiffs' arguments in defense of the Motion for Fees has any merit whatsoever, and not one of them has basis in the law or facts.  Each of Plaintiffs' arguments is easily defended by a simple reading of the applicable Rules and law.  Each of Plaintiffs' argumenta will be addressed in turn below.

1. **"Attorneys fees should be borne by each side"**

Plaintiffs claim is belied by the plain language of § 13-17-201(1) and the facts of this action – both of which the Plaintiffs are well aware but chose to ignore. The standard that Mr. Zavodnick must meet to in order to be entitled to an award of fees under §13-17-201 is that (1) the action must lie in tort; and (2) the action must be dismissed pursuant to Rule 12(b). *Gagne v. Gagne*, 338 P.3d 1152, 1166 (Colo. App. 2014). As set forth in Mr. Zavodnick's Motion, he has unquestionably met the standard, and an award of fees pursuant to C.R.S. § 13-17-201 is required.

2. **"Defendant's Rules 12(b)(2) and (6) Motions were treated under a Rule 54 Analysis"**

First, Mr. Zavodnick did not bring 12(b)(2) and 12(b)(6) Motions, rather, he brought *only* a Rule 12(b)(2) Motion.  See Doc. 117.  Second, the Court did not apply a Rule 54 (nor Rule 56) standard to Mr. Zavodnick's Motion, nor did it convert the Motion to a Rule 56 motion.[1] The Court's Order granting Mr. Zavodnick's Motion makes clear that its analysis of the RICO claim was based solely on the issue of personal jurisdiction: "Nor have Plaintiffs met their burden to show that any other legal claims, such as RICO, could confer jurisdiction here based on the same

---

[1] Plaintiffs reference Rule 54 in their Response (p.4-5) however, it appears they intended to reference Rule 56.

2

facts." *See* Order, at p. 5. Additionally, a Rule 12(b)(2) motion cannot be converted to a motion for summary judgment. *See* Fed.R.Civ.P 12(d); *Haase v. Sessions*, 835 F.2d 902, 905 (D.C. Cir. 1987) ("[T]he plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment.")  It is quite clear from the Order that this Court did not convert the Motion to Dismiss into a motion for summary judgment.  Further, Plaintiffs should have known that Rule 12(d) excludes motions under 12(b)(2), and consideration of matters outside the complaint is permissible in determining 12(b)(2) motions. Therefore, Plaintiffs' argument on this point is frivolous.

### 3. "The fees asserted are not reasonable"

Plaintiffs assert generally that the fees requested are not reasonable.  Response at p. 6-7. Plaintiffs cite no specific evidence to support their contention that Mr. Zavodnick's requested fees are unreasonable and make only a passing assertion about the multiple motions and replies that were necessitated by the numerous amended complaints filed by Plaintiffs, and the following years of work required to defend the action. *Id*. Plaintiffs offer no specific challenge to any time entry, nor do they challenge hourly rates.  Instead, Plaintiffs casually claim that the time charged in connection with responses and replies to their many amended complaints are "similar."  *Id*. The fact is that the Plaintiffs filed multiple amended complaints, which required review, analysis, motions and replies.  The time in doing so was reasonable and necessary, and led to a successful defense of the entire action against Mr. Zavodnick.

C.R.S. § 13-17-201(1) states that the successful movant will recover "reasonable attorney fees in *defending* the action." (Emphasis added.) The reference to "defending the action" indicates a clear intent to award all defense costs, not just those incurred in making the motion.

3

Mr. Zavodnick was required to defend this action over the course of many years and is entitled to recover his attorneys' fees for defending the entire action, not just in bringing the motion to dismiss. Plaintiffs' arguments on this point are frivolous as they ignore the facts, law and fail to cite specific evidence to support the claim that the fees are unreasonable.

