# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, and
GOODE ENTERPRISE SOLUTIONS INC.,

    Plaintiffs, Counter Defendants,

v.

GAIA, INC.,

    Defendant and Counter Claimant, and

Alyssa Chrystie Montalbano,

    Counter Claimant.

## ALYSSA MONTALBANO, GOODE, AND GES
## JOINT MOTION TO RESTRICT
## PURSUANT TO D.C.COLO.LCivR 7.2

Pro se litigant and counter claimant, Alyssa Montalbano and plaintiffs Goode and GOODE ENTERPRISE SOLUTIONS, INC ("GES") via their counsel Valerie Yanaros, jointly file this "Motion to Restrict" to maintain restriction Level 2 access of the Settlement Agreement filed at Docket 424 on May 21, 2024, for the following:

1

## BACKGROUND

On May 13, 2024, the parties entered into settlement negotiations and filed a Notice of Intent to Settle [#420]. On the same date of filing the Notice, Judge Domenico ordered that the parties either file an "appropriate dismissal paper or a joint report regarding the status of settlement on or before 6/12/2024." The Settlement Agreement was signed on May 16, 2024, outlining the terms of the agreement between the parties [#424]. The terms were agreed to be kept private. This Settlement Agreement was filed on May 21, 2024, at Restricted Level 2 and to supplement the Notice of Intent to Settle. Montalbano, Goode, and GES are seeking to settle this case early. Goode, GES, and GAIA remain in active litigation in this case.

## RULES

Colorado Code, Title 13, Courts and Court Procedure § 13-22-308 Settlement of Disputes, states that the parties to a settlement dispute agreement may file the agreement in court as a stipulation for approval by the court and enforcement as an order of the court. The Settlement Agreement is filed as such for enforcement or termination under its terms by this court.

## FACTS AND LAW IN SUPPORT OF RESTRICTION

Local Rule 7.2 provides for restriction of documents from the public or other parties in the lawsuit when non-disclosure outweighs the right to access. Local Rule 7.2(c) requires the following five factors to be shown:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

### 1. Document to be Restricted

The document sought to be restricted is the Settlement Agreement filed on May 21, 2024, at Docket 424. It contains confidential information that should be shielded from the public and other parties in this litigation.

### 2. Interest to be Protected

The interest to be protected is the parties' right to maintain privacy regarding Settlement Agreements and the confidential information contained therein. Federal Rule of Evidence 408, Compromise Offers and Negotiations, prohibits settlement agreements from being used to prove or disprove claims in court. The ADVISORY COMMITTEE NOTES state:

> As a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim. As with evidence of subsequent remedial measures, dealt with in Rule 407, exclusion may be based on two grounds. (1) The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position. The validity of this position will vary as the amount of the offer varies in relation to the size of the claim and may also be influenced by other circumstances. (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes. McCormick §§ 76, 251.
> . . .
> The same policy underlies the provision of Rule 68 of the Federal Rules of Civil Procedure that evidence of an unaccepted offer of judgment is not admissible except in a proceeding to determine costs.

Fed. R. Evid. 408 (2024), ADVISORY COMMITTEE NOTES.

**3. Injury if not Restricted**

If the settlement should fail for any reason and litigation resumes between the parties, one or all of the parties may be prejudiced or injured by the Settlement Agreement being made public or known to the other parties active in this litigation (GAIA). The public's only interest in this case is in its speedy and just resolution. Under F.R.E. 408(b) settlement offers can only be used under special circumstances in court, such as proving a witness's bias or obstruction of a criminal investigation.

**4. No Practical Alternative**

There is no practical alternative to the requested restriction of the Settlement Agreement. Only a Level 2 restriction will adequately protect the settling parties' interests. The public has no interest in an agreement that might successfully end litigation early between Montalbano, Goode, and GES, nor do they have an interest in an agreement that cannot be used to support any claims should litigation resume.

**5. Level of Restriction Sought**

It is requested the Settlement Agreement [#424] maintain a **Level 2** restriction, so that the filing parties (Montalbano, Goode, GES) and the court may view the agreement and if necessary be petitioned for enforcement or termination based on its terms.

## CONCLUSION

WHEREFORE, pro se litigant and counter claimant Montalbano, and plaintiffs Goode and GES via their counsel Valerie Yanaros, respectfully request the Settlement Agreement filed a Docket 424 be maintained at restricted Level 2, so as not to injure the parties, and that pursuant to Colorado Code, Title 13, § 13-22-308 that the filed Settlement Agreement be enforced or terminated by this court in accordance with its terms.

4

| | |
|---|---|
| Dated this 21st day of May 2024,<br>Grand Junction, Colorado | **Alyssa Chrystie Montalbano**<br><br>*/s/ Alyssa Chrystie Montalbano*<br>2536 Rimrock Ave<br>Suite 400-117<br>Grand Junction, CO 81505<br>Telephone: (970) 250-8365<br>E-mail: LegalZenACM@gmail.com<br>*Pro Se Litigant, Counter Claimant* |
| Dated this 21st day of May 2024,<br>Dallas, Texas | **YANAROS LAW, P.C.**<br><br>*/s/ Valerie Yanaros*<br>Valerie Yanaros, Esq.<br>8300 Douglas Avenue Suite 800<br>Dallas, Texas 75225<br>Telephone: (512) 826-7553<br>Email: Valerie@yanaroslaw.com<br>*Attorneys for Plaintiffs James Corey Goode*<br>*and Goode Enterprise Solutions, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on this 21st day of May 2024 a copy of the foregoing Motion was filed with the clerk of the court using the CM/ECF system and are lawfully served upon Plaintiff's Counsel and appeared Defendants through the Case Management/Electronic Case Filed (CM/ECF) court filing system (FRCP Rule 5), and a courtesy copy delivered via USPS mail upon Mr. David Wilcock and THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION via appointed agent, Mr. Tim Harris, located at 7848 W Sahara Ave, Las Vegas, NV 89117.

**/s/ Alyssa Montalbano**

Alyssa Montalbano, Pro Se Litigant, Paralegal Student