**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,

Defendant.

**PROPOSED SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) is currently scheduled for June 13, 2024 at 10:30 a.m. in Courtroom C-4204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294, before Magistrate Judge Kathryn A. Starnella. Both Plaintiffs and Defendant will appear via teleconference.

Anticipated appearances for the parties are:

Valerie Yanaros
Yanaros Law, P.C.
8400 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel: (512) 826-7553
valerie@yanaroslaw.com

*Counsel for Plaintiffs James Corey Goode*
*and Goode Enterprise Solutions Inc.*

1

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10012
Tel: (212) 468 4800
ddingerson@dglaw.com
adunay@dglaw.com

*Counsel for Defendant Gaia, Inc.*

## 2. STATEMENT OF JURISDICTION

Plaintiffs filed their action pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331, 1338.  While the federal law claims have been dismissed, this Court retains jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.  Defendant has asserted counterclaims under federal law as well.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

**Breach of Contract**

Gaia Inc. entered into multiple agreements with Mr. Goode, promising specific compensations and benefits in exchange for his contributions to various projects, including the series "Cosmic Disclosure." Despite these agreements, Gaia, through actions directed by Rysavy, Warkins, and Medvedich, failed to fulfill their contractual obligations. This breach includes non-payment of agreed-upon performance bonuses, royalties, and stock options, all of which were stipulated in the contracts and subsequently ignored.

**1. Defamation Defense:**

Statements made by Plaintiff were either objectively factual or could be considered opinions or hyperbolic expressions, which are not subject to defamation claims. No evidence exists that

non-factual statements or statements of opinion were ever made by Plaintiff regarding Gaia. Gaia is a "public figure" and is not entitled to defamation damages.

### 2. Breach of Contract Defense:

All obligations under the contract with Gaia were at least fulfilled. Goode more than fulfilled his obligations under the contract, which Gaia breached when it failed to pay Goode his Performance Bonus and licensing royalties.

### 3. Trademark Infringement and False Designation of Origin and 4. Common Law Trademark Infringement and Unfair Competition:

This Court ordered trademark claims to be litigated in front of the TTAB. The use, if any, of Gaia's trademarks (that were never specifically described) was carefully managed to avoid any likelihood of confusion concerning the origin of the services and products. These uses can be classified under fair use, particularly as they were not in any video "TV" format, the heart of Gaia's programming, and they were certainly non-commercial in nature as well, but nominative use. To the degree that the sharing was commercially related, such sharing strictly benefited sign-ups for Gaia who only benefited from Goode's free advertising of Gaia's most popular show, "Cosmic Disclosure." Goode's use, if any, of Gaia's trademarks (which are not therein described.) There was no intention to deceive customers or unjustly damage Gaia's market standing. Actions taken were within the bounds of competitive business practices and lacked the malicious intent typically required for these claims

**4. Tortious Interference:**

The interactions in question were part of legitimate business activities, devoid of any unlawful intent to harm Gaia's business relationships. These actions were solely in pursuit of legitimate business interests, making the tortious interference claim inappropriate.

**5. Unjust Enrichment:**

There was no retention of benefits at Gaia's expense that could be deemed unjust, as all benefits were obtained through proper channels and with full legal justification. Furthermore, the existence of a contractual relationship covering these interactions precludes claims of unjust enrichment, as the contract dictates the allocation of any benefits or detriments.

b. Defendant Gaia, Inc.:

### a. *Overview of Defendant Gaia's Counterclaims*

Gaia contracted with Plaintiffs Goode Enterprise Solutions Inc. ("GES") for Corey Goode ("Goode") to appear on the show *Cosmic Disclosure* ("CD"), a relationship that lasted for approximately three years from June 2015 through August 2018. Nearing the end of their relationship, upon information and belief, Goode started an online campaign to defame and harass Gaia, which involved the posting of numerous articles, petitions, and emails that made false accusations about Gaia and its executives. This included making malicious and false statements about Gaia and its executives, including accusing them of illegal and immoral activity.

In light of GES and Goode's conduct, Gaia terminated its then-operative contract, thereby ending the parties' business relationship. At the time the parties' business relationship was terminated, Goode and GES owed Gaia owed Gaia reimbursement for certain advances previously made, the total amount which exceeded any final contract payments to which Goode and GES may

4

have been otherwise entitled.

In furtherance of his scheme, Goode also misappropriated Gaia's intellectual property by posting Gaia's copyrighted materials on his own website and using Gaia's trademark to attempt to divert Gaia's customers and revenues to his business.

Gaia seeks damages under its counterclaims, which include causes of action for defamation, breach of contract, trademark infringement, false designation of origin and unfair competition, common law trademark infringement, common law unfair competition, tortious interference, and unjust enrichment.

