**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

**UNOPPOSED MOTION FOR ENTRY OF JUDGMENT AS TO
JIRKA RYSAVY, KIERSTEN MEDVEDICH, AND BRAD WARKINS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 54(B) AND 58**

---

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins (collectively, the "Gaia Individuals"), by and through their attorneys, Davis+Gilbert LLP, hereby moves this Court, pursuant to Federal Rules of Civil Procedure 54(b) and 58, to enter judgment in favor of the Gaia Individuals. In support of this Motion, the Gaia Individuals state as follows:

Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES") initially filed a complaint asserting sixteen separate causes of action against Gaia, Inc. ("Gaia"), and numerous individuals. (Dkt. 1). Plaintiffs added the Gaia Individuals as named defendants when Plaintiffs filed their First Amended Complaint. (Dkt. 36). Subsequently, the Plaintiffs filed a Second Amended Complaint asserting, among claims against Gaia and other parties, eleven separate causes of action against the Gaia Individuals.

The Gaia Individuals moved to dismiss the claims in the Second Amended Complaint, in their entirety. (Dkt. 175). The Court granted the Gaia Individuals' motion to dismiss nine of the eleven claims and noted as to the other two claims (for libel and slander) that Plaintiffs had previously voluntarily dismissed such claims. (Dkt. 390). Accordingly, all claims against the Gaia Individuals have been resolved with all claims dismissed with prejudice other than those

2

voluntarily dismissed by Plaintiffs. (Dkt. 390 at p.36). Further, all of Plaintiffs' claims have been dismissed as to all parties other than one remaining breach of contract claim which is allowed to proceed on two specific theories. (Dkt. 390 at p.28). The only other claims pending in the action are Gaia's counterclaims against Plaintiffs. (Dkt. 401).

Rule 54 of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or **when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

Thus, Rule 54(b) allows for entry of final judgment as to one or more, but fewer than all, claims or parties if the Court makes two determinations: (1) that its judgment is final; and, (2) there is no just reason for delay of entry of its judgment. *Stockman's Water Co., Ltd. Liab. Co. v. Vaca Partners, Ltd. P'ship*, 425 F.3d 1263, 1265 (10th Cir. 2005). As discussed below, both determinations are appropriate here.

First, the Court should find that the order on the Gaia Individuals' motion to dismiss is a final judgment for purposes of Rule 54(b) because the claims against the Gaia Individuals of which it disposed are "distinct and separable from the claims left unresolved in this action", namely the claims between Plaintiffs and Gaia. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1243 (10th Cir. 2001); *see also Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (explaining that a judgment is "final" for purposes of Rule 54 if "it is an ultimate disposition of

3

an individual claim entered in the course of a multiple claims action"). While the Gaia Individuals may be witnesses as to the claims remaining in the action, the Court found there was and could be no basis for any claims against the Gaia Individuals based on breach of contract. (Dkt. 390 at p.28). In any event, some amount of factual overlap among the parties and claims is not a basis to refuse to enter judgment concerning the Gaia Individuals. See *Peters v. United States*, No. 23-cv-03014-NYW-JPO, 2024 WL 1090173, at *3 (D. Colo. Jan. 30, 2024).

Next, there is no just reason for delay in entering judgment in favor of the Gaia Individuals. In determining "just reason for delay", courts apply "a balancing test, weighing 'Rule 54(b)'s policy of preventing piecemeal appeal against the hardship or injustice that might be inflected on a litigant because of the delay.'" *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (quoting *United Bank of Pueblo v. Hartford Accident & Indem. Co.*, 529 F.2d 490, 492 (10th Cir. 1976)). Thus, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Here, the equities favor an entry of judgment for the Gaia Individuals. While Plaintiffs may have asserted certain claims against the Gaia Individuals and other defendants, the Court found that Plaintiffs had no basis for a claim against the Gaia Individuals for breach of contract (the one remaining claim). And as to any other claims, it is not clear that Plaintiffs had any basis to assert such claims against the Gaia Individuals (rather than just against Gaia). Moreover, if judgment is not entered now in favor of the Gaia Individuals, they may be forced years to wait for the resolution of the unrelated claims between Gaia and the Plaintiffs, which is not in their interests. *See Betts v. Work Zone Traffic Control, Inc.*, No. 16-cv-01890-CMA-MJW, 2019 WL 2026633, at *5 (D. Colo. May 7, 2019) ("Defendant has a legitimate desire to see that the legal

4

claim against it is fully and finally adjudicated in a timely manner."). Indeed, if judgment is entered, the Gaia Individuals will proceed to seek their costs and attorneys' fees pursuant to Rule 54(d).

**WHEREFORE**, the Gaia Individuals respectfully request that this motion be granted and that entry of judgment be entered in favor of Jirka Rysavy, Kiersten Medvedich, and Brad Warkins, pursuant to Rules 54(b) and 58, together with such other and further relief as the Court deems just and proper.

Dated: July 2, 2024	**DAVIS+GILBERT LLP**

By: /s/ *Daniel A. Dingerson*
    Daniel A. Dingerson
    Ina B. Scher
    Angela M. Dunay
    1675 Broadway
    New York, New York 10019
    Telephone: (212) 468-4800
    Facsimile: (212) 468-4888
    ddingerson@dglaw.com

*Attorneys for Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  For purposes of this certification, the word count includes footnotes but excludes the case caption, signature block, this Certificate of Compliance, the Certificate of Service, and the Certificate of Conferral.

/s/ Daniel A. Dingerson
Daniel A. Dingerson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2024, I caused a copy of Unopposed Motion For Entry of Judgment as to Jirka Rysavy, Kiersten Medvedich, and Brad Warkins Pursuant to Federal Rules of Civil Procedure 54(b) and 58 to be served on all other parties by filing it on the Court's ECF system.

/s/ Daniel A. Dingerson
Daniel A. Dingerson

## CERTIFICATE OF CONFERRAL

I hereby certify that pursuant to Local Civil Rule 7.1(a), I conferred with Plaintiffs' counsel on June 27, 2024, regarding this motion and the relief being sought herein. I further certify that Plaintiffs, through their counsel, represented that they do not oppose the entry of judgment in favor of the Gaia Individuals.

       /s/ Daniel A. Dingerson
       Daniel A. Dingerson