# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

**STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION**

**WHEREAS**, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.; and Defendant Gaia, Inc. (collectively the "Parties" and each individually a "Party"), by and through their respective counsel, have jointly stipulated to the terms of a Stipulated Order Governing the Disclosure of Privileged Information and request that this Court issue an order pursuant to Federal Rule of Evidence 502(d) to protect the disclosure of privileged information made in the above-captioned action (the "Action");

**WHEREAS,** the Court issued an Order on May 28, 2024, requiring the parties to file this proposed order within 14 days of the scheduling conference that occurred on June 13, 2024;

**WHEREAS**, the Court having found that good cause exists for issuance of an order governing disclosure of privileged information made in this Action, and the Parties, through counsel, having stipulated to the following provisions, it is hereby **ORDERED**:

**I.     APPLICABILITY**

1. This Order shall be applicable to and govern all deposition transcripts and/or recordings, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of

-3-

the Parties in this Action, including testimony adduced at trial or during any hearing (collectively, "Information").

## II.     PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

3. The production of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4. The producing Party must notify the receiving Party promptly, in writing, upon discovery that privileged and/or work-product material has been produced.  Upon receiving written notice from the producing Party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing Party within ten (10) business days of receipt of such notice and the receiving Party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

4582458.4 031312-0002-000

5.  The receiving Party may challenge the privilege or work product designation by the producing Party, shall give the producing Party written notice of the reason for said disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute. If the Parties cannot resolve the issue, the receiving Party shall, within fifteen (15) business days from the initial notice by the producing Party, seek an Order from the Court compelling the production of the material. However, the receiving Party may not challenge the privilege claim by arguing that the disclosure itself is a waiver of any applicable privilege. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph.

==Compliance with the U.S. Magistrate Judge's discovery dispute procedures is required.==

6.  Any analyses, memoranda, or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving Party does not contest that the information is privileged or protected work-product, or (b) the Court rules that the information is privileged or protected work-product. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing Party agrees in writing that the information is not privileged or protected work-product, or (b) the Court rules that the information is not privileged or protected work-product.

7.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or Information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

Dated: June 27, 2024

| | |
|---|---|
| **YANAROS LAW, P.C.** | **DAVIS+GILBERT LLP** |
| /s/ *Valerie Yanaros* | /s/ *Daniel A. Dingerson* |
| Valerie Yanaros, Esq.<br>8300 Douglas Avenue Suite 800<br>Dallas, Texas 75225<br>Telephone: (512) 826-7553<br>Email: valerie@yanaroslaw.com | Daniel A. Dingerson<br>Angela M. Dunay<br>1675 Broadway<br>New York NY 10019<br>Phone: (212) 468-4800<br>Fax: (212) 468-4888<br>ddingerson@dglaw.com<br>adunay@dglaw.com |
| *Attorneys for Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.* | *Attorneys for Defendant Gaia Inc.* |

**SO ORDERED**:   July 9, 2024

_____
Hon. Kathryn A. Starnella
United States Magistrate Judge