**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE,

      Plaintiff,

and

GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiff and Counter Defendant,

v.

GAIA, INC,

      Defendant and Counter Claimant.

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**WHEREAS**, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc., and Defendant Gaia, Inc. (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose pursuant to and during the course of discovery in the above-captioned action (the "Action");

**WHEREAS**, the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing discovery in this Action, and the Parties, through counsel , having stipulated to the following provisions, it is hereby,

**ORDERED** that any person subject to this Protective Order—including without limitation the Parties to this Action, their attorneys, representatives, agents, experts, and consultants, acting as such, all third parties providing discovery in this Action, and all other interested persons with actual notice of this Protective Order—shall adhere to the following terms, upon pain of contempt and any other sanction deemed appropriate by the Court:

**Discovery Materials May Be Designated as Confidential**

1.      This Protective Order shall be applicable to and govern all deposition transcripts and recordings, documents or electronically stored information (whether exchanged between the Parties prior to formal discovery or produced by the Parties or any third parties in response to requests for production or subpoenas), answers to interrogatories, responses to requests for

admission, and other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as any other information and materials hereafter furnished, directly or indirectly (including in connection with any mediation or settlement negotiations among the Parties), by or on behalf of any Party or third party in connection with this Action (collectively, "Discovery Materials").

2.      The Party or third party producing Discovery Materials may designate as "Confidential" any portion thereof that they reasonably and in good faith believe comprise or reflect confidential and/or proprietary information which is not generally known and which they normally would not reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, proprietary, commercially sensitive, or otherwise confidential financial, business, commercial, research, development, technical, strategic, and/or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing Party or third party, seriously harm the producing Party's or third party's business, commercial, financial, or personal interests or cause the producing Party or third party to violate his, her, or its privacy or confidentiality obligations to others.

3.      The Party or third party producing Discovery Materials may designate as "Highly Confidential" any portion thereof that they reasonably and in good faith believe is of such a personally, commercially, or competitively sensitive nature that disclosure to persons other than those specified herein could reasonably be expected to result in injury to that producing Party or third party.   "Highly Confidential" Discovery Materials shall include, without limitation, information that is not known or available to the public and that constitutes, contains, or reflects trade secrets; proprietary business information, methods or processes; financial data, reports, or analysis; pricing or cost information; customer or consumer information; sales and marketing

information, analysis, or planning; and other confidential information that is highly proprietary or competitively sensitive. Discovery Materials designated either as "Confidential" or "Highly Confidential" shall collectively be referred to as Confidential Discovery Material.

4.     Any person subject to this Order who receives from any other person any Confidential Discovery Material shall use such Confidential Discovery Material solely for the purpose of conducting the Action (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not disclose, divulge, or communicate any such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

5.     The designation of information or material for purposes of this Order shall be made in the following manner by the Party or third party seeking protection:

        a.     In the case of documents, electronically stored information, interrogatory responses, responses to requests for admission, or other material (apart from deposition transcripts and recordings): by affixing a plainly visible confidentiality designation legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate) in a manner that will not interfere with legibility or audibility: (i) on each page of any document containing any confidential material; or (ii) physically on the outside of any media for storing electronic documents that are not reasonably capable of having a designation attached to each page; at the time such documents or materials are produced or such information is disclosed, or as soon thereafter as the Party or third party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. The terms "documents" and "electronically stored information" as used in this Protective Order, shall have the broadest meaning permissible under the

Federal Rules of Civil Procedure and shall include, as relevant and without limitation, all "writings," "recordings," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any information stored in or through any computer system or other electronic or optical data storage device;

b.      In the case of depositions: (i) by a statement on the record, by counsel=, during such deposition that a portion of the transcript shall be designated either "Confidential" or "Highly Confidential" hereunder; or (ii) by written notice of such designation sent by counsel=, to all Parties within twenty-one (21) days after the Party's receipt (via counsel) of the transcript of the deposition.  If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.  At or during a deposition, the deponent or his or her counsel, or any other counsel, acting in good faith, may invoke the provisions of this Order in a timely manner, giving adequate warning to the Party and/or their counsel that testimony about to be given is deemed protected under this Order. Whether or not so designated on the record at deposition, the Parties shall treat all deposition testimony as Highly Confidential under this Order until the expiration of twenty-one (21) days after the Party's receipt (via counsel) of the transcript of the deposition.

