IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants, and

GAIA, INC.,

    Defendant and Counter Claimant.

## ORDER GRANTING UNOPPOSED MOTION
## FOR ENTRY OF PARTIAL FINAL JUDGMENT

Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich move for entry of final judgment with respect to the plaintiffs' claims against them. Doc. 438. For the following reasons, the motion is granted.

### BACKGROUND

Plaintiffs and Counter Defendants James Corey Goode and his company Goode Enterprise Solutions, Inc. brought claims against numerous defendants, including Gaia, Inc. and Gaia employees Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Individuals"). *See* Doc. 111. The Gaia Individuals moved to dismiss the plaintiffs' claims against them, and I granted that motion. Doc. 390 at 36. The Gaia Individuals now move for entry of partial final judgment pursuant

- 1 -

to Federal Rule of Civil Procedure 54(b) as to the plaintiffs' claims against them. Doc. 438.

## APPLICABLE LAW

In an action involving multiple claims and parties, a district court may direct entry of final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). To be considered "final," a partial judgment under Rule 54(b) must dispose of claims that are "distinct and separable from the claims left unresolved." *Id.* at 1242-43. In evaluating whether there is "no just reason for delay[ing]" review of a final order, "a district court must take into account judicial administrative interests as well as the equities involved." *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte County*, No. 22-3147, 2023 WL 4363439, at *11 (10th Cir. July 6, 2023) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The district court must "set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay." *Stockman's Water Co., LLC v. Vaca Partners*, 425 F.3d 1263, 1266 (10th Cir. 2005).[1]

---

[1] *But see Gross v. Pirtle*, 116 F. App'x 189, 194-95 & n.9 (10th Cir. 2004) (where district court "made an express determination that there was no just reason for delay," omission of specific findings

## DISCUSSION

The order dismissing all of the plaintiffs' claims against the Gaia Individuals is final with respect to the plaintiffs' claims against those defendants. *See* Doc. 390. The plaintiffs' claims against the Gaia Individuals are distinct and separable from the remaining claims between the plaintiffs and Gaia, Inc. that have yet to be resolved—the plaintiffs' claim for breach of contract against Gaia,[2] and Gaia's counterclaims against the plaintiffs. Entry of a partial final judgment as to the Gaia Individuals will encourage a speedy resolution as to the plaintiffs' claims against them, allow them to promptly seek their costs, and avoid possible prejudice to them that could result from a delay in final resolution. Though there is some factual overlap in the claims the plaintiffs asserted against both the Gaia Individuals and Gaia itself, the plaintiffs also asserted a separate claim only against the Gaia Individuals, and the factual overlap that exists is not so significant that that all claims should be disposed of together or that the interests of judicial economy outweigh the Gaia Individuals' interest in a prompt final resolution of the claims against them. For these reasons, I find that there is no just reason for delaying entry of final judgment as to the plaintiffs' claims against the Gaia Individuals.

## CONCLUSION

It is **ORDERED** that the Unopposed Motion for Entry of Judgment as to Jirka Rysavy, Kiersten Medvedich, and Brad Warkins Pursuant to

---

regarding reasons for that determination did not render Rule 54(b) certification invalid and was "not fatal" to appellate jurisdiction).

[2] As noted in the order on the Gaia Individuals' motion to dismiss, the plaintiffs have not alleged the existence of a contract between Mr. Goode and any of the Gaia Individuals. Doc. 390 at 23-25, 28.

Federal Rules of Civil Procedure 54(b) and 58, **Doc. 438**, is **GRANTED**; and

Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is **DIRECTED** to enter partial final judgment in favor of Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich and against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. in accordance with Doc. 390, this Order, and the other orders filed during the pendency of this case.

DATED: December 6, 2024         BY THE COURT:

                                                        ~~Daniel D.~~ Domenico
                                                        United States District Judge

- 4 -