**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

---

**MOTION FOR ATTORNEYS' FEES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND C.R.S. § 13-17-201
BY JIRKA RYSAVY, KIERSTEN MEDVEDICH, AND BRAD WARKINS**

---

# **TABLE OF CONTENTS**

Introduction ........................................................................................................................... 1

Relevant Factual Background .............................................................................................. 2

Applicable Legal Standards ................................................................................................. 3

    I.  Governing Rules and Statutes Provide for Recovery of Attorneys' Fees ........................ 3

    II. Courts Have Discretion in Awarding Attorneys' Fees Pursuant to the Fee Statute ........... 5

Argument .............................................................................................................................. 7

    I.    This Motion is Proper Pursuant to Federal Rule of Civil Procedure 54(d) .................... 7

    II.   The Fee Statute is Applicable Because the Action is Primarily a Tort Action and was
        Dismissed Pursuant to Federal Rule of Civil Procedure 12(b) (6) ................................ 8

    III.  The Gaia Individuals are Entitled to a Reasonable Award of $76,779 ......................... 10

Conclusion ......................................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page #**

*Am. Acad. of Husband-Coached Childbirth v. Thomas,*
  No. 10-cv-2899-CMA-MEH, 2010 WL 5184779 (D. Colo. Dec. 15, 2010) ............................ 9

*Boulder Plaza Residential, LLC, v. Summit Flooring, LLC,*
  198 P.3d 1213 (Colo. App. 2008) ............................................................................. 6

*Deitz v. Univ. of Denver,*
  No. 95-cv-02756-WDM-OES, 2011 WL 723118 (D. Colo. Feb. 22, 2011)............................. 6

*Examination Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors,*
  519 F. Supp. 3d 893 (D. Colo. 2021) ......................................................................... 9

*Galvin Inv. Co., LLC v. Smith,*
  No. 19-cv-00796-RBJ, 2020 WL 6743779 (D. Colo. Nov. 17, 2020)....................................... 8

*Hardware Dealers Mut. Fire Ins. Co. v. Smart,*
  293 F.2d 558 (10th Cir. 1961)............................................................................... 4, 5

*Hensley v. Eckerhart,*
  461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ............................................. 5

*Houdek v. Mobil Oil Corp.,*
  879 P.2d 417 (Colo. App. 1994) ............................................................................. 4

*In re Marriage of Aragon,*
  444 P.3d 837 (Colo. App. 2019) ......................................................................... 6, 12

*Infant Swimming Research, Inc. v. Faegre & Benson, LLP,*
  335 F. App'x 707 (10th Cir. 2009) ......................................................................... 4,6

*Interstate Restoration, LLC v. Marriott Int'l, Inc.,*
  No. 21-cv-01380-NYW-JPO, 2024 WL 4661345 (D. Colo. Oct. 31, 2024) ..................... 11, 12

*Jones v. Denver Post Corp.,*
  203 F.3d 748 (10th Cir. 2000).............................................................................. 5

*Kachadoorian v. United Airlines, Inc.,*
  No. 18-cv-01205-RBJ, 2018 WL 10609655 (D. Colo. Sep. 12, 2018)....................................... 8

*Kelley v. N.Y. Life Ins. & Annuity Corp.,*
  No. 07-cv-01702-LTB-BNB, 2008 WL 5423343 (D. Colo. Dec. 30, 2008) ............................ 8

*Krystkowiak v. W.O. Brisben Cos.,*
  90 P.3d 859 (Colo. 2004) ....................................................................................... 4

*Lorillard Tobacco Co. v. Engida,*
  611 F.3d 1209 (10th Cir. 2010)............................................................................. 7

*McNees v. Ocwen Loan Servicing, LLC,*
  853 F. App'x 211 (10th Cir. 2021) ......................................................................... 9

*Murphy v. Schaible, Russo & Co., L.L.P.*,
No. 19-cv-02808-WJM-MEH, 2024 WL 1215615 (D. Colo. Mar. 21, 2024) .......................... 11

*Netquote, Inc. v. Byrd*,
504 F. Supp. 2d 1126 (D. Colo. 2007) ................................................................................. 8

