IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KLM

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

---

**DECLARATION OF DANIEL A. DINGERSON
IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND C.R.S. § 13-17-201
BY DEFENDANTS JIRKA RYSAVY, KIERSTEN MEDVEDICH, AND BRAD WARKINS**

---

Daniel A. Dingerson declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Counsel at the firm of Davis+Gilbert LLP ("Davis+Gilbert"), attorneys for Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins (the "Gaia Individuals").

2. I respectfully submit this declaration in support of the Gaia Individuals' Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised State

1

§ 13-17-201 against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. (collectively "Plaintiffs" or "Goode").

3. I am over 18 years of age and personally aware of the facts in this declaration or believe them to be true based on my review of Davis+Gilbert records.

4. Davis+Gilbert has provided legal services to the Gaia Individuals as well as their employer, Gaia, Inc. ("Gaia"), who is also a defendant in this action.

5. Indeed, when the action was initially filed, Gaia was a named defendant, but the Gaia Individuals were not.

6. As described in more detail below, the Gaia Individuals were added as named defendants when Plaintiffs filed their First Amended Complaint.

7. When the Gaia Individuals were added to the action as named defendants, it being determined that there was no conflict of interest, Gaia agreed to pay for Davis+Gilbert to represent the Gaia Individuals in addition to the company.

8. From the inception of the action, I have been the attorney with primary/lead responsibility for defending Gaia (and, later, the Gaia Individuals) against Plaintiffs' claims.

9. I began practicing law in 2004 and have been an attorney at Davis+Gilbert for over 10 years.

10. I am licensed to practice law in the states of New York and Michigan (I am also a member of the Bar in Illinois, where my status is "Inactive"), as well as several federal district courts and courts of appeals.

11. I have extensive experience litigating cases, for a number of clients and concerning a wide variety of claims, in both federal and state courts around the United States.

12. My billing rates for most of the time billed to the Gaia Individuals (as further described below) were $585 or $600; time entries from this year were billed at $755.

13. In the course of the action, certain of my colleagues—including partners, associates, paralegals, and staff—have assisted me in representing Gaia and the Gaia Individuals.

14. Titles and applicable billing rates for those colleagues who assisted me in representing the Gaia Individuals are as follows:

**Current Davis+Gilbert Attorneys**

    a. Michael Lasky, Partner/Co-Chair, Litigation + Dispute Resolution, practicing for over 40 years: $830

    b. Ina B. Scher, Partner, practicing for over 30 years: $730-$750 ($905 for current year entries)

    c. James Levine, Partner, practicing for over 20 years: $700-$720

    d. Angela Dunay, Associate, practicing for 5 years: $630

**Former Davis+Gilbert Attorneys and Staff**

    e. Derick Dailey, Associate, practicing for approximately 3 years at the time of providing services to the Gaia Individuals: $480

    f. G. Tyler Rumph, Discovery Attorney, practicing for approximately 10 years at the time of providing services to the Gaia Individuals: $440

    g. Natania Buchbinder, Paralegal, working as a paralegal for approximately 5 years at the time of providing services to the Gaia Individuals: $270

    h. John Heatherton, Managing Clerk (Docketing): $275

15. Because of the voluminous, repetitive, and often error-filled filings in this action, the Gaia Individuals were forced to incur significant legal fees in defending against Plaintiffs' numerous claims, under a variety of legal theories, across multiple amended complaints. The arguments required to respond to Plaintiffs' claims was often not clearly addressed in foundational cases regarding such categories of claims and thus required extensive legal research.

16. In particular, the Gaia Individuals were forced to research the law concerning individual liability (as distinct from any liability of Gaia) as to each of Plaintiffs' claims and then repeatedly confer with Plaintiffs' counsel concerning the absence of any valid basis to bring such claims. Despite those conferral efforts, the Gaia Individuals were forced to fully brief a motion to dismiss nearly all of the claims against the Gaia Individuals, which motion was ultimately successful as to the Gaia Individuals.

17. No time devoted on this action or attorneys' fees incurred, including but not limited to time representing the Gaia Individuals and fees incurred on their behalf, was inappropriate, unnecessary, or excessive.

18. As certain tasks related to defending Gaia and the Gaia Individuals against Plaintiffs' claims would overlap, and because Gaia was paying for all of the legal expenses incurred in relation to the action, Davis+Gilbert administratively billed all of its time related to the action under a single client-matter number.

19. As such, there are time entries throughout the course of the litigation that relate to: a) services provided only to Gaia ("Gaia Entries"); b) services provided only to the Gaia Individuals ("Gaia Individuals Entries"); c) separate services provided to each of Gaia and the

4

Gaia Individuals ("Mixed Entries"); and, d) services provided that benefit both Gaia and the Gaia Individuals ("Joint Entries").

20. For the purposes of the present motion, I reviewed all of the time entries related to the action appearing in Davis+Gilbert's billing and time entry records and included on an invoice to Gaia (i.e., if any time was "written off", I did not consider such entry for purposes of the present motion).

21. For each time entry reviewed, I made a determination as to how to categorize the time entry pursuant to Paragraph 19 by referencing the descriptions provided as well as my own recollection, individual notes, and the case file.

22. For purposes of the present motion, the time entries which I determined were Gaia Individuals Entries have been included in full, totaling $34,470.00. A true and accurate copy of D+G's billing record of the Gaia Individuals Entries (i.e., the charges related to services provided only to the Gaia Individuals), showing attorneys' fees through November 30, 2024, is attached hereto as Exhibit A.

23. For purposes of the present motion, the time entries which I determined were Gaia Entries have been excluded from the attached Davis+Gilbert billing records and the calculations of attorneys' fees being sought, as such services were provided for the benefit of Gaia, not the Gaia Individuals.

24. For purposes of the present motion, the time entries which I determined were Joint Entries have been excluded from the attached Davis+Gilbert billing records and the calculations of attorneys' fees being sought, as such services would have been rendered (and fees incurred) for the benefit of Gaia even if the Gaia Individuals had not been named as defendants in the action.

5

25.     For example, if one of the other defendants in the action filed a motion unrelated to the Gaia Individuals, there were no additional/extra fees incurred on behalf of the Gaia Individuals to review such motion to remain apprised of the matters in the case, and thus such fees have been excluded from the present motion.

26.     For purposes of the present motion, the time entries which I determined were Mixed Entries have been included but reduced by half.  As to the Mixed Entries, it would be impossible or exceedingly difficult to precisely allocate which portion of the entry was devoted to providing services to the Gaia Individuals as opposed to Gaia or for the benefit of both the Gaia Individuals and Gaia.  However, based on my review of the Mixed Entries I believe that some predominantly pertain to services to the Gaia Individuals, some predominantly pertain to services to Gaia, while some are roughly evenly divided.  Accordingly, I believe it to be a fair apportionment of the Mixed Entries to assume that half of the fees were incurred on behalf of the Gaia Individuals and half of the fees were incurred on behalf of Gaia.  The Mixed Entries total $84,618.00; half of that amount, apportioned to the Gaia Individuals, totals $42,309.00.

27.     A true and accurate copy of D+G's billing record of the Mixed Entries (i.e., the charges related to services provided some to the Gaia Individuals and some to Gaia), showing attorneys' fees through November 30, 2024, is attached hereto as Exhibit B.

28.     Using the above processes, through November 30, 2024, the Gaia Individuals incurred attorneys' fees of approximately $76,779.00 in defending against Plaintiffs' claims.

29.     The fees charged by Davis+Gilbert are reasonable, and commensurate with the experience of the professionals providing services on this matter and other legal professionals with like skill and experience.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 20, 2024:

    */s/ Daniel A. Dingerson*

Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I caused a copy of the foregoing Declaration, to be served via ECF on all other parties who have appeared in this matter.

　　　　　　　　　　　　　　　　　　　　 /s/ Daniel A. Dingerson
　　　　　　　　　　　　　　　　　　　　Daniel A. Dingerson