IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

Defendants.

---

**PLAINTIFFS' CONDITIONAL OPPOSITION TO DEFENDANTS' MOTION
FOR ATTORNEYS' FEES BY JIRKA RYSAVY, KIERSTEN MEDVEDICH
AND BRAD WARKINS**

---

**COME NOW**, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc.
("Plaintiffs"), submit this Conditional Opposition to Defendants' Motion for
Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d) and Colorado
Revised Statutes §§ 13-17-201 and 13-17-102(3) (Docket 453).

## INTRODUCTION

This Conditional Opposition is filed in light of the impending deadline to
respond to Defendants' Motion for Attorneys' Fees (Docket 453, hereafter, the "Fees
Motion") on January 10, 2025. Plaintiffs have filed an unopposed and stipulated
motion for an extension of time to respond to the Fees Motion, which is pending before
the Court (Docket 457). If the Court grants this motion, Plaintiffs respectfully request

Conditional Response to Fees Motion

the opportunity to file an amended and more comprehensive response to the Fees Motion.

In its March 31, 2024 ruling (Docket 390, hereafter the "Order"), the Court dismissed certain claims based on procedural or jurisdictional grounds but did not dismiss the entire action or all tort claims. Defendants' request for attorneys' fees is improper because (1) the claims dismissed were not wholly tortious; (2) key claims were referred to the Trademark Trial and Appeal Board (TTAB) for resolution rather than dismissed; (3) Plaintiffs' claims were legitimate, good-faith efforts to advance legal theories and address substantive legal disputes; (4) Defendants have filed mirror claims that remain pending, further undermining their entitlement to fees; and (5) Plaintiffs' claims were not frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3).

## **ARGUMENT**

Defendants' Motion for Attorneys' Fees under Federal Rule of Civil Procedure 54(d) and C.R.S. §§ 13-17-201 and 13-17-102(3) should be denied. Under Rule 54(d), attorneys' fees are not automatically awarded unless expressly authorized by statute or contract, and there is no evidence that Plaintiffs acted in bad faith, vexatiously, or wantonly to justify such an award. C.R.S. § 13-17-201 is inapplicable because the litigation involves both tort and non-tort claims, as detailed in the Court's Order, and the primary focus of the case lies in contractual disputes. Moreover, key claims were referred to the TTAB rather than dismissed outright, and Defendants' own mirror claims, which remain pending, underscore the substantive nature of the disputes.

Conditional Response to Fees Motion

Finally, Plaintiffs' claims were brought in good faith, supported by credible evidence and legitimate legal theories, and procedural dismissals do not render them frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3).

### A. C.R.S. § 13-17-201 Applies Only to Entirely Tort-Based Actions

C.R.S. § 13-17-201 was enacted to discourage the institution or maintenance of unnecessary tort claims (*Kennedy v. King Soopers Inc.*, 148 P.3d 385, 388 (Colo. App. 2006); *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1010 (Colo. 2008)). The statute applies only when an entire tort action is dismissed under Rule 12(b), not when a complaint includes both tort and non-tort claims (*Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007); *Berg v. Shapiro*, 36 P.3d 109, 113 (Colo. App. 2001)).

The Court's Order dismissed certain claims based on procedural or jurisdictional grounds but did not dismiss all tort claims or the entire action. Plaintiffs' case involves a mix of tort and non-tort claims, rendering § 13-17-201 inapplicable. As explained in *Sotelo*, § 13-17-201 does not apply when the dismissal pertains only to some tort claims or when the action also includes viable non-tort claims.

### B. The Case Primarily Sounds in Contract Claims

The core of this litigation involves contract claims, including disputes over agreements, relationships, and performance between the parties. As reflected in the

Court's Order, many of Plaintiffs' claims arose from alleged breaches of contractual obligations. The remaining claims underscore the contractual nature of the dispute.

Under Colorado law, the determination of whether C.R.S. § 13-17-201 applies turns on the essence of the action, not isolated claims. When the essence of an action is contractual, the statute is inapplicable even if tort claims are included (*Sotelo v. Hutchens Trucking Co.*, 166 P.3d at 287). Here, Plaintiffs' claims have always focused primarily on contractual obligations, making § 13-17-201 inapplicable.

**C. The Statute Does Not Apply When Tort Claims Are Not Fully Dismissed**

C.R.S. § 13-17-201 requires dismissal of all tort claims in an action to trigger an award of attorneys' fees. The Court's Order referred key claims to the TTAB for further adjudication rather than dismissing them outright. Because the TTAB retains jurisdiction over those claims, they remain active and cannot be deemed frivolous or groundless.

The statute's purpose is to deter frivolous litigation, not to penalize good-faith efforts to resolve complex legal disputes. Plaintiffs' claims were grounded in legitimate legal theories and sought to resolve substantial issues, not to harass or impose undue costs on Defendants.

**D. Defendants' Mirror Claims Undermine Their Request for Fees**

Defendants have filed mirror claims that remain pending in Colorado jurisdiction. These claims involve overlapping issues and legal theories, highlighting that the disputes at issue are substantive and not frivolous. Awarding attorneys' fees

Conditional Response to Fees Motion

to Defendants while their own similar claims remain unresolved would create inequity and contravene the principles underlying C.R.S. § 13-17-201.

Plaintiffs intend to file a motion for judgment on the pleadings to address these mirror claims, further demonstrating the substantive nature of the disputes between the parties.

## E. Plaintiffs' Claims Were Not Frivolous, Groundless, or Vexatious Under C.R.S. § 13-17-102(3)

Defendants also fail to establish that Plaintiffs' claims were frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3).

### 1. Good Faith Efforts to Address Legitimate Issues

Plaintiffs' claims were brought in good faith and based on credible evidence and legal theories. Colorado courts have emphasized that claims are not frivolous if they represent a legitimate attempt to extend, modify, or reverse existing law (*Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 299 (Colo. App. 2009); *Green Nimbus, LLC & CDDC LLC v. Petty*, 2024 Colo. Dist. LEXIS 227). Plaintiffs' claims addressed complex issues related to misconduct and contractual obligations, which were supported by substantial legal and factual research.

### 2. Dismissals on Procedural or Jurisdictional Grounds Do Not Establish Frivolity

The Court's Order dismissed certain claims on procedural or jurisdictional grounds, including referral of claims to the TTAB. These rulings do not demonstrate

Conditional Response to Fees Motion

that the claims were without merit. A dismissal for lack of jurisdiction or improper forum is not equivalent to a finding that a claim is frivolous or groundless.

3. **No Evidence of Vexatious Conduct**

Defendants have presented no evidence that Plaintiffs pursued their claims in bad faith or with the intent to harass or annoy. Colorado courts require clear proof of bad faith for a claim to be deemed vexatious. Plaintiffs' claims were brought with a good-faith intent to resolve substantive legal disputes, further negating any basis for sanctions under § 13-17-102(3).

## CONDITIONAL NATURE OF THIS RESPONSE

Plaintiffs reiterate that this response is conditional due to the pending motion for an extension of time to respond to the Fees Motion (Docket 457). Should the Court grant Plaintiffs' unopposed motion, Plaintiffs respectfully request the opportunity to file an amended response addressing additional issues and evidence in greater detail.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Attorneys' Fees. In the alternative, Plaintiffs request that any award of fees be significantly reduced to reflect only reasonable and necessary costs directly attributable to dismissed tort claims, excluding duplicative or unrelated work.

Date: January 10, 2025                      Respectfully submitted,

                                            /s Valerie Yanaros, Esq.
                                            Valerie Yanaros, Esq.
                                            Texas Bar No. 24075628
                                            Admitted to Practice in the
                                            District Court of Colorado
                                            Yanaros Law, P.C.
                                            8300 Douglas Avenue Suite 800
                                            Dallas, Texas 75225
                                            Phone: (512) 826-7553
                                            valerie@yanaroslaw.com

                                            **ATTORNEY FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each

Defendant by ECF on January 10, 2025.

                                            /s Valerie Yanaros, Esq.
                                            Valerie Yanaros, Esq.


CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading
complies with the type-volume limitation set forth in Judge Domenico's Practice
Standard III(A)(1).


Conditional Response to Fees Motion