IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                      Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                      Defendants.

---

**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES BY JIRKA RYSAVY, KIERSTEN MEDVEDICH AND BRAD WARKINS**

**COME NOW**, Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("Plaintiffs"), and hereby submit this Opposition to Defendants' Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3) [the "Motion", #453] filed on December 20, 2024.[1]

## INTRODUCTION

In its March 31, 2024 ruling (Docket 390, hereafter the "Order"), the Court dismissed certain claims based on procedural or jurisdictional grounds but did not

---

[1] Plaintiffs requested, and were granted [*see* #460], a request for extension of time to respond to the Motion. The deadline to respond was extended to January 31, 2025.

Response to Fees Motion

dismiss the entire action or all tort claims. Accordingly, Defendants' request for attorneys' fees is improper for multiple reasons. First, only a portion of the claims were tort-based, and the entire action was not dismissed, as key claims were referred to the Trademark Trial and Appeal Board (TTAB) for resolution rather than dismissed outright. Second, the main, contract-based claims remain, making the case outside the scope of C.R.S. § 13-17-201. Third, Plaintiffs' claims were brought in good faith, representing legitimate efforts to advance legal theories and resolve substantive disputes. Fourth, Defendants themselves have filed mirror claims that remain pending, further undermining their entitlement to attorneys' fees. Fifth, Defendants' requested fees are excessive, duplicative, and unreasonable, including charges for routine tasks, duplicative work, and excessive attorney rates. Finally, Plaintiffs' claims were not frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3), as they were well-founded, supported by factual investigation, and vetted by legal professionals. Under controlling law, the Court must deny Defendants' Motion for attorneys' fees due to these deficiencies.

## ARGUMENT

Defendants' Motion for Attorneys' Fees under Federal Rule of Civil Procedure 54(d) and C.R.S. §§ 13-17-201 and 13-17-102(3) must be denied. Under Rule 54(d), attorneys' fees are not automatically awarded unless expressly authorized by statute or contract, and there is no evidence that Plaintiffs acted in bad faith, vexatiously, or wantonly to justify such an award nor does this case fall under the narrow exception

Response to Fees Motion

of solely frivolous tort-based cases dismissed in their entirety. C.R.S. § 13-17-201 is inapplicable because the litigation involves both tort and non-tort claims, as detailed in the Court's Order, and the primary focus of the case lies in contractual disputes. Moreover, key claims were referred to the TTAB rather than dismissed outright, and Defendants' own mirror claims, which remain pending, underscore the substantive nature of the disputes. Additionally, counsel's fees for Defendants are exorbitant and excessive, and are in some instances duplicative and not sufficiently separated from other defendants' fees. Finally, Plaintiffs' claims were brought in good faith, supported by credible evidence and legitimate legal theories, and procedural dismissals do not render them frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3).

**A. C.R.S. § 13-17-201 Applies Only to Tort-Based Actions Dismissed *in toto***

The American Rule requires parties to bear their own attorney fees. *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007). However, C.R.S. § 13-17-201(1) authorizes the award of attorney fees "[i]n all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure." "The intent of the General Assembly in enacting section 13-17-201 was to discourage unnecessary litigation of tort claims." *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998). The statute applies only when an entire tort action is dismissed under Rule 12(b), not

Response to Fees Motion

when a complaint includes both tort and non-tort claims (*Sotelo* at 287; *Berg v. Shapiro*, 36 P.3d 109, 113 (Colo. App. 2001)).

The Court's Order dismissed certain claims based on procedural or jurisdictional grounds but did not dismiss all tort claims or the entire action. Plaintiffs' case involves a mix of tort and non-tort claims, rendering § 13-17-201 inapplicable. As explained in *Sotelo*, § 13-17-201 does not apply when the dismissal pertains only to some tort claims or when the action also includes viable non-tort claims.

The Colorado Court of Appeals has clearly distinguished between an "action" and a "claim" in its application of C.R.S. § 13-17-201. In *First Interstate Bank of Denver, N.A. v. Berenbaum*, the court explicitly rejected the idea that the statute applies to individual claims, stating: "[w]e conclude that, by its terms, this section applies only when an action has been dismissed under C.R.C.P. 12(b), and that since, in this case, only a single claim was dismissed under that rule, an award of attorney's fees was contrary to the plain language of the statute." 872 P.2d 1297, 1302 (Colo. App. 1993). In that case, while the trial court dismissed the plaintiff's negligent misrepresentation and fraud claims, it allowed the breach of contract and negligence claims to proceed. *Id.* at 1299. Because the entire action had not been dismissed, the court held that sanctions were inappropriate. *Id.* at 1302. The court further supported its reasoning by pointing out that the General Assembly has recognized the distinction between an action and an individual claim in other statutes and rules,

Response to Fees Motion

citing § 13-17-101, C.R.S. (1987 Repl. Vol. 6A) ("bringing or defense of an action, or part thereof (including any claim for exemplary damages)") and C.R.C.P. 11 ("any claim, action or defense"). *Id*. This principle has been reaffirmed in other decisions, including *Berg v. Shapiro*, where the court held that the statute applies only when all a plaintiff's tort claims are dismissed. 36 P.3d 109, 113 (Colo. App. 2011).

In *Green Nimbus, LLC & CDDC LLC v. Petty*, the court reaffirmed that C.R.S. § 13-17-201(1) applies only when an **entire lawsuit** is dismissed. 2024 Colo. Dist. LEXIS 227. The court further clarified that this principle applies equally in cases where both tort and non-tort claims are asserted. An award of attorney fees is appropriate under section 13-17-201 when the trial court dismisses an entire tort action pursuant to C.R.C.P. 12(b). *First Interstate Bank at* 1302 (section applies only when an action rather than single claim has been dismissed under C.R.C.P. 12(b)).

A similar situation arose in *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 606 (Colo. App. 2008). In that case, the *Dubray* court emphasized that the statute does not apply when an action includes both tort and non-tort claims and only the tort claims are dismissed under C.R.C.P. 12(b)**.** *Id*. The *Dubray* court distinguished its ruling from *Sotelo*, which similarly examined the applicability of C.R.S. § 13-17-201 in mixed tort and contract cases. 166 P.3d 285 (Colo. App. 2007). In *Sotelo*, the trial court dismissed the plaintiff's tort claims but allowed the breach of contract claim to proceed. *Sotelo* at 286. The Colorado Court of Appeals affirmed the trial court's refusal to award attorneys' fees under § 13-17-201, holding that "a defendant

may not recover attorney fees under § 13-17-201 when (1) the plaintiff's action includes both tort and non-tort claims and (2) the defendant has obtained dismissal of the tort claims, but not the non-tort claims, under C.R.C.P. 12(b)." *Id.* at 287. The court reasoned that **"dismissal of less than the entire 'action' is insufficient to trigger an award under the plain language of the statute. Had the legislature intended to authorize recovery for something other than dismissal of the entire action, it would have employed different language."** *Id.* Because the entire action had not been dismissed, the court concluded that the trial court properly declined to award fees. *Id.* The *Dubray* court even cited *Sotelo* with approval, reiterating that "the statute does not apply if an action contains both tort and non-tort claims and the defendant obtains C.R.C.P. 12(b) dismissal of only the tort claims." *Id.* at 607 (citing *Sotelo* at 287).

C.R.S. § 13-17-201 requires dismissal of all tort claims in an action to trigger an award of attorneys' fees. The Court's Order referred key claims to the TTAB for further adjudication rather than dismissing them outright (Order at 34). Because the TTAB retains jurisdiction over those claims, they remain active and cannot be deemed frivolous or groundless. In the same vein, the contract claims remain to be litigated. As such, the instant case is not the narrow type of case anticipated under the statute that (1) lies purely in tort and (2) was dismissed in its entirety as frivolous and groundless. The standard American Rule applies, and Defendants cannot seek costs under C.R.S. § 13-17-201.

Response to Fees Motion

## B. The Case Primarily Sounds in Contract Claims

The core of this litigation involves contract claims, including disputes over agreements, relationships, and performance between the parties. As reflected in the Court's Order, many of Plaintiffs' claims arose from alleged breaches of contractual obligations. The remaining claims underscore the contractual nature of the dispute.

Under Colorado law, the determination of whether C.R.S. § 13-17-201 applies turns on the essence of the action, not isolated claims. When the essence of an action is contractual, the statute is inapplicable even if tort claims are included (*Sotelo* at 287). Here, Plaintiffs' claims have always focused primarily on contractual obligations, making § 13-17-201 inapplicable.

## C. Defendants' Requested Attorneys' Fees Are Excessive and Unreasonable

Even if the Court were inclined to award any attorneys' fees, the amount sought by Defendants is excessive, unreasonable, and unjustified. Courts have discretion to reduce fee awards when the claimed amount is disproportionate to the work performed (*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here are specific examples from Defendants' billing records demonstrating that opposing counsel's fees are excessive, duplicative, and unjustified:

1. Excessive Time Spent on Routine Tasks
    - On July 21, 2020, Daniel Dingerson billed 3.9 hours ($2,281.50) at $585 per hour for reviewing the amended complaint and participating in

Response to Fees Motion

- multiple calls. However, Ina Beth Scher also billed separately (1.1 hours, $803 at $730 per hour) for the same review and discussions, resulting in double billing for the same work.
- o On December 16, 2020, Dingerson billed 1.9 hours ($1,111.50) for researching rules and case law regarding service of summons and consulting with another attorney, who also billed separately for the same discussion.

2. Duplicative and Redundant Billing

- o December 8, 2020: Dingerson billed 1.2 hours ($702) for reviewing a docket notice regarding a motion to amend and discussing it with another attorney, who separately billed for the same discussion.
- o January 4, 2021: Dingerson billed 4.7 hours ($2,820.00) for discussions regarding crossclaims and drafting emails, which appears to be excessive given the nature of the task.

3. High Attorney Rates for Administrative or Simple Legal Work

- o May 31, 2024: Ina Beth Scher billed $905 per hour for a 0.1-hour conference ($90.50) with Dingerson regarding the motion for attorneys' fees—an extraordinary rate for a minor discussion.
- o May 10, 2021: Dingerson billed $600 per hour for 5.4 hours ($3,240.00) reviewing a reply brief and corresponding with co-counsel, a task that does not justify the high billable time.

Accordingly, if any award is granted, it should be substantially reduced to reflect only necessary and reasonable costs, eliminating duplicative, excessive, or improperly allocated fees.

## D. Plaintiffs' Claims Were Not Frivolous, Groundless, or Vexatious Under C.R.S. § 13-17-102(3)

Defendants' assertion that Plaintiffs' claims are frivolous, groundless, or vexatious under C.R.S. § 13-17-102(3) is unsupported and contradicted by the substantial investigative and legal analysis conducted before this lawsuit was filed. Plaintiffs' claims were based on independent factual investigations, expert legal analysis, and verified evidence showing that Defendants engaged in conduct warranting litigation.

Plaintiffs retained independent investigators with law enforcement backgrounds, incurring over $20,000 in investigative costs, to assess relevant facts, identify key evidence, and determine which claims to pursue.[2] A similar amount was spent to hire a specialized RICO attorney to ensure the claims were legally sound and properly framed. The investigative findings further substantiate Plaintiffs' claims by documenting Defendants' conduct, including:

- Gaia's internal business strategies aimed at leveraging Plaintiffs' intellectual property while simultaneously engaging in public narratives to discredit Plaintiffs.

---

[2] Plaintiffs retained independent investigators, including former law enforcement professionals, to assess the relevant facts, determine which claims had merit, and document evidence of Defendants' coordinated efforts. The investigative findings support Plaintiffs' claims and provide a factual basis for this litigation. Should the Court wish to review the full investigative report, Plaintiffs are prepared to provide it upon request.

Response to Fees Motion

- Statements attributed to Jirka Rysavy, CEO of Gaia, that suggest a deliberate effort to undermine Plaintiffs' reputation while benefiting from related business interests.
- Actions by Kiersten Medvedich and Brad Warkins, which include internal communications suggesting a strategic approach to controlling the messaging surrounding Plaintiffs' work and limiting their ability to compete in the marketplace.

These findings provide a reasonable factual basis for Plaintiffs' claims, further proving that Defendants' argument that this case was frivolous or brought in bad faith is unfounded.

Colorado courts have consistently held that a claim is not frivolous if it represents a legitimate effort to establish new legal theories or to extend existing law (*Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 299 (Colo. App. 2009)). Plaintiffs conducted a substantial pre-filing investigation, including:

- Expert analysis of Gaia's digital communications and internal records to corroborate key evidence.
- Review of internal strategy documents regarding Defendants' handling of Plaintiffs' intellectual property and brand influence.
- Efforts to resolve disputes before filing litigation, demonstrating that Plaintiffs acted in good faith rather than with vexatious intent.

Response to Fees Motion

Because Colorado law does not penalize well-founded claims simply because they are ultimately dismissed, Defendants' request for attorneys' fees should be denied.

Additionally, Defendants' own pending mirror claims contradict their assertion that Plaintiffs' claims were frivolous. The investigative findings show that:

- Gaia and its leadership have pursued similar claims in other forums, reinforcing the legitimacy of the issues Plaintiffs raised.
- Defendants' litigation tactics closely mirror Plaintiffs' claims, demonstrating that these disputes are substantive rather than meritless.

If Defendants' own claims remain pending, it follows that Plaintiffs' claims—which arise from the same factual background—cannot be dismissed as frivolous or groundless under C.R.S. § 13-17-102(3). Plaintiffs intend to file a motion for judgment on the pleadings to address these mirror claims and believe they will be dismissed for the same reasons as Plaintiffs' claims.

Further, courts may reject fee requests when the requesting party's own actions contributed to the need for litigation (*Green Nimbus, LLC & CDDC LLC v. Petty*, 2024 Colo. Dist. LEXIS 227). Here, Gaia's leadership, including Jirka Rysavy, Kiersten Medvedich, and Brad Warkins, engaged in conduct that escalated disputes and necessitated litigation. The investigative findings detail:

- Internal discussions regarding controlling public messaging and discouraging Plaintiffs from competing in their industry.

- Efforts to create a negative public perception of Plaintiffs, which had tangible reputational and financial consequences.
- Misrepresentations regarding intellectual property rights and contractual obligations, raising legitimate legal concerns.

Because Defendants' own actions contributed to the litigation, awarding them attorneys' fees would be inequitable and contrary to Colorado law. Plaintiffs' claims were not frivolous but instead a well-supported effort to seek legal redress, and thus Defendants' request for attorneys' fees should be denied in its entirety.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Attorneys' Fees. In the alternative, Plaintiffs request that any award of fees be significantly reduced to reflect only reasonable and necessary costs directly attributable to dismissed tort claims, excluding duplicative or unrelated work.

Response to Fees Motion

Date: January 31, 2025                                Respectfully submitted,

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the
District Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Phone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on January 31, 2025.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Response to Fees Motion