**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

___

**CONTENTS**

Preliminary Statement ................................................................................................................... 1

Argument ...................................................................................................................................... 3

    I.    The Fee Statute Applies Because the Entire Action was Dismissed as to the Gaia Individuals ........................................................................................................................ 3

    II.   The Case is Primarily a Tort Action .................................................................................. 5

    III.  The Award Sought by the Gaia Individuals is Reasonable ................................................ 6

    IV.  Whether Plaintiffs' Claims are Frivolous is Irrelevant Under the Fee Statute (But They Are) ..................................................................................................................................... 8

Conclusion .................................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Barnett v. Denver Publ'g Co.*,
  36 P.3d 145 (Colo. App. 2001) ............................................................................................... 4

*Berg v. Shapiro*,
  36 P.3d 109 (Colo. App. 2001) ............................................................................................... 4

*Dubray v. Intertribal Bison Coop.*,
  192 P.3d 604 (Colo. App. 2008) ......................................................................................... 3, 5

*First Interstate Bank, N.A. v. Berenbaum*,
  872 P.2d 1297 (Colo. App. 1993) ........................................................................................... 4

*Green Nimbus, LLC & CDDC LLC v. Petty*,
  No. 2023-CV-30001, 2024 Colo. Dist. LEXIS 227 (Colo. Dist., Feb. 13, 2024) ................... 3, 4

*Hartman v. Cmty. Responsibility Ctr., Inc.*,
  87 P.3d 254 (Colo. App. 2004) ............................................................................................... 6

*Infant Swimming Research, Inc. v. Faegre & Benson, LLP*,
  335 F. App'x 707 (10th Cir. 2009) ....................................................................................... 3, 4

*Kennedy v. King Soopers, Inc.*,
  148 P.3d 385 (Colo. App. 2006) ............................................................................................. 5

*N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co.*,
  72 F.3d 830 (10th Cir. 1996) ................................................................................................... 7

*Patterson v. James*,
  454 P.3d 345 (Colo. App. 2018) ............................................................................................. 8

*Sotelo v. Hutchens Trucking Co.*,
    166 P.3d 285 (Colo. App. 2007) ............................................................................................. 3, 4

**Statutes**

Colorado Revised Statutes § 13-17-102 ............................................................................. 1, 8, 10
Colorado Revised Statutes § 13-17-201 ........................................................................... 1, 3, 4, 10

**Rules**

Colorado Rules of Civil Procedure 12(b) ....................................................................................... 3
Colorado Rules of Professional Conduct Rule 1.5 ........................................................................ 6
Federal Rule of Civil Procedure 12 .................................................................................... 1, 2, 4, 8
Federal Rule of Civil Procedure 54(d) ................................................................................. 1, 2, 10

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d) AND C.R.S. § 13-17-201 BY JIRKA RYSAVY, KIERSTEN MEDVEDICH, AND BRAD WARKINS

The Gaia Individuals[1] respectfully submit this Reply Memorandum of Law in Support of their Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3) (the "Motion") and in response to Plaintiffs' Response and Opposition to the Motion (the "Opposition", Dkt. 461).

### PRELIMINARY STATEMENT

Plaintiffs' Opposition exhibits either a fundamental misunderstanding of, or an intentional disregard for: the Fee Statute and other authority cited in the Motion; their own claims; and, the parties to this action. As such, Plaintiffs fail to meaningfully oppose the Motion.

Plaintiffs' first and most-glaring error is to conflate parties. The Motion is brought solely by the Gaia Individuals, **not** the corporate entity Gaia. Therefore, when Plaintiffs argue that not all claims against "Defendants" were dismissed, and that counterclaims have been asserted by "Defendants", those arguments are <u>simply not true</u> as to the Gaia Individuals. While a single breach of contract claim remains pending against *Gaia*, and *Gaia* has asserted counterclaims against Plaintiffs, the action has been resolved—in its entirety—as to the Gaia Individuals. Indeed, the Court entered Final Judgment in favor of the Gaia Individuals. (Dkt. 449).

Plaintiffs' Opposition crumbles when considering that key distinction. Namely, all case law Plaintiffs cite to oppose a mandatory award of attorneys' fees under the Fee Statute involves claims continuing against the party seeking fees (or being resolved other than by Rule 12). Here,

---

[1] Capitalized terms not defined herein retain their meaning from the Motion (Dkt. 453) and the Declaration of Daniel A. Dingerson in Support thereof (Dkt. 454).

1

no claims continue against the Gaia Individuals (in this or any forum), and all claims against the Gaia Individuals were resolved by their Rule 12 motion; thus, Plaintiffs' cited authority is wholly inapplicable.

Plaintiffs' other arguments are half-hearted rebuttals. For example, Plaintiffs characterize the action as "primarily" sounding in contract, ignoring that only one of eleven claims against the Gaia Individuals was contract-based, as well as language focusing on alleged torts permeating the Second Amended Complaint. Plaintiffs also purport to challenge the total amount of fees sought in the Motion, but make only conclusory objections to isolated time entries.

Finally, Plaintiffs belabor their justifications for filing the action and persisting in the face of clear contrary authority, arguing that the claims were therefore not frivolous, groundless, or vexatious. However, such a standard is irrelevant to an award of fees—against Plaintiffs and their counsel—under Colorado law, which mandates an award when a tort action cannot survive a motion to dismiss. Even if the Court were considering Plaintiffs' claims under other Colorado authority which requires a lack of substantial justification, such a finding is appropriate here where Plaintiffs' claims lacked any foundation and were entirely without merit.

For the reasons set out in the Motion and herein, the Gaia Individuals are entitled by law to an award of reasonable attorneys' fees from Plaintiffs and their counsel, in an amount of approximately $75,369.

## ARGUMENT

### I. The Fee Statute Applies Because the Entire Action was Dismissed as to the Gaia Individuals

Plaintiffs' argument that the Fee Statute does not apply because the entire action was not dismissed is fundamentally flawed and depends on multiple mischaracterizations or outright errors.

First, Plaintiffs argue that neither all tort claims nor the entire action were dismissed. But the action and all claims—whether tort, contractual, or otherwise—*were* dismissed as to the <u>Gaia Individuals</u>. Plaintiffs' argument is factually incorrect even as to Gaia, as there only remains a single breach of contract claim against Gaia.[2]

Plaintiffs then misstate the law, or at least misapply it given that no claims remain pending against the Gaia Individuals. Plaintiffs rely heavily on *Sotelo*, but that case merely holds that an award of attorneys' fees under the Fee Statute is not appropriate when non-tort claims[3] remain against a party (i.e., when "less than the entire 'action'" is dismissed). *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007) ("Because the trial court did not dismiss the entire action against Hutchens under C.R.C.P. 12(b), it properly declined to award attorney fees under § 13-17-

---

[2] Plaintiffs also reference the Court's decision to decline jurisdiction over Plaintiffs' declaratory judgment claim and argue that this claim was not dismissed. Again, Plaintiffs are wrong, as the Court <u>did</u> dismiss this claim (Dkt. 390, page 35, "[t]he Plaintiffs' declaratory-judgment claim will therefore be dismissed without prejudice."). In any event, this claim was only pleaded against Gaia, not the Gaia Individuals, and thus cannot be a basis for refusing to enforce the Fee Statute.
[3] Plaintiffs argue (inconsistently) that the Fee Statute does not apply where there is a mix of tort and non-tort claims (*see* Opposition, pages 4-5); this proposition is clearly rejected by case law, including Plaintiffs' own citations. *See Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 607 (Colo. App. 2008); *Green Nimbus, LLC & CDDC LLC v. Petty*, No. 2023-CV-30001, 2024 Colo. Dist. LEXIS 227, at *6 (Colo. Dist., Feb. 13, 2024); *Infant Swimming Research, Inc. v. Faegre & Benson, LLP*, 335 F. App'x 707, 716 (10th Cir. 2009).

3

201.")."). *Sotelo* does not concern or suggest that a continuing claim against one party (such as Gaia, here) precludes an award of attorneys' fees to other parties (here, the Gaia Individuals) who have obtained dismissal of the entire action (i.e., all claims against them). Indeed, that very situation—a claim continues against one defendant while other defendants seek an award of attorneys' fees under the Fee Statute—was present in *Infant Swimming*, and neither the District Court nor the Tenth Circuit found any reason to refuse enforcement of the Fee Statute.

Plaintiffs' other citations are equally misplaced. In *Berg*, *First Interstate*, and *Green Nimbus*, the Fee Statute was found inapplicable because certain claims were not resolved pursuant to a Rule 12 motion. *Berg v. Shapiro*, 36 P.3d 109, 113 (Colo. App. 2001); *First Interstate Bank, N.A. v. Berenbaum*, 872 P.2d 1297, 1302 (Colo. App. 1993); *Green Nimbus*, 2024 Colo. Dist. LEXIS 227, at *4-5. Those cases are unlike the situation here, where all claims against the Gaia Individuals were resolved by their Rule 12 motion.

Finally, Plaintiffs attempt to impose a requirement that the dismissed claims must be deemed "frivolous and groundless" in order to recover attorneys' fees under the Fee Statute. But there is no such requirement in the Fee Statute or case law applying it—an award is mandatory when a court dismisses a tort-based action under Rule 12. *See Barnett v. Denver Publ'g Co.*, 36 P.3d 145, 148 (Colo. App. 2001); *Infant Swimming*, 335 F. App'x at 715.

Thus, the Fee Statute and applicable case law mandates an award of attorneys' fees here, where all claims against the Gaia Individuals were dismissed pursuant to Rule 12 and the case is primarily a tort action.

4

### II.     The Case is Primarily a Tort Action

As explained in the Motion, Plaintiffs pleaded eleven causes of action against the Gaia Individuals and all but one breach of contract claim were tort claims or sounded in tort.

Plaintiffs gloss over that fact in summarily arguing that "the core of this litigation involves contract claims" and Plaintiffs "have always focused primarily on contractual obligations." But such an argument entirely disregards how Plaintiffs themselves pleaded their claims, which controls application of the Fee Statute. *Dubray*, 192 P.3d at 607; *Kennedy v. King Soopers, Inc.*, 148 P.3d 385, 388 (Colo. App. 2006).

Even disregarding, for argument's sake, the simple number of Plaintiffs' tort as opposed to contract claims,[4] Plaintiffs' pleadings show that their claims against the Gaia Individuals were primarily tort-based. For example, in the very first paragraph of the Second Amended Complaint, Plaintiffs alleged that "[t]his is an action…for various claims of <u>defamation</u>, <u>deceptive trade practices</u>, breach of contract, <u>misrepresentation</u>, <u>tortious interference</u>, and <u>racketeering</u> arising from a desire to usurp, tarnish and misappropriate the character, financial gain, goodwill and work of" Plaintiffs (emphasis added). In pleading their separate claims for relief, Plaintiffs listed breach of contract eighth, after various torts. Finally, in Plaintiffs' prayer for relief, they do not once mention breach of contract, but instead focus on characterizations such as "harmful conduct", "fraudulent and harmful activities", "false representations", and "willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous conduct". The language of the Second

---

[4] The number of claims is relevant to any analysis. *Dubray*, 192 P.3d at 607 ("Here, contrary to plaintiff's assertion that this was primarily a contract action, six of his eight claims against defendants, and eight of his ten total claims asserted, were pleaded as tort claims. Plaintiff obviously chose to include these claims to obtain relief beyond what was available solely under a breach of contract theory.")

5

Amended Complaint confirms that Plaintiffs were focused on tort remedies and their claims are primarily based in tort.

Plaintiffs cannot recharacterize the action now as one based in contract to avoid liability under the Fee Statute.

### III. The Award Sought by the Gaia Individuals is Reasonable

Plaintiffs do not challenge—and thus concede—the general framework that the Court may use to calculate an appropriate award of attorneys' fees. Namely, Plaintiffs' do not dispute that: 1) all fees in defending the action should be included; 2) the Court may make a holistic determination of the total award; 3) a calculation of a lodestar amount (reasonable hours multiplied by a reasonable rate) is appropriate; 4) the factors outlined in Rule 1.5 of the Colorado Rules of Professional Conduct may allow adjustment to the lodestar; and, 5) the range of rates cited are reasonable.

Instead, Plaintiffs only make conclusory arguments and point to purported "examples" of "excessive, duplicative, or unjustified" time entries to claim that the amounts sought are unreasonable. Plaintiffs' conclusory assertions are neither supported by the record or the law.

First, as to purported "Excessive Time" (despite the categorization, Plaintiffs appear to argue that these are instances of duplicative billing), the entries by Attorneys Scher (on 7/21/20) and Levine (on 12/16/20) total only $610.50 after application of the 50% heuristic used for Mixed Entries. These entries plainly do not represent "excessive time" or cost. Nor are consultations between lawyers inherently duplicative, as neither Colorado nor Tenth Circuit law provides that two attorneys billing on a case is unreasonable, particularly a partner and associate. *See Hartman v. Cmty. Responsibility Ctr., Inc.*, 87 P.3d 254, 258-259 (Colo. App. 2004); *N.M. Citizens for Clean*

6

*Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830, 835 (10th Cir. 1996) (noting that the Tenth Circuit has not required automatic reduction of hours to adjust for attorney meetings though courts can consider potential duplication in such entries).

Plaintiffs' next challenged entry—listed under "Duplicative and Redundant Billing"—is wholly inapposite, as Plaintiffs refer to an entry on 12/8/20, but there is no other billing entry on that date (Plaintiffs inaccurately assert that the description references discussion with another attorney; it references, instead, a client call). The fourth entry (which is also listed under "Duplicative and Redundant Billing", but appears to be purported "excessive" billing) is another Mixed Entry, and thus only represents $1,410 towards the total attorneys' fees sought. Though Plaintiffs do not explain why the entry is purportedly "excessive", the Gaia Employees agree to exclude this entry for purposes of the Motion.

Finally, as to the entries denominated as "High Attorney Rates", Plaintiffs point to a single entry for .1 hours (totaling $90.50) as being billed at an inappropriate rate and another entry billed at $600 (which, again, appears to be mischaracterized). Even if the rate on the first entry is considered high, any downward adjustment would be negligible. As to the second entry—a Mixed Entry representing only $1,620 of attorneys' fees sought—Plaintiffs do not substantively argue why the hours charged are inappropriate. Indeed, Plaintiffs do not—and cannot—dispute the complexities of defending the action given the multitude of claims asserted across various iterations of pleadings. Accordingly, no further adjustments are appropriate.

Given Plaintiffs' cursory objections to the attorneys' fees sought, and consent to the general framework for determining such fees, an award of $75,369 ($76,779, less the $1,410 described above) is reasonable under Colorado law and appropriate pursuant to the Fee Statute. Such an

7

award is also appropriately entered against both Plaintiffs and their counsel, pursuant to Colorado Revised Statutes § 13-17-102(3), another argument that Plaintiffs wholly fail to address.

### IV. Whether Plaintiffs' Claims are Frivolous is Irrelevant Under the Fee Statute (But They Are)

Plaintiffs' final argument—that an attorneys' fee award is inappropriate because the claims were not frivolous, groundless, or vexatious—also misstates law and facts and must be rejected.

First, as described above, an award of attorneys' fees pursuant to the Fee Statute is mandatory upon dismissal of a tort-based action pursuant to a Rule 12 motion; a finding that the claims were frivolous, groundless, or vexatious is not required.  Likewise, C.R.S. § 13-17-102(3), does not require claims be frivolous, groundless, or vexatious when allocating an award of attorneys' fees among parties and counsel.  Accordingly, none of Plaintiffs' arguments as to the purported "merits" of their claims have any relevance to the Gaia Individuals' entitlement to an award.[5]

To the extent that Plaintiffs' arguments have any significance, it may be only in the allocation of the award among Plaintiffs and their counsel.  In particular, "[i]n exercising th[e] authority [pursuant to C.R.S. § 13-17-102(3)], a trial court should allocate sanctions between the attorney and the client according to their relative degrees of responsibility for the violation of the act." *Patterson v. James*, 454 P.3d 345, 353 (Colo. App. 2018).  Plaintiffs argue there were purportedly extensive "factual investigations" and "expert legal analysis" conducted prior to filing the action, suggesting that Plaintiffs' counsel was heavily involved with preparing the complaint.

---

[5] Plaintiffs appear to have conflated the standard pursuant to Colo. Rev. Stat. § 13-17-102(2), which provides that a court "shall award…reasonable attorney fees…that the court determines lacked substantial justification."  Because the Fee Statute applies, the Court need not consider this standard, though it has ample reason to make such a finding if the Fee Statute did not apply.

8

The fact that Plaintiffs pleaded sixteen separate claims against the Gaia Individuals—under federal, state, and common law—further suggests that counsel was largely responsible for the complaint. That none of those claims was ultimately able to survive a motion to dismiss—despite the purported "factual investigations"—is telling as to whether each claim, and the action in its entirety, is frivolous, groundless, and vexatious.

The substance of the purported "facts" put forward by Plaintiffs to justify their meritless claims are unimportant and not worth addressing point-by-point, except to point out a few gross misstatements. First, any argument that the claims were brought to establish new legal theories or extend existing law is entirely fabricated, as there has been no suggestion at any point during the case that Plaintiffs were seeking to do so. This ad hoc statement appears to be an attempt to seize on the exception to the Fee Statute, but clearly fails in that respect. Next, Plaintiffs argue that counterclaims filed by Gaia somehow give credit to Plaintiffs' dismissed claims; this fails for multiple reasons, including because—again—the Motion pertains to the dismissed claims against the <u>Gaia Individuals</u>, none of whom have asserted counterclaims against Plaintiffs.[6] Finally, the assertions that the Gaia Individuals "escalated disputes and necessitated litigation" appears to rehash rejected allegations or seeks to penalize Defendants for not capitulating to Plaintiffs in the face of clearly meritless claims. There is nothing in the Opposition that rises to a credible allegation of misconduct or impacts, in any way, the Gaia Individuals' entitlement to an award of attorneys' fees.

---

[6] Plaintiffs also argue without any authority that Gaia's counterclaims "mirror" Plaintiffs' dismissed claims and thus justify Plaintiffs' conduct; this argument is patently illogical and frivolous.

9

## CONCLUSION

For the foregoing reasons, the Motion should be granted, and attorneys' fees should be awarded to the Gaia Individuals, and against Plaintiffs and their counsel of record, jointly and severally, pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes § 13-17-201 and § 13-17-102(3), together with such other and further relief as the Court deems just and proper.

Dated: February 14, 2025                           **DAVIS+GILBERT LLP**

By:   /s/ *Daniel A. Dingerson*
     Daniel A. Dingerson
     Ina B. Scher
     Angela M. Dunay
     1675 Broadway
     New York, New York 10019
     Telephone: (212) 468-4800
     Facsimile: (212) 468-4888
     ddingerson@dglaw.com

*Attorneys for Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).  For purposes of this certification, the word count includes footnotes but excludes the case caption, signature block, this Certificate of Compliance, the Certificate of Service, and the Certificate of Conferral.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I caused a copy of Reply Memorandum in Support of the Motion For Attorney' Fees as to Jirka Rysavy, Kiersten Medvedich, and Brad Warkins Pursuant to Federal Rules of Civil Procedure 54(d) to be served on all other parties by filing it on the Court's ECF system.

                                                                           /s/ Daniel A. Dingerson
                                                                          Daniel A. Dingerson