IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs and Counter Defendants,

v.

GAIA, INC,

      Defendant and Counter Claimant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Former Defendant Benjamin Zavodnick's **Motion for Costs and Attorney Fees Pursuant to C.R.S. § 13-17-201** [#396] (the "Motion"). Plaintiffs filed a Response [#412] in opposition to the Motion [#396], and Mr. Zavodnick filed a Reply [#422]. The Motion [#396] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3).[1] *See* [#398]. The Court has reviewed the Motion [#396], the entire case file, and the applicable law. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#396] be **GRANTED in part and DENIED in part**.

---

[1] Except where otherwise permitted, a Magistrate Judge must issue a recommendation on a motion for attorneys' fees. *See, e.g.*, *Wright v. Bd. of Cnty. Comm'rs of Pitkin Cnty.*, No. 22-cv-00077-GPG-JPO, 2024 WL 4201889, at *1 n.1 (D. Colo. Aug. 30, 2024) (Magistrate Judge issuing a recommendation on a motion for attorney fees brought pursuant to Colo. Rev. Stat. § 13-17-201).

## A.     Whether an Award of Fees Is Permitted

In the Second Amended Complaint [#111], Plaintiffs asserted three federal claims and six state law claims against Mr. Zavodnick: (1) Claim Two: civil RICO conspiracy pursuant to 18 U.S.C. § 1962(d), *Second Am. Compl.* [#111] at 31; (2) Claim Three: Federal Trademark Infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a), *id.*; (3) Claim Four: False Designation of Origin and Federal Unfair Competition under 15 U.S.C. § 1125, *id.* at 34; (4) Claim Five: Colorado Common Law Trademark and Trade Name Infringement, *id.*; (5) Claim Six: Colorado Common Law Unfair Competition, *id.* at 35; (6) Claim Seven: Colorado Consumer Protection Act ("CCPA"), *id.* at 36; (7) Claim Thirteen: Slander Per Se, *id.* at 38-39; (8) Claim Fourteen: Libel Per Se, *id.* at 39; and (9) Claim Fifteen: Tortious Interference with a Business Expectancy, *id.* In response to the Second Amended Complaint [#111], Mr. Zavodnick filed a motion seeking dismissal of all claims against him pursuant to Fed. R. Civ. P. 12(b)(2), based on lack of personal jurisdiction, which the District Judge subsequently granted. *Order* [#389].

In the present Motion [#396], Mr. Zavodnick moves for an award of costs and attorney fees under Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees") and Colo. Rev. Stat. § 13-17-201. The Colorado statute provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action[.]

Colo. Rev. Stat. § 13-17-201(1). In short, the statute mandates an award of reasonable attorneys' fees to a defendant in a tort action dismissed under Colo. R. Civ. P. 12(b). *See* Colo. Rev. Stat. § 13-17-201. The statute was enacted "to discourage unnecessary

litigation of tort claims" and applies to an action that is "primarily a tort action." *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998); *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517-18 (Colo. App. 2009).

Because fees statutes are deemed substantive in the Tenth Circuit Court of Appeals, this statute also applies when a federal court dismisses Colorado state tort claims under Fed. R. Civ. P. 12(b). *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016). However, in cases where *only* federal causes of action are asserted, Colo. Rev. Stat. § 13-17-201 is inapplicable. For example, in *Carper v. Peterson*, No. 22-cv-00363-CNS-MEH, 2023 WL 2424888, at *1 (D. Colo. Mar. 9, 2023), the defendants sought attorneys' fees under Colo. Rev. Stat. § 13-17-201, but the District Judge held the statute to be "inapplicable as this case arose under federal question jurisdiction rather than diversity." *Carper* involved only one cause of action, a malicious prosecution claim brought under 42 U.S.C. § 1983. *Carter*, 2023 WL 2424888, at *1.

The Colorado fees statute "requires the court to award reasonable attorney's fees to a defendant, where two conditions are met: (1) the action lies in tort; and (2) the action is dismissed pursuant to Rule 12(b)." *Clayton v. Dreamstyle Remodeling of Colo., LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021). The defendant has the burden of demonstrating these two conditions by a preponderance of the evidence. *Campos v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02777-CMA-KLM, 2022 WL 2290617, at *5 (D. Colo. June 23, 2022), *report and recommendation adopted*, 2022 WL 2702849 (D. Colo. July 12, 2022).

3

1.      **Whether the Action Lies in Tort**

Colo. Rev. Stat. § 13-17-201 "applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury." *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323191, at *7 (D. Colo. Sept. 23, 2013) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)). In deciding whether the essence of an action is tort for purposes of Colo. Rev. Stat. § 13-17-201, "district courts focus on the manner in which the plaintiff's claims are pled." *Id.* (citing *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008)). In other words, rather than examining the "underlying logic of the claims," the Court focuses on the "face of the pleading." *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1291 (D. Colo. 2009).

The Court first utilizes a "predominance test" in which it determines "whether quantitatively by simple number of claims or based on a more qualitative view of the relative importance of the claims" an action lies in tort. *Checkley*, 635 F. App'x at 559-60 (quoting *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014)). By way of examples, the court in *Dubray v. Intertribal Bison Cooperative*, 192 P.3d at 607, found that the lawsuit was a tort action for purposes of Colo. Rev. Stat. § 13-17-201 because six of the plaintiff's eight claims against the dismissed defendants were tort claims. In *Checkley v. Allied Property and Casualty Insurance Company*, 635 F. App'x at 560, the plaintiff alleged two tort claims and one contract claim, but the Tenth Circuit Court of Appeals found that the contract claim was the "substantial predicate" of the action and therefore held that the trial court had properly denied an award of fees under Colo. Rev. Stat. § 13-17-201.

Sometimes the predominance test does not lead to a clear answer, because the non-tort and the tort claims are the same in terms of significance or number. *Checkley*, 635 F. App'x at 559-60. In those situations, the Court asks a second question, i.e., "whether tort claims were asserted to unlock additional remedies[.]" *Id.* at 560 (quoting *Gagne*, 338 P.3d at 1168). By way of example, in *Gagne v. Gagne*, 338 P.3d at 1168, the Colorado Court of Appeals held in a case with the same number of tort and non-tort counterclaims that an award of fees under Colo. Rev. Stat. § 13-17-201 was inappropriate because the tort counterclaims did not ask for any additional relief beyond the relief requested in connection with the contract counterclaims.

Here, Plaintiffs asserted three federal and six state law claims against Mr. Zavodnick, all of which the District Judge dismissed on personal jurisdiction grounds. *Order* [#389]. In *Snyder v. Acord Corporation*, 811 F. App'x 447, 462-64 (10th Cir. 2020), the Tenth Circuit Court of Appeals addressed a request for fees under Colo. Rev. Stat. § 13-17-201 where the plaintiffs had asserted five federal claims under two federal statutes as well as eighteen state law claims. The Circuit held that the fee provisions of the federal causes of action did not preempt Colo. Rev. Stat. § 13-17-201, but that, even if they did, "that would not be a basis to preclude fees altogether under the state statute[.]" *Snyder*, 811 F. App'x at 464 n.3. The Circuit reasoned that "[e]liminating fees under the state statute only on the basis that five out of twenty-three claims are preempted would be tantamount to throwing out the baby with the bath water and would encourage litigants to include a single federal claim with a preemptive fee-shifting provision, no matter how meritless, solely to evade the reach of Colo. Rev. Stat. § 13-17-201." *Id.*

Here, the Court finds that, both quantitatively and qualitatively, the six state law claims predominate over the three federal claims. First, the parties do not dispute that Plaintiffs' six state law claims all sound in tort: Colorado common law trademark and trade name infringement, *see, e.g.*, *Rocky Mountain Chocolate Factory v. Arellano*, No. 17-cv-0582-WJM-CBS, 2017 WL 4697503, at *10 (D. Colo. Oct. 19, 2017) (citing legal authority holding that trademark infringement is a tort); Colorado common law unfair competition, *see, e.g.*, *Gates Corp. v. Dorman Prods. Inc.*, No. 09-cv-02058-CMA-KLM, 2009 WL 5126556, at *5-6 (D. Colo. Dec. 18, 2009) (discussing Colorado's "tort of common law unfair competition"); violation of the CCPA, *see, e.g.*, *U.S. Fax Law Ctr. v. Henry Schein, Inc.*, 205 P.3d 512, 518-19 (Colo. App. 2009) (discussing claims under the CCPA as grounded in tort and allowing an award of fees under Colo. Rev. Stat. § 13-17-201); slander per se and libel per se, *see*, *e.g.*, *Keohane v. Stewart*, 882 P.2d 1293, 1297 n.5 (Colo. 1994) (discussing the tort of defamation as encompassing libel and slander); and *tortious* interference with a business expectancy. *See Second Am. Compl.* [#111] at 34-36, 38-39. Thus, the Court finds that Plaintiffs' state law claims against Mr. Zavodnick all sound in tort.

Second, Plaintiffs also asserted three federal claims against Mr. Zavodnick, i.e., civil RICO conspiracy under 18 U.S.C. § 1962(d), federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), and false designation of origin and federal unfair competition under 15 U.S.C. § 1125. *See Second Am. Compl.* [#111] at 31, 34. The latter two claims, both of which fall under the Lanham Act, are generally deemed to sound in tort. *See, e.g.*, *HappyFeet-Legends Int'l, Inc. v. Holdaway*, No. 2:23-cv-02202-TC-TJJ, 2024 WL 5008625, at *7 (D. Kan. Dec. 6, 2024) (citing *Old Republic Ins. Co. v. Cont'l*

*Motors, Inc.*, 877 F.3d 895, 908 (10th Cir. 2017)). Further, as Mr. Zavodnick points out, *see Motion* [#396] at 5, Plaintiffs' allegations against him relating to RICO are, at best, exceedingly thin. *See generally Second Am. Compl.* [#111] ¶¶ 122-43. Thus, here, as in *Snyder*, 811 F. App'x at 464 n.3, the Court finds that Plaintiffs' three federal claims do not significantly outweigh the six state law claims from a qualitative standpoint, and that this action sounds in tort under the predominance test.[2]

Accordingly, the Court finds that this action lies in tort for purposes of Colo. Rev. Stat. § 13-17-201.

### 2.    Whether the Action Was Dismissed Under Rule 12(b)

Plaintiffs appears to argue that the District Judge determined Mr. Zavodnick's request for dismissal under both Fed. R. Civ. P. 12(b)(2) *and* 12(b)(6), and because the District Judge analyzed evidence outside the operative complaint, the District Judge implicitly issued his ruling pursuant to Fed. R. Civ. P. 56, which is not a permissible basis for obtaining fees under Colo. Rev. Stat. § 13-17-201. *Response* [#412] at 4-6. The Court finds this argument to be meritless.

First, as noted, Colo. Rev. Stat. § 13-17-201 applies in federal court when Colorado state tort claims are dismissed under Fed. R. Civ. P. 12(b). *Jones*, 203 F.3d at

---

[2] Although Plaintiffs asserted both state law claims and federal claims against Mr. Zavodnick, the Court notes that they have not argued that the fees should be apportioned accordingly. *See generally Response* [#412]. In *Snyder*, where both federal and state law claims had been asserted, the Tenth Circuit noted that preemption of the state fee statute is claim-specific, and therefore, "[a]t most, fees would need to be apportioned, with Defendants receiving fees under § 13-17-201 for defending against the state-law claims." 811 F. App'x at 464 n.3. However, the defendants there had "attacked the award in its entirety and [did] not [seek] apportionment," and the Circuit therefore "decline[d] to make the argument for them[.]" *Id.* Like the Tenth Circuit in *Snyder*, the Court here refuses to make an apportionment argument for Plaintiffs, particularly given that dismissal of all claims was based on a single overarching personal jurisdiction argument and not on the individual merits of each separate claim.

757. Mr. Zavodnick had moved to dismiss Plaintiffs' claims against him based on Fed. R. Civ. P. 12(b)(2). *See Benjamin Zavodnick's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2)* [#117]. On March 29, 2024, the District Judge issued an Order Granting Motion to Dismiss for Lack of Personal Jurisdiction [#389]. The undersigned has reviewed the District Judge's Order [#389], and it contains no explicit or implicit reference to any other Federal Rule of Civil Procedure but Rule 12(b)(2).

Second, in resolving the motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the District Judge considered an affidavit and declaration submitted by the parties without converting the motion to one for Rule 56 summary judgment, which a Rule 12(b)(6) motion would have necessitated. *Compare Vestring v. Halla*, 920 F. Supp. 2d 1189, 1193 (D. Kan. 2013) (in a Rule 12(b)(2) context, a court "may consider affidavits and other documentary evidence submitted by the parties") (citing *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1286 (10th Cir. 2007)) *with J.B. Ranch, Inc. v. Grand County*, 958 F.2d 306, 308 n.2 (10th Cir. 1992) (noting that district court converted a Rule 12(b)(6) motion into one filed under Rule 56 "in light of the affidavits and documents attached to it"). Plaintiffs have cited no legal authority, and the Court has found none, holding that consideration of materials beyond a complaint's four corners converts a Rule 12(b)(2) motion into one under Rule 56. *See generally Response* [#412] at 4-6.

Accordingly, the Court finds that this action was dismissed under Rule 12(b) for purposes of Colo. Rev. Stat. § 13-17-201.

### 3.    Additional Arguments

Although the two elements of the test are met, Plaintiffs present two additional arguments regarding why Colo. Rev. Stat. § 13-17-201 is inapplicable.

### a.    Whether the Underlying Claims Were Frivolous or Baseless

Plaintiffs argue that Colo. Rev. Stat. § 13-17-201 is inapplicable because the statute "was designed to allow a defendant to recover for frivolous and baseless claims—neither of which were found here." *Response* [#412] at 4 (citing *Borgese v. Burba*, No. 21-cv-01134-NYW-KLM, 2022 WL 14391542, at *2 (D. Colo. Oct. 25, 2022)). In the absence of a finding of frivolousness or baselessness, Plaintiffs argue that application of the statute is improper. *Id.* (citing *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1165 (Colo. 2013) (quoting *Krystkowiak v. W.O. Brisben Cos., Inc.*, 90 P.3d 859, 869 (Colo. 2004))).

First, the Court notes that none of Plaintiffs' cited cases utilize the term "frivolous"; therefore, the Court focuses on the term "baseless." Second, none of Plaintiffs' cited cases deemed the statute inapplicable because the asserted claims had a basis in fact or law. In *Bristol Bay Productions, LLC v. Lampack*, 312 P.3d at 1165-66, the Colorado Supreme Court determined that a fee award under Colo. Rev. Stat. § 13-17-201 was improper because the underlying dismissal should have been based on Colo. R. Civ. P. 56, not Colo. R. Civ. P. 26. In *Borgese v. Burba*, 2022 WL 14391542, at *2, the court's analysis centered on whether the at-issue claims sounded in tort; the court did not analyze whether the underlying claims were baseless. In *Krystkowiak v. W.O. Brisben Companies, Inc.*, 90 P.3d at 871, the Colorado Supreme Court determined that the defendant/petitioner could recover attorney fees "because his motion to dismiss [the other

party's] claim succeeds not only on the basis of his First Amendment [immunity] defense, but also on the independent, alternative basis under C.R.C.P. 12(b)(5) that [the other party] failed to state a tort claim upon which relief could be granted." Although the Colorado Supreme Court called the claim "baseless," *see* 90 P.3d at 871, 872, this Court emphasizes that neither the statute nor the case law *requires* a "baselessness" finding. *See* Colo. Rev. Stat. § 13-17-201 (lacking term, "baseless"); *see*, *e.g.*, *Clayton*, 2021 WL 4078911, at *12 (discussing the movant's failure to address whether the action lies in tort and whether the action was dismissed under Rule 12(b)); *Crow v. Penrose-St. Francis Healthcare Sys.*, 262 P.3d 991, 996 (Colo. App. 2011) (concluding that "section 13-17-201 is applicable not only to 'baseless' tort claims that are dismissed under C.R.C.P. 12(b)(5), but also to any tort claim dismissed under the auspices of any provision of C.R.C.P. 12(b).").

Accordingly, the Court need not determine whether Plaintiffs' claims against Mr. Zavodnick were "frivolous" or "baseless" in deciding the applicability of Colo. Rev. Stat. § 13-17-201.

### b. Whether the "Good Faith" Exception Is Met

Plaintiffs also aver that the "good-faith" exception to the fees statute applies and, therefore, they should not be subjected to a fee award. *Response* [#412] at 7-8. This good-faith exception to the statute provides:

> Subsection (1) of this section does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting

questions under the United States constitution, to the Supreme Court of the
United States.

Colo. Rev. Stat. § 13-17-201(2). However, importantly, it further provides:

> This subsection (2) applies so long as the party that brought the dismissed
> claim has pleaded, in its complaint, counterclaim, or cross claim, that the
> dismissed claim was made for one of the express purposes stated in this
> subsection (2) and identified the precedent, law, or regulation the party
> seeks to extend, limit, modify, or reverse, or whether the issue to be decided
> is a matter of first impression.

*Id.*

This good-faith exception to the statute went into effect on June 8, 2022—after the
filing of Plaintiffs' Second Amended Complaint [#111] on December 9, 2020, but prior to
the District Judge's Order [#389] granting Mr. Zavodnick's dismissal motion and the
subsequent filing of the present Motion [#396] on April 12, 2024. At the outset, the Court
notes that "[a] statute is presumed to be prospective and shall be construed prospectively
unless a contrary legislative intent is clearly manifest." *Jenkins v. Wine & Dine, Inc.*, 784
P.2d 854 (Colo. App. 1989) (citing Colo. Rev. Stat. § 2-4-202 ("A statute is presumed to
be prospective in its operation.")). Therefore, the Court questions whether the good-faith
exception applies to complaints that were filed prior to June 8, 2022.

However, even if the Court assumes that this subsection of the statute may be
applied here, and even if the Court assumes that Plaintiffs' claims against Mr. Zavodnick
were made in "good faith" and were "non-frivolous," the Court finds that Plaintiffs have not
met the procedural requirements of the statute. For the good faith exception to apply, a
plaintiff must do two things. First, he must explicitly plead in his complaint that the claim(s)
at issue was made for one of the purposes identified in Colo. Rev. Stat. § 13-17-201(2).
Second, he must identify the specific legal authority to be extended, limited, modified, or

reversed, or else state that the issue to be decided is a matter of first impression. The statute contains no exception to these procedural prerequisites for pleadings filed prior to the statute's effective date. Thus, even if the statute could otherwise apply, Plaintiffs have not met the underlying procedural requirements.

Accordingly, the Court finds that the good-faith exception of Colo. Rev. Stat. § 13-17-201(2) does not apply here.

**B.    Amount of Fees**

Because the Court finds that fees may be awarded to Mr. Zavodnick pursuant to Colo. Rev. Stat. § 13-17-201, the Court next turns to the amount of those fees. In the present Motion [#396], Mr. Zavodnick seeks $36,949.50 in fees for his three attorneys, Michael J. Laszlo ("M. Laszlo"), Theodore E. Laszlo, Jr. ("T. Laszlo"), and Veronica L. Vecchio ("Vecchio"). *Motion* [#396] at 7-9.

D.C.COLO.LCivR 54.3(b)(1) requires a motion seeking fees to include "for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience[.]" Attorney M. Laszlo has practiced law since 2006, is a Founding Partner at LaszloLaw, is licensed to practice in Arizona, California, Colorado, Ohio, and Washington, is admitted in "several federal district courts and courts of appeals," and has "participated in multiple court and jury trials" throughout his legal career. *Decl. of M. Laszlo* [#396-1] ¶¶ 3-5. Attorney T. Laszlo has practiced law since 1980, is licensed to practice in Colorado, Ohio, and Washington, is admitted in "several federal district courts and courts of appeals," and has "participated in multiple court and jury trials" throughout his legal career. *Decl. of. T. Laszlo* [#396-3] ¶¶ 3-5. Attorney Vecchio is an Associate at LaszloLaw, has practiced law since 2004, is licensed to practice in Colorado and Illinois, is admitted

in the United States District Courts for the Northern District of Illinois and the District of Colorado, and has "participated in multiple court and jury trials" throughout her legal career. *Decl. of Vecchio* [#396-4] ¶¶ 3-5. The Court finds that Attorneys M. Laszlo, T. Laszlo, and Vecchio have supplied adequate information to meet the requirements of Local Rule 54.3(b)(1).

D.C.COLO.LCivR 54.3(b)(2) requires "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." Here, the requested fees of $36,949.50 are based on Attorney M. Laszlo's hourly rate of between $350.00 (at the time his services commenced in 2020) and $465.00 (his current rate) for 83.2 hours expended, which equates to $30,438.00; Attorney T. Laszlo's hourly rate of $395.00 for 0.50 hours expended, which equates to $197.50; and Attorney Vecchio's hourly rate of $325.00 (at the time her services commenced in 2020) and $385.00 (her current rate) for 18.1 hours expended, which equates to $6,116.50. *Decl. of. M. Laszlo* [#396-1] ¶¶ 7-8; *Decl. of. T. Laszlo* [#396-3] ¶¶ 7-8; *Decl. of Vecchio* [#396-4] ¶¶ 6-7. They have also provided a detailed description of their services. *See* [#396-2]. The Court finds that Attorneys M. Laszlo, T. Laszlo, and Vecchio have supplied adequate information to meet the requirements of Local Rule 54.3(b)(2).

In deciding the reasonableness of a fee request, the Court conducts a "lodestar calculation," which entails multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court then reviews the billing entries to ensure that the attorneys exercised proper billing judgment. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1245

(D. Colo. 2015). A court may adjust the lodestar number "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

### 1.    Reasonableness of Billing Rate

Regarding the reasonableness of the three attorneys' hourly billing rates, the Court draws on its familiarity of billing rates for attorneys within the Denver metropolitan area, as well as the reasonableness determinations of other judges within this District. *See Raymond M. v. Beacon Health Options, Inc.*, No. 2:18-cv-00048-JNP-DAO, 2021 WL 764077, at *2 (D. Utah Feb. 26, 2021) ("When determining whether an hourly rate is reasonable, the court may consider various evidence, including affidavits of counsel, non-party attorney affidavits, and the court's own knowledge."). The Court finds that Attorney M. Laszlo's hourly rates of $350.00 (in 2020) and $465.00 (in 2024), Attorney T. Laszlo's hourly rate of $395.00 (in 2020), and Attorney Vecchio's hourly rates of $325.00 (in 2020) and $385.00 (in 2024) all fit within the range of reasonableness. *See, e.g.*, *United States ex rel. Swanton v. Zou*, No. 20-cv-01742-NYW, 2024 WL 1858532, at *5 (D. Colo. Apr. 29, 2024) (deeming reasonable attorney hourly rates ranging from $375 to $650 and non-attorney professional rates of $125); *see also Weidner, III v. McHale*, No. 23-cv-00339-NYW-SBP, 2024 WL 4786958, at *8 (D. Colo. Nov. 14, 2024) (collecting cases).

### 2.    Reasonableness of Hours Billed

The party requesting fees has the burden of proof that its attorney exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each

lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). "In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d. at 1246 (citation and quotation marks omitted). Importantly, attorneys must exclude time that is unnecessary, redundant, or excessive. *Hensley*, 461 U.S. at 434.

The Court does not "apportion the fee award mechanically"; in other words, the Court does not examine each claimed expense and determine whether each one is reasonable. *Hensley*, 461 U.S. at 438. Rather, the Court must simply exercise its "discretion in making this equitable judgment" by making "clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437; *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (stating that the amount of fees accumulated to obtain the positive result must be reasonably related to the significance and type of issue in dispute).

Here, Attorney M. Laszlo seeks 83.2 hours in fees, Attorney T. Laszlo seeks 0.50 hours, and Attorney Vecchio seeks 18.1 hours. *See* [#396-2]. Multiplying the reasonable billing rates of each attorney by the hours requested equates to $36,752.00.[3] Plaintiffs

---

[3] This amount of $36,752.00 consists of: (A) for Attorney M. Laszlo,  $350.00 per hour multiplied by 62.6 hours of billable time, equating to $21,910.00; (B) for Attorney M. Laszlo, $375.00 per hour multiplied by 9.5 hours of billable time, equating to $3,562.50; (C) for Attorney M. Laszlo, $425.00 per hour multiplied by 4.9 hours of billable time, equating to $2,082.50; (D) for Attorney M. Laszlo, $465.00 per hour multiplied by 6.2 hours of billable time, equating to $2,883.00; (E) for Attorney T. Laszlo, $395.00 per hour multiplied by 0.50 hours of billable time, equating to $197.50;

challenge the reasonableness of the number of hours requested by Mr. Zavodnick's attorneys on three grounds, as discussed below.[4] *See Response* [#412] at 6-7.

### a.    Billing Entries on the Motion to Dismiss Briefing

First, Plaintiffs contest the time Mr. Zavodnick's counsel spent on multiple rounds of briefing on motions to dismiss. *See Response* [#412] at 6-7. Plaintiffs state that the motions to dismiss "were mostly the same motion, slightly revised," as were the replies, but that "the time allegedly spent drafting is very similar." *Id.*

The Court has reviewed the relevant billing entries [#366-2] and the relevant briefs on the electronic docket. *See, e.g.*, [#23, #23-1, #43, #43-1, #63, #117, #117-1, #136]. Mr. Zavodnick filed his first Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [#23] on June 10, 2020. His counsel appears to have spent 6.8 hours on this 15-page filing. *See* [#396-2] at 1 (entries for June 6, 9, and 10, 2020). On June 26, 2020, the case was reassigned from then-Magistrate Judge Kristen L. Mix to District Judge R. Brooke

---

(F) for Attorney Vecchio, $325.00 per hour multiplied by 14.2 hours of billable time in 2020, equating to $4,615.00; and (G) for Attorney Vecchio, $385.00 per hour multiplied by 3.9 hours of billable time in 2024, equating to $1,501.50). The Court notes that this $36,752.00 differs slightly from the $36,949.50 requested in the Motion [#396]. This $197.50 discrepancy comes from the work completed by Attorney T. Laszlo. The billing records list one hour of work for Attorney T. Laszlo, *see* [#396-2] at 10, but he is requesting compensation for only half of that time, *see Decl. of T. Laszlo* [#396-3] ¶ 8. Mr. Zavodnick appears to have accidentally included the other 0.50 hour of time in the final, total fee request.

[4] With the partial exception of Plaintiffs' third argument, Plaintiffs' arguments here are extremely insubstantial, failing to point to any specific billing records, to explain what a reasonable fee reduction might be, to cite to any legal authority, or to otherwise elaborate on their arguments. The Court could therefore deem these arguments waived. *See, e.g.*, *Brauning v. Christian*, No. 23-7063, 2024 WL 3811810, at *2 n.3 (10th Cir. Aug. 14, 2024) ("Mr. Brauning makes the conclusory assertion that the defendants impeded his ability to prosecute the case, but he does not elaborate, so we consider the argument waived." (citing *United States v. De Vaughn*, 694 F.3d 1141, 1154-55 (10th Cir. 2012) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (internal quotation marks omitted)))). However, in light of the fact that a windfall of fees awarded to Mr. Zavodnick would also be unfair, the Court engaged in the effort to examine Plaintiffs' arguments in full.

Jackson. *See* [#29, #30]. On review after receiving the case, Judge Jackson denied all pending motions to dismiss without prejudice and directed the parties to comply with his practice standards regarding such motions. *Minute Order* [#34]. On July 20, 2020, Plaintiffs filed an Amended Complaint [#36], adding an additional eight pages of material to the original Complaint [#1]. Two days later, Judge Jackson recused from the case, which was reassigned to District Judge Daniel D. Domenico, who remains assigned to the case. *See* [#37, #38].

On August 3, 2020, Mr. Zavodnick filed his second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [#43]. His counsel spent 4.2 hours on this filing, stating in the billing record: "Further drafting of motion to dismiss; editing to 4,000 words per judge Domenico's rules; research re recent case law w/ respect to youtube and personal jurisdiction; send to [Mr. Zavodnick] for review." *See* [#396-2] at 1 (entry for August 3, 2020). In light of (1) the new judicial practice standards with which he had to comply, (2) the Amended Complaint [#36] which had to be reviewed, (3) the additional research conducted to strengthen his argument, and (4) the significant amendments actually made when comparing Mr. Zavodnick's original motion [#23] to the second motion [#43], the Court finds the 4.2 hours spent on the second motion [#43] to be reasonable.

On December 8, 2020, Plaintiffs filed a Second Amended Complaint [#111], which, among other things, added/amended allegations against Mr. Zavodnick. The next day, in light of this filing, the District Judge denied as moot Mr. Zavodnick's second motion [#43] seeking dismissal. *Order* [#112]. On December 21, 2020, Mr. Zavodnick filed his third Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) [#117]. According to his counsel's billing records, 11.3 hours were spent on this filing: "Drafting motion to dismiss second

amended complaint; legal research; draft updated declaration." *See* [#396-2] at 1 (entry for December 21, 2020). Although the second motion [#43] and the third motion [#117] are similar in length, a side-by-side comparison demonstrates that Mr. Zavodnick's counsel removed much of the general law regarding personal jurisdiction and significantly enhanced the section on analytical argument, among other edits throughout. In light of (1) the Second Amended Complaint [#111] which had to be reviewed,[5] (2) the additional research conducted to strengthen his argument, and (3) the significant amendments actually made when comparing Mr. Zavodnick's second motion [#43] to the third motion [#117], the Court finds that the 11.3 hours spent on the third motion [#117] was not unreasonable.

Plaintiffs also assert that the time billed on the replies to the motions to dismiss was unreasonable. *See Response* [#412] at 6-7. No reply was filed in support of the first motion [#23], because Judge Jackson denied it as moot before briefing was completed. *Minute Order* [#34]. On September 8, 2020, Mr. Zavodnick filed his Reply [#63] in support of his second motion [#43]. His counsel appears to have spent about 5.8 hours on this Reply [#63]. *See* [#396-2] at 1 (entries for August 26 (0.6 hours) and September 8, 2020 (5.2 hours)).[6] On January 25, 2020, Mr. Zavodnick filed his Reply [#136] in support of his third motion [#117]. His counsel spent 9.8 hours on this filing, which is significantly different/updated when doing a side-by-side comparison of this Reply [#136] and the prior

---

[5] The Court notes that the lengthy Second Amended Complaint [#111] was not filed in a searchable format, unlike the previous versions of the complaint, which undoubtedly increased the amount of time required for review of this document.

[6] Some confusion or error exists in the billing records here. Although the Reply [#63] was filed on September 8, 2020, the entry for September 9, 2020 also mentions, in part, that time was spent to "[d]raft reply in support of MTD[.]" *See* [#396-2] at 1. Regardless, this apparent discrepancy does not materially impact the Court's decision.

Reply [#63]. The Court also notes that Plaintiff's Response [#127] to Mr. Zavodnick's third motion [#117] is significantly updated/amended when compared to Plaintiff's Response [#54] to the second motion [#43], thus necessitating significant amendments between Mr. Zavodnick's two Replies [#63, #136]. Given the significant amendments, which nearly equate to an entire re-write, the Court finds that the 9.8 hours billed here are not unreasonable.

In short, the Court finds that Plaintiffs' conclusory statement that the motions to dismiss "were mostly the same motion, slightly revised," as were the replies, is incorrect. Although the same broad arguments were presented in each of the filings, i.e., that personal jurisdiction was lacking, Mr. Zavodnick's counsel appropriately amended his subsequent filings in light of changing practice standards, new allegations made in amended complaints, and updated arguments by Plaintiffs' counsel in Plaintiff's briefs. Thus, the Court finds that Mr. Zavodnick's fee request should not be reduced based on the motion to dismiss briefs.

### b.    Billing Entries Titled "Receive/Review Docket Entry"

Second, Plaintiffs challenge the 246 billing entries listed as "Receive/Review Docket Entry" on grounds that they do not relate to the at-issue claims against Mr. Zavodnick but were "mostly, due to the procedural purgatory" caused by one party's "multitude of baseless filings[.]" *Response* [#412] at 6-7. On review of the electronic docket, the Court agrees that Plaintiffs should not be responsible for a plethora of entries which solely pertain to the third-party lawsuit and which had no direct relationship to Plaintiffs' claims against Mr. Zavodnick. However, neither party put in the work to determine which specific entries pertained to the third-party lawsuit as opposed to the suit

between Plaintiffs and Mr. Zavodnick, and it is not the Court's job to figure that out. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Therefore, the Court exercises its "discretion in making this equitable judgment." *Hensley*, 461 U.S. at 437. Because Mr. Zavodnick's briefing fails to explain what the "Receive/Review Docket Entry" line-items are for, and because the billing entries are so vague, the Court finds that all time labeled as "Receive/Review Docket Entry" should be deducted. In total, these entries results in a reduction of $9,162.50.[7]

### c.    Billing Entries for the Present Motion [#396]

Third, Plaintiffs challenge the billing entries that pertain to the instant Motion [#396]. *See Response* [#412] at 7. In the Reply [#422], Mr. Zavodnick maintains that he is "entitled" to a fee award "for litigating the fees issue," and he doubles down to ask for reimbursement of another $2,883.00 in fees incurred for drafting that very reply brief. *Reply* [#422] at 5-6.[8] Despite doubling down, Mr. Zavodnick concedes that a defendant is not entitled to fees related to a fees-award motion "unless the plaintiff's defense to the motion is substantially frivolous, substantially groundless, or substantially vexatious pursuant to [Colo. Rev. Stat. §] 13-17-101," which governs motions for fees. *Reply* [#422] at 5 (citing *Monell v. Cherokee River, Inc.*, 347 P.3d 1179, 1184 (Colo. App. 2015)). Nevertheless, Mr. Zavodnick demands fees related to the instant Motion [#396] because,

---

[7] Specifically, this amount results from the following: (1) 12.9 hours billed at $350.00 = $4,515; (2) 6.9 hours billed at $375.00 = 2,587.50; (3) 4.3 hours billed at $425.00 = $1,827.50; and (4) 0.5 hours billed at $465.00 = $232.50. Adding (1) through (4) together = $9,162.50.

[8] This $2,883.00 in requested fees consists of 6.2 hours expended at Attorney M. Laszlo's billing rate of $465.00 per hour, as supported by Attorney M. Laszlo's supplemental Declaration [#422-1]. *See* [#422-1] ¶¶ 8-9.

he asserts, "[P]laintiffs' defense [to the motion] . . . is substantially frivolous, groundless, and vexatious[.]" *Id.* at 5.

Here, the Court finds that a part of Plaintiffs' Response [#412] is frivolous and groundless, if not vexatious. Plaintiffs' argument that Fed. R. Civ. P. 56 governs the dismissal of claims against Mr. Zavodnick lacks any basis in the law or on the record. Other arguments, although ultimately unpersuasive, did not have the same utter deficiency, such as Plaintiffs' challenge to fees from multiple rounds of motion to dismiss briefing. Further, Plaintiffs' challenge to fees from third-party litigation did not lack merit. Thus, overall, the Court finds that Plaintiffs' defense to the Motion [#396] was not *substantially* frivolous, groundless, or vexatious. Therefore, Mr. Zavodnick should not be awarded fees incurred as a result of litigating this Motion [#396] for fees under Colo. Rev. Stat. § 13-17-201.

### 3.    Conclusion on Fees

Based on the foregoing, the Court makes the following fee calculation reductions. First, Mr. Zavodnick is not entitled to the $2,883.00 in fees incurred in drafting the Reply [#422] (the amount of which was not included in the original $36,752.00 amount discussed above, and which therefore needed not be subtracted). Second, the Court eliminates the last four billing entries for Attorney Vecchio, all of which appear to directly relate to the drafting of the fees Motion [#396]. *See* [#396-2] at 10. This amounts to a reduction of $1,501.50. *See id.* Third, the Court eliminates all billing entries for Attorney M. Laszlo from March 30 through April 12, 2024, *except* the two entries on April 8, 2024, both titled "Receive / Review Docket Entry," as these two entries appear to concern fees unrelated to obtaining fees. *See* [#396-2] at 9-10. This amounts to a reduction of

$2,464.50. Finally, the Court subtracts the $9,162.50 in fees associated with all other entries titled "Receive / Review Docket Entry." Thus, $36,752.00 minus $1,501.50 minus $2,464.50 minus $9,162.50 equals $23,623.50.

Given the information provided in the Motion [#396] and supporting Declarations [#396-1, #396-3, #396-4], the history of this case, including the granting of the Motion to Dismiss [#117] in favor of Mr. Zavodnick, the Court's detailed review of the billing records, and the undersigned's years of experience as an attorney and more recent experience as a judge, the Court finds that $23,623.50 in fees is reasonable.

**C.    Amount of Costs**

Pursuant to Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." In this District, a party must file "a bill of costs . . . on the form provided by the court . . . no later than 14 days after entry of the judgment or final order." D.C.COLO.LCivR 54.1. Where a party fails to submit his costs in the proper format, the request may be denied on that basis. *See, e.g.*, *Rodriguez v. Metlife Ins. Co.*, No. CIV-15-643-R, 2016 WL 2859635, at *1, *1 n.2 (W.D. Okla. May 16, 2016) (denying request for costs which was not submitted in the proper format and which was not accompanied by a filed bill of costs).

Here, the Court **recommends denial without prejudice** of Mr. Zavodnick's request for costs. Mr. Zavodnick must comply with D.C.COLO.LCivR 54.1, which requires him to file a bill of costs on the form provided by the Court to allow the Clerk of Court to assess costs.

**D.    Conclusion**

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#396] be **GRANTED in part and DENIED in part**, and that Mr. Zavodnick be awarded partial attorneys' fees in the amount of $23,623.50 from Plaintiffs.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 19, 2025                                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge