IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                                                          Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                                                          Defendants.

---

## PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON ATTORNEY'S FEES

---

**COME NOW**, Plaintiffs Goode Enterprise Solutions, Inc. and James Corey Goode (collectively, "Plaintiffs" or "GES"), by and through their undersigned counsel, hereby submit this Objection to the Magistrate Judge's Report and Recommendation (the "R&R") regarding Defendant Benjamin Zavodnick's Motion for Attorney's Fees. Plaintiffs respectfully object in part to the recommendation that Zavodnick be awarded $23,623.50 in attorney's fees under Colorado Revised Statute § 13-17-201 but appreciate the Magistrate Judge's diminution of the original requested amount. In support of this objection, Plaintiffs state as follows:

Objection to Report and Recommendation

## **INTRODUCTION**

Plaintiffs respectfully submit that the R&R's application of C.R.S. § 13-17-201 does not fully align with the statute's legislative intent and applicable case law. This statute was enacted to discourage unnecessary litigation of tort claims—not to penalize a party for filing a case that was dismissed on purely jurisdictional grounds. Here, Plaintiffs' claims were dismissed under Rule 12(b)(2) for lack of personal jurisdiction—a procedural ruling that did not adjudicate the merits of the case. The application of § 13-17-201 in this instance is fundamentally unfair, especially because the basis of the action was premised on Federal Trademark and RICO Claims.

The statute specifically provides for an award of "reasonable attorney fees", and in this case, awarding any fees to Defendant—a practicing attorney who has acted vexatiously throughout this litigation—would be entirely unreasonable. Courts have discretion to deny or reduce an award when a party seeking fees has engaged in bad-faith conduct. Given that Zavodnick is an officer of the court who has manipulated this process for personal and financial gain, no reasonable fee should be awarded to him or his counsel.

Additionally, findings in the R&R reach the conclusion that state law claims predominated (Docket 463 at 7), overlooking the fact that the jurisdictional predicate was based on the federal RICO claim. Plaintiffs respectfully submit that further consideration of the federal RICO and Lanham Act claims' role in the jurisdictional analysis may impact the application of the predominance test, and should preclude

Objection to Report and Recommendation

an award of fees under § 13-17-201. Courts have routinely found that when federal claims serve as the jurisdictional anchor, fee awards under state statutes should not be applied because doing so would contradict the federal interest in ensuring access to the courts for complex federal claims. Given that the federal claim was a critical component of the jurisdictional analysis, it would be unfair to assess attorney's fees solely based on a finding that the state claims numerically outweighed the federal ones.

Moreover, courts have begun to decline to award attorney's fees under § 13-17-201 in cases where jurisdictional dismissals do not reflect the merits of the case. *See Schulz v. Laszlo & Associates, LLC*, No. 23CA0675 (Colo. App. 2025), where the Colorado Court of Appeals held that an award of fees was inappropriate after a jurisdictional dismissal. Notably, opposing counsel in the present case was the defendant in *Schulz*, and therefore should be well aware that a fee award in this instance would not be appropriate.

Further, Defendant Zavodnick—a practicing attorney and officer of the court—repeatedly taunted Mr. Goode in his online videos, urging him to file suit, only to ridicule him throughout the litigation. *See, e.g.,* https://www.bitchute.com/video/s4bq448wEX4E/ , where Zavodnick openly admits to using Mr. Goode's name and trademarks to gain subscribers and generate revenue while simultaneously attacking Mr. Goode for seeking legal recourse. Defendant's conduct in goading Mr. Goode into litigation and then seeking to penalize him for

Objection to Report and Recommendation

doing so is highly relevant to this Court's consideration of whether equity supports a full or partial fee award.

Additionally, Plaintiffs have provided ample evidence of Zavodnick's pattern of harassing and defamatory behavior, including excerpts from Docket 54 and its attached exhibits, which document:

- Over 80 hours of YouTube content dedicated to attacking and ridiculing Mr. Goode;
- Direct threats and derogatory statements, including statements such as "You should f'ing be scared of me!"* and "Start practicing sucking d! Because prison is the next place that you're going to be!"* (Docket 54-2, Exhibit B);
- Efforts to infiltrate Mr. Goode's business and personal life to orchestrate a reputational smear campaign (Docket 54-1, Exhibit A);
- Zavodnick's calculated and malicious coordination with others to inflict financial and emotional harm upon Mr. Goode (Docket 54, pp. 4-6).

This conduct goes well beyond zealous advocacy and instead falls squarely within unethical and bad-faith litigation tactics, which should preclude an award of fees and further supports Plaintiffs' argument under 28 U.S.C. § 1927.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), this Court must conduct a de novo review of any portion of the Magistrate Judge's R&R to which an objection is made. The Court retains the discretion to accept, reject, or modify the R&R in whole or in part. See *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Objection to Report and Recommendation

# ARGUMENT AND AUTHORITIES

### *A. The Legislative Intent of § 13-17-201 Does Not Support a Fee Award Here*

The purpose of C.R.S. § 13-17-201 is to discourage unnecessary litigation of tort claims, not to penalize plaintiffs who make good-faith jurisdictional mistakes. *See Shell v. Henderson, Civil Action No. 09-cv-00309-MSK-KMT,* 2013 U.S. Dist. LEXIS 129005 (D. Colo. Sep. 10, 2013)(looking to the legislative intent of the fees statute and denying a claim for fees in a copyright infringement case); *see also AST SPORTS SCIENCE, INC. v. CLF DISTRIBUTION LIMITED*, Civil Action No. 05-cv-01549-REB-CBS (D. Colo. Jul. 14, 2006)(discussing legislative intent underlying § 13-17-201 and denying fee award).

Here, Plaintiffs brought substantive, meritorious Federal claims supported by extensive factual allegations. The dismissal was based solely on jurisdictional grounds—not because the claims lacked merit or were frivolous. Courts should not apply fee-shifting statutes mechanically without considering their intended purpose.

### *B. The Predominance Test Should Show the Claims Lie Mainly Under Federal Law, Thus Precluding a § 13-17-201 Award*

Magistrate Starnella appropriately points out the requirement to apply the predominance test in this case. Under this test, the claims asserted lie mainly under Federal RICO and Lanham Act Law, and thus § 13-17-201 should not apply.

In *Shell v. Henderson*, No. 09-cv-00309 (D. Colo. Sept. 2013), the district court declined to award attorney's fees under § 13-17-201 when the case involved a mix of

Objection to Report and Recommendation

federal statutory and state law claims, even though all claims were ultimately dismissed for lack of personal jurisdiction. The court applied the predominance test from *Dubray*, holding that fees under § 13-17-201 only apply when tort claims predominate. Because the plaintiff's federal claims outweighed their tort claims, § 13-17-201 was found inapplicable. Additionally, the court noted that classifying federal statutory claims as torts would conflict with Congress's existing fee-shifting provisions, such as those under the Copyright Act and Lanham Act.

Similarly, in this case, Plaintiffs' federal RICO claim was a core component of the litigation and served as the basis for jurisdiction, meaning that state law tort claims did not predominate. Just as the court in *Shell* declined to award fees under § 13-17-201 because the plaintiff's case was non-frivolous and asserted in good faith under federal law, the same principle should apply here. The predominance test should be applied showing a predominance of federal claims, such as in *Shell*, and no fees should be awarded ("[r]esolution of these issues does not result in application of § 13-17-201," *Shell* at *9).

### C. The Fee Award is Improper Under 28 U.S.C. § 1927

Even if the Court determines that some fee award is appropriate, Defendant's request must be evaluated under 28 U.S.C. § 1927, which limits fee awards to cases where a party's litigation tactics were unreasonably and vexatiously multiplied.

Objection to Report and Recommendation

Case No. 1:20-cv-00742-DDD-KAS    Document 464    filed 03/05/25    USDC Colorado
pg 7 of 9

- Zavodnick's actions, as documented in Docket 54, reflect conduct that extends beyond zealous advocacy and into tactics that have significantly increased litigation costs and complexity. His actions incited conflict and manufactured controversy, making it clear that he sought to provoke litigation as part of his ongoing vendetta against Mr. Goode.

- There is no evidence that Plaintiffs acted in bad faith—they were responding to Defendant's deliberate instigation and did not engage in unnecessary or vexatious litigation.

- The statute allows for "reasonable" attorney's fees, and awarding any amount to Defendant—a practicing attorney who has misused the legal system—is inherently unreasonable.

- Applying § 1927 here would serve the statute's purpose: preventing the use of litigation as a weapon rather than a means of legitimate legal redress.

Defendant's persistent bad-faith conduct and attempts to financially and reputationally harm Plaintiffs through extrajudicial means further demonstrate that any fee award would reward, rather than deter, vexatious litigation tactics. Courts have discretion to deny or reduce an award where the moving party has acted improperly, and this is precisely such a case.

### D. Defendant Has Waived His Right to Costs Under Rule 54

Federal Rule of Civil Procedure 54(d)(1) provides that a party seeking costs must file a bill of costs within 14 days after entry of judgment. Defendant Zavodnick

Objection to Report and Recommendation

has failed to file a timely bill of costs, and as such, he has waived any right to recover costs. Courts have repeatedly held that the failure to file a bill of costs within the timeframe required by Rule 54 results in waiver. Accordingly, any attempt by Zavodnick to recover costs at this stage is improper and should be denied outright.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

- Reconsider the Magistrate Judge's recommendation in light of the additional arguments and authorities presented herein;

- Deny Defendant Zavodnick's motion for attorney's fees in its entirety;

- Alternatively, significantly reduce the awarded amount to reflect the jurisdictional nature of the dismissal and the equitable factors at play, particularly the restrictions of 28 U.S.C. § 1927; and

- Deny any award of costs because Defendant has waived his right to seek them under Rule 54(d)(1).

Objection to Report and Recommendation

Date: March 5, 2025.                    Respectfully submitted,

                                        /s Valerie Yanaros, Esq.
                                        Valerie Yanaros, Esq.
                                        Texas Bar No. 24075628
                                        Admitted to Practice in the
                                        District Court of Colorado
                                        Yanaros Law, P.C.
                                        8300 Douglas Avenue Suite 800
                                        Dallas, Texas 75225
                                        Phone: (512) 826-7553
                                        valerie@yanaroslaw.com

                                        **ATTORNEY FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on March 5, 2025.

                                        /s Valerie Yanaros, Esq.
                                        Valerie Yanaros, Esq.


CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Objection to Report and Recommendation