**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK;
JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants,

GAIA, INC.; and
JAY WEIDNER,

    Defendants and Counter Claimants, and

ALYSSA MONTALBANO,

    Defendant, Counter Claimant, and Third-Party Plaintiff,

v.

DAVID WILCOCK; and
THE WILCOCK SPIRITUAL HEALING AND EMPOWERMENT
FOUNDATION,

    Third-Party Defendants.

---

**BENJAMIN ZAVODNICK'S RESPONSE TO PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON ATTORNEY'S FEES**

---

COMES NOW the Defendant, Benjamin Zavodnick, by and through his counsel, CLARK HILL, and files his Response to Plaintiffs' Plaintiffs' Objection to Magistrate Judge's Report & Recommendation on Attorney's Fees [#463]

1

### A. Introduction

1. Plaintiffs' objection is an attempt to re-litigate the case itself, which was dismissed by this Court on March 29, 2024. [#389]

2. The Report and Recommendation correctly found that part of Plaintiff's Response [#412] was "frivolous and groundless, if not vexatious." *See* #463 at p. 21. Plaintiffs' Objection is a continuation of their frivolous and vexatious tactics in this case, clearly made to keep this five-year litigation against Mr. Zavodnick open and force him to continue to incur costly legal fees. Plaintiffs accuse Mr. Zavodnick of being an officer of this Court and acting in bad faith in Defending the case they brought against him (#464, at p. 2). Both are patently false. First, Mr. Zavodnick is not an officer of this Court as his is not admitted to practice in this District. With that said, Mr. Zavodnick is would not conduct himself in an unprofessional manner before this Court, nor has he. The fact is, Plaintiffs brought a case against Mr. Zavodnick in this District, and the Court found it has no jurisdiction over him. *See* #389.

### B. C.R.S. § 13-17-201

3. Plaintiffs' objection based on the intent of C.R.S. § 13-17-201 yet again misses the mark completely as an award of fees pursuant to C.R.S. § 13-17-201 is mandatory – not merely permissible and not based on a frivolity standard. The legislative intent and fairness of C.R.S. § 13-17-201 is wholly irrelevant to the issue of fees here, and an award is mandatory. Moreover, Plaintiffs did not advance this new "legislative intent" argument in their Response to Mr. Zavodnick's Motion for Fees, and therefore it should not now be considered. *Joppy v. HCA-Healthone LLC*, No. 1:22-CV-00986-CNS-STV, 2024 WL 1538010, at *3 (D. Colo. Apr. 9, 2024) (it would be improper for the court to "consider new arguments raised in objections that

2

were not considered by the magistrate judge." *See Noe v. United States*, No. 21-CV-01589-CNS-STV, 2022 WL 4354617, at *2 (D. Colo. Sept. 20, 2022) (citing *Colorado v. Kindred Healthcare, Inc.*, No. 15-CV-02759-CMA, 2021 WL 1085423, at *11 (D. Colo. Mar. 22, 2021)); *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge.") Plaintiffs' objection to the recommendation based on this new argument is groundless, frivolous, vexatious and should be overruled.

### C. The Predominance Test

4.   The Magistrate Judge correctly determined that "both quantitatively and qualitatively, the six state law claims predominate over the three federal claims"; that Plaintiffs' Lanham Act claims sound in tort; and that "Plaintiffs' allegations against him relating to RICO are, at best, exceedingly thin." #463, at pp. 6-7. Plaintiffs' key ground for its objection based on the predominance test is that their "RICO claim was a core component of the litigation" (#464, at p. 6). But Plaintiffs wholly ignore the Court's finding that "Plaintiffs' allegations against him relating to RICO are, at best, exceedingly thin." Indeed they were, as this Court dismissed Plaintiffs' RICO claim. *See* #389 at p. 5. Plaintiffs' objection to the recommendation based on the predominance test is groundless, frivolous, vexatious and should be overruled.

### D. 28 U.S.C § 1927

5.   Plaintiffs did not raise a 28 U.S.C § 1927 argument in their Response and it was not considered by the Magistrate Judge. Therefore, Plaintiffs' objection on this ground is a new argument that must not be considered by the Court at this stage. *See above*, analysis at ¶ 3.

3

Further, Plaintiff's entire argument in support of this objection seems to be that Mr. Zavodnick, *a party to this case*, should be liable to Plaintiffs based on Plaintiffs having brought the instant case against him.  *See* Objection at p. 7.  Plaintiffs bizarrely accuse Mr. Zavodnick of engaging in conduct that "extends beyond zealous advocacy" (*id*) and forcing Plaintiffs to bring this case against him - and ostensibly the many other defendants they named in this case. Plaintiffs' objection to the recommendation based on this new argument, and the bizarre bases therefor are groundless, frivolous, vexatious and should be overruled.

### E. Fed.R.Civ.P. 54

6. The Report and Recommendation recommends denial without prejudice of Mr. Zavodnick's requests for costs.  *See* #463 at 22. Plaintiffs did not raise timeliness argument under a Fed.R.Civ.P. 54 in their Response and such argument was not considered by the Magistrate Judge. Therefore, Plaintiffs' objection on this ground is a new argument that must not be considered by the Court at this stage. *See above*, analysis at ¶ 3. Plaintiffs' objection to the recommendation on this issue is irrelevant and frivolous and should be overruled.

### F. Award of Fees to Mr. Zavodnick

7. Mr. Zavodnick respectfully requests that this Court award Mr. Zavodnick his reasonable attorneys' fees pursuant to C.R.S. § 13–17–102 and 28 U.S.C § 1927 against Plaintiffs and their attorney, Valarie Yanaros, jointly and severally for attorney's fees incurred in responding to the Objection which is overwhelmingly frivolous, groundless and vexatious.

4

Respectfully submitted this 12th day of March 2025.

                                                 CLARK HILL

                                                 *s/ Michael J. Laszlo*
                                                 Michael J. Laszlo (#38206)
                                                 2595 Canyon Blvd. Suite 210
                                                 Boulder, CO 80302
                                                 (303) 926-0410
                                                 Email: mlaszlo@clarkhill.com

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).**

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record in this case.

      By:      s/ *Michael J. Laszlo*
               Michael J. Laszlo

6