IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK,

    Defendant, and

GAIA, INC.,

    Defendant and Counter Claimant.

---

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
AND GRANTING IN PART MOTION FOR ATTORNEY FEES**

---

The long and often absurd history of this case is detailed elsewhere and will not be repeated here. *See, e.g.*, Dkt. 283, 348, 381, 389, 390. For purposes of this Order, the relevant background is that in their Second Amended Complaint, the plaintiffs brought nine claims against Defendant Benjamin Zavodnick: three federal claims (for civil RICO conspiracy pursuant to 18 U.S.C. § 1962(d), trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a), and unfair competition under 15 U.S.C. § 1125), and six state-law claims (for common-law trademark infringement, common-law unfair competition, violation of the Colorado Consumer Protection Act, slander, libel, and tortious interference with business expectancy). *See* Dkt. 111. Mr. Zavodnick moved to dismiss the claims against him pursuant to Federal Rule of Civil Procedure 12(b)(2)

- 1 -

for lack of personal jurisdiction. Dkt. 117. I granted that motion. Dkt. 389. Mr. Zavodnick then filed the motion at issue here, seeking an award of $36,949.50 in attorney fees and $1,145.00 in costs pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3). Dkt. 396. Magistrate Judge Starnella recommends granting the motion as to $23,623.50 in attorney fees and denying it otherwise. Dkt. 463. The plaintiffs filed an objection to the recommendation, Dkt. 464, and Mr. Zavodnick filed a response to the objection, Dkt. 465. Having reviewed the relevant filings and materials, I conclude that the Recommendation is correct and hereby accept and adopt it.

## DISCUSSION

Though there is some uncertainty as to the standard of review that applies in these circumstances, I apply the heightened de novo standard to those portions of the Recommendation that have been properly objected to. *See* Fed. R. Civ. P. 72(b)(3). The plaintiffs make four specific objections.

*First*, they argue that "the legislative intent of section 13-17-201 does not support an award of fees here." Dkt. 464 at 5. The Court's role, however, is not applying the legislative intent of the statute, it is applying the statute. And the statute requires that attorney fees be awarded to a defendant in a tort action who successfully moves to dismiss the action under Rule 12(b):

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have

> judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201. As Judge Starnella explained, "In short, the statute mandates an award of reasonable attorneys' fees to a defendant in a tort action dismissed under Colo. R. Civ. P. 12(b)." Dkt. 463 at 2. This objection is therefore overruled.

*Second*, the plaintiffs argue that Judge Starnella erred in concluding under the "predominance test" that the plaintiffs' case sounds in tort. Dkt. 464 at 5-6. Judge Starnella was right. As she pointed out, Section 13-17-201 "applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury." Dkt. 463 at 4. And as she explained, both quantitatively and qualitatively, tort claims predominated here. Quantitatively, all six of the plaintiffs' state-law claims sound in tort, which the plaintiffs do not dispute, and therefore tort claims predominate even if the three federal statutory claims are not classified as torts. Qualitatively, the plaintiffs' objection is that the "federal RICO claim was a core component of the litigation and served as the basis for jurisdiction, meaning that state law tort claims did not predominate." Dkt. 464 at 6. But that is an overstatement at best—Judge Starnella was kind to describe the RICO claim as "exceedingly thin." Dkt. 463 at 7. And even if the RICO claim was *a* "core component" of the case or the basis for federal subject-matter jurisdiction, that does not answer the dispositive question of "whether the essence of the action was one in tort." *Luskin Daughters 1996 Tr. ex rel. Ackerman v. Young*, 448 P.3d 982, 987 (Colo. 2019). This objection is overruled.

*Third*, the plaintiffs argue that Mr. Zavodnick's fee request "must be evaluated under 28 U.S.C. § 1927, which limits fee awards to cases where a party's litigation tactics . . . unreasonably and vexatiously

- 3 -

multiplied" the proceedings. Dkt. 464 at 6-7. This argument was not made in the plaintiffs' response to the motion, *see* Doc. 412, and can be rejected on that basis alone. Even if the argument had been properly preserved, I would reject it, as 28 U.S.C. § 1927 provides grounds for imposing fees and costs on an attorney, not for defending against a party's request for a fee award. And the idea that the statute should apply because the plaintiffs were somehow goaded into filing suit is fanciful. This objection is overruled.

*Fourth*, the plaintiffs argue that Mr. Zavodnick has waived his right to costs under Rule 54. Dkt. 464 at 7-8. This appears to be an objection to Judge Starnella's recommendation that Mr. Zavodnick's request for costs be denied without prejudice pursuant to this District's Local Civil Rule 54.1. Dkt. 463 at 22. That rule requires that a bill of costs may be filed "no later than 14 days after entry of the judgment or final order." Final judgment has not yet been entered on the plaintiffs' claims against Mr. Zavodnick, so he has not waived his right to file a bill of costs, and doing so would be premature at this point. So this objection is also overruled.

The remainder of Judge Starnella's Recommendation is unobjected-to. I have therefore reviewed it to ensure there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). There is not. To the contrary, Judge Starnella's review of the motion and the underlying record is meticulous and correct. Her recommendation is therefore accepted and adopted in full.

## CONCLUSION

It is **ORDERED** that:

Plaintiffs' Objection to Magistrate Judge's Report & Recommendation, **Dkt. 464**, is **OVERRULED**;

- 4 -

The Recommendation of United States Magistrate Judge, **Dkt. 463**, is **ACCEPTED** and **ADOPTED**; and

Benjamin Zavodnick's Motion for Costs and Attorney Fees, **Dkt. 396**, is **GRANTED IN PART** and **DENIED IN PART**. Mr. Zavodnick is awarded attorney fees in the amount of $23,623.50, and his request for costs is denied without prejudice to filing a bill of costs within fourteen days of entry of final judgment.

DATED: March 18, 2025					BY THE COURT:

							Daniel D. Domenico
							United States District Judge