| | |
|---|---|
| **From:** | Dunay, Angela M. |
| **Sent:** | Tuesday, April 15, 2025 11:01 AM |
| **To:** | R. A. Nahabedian, Esq. |
| **Cc:** | Dingerson, Daniel A. |
| **Subject:** | RE: David Wilcock Production #2 |

Raffi:

We have been through the documents you provided and are writing now to follow-up as it is evident from that review and your prior representations that Mr. Wilcock's productions continue to be deficient. Before getting into the substantive points, we wanted to address an issue raised by Mr. Wilcock in one of his online posts; namely, we stated that the litigation had settled, but that is not true. Although the parties were involved in a settlement conference with the Court, the case and discovery are proceeding.

You indicated below that you only applied the terms "Corey Goode" and "Gaia" in searching Mr. Wilcock's Gmail. Those terms alone are insufficient to capture documents that are responsive to Gaia's document requests. Furthermore, you indicated that the search was limited to the date range 10/31/2014 through 8/28/2020. However, Gaia's document requests seek "information and Documents . . . [for] the time period from January 1, 2015 **to the present**." Gaia does not object to Mr. Wilcock producing documents earlier than January 1, 2015; however, the search of Mr. Wilcock's documents should not be limited to a range ending August 28, 2020. If you believe that the date range would pose an undue burden on Mr. Wilcock's collection and production of documents, please provide the volumes returned by search terms, broken down by year.

With regards to the appropriate search terms to apply to Mr. Wilcock's documents, we propose the following to identify additional relevant and responsive documents:

1. ("Cosmic Disclosure" OR "CD") AND ("Goode")
2. "Blue Eagle"
3. Resign* w/5 (email OR Kiersten OR Medvedich OR Brad OR Warkins)
4. "Letter of Resignation"
5. "GEM" or "Gaia Employee Movement"
6. "FTL" OR "Fade to Light"
7. Change.org

Note, when applying the above, the terms should not be limited to communications only with Mr. Goode. As you know, our document requests, for the most part, seek communications between Mr. Wilcock and "any Person" and we are entitled to seek and receive such communications as well as those with Mr. Goode. Further, you stated in your below email that the search for Mr. Goode included emails where he was in the "To" or "CC" fields; if you intentionally left out the "From" and "BCC" fields, we request that those fields also be searched for Mr. Goode's name and all known email addresses he uses/used.

With regards to Mr. Wilcock's Production No. 2, you noted that you are "producing communications with Corey Goode that [Mr. Wilcock] was able to discover on X and Facebook." As I noted above, Gaia's documents are *not* limited to communications only with Mr. Goode. Accordingly, please expand the search of Mr. Wilcock's communications on his social media accounts, including but not limited to X and Facebook, for communications with *any person* regarding the following terms:

1. ("Cosmic Disclosure" OR "CD") AND ("Goode")

2. "Blue Eagle"
3. Resign* w/5 (email OR Kiersten OR Medvedich OR Brad OR Warkins)
4. "Letter of Resignation"
5. "GEM" or "Gaia Employee Movement"
6. "FTL" OR "Fade to Light"
7. Change.org

Lastly, Mr. Wilcock's identification and collection of documents should not be limited to his Gmail and Facebook/Twitter (X) accounts. Thus, Mr. Wilcock must search and produce documents from other repositories, including, but not limited to, Telegram, WhatsApp, Skype, or Unseen.is. For example, we know from productions from other individuals that Mr. Wilcock utilized WhatsApp to communicate with Mr. Goode.

Please confirm by **Monday, April 21** that Mr. Wilcock will conduct the above searches and produce responsive documents returned by such searches. We are willing to meet and confer, if necessary.

Thank you,
Angela

**Angela M. Dunay**
(she/her/hers)

adunay@dglaw.com
d   212 468 4995
m   917 508 2794

vCard | Bio | Twitter | Facebook

**Davis+Gilbert LLP**
1675 Broadway, New York, NY 10019
dglaw.com

---

**From:** R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>
**Sent:** Tuesday, March 4, 2025 6:11 PM
**To:** Dunay, Angela M. <adunay@dglaw.com>; Dingerson, Daniel A. <ddingerson@dglaw.com>
**Cc:** R. A. Nahabedian, Esq. <raffi@nahabedianlaw.com>
**Subject:** David Wilcock Production #2



Counsel

Below are two links that have additional documents in furtherance of the requested information from Mr. Wilcock. In terms of your email relating to specific questions, I provide the following responses:

1. The specific search terms that were applied to Mr. Wilcock's search of his Gmail account(s).

2

Response: The search terms used for Gmail were "Corey Goode" combined with "Gaia" such that every communication regarding Gaia that either mentioned Corey Goode or included him in the "To" or "Cc" field was included.

2. The specific date range that was applied to Mr. Wilcock's search of his Gmail account(s).

Response: The date range was based on when Corey Goode first reached out to Mr. Wilcock with information that led to the production of Cosmic Disclosure; so, beginning date 10/30/14, with the end date was 8/28/20, which was over two years after Wilcock's Resignation Letter was leaked to the public against his will.

3. Whether any other limitations or parameters were applied to Mr. Wilcock's search, beyond the search term(s) and date range(s) requested above.

Response: None, what was and is being produced relates to communications with Corey Goode and Gaia as the topic.

Continuing Forward:

It appears from your initial response stating that the production was limited to "emails involving Corey Goode and Cosmic Disclosure, including co-stars, co-workers, affiliates, and fans", that Mr. Wilcock has not searched for or produced documents that relate to, among other relevant topics: (i) Gaia, generally, and not specifically related to Cosmic Disclosure; (ii) the termination of Mr. Wilcock's and Mr. Goode's relationship with Gaia, including but not limited to Mr. Wilcock's resignation email; (iii) other online communications about Gaia, including but not limited to those concerning/involving GEM, the FTL Blog, and/or the Video. If our understanding is incorrect about your position with respect the above topics, we would appreciate if you could clarify.

Responses:

As for (i), again, our search parameters have been and are related to Corey Goode and Gaia, and related matters, i.e., Cosmic Disclosure.

As for (ii), the communications with Corey Goode in the discovery package include discussions about the termination of the relationship with Gaia, as well as Gaia as a topic. We are also including in this production the resignation email which was not included in the initial discovery package because Corey Goode was not included in the communication and Gaia had already received Wilcock's letter when it was first sent.

As for (iii), all relevant and available communications with Corey Goode about Gaia, "including but not limited to those concerning GEM, the FTL Blog, and/or the Video," these items, to the extent that Mr. Wilcock has such items, were already produced. In terms of a "Video," Mr. Wilcock was unknowing of such until your request, and Mr. Wilcock has not seen it and does not have it in his records.

Continuing forward:

You stated you believed that Mr. Wilcock had no documents concerning some of these topics, such as GEM, the FTL Blog, and the Video; if that remains your position, please confirm whether your client has

3

conducted any searches for such documents/topics and can thus represent that no such documents exist as to those topics.

Response: to some degree, and to the extent they exist, the communications relating to GEM and FTL Blog were produced in the prior disclosure of over 12,000 pages. Again, as previously stated, Mr. Wilcock did not see and/or was not aware of the "Video." Moreover, Mr. Wilcock and his IT professional again searched Mr. Wilcock's Gmail account for all communications with or regarding "Corey Goode" and "Gaia" and such search is complete.

Continuing forward:

In addition to the above, can you please confirm the following:

a. That Mr. Wilcock did not limit any search to his Gmail account(s). It is our understanding that Mr. Wilcock has communicated about Mr. Goode/Gaia using other platforms besides email, potentially including but not limited to Twitter/X, Facebook, YouTube, WhatsApp, text messages, and/or Reddit.
b. That there is only a single lewd photograph in Mr. Wilcock's production.

Response:

As to (a), as already stated, there was only a Gmail search and it was limited to communications that mentioned "Corey Goode" and "Gaia." Additionally, there may have been items that were part of the production that included "Corey Goode" and may not have included "Gaia" which was an oversight. As for the other forms of communication listed, Mr. Wilcock is hereby producing communication with Corey Goode that he was able to discover on X and Facebook. Mr. Wilcock has never used Reddit. As for YouTube, Mr. Wilcock knows of YouTube content that is publicly available that promoted Cosmic Disclosure (which counsel can readily access and discover) and Mr. Wilcock is also aware of YouTube content that was posted after Mr. Wilcock's departure from Gaia, all of which are publicly available and readily discoverable by counsel. As to WhatApp and text messages, Mr. Wilcock's iPhone was stolen in October 2023 at the Denver International Airport. This fact was reported in one of Mr. Wilcock's YouTube videos on October 29, 2023, "David Wilcock LIVE: My Journey to End-Times LA (to film LEVITATION,)" at https://www.youtube.com/watch?v=I5GAjKRxlng. As such, he has nothing to produce in this regard.

As to (b), although we cannot be absolutely certain that another "lewd photograph" exists in the 12,000 pages of documents produced, upon our review we only noticed the one image of UFO personality Simon Parkes, sent by a distressed fan who claimed Parkes was sexually stalking him and wanted Corey Goode and Mr. Wilcock to cover the story, which they both refused to do.

Based on the above, this is hereby Production #2, which includes documents within the response set forth above and also includes Mr. Wilcock's resignation from Gaia as set forth in the email.

Bates range: DW12265-DW12289

[redacted]

Again, my apologies for the delay and my gratitude for your patience and understanding.

Please confirm receipt.

Respectfully,
Raffi

Think before you click! This email originated outside of Davis+Gilbert.