IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

       Plaintiffs and Counter Defendants,

v.

GAIA, INC,

       Defendant and Counter Claimant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

       This matter is before the Court on the **Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d) and C.R.S. § 13-17-201** [#453] (the "Motion"),[1] filed by Former Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins (collectively, the "Gaia Individuals"). Plaintiffs filed an Amended Response [#461] in opposition to the Motion [#453], and the Gaia Individuals filed a Reply [#462]. The Motion [#453] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3).[2] *See* [#455]. The Court has reviewed the Motion [#453], the entire case file, and the applicable law.

---

[1] Unless otherwise indicated, the Court utilizes the CM/ECF page numbering when citing briefs and other documents from the electronic record, rather than any original page numbering on the parties' submissions.

[2] Except where otherwise permitted, a Magistrate Judge must issue a recommendation on a motion for attorneys' fees. *See, e.g.*, *Wright v. Bd. of Cnty. Comm'rs of Pitkin Cnty.*, No. 22-cv-00077-GPG-JPO, 2024 WL 4201889, at *1 n.1 (D. Colo. Aug. 30, 2024) (Magistrate Judge issuing a recommendation on a motion for attorney fees brought pursuant to Colo. Rev. Stat. § 13-17-201).

For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#453] be **GRANTED in part and DENIED in part**.

A.      **Whether an Award of Fees Is Permitted**

On July 20, 2020, Plaintiffs filed an Amended Complaint [#36] naming the three Gaia Individuals as defendants for the first time. In the Second Amended Complaint [#111], filed on December 8, 2020, Plaintiffs asserted three federal claims and eight state law claims against the three Gaia Individuals: (1) Claim One: Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, *Second Am. Compl.* [#111] at 26-27; (2) Claim Three: Federal Trademark Infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a), *id.* at 31; (3) Claim Four: False Designation of Origin and Federal Unfair Competition under 15 U.S.C. § 1125, *id.* at 34; (4) Claim Five: Colorado Common Law Trademark and Trade Name Infringement, *id.*; (5) Claim Six: Colorado Common Law Unfair Competition, *id.* at 35; (6) Claim Seven: Colorado Consumer Protection Act ("CCPA"), *id.* at 36; (7) Claim Eight: Breach of Contract, *id.* at 37; (8) Claim Nine: Fraudulent Misrepresentation, *id.* at 38; (9) Claim Thirteen: Slander Per Se, *id.* at 38-39; (10) Claim Fourteen: Libel Per Se, *id.* at 39; and (11) Claim Fifteen: Tortious Interference with a Business Expectancy, *id.* In response to the Second Amended Complaint [#111], the Gaia Individuals filed a motion seeking dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b)(6), *see* [#175], which the District Judge subsequently granted. *Order* [#390]. In so doing, he dismissed without prejudice the slander per se and libel per se claims against the Gaia Individuals[3] and dismissed the remainder of Plaintiffs' claims

_____

[3] This dismissal without prejudice was based on Plaintiffs' voluntary agreement to dismiss without prejudice these claims. *Order* [#390] at 30 n.2, 31 n.3, 35.

against them with prejudice. *Id.* at 36. The District Judge subsequently entered a Partial Final Judgment [#449] as to all claims against the Gaia Individuals in their favor.

In the present Motion [#453], the Gaia Individuals move for an award of costs and attorney fees under Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees") and Colo. Rev. Stat. § 13-17-201.[4] The Colorado statute provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action[.]

Colo. Rev. Stat. § 13-17-201(1). In short, the statute mandates an award of reasonable attorneys' fees to a defendant in a tort action dismissed under Colo. R. Civ. P. 12(b). *See* Colo. Rev. Stat. § 13-17-201. The statute was enacted "to discourage unnecessary litigation of tort claims" and applies to an action that is "primarily a tort action." *State v. Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998); *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517-18 (Colo. App. 2009).

Because fees statutes are deemed substantive in the Tenth Circuit, this statute also applies when a federal court dismisses Colorado state tort claims under Fed. R. Civ. P. 12(b). *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Checkley v. Allied Prop. & Cas. Ins. Co.*, 635 F. App'x 553, 559 (10th Cir. 2016). However, in cases where *only* federal causes of action are asserted, Colo. Rev. Stat. § 13-17-201 is

---

[4] To the extent Plaintiffs argue that the Motion [#453] should be denied because "Defendants themselves have filed mirror claims that remain pending, further undermining their entitlement to attorneys' fees," the Court notes that this is not entirely correct. *Response* [#461] at 2. Only Defendant Gaia, Inc. has asserted any counterclaims, while only the dismissed Gaia Individuals are seeking fees in the present Motion [#453]. Thus, Plaintiffs' argument is inapposite to adjudication of the Motion [#453].

inapplicable. For example, in *Carper v. Peterson*, No. 22-cv-00363-CNS-MEH, 2023 WL 2424888, at *1 (D. Colo. Mar. 9, 2023), the defendants sought attorneys' fees under Colo. Rev. Stat. § 13-17-201, but the District Judge held the statute to be "inapplicable as this case arose under federal question jurisdiction rather than diversity." *Carper* involved only one cause of action, a malicious prosecution claim brought under 42 U.S.C. § 1983. *Carter*, 2023 WL 2424888, at *1.

The Colorado fees statute "requires the court to award reasonable attorney's fees to a defendant, where two conditions are met: (1) the action lies in tort; and (2) the action is dismissed pursuant to Rule 12(b)." *Clayton v. Dreamstyle Remodeling of Colo., LLC*, No. 20-cv-02096-KMT, 2021 WL 4078911, at *12 (D. Colo. Sept. 7, 2021). The defendant has the burden of demonstrating these two conditions by a preponderance of the evidence. *Campos v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02777-CMA-KLM, 2022 WL 2290617, at *5 (D. Colo. June 23, 2022), *report and recommendation adopted*, 2022 WL 2702849 (D. Colo. July 12, 2022).

Before turning to these two elements, though, the Court addresses Plaintiffs' argument regarding of what the "action" consists in the context of Colo. Rev. Stat. § 13-17-201. *Response* [#461] at 3-6. Plaintiffs argue that the "action" consists of the entire lawsuit, including all claims asserted against all Defendants. *Id.* This is incorrect. The Colorado Court of Appeals has explicitly held that Colo. Rev. Stat. § 13-17-201 "applies separately to each defendant." *Semler v. Hellerstein*, 428 P.3d 555, 566 (Colo. App. 2016), *rev'd on other grounds by Bewley v. Semler*, 432 P.3d 582 (Colo. 2018). In other words, "so long as all claims against a single defendant were dismissed, even though claims against other defendants may survive C.R.C.P. 12(b) motions, that defendant may

recover under the statute." *Id.* In *Semler v. Hellerstein*, the Colorado Court of Appeals allowed recovery of fees by dismissed defendants under Colo. Rev. Stat. § 13-17-201 even where a breach of contract claim proceeded against a different defendant. *Id.* That is essentially the same procedural stance as the present case, where all claims against the Gaia Individuals have been dismissed and only a breach of contract claim proceeds against Defendant Gaia, Inc. *Order* [#390] at 35-36.

Plaintiffs' legal authority is not to the contrary. *See Response* [#461] at 3-6 (citing *Berg v. Shapiro*, 36 P.3d 109, 113 (Colo. App. 2011); *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604, 606 (Colo. App. 2008); *First Interstate Bank of Denver, N.A. v. Berenbaum*, 872 P.2d 1297, 1302 (Colo. App. 1993); *Green Nimbus, LLC v. Petty*, No. 2023CV30001, 2024 Colo. Dist. LEXIS 227 (Colo. Dist. Feb. 13, 2024)). Despite utilizing some broad, generalized language, none of these cases define "action" as the entirety of the lawsuit as to all defendants collectively, as opposed to all claims asserted against each defendant, i.e., the entire action as asserted against a specific defendant. Thus, in determining whether the "action" lies in tort and whether the "action" was dismissed pursuant to Rule 12(b), the Court only considers all claims asserted against each of the three Gaia Individuals. Here, the same claims were asserted against all three of the Gaia Individuals, and each of the claims was dismissed as to each Gaia Individual for the same reason. Thus, the Court need not engage in a separate analysis for each of the three Gaia Individuals, as the same analysis applies to each one equally.

## 1.    Whether the Action Lies in Tort

Colo. Rev. Stat. § 13-17-201 "applies not only to tort actions involving death or injury to person or property, but also to tort actions involving mere economic injury." *Nero*

*v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323191, at *7 (D. Colo.

Sept. 23, 2013) (quoting *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. App. 1994)).

To decide whether the essence of an action is tort for purposes of Colo. Rev. Stat. § 13-

17-201, "district courts focus on the manner in which the plaintiff's claims are pled." *Id.*

(citing *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008)). In other

words, rather than examining the "underlying logic of the claims," the Court focuses on

the "face of the pleading." *Torres v. Am. Family Mut. Ins. Co.*, 606 F. Supp. 2d 1286, 1291

(D. Colo. 2009).

The Court first utilizes a "predominance test" in which it determines "whether

quantitatively by simple number of claims or based on a more qualitative view of the

relative importance of the claims" an action lies in tort. *Checkley*, 635 F. App'x at 559-60

(quoting *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo. App. 2014)). By way of examples,

the court in *Dubray v. Intertribal Bison Cooperative*, 192 P.3d at 607, found that the lawsuit

was a tort action for purposes of Colo. Rev. Stat. § 13-17-201 because six of the plaintiff's

eight claims against the dismissed defendants were tort claims. In *Checkley v. Allied*

*Property and Casualty Insurance Company*, 635 F. App'x at 560, the plaintiff alleged two

tort claims and one contract claim, but the Tenth Circuit Court of Appeals found that the

contract claim was the "substantial predicate" of the action and therefore held that the trial

court had properly denied an award of fees under Colo. Rev. Stat. § 13-17-201.

Sometimes the predominance test does not lead to a clear answer, because the

non-tort and the tort claims are the same in terms of significance or number. *Checkley*,

635 F. App'x at 559-60. In those situations, the Court asks a second question, i.e.,

"whether tort claims were asserted to unlock additional remedies[.]" *Id.* at 560 (quoting

*Gagne*, 338 P.3d at 1168). By way of example, in *Gagne v. Gagne*, 338 P.3d at 1168, the Colorado Court of Appeals held in a case with the same number of tort and non-tort counterclaims that an award of fees under Colo. Rev. Stat. § 13-17-201 was inappropriate because the tort counterclaims did not ask for any additional relief beyond the relief requested in connection with the contract counterclaims.

Here, as noted above, Plaintiffs voluntarily dismissed two of their tort claims, thus leaving three federal and six state law claims pending against the Gaia Defendants, all nine of which the District Judge dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Order* [#390]. In *Snyder v. Acord Corporation*, 811 F. App'x 447, 462-64 (10th Cir. 2020), the Tenth Circuit Court of Appeals addressed a request for fees under Colo. Rev. Stat. § 13-17-201 where the plaintiffs had asserted five federal claims under two federal statutes as well as eighteen state law claims. The Circuit held that the fee provisions of the federal causes of action did not preempt Colo. Rev. Stat. § 13-17-201, but that, even if they did, "that would not be a basis to preclude fees altogether under the state statute[.]" *Snyder*, 811 F. App'x at 464 n.3. The Circuit reasoned that "[e]liminating fees under the state statute only on the basis that five out of twenty-three claims are preempted would be tantamount to throwing out the baby with the bath water and would encourage litigants to include a single federal claim with a preemptive fee-shifting provision, no matter how meritless, solely to evade the reach of Colo. Rev. Stat. § 13-17-201." *Id.*

Here, the Court finds that, both quantitatively and qualitatively, the five state law tort claims predominate over the four other claims, consisting of three federal claims and one breach of contract claim.

First, the parties do not dispute that five of Plaintiffs' six state law claims sound in tort: Colorado common law trademark and trade name infringement, *see, e.g.*, *Rocky Mountain Chocolate Factory v. Arellano*, No. 17-cv-0582-WJM-CBS, 2017 WL 4697503, at *10 (D. Colo. Oct. 19, 2017) (citing legal authority holding that trademark infringement is a tort); Colorado common law unfair competition, *see, e.g.*, *Gates Corp. v. Dorman Prods. Inc.*, No. 09-cv-02058-CMA-KLM, 2009 WL 5126556, at *5-6 (D. Colo. Dec. 18, 2009) (discussing Colorado's "tort of common law unfair competition"); violation of the CCPA, *see, e.g.*, *U.S. Fax Law Ctr. v. Henry Schein, Inc.*, 205 P.3d 512, 518-19 (Colo. App. 2009) (discussing claims under the CCPA as grounded in tort and allowing an award of fees under Colo. Rev. Stat. § 13-17-201); fraudulent misrepresentation, *see, e.g.*, *Baker v. Wood, Ris & Hames, Pro. Corp.*, 364 P.3d 872, 874 n.1 (Colo. 2016) (mentioning "the distinct tort of fraudulent misrepresentation"); and *tortious* interference with a business expectancy. *See Second Am. Compl.* [#111] at 34-40. Thus, the Court finds that these five state law claims against the Gaia Individuals all sound in tort.

Second, the Court does not heavily weigh Plaintiff's sole non-tort state law claim, i.e., the breach of contract claim, as asserted against the three Gaia Individuals. *Second Am. Compl.* [#111] a 37. Plaintiffs argue that "[t]he core of this litigation involves contract claims, including disputes over agreements, relationships, and performance between the parties." *Response* [#461] at 7. However, in his Order [#390] on the Gaia Individuals' Motion to Dismiss [#175], the District Judge found that (1) Plaintiffs had not alleged the existence of a contract between Plaintiffs and the Gaia Individuals (only between Mr. Goode and Gaia, Inc.); (2) any purported breach of employment contracts between Defendants Gaia, Inc. and the Gaia Individuals did not give rise to an actionable breach-

of-contract claim for Plaintiffs; and (3) no facts were pleaded by Plaintiffs to support a piercing-the-corporate-veil theory. *Order* [#390] at 28. This claim was dismissed with prejudice. *Id.* at 28, 35. Given the District Judge's findings regarding the exceedingly thin bases for Plaintiff's breach-of-contract claim as asserted against the Gaia Defendants, the Court finds that this claim should be afforded very little weight in the qualitative predominance analysis.

Third, Plaintiffs asserted three federal claims against the Gaia Individuals, i.e., civil RICO under 18 U.S.C. § 1964, federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), and false designation of origin and federal unfair competition under 15 U.S.C. § 1125. *See Second Am. Compl.* [#111] at 26-27, 31, 34. The latter two claims, both of which fall under the Lanham Act, are generally deemed to sound in tort. *See, e.g.*, *HappyFeet-Legends Int'l, Inc. v. Holdaway*, No. 2:23-cv-02202-TC-TJJ, 2024 WL 5008625, at *7 (D. Kan. Dec. 6, 2024) (citing *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 908 (10th Cir. 2017)). Further, Plaintiffs' RICO claim is premised on mail fraud and wire fraud. *Order* [#390] at 6 ("The predicate acts that the plaintiffs allege here are wire fraud and mail fraud."). These clearly sound in tort as well. *See, e.g.*, *100 Mount Holly Bypass v. Axos Bank*, No. 2:20-cv-00856, 2024 WL 1722557, at *12 (D. Utah Apr. 22, 2024) (mentioning that "underlying torts" to a civil conspiracy claim included "mail fraud" and "wire fraud"). Thus, here, as in *Snyder*, 811 F. App'x at 464 n.3, the Court finds that Plaintiffs' three federal claims do not significantly outweigh the tort state law claims from a qualitative standpoint, and that this action sounds in tort under the predominance test.[5]

---

[5] Although Plaintiffs asserted both state law claims and federal claims against the Gaia Individuals, the Court notes that they have not argued that the fees should be apportioned

Accordingly, the Court finds that this action lies in tort both quantitatively and qualitatively for purposes of Colo. Rev. Stat. § 13-17-201.

## 2.      Whether the Action Was Dismissed Under Rule 12(b)

The legal standard under which the District Judge dismissed the claims asserted against the Gaia Individuals was Fed. R. Civ. P. 12(b)(6). *Order* [#390] at 4-5. Plaintiffs argue that the action was not entirely dismissed under Rule 12(b) because "the contract claims remain to be litigated" and because the Trademark Trial and Appeal Board ("TTAB") "retains jurisdiction over" certain "key claims." *Response* [#461] at 6.

The Court can easily dispense with both of Plaintiffs' arguments. First, Plaintiffs' contract claims against the Gaia Individuals were dismissed, *Order* [#390] at 28, and, as discussed above, it is immaterial that a breach of contract claim continued against Defendant Gaia, Inc., because claims against other Defendants are not part of the "actions" at issue here under Colo. Rev. Stat. § 13-17-201, which only include the claims asserted against the Gaia Individuals. *See Semler*, 428 P.3d at 566.

Second, regarding the TTAB, the District Judge stated in his Order [#390]:

Consideration of the[ ] factors indicates the Court should decline declaratory-judgment jurisdiction in this instance. I have dismissed the plaintiffs' trademark-infringement claims. To the extent the parties have an ongoing dispute regarding ownership or validity of the 20 AND BACK and BLUE AVIANS marks, those issues can be resolved in the ongoing opposition proceedings before the Trademark Trial and Appeal Board. The plaintiffs appear to be using their declaratory-judgment claim here as an attempt to bypass that proceeding, which is the more appropriate forum.

---

accordingly. *See generally Response* [#461]. In *Snyder*, where both federal and state law claims had been asserted, the Tenth Circuit noted that preemption of the state fee statute is claim-specific, and therefore, "[a]t most, fees would need to be apportioned, with Defendants receiving fees under § 13-17-201 for defending against the state-law claims." 811 F. App'x at 464 n.3. However, the defendants there had "attacked the award in its entirety and [did] not [seek] apportionment," and the Circuit therefore "decline[d] to make the argument for them[.]" *Id.* Like the Tenth Circuit in *Snyder*, the Court here refuses to make an apportionment argument for Plaintiffs.

> Deciding the trademark validity issues in this forum when the trademark-infringement claims have been dismissed would serve no useful purpose, and I thus find it unnecessary to devote judicial resources to the plaintiffs' declaratory-judgment claim.

*Order* [#390] at 34. Thus, Plaintiffs' statement that, "[b]ecause the TTAB retains jurisdiction over those claims, they remain active" does not change the fact that the underlying claims were dismissed from this lawsuit pursuant to Rule 12(b). Plaintiffs have cited no legal authority to the contrary.

Accordingly, the Court finds that this action was dismissed under Rule 12(b) for purposes of Colo. Rev. Stat. § 13-17-201.

### 3.    Additional Arguments

Although the two elements of the test are met, Plaintiffs present two additional arguments regarding why no fees should be awarded.

### a.    Colo. Rev. Stat. § 13-17-201(2)

Although Plaintiffs do not explicitly refer to Colo. Rev. Stat. § 13-17-201(2), they appear to implicitly refer to its provisions. *See, e.g.*, *Response* [#461] at 2 (stating that "Plaintiffs' claims were brought in good faith, representing legitimate efforts to advance legal theories and resolve substantive disputes"). Thus, the Court considers the applicability of this subsection of the statute.

The good-faith exception to an award of fees under Colo. Rev. Stat. § 13-17-201 provides:

> Subsection (1) of this section does not apply to any claim that is a good faith, non-frivolous claim filed for the express purpose of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting

questions under the United States constitution, to the Supreme Court of the United States.

Colo. Rev. Stat. § 13-17-201(2). However, importantly, it further provides:

> This subsection (2) applies so long as the party that brought the dismissed claim has pleaded, in its complaint, counterclaim, or cross claim, that the dismissed claim was made for one of the express purposes stated in this subsection (2) and identified the precedent, law, or regulation the party seeks to extend, limit, modify, or reverse, or whether the issue to be decided is a matter of first impression.

*Id.*

This good-faith exception to the statute went into effect on June 8, 2022—after the filing of Plaintiffs' Second Amended Complaint [#111] on December 9, 2020, but prior to the District Judge's Order [#390] granting the Gaia Individuals' dismissal motion on March 31, 2024, and the subsequent filing of the present Motion [#453] on December 20, 2024. At the outset, the Court notes that "[a] statute is presumed to be prospective and shall be construed prospectively unless a contrary legislative intent is clearly manifest." *Jenkins v. Wine & Dine, Inc.*, 784 P.2d 854 (Colo. App. 1989) (citing Colo. Rev. Stat. § 2-4-202) ("A statute is presumed to be prospective in its operation."). Therefore, the Court questions whether the good-faith exception applies to complaints that were filed prior to June 8, 2022.

However, even if the Court assumes that this subsection of the statute may be applied here, and even if the Court assumes that Plaintiffs' claims against the Gaia Individuals were made in "good faith" and were "non-frivolous," the Court finds that Plaintiffs have not met the procedural requirements of the statute. For the good faith exception to apply, a plaintiff must do two things. First, he must explicitly plead in his complaint that the claim(s) at issue was made for one of the purposes identified in Colo.

Rev. Stat. § 13-17-201(2). Second, he must identify the specific legal authority to be extended, limited, modified, or reversed, or else state that the issue to be decided is a matter of first impression. The statute contains no exception to these procedural prerequisites for pleadings filed prior to the statute's effective date. Thus, even if the statute could otherwise apply, Plaintiffs have not met the underlying procedural requirements.

Accordingly, the Court finds that the good-faith exception of Colo. Rev. Stat. § 13-17-201(2) does not apply here.

### b.    Colo. Rev. Stat. § 13-17-102(2)

Plaintiffs argue that Colo. Rev. Stat. § 13-17-201 is inapplicable because "Plaintiffs' claims were brought in good faith, supported by credible evidence and legitimate legal theories, and procedural dismissals do not render them frivolous, groundless, or vexatious" under Colo. Rev. Stat. § 13-17-102(2).[6] *Response* [#461] at 2. In the absence of a finding of frivolousness, groundlessness, or vexatiousness, Plaintiffs argue that an award of fees under Colo. Rev. Stat. § 13-17-201 is improper. *Id.* at 9-12.

Colo. Rev. Stat. § 13-17-102(2) provides:

> Subject to the limitations set forth elsewhere in this article, in any civil action of any nature commenced or appealed in any court of record in this state, the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

---

[6] Plaintiffs actually cite Colo. Rev. Stat. § 13-17-102(3) here and throughout their argument, but this appears to have been a drafting error, as this section merely provides: "When a court determines that reasonable attorney fees or reasonable licensed legal paraprofessional fees should be assessed, the court shall allocate the payment of the fees among the offending attorneys, licensed legal paraprofessionals, and parties, jointly or severally, as the court deems most just, and may charge an amount or portion to any offending attorney, licensed legal paraprofessional, or party."

13

"Lacked substantial justification" is defined elsewhere in the statute as "substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-102(9)(a).

The Colorado Court of Appeals has directly addressed whether Colo. Rev. Stat. § 13-17-102 is applicable to a fee determination under Colo. Rev. Stat. § 13-17-201, stating in *Garrett v. Spencer*: "It is therefore well settled that there is no requirement under 13-17-201 that the district court make findings that the plaintiff knew her action was frivolous, groundless, or vexatious before ordering the plaintiff to pay fees." No. 22CA1434, 2023 WL 12057249, at *2 (Colo. App. Aug. 3, 2023) (citing *Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo. App. 1996) (stating that argument that attorney fees should not be awarded pursuant § 13-17-201 because the claims were brought in good faith and not frivolous "are more appropriately made to the General Assembly" because the court is "bound by the mandatory language of [the statute]")).

The Court has found no authority, and Plaintiffs have provided none, to hold otherwise.[7] In fact, although courts regularly analyze the applicability of both statutes, they uniformly do so separately. *See, e.g.*, *Green Nimbus, LLC*, No. 2023CV30001, 2024 Colo. Dist. LEXIS 227, at *4-20; *Rome v. Parker Adventist Hosp.*, No. 21CA1611, 2023 WL 12057338, at *2-3 (Colo. App. Jan. 12, 2023); *Clayton*, 2021 WL 4078911, at *11-13.

Accordingly, because the Court finds that Colo. Rev. Stat. § 13-17-102 is inapplicable to determining whether fees should be awarded under Colo. Rev. Stat. § 13-

---

[7] The lone exception to this general rule comes from a decision by the Colorado Court of Appeals in *Patterson v. James*, 454 P.3d 345, 352 (Colo. App. 2018), which held that the joint-and-several liability provision of Colo. Rev. Stat. § 13-17-102(3) is applicable to Colo. Rev. Stat. § 13-17-201. However, as noted in *Garrett*, this has no impact on the issue of whether the "substantial justification" provision of Colo. Rev. Stat. § 13-17-102 is applicable to Colo. Rev. Stat. § 13-17-201. *Garrett*, 2023 WL 12057249, at *3.

17-201, the Court need not determine whether Plaintiffs' claims were substantially frivolous, groundless, or vexatious.

## B.    Amount of Fees

Because the Court finds that fees may be awarded to the Gaia Individuals pursuant to Colo. Rev. Stat. § 13-17-201, the Court next turns to the amount of those fees. In the present Motion [#453], the Gaia Individuals seek a total of $76,779.00 in fees for their nine attorneys and other staff members: (1) Daniel Dingerson ("Dingerson"), (2) Michael Lasky ("Lasky"), (3) Ina B. Scher ("Scher"), (4) James Levine ("Levine"), (5) Angela Dunay ("Dunay"), (6) Derick Dailey ("Dailey"), (7) G. Tyler Rumph ("Rumph"), (8) Natania Buchbinder ("Buchbinder"), and (9) John Heatherton ("Heatherton"). *Motion* [#453] at 17; *Dingerson Decl.* [#454] ¶¶ 14, 28. Although this is a high number of individuals, the Court notes that the Gaia Individuals have been named in this lawsuit since July 20, 2020, when the Amended Complaint [#36] was filed, well over four years ago, and that some of this number is attributable to staffing turnover, as the latter four persons no longer work for Attorney Dingerson's law firm, Davis+Gilbert. *Dingerson Decl.* [#454] ¶ 14. Further, "having many staff members work on a case is not per se unreasonable and, if deployed appropriately, may even lead to a reduction of total billing through the use of more cost-effective staff members to do work that would otherwise, but need not, be done by an attorney." *Lenn v. Colman*, No. 24CA0244, 2025 WL 802759, at *8 (Colo. App. Mar. 13, 2025). This statement equally applies to the distribution of work between more experienced attorneys with higher billing rates and less experienced attorneys with lower billing rates.

D.C.COLO.LCivR 54.3(b)(1) requires a motion seeking fees to include "for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience[.]" Attorney Dingerson has practiced law since 2004, has been with Davis+Gilbert for more than ten years, is currently licensed to practice law in New York and Michigan, "as well as several federal district courts and courts of appeals," and has "extensive experience litigating cases, for a number of clients and concerning a wide variety of claims, in both federal and state courts[.]" *Dingerson Decl.* [#454] ¶¶ 9-11. Attorney Lasky is a Partner/Co-Chair of the Litigation + Dispute Resolution group at Davis+Gilbert and has practiced law for more than forty years. *Id.* ¶ 14(a). Attorney Scher is a Partner at Davis+Gilbert and has practiced law for more than thirty years. *Id.* ¶ 14(b). Attorney Levine is a Partner at Davis+Gilbert and has practiced law for more than twenty years. *Id.* ¶ 14(c). Attorney Dunay is an Associate at Davis+Gilbert and has practiced law for about five years. *Id.* ¶ 14(d). Attorney Dailey is a former Associate at Davis+Gilbert who had been practicing law for about three years at the time of his services in this case. *Id.* ¶ 14(e). Attorney Rumph is a former Discovery Attorney at Davis+Gilbert, who had been practicing law for about ten years at the time of his services in this case. *Id.* ¶ 14(f). Ms. Buchbinder is a former Paralegal at Davis+Gilbert, who had worked as a paralegal for about five years at the time of her services in this case. *Id.* ¶ 14(g). Mr. Heatherton is a former Managing Clerk (Docketing) at Davis+Gilbert. *Id.* ¶ 14(h). Plaintiffs have not contested the sufficiency of these descriptions. *See generally Response* [#461]. The Court finds that these nine individuals have supplied adequate information to meet the requirements of Local Rule 54.3(b)(1).

D.C.COLO.LCivR 54.3(b)(2) requires "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." The Gaia Individuals provide two sets of billing records in support of this requirement. *See* [#453-1, #453-2] (duplicated at Docket Nos. 454-1 and 454-2). The first billing record [#453-1] consists of time entries which they assert are attributable solely to work done for the Gaia Individuals. *Dingerson Decl.* [#454] ¶ 22. The second billing record [#453-2] consists of "mixed entries" for which they assert "it would be impossible or exceedingly difficult to precisely allocate which portion of the entry was devoted to providing services to the Gaia Individuals as opposed to Gaia or for the benefit of both the Gaia Individuals and Gaia." *Id.* ¶ 26. Of these mixed entries, "some predominantly pertain to services to the Gaia Individuals, some predominantly pertain to services to Gaia, while some are roughly evenly divided." *Id.* The Gaia Individuals are seeking only fifty-percent of the fees associated with these mixed entries. *Id.* They have not sought fees for any services rendered which would have been incurred "for the benefit of Gaia even if the Gaia Individuals had not been named as defendants in the action." *Id.* ¶ 24. Plaintiffs have not objected to this general procedure for delineating which fees could be sought as part of the Motion [#453]. *See generally Response* [#561]. On review of the billing records, the Court finds this to be a fair approximation of fees that are attributable to the Gaia Individuals' counsel on their behalf alone.

Here, the Gaia Individuals seek a total of $76,779.00 in fees for the nine attorneys and other staff members. *Motion* [#453] at 17; *Dingerson Decl.* [#454] ¶¶ 14, 28. The fees are based on Attorney Dingerson's hourly rates of $585.00 for 9.25 hours expended, $600.00 for 78.0 hours expended, and $755.00 for 10.5 hours expended, which equates

to $60,138.75; Attorney Lasky's hourly rate of $830.00 for 2.1 hours expended, which equates to $1,743.00; Attorney Scher's hourly rates of $730.00 for 0.55 hours expended, $750.00 for 6.0 hours expended, and $905.00 for 0.5 hours expended, which equates to $5,354.00; Attorney Levine's hourly rates of $700.00 for 0.3 hours expended and $720.00 for 0.4 hours expended, which equates to $498.00; Attorney Dunay's hourly rate of $630.00 for 2.65 hours expended, which equates to $1,669.50; Attorney Dailey's hourly rate of $480.00 for 11.0 hours expended, which equates to $5,280.00; Attorney Rumph's hourly rate of $440.00 for 0.3 hours expended, which equates to $132.00; Ms. Buchbinder's hourly rate of $270.00 for 6.0 hours expended, which equates to $1,620.00; and Mr. Heatherton's hourly rate of $275.00 for 1.25 hours expended, which equates to $343.75. *See Billing Records* [#453-1, #453-2]. They have also provided a detailed description of their services. *See id.* The Court finds that these nine individuals have supplied adequate information to meet the requirements of Local Rule 54.3(b)(2).

In deciding the reasonableness of a fee request, the Court conducts a "lodestar calculation," which entails multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A court then reviews the billing entries to ensure that the attorneys exercised proper billing judgment. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1245 (D. Colo. 2015). A court may adjust the lodestar number "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

### 1.     Reasonableness of Billing Rates

With two specific exceptions discussed below, Plaintiffs have not argued that the billing rates are unreasonable for any of the nine individuals who worked on this case for the Gaia Individuals. *See Response* [#461] at 8. To determine whether hourly billing rates are reasonable, the Court draws on its familiarity of billing rates within the Denver metropolitan area, as well as the reasonableness determinations of other judges within this District. *See Raymond M. v. Beacon Health Options, Inc.*, No. 2:18-cv-00048-JNP-DAO, 2021 WL 764077, at *2 (D. Utah Feb. 26, 2021) ("When determining whether an hourly rate is reasonable, the court may consider various evidence, including affidavits of counsel, non-party attorney affidavits, and the court's own knowledge."). Given the general lack of argument to the contrary by Plaintiffs, and in light of the ample legal authority regarding rates in the Denver metropolitan area, Court finds that the hourly rates, as listed above, all fit within the range of reasonableness. *See, e.g.*, *United States ex rel. Swanton v. Zou*, No. 20-cv-01742-NYW, 2024 WL 1858532, at *5 (D. Colo. Apr. 29, 2024) (deeming reasonable attorney hourly rates ranging from $375 to $650 and non-attorney professional rates of $125); *see also Weidner v. McHale*, No. 23-cv-00339-NYW-SBP, 2024 WL 4786958, at *8 (D. Colo. Nov. 14, 2024) (collecting cases and noting that it had "recently found hourly rates between $400 and $900 per hour for attorneys" who had about ten years and forty years of experience, respectively, to be reasonable).

Plaintiffs, however, point to two instances where they assert that opposing counsel billed high attorney rates for administrative or simple legal work. *Response* [#461] at 8. First, they point to Attorney Dingerson's May 10, 2021 billing entry for 5.4 hours at $600 per hour (equating to $3,240.00) for reviewing a reply brief and corresponding with co-

counsel, which Plaintiffs say was a task that does not justify the high billable time. *Id.* The Gaia Individuals respond by pointing out, first, that this is a "mixed entry" billing record, and therefore they are only seeking $1,620.00 in fees for this entry. *Reply* [#462] at 11; *see also Billing Record* [#453-2] at 7. They argue that Plaintiffs have "not substantively argue[d] why the hours charged are inappropriate" and that they cannot "dispute the complexities of defending the action given the multitude of claims asserted across various iterations of pleadings." *Reply* [#462] at 11. Second, Plaintiffs point to Attorney Scher's May 31, 2024 billing entry for a 0.1 hour billed at $905 per hour (equating to $90.50) for a conference with Attorney Dingerson "regarding the motion for attorneys' fees—an extraordinary rate for a minor discussion." *Response* [#461] at 8. The Gaia Individuals respond that, "[e]ven if the rate on the first entry is considered high, any downward adjustment would be negligible." *Reply* [#462] at 11.

Plaintiffs have not provided any legal authority supporting their argument that attorneys should charge different rates based on different types of tasks; indeed, such a fee agreement with a client, although not unheard of, would be "unusual." *See People v. Abrams*, 459 P.3d 1228, 1239-41 (Colo. O.P.D.J. 2020) ("The fee agreement called for an unusual tiered billing structure whereby Respondent would apply a billing rate to a given task, rather than to a certain person."). Here, the record contains no indication that such an "unusual" fee agreement was in place. Further, there is no argument that these tasks were too menial for attorneys billing rates of $600.00 per hour and $905.00 per hour, respectively, and that these tasks should have been assigned to more junior attorneys or to non-attorney staff members. Thus, on the record before it, the Court cannot find that the attorney billing rates applied in these two instances were unreasonable.

### 2.    Reasonableness of Hours Billed

The party requesting fees has the burden of proof that its attorney exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). "In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d. at 1246 (citation and quotation marks omitted). Importantly, attorneys must exclude time that is unnecessary, redundant, or excessive. *Hensley*, 461 U.S. at 434.

The Court does not "apportion the fee award mechanically"; in other words, the Court does not examine each claimed expense and determine whether each one is reasonable. *Hensley*, 461 U.S. at 438. Rather, the Court must simply exercise its "discretion in making this equitable judgment" by making "clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437; *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (stating that the amount of fees accumulated to obtain the positive result must be reasonably related to the significance and type of issue in dispute).

Plaintiffs challenge the reasonableness of the number of hours requested by the Gaia Individuals' attorneys, stating that the amount sought is "excessive, unreasonable, and unjustified." *Response* [#461] at 7. In support, Plaintiffs point to four specific billing entries which they believe should not be awarded. *Id.* at 7-8.

First, Plaintiffs point to Attorney Dingerson's billing entry on July 21, 2020, for 3.9 hours at $585 per hour (equating to $2,281.50) for reviewing the amended complaint and participating in multiple calls. *Response* [#461] at 7-8. They assert that Attorney Scher also billed separately for 1.1 hours at $730 per hour (equating to $803) for the same review and discussions, resulting in double billing for the same work. *Id.* The Gaia Individuals first respond that these entries are part of the "mixed entry" billing, and therefore only half of this time is sought, so $1,140.75 for 1.95 hours by Attorney Dingerson and $401.50 for 0.55 hours by Attorney Scher. *Reply* [#462] at 10. They then assert that "[t]hese entries plainly do not represent 'excessive time' or cost," and that "consultations between lawyers" are not "inherently duplicative." *Id.*

Second, Plaintiffs point to Attorney Dingerson's billing entry on December 16, 2020, for 1.9 hours (equating to $1,111.50) "for researching rules and case law regarding service of summons and consulting with another attorney, who also billed separately for the same discussion." *Response* [#461] at 8. The other attorney here was Attorney Levine, who billed $210.00 for 0.3 hours of his time. *Billing Record* [#453-1] at 1. The Gaia Individuals advance similar argument here, i.e., that attorney consultations are not necessarily duplicative. *Reply* [#462] at 10.

Regarding these first two identified billing entries, the Court notes that, "[g]enerally, when attorneys bill for attending the same meeting or communicating with each other the

court considers the entries to be duplicative." *Dun-Rite Home Improvements, Inc. v. Dun-Rite, LLC*, No. 15-cv-00316-WYD-CBS, 2016 WL 11384331, at \*7 (D. Colo. Feb. 2, 2016). However, there are exceptions to this general rule. *See N.M. Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc.* 72 F.3d 830, 835 (10th Cir. 1996) (noting that the Tenth Circuit has "decline[d] to require an automatic reduction of reported hours to adjust for multiple representation") (citation omitted). For example, multiple lawyers may be necessary for settlement conferences or trial. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). However, the number of lawyers billing for the same time "must be justified to the court." *Id.* at 554 n.4. Thus, the Court "should give particular attention to the possibility of duplication." *Id.* at 554.

"The party seeking an award of fees bears the burden of demonstrating the reasonableness of the hours billed and rates charged." *Serna v. Colwell*, 24-cv-00180-GPG-SBP, 2025 WL 1265873, at \*1 (D. Colo. Apr. 30, 2025) (citing *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). The Gaia Individuals have not met that burden here, instead they broadly argue that the same time billed by multiple attorneys should not be automatically excluded. *Reply* [#462] at 10-11. Because they have not adequately justified the duplication of this time, the Court finds that only the time expended by Attorney Dingerson, as the lead attorney, should be counted. Thus, the Court finds that $401.50 for 0.55 hours expended by Attorney Scher and $210.00 for 0.3 hours expended by Attorney Levine should be excluded from the final fee award.

The third billing entry to which Plaintiffs point is Attorney Dingerson's entry on December 8, 2020, for 1.2 hours (equating to $702) "for reviewing a docket notice regarding a motion to amend and discussing it with another attorney, who separately

billed for the same discussion." *Response* [#461] at 8. However, the Gaia Individuals point

out that the call at issue was actually a client call made to one of them, i.e., Defendant

Medvedich, and not to another attorney. *Reply* [#462] at 11; *Billing Record* [#453-1] at 1.

There is no billing entry on December 8, 2020, made by an attorney other than Attorney

Dingerson. *See* [#453-1] at 1; [#453-2] at 1. The Court therefore finds that this amount

should not be deducted from the fee award.

Fourth and finally, Plaintiffs point to Attorney Dingerson's January 4, 2021 billing

entry for 4.7 hours (equating to $2,820.00) "for discussions regarding crossclaims and

drafting emails, which appears to be excessive given the nature of the task." *Id.* The Gaia

Individuals note that this is a mixed entry, and therefore only $1,410.00 is at issue. *Reply*

[#462] at 11. Nevertheless, they agree to the exclusion of this entry, and therefore

$1,410.00 should be deducted from the total amount requested. *Reply* [#462] at 11.

### 3.    Conclusion on Amount of Fees

Based on the foregoing, the Court makes the following fee calculation reductions,

as discussed in Section B.2. above: (1) $401.50 for 0.55 hours expended by Attorney

Scher on July 21, 2020, *see* [#453-2] at 1; (2) $210.00 for 0.3 hours expended by Attorney

Levine on December 16, 2020, *see* [#453-1] at 1; and (3) $1,410.00 for 2.35 hours

expended by Attorney Dingerson on January 4, 2021, *see* [#453-2] at 2. This amounts to

a total reduction of $2,021.50. Thus, $76,779.00 (the total amount requested) minus

$2,021.50 (the total amount of reductions) equals $74,757.50, the lodestar.

Given the information provided in the Motion [#453] and supporting Declaration

[#454], the history of this case, including the granting of the Motion to Dismiss [#175] in

favor of the Gaia Individuals, *see Order* [#390], the Court's detailed review of the billing

records, and the undersigned's years of experience as an attorney and more recent experience as a judge, the Court finds that $74,757.50 in fees remains high for the amount of work done in this case. The Court is cognizant of the fact that eleven claims were asserted against the three Gaia Individuals in the 213-paragraph, 41-page Second Amended Complaint [#111]. However, while there are numerous small filings on the docket, the only significant briefs filed by the Gaia Individuals prior to the present Motion [#453] were their motion [#175] and reply [#192] in support of dismissal of the Second Amended Complaint [#111]. By way of comparison, the Court recently recommended a fee award of $23,623.50 to a different defendant in this case who was dismissed at a similar stage of the proceeding. *Goode v. Gaia, Inc.*, No. 20-cv-00742-DDD-KAS, 2025 WL 545948, at *10 (D. Colo. Feb. 19, 2025) (recommendation later adopted by the District Judge, *see Order* [#466]). Given that two additional claims and two additional defendants were at issue here, the Court is not surprised that the Gaia Individuals' counsel's expended time and fee request are both higher here. Nevertheless, granting the entire amount would appear to be a windfall, and the Court finds that a twenty-percent reduction is appropriate. *See Phelps*, 120 F.3d at 1131 (stating that, once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed). Thus, the Court finds that $59,806.00 is a reasonable award.

Accordingly, the Court **recommends** that the Motion [#453] be **granted in part** to the extent that $59,806.00 in fees be awarded to the Gaia Individuals.

4.    **Allocation of Fees**

Finally, the Gaia Individuals argue that the fees should be awarded against both

Plaintiffs and their counsel jointly and severally pursuant to Colo. Rev. Stat. § 13-17-

102(3). *Motion* [#453] at 5, 11, 17; *Reply* [#462] at 14.

As footnoted above, *supra* note 6, Colo. Rev. Stat. § 13-17-102(3) provides:

> When a court determines that reasonable attorney fees or reasonable
> licensed legal paraprofessional fees should be assessed, the court shall
> allocate the payment of the fees among the offending attorneys, licensed
> legal paraprofessionals, and parties, jointly or severally, as the court deems
> most just, and may charge an amount or portion to any offending attorney,
> licensed legal paraprofessional, or party.

Also, as previously footnoted, *supra* note 7, the joint-and-several liability provision of Colo.

Rev. Stat. § 13-17-102(3) is applicable to Colo. Rev. Stat. § 13-17-201. *Patterson v.*

*James*, 454 P.3d 345, 352 (Colo. App. 2018).

The Gaia Individuals do not provide a robust analysis of why the fee award should

be entered jointly against both Plaintiffs and their counsel. In short, they state that the

frivolous nature of the claims weigh heavily in favor of the joint award for two reasons: (1)

Plaintiffs' "grab-bag of frivolous common law and statutory claims . . . against the Gaia

Individuals—after Plaintiffs were advised of their deficiencies and attempted to revise

them in a further amended complaint—were ultimately dismissed"; and (2) the Gaia

Individuals "were forced to unnecessarily litigate tort claims so lacking in substance they

could not even survive a motion to dismiss." *Motion* [#453] at 5.

"[T]he district court is vested with substantial discretion in determining to what

extent, if any, . . . attorneys should be jointly and severally liable for an award of attorney

fees." *In re Marriage of Miller & Lambuth*, No. 24CA0779, 2025 WL 737166, at *4 (Colo.

App. Mar. 6, 2025) (citing *Parker v. Davis*, 888 P.2d 324, 326 (Colo. App. 1994)). The

Colorado Court of Appeals has suggested that jointly awarding fees against counsel *may* be appropriate where the attorney has failed to abide by applicable rules, has misstated or overstated what is in the record, or has failed to be forthright with the court. *Matter of Wolf Family Tr. dated Jan. 20, 1993*, No. 23CA0260, 2024 WL 4032606, at *6 (Colo. App. Mar. 14, 2024). Such an award may also be appropriately made "exclusively against an attorney who bears sole responsibility for the offending conduct." *Castillo v. Koppes-Conway*, 148 P.3d 289, 293 (Colo. App. 2006).

Here, even assuming, without so finding, that the claims against the Gaia Individuals were frivolous, there is insufficient information for the Court to find that the award should be made against Plaintiffs' counsel. *See In re Marriage of Gazzo*, No. 22CA1971, 2023 WL 12049242, at *4 (Colo. App. Aug. 31, 2023) ("The court's findings in support of its decision must be sufficiently explicit to enable meaningful appellate review."). The Gaia Individuals have not demonstrated that litigation of these claims was "frivolous for reasons that lie solely within the control of counsel," *see Castillo*, 148 P.3d at 293, or the extent to which the assertion of these claims was within Plaintiffs' counsel's control as opposed to the direction of Plaintiffs themselves, as the clients. *See Gazzo*, 2023 WL 12049242, at *4 ("In exercising this authority, the court may allocate sanctions between the attorney and the client according to their relative degrees of responsibility."). Further, there is no argument that Plaintiffs' counsel has failed to abide by applicable rules, has misstated or overstated what is in the record, or has failed to be forthright with the Court. *Wolf Family Tr.*, 2024 WL 4032606, at *6.

Accordingly, the Court utilizes its "substantial discretion" to **recommend** that the Motion [#453] be **denied** to the extent the Gaia Individuals seek a joint and several

imposition of the fee award on Plaintiffs' counsel. *See Miller & Lambuth*, 2025 WL 737166, at *4.

## C.    Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#453] be **GRANTED in part and DENIED in part**. The Court **recommends** that the Motion be **granted** to the extent that the Gaia Individuals be awarded partial attorneys' fees in the amount of $59,806.00 from Plaintiffs. The Court **recommends** that the Motion be otherwise **denied**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 2, 2025                                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge