IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

Defendants.

---

## PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON ATTORNEY'S FEES

**COME NOW**, Plaintiffs Goode Enterprise Solutions, Inc. and James Corey Goode (collectively, "Plaintiffs" or "GES"), respectfully object pursuant to Fed. R. Civ. P. 72(b)(2) to the Magistrate Judge's July 2, 2025 Report and Recommendation ([#479], the "R&R"), which recommends granting in part Defendants' Motion for Attorneys' Fees [#453] and awarding Jirka Rysavy, Brad Warkins and Kiersten Medvedich (the "Gaia Individual Defendants" or "Defendants") $59,806.00 under C.R.S. § 13-17-201. For the reasons stated below, the Court should reject or significantly reduce the fee award.

Objection to Report and Recommendation

## <u>INTRODUCTION</u>

Plaintiffs respectfully submit that application of C.R.S. § 13-17-201 in this instance is misplaced, especially because the basis of the action was premised on Federal Trademark and RICO Claims and because the case against the Defendants was not disposed of in its entirety.

Findings in the R&R reach the conclusion that state law claims predominated (R&R at 7), overlooking the fact that the jurisdictional predicate was based on the federal RICO claim. Plaintiffs respectfully submit that further consideration of the federal RICO and Lanham Act claims' role in the jurisdictional analysis may impact the application of the predominance test and should preclude an award of fees under § 13-17-201. Courts have routinely found that when federal claims serve as the jurisdictional anchor, fee awards under state statutes should not be applied because doing so would contradict the federal interest in ensuring access to the courts for complex federal claims. Given that the federal claim was a critical component of the jurisdictional analysis, it would be unfair to assess attorney's fees solely based on a finding that the state claims numerically outweighed the federal ones.

As noted in the R&R, two claims against Defendants were voluntarily dismissed by Plaintiffs without prejudice (R&R at 2). The Parties are currently engaged in discovery, and should evidence surface supporting those claims, Plaintiffs may re-assert them—meaning the action would not be dismissed in its entirety as to these Defendants. Additionally, the trademark claims that were found to be properly

Objection to Report and Recommendation

before the Trademark Trial and Appeal Board (TTAB) were not dismissed without prejudice ([#390] at 34) and may be brought back into this action if the TTAB proceedings do not move forward. Notably, the TTAB has stayed all proceedings due to the pendency of this case, and Defendants have expressly agreed to that stay, filing documents in the TTAB action declining to litigate those claims in light of this pending matter.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), this Court must conduct a de novo review of any portion of the Magistrate Judge's R&R to which an objection is made. The Court retains the discretion to accept, reject, or modify the R&R in whole or in part. See *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## OBJECTIONS AND AUTHORITIES

### A. The Award is Disproportionate and Unsupported by the Record

Plaintiffs posit the award of almost $60,000.00 is fees for a motion to dismiss is excessive and disproportionate given the limited scope of litigation involving those defendants. Notably, the individual Gaia Defendants filed only one motion to dismiss and one reply brief. The overall complexity and motion practice in this case largely stem from Gaia, Inc. and other defendants in the case, not the individuals. The prior fee award to Defendant Zavodnick, who faced a comparable motion-to-dismiss posture, was $23,623.50—less than half of the award here.

Objection to Report and Recommendation

Additionally, the recommended award reflects time billed by nine separate timekeepers—many at New York City rates—and includes billing entries that appear redundant, excessive, or otherwise non-compensable under Colorado law. A court may reduce a fee award where the hours claimed are "unnecessary, irrelevant and duplicative." *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994); *Ross v. Rothstein*, No. 13-CV-2101-DDC-TJJ, 2016 U.S. Dist. LEXIS 7682, at *51 (D. Kan. Jan. 22, 2016). Given the limited motion practice actually directed at the named Defendants, awarding the full amount sought would result in a windfall to Defendants.

## B. The Court Should Decline to Apply § 13-17-201 in Full or Apportion Fees

C.R.S. § 13-17-201 applies to tort actions dismissed under Rule 12(b), but its application here is not automatic. As stated by the Court, Plaintiffs' Second Amended Complaint included three federal claims, a contract claim and five state law tort claims, as noted in the R&R (R&R at 8). The federal claims, including RICO and Lanham Act violations, formed the jurisdictional predicate for the action. Plaintiffs voluntarily dismissed two claims without prejudice, and the trademark claims were referred to the Trademark Trial and Appeal Board (TTAB), not dismissed outright.

As correctly stated by the Court, under *Dubray v. Intertribal Bison Coop.*, 192 P.3d 604 (Colo. App. 2008), courts must consider whether tort claims "predominate" and whether the relief sought is primarily tort-based. Here, the crux of Plaintiffs' claims—as set forth in the Second Amended Complaint—centers on federal RICO and

trademark violations, along with breach of contract. These claims clearly predominate, both substantively, quantitatively and practically in terms of the space they occupy in the pleadings.

Where, as here, federal statutory claims formed the basis for jurisdiction, and where the action was not dismissed in its entirety, full application of § 13-17-201 is inappropriate. *See also Shell v. Henderson*, No. 09-cv-00309 (D. Colo. Sept. 2013) (Kriegler, C.J.) (declining fee award under § 13-17-201 where federal claims outnumbered state tort claims and were not "tort-like"). Moreover, under Colorado law, § 13-17-201 applies only when an entire tort action—not merely some claims— is dismissed under Rule 12(b). *See Jaffe v. City & County of Denver*, 15 P.3d 806, 814 (Colo. App. 2000) (reversing a fee award because the entire tort action was not dismissed under Rule 12(b)). Here, multiple claims were voluntarily dismissed without prejudice, and others were referred to the TTAB, not adjudicated under Rule 12(b). As such, the statutory predicate for mandatory fee-shifting is not satisfied.

While the Court concluded that Plaintiffs waived any apportionment argument by not explicitly raising it in their response to the motion for fees (R&R at 9 n.5), Plaintiffs respectfully submit that this position elevates form over substance. Plaintiffs challenged the scope and proportionality of the fee request and objected to recovery based on claims dismissed on procedural grounds and intertwined federal statutory issues. Such objections, particularly where the claims were mixed and federal claims formed the jurisdictional predicate, should suffice to preserve the issue

Objection to Report and Recommendation

of apportionment. At most, fees would need to be apportioned, with Defendants receiving fees under § 13-17-201 for defending against the state-law claims. *Snyder v. Acord Corp.*, 811 F. App'x 447, 464 n.3 (10th Cir. 2020). Plaintiffs now renew and clarify their request for apportionment in this objection and respectfully request that the District Court consider this issue de novo. Plaintiffs raised the overall proportionality and excessive nature of the fee request and challenged its fairness. The equities, procedural history, and mixed claims landscape all support reconsideration of apportionment.

## C. Plaintiffs Acted in Good Faith and Defamation Claims Remain Material to the Fee Analysis

While the Court found dismissal appropriate under Rule 12(b)(6), Plaintiffs maintain that the claims were brought in good faith based on factual information and theories available at the time of filing. Although the Court rejected Plaintiffs' arguments on the merits, it did not make any findings of bad faith or improper purpose. Plaintiffs voluntarily dismissed certain claims early in the litigation. Under these circumstances, the nearly $60,000 fee award—particularly against individual defendants—remains excessive and contrary to the equitable intent of § 13-17-201. Additionally, Plaintiffs note that certain defamation claims were voluntarily dismissed without prejudice, and Plaintiffs may seek to reinstate such claims following discovery, if supported by new evidence. The fact that additional tort claims

Objection to Report and Recommendation

may be added later materially affects the reasonableness of awarding fees at this juncture.

Plaintiffs respectfully preserve their objection to the scope and proportionality of the award and reiterate that the nature of dismissal alone should not automatically trigger a mandatory and full fee shift, particularly where legitimate legal theories were advanced and then later withdrawn or narrowed through amendment or voluntary dismissal.

### D. Plaintiffs Request, in the Alternative, a Substantial Reduction

Should the Court find some award is warranted, Plaintiffs respectfully request that the amount be reduced significantly to reflect (1) the limited involvement of the individual Gaia Defendants; (2) the duplicative staffing and excessive hourly rates; and (3) the fact that dismissal was procedural and not on the merits following discovery.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court:

- Reconsider the Magistrate Judge's recommendation in light of the additional arguments and authorities presented herein;

- Deny Defendant Defendants' motion for attorney's fees in its entirety; and

Objection to Report and Recommendation

- Alternatively, significantly reduce the awarded amount to reflect the partial nature of the dismissal and the equitable factors at play.

Date: July 16, 2025.                Respectfully submitted,

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the
District Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Phone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on July 16, 2025.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

Objection to Report and Recommendation