**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

---

**JIRKA RYSAVY, KIERSTEN MEDVEDICH, AND BRAD WARKINS'
RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION ON ATTORNEYS' FEES**

---

i

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................................ 4

Legal Standard ........................................................................................................................... 6

Argument .................................................................................................................................... 7

    I.    This Court has Already Determined the Fee Statute Applies. ................................................ 7

    II.    The Recommended Fee Award is Not Excessive nor Disproportionate. ............................... 8

    III.    Apportionment is Inapplicable Here Because the Action against the Gaia Individuals Was Primarily a Tort Action and Plaintiffs Waived the Argument. ............................................ 11

    IV.    Whether Plaintiffs Acted in Good Faith is Irrelevant to a Fee Award. ................................ 14

    V.    Plaintiffs Voluntary Dismissal of Certain Defamation Claims Does Not Alter the Application of the Fee Statute. .................................................................................................. 15

Conclusion ............................................................................................................................... 17

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Acad. Of Husband-Coached Childbirth v. Thomas*,
 No. 10-cv-2899-CMA-MEH, 2010 WL 5184779 (D. Colo. Dec. 15, 2010) ............................ 11

*Crandall v. City & County of Denver*,
 328 P.3d 659 (Colo. Sup. Ct. 2010) ...................................................................................... 13

*Craters & Freighters Franchise Co. v. Benz*,
 No. 16-cv-02951-JLK, 2018 WL 10911746 (D. Colo. Nov. 30, 2018) ............................... 8, 11

*Dubray v. Intertribal Bison Co-op.*,
 192 P.3d 604 (Colo. App. 2008) .............................................................................................. 8

*Jaffe v. City & County of Denver*,
 15 P.3d 806 (Colo. App. 2000) .............................................................................................. 12

*Jones v. Denver Post Corp.*,
 203 F.3d 748 (10th Cir. 2000) ............................................................................................... 13

*Joppy v. HCA-Healthone LLC*,
 No. 1:22-CV-00986-CNS-STV, 2024 WL 1538010 (D. Colo. Apr. 9, 2024) ............... 6, 13, 16

*Lenn v. Colman*,
 No. 24CA0244, 2025 WL 802759 (Colo. App Mar. 13, 2025) ................................................ 9

*McNees v. Ocwen Loan Servicing, LLC*,
 853 F. App'x 211 (10th Cir. 2021) ......................................................................................... 11

*Morales-Fernandez v. I.N.S.*,
 418 F.3d 1116 (10th Cir. 2005) ................................................................................................ 5

*Shell v. Henderson*,
 Snyder No. 09-cv-00309-MSK-KMT, 2013 WL 4838907 (D. Colo. Sept. 10, 2013) ............. 12

*Shrader v. Beann*,
 503 F. App'x 650 (10th Cir. 2012) ......................................................................................... 13

*Snyder v. Acord Corp.*,
    811 Fed. App'x 447 (10th Cir. 2020) ......................................................................................... 13

*State v. Golden's Concrete Co.*,
    962 P.2d 919 (Colo. 1998) ........................................................................................................ 15

*U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*,
    205 P.3d 512 (Colo. App. 2009) ............................................................................................... 12

*United States v. 2121 E. 30th St.*,
    73 F.3d 1057 (10th Cir. 1996) .............................................................................................. 5, 10

*Weidner v. McHale*, No. 23-cv-00339-NYW-SBP,
    2024 WL 4786958 (D. Colo. Nov. 14, 2024) .......................................................................... 10

**Statutes**

Colo. Rev. Stat. § 13-17-201 .......................................................................................... 11, 14, 15
Colo. Rev. Stat. § 13-17-102 ................................................................................................... 14

**Rules**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................ 8
Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 9

The Gaia Individuals[1] respectfully submit this Response to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation on Attorneys' Fees (Dkt. 480, the "Objection").

## PRELIMINARY STATEMENT

In filing the Objection, Plaintiffs continue their approach—engaged in throughout the litigation—of repeating arguments that are unsupported by law, including those already rejected by the Court, and adding untimely new arguments as their prior arguments fail. Here, Plaintiffs do so in the face of the Fee Statute and other authority cited in the Magistrate Judge's Report and Recommendation on Attorneys' Fees (Dkt. 479, the "Recommendation"), and a prior Order of the Court granting attorneys' fees to Defendant Zavodnick on a similar motion (Dkt. 466).[2] Because Plaintiffs' arguments have already rightly been rejected or, as to their new arguments, have no merit, the Court should accept and adopt the Recommendation and award the Gaia Individuals attorneys' fees in the amount of $59,806.00.

As an initial matter, Plaintiffs ignore the Court's prior finding that the Fee Statute applies. (Dkt. 466 at 3) (overruling Plaintiffs' objection to Judge Starnella's conclusion that, under the predominance test, Plaintiffs' case sounds in tort). Perhaps implicitly acknowledging that this already-rejected argument will again fail, Plaintiffs, for the first time, argue that the Court should apportion fees. However, apportionment is not appropriate where, as here, the complaint dismissed was primarily a tort action. Further, as Judge Starnella explained, Plaintiffs waived any apportionment argument by failing to raise it in their opposition to the motion. (Dkt. 479 at 9.)

---

[1] Capitalized terms not defined herein retain their meaning from the Motion (Dkt. 453) and the Declaration of Daniel A. Dingerson in Support thereof (Dkt. 454).

[2] Plaintiffs even try to relitigate the lack of merit to their dismissed claims, arguing that "dismissal was procedural and not on the merits following discovery" and "legitimate legal theories were advanced". (Dkt. 480 at 7.)

4

Plaintiffs' other objections are equally unpersuasive. For example, Plaintiffs characterize the recommended award as "disproportionate and unsupported by the record," but make only conclusory and vague complaints, failing to identify any specific time entries with which they take issue. (Dkt. 480 at 3.) To the extent Plaintiffs intend to refer to their prior challenges, Judge Starnella already considered the few time entries identified in Plaintiffs' opposition and ultimately deducted only $2,021.50 from the recommended fee award.[3] In any event, because Judge Starnella already reduced the fee award from the amount claimed, Plaintiffs' objection amounts to an attempted double reduction.

Plaintiffs also continue to assert the misplaced argument that their "good faith" basis for filing the claims should preclude (or reduce) an award of attorneys' fees. Plaintiffs argue that since the claims were not adjudged to be frivolous, groundless, or vexatious—importantly, the Court did not need to make such a finding—the recommended fee award is excessive. However, Plaintiffs' justifications and purported "good faith" are irrelevant under the Fee Statute, which mandates an award when a tort action does not survive a motion to dismiss, as is true here of Plaintiffs' claims against the Gaia Individuals.

Finally, Plaintiffs argue, for the first time, that the voluntary dismissal of certain claims in the litigation "materially affects the reasonableness of awarding fees at this juncture." (Dkt. 480 at 6-7.) Plaintiffs' voluntary dismissal of certain meritless claims does not—indeed, cannot—bar application of the Fee Statute here, and Plaintiffs cite no law on point in support of such an argument. Moreover, accepting such a position would effectively defeat application of the statute

---

[3] Without conceding the merits, the Gaia Individuals agreed to the exclusion of one challenged time entry, which amounted to a reduction of $1,410.00 to the fee award. (Dkt. 479 at 24.)

5

as plaintiffs would be incentivized to add meritless claims and then dismiss them voluntarily. Regardless, Plaintiffs failed to raise this argument in opposition to the Motion, and thus waived it.

For the reasons set out herein, this Court should overrule Plaintiffs' Objection and enter an order accepting and adopting the Recommendation thereby awarding the Gaia Individuals their reasonable attorneys' fees in the amount of $59,806.00.

## **LEGAL STANDARD**[4]

To preserve an issue for review by the district court, an objection to a Magistrate Judge's recommendation must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (a party "waives appellate review of both factual and legal questions" when it fails to lodge objections timely).

Further, even if an objection is specific, it is improper for the Court to "consider new arguments raised in objections that were not considered by the magistrate judge." *Joppy v. HCA-Healthone LLC*, No. 1:22-CV-00986-CNS-STV, 2024 WL 1538010, at *3 (D. Colo. Apr. 9, 2024).

---

[4] The Court previously applied the heightened *de novo* standard of review when considering Plaintiffs' objections to the Recommendation of United States Magistrate Judge on Defendant Zavodnick's Motion for Attorney's Fees, but noted that "there is some uncertainty as to the standard of review." (Dkt. 466, at 2). Consistent with that approach, Judge Starnella instructed that "a party's objections to the magistrate judge's report and recommendation . . . preserve[s] an issue for de novo review by the district court[]" (Dkt. 479 at 28.)

6

**ARGUMENT**

**I.       This Court has Already Determined the Fee Statute Applies.**

In the Objection, Plaintiffs argue that the Court should decline to apply the Fee Statute because the "crux of Plaintiffs' claims . . . centers on federal RICO and trademark violations, along with breach of contract." (Dkt. 480 at 4-5). Plaintiffs conspicuously ignore that the Court has already ruled on this very issue in a related context; when ruling on Defendant Zavodnick's motion pursuant to the Fee Statute, the Court confirmed that Judge Starnella was correct "in concluding under the 'predominance test' that plaintiffs' case sounds in tort." (Dkt. 466 at 3). The same rationale in the Court's prior order applies here: "both quantitatively and qualitatively, tort claims predominated." *Id*.

Despite this Court's clear prior statement that tort claims predominate, Plaintiffs argue that "[w]here [] federal statutory claims formed the basis for jurisdiction, and where the action was not dismissed in its entirety, full application of the Fee Statute is inappropriate." (Dkt. 480 at 5.) This Court specifically rejected a similar argument previously, describing it as "an overstatement at best" for Plaintiffs to argue that the federal RICO claim was a "core component" of the litigation. (Dkt. 466 at 3.) While Plaintiffs do not use the same "core component" language now, the argument is much the same, and this Court has already found that "even if the RICO claim was a 'core component' of the case or the basis for federal subject-matter jurisdiction, that does not answer the dispositive question of 'whether the essence of the action was one in tort.'" (*Id*.) Indeed, in making this argument, Plaintiffs ignore that all three federal claims sound in tort, which only further supports the Court's conclusion that tort claims predominate in this action. Because the essence of the action is in tort, the Fee Statute applies.

7

Plaintiffs also argue that an on-going proceeding before the Trademark Trial and Appeal Board (TTAB) precludes application of the Fee Statute. This argument is stunningly in bad faith, and reveals the frivolous nature of the Objection, given that the TTAB proceeding involves only the Plaintiffs and Gaia, Inc., **not** the Gaia Individuals. In any event, the Court dismissed all of Plaintiffs' trademark-infringement claims against the Gaia Individuals with prejudice and, as to Plaintiffs' declaratory judgment claim—brought only against Defendant Gaia, Inc.—the Court found that it "should decline declaratory-judgment jurisdiction in this instance." (Dkt. 390 at 34.) Thus, whether any trademark claims remain pending in front of the TTAB is irrelevant to the Gaia Individuals' fee motion.

Because Plaintiffs' continued arguments that the Fee Statute does not apply are unsupported by law and ignore the Court's prior ruling on this issue, they should be overruled.

## II. The Recommended Fee Award is Not Excessive nor Disproportionate.

Judge Starnella carefully considered the fee records submitted by the Gaia Individuals and, in making the Recommendation, found that the amount ultimately recommended is neither excessive nor disproportionate. The Court should agree and adopt that same conclusion.

Plaintiffs' attempt to compare the fee award in the Recommendation with the fee awarded to Defendant Zavodnick is misplaced. As Judge Starnella correctly noted, "[g]iven that two additional claims and two additional defendants were at issue here, the Court is not surprised that the Gaia Individuals' counsel's expended time and fee request are both higher [than Zavodnik's]." (Dkt. 479 at 25.) Even more relevant, Zavodnick moved to dismiss the claims against him under Fed. R. Civ. P. 12(b)(2) due to lack of personal jurisdiction (Dkt. 117); in other words, Zavodnick had one primary basis for dismissal that applied to all the claims asserted against him. In

8

comparison, the Gaia Individuals moved to dismiss each claim against them under Fed. R. Civ. P. 12(b)(6), meaning that the Gaia Individuals had to research, brief, and confer about the merits and legal standards for eleven claims, all of which were dismissed. It follows that the fee awarded to the Gaia Individuals would be higher than that awarded to Mr. Zavodnick, as much more work was required to respond to Plaintiffs' meritless claims.

Furthermore, Plaintiffs argue that the fees are "excessive and disproportionate" given the "individual Gaia Defendants filed only one motion to dismiss and one reply brief." (Dkt. 480 at 3.) This is misleading, as Plaintiffs surely know. Prior to filing the "one motion to dismiss", the Gaia Individuals were required to confer with Plaintiffs' counsel regarding their anticipated motion. Further, beyond costs directly linked to the motion to dismiss, the Gaia Individuals incurred fees related to service of the summons and complaint, investigation of Plaintiffs' claims, various stipulations and scheduling orders, and the preparation and filing of ancillary and related motions. The fees incurred were in direct relation to Plaintiffs' methods and manner of litigating this action. To that end, the Fee Statute plainly "does not limit recovery of fees to those 'incurred in preparing the motion to dismiss,' but rather entitles a prevailing defendant to an award of reasonable 'attorney fees *in defending the action*." *Craters & Freighters Franchise Co. v. Benz*, No. 16-cv-02951-JLK, 2018 WL 10911746, at *4 (D. Colo. Nov. 30, 2018) (emphasis in the original) (citing *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 607 (Colo. App. 2008)). Thus, the Gaia Individuals are not only entitled to the fees related to briefing the motion to dismiss, but all fees related to their defense in this action.

Plaintiffs, in a conclusory fashion, next argue that this Court should not adopt the Recommendation because the "recommended award reflects time billed by nine separate

9

timekeepers—many at New York City rates—and includes billing entries that appear redundant, excessive, or otherwise non-compensable under Colorado law[.]" (Dkt. 480 at 4.) However, Plaintiffs fail to articulate in any way (i) how the use of nine timekeepers caused excessive fees; (ii) how the rates are inappropriate; and, (iii) which billing entries are purportedly redundant, excessive, or non-compensable.

Plaintiffs' argument regarding the number of timekeepers is misleading, at best. Of the nine timekeepers, six had only a handful of time entries amounting to a small portion of the fees sought. In total, there were four entries submitted for Michael Lasky; four for Natania Buchbinder; three for Angela Dunay; two for James Levine; two for John Heatherton; and one for Tyler Rumph. These entries totaled $6,026.25, or approximately 10% of the amount recommended by Judge Starnella. In any event, the mere number of timekeepers is not unreasonable *per se*, as work was often delegated to attorneys or staff billing at lower rates, while keeping senior partner costs to a minimum. *See Lenn v. Colman*, No. 24CA0244, 2025 WL 802759, at *8 (Colo. App Mar. 13, 2025) ("[H]aving many staff members work on a case is not per se unreasonable and, if deployed appropriately, may even lead to a reduction of total billing through the use of more cost-effective staff members to do work that would otherwise, but need not, be done by an attorney.") Likewise, Plaintiffs' reference to "New York City rates" is, in itself, not a substantive challenge as the hourly rates, which ranged from $830 per hour for the most senior attorneys on the matter (who put in minimal hours) to $270 per hour, fit within the range of reasonableness in the Denver metropolitan area, as Judge Starnella found. (Dkt. 479 at 19); *see also, e.g.*, *Weidner v. McHale*, No. 23-cv-00339-NYW-SBP, 2024 WL 4786958, at *8 (D. Colo. Nov. 14, 2024) (collecting cases and noting

10

that it had "recently found hourly rates between $400 and $900 per hour for attorneys" to be reasonable).

As to which billing entries are purportedly "redundant, excessive, or non-compensable", as Judge Starnella noted, Plaintiffs failed to make specific arguments in their opposition to the motion, other than with respect to a few entries.[5] Plaintiffs do even less now. Such vague arguments, thrown-in without explanation or analysis, are not to be given any weight. *See 2121 E. 30th St.*, 73 F.3d at 1060.

Lastly, Plaintiffs make a summary and conclusory argument that "awarding the full amount sought would result in a windfall to Defendants." This is misleading because Judge Starnella did not award the full amount sought by the Gaia Individuals and instead "awarded partial attorneys' fees in the amount of $59,806.00," or $19,973.00 less than the amount the Gaia Individuals originally sought. While the Gaia Individuals maintain that an award of the full amount sought would not be a windfall, Judge Starnella has already reduced the fee award to account for Plaintiffs' arguments and any fairness concerns. (Dkt. 479 at 25.)

### III. Apportionment is Inapplicable Here Because the Action against the Gaia Individuals Was Primarily a Tort Action and Plaintiffs Waived the Argument.

For the first time, in their Objection, Plaintiffs seek to apportion the fees awarded to the Gaia Individuals, arguing that only the fees related to opposing Plaintiffs' state law claims should be awarded to the Gaia Individuals. Plaintiffs' argument is misplaced for numerous reasons, including because it misapplies applicable case law, ignores key findings by Judge Starnella, and

---

[5] Notably, Judge Starnella already considered those few specific challenges lodge by Plaintiffs in their opposition to the Motion and reduced the recommended fee award by $2,021.50, in part on agreement of the Gaia Individuals.

11

repeats easily disproved misstatements of fact. For those reasons, as described further below, Plaintiffs' request to apportion fees must be rejected.

Plaintiffs concede that application of the Fee Statute depends on an analysis to determine whether tort claims "predominate". Furthermore, Plaintiffs concede that five of six remaining state claims (as well as the two that were voluntarily dismissed) are tort claims. However, Plaintiffs leap to the conclusion that tort claims do not predominate and the Fee Statute does not apply, or that apportionment is appropriate, because Plaintiffs asserted three federal claims. But Plaintiffs entirely omit from their argument any consideration of the nature of those federal claims. Importantly, as the Court and Judge Starnella each found, the three federal claims all clearly sound in tort. (Dkt. 466 at 3; Dkt. 479 at 9); *see also*, *Am. Acad. Of Husband-Coached Childbirth v. Thomas*, No. 10-cv-2899-CMA-MEH, 2010 WL 5184779, at *1 (D. Colo. Dec. 15, 2010); *McNees v. Ocwen Loan Servicing, LLC*, 853 F. App'x 211, 215 (10th Cir. 2021). Thus, consideration of the federal claims only confirms and emphasizes that the action against the Gaia Individuals was primarily a tort action as all of the claims, but for one insignificant and meritless contract claim, are tort claims or sound in tort.

Accordingly, apportionment is not appropriate here. *See Benz*, 2018 WL 10911746, at *3 ("[A]pportionment of attorney fees among tort and non-tort claims is not required under Colo. Rev. Stat. § 13-17-201 where—as is the case here—the complaint dismissed was primarily a tort action."); *see also Advanced Career Techs., Inc. v. Does*, 100 F. Supp. 3d 1105, 1110 (D. Colo. 2015) ("[E]ven if the Court accepts Plaintiff's argument that only some of its claims are tort claims, the Court still finds that this is primarily a tort action and that the award of fees is appropriate.") (citing *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517 (Colo. App. 2009)).

12

In an attempt to support their position, Plaintiffs take liberties with the law and facts. First, Plaintiffs cite to *Shell v. Henderson*, but the case's inapplicability here is highlighted by the very parenthetical description included in the Objection; namely, whereas there the federal claims outnumbered state claims and the federal claims were not "tort-like", here the state tort claims outnumber any federal claims and the federal claims sound in tort. No. 09-cv-00309-MSK-KMT, 2013 WL 4838907, at *5 (D. Colo. Sept. 10, 2013)

Plaintiffs next cite to *Jaffe v. City & County of Denver*, but again misapply the law; whereas there the entire action was not dismissed pursuant to Rule 12, here all the claims against the Gaia Individuals *were* dismissed. 15 P.3d 806 (Colo. App. 2000). Plaintiffs' argument to the contrary is based, at least in part, on misstatements of fact, which have already been rejected by Judge Starnella, such as Plaintiffs' continued reference to the ongoing action before the TTAB. *Supra* Section I.[6]

Finally, Plaintiffs' argument must be rejected as waived. As Judge Starnella expressly found, Plaintiffs did not argue that the fees should be apportioned in their opposition to the Motion, and the Court should refuse to allow the apportionment argument now. *Joppy*, 2024 WL 1538010, at *3. Plaintiffs' attempt to recharacterize their prior opposition as preserving the issue of apportionment must also be rejected, as Plaintiffs' opposition speaks for itself, and no such argument was made therein. (Dkt. 479 at 9) ("Although Plaintiffs asserted both state law claims and federal claims against the Gaia Individuals, the Court notes that they have not argued that the

---

[6] Judge Starnella also explained, including citation to the Court's order on the motion to dismiss (Dkt. 390), that the on-going TTAB action does not change the fact that the underlying claims in this action were dismissed, which is all that is relevant for determining whether the Fee Statute applies. (Dkt. 479 at 10-11.)

13

fees should be apportioned accordingly.") Curiously, Plaintiffs cite to *Snyder v. Acord Corp.* in support of their request for apportionment yet ignore that the Court in *Snyder* declined to consider apportionment where, as here, the "Appellants [] attacked the award in its entirety and [did] not [seek] apportionment." 811 Fed. App'x 447, 464 n.3 (10th Cir. 2020). For all the above reasons, apportionment is not appropriate here and thus there is no basis to further reduce the award of fees to the Gaia Individuals.

### IV. Whether Plaintiffs Acted in Good Faith is Irrelevant to a Fee Award.

Plaintiffs further object on the grounds that their claims were brought in good faith. This is a tired argument that Plaintiffs continue to repeat despite it being rejected by the Court on multiple occasions. (*See* Dkt. 463 at 10-12; Dkt. 466 at 2-3; Dkt. 479 13-15.)

To reiterate, whether Plaintiffs acted in good faith in bringing their claims is irrelevant to the award of attorneys' fees under the Fee Statute. *See Shrader v. Beann*, 503 F. App'x 650, 654-55 (10th Cir. 2012) (citing *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000) ("Under Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) motion reasonable attorney fees in defending that action.")); *see Crandall v. City & County of Denver*, 328 P.3d 659, 663 (Colo. Sup. Ct. 2010) ("The statutory language contains no words that suggest anything other than a mandatory award . . . the mandatory language applies to all tort actions, regardless of whether they are brought in good faith, and regardless of whether they raise questions of first impression.")[7]

---

[7] Plaintiffs' do not cite to Colo. Rev. Stat. §§ 13-17-102 or 13-17-201 (2) in the Objection and have abandoned any argument in reliance on those provisions which, in any event, are inapplicable here.

14

For the above reasons, Plaintiffs' objection based on their purported "good faith" should, again, be rejected.

## V. Plaintiffs Voluntary Dismissal of Certain Defamation Claims Does Not Alter the Application of the Fee Statute.

Finally, in their arguments concerning apportionment and "good faith", Plaintiffs refer to "certain defamation claims [that] were voluntarily dismissed without prejudice", noting that "Plaintiffs may seek to reinstate such claims following discovery, if supported by new evidence." (Dkt. 480 at 6).[8]  Plaintiffs appear to argue that because the claims were voluntarily dismissed, and in theory could be filed again, the Fee Statute does not apply.  This argument must be rejected for a variety of reasons.  First, as explained further below, Plaintiffs cannot moot the Fee Statute because they filed and subsequently withdrew meritless claims.  Moreover, because Plaintiffs failed to raise this argument in opposition to the Motion, they waived the argument.

That Plaintiffs voluntarily dismissed certain claims prior to the Court's ruling on the Gaia Individuals' Motion to Dismiss does not change the application of the Fee Statute or the mandate of an award of attorneys' fees to the Gaia Individuals.  As a practical matter, voluntarily dismissing a claim cannot possibly be a basis to preclude application of the Fee Statute, otherwise a plaintiff could always strategically avoid application of the Fee Statute by simply asserting a meritless claim and then withdrawing it prior to resolution of a motion to dismiss.

Plaintiffs' position, if accepted by Court, would not only allow savvy plaintiffs to defeat the practical application of the statute, but would also violate its spirit which, as Judge Starnella noted, was "to discourage unnecessary litigation of tort claims".  (Dkt. 479 at 3) (citing *State v.*

---

[8] The Gaia Individuals would oppose any attempt by Plaintiffs to further amend their complaint to bring the Gaia Individuals back into this litigation as untimely and, almost certainly, in bad faith.

15

*Golden's Concrete Co.*, 962 P.2d 919, 925 (Colo. 1998)). Indeed, under Plaintiffs' application, "unnecessary litigation of tort claims" would not be discouraged, because a plaintiff would have an easy route to avoid an award of attorneys' fees. Here, application of Plaintiffs' interpretation of the statute would do an even greater injustice because it was not until after extensive conferral efforts that Plaintiffs voluntarily dismissed two claims.[9]

Indeed, Judge Starnella raised a similar point regarding preemption, noting that the "[Tenth] Circuit has held that the fee provisions of the federal causes of action d[o] not preempt Colo. Rev. Stat. § 13-17-201" reasoning that "[e]liminating fees under the state statute only on the basis that five out of twenty-three claims are preempted would be tantamount to throwing out the baby with the bath water and would encourage litigants to include a single federal claim with a preemptive fee-shifting provision, no matter how meritless, solely to evade the reach of Colo. Rev. Stat. § 13-17-201." (Dkt. 479, at 7) (*citing Snyder*, 811 F. App'x at 462-64).

In any event, Plaintiffs have not cited any support for their proposition that voluntarily dismissing claims prior to an order on a motion to dismiss precludes an award pursuant to the Fee Statute where the remaining claims are dismissed by the court. Thus, the Court should reject this argument, if giving it any consideration at all given that Plaintiffs waived such an argument by failing to make it in their original opposition to the Gaia Individuals' fee motion. *Joppy*, 2024 WL 1538010, at *3.

---

[9] Plaintiffs misstate the record in this regard, claiming that they dismissed these claims "early in the litigation." (Dkt. 480 at 6.)

16

## **CONCLUSION**

For the foregoing reasons, the Objection should be overruled, the Recommendation should be adopted, and the Court should award attorneys' fees in the amount of $59,806.00 to the Gaia Individuals.

Dated: July 30, 2025         **DAVIS+GILBERT LLP**

                             By: /s/ *Daniel A. Dingerson*
                                 Daniel A. Dingerson
                                 Ina B. Scher
                                 Angela M. Dunay
                                 1675 Broadway
                                 New York, New York 10019
                                 Telephone: (212) 468-4800
                                 Facsimile: (212) 468-4888
                                 ddingerson@dglaw.com

                             *Attorneys for Defendants Jirka Rysavy, Kiersten Medvedich, and Brad Warkins*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). For purposes of this certification, the word count includes footnotes but excludes the case caption, tables of contents and authorities, signature block, this Certificate of Compliance, and the Certificate of Service.

    /s/ Daniel A. Dingerson
    Daniel A. Dingerson

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2025, I caused a copy of the Gaia Individuals' Response to Plaintiffs' Objection to Magistrate Judge's Report and Recommendation on Attorney' Fees to be served on all other parties by filing it on the Court's ECF system.

    /s/ Angela M. Dunay
Angela M. Dunay