IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

    Defendants, and

GAIA, INC.,

    Defendant and Counter Claimant.

---

**ORDER ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE
AND GRANTING IN PART MOTION FOR ATTORNEY FEES**

---

The facts and lengthy procedural history of this case are recited elsewhere and will not be repeated in detail here. *See, e.g.*, Docs. 283, 348, 381, 389, 390. For purposes of this Order, the relevant background is that in their Second Amended Complaint, the plaintiffs brought eleven claims against Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Individuals"): three federal claims (for civil RICO violations pursuant to 18 U.S.C. § 1964, trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a), and false designation of origin and unfair competition under 15 U.S.C. § 1125), and eight state-law claims (for common-law trademark and trade-name infringement, common-law unfair competition, violation of the Colorado Consumer Protection Act,

breach of contract, fraudulent misrepresentation, slander, libel, and tortious interference with business expectancy). *See* Doc. 111. The Gaia Individuals moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 175. I granted that motion and dismissed nine of the plaintiffs' claims with prejudice pursuant to Rule 12(b)(6), while the plaintiffs agreed to voluntarily dismiss their two defamation claims without prejudice. Doc. 390.

The Gaia Individuals now move for an award of $76,779 in attorney fees pursuant to Federal Rule of Civil Procedure 54(d) and Colorado Revised Statutes §§ 13-17-201 and 13-17-102(3). Doc. 453. Magistrate Judge Starnella recommends granting the motion in part and awarding $59,806 in attorney fees. Doc. 479. The plaintiffs object to that recommendation. Doc. 480. For the following reasons, the plaintiffs' objections are overruled, Magistrate Judge Starnella's recommendation is accepted and adopted, and the Gaia Individuals' motion for attorney fees is granted in part.

## DISCUSSION

Though there is some uncertainty as to the standard of review that applies in these circumstances, I will review de novo those portions of Magistrate Judge Starnella's recommendation that have been properly objected to. *See* Fed. R. Civ. P. 72(b)(3). The plaintiffs make four objections.

### I.

*First*, the plaintiffs object on the basis that the recommended $59,806 award "for a motion to dismiss is excessive and disproportionate given the limited scope of litigation involving" the Gaia Individuals. Doc. 480 at 3-4. The plaintiffs argue that (1) I previously awarded only $23,623.50 in attorney fees to another individual defendant against

whom their claims were dismissed at a similar stage of the litigation; and (2) "the recommended award reflects time billed by nine separate timekeepers—many at New York City rates—and includes billing entries that appear redundant, excessive, or otherwise non-compensable under Colorado law." *Id.* This objection is overruled.

Regarding the fee recommended here compared to the fee previously awarded to Defendant Benjamin Zavodnick, as Magistrate Judge Starnella noted, given that "two additional defendants were at issue here, the Court is not surprised that the Gaia Individuals' counsel's expended time and fee request are both higher" than that of counsel for Mr. Zavodnick. Doc. 479 at 25. And as the Gaia Individuals point out, Mr. Zavodnick's motion to dismiss was based on a single argument—lack of personal jurisdiction—while their motion to dismiss addressed the substantive legal basis for nine different claims. *Compare* Doc. 117, *and* Doc. 389, *with* Doc. 175, *and* Doc. 390. The fact that the fees recommended for the Gaia Individuals exceed the fees awarded to Mr. Zavodnick is not a basis for finding that the recommended fees are excessive or unreasonable.

Regarding the reasonableness of billing rates, Judge Starnella found, supported by citation to recent authority from this District, that the Gaia Individuals' attorneys' billing rates were reasonable for the Denver metropolitan area, Doc. 479 at 19, and the plaintiffs' objection provides no evidence or authority to the contrary. Regarding excessive or redundant time entries, Judge Starnella addressed the specific billing entries that the plaintiffs challenged in their response brief and reduced the lodestar fees accordingly. *See* Doc. 479 at 22-24. And based on her detailed review of the billing records and her years of experience, she further reduced the final $74,757.50 lodestar amount by 20% based on her conclusion that the amount was "high for the amount of work done in

this case." *Id.* at 24-25. The plaintiffs do not point out any specific deficiency in Judge Starnella's analysis; they simply argue broadly that "awarding the full amount sought would result in a windfall to Defendants." Doc. 480 at 4. I find Judge Starnella's analysis to be thorough and correct, and the amount of fees recommended to be reasonable.

## II.

*Second*, the plaintiffs object on the basis that the amount of fees awarded should be apportioned somehow to account for the fact that of the eleven claims dismissed, three were federal claims, one was a state-law contract claim, and two were state-law tort claims dismissed voluntarily without prejudice.[1] Doc. 480 at 4-6. They argue that (1) the Section 13-17-201(1) requirements that the action lie in tort and be dismissed on a Rule 12(b) motion are not satisfied here because (a) their federal claims and state-law breach-of-contract claim "clearly predominate" over their state-law tort claims, and (b) their two voluntarily dismissed defamation claims were not adjudicated under Rule 12(b); and (2) their "challenge[s to] the scope and proportionality of the fee request and object[ions] to recovery based on claims dismissed on procedural grounds and intertwined federal statutory issues . . . sufficed to preserve the issue of apportionment." *Id.* This objection is overruled.

---

[1]  The plaintiffs' repeated references to their declaratory-judgment claim over which I declined to exercise jurisdiction, *see* Doc. 390 at 33-35, are inapposite, as that claim was asserted only against Defendant Gaia, Inc., and not against the Gaia Individuals, *see* Doc. 111 at 40. The entire action has been dismissed as to the Gaia Individuals, and final judgment was entered. Doc. 449; *cf. Li v. Colo. Reg'l Ctr. I, LLC*, Nos. 21-1232, 21-1253, 2022 WL 5320135, at *16 (10th Cir. Oct. 7, 2022) ("A court must . . . award attorney fees [under Section 13-17-201(1)] to a defendant even if claims remain live against a co-defendant." (citing *Stauffer v. Stegemann*, 165 P.3d 713, 718 (Colo. App. 2006))).

I agree with Judge Starnella's analysis that, both quantitatively and qualitatively, this action sounds in tort under the applicable predominance test. *See* Doc. 479 at 5-10; *cf.* Doc. 463 at 4-7; Doc. 466 at 3. Judge Starnella found that five of the six state-law claims at issue were tort claims, that the three federal claims sounded in tort and did not outweigh the state-law tort claims from a qualitative standpoint, and did not consider the two voluntarily dismissed defamation claims in her analysis. *See* Doc. 479 at 5-10. The plaintiffs provide no authority for the proposition that Section 13-17-201(1) does not apply when a plaintiff voluntarily dismisses some claims and the remainder of the action is dismissed on a defendant's Rule 12(b) motion. As the Gaia Individuals point out, such a proposition would incentivize plaintiffs to add meritless claims to a complaint and then dismiss them voluntarily to evade application of the statute. *Cf. Snyder v. Acord Corp.*, 811 F. App'x 447, 464 n.3 (10th Cir. 2020) ("Eliminating fees under the state statute only on the basis that five out of twenty-three claims are preempted . . . would encourage litigants to include a single federal claim . . . no matter how meritless, solely to evade the reach of [Section] 13-17-201."); *see also Wu v. Colo. Reg'l Ctr. Project Solaris LLLP*, Nos. 19-cv-02443-RM-STV, 19-cv-2637-RM-STV, 2021 WL 5038825, at *8 (D. Colo. Oct. 29, 2021) (statute applied where two of three tort claims were dismissed under Rule 12(b) and third was voluntarily dismissed), *vacated in part on other grounds sub nom. Li*, 2022 WL 5320135. The requirements of Section 13-17-201(1) are satisfied here, and an award of fees is therefore mandatory. *See Luskin Daughters 1996 Tr. ex rel. Ackerman v. Young*, 448 P.3d 982, 987-88 (Colo. 2019).

Regarding apportionment, I agree with Judge Starnella that, to the extent the plaintiffs now argue that the fees awarded should be apportioned to exclude amounts spent defending against the federal claims, they waived that issue by not raising it in their response brief.

*See* Doc. 479 at 9-10 n.5. Their previous arguments that the action does not sound in tort under the predominance test because only a portion of the claims asserted were state-law tort claims, and that the amount of fees requested is excessive and disproportionate to the work performed, did not preserve an argument that federal preemption requires fees "to be apportioned, with Defendants receiving fees under § 13-17-201 [only] for defending against the state-law claims." *See Snyder*, 811 F. App'x at 464 n.3 ("Appellants have . . . not sought apportionment, and we decline to make the argument for them."). I will not address a new argument raised for the first time in objections to Judge Starnella's recommendation. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (issues raised for first time in objections to magistrate judge's recommendation are deemed waived); *accord Joppy v. HCA-HealthOne LLC*, No. 1:22-cv-00986-CNS-STV, 2024 WL 1538010, at *3 (D. Colo. Apr. 9, 2024). To the extent the plaintiffs argue that the fees awarded should be apportioned to exclude amounts spent defending against the federal claims and the state-law contract claim as a matter of fairness and equity, they are simply incorrect. *See Craters & Freighters Franchise Co. v. Benz*, No. 16-cv-02951-JLK, 2018 WL 10911746, at *3 (D. Colo. Nov. 30, 2018) ("[A]pportionment of attorney fees among tort and non-tort claims is not required under Colo. Rev. Stat. § 13-17-201 where—as is the case here—the complaint dismissed was primarily a tort action."); *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517-18 (Colo. App. 2009) ("[W]hen the action contains a mix of contract and tort claims, fees may be awarded if the action is primarily a tort action . . . ." (citing *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604 (Colo. App. 2008)).

### III.

*Third*, the plaintiffs object on the basis that (1) they brought their claims in good faith, and (2) they may later seek to reassert their defamation claims if evidence surfaces in discovery to support them. Doc. 480 at 6-7. This objection is overruled.

The plaintiffs' good faith is not relevant to an award of fees under Section 13-17-201(1) when the statutory requirements are satisfied, which, as discussed above, they are. *See* Doc. 479 at 11-15; *Luskin*, 448 P.3d at 987-88 ("Section 13-17-201 mandates an award of attorney fees to a prevailing defendant where the plaintiff's tort action is dismissed under [Rule] 12(b)."); *Crandall v. City & County of Denver*, 238 P.3d 659, 663 (Colo. 2010) ("The statutory language contains no words that suggest anything other than a mandatory award. . . . [T]he mandatory language applies to all tort actions, regardless of whether they are brought in good faith . . . ."). And as discussed, the fact that the plaintiffs voluntarily dismissed their two defamation claims without prejudice does not make Section 13-17-201(1) inapplicable. *See Snyder*, 811 F. App'x at 464 n.3; *Wu*, 2021 WL 5038825, at *8. Nor does this fact persuade me that the amount of fees recommended is unreasonable. *See supra* Part I.

### IV.

*Fourth*, the plaintiffs "request that the amount be reduced significantly to reflect (1) the limited involvement of the individual Gaia Defendants; (2) the duplicative staffing and excessive hourly rates; and (3) the fact that dismissal was procedural and not on the merits following discovery." Doc. 480 at 7. This objection is overruled.

To the extent these arguments are not duplicative of those already discussed above, they are not "sufficiently specific to focus [my] attention on the factual and legal issues that are truly in dispute," and they are

insufficient to preserve any issue for de novo review. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). I have therefore reviewed the remaining parts of Judge Starnella's recommendation to which no specific objection has been made to ensure there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). There is not. Judge Starnella's review and analysis of the Gaia Individuals' motion and the underlying record is a correct application of the facts and the law.

## CONCLUSION

It is **ORDERED** that:

Plaintiffs' Objection to Magistrate Judge's Report & Recommendation on Attorney Fees, **Doc. 480**, is **OVERRULED**;

The Recommendation of United States Magistrate Judge, **Doc. 479**, is **ACCEPTED** and **ADOPTED**; and

The Gaia Individuals' Motion for Attorney Fees, **Doc. 453**, is **GRANTED IN PART**, and the Gaia Individuals are awarded attorney fees from the plaintiffs in the amount of $59,806.00.

DATED: August 14, 2025　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　Daniel D. Domenico
　　　　　　　　　　　　　　　　　　United States District Judge

- 8 -