# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs and Counter-Defendants,

v.

GAIA, INC.,

Defendant and Counter-Plaintiff.

## GAIA, INC.'S MOTION FOR EXTENSION OF
## THE DISCOVERY SCHEDULE AND OTHER CASE DEADLINES

Defendant Gaia, Inc. ("Gaia"), by and through its counsel, moves for an order extending the discovery deadlines set forth in the Court's Minute Order entered in this matter on March 24, 2025 (Dkt. 469), along with related adjustments to other case deadlines.

1. Pursuant to D.C.Colo.L.CivR 7.1, the undersigned certifies that she conferred with counsel for Plaintiffs concerning this motion on August 27, 2025, and Plaintiffs oppose this motion.

2. Pursuant to Magistrate Judge Starnella's March 25, 2025, Minute Order (Dkt. 469), the Court granted the parties' Joint Motion for Extension of the Discovery Schedule (Dkt. 467), thereby extending both fact and expert discovery to October 8, 2025, and extending the dispositive motion deadline to December 9, 2025.

3. Magistrate Judge Starnella further noted in the Minute Order that "given the length of these extensions, no further extensions will be permitted absent a showing of exceptional cause." (Dkt. 469.)

4. As explained in the Joint Motion for Extension of the Discovery Schedule, the length of the requested—and granted—extension was, in part, related to Plaintiffs' counsel's anticipated parental leave.

5. Since the March 25, 2025 Minute Order, Gaia has continued to work diligently to attempt to resolve various discovery disputes with Plaintiffs and third-parties, including but not limited to:

    a. Seeking supplemental responses and productions from Plaintiffs to address numerous deficiencies;

    b. Ultimately, raising discovery disputes to the Court via email to Magistrate Judge Starnella's Chambers on June 4, 2025, to address unresolved deficiencies in Plaintiffs' discovery responses and document production;

    c. Filing a Motion to Compel Third-Party David Wilcock's Compliance with the Subpoena (Dkt. 473); and,

    d. Filing a Motion for Leave to Serve Subpoena on Third Party Teresa Yanaros via Alternative Service, which Plaintiffs have opposed (Dkt. 481).

6. On July 1, 2025, the parties appeared before Magistrate Judge Starnella regarding (i) the Motion to Compel David Wilcock's Compliance with the Subpoena; and (ii) the outstanding discovery disputes related to Plaintiffs' responses to Gaia's Interrogatories, Requests for Admission, and Requests for Production (*see* Dkt. 478).

7. As outlined in Gaia's email to Chambers on June 4, 2025 and as discussed during the July 1, 2025 court conference, Plaintiffs' discovery responses over the past year have been deficient for a number of reasons including but not limited to: incomplete responses to Gaia's First Set of Interrogatories; responses to Gaia's Requests for Admission that are contradicted by

documentary evidence and non-responsive; and incomplete document productions in response to Gaia's Request for Production.

8. Following the July 1, 2025 court conference, Magistrate Judge Starnella entered an order:

    a. Granting Gaia's oral motion to compel supplemental discovery requests, as identified in the discovery dispute chart and ordering Plaintiffs to supplement their discovery responses on or before July 31, 2025;

    b. Ordering Plaintiffs to review all requests for admission, and amend or supplement any requests for admission as necessary; and

    c. Ordering Plaintiffs to supplement their discovery responses to the requests for production that are identified in the discovery dispute chart on or before July 31, 2025, including but not limited to running Gaia's proposed search terms, producing hit reports, and producing responsive documents (Dkt. 478).

9. On July 31, 2025, Plaintiffs served Amended Responses to Gaia's Requests for Production, Interrogatories, and Requests for Admission. At the same time, Plaintiffs sent a letter regarding Plaintiffs' Amended Discovery Responses and Supplementation, a report showing search results, and a supplemental production containing 97 documents.

10. In Plaintiffs' letter, Plaintiffs disclosed for the first time that "their previous export from Mr. Goode's Yahoo account was incomplete due to a 10,000-message IMAP cap that Yahoo does not clearly disclose" and that the "limitation disproportionately affected older emails (particularly from 2015-2018) that were not accessible via standard client export tools. Once this limitation was identified during a review of the July 2018 Wilcock Email, Plaintiffs took immediate steps to initiate a full corrected export."

11. On Friday, August 15, 2025 (approximately two weeks after the Court-ordered deadline of July 31, 2025), Plaintiffs served Gaia with an additional supplemental production containing 6,789 documents.

12. Gaia is in the process of reviewing Plaintiffs' most recent productions, but due to the large number of documents, requires additional time in order to review the supplemental production, particularly before taking any depositions of Plaintiffs or third parties.

13. In the parties' August 27, 2025 conferral regarding the present motion, Plaintiffs' counsel represented that another production is forthcoming, with an anticipated production date by August 29, 2025. Plaintiffs' counsel also represented that Plaintiffs believe their production will be complete at that point.

14. However, because Gaia has not yet completed its review, it is unclear whether there still remain other responsive documents that have not yet been produced.

15. Moreover, Gaia anticipates further conferral regarding Plaintiffs' supplemental responses and productions.

16. In short, more than one year after serving document requests and other discovery on Plaintiffs, Gaia still has not yet received a complete document production.

17. Similarly, over five months after the unsuccessful settlement conference before Magistrate Judge Starnella—after which Gaia continued to pursue discovery issues with Plaintiffs' counsel—Plaintiffs have not remedied all open discovery issues.

18. Based on the above, exceptional cause exists to grant a further extension of the fact discovery cut-off.

19. Additionally, Plaintiffs have proposed additional searches for Gaia to conduct on its documents, regarding which the parties continue to confer.

20. In order to have sufficient time to review Plaintiffs' recent productions, address remaining open issues, and proceed with the next phase of discovery (including depositions of Plaintiffs and third parties), Gaia requests that the discovery deadlines be extended as follows:

|  | **Current Deadline** | **Proposed Deadline** |
| --- | --- | --- |
| Fact Discovery Cut-off | Wednesday, October 8, 2025 | Friday, December 12, 2025 |

21. The extension of the fact discovery cut-off will necessarily impact two other dates in the current case calendar, which Gaia also proposes extending, as follows:

|  | **Current Deadline** | **Proposed Deadline** |
| --- | --- | --- |
| Close of Expert Discovery | Wednesday, October 8, 2025 | Friday, December 12, 2025 |
| Dispositive Motion Deadline | Tuesday, December 9, 2025 | Friday, February 6, 2026 |

22. No party will be prejudiced by this extension request. Indeed, the extension is necessitated by Plaintiffs' conduct in discovery to date. However, Gaia's ability to prove its counterclaims will be prejudiced if the Court denies this motion.

23. There have been two previous extensions of the discovery deadlines (Dkts. 456, 469).

24. Gaia, through its counsel, is available to provide more details to the Court regarding discovery efforts to date, the basis for this motion, and Plaintiffs' compliance with this Court's discovery order (Dkt. 478), if it would aid the Court in ruling on the present request.

WHEREFORE, Gaia requests that the discovery deadline be extended 65 days, up through and including December 12, 2025, to allow the parties to adequately complete the fact discovery process, and that the deadlines for the close of expert discovery and the dispositive motion deadline be extended by approximately 60 days to December 12, 2025, and February 6, 2026, respectively.

Dated: August 27, 2025  **DAVIS+GILBERT LLP**

By: /s/ *Angela M. Dunay*

Angela M. Dunay
Daniel A. Dingerson
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                          */s/ Angela M. Dunay*
                                            Angela M. Dunay

**CERTIFICATE OF CONFERRAL**

I hereby certify that pursuant to Local Civil Rule 7.1(a), on August 27, 2025, I conferred via conference call with Plaintiffs' counsel concerning this motion and the relief being sought herein. I further certify that Plaintiffs, through their counsel, represented that they oppose the relief requested.

                                                                */s/ Angela M. Dunay*
                                                                 Angela M. Dunay

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, I caused a copy of the foregoing Motion for Extension of the Discovery Schedule and Other Case Deadlines to be served on all other parties by filing it on the Court's ECF system. I further certify that in compliance with D.C.COLO.L.CivR 6.1(c), I have also served the foregoing on this firm's client, Gaia, Inc.

                                                                */s/ Daniel A. Dingerson*
                                                                  Daniel A. Dingerson