IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                              Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                              Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANT GAIA, INC.'S MOTION FOR EXTENSION OF THE DISCOVERY SCHEDULE**

**COME NOW**, Plaintiffs Corey Goode and Goode Enterprise Solutions, Inc. (collectively, "Plaintiffs"), and respectfully submit this Opposition to Defendant Gaia, Inc.'s ("Gaia") Motion for Extension of The Discovery Schedule [#497].

### I.   INTRODUCTION

In its March 25, 2025 Minute Order, the Court warned that "no further extensions will be permitted absent a showing of exceptional cause." [#469]. Gaia has not made that showing. Plaintiffs have already agreed to every extension Gaia has asked for, including the most recent, which Gaia itself framed around Plaintiffs' counsel's parental leave. Despite invoking that leave as justification, Gaia continued to press

Response to Motion for Extension of Deadlines

discovery disputes and motion practice throughout the same period, while Plaintiffs continued to meet their obligations and engage in the litigation.

Discovery has been open for well over a year. Plaintiffs have completed propounding their discovery[1], have given Gaia notice of its outstanding requests since May, and are not seeking more time. Gaia, meanwhile, has diverted resources into a campaign of third-party subpoenas—including one directed at Plaintiffs' counsel's sister—rather than diligently pursuing party discovery. With more than a month remaining in the current period, and depositions already noticed, Gaia faces no prejudice. The motion should be denied.

## II.   ARGUMENT

Gaia's request rests on a mischaracterization of the record. The current schedule already reflects two prior extensions [#456, #469]. The most recent, entered March 25, 2025, was expressly requested by Gaia and styled as a "joint" motion. Gaia justified that request by reference to counsel's pregnancy and anticipated leave. In a March 16, 2025 email transmitting their draft, Gaia's counsel wrote:

> "Note that I've set this up as a joint motion (as opposed to an unopposed motion), which I think makes the most sense given our mutual interest in the request and particularly because of the description of your pregnancy as a basis for the timing."

---

[1] Gaia has represented they will confer on outstanding topics tendered by Plaintiffs to Gaia in May. Given the time left in the discovery period, Plaintiffs believe all outstanding issues should be cured prior to the deadline.

Response to Motion for Extension of Deadlines

Plaintiffs did not seek more time. They simply did not oppose Gaia's request. Counsel never stopped litigating: discovery responses were served, hearings were attended, and motions were addressed throughout. Gaia cannot now bootstrap its own framing of that extension into "exceptional cause" for still more time.

Plaintiffs have complied with this Court's July 1, 2025 order [#478]. They amended interrogatories, RFAs, and RFPs, provided search term hit reports, and made rolling productions in July and August. Gaia now has those materials and is free to use them. Nothing prevents Gaia from moving forward with the depositions it already noticed well in advance of the October 8 cutoff.

What Gaia seeks to portray as "incomplete" discovery is instead the product of its own litigation choices. Rather than focus on party discovery, Gaia has turned to expansive third-party subpoenas, including a motion for alternative service directed at Plaintiffs' counsel's sister [#481]. Plaintiffs opposed that filing as harassing and disproportionate. Discovery directed at uninvolved family members cannot be transmuted into "exceptional cause" to extend the entire case schedule.

Nor is there prejudice. Gaia has more than a month to complete fact discovery. It has noticed all depositions and has sufficient time to review Plaintiffs' supplemental productions before they proceed. The fact that Gaia wants to continue fishing in broader waters does not establish the type of extraordinary circumstances the Court required.

The Court cautioned that routine disputes would not justify reopening deadlines. Gaia has had every opportunity to pursue its case. Plaintiffs have completed their own[2]. Granting still more time would only reward delay, encourage unnecessary side disputes, and further burden the Court.

### III.  CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendant Gaia, Inc.'s Motion for Extension of the Discovery Schedule and Other Case Deadlines [#497].

Date: September 3, 2025.                    Respectfully submitted,

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the
District Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Phone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on each Defendant by ECF on September 3, 2025.

---

[2] Gaia has represented they will confer on outstanding topics. Given the time left in the discovery period, Plaintiffs believe all outstanding issues should be cured prior to the deadline.

Response to Motion for Extension of Deadlines

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).