IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs and Counter-Defendants,

v.

GAIA, INC.,

Defendant and Counter-Plaintiff.

## GAIA, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR EXTENSION OF THE DISCOVERY SCHEDULE AND OTHER CASE DEADLINES

Defendant Gaia, Inc. ("Gaia"), by and through its counsel, respectfully submits this reply in further support of its motion for extension of the discovery schedule and other case deadlines (Dkt. 497, the "Motion").

## INTRODUCTION

Gaia's diligent efforts to complete discovery to date have been materially impeded by Plaintiffs Corey Goode and Goode Enterprise Solutions, Inc.'s ("Plaintiffs") own actions through discovery, which necessitated the Motion. As detailed in the Motion and herein, exceptional cause exists warranting a further extension of the discovery deadline. Mainly, in light of Plaintiffs' recent productions of over 8,000 new documents (which were produced *after* this Court's ordered deadline) and remaining unresolved discovery issues, Gaia requires additional time to review the recent productions so that it may properly prepare for the next phase of discovery, including depositions of Plaintiffs and third parties.

## ARGUMENT

### I.   Gaia Has Diligently Pursued Discovery to Date

Over the past year, Gaia has diligently pursued discovery. Despite its best efforts, discovery to date has been repeatedly delayed by Plaintiffs' failures to adequately respond to Gaia's discovery requests. Gaia's counsel conferred with Plaintiffs' counsel extensively via email and telephone conferences in an attempt to address numerous deficiencies in Plaintiffs' discovery responses and productions.

When it became clear that Plaintiffs would be unable to cure certain deficiencies because, for example, Plaintiffs no longer had access to certain repositories of documents, Gaia diligently pursued third-party discovery in an attempt to fill the gaps in Plaintiffs' productions. Plaintiffs suggest the fact that Gaia is pursuing third-party discovery somehow cuts against its current request seeking an extension of the discovery schedule; however, Gaia's need to seek third-party discovery is necessitated by Plaintiffs' admitted inability to access certain repositories of information and has been delayed by Plaintiffs' own actions, including their recent opposition to Gaia's Motion for Leave to Use Alternative Service (Dkt. 490). Furthermore, Gaia's pursuit of third-party discovery has not undermined its diligent pursuit of party discovery (and Plaintiffs have not pointed to any fact suggesting it has). In fact, third-party discovery has allowed Gaia to more effectively identify deficiencies present in Plaintiffs' productions.

With regard to the parties' prior Joint Motion for Extension of the Discovery Schedule (Dkt. 467), it is unclear what Plaintiffs seek to gain by mischaracterizing the events leading up to that motion. However, to clarify the record, Gaia initially approached Plaintiffs regarding an extension to the discovery schedule in consideration of (i) the parties' then-forthcoming request for a settlement conference; and (ii) the posture of discovery at that time. In communications with

Plaintiffs' counsel regarding the potential extension, Gaia's counsel noted their understanding that Plaintiffs' counsel was then-pregnant and suggested taking Plaintiffs' counsel's parental leave into account in the length and timing of the requested extension. Plaintiffs' counsel agreed to the proposal, consented to the filing of a joint motion, and reviewed and proposed minimal edits to the joint motion, including an additional extension of time for depositions in light of Plaintiffs' counsel's parental leave. After this Court granted the Joint Motion for Extension of the Discovery Schedule (Dkt. 469), Gaia continued to diligently pursue both party and third-party discovery and anticipated that most issues concerning Plaintiffs' discovery responses would be resolved in advance of Plaintiffs' counsel's parental leave; however, they were not. Thus, while the parties took Plaintiffs' counsel's parental leave into account in the prior request for extension, it impeded discovery more than reasonably anticipated because of Plaintiffs' failure to resolve deficiencies *prior* to their counsel's leave. Gaia was then forced to raise those issues with the Court.

## II.     Plaintiffs' Delays Necessitate an Extension of the Discovery Schedule

The need for an extension is necessitated by Plaintiffs' own actions. As noted above, Gaia has diligently pursued discovery over the past year and attempted to work cooperatively with Plaintiffs to address deficiencies in their discovery responses; however, Plaintiffs have repeatedly delayed in providing Gaia with revised discovery responses and supplemental document productions. Most recently, despite this Court ordering that Plaintiffs amend their discovery responses and supplement their productions by July 31, 2025 (Dkt. 478), Plaintiffs served Gaia with two supplemental productions on August 15, 2025 and August 29, 2025 containing 6,789 and 1,383 documents respectively.

Due to Plaintiffs' late document productions, Gaia requires additional time to review Plaintiffs' production, confer with Plaintiffs regarding remaining deficiencies, and prepare for party and third-party depositions.

### III. Denying the Extension Would Unfairly Prejudice Gaia

Denying Gaia's request for an extension would unfairly prejudice Gaia's ability to pursue its counterclaims.[1] While Plaintiffs argue that "Gaia has more than a month to complete fact discovery,"[2] Gaia must review over 8,000 newly produced documents, continue to confer with Plaintiffs' counsel on outstanding discovery issues, and prepare to take two party depositions and three third-party depositions. While Gaia did recently notice depositions, it did so in case the discovery schedule is not extended; Gaia intends to reschedule Plaintiffs' depositions and potentially third-party depositions, depending on the ongoing document review. Further, Gaia is contemplating seeking leave for additional third-party depositions.

### **CONCLUSION**

Gaia has made diligent efforts to pursue discovery. Nevertheless, exceptional cause exists for a further extension of the discovery schedule and other case deadlines in this matter in light of Plaintiffs' dilatory approach to discovery. Accordingly, Gaia respectfully requests that the discovery deadline be extended 65 days, up through and including December 12, 2025, to allow the parties to adequately complete the fact discovery process, and that the deadlines for the close of expert discovery and the dispositive motion deadline be extended by approximately 60 days to December 12, 2025, and February 6, 2026, respectively.

---

[1] Plaintiffs have not argued, because they cannot argue, that the extension will prejudice them in any way.

[2] Gaia is making the present Motion in advance of the current close of fact discovery in an effort to proactively bring this issue to the Court's attention, not because Gaia has otherwise delayed or been delinquent in its discovery efforts to date.

Dated: September 5, 2025                    **DAVIS+GILBERT LLP**

By:  /s/ *Angela M. Dunay*

Angela M. Dunay
Daniel A. Dingerson
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

Case No. 1:20-cv-00742-DDD-KAS   Document 501   filed 09/05/25   USDC Colorado
pg 5 of 7

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                                                */s/ Angela M. Dunay*
                                                 Angela M. Dunay

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I caused a copy of the foregoing Reply in Further Support of the Motion for Extension of the Discovery Schedule and Other Case Deadlines to be served on all other parties by filing it on the Court's ECF system. I further certify that in compliance with D.C.COLO.L.CivR 6.1(c), I have also served the foregoing on this firm's client, Gaia, Inc.

                                                             */s/ Angela M.Dunay*
                                                             Angela M. Dunay