IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

    Plaintiffs and Counter Defendants,

v.

BENJAMIN ZAVODNICK,

    Defendant, and

GAIA, INC.,

    Defendant and Counter Claimant.

---

**ORDER GRANTING IN PART MOTION
FOR ENTRY OF PARTIAL FINAL JUDGMENT**

---

Defendant Benjamin Zavodnick moves for entry of final judgment with respect to the plaintiffs' claims against him. Doc. 488. For the following reasons, the motion is granted in part.

### BACKGROUND

Plaintiffs and Counter Defendants James Corey Goode and his company Goode Enterprise Solutions, Inc. brought claims against numerous defendants, including Mr. Zavodnick. *See* Doc. 111. Mr. Zavodnick moved to dismiss the plaintiffs' claims against him, and I granted that motion. Doc. 389. I also granted him an award of attorney fees against the plaintiffs in the amount of $23,623.50. Doc. 466. Mr. Zavodnick now moves for entry of partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to the plaintiffs' claims against him. Doc. 488. The plaintiffs oppose the motion, *id.* at 2, but they have not filed any

- 1 -

response to it. On October 9, 2025, Mr. Goode filed a petition for bankruptcy. *See* Docs. 515, 521.

## APPLICABLE LAW

In an action involving multiple claims and parties, a district court may direct entry of final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> [A] certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). To be considered "final," a partial judgment under Rule 54(b) must dispose of claims that are "distinct and separable from the claims left unresolved." *Id.* at 1242-43. In evaluating whether there is "no just reason for delay[ing]" review of a final order, "a district court must take into account judicial administrative interests as well as the equities involved." *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte County*, No. 22-3147, 2023 WL 4363439, at *11 (10th Cir. July 6, 2023) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The district court must "set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay." *Stockman's Water Co., LLC v. Vaca Partners*, 425 F.3d 1263, 1266 (10th Cir. 2005).[1]

---

[1] *But see Gross v. Pirtle*, 116 F. App'x 189, 194-95 & n.9 (10th Cir. 2004) (where district court "made an express determination that there was no just reason for delay," omission of specific findings

## DISCUSSION

The order dismissing all of the plaintiffs' claims against Mr. Zavodnick is final with respect to the plaintiffs' claims against him. *See* Doc. 389. The plaintiffs' claims against Mr. Zavodnick are distinct and separable from the remaining claims between the plaintiffs and Defendant Gaia, Inc. that have yet to be resolved—the plaintiffs' claim for breach of contract against Gaia, and Gaia's counterclaims against the plaintiffs. Entry of a partial final judgment as to Mr. Zavodnick will encourage a speedy resolution as to the plaintiffs' claims against him, allow him to promptly seek his costs, and avoid possible prejudice to him that could result from a further delay in final resolution. There appears to be little factual overlap in the claims the plaintiffs asserted against Mr. Zavodnick and the claims asserted against Gaia, but to the extent there is any, it is not so significant that that all claims should be disposed of together or that the interests of judicial economy outweigh Mr. Zavodnick's interest in a prompt final resolution of the claims against him, especially since the claims against him were dismissed for lack of personal jurisdiction and not on substantive grounds. For these reasons, I find that there is no just reason for delaying entry of final judgment as to the plaintiffs' claims against Mr. Zavodnick.

Entry of judgment for attorney fees against Mr. Goode must be stayed, however, pursuant to 11 U.S.C. § 362 and his pending bankruptcy proceeding. *See Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 611, 617 (10th Cir. 2009) (affirming award of attorney fees but staying entry of judgment as to one of five plaintiffs pursuant to bankruptcy filed while appeal was pending). But Mr. Goode's bankruptcy does not prevent entry of judgment as to Goode Enterprise

---

regarding reasons for that determination did not render Rule 54(b) certification invalid and was "not fatal" to appellate jurisdiction).

Solutions. *See id.* ("Automatic stay provisions generally do not extend to solvent co-parties."); *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) ("narrow exception" allows stay to be imposed against nonbankrupt co-party only in "unusual situations"); *Alpine Amusement Co. v. 741, Inc.*, No. 24-cv-00728-CYC, 2025 WL 2855394, at *4 (D. Colo. Oct. 8, 2025) ("To extend the automatic stay to a non-debtor under this exception, the individual or entity seeking protection under the automatic stay must offer information demonstrating that special circumstances exist."). Accordingly, Mr. Zavodnick's motion for entry of partial final judgment will be granted in part as to Goode Enterprise Solutions.

## CONCLUSION

It is **ORDERED** that:

Defendant Benjamin Zavodnick's Motion for Clarification or Entry of Final Judgment, **Doc. 488**, is **GRANTED IN PART** and **DENIED IN PART**;

Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of Court is **DIRECTED** to enter partial final judgment in favor of Defendant Benjamin Zavodnick and against Plaintiff Goode Enterprise Solutions, Inc. in accordance with Docs. 389 and 466, this Order, and the other orders filed during the pendency of this case; and

Pursuant to 11 U.S.C. § 362, entry of partial final judgment in favor of Defendant Benjamin Zavodnick and against Plaintiff James Corey Goode is stayed pending further order of the Court.

DATED: October 15, 2025    BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge