IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

    Plaintiffs and Counter Defendants,

v.

GAIA, INC,

    Defendant and Counter Claimant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendant's **Motion for Leave to Serve Subpoena on Third Party Teresa Yanaros via Alternative Service** (the "Motion") [#481]. Plaintiff filed a Response [#490], to which Defendant filed a Reply [#494]. The Motion was referred to the undersigned for adjudication. *See Order* [#482]. The Court has reviewed the parties' briefs and all attachments, the entire case file, and the applicable law. For the reasons set forth below, the Court **GRANTS** the Motion [#481].

## I. Background

    The Court need not restate the facts leading to this lawsuit's commencement; at this point, the parties are intimately familiar with the facts. In its current Motion, Defendant seeks leave of court to effectuate service of a subpoena seeking production of documents on Teresa Yanaros, pursuant to Federal Rule of Civil Procedure 45. *Motion* [#481]. Notably, Ms. Yanaros is the sister of Plaintiff's counsel. *Id.* at 1. Defendant contends Ms. Yanaros may have relevant documents based on the following:

(a)  Ms. Yanaros was previously a close associate of Plaintiff Corey Goode from at least August 2017 through October 2018;

(b)  She was identified during discovery as possibly possessing documents relevant to this matter;

(c)  Plaintiffs' document production and document production from a different third party have included communications between Ms. Yanaros and Plaintiff Goode; and

(d)  Following a "public fall[ing] out" in October 2018 between Ms. Yanaros and Plaintiff Goode, Ms. Yanaros posted videos on youtube.com detailing experiences similar to those Defendant alleges it experienced following its own falling out with Plaintiff Goode, as asserted in its defamation counterclaim.

*Motion* [#481] at 1, 2; *Reply* [#494][1] at 1, 4, 8, 9, 10, 12. Following multiple unsuccessful attempts to personally serve Ms. Yanaros with its subpoena, Defendant now requests leave of court to serve her through alternative means, including by email and certified mail to a former residential address where Ms. Yanaros's mother apparently lives. *Motion* [#481] at 7-8; *Reply* [#494] at 6.

Plaintiffs oppose Defendant's request, arguing that the subpoena is unduly burdensome, overly broad, not proportional to the needs of the case, and seeks documents not relevant to the claims asserted herein. *Response* [#490] at 1, 7, 9, 10-11. Plaintiffs also contend that Defendant's suggested means of alternative service do not satisfy due process because they are not reasonably calculated to lead to Ms. Yanaros's actual notice and receipt of the subpoena. *Id.* at 7, 8, 12.

---

[1] Citations to the Reply's page numbers refer to the numbering used by the CM/ECF docketing system, not to the Reply's original page numbering. The numbers differ because the Reply contains a Table of Contents and Table of Authorities.

## II.  Standing to Challenge Subpoena

Plaintiffs argue that Defendant's "subpoena should not be enforced . . . because it is overbroad, invasive, and imposes undue burden on a non-party family member of counsel." *Response* [#490] at 11. They also contend the subpoena is harassing, overbroad, and "does not satisfy Rule 26(b)(1)'s proportionality and relevance requirements." *Id.* at 1, 7, 9, 10-11. However, Plaintiffs do not have standing to challenge on these grounds Defendant's subpoena directed at a non-party.

"Generally, 'a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought,' or 'upon a showing that there is a privacy interest applicable.'" *Coomer v. Lindell*, No. 22-cv-01129-NYW-SKC, 2023 WL 6376723, at *6 (D. Colo. Sept. 29, 2023) (quoting *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum.")). "Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena." *Id.* (quoting *Cobbler Nev., LLC v. Does*, No. 15-cv-02771-WYD-MEH, 2016 WL 300827, at *1 (D. Colo. Jan. 25, 2016)).

Here, Plaintiffs do not assert a claim of privilege or privacy interests related to the documents Defendant seeks from Ms. Yanaros. Even if they had asserted such interests, they still would lack standing to challenge the subpoena based on relevancy and proportionality. *See Charles Schwab & Co. v. Highwater Wealth Mgmt., LLC*, No. 17-cv-00803-CMA-NYW, 2017 WL 4278494, at *4 (D. Colo. Sept. 27, 2017) (finding the defendant lacked standing to challenge a subpoena on unduly burdensome or

3

disproportionate grounds, despite the defendant's standing to assert privacy and privilege interests).

### III.  Defendant's Attempts to Serve Ms. Yanaros

As set forth in the Motion, supporting affidavits, and Reply, Defendant initially utilized SmartLinx Person Report[2] from LexisNexis to identify Ms. Yanaros's likely residential address in Fort Worth, Texas. *Motion* [#481] at 4, 6. Defendant's process server attempted to serve Ms. Yanaros at this address on seven occasions between May 1, 2025, through May 17, 2025, at varying times and days. *Id.* at 4-5; *Aff. of Non-Service* [#481-3] at 2-3. On the first attempt, a male present at the address verified that it was the correct address for Ms. Yanaros. *Motion* [#481] at 4; *Aff. of Non-Service* [#481-3] at 2. On the next six occasions, the process server did not receive a response. *Motion* [#481] at 4-5; *Aff. of Non-Service* [#481-3] at 2-3.

Following these failed attempts, Defendant's process server identified a company, Spirit Sanctified, ostensibly owned by Ms. Yanaros, and attempted to contact her via the company's telephone number, but the call did not go through. *Motion* [#481] at 5. The company's website has since been modified to require a password. *Reply* [#494] at 6 n.1. However, Spirit Sanctified's "About" page is archived and accessible online, and it identifies her as Editor in Chief.[3] The process server also identified a cell phone number ostensibly belonging to Ms. Yanaros. *Motion* [#481] at 5. He called that cell phone number

---

[2] According to Defendant, SmartLinx Person Report "accesses more than 13,000 proprietary and public data sources to provide information." *Reply* [#494] at 7.

[3]   *See*   https://web.archive.org/web/20250213162017/https:/www.spiritsanctified.com/teresa-yanaros (last accessed on September 25, 2025).

4

and left a voicemail attempting to coordinate service but did not receive a return phone call. *Id*.

Following these events, Defendant made a final service attempt on June 30, 2025, at the previously identified residential address. *Motion* [#481] at 5; *Proof of Attempted Service* [#481-4] at 2. On this occasion, a woman who identified herself as Ms. Yanaros's mother and the resident of the home stated that Ms. Yanaros did not live at the address. *Motion* [#481] at 5; *Reply* [#494] at 6 & n.2; *Proof of Attempted Service* [#481-4] at 2.[4] The woman refused to provide any further information, explaining that she did not want to get involved. *Id*. In email correspondence between Plaintiff and Defendant's counsel on July 9, 2025, Plaintiff's counsel stated that Ms. Yanaros used to reside at the Fort Worth address where Defendant attempted service but does not reside there any longer. *Motion* [#481] at 6.

### IV. Request to Use Alternative Means of Service Under Rule 45

Defendant proposes two alternative means of service: (1) email the subpoena to a personal and business email address that Defendant has identified as belonging to Ms. Yanaros and (2) send the subpoena by certified mail to Ms. Yanaros's previous residential address. *Motion* [#481] at 7-8. "The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance is sought. Such language neither strictly requires in-hand service nor prohibits alternative means of service." *E.A. Renfro & Co. v. Moran*, No. 08-cv-00732-RPM-KMT, 2008 WL 1815535, at *3 (D. Colo. Apr. 18, 2008). In this District, Rule 45 is not strictly limited to personal service in every case. *See Peterson v. Pickering*,

---

[4] In their Response, Plaintiffs identified the woman as an "uninvolved relative" of Ms. Yanaros. *Response* [#490] at 11.

22-cv-00320-WJM-KLM, 2022 WL 18779895, at *3 (D. Colo. Nov. 7, 2022) (finding that "both this District's caselaw and a plain reading of Rule 45 compel the conclusion that Rule 45 does not require in-person service in every instance."); *Castle v. Nolan*, No. 20-cv-02481-DDD-GPG, 2021 WL 12298816, at *5 (D. Colo. Dec. 3, 2021) (similar); *E.A. Renfroe & Co., Inc. v. Moran*, No. 08-cv-00733-REB-MJW, 2008 WL 1806200, at *6 (D. Colo. Apr. 21, 2008) (joining other courts in concluding that "Rule 45 is not limited to hand-to-hand personal service in every case" and the rules "should not be construed as a shield for a witness who is purposefully attempting to evade service[.]"); *Moran*, 2008 WL 1815535, at *6 (same).

The record demonstrates that Defendant has made diligent attempts to personally serve Ms. Yanaros. The evidence submitted by Defendant also provides good cause to believe Ms. Yanaros is avoiding service. Based on these factors, the Court finds Defendant should be permitted to use alternative means of serving its subpoena on Ms. Yanaros.

The Court must now determine whether Defendant's proposed alternative means satisfy due process by being reasonably calculated to result in Ms. Yanaros's receipt of the subpoena. *See Mullane v. Cent. Hanover Bank and Tr. Co.*, 339 U.S. 306, 314 (1950) (stating that notice must be "reasonably calculated" to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *see also Peterson*, 2022 WL 18779895, at *2 (noting that service must "be made in a manner which reasonably [e]nsures actual receipt of the subpoena.'") (quoting *Moran*, 2008 WL 1815535, at *5).

Courts have approved both email and certified mail as alternative forms of service under Rule 45. *See*, *e.g.*, *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 4949032, at *2 (D. Utah Oct. 25, 2021) (permitting email service of subpoena after unsuccessful attempts to personally serve party); *Fed. Trade Comm'n v. Zurixx, LLC*, No. 2:19-cv-00713-DAK-DAO, 2020 WL 9255400, at *2 (D. Utah Dec. 21, 2020) (approving email service to an address identified by the target and in initial disclosures "three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received . . . acknowledging receipt of service)," "[m]ailing the subpoena via certified mail to . . . [the target's residential] address," and "[h]and delivering the subpoena [to that residential address]"); *BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *5-6 (S.D. Cal. May 17, 2018) (permitting service of a subpoena by certified mail).

Here, the Court finds that Defendant's proposed methods of alternative service are reasonably calculated to result in Ms. Yanaros's receipt of the subpoena. First, Defendant seeks to serve the subpoena by email to "email addresses used by Ms. Yanaros through discovery to date[.]" *Reply* [#494] at 7. Defendant further explains that Ms. Yanaros's email address(es) was revealed in document production from third-party David Wilcock, which includes communications between Plaintiff Goode and Ms. Yanaros. *Id*. at 12. Given that Ms. Yanaros used a particular email address(es) to engage in communications that have been produced in this case, she likely still has access to the same email address(es). Therefore, service of the subpoena to that email address(es) is reasonably calculated to result in Ms. Yanaros's receipt of it. *See Zurixx*, 2020 WL 9255400, at *1-2

7

(approving email service to an address identified by the target of the subpoena and in initial disclosures).

Second, Defendant seeks to serve the subpoena by certified mail to Ms. Yanaros's previous residential address where her mother apparently still resides. *Motion* [#481] at 5; *Reply* [#494] at 6 & n.2; *Proof of Attempted Service* [#481-4] at 2. The record contains no indication that Ms. Yanaros is now estranged from her mother even though she no longer lives at the Texas address where her mother resides. Additionally, Ms. Yanaros's departure from that residence is still relatively recent—about five months ago Ms. Yanaros stopped living there. *See Motion* [#481] at 4-5 (noting that, on May 1, 2025, a man verified the address as a good one for Ms. Yanaros, but by June 30, 2025, she no longer lived there). Therefore, any U.S. Postal Service mail forwarding service Ms. Yanaros might have arranged likely remains in effect. Further, while Plaintiffs argue that the "service attempts have . . . intruded upon the private home of an uninvolved relative,"[5] *i.e.*, Ms. Yanaros's mother, they do not state that this relative has lost touch with the subpoena's target. Moreover, public records still list that Texas address as Ms. Yanaros's own. *Motion* [#481] at 1, 5, 7; *Reply* [#494] at 6-7. Therefore, the Court finds that service of the subpoena by certified mail to the Blossom Drive address is reasonably calculated to result in Ms. Yanaros's receipt of it. Accordingly,

IT IS **ORDERED** that the Motion [#481] is **GRANTED**.

IT IS FURTHER **ORDERED** that the subpoena may be served upon Ms. Yanaros by completing the following steps:

---

[5] *Response* [#490] at 11.

8

(1) Emailing the subpoena to the email address(es) obtained in discovery three times per week for two consecutive weeks, not more often than once every other day until either the two-week period elapses or Ms. Yanaros acknowledges receipt of service, whichever occurs first; and

(2) Mailing the subpoena via certified mail to the address on Blossom Drive in Fort Worth, Texas.

IT IS FURTHER **ORDERED** that a copy of this Order shall be served with the subpoena. Service shall be effective upon completion of the foregoing steps.

Dated: October 29, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

9