IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

    Plaintiffs and Counter Defendants,

v.

GAIA, INC,

    Defendant and Counter Claimant.
_____

**ORDER TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on the attached notification that Plaintiff James Corey Goode may have violated D.C.COLO.LCivR 16.6(e) and the Court's Instructions for Settlement Conferences [#470-1]. *See* Attachment 1, *Email Correspondence*. On April 7, 2025, the Court held a Settlement Conference in this matter. *Minute Entry* [#472]. Prior to the Conference, the Court issued Instructions for Settlement Conferences and Preparation of Confidential Settlement Conference Statements [#470-1]. The Instructions included the following provision:

> In our court, in order to protect the integrity of the process, settlement conferences are confidential. I take this policy very seriously. . . . You may not disclose information exchanged during the settlement conference to anyone who is not a party to the litigation, counsel to a party, or counsel's support staff.

[#470-1] at 2, § 3. Additionally, Local Rule 16.6 provides:

> **Confidentiality.** A party or the magistrate judge in an alternative dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any information concerning any communication provided in confidence to the magistrate judge in

connection with an early neutral evaluation or other alternative dispute resolution proceeding.

D.C.COLO.LCivR 16.6(e).

On October 24, 2025, the Court received the attached notification directing it to a youtube.com video in which Plaintiff Goode makes statements derived from the April 7, 2025 Settlement Conference. *See* Attachment 1, *Email Correspondence*. Such a violation of the Court's Order and the Local Rules is a basis for contempt of court.

Plaintiff Goode recently initiated a bankruptcy proceeding, see *In re Goode*, No. 1:25-bk-16569-JGR (Bankr. D. Colo. filed Oct. 9, 2025), and therefore, Counterclaimant Gaia, Inc.'s counterclaims are currently stayed. *Order* [#521]. This circumstance does not prevent the Court from initiating and adjudicating contempt of court proceedings against Plaintiff Goode. *See City of Prague, Oklahoma v. CAH Acquisition Co. 7, LLC*, No. CIV-19-89-G, 2021 WL 932037, at *1 (W.D. Okla. Mar. 11, 2021) ("Multiple courts . . . 'have held that the [bankruptcy] automatic stay does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order.'" (quoting *Summit Fin. Res., L.P. v. Walthers Oil Co.*, No. 2:07-CV-949-TS, 2008 WL 183380, at *2 (D. Utah Jan. 18, 2008)); *US Sprint Commc'ns Co. v. Buscher*, 89 B.R. 154, 156 (D. Kan. 1988) (finding the automatic bankruptcy stay does not apply to civil contempt proceedings because courts have "inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders" and "a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court."). Accordingly,

IT IS HEREBY **ORDERED** that **no later than November 28, 2025,** Plaintiff Goode shall file a written response to this Order to Show Cause demonstrating good cause why he should not be held in contempt of court for a violation of the Court's Instructions [#470-

1] and D.C.COLO.LCivR 16.6(e).

IT IS FURTHER **ORDERED** that an evidentiary hearing on this Order to Show Cause is set for Tuesday, December 30, 2025, at 1:30 p.m. in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

IT IS FURTHER **ORDERED** that Plaintiff Goode shall appear in person at the evidentiary hearing on Tuesday, December 30, 2025, at 1:30 p.m. in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294. Plaintiff Goode is warned that failure to appear in person may result in findings of contempt and/or liability for costs and attorney fees against him.

Dated: November 13, 2025                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge