IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

    Plaintiffs and Counter Defendants,

v.

GAIA, INC,

    Defendant and Counter Claimant.
_____

**AMENDED ORDER TO SHOW CAUSE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the attached notification that Plaintiff James Corey Goode may have violated D.C.COLO.LCivR 16.3(e), the Court's Instructions for Settlement Conferences [#470-1], and the Stipulated Confidentiality Agreement and Protective Order [#445]. *See* Attachment 1, *Email Correspondence*. On April 7, 2025, the Court held a Settlement Conference in this matter. *Minute Entry* [#472]. Prior to the Conference, the Court issued Instructions for Settlement Conferences and Preparation of Confidential Settlement Conference Statements [#470-1]. The Instructions included the following provision:

> In our court, in order to protect the integrity of the process, settlement conferences are confidential. I take this policy very seriously. . . . You may not disclose information exchanged during the settlement conference to anyone who is not a party to the litigation, counsel to a party, or counsel's support staff.

*Id.* at 2, § 3. Additionally, Local Rule 16.3 provides:

> **Confidentiality.** A party or the magistrate judge in an alternative dispute resolution proceeding shall not voluntarily disclose or through discovery or

compulsory process be required to disclose any information concerning any communication provided in confidence to the magistrate judge in connection with an early neutral evaluation or other alternative dispute resolution proceeding.

D.C.COLO.LCivR 16.3(e). The Stipulated Confidentiality Agreement and Protective Order provides:

Any person subject to this Order who receives from any other person any Confidential Discovery Material shall use such Confidential Discovery Material solely for the purpose of conducting the Action (not any other judicial or other proceeding) and for no other purpose whatsoever, and shall not disclose, divulge, or communicate any such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

*Stipulated Confidentiality Agreement and Protective Order* [#445] ¶ 4.

On October 24, 2025, the Court received the attached notification directing it to a youtube.com video in which Plaintiff Goode makes statements derived from the April 7, 2025 Settlement Conference. *See* Attachment 1, *Email Correspondence*. Plaintiff Goode also references information allegedly contained in documents Defendant produced in discovery that were designated "Confidential" pursuant to the Stipulated Confidentiality Agreement and Protective Order [#445]. *Id.* Such violations of the Court's Orders and the Local Rules are a basis for contempt of court.

As a result, the undersigned will hold an evidentiary hearing providing Plaintiff Goode an opportunity to show cause why his conduct does not give rise to a prima facie case of contempt. The undersigned will not determine whether Plaintiff Goode is liable for civil contempt but will "investigat[e] [Plaintiff Goode's] explanation for his failure to" comply with this Court's Orders and the Local Rules "to decide whether further contempt proceedings are warranted. *In re Kitterman*, 696 F. Supp. 1366, 1372 (D. Nev. 1988). During the hearing, any party may present evidence that facilitates the Court's

2

investigation. Following the hearing, if a prima facie case of contempt has been established, the undersigned "shall . . . certify the facts to a district judge and may serve or cause to be served . . . an order requiring . . . [Plaintiff Goode] to appear before a district judge . . . to show cause why . . . [he] should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B). The District Judge shall then "hear the evidence as to the act or conduct complained of and" impose any warranted sanctions. *Id*. However, the district judge need not hold an evidentiary hearing if the material facts are not in dispute. *See*, *e.g.*, *Luo v. Wang*, No. 22-1403, 2023 WL 8613862, at *4 (10th Cir. Dec. 13, 2023).

Plaintiff Goode recently initiated a bankruptcy proceeding, see *In re Goode*, No. 1:25-bk-16569-JGR (Bankr. D. Colo. filed Oct. 9, 2025), and therefore, Counterclaimant Gaia, Inc.'s counterclaims are currently stayed. *Order* [#521]. This circumstance does not prevent the Court from initiating and adjudicating contempt of court proceedings against Plaintiff Goode. *See City of Prague v. CAH Acquisition Co. 7, LLC*, No. CIV-19-89-G, 2021 WL 932037, at *1 (W.D. Okla. Mar. 11, 2021) ("Multiple courts . . . 'have held that the [bankruptcy] automatic stay does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order.'" (quoting *Summit Fin. Res., L.P. v. Walthers Oil Co.*, No. 2:07-CV-949-TS, 2008 WL 183380, at *2 (D. Utah Jan. 18, 2008)); *US Sprint Commc'ns Co. v. Buscher*, 89 B.R. 154, 156 (D. Kan. 1988) (finding the automatic bankruptcy stay does not apply to civil contempt proceedings because courts have "inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. . . . The court must retain the ability to compel

compliance with its orders; a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court."). Accordingly,

IT IS HEREBY **ORDERED** that **no later than November 28, 2025,** Plaintiff Goode shall file a written response to this Order to Show Cause demonstrating good cause why he should not be held in contempt of court for a violation of the Court's Instructions [#470-1] and D.C.COLO.LCivR 16.3(e).

IT IS FURTHER **ORDERED** that an evidentiary hearing on this Order to Show Cause is set for **Tuesday, December 30, 2025**, at **1:30 p.m.** in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

IT IS FURTHER **ORDERED** that Plaintiff Goode shall appear in person at the evidentiary hearing on **Tuesday, December 30, 2025**, at **1:30 p.m.** in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294. Plaintiff Goode is warned that failure to appear in person may result in findings of contempt and/or liability for costs and attorney fees against him.

Dated: November 21, 2025    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge