IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                Defendants.

---

**PLAINTIFFS' RESPONSE TO AMENDED ORDER TO SHOW CAUSE**

---

**COME NOW**, Plaintiff James Corey Goode ("Mr. Goode"), through undersigned counsel, submits this response to the Court's Amended Order to Show Cause entered November 21, 2025.

### I. Introduction

Mr. Goode fully understands the seriousness of complying with the Court's instructions for settlement conferences, Local Rule 16.3(e), and the Stipulated Protective Order. He did not intend to violate any order of this Court. He sincerely apologizes for the statements he made during a recorded interview on October 23, 2025, and he took immediate steps to correct the issue as soon as counsel brought it

Response to Amended Order to Show Cause

to his attention. He respectfully submits that his conduct does not warrant further contempt proceedings.

### II. The Statements Were Made Inadvertently and Without Intent to Disclose Protected Information

The Amended OSC references two categories of statements: (1) a paraphrased reference to settlement-related discussions, and (2) a reference to the existence of a PR firm that Mr. Goode believed had been publicly discussed long before this litigation. (*See* Docket 531-1, Dingerson email of October 24, 2025.)

Mr. Goode did not intend to disclose confidential settlement information. His paraphrased description was made in an informal, unscripted conversation, and he did not appreciate that even a broad, generalized description of the other side's posture could be construed as covered by the confidentiality instructions. He did not reveal any specific negotiation positions, settlement communications, or verbatim statements from the conference.

His reference to a PR firm likewise arose from his mistaken belief that the information was already public, as the subject had been discussed widely in online communities for years. (*See* attached Declaration of James Corey Goode). He now understands that, regardless of whether similar allegations appear in the public domain, information produced under the Protective Order cannot be referenced publicly.

Response to Amended Order to Show Cause

### III. Immediate Corrective Action Was Taken

Immediately after undersigned counsel contacted him regarding these issues, Mr. Goode reached out to the host of the program. Within approximately 48 hours, the portions referencing settlement-related content were removed. Although the host declined to remove the full recording, the specific statements at issue were taken down promptly. These steps were taken in good faith to comply with the Court's orders as soon as the matter was brought to his attention.

### IV. Relevant Context Demonstrates Lack of Bad Faith

Mr. Goode has been involved in extensive litigation for several years and has consistently complied with Court orders. He has no history of disregarding confidentiality obligations. The statements at issue were made during an extraordinarily difficult period, including the filing of a Chapter 13 bankruptcy only weeks earlier, and occurred against a backdrop of significant reputational pressure and ongoing public commentary about him by third parties. None of this excuses the statements, but it provides context showing there was no attempt to undermine the Court's authority, reveal confidential information, or gain any litigation advantage.

### V. Mr. Goode's Declaration Provides Further Explanation and a Full Apology

Mr. Goode submits a declaration contemporaneously with this response. In it, he explains his understanding at the time of the interview, the reasons he mistakenly believed that certain general remarks were permissible, the steps he took to ensure

Response to Amended Order to Show Cause

removal of the statements once notified, and his apology to the Court. The declaration further confirms his commitment to strict compliance with all confidentiality rules and orders moving forward.

### VI. Good Cause Exists to Decline Further Contempt Proceedings

The purpose of contempt proceedings in this context is to address willful or deliberate violations of confidentiality obligations. The record here does not support a finding of willfulness. The statements were brief and inadvertent. They did not reveal the details of negotiations or the content of the confidential settlement presentations. They were immediately removed upon counsel's request. No ongoing prejudice exists, and the litigation is presently stayed as to Mr. Goode by virtue of his bankruptcy filing, which further reduces any risk of interference with settlement processes.

Mr. Goode has acknowledged the issue, taken responsibility, and taken corrective measures. He now has an unequivocal understanding of the scope of prohibited discussions. Under these circumstances, further contempt proceedings are not warranted.

### VII. Conclusion

For these reasons, Plaintiff respectfully requests that the Court find that Mr. Goode has shown good cause, accept his corrective actions and assurances of future compliance, and discharge the Amended Order to Show Cause.

Response to Amended Order to Show Cause

Date: November 28, 2025.	Respectfully submitted,

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.
Texas Bar No. 24075628
Admitted to Practice in the
District Court of Colorado
Yanaros Law, P.C.
8300 Douglas Avenue Suite 800
Dallas, Texas 75225
Phone: (512) 826-7553
valerie@yanaroslaw.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of this filing will be served on all counsel of record via CM/ECF on November 28, 2025.

/s Valerie Yanaros, Esq.
Valerie Yanaros, Esq.

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).