IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                                                       Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                                                       Defendants.

_____

**DECLARATION OF JAMES COREY GOODE**
_____

I, James Corey Goode, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this declaration in response to the Court's Amended Order to Show Cause entered on November 21, 2025. I understand this declaration is intended to explain the circumstances surrounding my statements during a recorded interview on October 23, 2025, and to describe the steps I took once I was notified that my statements raised concerns under the Court's instructions, Local Rule 16.3(e), and the Protective Order.

Declaration James Corey Goode

2. I want the Court to know that I have the utmost respect for the Court and its orders. I would never intentionally violate a confidentiality instruction or any other directive. I now understand that some of my statements during the interview should not have been made, and I am sincerely sorry.

3. During the October 23 interview, I made a generalized comment paraphrasing my understanding of the other side's position in the settlement conference held on April 7, 2025. At the time, I believed I was speaking in broad, non-specific terms and did not appreciate that even a general summary could fall within the scope of the Court's confidentiality instructions. I did not disclose any verbatim statements, specific negotiation terms, or detailed proposals exchanged at the conference.

4. I also referenced the existence of a PR firm. I believed that this information was already public due to long-standing public discussions in the community that follows my work. I now understand that information produced under the Protective Order cannot be referenced publicly even if I thought similar information was already in the public domain.

5. None of my statements were made with any intent to violate the Court's orders. The interview was unscripted, and I responded too quickly without considering the limitations imposed by the settlement instructions and the Protective Order. I should have been more careful, and I regret that I was not.

6. Once my attorney contacted me and informed me that the statements should not have been made, I immediately reached out to the host of the program and

Declaration James Corey Goode

asked that the problematic segments be removed. Although the host declined to remove the entire interview, they agreed to edit out the specific sections referencing settlement-related content. Those edits were made within approximately 48 hours.

7. I understand now, with complete clarity, that I must not discuss anything that occurred during the settlement conference or any information designated as confidential in discovery. I will strictly comply with these obligations going forward.

8. I sincerely apologize to the Court for my statements and for the time the Court has had to devote to this matter. I will ensure that nothing like this occurs again.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____11/28/2025____, 2025.

DocuSigned by:

*James Corey Goode*
5DF6306290A044E...

James Corey Goode

Declaration James Corey Goode