IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

      Plaintiffs and Counter Defendants,

v.

GAIA, INC,

      Defendant and Counter Claimant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Plaintiffs' **Motion to Restrict Access to Docket 481-4** (the "Motion") [#484]. Defendant filed a Response to the Motion indicating it was generally unopposed to the requested relief. *Response* [#486]. In accordance with D.C.COLO.LCivR 7.2(d), the Motion was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed.

      By their Motion, Plaintiffs request the Court maintain a Level 1 Restriction on Defendant's Motion for Leave to Serve Subpoena on Third Party Teresa Yanaros via Alternative Service ("Motion for Alternative Service") and the attached exhibits [#481, #481-1, #481-2, #481-3, #481-4]. *See generally Motion* [#484]. "There is a presumption that documents essential to the judicial process are to be available to the public" to enable the public's review of "the factual basis of this Court's decisions and evaluat[ion] [of] the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter." *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1188-90 (D. Colo. 2015) (denying a motion to restrict access because it was "difficult to see how public disclosure . . . could work any harm."); *see also Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-cv-02330-WJM-NYW, 2017 WL 4331064, at *1 (D. Colo. June 28, 2017) ("There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system.").

      Local Rule 7.2(c) requires that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest

outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

Regarding the first factor, Plaintiffs failed to properly identify the document for which they seek restriction. Plaintiffs only specifically request the Court maintain its Level 1 Restriction on Exhibit 4 [#481-4] to Defendant's Motion. The Motion's content renders clear, however, that Plaintiffs intended to seek restriction of Defendant's Motion for Alternative Service and exhibits [#481, #481-1, #481-2, #481-3, #481-4].

Regarding the second factor, Plaintiffs contend Defendant's Motion for Alternative Service includes "personal, inflammatory, and misleading allegations that, if publicly disclosed, pose a serious risk of harassment, reputational harm, and unwarranted scrutiny of Plaintiffs, [P]laintiffs' counsel, and their families." *Motion* [#484] at 1. They characterize it as containing "[a]ccusations that Plaintiffs and their counsel are engaged in obstruction of documents and witnesses," "[r]eferences to undersigned counsel's communications with a third party witness . . . speculatively framed to suggest misconduct," [d]isclosure of familial relationships and speculation about family members' living arrangements", and "[s]uggestive and conclusory assertions about lack of candor by counsel." *Id.* at 4-5 (internal quotation marks omitted).

Plaintiffs' allegations are vague, at best, and fail to specifically identify misleading or false statements in Defendant's Motion. "The movant bears a heavy burden to demonstrate a real and substantial interest that outweighs the public interest in accessing the documents. Vague and conclusory statements do not meet this burden." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023) (internal citation omitted). Additionally, Defendant's Motion for Alternative Service does not disclose more information than necessary to describe its multiple attempts to serve Ms. Yanaros prior to filing.

To meet the third factor, i.e. identify a clear injury that would result if not restricted, Plaintiffs state that they have been the targets of ongoing harassment, defamation, and threats as a direct result of this litigation. *Motion* [#484] at 5-6. As an example, Plaintiffs' counsel states that on June 11, 2025, a mass email was sent to each partner in her law firm accusing her of unethical conduct, criminal activity, and threatening reputational consequences for participation in this case. *Id.* at 5. While the Court does not condone such behavior or tactics, Plaintiffs do not connect the information they seek to restrict to harassment, defamation, or threats or explain how it would increase their occurrence.

Regarding the final factor, Plaintiffs argue that redaction is not feasible because "the personal identifying information and inflammatory content are embedded throughout the Motion . . . and are intertwined with the very arguments Defendant has chosen to make." *Id.* at 7. Again, Plaintiffs offer nothing more than conclusory statements rather than specifically identifying inflammatory, objectionable content. Accordingly,

2

IT IS HEREBY **ORDERED** that the Motion [#484] is **DENIED**. The Clerk of Court is directed to **UNRESTRICT** the following documents: Defendant's Motion for Leave to Serve Subpoena on Third Party Teresa Yanaros via Alternative Service [#481], Angela M. Dunay Decl. [#481-1], Exhibit A [#481-2], Exhibit B [#481-3], Exhibit C [#481-4].

Dated: December 2, 2025