Docusign Envelope ID: F11861F1-265F-4DC5-B7F8-906DE5321BEA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-00742-DDD-KLM

JAMES COREY GOODE, individually, and GOODE
ENTERPRISE SOLUTIONS INC.

                Plaintiffs,

v.

GAIA, INC., JAY WEIDNER, CLIF HIGH, BENJAMIN
ZAVODNICK, ALYSSA MONTALBANO, JIRKA
RYSAVY, BRAD WARKINS AND KIERSTEN MEDVEDICH

                Defendants.

---

## DECLARATION OF JAMES COREY GOODE

I, James Corey Goode, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this declaration in response to the Court's Amended Order to Show Cause entered on November 21, 2025. I understand this declaration is intended to explain the circumstances surrounding my statements during a recorded interview on October 23, 2025, and to describe the steps I took once I was notified that my statements raised concerns under the Court's instructions, Local Rule 16.3(e), and the Protective Order.

Declaration James Corey Goode

Docusign Envelope ID: F11861F1-265F-4DC5-B7F8-906DE5321BEA

2.  I want the Court to know that I have the utmost respect for the Court and its orders. I would never intentionally violate a confidentiality instruction or any other directive. I now understand that some of my statements during the interview should not have been made, and I am sincerely sorry.

3.  During the October 23 interview, I made a generalized comment paraphrasing my understanding of the other side's position in the settlement conference held on April 7, 2025. At the time, I believed I was speaking in broad, non-specific terms and did not appreciate that even a general summary could fall within the scope of the Court's confidentiality instructions. I did not disclose any verbatim statements, specific negotiation terms, or detailed proposals exchanged at the conference.

4.  I also referenced the existence of a PR firm. I believed that this information was already public due to long-standing public discussions in the community that follows my work. I now understand that information produced under the Protective Order cannot be referenced publicly even if I thought similar information was already in the public domain.

5.  None of my statements were made with any intent to violate the Court's orders. The interview was unscripted, and I responded too quickly without considering the limitations imposed by the settlement instructions and the Protective Order. I should have been more careful, and I regret that I was not.

6.  Once my attorney contacted me and informed me that the statements should not have been made, I immediately reached out to the host of the program and

Declaration James Corey Goode

Docusign Envelope ID: F11861F1-265F-4DC5-B7F8-906DE5321BEA

asked that the problematic segments be removed. Although the host declined
to remove the entire interview, they agreed to edit out the specific sections
referencing settlement-related content. Those edits were made within
approximately 48 hours.

7. I understand now, with complete clarity, that I must not discuss anything that
occurred during the settlement conference or any information designated as
confidential in discovery. I will strictly comply with these obligations going
forward.

8. I sincerely apologize to the Court for my statements and for the time the Court
has had to devote to this matter. I will ensure that nothing like this occurs
again.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____11/28/2025_____, 2025.

James Corey Goode

James Corey Goode

Declaration James Corey Goode