# EXHIBIT E

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH,

Defendants.

---

## DEFENDANT GAIA, INC.'S FIRST SET OF INTERROGATORIES

---

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), and D.C.COLO.LCivR 5.3 of the United States District Court for the District of Colorado, Plaintiffs James Corey Goode and Goode Enterprise Solutions Inc. serve their answers to each of the following interrogatories (each an "interrogatory" and collectively the "interrogatories"). Plaintiffs are not relying on Fed. R. Civ. P. 33(d) in lieu of substantive responses unless expressly stated in response to a particular interrogatory. Where documents have been referenced, they are provided to supplement—not substitute—narrative responses.

## OBJECTIONS

1.      Plaintiffs object to each of the Requests to the extent they request information or documents protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the consulting expert privilege, or any other applicable privilege or immunity from disclosure. Production of information or documents subject to such privilege, or protection in response to any request is inadvertent and shall not constitute or be deemed to constitute a waiver of such privilege, protection or immunity. Plaintiffs object to Gaia's Requests to the extent they purport to require Plaintiffs to identify and describe privileged materials in a privilege log at the time of these responses. Plaintiffs will produce a privilege log, as appropriate, in accordance with Fed. R. Civ. P. 26(b)(5) and any applicable Protective Order, after the completion of document collection and production. Plaintiffs expressly reserve all applicable privileges, including attorney-client privilege, the work product doctrine, and common interest protections.

2.      Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Plaintiffs as to the relevance, materiality or admissibility of any document or information provided in response to Defendant's discovery requests.

3.      Plaintiffs reserve the right under the Federal Rules of Civil Procedure to supplement or amend responses to the Requests upon further discovery proceedings or investigation, or in connection with the rebuttal of any of Defendant's evidence.

4.      Plaintiffs object to the discovery sought that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

5.      Plaintiffs object to the extent the burden or expense of the proposed discovery

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

## **<u>DEFINITIONS</u>**

A.   "GES" means and shall refer to Plaintiff Goode Enterprise Solutions Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

B.   "Goode" means and shall refer to Plaintiff James Corey Goode.

C.   "Plaintiffs" or "Plaintiff" means and shall refer to GES and Goode collectively or individually, as defined above.

D.   "Defendant" means and shall refer to Defendant Gaia, Inc., and its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

E.   "Action" means and shall refer to the above-captioned litigation, *James Corey Goode., et al. v. Gaia, Inc.*, Case No. 20-cv-742-DDD-KAS (D. Colo).

F.   "Complaint" means and shall refer to the Seconded Amended Complaint and Jury Demand, dated December 8, 2020, filed by Plaintiffs in the Action.

G.   "Counterclaims" means and shall refer to Gaia's Amended Answer and Counterclaims to the Second Amended Complaint, dated April 15, 2024, filed by Gaia in the Action.

H.   "CD" means and shall refer to the series produced by Gaia entitled "Cosmic Disclosure."

I.   "2015 Contract" means and shall refer to the agreement dated June 20, 2015, entered into between Gaia and GES for the services of Goode to appear in Gaia

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

programs, including CD.

J.  "2016 Contract" means and shall refer to the agreement dated August 22, 2016, entered into between Gaia and GES for the services of Goode to appear in Gaia programs, including CD.

K.  "August 2017 Amendment" means and shall refer to the agreement dated August 29, 2017, between Gaia and GES to amend the 2016 Contract for the continued services of Goode to appear in Gaia programs, including CD.

L.  "November 2017 Amendment" means and shall refer to the agreement between Gaia and GES to further amended the 2016 Contract for the continued services of Goode to appear in Gaia programs, including CD.

M.  "2017 Amendments" collectively refer to the November 2017 Amendment and the August 2017 Amendment.

N.  "Advance Event Payment" refers to the $25,000 advance payment made by Gaia to Goode on or about August 25, 2016, related to Goode's anticipated appearance at two future live events.

O.  "Wilcock Email" refers to the July 1, 2018 email sent by David Wilcock to Gaia executives Brad Warkins and Kiersten Medvedich.

P.  "Petition" refers to the Change.org petition posted on or before June 11, 2018, titled "Please, Cancel Your GAIA Subscription."

Q.  "Video" refers to the video titled "Corey Goode As You Wish Talk Radio Exclusive Tell All Interview" published on YouTube.com on March 21, 2020.

R.  The "Mark" refers to Gaia's trademark, which is a pictorial depiction,

which reads "gaia seeking truth."

S.    The term "describe" means to state what is requested to be described, including to identify relevant dates and persons involved, facts and opinions known and held concerning what is requested to be described, and to identify (i) each person or entity involved or having any knowledge of each fact or opinion that relates to what is so described; (ii) each document evidencing the answer or response given or concerning said subject-matter in any way; and, (iii) all relevant or material dates and time periods, specifying the way in which said dates or time periods concern the subject-matter described.

T.    "Communication(s)" or "Communicate(d)" means and shall refer to the oral or written transmittal of information (in the form of facts, ideas, inquiries or otherwise).

U.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, video recordings, film, and digital files.  A draft or non-identical copy is a separate document within the meaning of this term.

V.    "Person" means and shall refer to any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

W.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

X.    "Identify", when referring to a person, means to give, to the extent

5

known, the person's full name, present or last known address, and when referring to

a natural person, additionally, the present or last known place of employment.

Y.    "Identify", when referring to documents, means to give, to the extent

known, the (i) type of document; (ii) general subject matter; (iii) date of the document;

and (iv) author(s), addressee(s) and recipient(s).

## **INSTRUCTIONS**

1.    All capitalized terms used but not defined herein shall be defined or

interpreted as they are used in the Counterclaims.

2.    "Any," "all," and "each" shall each be construed as encompassing any

and all.

3.    "And" and "or" shall be construed either disjunctively or conjunctively

as necessary to bring within the scope of this Interrogatory all responses that might

otherwise be construed to be outside of their scope.

4.    The use of the singular form of any word includes the plural and vice

versa.

5.    The past tense shall include the present tense, and vice versa.

6.    The terms "including," "include," and "includes" are used in their

broadest sense and are not meant to be limiting.  Any list following these terms

contains illustrative examples of the types of documents responsive to the

Interrogatory, but the list is without limitation and does not constitute an exclusive,

all-encompassing, or exhaustive listing of every type of document responsive to the

Interrogatory.

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

7.     You shall construe each interrogatory herein independently and not with reference to any other interrogatory for the purposes of limitation.

8.     Where a claim of privilege is asserted in objecting to any interrogatory herein, and any information responsive to these interrogatories is not provided on the basis of such assertion:

(a)     You shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and

(b)     You shall provide the following information in a privilege log, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(i)     For documents and written communications: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and, (iv) the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(ii)     For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

(c)    You shall provide the above information in writing at the time of the response to these interrogatories.

9.    With respect to each interrogatory, you shall provide all information known to you or which can be located or discovered by reasonably diligent effort, including but not limited to all such information which is in the personal or business knowledge, possession, custody, or control of you or your attorneys, consultants, representatives, agents, and all others acting or purporting to act on your behalf.

10.    If there is no information responsive to any particular interrogatory, you shall so state in writing.

11.    Identify in each interrogatory answer any persons who assisted or participated in preparing such answer or supplying any of the information provided in such answer.

12.    If any identified document has been lost, discarded or destroyed, such document shall be identified as follows: (i) date of disposal; (ii) manner of disposal; (iii) reason for disposal; (iv) person authorizing the disposal; and (v) person disposing of the document.

13.    Pursuant to Rule 26(e) of the Federal Rules, these interrogatories are continuing in nature so as to require supplemental production by you in the event you obtain or discover additional responsive information after the date of your initial answers.

14.    Unless expressly specified to the contrary in any particular interrogatory, these interrogatories cover the time period from January 1, 2015,

through the date of your response.

15.     Any identified documents shall be produced pursuant to the agreed and entered ESI protocol.

16.     Pursuant to Rule 26(e) of the Federal Rules, these requests are continuing in nature so as to require supplemental production by you in the event you obtain or discover additional responsive documents after the date of initial production.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe any failures by Plaintiffs to perform pursuant to the 2015 Contract, the 2016 Contract, or the 2017 Amendments.

**Answer**: Plaintiffs object to this request to the extent it goes beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure. Plaintiffs are not withholding responsive information on the basis of this objection. Subject to, and without waiver of this objection, Plaintiffs respond as follows: Plaintiffs are unaware of any failures by Goode/GES before or after Gaia breached the contract.

### INTERROGATORY NO. 2

Describe all communications between Plaintiffs and any other Person concerning the Wilcock Email or the subject(s) of the Wilcock Email.

**Answer:** Plaintiffs object to this Interrogatory as overly broad and unduly burdensome with respect to "any other Person," and to the extent it seeks

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

communications with individuals irrelevant to any claim or defense in this case. Plaintiffs further object that the Interrogatory is harassing, constitutes a fishing expedition, and seeks information that is personal, confidential, and/or potentially privileged..

Subject to and without waiving these objections, Plaintiffs respond as follows:

Corey Goode and David Wilcock exchanged text messages regarding the Wilcock Email on or around July 1, 2018, via WhatsApp. Plaintiff recalls that Mr. Wilcock informed him, after the fact, that he had shared the resignation letter with Roger Richards and Emery Smith.

In 2022, Wilcock invited Goode to meet in Nederland, Colorado. During that meeting, Wilcock stated that Roger Richards had allegedly admitted—while under the influence of alcohol—to releasing the resignation letter without the knowledge of either Wilcock or Goode. Wilcock further stated that Richards was anxious about the letter surfacing during litigation. This conversation occurred in person, and only Wilcock and Goode were present. Goode does not recall the exact date of the meeting, but believes it occurred in the second half of 2022.

Plaintiffs are not invoking Fed. R. Civ. P. 33(d) in response to this Interrogatory. To the extent responsive communications exist, they have already been produced, including but not limited to messages with Wilcock, Richards, and Smith.

Plaintiffs are not withholding responsive information on the basis of the stated

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

objections.


## INTERROGATORY NO. 3

Describe all communications between Plaintiffs and any other Person concerning the Petition or the subject(s) of the Petition.

**Answer:** Plaintiffs object to this request to the extent it is overly broad, harassing, and constitutes a fishing expedition as to "all communications" and "any other person". The request is not reasonably related to any claim or defense, and there is no good reason to go beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure. Plaintiffs also object because the request seeks information that is personal and confidential. Subject to, and without waiver of these objections, Plaintiffs respond as follows: On June 9th, 2018, Corey sent David Wilcock a couple of text messages about the change.org petition via SMS, stating, "Sent to me by a fan that knows employees also. She did the Pete fundraiser. When subscribers want to cancel their subscription, they are automatically given a 3-month extension. This is how the CEO keeps his subscription numbers inflated." The person who did the Pete Peterson fundraiser goes by the alias "Coco Luau." These texts messages have been produced.


## INTERROGATORY NO. 4

Describe all communications between Plaintiffs and any other Person concerning the Video or the subject(s) of the Video.

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly

burdensome, harassing, and constitutes a fishing expedition as to "all communications" and "any other person". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs are not aware of any written communications specifically regarding the YouTube video titled "Corey Goode As You Wish Talk Radio Exclusive Tell-All Interview" (ID "FnIrSExC2Lo," March 2020). To the extent there were oral communications about the subject matter of the video, such discussions may have occurred between Mr. Goode and David Wilcock at various times via telephone. Mr. Goode does not recall the specific dates or details of those conversations outside of what has already been produced or described in prior responses.

Mr. Goode does not recall the specific dates, locations, or content of the conversations concerning the Video or its subjects beyond what has already been described in response to other Interrogatories and in Plaintiffs' document production. These discussions were informal, not memorialized, and, to Mr. Goode's knowledge, no other individuals were present. Based on Mr. Goode's recollection, the conversations likely took place after 2018, as Mr. Wilcock did not express significant trust or engage in detailed discussions with Mr. Goode prior to that year.

Plaintiffs are not withholding responsive information on the basis of the stated

objections.


## INTERROGATORY NO. 5

Describe all communications between Plaintiffs and James Gilliland concerning Gaia, CD, or the Video.

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "all communications". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs have not located any written communications between Corey Goode and James Gilliland concerning Gaia, Cosmic Disclosure ("CD"), or the YouTube video titled "Corey Goode As You Wish Talk Radio Exclusive Tell-All Interview" (ID "FnIrSExC2Lo," March 2020).

Mr. Goode recalls that he and Mr. Gilliland had a few phone conversations in which they discussed the cyber-stalking, defamation, and blacklisting campaign allegedly led by Jay Weidner, both during and after Weidner's employment at Gaia. These conversations were informal and occurred several years ago. Mr. Goode does not recall the specific dates, times, or content of these discussions beyond that general description.

Plaintiffs are not withholding responsive information on the basis of the stated

objections.


**INTERROGATORY NO. 6**

Describe all communications between Plaintiffs and any other Person concerning the group named "GEM" as alleged in the Counterclaims.

**Answer:** Plaintiffs object to this request to the extent it is overly broad, harassing, and constitutes a fishing expedition as to "all communications" and "any other person". The request is not reasonably related to any claim or defense, and there is no good reason to go beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure. Plaintiffs also object because the request seeks information that is personal and confidential. Subject to, and without waiver of these objections, Plaintiffs respond as follows: David Wilcock discussed GEM with Corey in 2018 on Whatsapp messages that have been produced. They speculated about possible possibilities for GEM's identity but came to no conclusions. Goode emailed Rob Vannoy during the same timeframe, inquiring if Rob knew who was behind GEM. Plaintiffs are not withholding responsive information on the basis of the stated objections.


**INTERROGATORY NO. 7**

Describe all communications from the period January 1, 2018, through the present, between Plaintiffs and David Wilcock regarding Gaia, including but not limited to CD.

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "all communications". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

Plaintiffs have produced over 100 pages of written communications between Corey Goode and David Wilcock, including emails, text messages, and chat logs. These communications reflect the following subject matter:

- Disappointment with Gaia's continued use of the Cosmic Disclosure show name after Goode's departure, and despite Wilcock's stated opposition to that use.

- Concerns regarding the credibility of Jason Rice.

- Various forms of disappointment with Gaia's management and handling of copyright concerns.

- Discussions of alleged coercive tactics by Gaia and its executives, including using the threat of a $10 million lawsuit to pressure Wilcock into secretly recording conversations with Goode.

- Alleged information shared by Wilcock, prior to the parties' legal settlement, regarding texts, emails, and recorded phone calls between Wilcock and Gaia executives/former employees, who allegedly described a strategy to "wear Goode down financially in court" while blacklisting him from the paranormal

entertainment industry.

- The RED TORCH cyber investigation report, which reportedly implicated Jay Weidner in criminal activity targeting Goode while coordinating efforts at Gaia to blacklist him.

- A 1,000+ page report authored by Wilcock and submitted to the FBI and local Colorado authorities, which Wilcock stated included threats from Jay Weidner against Goode, including a veiled threat involving a firearm.

- Information Wilcock reported receiving from Emery Smith, who claimed that Gaia executives were working to "destroy" Goode, and that Smith had intervened to suppress news of his own arrest in Louisville, Colorado, for possession and intent to distribute Ketamine, allegedly with Gaia's assistance.

Mr. Goode and Mr. Wilcock also discussed these topics orally, primarily by phone, over a period of several years. Mr. Goode does not recall the specific dates or times of these conversations and is not aware of anyone else being present. These conversations were informal and not recorded or memorialized.

Mr. Goode does not have a copy of the 1,000+ page report referenced above and has not had access to it for several years. To Plaintiffs' knowledge, the report was authored and retained solely by Wilcock. Plaintiff received a copy of the report on a thumb drive to print out for law enforcement and subsequently lost the thumb drive. Plaintiffs understand that Wilcock may only be willing to produce the report or related communications in response to a subpoena.

Plaintiffs are not invoking Fed. R. Civ. P. 33(d) in response to this Interrogatory. The

communications described above are reflected in Plaintiffs' prior production. Plaintiffs are not withholding responsive information on the basis of the stated objections.

### INTERROGATORY NO. 8

Describe all communications between Plaintiffs and any other Person concerning the FTL Blog, including but not limited to Communications with "Thomas Crown" (or any person or persons going by such alias at any time).

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "all communications". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

In or around 2019, Corey Goode had one or more telephone conversations with Rob Vannoy regarding the individual (or individuals) using the alias "Thomas Crown." During these conversations, Goode and Vannoy speculated that "Thomas Crown" might be more than one person and discussed online attacks or content possibly associated with that alias. No other individuals were present for these calls. Mr. Goode does not recall the specific dates or times of those conversations.

Plaintiffs have not identified any other communications—written or oral—with any

person regarding the FTL Blog (fadetolightblog.wordpress.com), nor have Plaintiffs located any documents referencing the blog or the "Thomas Crown" alias beyond what is described herein.

Plaintiffs are not invoking Fed. R. Civ. P. 33(d) in response to this Interrogatory. Plaintiffs are not withholding responsive information on the basis of the stated objections.

## **INTERROGATORY NO. 9**

Describe all Communications between Plaintiffs and any other Person concerning the Defamatory Statements as defined in the Counterclaims, or the subject(s) of such Defamatory Statements.

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "all communications" and "any other person". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

While Corey Goode was working with Gaia, he and David Wilcock had phone and in-person conversations in which they discussed various concerns about Gaia's conduct, management, use of the Cosmic Disclosure name, and other issues that may overlap with the subject matter of the statements that Gaia now alleges are defamatory in its

Counterclaims.

Mr. Goode does not recall the specific dates, locations, or content of the conversations concerning the Video or its subjects beyond what has already been described in response to other Interrogatories and in Plaintiffs' document production. These discussions were informal, not memorialized, and, to Mr. Goode's knowledge, no other individuals were present. Based on Mr. Goode's recollection, the conversations likely took place after 2018, as Mr. Wilcock did not express significant trust or engage in detailed discussions with Mr. Goode prior to that year.

Plaintiffs are not invoking Fed. R. Civ. P. 33(d) in response to this Interrogatory. To the extent responsive written communications exist, they have already been produced.

Plaintiffs are not withholding responsive information on the basis of the stated objections.

**INTERROGATORY NO. 10**

Describe all Communications between Plaintiffs and any other Person concerning Goode's internet posts, including but not limited to any posts on any social media network, related to Gaia, including but not limited to any Documents and Communications concerning posting or removal of such internet posts.

**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "all communications" and "any other person". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not

19

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

proportional to the needs of the case.

Subject to and without waiving these objections, Plaintiffs respond as follows:

Corey Goode did not routinely discuss his social media posts with others before publishing them. He posted content directly to various platforms without seeking third-party review or approval.

After posting, Goode occasionally received comments or messages from others, including Alyssa Montalbano, who requested that certain posts be removed on the basis that she believed them to be defamatory. These exchanges are reflected in the document previously produced as GES_11932 (social-posts-deleted.pdf).

Plaintiffs are not aware of any other communications—written or oral—regarding Goode's internet posts related to Gaia, other than those already produced. Because Mr. Goode worked for Gaia for years, and Mr. Goode was promoting Gaia and its shows, there are likely numerous posts related to Gaia. Plaintiffs have produced these posts.

Plaintiffs are not invoking Fed. R. Civ. P. 33(d) in response to this Interrogatory. To the extent responsive documents exist, they have already been produced.

Plaintiffs are not withholding responsive information on the basis of the stated objections.

**INTERROGATORY NO. 11**

Describe all Communications between Plaintiffs and any other Person

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

concerning any material posted on Goode's personal website that is concerning, in any way, Gaia or CD.

**<u>Answer</u>:**

Plaintiffs object to this request to the extent it is overly broad, harassing, and constitutes a fishing expedition. The request is not reasonably related to any claim or defense, and there is no good reason to go beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure. Plaintiffs also object because the request seeks information that is personal and confidential. Subject to, and without waiver of these objections, Plaintiffs respond as follows: At one point Corey instructed Cameron, the webmaster for SphereBeingAlliance.com, to take down all posts containing transcripts of Cosmic Disclosure. Around the same time, in March of 2016 Corey sent the message to David Wilcock via SMS/iMessage "Check out the latest email. GA I AM It's sending me some strange signals. Now no more transcripts for the masses of our show. Putting all of our information firmly behind a pay wall. One of the things I didn't want to happen. Hope your meetings went well. I copied you in the                                                                                    email." Also in March of 2016 Corey sent an email to David Wilcock, cc'ing Jay Weidner, stating "Gonzales voiced how unhappy he was when the transcripts were discontinued. That was one of the major concessions that got me to sign my 52 episode contract."

Plaintiffs are not withholding responsive information on the basis of the stated

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

objections.


**INTERROGATORY NO. 12**

Describe and identify any and all devices, platforms, applications, services, and accounts you have used for any of the Communications referenced in any interrogatory herein and identify all email addresses and account usernames.


**Answer:** Plaintiffs object to this Interrogatory to the extent it is overly broad, unduly burdensome, harassing, and constitutes a fishing expedition as to "any" and "all". Plaintiffs further object that the Interrogatory seeks information that is personal and confidential, and that it is not proportional to the needs of the case.


Subject to and without waiving these objections, Plaintiffs respond as follows:


Email addresses used by Corey Goode to communicate regarding matters potentially relevant to this litigation include:

- goodetech@yahoo.com

- spherebeingalliance@gmail.com

- hanush@tutanote.com

- encryptsec@unseen.is

- corey.goode@fulldisclosureproject.org

  - Was used briefly on or around 2017, is currently accessible and is

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

being searched for responsive communications.

Messaging and communication platforms:

- WhatsApp

- iMessage/SMS

- Telegram (historical use)

- Unseen (historical use)

- Skype (historical use)

Social media platforms and associated usernames:

- Facebook (Sphere Being Alliance, Corey Goode)

- Twitter/X (@CoreyGoode)

- YouTube (SphereBeingAlliance)

Devices used for relevant communications include:

- iPhone 13 mini

- 2017 MacBook Pro (personal computer)

Mr. Goode lost access to his Skype account in or around 2018. Following Microsoft's acquisition and integration of Skype accounts into its platform, password recovery became tied to old Microsoft accounts. Mr. Goode was unable to recover access due to the number of associated accounts and lack of centralized recovery options. Plaintiffs are not aware of any method to recover this account and are not withholding

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

documents from this source.

Plaintiffs confirm that Mr. Goode's primary personal computer is a 2017 MacBook Pro. Any other devices previously in use no longer contain responsive data or are no longer in Mr. Goode's possession. Plaintiffs will supplement if further devices are identified.

Mr. Goode does not currently recall using other personal devices for communications referenced in these Interrogatories. If additional devices are identified, Plaintiffs will supplement this response.

Plaintiffs further state that Goode has recently identified that the email address corey.goode@fulldisclosureproject.org was used historically. Plaintiffs are conducting a reasonable search of that account for responsive communications and will produce or log any responsive documents identified.

Plaintiffs recently discovered that Yahoo imposes a 10,000-message IMAP limit, which affected prior email exports from goodetech@yahoo.com. A corrected export of the account is currently underway, and Plaintiffs will produce or log any responsive emails not previously captured.

To clarify, Goode no longer has access to or control over the accounts associated with hanush@tutanote.com and encryptsec@unseen.is. These accounts were historically used but are no longer active or accessible. With respect to "hanush@tutanote.com," Plaintiffs identified one email thread 2017 in their own production that referenced the address "hanush@tutanota.com." Mr. Goode has no memory of creating or using this email address and does not have access to it. Plaintiffs have no credentials or

control over this account and cannot retrieve any content from it. Based on surrounding context, it appears this address may have been suggested by a third party to facilitate encrypted communication but was never actively adopted or retained. Plaintiffs state the address is not accessible and not within their custody or control. Regarding encryptsec@unseen.is, Plaintiffs confirm that Mr. Goode previously used this address. However, the Unseen.is platform shut down in the second half of 2020, and Mr. Goode accessed it only via the web without downloading or backing up messages. The account is no longer accessible, and no content from it can be retrieved or produced. Similarly, Goode does not currently use or control Telegram, Unseen, or Skype accounts that may have existed in the past. Mr. Goode lost access to his Skype account in or around 2018. Following Microsoft's acquisition and integration of Skype accounts into its platform, password recovery became tied to old Microsoft accounts. Mr. Goode was unable to recover access due to the number of associated accounts and lack of centralized recovery options.

Plaintiffs provide additional detail regarding messaging platforms that have been the subject of Gaia's prior complaints:

- WhatsApp: A full export and review was completed, including post-2018 data. Responsive messages were produced.

- Telegram: Reviewed and responsive content produced.

- Facebook Messenger: Not used by Mr. Goode for relevant communications due to high volumes of unsolicited messages. Plaintiffs confirm that no responsive messages exist on this platform.

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

- LinkedIn Messaging: Used in limited fashion for industry networking, not for communications related to Gaia. No responsive LinkedIn messages exist. Plaintiffs have confirmed this repeatedly.

Plaintiffs are not withholding responsive information on the basis of the stated objections.

## INTERROGATORY NO. 13

Describe and identify all computers, smart cellular phones, data storage devices, or any other form of hardware you have used for any of the Communications referenced in any interrogatory herein, and describe the location, status, and ownership of each.

**Answer:** Plaintiffs object to this request to the extent it is overly broad, harassing, and constitutes a fishing expedition as to "all computers, smart cellular phones, data storage devices, or any other form of hardware". The request is not reasonably related to any claim or defense, and there is no good reason to go beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure.  Plaintiffs also object because the request seeks information that is personal and confidential.  Subject to, and without waiver of these objections, Plaintiffs respond as follows: Devices used for responsive communications include an iPhone 13 mini and a 2017 MacBook Pro, both of which are personally owned by Mr. Goode and currently in his possession. Plaintiffs are not aware of any other hardware used for communications responsive to these interrogatories. If additional devices are identified, Plaintiffs will supplement.

Plaintiffs are not withholding responsive information on the basis of the stated objections.

**INTERROGATORY NO. 14**

Identify all persons with knowledge concerning any communications described or identified in response to any interrogatory herein and the specific communications concerning which they have knowledge.

**Answer:** Plaintiffs object to this request to the extent it is overly broad, harassing, and constitutes a fishing expedition as to "all persons" and "any communications". The request is not reasonably related to any claim or defense, and there is no good reason to go beyond the ordinary scope of discovery under the Federal Rules of Civil Procedure. Plaintiffs also object because the request seeks information that is personal and confidential. Subject to, and without waiver of these objections, Plaintiffs respond as follows:

David Wilcock - Gaia discussions

Rob Vannoy - Community discussions

Cameron (Webmaster) - SphereBeingAlliance.com website discussions

James Gilliland - Gaia discussions

Coco Luau - Change.org petition

Jay Weidner - Gaia discussions

Plaintiffs are not withholding responsive information on the basis of the stated

Docusign Envelope ID: 344DF516-CB51-41CF-9DCF-1071AD157B52

objections.

Date: July 31, 2025.                    Respectfully submitted,

DocuSigned by:

*James Corey Goode*

5DF6306290A044E...

Mr. James Corey Goode

## CERTIFICATE OF SERVICE

The below signed certifies that a copy of these responses will be served

via email to Defendant Gaia Inc. through its attorney of record on July 31, 2025.

/s Valerie Yanaros, Esq.

Valerie Yanaros, Esq.