**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs and Counter-Defendants,

v.

GAIA, INC.,

Defendant and Counter-Plaintiff.

---

**JOINT MOTION TO AMEND**
**THE DISCOVERY SCHEDULE AND OTHER CASE DEADLINES**

---

Plaintiffs James Corey Goode ("Goode") and Goode Enterprise Solutions, Inc. ("GES") (collectively, "Plaintiffs") and Defendant Gaia, Inc. ("Gaia" and collectively with the Plaintiffs, the "Parties"), by and through their counsel, and pursuant to this Court's Order on August 27, 2026 (Dkt. 546), jointly move for an order amending the current case schedule, including the remaining discovery deadlines as previously set forth in the Court's Minute Order entered in this matter on September 17, 2025 (Dkt. 504).

1. Pursuant to D.C.Colo.L.CivR 7.1, the Parties conferred via videoconference on August 25, 2026, and subsequently via emails dated August 28, August 31, and September 2 regarding the case schedule and this motion. Pursuant to those various conferrals, the Parties are aligned on the proposed schedule provided herein.

2. The most-recent order concerning the case schedule was Magistrate Judge Starnella's September 17, 2025, Minute Order (Dkt. 504), setting the fact and expert discovery deadlines for December 12, 2025, and the dispositive motion deadline for February 6, 2026.

3. In the course of further conferrals on open discovery issues, on October 3, 2025, Plaintiffs' counsel notified defense counsel that Goode intended to file for bankruptcy imminently.

4. Then, on October 9, 2025, Goode filed for bankruptcy. *See In re Goode*, No. 25-16569-JGR (Bankr. D. Colo. filed Oct. 9, 2025) (the "Bankruptcy Proceeding").

5. That same day, Plaintiffs filed the Notice of Bankruptcy Filing and Automatic Stay. (Dkt. 515.)

6. On October 14, 2025, the Court ordered that Gaia's counterclaims against Goode were stayed. (Dkt. 521.)

7. In the course of further conferrals, the Parties agreed that all open discovery issues concerned or overlapped with those regarding Gaia's counterclaims against Goode, which were directly stayed by the Court (Dkt. 521). Accordingly, the Parties wrote to Magistrate Judge Starnella on November 6, 2025, to seek alignment from the Court on pausing all discovery efforts in light of the stay.

8. On November 7, 2025, the Court set a discovery hearing and status conference for December 15, 2025 (later vacated and reset to December 17, 2025). (Dkt. 528-29).

9. At the December 17, 2025, discovery hearing and status conference, the Court extended the stay to all claims and open discovery issues.

10. This case has been subject to a partial or complete stay since early-October 2025.

11. The Parties now propose to reset the discovery and case deadlines to reflect the nearly one-year pause in the discovery efforts and other changed circumstances.

12. In advance of the stay, the Parties had been working diligently to attempt to resolve various open discovery disputes.

13. Due to the stay, those issues remain unresolved, and the Parties must now work to take them up again in an orderly and efficient manner. However, after a nearly year-long stay, the Parties require reasonable time to reacquaint themselves with open issues, including by reviewing correspondence, outstanding discovery requests, and any witnesses or documents previously identified.

14. Moreover, David Wilcock, a key third-party witness whom Gaia had previously served with both document and deposition subpoenas, unexpectedly and suddenly passed away in April 2026. The Parties must now pursue alternative third-party discovery to obtain information that would have otherwise been obtained through Mr. Wilcock, which requires additional time to identify, subpoena, and depose substitute witnesses or other sources.

15. In order to have sufficient time to review and address any outstanding discovery deficiencies and proceed with the next phase of discovery (including depositions of the Parties and third parties), the Parties propose that the discovery deadlines be reset as follows[1]:

| | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Fact Discovery Cut-off | Friday, December 12, 2025 | Friday, January 29, 2027 |
| Expert Discovery Cut-off | Friday, December 12, 2025 | Wednesday, April 14, 2027 |

16. Additionally, the Parties propose interim expert discovery deadlines of March 1, 2027, for affirmative expert disclosures and March 31, 2027, for rebuttal expert disclosures.

[1] The proposed deadlines herein do not strictly correlate to the time between the date Plaintiff filed for bankruptcy and the prior discovery schedule entered by the Court (Dkt. 504). While the Parties are mindful of the Court's admonition that no further extensions of the discovery schedule would be granted, the circumstances giving rise to this motion—a stay of nearly one year caused by the Bankruptcy Proceeding and changes in witness availability—were not contemplated at the time of the Court's prior ruling and, respectfully, justify the present proposed schedule.

17. The amendment of the discovery cut-off dates will necessarily impact the dispositive motion deadline, which the Parties propose amending as follows:

| | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Dispositive Motion Deadline | Friday, February 6, 2026 | Friday, May 14, 2027 |

18. No party will be prejudiced by this amendment request and the Parties agree on this proposed schedule. Moreover, both Parties are equally situated in that neither has been able to conduct discovery during the stay.

19. There have been three previous amendments to the discovery deadlines (Dkts. 456, 469, 504).

20. The Parties, through their counsel, are available to provide more details to the Court regarding discovery efforts to date and the basis for this motion if it would aid the Court in ruling on the present motion.

WHEREFORE, the Parties request that the discovery deadline be amended to allow the parties to adequately complete the fact discovery process, and that the deadlines for the close of expert discovery be similarly amended. The Parties propose that fact discovery will close on January 29, 2027; expert discovery will close on April 14, 2027; interim deadlines for expert disclosures will occur on March 1, 2027 (affirmative expert disclosures) and March 31, 2027 (rebuttal expert disclosures), and that the dispositive motion deadline be amended to Monday, May 14, 2027.

Dated: September 3, 2026

**DAVIS+GILBERT LLP**

By: /s/ *Daniel A. Dingerson*

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
Email: ddingerson@dglaw.com
Email: adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

**FULTON JEANG PLLC**

By: /s/ *Valerie A. Yanaros*

Valerie A. Yanaros, Esq.
17766 Preston Road, Suite 104
Dallas, Texas 75252
Telephone: (512) 826-7553
Email: vyanaros@fultonjeang.com

*Attorney for Plaintiffs*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Angela M. Dunay*
Angela M. Dunay

**CERTIFICATE OF CONFERRAL**

I hereby certify that pursuant to Local Civil Rule 7.1(a), on August 25, 2026, I conferred via videoconference call with Plaintiffs' counsel concerning this motion and the relief being sought herein. I further certify that Plaintiffs, through their counsel, represented that they join in this request.

*/s/ Angela M. Dunay*
Angela M. Dunay

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, I caused a copy of the foregoing Joint Motion to Amend the Discovery Schedule and Other Case Deadlines to be served on all other parties by filing it on the Court's ECF system. I further certify that in compliance with D.C.COLO.L.CivR 6.1(c), I have also served the foregoing on this firm's client, Gaia, Inc.

*/s/ Angela M. Dunay*
Angela M. Dunay