**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE;
GOODE ENTERPRISE SOLUTIONS, INC.

Plaintiffs,

v.

GAIA, INC.,
JAY WEIDNER,
CLIF HIGH,
BENJAMIN ZAVODNICK,
ALYSSA MONTALBANO,
JIRKA RYSAVY,
BRAD WARKINS, and
KIERSTEN MEDVEDICH

Defendants.

---

**MOTION FOR ENTRY OF SEPARATE JUDGMENT ON ATTORNEY FEE AWARD PURSUANT TO FED. R. CIV. P. 58(d)**

---

Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Individuals"), by and through undersigned counsel, respectfully move the Court pursuant to Federal Rule of Civil Procedure 58(d) for entry of a separate judgment reflecting the Court's award of attorney fees against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc. ("Plaintiffs"), jointly and severally. In support thereof, the Gaia Individuals state as follows:

***CERTIFICATE OF CONFERRAL***

Undersigned counsel sought Plaintiffs' position on this Motion for Entry of Separate Judgment on Attorney Fee Award Pursuant to Fed. R. Civ. P. 58(d) (the "Motion") on Tuesday,

September 29, 2026, via email. Plaintiffs' counsel stated that she would not be able to respond substantively before Friday, October 2; on that day (Oct. 2), she requested to see a draft of the Motion and proposed judgment. On Monday, October 5, Plaintiffs responded that they do not oppose the Motion except to the extent it seeks entry of a judgment stating that Plaintiffs are jointly and severally liable on the attorney fee award.

## BACKGROUND

1. On December 20, 2024, the Gaia Individuals moved for an award of attorney fees under Fed. R. Civ. P. 54(d) and C.R.S. §§ 13-17-201 and 13-17-102(3). *See* EFC No. 453. In that motion, the Gaia Individuals requested that fees be awarded against Plaintiffs and their counsel of record, jointly and severally. ECF No. 453 at 13.

2. On July 2, 2025, Magistrate Judge Starnella recommended that the motion "be **granted in part** to the extent that $59,806.00 in fees be awarded to the Gaia Individuals." ECF No. 479 at 25. Magistrate Judge Starnella separately recommended that the motion "be **denied** to the extent the Gaia Individuals seek a joint and several imposition of the fee award on Plaintiffs' counsel." *Id.* at 27–28. In conclusion, Magistrate Judge Starnella recommended that the motion "be **granted** to the extent that the Gaia Individuals be awarded partial attorneys' fees in the amount of $59,806.00 from Plaintiffs. The Court recommends that the Motion be otherwise **denied**." *Id.* at 28.

3. On August 14, 2025, the Court entered an Order (ECF No. 491) (the "Fee Order") accepting and adopting the Recommendation of United States Magistrate Judge (ECF No. 479).

4. The Fee Order awards the Gaia Individuals "attorney fees from the plaintiffs in the amount of $59,806.00." ECF No. 491 at 8.

## ARGUMENT

### I. The Gaia Individuals Are Entitled to Entry of a Separate Judgment.

5. Under Rule 58(a)(3), a separate document is not required for an order disposing of a motion for attorney fees under Rule 54. Rule 58(d), however, provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

6. The Gaia Individuals thus request a separate judgment so that the fee award appears on the docket as a money judgment against Plaintiffs. This will permit the issuance of writs of execution and garnishment under Fed. R. Civ. P. 69(a). The Clerk's Office has advised that a separate judgment entry is necessary before such writs may issue.

7. However, because the Fee Order disposed of a motion for attorney fees under Rule 54, no separate document was required, and judgment on the award was entered when the Fee Order was entered on the civil docket on August 14, 2025. Fed. R. Civ. P. 58(a)(3), 58(c)(1). Post-judgment interest therefore accrues from that date at the rate of 3.9% per annum. 28 U.S.C. § 1961(a). That rate is the weekly average 1-year constant maturity Treasury yield for the calendar week preceding August 14, 2025. The Gaia Individuals request that the separate judgment reflects this accrual date, so that entry of the separate document does not alter it.

8. Further, more than thirty days have passed since the Fee Order was entered, and no notice of appeal has been filed. *See* Fed. R. App. P. 4(a)(1)(A).

### II. The Separate Judgment Should State that Plaintiffs are Jointly and Severally Liable.

9. Joint and several liability is consistent with the statute, this action's procedural history, and the Fee Order.

10. Colorado courts have held that attorney fee awards under Colo. Rev. Stat. § 13-17-201 provides for joint and several liability. *See* ECF. No. 479 at 14 n. 7 (citing *Patterson v. James*, 2018 COA 173, 454 P.3d 345, at *35 (Colo. App. 2018) ("The legislature did not need to grant the specific authority for a joint and several award in section 13-17-201, because it had already created the general authority to do so in section 13-17-102(3))); *see also* Colorado Revised Statute §13-17-102(3) ("When a court determines that reasonable attorney fees should be assessed, it shall allocate the payment thereof among the offending attorneys and parties, jointly or severally, as it deems most just, and may charge such amount, or portion thereof, to any offending attorney or party.").

11. Further, the claims subject to the Fee Order were brought on behalf of both Plaintiffs as opposed to either individual Plaintiff. ECF No. 111 at 26-39.[1]

12. Moreover, the Fee Order imposes joint and several liability on Plaintiffs.

13. The Gaia Individuals requested that the award be imposed on Plaintiffs jointly and severally along with Plaintiffs' counsel. ECF No. 453 at 13. The Recommendation only addressed joint and several liability in recommending that the motion "be **denied** to the extent the Gaia Individuals seek a joint and several imposition of the fee award on Plaintiffs' counsel." ECF No. 479 at 27–28. In other words, the Recommendation did not recommend that the motion be denied as to joint and several liability among Plaintiffs.

14. The Court's concluding statement recommended awarding the Gaia Individuals partial attorney fees from Plaintiffs and that the motion be "otherwise denied." *Id.* at 28.

[1] In the Amended Complaint, Plaintiffs defined "Goode" collectively to mean plaintiff Corey Goode and plaintiff Goode Enterprise Solutions, Inc. ECF No. 111 at 1.

"Otherwise denied" in this context refers to the relief it expressly declined: imposing liability for the attorney fee award on Plaintiffs' counsel. *Id.* at 27–28. Nothing in the Recommendation or the Fee Order rejects joint and several liability among Plaintiffs or suggests an intent to apportion the award any other way. Indeed, it is hard to conceive how the fee award could rationally be apportioned among Plaintiffs given that they pleaded all claims collectively.

15. Beyond being the appropriate result, expressly stating here that Plaintiffs are jointly and severally liable for the attorney fee award will prevent later disputes during enforcement over how much each Plaintiff owes.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Gaia Individuals respectfully request that the Court grant this Motion and direct the Clerk to enter a separate judgment, in the form of the Proposed Judgment filed herewith, in favor of Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich and against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc., jointly and severally, in the amount of $59,806.00, with post-judgment interest at the rate of 3.9% per annum from August 14, 2025, until paid, computed daily and compounded annually pursuant to 28 U.S.C. § 1961(b). The Gaia Individuals further request such other relief as the Court deems just and proper.

Dated: October 6, 2026
New York, New York

**DAVIS+GILBERT LLP**

/s/ *Daniel A. Dingerson*

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
ddingerson@dglaw.com
adunay@dglaw.com

*Attorneys for the Gaia Individuals*

I hereby certify that the foregoing Motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2026, I caused a copy of the foregoing Motion for Entry of Separate Judgment on Attorney Fee Award Pursuant to Fed. R. Civ. P. 58(d) to be served on Plaintiffs by filing it on the Court's ECF system.

*/s/ Angela M. Dunay*
Angela M. Dunay