**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,

Defendant.

---

**DEFENDANT GAIA, INC.'S MOTION FOR LEAVE TO SERVE SUBPOENA ON THIRD PARTY JAMES GILLILAND VIA ALTERNATIVE SERVICE**

---

Defendant Gaia, Inc. ("Gaia") respectfully moves for leave to serve a subpoena *duces tecum* on third party James Gilliland using means other than personal service. Gaia seeks to serve the subpoena by sending it via certified mail to the address that is associated with him in public records and posting at that property's entrance gate. As an additional measure designed to ensure receipt, Gaia also proposes sending a copy of the subpoena via email to the email addresses for Mr. Gilliland it has identified through party discovery and on his business website.

## BACKGROUND

Mr. Gilliland operates the Enlightened Contact with Extraterrestrial Intelligence ("ECETI") Ranch and has a public, ongoing association with Plaintiff Corey Goode. Most notably, Mr. Gilliland appeared with Mr. Goode in a YouTube interview that became the basis for the Court's November 13, 2025, Order to Show Cause (Dkt. 530). Discovery to date also shows that Mr. Gilliland's relevance goes beyond that interview. Plaintiffs' own production includes

communications between Mr. Gilliland and Mr. Goode that suggest Mr. Gilliland likely possesses relevant information. Plaintiffs have admitted they cannot access certain repositories of potentially responsive information, so third parties, such as Mr. Gilliland, may be the only remaining source of relevant documents.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Gaia attempted to confer with Plaintiffs' counsel by sending an email on October 15, 2026, regarding Gaia's Motion for Leave to Serve Subpoena on Third Party James Gilliland via Alternative Service (the "Motion") and to confirm whether Plaintiffs intended to oppose the Motion. In that email, Gaia's counsel stated that if we did not receive a response by end of day, Monday, October 19, 2026, that Gaia would file the Motion. Having received no response, Gaia's counsel sent another email to Plaintiffs' counsel on Tuesday, October 20, 2026, and Plaintiffs' counsel responded that "Plaintiffs take no position" on the Motion.

## I. LEGAL STANDARDS

Rule 45(b)(1) directs that a non-party subpoena be served by "delivering a copy to the named person," but it does not say what form that delivery must take. Fed. R. Civ. P. 45(b)(1). Courts in this District have read the Rule flexibly, including by upholding service by certified mail, *Collins v. Trans Union, LLC*, No. 14-CV-00742-RBJ-NYW, 2015 WL 1932044, at *4 (D. Colo. Apr. 28, 2015), and by leaving the subpoena outside the witness' home, *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 WL 1806200, at *1, *4 (D. Colo. Apr. 21, 2008) (Rule 45 "neither strictly requires in-hand service nor prohibits alternative means of service"). Even courts that treat personal service as the default have allowed alternative service once the serving party shows due

diligence. *Williams v. Lowe's Co., Inc.*, No. 17-cv-02564-MEH, 2019 WL 13473875, at *1 (D. Colo. Nov. 7, 2019) (finding that "[u]nder Rule 45(b) . . . personal service is expressly required" yet permitting alternative service because "Defendants have employed due diligence in attempting to effect personal service on [the non-party]").

The Court therefore has discretion to authorize alternative service. *See, e.g., Moran*, 2008 WL 1806200; *Peterson v. Pickering*, No. 22-cv-00320, 2022 WL 18779895 (D. Colo. Nov. 7, 2022). In exercising that discretion, courts ask two questions: (1) whether the movant made genuine efforts at personal service, *Peterson*, 2022 WL 18779895, at *3; and (2) whether the proposed method is designed to "reasonably insure[] actual receipt of the subpoena," *id.* at *2; *Moran*, 2008 WL 1806200, at *6. Here, Gaia satisfies both.

## II. ARGUMENT

### A. Gaia Has Made Numerous Good-Faith Attempts to Effect Personal Service on Mr. Gilliland

Public records (a LexisNexis SmartLinx Person Report) and Mr. Gilliland's own business website both place him at 172 Little Mountain Road, Trout Lake, Washington 98650-6721 (the "ECETI Property"), the home of the ECETI Ranch. (*See* https://www.eceti.org/about-eceti.html; https://www.eceti.org/directions-to-eceti.html.)[1] Prior to imposition of the stay in this matter (Dkt. 534), Gaia attempted service multiple times at the ECETI Property through a process server:

[1] Though Mr. Gilliland resides in Washington, this Court may grant leave to use alternative service there. *See Kriegman v. Mirrow*, No. 15-cv-01542, 2019 WL 13094172, at *2 (D. Colo. June 17, 2019) (granting Plaintiff's Motion for Order Authorizing Substitute Service of two third-party witnesses who reside outside of Colorado).

- Saturday, November 23, 2024, at 10:30 a.m.; the agent attempted service and noted that the gate was locked, and nobody was home.
- Sunday, November 24, 2024, at 12:15 p.m.; the agent attempted service and was told Mr. Gilliland would be "in Hawaii until Spring."
- Saturday, November 30, 2024, at 1:10 p.m.; the agent attempted service and noted that there were "volunteers" at the property who would not accept service for Mr. Gilliland.
- Saturday, March 22, 2025, at 12:13 p.m.; the agent attempted service but was unsuccessful.
- Saturday, April 26, 2025, at 11:10 a.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number, but there was no answer.
- Sunday, April 27, 2025, at 3:55 p.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number, but there was no answer.
- Tuesday, May 13, 2025, at 5:34 p.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number, but there was no answer.
- Saturday, May 17, 2025, at 7:36 p.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number, but there was no answer.
- Sunday, May 18, 2025, at 6:03 p.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number, but there was no answer.

*See* Dunay Decl., Exhibit ("Ex.") A-C.

After the stay was lifted (Dkt. 545), Gaia again attempted service on Mr. Gilliland via two different process servers. The process servers retained by Gaia went to the ECETI Property six times, at different times of day, over four consecutive days with no success:

- Sunday, September 27, 2026, at 12:15 p.m.; the agent attempted service and noted that the gate to the property was locked with a code; the agent called the posted phone number, but there was no answer.
- Monday, September 28, 2026, at 4:15 p.m.; the agent attempted service, but the gate was locked. The agent waited for ten minutes at the gate and was approached by a woman who identified herself as a neighbor. The woman said that Mr. Gilliland has not been at the property since the "event season" ended last month.
- Monday, September 28, 2026, at 4:45 p.m.; the agent attempted service and noted that the gate to the property was locked with a code; the agent called the posted phone number and left a voicemail.
- Tuesday, September 29, 2026, at 8:00 a.m.; the agent attempted service but received no response.
- Tuesday, September 29, 2026, at 7:34 p.m.; the agent attempted service, but the gate was locked; the agent called the posted phone number and could not make contact by phone.
- Wednesday, September 30, 2026, at 9:23 a.m.; the agent attempted service and noted that the gate to the property was locked; the agent attempted to call the posted phone number but was unable to leave a voicemail.

*See* Dunay Decl., Ex. D;[2] Ex. E.

Gaia has not been able to identify, through public records or otherwise, any other addresses or locations where it believes it will be able to personally serve Mr. Gilliland.[3] Because Gaia has been unable to personally serve Mr. Gilliland despite its diligent efforts and has detailed its efforts to do so in this Motion, service by alternative means should be allowed. *Compare Peterson*, 2022 WL 18779895, at *4 (denying Plaintiffs' motion for leave to use alternative service without prejudice where Plaintiffs failed to "provide[] the addresses where in-person service has been allegedly attempted or any statements or documentation from the process server that Plaintiffs allegedly hired").

**B. Service by Certified Mail, Posting, and Email Is Likely to Provide Effective Notice**

Rule 45(b) exists to ensure "effective notice to the subpoenaed party." *Moran*, 2008 WL 1806200, at *5; *see also Castle v. Nolan*, 2021 U.S. Dist. LEXIS 272150, at *12 (D. Colo. Dec. 3, 2021) ("[T]he District Court of Colorado has determined that personal service is not required under Rule 45 in every case."). Here, each of Gaia's proposed methods is directed to an address tied to Mr. Gilliland's home and business. Taken together, they are reasonably calculated to give him effective notice of the subpoena. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

---

[2] While the Affidavit of Service states that service was attempted at "173 Little Mountain Road," Gaia's counsel confirmed that service was attempted by following the directions available on the ECETI website. *See* Dunay Decl., Ex. B; https://www.eceti.org/directions-to-eceti.html.

[3] Gaia has reason to believe that Mr. Gilliland spends part of the year in Hawai'i. Gaia attempted, through a process server, to locate Mr. Gilliland and any property related to him in Hawai'i and was unsuccessful. The only address in Hawai'i that Gaia has located which may be associated with Mr. Gilliland is a P.O. Box, but Gaia is unable to confirm definitively that the P.O. Box is now or ever was associated with Mr. Gilliland; Gaia is amenable to also sending a copy of the subpoena to that P.O. Box, if the Court believes that would enhance the service effort.

314 (1950) (notice must be "reasonably calculated" to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

First, the ECETI Property is not a stale address. Service attempts at the ECETI Property have not suggested that Mr. Gilliland does not reside there, but merely that he is sometimes away from the property. Indeed, the ECETI Property is the publicly advertised location of his ongoing business. Even if Mr. Gilliland is temporarily away, certified mail sent there will reach him, or his business, when he returns or collects mail. *See Williams*, 2019 WL 13473875, at *2.

Second, posting the subpoena at the ECETI Property's gate puts it physically where anyone coming to the property, including Mr. Gilliland, will see it. *See Moran*, 2008 WL 1806200, at *1, *4 (upholding service where the subpoena was left outside the witness' home). Thus, sending the subpoena via certified U.S. mail and posting it at the ECETI Property's gate should reasonably ensure that Mr. Gilliland receives the subpoena.

However, Gaia proposes going even further to ensure the subpoena actually reaches Mr. Gilliland. Sending the subpoena to the P.O. Box in Hawai'i believed to be associated with Mr. Gilliland makes it more likely that he would receive the subpoena during a period away from the ECETI Property. Moreover, to the extent that Mr. Gilliland is not currently at the ECETI Property and would not receive mail or documents left there, and does not have access to the P.O. Box in Hawai'i, Gaia will also send the subpoena to Mr. Gilliland's personal and business email addresses, which should reach him wherever he is, including during any period away from the ECETI Property. Gaia proposes emailing the subpoena consistent with the Court's prior order on Gaia's Motion for Leave to Serve Subpoena on Third Party via Alternative Service (Dkt. 527) by "[e]mailing the subpoena to the email address(es) obtained in discovery three times per week for

two consecutive weeks, not more than once every other day until either the two-week period elapses or [Mr. Gilliland] acknowledges receipt of service, whichever occurs first." Courts in this Circuit have approved both email and certified mail as alternative forms of service under Rule 45. *See, e.g.*, *Amann v. Off. of Utah Att'y Gen.*, 2021 U.S. Dist. LEXIS 205581, at *6 (D. Utah Oct. 25, 2021) ("under the circumstances, service by email is a means reasonably calculated to ensure actual receipt of the subpoena"); *Fed. Trade Comm'n v. Zurixx, LLC*, 2020 U.S. Dist. LEXIS 253250, at *6 (D. Utah Dec. 21, 2020) (finding that the "multiple means of service proposed by Plaintiffs – email, certified mail . . . and leaving a copy of the subpoena at the same address – are reasonably calculated to ensure actual receipt of the subpoena"). Used together, these methods are well designed to effect actual notice.

## III. CONCLUSION

For these reasons, Gaia respectfully requests that the Court grant the Motion and authorize service of the subpoena on Mr. Gilliland by: (1) certified mail to 172 Little Mountain Road, Trout Lake, Washington 98650-6721; (2) posting at that property; (3) if the Court thinks appropriate, certified mail to the P.O. Box that may be associated with Mr. Gilliland; and (4) email to Mr. Gilliland's identified personal and business email addresses three times per week for two consecutive weeks, not more than once every other day until either the two-week period elapses or Mr. Gilliland acknowledges receipt of service, whichever occurs first, with service deemed complete upon the last of these to occur.

Dated: October 20, 2026
New York, New York

**DAVIS+GILBERT LLP**

/s/ *Daniel A. Dingerson*
Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
ddingerson@dglaw.com
adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I caused a copy of the foregoing Motion for Leave to Serve Subpoena on Third Party James Gilliland via Alternative Service to be served on Plaintiffs by filing it on the Court's ECF system.

*/s/ Angela M. Dunay*
Angela M. Dunay