**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE, individually, and
GOODE ENTERPRISE SOLUTIONS INC.,

Plaintiffs,

v.

GAIA, INC.,

Defendant.

---

**DEFENDANT GAIA, INC.'S MOTION FOR LEAVE TO SERVE SUBPOENA ON THIRD PARTY JOY JACKSON VIA ALTERNATIVE SERVICE**

---

Defendant Gaia, Inc. ("Gaia") respectfully moves for leave to serve a subpoena to testify at a deposition on third party Joy Jackson using means other than personal service. Prior to the discovery stay in this matter, Ms. Jackson previously accepted service of a deposition subpoena in this matter by email and worked with Gaia's counsel to schedule her remote deposition; however, since the stay was lifted, she has declined to cooperate and has evaded personal service of a new subpoena. Gaia therefore seeks to serve the subpoena by email to the same email address through which Ms. Jackson previously accepted service and corresponded with Gaia's counsel, and by certified mail to and posting at Ms. Jackson's home located at 9324 SE Overaa Road, Port Orchard, WA 98367.

## BACKGROUND

Through Plaintiffs' productions, Gaia has identified Ms. Jackson as someone who was closely associated with Plaintiff Corey Goode during the relevant time period, particularly while

he worked at Gaia and in the period thereafter, a time when Gaia alleges Mr. Goode led a defamatory scheme against the company. In particular, after review of Plaintiffs' own production, Gaia has reason to believe that Ms. Jackson helped execute certain defamatory posts at Mr. Goode's direction.

Gaia previously served Ms. Jackson with a subpoena *duces tecum* (Declaration of Angela M. Dunay ("Dunay Decl."), Ex. A), in response to which she submitted a Declaration of No Records. (Dkt. 471.) On September 3, 2025, Gaia's counsel emailed Ms. Jackson a subpoena to testify at a deposition and asked whether she would accept service by email to avoid the inconvenience of personal service by a process server. That same day, Ms. Jackson responded in writing that her reply would "serve as my permission for electronic service and acknowledgment of my receipt and acceptance of the subpoena[.]" (Dunay Decl., Ex. B.)

Gaia's counsel then worked cooperatively with Ms. Jackson to schedule her deposition, which was to proceed remotely by videoconference so that she could sit from home or another convenient location. (*Id.*) The deposition was set for September 25, 2025. (*Id.*) On September 15, 2025, Gaia's counsel sent Ms. Jackson the Confidentiality Agreement and Protective Order (Dkt. 445) and a Non-Disclosure Agreement, which Ms. Jackson signed and returned the same day. (*Id.*) To accommodate Ms. Jackson's request that she be able to return to work by noon Pacific Time, Gaia's counsel proposed starting the deposition at 8:00 a.m. Pacific Time. (*Id.*)

On September 18, 2025, after the Court granted Gaia's Motion for an Extension of the Discovery Schedule (Dkt. 504), Gaia's counsel offered to move the deposition to a mutually convenient date in late October or November, and Ms. Jackson responded that she could make herself available for a remote deposition between November 12 and November 24, 2025. (Dunay

Decl., Ex. B.) The case was then stayed due to Mr. Goode's bankruptcy filing before Ms. Jackson's deposition could proceed. (Dkts. 515, 534.)

After the stay was lifted (Dkt. 545), Gaia reengaged with Ms. Jackson. On September 28, 2026, Gaia's counsel emailed Ms. Jackson to reschedule her remote deposition for a mutually acceptable date. (Dunay Decl., Ex. B.) On October 1, 2026, Ms. Jackson responded that she did not wish to proceed, taking the position that the "prior arrangement is no longer operative," demanding a "formal, renewed subpoena," and stating that upon service she would evaluate moving for a protective order or to quash.[1] (*Id.*) On October 5, 2026, Gaia's counsel responded to Ms. Jackson to explain the Court's order had lifted the stay and discovery was now proceeding again, explained why Gaia's position was that the previously accepted subpoena remained in effect, and again offered to schedule the remote deposition at her convenience. (*Id.*) Ms. Jackson did not respond, including to a further email from Gaia's counsel on October 15, 2026. (*Id.*) Accordingly, Gaia is left to either file a motion to compel in Washington to enforce the original subpoena or seek leave for alternative service to serve a new subpoena. Because Ms. Jackson indicated it was her preference to receive a new subpoena and, potentially, to seek a protective order over such subpoena, Gaia respectfully files this motion.

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Gaia conferred with Plaintiffs' counsel by videoconference on November 2, 2026, regarding Gaia's Motion for Leave to Serve Subpoena

[1] While Gaia believes it may enforce the previously served deposition subpoena, in light of the time that has elapsed and Ms. Jackson's preference to be served with a "renewed subpoena," Gaia sought to issue a new subpoena with a revised deposition date. (Dunay Decl., Ex. B.) However, as detailed below, Ms. Jackson's request for a new subpoena to be issued appears to be part of a plan to evade service and avoid a deposition altogether.

on Third Party Joy Jackson via Alternative Service (the "Motion") and to confirm whether Plaintiffs intended to oppose the Motion. Plaintiffs' counsel responded via email on November 3, 2026, that Plaintiffs have no objection to the Motion.

## I. LEGAL STANDARDS

Rule 45(b)(1) directs that a non-party subpoena be served by "delivering a copy to the named person," but it does not say what form that delivery must take. Fed. R. Civ. P. 45(b)(1). Courts in this District have read the Rule flexibly, including by upholding service by certified mail, *Collins v. Trans Union, LLC*, No. 14-CV-00742-RBJ-NYW, 2015 WL 1932044, at *4 (D. Colo. Apr. 28, 2015), and by leaving the subpoena outside the witness's home, *E.A. Renfroe & Co. v. Moran*, No. 08-cv-00733, 2008 WL 1806200, at *1, *4 (D. Colo. Apr. 21, 2008) (Rule 45 "neither strictly requires in-hand service nor prohibits alternative means of service"). Even courts that treat personal service as the default have allowed alternative service once the serving party shows due diligence. *Williams v. Lowe's Co., Inc.*, No. 17-cv-02564-MEH, 2019 WL 13473875, at *1 (D. Colo. Nov. 7, 2019) (finding that "[u]nder Rule 45(b) . . . personal service is expressly required" yet permitting alternative service because "Defendants have employed due diligence in attempting to effect personal service on [the non-party]").

The Court therefore has discretion to authorize alternative service. *See, e.g., Moran*, 2008 WL 1806200; *Peterson v. Pickering*, No. 22-cv-00320, 2022 WL 18779895 (D. Colo. Nov. 7, 2022). In exercising that discretion, courts ask two questions: (1) whether the movant made genuine efforts at personal service, *Peterson*, 2022 WL 18779895, at *3; and (2) whether the proposed method is designed to "reasonably insure[] actual receipt of the subpoena," *id.* at *2; *Moran*, 2008 WL 1806200, at *6. Here, Gaia satisfies both.

## II. ARGUMENT

### A. Gaia Has Made Good-Faith Attempts to Effect Personal Service on Ms. Jackson

Public records (a LexisNexis SmartLinx Person Report) associate Ms. Jackson with 9324 SE Overaa Road, Port Orchard, WA 98367[2] (the "Jackson Residence").[3] While Ms. Jackson had previously accepted service of the deposition subpoena by email, in light of her October 1, 2026, demand for a "formal, renewed subpoena," Gaia retained a process server to personally serve a new deposition subpoena at the Jackson Residence. The process server attempted service three (3) times at the Jackson Residence, at different times of day, without success:

- October 22, 2026, at 4:38 p.m.: the agent attempted service and received no response.
- October 27, 2026, at 6:27 p.m.: the agent attempted service, observed a light on in one room on the left side of the house, but received no response.
- October 29, 2026, at 10:20 a.m.: the agent attempted service, but again received no response.

*See* Dunay Decl., Exs. C, D.

Gaia has not been able to identify, through public records or otherwise, any other addresses or locations where it believes it will be able to personally serve Ms. Jackson and has no reason to believe that the Jackson Residence is not her home. Ms. Jackson is plainly aware that Gaia seeks her deposition: she accepted service of the prior deposition subpoena, negotiated the date and time

---

[2] Gaia had previously effectuated service of a subpoena *duces tecum* at this address. (Dunay Decl., Ex. A.)

[3] Though Ms. Jackson resides in Washington, this Court may grant leave to use alternative service. *See Kriegman v. Mirrow*, No. 15-cv-01542, 2019 WL 13094172, at *2 (D. Colo. June 17, 2019) (granting plaintiff's motion for order authorizing substitute service of two third-party witnesses who reside outside of Colorado); *see also* Dkt. 527.

of her remote deposition, and, after the stay was lifted, expressly invited service of a renewed subpoena. Because Gaia has been unable to personally serve Ms. Jackson despite its diligent efforts and has detailed its efforts to do so in this Motion, service by alternative means should be allowed. *Compare Peterson*, 2022 WL 18779895, at *4 (denying Plaintiffs' motion for leave to use alternative service without prejudice where Plaintiffs failed to "provide[] the addresses where in-person service has been allegedly attempted or any statements or documentation from the process server that Plaintiffs allegedly hired").

**B. Service by Certified Mail, Posting, and Email Is Likely to Provide Effective Notice**

Rule 45(b) exists to ensure "effective notice to the subpoenaed party." *Moran*, 2008 WL 1806200, at *5; *see also Castle v. Nolan*, 2021 U.S. Dist. LEXIS 272150, at *12 (D. Colo. Dec. 3, 2021) ("[T]he District Court of Colorado has determined that personal service is not required under Rule 45 in every case."). Here, each of Gaia's proposed methods is directed to a known location tied to Ms. Jackson. Taken together, they are reasonably calculated to give her effective notice of the subpoena. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (notice must be "reasonably calculated" to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

First, certified mail to and posting of the subpoena at the Jackson Residence, the address associated with Ms. Jackson in public records and where Gaia was previously able to effectuate personal service, is an independent means of ensuring receipt. *See Williams*, 2019 WL 13473875, at *2; *Collins*, 2015 WL 1932044, at *4.

Second, email is not merely a reliable means of reaching Ms. Jackson; it is the very means she previously selected. Ms. Jackson expressly consented to electronic service of Gaia's prior

deposition subpoena at whitetigerofjoy@gmail.com, and she has continued to correspond with Gaia's counsel from that address as recently as October 1, 2026. There can be no doubt that a subpoena emailed to that address will reach her. Gaia proposes emailing the subpoena consistent with the Court's prior order on Gaia's Motion for Leave to Serve Subpoena on Third Party via Alternative Service (Dkt. 527) by "[e]mailing the subpoena to the email address(es) obtained in discovery three times per week for two consecutive weeks, not more than once every other day until either the two-week period elapses or [Ms. Jackson] acknowledges receipt of service, whichever occurs first."

Courts in this Circuit have approved email, certified mail, and posting as alternative forms of service under Rule 45. *See, e.g.*, *Amann v. Off. of Utah Att'y Gen.*, 2021 U.S. Dist. LEXIS 205581, at *6 (D. Utah Oct. 25, 2021) ("under the circumstances, service by email is a means reasonably calculated to ensure actual receipt of the subpoena"); *Fed. Trade Comm'n v. Zurixx, LLC*, 2020 U.S. Dist. LEXIS 253250, at *6 (D. Utah Dec. 21, 2020) (finding that the "multiple means of service proposed by Plaintiffs – email, certified mail . . . and leaving a copy of the subpoena at the same address – are reasonably calculated to ensure actual receipt of the subpoena"). Used together, these methods are well designed to effect actual notice.

## III. <u>CONCLUSION</u>

For these reasons, Gaia respectfully requests that the Court grant the Motion and authorize service of the subpoena on Ms. Jackson by: (1) certified mail to the Jackson Residence; (2) posting on the door at the Jackson Residence; and (3) email to Ms. Jackson's known email address three times per week for two consecutive weeks, not more than once every other day until either the

two-week period elapses or Ms. Jackson acknowledges receipt of service, whichever occurs first, with service deemed complete upon the last of these to occur.

Dated: November 5, 2026
New York, New York

**DAVIS+GILBERT LLP**

/s/ *Daniel A. Dingerson*

Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York, New York 10019
Telephone: (212) 468-4800
Facsimile: (212) 468-4888
ddingerson@dglaw.com
adunay@dglaw.com

*Attorneys for Defendant Gaia, Inc.*

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2026, I caused a copy of the foregoing Motion for Leave to Serve Subpoena on Third Party Joy Jackson via Alternative Service to be served on Plaintiffs by filing it on the Court's ECF system.

*/s/ Angela M. Dunay*
Angela M. Dunay