IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00742-DDD-KAS

JAMES COREY GOODE,
GOODE ENTERPRISE SOLUTIONS, INC,

Plaintiffs and Counter Defendants,

v.

GAIA, INC,

Defendant and Counter Claimant.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion for Leave to Serve Subpoena on Third Party Joy Jackson via Alternative Service** (the "Motion") [#557]. The Motion was referred to the undersigned for adjudication. *See Order* [#558]. The Court has reviewed the brief and all attachments, the entire case file, and the applicable law. For the reasons set forth below, the Court **GRANTS** the Motion [#557].

## I. Background

The Court need not restate the events leading to this lawsuit's commencement; at this point, the parties are intimately familiar with the facts. In the current Motion, Defendant seeks leave of court to effectuate service of a subpoena seeking to depose Ms. Joy Jackson under Federl Rule of Civil Procedure 45. *Motion* [#557].

Defendant contends Ms. Jackson was "closely associated with Plaintiff Corey Goode during the relevant time period, particularly while he worked at Gaia and in the period thereafter, a time when Gaia alleges Mr. Goode led a defamatory scheme against

the company." *Id.* at 1-2. Defendant further states that, "after review of Plaintiffs' own production, [Defendant] has reason to believe that Ms. Jackson helped execute certain defamatory posts at Mr. Goode's direction." *Id.* at 2.

Defendant previously communicated successfully with Ms. Jackson, was told she would accept service by email, and "worked cooperatively with Ms. Jackson to schedule her deposition, which was to proceed remotely by videoconference" on September 25, 2025. *Id*. Defendant postposed that deposition after the Court granted an Extension of the Discovery Schedule [#504] and shortly thereafter the case was stayed. *Id.* at 2-3.

After the stay was lifted, Defendant attempted to reengage with Ms. Jackson but was told that she no longer wished to proceed with the deposition, that she believed the prior effectuation of service was no longer operative, and that she required Defendant to serve her anew. *Id.* at 3. While Defendant "believes it may enforce the previously served deposition subpoena, in light of the time that has elapsed and Ms. Jackson's preference to be served with a 'renewed subpoena,' [Defendant seeks] to issue a new subpoena with a revised deposition date." *Id*. n.1.

Following unsuccessful attempts to personally serve Ms. Jackson, Defendant now requests leave of court to serve her through alternative means, including by email, certified mail, and the physical posting of the subpoena. *Id.* at 1. Plaintiffs informed Defendant on November 3, 2026, that they have no objection to this Motion. *Id.* at 4.

**II. Defendant's Attempts to Serve Ms. Jackson**

"Colorado law expresses a preference for personal service, (*see* C.R.C.P. 4(e)), but allows for substitute service where (i) the party attempting service of process under section (e) is unable to accomplish service, and (ii) service by publication or email is not

otherwise permitted under section (g).” *Sec. & Exch. Comm'n v. Cournoyer, 24–CV–01304–MDB, 2025 WL 2401986, at *1 (D. Colo. Aug. 19, 2025).* However, prior to authorizing alternative service, the Court must be “satisfied that due diligence has been used to attempt personal service.” C.R.C.P. 4(f).

Here, as set forth in the Motion, Defendant utilized public records (a LexisNexis SmartLinx Person Report) to ascertain Ms. Jackson’s address: 9324 SE Overaa Road, Port Orchard, WA 98367. (The “Port Orchard Property.”) *Motion* [#557] at 5. Additionally, before the stay was issued in this case, Defendant’s process server successfully served Ms. Jackson at this address. *Id.* at 5. During that attempt, the process server learned from Ms. Jackson’s purported husband that Ms. Jackson lives at the Port Orchard Property. *Aff. of Service* [#557-2] at 2.

Since the stay in this case, Defendant unsuccessfully attempted to serve Ms. Jackson at the Port Orchard Property on three occasions between October 22, 2026, and October 29, 2025, at varying times and various days. *Id.* at 5; *Aff. of Nonservice* [#557-4] at 2; *Aff. of Nonservice* [#557-5] at 2. During one of these attempts, the house lights were on. *Aff. of Nonservice* [#557-4] at 2. Based on Ms. Jackson’s sudden change of heart regarding the deposition and based on the process server’s lack of success in effectuating service, Ms. Jackson appears to be evading service.

Accordingly, the Court is satisfied that Defendant has demonstrated the requisite level of diligence in attempting to effectuate personal service at an address at which Ms. Jackson purportedly resides. Considering these efforts, traditional means of service appear to have proven unviable.

### III. Request to Use Alternative Means of Service Under Rule 45

Defendant proposes three alternative means of service: (1) emailing the subpoena to Ms. Jackson's email address three times per week for two consecutive weeks, not more than once every other day until either the two-week period elapses or Ms. Jackson acknowledges receipt of service, (2) sending the subpoena by certified mail to the Port Orchard Property, and (3) posting the subpoena on the door of the Port Orchard Property. *Motion* [#557] at 7-8.

"The language of Rule 45 does not explicitly demand personal service of a subpoena, but instead requires only that a copy be 'deliver[ed]' to the person whose attendance is sought. Such language neither strictly requires in-hand service nor prohibits alternative means of service." *E.A. Renfro & Co. v. Moran*, No. 08-cv-00732-RPM-KMT, 2008 WL 1815535, at *3 (D. Colo. Apr. 18, 2008). In this District, Rule 45 is not strictly limited to personal service in every case. *See Peterson v. Pickering*, 22-cv-00320-WJM-KLM, 2022 WL 18779895, at *3 (D. Colo. Nov. 7, 2022) (finding that "both this District's caselaw and a plain reading of Rule 45 compel the conclusion that Rule 45 does not require in-person service in every instance."); *Castle v. Nolan*, No. 20-cv-02481-DDD-GPG, 2021 WL 12298816, at *5 (D. Colo. Dec. 3, 2021) (similar); *E.A. Renfroe & Co., Inc. v. Moran*, No. 08-cv-00733-REB-MJW, 2008 WL 1806200, at *6 (D. Colo. Apr. 21, 2008) (joining other courts in concluding that "Rule 45 is not limited to hand-to-hand personal service in every case" and the rules "should not be construed as a shield for a witness who is purposefully attempting to evade service[.]"); *Moran*, 2008 WL 1815535, at *6 (same).

Because Defendant has made diligent attempts to personally serve Ms. Jackson, the Court finds Defendant should be permitted to use alternative means of serving its subpoena. The Court must now determine whether Defendant's proposed alternative means satisfy due process by being reasonably calculated to result in Ms. Jackson's receipt of the subpoena. *See Mullane v. Cent. Hanover Bank and Tr. Co.*, 339 U.S. 306, 314 (1950) (stating that notice must be "reasonably calculated" to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *see also Peterson*, 2022 WL 18779895, at *2 (noting that service must "be made in a manner which reasonably [e]nsures actual receipt of the subpoena.'") (quoting *Moran*, 2008 WL 1815535, at *5).

Courts have approved both email and certified mail as alternative forms of service under Rule 45. *See*, *e.g.*, *Amann v. Off. of Utah Att'y Gen.*, No. 2:18-cv-00341-JNP-DAO, 2021 WL 4949032, at *2 (D. Utah Oct. 25, 2021) (permitting email service of subpoena after unsuccessful attempts to personally serve party); *Fed. Trade Comm'n v. Zurixx, LLC*, No. 2:19-cv-00713-DAK-DAO, 2020 WL 9255400, at *2 (D. Utah Dec. 21, 2020) (approving (1) email service to an address identified by the target and in initial disclosures three times per week for two consecutive weeks, not more often than once every other day unless a written response is received acknowledging receipt of service), (2) mailing the subpoena via certified mail to the target's residential address, and (3) hand delivering the subpoena to that residential address) (cleaned up); *BNSF Ry. Co. v. Alere, Inc.*, No. 18-CV-291-BEN-WVG, 2018 WL 2267144, at *5-6 (S.D. Cal. May 17, 2018) (permitting service of a subpoena by certified mail).

Here, the Court finds that Defendant's proposed methods of alternative service are reasonably calculated to result in Ms. Jackson's receipt of the subpoena.

First, Defendant seeks to serve the subpoena by email to Ms. Jacksons personal email address, which "is not merely a reliable means of reaching Ms. Jackson; it is the very means she previously selected . . . [when she] expressly consented to electronic service of [Defendant's] prior deposition subpoena at whitetigerofjoy@gmail.com." *Motion* [#557] at. 6-7. Therefore, service of the subpoena to this email address is reasonably calculated to result in Ms. Jackson's receipt. *See Zurixx*, 2020 WL 9255400, at *1-2 (approving email service to an address identified by the target of the subpoena and in initial disclosures).

Second and third, Defendant seeks to serve the subpoena by certified mail to Ms. Jackson's residential address, while also physically posting the subpoena at the door to that property. Defendant argues that "certified mail to and posting of the subpoena at the Jackson Residence, the address associated with Ms. Jackson in public records and where [Defendant] was previously able to effectuate personal service, is an independent means of ensuring receipt." *Motion* [#557] at 6. "[S]ervice by certified mail to and posting on the door of the verified address . . . is a manner which reasonably insures [sic] actual receipt of the subpoenas." *Kriegman v. Mirrow*, No. 15-cv-01542-PAB-NRN, 2019 WL 13094172, at *2 (D. Colo. June 6, 2019); *see also McKowen v. Harrington*, 25-cv-00708-PAB-NRN, 2025 WL 4083511, at *2 (D. Colo. June 30, 2025) (stating, "alternative service via a combination of posting and mailing is reasonably calculated to give actual notice") (quotations and citations omitted). Therefore, the Court agrees that physically posting the

subpoena at the door, when combined with certified mail sent to the address, is reasonably calculated to result in Ms. Jackson's receipt.

Accordingly,

IT IS **ORDERED** that the Motion [#557] is **GRANTED**.

IT IS FURTHER **ORDERED** that the subpoena may be served upon Ms. Jackson by completing the following steps:

(1) Emailing the subpoena to the email address believed to be controlled by Ms. Jackson three times per week for two consecutive weeks, not more often than once every other day until either the two-week period elapses or Ms. Jackson acknowledges receipt of service, whichever occurs first;

(2) Mailing the subpoena via certified mail to the Port Orchard Property; and

(3) Posting the subpoena on the door of the Port Orchard Property.

IT IS FURTHER **ORDERED** that a copy of this Order shall be served with the subpoena. Service shall be effective upon completion of the foregoing steps.

Dated: November 10, 2026

BY THE COURT:



Kathryn A. Starnella
United States Magistrate Judge