**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00742-DDD-KAS

JAMES COREY GOODE; and
GOODE ENTERPRISE SOLUTIONS, INC.,

Plaintiffs and Counter Defendants,

v.

JIRKA RYSAVY;
BRAD WARKINS; and
KIERSTEN MEDVEDICH,

Defendants, and

GAIA, INC.,

Defendant and Counter Claimant.

---

# ORDER GRANTING MOTION FOR ENTRY OF SEPARATE JUDGMENT ON ATTORNEY FEE AWARD

---

Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich move for entry of a judgment reflecting the Court's award of attorney fees against the plaintiffs. Doc. 551. For the following reasons, the motion is granted.

## DISCUSSION

Plaintiffs and Counter Defendants James Corey Goode and his company Goode Enterprise Solutions, Inc. brought claims against numerous defendants, including Gaia, Inc. and Gaia employees Jirka Rysavy, Brad Warkins, and Kiersten Medvedich (the "Gaia Individuals"). *See* Doc. 111. The Gaia Individuals moved to dismiss the plaintiffs' claims against them, and the Court granted that motion and entered a partial

final judgment pursuant to Federal Rule of Civil Procedure 54(b). *See* Docs. 390, 448, 449. The Gaia Individuals subsequently moved for an award of attorney fees, and that motion was granted in part. *See* Docs. 479, 491. They now seek entry of a separate judgment reflecting the attorney fee award so that they can pursue writs of execution and garnishment. Doc. 551. The plaintiffs do not oppose the Gaia Individuals' motion, "except to the extent it seeks entry of a judgment stating that Plaintiffs are jointly and severally liable on the attorney fee award." *Id.* at 2. The plaintiffs did not file any response to the motion.

Entry of a separate judgment is not required for an order disposing of a motion for attorney fees. Fed. R. Civ. P. 58(a)(3). But it is also not prohibited. *See Carlson v. Morabito*, No. 17-cv-02887-PAB-STV, 2020 WL 6710560, at *3 (D. Colo. Nov. 16, 2020); *Coomer v. Make Your Life Epic LLC*, 21-cv-3440-WJM-KAS, 2025 WL 2927058, at *1 (D. Colo. Sept. 23, 2025). The Court finds that entry of a separate judgment on the attorney fee award is appropriate in this instance to facilitate collection of the award. *See* Doc. 551 at 3 ("The Clerk's Office has advised that a separate judgment entry is necessary before . . . writs [of execution and garnishment] may issue."). The Court further finds that imposing the attorney fee award against the plaintiffs jointly and severally is authorized by the relevant attorney-fee statutes and consistent with Magistrate Judge Starnella's recommendation and the order adopting it. *See* Colo. Rev. Stat. § 13-17-102(3) ("When a court determines that reasonable attorney fees . . . should be assessed, the court shall allocate the payment of the fees among the offending attorneys, licensed legal paraprofessionals, and parties, jointly or severally, as the court deems most just . . . ."); *Patterson v. James*, 454 P.3d 345, 352-53 (Colo. App. 2018) (Section 13-17-102(3) applies to attorney fee awards under Colo. Rev. Stat. § 13-17-201); Doc. 479 at 26-28 (recommending that fee award not be imposed on plaintiffs' counsel).

## CONCLUSION

It is **ORDERED** that:

The Motion for Entry of Separate Judgment on Attorney Fee Award, **Doc. 551**, is **GRANTED**; and

Pursuant to the Court's Order Adopting Recommendation of United States Magistrate Judge and Granting in Part Motion for Attorney Fees, Doc. 491, the Clerk of Court is **DIRECTED** to enter a separate judgment in favor of Defendants Jirka Rysavy, Brad Warkins, and Kiersten Medvedich and against Plaintiffs James Corey Goode and Goode Enterprise Solutions, Inc., jointly and severally, in the amount of $59,806.00, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961 from August 14, 2025, to the date of payment.

BY THE COURT:

Daniel D. Domenico
United States District Judge