4. **"This case was brought in a good-faith belief upon existing law":**

Plaintiffs' "good faith belief upon existing law" is not an exception to the requirement of an award of fees under the plain language of C.R.S. § 13-17-201(2). Plaintiffs' argument that they brought the action in good faith against Mr. Zavodnick is irrelevant to the analysis under C.R.S. § 13-17-201(1) and (2). Plaintiffs wholly misunderstand and misrepresent what they refer to as a "recent amendment" to the statute. *See* Response, p. 8. The referenced amendment − C.R.S. § 13-17-201(2) − makes an exception for a very specific type of action, that is, an action that is brought for one of the expressly enumerated purposes, and requires that the party that brought the dismissed action pleaded, *in their complaint*, that the dismissed claim was made for one of the express purposes. *Id*. It is indisputable that 1) Plaintiffs did not bring their action against Mr. Zavodnick for one of the purposes of § 13-17-201(2), and 2) that Plaintiffs did not plead in their Complaint that their action against Mr. Zavodnick was brought for one of the purposes of the statute. Thus, C.R.S. § 13-17-201(2) is in applicable and Plaintiffs' argument based thereon is objectively frivolous as Plaintiffs cited the exact text of § 13-17-201(2) in their Response and purposely ignored it in making their baseless argument.

5. **"Costs under Rule 54 are inappropriate here"**

C.R.S. § 13-17-201 and the well settled case law interpreting it are clear that dismissal for lack of personal jurisdiction entitles a successful defendant to an award of fees. Plaintiffs'

4

argument that Mr. Zavodnick is not entitled to fees under the statute because the action against him was dismissed for lack of personal jurisdiction is baseless and fails to acknowledge settled law – which is clearly set forth in a case cited by Plaintiffs in their Response. Response at p. 7. In *Galvin Inv. Co., LLC v. Smith*, No. 19-CV-00796-RBJ, 2020 WL 6743779, at *1 (D. Colo. Nov. 17, 2020), the court stated: "[C.R.S. § 13-17-201] is substantive. As a result, it also applies to diversity cases brought in federal court where tort claims are dismissed under FED. R. CIV. P. 12(b), including dismissals for lack of personal jurisdiction under 12(b)(2)." Plaintiffs' action against Mr. Zavodnick was dismissed for lack of personal jurisdiction under 12(b)(2). There is no requirement in C.R.S. § 13-17-201 that an action be dismissed with prejudice – only that the action was dismissed pursuant to Rule 12(b). *See* C.R.S. § 13-17-201. Mr. Zavodnick's action was dismissed pursuant to Rule 12(b)(2), and he is entitled to an award of fees under C.R.S. § 13-17-201.

### 6. Mr. Zavodnick is entitled to an award of fees for litigating the fees issue.

Plaintiffs' defense of Mr. Zavodnick's Motion for Fees is substantially frivolous, groundless and vexatious, and therefore, Mr. Zavodnick should be awarded his fees incurred in litigating this Motion. *Monell v. Cherokee River, Inc.*, 347 P.3d 1179, 1184 (Colo.App. 2015) ("A defendant is not entitled to fees for litigating a section 13-17-201 motion for fees unless the plaintiff's defense to the motion is substantially frivolous, substantially groundless, or substantially vexatious pursuant to section 13–17–101.") "A claim is frivolous if the proponent has no rational argument to support the claim based on the evidence or the law. A claim is groundless if there is no credible evidence to support the allegations in the complaint." *Elrick v. Merrill*, 10 P.3d 689, 698 (Colo. App. 2000), *as modified on denial of reh'g* (Aug. 31, 2000).

5

Here, none of Plaintiffs' arguments have any merit whatsoever, and not one of them has basis or supppport in the law. Each of Plaintiffs' argument is easily defended by simple reading of the applicable Rules and law, and application to the indisputable facts. Therefore, Mr. Zavodnick is entitled to recover his fees in litigating the fees issue.

Mr. Zavodnick respectfully requests that this Court award Mr. Zavodnick his reasonable attorneys' fees of $36,949.50 and costs of $1,145.00 incurred in defending this action, plus the fees incurred in addressing Plaintiffs' Response via this Reply $2,883.00 (*see* Exhibit E) pursuant to C.R.S. § 13–17–201, for a total of **$40,977.50**, against Plaintiffs and their attorney, Valarie Yanaros, jointly and severally.

Respectfully submitted this 14th day of May 2024.

> CLARK HILL
>
> *s/ Michael J. Laszlo*
> Michael J. Laszlo (#38206)
> 2595 Canyon Blvd. Suite 210
> Boulder, CO 80302
> (303) 926-0410
> Email: mlaszlo@clarkhill.com

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

By:        s/ *Michael J. Laszlo*
                Michael J. Laszlo