### b. *Overview of Defendant Gaia's Defenses*

This Court has dismissed all but one of Plaintiffs' claims. The only claim that remains is for breach of contract, pursuant to two theories: 1) an alleged failure to pay a Performance Bonus; and, 2) an alleged failure to pay royalties from a purported license to Amazon. Gaia maintains that the claim, under either theory, has no merit. As to any purported Performance Bonus pursuant to the parties' contracts, Gaia denies that any amount is due and owing to Plaintiffs, including because of amounts that Plaintiffs owe to Gaia, which entirely offset the amount of any alleged unpaid bonus, resulting in Plaintiffs owing Gaia pursuant to the parties' contracts. As to the purported license and royalty payments, Gaia denies that any amount is due and owing, including because there was no license that would cause a royalty to be paid. Gaia continues to develop its defenses and will show that Plaintiffs have no good faith basis for seeking the requested relief from Gaia.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Gaia contracted with Goode Enterprises Solutions for Goode in 2015 to appear on the show *Cosmic Disclosure* (the "2015 Contract").

b. True and correct copies of the 2015 Contract, the 2016 Contract, the August 2017 Amendment, the November 2017 Amendment, and the Relocation Benefit Agreement were filed with the Court (Dkt. 194).

## 5. COMPUTATION OF DAMAGES

a. Plaintiffs Corey Goode and Goode Enterprise Solutions

Plaintiffs are entitled to damages related to breach of his Performance Bonus and licensing royalties. The amount will be disclosed through discovery of Gaia's financial statements and other documents. These damages should be awarded in an amount to be determined at trial. Plaintiffs dispute Gaia is entitled to any damages whatsoever. Plaintiffs additionally seek interest, costs, and attorneys' fees in amounts to be determined by this Court.

b. Defendant Gaia, Inc.

***Response to Plaintiffs' Computation of Damages***

As to Plaintiffs' claim for damages, Gaia disputes Plaintiffs' alleged entitlement to damages.

***Gaia's Computation of Damages***

With regards to its counterclaims, Gaia states as follows:

*Defamation*

Defendant alleges that statements made by Plaintiff Goode were defamatory *per se* and

that Gaia has suffered injury as a result of each of the Defamatory Statements including but not limited to lost revenues from subscribers who have cancelled their subscriptions as a result of the Defamatory Statements, and that damages should be awarded in an amount to be determined at trial.

*Breach of Contract*

Defendant alleges that as a result of Plaintiffs' breach of the 2016 Contract, Gaia has been damaged not less than $25,000.  Further, Gaia, as a result of Goode's breach of the Relocation Benefit Agreement, Gaia has been damaged not less than $11,069.62.

*Remaining Counterclaims*

With regards to the remaining counterclaims, Gaia intends to seek damages in an amount to be determined at trial, including damages, statutory damages, punitive damages, and disgorgement of benefits received by Plaintffs, related to Plaintiffs' (1) misuse of Gaia's Mark (as defined in Gaia's Amended Answer and Counterclaims (Dkt. 401)); (2) unfair competition; (3) tortious interference; and (4) unjust enrichment.

Gaia additionally seeks interest, costs, and attorneys' fees in amounts to be determined.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: **Wednesday, April 24, 2024**

b. Names of each participant and party he/she represented.

Valerie Yanaros
Yanaros Law, P.C.
8400 Douglas Avenue Suite 800
Dallas, Texas 75225
Tel: (512) 826-7553
valerie@yanaroslaw.com

*Counsel for Plaintiffs James Corey Goode and Goode Enterprise Solutions Inc.*

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10012
Tel: (212) 468 4800
ddingerson@dglaw.com
adunay@dglaw.com

*Counsel for Defendant Gaia, Inc.*

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Gaia provided its Initial Disclosures on May 13, 2024. A previous defendant in this case removed this case to the 10th Circuit. Plaintiffs were embroiled in that appeal until May 23, 2024. Plaintiffs provided their Initial Disclosures on June 6, 2024. Because of the case being removed to the 10th Circuit, this constitutes good cause for extending the agreed deadline.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

As stated above, Gaia provided its Initial Disclosures on May 13, 2024. Plaintiffs provided their Initial Disclosures on June 6, 2024.

e. Statement concerning any agreements to conduct informal discovery:

The Parties are not planning to conduct informal discovery and do not plan to come to any agreements concerning informal discovery at this time.

      f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties have not come to any specific agreements or procedure to reduce discovery and other litigation costs; however, the Parties intend to submit a Stipulation and Proposed Order related to Electronically Stored Information and will aim to reduce discovery and litigation costs for all Parties.

Defendant Gaia has proposed that many (if not all) depositions be conducted remotely to reduce expense and burden on the parties and their counsel. If and when the Parties schedule depositions, the Parties will meet and confer to discuss the use of remote depositions.

With regards to a unified exhibit numbering system, the Parties will meet and confer well in advance of trial to come to an agreement with regards to the use of a unified exhibit numbering system.

      g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties anticipate that their claims and/or defenses will involve extensive electronically stored information. While there may be some physical documents, the Parties anticipate that most of the discoverable information will be electronically stored information.

To that end, the Parties have taken steps to preserve electronically stored information, including by putting in place litigation holds. Further, the Parties are engaged in negotiations concerning an ESI Protocol.

      h.    Statement summarizing the parties' discussions regarding the possibilities for

promptly settling or resolving the case.

Plaintiffs and Gaia have previously engaged in settlement discussions. At this time, there is no imminent possibility of settling the case, but the parties remain open to further discussions.

## 7.  CONSENT

All parties    ☐ [have]    ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*Depositions*

The Parties agree that there is no reason, at this time based on information available to the parties, to depart from the presumptive limit set forth in the Federal Rules with regards to Depositions.

*Interrogatories*

The Parties agree that there is no reason, at this time based on information available to the parties, to depart from the presumptive limit set forth in the Federal Rules with regards to Interrogatories.

b.  Limitations which any party proposes on the length of depositions.

The Parties agree that there is no reason to depart from the presumptive limit set in the Federal Rules with regards to the length of depositions. Defendant Gaia stated that it likely intends to depose Corey Goode both as an individual and as a corporate representative of Goode Enterprise Solutions and suggested that the depositions may be combined; Gaia and Plaintiffs agreed to confer

further regarding the length of a combined deposition of Plaintiff Goode Plaintiff Goode Enterprise Solutions as discovery proceeds to discuss the appropriate length of deposition.

The Parties further note that there are outstanding issues with scheduling depositions considering the complexity and overlap of the issues in this case amongst the Plaintiffs and Defendants and note that multiple parties may wish to depose the same witness. As such, the Parties will meet and confer to prior to scheduling depositions and work together to minimize the burden on witnesses and the parties.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties agreed to a limit of thirty-five (35) requests for production. The Parties agreed to confer further if any Party feels that more requests for production are necessary. The Parties feel that thirty-five requests for production are likely necessary considering the number of claims and counterclaims at issue in this Action.

The Parties agreed that no more than twenty-five (25) requests for admission should be propounded on any party.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

The Parties agreed that the deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions is **Friday, December 27, 2024** (or forty-five days before the discovery cut-off).

    e.    Other Planning or Discovery Orders

The Parties agreed that any other Planning or Discovery Orders (i.e., a Stipulated and

Proposed Confidentiality Order) will be submitted thirty (30) days after the Scheduling Conference.

The Parties agreed to meet and confer regarding any potential discovery issues prior to filing a motion to compel and agreed not to set any deadlines on filing a motion to compel at this time.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiffs and Defendant Gaia agreed that this deadline should be no later than forty-five (45) days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will precipitate requests for extensions of the discovery cutoff, final pretrial conference, and dispositive motion dates.

b. Discovery Cut-off:

The Parties agreed to a fact discovery cut-off of **February 10, 2025** (i.e. nine months after the discovery the Scheduling Conference). The Parties proposed another three months after the close of fact discovery to conduct expert discovery (i.e. May 12, 2025).

c. Dispositive Motion Deadline:

After fact and expert discovery have closed, the Parties can then file dispositive motions. The Parties agreed that any dispositive motions should be filed sixty (60) days after the close of expert discovery.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

The Parties do not presently have anticipated fields of expert testimony, but the Parties reserve their rights to determine later whether experts are needed.

        2.    Limitations which the parties propose on the use or number of expert witnesses.

At this time, the Parties agree to limit the use of expert witnesses to three per Party. However, the Parties reserve their rights to seek leave of Court for the use of additional expert witnesses upon a showing of good cause.

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before thirty (30) days after the close of fact discovery.

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or thirty (30) days after designation of initial experts.

    e.    Identification of Persons to Be Deposed:

        i.    James Corey Goode

        ii.    Goode Enterprise Solutions, Inc.

        iii.    David Wilcock

        iv.    Gaia, Inc.

        v.    Kierstein Medvedich

The above list of individuals and entities identified for deposition is subject to change pending discovery. The Parties reserve their rights to challenge any individual or entity noticed to appear

for a deposition.

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The Parties conferred in good faith and are in agreement about the majority of scheduling issues.

The Parties have not reached agreement on the following issues: a) whether all Parties (or their representatives) may be in attendance at all depositions; b) whether all documents produced in response to discovery requests shall be made available to all Parties. Gaia's position on the preceding issues is as follows: given the remaining pending claims (Plaintiffs have one claim against Gaia; Gaia has numerous counterclaims against Plaintiffs; and Montalbano has one counterclaim against Plaintiffs) there is not a nexus between Defendants Gaia and Montalbano or their claims; accordingly, there may be information disclosed in discovery (whether in written

14

discovery or at deposition) that is confidential and should not be disclosed to persons unrelated to the claims, even if such persons are otherwise a party in the case.  Montalbano's position on the preceding issues is as follows: _____.

The Parties have agreed to confer to any other issues as they arise.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties anticipate that the trial will last two weeks based on claims currently in the case.  The Parties request a jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The Parties agree that it is more efficient to conduct any pretrial proceedings remotely where possible.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The Parties agree that the scheduling may be altered or amended upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

Dated: June 6, 2024
      Dallas, Texas

**YANAROS LAW, P.C.**

 /s/ *Valerie Yanaros*
Valerie Yanaros, Esq.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
Email: valerie@yanaroslaw.com

*Attorneys for Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.*

Dated: June 6, 2024
      New York, New York

**DAVIS+GILBERT LLP**

 /s/ *Daniel A. Dingerson*
Daniel A. Dingerson
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: ddingerson@dglaw.com

*Attorneys for Defendant Gaia, Inc.*