6.      The disclosure of a document or information without designating it as Confidential Discovery Material shall not constitute a waiver of the right to designate such document or information as Confidential Discovery Material.  If at any time prior to the trial of this Action, a producing Party or third party realizes that some portion of Discovery Material that that Party or

-5-

third party previously produced without limitation should be designated as Confidential Discovery Material, the producing Party or third party may so designate that portion by promptly notifying all Parties in writing.  Such designated portion of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Order.  As soon as the receiving Parties are notified in writing of the inadvertent production, the information must be treated as if it had been timely and initially designated under this Order, and the receiving Parties must promptly endeavor in good faith to obtain all copies of the document which they distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.  In addition, the producing Party or third party shall provide each other Party with replacement versions of such Confidential Discovery Material that bears the appropriate designation within ten (10) business days of providing such notice.

7.     Any non-party that produces or discloses information in this Action may obtain protection of this Order by complying with the terms herein.  To the extent a discovery request is made to a non-party in this Action, any Party may notify such non-party that the protections of this Order are available to such non-party.

**Who May Receive Confidential Materials**

8.     No person subject to this Order, other than the producing Party or third party, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)    the Parties to this Action;

(b)    the Parties' counsel retained specifically for this Action, including any paralegal, clerical, or other assistant employed

by such counsel and assigned specifically to work on this Action;

(c) as to any document, its author, its addressee(s), and any other person shown on the face of the document as having received a copy;

(d) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto, and so long as the witness is only shown the Confidential Discovery Material during and in preparation for his/her testimony, or when counsel has made a good faith determination that it is necessary for purposes of prosecuting, defending, or appealing this Action to show such information to the witness, and the witness is not permitted to retain the Confidential Discovery Material;

i. Notwithstanding the provisions of subparagraph 8(d), this provision shall not authorize the disclosure to the witness under 8(d) of Confidential Discovery Material which is designated as "HIGHLY CONFIDENTIAL", disclosure of which shall be limited to those persons identified in paragraph 9 below;

ii. The provisions of subparagraph 8(d) shall not preclude a Party from applying to the Court on notice to all other Parties to disclose Confidential Discovery Material to a witness when counsel has made a good faith determination that it is necessary for purposes of prosecuting, defending, or appealing this Action to show such information to such witness; **Any such application must comply with the U.S. Magistrate Judge's discovery dispute procedures.**

(e) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f) stenographers and video and/or audio technicians engaged to transcribe or record depositions conducted in this Action;

(g) independent photocopying vendors, graphic production services, contract attorneys, electronic document management vendors, or other litigation support services employed by the Parties or their counsel to assist in this Action, including computer service personnel performing duties in relation to a computerized litigation system;

(h) the Court, its staff, and court reporters;

(i)    any mediator or arbitrator appointed by the Court or agreed to by the Parties who assists the Parties in trying to reach a settlement of this Action;

(j)    employees of the Parties' insurance carriers to whom it is reasonably necessary that the Confidential Discovery Material be shown for purposes of the Action; and

(k)    any other person whom the producing Party, or other person designating the Confidential Discovery Material, agrees in writing may have access to such Confidential Discovery Material.

9.    Access to and/or disclosure of Confidential Discovery Material pursuant to this Order shall only be permitted or made to the extent counsel reasonably and in good faith believes that such access or disclosure is reasonably necessary to the prosecution or defense of this Action. Notwithstanding any other provision of this Order, access to and/or disclosure of Confidential Discovery Material designated as "CONFIDENTIAL" may be withheld from any Party who would not have the right to request such information through a validly issued discovery request (including but not limited to requests for production of documents, interrogatories, requests for admission, or a notice of deposition). Notwithstanding any other provision of this Order, access to and/or disclosure of Confidential Discovery Material designated as "HIGHLY CONFIDENTIAL" shall only be made to those individuals described in subparagraphs 8(b)-(c) and 8(e)-(k), or upon an order of the Court after the application under subparagraph 8(d)(ii).

10.     Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 8(d)-(e) above, such person shall be provided with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms.  The Parties (via counsel) shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing Parties (via counsel), either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.     Each person receiving Confidential Discovery Material will maintain such Confidential Discovery Material in confidence and will not reveal any portion of it to any person not otherwise permitted pursuant to this Order without the prior written consent of the producing Party (via counsel) or an order by the Court authorizing such disclosure.

12.     Any person who either objects to any designation of Confidential Discovery Material, or who, by contrast, requests designation of Confidential Discovery Material produced by another Party or third party, may at any time prior to the trial of this Action serve upon the producing Party or third party, and all other Parties, a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, the Parties and all affected persons shall jointly seek a ruling from the Court.  The information in question shall be treated as Confidential Discovery Material and subject to the terms of this Order until otherwise agreed to by the Parties or ordered by the Court.

**Filing Confidential Materials in this Action**

13.     Any Party may use information or documents designated as Confidential Discovery Material during any trial of this Action.  In the event that any material designated under this Order

is used, described, characterized, excerpted, or referenced in, or attached to, any Court proceeding or submission in connection with this Action: (a) it shall not lose its confidential status through such use; (b) the Parties shall take all steps reasonably required to protect its confidentiality during such proceeding; and (c) the Party seeking to use the material shall move to file such material under seal, except that upon the default of the filing Party to so request, any Party may do so. Where possible, only confidential portions of filings with the Court shall be filed under seal.

14.    Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  This Order has no effect upon, and its scope shall not extend to, any Party's or other disclosing person's use or disclosure of its own Confidential Discovery Material.  A disclosing Party or other disclosing third party may agree in writing to allow access to its own Confidential Discovery Material for persons not otherwise identified in subparagraphs 8(a)-(k).

15.    Nothing herein shall be construed as: (a) a waiver by any Party of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) an admission by any Party regarding the admissibility or relevance at trial of any document, testimony, or other evidence.  Each Party specifically reserves the right to object to the use or admissibility of all Confidential Discovery Material disclosed, in accordance with applicable law and Court rules.

**Termination of the Litigation**

16.    This Order shall extend beyond the final conclusion of this Action, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the Parties or by Order of the Court.  Within 30 days of the final disposition of this Action (including appeals, if any), all Confidential Discovery Material and all copies thereof in the possession of any

person who has received such documents pursuant to this Protective Order shall be destroyed or returned to the producing Party or third party (via counsel), such decision whether to destroy or return, to be determined in the receiving Party's sole discretion, together with all copies, extracts and summaries thereof, except that the Parties' counsel shall be permitted to retain any and all working files on the condition that those files will remain confidential consistent with the terms of this Order.  Upon request of the producing Party, after entry of final judgment no longer subject to further appeal, counsel who received the Confidential Discovery Material shall deliver a written certification certifying compliance with the terms of this Protective Order to counsel for the Party that produced the Confidential Discovery Material, within thirty (30) days of such request.

17.     During the pendency of this Action only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violation thereof.

18.     This Order may be amended by further stipulation or, if the Parties are unable to agree, by the Court on the application of any Party.

Dated: July 19, 2024

**YANAROS LAW, P.C.**

*/s/ Valerie Yanaros_____*

Valerie Yanaros, Esq.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Telephone: (512) 826-7553
Email: valerie@yanaroslaw.com

*Attorneys for Plaintiffs James Corey Goode
and Goode Enterprise Solutions Inc.*

**DAVIS+GILBERT LLP**

/s/ *Daniel A. Dingerson____*

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York NY 10019
Phone: (212) 468-4800
Fax: (212) 468-4888
ddingerson@dglaw.com
adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**SO ORDERED**: 7/26/2024


_____
Hon. Kathryn A. Starnella
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

-----------------

ALYSSA CHRYSTIE MONTALBANO, individually,

Counter-Claimant,

v.

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Counter-Defendants,

LIGHT WARRIOR LEGAL FUND, LLC;
DAVID WILCOCK,
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT FOUNDATION
VALERIE YANAROS WILDE,
ELIZABETH LORIE,
BRIAN JAMES FLYNN,
WILLIAM CAMPBELL,
MATTHEW GROVE,

-14-

DIANA TERRY, and
CHRISTINA GOMEZ,

Third-Party Defendants.

---

### NON-DISCLOSURE AGREEMENT

---

I, _____ [print name], acknowledge that I have read and understand the terms of the Stipulated Confidentiality Agreement and Protective Order in the above-captioned matter governing the non-disclosure of those portions of Discovery Materials that have been designated as Confidential Discovery Material.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter have been designated as Confidential Discovery Material and are thereby confidential by Order of the Court. I agree to be bound by the Order as a condition of receiving access to, copies of, documents or information designated Confidential Discovery Material.

I agree that I will not disclose such Confidential Discovery Material or any notes or other memoranda or writings reflecting such Confidential Discovery Material to anyone other than for purposes of this Action and as specifically authorized under the Order. I further agree not to use any such Confidential Discovery Material for any purpose other than this Action.

I agree that my obligation to honor the confidentiality of such Confidential Discovery Material will continue even after the termination of this Action.

I agree that at the conclusion of the Action I will return all Discovery Materials, including any Confidential Discovery Material, to the Party or attorney from whom I received it or destroy such Discovery Materials along with any copies thereof.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____                _____

                                                             [Signature]