*Patterson v. James*,
454 P.3d 345 (Colo. App. 2018) ........................................................................................ 7

*Pro Polish, LLC v. Abkarian*,
No. 23-cv-02470-NYW-SBP, 2024 WL 4661385 (D. Colo. Oct. 16, 2024) ............................ 5

*Rocky Mt. Chocolate Factory v. Arellano*,
No. 17-cv-0582-WJM-CBS, 2017 WL 4697503 (D. Colo. Oct. 19, 2017) ............................... 8

*Shell v. Henderson*,
No. 09-cv-00309-MSK-KMT, 2013 U.S. Dist. LEXIS 129006 (D. Colo. July 24, 2013) ......... 4

*Shrader v. Beann*,
503 F. App'x 650 (10th Cir. 2012) ................................................................................... 4, 5

*Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*,
53 F. App'x 31 (10th Cir. 2002) ........................................................................................ 5

*Smith v. Town of Snowmass Vill.*,
919 P.2d 868 (Colo. App. 1996) ........................................................................................ 4

*Systems Designs, Inc. v. New Customware Co., Inc.*,
248 F. Supp. 2d 1093 (D. Utah 2003) ................................................................................. 8

*United States ex rel. Shepard v. Grand Junction Reg'l Airport Auth.*,
No. 13-cv-00736-CMA-CBS, 2017 WL 11556405 (D. Colo. July 24, 2017) .......................... 5

**Statutes**

Colorado Revised Statute § 13-17-102 ................................................................... *passim*

Colorado Revised Statute § 13-17-201 ................................................................... *passim*

15 U.S.C § 1114 .......................................................................................................... 2

15 U.S.C. § 1125 ......................................................................................................... 2

18 U.S. Code § 1964 ................................................................................................... 2

**Rules**

Colo. R. Pro. Cond. 1.5 ............................................................................................... 6

Colo. R. Civ. P. 12 ...................................................................................................... 4

Fed. R. Civ. P. 12 ............................................................................................... *passim*

Fed. R. Civ. P. 54 ............................................................................................... *passim*

Fed. R. Civ. P. 58 ........................................................................................................ 2

**PLEASE TAKE NOTICE** that upon all prior pleadings and proceedings had herein, and any subsequent reply papers submitted in support of this motion, Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins (collectively, the "Gaia Individuals"), by and through their attorneys, Davis+Gilbert LLP, hereby move this Court, pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§13-17-201 and 13-17-102(3), to enter an award of attorneys' fees in favor of the Gaia Individuals and against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc., as well as their counsel.  In support of this Motion, the Gaia Individuals state as follows:

<u>**INTRODUCTION**</u>

Plaintiffs filed and pursued a grab-bag of frivolous common law and statutory claims against the Gaia Individuals, all of which were torts or sounded in tort law other than one contract claim.  But all of Plaintiffs' claims against the Gaia Individuals—after Plaintiffs were advised of their deficiencies and attempted to revise them in a further amended complaint—were ultimately dismissed, including by the Court pursuant to the Gaia Individuals' Rule 12 motion.

By statute, in Colorado, such circumstances mandate the award of attorneys' fees in favor of the Gaia Individuals who were forced to unnecessarily litigate tort claims so lacking in substance they could not even survive a motion to dismiss.  By Colorado statute such an award of attorneys' fees may be entered jointly against a party and its counsel; here, the frivolous nature of the claims justifies a joint award (or sanctions) against Plaintiffs' counsel.  Accordingly, the Gaia Individuals are entitled by law to an award of reasonable attorneys' fees, which should be assessed against Plaintiffs and their counsel.  As described herein, an attorneys' fee award of approximately $76,779 is warranted and appropriate.

## RELEVANT FACTUAL BACKGROUND

Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("GES") initially filed a complaint asserting sixteen separate causes of action against Gaia, Inc. ("Gaia"), and others. (Dkt. 1).  Plaintiffs added the Gaia Individuals as named defendants when Plaintiffs filed their First Amended Complaint.  (Dkt. 36).  Subsequently, the Plaintiffs filed a Second Amended Complaint asserting—among claims against Gaia and others—eleven separate causes of action against the Gaia Individuals.  (Dkt. 111).  The causes of action against the Gaia Individuals were: 1) "Racketeer Influenced and Corrupt Organizations Act, 18 U.S. Code §1964"; 2) "Federal Trademark Infringement (Under 15 U.S.C. §§1114 and 1125(a)); 3) "False Designation of Origin and Federal Unfair Competition under 15 U.S.C. §1125"; 4) "Colorado Common Law Trademark and Trade Name Infringement"; 5) "Colorado Common Law Unfair Competition"; 6) "Colorado Consumer Protection Act"; 7) "Breach of Contract"; 8) "Fraudulent Misrepresentation"; 9) "Slander Per Se"; 10) "Libel Per Se"; and, 11) "Tortious Interference with a Business Expectancy". (*Id.*).

The Gaia Individuals moved to dismiss the claims against them as pleaded in the Second Amended Complaint, in their entirety, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (Dkt. 175).  The Court granted the Gaia Individuals' motion to dismiss nine of the eleven claims and noted that Plaintiffs had previously voluntarily dismissed claims for libel and slander.  (Dkt. 390).[1]

---

[1] The Court also dismissed all but a breach of contract claim against Gaia.

Subsequently, the Gaia Individuals filed an Unopposed Motion for Entry of Judgment. (Dkt. 438). On December 6, 2024, the Court granted that motion (Dkt. 448), and the clerk entered a Final Judgment in favor of the Gaia Individuals and against Plaintiffs (Dkt. 449).

The Gaia Individuals incurred approximately $76,779 in legal fees in defending the action, and obtaining a judgment, which amount was paid by Gaia. (See Declaration of Daniel A. Dingerson, ¶¶ 7, 28).

## APPLICABLE LEGAL STANDARDS

### I.      Governing Rules and Statutes Provide for Recovery of Attorneys' Fees

Federal Rule of Civil Procedure 54(d)(2) provides, with respect to recovery of attorneys' fees:

> (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

> (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:

>> (i) be filed no later than 14 days after the entry of judgment;

>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

>> (iii) state the amount sought or provide a fair estimate of it; and

>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Colorado Revised Statute §13-17-201 (the "Fee Statute") provides:

> (1) In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

**II.    An Attorneys' Fees Award is Mandatory in Colorado upon Dismissal Pursuant to Fed. R. Civ. P. 12**

"Section 13-17-201 was enacted to discourage the unnecessary litigation of tort claims." *Smith v. Town of Snowmass Vill.*, 919 P.2d 868, 872 (Colo. App. 1996).  Specifically, "those cases that were so lacking in substance that they could not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 869 (Colo. 2004).  Accordingly, where tort claims cannot survive a motion to dismiss, Courts enforce the Fee Statute without consideration of the alleged injury, as the Fee Statute plainly applies even to "tort actions involving mere economic injury."  *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 715 (10th Cir. 2009) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)).

Over time, Tenth Circuit and Colorado courts have further clarified the types of cases that are subject to the Fee Statute and when an award of attorneys' fees is required.  For example, while the Fee Statute expressly refers only to dismissals pursuant to Rule 12 of the Colorado Rules of Civil Procedure, the Tenth Circuit has held that the Fee Statute equally applies to dismissals under Federal Rule of Civil Procedure 12(b).  *Shrader v. Beann*, 503 F. App'x 650, 654-55 (10th Cir. 2012).  Moreover, though the Fee Statute expressly refers only to dismissal of tort claims, "a defendant who succeeds in dismissing a complaint under Rule 12(b) is entitled to the fee award even if the complaint included a mix of tort and non-tort claims."  *Infant Swimming Research*, 335 F. App'x at 716.  Likewise, "when a federal court is faced with a mix of federal question claims and pendent state tort claims . . . the fee shifting statute continues to apply."  *Shell v. Henderson*, No. 09-cv-00309-MSK-KMT, 2013 U.S. Dist. LEXIS 129006, at *4 (D. Colo. July 24, 2013) (citing *Hardware Dealers Mut. Fire Ins. Co. v. Smart*, 293 F.2d 558, 560 (10th Cir. 1961)).

4

Finally, courts have consistently held that an award of attorneys' fees pursuant to the Fee Statute is mandatory. *Id.* at *12-13.

Thus, "[u]nder Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) motion reasonable attorney fees in defending that action." *Shrader*, 503 F. App'x at 654-55 (citing *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000); Colo. Rev. Stat. §13-17-201).

### III.    Courts Have Discretion in Determining the Amount of Attorneys' Fees Pursuant to the Fee Statute

In assessing attorneys' fees, as provided by the Fee Statute, a Court must award all fees reasonably incurred in "defending the action", not just those associated with the Rule 12 motion. Colo. Rev. Stat. §13-17-201.

"As a general rule, the amount of an attorney's fees award is within the discretion of the Court." *Pro Polish, LLC v. Abkarian*, No. 23-cv-02470-NYW-SBP, 2024 WL 4661385, at *6 (D. Colo. Oct. 16, 2024). "Courts need not 'identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *United States ex rel. Shepard v. Grand Junction Reg'l Airport Auth.*, No. 13-cv-00736-CMA-CBS, 2017 WL 11556405, at *2 (D. Colo. July 24, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). Ultimately, "[i]t is within the district court's broad discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting in deciding the appropriate fee." *Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*, 53 F. App'x 31, 39 (10th Cir. 2002) (affirming the district court's award of attorneys' fees under 42 U.S.C. §1988).

"Generally, Colorado law determines reasonableness by consideration of the factors listed in Rule 1.5 of the Colorado Rules of Professional Conduct which are pertinent to the particular case." *Deitz v. Univ. of Denver*, No. 95-cv-02756-WDM-OES, 2011 WL 723118, at *13 (D. Colo. Feb. 22, 2011). "A reasonable attorney fee may also be established by calculating the lodestar amount which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. Assuming the reasonableness of the hours and rate, the lodestar amount creates a strong presumption of reasonableness." *Id*. A court may adjust the lodestar amount by consideration of the factors in Rule 1.5. *In re Marriage of Aragon*, 444 P.3d 837, 842 (Colo. App. 2019) (such factors include, among others: the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; and, the amount involved and the results obtained).

Importantly, a party seeking to recover attorneys' fees pursuant to the Fee Statute need not have paid the fees itself. *Infant Swimming Research*, 335 F. App'x at 717 ("There is, however, no requirement in Section 13-17-201 that a defendant demonstrate that it has paid its attorneys in order to recover its attorney fees and costs."); *see also Boulder Plaza Residential, LLC, v. Summit Flooring, LLC*, 198 P.3d 1213, 1217 (Colo. App. 2008) (holding that defendant is entitled to seek recovery of attorneys' fees from any party liable for such fees even though defendant's attorney was paid by a third party), *cert. denied*, No. 08SC470, 2009 Colo. LEXIS 55, 2009 WL 61656 (Colo. Jan. 12, 2009)).

Finally, the Fee Statute is subject to the requirements of Colorado Revised Statutes §13-17-102(3), which provides: "When a court determines that reasonable attorney fees or reasonable licensed legal paraprofessional fees should be assessed, the court shall allocate the payment of the

fees among the offending attorneys, licensed legal paraprofessionals, and parties, jointly or severally, as the court deems most just, and may charge an amount or portion to any offending attorney, licensed legal paraprofessional, or party."  See *Patterson v. James*, 454 P.3d 345, 352 (Colo. App. 2018) *cert. denied*, No. 19SC48, 2019 WL 5957216.[2]

## ARGUMENT

### I.    This Motion is Proper Pursuant to Federal Rule of Civil Procedure 54(d)

This motion satisfies all of the requirements of Rule 54(d), namely: a) the Gaia Individuals' claim for attorneys' fees is being made by motion; b) this motion is being filed 14 days after judgment was entered in favor of the Gaia Individuals; c) the Gaia Individuals are entitled to an award of attorneys' fees pursuant to Colorado Revised Statutes §13-17-201, the Final Judgment entered on December 6, 2024 (Dkt. 449), and the Court's order on the Gaia Individuals' Motion to Dismiss (Dkt. 390); and, d) the amount sought is $76,779.00.[3]

---

[2] The Court may also award attorneys' fees to the Gaia Individuals—and apportion such award among the Plaintiffs and their counsel—pursuant to Colo. Rev. Stat. §13-17-102(2), which provides that a court "shall award . . . reasonable attorney fees" in civil actions "that the court determines lacked substantial justification."  As used in §13-17-102, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. §13-17-102(4).  Claims made or maintained in bad faith and those that lack any support in rational argument meet this standard.  *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1218 (10th Cir. 2010).  Here, all or nearly all of Plaintiffs' claims meet the standard of lacking substantial justification and thus an award is appropriate against Plaintiffs and their counsel. However, given the mandatory nature of the Fee Statute, resort to this section and an award thereunder would be duplicative of the relief sought in this motion and thus would only be necessary if the Court held that the Fee Statute could not be applied.  In that case, the Court should find that the Plaintiffs' claims lacked "substantial justification" and award the Gaia Individuals attorneys' fees.
[3] Pursuant to Rule 54(d)(2)(B)(iv), the Gaia Individuals can further "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

**II.    The Fee Statute is Applicable Because the Action is Primarily a Tort Action and was Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)**

The Fee Statute mandates an award of attorneys' fees to a prevailing defendant when the action primarily lied in tort and was dismissed, as to defendant, pursuant to Rule 12(b). Colo. Rev. Stat. §13-17-201; *Galvin Inv. Co., LLC v. Smith*, No. 19-cv-00796-RBJ, 2020 WL 6743779, at *2 (D. Colo. Nov. 17, 2020).

Here, Plaintiffs pleaded eleven causes of action against the Gaia Individuals, six of which are indisputably tort claims:

1) "Colorado Common Law Trademark and Trade Name Infringement" ("Trademark infringement is a tort." *Rocky Mt. Chocolate Factory v. Arellano*, No. 17-cv-0582-WJM-CBS, 2017 WL 4697503, at *10 (D. Colo. Oct. 19, 2017) (quoting *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003)));

2) "Colorado Common Law Unfair Competition" ("Colorado courts recognize the common law tort of unfair competition . . ." *Netquote, Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1130 (D. Colo. 2007));

3) "Fraudulent Misrepresentation" (*Kachadoorian v. United Airlines, Inc.*, No. 18-cv-01205-RBJ, 2018 WL 10609655, at *5 (D. Colo. Sep. 12, 2018) (stating the elements of the "tort of . . . fraudulent misrepresentation");

4) "Slander Per Se" ("The tort of defamation consists of two types of communication -- libel and slander." *Kelley v. N.Y. Life Ins. & Annuity Corp.*, No. 07-cv-01702-LTB-BNB, 2008 WL 5423343, at *4 (D. Colo. Dec. 30, 2008));

5) "Libel Per Se" (*Id.*);

6) "Tortious Interference with a Business Expectancy" ("Tortious interference with business expectancy is an intentional tort actionable under Colorado law." *Examination Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, 519 F. Supp. 3d 893, 915 (D. Colo. 2021)).

Likewise, statutory claims under Title 15—such as Plaintiffs' claims for "Federal Trademark Infringement" and "False Designation of Origin"—are analogous to the common-law torts of trademark infringement and unfair competition and thus also sound in tort. *See Am. Acad. of Husband-Coached Childbirth v. Thomas*, No. 10-cv-2899-CMA-MEH, 2010 WL 5184779, at *1 (D. Colo. Dec. 15, 2010). Similarly, Plaintiffs' claim under the Colorado Consumer Protection Act is based on the same allegations as the trademark and unfair competition claims, and thus likewise sounds in tort. Further, as to the "RICO" claim, Plaintiffs alleged that the underlying conduct supporting such claim was mail and wire fraud; because "fraud is an intentional tort", *McNees v. Ocwen Loan Servicing, LLC*, 853 F. App'x 211, 215 (10th Cir. 2021), the RICO claim also sounds in tort.

Thus, other than one breach of contract claim, the entirety of Plaintiffs' action against the Gaia Individuals consists of tort claims or claims that sound in tort. Accordingly, tort claims predominate, and the action primarily lies in tort.

Because the action primarily lies in tort and the Court dismissed the action pursuant to the Gaia Individuals' motion to dismiss pursuant to Rule 12(b)(6), an award of reasonable attorneys' fees to the Gaia Individuals is required by the Fee Statute. The exception as provided in part (2) of the Fee Statute is wholly inapplicable. See Colo. Rev. Stat. §13-17-201(2).

**III.    The Gaia Individuals are Entitled to a Reasonable Award of $76,779**

Pursuant to the Fee Statute, the Gaia Individuals are entitled to recover their reasonable attorney fees in defending this action.  The fees incurred by the Gaia Individuals and requested by this motion, totaling $76,779, are reasonable under Colorado law, as required by the statute.

In calculating a lodestar, the Court looks to the reasonable number of hours multiplied by a reasonable hourly rate.  In total, for purposes of this motion, counsel for the Gaia Individuals billed approximately 128.8 hours being attributed to the Gaia Individuals in defending the action (60 hours of time exclusive to the Gaia Individuals and 68.8 hours of apportioned time from "mixed" entries).  *See* Dingerson Decl. ¶¶ 2, 26-27.  The total number of hours billed here, while perhaps ostensibly high, are a direct reflection of Plaintiffs' tactics in bringing the claims against the Gaia Individuals and pursuing them even in the face of multiple conferrals and a fully briefed motion to dismiss that clearly established the claims were frivolous.  Indeed, when considering the number of claims asserted against the Gaia Individuals—11 in the Second Amended Complaint, but originally 16 in the Amended Complaint that first alleged claims against the Gaia Individuals—along with the need to research each of the claims, confer with Plaintiffs' counsel about the deficiencies in those claims, and ultimately draft a motion to dismiss, the total hours are not actually high at all (on average, counsel for the Gaia Individuals billed about 11 hours to research, confer, and brief each of Plaintiffs' causes of action in the Second Amended Complaint, not counting the additional five claims that counsel for the Gaia Individuals persuaded Plaintiffs to drop between the first and second Amended Complaints and which also required time to research and prepare arguments for conferral).

The total award of $76,779 sought by the Gaia Individuals, divided by the reasonable number of 128.8 hours of time expended, results in an average rate of $596.11 per hour across all professionals who provided services.  In decisions reported in 2024, District of Colorado judges have approved rates much higher than that as being "reasonable" for the market.  For example, in a recent breach of contract case, the court approved attorney rates up to $900 for 2024.  *See Interstate Restoration, LLC v. Marriott Int'l, Inc.*, No. 21-cv-01380-NYW-JPO, 2024 WL 4661345, at *8 (D. Colo. Oct. 31, 2024).  Similarly, in a recent breach of fiduciary duty case, the court approved rates up to $750 per hour for attorneys.  *See Murphy v. Schaible, Russo & Co., L.L.P.*, No. 19-cv-02808-WJM-MEH, 2024 WL 1215615, at *4 (D. Colo. Mar. 21, 2024).  Here, only 2.6 hours of time billed on behalf of the Gaia Individuals were charged at rates higher than $755 (i.e., the highest rates charged by counsel for the Gaia Individuals were charged by senior partners who had only limited time related to the Gaia Individuals' defense).  Thus, the rates billed for the Gaia Individuals' defense in this action related to the fees being sought pursuant to this motion are similar to those rates approved in other cases.

Furthermore, when looking to other reported rates, the range of rates billed by counsel for the Gaia Individuals is also reasonable.  As cited in *Interstate*, the 2022 National Law Journal's 50th Annual Survey of Law Firm Economics "indicates that for the West/Mountain region of the United States, the average 2022 billable hourly rate was $727 for an equity partner; $680 for non-equity partner; and $507 for an associate, with 75th percentile hourly rates of $883, $850, and $640, respectively." *Interstate*, 2024 WL 4661345, at *19 (citations omitted).  Similarly, the court in *Interstate* found that "Wolters Kluwer ELM Solutions also publishes a Real Rate Report.  For Denver, Colorado, the Real Rate Report reflects the median rate for a litigation partner in 2022 of

$495 per hour, with a 75th percentile hourly rate of $644. But for partners with more than 21 years of experience, the 75th percentile hourly rate jumps to $700 per hour. For litigation associates, the Real Rate Report reflects a median rate of $345 per hour, with a 75th percentile hourly rate of $415." *Id.*, at *20-21.

While the rates charged by counsel for the Gaia Individuals are somewhat higher than the mean/median rates provided in the cited reports, the services provided to the Gaia Individuals in defending against Plaintiffs' scattershot claims and dubious allegations required additional time and labor, as well as a higher level of skill than in a run-of-the-mill litigation. Here, the Gaia Individuals were provided services by a lead attorney with nearly 20 years of experience, who was assisted in a limited respect by three partners each with over 20 years of practice and significant experience litigating in federal and state courts, along with a few junior attorneys and staff. Detailed descriptions of the services provided, along with the amount of time spent, the hourly rate charged, and the total amount claimed are included in the exhibits to the Declaration of Daniel A. Dingerson being filed concurrently herewith and in support of this motion. But, in summary, the claims brought against the Gaia Individuals misapplied the law in numerous respects and thus required more time and consideration in researching and briefing than more "straightforward" claims would have. The extensive experience of the attorneys providing services to the Gaia Individuals, along with the result of obtaining dismissal of all claims asserted against the Gaia Individuals, justifies adjusting the lodestar up, even if a lower rate was used in calculating it than the rates actually charged. See *In re Marriage of Aragon*, 444 P.3d at 842. In other words, the net effect of any lowering of attorney rates (which is not necessary or appropriate) and then adjusting

the lodestar up based on the skill required and favorable results obtained in this action for the Gaia Individuals would likely be an equal offset.

For all of the above reasons, the total number of hours expended in defending the action are reasonable, as are the rates charged by counsel for the Gaia Individuals. Accordingly, the appropriate calculation of the lodestar is identical or approximately the same as the amount being sought by this motion. Accordingly, an award of $76,779 to the Gaia Individuals is reasonable and appropriate in this action. Further, such award is appropriately entered against both Plaintiffs and their counsel, who was personally responsible for drafting, filing, and pursuing the dismissed claims, even after being presented the law that clearly established the claims were frivolous and sanctionable.

## CONCLUSION

WHEREFORE, the Gaia Individuals respectfully request that this motion be granted and that attorneys' fees be awarded in favor of Jirka Rysavy, Kiersten Medvedich, and Brad Warkins, and against Plaintiffs and their counsel of record, jointly and severally, pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§13-17-201 and 13-17-102(3), together with such other and further relief as the Court deems just and proper.

Dated: December 20, 2024    **DAVIS+GILBERT LLP**

By:  /s/ *Daniel A. Dingerson*
    Daniel A. Dingerson
    Ina B. Scher
    Angela M. Dunay
    1675 Broadway
    New York, New York 10019
    Telephone: (212) 468-4800
    Facsimile: (212) 468-4888
    ddingerson@dglaw.com

*Attorneys for Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  For purposes of this certification, the word count includes footnotes but excludes the case caption, signature block, this Certificate of Compliance, the Certificate of Service, and the Certificate of Conferral.


    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2024, I caused a copy of Motion For Attorney' Fees as to Jirka Rysavy, Kiersten Medvedich, and Brad Warkins Pursuant to Federal Rules of Civil Procedure 54(d) to be served on all other parties by filing it on the Court's ECF system.


    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## CERTIFICATE OF CONFERRAL

I hereby certify that pursuant to Local Civil Rule 7.1(a), I conferred with Plaintiffs' counsel on June 27, 2024, by telephone, and again on December 16, 2024, by email, regarding this motion and the relief being sought herein. I further certify that Plaintiffs, through their counsel, represented that they oppose an award of attorneys' fees in favor of the Gaia Individuals.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson